Hearing Date: October 24, 2011 at 10 a.m. (EDT)

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
Cynthia J. Haffey
Chester E. Kasiborski, Jr.

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | Case No. 05-44481 (RDD)<br>Jointly Administered |
| Reorganized Debtors. | |

# REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 18664

## (CALSONIC KANSEI NORTH AMERICA, INC.)

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proof Of Administrative Expense Claim Number 18664 (the "Statement Of Disputed Issues") filed by Calsonic Kansei North America, Inc. (the "Claimant") and represent as follows:

### I.  Background

1.  On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court

for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101¬1330, as then amended.

2. On July 14, 2009, the Claimant filed proof of administrative expense claim number 18664 against Delphi asserting an administrative expense priority claim in the amount of $364,521.17 ("Claim 18664").

3. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

4. On January 22, 2010, the Reorganized Debtors objected to Claim 18664 pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (the "Forty-Third Omnibus Claims Objection") (Docket No. 19356).

5.  On February 17, 2010, the Claimant filed its Response to the Forty-Third Omnibus Claims Objection (the "Response") (Docket No. 19444) with no change to the amount asserted in Claim 18664.

6.  On August 19, 2011, the Reorganized Debtors filed a Notice Of Claim Objection Hearing With Respect To Reorganized Debtors' Objection To Proof Of Administrative Expense Claim Number 18664 (Calsonic Kansei North America, Inc.) (Docket No. 21530), scheduling an evidentiary hearing on the merits of the Claim for October 24, 2011, at 10:00 a.m. (prevailing Eastern time) in this Court.

## II.  Disputed Issues

### A.  Reorganized Debtors Have Paid Part of Claim 18664

7.  Claim 18664 and the Response both stated that Claim 18664 totaled $364,521.17 and consisted of two components: (a) $204,622.48 for an improper set off by Debtors for debt owed to Debtors by a separate legal entity other than Claimant; and (b) $159,898.69 for unpaid post-petition invoices.

8.  Reorganized Debtors conducted research and concluded that the $204,622.48 portion of Claim 18664 for an improper setoff was valid and paid that amount to Claimant on August 11, 2011.  Attached as Exhibit A is a document evidencing the electronic payment of that amount to Claimant.

9.  Accordingly, Claim 18664 must be reduced by $204,622.48 and disallowed and expunged in the same amount.

### B.  Claimant Has Failed to Substantiate the Remainder of Claim 18664

10.  Reorganized Debtors have researched the remaining $159,898.69 portion of Claim 18664 but their books and records reflect a zero balance owing to Claimant.

3

11.     Reorganized Debtors have, through their attorneys, asked Claimant's attorneys via telephone and electronic mail to provide documentation, specifically proofs of delivery, supporting the remaining $159,858.69 portion of Claim 18664. However, there has been no answer to those several requests.

12.     Claimant's failure to respond to the requests for documentation should be deemed an admission that the remaining $159,898.69 of Claim 18664 has in fact been paid, or cannot be proven and substantiated, and/or has been abandoned by Claimant.

### C.     Claim 18664 Should Be Disallowed Per 11 U.S.C. § 502(d)

13.     Reorganized Debtors are maintaining an action against Claimant to avoid and recover transfers pursuant to 11 U.S.C. §§ 547 and 550, Case No. 07-02282 (the "Preference Action") in which Reorganized Debtors seek to recover over $8,000,000 from Claimant. Per 11 U.S.C. § 502 (d), Claim 18664 should be reduced, disallowed, and expunged by the amount awarded to Reorganized Debtors in the Preference Action.

### III.     Reservation Of Rights

14.     This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order") and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is

without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of Claim 18664; and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of Claim 18664.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging Claim 18664 in its entirety or, at the very least, disallowing it in the amount recovered by Reorganized Debtors in the Preference Action; and (b) granting the Reorganized Debtors such other and further relief to which they may be entitled.

Dated:   Detroit, MI
         August 26, 2011

BUTZEL LONG, a professional corporation

By:   /s/ Cynthia J. Haffey
      Cynthia J. Haffey
      Chester E. Kasiborski, Jr.
150 West Jefferson, Suite 100
Detroit, MI  48226
(313) 225-7000

*Attorneys for Reorganized Debtors*

#1296212 v1

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
Cynthia J. Haffey
Chester E. Kasiborski, Jr.

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| Reorganized Debtors. | |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2011, a true and correct copy of the Reorganized Debtors' Statement of Disputed Issues with Respect to Administrative Expense Claim Number 18664 (CALSONIC KANSEI NORTH AMERICA, INC.) was served by Fax to the following persons at the following addresses:

> Austin L. McMullen
> Roger G. Jones
> Bradley Arant Boalt Cummings, LLP
> 1600 Division Street, Suite 700
> P.O. Box 340025
> Nashville, TN
> Fax No.: (615) 252-6307

> *Attorneys for Calsonic Kansei North America, Inc.*

Dated: Detroit, Michigan         /s/ Alexis L. Richards
       August 26, 2011           Alexis L. Richards