21169 Westbay Circle
Noblesville, IN  46062
August 29, 2011

The Honorable Robert D. Drain
United States Bankruptcy Court
For the Southern District of New York
300 Quarropas Street

Dear Judge Drain:

I am writing regarding the e-mail (26-AUG-11) written to you by Mr. Louis Chiappetta, of Skadden, Arps, Slate, Meagher & Flom LLP.  Mr. Chiappetta wrote you asking for a sua sponte dismissal of my recently filed Recoupment Motion (Docket # 21534).

I have no choice but to take Mr. Chiappetta's request seriously.  Even though it is hollow and absent any tangible justification.

It is also important to note that Mr. Chiappetta has been careless with the facts.  I have not filed **four** motions requesting "damages" – an imprecise term, as applied by Mr. Chiappetta.  I have authored eight items, which appear on the debtor's Court Docket.  They are:

- Docket #  21550  Affidavit of Service re: Motion for Recoupment  [Docket No. 21534]

- **Docket #  21534  Motion for Recoupment on Behalf of Delphi Salaried Retirees**

- Docket #  21417  Letter re: Request for Negotiations regarding COBRA issue (Which was rejected)

- Docket #  21308  Request for Stay re: VEBA in Lieu of COBRA Ruling [Docket # 21306] (Includes Affidavit of Service)

- Docket #  18371  Affidavit of Service re: [Docket No. 18366]

- Docket #  18367  Motion to Shorten Notice

- **Docket #  18366  Expedited Motion to Enforce COBRA Benefits**

- Docket #  14898  Objection to Motion to Terminate OPEB Benefits [re: Docket No. 14705]

None of these items was trivial or frivolous. Among the items on the list, only **two** motions, including my pending Recoupment Motion, have made "financial claims" – referred to as "damages" by Mr. Chiappetta.

Specifically, in regards to the Recoupment Motion; Mr. Chiappetta's characterization "without merit" is inaccurate and unsubstantiated. I believe that you will find that this motion is well researched, well crafted and that it is clearly based on long established legal practice and numerous precedents. In addition, as you will note, Mr. Chiappetta offered no legal basis for his assertion.

Mr. Chiappetta is correct on one point. I did send "Skadden" a letter requesting information that is essential to establishing the proper value of the requested recoupment. In sending the information request, I was following local bankruptcy rule 7007-1(a) regarding discovery, which requires a good faith effort by the Movant to resolve the applicable issues by agreement with the opposing party.

As for my status as a representative of Delphi Salaried Retirees, it is the same as it was when I filed the COBRA Motion and the Request for Stay Motion. My status was not an issue then and no credible reason was given why it should be an issue now.

I believe the Recoupment Motion is compelling and in itself answers any question regarding its validity; and if the debtor refuses to respond, it will be at its own peril. It's also not clear why Mr. Chiappetta would ask the court to require my personal appearance other than to exploit my health limitations.

Therefore, Your Honor, I respectfully request that you deny Mr. Chiappetta's attempt to derail or delay a legitimate motion, which has been properly filed in a timely manner.

Sincerely,

James B. Sumpter, pro se