Hearing Date: September 22, 2011 at 10 a.m. (EDT)
Response Date: September 15, 2011

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, MI  48226
(313) 225-7000
Cynthia J. Haffey
Sheldon Klein
Chester E. Kasiborski, Jr.
Thomas B. Radom

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.*, | Case No. 05-44481 (RDD)<br>Jointly Administered |
| Reorganized Debtors. | |

## REORGANIZED DEBTORS' MOTION FOR ORDER (I) ENFORCING MODIFICATION PROCEDURES ORDER, MODIFIED PLAN AND PLAN MODIFICATION ORDER INJUNCTION AND FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION ORDER AGAINST AVERBUKHS, AS PLAINTIFFS, IN MARYLAND STATE COURT WRONGFUL DEATH ACTION; AND (II) DIRECTING AVERBUKHS TO DISMISS ACTION TO RECOVER UPON DISCHARGED AND EXPUNGED CLAIM

("AVERBUKH INJUNCTION MOTION")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), successors to Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), bring this motion ("Motion") for an

order (i) enforcing against the plaintiffs in a Maryland state court wrongful death action the Court's June 16, 2009 Modification Procedures Order, the Modified Plan, the Court's July 30, 2009 Plan Modification Order Injunction and the Forty-Seventh Omnibus Claims Objection Order ("Averbukh Claim Expungement Order") and (ii) directing the plaintiffs to dismiss the action against the Debtors to recover upon claims that have been barred, discharged and expunged in these cases.

## OVERVIEW

1. This Motion relates to a claim for injuries and wrongful death arising out of the death of Boris Averbukh ("Boris") in an automobile accident in 2007. In September 2009, after the Administrative Claim Bar Date had lapsed, an Administrative Expense Claim Request was submitted under the name of Alla Averbukh ("Alla"), Boris' wife, by her attorneys, for damages relating to the injuries arising out of the death of Boris.

2. In November, 2009, Boris' estate, together with his two sons and Alla, commenced an action in a Maryland State Court against Debtors Delphi Corporation and Delphi Automotive Systems LLC, among others.

3. In May, 2010, this Court issued an order disallowing and expunging the administrative claim. Yet the Averbukhs have continued to prosecute their wrongful death claim in Maryland State Court.

4. Under the facts and pertinent principles of Maryland law discussed below, all of the Averbukhs should be deemed to have joined in the prior administrative expense claim, not only Alla, and be bound to and barred by this Court's Order denying and expunging it. In addition, the failure of any of the Averbukhs, including the personal representative of Boris' estate, to timely file an administrative expense claim forever barred each of their claims and

otherwise rendered them subject to, and bound by, the Plan Injunction. Accordingly, this Court should enforce the Modification Procedures Order, the Modified Plan, Plan Modification Order Injunction and Averbukh Claim Expungement Order against the Averbukhs and enjoin them from the further prosecution of the Maryland state court wrongful death action against Debtors.

## FACTS

5.     On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates, former debtors and debtors-in-possession in the above-captioned cases, predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

6.     Upon information and belief, on April 7, 2007 Boris died in an automobile accident in the State of Maryland. Also upon information and belief, at the time of his death, Boris was a passenger in a vehicle being driven by Alla.

7.     On July 27, 2007, Vladimir Averbukh ("Vladimir"), one of Boris' sons, was appointed personal representative of the Estate of Boris Averbukh by virtue of probate proceedings in the State of Maryland. Copies of a July 27, 2007 Order for Small Estate and of Vladimir's appointment are attached as Exhibit A.

8.     On June 16, 2009, this Court entered an Order (A)(I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date ("Modification Procedures Order") (Docket No. 17032).

9. The Modification Procedures Order provided in pertinent part that: (i) July 15, 2009 was the deadline for all creditors holding administrative expense claims for the period from the commencement of the chapter 11 cases in October, 2005 through June 1, 2009 to file a claim on an Administrative Expense Claim Form; (ii) notice of the Administrative Claim Bar Date was to be published in the Detroit Free Press, the New York Times (worldwide), the Wall Street Journal (national, European, and Asian editions) and USA Today (worldwide); and (iii) failure to timely file an Administrative Expense Claim would forever bar, estop and enjoin the creditor from asserting such a claim against Debtors and their property would be forever discharged from such claim. See ¶¶ 38-41 of Modification Procedures Order.

10. Debtors published notices of the July 15, 2009 Administrative Claim Bar Date (the "Administrative Claim Bar Date") in accordance with the Modification Procedures Order. Affidavits of Publication are part of the record in this case. (Docket Nos. 17407-17415)

11. On July 30, 2009, this Court entered an Order Approving Modifications under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization ("Plan") of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as Modified and (ii) Confirmation Order ("Plan Modification Order") (Docket No. 18707)

12. On September 9, 2009, after the Administrative Claim Bar Date, an Administrative Expense Claim Request (No. 19597) was filed on behalf of Alla by The Kuhlman Law Firm, LLC which, in Section 5, describes the claim as "Damages for injuries and *wrongful death* of Boris Averbukh." (emphasis added) (hereinafter the "Averbukh Claim" ). A copy of the Averbukh Claim is attached as Exhibit B. This is the only administrative claim that was filed by any of the Averbukhs.

13.     On November 9, 2009, a civil action was commenced in the Circuit Court for Prince George's County, Maryland by Plaintiffs Vladimir Averbukh, Aleksandr Averbukh, and Alla Averbukh ("Aleksandr") (sometimes collectively referred to as the "Averbukhs") against Debtors, Delphi Corporation and Delphi Automotive Systems LLC, and other defendants, Case No. CAL09-35924 (the "Maryland State Court Action"). Both Vladimir and Aleksandr are named in their individual capacity, with Vladimir also identified as Personal Representative of the Estate of Boris. Alla is identified as a "Use Plaintiff." The Maryland State Court Action seeks damages from Debtors and others for the alleged *wrongful death* of Boris Averbukh. A copy of the complaint filed in the Maryland State Court Action is attached as Exhibit C.

14.     Under Maryland law, a "Use Plaintiff" is a statutory beneficiary who has "not formally joined the [wrongful death] action, but, as [a] real part[y] in interest, [is a] plaintiff[] whose interests must be acknowledged and protected throughout the litigation." *Williams v. Ace American Insurance Company*, 192 Md. App. 438, 445 (2010).

15.     Under Maryland law, Alla, Vladimir and Aleksandr are each a statutory "primary beneficiary" and necessary plaintiff to any wrongful death cause of action.

16.     On or about January 11, 2010, a summons and the complaint in the Maryland State Court Action were served upon Debtors.

17.     On April 16, 2010, the Reorganized Debtors filed their Forty-Seventh Omnibus Objection Pursuant to 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books And Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain Administrative Expense Claims (the "Forty-Seventh Omnibus Claims Objection") (Docket No. 19873). The Forty-Seventh Omnibus

Claims Objection objected to the Averbukh Claim on grounds that the asserted liability was not owing pursuant to the Reorganized Debtors' books and records.

18. Also on April 16, 2010, the Reorganized Debtors served Alla with a Notice of Objection to Claim (Docket No. 19910) through her counsel of record, The Kuhlman Law Firm. A copy of the Notice of Objection to Claim is attached as Exhibit D.

19. On or about April 26, 2010, local counsel for the Averbukhs filed motions in the Maryland State Court Action to admit Brad Kuhlman and Chad Lucas of The Kuhlman Law Firm to appear as co-counsel for Vladimir, individually and as personal representative of Boris' estate, and Aleksandr. Copy of the motions are attached as Exhibit E.

20. No response was filed to the Reorganized Debtors' Objection to the Averbukh Claim.

21. On May 25, 2010 this Court entered its "Order Pursuant to 11 U.S.C. §503(b) And Fed. R. Bankr. 3007 (I) Disallowing And Expunging (A) Certain Administrative Expense Claims On Books And Records Grounds, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modifying A Certain Administrative Expense Claim ("Averbukh Claim Expungement Order") (Docket No. 20188). The Averbukh Claim was "disallowed and expunged in its entirety" by the Averbukh Claim Expungement Order.

22. On May 28, 2010, Reorganized Debtors provided Notice of Entry of the Averbukh Claim Expungement Order (Docket No. 20216) by serving it upon Alla's counsel of record, The Kuhlman Law Firm. A copy of the Notice of Entry of Order is attached as Exhibit E.

6

23. The Kuhlman Law Firm has never withdrawn its appearance from the bankruptcy proceedings.

24. Neither Alla nor The Kuhlman Law Firm ever sought reconsideration or review of this Court's Averbukh Claim Expungement Order.

25. The Reorganized Debtors, through their counsel, have notified The Kuhlman Law Firm, through Brad Kuhlman, that the Maryland State Court Action is improper and requested that the case against the Debtors be dismissed. That request has been rejected, thus necessitating the filing of this Motion.

## JURISDICTION AND VENUE

26. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§157 and 1334 and the Plan Modification Order (Docket No. 18707 ¶56). This matter is a core proceeding within the meaning of 28 U.S.C. §157(b). This Court is the proper venue for this matter pursuant to 28 U.S.C. § and 1409.

## APPLICABLE LAW AND LEGAL ARGUMENT

### *The Maryland State Court Action is Barred by the Averbukh Claim Expungement Order*

27. The Averbukhs' Maryland State Court Action should be disallowed because this Court has already held that it is barred in the Averbukh Claim Expungement Order. "[R]evisiting orders disallowing late-claims contradict the doctrines of res judicata and law of the case," *In re Xpedior Inc.*, 354 BR 210, 227 (Bankr. ND IL 2006).

28. Both the expunged Averbukh Claim and the Maryland State Court Action assert claims for injuries, as well as for wrongful death. See Exhibits B and C.

29. The State of Maryland's Wrongful Death Statute permits "[o]nly one action" to "lie[ ] in respect to the death of a person." *MD. CODE ANN., Wrongful Death, §3-904(f) (2011)*. *Walker v. Essex*, 318 Md. 516, 523, 569 A.2d 645 (1990); *Williams v. Ace American Insurance Company*, 192 Md. App. 438, 445 (2010).

30. The Maryland Wrongful Death Statute is to be strictly construed. *Flores v. King*, *13 Md. App. 270, 282 A.2d 521 (1971)*.

31. "[T]he purpose of the one action rule is to protect *a defendant* from being vexed by several suits instituted by or on behalf of different equitable plaintiffs for the same injury, when all the parties could be joined in one proceeding." *Walker v. Essex*, 318 Md. 516, 523, 569 A.2d 645 (1990)(*emphasis supplied*).

32. Because only a single action is permitted, Maryland law requires that "all persons who are or may be entitled by law to damages by reason of the wrongful death shall be named as plaintiffs whether or not they join in the action." *Md. Rule 15-1001(b); Williams, supra*, 192 Md. App. at 445 (2010). "The words 'to the use of' shall precede the name of any person named as a plaintiff who does not join in the action." *Md. Rule 15-1001(b)*. Such plaintiffs are referred to as "use plaintiffs."

33. Under the circumstances of this case, each of the Averbukhs, and not only Alla, effectively joined in the wrongful death Averbukh Claim. As noted, under Maryland law, only a single wrongful death claim can be brought, and it is brought on behalf of all beneficiaries.

34. The Maryland State Court wrongful death action is therefore barred by this Court's Averbukh Claim Expungement Order and its Plan Modification Order, and the Averbukhs' maintenance of the state court action violates the injunction contained in the Plan Modification Order.

### *The Maryland State Court Action is Also Barred by the Averbukhs' Failure to File an Administrative Expense Claim Prior to the Administrative Claim Bar Date*

35. As stated above, this Court's Modification Procedures Order provided, in pertinent part, that: (i) July 15, 2009 was the deadline for all creditors holding administrative expense claims for the period from the commencement of the chapter 11 cases in October, 2005 through June 1, 2009 to file a claim on an Administrative Expense Claim Form; (ii) notice of the Administrative Claim Bar Date was to be published in the Detroit Free Press, the New York Times (worldwide), the Wall Street Journal (national, European, and Asian editions) and USA Today (worldwide); and (iii) failure to timely file an Administrative Expense Claim would forever bar, estop and enjoin the creditor from asserting such a claim against Debtors and their property would be forever discharged from such claim. In the Modification Procedures Order, the Court specifically determined and ruled that notice of the bar date via publication constituted adequate and sufficient notice.

36. Notwithstanding the fact that the wrongful death claim accrued on April 7, 2007, and, as discussed more fully below, was a "claim" within the definition of 11 U.S.C. §101(5) and therefore covered by the Modification Procedures Order, the Averbukhs did not file an Administrative Expense Claim Form by the Administrative Claim Bar Date. By operation of the Modification Procedures Order, the Averbukhs' Claim became forever barred, thereby estopping and enjoining them from asserting the Averbukh Claim against the Debtors or their property.

37. In addition, this Court's Plan Modification Order, which confirmed the Modified Plan, discharged, among other things, all Claims and Causes of Action, whether known or unknown, against the Reorganized Debtors and permanently enjoined all Persons (as that term is defined in the Plan) from, among other things, "commencing…in any manner any Claim, Interest, Cause of Action or any other right or Claim against the Reorganized Debtors, which

9

they possessed or may possess prior to the Effective Date" of the Plan (the "Plan Injunction"). See ¶¶ 20 and 22 of Plan Modification Order.

38. An order confirming a plan of reorganization ordinarily operates to discharge all unsecured debts, "even those of tort victims who were unaware of the debtor's bankruptcy." *Brown v. Seaman Furniture Co., Inc.*, 171 B.R. 26, 27 (E.D. Pa 1994); *In re U.S.H. Corporation of New York*, 223 B.R. 654, 657 (Bankr. S.D.N.Y. 1998); See also, 11 U.S.C §§ 1141 and 524(a).[1]

39. The effect of the Reorganized Debtors' discharge is set forth in section 524(a) of the Bankruptcy Code, under which that discharge operates as a permanent injunction against the *commencement or continuation* of any action to recover discharged claims against the Reorganized Debtors. Specifically, Section 524(a)(2) provides:

> (a) A discharge in a case under this title –
> .....
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

---

[1] Section 1141(d)(1) of the Bankruptcy Code provides in pertinent part:

> (d) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—
>
> (A) discharges the debtor from any debt that arose before the date of such confirmation and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title, whether or not—
> (i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title;
> (ii) such claim is allowed under section 502 of this title...

40.     Discharge under the Bankruptcy Code, presumes that all creditors bound by the plan were given notice to satisfy due process. See *Brown*; *U.S.H*; *DePippo v. Kmart Corporation, et. al.*, 335 B.R. 290, 295 (D.C. S.D.N.Y. 2005). Notice requirements will vary depending upon whether the creditor is known or unknown to the debtor. A "known" creditor is one whose "*identity* is either known to the debtor or is 'reasonably ascertainable' by the debtor." See *DePippo, supra at 296; U.S.H.* "Reasonably ascertainable" means that the creditor can be identified through reasonably diligent efforts. See *DePippo, supra at 296.* In the context of a debtor in bankruptcy, it is not required to go beyond a careful examination of its books and records. *Id.* If the creditor is "unknown" to the debtor, it is well-settled law that notice of a bar date via publication is "adequate constructive notice sufficient to satisfy due process requirements because, 'in the case of persons missing or unknown, employment of an indirect and even probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights.'" *DiPippo, supra*, at 297 (quoting *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306 (1950)).

41.     All pre-confirmation "claims" against the Debtors held by the Averbukhs were discharged. The Bankruptcy Code defines "claims" to include any and all "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. § 101(5). Courts have recognized that the definition of a claim is intentionally broad to enable all the obligations of a debtor to be treated in a bankruptcy case, no matter how remote or contingent, to give the debtor the broadest relief possible in the bankruptcy court. *See, In re Chateaugay Corp.*, 944 F.2d 997, 1003 (2nd. Cir. 1991).

42. A post-petition tort claim is an administrative expense claim under the Bankruptcy Code. See *In re Refco Inc.*, 2008 U.S. Dist. LEXIS 2484 *17 (S.D.N.Y.) citing *Reading v. Brown*, 391 U.S. 471, 485, 88 S. Ct. 1759, 20 L. Ed. 2d 751 (1986). A wrongful death claim is a tort claim. Therefore, the Averbukhs' claim was covered in the Modification Procedures Order and in the Modified Plan and the Plan Modification Order.

43. Prior to September 9, 2009, the Debtors had no record of any claim or potential claim held by Alla against them and her claim, therefore, was not reasonably ascertainable. Because nothing in the Debtors' books and records would have alerted them prior to September 9, 2009 that Alla held a claim, personally or as a representative of Boris's estate, the Debtors were not in a position to serve, nor was she entitled, to actual notice of the Administrative Claim Bar Date. Consequently, Alla could not have been given notice of the Administrative Claim Bar Date by any means other than publication.

44. Prior to January 10, 2010, Vladimir, individually and as Personal Representative of the Estate of Boris Averbukh, and Aleksandr were unknown to Debtors and any claim or potential claim held by them against Debtors (or Reorganized Debtors) was not reasonably ascertainable. Nothing in Debtors' (or Reorganized Debtors') books and records would have alerted them prior to that date that they had claims individually or as a representative of the estate of Boris Averbukh which entitled them to actual notice of the Administrative Claim Bar Date. They could not have been given notice of the Administrative Claim Bar Date by any means other than publication.

45. The Averbukhs received adequate and sufficient constructive notice of the Administrative Claim Bar Date via publication as detailed above in paragraph 9 and 10.

46. Notwithstanding the sufficiency of constructive notice on Vladimir, in his individual capacity and as personal representative of Boris' estate, and Aleksandr, as detailed above in paragraph 31, they would be deemed as a matter of law to have had actual notice of the Administrative Claim Bar Date in 2009 and of the Averbukh Claim Expungement Order in 2010 by virtue of their representation by The Kulhman Law Firm, which filed the Averbukh Claim.

47. Alla testified at her deposition in the Maryland State Court Action that Aleksandr and Vladimir handled all of the legal affairs relating to Boris' death and that it was Aleksandr and Vladimir that hired The Kuhlman Law Firm. See, pp. 68-76, 84 of the unedited, uncertified transcript of the deposition of Alla, attached as Exhibit G.[2]

48. "It is well recognized that an attorney's actual notice of the pendency of a bankruptcy may be imputed to his client if it occurs within the scope of the attorney-client relationship." In re Herman Joseph Marino, 195 B.R. 886, 895 (Bankr. N.D. Ill. 1996); See also In re Jesse Najjar, 2007 Bankr. LEXIS 1678, p. 5 (Bankr. S.D.N.Y. 2007)("A nexus has been found sufficient to support inputing notice to a creditor where such creditor's nonbankruptcy attorney participated in the bankruptcy case.")

49. Therefore, all claims of Vladimir, individually and as Personal Representative of the Estate of Boris Averbukh, and of Aleksandr asserted against Debtors in the Maryland State Court Action, were barred and discharged by the Modification Procedures Order and Plan Modification Order and are permanently enjoined by the Plan Injunction.

---

[2] Since Alla's deposition was taken only recently, the final, certified transcript is not yet available.

## RELIEF REQUESTED

WHEREFORE the Reorganized Debtors request that this Court enter an order permanently enjoining Alla Averbukh, Vladimir Averbukh, individually and as Personal Representative of the Estate of Boris Averbukh, and Aleksandr Averbukh from pursuing their discharged and expunged claim against the Debtors in the Maryland State Court Action, directing the Averbukhs to immediately dismiss the Maryland State Court Action as against them, and granting Reorganized Debtors such other and further relief to which they may be entitled.

Dated:   Detroit, MI
         August 30, 2011

                                BUTZEL LONG, a professional corporation

                                By:   /s/ Cynthia J. Haffey
                                       Cynthia J. Haffey
                                       Sheldon Klein
                                       Chester E. Kasiborski, Jr.
                                       Thomas B. Radom
                            150 West Jefferson, Suite 100
                            Detroit, MI  48226
                            (313) 225-7000

                            *Attorneys for Reorganized Debtors*

#1298550 v1