# EXHIBIT D

05-44481-rdd    Doc 21553-5    Filed 08/30/11    Entered 08/30/11 23:22:34    Exhibit D
Pg 1 of 7

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                      :
            In re                     :    Chapter 11
                                      :
DPH HOLDINGS CORP., et al.,           :    Case No. 05-44481 (RDD)
                                      :
            Reorganized Debtors.      :    (Jointly Administered)
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## NOTICE OF OBJECTION TO CLAIM

Alla Averbukh:

     DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), successors to Delphi Corporation and certain of its affiliates, debtors and debtors-in-possession (the "Debtors"), are sending you this notice. According to the Reorganized Debtors' records, you filed one or more proofs of administrative expense in the Debtors' reorganization cases. Based upon the Reorganized Debtors' review of your proof or proofs of administrative expense, the Reorganized Debtors have determined that one or more of your claims for an administrative expense under 11 U.S.C. § 503(b)(1) (each, an "Administrative Claim") identified in the table below should be (a) disallowed and expunged or (b) modified, as the case may be, as summarized in the table below and described in more detail in the Reorganized Debtors' Forty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books And Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain Administrative Expense Claims (the "Forty-Seventh Omnibus Claims Objection"), dated April 16, 2010, a copy of which is enclosed (without exhibits). The Reorganized Debtors' Forty-Seventh Omnibus Claims Objection is set for hearing on May 20, 2010 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140. AS FURTHER DESCRIBED IN THE ENCLOSED FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE REORGANIZED DEBTORS' OBJECTION TO YOUR ADMINISTRATIVE CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON MAY 13, 2010. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

The enclosed Forty-Seventh Omnibus Claims Objection identifies four different categories of objections. The category of administrative claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

Administrative Claims identified as having a Basis For Objection of "Books And Records Claims" assert liabilities and dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records.

The Administrative Claim identified as having a Basis For Objection of "Duplicate Claim" is duplicative of another Administrative Claim filed by the claimant.

Administrative Claims identified as having a Basis For Objection of "Duplicate Substantial Contribution Claims" assert Administrative Claims on account of an alleged substantial contribution to the Debtors' estates that are duplicative of applications for compensation filed by such parties pursuant to section 503(b)(3) and (4) of the Bankruptcy Code.

Administrative Claims identified as having a Basis For Objection of "Modified Claims" assert dollar amounts that are not owing pursuant to the debtors books and records.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|---|---|---|---|---|---|
| 09/10/09 | 19597 | $1,500,000.00 | Books AND Records Claims | Disallow And Expunge | |

If you wish to view the complete exhibits to the Forty-Seventh Omnibus Claims Objection, you can do so at www.dphholdingsdocket.com. If you have any questions about this notice or the Forty-Seventh Omnibus Claims Objection to your Administrative Claim, please contact the Reorganized Debtors' counsel by e-mail at dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing at Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Michael W. Perl). Questions regarding the amount of an Administrative Claim or the filing of a Claim should be directed to Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, at 1-888-249-2691 or www.dphholdingsdocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the Administrative Claim amount asserted is unliquidated.

2

PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), AND THE ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 503(b) AUTHORIZING DEBTORS TO APPLY CLAIMS OBJECTION PROCEDURES TO ADDRESS CONTESTED ADMINISTRATIVE EXPENSE CLAIMS, ENTERED OCTOBER 22, 2009 (THE "ADMINISTRATIVE CLAIMS PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF ADMINISTRATIVE EXPENSE THAT ARE SUBJECT TO THE REORGANIZED DEBTORS' OBJECTION AS SET FORTH ABOVE. A COPY OF BOTH THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS PROCEDURES ORDER IS INCLUDED HEREWITH. THE FOLLOWING SUMMARIZES THE PROVISIONS OF THOSE ORDERS BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Forty-Seventh Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern time) on May 13, 2010. Your Response, if any, to the Forty-Seventh Omnibus Claims Objection should (i) be in writing, (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York and the Claims Objection Procedures Order, (iii) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (iv) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Michael W. Perl).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Administrative Claim, (iii) a concise statement setting forth the reasons why the Administrative Claim should not be disallowed and expunged, modified, or allowed, as the case may be, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Forty-Seventh Omnibus Claims Objection, (iv) unless already set forth in the proof of administrative expense previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Reorganized Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Administrative Claim, (v) to the extent that the Administrative Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Administrative Claim upon liquidation of the Administrative Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Reorganized Debtors must return any reply to the Response, if different from the address(es) presented in the Administrative Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Reorganized Debtors are unable to reach a consensual resolution with you, the hearing on

any such Response will automatically be adjourned from the May 20, 2010 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order and the Administrative Claims Procedures Order. With respect to all uncontested objections, the Reorganized Debtors have requested that the Court conduct a final hearing on May 20, 2010 at 10:00 a.m. (prevailing Eastern time).

IF YOUR PROOF OF ADMNISTRATIVE EXPENSE LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED ADMINISTRATIVE CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH ADMINISTRATIVE CLAIM UPON LIQUIDATION OF THE ADMINISTRATIVE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order. IF NO RESPONSES TO THE FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER. Thus, your failure to respond may forever bar you from sustaining an Administrative Claim against the Reorganized Debtors.

Dated: New York, New York
        April 16, 2010



SVC 1
PACK NO: 3
OMNI 47TH - EXHIBIT A-B

CASE NO: 05-44481
PRF 28088

ALLA AVERBUKH
THE KUHLMAN LAW FIRM LLC
1100 MAIN ST STE 2550
KANSAS CITY, MO 64105