BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
Cynthia J. Haffey
Chester E. Kasiborski, Jr.
Thomas B. Radom

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) Chapter 11 |
| DPH HOLDINGS CORP., *et al.*, | ) Case No. 05-44481 (RDD) |
| | ) Jointly Administered |
| Reorganized Debtors. | ) |

### ORDER ENFORCING
### INJUNCTION AND ORDERS AGAINST PLAINTIFFS
### IN MARYLAND STATE COURT ACTION

### ("AVERBUKH INJUNCTION ORDER")

Upon the Reorganized Debtors' Motion for Order (I) Enforcing Modification Procedures Order, Modified Planned Plan Modification Order Injunction And Forty-Seventh Omnibus Claims Objection Order Against Averbukhs, As Plaintiffs, In Maryland State Court Wrongful Death Action; And (II) Directing Averbukhs To Dismiss Action To Recover Upon Discharged And Expunged Claim ("Averbukh Injunction Motion") (the "Averbukh Injunction Motion"); and it appearing that proper and adequate notice of the Averbukh Injunction Motion has been given and that no other or further notice is necessary; and it appearing that the commencement and prosecution of the Maryland State Court Action[1] by the plaintiffs in that action violates the

---

[1] Capitalized terms not otherwise defined shall have the meanings given to them in the Averbukh Injunction Motion

discharge and injunction provisions set forth in this Court's prior injunction and orders and for the reasons stated on the record at the hearing on the Averbukh Injunction Motion on September 22, 2011, which are incorporated herein as findings of fact and conclusions of law in support of the entry of this order; and after due deliberations thereon and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and paragraph 56 of the Plan Modification Order. This matter is a core proceeding within the meaning 28 U.S.C. § 157(b). This Court is the proper venue for this matter pursuant to 28 U.S.C. §§ 157 and 1409.

2. The Averbukh Injunction Motion is granted and Alla Averbukh, Vladimir Averbukh, individually and as Personal Representative of the Estate of Boris Averbukh, and Aleksandr Averbukh are permanently enjoined from pursuing claims against Debtors or Reorganized Debtors relating to the death of Boris Averbukh in the Maryland State Court Action or in any other forum.

3. Alla Averbukh, Vladimir Averbukh, individually and as Personal Representative of the Estate of Boris Averbukh, and Aleksandr Averbukh are ordered to dismiss with prejudice the Maryland State Court Action against Debtors and Reorganized Debtors and any further action by them with respect to their claims in the Maryland State Court Action shall constitute contempt of this Court and subject them and any attorneys representing them in that action to sanctions.

4. This Court shall retain jurisdiction should issues arise regarding implementation of this Averbukh Injunction Order.

Dated: White Plains, New York

_____, 2011

_____
U.S. BANKRUPTCY COURT JUDGE

#1297779 v1