SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                         :
     In re                                          :          Chapter 11
                                                         :
DPH HOLDINGS CORP., et al.,             :          Case No. 05-44481 (RDD)
                                                        :
                Reorganized Debtors.         :          (Jointly Administered)
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED DEBTORS,
ATS OHIO, INC., ATS MICHIGAN SALES AND SERVICES, INC., ATS AUTOMATION
TOOLING SYSTEMS, INC., AND NEXTEER AUTOMOTIVE CORPORATION
(I) RECLASSIFYING AND ALLOWING PROOF OF ADMINISTRATIVE EXPENSE
CLAIM NUMBER 19761, (II) COMPROMISING AND ALLOWING PROOF OF
ADMINISTRATIVE EXPENSE CLAIM NUMBER 19762, AND (III) DISALLOWING AND
EXPUNGING PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 19763

(ATS OHIO, INC., ATS MICHIGAN SALES AND SERVICES, INC., AND ATS
AUTOMATION TOOLING SYSTEMS, INC)

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), ATS Ohio, Inc. ("ATS Ohio"), ATS Michigan Sales And Services, Inc. ("ATS Michigan"), ATS Automation Tooling Systems, Inc. ("ATS Automation," and together with ATS Ohio and ATS Michigan, the "Claimants"), and Nexteer Automotive Corporation ("Nexteer") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors, ATS Ohio, Inc., ATS Michigan Sales And Services, Inc., ATS Automation Tooling Systems, Inc., And Nexteer Automotive Corporation (I) Reclassifying And Allowing Proof Of Administrative Expense Claim Number 19761, (II) Compromising And Allowing Proof Of Administrative Expense Claim Number 19762, And (III) Disallowing And Expunging Proof Of Administrative Expense Claim Number 19763 (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 31, 2006, ATS Automation filed proof of claim number 15669 against DAS LLC, asserting an unsecured non-priority claim in the amount of $155,334.07 ("Claim 15669") arising from the sale of goods and/or the delivery of services to DAS LLC by ATS Automation. Claim 15669 also reserved the rights of ATS Automation to assert that certain additional amounts were owed by the Debtors to ATS Automation on a prepetition basis.

2

WHEREAS, on July 31, 2006, ATS Michigan filed proof of claim number 15670 against DAS LLC, asserting an unsecured non-priority claim in the amount of $207,886.00 ("Claim 15670") arising from the sale of goods and/or the delivery of services to DAS LLC by ATS Michigan.  Claim 15670 also reserved the rights of ATS Michigan to assert that certain additional amounts were owed by the Debtors to ATS Michigan on a prepetition basis.

WHEREAS, on July 31, 2006, ATS Ohio filed proof of claim number 15671 against DAS LLC, asserting an unsecured non-priority claim in the amount of $1,621,059.30 ("Claim 15671") arising from the sale of goods and/or the delivery of services to DAS LLC by ATS Ohio.  Claim 15671 also reserved the rights of ATS Ohio to assert that certain additional amounts were owed by the Debtors to ATS Ohio on a prepetition basis.

WHEREAS, on July 31, 2006, ATS Automation filed proof of claim number 16415 against DAS LLC, asserting a secured claim in the amount of $1,983,000.00 ("Claim 16415") arising from the sale of goods and/or the delivery of services to DAS LLC by ATS Automation.

WHEREAS, on June 29, 2007, Claim 16415 was modified to an unsecured non-priority claim in the amount of $1,983,000.00 pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation Identified In Fifteenth Omnibus Claims Objection (Docket No. 8443).

WHEREAS, on November 19, 2007, Claim 15671 was compromised and allowed as an unsecured non-priority claim in the amount of $1,621,059.30 against DAS LLC pursuant to

3

the Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 15671 (Docket No. 10965).

WHEREAS, on October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

WHEREAS, on November 5, 2009, ATS Ohio filed proof of administrative expense claim number 19761 against Delphi asserting an administrative expense claim in the amount of $71,847.00 ("Claim 19761") for goods sold by ATS Ohio to the Debtors.

WHEREAS, on November 5, 2009, ATS Michigan filed proof of administrative expense claim number 19762 against Delphi asserting an administrative expense claim in the amount of $192,040.00 ("Claim 19762") for goods sold by ATS Michigan to the Debtors.

WHEREAS, on November 5, 2009, ATS Automation filed proof of administrative expense claim number 19763 against Delphi asserting an administrative expense claim in the amount of CAD $7,307.00 and USD $ 42,414.00 ("Claim 19763," and together with Claim 19761 and Claim 19762, the "Claims") for goods sold by ATS Automation to the Debtors.

4

WHEREAS, pursuant to the Master Disposition Agreement Among Delphi Corporation, GM Components Holdings, LLC, General Motors Company, Motors Liquidation Company (f/k/a General Motors Corporation), and DIP Holdco 3 LLC ("DIP Holdco 3"), among others, dated as of July 30, 2009 (the "MDA"), the Buyers (as defined in the MDA) assumed certain administrative expense liabilities of the Debtors.

WHEREAS, Steering Solutions Services Corporation (n/k/a Nexteer Automotive Corporation), a GM Buyer (as defined in the MDA), assumed the administrative expense liabilities related to the Claims.

WHEREAS, on January 22, 2010, the Reorganized Debtors objected to the Claims pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection").

WHEREAS, on February 17, 2010, the Claimant filed the Response Of ATS Automation Tooling Systems Inc., ATS Michigan Sales And Service Inc, ATS Ohio Inc. And ATS Wickel Und Montagetechnik AG To Reorganized Debtors' Forty-Third Omnibus Claims Objection (Docket No. 19456) (the "Response").

WHEREAS, on March 30, 2011, as memorialized in the Notice Of Withdrawal Of Reorganized Debtors' Forty-Fourth Omnibus Claims Objection With Respect To Proofs Of

Claim Numbers 15669, 15670, And 16415 (Docket No. 21193) and in accordance with the Articles 1.9 and 9.6(b) of the Modified Plan and 11 U.S.C § 502, the withdrawal of the Forty-Fourth Omnibus Claims Objection resulted in (i) Claim 15669 being allowed as a general unsecured non-priority claim in the amount of $155,334.07 against DPH-DAS LLC in accordance with the terms of the Modified Plan, (ii) Claim 15670 being allowed as a general unsecured non-priority claim in the amount of $207,886.00 against DPH-DAS LLC in accordance with the terms of the Modified Plan, and (iii) Claim 16415 being allowed as a general unsecured non-priority claim in the amount of $1,983,000.00 against DPH-DAS LLC in accordance with the terms of the Modified Plan.

WHEREAS, to resolve (a) the Forty-Third Omnibus Claims Objection with respect to the Claims and (b) certain reservations of rights asserted in Claim 15669, Claim 15670, and Claim 15671, the Reorganized Debtors, the Claimants, and Nexteer have entered into this Stipulation, pursuant to which the Reorganized Debtors, the Claimants, and Nexteer agree that, among other things, (i) Claim 19761 shall be reclassified and allowed as a general unsecured non-priority claim in the amount of $105,493.00 (inclusive of the $33,646.00 addressed in the immediately following paragraph hereof) against DPH-DAS LLC, (ii) Claim 19762 shall be allowed as an administrative claim against DPH Holdings in the amount of $8,000.00, (iii) Claim 19763 shall be disallowed and expunged in its entirety, and (iv) the reservations of rights asserted in Claim 15669, Claim 15670, and Claim 15671 shall be deemed withdrawn with prejudice.

WHEREAS, $33,646.00 asserted in ATS Michigan's Claim 19762 is being reclassified as a general unsecured non-priority claim, and for administrative convenience only,

such amount is being reclassified with ATS Ohio's Claim 19761. For the avoidance of doubt, ATS Michigan and ATS Ohio are separate and distinct corporate entities.

WHEREAS, the Claimants represent and warrant that the Claimants are the proper owners of the amounts asserted in Claim 19761 and Claim 19762 that are being reclassified and allowed as general unsecured non-priority claims.

NOW, THEREFORE, the Reorganized Debtors, the Claimants, and Nexteer stipulate and agree as follows:

1. Claim 19761 shall be allowed in the amount of $105,493.00 and shall be reclassified and treated as an allowed general unsecured non-priority claim against DPH-DAS LLC in accordance with the terms of the Modified Plan.

2. Claim 19762 shall be allowed in the amount of $8,000.00 and shall be treated as an administrative claim against DPH Holdings Corp. in accordance with the terms of the Modified Plan. Satisfaction of Claim 19762 through the payment of $8,000.00 shall be the sole responsibility of Nexteer. Except with respect to the $33,646.00 which is being reclassified as a general unsecured non-priority claim and included in the allowed amount of Claim 19761 as set forth above, the Reorganized Debtors shall have no responsibility with respect to the satisfaction of Claim 19762.

3. Claim 19763 is hereby disallowed and expunged in its entirety.

4. The Response is hereby deemed fully resolved.

5. Allowance of Claim 19761 as a general unsecured claim in the amount of $105,493.00 and Claim 19762 as an administrative claim in the amount of $8,000.00 and the payment of said allowed claims in accordance with the terms of the Modified Plan is in full satisfaction of Claim 19761 and Claim 19762. Each of the Claimants, on its own behalf and on

7

behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (collectively, the "ATS Releasing Parties"), hereby waives and releases any and all rights to assert against each of Nexteer, the Debtors, and the Reorganized Debtors, and each of their respective predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former and current officers, directors, owners, employees, and any other agents (collectively, the "Released Parties"), that Claim 19761 and Claim 19762 are entitled to any treatment other than that set forth herein.

6. Any and all reservations of rights asserted by any of the ATS Releasing Parties regarding the right to amend or assert additional prepetition amounts with respect to Claim 15669, Claim 15670, or Claim 15671 are hereby deemed withdrawn with prejudice.

7. Nothing herein shall be construed as an admission of liability on behalf of the Reorganized Debtors, the Debtors, or Nexteer with respect to any portion of Claim 19761 or Claim 19762.

8. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation, including, without limitation, any alleged failure of Nexteer to make payment to ATS Michigan in accordance with paragraph 2 above.

So Ordered in White Plains, New York, this 31st day of August, 2011

                                      /s/Robert D. Drain
                                      UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Robert D. Gordon |
| John Wm. Butler, Jr.<br>John K. Lyons<br>Ron E. Meisler<br>SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>155 North Wacker Drive<br>Chicago, Illinois  60606 | Robert D. Gordon<br>Evan J. Feldman<br>CLARK HILL PLC<br>151 South Old Woodward Avenue<br>Suite 200<br>Birmingham, Michigan 48009 |
| | Attorneys for ATS Ohio, Inc., ATS Michigan Sales And Services, Inc., and ATS Automation Tooling Systems, Inc. |
| - and - | |
| | /s/ Frank L. Gorman |
| Four Times Square<br>New York, New York  10036<br><br>Attorneys for DPH Holdings Corp., et al.,<br>  Reorganized Debtors | Frank L. Gorman<br>HONIGMAN MILLER SCHWARTZ AND COHN LLP<br>660 Woodward Avenue<br>2290 First National Building<br>Detroit, Michigan  48226-3506<br><br>Attorneys for Nexteer Automotive Corporation |