# EXHIBIT C

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In re: Oldco M Corporation and Oldco M Corporation (f/k/a Metaldyne Corporation)

Bankruptcy Case No.: 09-13412-mg

Executive Sounding Board Associates Inc., as Trustee for the Oldco M Distribution Trust

Plaintiff(s),

-against-

Delphi Automotive Systems

Defendant(s)

Adversary Proceeding No. 11-02158-mg

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days, to:

| Address of Clerk: |
| --- |
| Clerk of the Court<br>United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004-1408 |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney: |
| --- |
| Richard Levy Jr.<br>Pryor Cashman LLP<br>7 Times Square<br>New York, NY 10036-6569 |

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

| United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004-1408 | Date and Time: TO BE DETERMINED<br>(PURSUANT TO COURT ORDER) |
| --- | --- |

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

Dated: 5/24/11

Vito Genna

*Clerk of the Court*

By: /s/ Kevin Cockerham

*Deputy Clerk*

PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036-6569
Richard Levy, Jr.
Tina N. Moss
Telephone: (212) 421-4100
Facsimile: (212) 326-0806
rlevy@pryorcashman.com
tmoss@pryorcashman.com

*Attorneys for Plaintiff, Executive Sounding
Board Associates Inc., as Trustee for the
Oldco M Distribution Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| OLDCO M CORPORATION, | : Case No. 09-13412 (MG) |
| (f/k/a Metaldyne Corporation), *et al.*, | : |
| | : |
| Debtors. | : Jointly Administered |
| | : |
| EXECUTIVE SOUNDING BOARD | : |
| ASSOCIATES INC., as Trustee for the | : |
| Oldco M Distribution Trust, | : |
| | : |
| Plaintiff, | : |
| | : |
| -against- | : Adv. Pro. No. 11-_____ (MG) |
| | : |
| DELPHI AUTOMOTIVE SYSTEMS, | : |
| | : |
| Defendant. | : |

**COMPLAINT TO: (I) AVOID AND RECOVER
TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550;
AND (II) DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

Plaintiff, Executive Sounding Board Associates Inc. (the "Trustee" or "Plaintiff"), the

liquidating trustee of the Oldco M Distribution Trust (the "Trust") established pursuant to the

*Second Amended Joint Plan of Liquidation of Debtors and Debtors in Possession* (the "Plan")

DM3\1434198.6

[Docket No. 1180], by and through its undersigned counsel, files this *Complaint to: (I) Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550; and (II) Disallow Claims Pursuant to 11 U.S.C. § 502(d)* (the "Complaint") against Delphi Automotive Systems (the "Defendant") and, in support hereof, avers the following:

## NATURE OF THE PROCEEDING

1. This Complaint seeks to avoid and recover from the Defendant all of the preferential transfers of property that the Debtors (as defined herein) made for or on account of antecedent debt(s) due and owing the Defendant during the ninety-day period prior to the filing of the Debtors' bankruptcy cases (the "Preference Period").

2. In particular, Plaintiff seeks the entry of an Order from this Court: (a) avoiding and directing the return of the avoidable transfers (the "Transfers") identified in Exhibit "1" that were made by the Debtors (as defined herein) to the Defendant in payment of antecedent debts based upon the invoices identified therein; and (b) disallowing any Claim (as defined herein) unless and until the Transfers are remitted to the Trustee.

3. To the extent that the Defendant has filed a proof of claim or has a claim listed on the Debtors' schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtors or their substantively consolidated estate (collectively, a "Claim"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claim for any reason, including, but not limited to, section 502(a) through (j) of the Bankruptcy Code (as defined herein), and such rights are expressly reserved. Notwithstanding this reservation of rights, Plaintiff, as set forth herein, does object to the Claim pursuant to section 502(d) of the Bankruptcy Code.

## JURISDICTION AND VENUE

4.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

5.  This adversary proceeding is brought pursuant to Rule 7001, *et seq.*, of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 502(d), 547 and 550.

6.  Venue in this Court is proper pursuant to 28 U.S.C. § 1409 because this adversary proceeding arises under and in connection with a case under 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code").

7.  This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (F) and (O).

## BACKGROUND

8.  On May 27, 2009 (the "Petition Date"), Oldco M Corporation (f/k/a Metaldyne Corporation) and 30 of its domestic direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Cases").

9.  By an order entered on May 29, 2009, the Debtors' chapter 11 cases were consolidated for procedural purposes and thereafter were jointly administered [Docket No. 65].

10. Before the Petition Date, the Debtors were leading global manufacturers of highly engineered metal components for the global light vehicle market. Their largest customers were Ford Motor Company, Chrysler LLC and its successor, Chrysler Group LLC, and General Motors Corporation and its successor, General Motors Company.

11. Due to a dramatic downturn in the global automotive industry and liquidity pressures stemming from industry stresses, issues with the Debtors' capital structure,

3

and the reluctance of lenders to provide capital to automotive suppliers, the Debtors filed for bankruptcy.

12. Subsequent to the Petition Date, the Bankruptcy Court, in July 2009, approved bidding procedures (the "Bidding Procedures") for the marketing and sale of the majority of the Debtors' assets.

13. Following an auction conducted pursuant to the Bidding Procedures, MD Investors Corporation ("MD Investors") was determined to be the winning bidder and the Debtors and MD Investors entered into a Purchase Agreement, dated as of August 7, 2009 (the "Purchase Agreement").

14. Pursuant to the Purchase Agreement, the Debtors agreed to sell and MD Investors agreed to buy a majority of the Debtors' assets. In addition, MD Investors also agreed to assume certain liabilities and obligations of the Debtors (the "Asset Sale").

15. On August 12, 2009, the Bankruptcy Court issued an order authorizing the Asset Sale under section 363 of the Bankruptcy Code [Docket No. 674].

16. On January 11, 2010, the Debtors filed the Plan and related disclosure statement. The Plan is a liquidating plan which provides for the liquidation of the Debtors' remaining assets in order to maximize the ultimate recovery by all creditors.

17. On February 23, 2010, the Court entered an Order confirming the Plan [Docket No. 1384] and substantively consolidated these bankruptcy estates into one consolidated estate.

18. On March 30, 2010, the Plan became effective (the "Effective Date").

19. Pursuant to the Plan, as of the Effective Date, the Debtors were dissolved and the Oldco M Distribution Trust was created in order to, *inter alia:* (i) liquidate the Debtors'

4

remaining assets (including any claims and causes of action possessed by the Debtors); (ii) litigate and resolve claims filed against the Debtors' estates; (iii) make distributions to creditors; and (iv) take other actions permitted by Section III.C of the Plan.

20. Pursuant to the Plan, the Distribution Trust was empowered to "pursue Recovery Actions that are transferred to the Distribution Trust to the extent that their pursuit would likely result in a material economic benefit to creditors classified in Class 3 and Class 4 hereunder, as determined by the Oversight Committee, in its sole discretion[.]" Plan, Article III.C.1. "Recovery Actions" are defined in the Plan as "all claims and causes of action held by the Debtors' Estates of any nature, including without limitation claims and causes of action under sections 502(d), 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code, and any other avoidance or similar action under the Bankruptcy Code or similar state law, and the proceeds thereof, whether received by judgment, settlement or otherwise." Id., Article I.A.91.

21. Notwithstanding the Asset Sale and MD Investors' assumption of certain of the Debtors' liabilities and obligations, significant unsecured claims exist against the Debtors' estate.

22. As of the date of this Complaint, the unsecured claims listed on the Debtors' claim register total approximately $353 million.

23. Indeed, as set forth more fully in the Plan and accompanying disclosure statement, the Debtors' general unsecured creditors will not receive full value on account of their claims against the Debtors.

## PARTIES

24. Plaintiff is the Trustee of the Trust established pursuant to the Plan.

25. Defendant is an entity that maintains a place of business in Troy, Michigan.

26. Upon information and belief, Defendant is an automotive supplier and was, at all times material hereto, a vendor to one or more of the Debtors.

## COUNT I
### (Avoidance of Preferential Transfers)

27. The allegations set forth in paragraphs 1 through 26 are realleged and incorporated by reference as if fully set forth herein.

28. Before the Petition Date, the Defendant provided components (the "Goods") to the Debtors, which the Debtors used in connection with their assembly and fabrication of highly engineered metal components for the global light vehicle market.

29. On or within the ninety (90) days prior to the Petition Date, one or more of the Debtors made the Transfers to the Defendant as reflected on Exhibit 1 attached hereto and incorporated herein by reference.

30. Exhibit 1 reflects Plaintiff's current knowledge of the Transfers (made by check, wire transfer or their equivalent) to the Defendant during the Preference Period, and includes the date and amount of each such Transfer. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to the Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all such transfers, whether such transfers are presently reflected on Exhibit 1 or not. Accordingly,

Plaintiff reserves its rights to supplement and/or amend this information as necessary and appropriate.

31. All of the Transfers were made by or on behalf of one or more of the Debtors and came from an account or accounts owned by one or more of the Debtors. Thus, the Transfers constituted a transfer of the Debtors' interest in property.

32. At the time the Transfers were made, the Debtors were insolvent.

33. Each of the Transfers listed on Exhibit 1 was on account of an invoice or invoices for the Goods provided by the Defendant to the Debtors. These invoices are also identified on Exhibit 1.

34. In exchange for the provision of these Goods, the Debtors would owe money to the Defendant on account thereof.

35. Thus, the Transfers reflected on Exhibit 1 were transfers made by the Debtors on account of "antecedent debt" which the Debtors owed to the Defendant in exchange for the Defendant's provision of the Goods prior to the date each Transfer was made.

36. All of the Transfers were made to or for the benefit of the Defendant.

37. In these Bankruptcy Cases, the Debtors' unsecured creditors will not receive payment in full on account of their claims against the Debtors; in fact, according to the disclosure statement, unsecured creditors are expected to receive at most 2.1% of the value of their claims.

38. Thus, the Transfers enabled Defendant to receive more than it would have received if: (a) the Debtors' bankruptcy cases were administered under chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) the Defendant received payment of such debt to the extent provided for by the provisions of the Bankruptcy Code.

39. Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to section 547(b) of the Bankruptcy Code and, as such, they are recoverable from Defendant pursuant to section 550(a) of the Bankruptcy Code.

## COUNT II
### (Recovery of Avoided Transfers)

40. The allegations set forth in paragraphs 1 through 39 are realleged and incorporated by reference as if fully set forth herein.

41. Based upon the foregoing, Plaintiff is entitled to avoid the Transfers pursuant to section 547(b) of the Bankruptcy Code.

42. As set forth on Exhibit 1, the Defendant was the initial transferee of the Transfers and is liable for the return of the Transfers (or the amount thereof).

43. Pursuant to section 550(a) of the Bankruptcy Code, the Plaintiff is entitled to recover from the Defendant the Transfers or the value thereof plus interest thereon to the date of payment as well as costs of this action.

## COUNT III
### (Disallowance of Claims)

44. The allegations set forth in paragraphs 1 through 43 are realleged and incorporated by reference as if fully set forth herein.

45. The Defendant is the recipient of the Transfers, which are avoidable and recoverable under sections 547 and 550 of the Bankruptcy Code.

46. Despite Plaintiff's demands, the Defendant has neither returned the Transfers to Plaintiff nor has the Defendant paid the amount of the Transfers, for which the Defendant is liable pursuant to section 550 of the Bankruptcy Code.

8

47.   On August 14, 2009, the Defendant filed a proof of claim in the total amount of $206,668.80, and on August 26, 2009, the Defendant filed a proof of claim in the total amount of $235,300.93.

48.   Pursuant to section 502(d) of the Bankruptcy Code, any and all Claims of the Defendant must be disallowed unless and until Defendant returns the Transfers to Plaintiff or pays to Plaintiff the amount of the Transfers.

49.   Pursuant to section 502(j) of the Bankruptcy Code, any and all Claims of the Defendant (or any assignee) that have been previously allowed by the Debtors or the Plaintiff must be reconsidered and disallowed unless and until Defendant returns the Transfers to Plaintiff or pays to Plaintiff the amount of the Transfers.

WHEREFORE, Plaintiff respectfully requests entry of judgment on its Complaint as follows:

a)   On Count I, in favor of Plaintiff and against Defendant avoiding the Transfers;

b)   On Count II, in favor of Plaintiff and against the Defendant and directing the Defendant to return to the Plaintiff the amount of the Transfers pursuant to §§ 547(b) and 550(a) of the Bankruptcy Code;

c)   On Count III, in favor of Plaintiff and against Defendant disallowing the Claims unless and until Defendant returns the Transfers to Plaintiff pursuant to section 502(d) of the Bankruptcy Code;

d)   Awarding pre-judgment and post judgment interest at the maximum legal rate from the date of judgment herein until the date the judgment is either paid in full or otherwise satisfied, together with the costs and expenses of this action, including, without limitation, attorneys' fees; and

  e)  Granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
    May 23, 2011

           PRYOR CASHMAN LLP


           By:  /s/ Richard Levy, Jr.
           7 Times Square
           New York, New York  10036-6569
           Richard Levy, Jr.
           Tina N. Moss
           Telephone: (212) 421-4100
           Facsimile: (212) 326-0806
           rlevy@pryorcashman.com
           tmoss@pryorcashman.com

           *Attorneys for Plaintiff, Executive Sounding
           Board Associates Inc., as Trustee for the
           Oldco M Distribution Trust*

# Exhibit 1

Exhibit 1

| Plant Number | Debtor Entity Transferor | Payee Number | Supplier Number | Transferee | Payment Number | Check Date | Invoice Number | Check Amount | Invoice Amount |
|---|---|---|---|---|---|---|---|---|---|
| 00111 | Metaldyne Machining & Assembly Company, Inc. | 178168 | 178168 | Delphi - El Paso, Texas | 90003630 | 5/7/2009 | 0054687709 | $199,134.54 | $1,350.00 |
| 00111 | Metaldyne Machining & Assembly Company, Inc. | 178168 | 178168 | Delphi - El Paso, Texas | 90003630 | 5/7/2009 | 0054701373 | $199,134.54 | $20,736.00 |
| 00111 | Metaldyne Machining & Assembly Company, Inc. | 178168 | 178168 | Delphi - El Paso, Texas | 90003630 | 5/7/2009 | 0054731267 | $199,134.54 | $10,368.00 |
| 00111 | Metaldyne Machining & Assembly Company, Inc. | 178168 | 178168 | Delphi - El Paso, Texas | 90003630 | 5/7/2009 | 0054765035 | $199,134.54 | $10,333.44 |
| 00111 | Metaldyne Machining & Assembly Company, Inc. | 178168 | 178168 | Delphi - El Paso, Texas | 90003630 | 5/7/2009 | 0054820371 | $199,134.54 | $10,333.44 |
| 00111 | Metaldyne Machining & Assembly | 178168 | 178168 | Delphi - El Paso, Texas | 90003630 | 5/7/2009 | 0054862264 | $199,134.54 | $10,333.44 |

DM3\1434198.6

| 00111 | Metaldyne Machining & Assembly Company, Inc. | 178168 | 178168 | Delphi - El Paso, Texas | 90003630 | 5/7/2009 | 0054898446 | $199,134.54 | $20,666.88 |
|---|---|---|---|---|---|---|---|---|---|
| 00111 | Metaldyne Machining & Assembly Company, Inc. | 178168 | 178168 | Delphi - El Paso, Texas | 90003630 | 5/7/2009 | 0054944056 | $199,134.54 | $31,000.32 |
| 00111 | Metaldyne Machining & Assembly Company, Inc. | 178168 | 178168 | Delphi - El Paso, Texas | 90003630 | 5/7/2009 | 0054985041 | $199,134.54 | $20,666.88 |
| 00111 | Metaldyne Machining & Assembly Company, Inc. | 178168 | 178168 | Delphi - El Paso, Texas | 90003630 | 5/7/2009 | 005503899 | $199,134.54 | $1,345.50 |
| 00111 | Metaldyne Machining & Assembly Company, Inc. | 178168 | 178168 | Delphi - El Paso, Texas | 90003630 | 5/7/2009 | 0055064431 | $199,134.54 | $20,666.88 |
| 00111 | Metaldyne Machining & Assembly Company, Inc. | 178168 | 178168 | Delphi - El Paso, Texas | 90003630 | 5/7/2009 | 0055127580 | $199,134.54 | $10,333.44 |
| 00111 | Metaldyne Machining & Assembly | 178168 | 178168 | Delphi - El Paso, Texas | 90003630 | 5/7/2009 | 0055144729 | $199,134.54 | $20,666.88 |

| 00111 | Metaldyne Machining & Assembly Company, Inc. | 178168 | 178168 | Delphi - El Paso, Texas | 90003630 | 5/7/2009 | 0055175147 | $199,134.54 | $10,333.44 |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | Total | | $199,134.54 |