
# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036-6569  Tel: 212-421-4100  Fax: 212-326-0806    www.pryorcashman.com

**Tina N. Moss**
Partner

Direct Tel: 212-326-0421
Direct Fax: 212-798-6355
tmoss@pryorcashman.com

September 13, 2011

**VIA ELECTRONIC MAIL AND CM/ECF**

Honorable Robert D. Drain, U.S.B.J.
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4140

    Re:    In re: DPH Holdings Corp., et al.
             Case No. 05-44481 (RDD)

Dear Judge Drain:

        This firm represents Executive Sounding Board Associates Inc. ("ESBA"), in its capacity as trustee (the "Trustee") of the Oldco M Distribution Trust ("Trust") established under the confirmed chapter 11 plan for Oldco M Corporation, formerly known as Metaldyne Corporation ("Metaldyne") [Bankr. S.D.N.Y. Case No. 09-13412 (MG) (Jointly Administered)]. We are writing with respect to the motion filed on August 31, 2011 by DPH Holdings Corp. and certain of its affiliated reorganized debtors ("Delphi" or the "Reorganized Debtors") in the above-captioned cases (the "Delphi Bankruptcy") for an Order (I) Enforcing Modification Procedures Order And Plan Modification Order Injunctions Against Trustee For The Oldco M Distribution Trust, And (II) Directing Trustee To Dismiss Action To Recover Discharged Claim (the "Enforcement Motion") [Dkt No. 21556].

        By this letter, for the reasons that follow, the Trustee respectfully requests that this Court extend the Enforcement Motion's September 15, 2011 objection deadline (the "Objection Deadline") and continue the September 22, 2011 hearing date (the "Hearing Date") to the next available omnibus hearing date in the Delphi Bankruptcy. This is the Trustee's first request for a continuance of the Hearing Date and for an extension of the Objection Deadline. We are constrained to seek relief from the Court insofar as our request to Delphi's counsel for the courtesy of this extension has been unsuccessful.

**The Metaldyne Chapter 11 Cases**

        On May 27, 2009 (the "Metaldyne Petition Date"), Oldco M Corporation (f/k/a Metaldyne Corporation) and 30 of its domestic direct and indirect subsidiaries, as debtors and

# PRYOR CASHMAN LLP

September 13, 2011
Page 2

debtors in possession ("Metaldyne" or the "Metaldyne Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). On February 23, 2010, the Bankruptcy Court entered an Order (the "Confirmation Order") confirming the Second Amended Joint Plan of Liquidation of Debtors and Debtors in Possession (the "Plan") and substantively consolidating the Debtors' bankruptcy cases (the "Metaldyne Bankruptcy") [Metaldyne Bankruptcy Dkt. No. 1384]. The Plan provided for the establishment of the Trust for the benefit of the Metaldyne Debtors' unsecured creditors, and ESBA was named as trustee under the Trust. The Plan provided for the transfer to the Trust of all claims and causes of action held by the Metaldyne Debtors' estates, including claims and causes of action under sections 502(d), 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code.

By letter dated March 17, 2011, the Trustee made demand upon Delphi[1] for the return of allegedly preferential transfers made by Metaldyne to Delphi in the aggregate amount of $199,134.54 during the 90 days prior to the Metaldyne Petition Date (the "Transfers"). The Trustee did not receive a response to its demand letter. On May 23, 2011, the Trustee filed a Complaint to (I) Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550; and (II) Disallow Claims Pursuant to 11 U.S.C. § 502(d), seeking the return of the Transfers, thereby commencing Adversary Proceeding 11-02158 (MG) (the "Adversary Proceeding") in the Metaldyne Bankruptcy. On June 23, 2011 and July 14, 2011, the Trustee agreed to extend Delphi's time to answer, move or otherwise respond to the Complaint in the Adversary Proceeding. On August 22, 2011, Delphi filed an Answer to the Complaint. Subsequent to the Trustee's initiation of the Adversary Proceeding, counsel for the Reorganized Debtors and counsel for the Trustee engaged in discussions concerning a potential resolution of the Adversary Proceeding, but no resolution has yet been reached.

**The Enforcement Motion**

The Enforcement Motion raises complex substantive issues regarding the respective rights of the Metaldyne and Delphi debtors under the Bankruptcy Code which the Trustee in consultation with its counsel must carefully review and consider. The Trustee is engaged in the prosecution of at least one other adversary proceeding against a defendant who is itself a debtor. Therefore, this Court's resolution of the Enforcement Motion may impact upon such other proceedings. Further, Delphi has filed certain proofs of claim in the Metaldyne Bankruptcy that raise additional issues which the Trustee is in the process of researching and considering in connection with the Enforcement Motion and any potential resolution thereof. Additionally, all of these efforts require coordination among the various law firms representing the Trustee as general bankruptcy counsel and special litigation counsel.

---

[1] The demand was specifically addressed to Delphi Dearborn CSC.

**PRYOR CASHMAN LLP**

September 13, 2011
Page 3

      Under the circumstances, the Trustee, through counsel, requested that the Reorganized Debtors agree to a consensual adjournment of the Hearing Date and an extension of the Objection Deadline. Adjournment of the Enforcement Motion, like the extensions granted the Reorganized Debtors in the Adversary Proceeding, would save time and expense for both the Metaldyne and Delphi estates, and would aid the Trustee in the fulfillment of its fiduciary obligations to the Metaldyne estate. To that end, Trustee's counsel has indicated the Trustee's willingness to consent to a stay of the Adversary Proceeding pending resolution of the Enforcement Motion. The Reorganized Debtors declined to consensually adjourn the Hearing Date or extend the Objection Deadline.

      The Trustee respectfully submits that its request for an adjournment of the Hearing Date and the Objection Deadline is warranted under the circumstances and will not prejudice the Reorganized Debtors.

      Accordingly, the Trustee requests that this Court adjourn the Hearing Date to the next available omnibus hearing date in the Delphi Bankruptcy and extend the Objection Deadline accordingly to allow the Trustee to further evaluate its claims in the Adversary Proceeding, as well as those issues raised in the Enforcement Motion.

      The Trustee appreciates Your Honor's consideration of this request.

                                          Respectfully submitted,

                                          Tina N. Moss

cc:    Thomas Radom, Esq. (via electronic mail)
        Robert D. Katz, Managing Director,
         Executive Sounding Board Associates. Inc.
        (via electronic mail)