# EXHIBIT 22

# EXHIBIT 22

## PBR Columbia (n/k/a Bosch Chassis System), Adv. Pro. No. 07-02572-rdd

PBR Columbia, LLC n/k/a Bosch Chassis Systems Columbia LLC's ("PBR/Bosch")

counsel, David G. Dragich, was served via overnight mail with the Proposed Forty-Eighth

Omnibus Hearing Agenda (Docket No. 18991), which specifically identified the Debtors' Final

Extension Motion as Agenda item C(1).  *Ex. 6, October 26, 2009 Affidavit of Service—Ex. A,*

*Special Parties, p. 1 of 3 (Docket No. 19015)*; *Ex. 5, October 21, 2009 Proposed Forty-Eighth*

*Omnibus Hearing Agenda (Docket No. 18991).*   Mr. Dragich was also served with (a) the

Preservation of Estate Claims Procedures Motion (Docket No. 8905), *Ex. 11, August 10, 2007*

*Affidavit of Service—Ex. B, 2002 List, p. 5 of 20 (Docket No. 9039);* (b) the August 16, 2007

Preservation of Estate Claims Procedures Order (Docket No. 9105), which, among other things,

(i) authorized the Debtors to file complaints in the adversary proceedings pertaining to avoidance

actions under seal, (ii) stayed each adversary proceeding unless and until the Debtors made

service of process on the respective defendants, and (iii) extended to March 31, 2008 the

deadline under Federal Rule of Civil Procedure 4(m) by which the Debtors would have to serve

process, so that the complaints would not be subject to dismissal under Federal Rule of Civil

Procedure 4(m), *Ex. 12, August 23, 2007 Affidavit of Service–Ex. B, 2002 List, p. 5 of 20 (Docket*

*No. 9141)*; (c) the subsequently filed First Extension Motion (Docket No. 12922), *Ex. 13, March*

*4, 2008 Affidavit of Service—Ex. B, 2002 List, p. 6 of 21 (Docket No. 12970)*; (d) the First

Extension Order (Docket No. 13277), *Ex. 14, April 1, 2008 Affidavit of Service—Ex. A, 2002*

*List, p. 6 of 21 (Docket No. 13315)*; (e) the Second Extension Motion (Docket No. 13361), *Ex.*

*15, April 16, 2008 Affidavit of Service—Ex. B, 2002 List, p. 6 of 21 (Docket No. 13415);* (f) the

Second Extension Order (Docket No. 13484), *Ex. 16, May 6, 2008 Affidavit of Service—Ex. A,*

*2002 List, p. 5 of 20 (Docket No. 13540);* and (g) the Final Extension Motion (Docket No.

18952), *Ex. 4, October 7, 2009 Affidavit of Service—Ex. B, 2002 List, p. 8 of 22 (Docket No.

18967).*[1]

      In addition, Gordon Toering, counsel to Robert Bosch Corporation ("Robert Bosch") and

current counsel for PBR/Bosch was served with a copy of the Final Extension Motion.  *See Ex.

4, October 7, 2009 Affidavit of Service—Ex. B, 2002 List, p. 21 of 22 (Docket No. 18967)*.  Upon

information and belief, PBR/Bosch is now a division, affiliate, or subsidiary of Robert Bosch.

Moreover, while not necessary representing PBR/Bosch at the time of these filings, Gordon

Toering, as counsel for Robert Bosch, was also served with (a) the Preservation of Estate Claims

Procedures Motion (Docket No. 8905), *Ex. 11, August 10, 2007 Affidavit of Service—Ex. B, 2002

List, p. 19 of 20 (Docket No. 9039);* (b) the August 16, 2007 Preservation of Estate Claims

Procedures Order (Docket No. 9105), which, as noted above, (i) authorized the Debtors to file

complaints in the adversary proceedings pertaining to avoidance actions under seal, (ii) stayed

each adversary proceeding unless and until the Debtors made service of process on the respective

defendants, and (iii) extended to March 31, 2008 the deadline under Federal Rule of Civil

Procedure 4(m) by which the Debtors would have to serve process, so that the complaints would

not be subject to dismissal under Federal Rule of Civil Procedure 4(m), *Ex. 12, August 23, 2007

Affidavit of Service–Ex. B, 2002 List, p. 19 of 20 (Docket No. 9141)*; (c) the subsequently filed

---

[1] While Mr. Dragich admittedly was not served with these Motions and Orders referenced in
subparagraphs in (a) through (f) in his capacity as counsel for PBR/Bosch, PBR/Bosch's other
filings on the docket confirm that Mr. Dragich began representing PBR/Bosch at least as early as
*June 14, 2007.  See Ex. 22(a), June 14, 2007 Response of PBR Columbia LLC to Debtors'
Fifteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P.
3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors'
Books and Records, (C) Untimely Claims and Untimely Tax Claim, and (D) Claims Subject to
Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation
(Docket No. 8239).*

First Extension Motion (Docket No. 12922), *Ex. 13, March 4, 2008 Affidavit of Service—Ex. B, 2002 List, p. 21 of 21 (Docket No. 12970)*; (d) the First Extension Order (Docket No. 13277), *Ex. 14, April 1, 2008 Affidavit of Service—Ex. A, 2002 List, p. 21 of 21 (Docket No. 13315)*; (d) the Second Extension Motion (Docket No. 13361), *Ex. 15, April 16, 2008 Affidavit of Service—Ex. B, 2002 List, p. 21 of 21 (Docket No. 13415);* and (e) Second Extension Order (Docket No. 13484), *Ex. 16, May 6, 2008 Affidavit of Service—Ex. A, 2002 List, p. 19 of 20 (Docket No. 13540).*

PBR/Bosch filed two declarations, the first in November 19, 2010 and the second on July 12, 2011, *neither of which declares that PBR/Bosch did not receive notice of the Final Extension Motion.  See Exs. 22(b), November 19, 2010 Declaration of David L. Foster, and 22(c), July 12, 2011 Declaration of David Wheeler.*  In the November 2010 declaration, David L. Foster, Manager of PBR/Bosch, declared that "although Defendant's counsel at the time *may have received notice* that Delphi was seeking to file preference complaints under seal and extend time for service of the complaint past the running of the statute of limitations, *Defendant had no knowledge that it was one of the named* defendants…."  *Ex. 22(b), November 19, 2010 Declaration of David L. Foster ¶ 9 (emphasis added).*  In the second declaration, filed on July 12, 2011, David Wheeler, prior General Manager of PBR/Bosch stated that "[t]o the best of my knowledge, Defendant was never served with either the [Final] Extension Motion or the [Final] Extension Order."  *Ex. 22(c), July 12, 2011 Declaration of David Wheeler ¶ 4.*  Mr. Wheeler, however, does not state whether Defendant's counsel was served.  Because of the seemingly contradictory statements in the two declarations, there is an obvious factual question as to whether PBR/Bosch had notice of the Final Extension Motion.

Moreover, PBR/Bosch received relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. PBR/Bosch, through Mr. Wheeler, was served with the First Amended Plan Disclosure Statement, filed in December 2007. *See Ex. 7, January 11, 2008 Affidavit of Service–Ex. JJ (Docket No. 11974)*. On December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153*.

Upon information and belief, PBR/Bosch is a related entity to Robert Bosch and PBR Automotive USA Pacific, which were among the Debtors' 50 largest unsecured creditors, along with HSS, Victory Packaging, Philips Semiconductors, Applied Bio Systems, Methode and Timken. Sophisticated creditors like PBR/Bosch typically are well aware of prospects and risks of preference litigation and it seems unlikely that creditors like PBR/Bosch could be surprised or caught off guard when such preference complaints are finally filed.[2] *See In re TWA Inc. Post*

---

[2] Curiously, PBR/Bosch tries to claim exactly such surprise in the Declaration of David L. Foster on the grounds that on December 31, 2009, PBR/Bosch allegedly sold substantially all of its assets to ABMA, LLC, a wholly-owned subsidiary of Akebono Corporation (North America). *Ex. 22(b), November 19, 2010 Declaration of David L. Foster ¶¶ 1 and 5.* However, Akebono Corporation, the parent of the purchaser of PBR/Bosch's asset purchaser, is on the various service lists for the Extension Motions and Extension Orders just as with PBR/Bosch's own counsel. Specifically, Akebono was served with (a) the Preservation of Estate Claims Procedures Motion (Docket No. 8905), *Ex. 11, August 10, 2007 Affidavit of Service—Ex. C, 2002 List, p. 2 of 3 (Docket No. 9039);* (b) the August 16, 2007 Preservation of Estate Claims

*Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases

sophisticated creditors typically are well aware of prospects and risks of preference litigation. …

Thus, it seems unlikely that creditors could be surprised or caught off guard when such

preference complaints are finally filed.").

---

Procedures Order (Docket No. 9105), which, as set forth above, (i) authorized the Debtors to file complaints in the adversary proceedings pertaining to avoidance actions under seal, (ii) stayed each adversary proceeding unless and until the Debtors made service of process on the respective defendants, and (iii) extended to March 31, 2008 the deadline under Federal Rule of Civil Procedure 4(m) by which the Debtors would have to serve process, so that the complaints would not be subject to dismissal under Federal Rule of Civil Procedure 4(m), *Ex. 12, August 23, 2007 Affidavit of Service–Ex. C, 2002 List, pp. 1 and 2 of 3 (Docket No. 9141)*; (c) the subsequently filed First Extension Motion (Docket No. 12922), *Ex. 13, March 4, 2008 Affidavit of Service— Ex. C, 2002 List, pp. 1 and 3 of 4 (Docket No. 12970)*; (d) the First Extension Order (Docket No. 13277), *Ex. 14, April 1, 2008 Affidavit of Service—Ex. B, 2002 List, p. 2 of 3 (Docket No. 13315); id. at Ex. C, 2002 List, p. 1 of 2*; (d) the Second Extension Motion (Docket No. 13361), *Ex. 15, April 16, 2008 Affidavit of Service—Ex. C, 2002 List, pp. 1 and 3 of 4 (Docket No. 13415);* (e) Second Extension Order (Docket No. 13484), *Ex. 16, May 6, 2008 Affidavit of Service—Ex. B, 2002 List, pp. 3 and 4 of 5 (Docket No. 13540);* and (f) the Final Extension Motion (Docket No. 18952), *Ex.4, October 7, 2009 Affidavit of Service—Ex. B, 2002 List, p. 1 of 22 (Docket No. 18967); id. at Ex. C, 2002 List, p. 1 of 3*.

# EXHIBIT A

**FOLEY & LARDNER LLP**
Lori V. Vaughan
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-2329

David G. Dragich (Michigan Bar No. 63234)
500 Woodward Ave., Suite 2700
Detroit, MI 48226
Telephone: (313) 234-7100
Facsimile: (313) 234-2800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                                           )
In re:                                                     )
                                                           )      Chapter 11
DELPHI CORPORATION, et al.,                                )      Case No. 05-44481 (RDD)
                                                           )      Jointly Administered
                    Debtors.                               )
-----------------------------------------------------------x

### RESPONSE OF PBR COLUMBIA LLC TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(B) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY CLAIMS AND UNTIMELY TAX CLAIM, AND (D) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, AND MODIFIED CLAIMS ASSERTING RECLAMATION

PBR Columbia LLC ("PBR Columbia"), by its attorneys Foley & Lardner LLP, hereby

submits this Response (the "Response") to the Debtors' Fifteenth Omnibus Objection

(Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A)

Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records,

(C) Untimely Claims and Untimely Tax Claim, and (D) Claims Subject to Modification, Tax

Claims Subject to Modification, and Modified Claims (the "Fifteenth Omnibus Claims

Objection"). In support of its Response, PBR Columbia respectfully represents as follows:



1.    The Fifteenth Omnibus Claims Objection addresses Claim Number 6610 filed by PBR Columbia (the "Claim"). The Claim was filed against Delphi Automotive Systems LLC, case number 05-44640. The Claim asserts an unsecured claim against the Debtors in the amount of $447,670.98 and a secured claim in the amount of $1,508.953.50. A substantially similar claim for the same amounts was filed against Delphi Corporation, case number 05-44481. Two claims were filed out of an abundance of caution because PBR Columbia was uncertain against which Debtor the claims are properly asserted.

2.    The Debtors' Fifteenth Omnibus Claims Objection seeks to disallow and expunge the Claim because the Debtors contend that they do not owe the amounts set forth in the Claim for one or more of the following purported reasons: (a) the Debtors' books and records do not reflect the existence of the Claim or of the claimant asserting such Claim, (b) the Debtors' books and records reflect that the Claim has been paid pursuant to a prior order of this Court, (c) the Debtors' books and records reflect that the asserted Claim was properly paid prior to the commencement of the Debtors' cases, and (d) the Claim constitutes a postpetition liability that has been paid by the Debtors in the ordinary course of the Debtors' businesses.

3.    Section 502(a) of the Bankruptcy Code and Bankruptcy Rule 3001(f) provide that a properly filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim, unless a party objects. The party objecting to the claim has the burden of going forward and of introducing evidence sufficient to rebut the presumption of validity. In re Wells, 51 B.R. 563 (D. Colo. 1985); Matter of Unimet Corp., 74 B.R. 156 (Bankr. N.D. Ohio 1987). The Debtors have set forth no such evidence. Other than generic and vague representations, the Debtors offer neither evidence nor specific bases to object to the Claim. The Debtors fail to provide any supporting materials to support the Fifteenth Omnibus Claims Objection.

2

DETR_199437.1

4.    PBR Columbia, on the other hand, reiterates its position that the Claim is due and

owing by the Debtors in the amounts set forth in the Claim.  The documents supporting the

Claim were annexed as exhibits previously filed and submitted.  For ease of reference, PBR

Columbia re-attaches hereto as **Exhibit A**, the Claim, with supporting documents, along with the

claim filed against Delphi Corporation.  Consistent with the Court's prior orders, PBR Columbia

will continue to work with the Debtors in an effort to resolve the Claim.

WHEREFORE, PBR Columbia respectfully requests that the Court enter an order

denying the Debtors' Fifteenth Omnibus Claims Objection with respect to its claim and award

such other and further relief as may be just and proper.


Respectfully submitted,

**FOLEY & LARDNER LLP**

/s/ Lori V. Vaughan
Lori V. Vaughan
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-2329

David G. Dragich (Michigan Bar. No. 63234)
500 Woodward Ave., Suite 2700
Detroit, MI 48226
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
Attorneys for PBR Columbia LLC

Dated: June 14, 2007

DETR_199437.1

3

FORM B10 (Official Form 10) (10/05)    <u>AMENDED</u>    COPY

| UNITED STATES BANKRUPTCY COURT   Southern | DISTRICT OF   New York | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: Delphi Automotive Systems LLC | Case Number 05-44640 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): PBR Columbia LLC | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent: PBR Columbia LLC Attn: David Wheeler 201 Metropolitan Dr. West Columbia, SC  29170 Telephone number: (803) 822-2006 | ☐ Check box if you have never received any notices from the bankruptcy court in this case. ☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Last four digits of account or other number by which creditor identifies debtor: | Check here ☐ replaces If this claim ☒ amends a previously filed claim, dated: 4/6/06 | |

| 1.    Basis for Claim ☒ Goods sold ☐ Services performed ☐ Money loaned ☐ Personal injury/wrongful death ☐ Taxes ☐ Other _____ | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) ☐ Wages, salaries, and compensation (fill out below) Last four digits of your SS #: _____ Unpaid compensation for services performed from _____ to _____ (date)        (date) |
|---|---|

| 2.    Date debt was incurred: Date goods shipped. | 3.    If court judgment, date obtained: |
|---|---|

4. Classification of Claim. Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

Unsecured Nonpriority Claim $ 447,071.08

☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**

☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $_____

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim**

☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other setoff

Value of Collateral: $ 1,508,953.50 setoff amount

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| 5.    Total Amount of Claim at Time Case Filed: | $447,670.98 (unsecured) | 1,508,953.50 (secured) | 0 (priority) | $1,956,624.48 (Total) |
|---|---|---|---|---|

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 6.    Credits:  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| 7.    Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. | |
| 8.    Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | |

| Date 5/16/06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): [signature] David Wheeler General Manager | CLAIMS PROCESSING CENTER USDC, SDNY        1 |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## APPENDIX TO PBR COLUMBIA LLC PROOF OF CLAIM

PBR Columbia LLC ("PBR Columbia") holds pre-petition claims against Delphi Automotive Systems LLC ("Delphi Automotive" or the "Debtor")[1] as set forth in the attached Proof of Claim (the "Claim").

Upon information and belief, documents supporting the Claim are in the possession of Delphi Automotive. The numerous invoices, purchase orders, contracts and other supporting documents are too voluminous to attach to the Claim. However, PBR Columbia has attached hereto a summary of its Claim, including a breakdown of its setoff claim, which has already been submitted to Delphi Automotive.

PBR Columbia is a party to various pre-petition agreements and arrangements with Delphi Automotive, pursuant to which PBR Columbia could be deemed to hold a prepetition claim on account of claims that are not currently liquidated, or which remain contingent. A summary of all potential unliquidated contingent claims would be unduly burdensome, if not impossible. PBR Columbia reserves all of its rights with respect to claims under its agreements or arrangements with Delphi Automotive or any of the Debtors.

PBR Columbia further reserves its rights to amend, modify or supplement this proof of claim at any time, including, without limitation, to assert claims on account of: (i) other obligations arising under agreements or arrangements or otherwise that may be deemed to be prepetition in nature; (ii) indemnification, setoff, recoupment or other rights; (iii) any consequential or other contractual damages; and (iv) any other causes of action sounding in contract, tort or otherwise, under statute or other applicable law, including counterclaims, relating to PBR Columbia's agreements, arrangements and dealings with Delphi Automotive. PBR Columbia further reserves the right to assert any administrative claims against the Debtor arising under agreements, arrangements or otherwise, including without limitation any right to assert that some or all of the amounts due are not prepetition claims.

---

[1] The contracts, purchase orders and other documents that form the basis for the claims are between PBR Columbia and Delphi Energy & Chassis Systems. While Delphi Automotive's Schedule F lists PBR Columbia as a creditor and its Schedule G lists executory contracts with PBR Columbia, PBR Columbia is uncertain if Delphi Energy & Chassis Systems is a division of Delphi Automotive or Delphi Corporation. Therefore, out of an abundance of caution, PBR Columbia is filing identical claims in both cases.

DETR_117759.2

**Appendix - Summary**

| | | |
|---|---|---|
| No Payments – Current Balance | $ | 1,319,065.56 |
| Missing Reciepts | $ | 30,168.84 |
| Quadsteer Non-payments | $ | 222,279.77 |
| Pricing Issues | $ | 97,806.81 |
| Quadsteer obsolescence claim | $ | 287,303.50 |
| | $ | 1,956,624.48 |

**Appendix - Summary of Setoff Claim**

| Delphi Invoice # | Invoice Date | Amount | Part Numbers |
|---|---|---|---|
| 86719034 | 8/10/2005 | $ 10,504.00 | B140/1-002 |
| 86735082 | 8/11/2005 | $ 33,634.92 | B140/1-002 |
| 86737397 | 8/12/2005 | $ 17,854.08 | K389-001/2/3/4 |
| 86864990 | 9/1/2005 | $ 83,340.00 | B140/1-002/1 |
| 86866521 | 9/2/2005 | $ 17,854.08 | K389-001/2/3/4 |
| 86885778 | 9/5/2005 | $ 67,933.44 | B140/1-001 |
| 86905469 | 9/8/2005 | $ 118,428.80 | B140/1-002/1 |
| 86907601 | 9/9/2005 | $ 17,854.08 | K389-001/2/3/4 |
| 86906853 | 9/12/2005 | $ 63,687.60 | B140/1-001 |
| 90098084 | 9/14/2005 | $ (495.35) | B141-001 |
| 86949463 | 9/15/2005 | $ 149,150.52 | B140/1-002/1 |
| 86985130 | 9/21/2005 | $ 123,129.36 | B140/1-001 |
| 86996579 | 9/23/2005 | $ 11,296.32 | K389-001/2/3/4 |
| 90170748 | 9/26/2005 | $ (8,728.80) | B140-002 |
| 87036829 | | $ 112,621.92 | *Invoice Missing* |
| 87040769 | | $ 2,122.92 | *Invoice Missing* |
| 87041911 | 9/30/2005 | $ 11,296.32 | K389-001/2/3/4 |
| 87086505 | 10/6/2005 | $ 126,278.08 | B140/1-002/1 |
| 87089350 | 10/7/2005 | $ 11,112.96 | K389-001/2/3/4 |
| | | $ 966,873.25 | |

| INVOICE | PO# | | Amt |
|---|---|---|---|
| 1043 | 90l4461 | | 2,509.08 |
| 8262 | 0050085788 | | 19,308.00 |
| 8473 | 0050085788 | | 68,068.80 |
| 8342 | 0550056755 | | 393.12 |
| 8479 | 055004296/0550055838 | | 83.52 |
| 8481 | 0550056755 | | 393.12 |
| 8488 | 0550037213/0550056755 | | 407.16 |
| 8497 | 0550004296/0550055838 | | 83.52 |
| 8499 | 0550056755 | | 392.12 |
| 8510 | 0550004296/05500055080 | | 83.52 |
| 8820 | 0550085788 | | 2,536.20 |
| 8818 | 0550085788 | | 2,536.20 |
| 8825 | 0550085788 | | 15,446.40 |
| 8948 | 0550074875 | | 61,785.60 |
| 8926 | 0550085788 | | 61,785.60 |
| 8884 | 0550085788 | | 7,723.20 |
| 8991 | 0550074875 | | 44,408.40 |
| 9048 | 0550074875 | | 57,924.00 |
| 1015380 | not our invoice | | 93,772.52 |
| 5884 | 0550038469 | | 17,764.92 |
| 8738 | 0550037213/055005877 | | 282.88 |
| 8772 | 0550004296/0550069751 | | 63.36 |
| 8774 | 0550057213/0550056755 | | 292.32 |
| 8782 | 0550004296 | | 73.65 |
| 8783 | 0550037213/0550056755 | | 292.32 |
| 8795 | 0550037213/0550056755 | | 292.32 |
| 8814 | 0550037213/0550056755 | | 292.32 |
| 8829 | 0550037213/0550056755 | | 292.32 |
| 9371 | 0550069749/0551069750/0550069751 | | 25,638.12 |
| 10351 | 0550067949/0550069750/0550069751 | Bosch invoice | 40,291.80 |
| 8388 | 0550056755 | | 393.12 |
| 8725 | 0550037213/0550056755 | | 292.32 |
| 8851 | 0550003713/0550056755 | | 292.32 |
| 9095 | 0550037213 | | 152.64 |
| 8489 | 0550069113 | | 15,733.44 |
| | | | 542,080.25 |

FORM B10 (Official Form 10) (10/05)                **AMENDED**

| UNITED STATES BANKRUPTCY COURT   Southern   DISTRICT OF   New York | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor<br>Delphi Corporation | Case Number<br>05-44481 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

PBR Columbia LLC

Name and address where notices should be sent:
PBR Columbia LLC
Attn: David Wheeler
201 Metropolitan Dr.
West Columbia, SC  29170
Telephone number: (803) 822-2006

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Last four digits of account or other number by which creditor identifies debtor:

Check here  ☐ replaces
if this claim  ☒ amends   a previously filed claim, dated: 4/6/06

**1. Basis for Claim**
☒ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
   Last four digits of your SS #: _____
   Unpaid compensation for services performed
   from _____ to _____
        (date)              (date)

**2. Date debt was incurred:**
Date goods shipped.

**3.  If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed.
*See reverse side for important explanations.*

Unsecured Nonpriority Claim $ 447,071.08

☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

Unsecured Priority Claim

☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $ _____

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

Secured Claim

☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other setoff

Value of Collateral: $ 1,508,953.50 setoff amount

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:**

| $447,670.98 | 1,508,953.50 | 0 | $1,956,624.48 |
|---|---|---|---|
| (unsecured) | (secured) | (priority) | (Total) |

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** *Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.* DO NOT SEND ORIGINAL DOCUMENTS. *If the documents are not available, explain. If the documents are voluminous, attach a summary.*

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

MAY 2 3 2006

CLAIMS PROCE...
USDC S...

| Date<br>5/16/06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>_[signature]_     David Wheeler<br>                    General Manager |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

## APPENDIX TO PBR COLUMBIA LLC PROOF OF CLAIM

PBR Columbia LLC ("PBR Columbia") holds pre-petition claims against Delphi Corporation ("Delphi Corporation" or the "Debtor")[1] as set forth in the attached Proof of Claim (the "Claim").

Upon information and belief, documents supporting the Claim are in the possession of Delphi Corporation. The numerous invoices, purchase orders, contracts, and other supporting documents are too voluminous to attach to the Claim. However, PBR Columbia has attached hereto a summary of its Claim, including a breakdown of its setoff claim, which has already been submitted to Delphi Corporation.

PBR Columbia is a party to various pre-petition agreements and arrangements with Delphi Corporation, pursuant to which PBR Columbia could be deemed to hold a prepetition claim on account of claims that are not currently liquidated, or which remain contingent. A summary of all potential unliquidated contingent claims would be unduly burdensome, if not impossible. PBR Columbia reserves all of its rights with respect to claims under its agreements or arrangements with Delphi Corporation or any of the Debtors.

PBR Columbia further reserves its rights to amend, modify or supplement this proof of claim at any time, including, without limitation, to assert claims on account of: (i) other obligations arising under agreements or arrangements or otherwise that may be deemed to be prepetition in nature; (ii) indemnification, setoff, recoupment or other rights; (iii) any consequential or other contractual damages; and (iv) any other causes of action sounding in contract, tort or otherwise, under statute or other applicable law, including counterclaims, relating to PBR Columbia's agreements, arrangements and dealings with Delphi Corporation. PBR Columbia further reserves the right to assert any administrative claims against the Debtor arising under agreements, arrangements or otherwise, including without limitation any right to assert that some or all of the amounts due are not prepetition claims.

---

[1] The contracts, purchase orders and other documents that form the basis for the claims are between PBR Columbia and Delphi Energy & Chassis Systems. While Delphi Corporation's Schedule F lists PBR Columbia as a creditor and its Schedule G lists executory contracts with PBR Columbia, PBR Columbia is uncertain if Delphi Energy & Chassis Systems is a division of Delphi Automotive or Delphi Corporation. Therefore, out of an abundance of caution, PBR Columbia is filing identical claims in both cases.

**Appendix - Summary**

| | | |
|---|---|---:|
| No Payments - Current Balance | $ | 1,319,065.56 |
| Missing Reciepts | $ | 30,168.84 |
| Quadsteer Non-payments | $ | 222,279.77 |
| Pricing Issues | $ | 97,806.61 |
| Quadsteer obsolescence claim | $ | 287,303.50 |
| | $ | 1,956,624.48 |

**Appendix - Summary of Setoff Claim**

| Delphi Invoice # | Invoice Date | Amount | Part Numbers |
|---|---|---|---|
| 86719034 | 8/10/2005 | $ 10,504.00 | B140/1-002 |
| 86735062 | 8/11/2005 | $ 33,634.92 | B140/1-002 |
| 86737397 | 8/12/2005 | $ 17,854.08 | K389-001/2/3/4 |
| 86864990 | 9/1/2005 | $ 83,340.00 | B140/1-002/1 |
| 86868521 | 9/2/2005 | $ 17,854.08 | K389-001/2/3/4 |
| 86885778 | 9/5/2005 | $ 67,933.44 | B140/1-001 |
| 86905469 | 9/8/2005 | $ 116,428.80 | B140/1-002/1 |
| 86907801 | 9/9/2005 | $ 17,854.08 | K389-001/2/3/4 |
| 86908853 | 9/12/2005 | $ 63,687.60 | B140/1-001 |
| 90098084 | 9/14/2005 | $ (495.35) | B141-001 |
| 86949463 | 9/15/2005 | $ 149,150.52 | B140/1-002/1 |
| 86965130 | 9/21/2005 | $ 123,129.36 | B140/1-001 |
| 86996579 | 9/23/2005 | $ 11,296.32 | K389-001/2/3/4 |
| 90170746 | 9/26/2005 | $ (8,726.80) | B140-002 |
| 87038629 | | $ 112,621.92 | Invoice Missing |
| 87040769 | | $ 2,122.92 | Invoice Missing |
| 87041911 | 9/30/2005 | $ 11,296.32 | K389-001/2/3/4 |
| 87086505 | 10/6/2005 | $ 126,276.08 | B140/1-002/1 |
| 87089350 | 10/7/2005 | $ 11,112.96 | K389-001/2/3/4 |
| | | $ 966,873.25 | |

*Additional setoff amount on following page.*

| INVOICE | PO# | | Amt |
|---|---|---|---|
| 1043 | 9014461 | | 2,509.08 |
| 8262 | 0050065788 | | 19,308.00 |
| 8473 | 0050085788 | | 68,068.80 |
| 8342 | 0550056755 | | 393.12 |
| 8479 | 055004296/0550055838 | | 83.52 |
| 8481 | 0550056755 | | 393.12 |
| 8486 | 0550037213/0550056755 | | 407.16 |
| 8497 | 0550004296/0550055838 | | 83.52 |
| 8499 | 0550056755 | | 392.12 |
| 8510 | 0550004296/05500055080 | | 83.52 |
| 8820 | 0550065788 | | 2,536.20 |
| 8818 | 0550065788 | | 2,536.20 |
| 8825 | 0550065788 | | 15,446.40 |
| 8948 | 0550074875 | | 61,785.60 |
| 8926 | 0550065788 | | 61,785.60 |
| 8884 | 0550065788 | | 7,723.20 |
| 8991 | 0550074875 | | 44,408.40 |
| 9048 | 0550074875 | | 57,924.00 |
| 1015380 | not our Invoice | | 93,772.52 |
| 5884 | 0550038469 | | 17,764.92 |
| 8738 | 0550037213/055006877 | | 282.88 |
| 8772 | 0550004296/0550069751 | | 63.36 |
| 8774 | 0550057213/0550056755 | | 292.32 |
| 8782 | 0550004296 | | 73.65 |
| 8783 | 0550037213/0550056755 | | 292.32 |
| 8795 | 0550037213/0550056755 | | 292.32 |
| 8814 | 0550037213/0550056755 | | 292.32 |
| 8829 | 0550037213/0550056755 | | 292.32 |
| 9371 | 0550069749/0551069750/0550069751 | | 25,638.12 |
| 10351 | 0550087949/0550089750/0550069751 | Bosch Invoice | 40,291.80 |
| 8366 | 0550056755 | | 393.12 |
| 8725 | 0550037213/0550056755 | | 292.32 |
| 8851 | 055003713/0550056755 | | 292.32 |
| 9095 | 0550037213 | | 152.64 |
| 8489 | 0550069113 | | 15,733.44 |
| | | | 542,080.25 |

*Total setoff Amount $1,508,9250*

# EXHIBIT B

Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI. 49503-2487
(616) 752-2000 phone
(616) 222-2500 fax
gtoering@wnj.com
moneal@wnj.com

Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)
Michael B. O'Neal (MO-9511)
(Admitted *Pro Hac Vice*)
Attorneys for Bosch Chassis Systems Columbia L.L.C.
f/k/a PBR Columbia L.L.C.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In re                                    :    Chapter 11

DELPHI CORPORATION, et al.,              :    Case No. 05-44481 (RDD)

                                         :    (Jointly Administered)

            Debtors.                     :

------------------------------------------------------------X

DELPHI CORPORATION, et al.               :

            Plaintiff,                   :

                                         :
v.                                            Adv. Proc. No. 07-02572-rdd

                                         :
PBR COLUMBIA LLC,                        :

            Defendant.                   :

------------------------------------------------------------X

**DECLARATION OF DAVID L. FOSTER IN SUPPORT OF BOSCH CHASSIS
SYSTEM COLUMBIA L.L.C.'S MEMORANDUM OF LAW IN OPPOSITION TO
REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED
COMPLAINT**

I, David L. Foster, pursuant to 28 U.S.C. § 1746, furnish this declaration and declare as follows:

1.     I am a Manager of Bosch Chassis Systems Columbia L.L.C. f/k/a PBR Columbia LLC ("Defendant").

2.     I make this Declaration on personal knowledge, and if called as a witness, would testify to the facts contained herein.

3.     Defendant supplied parts to Delphi Corporation and/or its subsidiaries and affiliates (collectively "Delphi") prior to Delphi filing for Chapter 11 bankruptcy in October 2005. In October 2005, Defendant was known as "PBR Columbia LLC." In March 2009, Defendant's name was changed to Bosch Chassis Systems Columbia LLC.

4.     Defendant operated its business in the normal course from October 2005 until December 2009.

5.     On or about December 31, 2009, Defendant sold substantially all of its assets to ABMA, LLC, a wholly-owned subsidiary of Akebono Corporation (North America) ("Akebono"). Defendant's sale of assets to Akebono occurred as part of a larger transaction involving the sale of assets to Akebono by certain affiliates of Defendant. Akebono has no connection with Defendant or with Defendant's affiliates. Akebono is an unrelated auto parts supplier headquartered in Japan.

6.     Due to the sale of Defendant's assets to Akebono, since January 1, 2010 and continuing through the date of this Declaration: (a) Defendant has not had any employees other than executive officers of the Defendant who attend only to matters related to Defendant on an as-needed basis, and (b) Defendant has not had any manufacturing operations. All paid

2

employees of Defendant were terminated and all manufacturing operations of Defendant ceased when the sale of Defendant's assets to Akebono occurred on or about December 31, 2009.

7.     Defendant's sale of assets occurred without any knowledge of the above-captioned adversary proceeding and without any knowledge that Delphi had asserted preferential transfer claims (or any other claims) against Defendant.

8.     In February 2010, Defendant learned for the very first time that Delphi had filed the above-captioned adversary proceeding complaint in September 2007 against Defendant to recover over $3.6 million in alleged preferential transfers that occurred in 2005.

9.     Until February 2010, Defendant was unaware that a complaint had been filed against it by Delphi. Further, although Defendant's counsel at the time may have received notice that Delphi was seeking to file preference complaints under seal and extend the time for service of the complaint past the running of the statute of limitations, Defendant had no reason to believe that it was one of the named defendants since Delphi had not provided any indication to Defendant that Delphi would be pursuing a claim against Defendant. Further, as stated above, at the time of the sale to Akebono, Defendant had no knowledge of the above-captioned adversary proceeding or any other preference claim by Delphi against Defendant.

10.     As a result of Delphi's withholding notice and service of the complaint in this action, Defendant will be harmed in its ability to defend this action and will suffer prejudice. This harm and prejudice includes without limitation the following:

A. As part of the sale to Akebono, Defendant transferred to Akebono substantially all of Defendant's books and records relating to its business operations, including the paper and electronic records that would support Defendant's defenses to the preference claim. These records include payment,

3

shipment and invoice information. Defendant does not know whether any of the Delphi related books and records were preserved by Akebono because it has been almost five years since the alleged transfers took place.

B.  The primary persons at Defendant's operations that were involved with the Delphi account and that would be familiar with the factual background that would be relevant to this action are no longer employed by Defendant. Those persons may be employed at Akebono or elsewhere. Some may be totally unavailable.

C.  If Defendant had known about Delphi's complaint when it was filed in September 2007, or even if it had known about the complaint in the two years between the time the complaint was filed and when Defendant sold its assets, Defendant would likely have taken steps to organize and preserve its books and records with respect to matters involving Delphi. Moreover, Defendant likely would have interviewed employees who were knowledgeable about the Delphi business relationship before such employees left the employment of Defendant. Defendant also would likely have made arrangements to keep in contact with those former employees in the event that Defendant would need them to provide information or serve as witnesses.

11.  As summarized above, Defendant has been prejudiced in its ability to defend this adversary proceeding by the delay in receiving knowledge and service of the complaint against it.

4

I make this Declaration under penalty of perjury.

David L. Foster

Executed in Knoxville, Tennessee
on November 15, 2010.
4831009

5

# EXHIBIT C

Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI 49503-2487
(616) 752-2000 phone
(616) 222-2500 fax
gtoering@wnj.com
moneal@wnj.com

Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)
Michael B. O'Neal (MO-9511)
(Admitted *Pro Hac Vice*)
Attorneys for Bosch Chassis Systems Columbia L.L.C.
f/k/a PBR Columbia L.L.C.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ -x
                                    :
       In re                           :        Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :        Case No. 05-44481 (RDD)
                                    :
                                    :        (Jointly Administered)
                                    :
       Debtors.                        :
------------------------------ -x
                                    :
DELPHI CORPORATION, et al           :
                                    :
       Plaintiff,                      :
                                    :
v.                                  :        Adv. Proc. No. 07-02572-rdd
                                    :
PBR COLUMBIA LLC,                   :
                                    :
       Defendant.                      :
------------------------------ -x

### DECLARATION OF DAVID WHEELER

    I, David Wheeler, pursuant to 28 U.S.C. § 1746, furnish this declaration and declare as

follows:

1.    I make this Declaration on personal knowledge, and if called as a witness, would testify to the facts contained herein.

2.    From November 25,2004 to December 31, 2009, I was General Manager of Bosch Chassis Systems Columbia L.L.C. f/k/a PBR Columbia LLC ("**Defendant**").  In that capacity I was aware of and involved in matters pertaining to Delphi's bankruptcy.

3.    I have recently reviewed Delphi's Supplemental Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection With Preservation of Estate Claims Procedure Order (Docket No. 18952) (the "**Fourth Extension Motion**") and the Order entered on October 22, 2009 approving that motion (Docket No. 18999) (the "**Fourth Extension Order**").

4.    To the best of my knowledge, Defendant was never served with either the Fourth Extension Motion or the Fourth Extension Order.  Likewise, to the best of my knowledge, Defendant was unaware of either the Fourth Extension Motion or the Fourth Extension Order until after it was served with the complaint in February 2010.

I make this Declaration under penalty of perjury.

David Wheeler

Executed in West Columbia, South Carolina
on July 12, 2011

5597013

2