# EXHIBIT 23

# EXHIBIT 23

**Republic Engineered Products, Adv. Proc. Nos.: 07-02724 & 07-02744-rdd**

On October 2, 2009, the Final Extension Motion (Docket No. 18952) was served on Joseph A. Kaczka and Joseph Lapinsky, both of Republic Engineered Products ("Republic Engineered"), 3770 Embassy Parkway, Akron, OH, as certified by KCC. *See Ex. 4, October 7, 2009 Affidavit of Service—Ex. B, 2002 List, p. 18 of 22 (Docket No. 18967); id. at Ex. C, 2002 List, p. 2 of 3*. Mr. Kaczka was also served with the Proposed Forty-Eighth Omnibus Hearing Agenda (Docket No. 18991), which specifically identified the Debtors' Final Extension Motion as Agenda item C(1). *Ex. 6, October 26, 2009 Affidavit of Service, Ex. B, 2002 List, p. 18 of 22 (Docket No. 19015)*; *Ex. 5, October 21, 2009 Proposed Forty-Eighth Omnibus Hearing Agenda (Docket No. 18991)*.

In addition, on October 2, 2009, the Final Extension Motion was served on Scott N. Opincar and Shawn M. Riley, McDonald Hopkins Co., LPA, counsel to Republic Engineered, as certified by KCC. *See Ex. 4, October 7, 2009 Affidavit of Service—Ex. B, 2002 List, p. 13 of 22 (Docket No. 18967)*. Messrs. Opincar and Riley were also served with the Proposed Forty-Eighth Omnibus Hearing Agenda, which specifically identified the Debtors' Final Extension Motion as Agenda item C(1). *Ex. 6, October 26, 2009 Affidavit of Service, Ex. B, 2002 List, p. 13 of 22 (Docket No. 19015)*; *Ex. 5, October 21, 2009 Proposed Forty-Eighth Omnibus Hearing Agenda (Docket No. 18991)*. Republic Engineered filed two affidavits: (1) July 12, 2011 Affidavit of Douglas L. Lutz, Frost Brown Todd LLC, counsel for Republic Engineered, *Ex. 23(a), July 12, 2011 Declaration of Douglas L. Lutz;* and (2) November 19, 2011 Affidavit of Joseph Kaczka, Chief Financial Officer of Republic Engineered, *Ex. 23(b), November 19, 2011 Declaration of Joseph Kaczka*. Neither Mr. Lutz nor Mr. Kaczka denies that Republic

Engineered received service of the Final Extension Motion.  Mr. Kaczka states only that Republic Engineered "had no knowledge of the Adversary Proceeding," *Ex. 23(b), November 19, 2011 Declaration of Joseph Kaczka* ¶ 2.  Of course, that notice is entirely different than notice of the Final Extension Motion, *particularly given Mr. Lutz's admission that "Republic is listed on the affidavits of service filed in connection with the Extension Motions and the Extension Orders…."*[1] *Ex. 23(b), November 19, 2011 Declaration of Joseph Kaczka* ¶ 4.

In addition, Republic Engineered received relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended.  Republic Engineered was served with the First Amended Plan Disclosure Statement, filed in December 2007.  *See Ex. 7, January 11, 2008 Affidavit of Service–Ex. GG (Docket No. 11974)*.  On December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388).  The Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period.

Through the information conveyed in the above filings, Republic Engineered cannot credibly deny knowledge that avoidance claims were filed and placed under seal and that the summonses had been extended.  Republic Engineered had every reason to anticipate that it was the target of one of the avoidance claims.  Republic Engineered was a supplier who shortly before the chapter 11 petition was filed demanded modified payment terms and received payments of over $1.8 million dollars in non-ordinary course payments.  *Ex. 23(c), August 11, 2005 Delphi Term Deviation Request Form and September 21, 2005 Pre Petition Wire Analysis*

---

[1] Mr. Lutz further states, but without any factual detail or analysis, that "Republic asserts that it did not receive sufficient notice of the Extension Motions or the Extension Orders." *Ex. 23(a), July 12, 2011 Affidavit of Douglas L. Lutz*, ¶ 4.

2

*Review Form*. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153*. Undoubtedly, Republic Engineered understood the preference implications related to these transfers. Sophisticated creditors like Republic Engineered typically are well aware of prospects and risks of preference litigation and it seems unlikely that creditors like Victory could be surprised or caught off guard when such preference complaints are finally filed. *See In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. . . .Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                    : Chapter 11
DPH HOLDINGS CORP, *et al.*,                              : Case No. 05-44481 [RDD]
                                                                         :
                     Reorganized Debtors.                      : Jointly Administered
---------------------------------------------------------x
                                                                         :
DELPHI AUTOMOTIVE SYSTEMS, LLC,                 :
                                                                         :
                     Plaintiff,                                      :
                                                                         : Adv. Pro. No. 07-02744 [RDD]
v.                                                                      :
                                                                         :
REPUBLIC ENGINEERED PRODUCTS,            :
                                                                         :
                     Defendant.                                   :
                                                                         :
---------------------------------------------------------x

## AFFIDAVIT OF DOUGLAS L. LUTZ

STATE OF OHIO            )
                                      ) SS
COUNTY OF HAMILTON )

I, Douglas L. Lutz, being first duly cautioned and sworn, depose and say of my own personal knowledge the following:

1. I am a member of the law firm Frost Brown Todd LLC, 2200 PNC Center, 201 East Fifth Street, Cincinnati, Ohio 45202. I am familiar with the adversary proceeding commenced against Republic by Delphi Automotive Systems, LLC, Adversary Proceeding No. 07-02744 (the "Adversary Proceeding").

2. On October 8, 2005, Delphi and certain of its subsidiaries (the "Initial Filers") each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code. On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3. On August 6, 2007, February 28, 2008, April 10, 2008, and October 2, 2009, the Debtors filed motions (collectively, the "Extension Motions") which sought permission to,

among other things: (a) toll the statute of limitations by asking for an extension of time to serve the complaint filed in the Adversary Proceeding and a stay of the Adversary Proceeding until service of process was effected; and (b) file certain adversary proceeding complaints, including the complaint filed in the Adversary Proceeding, under seal. On August 16, 2007, March 28, 2008, April 30, 2008, and October 22, 2009, this Court entered orders granting Extension Motions (collectively, the "Extension Orders").

4.      Although Republic is listed on the affidavits of service filed in connection with the Extension Motions and the Extension Orders as receiving service of such pleadings, Republic asserts that it did not receive sufficient notice of the Extension Motions or the Extension Orders. Republic sold its claim against the Debtors prior to the Extension Motions being filed and the Extension Orders being entered. Accordingly, Republic no longer had an interest in the Debtors' bankruptcy proceedings. Furthermore, Republic was not named in any of the Extension Motions or the Extension Orders, and had no reason to believe it was the subject of the Extension Motions or the Extension Orders.

5.      Republic had no knowledge of the Adversary Proceeding until it was served with a summons and complaint on April 2, 2010.

FURTHER AFFIANT SAYETH NAUGHT.

(Signature Page Follows)

(Signature Page to Lutz Affidavit)

_____
Douglas L. Lutz, Esq.

Subscribed and sworn to before me by  Douglas L. Lutz  on this 12th day of July, 2011.

_____
Notary Public
Commission expires: _____

Lindsey Fernow Baker, Attorney At Law
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration date
Sec. 147.03 R.C.

CINLibrary 0111388.0575869 2337628vvv2

-3-

# EXHIBIT B

## AFFIDAVIT OF JOSEPH KACZKA

STATE OF OHIO            )
                         ) SS
COUNTY OF STARK          )

I, JOSEPH KACZKA, being first duly cautioned and sworn, depose and say of my own personal knowledge the following:

1. I am the Chief Financial Officer of Republic Engineered Products, Inc. ("Republic"). As Chief Financial Officer, I am familiar with Republic's operations and the adversary proceeding commenced against Republic by Delphi Automotive Systems, LLC (the "Adversary Proceeding").

2. Republic had no knowledge of the Adversary Proceeding until it was served with a summons and complaint on April 2, 2010. Republic continued to provide Delphi Corporation and its related entities ("Delphi") with goods after the chapter 11 filing and throughout the chapter 11 plan process. Republic continues to sell goods to Delphi today.

3. From October of 2007 to April of 2010, Republic's business changed dramatically. Due to the economic recession affecting this country and the steel industry in particular, Republic's revenues have dropped over 70% from 2007 to 2009. Republic has been forced to reduce its selling and administrative workforce by approximately 43%. Every executive at Republic that worked directly with Delphi in 2005 is no longer employed by Republic.

4. Since the time of the alleged transfers, Republic has undergone a major overhaul of its computer system. In 2005, the company used a legacy mainframe computer system, which no longer exists. If forced to defend the Adversary Proceeding, Republic would have to do so without the assistance of key employees and without records that are pertinent to Republic's defense.

5. Republic has reviewed the Proposed Amended Complaint, including Exhibit 1 attached thereto. According to Republic's books and records, the amount that the Proposed Amended Complaint alleges was transferred to Republic in the 90 days prior to the Petition Date is incorrect. Furthermore, based upon Republic's books and records, Republic did not send invoices to Delphi, but instead received payment through a computerized system managed by Delphi. Republic is unable to identify the alleged transfers based on the invoice numbers provided in Exhibit 1 to the Proposed Amended Complaint.

(Signature Page Follows)

(Signature Page to Affidavit of Joe Kaczka)

-2-

FURTHER AFFIANT SAYETH NAUGHT.

_____
Joseph Kaczka

Subscribed and sworn to before me by Joseph Kaczka on this 19th day of November, 2010.

_____
Notary Public
Commission expires: _____

**JACKIE L EVANS**, Notary Public
In and for the State of Ohio
My Commission Expires Nov. 30, 2014

CINLibrary 01/1388.0575869 2211669v1

-3-

# EXHIBIT C

**Payment Term Deviation**
**Request Form**

Date: 8/11/05

Subject: Request for Authorization for Deviation: (Check One)
☒ Standard Supplier Payment Terms
☒ Expedited Payment

From: MICHAEL K. STOCKTON
Position: STEEL COMMODITY MGR.
Division: DELPHI - WHQ
Location/phone: TROY / 248-813-8053
To: Delphi Supply Management Financial Manager (North America Only)
Or
Delphi Regional Financial Director

The following information is provided to support this request for a deviation from the Delphi Corporate standard supplier payment terms of second day of the second month (MNS-2) or to request an expedited payment. It has been approved and signed (see below) by the Vice President of the requester named above.

**Supplier Information**
Name: REPUBLIC ENGINEERED PRODUCTS
Address: 3770 EMBASSY PKWY, AKRON, OH 44333-8367
Phone: 330-670-3017
Contact: TED THIELENS
DUNS No.: 606416910

**Contract Information**
PO #: VARIOUS
Contract Source Sys.: SAP SAGINAW
Annual Purchase Value: ~$25M
~$6.25M OVER 90 DAYS

Description of a commodity purchased or type of business conducted with the supplier:
CARBON BAR STEEL

**Payment terms to be changed**
From: MNS2-2
To: NET 10 - 1%

**Effective date:**
From: 8/12/05
To: 11/12/05

Reason for deviation to standard payment terms: (Reference supplier financial situation, legal ramifications, if any; tax issues etc.)
WIRED $1.005 MILLION ON 8/12/05. DUE TO DELPHI FINANCIAL SITUATION.

Requester: [signature]    Date: 8/11/05
Phone No: 248-813-8053    Fax No:

Approved: [signature] 8/11/5
Delphi Supply Management Financial manager (North America Only)
Or
Delphi Regional Financial Director

Approved: W. F. Eagen    Date: 8-11-05
Vice President - Delphi Global Supply Management

[signature] K. Szymczak  8/11/05

DELPHI CONFIDENTIAL

8_3_14_payment_term_deviation_request_form.doc    Uncontrolled Copy
Last Printed 08/11/05 8:40 AM

-2-

# Delphi
## Pre Petition Wire Analysis Review Form

*Paul Gch. 675 780*
*10/4/05*

| Index Number | Origin of Wire | Company | Remit Duns | Date | Amount |
|---|---|---|---|---|---|
| (A) | Treasury | Republic Engineered Products | RD 606416410 | 9/21/05 | $546,768.12 |

Copy and Paste the First Six Columns of the Pre-petition Wire File to the Table above.

What was intent of wire made above?    (Place X in the most appropriate box below)

To Pay for Shipments Prior to Wire:    [X]

To Pay for Shipments Subsequent to Wire:    [ ]

To Pay for Shipments both Prior & Subsequent:    [ ]

Unknown Intent:    [ ]

Please **attach** documentation in support of the above assessment of intent. Documentation may include but is not limited to the following types of documentation:

- Email correspondence indicating intent for wire
- Detail lists of invoices/shipments that are being remitted
- Letters/notes/memos indicating intent for wire
- Meeting/Phone conversation minutes that indicate intent
- E-Dacor listings indicating amount due at date of wire that match wire amounts
- Terms deviation requests that indicate wire amount and intent for wire

Person Submitting Information    Michael Stockton
Title of Person                  Steel Commodity Mgr.
Location/Division                Troy/Delphi A
Phone Number                     248-813-8053