# EXHIBIT 24

# EXHIBIT 24

**Select Industries, Corp., Adv. Proc. No. 07-02618-rdd**

On October 7, 2009, the Final Extension Motion (Docket No. 18952) was served on W. Timothy Miller of Taft, Stettinius & Hollister LLP, counsel to Select Industries, Corp. ("Select"), as certified by KCC. *See Ex. 4, October 7, 2009 Affidavit of Service—Ex. B, 2002 List, p. 21 of 22 (Docket No. 18967)*. Mr. Miller also received the Notice of Electronic Filing of the Final Extension Motion. *Ex. 10, October 2, 2009 ECF Notice of Electronic Filing, p. 23 (Docket No. 18952)*. Mr. Miller was also served with the Proposed Forty-Eighth Omnibus Hearing Agenda (Docket No. 18991), which specifically identified the Debtors' Final Extension Motion as Agenda item C(1). *Ex. 6, October 26, 2009 Affidavit of Service, Ex. B, 2002 List, p. 21 of 22 (Docket No. 19015)*; *Ex. 5, October 21, 2009 Proposed Forty-Eighth Omnibus Hearing Agenda (Docket No. 18991)*.

Mr. Miller filed an affidavit on behalf of Select and acknowledges that "Ex. B of the Affidavit of Service provides that [he] received electronic notification of the Final Extension Motion." *Ex. 24(a), July 12, 2011 Affidavit of W. Timothy Miller ¶ 8*. Mr. Miller does not deny receipt of service of the Final Extension Motion. Rather, Mr. Miller states only that service was not made by overnight mail.[1] *Id*. However, Southern District of New York Local Rule 5.2 provides that "[a] paper served and filed by electronic means in accordance with procedures promulgated by the Court is, for purposes of Federal Rule of Civil Procedure 5, served and filed in compliance with the local civil rules of the Southern and Eastern Districts of New York." *LR*

---

[1] Mr. Miller's assertion is premised on the notion that Select was required to be served by overnight mail under paragraph 15 of the Supplemental Case Management Order (Docket No. 2883). *See Ex. 24(a), July 12, 2011 Affidavit of W. Timothy Miller, Esq. ¶ 7*. For the reasons set forth in detail in the Omnibus Response and the Skadden Filings, that premise is erroneous.

*5.2.* Janice B. Grubin, co-counsel, also received the ECF Notice of Filing of the Final Extension Motion. *Ex.10, October 2, 2009 ECF Notice of Electronic Filing, p. 15.*

Moreover, Select received relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. The Affidavit of Service for the Preservation of Estate Claims Procedures Motion confirms that Mr. Miller received electronic service of that motion (which motion was filed as Docket No. 8905) as counsel for Select. *Ex. 11, August 10, 2007 Affidavit of Service—Ex. B, 2002 List, p. 19 of 20 (Docket No. 9039).* Mr. Miller also received electronic service of the August 16, 2007 Preservation of Estate Claims Procedures Order (Docket No. 9105), which, among other things, (i) authorized the Debtors to file complaints in the adversary proceedings pertaining to avoidance actions under seal, (ii) stayed each adversary proceeding unless and until the Debtors made service of process on the respective defendants, and (iii) extended to March 31, 2008 the deadline under Federal Rule of Civil Procedure 4(m) by which the Debtors would have to serve process, so that the complaints would not be subject to dismissal under Federal Rule of Civil Procedure 4(m). *See Ex. 12, August 23, 2007 Affidavit of Service–Ex. B, 2002 List, p. 19 of 20 (Docket No. 9141).* Similarly, Mr. Miller was also electronically served with the subsequently filed (i) First Extension Motion (Docket No. 12922), *Ex. 13, March 4, 2008 Affidavit of Service—Ex. B, 2002 List, p. 20 of 21 (Docket No. 12970)*; (ii) First Extension Order (Docket No. 13277), *Ex. 14, April 1, 2008 Affidavit of Service—Ex. A, 2002 List, p. 20 of 21 (Docket No. 13315)*; (iii) Second Extension Motion (Docket No. 13361), *Ex. 15, April 16, 2008 Affidavit of Service—Ex. B, 2002 List, p. 20 of 21 (Docket No. 13415);* and (iv) Second Extension Order (Docket No. 13484), *Ex. 16, May 6, 2008 Affidavit of Service—Ex. A, 2002 List, p. 18 of 20 (Docket No. 13540).*

Select was also served with the First Amended Plan Disclosure Statement, filed in December 2007. *Ex. 7, January 11, 2008 Affidavit of Service–Ex. W (Docket No. 11974).* Further, on December 13, 2007, the Debtors filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153*. Sophisticated creditors like Select typically are well aware of prospects and risks of preference litigation and it seems unlikely that creditors like Select could be surprised or caught off guard when such preference complaints are finally filed. *See In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
425 Park Avenue
New York, New York 10022
Tel: (212) 754-9400
Fax: (212) 754-6262
Janice B. Grubin

and

TAFT STETTINUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
Tel: (513) 381-2838
Fax: (513) 381-0205
W. Timothy Miller (admitted *pro hac vice*)
Paige Leigh Ellerman (admitted *pro hac vice*)

*Attorneys for Defendant Select Industries, Corp.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DPH HOLDINGS CORP., *et al.*,<br><br>Debtors, | Chapter 11<br>Case No. 05-44481 (RDD)<br>Jointly Administered |
| DELPHI AUTOMOTIVE SYSTEMS, LLC,<br><br>Plaintiff,<br>v.<br>SELECT INDUSTRIES, CORP.,<br><br>Defendant. | Adv. Pro. No. 07-02618 (RDD) |

**AFFIDAVIT OF W. TIMOTHY MILLER, ESQ. IN SUPPORT OF OPPOSITION OF SELECT INDUSTRIES, CORP. TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS**

12253668.1

STATE OF OHIO            )
                         ) ss
HAMILTON COUNTY          )

W. Timothy Miller ("Miller") deposes and states:

1.     I am a partner in the law firm of Taft, Stettinius and Hollister, LLP and am counsel of record for Select Industries, Corp. ("Select") in the above-referenced cases.

2.     On behalf of Select, I submit this affidavit as directed by the Court during the June 21, 2011 hearing in the above-referenced cases, to address the notice Select received of the Complaint (defined below) and the proposed entry of the Fourth Extension Order (defined below), and in further support of Select's Opposition (the "Opposition") [Debtors' Main Case Docket No. 20944 and Select Adv. Proc. Doc. No. 36] to Reorganized Debtors' Motion for Leave to File Amended Complaints (the "Motion to Amend").

3.     On or about May 6, 2006, I filed a Notice of Appearance and Demand for Notices and Papers (the "Notice of Appearance") (Doc. No. 3639) on behalf of Select in the main bankruptcy case styled *In re Delphi Corporation, et al.*, Case No. 05-44481 (RDD) (the "Main Case").

4.     On or about September 29, 2007, the Debtors filed under seal the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550 (the "Complaint") initiating Adversary Proceeding No. 07-02618 (the "Adversary Proceeding") against Select, seeking the avoidance and recovery of approximately $4 million in alleged preferential transfers. The docket in the Adversary Proceeding reflects that no summons or notice of the filing of the Complaint was served on Select until April 1, 2010.

5.     On or about October 2, 2009, the Debtors filed in the Main Case their Supplemental Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend

2

12253668.1

Deadline to Serve Process for Avoidance Actions Filed In Connection With Preservation of Estate Claims Procedures Order (the "Fourth Extension Motion") (Doc. No. 18952). The Fourth Extension Motion does not appear in the docket of the Adversary Proceeding.

6. The Fourth Extension Motion provides that the relief it requests applies to 177 retained "Adversary Proceedings listed on Exhibit 7.19 of the Modified Plan." (Fourth Extension Motion at 9.) The July 2, 2009 Notice of Filing of Plan Exhibits with Respect to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (Doc. No. 17557) has attached to it Exhibit 7.19, Retained Causes of Action. The Adversary Proceeding is listed on Exhibit 7.19 by reference to its number, "07-02618", and does not contain any reference to Select.

7. Paragraph 24 of the Fourth Extension Motion states that notice was provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1), 105(a), and 105(d) and Fed. R. Bankr. P. 2002(m), 9006, 9007 and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures (the "Supplemental Case Management Order") (Doc. No. 2883). (Fourth Extension Motion at 11.) The Supplemental Case Management Order required the Fourth Extension Motion to be served "via overnight mail upon all parties with a particularized interest in the subject of the Filing." (Supplemental Case Management Order at 8.)

8. On or about October 7, 2009, the Debtors filed in the Main Case an Affidavit of Service (Doc. No. 18967) pertaining to the Fourth Extension Motion. Exhibit A of this Affidavit of Service lists parties who received the Fourth Extension Motion via overnight mail and it does not list me or Select. Exhibit B of this Affidavit of Service provides that I received electronic notification of the Fourth Extension Motion. This Affidavit of Service does not appear in the docket of the Adversary Proceeding.

3

12253668.1

9. On or about October 22, 2009, the Court entered an Order Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed In Connection With Preservation of Estate Claims Procedures Order (the "Fourth Extension Order") (Doc. No. 18999).

10. Paragraph 4 of the Fourth Extension Order directs the Debtors to file the Fourth Extension Order in the Adversary Proceeding. The Fourth Extension Order does not appear in the docket of the Adversary Proceeding.

11. On or about February 10, 2010, I was served by the Debtors with a Notice of Objection to Claim, dated February 3, 2010, directed to Select. The basis for the Debtors' objection to Select's claims is listed as "Preference-Related Claims." The Notice of Objection to Claim is the first time that Select was notified that it might be a defendant in a preference avoidance action.

12. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

/s/ _____
W. Timothy Miller

Subscribed to and sworn before me this 12th day of July, 2011.

/s/ _____
Notary Public
My commission expires: _____

THOMAS R. SCHUCK
NOTARY PUBLIC-STATE OF OHIO
[seal illegible]

4

12253668.1