# EXHIBIT 25

# EXHIBIT 25

## Timken Corporation, Adv. Proc. No.: 07-02198-rdd

Timken Corporation ("Timken") received notice of the Final Extension Motion (Docket No. 18952), both directly and through its attorney, James Sullivan.  On October 2, 2009, the Final Extension Motion was electronically served on Robert Morris at Timken Corporation, 1835 Dueber Ave. S.W., Canton, OH, and on James Sullivan, then of McDermott Will & Emery LLP, all as certified by KCC.  *Ex. 4, October 7, 2009 Affidavit of Service—Ex. B, 2002 List, pp. 13 and 21 of 22 (Docket No. 18967).*  Mr. Morris and Mr. Sullivan were also served with the Proposed Forty-Eighth Omnibus Hearing Agenda (Docket No. 18991), which specifically identified the Debtors' Final Extension Motion as Agenda item C(1).  *Ex. 6, October 26, 2009 Affidavit of Service, Ex. B, 2002 List, pp, 13 and 21 of 22 (Docket No. 19015)*; *Ex. 5, Proposed Forty-Eighth Omnibus Hearing Agenda (Docket No. 18991).*

Finally, Timken's counsel, James M. Sullivan, then of McDermott Will & Emery, LLP, was present at least at one of the Extension Motion hearings.  His appearance is noted on the record of the March 19, 2008 hearing.  *See Ex. 25(a), March 19, 2008 Hearing Transcript, p. 7*

Timken filed the Declaration of James Sullivan on July 12, 2011.  Mr. Sullivan, through carefully crafted language, tries to create the impression that neither he nor his client received notice of the Final Extension Motion.  For example, at Paragraph 6 of the Declaration, Mr. Sullivan asserts that to the best of his knowledge, no notice was given to Timken or its counsel that the "claims procedure motion related to claims against Timken."  *Ex. 25(b), July 12, 2011 Declaration of James Sullivan ¶ 6.*  That, of course, is not the issue.  In a similar vein, Mr. Sullivan asserts, at Paragraph 11, that service of the Final Extension Motion was addressed to his McDermott Will & Emory e-mail address and that it "was not a valid email address at the time

the Final Extension Motion was filed." *Ex. 25(b), July 12, 2011 Declaration of James Sullivan ¶ 11.* This assertion wholly overlooks the fact that service was nonetheless reasonably calculated to reach Mr. Sullivan,[1] and in any event, *Timken was directly served with the Final Extension Motion separately from Mr. Sullivan. Ex. 4, October 7, 2009 Affidavit of Service—Ex. B, 2002 List, p. 21 of 22 (Docket No. 18967).*

Mr. Sullivan also asserts that Timken did not receive notice of the Final Extension Motion or other extension motions (together "Extension Motions") because those filings were not served "by overnight mail."[2] *Ex. 25(b), July 12, 2011 Declaration of James Sullivan ¶¶ 6 and 11.* However, Southern District of New York Local Rule 5.2 provides that "[a] paper served and filed by electronic means in accordance with procedures promulgated by the Court is, for purposes of Federal Rule of Civil Procedure 5, served and filed in compliance with the local civil rules of the Southern and Eastern Districts of New York." *LR 5.2.*

Timken also filed the Declaration of Michael Hart, Manager, Credit & Accounts Receivable, of Timken Corporation, dated July 12, 2011 ("Declaration"). *Ex. 25(d), July 12,*

---

[1] The reasonableness of service at Mr. Sullivan's McDermott Will & Emory e-mail address is also underscored by the fact that the Reorganized Debtors have not identified any filing by Mr. Sullivan whereby he requested that all pleadings be directed to his Arent Fox e-mail address. To the contrary, the Reorganized Debtors have only found a November 22, 2010 "Request For Notices" filed by Mr. Sullivan (*i.e.*, a request filed *after* the date of the Final Extension Motion), whereby Mr. Sullivan requested that he be served at his then new law firm, Moses & Singer LLP. *Ex. 25(c), November 22, 2010 Request for Notices (Docket No. 20840).* Finally, it begs credulity that neither Mr. Sullivan nor his prior firm took steps to address the near certainty that some communications would continue to be sent to his prior firm address for a period after his departure.

[2] Mr. Sullivan's assertion is apparently premised on the notion that Timken was required to be served by overnight mail under paragraph 15 of the Supplemental Case Management Order (Docket No. 2883). For the reasons set forth in detail in the Omnibus Response and the Skadden Filings, that premise is erroneous.

*2011 Declaration of Michael Hart.*[3]  It should be noted that Mr. Hart has only held this position

"since September 1, 2010, when the prior Manager, Robert Morris, retired." *Ex.25(d), July 12,*

*2011 Declaration of Michael Hart ¶ 1*.  In his Declaration, Mr. Hart does not deny the receipt of

notice of the Final Extension Motion.  Rather, like Mr. Sullivan, he merely states that Timken

did not have notice that the Preservation of Claims Motion related to claims against Timken and

that Timken had not been served with the motion via overnight mail.  *Id.*  As stated above,

Robert Morris, Mr. Hart's predecessor, had been served with notice of the Final Extension

Motion. *Ex. 4, October 7, 2009 Affidavit of Service—Ex. B, 2002 List, p. 21 of 22 (Docket No.*

*18967)*.

Finally, Timken received relevant information advising that avoidance claims had been

filed under seal and the time to serve the complaints and summonses had been extended.  The

Affidavit of Service for the Preservation of Estate Claims Procedures Motion confirms that

Messrs. Morris and Sullivan received electronic service of that motion (which motion was filed

as Docket No. 8905) as counsel for Timken.  *Ex. 11, August 10, 2007 Affidavit of Service—Ex. B,*

*2002 List, pp. 11 and 19 of 20 (Docket No. 9039)*.  Messrs. Morris and Sullivan also received

electronic service of the August 16, 2007 Preservation of Estate Claims Procedures Order

(Docket No. 9105), which, among other things, (i) authorized the Debtors to file complaints in

the adversary proceedings pertaining to avoidance actions under seal, (ii) stayed each adversary

proceeding unless and until the Debtors made service of process on the respective defendants,

and (iii) extended to March 31, 2008 the deadline under Federal Rule of Civil Procedure 4(m) by

which the Debtors would have to serve process, so that the complaints would not be subject to

---

[3]  Mr. Hart filed an earlier Declaration on May 14, 2010.  In that Declaration Mr. Hart again only
states that Timken did not have notice that the Estate Claims Procedures Motion included claims
against Timken.  He does not state that Timken did not have notice of the motion.  *See Ex. 25(e),*
*July 12, 2011 Declaration of Michael Hart ¶ 8.*

3

dismissal under Federal Rule of Civil Procedure 4(m).  *See Ex. 12, August 23, 2007 Affidavit of Service–Ex. B, 2002 List, pp. 11 and 19 of 20 (Docket No. 9141)*.  Similarly, Messrs. Morris and Sullivan were electronically served with the subsequently filed (i) First Extension Motion (Docket No. 12922), *Ex. 13, March 4, 2008 Affidavit of Service—Ex. B, 2002 List, pp. 12 and 20 of 21 (Docket No. 12970)*; (ii) First Extension Order (Docket No. 13277), *Ex. 14, April 1, 2008 Affidavit of Service—Ex. A, 2002 List, pp. 12 and 20 of 21 (Docket No. 13315)*; (iii) Second Extension Motion (Docket No. 13361), *Ex. 15, April 16, 2008 Affidavit of Service—Ex. B, 2002 List, pp. 12 and 20 of 21 (Docket No. 13415);* and (iv) Second Extension Order (Docket No. 13484), *Ex. 16, May 6, 2008 Affidavit of Service—Ex. A, 2002 List, p. 11 and 19 of 20 (Docket No. 13540)*.

Moreover, both Messrs. Morris and Sullivan were served with the First Amended Plan Disclosure Statement, filed in December 2007.  *Ex. 7, January 11, 2008 Affidavit of Service–Ex. GG, (Docket No. 11974)*.  On December 13, 2007, the Debtors also filed a copy of the First Amended Plan Disclosure Statement publicly with their Form 8-K (Docket No. 11388).  The First Amended Plan Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period.  As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue (as did the Extension Motions and Extension Orders) and on inquiry notice as to the need to monitor preference claim developments.  *Ex. 8, July 22, 2010 Transcript, pp. 150-153*.  This was particularly true for Timken, as Timken was listed as one of Debtors' 50 largest unsecured creditors, along with Robert Bosch Corporation, PBR Automotive USA Pacific, HSS LLC, Philips Semiconductors, Applied Bio Systems, Methode

Electronics, and Victory Packaging.  Sophisticated creditors like Timken typically are well aware of prospects and risks of preference litigation and it seems unlikely that creditors like Timken could be surprised or caught off guard when such preference complaints are finally filed.  *See In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 05-44481

- - - - - - - - - - - - - - - - - - - - -x

In the Matter of:


DELPHI CORPORATION,


        Debtor.


- - - - - - - - - - - - - - - - - - - -x


                United States Bankruptcy Court

                One Bowling Green

                New York, New York


                March 19, 2008

                10:09 AM


B E F O R E:

HON. ROBERT D. DRAIN

U.S. BANKRUPTCY JUDGE

2

1

2    HEARING re Fourth Supplement to KECP Motion Seeking Authority

3    to Continue Short-Term At-Risk Performance Payment Program

4    ("AIP") For First Half of 2008

5

6    HEARING re Motion for Order Under 11 U.S.C. § 1121(D) Extending

7    Debtors' Exclusive Periods Within Which to File and Solicit

8    Acceptances of Reorganization Plan

9

10   HEARING re Motion Pursuant to Fed. R. Bankr. P. 7004(A) and

11   9006(B)(1) and Fed. R. Civ. P. 4(M) to Extend Deadline

12   with Preservation of Estate Claims Procedures Order

13

14   HEARING re Expedited Motion for Order Under 11 U.S.C. §§ 105(A)

15   And 365 And Fed. R. Bankr. P. 6006 (i) Establishing Procedures

16   for Assumption and Assignment of Certain Omitted Executory

17   Contracts And Unexpired Leases in Connection with Sale of

18   Debtors' Steering and Halfshaft Business and (ii) Authorizing

19   Recovery of Excess Discount Rights

20

21   HEARING re Debtors' Omnibus Objection to Claims for Post-

22   Petition Interest

23

24

25

3

1

2  HEARING re Debtors' Twenty-Sixth Omnibus Objection Pursuant to

3  11 U.S.C. § 502(B) and Fed. R. Bankr. P. 3007 to Certain (A)

4  Duplicate or Amended Claims, (B) Untimely Claims Not Reflected

5  on Debtors' Books and Records, (C) Untimely Claims, and (D)

6  Claims Subject to Modification and Modified Claim Asserting

7  Reclamation

8

9  HEARING re Debtor's Twenty Seventh Omnibus Objection Pursuant

10  to 11 U.S.C. § 502(B) and Fed. R. Bankr. P. 3007 to Certain

11  Claims to Implement Cure Payments and Modify General Unsecured

12  Claims by Amount of Cure Payments

13

14  HEARING re (A) Authorizing and Approving (i) Sale of Certain of

15  Debtors' Assets Comprising Substantially All of the Assets of

16  Steering and Halfshaft Business Free and Clear of Liens,

17  Claims, and Encumbrances, (ii) Assumption and Assignment of

18  Certain Executory Contracts and Unexpired Leases, and (iii)

19  Assumption of Certain Liabilities and (B) Authorizing and

20  Approving Transaction Facilitation Agreement

21

22

23

24

25

7

1

2   KIRKLAND & ELLIS LLP

3        Attorneys for Platinum Equity LLC

4        Citigroup Center

5        153 East 53rd Street

6        New York, NY 10022

7

8   BY:   MICHAEL A. COHEN, ESQ.

9

10   MCDERMOTT WILL & EMERY

11        Attorneys for The Timken Company

12        340 Madison Avenue

13        New York, NY 10173

14

15   BY:   JAMES M. SULLIVAN, ESQ.

16

17

18

19

20

21

22

23

24

25

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
In re:                                          :
                                                :   Chapter 11
DPH HOLDINGS CORP, et al,                        :
                                                :   Case No. 05-44481 (RDD)
                    Reorganized Debtors.          :   (Jointly Administered)
                                                :
-------------------------------------------------------- X
DELPHI AUTOMOTIVE SYSTEMS, LLC,                  :
                                                :
                    Plaintiff,                   :   Adv. Proc. No. 07-02688 (RDD)
                                                :
        v.                                       :
                                                :
THE TIMKEN COMPANY and THE                       :
TIMKEN CORPORATION,                              :
                                                :
                    Defendants.                  :
-------------------------------------------------------- X

## DECLARATION OF JAMES SULLIVAN

James Sullivan, pursuant to 28 U.S.C. § 1746, declares as follows:

1.    I am a partner at Moses & Singer LLP.  I represent The Timken Company and

The Timken Corporation (collectively, "Timken") in connection with the above referenced

adversary proceeding.  Except for a short period of time from January 5, 2009 (when I moved

from McDermott Will & Emery LLP to Arent Fox LLP) to July 6, 2009 (when I notified

Debtors' counsel that I switched law firms and that any future notices be sent to me at Arent

Fox), I have represented Timken in the above referenced chapter 11 case since November 2,

2005.

2.    I submit this declaration in further support of Timken's further opposition to the

Reorganized Debtors' (the "Reorganized Debtors") Motion for Leave to File Amended

Complaints and Timken's Motion to Vacate the Fourth Extension Order.

881793v1  013074.0101

3.     Except as indicated herein, I have personal knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently concerning those facts.

4.     Upon information and belief, on October 8, 2005 (the "Petition Date"), Delphi Corporation and certain of its subsidiaries and affiliates (collectively, the "Debtors"), including Delphi Automotive Systems LLC (the "DAS"), filed voluntary petitions under chapter 11 of title 11 of the United States Code.

5.     Upon information and belief, on August 6, 2007, the Debtors sought entry of an order seeking, among other things, the establishment of procedures for certain adversary proceedings, including obtaining leave to file avoidance actions under seal, an extension of time beyond the 120-period provided for in Fed. R. Civ. P. 4(m) to serve summons and complaint, and a stay of adversary proceedings until service of process was effected (the "Preservation of Estate Claims Procedures Motion").

6.     To the best of my knowledge, information, and belief, no notice was given to Timken or its counsel that the Preservation of Estate Claims Procedures Motion related to claims against Timken.  To the best of my knowledge, information, and belief, neither Timken nor its counsel was served with a copy of the Preservation of Estate Claims Procedures Motion by overnight mail.

7.     Upon information and belief, on September 30, 2007, DAS filed an adversary proceeding against Timken (the "Adversary Proceeding") under seal.

8.    To the best of my knowledge, information, and belief, neither Timken nor its counsel was aware of the Adversary Proceeding until Timken was served with it on or about April 8, 2010.

9.    Upon information and belief, the statute of limitations for asserting the claims asserted in the Adversary Proceeding expired on or about October 8, 2007.

10.    Upon information and belief, the Debtors filed three separate motions between February 2008 and October 2009 for an order further extending the deadline to serve process in connection with the above-referenced adversary proceeding (collectively, the "Extension Motions"). To the best of my knowledge, information, and belief, no notice was given to Timken or its counsel that the Extension Motions related to claims against Timken. To the best of my knowledge, information, and belief, neither Timken nor its counsel were served with copies of the Extension Motions by overnight mail.

11.    According to the Affidavit of Service (Docket No. 18967) filed in connection with the last Extension Motion (Docket No. 18952), I was not served with the last Extension Motion by any means. Although it appears that the Debtors did attempt to serve me with the last Extension Motion by electronic notice at my former firm, McDermott Will & Emery LLP, upon information and belief, the McDermott Will & Emery email address was not a valid email address at the time the last Extension Motion was filed. The same Affidavit of Service also reflects that the Debtors did serve me by overnight mail with other pleadings at my Arent Fox address. It is unclear to my why the Debtors did not also attempt to serve me with the last Extension Motion at my Arent Fox address.

12.    Upon information and belief, the bankruptcy court entered orders granting each of the Extension Motions (collectively, the "Extension Orders"). To the best of my knowledge,

information, and belief, no notice was given to Timken or its counsel that the Extension Orders related to claims against Timken. To the best of my knowledge, information, and belief, neither Timken nor its counsel were served with a copy of the Extension Orders by overnight mail.

13.    I have been unable to locate an Affidavit of Service relating to the last Extension Order on the docket. Therefore, upon information and belief, the Debtors did not attempt to serve the last Extension Order by any means upon Timken or its counsel.

14.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 12th day of July, 2011 at New York, New York

                                    /s/ James Sullivan
                                    James Sullivan

# EXHIBIT C

MOSES & SINGER LLP
James M. Sullivan
The Chrysler Building
405 Lexington Avenue
New York, New York  10174
(212) 554-7800

*Attorneys for The Timken Corporation*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------ X
In re:                                      :    Chapter 11
                                            :
DPH HOLDINGS CORP., et al.,                 :    Case No.: 05-44481 (RDD)
                                            :
                                            :    (Jointly Administered)
                 Reorganized Debtors.       :
                                            :
                                            :
------------------------------------------------------------------ X
```

<u>REQUEST FOR NOTICES</u>

   PLEASE TAKE NOTICE that The Timken Corporation, a creditor in the above-

referenced proceeding ("Timken"), hereby requests, in accordance with title 11 of the United State

Code and Rules 2002 and 9004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), that all notices given or required to be given in these proceedings and all papers served or

required to be served in these proceedings be served upon:

     Moses & Singer LLP
     Attn:  James M. Sullivan, Esq.
     The Chrysler Building
     405 Lexington Avenue
     New York, New York  10174
     Tel: (212) 554-7800
     Fax: (212) 554-7700
     Email: jsullivan@mosessinger.com

PLEASE TAKE FURTHER NOTICE that the foregoing request includes not only notices and papers referred to in the Bankruptcy Rules specified above, but also includes, without limitation, orders and notices of any petition, application, complaint, demand, hearing, motion, pleading or request, whether formal or informal, written or oral, transmitted or conveyed by mail, delivery, telephone, telegraph, telex, telecopy or otherwise.

PLEASE TAKE FURTHER NOTICE that Timken intends that neither this Request for Notices nor any later appearance, pleading, claim or suit shall waive (1) the right to have final orders in non-core matters entered only after *de novo* review by a United States District Judge, (2) the right to trial by jury in any proceeding so triable in these cases or any case, controversy, or proceeding related to these cases, (3) the right to request the United States District Court to withdraw the reference or to abstain, in any matter subject to mandatory or discretionary withdrawal or abstention, or (4) any other rights, claims, actions, defenses, setoffs, or recoupments to which it is or may be entitled to under agreements, in law, in equity, or otherwise, all of which rights, claims, actions, defenses, setoffs, and recoupments of expressly reserves.


Dated: New York, New York
        November 22, 2010

                        MOSES & SINGER LLP

                        By: /s/ James M. Sullivan
                                James M. Sullivan, Esq.
                        The Chrysler Building
                        405 Lexington Avenue
                        New York, NY 10174
                        (212) 554-7800

                        Counsel for The Timken Corporation

MOSES & SINGER LLP
James M. Sullivan
The Chrysler Building
405 Lexington Avenue
New York, New York  10174
(212) 554-7800

*Attorneys for The Timken Corporation*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------ X
In re:                                       :    Chapter 11
                                             :
DPH HOLDINGS CORP., et al.,                  :    Case No.: 05-44481 (RDD)
                                             :
                                             :    (Jointly Administered)
              Reorganized Debtors.           :
                                             :
                                             :
------------------------------------------------------------------ X
```

## **AFFIDAVIT OF SERVICE**

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK   )

　　　　Don K. Kick, being duly sworn according to law, deposes and says that he is employed

by Moses & Singer LLP, and that on the 22nd day of November, 2010, he caused a copy of the:

　　　　**Request for Notices for The Timken Corporation**

to be served Via First Class Mail on the parties listed below at the addresses designated by them

for such service:

REST OF PAGE LEFT INTENTIONALLY BLANK.

| | |
|---|---|
| **Andrew Currie, Esq.**<br>**Caroline Rogus, Esq.**<br>WilmerHale, LLP<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006 | **Cynthia J. Haffey, Esq.**<br>Butzel Long<br>150 W. Jefferson Avenue<br>Sutie 100<br>Detroit, MI 48226 |
| **David S. Gragg, Esq.**<br>Langley & Banack, Incorporated<br>745 E. Mulberry<br>Suite 900<br>San Antonio, TX 78212 | **David S. Rosner, Esq.**<br>Kasowitz, Benson, Torres & Friedman LLP<br>1633 Broadway<br>New York, NY 10119-6022 |
| **David M. Sherbin, Esq.**<br>Delphi Automotive LLP<br>5725 Delphi Drive<br>Troy, MI 48098 | **Dennis J. Connolly, Esq.**<br>Alston & Bird LLP<br>1201 West Peachtree Street<br>Atlanta, GA 30309-3424 |
| **Douglas P. Bartner, Esq.**<br>Shearman & Sterling LLP<br>599 Lexington Avenue<br>New York, NY 10022-6069 | **Eric Fisher, Esq.**<br>Butzel Long, a professional corporation<br>380 Madison Avenue<br>22nd Floor<br>New York, NY 10017 |
| **Jessica Kastin, Esq.**<br>O'Melveny & Myers<br>7 Times Square<br>New York, NY 10036 | **John Wm. Butler, Jr., Esq.**<br>Skadden Arps Slate Meagher & Flom LLP<br>155 North Wacker Drive<br>Suite 2700<br>Chicago, IL 60606-1720 |
| **Kayalyn A. Marafioti, Esq.**<br>**Ron E. Meisler, Esq.**<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, NY 10036 | **Lowell Peterson, Esq.**<br>Meyer, Suozzi, English & Klein<br>1350 Broadway, Suite 501<br>New York, NY 10018 |
| **Mark S. Lichtenstein, Esq.**<br>Crowell & Moring LLP<br>590 Madison Avenue<br>20th Fl<br>New York, NY 10022 | **Mateo Fowler, Esq.**<br>Quinn Emanuel Urquhardt Oliver & Hedges<br>865 S. Figueroa Street<br>10th Floor<br>Los Angeles, CA 90017 |
| **Michael O'Hayer, Esq.**<br>22 North Walnut Street<br>West Chester, PA 19380 | **Paul J.N. Roy, Esq.**<br>Mayer, Brown, LLP<br>71 S. Wacker Drive<br>Chicago, IL 60606 |
| **Alicia M. Leonhard, Esq.**<br>**Tracy Hope Davis, Esq.**<br>Office of the United States Trustee<br>Southern District of New York<br>33 Whitehall Street, Suite 2100<br>New York, NY 10004 | **Michael D. Warner**<br>Cole Schotz Meisel Forman & Leonard PA<br>301 Commerce Street<br>Suite 1700<br>Fort Worth, TX 76102 |

| Mark A. Broude, Esq. | Farella Braun & Martel LLP |
|---|---|
| **Robert J. Rosenberg, Esq.** | 235 Montgomery Street |
| Latham & Watkins | 17th Floor |
| 885 Third Avenue | San Francisco, CA 94104 |
| New York, NY 10022-4802 | |

and served via the Electronic Case Filing System upon the registered participants as identified on the Notice of Electronic Filing.

/s/ Don K. Kick
Don K. Kick

Sworn to before me on November 22, 2010

/s/ Marie S. Leybag
Notary Public

Marie S. Leybag
Notary Public, State of New York
No. 01LE5060744
Qualified in Queens County
Commission Expires: May 20, 2014

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re                                             :          Chapter 11

DPH HOLDINGS CORP, et al.,                        :

                Reorganized Debtors.    :          Case No. 05-44481 (RDD)
                                         (Jointly Administered)
------------------------------------------------------x
DELPHI AUTOMOTIVE SYSTEMS, LLC,                    :

                Plaintiff,              :          Adv. Pro. No. 07-02688 (RDD)

             -against-                   :

THE TIMKEN COMPANY and THE                        :
TIMKEN CORPORATION,                               :

                Defendants.             :

------------------------------------------------------X

## DECLARATION OF MICHAEL HART

Michael Hart, pursuant to 28 U.S.C. § 1746, declares as follows:

      1.      I am the Manager, Credit & Accounts Receivable, of The Timken Corporation. I have held this title since September 1, 2010, when the prior Manager, Robert Morris, retired. I have been employed by The Timken Corporation since January 2, 2006. I held the title of Assistant Manager, Credit & Accounts receivable from January 2, 2006 through August 31, 2010.

      2.      I submit this declaration in further support of the Opposition of The Timken Company and The Timken Corporation (collectively "Timken") to the Reorganized Debtors' (the "Reorganized Debtors") Motion for Leave to File Amended Complaints and Timken's Motion to Vacate the Fourth Extension Order.

- 1 -

3.     Except as indicated herein, I have personal knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently concerning those facts.

4.     Upon information and belief, on October 8, 2005 (the "Petition Date"), Delphi Corporation and certain of its subsidiaries and affiliates (collectively, the "Debtors"), including Delphi Automotive Systems LLC (the "DAS"), filed voluntary petitions under chapter 11 of title 11 of the United States Code.

5.     Upon information and belief, on August 6, 2007, the Debtors sought entry of an order seeking, among other things, the establishment of procedures for certain adversary proceedings, including obtaining leave to file avoidance actions under seal, an extension of time beyond the 120-period provided for in Fed. R. Civ. P. 4(m) to serve summons and complaint, and a stay of adversary proceedings until service of process was effected (the "Preservation of Estate Claims Procedures Motion").

6.     To the best of my knowledge, information, and belief, no notice was given to Timken or its counsel that the Preservation of Estate Claims Procedures Motion related to claims against Timken.  To the best of my knowledge, information, and belief, neither Timken nor its counsel was served with a copy of the Preservation of Estate Claims Procedures Motion by overnight mail.

7.     Upon information and belief, on September 30, 2007, DAS filed an adversary proceeding against Timken (the "Adversary Proceeding") under seal.

8.     To the best of my knowledge, information, and belief, neither Timken nor its counsel was aware of the Adversary Proceeding until Timken was served with it on or about April 8, 2010.

881760                                  - 2 -

9.    Upon information and belief, the statute of limitations for asserting the claims asserted in the Adversary Proceeding expired on or about October 8, 2007.

10.    Upon information and belief, the Debtors filed three separate motions between February 2008 and October 2009 for an order further extending the deadline to serve process in connection with the above-referenced adversary proceeding (collectively, the "Extension Motions"). To the best of my knowledge, information, and belief, no notice was given to Timken or its counsel that the Extension Motions related to claims against Timken. To the best of my knowledge, information, and belief, neither Timken nor its counsel were served with copies of the Extension Motions by overnight mail.

11.    Upon information and belief, the bankruptcy court entered orders granting each of the Extension Motions (collectively, the "Extension Orders"). To the best of my knowledge, information, and belief, no notice was given to Timken or its counsel that the Extension Orders related to claims against Timken. To the best of my knowledge, information, and belief, neither Timken nor its counsel were served with a copy of the Extension Orders by overnight mail.


[Remainder of Page Intentionally Blank]

881760

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on this 12th day of July, 2011 at Canton, Ohio.

Michael Hart