# EXHIBIT 28

# EXHIBIT 28

**Victory Packaging, Adv. Proc. No.: 07-02551-rdd**

Victory Packaging received electronic notice of the Final Extension Motion (Docket No. 18952). As confirmed by the Affidavit of Service for the Final Extension Motion, that motion was electronically served by KCC on October 2, 2009 on Ira L. Herman and John S. Brannon, both of Thompson & Knight LLP, as counsel for Victory Packaging. *Ex. 4, October 7, 2009 Affidavit of Service—Ex. B, 2002 List, p. 21 of 22 (Docket No. 18967)*. Additionally, Mr. Herman received an automatic ECF notice of the Final Extension Motion when that motion was filed on the docket. *Ex. 10, October 2, 2009 ECF Notice of Electronic Filing, p. 16 (Docket No. 18952)*. Further, both Mr. Herman and Mr. Brannon were also served with the Proposed Forty-Eighth Omnibus Hearing Agenda (Docket No. 18991), which specifically identified the Debtors' Final Extension Motion as Agenda item C(1). *Ex. 6, October 26, 2009 Affidavit of Service, Ex. B, 2002 List, p. 21 of 22 (Docket No. 19015)*; *Ex. 5, October 21, 2009 Proposed Forty-Eighth Omnibus Hearing Agenda (Docket No. 18991)*. Victory Packaging does not claim that it did not receive the Final Extension Motion. Rather, in the Declaration of Leah Borrello, its Chief Financial Officer, Victory Packaging declares only that a review of its business records reveals no evidence that the Final Extension Motion was served "by overnight mail (or postage pre-paid US mail)."[1] *Ex. 28(a), July 12, 2011 Declaration of Leah Borrello, ¶ 3*. As stated above, Victory Packaging was served via two of its counsel, Ira L. Herman and John S. Brannon, Thompson & Knight LLP. Local Rule 5.2 of the Southern District of New York provides that "[a] paper

---

[1] Ms. Borrello's assertion is apparently premised on the notion that Victory Packaging was required to be served by overnight mail (or postage pre-paid U.S. mail) under paragraph 15 of the Supplemental Case Management Order (Docket No. 2883). For the reasons set forth in detail in the Omnibus Response and the Skadden Filings, that premise is erroneous.

served and filed by electronic means in accordance with procedures promulgated by the Court is, for purposes of Federal Rule of Civil Procedure 5, served and filed in compliance with the local civil rules of the Southern and Eastern Districts of New York." *LR 5.2.*

Furthermore, Victory Packaging received relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. The Affidavit of Service for the Preservation of Estate Claims Procedures Motion confirms that Messrs. Brannon and Herman received electronic service of that motion (which motion was filed as Docket No. 8905) as counsel for Victory Packaging. *Ex. 11, August 10, 2007 Affidavit of Service—Ex. B, 2002 List, p. 19 of 20 (Docket No. 9039).* Messrs. Brannon and Herman also received electronic service of the August 16, 2007 Preservation of Estate Claims Procedures Order (Docket No. 9105), which, among other things, (i) authorized the Debtors to file complaints in the adversary proceedings pertaining to avoidance actions under seal, (ii) stayed each adversary proceeding unless and until the Debtors made service of process on the respective defendants, and (iii) extended to March 31, 2008 the deadline under Federal Rule of Civil Procedure 4(m) by which the Debtors would have to serve process, so that the complaints would not be subject to dismissal under Federal Rule of Civil Procedure 4(m). *See Ex. 12, August 23, 2007 Affidavit of Service–Ex. B, 2002 List, p. 19 of 20 (Docket No. 9141).* Similarly, Messrs. Brannon and Herman were electronically served with the subsequently filed (i) First Extension Motion (Docket No. 12922), *Ex. 13, March 4, 2008 Affidavit of Service—Ex. B, 2002 List, p. 20 of 21 (Docket No. 12970)*; (ii) First Extension Order (Docket No. 13277), *Ex. 14, April 1, 2008 Affidavit of Service—Ex. A, 2002 List, p. 20 of 21 (Docket No. 13315)*; (iii) Second Extension Motion (Docket No. 13361), *Ex. 15, April 16, 2008 Affidavit of Service—Ex. B, 2002*

2

*List, p. 20 of 21 (Docket No. 13415);* and (iv) Second Extension Order (Docket No. 13484), *Ex. 16, May 6, 2008 Affidavit of Service—Ex. A, 2002 List, p. 19 of 20 (Docket No. 13540)*.

Moreover, Victory Packaging was served with the First Amended Plan Disclosure Statement, filed in December 2007. *Ex. 7, January 11, 2008 Affidavit of Service–Ex. W (Docket No. 11974)*; *see also id. at Ex. EEE.* Further, on December 13, 2007, the Debtors filed a copy of the First Amended Plan Disclosure Statement publicly with their Form 8-K, Docket No. 11388. The First Amended Plan Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue (as did the Extension Motions and Extension Orders) and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153*.

Through the information conveyed in the above filings, Victory Packaging cannot credibly deny knowledge that avoidance claims were filed, placed under seal and the summons had been extended. Victory Packaging was listed as one of Debtors' 50 largest unsecured creditors, along with Robert Bosch Corporation, PBR Automotive USA Pacific, HSS LLC, Philips Semiconductors, Applied Bio Systems, Methode and Timken. Moreover, Victory Packaging had every reason to anticipate that it was the target of one of the avoidance claims. As set forth in the complaint, Victory Packaging was a significant supplier who shortly before the chapter 11 petition was filed demanded modified payment terms and received over $6 million in non-ordinary course avoidable payments. Victory Packaging received 3 large non-ordinary course payments of $1,018,172.16, $1,846,093.43 and $2,477,875.00 on September 16, 2005,

3

September 30, 2005 and October 7, 2005, respectively, all within weeks of Delphi chapter 11 filing. *Ex. 28(b), Victory Packaging Transfer Details*. Undoubtedly, Victory Packaging understood the preference implications related to these transfers. Sophisticated creditors like Victory Packaging typically are well aware of prospects and risks of preference litigation and it seems unlikely that creditors like Victory Packaging could be surprised or caught off guard when such preference complaints are finally filed. *See In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

4

# EXHIBIT A

**THOMPSON & KNIGHT LLP**
900 Third Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 751-3001
Facsimile: (212) 751-3113
Ira L. Herman
Jennifer A. Christian
Gabrielle E. Farina

*Attorneys for Victory Packaging LP*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:                                              :
                                                    :    Case No. 05-44481 (RDD)
DPH HOLDINGS CORP., et al.,                         :    (Jointly Administered)
                                                    :
        Reorganized Debtors.                        :    Chapter 11
------------------------------------------------------x
DELPHI CORPORATION, et al.                          :
                                                    :
                Plaintiffs,                         :
                                                    :    Adv. No. 07-02551 (RDD)
        -against-                                   :
                                                    :
VICTORY PACKAGING and                               :
VICTORY PACKAGING LP,                               :
                                                    :
                Defendants.                         :
------------------------------------------------------x

**DECLARATION OF LEAH BORRELLO IN SUPPORT
OF VICTORY PACKAGING LP'S OPPOSITION TO REORGANIZED DEBTORS'
MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS**

LEAH BORRELLO, hereby declares, pursuant to 28 U.S.C. § 1746:

1. I am currently the Chief Financial Officer of Victory Packaging LP ("Victory") and have substantial knowledge regarding Victory's relationship with Delphi Corporation and its affiliates (collectively, the "Debtors").



2. I submit this Declaration in connection with the above-captioned bankruptcy case and adversary proceeding in support of (a) Victory's Opposition (the "Opposition") to the Reorganized Debtors' Motion for Leave to File Amended Complaints (the "Motion to Amend"), and (b) Victory's joinder [Docket No. 20713] in the motion to vacate the order [Docket No. 18999] (the "Fourth Extension Order") that was entered granting the *Supplemental Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection with Preservation of Estate Claims Procedures Order* [Docket No. 18952] (the "Fourth Extension Motion").

3. A review of the business records maintained by Victory in the ordinary course reveals no evidence that Victory was served with any of the four Extension Motions by overnight mail (or postage pre-paid US mail).

4. Accordingly, Victory submits this Declaration and requests that the Court grant the motion to vacate the Fourth Extension Order and deny the Motion to Amend its complaint against Victory on a final basis.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 12, 2011

/s/ Leah Borrello
Leah Borrello

# EXHIBIT B

# Delphi
## Pre Petition Wire Analysis Review Form

*PAID*
*00 675093*
*9-19-05*
*ADM 220509 19/10/81*

*985*

| | |
|---|---|
| Vendor Name: | **Victory Packaging** |
| Remit Duns: | ━━━━━━━━━ |
| Date of Wire: | **9/16/2005** (Actual wire date not date requested) |
| Amount of Wire | **$1,018,172.16** (Indicate currency if other than USD) |
| Source: | **Treasury** (e.g. Treasury, ACS or Wire Room) |

What was intent of wire made above?     (Place X in the most appropriate box below)

To Pay for Shipments Prior to Wire:              [X]

To Pay for Shipments Subsequent to Wire:     [ ]

To Pay for Shipments both Prior & Subsequent: [ ]

Unknown Intent:                               [ ]

Please **attach** documentation in support of the above assessment of intent. Documentation may include but is not limited to the following types of documentation:

- Email correspondence indicating intent for wire
- Detail lists of invoices/shipments that are being remitted
- Letters/notes/memos indicating intent for wire
- Meeting/Phone conversation minutes that indicate intent
- E-Dacor listings indicating amount due at date of wire that match wire amounts
- Terms deviation requests that indicate wire amount and intent for wire

## Delphi
## Pre Petition Wire Analysis Review Form

986

| | | |
|---|---|---|
| Vendor Name: | Victory Packaging | |
| Remit Duns: | ~~[redacted]~~ | |
| Date of Wire: | 9-30-05 | (Actual wire date not date requested) |
| Amount of Wire | $1,846,093.43 | (Indicate currency if other than USD) |
| Source: | Treasury | (e.g. Treasury, ACS or Wire Room) |

What was intent of wire made above?     (Place X in the most appropriate box below)

To Pay for Shipments Prior to Wire:  [X]

To Pay for Shipments Subsequent to Wire:  [ ]

To Pay for Shipments both Prior & Subsequent:  [ ]

Unknown Intent:  [ ]

Please **attach** documentation in support of the above assessment of intent. Documentation may include but is not limited to the following types of documentation:

- Email correspondence indicating intent for wire
- Detail lists of invoices/shipments that are being remitted
- Letters/notes/memos indicating intent for wire
- Meeting/Phone conversation minutes that indicate intent
- E-Dacor listings indicating amount due at date of wire that match wire amounts
- Terms deviation requests that indicate wire amount and intent for wire

**Payment Term Deviation Request Form**

Date: 10-07-2005

Subject: Request for Authorization for Deviation: (Check One)
☐ Standard Supplier Payment Terms
X Expedited Payment
From: Kraig Webber / Bjoern Goeke
Position: CTL Packaging /CM Material Mgmt
Division: Delphi A
Location/phone: 248-813-3049 // 248-813-1468
To: Delphi Supply Management Financial Manager (North America Only)
Or
Delphi Regional Financial Director

The following information is provided to support this request for a deviation from the Delphi Corporate standard supplier payment terms of second day of the second month (MNS-2) or to request an expedited payment. It has been approved and signed (see below) by the Vice President of the requester named above.

**Supplier Information**
Name: Victory Packaging
Address: 3555 Timmons Lane, Suite 1440, Houston, TX 77027
Phone: 713-961-3299
Contact: Benjamin Samuels, Vice Chairman
DUNS No.: Various

**Contract Information**
PO #: All (see attached file)
Contract Source Sys.: Packaging
Annual Purchase Value: 52,000,000
Payment of ALL Aged Past Due Payments scheduled in DACOR due to a mistake by DGSM in changing Payment Terms as agreed and negotiated between Delphi and VP

Exp. Pymt: $2,477,875

Description of a commodity purchased or type of business conducted with the supplier:

**Payment terms to be changed**
From: Net 7, 4%
To: Net Immediate - Wire

**Effective date:**
From: 09-01-2005
To: 09-30-2005

Reason for deviation to standard payment terms: (Reference supplier financial situation, legal ramifications, if any; tax issues etc.)
Delphi owes VP the amount of $2,477,875 in past due invoices for shipments between 09-01 and 09-30. These Past Due must be paid Net Immediate – Wire – due to an administrative mistake by DGSM to update the PO's and Releases accordingly. All shipments and proof of deliveries are in Dacor.

Requester: Bjoern Goeke  10/07/2005    10-07-2005
Name:
Phone No: 248-813-1469   Fax No:

Approved: [signature]    10/7/05
Delphi Supply Management Financial manager (North America Only)
Or
Delphi Regional Financial Director [signature]

Approved: [signature] 10/7/05

Victory Payment Deviation Change Past Due 09 Payments 10-07-2005    DELPHI CONFIDENTIAL    -2-
Last Printed 10/07/05 8:07 AM    Uncontrolled Copy

TNUM 879372

# DELPHI AUTOMOTIVE SYSTEMS LLC
## 5725 Delphi Drive
## Troy, Michigan 48098

Control Number: DAS-_____

October 7th, 2005

Ms. Cynthia Hewlett
Delphi Automotive Systems
5725 Delphi Drive
Troy, Michigan 48098-2815

Dear Ms. Hewlett:

Please accept this letter as your authority to charge the "Delphi Automotive Systems LLC." Account No. 361388594 maintained with Bank One Michigan in the amount of $638,000.00 (six hundred thirty eight thousand dollars and zero cents), and to transfer said amount with good value on October 7th, 2005 to:

Bank:           Bank of America
ABA Number:     111-000-025
Beneficiary:    Victory Packaging, LP
Account #:      [redacted]

Sincerely,

Authorized Signature _____    Countersignature _____

**FARS should charge these funds to:**

| GRP | GL   | GL SUF | SUB ACCT    | PROD LINE |
|-----|------|--------|-------------|-----------|
| (2) | (4)  | (5)    | (11)        | (4)       |
| EW  | 1880 | 33000  | 00000000000 | 0000      |

| Description of Transaction: Accounting Note: | Payment of past-dues to Victory Packaging |
|---|---|
| Unit/Staff G/L Account Contact: | Brad Nielsen 248-813-2590 (phone) / 248-813-2410 (fax) |
| DELPHI-T.O. Contact: | Cynthia Hewlett 248-813-3340 (phone) / 248-813-3381 (fax) |

LLC wire letter

**Payment Term Deviation
Request Form**

Date: 09-13-2005

Subject: Request for Authorization for Deviation: (Check One)
☐ Standard Supplier Payment Terms
X  Expedited Payment

From: Kraig Webber / Bjoern Goeke
Position: CTL Packaging /CM Material Mgmt
Division: Delphi A
Location/phone: 248-813-3049 // 248-813-1468
To: Delphi Supply Management Financial Manager (North America Only)
Or
Delphi Regional Financial Director

The following information is provided to support this request for a deviation from the Delphi Corporate standard supplier payment terms of <u>second day of the second month (MNS-2)</u> or to request an expedited payment. It has been approved and signed (see below) by the Vice President of the requester named above.

| Supplier Information | | Contract Information | |
|---|---|---|---|
| Name: | Victory Packaging | PO #: | All |
| Address: | 3555 Timmons Lane, Suite 1440, Houston, TX 77027 | Contract Source Sys.: | Packaging |
| Phone: | 713-961-3299 | Annual Purchase Value: | 52,000,000 |
| Contact: | Benjamin Samuels, Vice Chairman | | |
| DUNS No.: | Various | | |

Description of a commodity purchased or type of business conducted with the supplier:

| Payment terms to be changed | | Effective date: | |
|---|---|---|---|
| From: | Net 30, 1%   (23) | From: | 09-14-2005 |
| To: | Net 7, 4% | To: | 10-31-2005 |

Reason for deviation to standard payment terms: (Reference supplier financial situation, legal ramifications, if any; tax issues etc.)
Supplier is concerned about Delphi's financial terms

Requester: Bjoern Goeke    9/13/05        09-13-2005
Name
Phone No: 248-813-1469    Fax No:        Date

Approved: _____    9/13/05
Delphi Supply Management Financial manager (North America Only)    Date
Or
Delphi Regional Financial Director

Approved: _____    9/13
Vice President - Delphi Global Supply Management    Date
9/13/05