# EXHIBIT 29

# EXHIBIT 29

**Solid State Stamping Inc., Adv. Pro. No. 07-02633**
#

Solid State Stamping Inc. ("Solid State") received notice of the Final Extension Motion (Docket No. 18952). It is documented that the motion was electronically sent to "Franklin C. Adams on behalf of . . . Solid State Stamping" at franklin.adams@bbklaw.com. *Ex. 10, October 2, 2009 ECF Notice of Electronic Filing, p. 3 (Docket No. 18952)*. Mr. Adams also received an ECF notice of at least two previous Extension Motions (Docket Nos. 12991 and 13361). *Ex. 18, February 28, 2008 ECF Notice of Electronic Filing, p. 1 (Docket No. 12922); Ex. 19, April 10, 2008 ECF Notice of Electronic Filing, p. 1 (Docket No. 13361)*.[1] Contrary to this documented evidence of notice, Solid State filed the Declaration of Neil D. Allen, Executive Vice President and Chief Operating Officer of Sunstone Components Group, Inc. (f/k/a Solid State Stamping Inc.). *Ex. 29(b), July 7, 2011 Declaration of Neil D. Allen ¶ 1*. Mr. Allen states that Solid State did not receive or have knowledge of the Extension Motions. *Id. at ¶ 6*. Mr. Allen, however, does not dispute that Solid State's counsel of record was served.

Solid State also received relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. Solid State was served with the First Amended Plan Disclosure Statement, filed in December 2007. *Ex. 7, January 11, 2008 Affidavit of Service–Ex. W (Docket No. 11974)*. On December 13, 2007, the Debtors filed a copy of the First Amended Plan Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The First Amended Plan Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations

---

[1] While the ECF notices admittedly do not specify that Mr. Adams received these motions in his capacity as counsel for Solid State, Mr. Adams' other filings on the docket evidence that he began representing Solid State no later than October 14, 2005. *See Ex. 29(a), October 14, 2005 Notice of Reclamation Demand of Solid State Stamping (Docket No. 531)*.

period. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue (as did the Extension Motions) and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153*. Sophisticated creditors like Solid State typically are well aware of prospects and risks of preference litigation and it seems unlikely that creditors like Solid State could be surprised or caught off guard when such preference complaints are finally filed. *See In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

**BEST BEST & KRIEGER LLP**
3750 University Avenue, Suite 400
P.O. Box 1028
Riverside, California 92502-1028
Telephone: (909) 686-1450
Telecopier: (909) 686-3083

**United States Bankruptcy Court**
**Southern District of New York**
**One Bowling Green, Sixth Floor**
**New York, NY   10004-1408**

Re:    In Re: Delphi Corporation; Case No. 05-44481 (RDD)

Enclosed please find: _____ **NOTICE OF RECLAMATION DEMAND BY SOLID STATE STAMPING** _____

| | |
|---|---|
| _____ | For your information, files and/or records. |
| _____ | In accordance with your request. |
| _____ | Please read and return your comments to me. |
| _____ | Please contact this office to schedule an appointment. |
| _____ | Please sign (in **BLACK INK** only) where indicated and return. |
| __X__ | Please file and return a conformed copy to this office. |
| _____ | Please record and return to this office. |
| _____ | Enclosed, check number _____ in the amount of $_____ for _____ fees.  Kindly return your receipt |
| __X__ | Enclosed is self-addressed envelope for the return of the above-mentioned enclosure(s). |
| __X__ | Other _____ |

                                                          Sincerely,
                                                          FRANKLIN C. ADAMS
                                                          for BEST BEST & KRIEGER

RVLIT\LDS\627417.1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>DELPHI CORPORATION, et al.,<br><br>Debtor. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br>(Jointly Administered)<br><br>NOTICE OF RECLAMATION DEMAND BY SOLID STATE STAMPING |

Solid State Stamping ("Solid State"), by and through its undersigned counsel, hereby gives notice that on October 14, 2005 Solid State served written demand of its demand for reclamation, a true and exact copy of which is attached hereto as Exhibit "A" (the "Notice"). The goods subject to Solid State's demand for reclamation are described in the Notice

Dated: Riverside, California.
       October 14, 2005

Respectfully submitted,

BEST BEST & KRIEGER LLP

By: _____
FRANKLIN C. ADAMS, Bar No. 85351
3750 University Avenue
P.O. Box 1028
Riverside, California 92502
(951) 686-1450
Attorneys for Creditor
Solid State Stamping

RVLIT\FCA\691222.1

ORIGINAL

# EXHIBIT "A"

RVLIT\DD\650342.1

# BEST BEST & KRIEGER LLP
A CALIFORNIA LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
LAWYERS

| | | |
|---|---|---|
| INDIAN WELLS<br>(760) 568-2611 | 3750 UNIVERSITY AVENUE<br>POST OFFICE BOX 1028<br>RIVERSIDE, CALIFORNIA 92502-1028<br>(951) 686-1450<br>(951) 686-3083 FAX<br>BBKLAW.COM | SACRAMENTO<br>(916) 325-4000 |
| IRVINE<br>(949) 263-2600 | | SAN DIEGO<br>(619) 525-1300 |
| ONTARIO<br>(909) 989-8584 | | WALNUT CREEK<br>(925) 746-7300 |

QUEENIE K. NG
QUEENIE.NG@BBKLAW.COM

October 14, 2005

**VIA FACSIMILE AND MAIL**

Delphi Corporation
Attn: John D. Sheehan
Vice President and Chief Restructuring Officer
5725 Delphi Drive
Troy, MI 48098
Fax: (248) 813-2670

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: John William Butler, Jr.
333 W. Wacker Dr., Suite 2100
Chicago, IL 60606-1285
Fax: (312) 407-0411

      Re:   In re Delphi Corporation, et al.; Case No. 05-44481
             <u>Notice of Reclamation by Solid State Stamping</u>

Dear Sirs:

      This firm represents Solid State Stamping ("Solid State") in connection with the above-referenced matter. Pursuant to Uniform Commercial Code Section 2-702 and Bankruptcy Code 546(c), 11 U.S.C. Section 546(c), Solid State hereby demands reclamation of all of its products received by the above-referenced debtors within the applicable statutory reclamation period, including but not limited to all products that were delivered in connection with the documents listed on Exhibit "A" attached hereby totaling $269,828.77. Solid State demands an immediate inventory from you of all products and all other items subject to reclamation pursuant to this Notice Solid State will provide additional documentation supporting this claim upon request.

                                        Very truly yours,

                                        Queenie K. Ng
                                        for BEST BEST & KRIEGER LLP

QKN:lds
Enclosure
RVLIT\FCA\691224.1

EXHIBIT A

| Invoice Date | Shipment Date | Invoice Number | PO# | Invoice Amount |
|---|---|---|---|---|
| 9/28/2005 | 9/28/2005 | 3380-7 | PEDP4260005 | $249.54 |
| 9/28/2005 | 9/28/2005 | 3381-55 | PEDP4260005 | $5,755.80 |
| 9/28/2005 | 9/28/2005 | 3383-286 | PEDP4260005 | $5,768.96 |
| 9/28/2005 | 9/28/2005 | 3403-25 | PEDP4260009 | $5,695.89 |
| 9/28/2005 | 9/28/2005 | 3571-37 | PEDP4260004 | $97.60 |
| 9/28/2005 | 9/28/2005 | 3571-39 | PEDP4260004 | $1,861.65 |
| 9/28/2005 | 9/28/2005 | 3671-2 | PEDP4260002 | $3,077.00 |
| 9/29/2005 | 9/29/2005 | 3373-77 | PEDP4260004 | $1,419.42 |
| 9/29/2005 | 9/29/2005 | 3381-56 | PEDP4260005 | $6,248.65 |
| 9/29/2005 | 9/29/2005 | 3383-287 | PEDP4260005 | $6,248.65 |
| 9/29/2005 | 9/29/2005 | 3383-288 | PEDP4260005 | $5,730.96 |
| 9/29/2005 | 9/29/2005 | 3554-26 | P69326 | $6,234.41 |
| 9/29/2005 | 9/29/2005 | 3554-27 | P69326 | $6,246.26 |
| 9/29/2005 | 9/29/2005 | 3555-38 | P69326 | $5,526.56 |
| 9/29/2005 | 9/29/2005 | 3555-39 | P69326 | $5,514.36 |
| 9/30/2005 | 9/30/2005 | 3370-44 | PEDP4260004 | $1,167.59 |
| 9/30/2005 | 9/30/2005 | 3383-289 | PEDP4260005 | $5,748.50 |
| 9/30/2005 | 9/30/2005 | 3383-290 | PEDP4260005 | $5,713.42 |
| 9/30/2005 | 9/30/2005 | 3383-291 | PEDP4260005 | $5,736.81 |
| 9/30/2005 | 9/30/2005 | 3397-2 | PEDP4260006 | $596.76 |
| 9/30/2005 | 9/30/2005 | 3401-16 | PEDP4260006 | $222.50 |
| 9/30/2005 | 9/30/2005 | 3475-22 | 550015896 | $1,398.30 |
| 9/30/2005 | 9/30/2005 | 3475-23 | 550015896 | $1,398.30 |
| 10/3/2005 | 10/3/2005 | 3373-78 | PEDP4260004 | $3,222.42 |
| 10/3/2005 | 10/3/2005 | 3383-292 | PEDP4260005 | $5,760.19 |
| 10/3/2005 | 10/3/2005 | 3439-4 | 9571-054046 | $5,293.35 |
| 10/4/2005 | 10/4/2005 | 3369-513 | PEDP4260004 | $1,419.42 |
| 10/4/2005 | 10/4/2005 | 3369-514 | PEDP4260004 | $4,219.25 |
| 10/4/2005 | 10/4/2005 | 3369-515 | PEDP4260004 | $4,216.17 |
| 10/4/2005 | 10/4/2005 | 3369-516 | PEDP4260004 | $4,210.01 |
| 10/4/2005 | 10/4/2005 | 3369-517 | PEDP4260004 | $4,219.76 |
| 10/4/2005 | 10/4/2005 | 3369-518 | PEDP4260004 | $4,136.99 |
| 10/4/2005 | 10/4/2005 | 3369-519 | PEDP4260004 | $4,141.40 |
| 10/4/2005 | 10/4/2005 | 3369-520 | PEDP4260004 | $4,125.97 |
| 10/4/2005 | 10/4/2005 | 3369-521 | PEDP4260004 | $4,147.46 |
| 10/4/2005 | 10/4/2005 | 3369-522 | PEDP4260004 | $3,516.51 |
| 10/4/2005 | 10/4/2005 | 3369-523 | PEDP4260004 | $3,870.30 |
| 10/4/2005 | 10/4/2005 | 3369-524 | PEDP4260004 | $10,744.47 |
| 10/4/2005 | 10/4/2005 | 3369-525 | PEDP4260004 | $11,640.65 |
| 10/4/2005 | 10/4/2005 | 3370-45 | PEDP4260004 | $282.26 |
| 10/4/2005 | 10/4/2005 | 3373-79 | PEDP4260004 | $1,193.96 |
| 10/4/2005 | 10/4/2005 | 3375-19 | PEDP4260006 | $3,423.84 |
| 10/4/2005 | 10/4/2005 | 3376-68 | PEDP4260005 | $4,401.43 |
| 10/4/2005 | 10/4/2005 | 3383-293 | PEDP4260005 | $5,660.81 |
| 10/4/2005 | 10/4/2005 | 3571-40 | PEDP4260004 | $2,129.55 |
| 10/5/2005 | 10/5/2005 | 3373-80 | PEDP4260004 | $514.22 |
| 10/5/2005 | 10/5/2005 | 3383-294 | PEDP4260005 | $5,757.27 |
| 10/5/2005 | 10/5/2005 | 3383-295 | PEDP4260005 | $5,757.27 |
| 10/5/2005 | 10/5/2005 | 3571-41 | PEDP4260004 | $897.81 |
| 10/6/2005 | 10/6/2005 | 3373-81 | PEDP4260004 | $3,207.64 |
| 10/6/2005 | 10/6/2005 | 3380-8 | PEDP4260005 | $5,841.01 |
| 10/6/2005 | 10/6/2005 | 3380-9 | PEDP4260005 | $5,879.98 |
| 10/6/2005 | 10/6/2005 | 3383-296 | PEDP4260005 | $5,736.81 |
| 10/6/2005 | 10/6/2005 | 3383-297 | PEDP4260005 | $5,777.73 |
| 10/6/2005 | 10/6/2005 | 3554-28 | P69326 | $6,063.60 |
| 10/6/2005 | 10/6/2005 | 3554-29 | P69326 | $6,248.66 |
| 10/6/2005 | 10/6/2005 | 3555-40 | P69326 | $5,417.44 |
| 10/6/2005 | 10/6/2005 | 3555-41 | P69326 | $5,544.67 |
| 10/6/2005 | 10/6/2005 | 3571-42 | PEDP4260004 | $820.94 |
| 10/7/2005 | 10/7/2005 | 3370-46 | PEDP4260004 | $1,654.68 |
| 10/7/2005 | 10/7/2005 | 3380-10 | PEDP4260005 | $555.08 |
| 10/7/2005 | 10/7/2005 | 3381-57 | PEDP4260005 | $5,750.43 |
| 10/7/2005 | 10/7/2005 | 3383-298 | PEDP4260005 | $5,792.34 |
| 10/7/2005 | 10/7/2005 | 3383-299 | PEDP4260005 | $5,786.50 |
| 10/7/2005 | 10/7/2005 | 3475-24 | 550015896 | $1,398.30 |
| 10/7/2005 | 10/7/2005 | 3571-43 | PEDP4260004 | $1,792.33 |
| | | | TOTAL A/R | $269,826.77 |

# PROOF OF SERVICE

I, Lisa D. Spencer, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is Best Best & Krieger LLP, 3750 University Avenue, P.O. Box 1028, Riverside, California 92502. On October 19, 2005, I served the within document(s):

**NOTICE OF RECLAMATION DEMAND BY SOLID STATE STAMPING**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Riverside, California addressed as set forth below.

☐ by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ I caused such envelope to be delivered via overnight delivery addressed as indicated on the attached service list. Such envelope was deposited for delivery by _____ following the firm's ordinary business practices.

**\*\*SEE ATTACHED SERVICE LIST\*\***

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 19, 2005, at Riverside, California.

*Lisa Spencer*
Lisa D. Spencer

## SERVICE LIST

**Debtor**
Delphi Corporation
Attn: John D. Sheehan
Vice President and Chief Restructuring Officer
5725 Delphi Dr.
Troy, MI  48098

**Debtor's Counsel**
John W. Butler, Jr.
Skadden, Arps, Slate, Meagher & Flom LLP
333 W. Wacker Dr., Suite 2100
Chicago, IL  60606-1285

Kayalyn A. Marafioti
Thomas J. Matz
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036

Alicia M. Leonhard
Office of the U. S. Trustee
33 Whitehall St.
New York, NY  10004

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                  :   Chapter 11
                                                        :
DELPHI CORPORATION, et al.,                             :   Case No. 05-44481-RDD
                                                        :
                                Debtors.                :
------------------------------------------------------------X
DELPHI CORPORATION, et al.,                             :
                                                        :
                                Plaintiffs,             :   Adv. No. 07-02633-RDD
        v.                                              :
                                                        :
SOLID STATE STAMPING INC., SOLID                        :
STATE STAMPING I and SOLID STATE                        :
STAMPLING INC.,                                         :
                                                        :
                                Defendants.             :
------------------------------------------------------------X

## DECLARATION OF NEIL D. ALLEN
## IN FURTHER SUPPORT OF SUNSTONE
## COMPONENTS GROUP, INC.'S JOINDERS IN (1) THE MOTION AND BRIEF OF DEFENDANT DOSHI PRETTL INTERNATIONAL FOR RELIEF FROM FOURTH ORDER EXTENDING TIME TO SERVE COMPLAINT AND (2) THE OBJECTIONS, BRIEFS, AND SUR-REPLIES WITH RESPECT TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS

STATE OF CALIFORNIA        )
                           ) ss.:
COUNTY OF RIVERSIDE        )

Pursuant to 28 § 1746, Neil D. Allen, declares as follows:

### Background

1.    I have been employed by Sunstone Components Group, Inc. (f/k/a Solid State Stamping Inc.) ("SCG") since 2000 and am currently its Executive Vice President and Chief Operating Officer.

2.    I work at SCG's corporate offices, which are located at 42580 Rio Nedo, Temecula, CA 92590-3727. I am familiar with the day-to-day operations, business, and financial affairs of SCG.

3. I submit this declaration in further support of SCG's Joinders in (1) the Motion and Brief of Defendant Doshi Prettl International for Relief From Fourth Order Extending Time to Serve Complaint and (2) the Objections, Briefs, and Sur-Replies With Respect to Reorganized Debtors' Motion for Leave to File Amended Complaints, and in accordance with the Bankruptcy Court's direction at the June 21, 2011 hearing.

4. I have personal knowledge of the facts set forth herein, and if I were called to testify, I would and could testify competently concerning those facts.

**Lack of Notice of Fourth Extension Motion and Other Pleadings**

5. SCG did not receive electronic notice of any filings in either Delphi's bankruptcy case or this adversary proceeding (the "Adversary Proceeding").

6. SCG never received, nor did it have knowledge of, any of the motions seeking, among other things, the establishment of procedures for the Adversary Proceeding, leave to file the Adversary Proceeding under seal, extensions of time to serve the summons and complaint in the Adversary Proceeding, and/or a stay of the Adversary Proceeding until service of process was effected.

7. In particular, SCG never received, nor did it have knowledge of, the Supplemental Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection With Preservation of Estate Claims Procedures Order, dated October 2, 2009 (D.I. #18952) (the "Fourth Extension Motion"). A copy of the affidavit of service (D.I. #18967) with respect to the Fourth Extension Motion is attached hereto as Exhibit A. <u>Neither SCG nor any of its predecessors or affiliates is listed anywhere on that affidavit of service</u>. Nor did SCG or any of its predecessors or affiliates receive (1) the Fifteenth Supplement Case Management Order (D.I. #18839), dated August 26, 2009, which, I understand, scheduled the omnibus hearing date on

2

which the Fourth Extension Motion was heard or (2) the Order (D.I. #18999), dated October 22, 2009, granting the Fourth Extension Motion.

8. Moreover, at the request of counsel, I have reviewed the following additional affidavits of service and have confirmed that neither SCG not any of its predecessors or affiliates is listed thereon:

| Pleading | Pleading Docket Index Number | Affidavit of Service Index Number |
|---|---|---|
| Preservation of Estate Claims Procedures Motion | 8905 | 9039 |
| Preservation of Estate Claims Procedures Motion Order | 9105 | 9141 |
| Extension of Avoidance Action Service Deadline Motion | 12922 | 12970 |
| Extension of Avoidance Action Service Deadline Order | 13277 | 13313 |
| Postconfirmation Extension of Avoidance Action Service Deadline Motion | 13361 | 13415 |
| Postconfirmation Extension of Avoidance Action Service Deadline Order | 13484 | 13540 |

9. SCG was not aware of the Adversary Proceeding until it was served with a summons and the Complaint in late February 2010.

## Assumption of Contracts

10. SCG never received, nor did it have knowledge of, any Notice of Non-Assumption of Contracts or Leases.

11. At the request of counsel, I have reviewed the following affidavits of service of Notice of Non-Assumption of Contracts or Leases and have confirmed that neither SCG not any of its predecessors or affiliates is listed thereon: D.I. #12196; D.I. #12220; D.I. #12238; D.I. #12520; D.I. #17728; and D.I. #18628.

I declare under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

July 7, 2011
Temecula, CA

s/ Neil D. Allen
Neil D. Allen
