# EXHIBIT 30

# EXHIBIT 30

## Castrol and Castrol Industrial, Adv. Pro. No. 07-02270 -rdd

James Carr, attorney of record for Castrol Industrial, received notice of the Final

Extension Motion.  *Ex. 10, October 2, 2009 ECF Notice of Electronic Filing, p. 3 (Docket No.*

*18952)*.  Mr. Adams also received an ECF notice of at least two previous Extension Motions

(Docket Nos. 12991 and 13361).  *Ex. 18, February 28, 2008 ECF Notice of Electronic Filing, p.*

*3 (Docket No. 12922); Ex. 19, April 10, 2008 ECF Notice of Electronic Filing, p. 3 (Docket No.*

*13361)*.[1]  Castrol has not filed an affidavit or declaration.  Instead, Castrol filed a Declaration of

John Everhardus, a person who identified himself as a BP America, Inc. employee but who does

not identify his relationship with Castrol or purport to have personal knowledge of Castrol's

business affairs or the content of his Declaration.  *Ex. 30(b), July 12, 2011 Declaration of John*

*Everhardus, ¶ 1*.  Mr. Everhardus only hints that he has something to do with Castrol through his

vague and conclusory statement that he is a BP employee with knowledge of the business

relations between BP and Castrol and Debtors.

On its face, the Declaration of Mr. Everhardus is deficient and should be disregarded.  In

addition, Mr. Everhardus' unexplained statement that he, as a BP employee, has knowledge of

Castrol's relationship with Debtors runs counter to the position adopted by Castrol in these

proceedings.  On April 12, 2010, Unifrax filed a motion seeking, among other things, to vacate

orders and dismiss the adversary proceedings.  *Ex. 30(c), April 12, 2010 Motion By Unifrax*

*Corp.*  Castrol joined in that motion. *Ex. 30(d), May 17, 2010 Joinder*.  The motion states at

---

[1] While the ECF notices admittedly do not specify that Mr. Carr received these motions in his
capacity as counsel for Castrol, Mr. Carr's other filings on the docket evidence that he began
representing Castrol no later than November 28, 2005.  *See Ex. 30(a), November 28, 2005*
*Objection of Castrol Industrial North America Inc. to Motion for an Order Under 11 U.S.C.*
*Sections 363(b) and 365(a) and Fed. R. Bankr. P. 9019 Establishing Procedures for the*
*Assumption of Executory Contracts (Docket No. 1309)*.

Paragraph 5 that Unifrax and the identified BP and Castrol entities "were and continue to be completely separate entities." *Ex. 30(c), April 12, 2010 Motion By Unifrax Corp., ¶ 5.* This statement is repeated in Paragraph 19 along with the additional assertion that the companies "do not share any operations." *Id. at ¶ 19.*

Moreover, Castrol also received relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. Castrol was served with the First Amended Plan Disclosure Statement, filed in December 2007. *Ex. 7, January 11, 2008 Affidavit of Service–Ex. W (Docket No. 11974).* On December 13, 2007, the Debtors filed a copy of the First Amended Plan Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The First Amended Plan Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue (as did the Extension Motions) and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153.* Sophisticated creditors like Castrol typically are well aware of prospects and risks of preference litigation and it seems unlikely that creditors like Castrol could be surprised or caught off guard when such preference complaints are finally filed. *See In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

KELLEY, DRYE & WARREN LLP
James S. Carr (JC 1603)
Debra SuDock (DS 5605)
101 Park Avenue
New York, New York  10178
Tel:  (212) 808-7800
Fax: (212) 808-7897

Attorneys for Castrol Industrial North America Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
|  | ) | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, *et al.*, | ) |  |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |

_____)

### OBJECTION OF CASTROL INDUSTRIAL NORTH AMERICA INC.
### TO MOTION FOR AN ORDER UNDER 11 U.S.C. §§ 363(b) AND 365(a)
### AND FED. R. BANKR. P. 9019 ESTABLISHING PROCEDURES
### FOR THE ASSUMPTION OF EXECUTORY CONTRACTS

Castrol Industrial North America Inc. ("Castrol"),  a creditor in these cases, by and through its undersigned counsel, hereby files this objection (the "Objection") to the motion, dated November 18, 2005, of the above-captioned debtors (collectively, the "Debtors") for an order under 11 U.S.C. §§ 363(b) and 365(a) establishing procedures to assume certain amended and restated sole source supplier agreements (the "Motion").  In support of its Objection, Castrol respectfully state as follows:

### BACKGROUND

1.    On October 8, 2005 (the "Petition Date"), each of the above-captioned Debtors filed a voluntary petition for relief under the Bankruptcy Code.  Since the Petition Date, the Debtors have operated their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.    Castrol sells various types of fluids and lubricants and also provides staffing services to the Debtors pursuant to the terms of an agreement which will expire on December 30, 2006

(the "Castrol Contract"). Castrol may be deemed, by the Debtors, to be a Critical Supplier (as defined in the Motion).

3.        On November 18, 2005, the Debtors filed the Motion seeking authorization to approve certain procedures (collectively, the "Assumption Procedures") related to the assumption of certain executory contracts which the Debtors deem critical to their operations and which would otherwise expire by their respective terms. Among other things, the Debtors seek authorization: (i) to extend the expiration date of certain executory contracts for a period of up to two (2) years, regardless of the terms of the underlying contract; (ii) to limit the cure payment to seventy-five percent (75%) of a vendor's cure claim (the "Cure Claim"); (iii) to pay the Cure Claim over one and one-half (1 ½) years; (iv) to fix prices under the applicable contract at the current pricing rates; and, (v) require vendors to waive the right to seek additional adequate assurance of future performance.

4.        It appears that the Motion relates to only contracts expiring on or before December 31, 2005. As such, this Objection is being filed out of an abundance of caution and to the extent the Debtors seek authorization which could impact Castrol's rights (as the law of the case or otherwise) under the Castrol Contract.

## GROUNDS FOR OBJECTION

5.        Castrol objects to the establishment and implementation of the Assumption Procedures which negatively impact Castrol's rights and remedies, and are in violation of the express protections provided for creditors under section 365 of the Bankruptcy Code.  The relief sought by the Debtors is arbitrary and provides, among other things,  the Debtors with (i) authority to extend the term of the Castrol Contract for up to two-years, without Castrol's consent and/or further court approval, (ii) with unbridled discretion to unilaterally revise the terms of the Castrol Contract without further court approval and without the consent of Castrol, and (iii) the ability to assume the Castrol Contract without providing Castrol with the protections extended to creditors under section 365 of the Bankruptcy Code.

6.        Although the Debtors have authority to assume a contract under section 365 of the Bankruptcy Code, such assumption cannot be performed in a vacuum.  The Bankruptcy Code

mandates certain minimum requirements that must be satisfied prior to any such assumption, and the

Debtors must not be allowed to circumvent the statutory requirements of the Bankruptcy Code.

       7.      At the minimum, the Castrol Contract can only be assumed in accordance with

the requirements under section 365 of the Bankruptcy Code.  These include, without limitation, (i)

extending the term of the Castrol Contract with the consent of Castrol, (ii) modifying the other terms

(pricing etc.) of the Castrol Contract which are agreed to by both parties, (iii) assuming the Castrol

Contract pursuant to the terms of a separate motion filed with the bankruptcy court, (iii) promptly paying

Castrol's Cure Claim at the time of assumption, and (iv) paying Castrol's Cure Claim in full.

       **WHEREFORE**, Castrol respectfully requests that the Court (i) deny the Motion as set

forth herein, and (ii) grant such other and further relief this Court deems just and proper.


Dated: New York, New York
      November 28, 2005

                           KELLEY DRYE & WARREN LLP

                           By: _/s/ James S. Carr_
                                 James S. Carr (JC 1603)
                                 Debra SuDock (DS 5605)
                           101 Park Avenue
                         New York, New York 10178
                         Tel:  212-808-7800
                         Fax:  212-808-7897

                         Attorneys for Castrol Industrial North America Inc.

## CERTIFICATE OF SERVICE

On November 28,2005, I caused to *OBJECTION OF CASTROL INDUSTRIAL NORTH AMERICA INC.  TO MOTION FOR AN ORDER UNDER 11 U.S.C. §§ 363(b) AND 365(a) AND FED. R. BANKR. P. 9019 ESTABLISHING PROCEDURES FOR THE ASSUMPTION OF EXECUTORY CONTRACT*S to be served the to those parties listed on the annexed schedule. Service was made as indicated.

*/s/Debra SuDock*
Debra SuDock

**<u>SERVICE LIST</u>**

**<u>VIA HAND DELIVERY</u>**
Chambers of The Honorable Robert D. Drain
United States Bankruptcy Court
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

**<u>VIA FAX AND OVERNIGHT DELIVERY</u>**
Alicia M. Leonhard, Esq.
Office of the United States Trustee
Southern District of New York
33 Whitehall Street, Suite 2100
New York, NY 10004
Fax: 212-510-2256

**<u>VIA FAX AND OVERNIGHT DELIVERY</u>**
Mark A. Broude, Esq.
Latham & Watkins
885 Third Avenue
New York, New York 10022
Fax:  212-751-4864

**<u>VIA FAX AND OVERNIGHT DELIVERY</u>**
Marlane Melican, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
Fax: 212-450-3092

**<u>VIA FAX AND OVERNIGHT DELIVERY</u>**
Kenneth S. Zimar, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Fax:  212-455-2502

**<u>VIA FAX AND OVERNIGHT DELIVERY</u>**
John Wm. Butler, Jr., Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL  60606
Fax: 312-407-0411

**<u>VIA OVERNIGHT MAIL</u>**
Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Attn:  General Counsel

**<u>VIA FAX</u>**
Kurtzman Carson Consultants LLC
12910 Culver Boulevard, Suite I
Los Angeles, CA 90066
Fax: 310-823-9133

# EXHIBIT B

**KELLEY DRYE & WARREN LLP**
James S. Carr
Gilbert R. Saydah Jr.
101 Park Avenue
New York, NY 10178
Tel:  (212) 808-7800
Fax:  (212) 808-7897

Attorneys for Defendants
Castrol, and Castrol Industrial

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| DELPHI CORPORATION, *et al.*, ) | Case No. 05-44481 (RDD) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | |
| DELPHI CORPORATION, *et al.*, ) | |
| ) | Adv Pro. No. 07-02270 (RDD) |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| BP, BP AMOCO CORP., BP ) | |
| MICROSYSTEMS INC., BP PRODUCTS ) | |
| NORTH AMERICA INC., CASTROL, ) | |
| CASTROL INDUSTRIAL AND ) | |
| UNIFRAX CORP., ) | |
| ) | |
| Defendants. ) | |

**DECLARATION OF JOHN EVERHARDUS OF BP AMERICA, INC. ON BEHALF OF
CASTROL AND CASTROL INDUSRIAL IN SUPPORT OF (I) OBJECTION TO THE
REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED
COMPLAINTS AND (II) MOTION TO VACATE FOURTH EXTENSION ORDER**

I, John Everhardus, hereby declare pursuant to 28 U.S.C. 1746 and under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1.    I am an employee of BP America, Inc. ("BP"), with knowledge of the business relationship between BP and Castrol Industrial North America Inc. (collectively, "Castrol") on one hand and Delphi Corporation and its affiliates (collectively, the "Debtors") on the other hand.

2.    On June 21, 2011, the Court held a hearing on the Reorganized Debtors' motions to amend its preference complaints, including this complaint against Castrol (the "Complaint") and the motions to vacate the order [Docket No. 18999] (the "Fourth Extension Order") entered granting the <u>Supplemental Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order</u> [Docket No. 18952] (the "Fourth Extension Motion"). In particular, the Court authorized any defendant that did not receive timely notice of the Fourth Extension Motion to file a declaration to that effect.

3.    Castrol did not receive notice of the Fourth Extension Motion, nor any of the Debtors' or Reorganized Debtors' related motions that were filed prior to the Fourth Extension Motion. Accordingly, Castrol submits this declaration and requests that the Court grant the motions to vacate the Fourth Extension Order and deny the Reorganized Debtors' Motion to Amend its Complaint against Castrol on a final basis.

4.    Castrol received no notice and had no knowledge that the Debtors had sued Castrol by filing the complaint (the "Complaint") in the above-captioned adversary proceeding in an attempt to recover at least several million dollars against Castrol until April

2010. Further, Castrol had no notice prior to April 2010 that on several occasions the Debtors had sought and obtained authority to file and maintain over one hundred adversary proceedings under seal and to extend the time for service of the complaints (including the Complaint) long past the expiration of the applicable statute of limitations.

5. On August 7, 2007, the Debtors filed the Expedited Motion For Order Under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), And 546(a) And Fed. R. Bankr. P. 7004, 9006(c), And 9018 (1) Authorizing Debtors To Enter Into Stipulations Tolling Statute Of Limitations With Respect To Certain Claims, (II) Authorizing Procedures To Identify Causes Of Action That Should Be Preserved, And (III) Establishing Procedures For Certain Adversary Proceedings Including Those Commenced By Debtors Under 11 U.S. C. § 541, 544, 545, 547, 548, Or 553 [Docket No. 8905] (the "First Extension Motion"). The Debtors did not serve Castrol with the First Extension Motion, and no reference to Castrol is contained in the relevant affidavit of service filed by the Debtors on or about August 10, 2007 [Docket No. 9039]. Castrol did not receive a copy of the First Extension Motion in connection with its filing, nor did Castrol receive a copy of the related order granting the First Extension Motion until after April 2010.

6. On February 28, 2008, the Debtors filed the Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order [Docket No. 12922] (the "Second Extension Motion"). The Debtors did not serve Castrol with the Second Extension Motion, and no reference to Castrol is contained in the relevant affidavit of service filed by the Debtors on or about March 4, 2008 [Docket No. 12970]. Castrol did not receive a copy of the Second Extension Motion in connection with its

filing, nor did Castrol receive a copy of the related order granting the Second Extension Motion until after April 2010.

7.    On April 10, 2008, the Debtors filed the <u>Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ, P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order</u> [Docket No. 13361] (the "Third Extension Motion"). The Debtors did not serve Castrol with the Third Extension Motion, and no reference to Castrol is contained in the relevant affidavit of service filed by the Debtors on or about April 16, 2008 [Docket No. 13415]. Castrol did not receive a copy of the Third Extension Motion in connection with its filing, nor did Castrol receive a copy of the related order granting the Third Extension Motion until after April 2010.

8.    On October 2, 2009, the Debtors filed the Fourth Extension Motion. The Debtors did not serve Castrol with the Fourth Extension Motion, and no reference to Castrol is contained in the relevant affidavit of service filed by the Debtors on or about October 7, 2009 [Docket No. 18967]. Castrol did not receive a copy of the Fourth Extension Motion in connection with its filing, nor did Castrol receive a copy of the related order granting the Fourth Extension Motion until after April 2010.

9.    Castrol did not learn of the First Extension Motion, the Second Extension Motion, the Third Extension Motion, or the Fourth Extension Motion (collectively, the "Extension Motions") or the hearings thereon until long after the relief requested in the Extension Motions had been granted, and Castrol had no opportunity to object to the relief requested in the Extension Motions.

10.    To track litigation commenced BP and Castrol, BP and Castrol maintain a database containing all pleadings served on BP and Castrol.  In the preparation of this Declaration, I directed a review of that database and verified that it contains no record of service of any of the Extension Motions, the related orders, or the Complaint, until after service of the Complaint was effected in April 2010.

Dated: July 12, 2011

John Everhardus
BP/America, Inc. on behalf of
Castrol and Castrol Industrial

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July 2011, I caused the foregoing
DECLARATION OF JOHN EVERHARDUS OF BP AMERICA, INC. ON BEHALF OF
CASTROL AND CASTROL INDUSRIAL IN SUPPORT OF (I) OBJECTION TO THE
REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
AND (II) MOTION TO VACATE FOURTH EXTENSION ORDER to be filed via this Court's
CM/ECF System and served upon the parties listed below email.

Cynthia J. Haffey, Esq.                     Scott Patterson, Esq.
Butzel Long, P.C.                            Butzel Long, P.C.
150 West Jefferson – Suite 100              Stoneridge West, 41000 Woodward Ave.
Detroit, Michigan 48226                     Bloomfield Hills, MI 48304
haffey@butzel.com                           patterson@butzel.com


                                            */s/ Gilbert R. Saydah Jr.*
                                            Gilbert R. Saydah Jr.

# EXHIBIT C

**HODGSON RUSS LLP**                              **Hearing Date: May 17, 2010**
The Guaranty Building                            **Hearing Time: 10:00 a.m.**
140 Pearl Street, Suite 100                      **Objection Deadline: May 10, 2010**
Buffalo, New York  14202-4040
Tel:  716-856-4000
Fax:  716-849-0349
Julia S. Kreher, Esq.
Michael E. Reyen, Esq.

**HODGSON RUSS LLP**
60 East 42nd Street
New York, New York 10165
Tel: 212-661-3535
Fax: 212-972-1677
Deborah J. Piazza, Esq.
dpiazza@hodgsonruss.com

*Attorneys for Unifrax Corporation*

UNITED STATES BANKRUPTCY COURT
 SOUTHERN DISTRICT OF NEW YORK

...............................................................x
In re:                                          :     Chapter 11
                                                :     Case No. 05-44481 (RDD)
DELPHI CORPORATION, et al.,                     :     Jointly Administered
                                                :
            Debtors,                            :
...............................................................x
                                                :
DELPHI CORPORATION, et al.,                     :     Adv. Pro. No. 07-02270 (RDD)
                                                :
            Plaintiffs,                         :
                                                :
     - against -                                :
                                                :
BP, BP AMOCO CORP, BP MICROSYSTEMS
INC., BP PRODUCTS NORTH AMERICA,
CASTROL, CASTROL INDUSTRIAL AND
UNIFRAX CORP.                                    :
                                                :
            Defendant.                          :
...............................................................x

**MOTION BY UNIFRAX CORP. SEEKING AN ORDER:**

**(I)**  **PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024, VACATING PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, AND**

**(II)**  **PURSUANT TO FED. R. CIV. P. 12(B) AND FED. R. BANKR. P. 7012(B), DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE FOR FAILURE TO STATE A CAUSE OF ACTION BECAUSE IT IS BARRED BY THE TWO YEAR STATUTE OF LIMITATIONS, AND**

**(III)**  **PURSUANT TO FED. R. CIV. P. 12(B) AND FED. R. BANKR. P. 7012(B), DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE FOR FAILURE TO STATE A CAUSE OF ACTION BECAUSE IT IS INSUFFICIENTLY PLEAD, AND**

**(IV)**  **DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL, AND**

**(V)**  **DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF LACHES, OR**

**(VI)**  **IN THE ALTERNATIVE, PURSUANT TO FED. R. CIV. P. 12(E) AND FED. R. BANKR. P. 7012(E), DIRECTING A MORE DEFINITE STATEMENT OF THE PLEADINGS**

Unifrax Corporation ("Unifrax"), now known as Unifrax I LLC, by and through its

counsel, Hodgson Russ, LLP, respectfully alleges:


## PRELIMINARY STATEMENT

1.      On or about March 12, 2010, Unifrax first learned that it and six other unrelated

defendants had been sued over 2 ½ years earlier in this preference action seeking to avoid $4.5

million in allegedly preferential transfers.


2.      The Debtors/Plaintiffs in this preference action have deprived Unifrax and the

other preference defendants of due process and have perverted the administration of justice in

this Court by first secretly filing the adversary proceeding under seal, and then extending -- again

and again -- the time to serve the complaint.   At no time during this process was Unifrax

provided with notice that it had been sued or that the Plaintiffs were essentially creating an "end

run" around the statute of limitations of Section 546(a) of the U.S. Bankruptcy Code.


3.      Unifrax adopts and joins the motion made by Wagner-Smith Company, dated

February 5, 2010 [Bankruptcy Docket No. 19401] (filed by Morgan, Lewis & Bockius LLP,

Andrew D. Gottfried, Esq. and Karen Gartenberg, Esq.).  As stated by Wagner-Smith, the

Plaintiffs' actions in these preference complaints violate two fundamental tenets of American

jurisprudence:  (1) that court proceedings should be open to the public, and (2) parties are

entitled to notice that they are being sued.

> A fundamental tenet in American jurisprudence is that all court proceedings
> should be open to the public at large, because the public has a right, rooted in the
> First Amendment, to know about the administration of justice.  Another core tenet

in American jurisprudence is that a party is entitled to notice that it is being sued.
Neither of these principles was followed here.  Instead, Delphi Corporation
("Delphi") and the other Debtors … , the plaintiffs herein (collectively, the
"Plaintiffs") have, through the two-step combination of (i) filing of complaints
under seal and (ii) filing a series of motions without notice to the parties who had
an interest in opposing them, perverted the Federal Rules of Civil Procedure in an
attempt to surreptitiously and indefinitely extend the two-year statute of
limitations imposed pursuant to 11 U.S.C. § 546(a), which absolutely bars the
prosecution of the above-captioned adversary proceeding….[1]

Similar to Wagner-Smith, an adversary proceeding against Unifrax was also commenced under

seal on September 28, 2007, and subsequently served on or about March 12, 2010 -- a complete

surprise to Unifrax --  approximately four and a half years after the petition date of the above

captioned bankruptcy cases, and two and a half years after the secret filing of the adversary

proceeding.

4.        There was no sound basis for filing the preference adversary proceeding

complaint under seal in the first place, and although the first extension of the time to serve the

secret complaint may have seemed innocuous enough, the Plaintiffs sought multiple and open-

ended extensions of the time to serve.  Thus, although the Plaintiff's initial request to the Court

was perhaps not unreasonable, the Plaintiffs then started down a path that the Court would not

have allowed, had it been known where the path would lead.  The Plaintiff's manipulations

ultimately deprived Unifrax and the other preference defendants of due process.  Indeed, the

Plaintiffs' machinations have prejudiced Unifrax and the other defendants.  They have duped the

Court.  The result is unfair procedural circumstances -- circumstances <u>not</u> contemplated by the

U.S. Bankruptcy Code, the Federal Rules of Procedure, or the Court itself.

---

[1]        Wagner-Smith Motion at ¶1.

2

5.       However, unlike the Wagner-Smith adversary proceeding in which there is a single defendant, Unifrax was sued along with six other defendants, namely BP, BP Amoco Corp., BP Microsysterms, Inc, BP Products North America, Castrol, and Castrol Industrial (the "Other Defendants").  These Other Defendants have, to varying extents, historical ties to Unifrax, but were unrelated at the time of the commencement of these bankruptcy cases. Unifrax and the Other Defendants were and continue to be completely separate corporate entities.  The preference complaint does not identify why Unifrax was sued with these other defendants and does not specifically identify which of the $4.5 million in alleged preferential transfers are specific to Unifrax.  Thus, the complaint is defective and insufficiently plead.

6.       Consequently, Unifrax seeks an order of this Court, (1) vacating the procedures orders obtained by the Debtors to file preference complaints under seal and to repeatedly extend the time to serve the preference complaints; and (2) dismissing this adversary proceeding, with prejudice, because it is barred by the two year statute of limitations imposed by Section 546(a) of the Code; and (3) dismissing this adversary proceeding, with prejudice, because it is insufficiently plead; and (4) dismissing this adversary proceeding, with prejudice, because it is barred by judicial estoppel; and (5) dismissing this adversary proceeding with prejudice on the ground that it is barred by laches.  In the alternative, given the pleading defects of the complaint, Unifrax seeks (6) an order directing Plaintiffs to submit an amended pleading containing sufficient detail regarding the alleged preferential transfers to allow Unifrax to prepare a responsive pleading.  Finally, Unifrax seeks an order (7) granting it the costs and expenses, including attorneys fees, of filing this motion.

3

7.      More specifically, Unifrax seeks an order of this Court:

(i)      vacating, with respect to Unifrax, pursuant to Fed. R. Civ. P. 60 and Fed.

R. Bankr. P. 9024, the orders of this Court, dated August 16, 2007 (the "**Preservation of Estate**

**Claims Procedures Order**") [Bankruptcy Docket no. 9105]; March 28, 2008 (the "**Extension of**

**Avoidance Action Service Deadline Order**") [Bankruptcy Docket No. 13277]; April 30, 2008

(the "**Postconfirmation Extension of Avoidance Action Service Deadline Order**")

[Bankruptcy Docket No. 13484]; and October 22, 2009 (the "**Supplemental Postconfirmation**

**Extension of Avoidance Action Service Deadline Order**" [Bankruptcy Docket No. 18999] (the

Extension of Avoidance Action Service Deadline Order, the Postconfirmation Extension of

Avoidance Action Service Deadline Order, and the Supplemental Postconfirmation Extension of

Avoidance Action Service Deadline Order are collectively referred to as the "**Extension**

**Orders**"), all of which are herein incorporated by reference, on the grounds that such orders are

void against Unifrax by virtue of the Debtors' and Plaintiffs' intentional failure to provide

Unifrax with notice of the motions and that the Extension Orders were improvidently made; and

(ii)      dismissing, with prejudice, this adversary proceeding against Unifrax,

pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b) on the ground that it is barred by

the two-year statute of limitations imposed by 11 U.S.C. § 546(a) and, therefore, fails to state a

claim upon which relief may be granted; and

(iii)      dismissing, with prejudice, this adversary proceeding against Unifrax,

pursuant to Fed. R. Civ. P. 8(a) and 12(b) and Fed. R. Bankr. P. 7008(a) and 7012(b) on the

4

ground that it is insufficiently plead and, therefore, fails to state a claim upon which relief may

be granted; and

(iv)    dismissing, with prejudice, this adversary proceeding against Unifrax on

the ground that it is barred by judicial estoppel; and

(v)    dismissing, with prejudice, this adversary proceeding against Unifrax on

the ground that it is barred by laches; or

(vi)    in the alternative, ordering the Plaintiffs to submit an amended pleading

containing sufficient detail regarding the alleged preferential transfers to allow Unifrax to

prepare a responsive pleading; and

(vii)    granting Unifrax the costs and expenses of responding to this adversary

proceeding, including, without limitation, attorneys' fees.

## STATEMENT OF FACTS

8.    On October 8, 2005, Delphi and certain of its subsidiaries each filed voluntary

petitions for Chapter 11 relief.   On October 14, 2005, three additional U.S. subsidiaries of

Delphi also filed voluntary petitions for relief under Chapter 11 (the petition dates are

collectively referred to as the "Petition Date").

9.    Prior to the commencement of the Debtors' cases, Unifrax provided catalytic

converter materials to Delphi pursuant to certain sole source supplier contracts.

*(i)*    ***Preservation of Estate Claims Procedures Motion and Order***

10.    By motion dated August 6, 2007 (the "**Preservation of Estate Claims Procedures Motion**"), the Debtors sought entry of an order seeking, among other things, the establishment of procedures for certain adversary proceedings, including those commenced by the Debtors under Bankruptcy Code §§ 541, 544, 545, 547, 548 or 553.[2]  Among other things, the procedures sought included (i) pursuant to Fed. R. Civ. P. 4(m), an extension of time beyond the initial 120-day period to serve certain adversary summonses and complaints, (ii) a stay of the applicable adversary proceedings until service of process was effected, and (iii) permitting the Plaintiffs to file the complaints under seal.[3]

11.    The aforementioned procedures were purportedly intended to permit the Debtors to "preserve the status quo," and to preserve "potentially valuable assets without disrupting the plan process or existing business relationships prematurely or prejudicing the rights of any defendants," as well as to "avoid having to force all potential defendants to retain counsel to defend against adversary proceedings when, in fact, most of them likely will be resolved by a reorganization plan and never pursued."[4]

12.    In addition, with respect to the request to file the complaints under seal, the Debtors also sought to so act in order to "avoid unnecessarily alarming potential defendants," and because the "Debtors have worked to preserve and repair their business relationship with

---

[2]    Preservation of Estate Claims Procedures Motion, Bankruptcy Docket No. 8905, herein incorporated by reference, at ¶ 17.

[3]    Id. at ¶¶ 33-38.

[4]    Id. at ¶¶ 33-34.

many of the potential defendants during these cases and have negotiated or regained favorable

credit terms with many suppliers and are continuing to do so."[5]

13.    Unifrax was <u>not</u> provided with notice of the Preservation of Estate Claims

Procedures Motion.[6]

14.    On August 16, 2007, this Court entered the Preservation of Estate Claims

Procedures Order, which (i) allowed the Debtors to file adversary proceeding complaints under

seal, (ii) directed the Clerk of the Court to delay issuing summonses for complaints unless and

until the Debtors notified the Clerk of their intent to prosecute such actions, (iii) stayed each

adversary action unless and until the Debtors effectuated service of process on the respective

defendants, and (iv) extended the deadline under Fed. R. Civ. P. 4(m) by which the Debtors

would have to serve process to March 31, 2008, so that the complaints would not be subject to

dismissal under Fed. R. Civ. P. 4(m).[7]

15.    The March 31, 2008 date to serve process was six months after the

commencement of this adversary proceeding, and was only a two month extension of the time to

serve process, beyond the 120 days already provided for under the Rules of Civil Procedure.

16.    Paragraph 11 of the Preservation of Estate Claims Procedures Order provided that

"[t]he Debtors must serve a copy of this order upon each defendant in any [adversary

---

[5]        <u>Id.</u> at ¶ 37.

[6]        Affidavit of Service, dated August 10, 2007, Bankruptcy Docket No. 9039, herein incorporated by
         reference.

[7]        Preservation of Estate Claims Procedures Order, Bankruptcy Docket No. 9105, at ¶¶ 7-10.

proceeding] either when the Debtors serve a summons and complaint on the defendant or as soon thereafter as practicable."

*(ii)*      ***Commencement of Adversary Proceeding Against Unifrax and the Other Defendants***

17.      On September 28, 2007, Plaintiffs commenced this adversary proceeding by filing the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. § 547 and 550 ("Complaint"), herein incorporated by reference, under seal with the Clerk [Adversary Proceeding Docket No. 1].

18.      The Complaint seeks to recover, pursuant to Bankruptcy Code §§ 547 and 550, alleged preferential transfers in the aggregate amount of $4,489,538.67 made to Unifrax and six Other Defendants - BP, BP Amoco Corp., BP Microsystems Inc., BP Products North America, Castrol, and Castrol Industrial.

19.      The Other Defendants have, to varying extents, historical ties to Unifrax, but have not had any overlap in ownership since 2003.  At the time of the Petition Date in these bankruptcy cases, Unifrax and the Other Defendants were -- and continue to be -- completely separate corporate entities which do not share any operations.   It is unknown why the Debtors have initiated one combined cause of action against Unifrax and the Other Defendants.

20.      The only alleged information within the Complaint that is specific to the defendants is the list of allegedly avoidable transfers attached to the Complaint as Exhibit 1. This list consists solely of transfer dates, amounts, and transfer types (i.e. check or electronic funds transfer), but it does not identify the recipients of the transfers.  There are no other factual allegations within the Complaint that can be construed as specific to any of the defendants.

8

Therefore, among other defects, from the face of the Complaint, it is impossible to determine which transfers Unifrax is alleged to have received.

21.    The statute of limitations for commencing avoidance actions pursuant to Bankruptcy Code §§ 541, 544, 545, 547, 548 or 553 expired on October 8, 2007.[8]

*(iii)    Confirmation of the Debtors' Plan of Reorganization*

22.    On January 25, 2008, the Court entered an order confirming the Debtors' first amended joint plan of reorganization (the "Plan").[9]

*(iv)    Extension of Avoidance Action Service Deadline Motion and Order*

23.    By motion dated February 28, 2008 (the "**Extension of Avoidance Action Service Deadline Motion**"), the Debtors sought to modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a <u>second</u> time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would be required to serve process by an additional two months to May 31, 2008.[10]

24.    The stated purpose for this extension was to "enable the Debtors to fulfill their fiduciary responsibility to preserve valuable estate assets in a manner that would not unnecessarily disrupt the emergence process or the Debtors' current business relationships with

---

[8]    11 U.S.C. § 546(a).

[9]    Findings of Fact, Conclusions of Law, and Order under 11 U.S.C. §§ 1129(a) and (b) and Fed. R. Bankr. P. 3020 confirming First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified, dated January 25, 2008 (the "Confirmation Order"), Bankruptcy Docket No. 12359, herein incorporated by reference.

[10]    Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 12922, herein incorporated by reference, at ¶ 18.

potential defendants that are necessary to the Debtors' ongoing operations," as well as "reduce the administrative and economic burdens of the [adversary proceedings] on the Debtors, the Court, the Clerk of Court, and the potential defendants."[11]

25.    In the Extension of Avoidance Action Service Deadline Motion, the Debtors also stated that they would "not retain any of the causes of action asserted in the [adversary proceedings] except those specifically listed on Exhibit 7.24 to the Plan."[12]  In fact, the Debtors stated that of the 742 adversary proceedings commenced under seal, only the claims relating to Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their affiliates and subsidiaries were subject to the Preservation of Estate Claims Procedures Order.[13]

26.    Unifrax was <u>not</u> provided with notice of the Preservation of Estate Claims Procedures Motion.[14]

27.    On March 28, 2008, the Court entered the Extension of Avoidance Action Service Deadline Order, modifying Paragraph 8 of the Preservation of Estate Claims Procedures Order so

---

[11]    <u>Id.</u> at ¶ 21.

[12]    <u>Id.</u> at ¶ 17.   Exhibit 7.24 to the Plan, herein incorporated by reference, is included as Attachment K to the Notice of Hearing December 28, 2007 Notice of Filing of Exhibits with Respect to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, dated December 28, 2007, Bankruptcy Docket No. 11608.

[13]    <u>Id.</u> at ¶ 17, n.4.

[14]    Affidavit of Service, dated March 4, 2008, Bankruptcy Docket No. 12970, herein incorporated by reference.

that the time under Fed. R. Civ. P. 4(m) by which the Debtors must serve a defendant in the

adversary proceedings with a summons and complaint was further extended to May 31, 2008.[15]

28.     Consistent with language in the Debtors' motion, Paragraph 2 of the Extension of

Avoidance Action Service Deadline Order provided that the "Debtors shall serve a copy of this

order upon each defendant in any [adversary proceeding] either when the Debtors serve a

summons and complaint on such defendant or as soon thereafter as practicable."[16]

*(v)*     ***Postconfirmation Extension of Avoidance Action Service Deadline Motion and Order***

29.     By motion dated April 10, 2008 (the "**Postconfirmation Extension of Avoidance**

**Action Service Deadline Motion**"), the Debtors sought to further modify Paragraph 8 of the

Preservation of Estate Claims Procedures Order, so as to extend for a <u>third</u> time the deadline

under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process until 30 days after

substantial consummation of the Plan or any modified plan.[17]

30.     The stated purpose for this extension was identical to the purpose set forth in

support of the Extension of Avoidance Action Service Deadline Motion, namely, to "enable the

Debtors to fulfill their fiduciary responsibility to preserve valuable estate assets in a manner that

would not unnecessarily disrupt the emergence process or the Debtors' current business

relationships with potential defendants that are necessary to the Debtors' ongoing operations," as

---

[15]     Extension of Avoidance Action Service Deadline Order, Bankruptcy Docket No. 13277, herein
incorporated by reference, at ¶ 2.

[16]     <u>Id.</u> at ¶ 2.

[17]     Postconfirmation Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No.
13361, herein incorporated by reference, at ¶ 19.

well as "reduce the administrative and economic burdens of the [adversary proceedings] on the Debtors, the Court, the Clerk of Court, and the potential defendants."[18]

31.    The Postconfirmation Extension of Avoidance Action Service Deadline Motion once again stated that (i) the Debtors would "not retain any of the causes of action asserted in the [adversary proceedings] except those specifically listed on Exhibit 7.24 to the Plan;" and (ii) of the 742 adversary proceedings commenced under seal, only the claims relating to Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their affiliates and subsidiaries were subject to the Preservation of Estate Claims Procedures Order.[19] Unlike the other defendants, these three entities were provided with notice of the Postconfirmation Extension of Avoidance Action Service Deadline Motion.[20]

32.    Unifrax was not provided with notice of the Postconfirmation Extension of Avoidance Action Service Deadline Motion.[21]

33.    On April 30, 2008, the Court entered the Postconfirmation Extension of Avoidance Action Service Deadline Order, modifying Paragraph 8 of the Preservation of Estate Claims Procedures Order, as previously modified by the Extension of Avoidance Action Service Deadline Order, so that the time under Fed. R. Civ. P. 4(m) by which the Debtors must serve a defendant in the adversary proceedings with a summons and complaint was further extended

---

[18]       Id. at ¶ 22.

[19]       Id. at ¶ 18, n.4.

[20]       Id. at ¶ 18, n.4.

[21]       Affidavit of Service, dated April 16, 2008, Bankruptcy Docket No. 13415, herein incorporated by reference.

until 30 days after the later of substantial consummation of the Plan or any modified Chapter 11

plan for the Debtors and December 31, 2008.[22]

34.    As before, the Postconfirmation Extension of Avoidance Action Service Deadline

Order directed that the "Debtors shall serve a copy of this order upon each defendant in any

[adversary proceeding] either when the Debtors serve a summons and complaint on such

defendant or as soon thereafter as practicable."[23]

*(vi)    Entry of Modification Approval Order and Effective Date*

35.    On July 30, 2009, the Court entered an order (the "Modification Approval Order")

approving certain modifications to the Plan (the "Modified Plan").[24]

36.    The effective date of the Modified Plan occurred on October 6, 2009.[25]

*(vii)    Supplemental Postconfirmation  Extension of Avoidance Action Service Deadline
Motion and Order*

37.    By motion dated October 2, 2009 (the "Supplemental Postconfirmation Extension

of Avoidance Action Service Deadline Motion"), the Debtors sought to further modify Paragraph

8 of the Preservation of Estate Claims Procedures Order, so as to extend for a fourth time the

---

[22]    Postconfirmation Extension of Avoidance Action Service Deadline Order, Bankruptcy Docket No. 13484, herein incorporated by reference, at ¶ 2.

[23]    Id. at ¶ 2.

[24]    Notice of (A) Order Approving Modifications to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession and (B) Occurrence of Effective Date, dated October 6, 2009, Bankruptcy Docket No. 18707, herein incorporated by reference, at ¶ 2.

[25]    Id. at ¶ 3.

13

deadline under Fed. R. Civ. P. 4(m) by which the Debtors were required to serve process until

180 days after substantial consummation of the Modified Plan.[26]

38.    The Debtors stated that this further extension was necessary in light of the fact

that the Debtors now anticipated that they would retain 177 of the adversary proceedings filed

under seal.  The Debtors asserted that 30 days after substantial consummation of the Modified

Plan was not sufficient time to "assess the ongoing relationship with certain defendants and

whether events since initiating the [adversary proceedings] have impacted the Debtors' estimated

recoveries," and determine whether to pursue such retained adversary proceedings.  The Debtors

thus fell back to their rote justification and stated that an extension "would reduce the

administrative and economic burdens of the [retained adversary proceedings] on the Debtors and

the potential defendants."[27]

39.    Unifrax was <u>not</u> provided with notice of the Supplemental Postconfirmation

Extension of Avoidance Action Service Deadline Motion.[28]

40.    On October 22, 2009, the Court entered the Supplemental Postconfirmation

Extension of Avoidance Action Service Deadline Order, modifying Paragraph 8 of the

Preservation of Estate Claims Procedures Order, so that the time under Fed. R. Civ. P. 4(m) by

which the Debtors were required to serve a defendant in the adversary proceedings with a

---

[26]    Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 18952, herein incorporated by reference, at ¶ 16.

[27]    <u>Id.</u> at ¶¶ 17, 19.

[28]    Affidavit of Service, dated October 7, 2009, Bankruptcy Docket No. 18967, herein incorporated by reference.

summons and complaint was further extended until 180 days after substantial consummation of the Modified Plan.[29]

      41.    As before, the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order directed that the "Debtors shall serve a copy of this order upon each defendant in any [adversary proceeding] either when the Debtors serve a summons and complaint on such defendant or as soon thereafter as practicable."[30]

*(viii)*    ***Service of Process on Unifrax***

      42.    Unifrax was served with the Complaint on or about March 12, 2010, almost two and a half years after the limitations period provided by Bankruptcy Code § 546(a) expired.

      43.    Upon information and belief, although Unifrax received a copy of the most recent Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order, Unifrax was not served with each of the (1) Preservation of Estate Claims Procedures Order, and (2) Extension of Avoidance Action Service Deadline Order, and (3) Postconfirmation Extension of Avoidance Action Service Deadline Order, contrary to the specific language in each of these orders.

---

[29]      Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order, Bankruptcy Docket No. 18999, herein incorporated by reference, at ¶ 2.

[30]      Id. at ¶ 2.

## ARGUMENT

**I.     EACH OF THE PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER AND THE EXTENSION ORDERS SHOULD BE VACATED AS AGAINST UNIFRAX ON THE GROUNDS THAT EACH IS VOID BY VIRTUE OF THE PLAINTIFFS' INTENTIONAL FAILURE TO PROVIDE UNIFRAX WITH NOTICE OF THE MOTIONS IN SUPPORT THEREOF AND THAT SUCH ORDERS WERE IMPROVIDENTLY ENTERED.**

44.     Fed. R. Civ. P. 60(b), as made applicable by Fed. R. Bankr. P. 9024, provides that the Court may relieve a party from a final judgment, order or proceeding for any reason that justifies relief.

45.     Unifrax respectfully submits that the combination of permitting the Plaintiffs to file the Complaint under seal -- thereby preventing Unifrax from discovering that it had been sued -- while continually extending the Plaintiffs' time to serve process in excess of two years past the expiration of the statute of limitations set forth in Bankruptcy Code §546(a) -- also without notice to Unifrax -- has resulted in a proceeding completely devoid of procedural due process.  Accordingly, and for the reasons set forth below, the Preservation of Estate Claims Procedures Order and each of the Extension Orders must be vacated as against Unifrax.

**A.     The Complaint Was Improperly Filed under Seal Pursuant to Section 107 of the Bankruptcy Code.**

46.     There "is a strong presumption and public policy in favor of public access to court records," which is "rooted in the public's First Amendment right to know about the administration of justice."[31]  In fact, the "public interest in openness of court proceedings is at its

---

[31]     In re Food Management Group, LLC, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007) (internal citations and quotations omitted).

zenith when issues concerning the integrity and transparency of bankruptcy court proceedings are involved."[32]  "This governmental interest is of special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system."[33]

47.    Section 107(a) of the Bankruptcy Code codified the common law right of public access in the bankruptcy setting and provides, in relevant part, that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge."[34]  The "plain meaning of § 107(a) mandates that *all* papers filed with the bankruptcy court are 'public records' unless the bankruptcy court 'decides to protect the information pursuant to the standards set forth in [§] 107(b).'"[35]

48.    Section 107(b) of the Bankruptcy Code establishes two narrow exceptions to the general right of access where under "compelling or extraordinary circumstances" an exception is necessary.[36]  The exceptions only apply to (1) trade secrets or confidential research, development or commercial information, or (2) scandalous or defamatory matter.  In particular, Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may -

---

[32]     Id.

[33]     Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.), 422 F.3d 1, 7 (1st Cir. 2005).

[34]     11 U.S.C. § 107(a); In re Food Management Group, LLC, 359 B.R. at 553.

[35]     In re Food Management Group, LLC, 359 B.R. at 553 (quoting Air Line Pilots Ass'n Int'l v. Am. Nat'l Bank and Trust Co. (In re Ionosphere Clubs), 156 B.R. 414, 433 n.7 (S.D.N.Y. 1993)).

[36]     Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994).

17

> (1) protect an entity with respect to a trade secret or confidential
> research, development, or commercial information; or (2) protect a
> person with respect to scandalous or defamatory matter contained
> in a paper filed in a case under this title.[37]

However, "a judge must carefully and skeptically review sealing requests to insure that there

really is an extraordinary circumstance or compelling need" to keep the material private.[38]

49.    However, preference actions are hardly "trade secrets," "confidential commercial

information," or "scandalous matter" worthy of being filed under seal.

50.    The Debtors invoked Section 107(b)(1) when requesting that the Court permit the

filing of the complaints commencing the avoidance action adversary proceedings under seal.  As

mentioned above, in the Preservation of Estate Claims Procedures Motion, the Debtors sought to

characterize preservation of the *status quo* and existing business relationships as "commercial

information" in need of protection.  In connection therewith, the Debtors alleged that they "have

worked to preserve and repair their business relationship with many of the potential defendants

during these cases and have negotiated or regained favorable credit terms with many suppliers

and are continuing to do so."[39]

---

[37]    11 U.S.C. § 107(b).

[38]    In re Food Management Group, LLC, 359 B.R. at 554 (internal citation and quotation omitted).

[39]    In support of their proposition that maintenance of ongoing business relationships was "commercial
information" entitled to protection, the Debtors cited to In re Service Merchandise, et al., Case
No. 39902649 (Bankr. M.D. Tenn. Feb. 27, 2001) where the court granted the debtors authority to file
under seal certain adversary proceedings so that they could continue negotiations with the defendants, who
were also the debtors' business partners.  Even if the ruling were correct as a matter of law, which Unifrax
disputes, the case is inapposite to the situation here, as Unifrax is not a business partner of the Debtors nor
was it engaged in ongoing negotiations with the Debtors.

51.     Commercial information, however, has never been defined by the Courts so broadly as to protect information that would be prejudicial to the Debtors vis-à-vis their own creditors.  Rather, commercial information has been defined "as information which would cause an *unfair advantage to competitors* by providing them information as to the commercial operations of the debtor."[40]  Information pertaining to the Debtors' intent to initiate preference litigation against Unifrax certainly does not fall within the above definition of confidential commercial information, as it neither provides information as to the commercial operations of the Debtors nor bestows an unfair advantage upon competitors.

52.     Rather, it seems that the Debtors wanted to "have their cake and eat it too" by secretly preserving preference claims, while at the same time cultivating creditor support for the plan of reorganization and maximizing favorable credit terms from suppliers, all while keeping the creditors and suppliers in the dark.  The Debtors did not want to "alarm" or  "burden" the creditors with preference actions seeking to avoid millions of dollars, while the Debtors sought favorable credit terms and plan confirmation.  However, this hardly justifies filing under seal.

53.     Accordingly, the Preservation of Estate Claims Procedures Order which granted the authority to file the Complaint under seal should be vacated as to Unifrax.

---

[40]     In re Orion Pictures Corp., 21 F.3d at 27 (emphasis added).  See also In re 1031 Tax group, LLC 2007 WL 1836525, *2 (Bankr. S.D.N.Y. 2007).

19

**A.** **Unifrax Was Not Served with Notice of the Motions in Support of the Preservation of Estate Claims Procedures Order and Each of the Extension Orders.**

54.    It has long been held that the "fundamental requisite of due process of law is the opportunity to be heard."[41]   This right to be heard, however, "has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest."[42] Thus, an "elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[43]

55.    Unifrax was not given any notice of the motions for the Preservation of Estate Claims Procedures Order and each of the Extension Orders.  None of the motions identified Unifrax as a potential defendant.  Unifrax was completely unaware that it was a defendant or that it had an interest in the various motions to seal and extend made by the Debtors.  Unifrax was therefore deprived of due process.  Unifrax, if provided with notice that it was being sued, would have had the ability to oppose the motions seeking the Preservation of Estate Claims Procedures Order and the Extension Orders.

56.    The lack of due process pursued by the Debtors had the additional negative effect of disenfranchising Unifrax and other defendants from fully participating in these cases and fully

---

[41]    Grannis v. Ordean, 234 U.S. 385, 394 (1914).

[42]    Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

[43]    Id. at 314; Barcia v. Sitkin, 367 F.3d 87, 107 (2d Cir. 2004); Weigner v. City of New York, 852 F.2d 646, 654 (2d Cir. 1988).

voting on the Plan and Modified Plan.  Indeed, under Section 502(d), it is implicit that "a

transferee of an avoidable transfer has an allowable claim once it turns over such property for

which it is liable," and that it may file a proof of claim on account of same.[44]  That, in turn,

allows it to "[participate] in the voting and distribution from the estate."[45]  The Debtors knew

that if Unifrax repaid an allegedly preferential transfer, it would have been entitled to file a

claim, and vote on the Plan and the Modified Plan with a potentially much larger claim that it

otherwise had (i.e. up to $4.5 million vs. $65,000).  The justification for depriving Unifrax of its

right to engage in the bankruptcy cases to the fullest extent merely so the Debtors could avoid

looking bad to Unifrax or cultivate better credit terms is patently improper and not justifiable

under the Bankruptcy Code.

57.    Obviously, there is a risk that initiating avoidance actions would disrupt relations

with defendants who are still doing business with the Debtor while also bringing additional

creditors back into the bankruptcy process on the basis of their avoidance claims.  This risk is a

factor in the cost-benefit analysis involved with such a decision – do the benefits of the

avoidance suit outweigh the potential costs to the bankruptcy process?  In the current situation,

the Debtors were allowed the benefits of such a decision while delaying or circumventing the

potential costs.  The burden of this delay and circumvention has been directly borne by Unifrax

and the other defendants.

---

[44]    Fleet Nat'l Bank v. Gray (In re Bankwest Capital Corp.), 375 F.3d 51, 57 n.4 (1st Cir. 2004).

[45]    In re Hamilton, 179 B.R. 749, 752 (Bankr. S.D. Ga. 1995) (quoting In re Kolstad, 928 F.2d 171, 174 (5th
Cir. 1991), reh'g denied, 936 F.2d 571 (5th Cir. 1991), cert. denied, 502 U.S. 958 (1991)).

21

58.     Simply put, the Debtors had an option - sue the defendants or do not sue the defendants.  The attempt to justify this lack of procedural due process on the grounds that it "avoid[ed] unnecessarily alarming potential defendants" and "having to force all potential defendants to retain counsel to defend against adversary proceedings when, in fact, most of them likely will be resolved by a reorganization plan and never pursued" is meritless.[46]

59.     At what point in the bankruptcy process should a potential defendant be justifiably alarmed, retain counsel and seek to protect its interests?  Utilizing the Debtors' logic, it is not when the cause of action is initiated.  It is not when the defendant can meaningfully participate in the bankruptcy proceedings.  It is not prior to the expiration of the statute of limitations period.  It is not prior to the *ex parte* extension of the statute of limitations by two and a half years.  According to the Debtors' logic, it is only when the defendant has been fully manipulated into extending favorable credit terms.  It is only when the defendant has already voted in favor a plan without knowing the full extent of its stake in the bankruptcy process.  It is only when the defendant's rights have been unilaterally altered, its capacity to defend the lawsuit has been severely diminished.  It is only when the defendant's ability to meaningfully participate in, and thus negotiate within, the bankruptcy process has been foreclosed.  It is only when the defendant has been deprived of procedural due process rights, and only when the defendant has been served with the Complaint two and a half years later than reasonably expected (and statutorily required).  *Now*, the defendant *is* justifiably alarmed.

---

[46]     Preservation of Estate Claims Procedures Motion, at ¶¶ 34, 37.

60.     For all of the foregoing reasons, each of the Preservation of Estate Claims

Procedures Order, the Extension of Avoidance Action Service Deadline Order, the

Postconfirmation Extension of Avoidance Action Service Deadline Order, and the Supplemental

Postconfirmation Extension of Avoidance Action Service Deadline Order should be vacated on

the ground that each is improvidently entered and void against Unifrax.


## II.     THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS AND SHOULD BE DISMISSED.

61.     Section 546(a) of the Bankruptcy Code, which sets forth the statute of limitations

on avoiding powers, provides:

> An action or proceeding under section 544, 545, 547, 548, or 553
> of this title may not be commenced after the earlier of - (1) the
> later of - (A) 2 years after the entry of the order for relief; or (B) 1
> year after the appointment or election of the first trustee under
> section 702, 1104, 1163, 1202, or 1302 of this title if such
> appointment or such election occurs before the expiration of the
> period specified in subparagraph (A); or (2) the time the case is
> closed or dismissed.[47]

The deadline for commencing an adversary proceeding against Unifrax on account of an

allegedly avoidable preference expired on October 8, 2007.  The Plaintiffs filed the Complaint

under seal on September 28, 2007, but did not serve Unifrax with such Complaint until on or

about March 12, 2010, approximately two year and a half years after the statute of limitations

contained in Section 546(a) expired.

---

[47]     11 U.S.C. § 546(a).

23

62.    To bridge the gap between the time that Unifrax should have been served with the Complaint and the date on which it was actually served with the Complaint, the Plaintiffs rely on the Extension Orders sought and entered, pursuant to Fed. R. Civ. P. 4(m), *ex parte* from the one entity that had an adverse interest, namely, Unifrax.

63.    Fed. R. Civ. P. 4(m), made applicable by Fed. R. Bankr. P. 7004(a), provides, in relevant part:

> *Time Limit for Service.*  If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

64.    The Extension Orders should not have been entered, as good cause did not exist to extend the time to serve process as a matter of law.  Good cause generally exists under Fed. R. Civ. P. 4(m) when service is not completed on a named defendant within the required 120-day period, such as when a defendant cannot be found.[48]  It does not exist, however, in situations where the Plaintiffs know and can serve the named defendants, but simply chooses not to do so, and where the sole purpose in seeking the extension of time is to prevent defendants from learning that they had been sued.[49]  The use of procedural rules to obtain a result not contemplated by the accompanying substantive law is simply not permitted.[50]

---

[48]    Ahern v. Neve, 285 F.Supp.2d 317, 320 (E.D.N.Y. 2003).

[49]    As support for extending the time to serve process on defendants, the Debtors cited Bank of Cape Verde v. Bronson, 167 F.R.D. 370, 371-72 (S.D.N.Y. 1996) for the proposition that good cause existed where future events would have likely "obviated the need to serve the [] complaint" and when the plaintiff

65.    Moreover, while it is true that courts have the discretion to extend the time for service of process, such extensions were not warranted here.  Courts have held that statutes of limitation are statutes of repose, and they "are enacted upon the presumption, that one having a well-founded claim will not delay enforcing it beyond a reasonable time, if he has the power to sue."[51]  Indeed, the purpose of statutes of repose is primarily to give notice to plaintiffs of the time within which to bring suit and to potential defendants of the time beyond which exposure to liability ceases.[52]

66.    Statutes of repose are only to be outweighed where "the interests of justice require vindication of the plaintiff's rights."[53]  Such circumstances only occur where the plaintiff has not slept on its rights, has commenced a timely action in a court of competent jurisdiction, the particular defect in the complaint is waivable and frequently waived, and the defendant *"could not have relied upon the policy of repose embodied in the limitation statute, for it was aware that [the plaintiff] was actively pursuing his . . . remedy."* [54]

---

requested the extension before the deadline expired. This case is inapplicable to the facts here.  In <u>Bank of Cape Verde</u>, the third-party plaintiff was pursuing good-faith settlement negotiations with the plaintiff and third-party defendants, and had already served all or most of the parties to the action prior to the expiration of the l20-day deadline. That is a far cry from the situation here, where Unifrax was not, and could not have been, in settlement negotiations with the Plaintiffs, as it did not even know that it had been sued.

[50]    <u>See</u> 28 U.S.C. § 2075 (rules prescribed by the United States Supreme Court "shall not abridge, enlarge, or modify any substantive right"); <u>see also</u> <u>Morse v. Perrotta</u> (<u>In re Perrotta</u>), 406 B.R. 1, 8 (Bankr. D. N.H. 2009) ("Therefore, to the extent that the Bankruptcy Rules and the Bankruptcy Code are inconsistent, the statute controls.").

[51]    <u>In re Cornwall</u>, 9 Blatchf. 114, 6 F.Cas. 586, 591 (C.C.D. Conn. Sept. Term 1871).

[52]    <u>See</u> <u>Diversified Hospitality Group, Inc. v. Carson Pirie Scott & Co.</u>, 1991 WL 35953, at *5 (S.D.N.Y. Mar. 8, 1991).

[53]    <u>Family Golf Ctrs., Inc. v. Acushnet Co.</u> (<u>In re Randall's Island Family Golf Ctrs., Inc.</u>), 288 B.R 701, 705 (Bankr. S.D.N.Y. 2003).

[54]    <u>Id.</u>  (quoting <u>Burnett v. N.Y. Cent. RR Co.</u>, 380 U.S. 424, 428-29 (1965)) (emphasis added).

67.     Here, Unifrax was entitled to rely, had no reason not to rely, and indeed relied, upon the policy of repose embedded within Section 546(a) of the Bankruptcy Code, having received <u>no notice</u> for more than two years after the statute of limitations had expired that it had been sued by the Plaintiffs.  Unifrax was not aware that it had been sued and could not have discovered on its own that it had been sued in light of the Complaint being filed under seal.

68.     Thus, while it is generally the policy of the courts to decide cases on the merits where possible,

> if the Rules are to mean anything, parties must diligently try to follow them and courts must enforce them, even if it means that cases must sometimes be finally determined on procedural grounds rather than on their substantive merits.[55]

By not giving notice to Unifrax that it had been sued and by denying Unifrax the right to be heard and object to the motions supporting the Preservation of Estate Claims Procedures Order and each of the Extension Orders, the Plaintiffs maneuvered themselves into this corner where the Complaint should be dismissed on procedural, and not substantive, grounds.

69.     In other words, having devised and unilaterally imposed this scheme on Unifrax, the Debtors cannot now argue that they are prejudiced by dismissal of the Complaint.  The Debtors created this due process mess and they cannot now cry foul to the effects of their own machinations.

70.     Accordingly, the Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b).

---

[55]     <u>Mused v. U.S. Dep't of Agriculture Food and Nutrition Serv.</u>, 169 F.R.D. 28, 35 (W.D.N.Y. 1996).

## III.    THE COMPLAINT IS INSUFFICIENTLY PLEAD AND SHOULD BE DISMISSED.

71.    Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The Supreme Court, elaborating upon its holding in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), recently stated that the necessary showing is "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[56]  "A claim has factual plausibility when the pleaded content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[57]

72.    The two principles underlying the Supreme Court's analysis in Twombly, are: (i) "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements" and (ii) "determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and commons sense."[58]

73.    "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."[59]

---

[56]    Ashcroft v. Iqbal, 129 S.Ct. 1937, 1940 (2009).

[57]    Id.

[58]    Id.

[59]    Id. at 1949 (internal quotations omitted).

74.    The Bankruptcy Court for the Southern District of New York has applied the more stringent pleading standards described above to adversary proceedings.[60] This Court has held as insufficient pleadings which allege fraudulent retention of loan proceeds by debtors, but did not "differentiate as to how [the loans] were retained, whether [the loans] were retained jointly, or by one or the other of [the debtors]."[61] Similarly, in the current situation there is an allegation of preferential transfers made, but no differentiation as to which Debtor initiated the transfers, which of the multiple defendants received such transfers or what the antecedent debts were giving rise to such alleged preferential transfers. Such a lack of detail is sufficient to establish grounds for dismissal.[62]

75.    With the exception of the list of unallocated transactions, the Complaint consists solely of a recitation of the elements of the cause of action and legal conclusions tracking the language of the statute, which are insufficient to state a claim for relief and establish that Unifrax is liable for the alleged preferential transfers.[63] It is proper to dismiss this Complaint which contains only "formulaic recitations" of the elements of the claim, unsupported by factual allegations.[64]

---

[60]    See In re Howard, 2009 WL 4544392 (Bankr. S.D.N.Y. 2009) (unpublished decision); In re Lehman Brothers Holdings Inc., 416 B.R. 392 (Bankr. S.D.N.Y. 2009).

[61]    Id. at *3.

[62]    See In re Caremerica, Inc., 409 B.R. 737, 750-51 (Bankr. E.D.N.C. 2009) (Within the context of § 547, Defendant's Complaint was insufficient, in that "Exhibit B provide[d] a list of the transferees, amounts, and dates of each transfer, but fail[ed] to indicate what entity initiated each transfer.").

[63]    See, e.g., Inst. for the Dev. of Earth Awareness v. People for Ethical Treatment of Animals, 2009 WL 2850230, *3-4 (S.D.N.Y. 2009) (dismissing cause of action that contained only "conclusory assertions[, but] ... no factual allegations," and rather "simply restated the [statutory] language").

[64]    Willey v. J.P. Morgan Chase, N.A., 2009 WL 1938987, *4 (S.D.N.Y. 2009) (dismissing complaint that contained only "formulaic recitations" of the elements of the claim, unsupported by factual allegations;

28

76.    Section 547(b)(1) requires the Defendant to establish that a transfer was made "to or for the benefit of a creditor."  The list of the transfer dates, amounts, and types, absent information as to the transferee/creditors, is insufficient to plausibly assert that funds were transferred to or for the benefit of the Defendants as required by § 547.

77.    Under § 547(b)(2), it must also be shown that the Defendants were creditors of the Debtors, with "each transferee's identity as a creditor [] contingent on the existence of an antecedent debt."[65]    Therefore, "the Trustee must assert the nature and amount of the antecedent debt in order to allege a plausible claim for relief."[66]    A conclusory assertion in the Complaint that an alleged preferential transfer was "made, or caused to be made…on account of, antecedent debt(s) owed to Defendants prior to the dates on which the Transfers were made" absent facts supporting the existence of such an antecedent debt is insufficient to "render plausible the assertion that a transfer was made for or on account of such antecedent debt" as required by Iqbal.[67]

78.    Accordingly, the Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b).

---

"*ipse dixit* pleading is insufficient" under Iqbal ); Kregler v. City of New York, 2009 WL 2524628, *5 (S.D.N.Y. 2009) (dismissing amended complaint under Iqbal because its allegations amounted to only "conclusory pleadings").

[65]    In re Caremerica, 409 B.R. at 751.

[66]    Id.

[67]    Id.

## IV.    THE COMPLAINT IS BARRED BY JUDICIAL ESTOPPEL AND SHOULD BE DISMISSED.

79.    The equitable principle of judicial estoppel "prevents a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by [that party] in a prior legal proceeding."[68]  The purpose of judicial estoppel is to "protect the integrity of the judicial process. . . by prohibiting parties from deliberately changing positions according to the exigencies of the moment."[69]  Judicial estoppel prevents a party from playing "fast and loose" with the courts.[70]

80.    In the Second Circuit, the following two factors must be satisfied to invoke the doctrine of judicial estoppel: (i) the party against whom estoppel is asserted took an inconsistent position in a prior proceeding, and (ii) the first tribunal adopted the inconsistent position in some manner, such as by rendering a favorable judgment.[71]   The doctrine, however, does not depend upon prejudice to the party invoking it.[72]

81.    Both factors are satisfied here.  First, in their Extension of Avoidance Action Service Deadline Motion, the Debtors asserted that they would "not retain any of the causes of action asserted in the [adversary proceedings] except those specifically listed on Exhibit 7.24 to

---

[68]    In re Venture Mortgage Fund, L.P., 245 B.R. 460, 471 (2000), aff'd, 282 F.3d 185 (2d Cir. 2002).

[69]    New Hampshire v. Maine, 532 U.S. 742, 749 (2001); see also Rosenshein v. Kleban, 918 F.Supp. 98, 104 (S.D.N.Y. 1996)

[70]    Id.

[71]    In re Venture Mortgage Fund, L.P., 245 B.R. at 472.

[72]    Galerie Des Monnaies of Geneva, Ltd. v. Deutsche Bank, AG., New York Branch (In re Galerie Des Monnaies of Geneva, Ltd.), 55 B.R. 253, 260 (Bankr. S.D.N.Y. 1985), aff'd, 62 B.R. 224 (S.D.N.Y. 1986).

the Plan."[73]    In fact, the Debtors stated that of the 742 adversary proceedings commenced under

seal, only the claims relating to Laneko Engineering Co., Wachovia Bank, National Association,

Laneko Engineering Co. Inc., and their affiliates and subsidiaries were subject to the

Preservation of Estate Claims Procedures Order.[74]    The Debtors reiterated this assertion in their

Postconfirmation Extension of Avoidance Action Service Deadline Motion.[75]    Second, the Court,

in entering the orders upon the representations set forth in the Extension of Avoidance Action

Service Deadline Motion and the Postconfirmation Extension of Avoidance Action Service

Deadline Motion, adopted this position.

82.    Thus, by serving the Complaint on Unifrax -- which is not Laneko Engineering or

Wachovia Bank or an affiliate --  the Debtors are now attempting to reverse a legal position

previously asserted in their own pleadings and adopted by the Court.  Such action is

impermissible and, accordingly, the Complaint should be dismissed.[76]

## V.    THE COMPLAINT IS BARRED BY LACHES AND SHOULD BE DISMISSED.

83.    Laches is an equitable defense that requires the party asserting it to establish that:

"(1) plaintiffs knew of defendants' misconduct; (2) plaintiffs inexcusably delayed in taking

---

[73]    Extension of Avoidance Action Service Deadline Motion, at ¶ 17.

[74]    Id. at ¶ 17, n.4.

[75]    Postconfirmation Extension of Avoidance Action Service Deadline Motion, at ¶ 18 and n.4.

[76]    See Galerie Des Monnaies of Geneva, Ltd., 55 B.R. at 260 (granting defendant's motion to dismiss where
debtor who stated in its disclosure statement that it has no preference actions "may not thereafter reverse
its field and commence a preference action for its own benefit.").

action; and (3) defendants were prejudiced by the delay."[77]  "The equitable nature of laches necessarily requires that the resolution be based on the circumstances peculiar to each case."[78]  "The determination of whether laches bars a plaintiff from equitable relief is entirely within the discretion of the trial court."[79]

84.    Laches can be considered on a motion to dismiss.[80]

85.    In assessing a laches defense, the combined pre-complaint and post-filing time period are taken into account.  The court should consider the delay both pre- and post-filing and the resulting prejudice to the defendant.[81]

86.    The Debtors' Complaint alleges preferential transfers made in July, August, September, and October 2005, a period of time that is almost four and a half years ago.  Although the Debtors filed the Complaint in September 2007, the effect of the filing under seal and the failure to either serve Unifrax with the Complaint or at the very least notice of the Motions extending the time to serve such Complaint effectively extended the prosecution of the lawsuit to a period of time four a half years past the alleged wrongdoing.

---

[77]    Ikelionwu v. United States, 150 F.3d 233, 237 (2d Cir. 1998).

[78]    Tri-Star Pictures, Inc. v. Leisure Time Productions, B.V., 17 F.3d 38, 44 (2d Cir. 1994).

[79]    Id.

[80]    In re Chenault, 2010 WL 797015 at *2 (Bankr. C.D. Ill. 2010).  See also Ikelionwu, 150 F.3d at 237 (Court states that it has not yet settled the appropriate standard to review the grant of a motion to dismiss based on laches).

[81]    See Allens Creek/Corbetts Glen Preservation Group, Inc. v. Caldera, 2 Fed.Appx. 162, 165 (2d Cir. 2001) (In affirming a dismissal for laches, the Court considered the combined delay pre and post-filing of the Complaint and the prejudice resulting therefrom).

87.     The first element of a laches defense requires that the "plaintiffs knew of defendants' misconduct."[82]  The Plaintiffs have been aware of the existence of the alleged preferential transfers since the filing of the bankruptcy petition, in that the allegedly preferential transfers, upon information and belief, derive from the Plaintiffs' own business records.  Further, the Plaintiffs have been guided through the bankruptcy process by sophisticated bankruptcy counsel.  Finally, the Plaintiffs acknowledged their awareness of the existence of over 1,000 possible preferential transfer actions by motion dated August 6, 2007.  Therefore, the Plaintiffs were aware of, or should have been aware of, the potential avoidance action from the Petition Date onward.

88.     The second element of a laches defense requires that "plaintiffs inexcusably delayed in taking action."[83]  "When a plaintiff has not slept on his rights, but has been prevented from asserting them based, for example, on justified ignorance of the facts constituting a cause of action, personal disability, or because of ongoing settlement negotiations, the delay is reasonable and the equitable defense of laches will not bar an action."[84]  The Plaintiffs filed the Complaint on September 28, 2007, approximately two years after the allegedly preferential transfers.  The Plaintiffs then waited two and a half years to serve the Defendants with the Complaint.  Further, the statute of limitations for such an action is two years from the date of the filing of the petition.  Such a delay is unreasonable and inexcusable, while the rationale for it as stated above has no merit as to the action against Unifrax.

---

[82]     _Ikelionwu_, 150 F.3d at 237.

[83]     _Ikelionwu_, 150 F.3d at 237.

[84]     _Allens Creek/Corbetts Glen Preservation Group, Inc. v. Caldera_, 88 F.Supp.2d 77, 85 (W.D.N.Y. 2001).

89.     The third element of a laches defense requires that "defendants were prejudiced

by the delay."[85]  Unifrax has been severely prejudiced by the Debtors' delay in filing and

prosecuting the Complaint.  As stated above, Unifrax has been robbed of the opportunity to

meaningfully participate in the bankruptcy cases to the fullest extent and also to negotiate within

the context of the bankruptcy, as the Debtors have waited until after substantial confirmation of

their plan of reorganization to prosecute the lawsuit.  The passage of four a half years since the

allegedly preferential transfers is also prejudicial to Unifrax.  During that period, memories have

faded, documents have been destroyed in accordance with normal document disposal procedures

and the overall ability of the defendants to vindicate their rights has been diminished.  Thus,

Unifrax is prejudiced.

90.     Accordingly, the Complaint should be dismissed on the grounds of laches.


## VI.    IN THE ALTERNATIVE, A MORE DEFINITE STATEMENT OF THE PLEADINGS IS REQUIRED IN ORDER FOR THE DEFENDANT TO PREPARE A RESPONSIVE PLEADING.

91.     Federal Rule of Civil Procedures 12(e) and Bankruptcy Rule 7012(b) allow a

party to "move for a more definite statement of a pleading to which a responsive pleading is

allowed but which is so vague or ambiguous that the party cannot reasonably prepare a

response."

92.     In the current situation, the only factual allegation asserted regarding the alleged

preferential transfers is the list of transfer dates, transfer amounts, and transfer types.  Given the

---

[85]        Ikelionwu, 150 F.3d at 237.

lack of further information as to which of the Debtors initiated these transfers and which of the

six Defendants are the recipients, Unifrax cannot reasonably prepare a response to the allegations

contained within the Complaint.

93.     Accordingly, Unifrax respectfully requests, should the Court not dismiss the

Complaint, that the Court order the Debtors to elaborate upon their pleadings and amend their

Complaint with a more definite statement as to which Debtors initiated each transaction and

which of the six defendants were the alleged beneficiary of each alleged preferential transaction

pursuant to Fed. R Civ. P. 12(e) and Fed. R. Bankr. P. 7012(b).


## CONCLUSION

94.     Plaintiffs have concealed for almost two and a half years the fact that Unifrax is a

defendant in a lawsuit.  Such secretive, evasive and one-sided machinations are contrary to the

policies underlying the Bankruptcy Code and the American judicial system as a whole.

Plaintiffs' failure to serve notices of the motions for the Preservation of Estate Claims

Procedures Order and each of the Extension Orders was a blatant violation of Unifrax's due

process rights and thus, as a matter of law, such orders are void as against Unifrax.  In all events,

the subject orders were improvidently entered without notice.  Consequently, the Complaint

served on Unifrax over two and a half years after the statute of limitation had expired should be

dismissed on the grounds of either expiration of the statute of limitation or the doctrine of laches.

95.     The Debtors' statements in their own pleadings that these preference claims would not be pursued against Unifrax should now bar the assertion of such claims as a matter of judicial estoppel.

96.     Also, the lack of specificity within the Plaintiff's Complaint is also grounds for dismissal for failure to state a claim upon which relief can be granted.

97.     Finally, in the alternative, if the above relief is not granted, a more definite statement is necessary for Unifrax to reasonably prepare a response to the Complaint.


### MEMORANDUM OF LAW

98.     The legal points and authorities upon which this motion relies are incorporated herein.  Unifrax therefore respectfully requests that the requirement of filing a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

WHEREFORE, for all of the foregoing reasons, Unifrax respectfully requests that (i) each of the Preservation of Estate Claims Procedures Order, the Extension of Avoidance Action Service Deadline Order, the Postconfirmation Extension of Avoidance Action Service Deadline Order, and the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order be vacated as against it; (ii) the Complaint against it be dismissed with prejudice for failing to state a claim upon which relief can be granted on the grounds of the expiration of the statute of limitations; (iii) the Complaint against it be dismissed with prejudice for failing to state a claim upon which relief can be granted on the grounds of insufficient pleadings; (iv) the Complaint against it be dismissed with prejudice as being barred by laches; and (v) the

36

Complaint against it be dismissed with prejudice as being barred by judicial estoppel; or (vi) in

the alternative, the Court order the Debtors to elaborate upon their pleadings and amend their

Complaint with a more definite statement as to which Debtors initiated each transaction and

which of the six Defendants were the alleged beneficiary of each transaction; and (vii) the Court

order the Debtors to pay the costs and expenses of responding to the Adversary Proceeding,

including, without limitation, attorneys' fees; and (viii) for such other and further relief as this

Court may deem appropriate.

Dated:          Buffalo, New York
                April 12, 2010

                            **HODGSON RUSS LLP**
                            *Attorneys for Unifrax Corporation*


                            By: _/s/ Julia S. Kreher_____
                                    Julia S. Kreher, Esq.
                                    Michael E. Reyen, Esq.
                            The Guaranty Building
                            140 Pearl Street, Suite 100
                            Buffalo, New York  14202-4040
                            Tel: 716-848-1330
                            Fax: 716-849-0349
                            jkreher@hodgsonruss.com


                            **HODGSON RUSS LLP**
                            60 East 42nd Street
                            New York, New York 10165
                            Tel: 212-661-3535
                            Fax: 212-972-1677
                            Deborah J. Piazza, Esq.
                            dpiazza@hodgsonruss.com

**HODGSON RUSS LLP**

The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York  14202-4040
Tel:  716-856-4000
Fax:  716-849-0349
Julia S. Kreher, Esq.
Michael E. Reyen, Esq.

**HODGSON RUSS LLP**

60 East 42nd Street
New York, New York 10165
Tel: 212-661-3535
Fax: 212-972-1677
Deborah J. Piazza, Esq.
dpiazza@hodgsonruss.com

*Attorneys for Unifrax Corporation*

UNITED STATES BANKRUPTCY COURT
 SOUTHERN DISTRICT OF NEW YORK

**Hearing Date: May 17, 2010**
**Hearing Time: 10:00 a.m.**
**Objection Deadline: May 10, 2010**

.................................................................x
In re:                                                            :
                                                                  :
DELPHI CORPORATION, et al.,                                       :
                                                                  :
                                                                  :
                          Debtors,                                :
.................................................................x
                                                                  :
DELPHI CORPORATION, et al.,                                       :
                                                                  :
                                                                  :
                          Plaintiffs,                             :
                                                                  :
                                                                  :
        - against -                                               :
                                                                  :
BP, BP AMOCO CORP, BP MICROSYSTEMS
INC., BP PRODUCTS NORTH AMERICA,
CASTROL, CASTROL INDUSTRIAL AND
UNIFRAX CORP.                                                     :
                                                                  :
                          Defendant.                              :
.................................................................x

Chapter 11
Case No. 05-44481 (RDD)
Jointly Administered

Adv. Pro. No. 07-02270 (RDD)

**NOTICE OF MOTION BY UNIFRAX CORP. SEEKING AN ORDER (I)
PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024, VACATING
PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN
ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE
DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND
EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY
PROCEEDINGS, (II) PURSUANT TO FED. R. CIV. P. 12(b) AND FED. R.
BANKR. P. 7012(b), DISMISSING THE ADVERSARY PROCEEDING WITH
PREJUDICE FOR FAILURE TO STATE A CAUSE OF ACTION BECAUSE IT IS
BARRED BY THE TWO YEAR STATUTE OF LIMITATIONS, (III) PURSUANT
TO FED. R. CIV. P. 12(b) AND FED. R. BANKR. P. 7012(b), DISMISSING THE
ADVERSARY PROCEEDING WITH PREJUDICE FOR FAILURE TO STATE A
CAUSE OF ACTION BECAUSE IT IS INSUFFICIENTLY PLEAD, (IV)
DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF
JUDICIAL ESTOPPEL, (V) DISMISSING THE ADVERSARY PROCEEDING
ON THE GROUND OF LACHES, OR (VI) IN THE ALTERNATIVE, PURSUANT
TO FED. R. CIV. P. 12(E) AND FED. R. BANKR. P. 7012(E), DIRECTING A
MORE DEFINITE STATEMENT OF THE PLEADINGS**

**PLEASE TAKE NOTICE** that upon the accompanying motion (the "Motion")

and all other pleadings and proceedings herein, Unifrax Corp. ("Unifrax"), now known as

Unifrax I LLC, by its undersigned counsel, shall move this Court before the Honorable Robert D.

Drain, United States Bankruptcy Judge, United States Bankruptcy Court, 300 Quarropas Street,

White Plains, New York 10601, on May 17, 2010 at 10:00 a.m. or such other date and time as

soon thereafter as the Court may direct, for an Order (i) pursuant to Fed. R. of Civ. P. 60 and

Fed. R. Bankr. P. 9024, vacating prior orders establishing procedures for certain adversary

proceedings, including those commenced by the Debtors under 11 U.S.C. §§ 541, 544, 545, 547,

548, or 553, and extending the time to serve process for such adversary proceedings, and (ii)

pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), dismissing the adversary

proceeding with prejudice for failure to state a cause of action because it is barred by the two

year statute of limitations, (iii) pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b),

dismissing the adversary proceeding with prejudice for failure to state a cause of action because

it is insufficiently plead, (iv) dismissing the adversary proceeding on the ground of judicial

estoppel, (v) dismissing the adversary proceeding on the ground of laches, (vi) or, in the alternative, pursuant to Fed. R. Civ. P. 12(e) and Fed. R. Bankr. P. 7012(e), directing a more definite statement of the pleadings, and (vii) granting Unifrax the costs and expenses, including attorneys fees, of filing the motion, and (viii) for such other and further relief as the Court deems appropriate.

PLEASE TAKE FURTHER NOTICE that answering papers, if any, in opposition to the relief requested shall be filed with the Court and served upon the undersigned counsel for Unifrax no later than May 10, 2010 at 5:00 p.m. (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that responses or objections, if any, to the Motion and the relief requested therein must be made in writing, conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Bankruptcy Court, and be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System which can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on one 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format and shall be served in accordance with General Order M-242, with a courtesy copy delivered to the Chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and served on Hodgson Russ LLP, attorneys for Defendant Unifrax, 60 East 42nd Street, New York, New York 10165, attn: Deborah J. Piazza, Esq., in accordance with General Order M-182, so as to be received no later than the Objection Deadline.

Dated:        Buffalo, New York
              April 12, 2010

                              **HODGSON RUSS LLP**
                              *Attorneys for Unifrax Corp.*


                              By:   /s/ Julia S. Kreher
                                      Julia S. Kreher, Esq.
                                      Michael E. Reyen, Esq.
                              The Guaranty Building
                              140 Pearl Street, Suite 100
                              Buffalo, New York 14202-4040
                              Tel:  716-848-1330
                              Fax:  716-849-0349
                              jkreher@hodgsonruss.com

                              **HODGSON RUSS LLP**
                              60 East 42nd Street
                              New York, New York 10165
                              Tel: 212-661-3535
                              Fax: 212-972-1677
                              Deborah J. Piazza, Esq.
                              dpiazza@hodgsonruss.com

TO:        Butzel Long, A Professional Corporation
           380 Madison Avenue – 22nd Floor
           New York, New York 10017
           Attn: Eric B. Fisher, Esq.
                 Barry N. Seidel, Esq.

           Butzel Long, A Professional Corporation
           150 West Jefferson – Suite 100
           Detroit, Michigan 48226
           Attn: Cynthia J. Haffey, Esq.

           Togut, Segal & Segal LLP
           One Penn Plaza – Suite 3335
           New York, New York 10119
           Attn: Albert Togut, Esq.

000161/01301 Administrative 6981608v1

**HODGSON RUSS LLP**                                      **Hearing Date: May 17, 2010**
The Guaranty Building                                     **Hearing Time: 10:00 a.m.**
140 Pearl Street, Suite 100                               **Objection Deadline: May 10, 2010**
Buffalo, New York  14202-4040
Tel:  716-856-4000
Fax:  716-849-0349
Julia S. Kreher, Esq.
Michael E. Reyen, Esq.

**HODGSON RUSS LLP**

60 East 42nd Street
New York, New York 10165
Tel: 212-661-3535
Fax: 212-972-1677
Deborah J. Piazza, Esq.
dpiazza@hodgsonruss.com

*Attorneys for Unifrax Corporation*

UNITED STATES BANKRUPTCY COURT
 SOUTHERN DISTRICT OF NEW YORK

...............................................................x
In re:                                            :      Chapter 11
                                                  :      Case No. 05-44481 (RDD)
DELPHI CORPORATION, et al.,                       :      Jointly Administered
                                                  :
            Debtors,                              :
                                                  :
...............................................................x
                                                  :
DELPHI CORPORATION, et al.,                       :      Adv. Pro. No. 07-02270 (RDD)
                                                  :
            Plaintiffs,                           :
                                                  :
    - against -                                   :
                                                  :
BP, BP AMOCO CORP, BP MICROSYSTEMS
INC., BP PRODUCTS NORTH AMERICA,
CASTROL, CASTROL INDUSTRIAL AND
UNIFRAX CORP.                                     :
                                                  :
            Defendant.                            :
...............................................................x

## DECLARATION IN SUPPORT OF MOTION TO DISMISS

I, Mark D. Roos, declare, pursuant to 28 U.S.C. §1746 and under penalty of perjury, that the following is true and correct:

1.      I am the Senior Vice-President and Chief Financial Officer for Unifrax I LLC, formerly known as Unifrax Corporation ("Unifrax"), one of the Defendants in the above captioned adversary proceeding ("Adversary Proceeding").  I make this declaration ("Declaration") in support of the Motion by Unifrax Corp. Seeking an Order (i) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Vacating Prior Orders Establishing Procedures for Certain Adversary Proceedings, Including those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 549, and Extending the Time to Serve Process for Such Adversary Proceedings, (ii) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with Prejudice for Failure to State a Cause of Action because it is Barred by the Two Year Statute of Limitations, (iii) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with Prejudice for Failure to State a Cause of Action because it is Insufficiently Plead, (iv) Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel, (v) Dismissing the Adversary Proceeding on the Ground of Laches, or (vi) in the Alternative, Pursuant to Fed. R. Civ. P. 12(e) and Fed. R. Bankr. P. 7012(e), Directing a More Definite Statement of the Pleadings (the "Motion").[1]

2.      On October 8, 2005, Delphi and certain of its subsidiaries each filed voluntary petitions for Chapter 11 relief.   On October 14, 2005, three additional U.S.

---

[1]      Capitalized terms that are not otherwise defined within the Declaration are assigned the same meaning as that assigned within the Motion.

subsidiaries of Delphi also filed voluntary petitions for relief under Chapter 11 (the petition dates are collectively referred to as the "Petition Date").

3.      Prior to the commencement of the Debtors' cases, Unifrax provided catalytic converter materials to Delphi pursuant to certain sole source supplier contracts.

4.      By motion dated August 6, 2007 (the "**Preservation of Estate Claims Procedures Motion**"), the Debtors sought entry of an order seeking, among other things, the establishment of procedures for certain adversary proceedings, including those commenced by the Debtors under Bankruptcy Code §§ 541, 544, 545, 547, 548 or 553.[2]

5.      Unifrax was <u>not</u> provided with notice of the Preservation of Estate Claims Procedures Motion.[3]

6.      On September 28, 2007, Plaintiffs commenced this adversary proceeding by filing the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. § 547 and 550 ("Complaint"), herein incorporated by reference, under seal with the Clerk [Adversary Proceeding Docket No. 1].

7.      The Complaint seeks to recover, pursuant to Bankruptcy Code §§ 547 and 550, alleged preferential transfers in the aggregate amount of $4,489,538.67 made to Unifrax and six other defendants - BP, BP Amoco Corp., BP Microsystems Inc., BP Products North America, Castrol, and Castrol Industrial ("Other Defendants").

8.      The Other Defendants have, to varying extents, historical ties to Unifrax, but have not had any overlap in ownership since 2003.  At the time of the Petition Date in these

---

[2]      Preservation of Estate Claims Procedures Motion, Bankruptcy Docket No. 8905, herein incorporated by reference, at ¶ 17.

[3]      Affidavit of Service, dated August 10, 2007, Bankruptcy Docket No. 9039, herein incorporated by reference.

bankruptcy cases, Unifrax and the Other Defendants were -- and continue to be -- completely

separate corporate entities which do not share any operations.   It is unknown why the Debtors

have initiated one combined cause of action against Unifrax and the Other Defendants.

9.       The only alleged information within the Complaint that is specific to the

defendants is the list of allegedly avoidable transfers attached to the Complaint as Exhibit 1.

This list consists solely of transfer dates, amounts, and transfer types (i.e. check or electronic

funds transfer), but it does not identify the recipients of the transfers.  There are no other factual

allegations within the Complaint that can be construed as specific to any of the defendants.

10.       By motion dated February 28, 2008 (the "**Extension of Avoidance Action**

**Service Deadline Motion**"), the Debtors sought to modify Paragraph 8 of the Preservation of

Estate Claims Procedures Order, so as to extend for a <u>second</u> time the deadline under Fed. R.

Civ. P. 4(m) by which the Debtors would be required to serve process by an additional two

months to May 31, 2008.[4]

11.       Unifrax was <u>not</u> provided with notice of the Preservation of Estate Claims

Procedures Motion.[5]

12.       By motion dated April 10, 2008 (the "**Postconfirmation Extension of**

**Avoidance Action Service Deadline Motion**"), the Debtors sought to further modify Paragraph

8 of the Preservation of Estate Claims Procedures Order, so as to extend for a <u>third</u> time the

---

[4]       Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 12922, herein
incorporated by reference, at ¶ 18.

[5]       Affidavit of Service, dated March 4, 2008, Bankruptcy Docket No. 12970, herein incorporated by
reference.

deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process until 30

days after substantial consummation of the Plan or any modified plan.[6]

13.    Unifrax was <u>not</u> provided with notice of the Postconfirmation Extension of

Avoidance Action Service Deadline Motion.[7]

14.    By motion dated October 2, 2009 (the "Supplemental Postconfirmation

Extension of Avoidance Action Service Deadline Motion"), the Debtors sought to further modify

Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a <u>fourth</u>

time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors were required to serve

process until 180 days after substantial consummation of the Modified Plan.[8]

15.    Unifrax was <u>not</u> provided with notice of the Supplemental

Postconfirmation Extension of Avoidance Action Service Deadline Motion.[9]

16.    Unifrax was served with the Complaint on or about March 12, 2010,

almost two and a half years after the limitations period provided by Bankruptcy Code § 546(a)

expired.

17.    Upon information and belief, although Unifrax received a copy of the

most recent Supplemental Postconfirmation Extension of Avoidance Action Service Deadline

Order, Unifrax was not served with each of the (1) Preservation of Estate Claims Procedures

Order, and (2) Extension of Avoidance Action Service Deadline Order, and (3) Postconfirmation

---

[6]    Postconfirmation Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No.
13361, herein incorporated by reference, at ¶ 19.

[7]    Affidavit of Service, dated April 16, 2008, Bankruptcy Docket No. 13415, herein incorporated by
reference.

[8]    Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion, Bankruptcy
Docket No. 18952, herein incorporated by reference, at ¶ 16.

[9]    Affidavit of Service, dated October 7, 2009, Bankruptcy Docket No. 18967, herein incorporated by
reference.

Extension of Avoidance Action Service Deadline Order, contrary to the specific language in each of these orders.

Dated:  April 12, 2010

/s/ Mark D. Roos
Mark D. Roos

- 6 -

**HODGSON RUSS LLP**                    **Hearing Date: May 17, 2010**
The Guaranty Building                   **Hearing Time: 10:00 a.m.**
140 Pearl Street, Suite 100             **Objection Deadline: May 10, 2010**
Buffalo, New York  14202-4040
Tel:  716-856-4000
Fax:  716-849-0349
Julia S. Kreher, Esq.
Michael E. Reyen, Esq.

**HODGSON RUSS LLP**
60 East 42nd Street
New York, New York 10165
Tel: 212-661-3535
Fax: 212-972-1677
Deborah J. Piazza, Esq.
dpiazza@hodgsonruss.com

*Attorneys for Unifrax Corporation*

UNITED STATES BANKRUPTCY COURT
 SOUTHERN DISTRICT OF NEW YORK

.................................................................x
In re:                                    :    Chapter 11
                                          :    Case No. 05-44481 (RDD)
DELPHI CORPORATION, et al.,               :    Jointly Administered
                                          :
                      Debtors,            :
                                          :
.................................................................x
                                          :
DELPHI CORPORATION, et al.,               :    Adv. Pro. No. 07-02270 (RDD)
                                          :
                      Plaintiffs,         :
                                          :
        - against -                       :
                                          :
BP, BP AMOCO CORP, BP MICROSYSTEMS        :
INC., BP PRODUCTS NORTH AMERICA,
CASTROL, CASTROL INDUSTRIAL AND
UNIFRAX CORP.                             :
                                          :
                      Defendant.          :
                                          :
.................................................................x

## CERTIFICATE OF SERVICE

Michael Reyen, by his signature below hereby certifies that (1) I am not a party to the above-entitled action and am over 18 years of age; and (2) on Monday, April 12, 2010, I caused to be served a true and correct hard copy of the Declaration in Support of the Motion to Dismiss, Notice and Motion by Unifrax Corp. (now known as Unifrax I LLC) Seeking an Order (i) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Vacating Prior Orders Establishing Procedures for Certain Adversary Proceedings, Including those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 549, and Extending the Time to Serve Process for Such Adversary Proceedings, (ii) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with Prejudice for Failure to State a Cause of Action because it is Barred by the Two Year Statute of Limitations, (iii) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with Prejudice for Failure to State a Cause of Action because it is Insufficiently Plead, (iv) Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel, (v) Dismissing the Adversary Proceeding on the Ground of Laches, or (vi) in the Alternative, Pursuant to Fed. R. Civ. P. 12(e) and Fed. R. Bankr. P. 7012(e), Directing a More Definite Statement of the Pleadings, electronically through the Court's ECF System on all parties requesting electronic service, and by U.S. mail delivery or overnight mail to the following addresses:

Butzel Long, A Professional
Corporation
380 Madison Avenue – 22nd Floor
New York, New York 10017
Attn: Eric B. Fisher, Esq.
    Barry N. Seidel, Esq.

Butzel Long, A Professional
Corporation
150 West Jefferson – Suite 100
Detroit, Michigan 48226
Attn: Cynthia J. Haffey, Esq.

Togut, Segal & Segal LLP
One Penn Plaza – Suite 3335
New York, New York 10119
Attn: Albert Togut, Esq.

Clerk's Office
Attn: Honorable Robert D. Drain
    U.S. Trustee
United States Bankruptcy Court
300 Quarropas Street
White Plains, New York 10601

        /s/ Michael Reyen
        Michael Reyen

000161/01301 Administrative 6981632v1

# EXHIBIT D

KELLEY DRYE & WARREN LLP
James S. Carr
Jordan A. Bergman
Gilbert R. Saydah
101 Park Avenue
New York, NY 10178
Tel:  (212) 808-7800
Fax:  (212) 808-7897

Attorneys for Defendants BP, BP Amoco Corp., BP
Products North America Inc., Castrol, and Castrol
Industrial

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                                        )
In re:                                                )          Chapter 11
                                                        )
DELPHI CORPORATION, *et al.*,          )          Case No. 05-44481 (RDD)
                                                        )
                          Debtors.               )          (Jointly Administered)
_____)
                                                        )
DELPHI CORPORATION, *et al.*,          )          Adv Pro. No. 07-02270 (RDD)
                                                        )
                          Plaintiffs,           )
                                                        )
              v.                                     )
                                                        )
BP, BP AMOCO CORP., BP                  )
MICROSYSTEMS INC., BP PRODUCTS  )
NORTH AMERICA INC., CASTROL,       )
CASTROL INDUSTRIAL AND              )
UNIFRAX CORP.,                             )
                                                        )
                          Defendants.          )
_____)

**JOINDER OF BP, BP AMOCO CORP., BP PRODUCTS NORTH AMERICA INC.,
CASTROL, AND CASTROL INDUSTRIAL TO UNIFRAX CORPORATION'S MOTION
TO DISMISS THE ADVERSARY PROCEEDING WITH PREJUDICE AND FOR THE
OTHER RELIEF SOUGHT THEREIN**

BP, BP Amoco Corp., BP Products North America Inc., Castrol, and Castrol

Industrial (collectively, the "BP Defendants"), by their undersigned attorneys, Kelley Drye &

Warren LLP, hereby join (the "Joinder") and adopt the arguments set forth in the motion (the

"Motion") filed by co-defendant, Unifrax[1] (together with the BP Defendants, collectively, the

"Moving Defendants"),[2] on April 12, 2010 [Docket No. 17, Adv Pro. No. 07-02270] seeking an

order:

(I)     PURSUANT TO FED R. CIV. P. 60 AND FED. R. BANKR. P. 9024,
        VACATING PRIOR ORDERS ESTABLISHING PROCEDURES FOR
        CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE
        COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547,
        548 OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR
        SUCH ADVERSARY PROCEEDINGS, AND

(II)    PURSUANT TO FED R. CIV. P. 12(B) AND FED. R. BANKR. P. 7012(B),
        DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE FOR
        FAILURE TO STATE A CAUSE OF ACTION BECAUSE IT IS BARRED BY
        THE TWO YEAR STATUTE OF LIMITATIONS, AND

(III)   PURSUANT TO FED R. CIV. P. 12(B) AND FED. R. BANKR. P. 7012(B),
        DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE FOR
        FAILURE TO STATE A CAUSE OF ACTION BECAUSE IT IS
        INSUFFICIENTLY PLEAD, AND

(IV)    DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF
        JUDICIAL ESTOPPEL, AND

(V)     DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF
        LACHES, OR

(VI)    IN THE ALTERNATIVE, PURSUANT TO FED. R. CIV. P. 12(E) AND FED.
        R. BANKR. P. 7012(E), DIRECTING A MORE DEFINITE STATEMENT OF
        THE PLEADINGS.

The facts set out in the Motion are substantially the same with respect to the BP

---

[1]     All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2]     The defined term, Moving Defendants, does not include co-defendant, BP Microsystems Inc., which was not affiliated with the BP Defendants as of the Petition Date and is not currently affiliated with the BP Defendants. BP Microsystems Inc. has separately filed an answer to the Complaint.  Nothing in this Joinder is intended or shall be construed to apply to BP Microsystems Inc.

Defendants, except as more specifically stated and amended herein, such that any relief granted for the benefit of one of the Moving Defendants should be granted for the BP Defendants.

The BP Defendants supplement the facts set forth in the Motion as follows:

1.      On October 8, 2005, Delphi and certain of its subsidiaries each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  On October 14, 2005, three additional U.S. subsidiaries of Delphi filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.      Prior to the Petition Date, certain of the BP Defendants sold certain petroleum-based products to the Debtors.

3.      By motion dated August 6, 2007, the Debtors filed the Preservation of Estate Claims Procedures Motion.  [Docket No. 8905].  The BP Defendants were not provided with notice of the Preservation of Estate Claims Procedures Motion.

4.      By motion dated February 28, 2008, the Debtors filed the Extension of Avoidance Action Service Deadline Motion.  [Docket No. 12922].  The BP Defendants were not provided with notice of the Extension of Avoidance Action Service Deadline Motion.

5.      By motion dated April 10, 2008, the Debtors filed the Postconfirmation Extension of Avoidance Action Service Deadline Motion.  [Docket No. 13361].  The BP Defendants were not provided with notice of the Postconfirmation Extension of Avoidance Action Service Deadline Motion.

6.      By motion dated October 2, 2009, the Debtors filed the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion.  [Docket No. 18952].  The BP Defendants were not provided with notice of the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion.

3

7.      The BP Defendants have not been afforded due process and a meaningful opportunity to object to any of these motions because the Debtors/Plaintiffs have deprived the BP Defendants of any means by which to ascertain whether the BP Defendants were anticipated defendants in the adversary proceedings to be filed under the seal, or were in fact defendants in the sealed adversary proceedings later filed.

8.      While the Debtors/Plaintiffs commenced this adversary proceeding against the Moving Defendants and BP Microsystems Inc. on September 28, 2007 by filing the Complaint under seal with the Clerk (seeking to recover, pursuant to Bankruptcy Code §§ 547 and 550, alleged preferential transfers made to Moving Defendants and BP Microsystems Inc. of $4,489,538.67), the BP Defendants were not served with the Complaint until on or about April 2, 2010, well over two years after the limitations period provided by Bankruptcy Code § 546(a) expired.

WHEREFORE, BP, BP Amoco Corp., BP Products North America Inc., Castrol, and Castrol Industrial, by their undersigned attorneys, join and adopt the arguments set forth in the Motion, and respectfully request that any relief granted for the benefit of one of the Moving Defendants be granted for the BP Defendants.

Dated: New York, New York
      May 6, 2010

KELLEY DRYE & WARREN LLP

By: _/s/ James S. Carr_                
    James S. Carr
    Jordan A. Bergman
    Gilbert R. Saydah
101 Park Avenue
New York, NY 10178
Tel:    (212) 808-7800
Fax:    (212) 808-7897

Attorneys for Defendants BP, BP Amoco Corp., BP Products North America Inc., Castrol, and Castrol Industrial

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of May 2010, I caused the foregoing *JOINDER OF BP, BP AMOCO CORP., BP PRODUCTS NORTH AMERICA INC., CASTROL, AND CASTROL INDUSTRIAL TO UNIFRAX CORPORATION'S MOTION TO DISMISS THE ADVERSARY PROCEEDING WITH PREJUDICE AND FOR THE OTHER RELIEF SOUGHT THEREIN*, to be filed via this Court's CM/ECF System and served upon the parties listed below via United States First Class Mail.

| | |
|---|---|
| Butzel Long, A Professional Corporation<br>380 Madison Avenue – 22nd Floor<br>New York, New York 10017<br>Attn: Eric B. Fisher, Esq.<br>Barry N. Seidel, Esq. | Butzel Long, A Professional Corporation<br>150 West Jefferson – Suite 100<br>Detroit, Michigan 48226<br>Attn: Cynthia J. Haffey, Esq |
| Togut, Segal & Segal LLP<br>One Penn Plaza – Suite 3335<br>New York, New York 10119<br>Attn: Albert Togut, Esq. | U.S. Trustee<br>United States Bankruptcy Court<br>300 Quarropas Street<br>White Plains, New York 10601 |

*/s/ Jordan A. Bergman*
Jordan A. Bergman