# EXHIBIT 32

# EXHIBIT 32

**Pro Tech Machine, Adv. Pro. No. 07-02690-rdd**

The Declaration filed on behalf of Pro Tech Machine ("Pro Tech") is carefully crafted by narrowly limiting what the declarant claims Pro Tech did not know. Pro Tech filed the Declaration of David Currie, its President. *Ex. 32(a), July 19, 2011 Declaration of David Currie.* In his Declaration, Mr. Currie states that "[t]o the best of my knowledge, information and belief, no notice was given to Pro Tech Machine or its counsel that the Preservation of Estate Claims Procedures Motion related to claims against Pro Tech Machine." *Id. at ¶¶ 6 and 11*. In this statement, Mr. Currie only declares that Pro Tech did not have notice that the extension motions concerned Pro Tech. He did not state that Pro Tech did not have notice of the Final Extension Motion. Mr. Currie goes on to further state that "[t]o the best of my knowledge, information and belief, neither Pro Tech Machine nor its counsel was served with a copy of the Preservation of Estate Claims Procedures Motion by overnight mail." *Id*. Again, Mr. Currie did not state that Pro Tech did not have notice of the Final Extension Motion, but only that it was not received "via overnight mail." *Id*.

Pro Tech received relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. On December 13, 2007, the Debtors filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. Additionally, as a party listed on Ex. FFF of the January 11, 2008 Affidavit of Service for the solicitation of materials for the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, Pro Tech was served

with the Confirmation Hearing Notice, dated December 10, 2007. *See Ex. 7, January 11, 2008 Affidavit of Service–Ex. FFF (Docket No. 11974)*. The Confirmation Hearing Notice explicitly discloses that the Bankruptcy Court entered an order, dated December 10, 2007, approving the First Amended Plan Disclosure Statement. *See Ex. 17, Confirmation Hearing Notice, p. 1 (Docket No. 11974, Ex. F)*. The Confirmation Hearing Notice also provides that the Disclosure Statement is publicly available on the Delphi Legal Information Website, http://delphidocket.com, or by contacting the Creditor Voting Agent. *Id. at ¶ 10*. Accordingly, Pro Tech was on notice of the First Amended Plan Disclosure Statement, which included references to the preference claims at issue.

Additionally, Pro Tech's counsel, Susan M. Cook of Lambert, Cook & Guinta, P.C., was served with the First Amended Plan Disclosure Statement. *See Ex. 7, January 11, 2008 Affidavit of Service—Ex. GG (Docket No. 11974)*. While Ms. Cook was admittedly not served with the First Amended Plan Disclosure Statement in her capacity as counsel for Pro Tech, but rather, as a representative of the law firm itself, Mr. Currie's Declaration does not deny that Ms. Cook represented Pro Tech at the time the Disclosure Statement was served on her. *See Ex. 32(a)*. Mr. Currie also does not deny that both Pro Tech and its "counsel" received the Disclosure Statement. *Id.*

In addition, Ms. Cook was electronically served with the Preservation of Estate Claims Procedures Motion (which motion was filed as Docket No. 8905). *Ex. 11, August 10, 2007 Affidavit of Service—Ex. B, 2002 List, p. 9 of 20 (Docket No. 9039)*. Ms. Cook also received electronic service of the August 16, 2007 Preservation of Estate Claims Procedures Order (Docket No. 9105), which, among other things, (i) authorized the Debtors to file complaints in the adversary proceedings pertaining to avoidance actions under seal, (ii) stayed each adversary

2

proceeding unless and until the Debtors made service of process on the respective defendants, and (iii) extended to March 31, 2008 the deadline under Federal Rules of Civil Procedure 4(m) by which the Debtors would have to serve process, so that the complaints would not be subject to dismissal under Federal Rule of Civil Procedure 4(m).  *See Ex. 12, August 23, 2007 Affidavit of Service—Ex. B, 2002 List, p. 9 of 20 (Docket No. 9141).*

Similarly, Ms. Cook was also served with the subsequently filed (i) First Extension Motion (Docket No. 12922), *Ex. 13, March 4, 2008 Affidavit of Service—Ex. B, 2002 List, p. 10 of 21 (Docket No. 12970)*; (ii) First Extension Order (Docket No. 13277), *Ex. 14, April 1, 2008 Affidavit of Service—Ex. A, 2002 List, p. 10 of 21 (Docket No. 13315)*; (iii) Second Extension Motion (Docket No. 13361), *Ex. 15, April 16, 2008 Affidavit of Service—Ex. B, 2002 List, p. 10 of 21 (Docket No. 13415);* (iv) Second Extension Order (Docket No. 13484), *Ex. 16, May 6, 2008 Affidavit of Service--Ex. A, 2002 List, p. 9 of 20 (Docket No. 13540);* and Final Extension Motion (Docket No. 18952), *Ex. 4, October 7, 2009 Affidavit of Service—Ex. B, 2002 List, p. 11 of 21 (Docket No. 18967).*  Further, Ms. Cook received an automatic ECF notice of the First Extension Motion and Second Extension Motion when those motions were filed on the docket. *See 18, February 28, 2008 ECF Notice of Electronic Filing, p. 4 of 63 (Docket No. 12922); Ex. 19, April 10, 2008 ECF Notice of Electronic Filing, p. 4 of 64 (Docket No. 13361).*  Although Ms. Cook was not served with these motions and orders in her capacity as counsel for Pro Tech, Mr. Currie's Declaration does not deny that Ms. Cook represented Pro Tech as of the dates of each of these Extension Motions and Extension Orders.  *See Ex. 32(a).*  Rather, Mr. Currie only denies that Pro Tech and its "counsel" (a) were served with the Extension Motions and Extension Orders by *"overnight mail"*, and (b) had notice that the Extension Motions and Extension Orders "related to claims *against Pro Tech Machine*." Id. at ¶¶ 5, 6, 8, 10, and 11.  These assertions do

3

not address whether Pro Tech had actual and/or constructive knowledge of the Final Extension Motion.

As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153*. Sophisticated creditors like Pro Tech typically are well aware of prospects and risks of preference litigation and it seems unlikely that creditors like Pro Tech could be surprised or caught off guard when such preference complaints are finally filed. *See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.")

4

# EXHIBIT A

LAMBERT, LESER, ISACKSON, COOK & GIUNTA, P.C.
Susan M. Cook (Mich. Bar No. P31514)
Rozanne M. Giunta (Mich. Bar No. P29969)
Adam D. Bruski (Mich. Bar No. P70030)
916 Washington Ave, Suite 309
PO Box 835
Bay City, MI 48707
989-893-3518
scook@lambertleser.com

Attorneys for Defendant Pro Tech Machine

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., et al., | Case No. 05-44481 (RDD) |
| Debtors. | Hon. Robert D. Drain |
| DELPHI CORPORATION, et al., | |
| Plaintiffs, | |
| v. | |
| PRO TECH MACHINE | Adv. Pro. No. 07-02690 (RDD) |
| Defendant. | |

### DECLARATION OF DAVID CURRIE

David Currie, pursuant to 18 U.S.C. §1746, declares as follows:

1. I am the President/Owner, of Pro Tech Machine. I have held this title since 1996. I have been employed by Pro Tech Machine since 1996.

{00108242}                                                         1

2. I submit this declaration in further support of the Objection to the Reorganized Debtors' Motion for Leave to File Amended Complaints. [AP Docket No. 38, November 23, 2010].

3. Except as indicated herein, I have personal knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently concerning those facts.

4. Upon information and belief, on October 8, 2005 (the "Petition Date"), Delphi Corporation and certain of its subsidiaries and affiliates (collectively, the "Debtors"), including Delphi Automotive Systems LLC (the "DAS"), filed voluntary petitions under Chapter 11 of Title 11 of the United States Code.

5. Upon information and belief, on August 6, 2007, the Debtors sought entry of an order seeking, among other things, the establishment of procedures for certain adversary proceedings, including obtaining leave to file avoidance actions under seal, an extension of time beyond the 120-period provided for in Fed.R.Civ.P. 4(m) to serve summons and complaint, and a stay of adversary proceedings until service of process was effected (the "Preservation of Estate Claims Procedures Motion").

6. To the best of my knowledge, information and belief, no notice was given to Pro Tech Machine or its counsel that the Preservation of Estate Claims Procedures Motion related to claims against Pro Tech Machine. To the best of my knowledge, information and belief, neither Pro Tech Machine nor its counsel was served with a copy of the Preservation of Estate Claims Procedures Motion by overnight mail.

7.    Upon information and belief, on September 30, 2007, DAS filed an adversary proceeding against Pro Tech Machine (the "Adversary Proceeding") under seal.

8.    To the best of my knowledge, information and belief, neither Pro Tech Machine nor its counsel was aware of the Adversary Proceeding until Pro Tech Machine was served with it on or about December 18, 2009.

9.    Upon information and belief, the statute of limitations for asserting the claims asserted in the Adversary Proceeding expired on or about October 8, 2007.

10.   Upon information and belief, the Debtors filed three separate motions between February 2008 and October 2009 for an order further extending the deadline to serve process in connection with the above-referenced adversary proceeding (collectively, the "Extension Motions"). To the best of my knowledge, information and belief, no notice was given to Pro Tech Machine or its counsel that the Extension Motions related to claims against Pro Tech Machine. To the best of my knowledge, information and belief, neither Pro Tech Machine nor its counsel were served with copies of the Extension Motions by overnight mail.

11.   Upon information and belief, the bankruptcy court entered orders granting each of the Extension Motions (collectively, the "Extension Orders"). To the best of my knowledge, information and belief, no notice was given to Pro Tech Machine or its counsel that the Extension Orders related to claims against Pro Tech Machine. To the best of my knowledge, information and belief, neither Pro Tech Machine nor its counsel were served with a copy of the Extension Orders by overnight mail.

{00108242}                                    3

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _19_ day of _July_, 2011, in Burton, Michigan.

David Currie