# EXHIBIT 34

# EXHIBIT 34

## Mubea Inc., Adv. Pro. No. 07-02489-rdd

Mubea Inc.'s ("Mubea") attorney of record at the time of the Final Extension Motion (Docket No. 18952), Stephen H. Gross, received an automated ECF notice of that motion "on behalf of Creditor Mubea Inc." *See Ex. 10, October 2, 2009 ECF Notice of Electronic Filing, p. 15 (Docket No. 18952).*

Mubea filed two Declarations, each from its Chief Executive Officer, Byrd Douglas Cain III. Neither declaration states that Mubea did not receive notice of the Final Extension Motion. Moreover, Mr. Cain's declarations are not credible because in relevant part they contradict each other.

On November 24, 2010, Mr. Cain signed a Declaration in which he states that "although Mubea's counsel at the time may have received notice that Delphi was seeking to file preference complaints under seal and extend time for service of the complaint past the running of the statute of limitations, Mubea had no knowledge that it was one of the named defendants…." *Ex. 34(a), November 24, 2010 Declaration of Byrd Douglas Cain III, ¶ 4.*

In his July 7, 2011 declaration, Mr. Cain seemingly denies all service: "[t]o the best of my knowledge, after investigating this matter, Mubea was never served with the Final Extension Motion and Final Extension Order and did not receive notice of the Final Extension Motion and Final Extension Order from Stephen H. Ross [sic] or anybody else." *Ex. 34(b), July 7, 2011 Declaration of Byrd Douglas Cain III ¶ 8.* This assertion, along with others in Mr. Cain's second declaration, is seemingly worded to create a false impression. The reference to Stephen H. Gross is misleading. As noted above, Stephen H. Gross received the Final Extension Motion, as evidenced by the ECF Notice of Electronic Filing for that motion. Moreover, in paragraph 4

of his Declaration, Mr. Cain acknowledges that Mr. Gross and his firm, Hodgson Russ LLP,

"initially represented Mubea in the Delphi case."[1]  Mr. Cain adds in paragraph 5 that Mr. Gross

did not represent Mubea in this avoidance proceeding and was not authorized to accept service

(*Ex. 34(b) ¶ 5*), but that is meaningless as to the question of whether Mubea, either through

counsel or directly, received notice of the Final Extension Motion.  Clearly it did.

Mubea received other relevant information advising that avoidance claims had been filed

under seal and the time to serve the complaints and summonses had been extended.  Mubea was

served with the First Amended Plan Disclosure Statement, filed in December 2007 (the

"Disclosure Statement").  *See Ex. 7, January 11, 2008 Affidavit of Service—Ex. W (Docket No.*

*11974); see also id. at Ex. EEE.*  The Disclosure Statement outlined in detail that preference

claims were to be filed under seal, with service deferred until after the limitations period.  On

December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their

Form 8-K (Docket No. 11388).

Furthermore, Mr. Gross was served via overnight delivery and electronically with the

Preservation of Estate Claims Procedures Motion (which Motion was filed as Docket No. 8905).

*Ex. 11, August 10, 2007 Affidavit of Service—Ex. A, Master Service List, p. 1 of 3; Ex. B, 2002*

*List, p. 7 of 20 (Docket No. 9039).*  Mr. Gross was also served via overnight delivery and

electronically with the August 16, 2007 Preservation of Estate Claims Procedures Order (Docket

No. 9105), which, among other things, (i) authorized the Debtors to file complaints in the

adversary proceedings pertaining to avoidance actions under seal, (ii) stayed each adversary

proceeding unless and until the Debtors made service of process on the respective defendants,

---

[1] In fact, Mr. Gross filed the Objection and Response of Mubea, Inc. to Debtors' Motion to
Strike (i) Non-Conforming Cure Amount Notices and (ii) Improper Objections Pursuant to
Solicitation Procedures Order, Confirmation Order, Plan of Reorganization, 11 U.S.C. § 105(A),
and Fed. R. Bankr. P. 9010 on February 19, 2008 (Docket No. 12714).

and (iii) extended to March 31, 2008 the deadline under Federal Rules of Civil Procedure 4(m) by which the Debtors would have to serve process, so that the complaints would not be subject to dismissal under Federal Rule of Civil Procedure 4(m). *See Ex. 12, August 23, 2007 Affidavit of Service—Ex. A, Master Service List, p. 1 of 3; Ex. B, 2002 List, p. 7 of 20 (Docket No. 9141).* Similarly, Mr. Gross was also served with the subsequently filed (i) First Extension Motion (Docket No. 12922) via overnight delivery and electronically, *Ex. 13, March 4, 2008 Affidavit of Service—Ex. A, Master Service List, p. 1 of 3; Ex. B, 2002 List, p. 8 of 21 (Docket No. 12970)*; (ii) First Extension Order (Docket No. 13277) via postage pre-paid U.S. mail and electronically, *Ex. 14, April 1, 2008 Affidavit of Service—Ex. A, Master Service List, p. 1 of 3, 2002 List, p. 8 of 21; Ex. C, Master Service List, p. 1 of 3. (Docket No. 13315)*; (iii) Second Extension Motion (Docket No. 13361) via overnight mail and electronically, *Ex. 15, April 16, 2008 Affidavit of Service—Ex. A, Master Service List, p. 1 of 3, Ex. B, Master Service List, p. 1 of 3, 2002 List, p. 8 of 21 (Docket No. 13415);* (iv) Second Extension Order (Docket No. 13484), *Ex. 16, May 6, 2008 Affidavit of Service—Ex. A, Master Service List, p. 1 of 3, 2002 List, p. 1 of 20; Ex. B, Master Service List, p. 1 of 3 (Docket No. 13540);* and Final Extension Motion (Docket No. 18952), *Ex. 4, October 7, 2009 Affidavit of Service—Ex. B, 2002 List, p. 8 of 21 (Docket No. 18967).*

Notably, Mr. Gross was counsel for Mubea during at least part of, if not all of, the time period in which the Extension Motions and Orders were served. Although Mr. Gross received these motions and orders in his capacity as counsel for a different entity, his notice of such, coupled with his knowledge of the underlying business relationship between Delphi and Mubea, reasonably placed Mr. Gross and his client, Mubea, on at least inquiry notice (if not actual notice) of the preference claims at issue.

Additionally, as this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153.*

Through the information conveyed in the above filings, Mubea cannot credibly deny knowledge that avoidance claims were filed and placed under seal and the summonses had been extended. Moreover, Mubea had every reason to anticipate that it was the target of one of the avoidance claims. As set forth in the Debtors' complaint, Mubea was a supplier who, on October 5, 2005, just days before the Debtors' October 8, 2005 chapter 11 petition, received a non-ordinary course wire transfer in the amount of $1,444,224.24. *Ex. 34(c), Original Complaint Against Mubea Inc.* Undoubtedly Mubea understood the preference implications. *See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI 49503-2487
(616) 752-2000 phone
(616) 222-2500 fax
moneal@wnj.com

Michael B. O'Neal
(Admitted *Pro Hac Vice*)
Attorneys for Mubea, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - -x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : | (Jointly Administered) |
| Debtors. | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - -x

|  |  |  |
|---|---|---|
| DELPHI AUTOMOTIVE SYSTEMS, LLC, | : |  |
| Plaintiff, | : |  |
| v. | : | Adv. Proc. No. 07-02489-rdd |
| MUBEA INC., | : |  |
| Defendant. | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - -x

**DECLARATION OF DOUGLAS CAIN IN SUPPORT OF MUBEA INC.'S
MEMORANDUM OF LAW IN OPPOSITION TO REORGANIZED DEBTORS'
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

I, Byrd Douglas Cain III, pursuant to 28 U.S.C. § 1746, furnish this declaration and declare as follows:

1.    I am the Chief Executive Officer of Mubea, Inc. ("**Mubea**").

1

2.    I make this Declaration to the best of my knowledge, and if called as a witness, would testify to the facts contained herein.

3.    Mubea supplied parts to Delphi Corporation and/or its subsidiaries and affiliates (collectively "Delphi") prior to Delphi filing for Chapter 11 bankruptcy in October 2005.

4.    Until March 2010, Mubea was unaware that a complaint had been filed against it by Delphi. Further, although Mubea's counsel at the time may have received notice that Delphi was seeking to file preference complaints under seal and extend the time for service of the complaint past the running of the statute of limitations, Mubea had no knowledge that it was one of the named defendants since Delphi had not provided any indication to Mubea that Delphi would be pursuing a claim against Mubea.

5.    To the best of my knowledge, Mubea never received notice of Delphi's motions to extend the time to serve the complaint or the orders that granted them. Nor did Mubea receiver the December 2007 Disclosure Statement.

6.    Having no notice that it had been sued or that the time for service of the secret complaint against it had been extended multiple times, Mubea did not take any steps to organize or preserve information that would be necessary to defend against the preference action.

7.    Mubea did not specifically archive its employees' computerized information with respect to Delphi. In addition, Defendant did not hold exit interviews with departing employees who were knowledgeable about the Delphi business relationship or make arrangements to keep in touch with them.

8.    If Mubea had known that Delphi was suing it, it would have taken special steps to organize and preserve its records with respect to Delphi, and would have held interviews with employees.

9.     Mubea has been gravely prejudiced in its ability to defend this adversary proceeding by Delphi's delay in serving the complaint.

I make this Declaration under penalty of perjury.

Byrd Douglas Cain III

Executed in Florence, Kentucky
on November 24, 2010

3

# EXHIBIT B

Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI 49503-2487
(616) 752-2000 phone
(616) 222-2500 fax
moneal@wnj.com

Michael B. O'Neal
(Admitted *Pro Hac Vice*)
Attorneys for Mubea, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- -x
                   :

| | |
|---|---|
| In re                  : | Chapter 11 |
|    : | |
| DELPHI CORPORATION, et al.,   : | Case No. 05-44481 (RDD) |
|    : | |
|    : | (Jointly Administered) |
| Debtors.   : | |

------------------------------- -x
                   :

| | |
|---|---|
| DELPHI AUTOMOTIVE SYSTEMS, LLC, : | |
|    : | |
| Plaintiff,   : | |
|    : | |
| v.   : | Adv. Proc. No. 07-02489-rdd |
|    : | |
| MUBEA INC.,   : | |
|    : | |
| Defendant.   : | |

------------------------------- -x

## DECLARATION OF BYRD DOUGLAS CAIN III

     I, Byrd Douglas Cain III, pursuant to 28 U.S.C. § 1746, furnish this declaration and

declare as follows:

     1.     I am the Chief Executive Officer of Mubea, Inc. ("**Mubea**").

     2.     I make this Declaration to the best of my knowledge, and if called as a witness,

would testify to the facts contained herein.

1

3.     Mubea supplied parts to Delphi Corporation and/or its subsidiaries and affiliates (collectively "**Delphi**") prior to Delphi filing for Chapter 11 bankruptcy (Case No. 05-44481) (the "**Delphi Case**") in October 2005.

4.     Attorney Stephen H. Gross at the firm Hodgson Russ LLP initially represented Mubea in the Delphi Case.

5.     Stephen H. Gross and Hodgson Russ do not represent, and has never represented, Mubea in the adversary proceeding case number 07-02489. Stephen H. Gross and Hodgson Russ have never been authorized to accept service of any pleading in that adversary proceeding.

6.     Until March 2010, Mubea was unaware that a complaint had been filed against it by Delphi. Mubea had no knowledge that it was one of the named defendants being kept secret under seal since Delphi had not provided any indication to Mubea that Delphi would be pursuing a claim against Mubea.

7.     I have recently reviewed Delphi's Supplemental Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection With Preservation of Estate Claims Procedure Order (Docket No. 18952) (the "**Fourth Extension Motion**") and the Order entered on October 22, 2009 approving that motion (Docket No. 18999) (the "**Fourth Extension Order**").

8.     To the best of my knowledge, after investigating this matter, Mubea was never served with the Fourth Extension Motion and Fourth Extension Order and did not receive notice of the Fourth Extension Motion and Fourth Extension Order from Stephen H. Ross or anybody else.

9.     The first Mubea learned of Delphi's Fourth Extension Motion and Fourth Extension Order was not until after it was served with the complaint in March 2010.

2

I make this Declaration under penalty of perjury.

Byrd Douglas Cain III

Executed in Florence, Kentucky
on July 7th, 2011

5584039

3

# EXHIBIT C

This is a sealed pleading and it is subject to the Order Under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), and 546(a) and Fed. R. Bankr. P. 7004, 9006(c), and 9018 (i) Authorizing Debtors to Enter into Stipulations Tolling Statute of Limitations with Respect to Certain Claims, (ii) Authorizing Procedures to Identify Causes of Action that Should be Preserved, and (iii) Establishing Procedures for Certain Adversary Proceedings Including Those Commenced by Debtors Under 11 U.S.C. § 541, 544, 545, 547, 548 or 553, dated August 16, 2007.

TOGUT, SEGAL & SEGAL LLP
Conflicts Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)
Scott E. Ratner (SER-0015)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 05-44481 [RDD] |
| DELPHI CORPORATION, *et al.*, | : | |
| | : | Jointly Administered |

------------------------------------------------------------ x

| | | |
|---|---|---|
| DELPHI CORPORATION, *et al.*, | : | Adv. Pro. No. 07-_____ [RDD] |
| | : | |
| Plaintiffs, | : | |
| | : | |
| - against - | : | |
| | : | |
| MUBEA and MUBEA INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------------ x

## COMPLAINT TO AVOID AND RECOVER
## TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

Delphi Corporation ("Delphi") and the other above-captioned debtors and debtors in possession, the plaintiffs herein (together, the "Plaintiffs"),[1] by their conflicts counsel, Togut, Segal & Segal LLP, as and for their complaint ("Complaint") against the above-captioned Defendants (defined below), allege the following on knowledge as to themselves and their own acts and otherwise upon information and belief:

## INTRODUCTION

1.      On October 8, 2005 (the "Initial Filing Date"), Delphi and certain of its subsidiaries (the "Initial Filers") each filed voluntary petitions in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, the "Debtors") filed voluntary petitions in this Court for reorganization relief under Chapter 11 of the Bankruptcy Code.

2.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## JURISDICTION, VENUE AND PARTIES

3.      Plaintiffs bring this adversary proceeding (the "Adversary Proceeding") pursuant to, *inter alia*, sections 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an Order and Judgment of this Court against Mubea and Mubea Inc. (together, "Defendants") to direct the return of certain avoidable transfers (the "Transfers") that were made by Plaintiffs to Defendants as more fully and particularly identified in Exhibit "1" annexed hereto.

---

[1]      The term "Plaintiffs" shall mean all of the Debtors in the above-captioned chapter 11 cases.

2

4.      This Adversary Proceeding is a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F) and (O).

5.      Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1334.

6.      Venue of this Adversary Proceeding is proper in this Court pursuant to 28 U.S.C. § 1409(a).

7.      Upon information and belief, Defendants were creditors of one or more of the Plaintiffs prior to the filing of Plaintiffs' chapter 11 cases.

8.      Plaintiffs retain the right to enforce, sue on, settle or compromise all causes of action including, without limitation, claims under and pursuant to sections 502(d), 544, 547, 548 and 550 of the Bankruptcy Code.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (Avoidance and Recovery of Preferential Transfers)

9.      Plaintiffs repeat, reallege and incorporate by reference all of the allegations contained in paragraphs 1 through 8 of this Complaint as though set forth at length herein.

10.      On or within ninety (90) days prior to the Initial Filing Date, Plaintiffs made, or caused to be made, the Transfers to Defendants.

11.      The Transfers constitute transfers of interests in Plaintiffs' property.

12.      Plaintiffs made, or caused to be made, the Transfers to, or for the benefit of Defendants.

13.      Plaintiffs made, or caused to be made, the Transfers for, or on account of, antecedent debt(s) owed to Defendants prior to the dates on which the Transfers were made (the "Debt").

3

14.    Pursuant to Bankruptcy Code section 547(f), for purposes of this Adversary Proceeding, Plaintiffs are presumed to have been insolvent at the time that the Transfers were made.

15.    The Transfers enabled Defendants to receive more than they would have received if: (i) this case was administered under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendants had received payment of the Debt to the extent provided by the Bankruptcy Code.

16.    Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to section 547(b) of the Bankruptcy Code and pursuant to section 550(a) of the Bankruptcy Code, an Order should be entered granting judgment in favor of Plaintiffs: (i) avoiding the Transfers pursuant to Bankruptcy Code section 547(b); (ii) against Defendants in an amount not less than the amount of the Transfers, plus interest from the date hereof and the costs and expenses of this action including, without limitation, attorneys' fees; and (iii) directing Defendants to turnover and pay such sum to Plaintiffs pursuant to Bankruptcy Code section 550(a).

**WHEREFORE**, Plaintiffs respectfully request entry of judgment on their Complaint as follows:

a.    On Plaintiffs' First Cause of Action, in favor of Plaintiffs and against Defendants in an amount not less than the amount of the Transfers, plus interest from the date hereof until full payment is made to Plaintiffs, together with the costs and expenses of this action, including, without limitation, attorneys' fees, and directing Defendants to turnover such sum to Plaintiffs pursuant to Bankruptcy Code sections 547(b) and 550(a); and

      b.     Granting such other and further relief as this Court may deem just and proper.

DATED:  New York, New York
          September 26, 2007

                            DELPHI CORPORATION, *et al.*,
Debtors, Debtors in Possession and Plaintiffs,
By their Conflicts Counsel,
TOGUT, SEGAL & SEGAL, LLP
By:

/s/ Neil Berger
_____
NEIL BERGER (NB-3599)
SCOTT E. RATNER (SER-0015)
Members of the Firm
One Penn Plaza, Suite 3335
New York, New York  10119
(212) 594-5000

## EXHIBIT "1"

### DELPHI CORPORATION, *et al.*
### v.
### MUBEA, *et al.*

| Transfer Date | Transfer Amount | Transfer Type |
|---|---|---|
| 7/29/2005 | $149,670.69 | EFT |
| 8/2/2005 | $1,554,470.61 | EFT |
| 9/2/2005 | $210,772.52 | EFT |
| 9/30/2005 | $15,000.00 | EFT |
| 10/4/2005 | $1,894,636.89 | EFT |
| 10/5/2005 | $1,444,224.24 | WIRE |
| **TOTAL:** | **$5,268,774.95** | |