# EXHIBIT 35

# EXHIBIT 35

**HSS LLC, Adv. Pro. No. 07-02489-rdd**

HSS LLC ("HSS") received notice of the Final Extension Motion (Docket No. 18952), as well as the First and Second Extension Motions (as defined in the Debtors' Omnibus Response) (Docket Nos. 12922 and 13361), via its counsel Dennis M. Haley, Winegarden Haley Lindholm & Robertson, PLC. Mr. Haley is identified as having received the ECF Notice of Electronic Filing for the Final Extension Motion, as well as for the First and Second Extension Motions. *See Ex. 18, February 28, 2008 ECF Notice of Electronic Filing, p. 7 of 63 (Docket No. 12922); Ex. 19, April 10, 2008 ECF Notice of Electronic Filing, p. 7 of 63 (Docket No. 13361); Ex. 10, October 2, 2009 ECF Notice of Electronic Filing, p. 15 (Docket No. 18952).*[1] With each ECF Notice of Electronic Filing was a hyper-link to the respective Extension Motion. *Id.* Mr. Haley received the Notice of Electronic Filing at his current email address, dhaley@winegarden-law.com. *Id.* Mr. Haley acknowledged in his Affidavit that he and the firm of Winegarden Haley Lindholm & Robertson, PLC "represented HSS in all matters involving the Delphi bankruptcy, and [he was] the primary attorney in the law firm handling these matters." *Ex. 35(a), July 8, 2011 Affidavit if Dennis M. Haley ¶ 4.*

HSS also filed the Affidavit of Phillip Shaltz, HSS's managing member. *Ex. 35(b), July 8, 2011, Affidavit of Philip Shaltz ¶ 2.* In his affidavit, Mr. Shaltz states that "neither HSS, LLC nor its counsel, Winegarden Haley Lindholm & Robertson, PLC, is listed" on Exs. A or B of the October 7, 2009 Proof of Service of the Final Extension Motion. *Id. at ¶ 11.* Mr. Shaltz also asserts that neither HSS nor its counsel had "notice of the filing of this Motion." *Id.* HSS's

---

[1] On this Notice, and only this Notice, Mr. Haley is identified as representing Genesee Packaging, Inc.

counsel, Dennis Haley, states that "[n]either [he] nor any other attorney at the law firm of Winegarden Haley Lindhom & Robertson, PLC received notice of any of the Debtors' Motions to extend the deadline for service or process in the HSS preference case, or in any other preference action brought by the Debtor." *Ex. 35(a), at ¶ 4.*

Through the information conveyed in the above filings, however, HSS cannot credibly deny knowledge that avoidance claims were filed and placed under seal and the summonses had been extended. HSS was the 8th largest unsecured creditor in the Delphi bankruptcy. Moreover, HSS had every reason to anticipate that it was the target of one of the avoidance claims. HSS was a significant supplier who shortly before the chapter 11 petition was filed demanded modified payment terms and, as evidenced by the Debtors' complaint against HSS, received over $2.3 million in non-ordinary course payments. The transfers were wired to HSS in 3 payments, dated October 6, 2005 and October 7, 2005. *Ex. 35(c), October 6, 2005 Delphi Pre Petition Wire Analysis Review Forms.* This was only 2 days before the Delphi chapter 11 petition was filed and undoubtedly HSS understood the preference implications.

In addition to the notice identified above, HSS received relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. On December 13, 2007, the Debtors also filed a copy of the First Amended Plan Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. Additionally, as a party listed on Ex. FFF of the Affidavit of Service for the solicitation of materials for the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, HSS was served with the Confirmation Hearing Notice, dated December 10, 2007.

*See Ex. 7, January 11, 2008 Affidavit of Service—Ex. FFF (Docket No. 11974).* The Confirmation Hearing Notice explicitly discloses that the Bankruptcy Court entered an order, dated December 10, 2007, approving the First Amended Plan Disclosure Statement. *See Ex. 17, Confirmation Hearing Notice, p. 1 (Docket No. 11974, Ex. F).* The Confirmation Hearing Notice also provides that the Disclosure Statement is publicly available on the Delphi Legal Information Website, http://delphidocket.com, or by contacting the Creditor Voting Agent. *Id. at ¶ 10.* Accordingly, HSS was on notice of the First Amended Plan Disclosure Statement, which included references to the preference claims at issue. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153.*

Additionally, the First Amended Plan Disclosure Statement itself was served on Mr. Haley. *See Ex. 7, January 11, 2008 Affidavit of Service—Ex. W (Docket No. 11974); see also id. at Ex. JJ.* While Mr. Haley was admittedly not served with the First Amended Plan Disclosure Statement in his capacity as counsel for HSS, the Affidavit of Service for the Disclosure Statement confirms that Mr. Haley was counsel for HSS at the time (*id. at Ex. FFF*), and Mr. Haley's Affidavit confirms the same. *Ex. 35(a), July 8, 2011 Affidavit if Dennis M. Haley ¶ 4* (containing Mr. Haley's admission that he "represented HSS in all matters involving the Delphi bankruptcy, and [he was] the primary attorney in the law firm handling these matters."). Thus, given Mr. Haley's review of the First Amended Plan Disclosure Statement, coupled with his knowledge of the underlying business relationship between Delphi and HSS, there is at least a question of fact as to whether HSS' notice of the preference claims at issue.

3

Further, the likelihood that a multimillion dollar avoidance claim might be brought could not have escaped HSS's attention because HSS was listed as one of the Debtors' 50 largest unsecured creditors, along with Robert Bosch Corporation, PBR Automotive USA Pacific, Victory Packaging, Philips Semiconductors, Applied Bio Systems, Methode and Timken. Sophisticated creditors like HSS typically are well aware of prospects and risks of preference litigation, and it seems unlikely that creditors like HSS could be surprised or caught off guard when such preference complaints are finally filed. *See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

BUTZEL LONG, a professional corporation
Eric B. Fisher
Barry N. Seidel
Cynthia J. Haffey (Detroit Office)
380 Madison Avenue, 22nd Floor
New York, New York 10017
Telephone: (212) 818-1110
Facsimile: (212) 818-0494
fishere@butzel.com

*Attorneys for Plaintiffs*

Winegarden, Haley, Lindholm
& Robertson, P.L.C.
Dennis M. Haley (P14538)
G-9460 S. Saginaw Street, Suite A
Grand Blanc, MI 48439
Phone:  (810) 579-3600
Fax:     (810) 579-1748
dhaley@winegarden-law.com

*Attorneys for HSS and HSS, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DPH HOLDINGS CORP, *et al.,* | Case No. 05-44481-rdd |
| Reorganized Debtors. | |
| DELPHI AUTOMOTIVE SYSTEMS, LLC, | Adv. Pro. No. 07-02475-rdd |
| Plaintiff, | |
| v. | |
| HSS LLC d/b/a HSS, | |
| Defendant. | |

**AFFIDAVIT OF DENNIS M. HALEY REGARDING DEFENDANT'S NOTICE**
**OF FOURTH EXTENSION OF TIME FOR SERVICE OF COMPLAINT**

1

I, Dennis M. Haley, being first duly sworn, deposes and says:

1. I am competent to testify with respect to the matters set forth herein, which are based on my personal knowledge, public records, and the books and records of the law firm of Winegarden Haley Lindholm & Robertson, PLC.

2. I am an attorney at law, licensed to practice in all state and federal courts in the State of Michigan, and was admitted to this Court pro hoc vice as counsel for HSS in this adversary proceeding.

3. I am the senior partner in the law firm of Winegarden Haley Lindholm & Robertson, PLC, which has represented HSS in all matters involving the Delphi bankruptcy, and the primary attorney in the law firm handling these matters.

4. Neither I nor any other attorney at the law firm of Winegarden Haley Lindholm & Robertson, PLC received notice of any of the Debtor's Motions to extend the deadline for service or process in the HSS preference case, or in any other preference action brought by the Debtor.

5. The first time I became aware that there was an Order extending the time for service of process was after HSS provided a copy of the complaint after it was served, and an investigation was made of the docket to determine why it was served years after it was filed.

FURTHER, Deponent saith not.

_____
Dennis M. Haley

Subscribed and sworn to before me, a Notary Public, on this 8th day of July, 2011, by Dennis M. Haley.

*Lora M. Ziembo*
Notary Public — Lora M. Ziembo
_____Genesee_____ County, Michigan
My Commission Expires: 07-04-2012
Acting in _____Genesee_____ County, Michigan


PREPARED BY: Dennis M. Haley (P14538), Winegarden Haley Lindholm & Robertson, PLC, G-9460 S. Saginaw Street, Suite A, Grand Blanc, MI 48439; (810) 579-3600
F:\APPS\DMH\H\HSS\Delphi\Pleadings\Affidavit 7-7-11 (Denns Haley).wpd

# EXHIBIT B

BUTZEL LONG, a professional corporation
Eric B. Fisher
Barry N. Seidel
Cynthia J. Haffey (Detroit Office)
380 Madison Avenue, 22nd Floor
New York, New York 10017
Telephone: (212) 818-1110
Facsimile: (212) 818-0494
fishere@butzel.com

*Attorneys for Plaintiffs*

Winegarden, Haley, Lindholm
& Robertson, P.L.C.
Dennis M. Haley (P14538)
G-9460 S. Saginaw Street, Suite A
Grand Blanc, MI 48439
Phone:   (810) 579-3600
Fax:     (810) 579-1748
dhaley@winegarden-law.com

*Attorneys for HSS and HSS, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DPH HOLDINGS CORP, *et al.*, | Case No. 05-44481-rdd |
| Reorganized Debtors. | |
| DELPHI AUTOMOTIVE SYSTEMS, LLC, | Adv. Pro. No. 07-02475-rdd |
| Plaintiff, | |
| v. | |
| HSS LLC d/b/a HSS, | |
| Defendant. | |

**AFFIDAVIT OF PHILLIP SHALTZ REGARDING DEFENDANT'S NOTICE
OF FOURTH EXTENSION OF TIME FOR SERVICE OF COMPLAINT**

1

I, Phillip Shaltz, being first duly sworn, deposes and says:

1. I am competent to testify with respect to the matters set forth herein, which are based on my personal knowledge, public records, and the books and records of HSS, LLC.

2. I was the managing member of HSS, LLC in October 2005 when Delphi Automotive Systems filed its petition for relief under Chapter 11 of the United States Bankruptcy Code, and have continued to hold that position since that date.

3. That HSS has been represented by the law firm of Winegarden Haley Lindholm & Robertson, PLC, in all matters relating to the Delphi bankruptcy.

4. That HSS has been sued in adversary proceeding 07-02475-RDD by Delphi Automotive Systems for recovery of $19,362,279.01, in alleged preferential transfers.

5. HSS had no notice when this complaint was initially filed that they had been sued.

6. That the time for service of the complaint in this adversary proceeding was extended by this Court by Orders dated August 16, 2007; March 28, 2008; April 20, 2008.

7. HSS was unaware of the entry of those Orders.

8. On October 2, 2008, the Debtor filed a further Motion to extend the deadline to serve process for avoidance actions, which resulted in an Order extending the time for service of the Summons an additional 180 days after substantial confirmation of the modified Plan of Reorganization.

9. A Proof of Service dated October 7, 2009, was filed in connection with that Motion.

10. The Proof of Service states that the Motion was served on the parties on Exhibit A thereto by overnight mail, on the parties listed on Exhibit B via electronic notification, the parties listed on Exhibit C via postage, prepaid U.S. Mail, and was served on the parties listed on Exhibit D via overnight mail.

11. That neither HSS, LLC nor its counsel, Winegarden Haley Lindholm & Robertson, PLC, is listed in any of those exhibits, and had no notice of the filing of this Motion.

12. An Order was entered granting this Motion on October 22, 2009, Docket No. 18999.

13. That Order required the Debtor to file a copy of the Order in each adversary proceeding, and attached thereto as Exhibit A was a list of adversary proceedings, which include No. 07-02475.

14. A copy of that Order, however, was not filed in the adversary proceeding.

15. HSS did not have any notice of the Motion to extend or entry of that Order until after it was served with the Summons and Complaint in this matter, and its counsel examined the docket and pleadings in this bankruptcy proceeding which for the first time brought the existence of the Motion to extend and Order granting the same to HSS's attention.

FURTHER, Deponent saith not.

_____
Phillip Shaltz

    Subscribed and sworn to before me, a Notary Public, on this 8th day of July, 2011, by Phillip Shaltz.

                                  _Janice Morley_
                                  Notary Public -
                                  _Genesee_ County, Michigan

JANICE MORLEY
Notary Public, State of Michigan
County of Genesee
My Commission Expires Nov. 30, 2013
Acting in the County of Genesee

My Commission Expires: 11-30-2013
Acting in _Genesee_ County, Michigan

PREPARED BY: Dennis M. Haley (P14538), Winegarden Haley Lindholm & Robertson, PLC, G-9460 S. Saginaw Street, Suite A, Grand Blanc, MI 48439; (810) 579-3600
F:\APPS\DMH\H\HSS\Delphi\Pleadings\Affidavit 7-8-11 (Phillip Shaltz).wpd

4

# EXHIBIT C

## Delphi
## Pre Petition Wire Analysis Review Form

339

| | | |
|---|---|---|
| Vendor Name: | **HSS LLC** | |
| Remit Duns: | RD 057598729 | |
| Date of Wire: | 10/06/2005 | (Actual wire date not date requested) |
| Amount of Wire | $ 589,513.12 | (Indicate currency if other than USD) |
| Source: | **Wire Room** | (e.g. Treasury, ACS or Wire Room) |

What was intent of wire made above?    (Place X in the most appropriate box below)

To Pay for Shipments Prior to Wire:    ☐

To Pay for Shipments Subsequent to Wire:    ☐

To Pay for Shipments both Prior & Subsequent:    ☐

Unknown Intent:    ☒

Essential Supplier

Please **attach** documentation in support of the above assessment of intent. Documentation may include but is not limited to the following types of documentation:

- Email correspondence indicating intent for wire
- Detail lists of invoices/shipments that are being remitted
- Letters/notes/memos indicating intent for wire
- Meeting/Phone conversation minutes that indicate intent
- E-Dacor listings indicating amount due at date of wire that match wire amounts
- Terms deviation requests that indicate wire amount and intent for wire

# Delphi
## Pre Petition Wire Analysis Review Form



Index #: 337Y340

| | |
|---|---|
| Vendor Name: | HSS LLC |
| Remit Duns: | WT057598729 |
| Date of Wire: | 10/6/2005    (Actual wire date not date requested) |
| Amount of Wire | $ 16,599.65+  $1,720,908.59 (Indicate currency if other than USD) |
| Source: | ACS    (e.g. Treasury, ACS or Wire Room) |

What was intent of wire made above?     (Place X in the most appropriate box below)

To Pay for Shipments Prior to Wire: ☐

To Pay for Shipments Subsequent to Wire: ☐

To Pay for Shipments both Prior & Subsequent: ☐

Unknown Intent: ☒

Please **attach** documentation in support of the above assessment of intent. Documentation may include but is not limited to the following types of documentation:

- Email correspondence indicating intent for wire
- Detail lists of invoices/shipments that are being remitted
- Letters/notes/memos indicating intent for wire
- Meeting/Phone conversation minutes that indicate intent
- E-Dacor listings indicating amount due at date of wire that match wire amounts
- Terms deviation requests that indicate wire amount and intent for wire

(*Please see the attached document page 2,3)

1/3