# EXHIBIT 42

# EXHIBIT 42

**Fluent, Inc.**, **Adv. Pro. No. 07-02312-rdd**

Sheila S. DiNardo, Vice President, General Counsel and Secretary of ANSYS, Inc. ("ANSYS"), provided a Declaration on behalf of ANSYS.[1] According to Ms. DiNardo, "[o]n or about January 1, 2008, Fluent was merged with and into ANSYS. *Ex. 42(a), July 8, 2011 Declaration of Sheila S. DiNardo ¶ 1, fn. 1*. Ms. DiNardo states that neither she "nor anyone employed by ANSYS or Fluent had any knowledge of…the Reorganized Debtors' First Amended Joint Plan of Reorganization, as modified and amended . . . together will all disclosure statements and ancillary documents filed in connection therewith . . . ('Plan')." *Id. at ¶ 3*.

Contrary to ANSYS's position, the company was advised that avoidance claims were filed under seal and the time to serve the complaints and summonses had been extended. Fluent was served with the First Amended Plan Disclosure Statement, filed in December 2007. *See Ex. 7, Affidavit of Service—Ex. W (Docket No. 11974)*. On December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153. See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases

---

[1] ANSYS is the successor in interest to Fluent, Inc. *Ex. 42(a), July 8, 2011 Declaration of Sheila S. DiNardo ¶ 1*.

sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed."). Accordingly, Fluent cannot credibly deny knowledge that avoidance claims were filed and placed under seal and the summonses were extended.

# EXHIBIT A

GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone : (212) 813-8800
Fax : (212) 355-3333
Brian W. Harvey (BH 2518)

*Attorneys for ANSYS, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

In re: : Chapter 11 Case No.

DPH HOLDINGS CORP, *et al.*, : 05-44481 (RDD)

          Reorganized Debtors, :

----------------------------------------------------------------- x

DELPHI AUTOMOTIVE SYSTEMS, LLC, :
: Adv. No. 07-02312 (RDD)
          Plaintiff, :

          -v- :

FLUENT, INC., :

          Defendant. :
----------------------------------------------------------------- :x

## DECLARATION OF SHEILA S. DiNARDO IN SUPPORT OF JOINDER OF ANSYS, INC. TO THE OBJECTIONS, RESPONSES AND OTHER PLEADINGS SUBMITTED IN OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR <u>LEAVE TO FILE AMENDED COMPLAINTS</u>

    I, Sheila S. DiNardo, declare as follows::

    1.    I am the Vice President, General Counsel and Secretary of ANSYS, Inc. ("<u>ANSYS</u>"), successor in interest to Fluent Inc. ("<u>Fluent</u>").[1]  I am authorized to execute this

---

[1]    ANSYS acquired all or substantially all of the issued and outstanding equity interests in Fluent on or about May 1, 2006. On or about January 1, 2008, Fluent was merged with and into ANSYS.

LIBNY/5055700.1

Declaration on behalf of ANSYS. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

2. On or about April 15, 2010, ANSYS received via certified mail a letter (the "Notice Letter") from counsel to DPH Holdings Corp. and its affiliated reorganized debtors (collectively, the "Reorganized Debtors"), attached to which was a copy of a summons, dated April 6, 2010, and a complaint, dated September 26, 2007, commencing the above-captioned adversary proceeding (the "Adversary Proceeding"). Prior to receipt of the Notice Letter, neither I nor anyone employed by ANSYS or Fluent had any knowledge of the Adversary Proceeding.

3. Neither I nor anyone employed by ANSYS or Fluent had any knowledge of (a) the Reorganized Debtors' First Amended Joint Plan of Reorganization, as modified and amended, that was confirmed by this Court on July 30, 2009 (Docket No. 18707, and together with all disclosure statements and ancillary documents filed in connection therewith, the "Plan"), (b) the motion filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") on October 2, 2009, seeking an extension of the deadline for serving summons and complaints until 180 days after substantial consummation of the Plan (Docket No. 18952), or (c) any other motion of the Debtors seeking an extension of the deadline for serving a summons and complaint related to the Adversary Proceeding.

Dated July 8, 2011
Canonsburg, Pennsylvania

Sheila S. DiNardo
Vice President, General Counsel and Secretary

2

LIBNY/5055700.1