# EXHIBIT 43

# EXHIBIT 43

**FA Tech Corporation, Adv. Pro. No. 07-02350-rdd**

F.A. Tech Corporation ("F.A. Tech") waived its right to argue that dismissal is warranted on account of ineffective service. Under Fed. R. Civ. P. 12(g) and (h), a challenge to the efficacy of service under Fed. R. Civ. P. 4(m) is waived if not raised in a party's answer or in a pre-answer motion under Fed. R. Civ. P. 12(b). *McCurdy v. American Bd. of Plastic Surgery*, 157 F. 3d 191, 193-195 (3rd Cir. 1998). *See also Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F. 3d 1351, 1360 (11th Cir. 2008). F.A. Tech filed an answer before filing a Rule 12(b) motion which did not challenge (by affirmative defense or otherwise) the Final Extension Order, and thus the efficacy of service. *Ex. 43(a), Answer of F.A. Tech Corporation to Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550.* This Defendant has therefore waived the arguments it now asserts.

Kelly Michimi, Treasurer of F.A. Tech, provided a declaration stating that "[t]o the best of [her] knowledge, information and belief, F.A. Tech had no notice in 2007, 2008 or 2009, that Delphi was seeking to obtain authority to file and keep complaints under seal and to extend the time for service of complaints long past the running of the statute of limitations." *Ex. 43(b), July 11, 2011 Declaration of Kelly Michimi ¶14*. Ms. Michimi further claims that F.A. Tech did not …receive notice in these bankruptcy cases.…" *Id.*

F.A. Tech did receive notice, however, that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. F.A. Tech was served with the First Amended Plan Disclosure Statement, filed in December 2007. *See Ex. 7, January 11, 2008 Affidavit of Service—Ex. W (Docket No. 11974)*. On December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their Form 8-K, Docket No. 11388.

The Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period.  As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments.  *Ex. 8, July 22, 2010 Transcript, pp. 150-153*.  See also, *In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").  Accordingly, F.A. Tech cannot credibly deny knowledge that avoidance claims were filed and placed under seal and the summonses had been extended.

# EXHIBIT A

KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, OH  45202
Telephone:       (513) 579-6400
Facsimile:        (513) 579-6457
Email:              jstitt@kmklaw.com
Jason V. Stitt *(pro hac vice)*
*Counsel for Defendant F.A. Tech Corporation*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No. 05-44481 [RDD] |
| Debtors. | (Jointly Administered) |
| DELPHI CORPORATION, *et al.*, | Adv. Proc. No. 07-02350 [RDD] |
| Plaintiffs, | |
| -v- | |
| F.A. TECH CORPORATION, | |
| Defendant. | |

# ANSWER OF DEFENDANT F.A. TECH CORPORATION
# TO COMPLAINT TO AVOID AND RECOVER TRANSFERS
# PURSUANT TO 11 U.S.C. §§ 547 AND 550

Defendant F.A. Tech Corporation ("F.A. Tech" or "Defendant"), by and through its undersigned counsel, hereby files its answer to the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550 (the "Complaint") filed by Delphi Corporation, *et al.* (the "Plaintiffs") and, in support thereof states as follows.

## ANSWER

F.A. Tech responds to the numbered allegations of the Complaint filed by the Plaintiffs as follows.

## NATURE OF THE CASE

1.      With respect to the allegations contained in Paragraph 1 of the Complaint, F.A. Tech is informed and believes that each of the Debtors are debtors under Title 11 of the United States Code. Further, the allegations contained in Paragraph 1 of the Complaint are a matter of public record in this bankruptcy case. Except as stated herein, F.A. Tech denies the allegations contained in Paragraph 1 of the Complaint and demands strict proof thereof.

2.      With respect to the allegations contained in Paragraph 2 of the Complaint, F.A. Tech denies the allegations in Paragraph 2 of the Complaint and demands strict proof thereof.

## JURISDICTION, VENUE AND PARTIES

3.      With respect to the allegations contained in Paragraph 3 of the Complaint, the alleged transfers are evidenced by documents in writing. As such, those documents in writing are the best evidence of the dates and amounts of such transfers, and such documents otherwise speak for themselves. Except as stated herein, F.A. Tech has insufficient information either to admit or deny the allegations contained in Paragraph 3 of the Complaint and, therefore, denies such allegations and demands strict proof thereof.

4.      With respect to the allegations contained in Paragraph 4 of the Complaint, F.A. Tech denies the allegations in Paragraph 4 to the extent the causes of action comprising this adversary proceeding were not retained by the Debtors and demands strict proof thereof.

5.   With respect to the allegations contained in Paragraph 5 of the Complaint, F.A. Tech denies the allegations in Paragraph 5 to the extent the causes of action comprising this adversary proceeding were not retained by the Debtors and demands strict proof thereof.

6.   With respect to the allegations contained in Paragraph 6 of the Complaint, F.A. Tech denies the allegations in Paragraph 6 to the extent the causes of action comprising this adversary proceeding were not retained by the Debtors and demands strict proof thereof.

7.   F.A. Tech admits the allegations contained in Paragraph 7 of the Complaint.

8.   With respect to the allegations contained in Paragraph 8 of the Complaint, F.A. Tech denies the allegations in Paragraph 8 of the Complaint and demands strict proof thereof.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (Avoidance and Recovery of Preferential Transfers)

9.   F.A. Tech repeats and realleges its responses to the allegations contained in Paragraphs 1 through 8 of this Answer as if fully set forth herein.

10.  With respect to the allegations contained in Paragraph 10 of the Complaint, the alleged transfers are evidenced by documents in writing. As such, those documents in writing are the best evidence of the dates and amounts of such transfers, and such documents otherwise speak for themselves. Except as stated herein, F.A. Tech has insufficient information either to admit or deny the allegations contained in Paragraph 10 of the Complaint and, therefore, denies such allegations and demands strict proof thereof.

11.  With respect to the allegations contained in Paragraph 11 of the Complaint, F.A. Tech has insufficient information either to admit or deny the allegations contained in

3

Paragraph 11 of the Complaint and, therefore, denies such allegations and demands strict proof thereof.

12.  With respect to the allegations contained in Paragraph 12 of the Complaint, F.A. Tech has insufficient information either to admit or deny the allegations contained in Paragraph 12 of the Complaint and, therefore, denies such allegations and demands strict proof thereof.

13.  With respect to the allegations contained in Paragraph 13 of the Complaint, F.A. Tech has insufficient information either to admit or deny the allegations contained in Paragraph 13 of the Complaint and, therefore, denies such allegations and demands strict proof thereof.

14.  With respect to the allegations contained in Paragraph 14 of the Complaint, the allegations are merely a restatement of the Bankruptcy Code for which no response is required. To the extent a response is required, F.A. Tech has insufficient information either to admit or deny the allegations contained in Paragraph 14 of the Complaint and, therefore, denies such allegations and demands strict proof thereof.

15.  With respect to the allegations contained in Paragraph 15 of the Complaint, F.A. Tech has insufficient information either to admit or deny the allegations contained in Paragraph 15 of the Complaint and, therefore, denies such allegations and demands strict proof thereof.

16.  With respect to the allegations contained in Paragraph 16 of the Complaint, F.A. Tech denies the allegations in Paragraph 16 of the Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure.

### SECOND DEFENSE

F.A. Tech requires strict proof by the Plaintiffs of each of the required elements of a preference under Section 547(b) of the Bankruptcy Code.

### THIRD DEFENSE

Some or all of the alleged transfers to F.A. Tech are covered by the "ordinary course of business" defense or exception under Section 547(c)(2) of the Bankruptcy Code and are, therefore, not avoidable or recoverable by the Plaintiffs.

### FOURTH DEFENSE

Some or all of the alleged transfers to F.A. Tech are covered by the "subsequent new value" defense or exception under Section 547(c)(4) of the Bankruptcy Code and are, therefore, not avoidable or recoverable by the Plaintiffs.

### FIFTH DEFENSE

The alleged transfers are subject to F.A. Tech's rights to set off and recoupment with respect to its pre- and/or post-petition claims(s) against the Debtors, if any.

### SIXTH DEFENSE

The Complaint must be dismissed to the extent any such transfers were payments made on secured debt subject to perfected liens.

5

**SEVENTH DEFENSE**

The Complaint must be dismissed to the extent that any such transfers were not property of the estate due to protection of such transfers via a trust fund, whether imposed by statute or common law.

**EIGHTH DEFENSE**

The Plaintiffs are barred from bringing this action on the grounds of estoppel and unclean hands.

**NINTH DEFENSE**

To the extent that the Plaintiffs' claims set forth in the Complaint are barred by the applicable statute of limitations including, but not limited to, Section 546 of the Bankruptcy Code, the Complaint should be dismissed with prejudice.

**TENTH DEFENSE**

Pursuant to Section 547(c)(1) of the Bankruptcy Code, the Plaintiffs may not avoid any payments to F.A. Tech to the extent that such payments were intended to be contemporaneous exchanges for new value given to the Debtors and, in fact, were substantially contemporaneous exchanges.

**ELEVENTH DEFENSE**

The Plaintiffs are barred from bringing this action on the grounds that the payments were made pursuant to executory contracts that were assumed by the Debtors.

**TWELFTH DEFENSE**

The Plaintiffs are barred from bringing this action to the extent the cause of action was not retained by the Debtors in their Plan of Reorganization.

## THIRTEENTH DEFENSE

F.A. Tech reserves the right to amend this Answer and assert any additional defenses, including any affirmative defenses, which might become known through the discovery process or otherwise, under applicable bankruptcy or non-bankruptcy law.

**WHEREFORE,** F.A. Tech respectfully prays unto this Court:

1. That the Plaintiffs' claims be denied and the Complaint be dismissed with prejudice;

2. That the Plaintiffs have and recover nothing from F.A. Tech;

3. That all costs of this action be taxed to the Plaintiffs; and

4. For such other and further relief as this Court deems just and proper.

DATED:    February 26, 2010    Respectfully submitted,

*/s/ Jason V. Stitt*
Jason V. Stitt (OH 0078513) *(pro hac vice)*
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Telephone:    (513) 639-3964
Facsimile:    (513) 579-6457
Email:    jstitt@kmklaw.com
*Attorneys for Defendant F.A. Tech Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Answer Of Defendant F.A. Tech Corporation To Complaint To Avoid And Recover Transfers Pursuant To 11 U.S.C. §§ 547 And 550 was served on this 26th day of February, 2010, via the Court's ECF system on those parties registered to receive notice.

*/s/ Jason V. Stitt*
Jason V. Stitt

# EXHIBIT B

KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Telephone:    (513) 579-6400
Facsimile:    (513) 579-6457
Jason V. Stitt, Esq.
*Counsel for Defendant, F.A. Tech Corporation*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No. 05-44481 [RDD] |
| | (Jointly Administered) |
| Debtors. | |
| DELPHI CORPORATION, *et al.*, | Adv. Proc. No. 07-02350 [RDD] |
| Plaintiffs, | |
| -v- | |
| F.A. TECH CORPORATION, | |
| Defendant. | |

**DECLARATION OF KELLY MICHIMI IN SUPPORT OF F.A. TECH
CORPORATION'S OBJECTION TO REORGANIZED DEBTORS' MOTION FOR
LEAVE TO FILE AMENDED COMPLAINTS**

Pursuant to 28 § 1746, Kelly Michimi declares as follows:

1.  I am the Treasurer of F.A. Tech Corporation ("F.A. Tech").

2.  In my capacity as treasurer, I am familiar with the books and records of F.A. Tech. and its relationship with Delphi Corporation.

3.  I make this Declaration upon personal knowledge, and if called as a witness, would testify to the facts contained herein.

4. I have been employed by F.A. Tech since December, 1994.

5. I am authorized to make this Declaration of F. A. Tech.

6. I make this Declaration in support of F.A. Tech's Objection to Reorganized Debtors' Motion for Leave to File Amended Complaints.

7. F.A. Tech did not hire counsel to appear on its behalf and receive notice in these bankruptcy cases until it was served with a copy of the complaint in January, 2010.

8. To the best of my knowledge, information and belief until January, 2010, F.A. Tech had no notice that Delphi Corporation and its affiliates or successors (herein collectively, "Delphi") had sued F.A. Tech to recover more than $400,000 in alleged preferential transfers.

9. F.A. Tech was not served and did not receive any of the motions seeking to extend time to serve the adversary complaints on F.A. Tech.

10. Specifically, F.A. Tech did not receive a copy of the Expedited Motion For Order Under 11 U.S.C. §§ 102(I)(A), 105(a), 107, 108(a)(2), And 546(a) And Fed. R. Bankr. P. 7004, 9006(c), And 9018 (I) Authorizing Debtors To Enter Into Stipulations Tolling Statute Of Limitations With Respect To Certain Claims, (II) Authorizing Procedures To Identify Causes Of Action That Should Be Preserved, And (III) Establishing Procedures For Certain Adversary Proceedings Including Those Commenced By Debtors Under 11 U.S. C. § 541,544,545,547, 548, Or 553 [Docket No. 8905] and no reference to F.A. Tech is contained in the relevant Affidavit of Service filed by the Debtors on or about August 10,2007 [Docket No. 9039].

11. Additionally, F.A. Tech did not receive a copy of the Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims

Procedures Order [Docket No. 12922], and no reference to F.A. Tech is contained in the relevant Affidavit of Service filed by the Debtors on or about March 4, 2008 [Docket No. 12970].

12. Additionally, F.A. Tech did not receive a copy of the Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order [Docket No. 13361], and no reference to F.A. Tech is contained in the relevant Affidavit of Service filed by the Debtors on or about April 16, 2008 [Docket No. 13415].

13. Additionally, F.A. Tech did not receive a copy of the Supplemental Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(l) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order [Docket No. 18952], and no reference to F.A. Tech is contained in the relevant Affidavit of Service filed by the Debtors on or about October 7, 2009 [Docket No. 18967].

14. To the best of my knowledge, information and belief, F.A. Tech had no notice in 2007, 2008 or 2009, Delphi was seeking to obtain authority to file and keep complaints under seal and to extend the time for service of complaints long past the running statute of limitations.

15. Accordingly, in January of 2010, F.A. Tech learned for the first time, it had been sued for the recovery of alleged preferential transfers in excess of $400,000 when it was served with the complaint filed in Delphi's bankruptcy proceeding.

16. Between August 2007 and March 2010, F.A. Tech made certain financial decisions and took certain actions without the benefit of knowing they had been sued by Delphi for over $400,000.

17. Because F.A. Tech did not know that the complaint had been filed, between August 2007 and March 2010, F.A. Tech issued financial reports including, audited financial statements to its owners and lenders and did not disclose the liability alleged in the complaint.

18. Because F.A. Tech did not know it had been sued by Delphi, F.A. Tech made no arrangements with its former employees to obtain information about the lawsuits, conduct exit interviews, or keep in touch with them.

19. Because F.A. Tech did not know it had been sued by Delphi, F.A. Tech took no special steps to organize and preserve its records with respect to Delphi.

20. If F.A. Tech had known that Delphi had sued it, F.A. Tech would have taken special steps to organize and preserve its records with respect to Delphi, exit interviews with employees related to Delphi, and make arrangements to maintain contact with such employees in case F.A. Tech would need to provide litigation information or services.

21. During the more than two years between Delphi filing and lawsuit until F.A. Tech learned about the lawsuit, F.A. Tech and Delphi had numerous business discussions related to significant new business and projects with Delphi that F.A. Tech bid on.

22. During negotiations for these bids, Delphi did not disclose to F.A. Tech that they had already commenced a lawsuit against F.A. Tech. If F.A. Tech had known about the lawsuit Delphi had filed against it, F.A. Tech would have sought to leverage such lawsuit differently with Delphi.

23. If F.A. Tech had known of the lawsuit, F.A. Tech would have refused any additional bids with Delphi unless Delphi agreed to release F.A. Tech future preference liability.

24. F.A. Tech has been substantially prejudiced by Delphi concealing from F.A. Tech for over two years that it was suing F.A. Tech, because had F.A. Tech known of the lawsuit, F.A.

Tech would not have agreed to do business with Delphi and F.A. Tech would have taken additional necessary steps to aid in its defense of litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Hamilton, Ohio
on July 11, 2011

_____
Kelly Michimi