# EXHIBIT 46

# EXHIBIT 46

**Magnesium Elektron Inc., 07-02758-rdd**

Magnesium Elektron Inc. ("MEI") provided the Affidavit of Maryann Hampton, Secretary and Treasurer of MEI. *Ex. 46(a), July 12, 2011 Affidavit of Maryann Hampton.* Ms. Hampton states that "to the best of my knowledge, MEI had no notice at any time prior to March 2010 that on several occasions the Debtors had sought and obtained authority to file and maintain hundreds of adversary proceedings under seal and to extend the time for service of the complaints . . . ." *Id. at ¶ 3.*

MEI received relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. On December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. Additionally, as a party listed on Ex. FFF of the Affidavit of Service for the solicitation of materials for the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, MEI was served with the Confirmation Hearing Notice, dated December 10, 2007. *See Ex. 7, January 11, 2008 Affidavit of Service—Ex. FFF (Docket No. 11974).* The Confirmation Hearing Notice explicitly discloses that the Bankruptcy Court entered an order, dated December 10, 2007, approving the First Amended Plan Disclosure Statement. *See Ex. 17, Confirmation Hearing Notice, p. 1 (Docket No. 11974, Ex. F).* The Confirmation Hearing Notice also provides that the Disclosure Statement is publicly available on the Delphi Legal Information Website, http://delphidocket.com, or by contacting the Creditor Voting Agent. *Id. at ¶ 10.*

Accordingly, MEI was on notice of the Disclosure Statement, which included references to the preference claims at issue.

As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153*. *See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed."). Accordingly, MEI cannot credibly deny knowledge that avoidance claims were filed and placed under seal and the summonses were extended.

# EXHIBIT A

ARCHER & GREINER, P.C.
2 Penn Plaza, Suite 1500
New York, NY 10121
Tel: (212) 292-4988
Fax: (212) 629-4568
Stephen M. Packman, Esquire
*Attorneys for Magnesium Electron Inc. and Magnesium Elektron Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> DELPHI CORPORATION, *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 05-44481 (RDD) <br> (Jointly Administered) |
| DELPHI CORPORATION, *et al.*, <br><br> Plaintiff, <br> v. <br><br> MAGNESIUM ELECTRON INC. and <br> MAGNESIUM ELEKTRON INC., <br><br> Defendant. | Adv. Pro. No. 07-02758 (RDD) |

**AFFIDAVIT OF MARYANN HAMPTON**

COUNTY OF HUNTERDON    :
                       : ss.
STATE OF NEW JERSEY    :

   MARYANN HAMPTON, of full age, being duly sworn according to law, upon his oath, deposes and says:

   1.  I am the Secretary/Treasurer of MAGNESIUM ELEKTRON INC. ("MEI") improperly named as MAGNESIUM ELECTRON INC., the defendant in the above captioned adversary proceeding. I make this affidavit in furtherance of the hearings held before this Court

on June 21, 2011. Except as otherwise set forth herein, I have personal knowledge of the matters set forth herein.

2.   To the best of my knowledge, until it was served with the complaint (the 'Complaint") and other papers associated with the Adversary Proceeding in or around March 2010, MEI had no notice or knowledge that the Debtors had sued MEI to recover $2,082,476.62 in alleged preference payments.

3.   Further, to the best of my knowledge, MEI had no notice at any time prior to March 2010 that on several occasions the Debtors had sought and obtained authority to file and maintain hundreds of adversary proceedings under seal and to extend the time for service of the complaints (including the Complaint) long past the expiration of the applicable limitations period.

4.   Between September 2007 (when the Complaint was filed) and March 2010 (when the Complaint was served), MEI made certain financial decisions and took certain actions without the benefit of knowing they had been sued by the Debtors for over $2 million.

5.   Because MEI did not know that the Complaint had been filed, between September 2007 and March 2010, MEI issued financial reports including, audited financial statements to its owners and lenders and did not disclose the liability alleged in the Complaint.

6.   Because MEI did not know it had been sued by the Debtors, MEI made no arrangements with its former employees to obtain information about the lawsuits, conduct exit interviews, or keep in touch with them.

7.   Because MEI did not know it had been sued by the Debtors, MEI took no special steps to organize and preserve its records with respect to the Debtors. In 2008, MEI switched accounting systems and is now prejudiced defending this matter because it is having difficulty

obtaining information relating to the payments alleged in the Complaint and other historical transactions between the Debtor and MEI.

8. If MEI had known that the Debtors had sued it, MEI would have taken special steps to organize and preserve its records with respect to the Debtors, exit interviews with employees related to the Debtors, and make arrangements to maintain contact with such employees in case MEI would need to provide litigation information or services.

9. I make this declaration on personal knowledge, and if called as a witness, would testify to the facts contained herein.

10. I make this Declaration under penalty of perjury under the laws of the United States of America.

*/s/ Mary Ann Hampton*
MARYANN HAMPTON

Sworn to and subscribed
before me this 12th day
of JULY, 2011
*/s/*
Notary Public

6910357v1

JAMES L. CHRISTIE
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 14/1/13