# EXHIBIT 47

# EXHIBIT 47

**Florida Production Engineering, Adv. Pro. No. 07-02301-rdd**

Jim McKinley, Director of Finance of Florida Production Engineering ("FPE"), provided

an Affidavit which states that "FPE did not receive notice of the October 2, 2009" Final

Extension Motion. *Ex. 47(a), July 6, 2011 Affidavit of Jim McKinley ¶ 3(d).* FPE did receive

notice of certain filings, however.

FPE did receive relevant information advising that avoidance claims had been filed under

seal and the time to serve the complaints and summonses had been extended. On December 13,

2007, the Debtors filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket

No. 11388). The Disclosure Statement outlined in detail that preference claims were to be filed

under seal, with service deferred until after the limitations period. Additionally, as a party listed

on Ex. FFF of the Affidavit of Service for the solicitation of materials for the First Amended

Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-

In-Possession, FPE was served with the Confirmation Hearing Notice, dated December 10, 2007.

*See Ex. 7, January 11, 2008 Affidavit of Service—Ex. FFF (Docket No. 11974).* The

Confirmation Hearing Notice explicitly discloses that the Bankruptcy Court entered an order,

dated December 10, 2007, approving the First Amended Plan Disclosure Statement. *See Ex. 17,*

*Confirmation Hearing Notice, p. 1 (Docket No. 11974, Ex. F).* The Confirmation Hearing Notice

also provides that the Disclosure Statement is publicly available on the Delphi Legal Information

Website, http://delphidocket.com, or by contacting the Creditor Voting Agent. *Id. at ¶ 10.*

Accordingly, FPE was on notice of the First Amended Plan Disclosure Statement, which

included references to the preference claims at issue.

Additionally, FPE's counsel, the law firm of Dinsmore & Shohl, LLP ("Dinsmore"), was served with the First Amended Plan Disclosure Statement. *See Ex. 7, January 11, 2008 Affidavit of Service—Ex. GG (Docket No. 11974)*. While such service was not in Dinsmore's capacity as counsel for FPE, notably, Dinsmore represented FPE when it withdrew its proof of claim on October 11, 2006 (Docket No. 5289), and Dinsmore continues to represent FPE to this day. Accordingly, review of the First Amended Plan Disclosure Statement, coupled with the law firm's knowledge of the underlying business relationship between Delphi and FPE, very well may have or should have placed the law firm and its client, FPE, on notice of the preference claims at issue.

Furthermore, while again not in its express capacity as counsel for FPE, Dinsmore was electronically served with the Preservation of Estate Claims Procedures Motion (which Motion was filed as Docket No. 8905). *Ex. 11, August 10, 2007 Affidavit of Service—Ex. B, 2002 List, p. 5 of 20 (Docket No. 9039)*. Dinsmore was also electronically served with the August 16, 2007 Preservation of Estate Claims Procedures Order (Docket No. 9105), which, among other things, (i) authorized the Debtors to file complaints in the adversary proceedings pertaining to avoidance actions under seal, (ii) stayed each adversary proceeding unless and until the Debtors made service of process on the respective defendants, and (iii) extended to March 31, 2008 the deadline under Federal Rules of Civil Procedure 4(m) by which the Debtors would have to serve process, so that the complaints would not be subject to dismissal under Federal Rule of Civil Procedure 4(m). *See Ex. 12, August 23, 2007 Affidavit of Service—Ex. B, 2002 List, p. 5 of 20 (Docket No. 9141)*.

Similarly, Dinsmore was also electronically served with the subsequently filed (i) First Extension Motion (Docket No. 12922), *Ex. 13, March 4, 2008 Affidavit of Service—Ex. B, 2002*

*List, p. 5 of 21 (Docket No. 12970)*; (ii) First Extension Order (Docket No. 13277), *Ex. 14, April 1, 2008 Affidavit of Service—Ex. A, 2002 List, p. 5 of 21 (Docket No. 13315)*; (iii) Second Extension Motion (Docket No. 13361), *Ex. 15, April 16, 2008 Affidavit of Service--Ex. B, 2002 List, p. 5 of 21 (Docket No. 13415);* (iv) Second Extension Order (Docket No. 13484), *Ex. 16 , May 6, 2008 Affidavit of Service—Ex. A, 2002 List, p. 5 of 20 (Docket No. 13540);* and Final Extension Motion (Docket No. 18952), *Ex. 4, October 7, 2009 Affidavit of Service—Ex. B, 2002 List, p. 6 of 22 (Docket No. 18967).* Although Dinsmore was served with these Extension Motions and Extension Orders in its capacity as counsel for a different entity, as set forth above, Dinsmore represented FPE when it withdrew its proof of claim on October 11, 2006 (Docket No. 5289), and Dinsmore continues to represent FPE to this day.  Accordingly, given Dinsmore's notice of the Extension Motions and Extension Orders, coupled with the firm's knowledge of the underlying business relationship between Delphi and FPE, there is at least an issue of fact as to whether FPE received or should have received notice of the preference claims at issue.  As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue (as did the Extension Motions and Extension Orders) and on inquiry notice as to the need to monitor preference claim developments. *Ex 8, July 22, 2010 Transcript, pp. 150-153.*

Through the information conveyed in the above filings, FPE cannot credibly deny knowledge that avoidance claims were filed and placed under seal and the summonses had been extended.  Moreover, FPE had every reason to anticipate that it was the target of one of the avoidance claims.  As set forth in the complaint, FPE was a supplier who on October 6, 2005 and October 7, 2005, the eve of the Debtors' October 8, 2005 chapter 11 petition, received over $2.3

million in non-ordinary course wire transfers.  *Ex. 47(b), Original Complaint Against Florida Production Engineering Inc.*    Undoubtedly, Florida Production understood the preference implications of these transfers.  *See also, In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

POLSINELLI SHUGHART PC
Jason A. Nagi (JN 6891)
Christopher A. Ward (CW 0854)
7 Penn Plaza, Suite 600
New York, New York 10001
Tel: (212) 644-2092
Fax: (212) 684-0197
Jnagi@polsinelli.com
cward@polsinelli.com

-and-

DINSMORE & SHOHL, LLP
Kim Martin Lewis
Devon Merling
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
Telephone: (513) 977-8200
Facsimile: (513) 977-8141
kim.lewis@dinslaw.com
devon.merling@dinslaw.com
*Counsel for Florida Production Engineering, Inc.*

**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------x
:
In re:                                       :        Chapter 11
:        Case No. 05-44481 (RDD)
DPH HOLDINGS CORP, *et al.*,                  :
:
--------------------------------------------x
:
DELPHI AUTOMOTIVE SYSTEMS, LLC,              :
:
Plaintiff,                            :        Adv. Pro. No. 07-02302 (RDD)
:
v.                                            :
:
FLORIDA PRODUCTION ENGINEERING, INC.         :
:
Defendant.                           :
--------------------------------------------x

1937200v1

STATE OF FLORIDA        )
                        ) ss:
COUNTY OF VOLUSIA       )

### AFFIDAVIT OF JIM MCKINLEY OF FLORIDA PRODUCTION ENGINEERING, INC. SUPPORTING BRIEF IN OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS

JIM MCKINLEY, does solemnly swear and affirm:

1.      I am the Director of Finance at Florida Production Engineering, Inc. ("FPE), the defendant in the above-captioned adversary proceeding. I am submitting this affidavit in support of FPE's Brief in Opposition to the Motion of Delphi Automotive Systems, LLC ("DAS" or "Reorganized Debtors") to file an amended complaint against FPE to recover $5,697,434.36 in alleged transfers, and pursuant to the direction of this Court in the hearing conducted on June 21, 2011 on the Debtor's Motion for Leave to Amend Complaints.

**FPE Never Received Notice of the Extension Motions and Orders and the Disclosure Statement and Plan of Reorganization**

2.      FPE is a "no notice" defendant in these proceedings. FPE filed a proof of claim against Delphi Automotive Systems, LLC, on July 27, 2006 [Claim No. 11544], but withdrew that claim on October 11, 2006 [D.I. 5289]. Thus, the Defendant was not on the ECF notice list (the "2002 List") that Delphi used to serve its various motions regarding its sealing of preference complaints and extensions to serve the complaints (the "Extension Motions") and the orders granting the Extension Motions (the "Extension Orders").

3.      As a result:

   a)    FPE did not receive notice of the August 6, 2007 Preservation of Estate Claims Motion, D.I. 8905, or the order granting it. D.I. 9105. *See* Affidavit of Service, D.I. 9039; Affidavit of Service, D.I. 9141.

   b)    FPE did not receive notice of the February 8, 2008 Extension of Avoidance Action Service Deadline Motion, D.I. 12922 or the order

granting it. D.I. 13277. *See* Affidavit of Service, D.I. 12970; See Affidavit of Service, D.I. 13315.

c) FPE did not receive notice of the April 20, 2008 Postconfirmation Extension of Avoidance Action Service Deadline Motion, D.I. 13361 or the order granting it. D.I. 13484. *See* Affidavit of Service. D.I. 13415; Affidavit of Service, D.I. 13540; and

d) FPE did not receive notice of the October 2, 2009 Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion, D.I. 18952 or order granting it. D.I. 18999. *See* Affidavit of Service. D.I. 18967. Upon information and belief, D.I. 18999 was not served until after the Original Complaint was unsealed; and

e) FPE did not receive notice of the December 2007 Disclosure Statement, D.I.11388, *See* Affidavit of Service, D.I. 11972.

4.    Having no notice that it had been sued or that the time for service of the secret complaint against it had been extended multiple times, FPE did not take any steps to organize or preserve information with regards to Delphi. Therefore, FPE has been prejudiced in its ability to defend this adversary proceeding by Delphi's delay in serving the complaint.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Jim McKinley
Director of Finance, Florida Production
Engineering, Inc.

Subscribed and Sworn to and subscribed before me,
this 6 day of July , 2011.

Notary Public John Tracy
My Commission Expires: Jan 30 2011

JOHN TRACY
Notary Public - State of Florida
My Comm. Expires Jan 30, 2015
Commission # EE 47854
Bonded Through National Notary Assn.

3

## CERTIFICATE OF SERVICE

I, Jason A. Nagi, hereby certify that on the 11th day of July, 2011, a true and correct copy

of the foregoing Affidavit of Jim McKinley of Florida Production Engineering, Inc. Supporting

Brief in Opposition to Reorganized Debtors' Motion for Leave to File Amended Complaints was

served electronically by ECF notification from the Court to Plaintiffs' counsel, and courtesy

copies sent via first class mail to:

      Eric Fisher
      Butzel Long PC
      380 Madison Avenue, 22nd Floor
      New York, NY  10017


                                              */s/ Jason A. Nagi*

# EXHIBIT B

This is a sealed pleading and it is subject to the Order Under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), and 546(a) and Fed. R. Bankr. P. 7004, 9006(c), and 9018 (i) Authorizing Debtors to Enter into Stipulations Tolling Statute of Limitations with Respect to Certain Claims, (ii) Authorizing Procedures to Identify Causes of Action that Should be Preserved, and (iii) Establishing Procedures for Certain Adversary Proceedings Including Those Commenced by Debtors Under 11 U.S.C. § 541, 544, 545, 547, 548 or 553, dated August 16, 2007.

TOGUT, SEGAL & SEGAL LLP
Conflicts Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)
Scott E. Ratner (SER-0015)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| In re: | :   Chapter 11 |
| | :   Case No. 05-44481 [RDD] |
| DELPHI CORPORATION, *et al.*, | : |
| | :   Jointly Administered |

------------------------------------------------------------x

| | |
|---|---|
| DELPHI CORPORATION, *et al.*, | :   Adv. Pro. No. 07-_____ [RDD] |
| | : |
|                 Plaintiffs, | : |
| | : |
|       - against - | : |
| | : |
| FLORIDA PRODUCTION ENGINEERING | : |
| INC. and FLORIDA PRODUCTION ENG., | : |
| | : |
|                 Defendants. | : |
| | : |

------------------------------------------------------------x

## COMPLAINT TO AVOID AND RECOVER
## TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

Delphi Corporation ("Delphi") and the other above-captioned debtors and debtors in possession, the plaintiffs herein (together, the "Plaintiffs"),[1] by their conflicts counsel, Togut, Segal & Segal LLP, as and for their complaint ("Complaint") against the above-captioned Defendants (defined below), allege the following on knowledge as to themselves and their own acts and otherwise upon information and belief:

## INTRODUCTION

1.    On October 8, 2005 (the "Initial Filing Date"), Delphi and certain of its subsidiaries (the "Initial Filers") each filed voluntary petitions in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, the "Debtors") filed voluntary petitions in this Court for reorganization relief under Chapter 11 of the Bankruptcy Code.

2.    The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## JURISDICTION, VENUE AND PARTIES

3.    Plaintiffs bring this adversary proceeding (the "Adversary Proceeding") pursuant to, *inter alia*, sections 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an Order and Judgment of this Court against Florida Production Engineering Inc. and Florida Production Eng. (together, "Defendants") to direct the return of certain avoidable transfers (the "Transfers") that were made by Plaintiffs to Defendants as more fully and particularly identified in Exhibit "1" annexed hereto.

---

[1]    The term "Plaintiffs" shall mean all of the Debtors in the above-captioned chapter 11 cases.

4.      This Adversary Proceeding is a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F) and (O).

5.      Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1334.

6.      Venue of this Adversary Proceeding is proper in this Court pursuant to 28 U.S.C. § 1409(a).

7.      Upon information and belief, Defendants were creditors of one or more of the Plaintiffs prior to the filing of Plaintiffs' chapter 11 cases.

8.      Plaintiffs retain the right to enforce, sue on, settle or compromise all causes of action including, without limitation, claims under and pursuant to sections 502(d), 544, 547, 548 and 550 of the Bankruptcy Code.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (Avoidance and Recovery of Preferential Transfers)

9.      Plaintiffs repeat, reallege and incorporate by reference all of the allegations contained in paragraphs 1 through 8 of this Complaint as though set forth at length herein.

10.      On or within ninety (90) days prior to the Initial Filing Date, Plaintiffs made, or caused to be made, the Transfers to Defendants.

11.      The Transfers constitute transfers of interests in Plaintiffs' property.

12.      Plaintiffs made, or caused to be made, the Transfers to, or for the benefit of Defendants.

13.      Plaintiffs made, or caused to be made, the Transfers for, or on account of, antecedent debt(s) owed to Defendants prior to the dates on which the Transfers were made (the "Debt").

14.     Pursuant to Bankruptcy Code section 547(f), for purposes of this Adversary Proceeding, Plaintiffs are presumed to have been insolvent at the time that the Transfers were made.

15.     The Transfers enabled Defendants to receive more than they would have received if: (i) this case was administered under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendants had received payment of the Debt to the extent provided by the Bankruptcy Code.

16.     Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to section 547(b) of the Bankruptcy Code and pursuant to section 550(a) of the Bankruptcy Code, an Order should be entered granting judgment in favor of Plaintiffs: (i) avoiding the Transfers pursuant to Bankruptcy Code section 547(b); (ii) against Defendants in an amount not less than the amount of the Transfers, plus interest from the date hereof and the costs and expenses of this action including, without limitation, attorneys' fees; and (iii) directing Defendants to turnover and pay such sum to Plaintiffs pursuant to Bankruptcy Code section 550(a).

**WHEREFORE**, Plaintiffs respectfully request entry of judgment on their Complaint as follows:

a.     On Plaintiffs' First Cause of Action, in favor of Plaintiffs and against Defendants in an amount not less than the amount of the Transfers, plus interest from the date hereof until full payment is made to Plaintiffs, together with the costs and expenses of this action, including, without limitation, attorneys' fees, and directing Defendants to turnover such sum to Plaintiffs pursuant to Bankruptcy Code sections 547(b) and 550(a); and

      b.     Granting such other and further relief as this Court may deem just

and proper.

DATED:   New York, New York
           September 26, 2007

                           DELPHI CORPORATION, *et al.*,
                           Debtors, Debtors in Possession and Plaintiffs,
                           By their Conflicts Counsel,
                           TOGUT, SEGAL & SEGAL, LLP
                           By:

                           /s/ Neil Berger
                           NEIL BERGER (NB-3599)
                           SCOTT E. RATNER (SER-0015)
                           Members of the Firm
                           One Penn Plaza, Suite 3335
                           New York, New York  10119
                           (212) 594-5000

## EXHIBIT "1"

### DELPHI CORPORATION, *et al.*
### v.
### FLORIDA PRODUCTION ENGINEERING INC., *et al.*

| Transfer Date | Transfer Amount | Transfer Type |
|---|---|---|
| 7/28/2005 | $1,484,269.47 | EFT |
| 8/29/2005 | $688,745.37 | EFT |
| 9/28/2005 | $1,648,462.59 | EFT |
| 10/4/2005 | $102,840.00 | EFT |
| 10/6/2005 | $1,695,566.61 | WIRE |
| 10/7/2005 | $77,000.32 | WIRE |
| **TOTAL:** | **$5,696,884.36** | |