# EXHIBIT 49

# EXHIBIT 49

**Owens Corning, Adv. Proc. No. 07-2540-rdd**

Owens Corning provided the declaration of Karen Sprenger, Customer Financial Leader. *Ex. 49(a), July 12, 2011 Declaration of Karen Sprenger, ¶ 1.* Regarding notice of the Extension Motions, Ms. Sprenger states that "Owens Corning did not receive any particularized notice of the Extensions Motions, including the [Final] Extension, and, upon information and belief, Owens Corning received no notice of them at all." *Id. at ¶ 6.* Ms. Sprenger goes on to state that in determining whether Owens Corning had received notice of the Extension Motions, Owens Corning "reviewed the materials that it had received related to the Delphi bankruptcy case and found that it had been served only with" the documents identified in Paragraph 7 of her declaration, "[n]one of [which] indicated that Owens Corning might be sued to recover allegedly preferential transfers *Id. at ¶ 7.*

Notably, Owens Corning did receive relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. Owens Corning was served with the First Amended Plan Disclosure Statement, filed in December 2007. *Ex. 7, January 11, 2008 Affidavit of Service–Ex. W (Docket No. 11974).* Ms. Sprenger admits that Owens Corning received "[a] CD Titled; First Amended Disclosure Statement With Respect To First Amended Plan of Reorganization." *Ex. 49(a), July 12, 2011 Declaration of Karen Sprenger ¶ 7.* Further, on December 13, 2007, the Debtors filed a copy of the First Amended Plan Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The First Amended Plan Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the

defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153.* See also In re *TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

H. Buswell Roberts Jr.
H. Buswell Roberts Jr. PLLC
2001 South Main Street Unit 206-A
Blacksburg, VA 24060
Tel: 540.951.8320
Fax: 540.951.8357
hbroberts@live.com
Attorneys for Defendants

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| DELPHI CORPORATION, et al., ) | Case No. 05-44481 (RDD) |
| ) | Jointly Administered |
| Debtor. ) | |
| ) | |
| ) | |
| Delphi Corporation, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Adversary Proceeding No. 07-02540-rdd |
| v. ) | |
| ) | |
| Owens Corning, ) | |
| ) | |
| Defendant. ) | |

### DECLARATION OF KAREN SPRENGER IN SUPPORT OF OBJECTION OF OWENS CORNING TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS AND IN SUPPORT OF MOTIONS TO DISMISS ADVERSARY PROCEEDINGS

I, Karen Sprenger declare and state:

1. I am the Customer Financial Leader at Owens Corning. This declaration (the "Declaration") is made in furtherance of the hearings held before this Court on Jun 21, 2001 (the "June 21 Hearing"). Upon information and belief, at the June 21 Hearing, the Court granted any

defendant the ability to submit an affidavit or declaration in support of its position that it did not receive: (i) notice of the Original Complaint (as defined below) at or about the time it was filed and (ii) notice of the Debtors' fourth request to extend time to serve complaints and summonses. The Court provided defendants with three (3) weeks to submit such a declaration.

2.  Except as otherwise set forth in this Declaration, I have personal knowledge of the matters set forth herein.

3.  Upon information and belief, on or about September 30, 2007, the Debtors filed a complaint (the "Original Complaint") against Owens Corning under seal. No summons or notice of the filing the Original Complaint was provided to Owens Corning.

4.  The Original Complaint sought the return of allegedly preferential transfer from the Debtors to Owens Corning totaling $593,519.41.

5.  Upon information and belief, the Debtors filed four extension motions (the "Extension Motions") seeking to extend the time to serve each preference complaint and attendant summons. Upon information and belief, this Court is concerned about whether the defendants, including Owens Corning, received notice of the fourth request extension of time to serve the Original Complaint (the "Fourth Extension").

6.  Owens Corning did not receive any particularized notice of the Extensions Motions, including the Fourth Extension, and, upon information and belief, Owens Corning received no notice of them at all.

7.  To determine whether Owens Corning received the Extension Motions, it reviewed the materials that it received related to the Delphi bankruptcy case and found that it had been served only with: (i) Ballot For Accepting or Rejecting Joint Plan Of Reorganization, (ii) Letter from The Delphi Corporation Official Committee of Equity Security Holders; (iii) Post

Petition Interest Rate Determination Notice; (iv) Notice Of: Approval Of Disclosure Statement; Hearing On Confirmation Of Plan; Deadline and Procedures For Filing Objections To Confirmation Of Plan; Deadline And Procedures For Temporary Allowance of Certain Claims For Voting Purposes; Deadline For Asserting Cure Claims For Assumed Contracts; Treatment Of Certain Liquidated, Contingent, Or Disputed Claims For Notice, Voting and Distribution Purposes; Record Date; Voting Deadline For Receipt of Ballots; and Proposed Releases, Exculpation, and Injunction In Plan; (v) Claim Objection Procedures Order; (vi) A CD Titled; First Amended Disclosure Statement With Respect To First Amended Plan Of Reorganization (collectively, the "Received Documents"). None of the Received Documents indicated that Owens Corning might be sued to recover allegedly preferential transfers. In Fact, Owned Corning believed just the opposite. Section 7.24 of the plan, as modified, indicated that all preference actions were waived by the Debtor unless there specifically set forth on Exhibit 7.24. Owens Corning was not identified on Exhibit 7.24.

8.  Absent effective, particularized notice, Owens Corning had no way of knowing or discovering that the Extension Motions affected its rights because neither the Extension Motions nor Exhibit 7.24 of the plan (the exhibit by which the Debtors purported to preserve claims against adversary defendants) identified Owens Corning as a named defendant.

9.  At no time prior to service of the Original Complaint upon Owens Corning on or about April 5, 2010 was Owens Corning aware of the existence of the Original Complaint or of the Extension Motions. Owens Corning understood that it needed to be served with all documents specifically affecting its rights and, thus, Owens Corning had no reason to believe that its rights were being affected because it was not served with the Original Complaint or the Extension Motions.

3

FURTHER AFFIANT SAITH NAUGHT.

*Karen Sprenger* (signature)

Sworn to before me this 12th July 2011.



JILL M. SCHROEDER
Notary Public, State of Ohio
My Commission Expires 09-02-2012

*Jill M. Schroeder* (signature)