# EXHIBIT 50

# EXHIBIT 50

**Park Ohio Industries Inc., Adv. Pro. No. 07--2563-rdd**

Park Ohio Industries Inc. ("Park-Ohio") provides the Declaration of Linda Kold, its Corporate Counsel.  *Ex. 50(a), July 11, 2011 Declaration of Linda Kold ¶ 1.*  Ms. Kold states that "[t]o [her] knowledge, Park-Ohio never received, nor did it have knowledge of, any of the motions seeking, among other things, the establishment of procedures for the Adversary Proceeding, leave to file the Adversary Proceeding, and/or stay of the Adversary Proceeding until service of process was effected."  *Id. at ¶ 6.*

Contrary to that statement, Park-Ohio did receive relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended.  Park-Ohio Products, Inc.[1] was served with the First Amended Plan Disclosure Statement, filed in December 2007.  *Ex. 7, January 11, 2008 Affidavit of Service–Ex. W (Docket No. 11974).*  Further, on December 13, 2007, the Debtors filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388).  The Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period.  As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153.  See also In re TWA Inc. Post*

---

[1] Linda Kold, Corporate Counsel for Park-Ohio Industries, Inc., is listed as the contact person for Park Ohio Products Inc.  *Ex. 7, January 11, 2008 Affidavit of Service–Ex. FFF (Docket No. 11974).*  Upon information and belief, Park-Ohio Products, Inc. is a subsidiary of Park-Ohio Industries, Inc., which is a subsidiary of Park-Ohio Holdings Corp.

*Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:                                                      :    Chapter 11

DELPHI CORPORATION, *et al.*,                               :    Case No. 05-44481-RDD
                                                            :    Jointly Administered

------------------------------------------------------------x

DELPHI CORPORATION                                          :    Adv. Pro. No. 07-02563-RDD

              Plaintiffs,                  :

vs.                                                         :

PARK OHIO INDUSTRIES, *et al.*,                             :

              Defendants.                  :

------------------------------------------------------------x

**DECLARATION OF LINDA KOLD IN FURTHER SUPPORT OF (1) MOTION BY PARK OHIO INDUSTRIES, INC. SEEKING AN ORDER (I) PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024, VACATING PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, (II) PURSUANT TO FED. R. CIV. P. 12(b) AND FED. R. BANKR. P. 7012(b), DISMISSING THE CAPTIONED ADVERSARY PROCEEDING WITH PREJUDICE, OR (III) IN THE ALTERNATIVE, DISMISSING THE CAPTIONED ADVERSARY PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL; AND (2) REPLY BRIEF IN SUPPORT OF MOTION BY PARK OHIO INDUSTRIES, INC. SEEKING AN ORDER (I) PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024, VACATING PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, (II) PURSUANT TO FED. R. CIV. P. 12(b) AND FED. R. BANKR. P. 7012(b), DISMISSING THE CAPTIONED ADVERSARY PROCEEDING WITH PREJUDICE, OR (III) IN THE ALTERNATIVE, DISMISSING THE CAPTIONED ADVERSARY PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL (COLLECTIVELY, THE "MOTIONS")**

STATE OF OHIO            )
                         ) ss.:
COUNTY OF CUYAHOGA       )

      Pursuant to 28 § 1746, Linda Kold declares as follows:

{01172135.DOC;2 }                          1

### Background

1. I have been employed by Park-Ohio Industries ("Park-Ohio") since 1995 and am currently its Corporate Counsel.

2. I work at Park-Ohio's corporate offices, which are located at 6065 Parkland Boulevard, Mayfield Heights, Ohio 44124. I am familiar with the day-to-day operations, business, and financial affairs of Park-Ohio.

3. I submit this declaration in further support of Park-Ohio's Motions, and in accordance with the Bankruptcy Court's direction at the June 21, 2011 hearing.

4. Based on my personal knowledge of the facts set forth herein, a review of records, and discussions with individuals, if I were called to testify, I would and could testify competently concerning those facts.

### Lack of Notice of Fourth Extension Motion and Other Pleadings

5. To my knowledge, prior to March, 2010, Park-Ohio did not receive notice of any filings in this adversary proceeding (the "Adversary Proceeding").

6. To my knowledge, Park-Ohio never received, nor did it have knowledge of, any of the motions seeking, among other things, the establishment of procedures for the Adversary Proceeding, leave to file the Adversary Proceeding, and/or a stay of the Adversary Proceeding until service of process was effected.

7. To my knowledge, Park-Ohio never received, nor did it have knowledge of, the Supplemental Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection With Preservation of Estate Claims Procedures Order, dated October 2, 2009 (D.I. #18952) (the "Fourth Extension Motion"). A copy of the affidavit of service (D.I. #18967) with respect to the

Fourth Extension Motion is attached hereto as Exhibit A. Park-Ohio is not listed anywhere on that affidavit of service. Nor, to my knowledge, did Park-Ohio receive (1) the Fifteenth Supplement Case Management Order (D.I. #18839), dated August 26, 2009, which, I understand, scheduled the omnibus hearing date on which the Fourth Extension Motion was heard or (2) the Order (D.I. #18999), dated October 22, 2009, granting the Fourth Extension Motion.

8. Moreover, at the request of counsel, I have reviewed the following additional affidavits of service and have confirmed that Park-Ohio is not listed thereon:

| Pleading | Pleading Docket Index Number | Affidavit of Service Index Number |
| --- | --- | --- |
| Preservation of Estate Claims Procedures Motion | 8905 | 9039 |
| Preservation of Estate Claims Procedures Motion Order | 9105 | 9141 |
| Extension of Avoidance Action Service Deadline Motion | 12922 | 12970 |
| Extension of Avoidance Action Service Deadline Order | 13277 | 13313 |
| Postconfirmation Extension of Avoidance Action Service Deadline Motion | 13361 | 13415 |
| Postconfirmation Extension of Avoidance Action Service Deadline Order | 13484 | 13540 |

9. To my knowledge, Park-Ohio was not aware of the Adversary Proceeding until it was served with a summons and the Complaint in March of 2010.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

July 11, 2011

/s/ *Linda Kold*