# EXHIBIT 51

# EXHIBIT 51

## Rieck Group LLC, n/k/a Mechanical Construction Managers, LLC, Adv. Pro. No.: 07-02750-rdd

Rieck Group, LLC n/k/a Mechanical Construction Managers, LLC ("Rieck") provides the Declaration of Michael Stemen, its Chief Financial Officer. *Ex. 51(a), November 23, 2010 Declaration of Michael Stemen, ¶ 1.* Mr. Stemen states that "[t]o the best of [his] knowledge, Rieck Group never received a copy of any motion requesting an extension of time to serve the Complaint filed herein." *Id. at ¶ 10.*

Rieck did receive relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. On December 13, 2007, the Debtors filed a copy of the First Amended Plan Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The First Amended Plan Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. Additionally, as a party listed on Ex. FFF of the January 11, 2008 Affidavit of Service for the solicitation materials for the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, Rieck was served with the Confirmation Hearing Notice dated December 10, 2007. *Ex. 7, January 11, 2008 Affidavit of Service—Ex. FFF (Docket No. 11974).* The Confirmation Hearing Notice explicitly discloses that the Bankruptcy Court entered an order, dated December 10, 2007, approving the First Amended Plan Disclosure Statement. *See Ex. 17, Confirmation Hearing Notice, p. 1 (Docket No. 11974, Ex. F).* The Confirmation Hearing Notice also provides that the Disclosure Statement is publicly available on the Delphi Legal Information Website, http://delphidocket.com, or by contacting the Creditor Voting Agent. *Id. at ¶ 10.* Moreover,

although not specifically served in its capacity as Rieck's counsel, Rieck's current law firm,

Thompson Hine LLP f/k/a Thompson Hine & Flory LLP, was served directly with the First

Amended Plan Disclosure Statement. *Ex. 7, January 11, 2008 Affidavit of Service–Ex. W,*

*(Docket No. 11974)*. Accordingly, to the extent Thompson Hine LLP was then representing

Rieck—which Mr. Stemen's affidavit does not clearly deny[1]—there is at least a question of fact

as to whether Rieck was on notice or aware of the First Amended Plan Disclosure Statement,

which included references to the preference claims at issue.

   As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement,

combined with the defendants' knowledge that they had in fact received preferential transfers,

put the defendants on notice of the preference claim procedures at issue and on inquiry notice as

to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-*

*153. See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n

large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of

preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off

guard when such preference complaints are finally filed.").

---

[1] While Mr. Stemen narrowly states in his Declaration that Rieck did not hire bankruptcy counsel "to represent its interests in the Debtors' bankruptcy," *Ex. 51(a), November 23, 2010 Declaration of Michael Stemen, ¶ 8*, this statement does not mean that no attorney-client relationship existed with Thompson Hine LLP at the time the First Amended Plan Disclosure Statement was served.

# EXHIBIT A

Jennifer L. Maffett
**THOMPSON HINE LLP**
2000 Courthouse Plaza, N.E.
Dayton, Ohio 45402
(937) 443-6804
(937) 443-6635 (fax)
jennifer.maffett@thompsonhine.com

*Counsel for Rieck Group, LLC*

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

|  |  |
|---|---|
| In re: | : Chapter 11 |
|  | : Case No. 05-44481 [RDD] |
| DELPHI CORPORATION, *et al.* | : Jointly Administered |

-------------------------------------------------------x

|  |  |
|---|---|
| DELPHI CORPORATION, *et al.* | : Adv. Pro. No. 07-02750 [RDD] |
|  | : |
| Debtors, | : |
|  | : |
| - against - | : |
|  | : |
| RIECK GROUP, LLC | : |
|  | : |
| Defendant. | : |

-------------------------------------------------------x

## AFFIDAVIT OF MICHAEL STEMEN IN SUPPORT OF OBJECTION OF RIECK GROUP, LLC nka MECHANICAL CONSTRUCTION MANAGERS, LLC TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS

|  |  |
|---|---|
| STATE OF OHIO | ) |
|  | ) ss: |
| COUNTY OF MONTGOMERY | ) |

     Michael Stemen, being duly sown, deposes and says:

-1-

Cynthia Grant, being first duly sworn and cautioned, deposes and states as follows:

1. I am Michael Stemen, the chief financial officer of Rieck Group, LLC nka Mechanical Construction Managers, LLC ("Rieck Group"). I am over the age of 18 and competent to testify to the matters set forth herein. I have personal knowledge of the facts herein through my personal recollection and a review of documentation kept and maintained in Rieck Group's ordinary course of business.

2. In 2005, Rieck Group, for the first time, entered into certain contracts to perform work for at least one of the Debtors (the "Contracts"). Prior to this time, Rieck Group had never performed any work or entered into any contracts with any of the Debtors.

3. Prior to the Debtors' bankruptcy filing, Rieck Group had substantially completed all work it was required to perform under the Contracts.

4. Rieck Group last performed any work for any of the Debtors in February 2006.

5. Since February 2006, Rieck Group has not had any contact with Delphi to discuss any further work or any further business relationship.

6. Since February 2006, Rieck Group has not been a creditor of Debtors and was paid in full for all work performed for Debtors.

7. Rieck Group never filed a proof of claim in any of the Debtors' bankruptcy.

8. Rieck Group never hired counsel to represent its interest in the Debtors' bankruptcy and no notice of appearance or any other filing by counsel was made on Rieck Group's behalf.

9. To the best of my knowledge, Rieck Group never received a copy of any disclosure statement or plan filed by Debtors, either in December 2007 or 2009. If Rieck Group had received a copy, we likely would not have reviewed it because Rieck Group was not a creditor of Debtors and more than two years had passed since the Debtors' bankruptcy filing.

-2-

10. To the best of my knowledge, Rieck Group never received a copy of any motion requesting an extension of time to serve the Complaint filed herein.

11. Rieck Group had no actual knowledge of the existence of the claims set forth in the Complaint until it received a copy of the Complaint on or about December 23, 2009.

12. Rieck Group had no actual knowledge of the extension of the deadline to serve the Complaint filed herein.

Further, Affiant sayeth naught.

_Michael Stemen_
Michael Stemen

Sworn to before me and subscribed in my presence this 23rd day of November, 2010.

_Susan m Kreusch_
Notary Public

SUSAN M. KREUSCH, Notary Public
In and for the State of Ohio
My Commission Expires Aug. 2, 2011

197466

-3-