# EXHIBIT 54

# EXHIBIT 54

**Tata America International, Adv. Pro. No. 07-02668-rdd**

Tata America International Corporation d/b/a TCS America ("Tata") filed the Declaration of Gregory Bennett, an employee of Tata. *Ex. 54(a). July 12, 2011 Declaration of Gregory Bennett ¶ 1*. Mr. Gregory's declaration does not identify his position at Tata nor state that he has the authority to speak for Tata. *Id*. Mr. Bennett states that "Tata did not receive notice of the [Final] Extension Motion, nor any of the Debtors' or Reorganized Debtors' related motions that were filed prior to the [Final] Extension Motion." *Id. at ¶ 4*. Mr. Gregory further states that "Tata had no notice prior to April 2010 that on several occasions the Debtors had sought and obtained authority to file and maintain over one hundred adversary proceedings under seal and to extend the time for service of the complaints . . . " *Id. at ¶ 5*.

However, Tata has been represented by its current counsel, Kelley Drye & Warren LLP, in Delphi's bankruptcy proceedings since at least October 26, 2005. *Ex. 54(b), October 26, 2005 Verified Statement of Kelley Drye & Warren LLP Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure (Docket No. 668)*. Kelley Drye & Warren LLP's Verified Statement identified James S. Carr, Mark R. Somerstein, and Keith H. Wofford as the attorneys for Tata. *Id*. Multiple attorneys of Kelley Drye & Warren LLP, including Mr. Somerstein, were served with the Proposed Forty-Eighth Omnibus Hearing Agenda (Docket No. 18991) via overnight mail and by electronic notification, which specifically identified the Debtors' Final Extension Motion as Agenda item C(1). *Ex. 6, October 26, 2009 Affidavit of Service—Ex. A, Special Parties, p. 2 of 3, Ex. B, 2002 List, p. 11 of 22 (Docket No. 19015)*; *Ex. 5, October 21, 2009 Proposed Forty-Eighth Omnibus Hearing Agenda (Docket No. 18991)*. Kelley Drye & Warren LLP was also served with (a) the Preservation of Estate Claims Procedures Motion (Docket No.

8905), *Ex. 11, August 10, 2007 Affidavit of Service—Ex. C, 2002 List, p. 2 of 3 (Docket No. 9039)*; (b) the August 16, 2007 Preservation of Estate Claims Procedures Order (Docket No. 9105), which, among other things, (i) authorized the Debtors to file complaints in the adversary proceedings pertaining to avoidance actions under seal, (ii) stayed each adversary proceeding unless and until the Debtors made service of process on the respective defendants, and (iii) extended to March 31, 2008 the deadline under Federal Rule of Civil Procedure 4(m) by which the Debtors would have to serve process, so that the complaints would not be subject to dismissal under Federal Rule of Civil Procedure 4(m), *Ex. 12, August 23, 2007 Affidavit of Service–Ex. C, 2002 List, p. 1 of 3 (Docket No. 9141)*; (c) the subsequently filed First Extension Motion (Docket No. 12922), *Ex. 13, March 4, 2008 Affidavit of Service—Ex. C, 2002 List, p. 2 of 4 (Docket No. 12970)*; (d) the First Extension Order (Docket No. 13277); *Ex. 14, April 1, 2008 Affidavit of Service—Ex. B, 2002 List, p. 2 of 3 (Docket No. 13315)*; (d) the Second Extension Motion (Docket No. 13361), *Ex. 15, April 16, 2008 Affidavit of Service—Ex. B, 2002 List, p. 6 of 21 (Docket No. 13415);* (e) the Second Extension Order (Docket No. 13484), *Ex. 16, May 6, 2008 Affidavit of Service—Ex. B, 2002 List, p. 2 of 5 (Docket No. 13540),* and (f) the Final Extension Motion (Docket No. 18952), *Ex.4, October 7, 2009 Affidavit of Service—Ex. B, 2002 List, p. 11 of 22 (Docket No. 18967).*[1]

Moreover, Tata received relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. On December 13, 2007, the Debtors filed a copy of the First Amended Plan Disclosure Statement

---

[1] While Kelley Drye & Warren LLP admittedly was not served with these Motions and Orders referenced in subparagraphs in (a) through (f) in its capacity as counsel for Tata, other filings on the docket confirm that Kelly Drye & Warren LLP began representing Tata no later than October 26, 2005. *Ex. 54(b), October 26, 2005 Verified Statement of Kelley Drye & Warren LLP Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure (Docket No. 668).*

2

publicly with their Form 8-K (Docket No. 11388). The First Amended Plan Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. Additionally, as a party listed on Ex. FFF of the January 11, 2008 Affidavit of Service for the solicitation materials for the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, Tata was served with the Confirmation Hearing Notice dated December 10, 2007. *Ex. 7, January 11, 2008 Affidavit of Service—Ex. FFF (Docket No. 11974)*. The Confirmation Hearing Notice explicitly discloses that the Bankruptcy Court entered an order, dated December 10, 2007, approving the First Amended Plan Disclosure Statement. *See Ex. 17, Confirmation Hearing Notice, p. 1 (Docket No. 11974, Ex. F)*. The Confirmation Hearing Notice also provides that the Disclosure Statement is publicly available on the Delphi Legal Information Website, http://delphidocket.com, or by contacting the Creditor Voting Agent. *Id. at ¶ 10*. Moreover, although not served in its capacity as Tata's counsel, Tata's current counsel, Kelley Drye & Warren LLP, was served with the First Amended Plan Disclosure Statement. *See Ex. 7, January 11, 2008 Affidavit of Service—Ex. GG; see also id. at Ex. EEE*. Accordingly, in light of all of the above facts, Tata was on at least constructive notice of the First Amended Plan Disclosure Statement, which included references to the preference claims at issue.

As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153. See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of

3

preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

**KELLEY DRYE & WARREN LLP**
Talat Ansari
James S. Carr
Gilbert R. Saydah Jr.
101 Park Avenue
New York, NY 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

Attorneys for Defendant, Tata America
International Corporation d/b/a TCS America

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |
| DELPHI CORPORATION, *et al.*, | Adv Pro. No. 07-02668 (RDD) |
| Plaintiffs, | |
| v. | |
| TATA AMERICA INTERNATIONAL CORP., | |
| Defendant. | |

**DECLARATION OF GREGORY BENNETT OF TATA AMERICA INTERNATIONAL CORPORATION D/B/A TCS AMERICA IN SUPPORT OF (I) OBJECTION TO THE REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS AND (II) MOTION TO VACATE FOURTH EXTENSION ORDER**

1. I, Gregory Bennett, hereby declare pursuant to 28 U.S.C. 1746 and under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

2. I am an employee of Tata America International Corporation d/b/a TCS America ("Tata"), with knowledge of Tata's relationship with Delphi Corporation and its affiliates (collectively, the "Debtors").

3. On June 21, 2011, the Court held a hearing on the Reorganized Debtors' motions to amend its preference complaints, including this complaint against Tata (the "Complaint") and the motions to vacate the order [Docket No. 18999] (the "Fourth Extension Order") entered granting the <u>Supplemental Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order</u> [Docket No. 18952] (the "Fourth Extension Motion"). In particular, the Court authorized any defendant that did not receive timely notice of the Fourth Extension Motion to file a declaration to that effect.

4. Tata did not receive notice of the Fourth Extension Motion, nor any of the Debtors' or Reorganized Debtors' related motions that were filed prior to the Fourth Extension Motion. Accordingly, Tata submits this declaration and requests that the Court grant the motions to vacate the Fourth Extension Order and deny the Reorganized Debtors' Motion to Amend its Complaint against Tata on a final basis.

5. Tata received no notice and had no knowledge that the Debtors had sued Tata by filing the complaint (the "Complaint") in the above-captioned adversary proceeding in an attempt to recover $4,602,230.76 in alleged preferential transfers until April 2010. Further, Tata had no notice prior to April 2010 that on several occasions the Debtors had sought and obtained authority to file and maintain over one hundred adversary proceedings under seal and

to extend the time for service of the complaints (including the Complaint) long past the expiration of the applicable statute of limitations.

6.  On August 7, 2007, the Debtors filed the <u>Expedited Motion For Order Under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), And 546(a) And Fed. R. Bankr. P. 7004, 9006(c), And 9018 (I) Authorizing Debtors To Enter Into Stipulations Tolling Statute Of Limitations With Respect To Certain Claims, (II) Authorizing Procedures To Identify Causes Of Action That Should Be Preserved, And (III) Establishing Procedures For Certain Adversary Proceedings Including Those Commenced By Debtors Under 11 U.S. C. § 541, 544, 545, 547, 548, Or 553</u> [Docket No. 8905] (the "First Extension Motion"). The Debtors did not serve Tata with the First Extension Motion, and no reference to Tata is contained in the relevant affidavit of service filed by the Debtors on or about August 10, 2007 [Docket No. 9039]. Tata did not receive a copy of the First Extension Motion in connection with its filing, nor did Tata receive a copy of the related order granting the First Extension Motion until after April 2010.

7.  On February 28, 2008, the Debtors filed the <u>Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order</u> [Docket No. 12922] (the "Second Extension Motion"). The Debtors did not serve Tata with the Second Extension Motion, and no reference to Tata is contained in the relevant affidavit of service filed by the Debtors on or about March 4, 2008 [Docket No. 12970]. Tata did not receive a copy of the Second Extension Motion in connection with its filing, nor did Tata receive a copy of the related order granting the Second Extension Motion until after April 2010.

8. On April 10, 2008, the Debtors filed the <u>Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order</u> [Docket No. 13361] (the "Third Extension Motion"). The Debtors did not serve Tata with the Third Extension Motion, and no reference to Tata is contained in the relevant affidavit of service filed by the Debtors on or about April 16, 2008 [Docket No. 13415]. Tata did not receive a copy of the Third Extension Motion in connection with its filing, nor did Tata receive a copy of the related order granting the Third Extension Motion until after April 2010.

9. On October 2, 2009, the Debtors filed the Fourth Extension Motion. The Debtors did not serve Tata with the Fourth Extension Motion, and no reference to Tata is contained in the relevant affidavit of service filed by the Debtors on or about October 7, 2009 [Docket No. 18967]. Tata did not receive a copy of the Fourth Extension Motion in connection with its filing, nor did Tata receive a copy of the related order granting the Fourth Extension Motion until after April 2010.

10. Tata did not learn of the First Extension Motion, the Second Extension Motion, the Third Extension Motion, or the Fourth Extension Motion (collectively, the "Extension Motions") or the hearings thereon until long after the relief requested in the Extension Motions had been granted, and Tata had no opportunity to object to the relief requested in the Extension Motions.

4

Dated: July 12, 2011

/s/ Bennett
_____
Gregory Bennett
Tata America International Corporation
d/b/a TCS America

## CERTIFICATE OF SERVICE

      I hereby certify that on the 12th day of July 2011, I caused the foregoing DECLARATION OF GREGORY BENNETT OF TATA AMERICA INTERNATIONAL CORPORATION D/B/A TCS AMERICA IN SUPPORT OF (I) OBJECTION TO THE REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS AND (II) MOTION TO VACATE FOURTH EXTENSION ORDER to be filed via this Court's CM/ECF System and served upon the parties listed below email.

| | |
|---|---|
| Cynthia J. Haffey, Esq. | Scott Patterson, Esq. |
| Butzel Long, P.C. | Butzel Long, P.C. |
| 150 West Jefferson – Suite 100 | Stoneridge West, 41000 Woodward Ave. |
| Detroit, Michigan 48226 | Bloomfield Hills, MI 48304 |
| haffey@butzel.com | patterson@butzel.com |

      */s/ Gilbert R. Saydah Jr.*
      Gilbert R. Saydah Jr.

# EXHIBIT B

KELLEY DRYE & WARREN LLP
James S. Carr (JC 1603)
Mark R. Somerstein (MS 9721)
Keith H. Wofford (KW 2225)
101 Park Avenue
New York, New York  10178
Tel:  (212) 808-7800
Fax: (212) 808-7897

Attorneys for BP Products North America Inc., Castrol Industrial North America, Hoover Precision Products, Inc., Mercedes-Benz US International, Pension Benefit Guaranty Corporation, Sojitz Corporation of America, and Tata America International Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**VERIFIED STATEMENT OF KELLEY DRYE &
WARREN LLP PURSUANT TO RULE 2019 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Kelley Drye & Warren LLP ("KDW"), as counsel to the parties designated herein in these jointly administered chapter 11 cases, submits this verified statement pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure and states as follows:

1. Names and Addresses of the Creditors
   Represented by KDW

KDW has been employed to represent the following creditors in these cases:

(i) BP Products North America Inc. ("BP"), 4101 Winfield Road, Warrenville, IL 60555,

(ii) Castrol Industrial North America ("Castrol"), 4101 Winfield Road, Warrenville, IL 60555,

(iii) Hoover Precision Products, Inc. ("Hoover"), P.O. Box 899, Cumming, GA 30028,

(iv) Mercedes-Benz US International ("MBUSA"), 1 Mercedes Drive, Vance, AL 35490, (v) Pension Benefit Guaranty Corporation ("PBGC"), 1200 K Street, N.W. Washington, D.C. 20005, (vi) Sojitz Corporation of America ("Sojitz"), 1211 Avenue of the Americas, New York, NY 10036, and (vii) Tata America International Corporation ("Tata"), 101 Park Avenue, New York, NY 10178.

2.  Nature and Amount of the Claims
    and Time of Acquisition Thereof

(a)    BP provides fuel to Delphi Corporation and its affiliates and subsidiaries (collectively, the "Debtors"). BP has a general unsecured claim against the Debtors for fuel delivered in an amount not less than $50,000.

(b)    Castrol provides various types of fluids and lubricants to the Debtors. Castrol has or may have general unsecured claims, reclamation claims, and/or administrative priority claims against the Debtors for fuel delivered in an amount not less than $700,000.

(c)    Hoover and the Debtors are parties to two agreements pursuant to which Hoover provides products to the Debtors. Hoover has or may have general unsecured, reclamation claims, and/or administrative priority claims against the Debtors for products delivered in an amount not less than $1.4 million.

(d)    MBUSA is a customer of the Debtors and purchases equipment parts and products from the Debtors pursuant to various agreements (the "MBUSA Agreements"), the terms of which are governed by a certain Master Terms and Direct Purchasing Agreement (the "Master MBUSA Agreement"). MBUSA has or may have claims under the MBUSA Agreements and the Master MBUSA Agreement, including, without limitation, warranty and/or indemnification claims.

2

(e)     PBGC is a United States government agency that administers the nation's pension insurance program under Title IV of the Employee Income Security Act of 1974, as amended. PBGC has claims against the Debtors arising out of and in connection with certain defined benefit pension plans maintained by the Debtors.

(f) Sojitz supplies chemical products to the Debtors for use in manufacturing of catalytic products. Sojitz holds (i) a general unsecured claim against the Debtors in an amount not less than $250,000 for products delivered and (ii) a secured claim in an amount not less than $50,000 arising from a right of setoff pursuant to section 553 of the Bankruptcy Code.

(g) Tata and the Debtors are parties to various contracts pursuant to which Tata provides information technology outsourcing services to the Debtors. Tata has or may have general unsecured and/or administrative priority claims against the Debtors.

3.  Pertinent Facts and Circumstances in
    Connection with the Employment of KDW

KDW has fully advised its clients with respect to this concurrent representation. Each of the clients has agreed to such representation and has requested that KDW represent them in these cases.

4.  Amount of Claims Owned by KDW

KDW does not hold any claims against or hold any interest in the Debtors.

3

I, James S. Carr, declare under penalty of perjury that I have read the foregoing and that it is true and correct to the best of my knowledge, information, and belief.

Dated: New York, New York
October 26, 2005

    KELLEY DRYE & WARREN LLP

    By: */s/ James S. Carr*
        James S. Carr (JC 1603)
        Mark R. Somerstein (MS 9721)
        Keith H. Wofford (KW 2225)
    101 Park Avenue
    New York, New York 10178

    Attorneys for BP Products North America Inc., Castrol Industrial North America, Hoover Precision Products, Inc., Mercedes-Benz US International, Pension Benefit Guaranty Corporation, Sojitz Corporation of America, and Tata America International Corporation

4