# EXHIBIT 55

# EXHIBIT 55

**Summit Polymers, Adv. Pro. No. 07-02661**

Summit Polymers ("Summit") filed the Declaration of its Director of Finance and Information Technology, Peter M. Garvey. *Ex. 55(a), July 7, 2011 Affidavit of Peter M. Garvey ¶ 1.* Mr. Garvey states only that he investigated the Affidavits of Service of the Extension Motions and that the Affidavits of Service confirm that Summit was never served with the Extension Motions. *Id. at ¶¶ 3, 4.* Mr. Garvey does not state however, whether Summit received notice of the Extension Motions through its counsel or in any other manner. *Id.*

Summit was aware that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. Mr. Garvey states that Summit was never served with the "First Amended Disclosure Statement with Respect to First Amended Plan of Reorganization, the Plan, Creditor's Committee Letter, Equity Committee Letter and Solicitation Procedures Order, in CD-ROM format." *Id. at 3.c.* Contrary to this statement, Summit was served with the First Amended Plan Disclosure Statement, filed in December 2007. *Ex. 7, January 11, 2008 Affidavit of Service–Ex. W (Docket No. 11974).* Also, on December 13, 2007, the Debtors filed a copy of the First Amended Plan Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The First Amended Plan Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period.

Additionally, as a party listed on Ex. FFF of the January 11, 2008 Affidavit of Service for the solicitation materials for the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, Summit was served with the Confirmation Hearing Notice dated December 10, 2007. *Ex. 7, January 11, 2008 Affidavit of*

*Service—Ex. FFF (Docket No. 11974)*.  The Confirmation Hearing Notice explicitly discloses that the Bankruptcy Court entered an order, dated December 10, 2007, approving the First Amended Plan Disclosure Statement.  *See Ex. 17, Confirmation Hearing Notice, p. 1 (Docket No. 11974, Ex. F)*.  The Confirmation Hearing Notice also provides that the Disclosure Statement is publicly available on the Delphi Legal Information Website, http://delphidocket.com, or by contacting the Creditor Voting Agent.  *Id. at ¶ 10*.

Moreover, although not specifically served in its capacity as Summit's counsel, Summit's current counsel, Varnum LLP, was also served with the First Amended Plan Disclosure Statement.  *Ex. 7, January 11, 2008 Affidavit of Service–Ex. W; see also id. at Ex. EE, Ex. GG, Ex. II, and Ex. JJ*.  Accordingly, through the above facts, Summit was on notice of the First Amended Plan Disclosure Statement, which included references to the preference claims at issue.

As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments.  *Ex. 8, July 22, 2010 Transcript, pp. 150-153*.  *See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

VARNUM LLP
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
Mary Kay Shaver
Bryan R. Walters (admitted *pro hac vice*)
Tel.: (616) 336-6000

*Attorneys for Summit Polymers, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x

| | |
|---|---|
| In re: | Case No. 05-44481-rdd |
| | Chapter 11 |
| DPH HOLDINGS CORP., et al., | (Jointly Administered) |
| Debtors. | |

_____x

| | |
|---|---|
| DELPHI CORPORATION, et al., | Adv. Proc. No. 07-02661-rdd |
| Plaintiff, | |
| v. | |
| SUMMIT POLYMERS INC., | |
| Defendant. | |

_____x

**AFFIDAVIT OF PETER M. GARVEY ON BEHALF OF SUMMIT POLYMERS INC.**

Peter M. Garvey states under oath for his Affidavit as follows and would testify to the same if called as a witness:

1.  I am the director of finance and information technology for Summit Polymers Inc. ("Summit"). I have served in this position since before the date of the bankruptcy filing of Delphi Corporation, et al. (the "Reorganized Debtors").

2.  At the June 21, 2011, hearing on the Reorganized Debtors' Motion for Leave to Amend Complaints, the Court directed Defendants to file affidavits on the issue of what notice

they received of the extension motions and/or of the possibility that a preference complaint may have been filed against them under seal. This affidavit addresses that issue.

3.      The Reorganized Debtors' Affidavits of Service confirm that Summit was never served with any of the following:

a.      Expedited Motion For Order Under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), And 546(a) And Fed. R. Bankr. P. 7004, 9006(c), And 9018 (i) Authorizing Debtors To Enter Into Stipulations Tolling Statute Of Limitations With Respect To Certain Claims, (ii) Authorizing Procedures To Identify Causes of Action That Should Be Preserved, And (iii) Establishing Procedures For Certain Adversary Proceedings Including Those Commenced By Debtors Under 11 U.S.C. § 541, 544, 545, 547, 548, Or 553 ("Preservation Of Estate Claims Procedures Motion")(Docket No. 8905), **Tab A**.

b.      Notice of (1) Approval of Disclosure Statement; (2) Hearing on Confirmation of Plan; (3) Deadline and Procedures for Filing Objections to Confirmation of Plan; (4) Deadline and Procedures for Temporary Allowance of Certain Claims for Voting Purposes; (5) Deadline for Asserting Cure Claims for Assumed Contracts; (6) Treatment of Certain Unliquidated, Contingent, or Disputed Claims for Noticing, Voting, and Distribution Purposes; (7) Record Date; (8) Voting Deadline for Receipt of Ballots; and (9) Proposed Releases, Exculpation, and Injunction in Plan ("Confirmation Hearing Notice")(Docket No. 11972), **Tab B**.

c.      First Amended Disclosure Statement with Respect to First Amended Plan of Reorganization, the Plan, Creditors' Committee Letter, Equity Committee Letter and Solicitation Procedures Order, in CD-ROM format ("CD-ROM"), *id.*

   d.  Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order ("Extension Of Avoidance Action Service Deadline Motion")(Docket No. 12922), **Tab C**.

   e.  Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedure Order ("Postconfirmation Extension Of Avoidance Action Service Deadline Motion")(Docket No. 13361), **Tab D**.

   f.  Supplemental Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection with Preservation of Estate Claims Procedures Order ("Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion")(Docket No. 18952), **Tab E**.

   4.  I have investigated the matter and can confirm that Summit was not served with any of these bankruptcy court filings.

   5.  Summit assigned its claim against the Reorganized Debtors to SPCP Group, LLC on September 12, 2006. *See* **Tab F**. The first document Summit was served with relating to the Reorganized Debtors' bankruptcy after assigning its claim was a document entitled "Notice of Objection to Claim" dated February 3, 2010, which purports to be part of the Reorganized Debtors' Forty-Fourth Omnibus Claims Objection. *See* **Tab G**.

   6.  The Reorganized Debtors' Objection stated that Summit was a defendant in an avoidance action filed in 2006. Summit noted that it had never been served a complaint and that no complaint against Summit was on the Court's electronic filing system. 3/4/10 e-mail, **Tab H**.

7. Counsel for the Reorganized Debtors did not respond. Rather, Summit was served with a preference complaint and summons in April 2010. Summit immediately responded by joining the motions of other defendants to vacate the orders extending the time to serve process for the adversary proceedings and moved to dismiss the adversary proceedings with prejudice. *See* Joinder of Summit Polymers, Inc. Dated April 20, 2010, **Tab I**.

8. In summary, Summit received no notice of any of the extension motions or orders, nor was it served the disclosure statement. Summit had no knowledge that it might be a defendant in a secret, sealed preference complaint until 2010, approximately five years after the Reorganized Debtors' bankruptcy filing and approximately three years after the preference complaint against Summit was filed under seal.

FURTHER AFFIANT SAYETH NOT.

_____
Peter M. Garvey

Subscribed and sworn to before me this 7 day of July, 2011.

_____, Notary Public
County of Van Buren, State of Michigan
My commission expires: Oct 6, 2014
Acting in County of Kalamazoo

4407719_1.DOC

TRUDY YOST
NOTARY PUBLIC, STATE OF MI
COUNTY OF VAN BUREN
MY COMMISSION EXPIRES Oct 6, 2014
ACTING IN COUNTY OF Kalamazoo

4