# EXHIBIT 56

# EXHIBIT 56

## Unifrax Corp., Adv. Pro. No. 07-02270-rdd

Unifrax filed the Declaration of David J. Bartley, Director of Financial Compliance for Unifrax I, LLC (f/k/a Unifrax Corporation) and the Declaration of Mark D. Roos, Senior Vice-President and Chief Financial Officer for Unifrax I, LLC. *Ex. 56(a), July 11, 2011 Declaration of David J. Bartley ¶ 1; Ex. 56(b), April 12, 2010 Declaration of Mark D. Roos ¶ 1.* Both Mr. Bartley and Mr. Roos stated that Unifrax was not provided with notice of the Extension Motions and appear to base their statement on the Affidavit of Service for those motions. *Ex. 56(a), July 11, 2011 Declaration of David J. Bartley ¶¶ 9-16; Ex. 56(b), April 12, 2010 Declaration of Mark D. Roos ¶ 4-5, 10-17.* Messrs. Bartley and Ross do not state however, whether Unifrax received notice of the Extension Motions through its counsel or in any other manner.

In fact, counsel for Unifrax has received notice of each of the Extension Motions. Unifrax has been represented by its current counsel, Hodgson Russ LLP, in Delphi's bankruptcy proceedings since at least December 20, 2005. *Ex. 56(c), December 20, 2005 Verified Statement Concerning Representation of Multiple Creditors Pursuant to Fed. Bank. P. 2019(a) (Docket No. 1578).* Hodgson Russ LLP's Verified Statement identifies Stephen H. Gross, Cheryl R. Storie, and Stephen L. Yonaty as the attorneys for Unifrax. *Id.* Multiple attorneys from Hodgson Russ LLP, including Mr. Gross, were served with the Proposed Forty-Eighth Omnibus Hearing Agenda (Docket No. 18991) via overnight mail and by electronic notification, which specifically identified the Debtors' Final Extension Motion as Agenda item C(1). *Ex. 6, October 26, 2009 Affidavit of Service—Ex. A, Master Service List, p. 1 of 3, Ex. B, 2002 List, p. 8 of 22 (Docket No. 19015)*; *Ex. 5, October 21, 2009 Proposed Forty-Eighth Omnibus Hearing Agenda (Docket No. 18991).* Hodgson Russ LLP was also served with (a) the Preservation of Estate Claims

Procedures Motion (Docket No. 8905), *Ex. 11, August 10, 2007 Affidavit of Service—Ex. A, Master Service List, p. 1 of 3; Ex. B, Master Service List, p. 1 of 3; Ex. B, 2002 List, p. 7 of 20 (Docket No. 9039)*; (b) the August 16, 2007 Preservation of Estate Claims Procedures Order (Docket No. 9105), which, among other things, (i) authorized the Debtors to file complaints in the adversary proceedings pertaining to avoidance actions under seal, (ii) stayed each adversary proceeding unless and until the Debtors made service of process on the respective defendants, and (iii) extended to March 31, 2008 the deadline under Federal Rule of Civil Procedure 4(m) by which the Debtors would have to serve process, so that the complaints would not be subject to dismissal under Federal Rule of Civil Procedure 4(m), *Ex. 12, August 23, 2007 Affidavit of Service– Ex. A., Master Service List, p. 1 of 3; Ex. B., Master Service List, p. 1 of 3; Ex. B. 2002 List, p. 7 of 20 (Docket No. 9141)*; (c) the subsequently filed First Extension Motion (Docket No. 12922), *Ex. 13, March 4, 2008 Affidavit of Service—Ex. A., Master Service List, p. 1 of 3; Ex. B., Master Service List, p. 1 of 3; Ex. B. 2002 List, p. 8 of 21 (Docket No. 12970)*; (d) the First Extension Order (Docket No. 13277), *Ex. 14, April 1, 2008 Affidavit of Service—Ex. A., Master Service List, p. 1 of 3; Ex. A., 2002 List, p. 8 of 21; Ex. C. Master Service List, p. 1 of 3 (Docket No. 13315)*; (e) the Second Extension Motion (Docket No. 13361), *Ex. 15, April 16, 2008 Affidavit of Service—Ex. A., Master Service List, p. 1 of 3; Ex. B., Master Service List, p. 1 of 3; Ex. B. 2002 List, p. 8 of 21 (Docket No. 13415),* (f) the Second Extension Order (Docket No. 13484), *Ex. 16, May 6, 2008 Affidavit of Service—Ex. B, 2002 List, p. 2 of 5 (Docket No. 13540),* and (g) the Final Extension Motion (Docket No. 18952), *Ex.4, October 7, 2009 Affidavit of Service—Ex. A., Master Service List, p. 1 of 3; Ex. B., Master Service List, p. 1 of 3; Ex. B. 2002 List, p. 8 of 22 (Docket No. 18967).*[1]

---

[1] While Hodgson Russ LLP admittedly was not served with these Motions and Orders referenced

Moreover, Unifrax was aware that avoidance claims had been filed under seal and the

time to serve the complaints and summonses had been extended.  Unifrax was served with the

First Amended Plan Disclosure Statement, filed in December 2007.  *Ex. 7, January 11, 2008*

*Affidavit of Service–Ex. W (Docket No. 11974).*  Further, on December 13, 2007, the Debtors

filed a copy of the First Amended Plan Disclosure Statement publicly with their Form 8-K

(Docket No. 11388).  The First Amended Plan Disclosure Statement outlined in detail that

preference claims were to be filed under seal, with service deferred until after the limitations

period.

Additionally, as a party listed on Ex. FFF of the January 11, 2008 Affidavit of Service for

the solicitation materials for the First Amended Joint Plan of Reorganization of Delphi

Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, Unifrax was served with

the Confirmation Hearing Notice dated December 10, 2007.  *Ex. 7, January 11, 2008 Affidavit of*

*Service—Ex. FFF (Docket No. 11974)*.  The Confirmation Hearing Notice explicitly discloses

that the Bankruptcy Court entered an order, dated December 10, 2007, approving the First

Amended Plan Disclosure Statement.  *See Ex. 17, Confirmation Hearing Notice, p. 1 (Docket*

*No. 11974, Ex. F).*  The Confirmation Hearing Notice also provides that the Disclosure

Statement is publicly available on the Delphi Legal Information Website,

http://delphidocket.com, or by contacting the Creditor Voting Agent.  *Id. at ¶ 10.* As this Court

discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the

defendants' knowledge that they had in fact received preferential transfers, put the defendants on

notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor

---

in subparagraphs in (a) through (f) in its capacity as counsel for Unifrax, other filings on the
docket confirm that Hodgson Russ LLP began representing Unifrax no later than December 20,
2005.  *Ex. 56(c), December 20, 2005 Verified Statement Concerning Representation of Multiple*
*Creditors Pursuant to Fed. Bank. P. 2019(a) (Docket No. 1578).*

preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153. See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

**HODGSON RUSS LLP**
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York  14202-4040
Tel:  716-856-4000
Fax:  716-849-0349
James C. Thoman, Esq.
jthoman@hodgsonruss.com

*Attorneys for Unifrax I LLC f/k/a Unifrax Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
........................................................................................x
In re:                                      :        Chapter 11
                                            :        Case No. 05-44481 (RDD)
DELPHI CORPORATION, et al.,                 :        Jointly Administered
                                            :
                    Debtors.                :
                                            :
........................................................................................x
                                            :
DELPHI CORPORATION, et al.,                 :        Adv. Pro. No. 07-02270 (RDD)
                                            :
                    Plaintiffs,             :
                                            :
                                            :
      - against -                           :
                                            :
BP, BP AMOCO CORP, BP MICROSYSTEMS          :
INC., BP PRODUCTS NORTH AMERICA,            :
CASTROL, CASTROL INDUSTRIAL                 :
AND UNIFRAX CORP.                           :
                                            :
                    Defendants.             :
........................................................................................x
```

### DECLARATION IN SUPPORT OF OBJECTION TO DEBTORS' MOTION FOR LEAVE TO AMEND

I, David J. Bartley, declare, pursuant to 28 U.S.C. §1746 and under penalty of

perjury, that the following is true and correct:

1.      I am the Director of Financial Compliance for Unifrax I, LLC f/k/a Unifrax Corporation ("Unifrax"), one of the Defendants in the above captioned adversary proceeding ("Adversary Proceeding"). I make this declaration ("Declaration") in support of the Objection by Unifrax to the Reorganized Debtors' Motion for Leave to File Amended Complaints (the "Motion").

2.      On October 8, 2005, Delphi and certain of its subsidiaries each filed voluntary petitions for Chapter 11 relief.   On October 14, 2005, three additional U.S. subsidiaries of Delphi also filed voluntary petitions for relief under Chapter 11 (the petition dates are collectively referred to as the "Petition Date").

3.      Prior to the commencement of the Debtors' cases, Unifrax provided catalytic converter materials to Delphi pursuant to certain sole source supplier contracts.

4.      By motion dated August 6, 2007 (the "**Preservation of Estate Claims Procedures Motion**"), the Debtors sought entry of an order seeking, among other things, the establishment of procedures for certain adversary proceedings, including those commenced by the Debtors under Bankruptcy Code §§ 541, 544, 545, 547, 548 or 553.[1]

5.      Unifrax was not provided with notice of the Preservation of Estate Claims Procedures Motion.[2]

6.      On September 28, 2007, Plaintiffs commenced this adversary proceeding by filing the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. § 547 and 550

---

[1]    Preservation of Estate Claims Procedures Motion, Bankruptcy Docket No. 8905, herein incorporated by reference, at ¶ 17.

[2]    Affidavit of Service, dated August 10, 2007, Bankruptcy Docket No. 9039, herein incorporated by reference.

("Complaint"), herein incorporated by reference, under seal with the Clerk [Adversary Proceeding Docket No. 1].

      7.      The proposed amended Complaint seeks to recover, pursuant to Bankruptcy Code §§ 547 and 550, alleged preferential transfers in the amount of $775,951.09 made to Unifrax and six other defendants - BP, BP Amoco Corp., BP Microsystems Inc., BP Products North America, Castrol, and Castrol Industrial ("Other Defendants") are also listed in the proposed amended Complaint.

      8.      There has been no business relationship with the Other Defendants, except for BP Products North America which held a minor preferred stock interest in Unifrax from 1996 to 2003.  There was at no time any material business transactions between Unifrax and BP Products North America.  At the time of the Petition Date in these bankruptcy cases, Unifrax and the Other Defendants were -- and continue to be -- completely separate corporate entities which do not share any operations.   It is unknown why the Debtors have initiated one combined cause of action against Unifrax and the Other Defendants.

      9.      By motion dated February 28, 2008 (the "**Extension of Avoidance Action Service Deadline Motion**"), the Debtors sought to modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a <u>second</u> time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would be required to serve process by an additional two months to May 31, 2008.[3]

---

[3]     Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 12922, herein incorporated by reference, at ¶ 18.

10.     Unifrax was <u>not</u> provided with notice of the Preservation of Estate Claims Procedures Motion.[4]

11.     By motion dated April 10, 2008 (the "**Postconfirmation Extension of Avoidance Action Service Deadline Motion**"), the Debtors sought to further modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a <u>third</u> time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process until 30 days after substantial consummation of the Plan or any modified plan.[5]

12.     Unifrax was <u>not</u> provided with notice of the Postconfirmation Extension of Avoidance Action Service Deadline Motion.[6]

13.     By motion dated October 2, 2009 (the "Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion"), the Debtors sought to further modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a <u>fourth</u> time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors were required to serve process until 180 days after substantial consummation of the Modified Plan.[7]

14.     Unifrax was <u>not</u> provided with notice of the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion.[8]

---

[4]     Affidavit of Service, dated March 4, 2008, Bankruptcy Docket No. 12970, herein incorporated by reference.

[5]     Postconfirmation Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 13361, herein incorporated by reference, at ¶ 19.

[6]     Affidavit of Service, dated April 16, 2008, Bankruptcy Docket No. 13415, herein incorporated by reference.

[7]     Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 18952, herein incorporated by reference, at ¶ 16.

[8]     Affidavit of Service, dated October 7, 2009, Bankruptcy Docket No. 18967, herein incorporated by reference.

15.     Unifrax was served with the Complaint on or about March 12, 2010, almost two and a half years after the limitations period provided by Bankruptcy Code § 546(a) expired.

16.     Upon information and belief, although Unifrax received a copy of the most recent Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order, Unifrax was not served with each of the (1) Preservation of Estate Claims Procedures Order, and (2) Extension of Avoidance Action Service Deadline Order, and (3) Postconfirmation Extension of Avoidance Action Service Deadline Order, contrary to the specific language in each of these orders.

Dated:  July 11, 2011

David J. Bartley

- 5 -

# EXHIBIT B

**HODGSON RUSS LLP**

The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York  14202-4040
Tel:  716-856-4000
Fax:  716-849-0349
Julia S. Kreher, Esq.
Michael E. Reyen, Esq.

**HODGSON RUSS LLP**

60 East 42nd Street
New York, New York 10165
Tel: 212-661-3535
Fax: 212-972-1677
Deborah J. Piazza, Esq.
dpiazza@hodgsonruss.com

*Attorneys for Unifrax Corporation*

**Hearing Date: May 17, 2010**
**Hearing Time: 10:00 a.m.**
**Objection Deadline: May 10, 2010**

UNITED STATES BANKRUPTCY COURT
 SOUTHERN DISTRICT OF NEW YORK

......................................................................x
In re:                                                          :
                                                                :
DELPHI CORPORATION, et al.,                                     :
                                                                :
                                  Debtors,                      :
......................................................................x
                                                                :
DELPHI CORPORATION, et al.,                                     :
                                                                :
                                  Plaintiffs,                   :
                                                                :
         - against -                                            :
                                                                :
BP, BP AMOCO CORP, BP MICROSYSTEMS                              :
INC., BP PRODUCTS NORTH AMERICA,
CASTROL, CASTROL INDUSTRIAL AND
UNIFRAX CORP.                                                   :
                                                                :
                                  Defendant.                    :
......................................................................x

Chapter 11
Case No. 05-44481 (RDD)
Jointly Administered

Adv. Pro. No. 07-02270 (RDD)

## DECLARATION IN SUPPORT OF MOTION TO DISMISS

I, Mark D. Roos, declare, pursuant to 28 U.S.C. §1746 and under penalty of

perjury, that the following is true and correct:

1.       I am the Senior Vice-President and Chief Financial Officer for Unifrax I

LLC, formerly known as Unifrax Corporation ("Unifrax"), one of the Defendants in the above

captioned adversary proceeding ("Adversary Proceeding").  I make this declaration

("Declaration") in support of the Motion by Unifrax Corp. Seeking an Order (i) Pursuant to Fed.

R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Vacating Prior Orders Establishing Procedures for

Certain Adversary Proceedings, Including those Commenced by the Debtors Under 11 U.S.C. §§

541, 544, 545, 547, 548, or 549, and Extending the Time to Serve Process for Such Adversary

Proceedings, (ii) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the

Adversary Proceeding with Prejudice for Failure to State a Cause of Action because it is Barred

by the Two Year Statute of Limitations, (iii) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr.

P. 7012(b), Dismissing the Adversary Proceeding with Prejudice for Failure to State a Cause of

Action because it is Insufficiently Plead, (iv) Dismissing the Adversary Proceeding on the

Ground of Judicial Estoppel, (v) Dismissing the Adversary Proceeding on the Ground of Laches,

or (vi) in the Alternative, Pursuant to Fed. R. Civ. P. 12(e) and Fed. R. Bankr. P. 7012(e),

Directing a More Definite Statement of the Pleadings (the "Motion").[1]

2.       On October 8, 2005, Delphi and certain of its subsidiaries each filed

voluntary petitions for Chapter 11 relief.   On October 14, 2005, three additional U.S.

---

[1]       Capitalized terms that are not otherwise defined within the Declaration are assigned the same meaning as
that assigned within the Motion.

subsidiaries of Delphi also filed voluntary petitions for relief under Chapter 11 (the petition dates are collectively referred to as the "Petition Date").

3.        Prior to the commencement of the Debtors' cases, Unifrax provided catalytic converter materials to Delphi pursuant to certain sole source supplier contracts.

4.        By motion dated August 6, 2007 (the "**Preservation of Estate Claims Procedures Motion**"), the Debtors sought entry of an order seeking, among other things, the establishment of procedures for certain adversary proceedings, including those commenced by the Debtors under Bankruptcy Code §§ 541, 544, 545, 547, 548 or 553.[2]

5.        Unifrax was <u>not</u> provided with notice of the Preservation of Estate Claims Procedures Motion.[3]

6.        On September 28, 2007, Plaintiffs commenced this adversary proceeding by filing the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. § 547 and 550 ("Complaint"), herein incorporated by reference, under seal with the Clerk [Adversary Proceeding Docket No. 1].

7.        The Complaint seeks to recover, pursuant to Bankruptcy Code §§ 547 and 550, alleged preferential transfers in the aggregate amount of $4,489,538.67 made to Unifrax and six other defendants - BP, BP Amoco Corp., BP Microsystems Inc., BP Products North America, Castrol, and Castrol Industrial ("Other Defendants").

8.        The Other Defendants have, to varying extents, historical ties to Unifrax, but have not had any overlap in ownership since 2003.  At the time of the Petition Date in these

---

[2]        Preservation of Estate Claims Procedures Motion, Bankruptcy Docket No. 8905, herein incorporated by reference, at ¶ 17.

[3]        Affidavit of Service, dated August 10, 2007, Bankruptcy Docket No. 9039, herein incorporated by reference.

bankruptcy cases, Unifrax and the Other Defendants were -- and continue to be -- completely separate corporate entities which do not share any operations.   It is unknown why the Debtors have initiated one combined cause of action against Unifrax and the Other Defendants.

9.    The only alleged information within the Complaint that is specific to the defendants is the list of allegedly avoidable transfers attached to the Complaint as Exhibit 1. This list consists solely of transfer dates, amounts, and transfer types (i.e. check or electronic funds transfer), but it does not identify the recipients of the transfers.  There are no other factual allegations within the Complaint that can be construed as specific to any of the defendants.

10.    By motion dated February 28, 2008 (the "**Extension of Avoidance Action Service Deadline Motion**"), the Debtors sought to modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a second time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would be required to serve process by an additional two months to May 31, 2008.[4]

11.    Unifrax was not provided with notice of the Preservation of Estate Claims Procedures Motion.[5]

12.    By motion dated April 10, 2008 (the "**Postconfirmation Extension of Avoidance Action Service Deadline Motion**"), the Debtors sought to further modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a third time the

---

[4]    Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 12922, herein incorporated by reference, at ¶ 18.

[5]    Affidavit of Service, dated March 4, 2008, Bankruptcy Docket No. 12970, herein incorporated by reference.

deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process until 30

days after substantial consummation of the Plan or any modified plan.[6]

13.    Unifrax was <u>not</u> provided with notice of the Postconfirmation Extension of

Avoidance Action Service Deadline Motion.[7]

14.    By motion dated October 2, 2009 (the "Supplemental Postconfirmation

Extension of Avoidance Action Service Deadline Motion"), the Debtors sought to further modify

Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a <u>fourth</u>

time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors were required to serve

process until 180 days after substantial consummation of the Modified Plan.[8]

15.    Unifrax was <u>not</u> provided with notice of the Supplemental

Postconfirmation Extension of Avoidance Action Service Deadline Motion.[9]

16.    Unifrax was served with the Complaint on or about March 12, 2010,

almost two and a half years after the limitations period provided by Bankruptcy Code § 546(a)

expired.

17.    Upon information and belief, although Unifrax received a copy of the

most recent Supplemental Postconfirmation Extension of Avoidance Action Service Deadline

Order, Unifrax was not served with each of the (1) Preservation of Estate Claims Procedures

Order, and (2) Extension of Avoidance Action Service Deadline Order, and (3) Postconfirmation

---

[6]    Postconfirmation Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 13361, herein incorporated by reference, at ¶ 19.

[7]    Affidavit of Service, dated April 16, 2008, Bankruptcy Docket No. 13415, herein incorporated by reference.

[8]    Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 18952, herein incorporated by reference, at ¶ 16.

[9]    Affidavit of Service, dated October 7, 2009, Bankruptcy Docket No. 18967, herein incorporated by reference.

Extension of Avoidance Action Service Deadline Order, contrary to the specific language in each

of these orders.

Dated:  April 12, 2010

 /s/ Mark D. Roos

Mark D. Roos

000161/01301 Administrative 6981700v1

# EXHIBIT C

HODGSON RUSS LLP
Stephen H. Gross (SG-9904)
Cheryl R. Storie (CS-6357)
Stephen L. Yonaty (SY-1400)
One M&T Plaza, Suite 2000
Buffalo, New York 14203-2391
Telephone: (716) 856-4000
Facsimile: (716) 849-0349

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

In re:                                                          Chapter 11

DELPHI CORPORATION, et al.,                      Case No. 05-44481 (RDD)

                          Debtors.                      (Jointly Administered)
_____

### VERIFIED STATEMENT CONCERNING REPRESENTATION OF MULTIPLE CREDITORS PURSUANT TO FED.R.BANKR.P. 2019(a)

Hodgson Russ LLP ("Hodgson Russ") submits this verified statement concerning its representation of multiple entities pursuant to Fed.R.Bankr.P. 2019(a), and states as follows:

1.      The above-captioned Debtors filed petitions for relief under Chapter 11 of the Bankruptcy Code on October 8, 2002 (the "Petition Date").

2.      Hodgson Russ represents the following entities in these cases: (i) Metal Cladding, Inc. ("Metal Cladding"), (ii) Voss Manufacturing, Inc. ("Voss"); (iii) Unifrax Corporation ("Unifrax"); (iv) Curtis Screw Company LLC ("Curtis Screw"); (v) Outokumpu Copper Nippert, Inc. ("OCNI"); and (vi) Hexcel Corporation ("Hexcel").

3.      The addresses of the entities are set forth below:

- 2 -

(i)     Metal Cladding, Inc.
230 South Niagara Street
Lockport, NY 14094

(ii)    Voss Manufacturing, Inc.
2345 Lockport Road
Sanborn, NY 14132

(iii)   Unifrax Corporation
2351 Whirlpool Street
Niagara Falls, NY 14305

(iv)   Curtis Screw Company LLC
P.O. Box 2303
Buffalo, NY 14240

(v)    Outokumpu Copper Nippert, Inc.
801 Pittsburgh Drive
Delaware, OH 43015

(vi)   Hexcel Corporation
P.O. Box 90316
Chicago, IL 60696

4.     Each of the above are suppliers to one or more of the Debtors. The amounts of their respective claims are not fixed.

5.     Each of the above maintained a pre-petition relationship with one or more of the Debtors. In connection with such relationships, reclamation demands were filed on behalf of each of the above.

6.     Each of the above maintains a client relationship with Hodgson Russ, which firm was retained by each of the respective entities no later than October 8, 2005 for purposes of representing each entity's respective rights in these chapter 11 proceedings.

- 3 -

7.     Hodgson Russ is representing each of the above individually, and not as a committee of any kind.

8.     Hodgson Russ reserves the right to supplement or amend this statement, as and when appropriate.

I verify under penalty of perjury that the foregoing is true and correct.

Dated:      Buffalo, New York
            December 20, 2005

HODGSON RUSS LLP
*Attorneys for Metal Cladding, Voss, Unifrax, Curtis
Screw, OCNI and Hexcel.*

By:   __/s/ Stephen L. Yonaty_____
            Stephen H. Gross (SG-9904)
            Cheryl R. Storie (CS-6357)
            Stephen L. Yonaty (SY-1400)
      One M&T Plaza, Suite 2000
      Buffalo, New York 14203-2391
      Tel.: (716) 856-4000
      Fax: (716) 849-0349