# EXHIBIT 58

# EXHIBIT 58

**Williams Advanced Materials Inc., Adv. Pro. No. 07-02606-rdd**

Williams Advanced Materials Inc. ("Williams") filed the Declaration of Richard L. Mugel, Williams' in-house counsel. *Ex. 58(a), July 12, 2011 Declaration of Richard L. Mugel ¶ 1.* Mr. Mugel states that "[t]o my knowledge, Williams never received, nor did it have knowledge of, [the Extension Motions]." *Id. at ¶ 6.* Mr. Mugel, however, has only been employed with Williams since June 2008 and has no personal knowledge of the events prior to his employment. *Id. at ¶ 1.*

Prior to Mr. Mugel's employment, Williams was served with the First Amended Plan Disclosure Statement, filed in December 2007. *Ex. 7, January 11, 2008 Affidavit of Service–Ex. W (Docket No. 11974).* Further, on December 13, 2007, the Debtors filed a copy of the First Amended Plan Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The First Amended Plan Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period.

Additionally, as a party listed on Ex. FFF of the January 11, 2008 Affidavit of Service for the solicitation materials for the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, Williams was served with the Confirmation Hearing Notice dated December 10, 2007. *Ex. 7, January 11, 2008 Affidavit of Service—Ex. FFF (Docket No. 11974).* The Confirmation Hearing Notice explicitly discloses that the Bankruptcy Court entered an order, dated December 10, 2007, approving the First Amended Plan Disclosure Statement. *See Ex. 17, Confirmation Hearing Notice, p. 1 (Docket No. 11974, Ex. F).* The Confirmation Hearing Notice also provides that the Disclosure Statement is publicly available on the Delphi Legal Information Website,

http://delphidocket.com, or by contacting the Creditor Voting Agent. *Id. at ¶ 10.* As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153. See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           )
In re:                                                     )   Chapter 11
                                                           )   Case No. 05-44481 (RDD)
      DPH HOLDINGS CORP, *et al.*,                    )
                                                           )
-----------------------------------------------------------x
                                                           )
DELPHI AUTOMOTIVE SYSTEMS, LLC,                            )
                                                           )
      Plaintiff,                                           )   Adv. Pro. No. 07-02606 [RDD]
                                                           )
                                                           )
v.                                                         )
                                                           )
WILLIAMS ADVANCED MATERIALS INC.,                          )
                                                           )
      Defendant.                                           )
-----------------------------------------------------------x

**DECLARATION OF RICHARD L. MUGEL IN FURTHER SUPPORT OF (1) THE JOINDER OF WILLIAMS ADVANCED MATERIALS INC. TO MOTIONS (I) TO VACATE PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548 OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, (II) DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE, OR (III) IN THE ALTERNATIVE, DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL; AND (2) THE REPLY BRIEF IN SUPPORT OF JOINDER OF WILLIAMS ADVANCED MATERIALS INC. TO MOTIONS (I) TO VACATE PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, (II) DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE, OR (III) IN THE ALTERNATIVE, DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL (COLLECTIVELY, THE "MOTIONS")**

STATE OF NEW YORK                  )
                                             ) ss.:
COUNTY OF ERIE                     )

      Pursuant to 28 § 1746, Richard L. Mugel, declares as follows:

{01172147.DOC;4 }

## Background

1. I have been employed by Williams Advanced Materials Inc. (n/k/a Materion Advanced Materials Technologies and Services Inc.) ("Williams") since June 2008 and am currently its in-house legal counsel.

2. I work at Williams' executive offices, which are located at 2978 Main Street, Buffalo, New York, 14214. I am familiar with the day-to-day operations and business affairs of Williams.

3. I submit this declaration in further support of Williams' Motion, and in accordance with the Bankruptcy Court's direction at the June 21, 2011 hearing.

4. I have personal knowledge of the facts set forth herein, and if I were called to testify, I would and could testify competently concerning those facts.

## Lack of Notice of Fourth Extension Motion and Other Pleadings

5. To my knowledge, prior to December 2009, Williams did not receive notice of any filings in this adversary proceeding (the "Adversary Proceeding").

6. To my knowledge, Williams never received, nor did it have knowledge of, any of the motions seeking the establishment of procedures for the Adversary Proceeding, leave to file the Adversary Proceeding, and/or a stay of the Adversary Proceeding until service of process was effected.

7. To my knowledge, Williams never received, nor did it have knowledge of, the Supplemental Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection With Preservation of Estate Claims Procedures Order, dated October 2, 2009 (D.I. #18952) (the "Fourth Extension Motion"). A copy of the affidavit of service (D.I. #18967) with respect to the

{01172147.DOC;4 }    2

Fourth Extension Motion is attached hereto as Exhibit A. Williams is not listed anywhere on that affidavit of service. Nor, to my knowledge, did Williams receive (1) the Fifteenth Supplement Case Management Order (D.I. #18839), dated August 26, 2009, which, I understand, scheduled the omnibus hearing date on which the Fourth Extension Motion was heard or (2) the Order (D.I. #18999), dated October 22, 2009, granting the Fourth Extension Motion.

8. Moreover, at the request of counsel, I have reviewed the following additional affidavits of service and have confirmed that Williams is not listed thereon:

| Pleading | Pleading Docket Index Number | Affidavit of Service Index Number |
| --- | --- | --- |
| Preservation of Estate Claims Procedures Motion | 8905 | 9039 |
| Preservation of Estate Claims Procedures Motion Order | 9105 | 9141 |
| Extension of Avoidance Action Service Deadline Motion | 12922 | 12970 |
| Extension of Avoidance Action Service Deadline Order | 13277 | 13313 |
| Postconfirmation Extension of Avoidance Action Service Deadline Motion | 13361 | 13415 |
| Postconfirmation Extension of Avoidance Action Service Deadline Order | 13484 | 13540 |

{01172147.DOC;4 }    3

9. To my knowledge, Williams was not aware of the Adversary Proceeding until it was served with the Summons and the Complaint in or about December of 2009.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

July 12, 2011      /s/ _Richard L. Mugel_____
                        Richard L. Mugel

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Declaration was served through electronic transmission via the Court's CM/ECF system to all parties who are listed on the Court's Electronic Mail Notice List on this 12th day of July, 2011.

        Respectfully submitted,

        */s/* Jean R. Robertson
        Jean R. Robertson (OH 00069252)
        Nathan A. Wheatley (OH 0072192)
        Scott C. Matasar (NY 2750289)
        CALFEE, HALTER & GRISWOLD LLP
        800 Superior Avenue, Suite 1400
        Cleveland, Ohio 44114
        Telephone:  (216) 622-8200
        Facsimile:  (216) 241-0816 (facsimile)
        Email:  jrobertson@calfee.com
                nwheatley@calfee.com
                smatasar@calfee.com

        *Counsel for Williams Advanced Materials Inc.*