# EXHIBIT 59

# EXHIBIT 59

**D&S Machine Products, Adv. Pro. No. 07-02217-rdd**

D&S Machine Products, Inc. ("D&S") filed the Declaration of Dan Fugate, its President. Mr. Fugate states that "[t]o the best of [his] knowledge, [D&S] was never served with either the Final Extension Motion or the Final Extension Order. *Ex. 59(a), July 11, 2011 Declaration of Dan Fugate ¶¶ 2 and 6.* He further states that "to the best of [his] knowledge, [D&S] was unaware of either the [Final] Extension Motion or the [Final] Extension Order until after it was served with the complaint . . ." *Id. at ¶ 6.*

D&S received relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. On December 13, 2007, the Debtors filed a copy of the First Amended Plan Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The First Amended Plan Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. Additionally, as a party listed on Ex. FFF of the January 11, 2008 Affidavit of Service for the solicitation materials for the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, D&S was served with the Confirmation Hearing Notice dated December 10, 2007. *Ex. 7, January 11, 2008 Affidavit of Service—Ex. FFF (Docket No. 11974)*. The Confirmation Hearing Notice explicitly discloses that the Bankruptcy Court entered an order, dated December 10, 2007, approving the First Amended Plan Disclosure Statement. *See Ex. 17, Confirmation Hearing Notice, p. 1 (Docket No. 11974, Ex. F)*. The Confirmation Hearing Notice also provides that the First Amended Plan Disclosure Statement is publicly available on the Delphi Legal Information Website, http://delphidocket.com, or by contacting the Creditor Voting Agent. *Id. at ¶ 10.*

Accordingly, through the above facts, D&S was on notice of the First Amended Plan Disclosure Statement, which included references to the preference claims at issue.

Further, while not specifically served on Michael O'Neal, D&S's current counsel, or on Mr. O'Neal's firm, Warner Norcross & Judd LLP, in its capacity as D&S's counsel, the fact remains that three attorneys at Warner Norcross & Judd LLP were electronically served with (i) the Preservation of Estate Claims Procedures Motion (Docket No. 8905), *Ex. 11, August 10, 2007 Affidavit of Service—Ex. B, 2002 List, p. 19, 20 of 20 (Docket No. 9039)*; (b) the August 16, 2007 Preservation of Estate Claims Procedures Order (Docket No. 9105), which, among other things, (i) authorized the Debtors to file complaints in the adversary proceedings pertaining to avoidance actions under seal, (ii) stayed each adversary proceeding unless and until the Debtors made service of process on the respective defendants, and (iii) extended to March 31, 2008 the deadline under Federal Rule of Civil Procedure 4(m) by which the Debtors would have to serve process, so that the complaints would not be subject to dismissal under Federal Rule of Civil Procedure 4(m), *Ex. 12, August 23, 2007 Affidavit of Service—Ex. B, 2002 List, p. 19 of 20 (Docket No. 9141)*; (c) the subsequently filed First Extension Motion (Docket No. 12922), *Ex. 13, March 4, 2008 Affidavit of Service—Ex. B, 2002 List, p. 21 of 21 (Docket No. 12970)*; (d) the First Extension Order (Docket No. 13277), *Ex. 14, April 1, 2008 Affidavit of Service—Ex. A, 2002 List, p. 21 of 21 (Docket No. 13315)*; (e) the Second Extension Motion (Docket No. 13361), *Ex. 15, April 16, 2008 Affidavit of Service—Ex. B, 2002 List, p. 21 of 21 (Docket No. 13415),* (f) the Second Extension Order (Docket No. 13484), *Ex. 16, May 6, 2008 Affidavit of Service—Ex. A, 2002 List, p. 19 of 20 (Docket No. 13540),* and (g) the Final Extension Motion (Docket No. 18952), *Ex.4, October 7, 2009 Affidavit of Service—Ex. B, 2002 List, p. 21, 22 of 22 (Docket No. 18967).* To the extent D&S was represented by Warner Norcross & Judd as of the dates of these

motions and orders—which Mr. Fugate's does not deny in his Declaration—there is at least a question of fact as to whether D&S was or should have been on notice or aware of the Extension Motions and Extension Orders.

As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153. See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI 49503-2487
(616) 752-2000 phone
(616) 222-2500 fax

Michael B. O'Neal (MO-9511)
(Admitted *Pro Hac Vice*)
Attorneys for D&S Machine Products, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- -x

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| Debtors. | |

------------------------------- -x

| | |
|---|---|
| DELPHI CORPORATION, et al | |
| Plaintiff, | |
| v. | Adv. Proc. No. 07-02217-rdd |
| D&S MACHINE PRODUCTS, INC., | |
| Defendant. | |

------------------------------- -x

## DECLARATION OF DAN FUGATE

I, Dan Fugate, pursuant to 28 U.S.C. § 1746, furnish this declaration and declare as follows:

1. I make this Declaration to the best of my knowledge, and if called as a witness, would testify to the facts contained herein.

2. I am the President of D&S Machine Products, Inc. ("**Defendant**").

3.  In March 2010, learned for the very first time that Delphi had filed the above-captioned adversary proceeding complaint in September 2007 against Defendant to recover over $4 million in alleged preferential transfers that occurred in 2005.

4.  Defendant had no knowledge that it was one of the named defendants being kept secret under seal since Delphi had not provided any indication to Defendant that Delphi would be pursuing a claim against Defendant.

5.  I have recently reviewed Delphi's Supplemental Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection With Preservation of Estate Claims Procedure Order (Docket No. 18952) (the "**Fourth Extension Motion**") and the Order entered on October 22, 2009 approving that motion (Docket No. 18999) (the "**Fourth Extension Order**").

6.  To the best of my knowledge, Defendant was never served with either the Fourth Extension Motion or the Fourth Extension Order. Likewise, to the best of my knowledge, Defendant was unaware of either the Fourth Extension Motion or the Fourth Extension Order until after it was served with the complaint in March 2010.

7.  Having no notice that it had been sued or that the time for service of the secret complaint against it had been extended multiple times, Defendant did not take any steps to organize or preserve information that would be necessary to defend against the preference action.

8.  Defendant did not specifically archive its employees' computerized information with respect to Delphi. In addition, Defendant did not hold exit interviews with departing employees who were knowledgeable about the Delphi business relationship or make arrangements to keep in touch with them.

9.  If Defendant had known that Delphi was suing it, it would have taken special steps to organize and preserve its records with respect to Delphi, and would have held interviews with employees.

10. Defendant has been gravely prejudiced in its ability to defend this adversary proceeding by Delphi's delay in serving the complaint.

I make this Declaration under penalty of perjury.

_____
DAN FUGATE

Executed in Aurora, Indiana
on July 11, 2011

5584074