# EXHIBIT 60

# EXHIBIT 60

**Access One Technology, Adv. Pro. No. 07-02142-rdd**

Access One Technology ("Access One") filed the Declaration of Kevin N. Fanroy, President of Access One. *Ex. 60(a), July 11, 2011 Declaration of Kevin N. Fanroy ¶ 1.* Mr. Fanroy declares that he never received notice or was aware of the Extension Motions. *Id. at ¶¶ 4 and 5.*

However, Access One received relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. On December 13, 2007, the Debtors filed a copy of the First Amended Plan Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The First Amended Plan Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. Additionally, as a party listed on Ex. FFF of the January 11, 2008 Affidavit of Service for the solicitation materials for the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, Access One was served with the Confirmation Hearing Notice dated December 10, 2007. *Ex. 7, January 11, 2008 Affidavit of Service—Ex. FFF, Executory Contracts and Unexpired Leases, p. 3 of 252, and Creditor Matrix, p. 21 of 2,814 (Docket No. 11974).* The Confirmation Hearing Notice explicitly discloses that the Bankruptcy Court entered an order, dated December 10, 2007, approving the First Amended Plan Disclosure Statement. *See Ex. 17, Confirmation Hearing Notice, p. 1 (Docket No. 11974, Ex. F).* The Confirmation Hearing Notice also provides that the First Amended Plan Disclosure Statement is publicly available on the Delphi Legal Information Website, http://delphidocket.com, or by contacting the Creditor Voting Agent. *Id. at ¶ 10.* Accordingly, through the above facts, Access One was on notice of the First

Amended Plan Disclosure Statement, which included references to the preference claims at issue. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153. See also In re TWA Inc. Post Confirmation Estat*e, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

SCOTT A. WOLFSON  (admitted *Pro Hac Vice*)
ANTHONY J. KOCHIS (admitted *Pro Hac Vice*)
WOLFSON BOLTON PLLC
3150 Livernois Rd., Suite 275
Troy, MI 48083
Telephone:  (248) 247-7103
Facsimile:  (248) 247-7099
E-Mail:  swolfson@wolfsonbolton.com

*Attorneys for Access One Technology Group, LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
_____/

In re:

| | |
|---|---|
| DELPHI CORPORATION, *et al*., | Chapter 11 |
|  | Case No. 05-44481-RDD |
| Debtor. | Jointly Administered |

_____/

| | |
|---|---|
| DELPHI CORPORATION, *et al*., |  |
|  | Adversary Proceeding No. 07-02142 |
| Plaintiffs, |  |
| v. |  |
| ACCESS ONE TECHNOLOGY, |  |
| Defendant. |  |

_____/

### DECLARATION OF KEVIN N. FANROY

Kevin N. Fanroy declares as follows:

1. I am President and resident agent of Access One Technology Group, LLC ("Access One") - the defendant in the above-referenced adversary proceeding.

2. I make this Declaration on personal knowledge.  If called as a witness, I would testify to these facts.

3. Access One was unaware that Delphi Corporation, *et al*. ("Delphi") had commenced an adversary proceeding against Access One seeking the recovery of

$1,456,934.70 until on or around March 2010, when Access One was served with the complaint in the above-referenced adversary proceeding ("Complaint").

4. Prior to this time, Access One had no knowledge of the existence of the above-referenced adversary proceeding or, among other things, the various motions to file the adversary proceeding under seal and extend the time to serve the summons and Complaint.

5. I have reviewed the following affidavits of service and confirmed that Access One received no notice of any of the various motions to file the adversary proceeding under seal and extend the time to serve the summons and Complaint (collectively, the "Extension Motions"):

| Pleading | Pleading Docket No. | Affidavit of Service Docket No. |
|---|---|---|
| Preservation of Estate Claims Procedures Motion | 8905 | 9039 |
| Extension of Avoidance Action Service Deadline Motion | 12922 | 12970 |
| Postconfirmation Extension of Avoidance Action Service Deadline Motion | 13361 | 13415 |
| Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion | 18952 | 18967 |

6. In particular, Access One never received, nor did it have knowledge of, the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion [Docket No. 18952] ("Fourth Extension Motion") filed on October 2, 2009 or the Postconfirmation Extension of Avoidance Action Service Deadline Order [Docket No. 18999].

7. Access One did not learn of the Extension Motions until long after the relief requested in the Extension Motions had been granted, and Access One had no opportunity to object to the relief requested in the Extension Motions.

8. Access One has been prejudiced in its ability to defend in the above-referenced adversary proceeding due to, among other things, the delay in receiving notice of the Complaint and the Extension Motions. For example, Access One has lost the ability to identify, locate, and preserve records that are relevant to the claims asserted in the Complaint.

2

9.  I declare under penalty of perjury that the foregoing is true and correct.

_____
Kevin N. Fanroy

Executed in Washington, D.C.

On July 11, 2011

07/12/2011 08:01     703--426-3030            FEDEX OFFICE    1833                PAGE  02
05-44481-rdd    Doc 21571-45    Filed 09/13/11    Entered 09/13/11 20:15:40    Exh. 60
Pg 7 of 7

3