# EXHIBIT 61

# EXHIBIT 61

**Stephenson & Sons Roofing, Adv. Pro. No. 07-02654-rdd**

Stephenson & Sons Roofing ("Stephenson") filed the Declaration of its President, Craig Stephenson. *Ex. 61(a), July 18, 2011 Declaration of Craig Stephenson ¶ 1.* Mr. Stephenson did not unequivocally state that Stephenson did not have notice of the Final Extension Motion. Rather, he stated that "[t]o the best of my knowledge, information and belief, neither Stephenson . . . nor its counsel were served with copies of the Extension Motions by *overnight mail*." *Id. at ¶ 10.* Mr. Stephenson also stated that "[t]o the best of my knowledge, information and belief, neither Stephenson . . . nor its counsel was served with a copy of the Preservation of Estate Claims Procedures Motion *by overnight mail*" *Id. at ¶ 6 (emphasis added).* In other words, Mr. Stephenson only declared that Stephenson did not receive notice by overnight mail,[1] but he did not declare that Stephenson or its counsel had not received notice by other means.

Contrary to Mr. Stephenson's Declaration, Stephenson's counsel, Lambert, Leser, Isackson, Cook & Giunta, P.C., although not in its capacity as Stephenson's counsel, was served with the Proposed Forty-Eighth Omnibus Hearing Agenda (Docket No. 18991) by electronic notification, which specifically identified the Debtors' Final Extension Motion as Agenda item C(1). *Ex. 6, October 26, 2009 Affidavit of Service—Ex. B, 2002 List, p. 11 of 22 (Docket No. 19015)*; *Ex. 5, October 21, 2009 Proposed Forty-Eighth Omnibus Hearing Agenda (Docket No. 18991).* Lambert, Leser, Isackson, Cook & Giunta, P.C. was also served with (a) the Preservation of Estate Claims Procedures Motion (Docket No. 8905), *Ex. 11, August 10, 2007 Affidavit of Service—Ex. B, 2002 List, p. 9 of 20 (Docket No. 9039);* (b) the August 16, 2007

---

[1] Mr. Stephenson's assertion is apparently premised on the notion that Stephenson was required to be served by overnight mail under paragraph 15 of the Supplemental Case Management Order (Docket No. 2883). For the reasons set forth in detail in the Omnibus Response and the Skadden Filings, that premise is erroneous.

Preservation of Estate Claims Procedures Order (Docket No. 9105), which, among other things, (i) authorized the Debtors to file complaints in the adversary proceedings pertaining to avoidance actions under seal, (ii) stayed each adversary proceeding unless and until the Debtors made service of process on the respective defendants, and (iii) extended to March 31, 2008 the deadline under Federal Rule of Civil Procedure 4(m) by which the Debtors would have to serve process, so that the complaints would not be subject to dismissal under Federal Rule of Civil Procedure 4(m), *Ex. 12, August 23, 2007 Affidavit of Service–Ex. B, 2002 List, p. 9 of 20 (Docket No. 9141);* (c) the subsequently filed First Extension Motion (Docket No. 12922), *Ex. 13, March 4, 2008 Affidavit of Service—Ex. B, 2002 List, p. 10 of 21 (Docket No. 12970)*; (d) the First Extension Order (Docket No. 13277), *Ex. 14, April 1, 2008 Affidavit of Service—Ex. A, 2002 List, p. 10 of 21 (Docket No. 13315)*; (e) the Second Extension Motion (Docket No. 13361), *Ex. 15, April 16, 2008 Affidavit of Service—Ex. B, 2002 List, p. 10 of 21 (Docket No. 13415);* (f) the Second Extension Order (Docket No. 13484), *Ex. 16, May 6, 2008 Affidavit of Service—Ex. A, 2002 List, p. 9 of 20 (Docket No. 13540);* and (g) the Final Extension Motion (Docket No. 18952), *Ex.4, October 7, 2009 Affidavit of Service—Ex. B, 2002 List, p. 11 of 22 (Docket No. 18967)*.

Moreover, although not in its capacity as counsel for Stephenson, Stephenson's current counsel, Lambert, Leser, Isackson, Cook & Giunta, P.C., was served with the First Amended Plan Disclosure Statement. *Ex. 7, January 11, 2008 Affidavit of Service—Ex. W; see also id. at Ex. Y, Ex. Z; Ex. GG, Ex. II (Docket No. 11974)*. Importantly, Mr. Stephenson does not deny in his Declaration that Lambert, Leser, Isackson, Cook & Giunta, P.C. was representing Stephenson at such time (or at the time any of the other Extension Motions or Extension Orders were

2

served). Again, Mr. Stephenson merely asserts that his counsel was not served *by overnight mail*. *Ex. 61(a), July 18, 2011 Declaration of Craig Stephenson ¶¶ 6. 10, and 11.*

Finally, Stephenson directly received relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. On December 13, 2007, the Debtors filed a copy of the First Amended Plan Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The First Amended Plan Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. Additionally, as a party listed on Ex. FFF of the January 11, 2008 Affidavit of Service for the solicitation materials for the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, Stephenson was served with the Confirmation Hearing Notice dated December 10, 2007. *Ex. 7, January 11, 2008 Affidavit of Service—Ex. FFF (Docket No. 11974).* The Confirmation Hearing Notice explicitly discloses that the Bankruptcy Court entered an order, dated December 10, 2007, approving the First Amended Plan Disclosure Statement. *See Ex. 17, Confirmation Hearing Notice, p. 1 (Docket No. 11974, Ex. F).* The Confirmation Hearing Notice also provides that the First Amended Plan Disclosure Statement is publicly available on the Delphi Legal Information Website, http://delphidocket.com, or by contacting the Creditor Voting Agent. *Id. at ¶ 10.* Accordingly, through the above facts, Stephenson was on notice of the First Amended Plan Disclosure Statement, which included references to the preference claims at issue. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153.*

3

*See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

LAMBERT, LESER, ISACKSON, COOK & GIUNTA, P.C.
Rozanne M. Giunta (Mich. Bar No. P29969)
Susan M. Cook (Mich. Bar No. P31514)
Adam D. Bruski (Mich. Bar No. P70030)
916 Washington Ave, Suite 309
PO Box 835
Bay City, MI  48707
989-893-3518
rgiunta@lambertleser.com

Attorneys for Defendant Stephenson and Sons Roofing

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DPH HOLDINGS CORP., et al., | Case No. 05-44481 (RDD) |
| Debtors. | Hon. Robert D. Drain |
| DELPHI CORPORATION, et al., | |
| Plaintiffs, | |
| v. | |
| STEPHENSON AND SONS ROOFING | Adv. Pro. No. 07-02654 (RDD) |
| Defendant. | |

## DECLARATION OF CRAIG STEPHENSON

Craig Stephenson, pursuant to 18 U.S.C. §1746, declares as follows:

1.  I am the President, of Stephenson and Sons Roofing. I have held this title since 2006. I have been employed by Stephenson and Sons Roofing since 1986.

{00108381}                                                  1

2. I submit this declaration in further support of the Objection to the Reorganized Debtors' Motion for Leave to File Amended Complaints. [AP Docket No. 36, November 23, 2010].

3. Except as indicated herein, I have personal knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently concerning those facts.

4. Upon information and belief, on October 8, 2005 (the "Petition Date"), Delphi Corporation and certain of its subsidiaries and affiliates (collectively, the "Debtors"), including Delphi Automotive Systems LLC (the "DAS"), filed voluntary petitions under Chapter 11 of Title 11 of the United States Code.

5. Upon information and belief, on August 6, 2007, the Debtors sought entry of an order seeking, among other things, the establishment of procedures for certain adversary proceedings, including obtaining leave to file avoidance actions under seal, an extension of time beyond the 120-period provided for in Fed.R.Civ.P. 4(m) to serve summons and complaint, and a stay of adversary proceedings until service of process was effected (the "Preservation of Estate Claims Procedures Motion").

6. To the best of my knowledge, information and belief, no notice was given to Stephenson and Sons Roofing or its counsel that the Preservation of Estate Claims Procedures Motion related to claims against Stephenson and Sons Roofing. To the best of my knowledge, information and belief, neither Stephenson and Sons Roofing nor its counsel was served with a copy of the Preservation of Estate Claims Procedures Motion by overnight mail.

7. Upon information and belief, on September 30, 2007, DAS filed an adversary proceeding against Stephenson and Sons Roofing (the "Adversary Proceeding") under seal.

8. To the best of my knowledge, information and belief, neither Stephenson and Sons Roofing nor its counsel was aware of the Adversary Proceeding until Stephenson and Sons Roofing was served with it on or about March 19, 2010.

9. Upon information and belief, the statute of limitations for asserting the claims asserted in the Adversary Proceeding expired on or about October 8, 2007.

10. Upon information and belief, the Debtors filed three separate motions between February 2008 and October 2009 for an order further extending the deadline to serve process in connection with the above-referenced adversary proceeding (collectively, the "Extension Motions"). To the best of my knowledge, information and belief, no notice was given to Stephenson and Sons Roofing or its counsel that the Extension Motions related to claims against Stephenson and Sons Roofing. To the best of my knowledge, information and belief, neither Stephenson and Sons Roofing nor its counsel were served with copies of the Extension Motions by overnight mail.

11. Upon information and belief, the bankruptcy court entered orders granting each of the Extension Motions (collectively, the "Extension Orders"). To the best of my knowledge, information and belief, no notice was given to Stephenson and Sons Roofing or its counsel that the Extension Orders related to claims against Stephenson and Sons Roofing. To the best of my knowledge, information and belief, neither Stephenson and Sons Roofing nor its counsel were served with a copy of the Extension Orders by overnight mail.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18 day of July, 2011, in Flint, Michigan.

Craig Stephenson