Hearing Date and Time: September 22, 2011 at 10:00 a.m. (EDT)

CIARDI CIARDI & ASTIN
Rick A. Steinberg, Esq. (RS-7396)
100 Church Street, 8th Floor
New York, New York 10007
Tel: (646) 485-0605
Fax: (646) 688-4385
rsteinberg@ciardilaw.com

-and-

Daniel K. Astin (No. 4068)
Joseph J. McMahon, Jr. (No. 4819)
919 N. Market Street, Suite 700
Wilmington, Delaware 19801
Tel:  (302) 658-1100
Fax:  (302) 658-1300
jmcmahon@ciardilaw.com

*Attorneys for Vladimir Averbukh (Individually and as Personal Representative for the Estate of Boris Averbukh) and Alesander Averbukh*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., *et al.*, | : | Case No. 05-44481 (RDD) |
| | : | Jointly Administered |
| Reorganized Debtors. | : | |
| | : | |

**RESPONSE OF VLADIMIR AVERBUKH AND ALESANDER AVERBUKH TO THE REORGANIZED DEBTORS' MOTION FOR ORDER ENFORCING MODIFICATION PROCEDURES ORDER, MODIFIED PLAN AND PLAN MODIFICATION ORDER INJUNCTION, ETC. AND CROSS-MOTION FOR RELIEF
<u>FROM THE "PERTINENT ORDERS"</u>**

Vladimir Averbukh ("Vladimir") and Alesander Averbukh ("Alesander") (collectively, the "Averbukhs" or the "Cross-Movants") hereby respond to the Reorganized Debtors' Motion for Order (I) Enforcing Modification Procedures Order, Modified Plan and Plan Modification Order Injunction and Forty-Seventh Omnibus Claims Objection Order Against Averbukhs, as

Plaintiffs, in Maryland State Court Wrongful Death Action and (II) Directing Averbukhs to Dismiss Action to Recover Upon Discharged and Expunged Claim (the "Averbukh Injunction Motion"); and, in the alternative, hereby cross-move (the "Cross-Motion") for an order granting the Cross-Movants relief from the "Pertinent Orders" (defined below), and in support of this Cross-Motion respectfully represent as follows:

## BACKGROUND

1.   On October 8 and 14, 2005, DPH Holdings Corp., *et al.* (the "Debtors" or "Reorganized Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.   On November 9, 2009, Vladimir (individually and as personal representative of the estate of Boris Averbukh ("Boris"), his father) and Alesander (Vladimir's brother) Averbukh filed a Complaint and Election for Jury Trial (the "Complaint") in the Circuit Court for Prince George's County, State of Maryland (the "State Court Action") against Delphi Corporation, Delphi Automotive Systems LLC (collectively, the "Delphi Defendants"), and other entities alleging liability for the wrongful death of Boris. To summarize, the claims asserted in the Complaint stem from an automobile accident which occurred subsequent to the Debtors' bankruptcy filings. On or about April 7, 2007, Alla Averbukh was driving a rented vehicle in which Boris was a front-seat passenger. Upon exiting Interstate 95 onto westbound Route 212, the vehicle left the off-ramp and struck a tree. Although the front driver's side air bag deployed for Alla, the front passenger side airbag did not deploy for Boris. A copy of the Complaint is attached as Exhibit "A."

3.   On June 16, 2009, this Court entered an Order (A)(1) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and

2

Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternate Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order").

4. The Modification Procedures Order set July 15, 2009 as the deadline for all creditors holding administrative expense claims for the period from the commencement of the chapter 11 cases in October, 2005 through June 1, 2009 to file a claim.

5. As conceded by the Debtors in the Averbukh Injunction Motion, <u>no notice of the administrative expense claim bar date was mailed to the Averbukhs or to their counsel in the State Court Action</u>. Averbukh Injunction Mot. ¶¶ 43-44.

6. On September 9, 2009, an Administrative Expense Claim Request in the amount of $1,500,000 was filed in Alla's name for damages pertaining to both injuries and the wrongful death of Boris (the "Alla Administrative Claim"). On April 16, 2010, the Reorganized Debtors filed their Forty-Seventh Omnibus Objection Pursuant to 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books and Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, and (II) Modify Certain Administrative Expense Claims (Docket No. 19873) (the "Administrative Claim Objection"), through which the Debtors sought to expunge the Alla Administrative Claim.

7. On May 25, 2010, this Court entered an Order (the "Alla Claim Expungement Order") disallowing and expunging the Alla Administrative Claim (Docket No. 20188).

8. On August 30, 2011, the Debtors filed the Averbukh Injunction Motion. Through the Averbukh Injunction Motion, the Debtors sought to, *inter alia*, enjoin the Averbukhs from prosecuting the State Court Action. The Debtors argue the Averbukhs should be enjoined from

3

further prosecution of the State Court Action because "the Averbukhs should be deemed to have joined in the prior administrative expense claim…and be bound to and barred by this Court's Order denying and expunging it." Debtors' Averbukh Injunction Motion, p. 2, ¶ 4.

9. On September 14, 2011, the Debtors granted an extension to the Averbukhs until September 19, 2011 to file a responsive pleading to the Averbukh Injunction Motion.

10. On July 30, 2009, this Court entered the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession, as Modified and (II) Confirmation Order (the "Plan Modification Order") (Docket No. 18707). A copy of the plan modifications were attached to the Plan Modification Order.

11. The Effective Date of the modified plan occurred on October 6, 2009.

### REQUEST FOR RELIEF

12. The Averbukhs respectfully move the Court for an Order denying the pending Motion, or in the alternative by Cross-Motion, seek relief from the allegedly applicable Modification Procedures Order, the Claim Expungement Order, the Plan Modification Order and the permanent injunction contained in the modified plan (together, the "Pertinent Orders") to continue the State Court Action against the Delphi Defendants for the reasons set forth in more detail below.

### JURISDICTION AND VENUE

13. This Court has jurisdiction over this Cross-Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Cross-Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are section 362(d)(1) of the Bankruptcy Code and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule[s]").

4

## BASIS FOR RELIEF REQUESTED

*Debtors' Motion Must be Denied Because No Notice of the Allegedly Applicable Administrative Claims Bar Date was Provided and Because the Averbukhs' Wrongful Death Claim is Not An Administrative Claim*

14. The Debtors' pending motion must be denied because: (1) no notice of the administrative expense claim bar date was provided to the Averbukhs; and (2) even if the Averbukhs had received notice of a requirement to file "administrative claims" by a certain date, their wrongful death claim is not an "administrative claim."

15. It is undisputed that Delphi never provided any type of written notice to the Averbukhs of the allegedly applicable administrative expense claim bar date. The Debtors' pending motion contains absolutely no evidence of any efforts whatsoever to identify and notify personal injury and/or wrongful death claimants of the allegedly applicable bar date.

16. Furthermore, even if proper notice of the administrative claim expense bar date had been provided to the Averbukhs, the relief Debtors currently request would still be improper because the Averbukhs' wrongful death claim is not an administrative claim.

17. Under Article 1.4 of the modified plan, the term "Administrative Claim" is defined as

> a Claim (other than the GM Administrative Claim) for payment of an administrative expense of a kind specified in section 503(b) of the Bankruptcy Code and entitled to priority pursuant to section 507(a)(1) of the Bankruptcy Code, including, but not limited to, the DIP Facility Revolver Claim, the DIP Facility First Priority Term Claim, the DIP Facility Second Priority Term Claim, the actual, necessary costs and expenses, incurred on or after the Petition Date, of preserving the Estates and operating the business of the Debtors, including wages, salaries, or commissions for services rendered after the Petition Date, Professional Claims, all fees and charges assessed against the Estates under chapter 123 of title 28, United States Code, and all Allowed Claims that are to be treated as Administrative Claims pursuant to a Final Order of the

5

      Bankruptcy Court pursuant to section 546(c)(2)(A) of the Bankruptcy Code.

18.  The plan references section 503(b) of the Bankruptcy Code to describe the types of expenses which are included in the term "administrative claim." Reference to section 503(b) reveals that personal injury claimants are not included in the definition of who will be paid administrative claims.

19.  In addition, inclusion under section 503 in the Delphi bankruptcy plan is not enough to qualify a demand as an "administrative claim." The claimant must also be "entitled to priority pursuant to section 507(a)(1) of the Bankruptcy Code." Section 507(a)(1) certainly does not include personal injury or wrongful death claims in the description of claims "entitled to priority."

20.  The United States District Court for the Western District of Texas faced the same question (whether a post-petition personal injury claim against Delphi was an administrative claim) and the Court specifically held that "plaintiff's products liability cause of action is not an "administrative claim" as defined by the bankruptcy court's order – it is neither a claim for payment of an administrative expense under § 503(b) of the Bankruptcy Code nor a claim entitled to priority pursuant to § 507(a)(1) of the Code." Exhibit "B" (Order from Smith v. Delphi Automotive Systems, LLC, et al., Cause No. SA-09-CA-296-OG).

21.  Because the Averbukhs' wrongful death claim is not an administrative claim, it is not subject to any bar date and the the Averbukhs are entitled to move forward with their claims against the Delphi Defendants and/or their successors in interest in Maryland state court.

*Alternatively, the Averbukhs Are Entitled to Relief from the Pertinent Orders to Pursue Their Wrongful Death Claim Against the Delphi Defendants*

22. Federal Rule of Bankruptcy Procedure 9024 provides that, with certain exceptions not applicable here, Federal Rule of Civil Procedure (the "Civil Rule[s]") 60 applies in cases under the Bankruptcy Code.

23. Civil Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) . . . applying [the judgment] prospectively is no longer equitable; or (6) any other reason that justifies relief."

24. This Court and other courts have applied the flexible standard enunciated in *Rufo v. Inmates of the Suffolk County Jail*, 502 U.S. 367, 383 (1992), in evaluating requests for relief under Civil Rule 60(b)(5). Under the *Rufo* standard, the moving party "must show that a significant change in circumstances, either factual or legal," warrants the relief requested. *See In re Petition of the Bd. of Directors of Hopewell Int'l Ins., Ltd.*, 281 B.R. 200, 206-08 (Bankr. S.D.N.Y. 2002) (Gropper, J.) (noting that *Rufo* standard has been applied to requests for relief from plan discharge injunction).

25. Courts evaluating requests under Civil Rule 60(b)(6) have generally applied an "exceptional circumstances" test in determining whether to grant relief. *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863-64 (1988).

26. Under Civil Rule 60(c)(1), a motion brought under Rule 60(b) must be made within "a reasonable time." Given that personal injury counsel to the Averbukhs engaged bankruptcy counsel upon the filing of the Averbukh Injunction Motion, the Averbukhs respectfully submit that the filing of their objection to the Averbukh Injunction Motion and the Cross-Motion was timely.

27. This Court should grant the Averbukhs relief from the Pertinent Orders for the reasons stated above – specifically, (1) no notice of the administrative expense claim bar date was provided to the Averbukhs; and (2) even if the Averbukhs had received notice of a requirement to file "administrative claims" by a certain date, their wrongful death claim is not an "administrative claim."

WHEREFORE, the Cross-Movants respectfully request relief from the permanent injunction and/or the automatic stay to proceed with the State Court Action against the Delphi Defendants and/or their successor(s) in interest to be compensated for their damages.

Dated: New York, New York
September 19, 2011

                              CIARDI CIARDI & ASTIN

By: */s/ Rick A. Steinberg*
    Rick A. Steinberg, Esq. (RS-7396)
    100 Church Street, 8th Floor
    New York, New York 10007
    Tel: (646) 485-0605
    Fax: (646) 688-4385
    rsteinberg@ciardilaw.com

    -and-

    Daniel K. Astin (No. 4068)
    Joseph J. McMahon, Jr. (No. 4819)
    919 N. Market Street, Suite 700
    Wilmington, Delaware 19801
    Tel:  (302) 658-1100
    Fax:  (302) 658-1300
    jmcmahon@ciardilaw.com

    *Counsel to Vladimir Averbukh (Individually and as Personal Representative for the Estate of Boris Averbukh) and Alesander Averbukh*