Hearing Date: September 22, 2011 at 10 a.m. (EDT)
Response Date: September 19, 2011 (per agreement of parties)
Reply Date:  September 21, 2011

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, MI  48226
(313) 225-7000
Cynthia J. Haffey
Chester E. Kasiborski, Jr.
Sheldon H. Klein
Thomas B. Radom

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| Reorganized Debtors. | |

**REORGANIZED DEBTORS' (A) REPLY IN SUPPORT OF MOTION FOR ORDER
(I) ENFORCING MODIFICATION PROCEDURES ORDER,
MODIFIED PLAN AND PLAN MODIFICATION ORDER INJUNCTION
AND FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION ORDER
AGAINST AVERBUKHS, AS PLAINTIFFS, IN MARYLAND STATE COURT
WRONGFUL DEATH ACTION; AND (II) DIRECTING AVERBUKHS TO
DISMISS ACTION TO RECOVER UPON DISCHARGED AND EXPUNGED CLAIM,
AND (B) RESPONSE TO VLADIMIR AVERBUKH'S AND ALESANDER
AVERBUKH'S CROSS-MOTION FOR RELIEF FROM THE "PERTINENT ORDERS"**

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), successors to Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), respectfully submit their (A) Reply In

Support Of Motion ("Motion") For Order (i) Enforcing Modification Procedures Order, Modified Plan And Plan Modification Order Injunction And Forty-Seventh Omnibus Claims Objection Order Against Averbukhs, As Plaintiffs, In Maryland State Court Wrongful Death Action; And (ii) Directing Averbukhs To Dismiss Action To Recover Upon Discharged And Expunged Claim, And (B) Response To Vladimir Averbukh's And Alesander Averbukh's Cross-Motion For Relief From The "Pertinent Orders" as follows:[1]

## INTRODUCTION

1.   Vladimir Averbukh and Alesander Averbukh (collectively, the "Averbukh Sons")[2] raise three arguments in their Response to the Reorganized Debtors' Motion for Order Enforcing Modification Procedures Order, Modified Plan and Plan Modification Order Injunction, Etc. and Cross-Motion for Relief from the "Pertinent Orders" (the "Response"):  (1) the Averbukh Sons did not receive written notice of the administrative expense claim bar date; (2) the Averbukh Sons' wrongful death claim is not an administrative claim; and (3) alternatively, the Averbukh Sons' should be relieved from the orders barring their claim under Fed. R. Bankr. 9024 ("Rule 9024") and Fed. R. Civ. P. 60 ("Rule 60").

2.   The Response almost completely ignores the arguments and law raised in the Reorganized Debtors' Motion.  Further, each of the arguments the Averbukh Sons do raise is wrong.

3.   The Reorganized Debtors first argued that the Averbukh Sons were barred by the expungement of the underlying wrongful death claim brought by their mother.  The Averbukh Sons do not respond to this argument, so it is not further addressed in this Reply.

---

[1] Capitalized terms not defined in this Reply shall have the meanings ascribed to them in the Reorganized Debtors' Motion.

[2] Notably, Alla Averbukh, the mother of the Averbukh Sons, did not join in or file a response, notwithstanding that the Reorganized Debtors Motion was directed at her as well.

2

4.      The Reorganized Debtors next argued in the alternative that the Averbukh Sons received notice by publication, that such notice was adequate and that any claim of the Averbukh Sons was therefore barred by their failure to assert a claim prior to the bar date. The Averbukh Sons completely ignore the adequacy or consequences of notice by publication, arguing only that they did not receive written notice. They neither argue nor offer authority for the proposition that notice by publication was inadequate. Therefore, the Reorganized Debtors do not further address the issue in this Reply.

5.      The Averbukh Sons argue that their tort claim, which arose after the petition and two years prior to the confirmation of the Plan, was not an administrative claim and not subject to the bar date. This argument is contrary to controlling law, as explained below.

6.      Finally, as also explained below, the Averbukh Sons do not and cannot provide any basis for the request in their Cross-Motion that they be relieved from their failure to file an administrative claim before the bar date or seek relief from it until more than two years after the confirmation of the Plan and long after they indisputably knew that a claim should be filed and relief sought.

7.      The Reorganized Debtors' Motion should be granted and the Averbukh Sons' Cross-Motion denied.

**ARGUMENT**

**I.      The Averbukh Sons' Wrongful Death Claim Is An Administrative Claim.**

8.      The Averbukh Sons argue that their wrongful death claim is, by definition, not an administrative claim. Curiously, the Averbukh Sons cite no supporting case law for this argument and otherwise ignore the seminal case of *Reading v. Brown*, 391 U.S. 471, 485, 88 S. Ct. 1759, 20 L. Ed. 2d 751 (1986), cited in ¶ [38] of the Reorganized Debtors' Motion, and its

3

progeny. In *Reading*, the Supreme Court held that "tort claims arising during an arrangement [are] actual and necessary expenses of the arrangement." *Id.* at 482, 88 S. Ct. at 1765.

9. Consistent with *Reading*, courts have held that damages arising from a postpetition tort committed by a debtor are entitled to administrative expense status under §503(b) of the Bankruptcy Code.[3] *See, In re Refco Inc.*, 2008 U.S. Dist. LEXIS 2484 *17 (S.D.N.Y. 2008) (citing *Reading v. Brown*, *supra*). The Averbukh Sons simply chose to ignore this controlling law in their Response.

10. As to the Averbukh Sons' specific argument, nothing in the Modified Plan's definition of "Administrative Claim" can be construed to limit the scope of administrative claims covered by §503(b), except for the very limited exclusion of the GM Administrative Claim. The Plan definition incorporates the broad definition of a "Claim" as defined in both Section 1.29 of the Modified Plan and under §101(5) of the Bankruptcy Code for purposes of §503(b). The Modified Plan further defines the types of expenses that qualify as administrative expenses with "including, but not limited to…" language. Further, §503(b) uses the term "include" to illustrate the categories of administrative expenses falling within that section, and courts have found such categories of possible administrative expenses under § 503(b) to be nonexhaustive. *See, In re Pappas*, 277 B.R. 171 (Bankr. E.D.N.Y. 2002). Therefore, simply because the Modified Plan and § 503(b) do not expressly designate personal injury claims as "Administrative Claim[s]" does not mean that a personal injury or tort claim does not qualify as such a claim. *Compare, In re Eagle-Pitcher Industries, Inc.,* 447 F.3d 461, 465 (6th Cir. 2006) (although not explicitly stated, definition of 'recoverable administrative expenses' in plan included tort claims).

---

[3] The facts are undisputed that all of the events giving rise to the Averbukhs' wrongful death claim occurred or were capable of detection in 2007, the year the accident occurred, and, based on § 101(5)'s broad statutory definition of "claim", the wrongful death claim was a postpetition claim subject to discharge. *See In re Texaco, Inc.*, 182 B.R. 937, 953-954 (Bankr. S.D.N.Y. 1995).

4

11. Finally, the Averbukh Sons wrongly rely on an April 20, 2011 Order issued by the United States District Court for the Western District of Texas in the case of *Keith Smith v. General Motors Corporation and Delphi Automotive Systems, LLC*, Case No. SA-09-CA-296-OG, as support for their argument that their wrongful death claim is not an administrative claim. In *Smith*, the plaintiff suffered damages from a March 20, 2007 car accident involving a 2000 model car. Delphi moved to dismiss the action against it on grounds that the plaintiff failed to timely file an administrative claim by the Administrative Claims Bar Date, thereby rendering the claim barred and discharged. The court denied the motion and, among other things, held, without explanation, that plaintiff's products liability action was not an administrative claim within the meaning of the "the bankruptcy court's order," and it also was not "a claim for payment of an administrative expense under § 503(b) of the Bankruptcy Code" or "a claim entitled to priority pursuant to § 507(a)(1) of the Code."

12. The *Smith* Order cited by the Averbukh Sons has no precedential value. Moreover, as a substantive matter, the *Smith* Order was outright wrong. Not only was it based on a plain misinterpretation of this Court's Modifications Procedures Order and Plan Modification Order, but it also misapplied §§ 503(b) and 507(a)(1) of the Bankruptcy Code.[4]

## II. The Averbukh Sons Are Not Entitled to Relief from the "Pertinent Orders" Under Rule 60.

13. For their final argument, the Averbukh Sons assert in the alternative that they should be entitled to relief from the "Pertinent Orders" under Fed. R. Bankr. P. 9024, which renders Fed. R. Civ. P. 60 generally applicable to bankruptcy cases. Nowhere in their Response

---

[4] For what it is worth, the district court may have been unwittingly correct that the plaintiff's products liability claim was not an administrative claim because the vehicle in question was a 2000 model and events giving rise to the cause of action against Delphi could very well have occured before the inception of Debtors' chapter 11 cases in October, 2005. Accordingly, the plaintiff's claim may have been nothing more than a prepetition general unsecured claim.

5

do they identify which orders are the "Pertinent Orders" from which they seek relief (although we assume they are the Modification Procedures Order and the Plan Modification Order); nor do they articulate what relief they seek other than to repeat that they didn't get actual notice of the Administrative Claims Bar Date and, even if they did, their wrongful death claim is not an administrative claim. The Reorganized Debtors are left to guess, therefore, that to the extent the Pertinent Orders provide, in substance, that the Averbukh Sons did get notice of the Administrative Claims Bar Date and that their wrongful death claim is an administrative claim, they want this court—more than two years after the fact and after a similar claim filed by their state court attorneys for their mother, Alla, and designated as an administrative expense claim, was expunged by the court—to essentially reverse the effect of those orders as to them and allow their wrongful death claim to stand.

14.     According to the Averbukh Sons, subparts (b)(5) and (b)(6) of Rule 60 support their request for relief from the Pertinent Orders because this case involves "exceptional circumstances." Response Br. ¶ 25. Importantly though, *the Averbukh Sons do not identify a single reason why their case is "exceptional."* Rather, the Averbukh Sons repeat their unavailing request for relief "for the reasons stated above" (*i.e.*, the Averbukh Sons deny that they or their mother received notice of the administrative expense claim bar date, and they deny that the Claim is an administrative expense claim). Response ¶ 27. These reasons go to whether the Averbukh Sons should have filed a timely claim, not to whether they are entitled to relief from their failure. In any case, these circumstances are hardly "exceptional," either under Rule 60(b)(5) or Rule 60(b)(6).

15.     Under Rule 60(b)(5), modifying an order requires a two-step process. *In re Scott,* No. 05-41825-JDP, 2009 WL 2923082, *1 (Bankr. D. Idaho Sept. 10, 2009). "First, the movant

6

must demonstrate that a significant change in either factual conditions or in law has occurred." *Id.; see also Rufo v. Inmates of Suffolk County Jail,* 502 U.S. 357, 384 (1992). Second, the Court must ascertain "whether the proposed modification of the order is 'suitably tailored to resolve the problems created by the changed factual or legal conditions.'" *Id.* (citing *U.S. v. Asarco, Inc.*, 430 F.3d 972, 979 (9th Cir. 2005). Rule 60(b)(5) allows for relief from a final order if "it is no longer equitable that the judgment should have prospective application," and if there has been a finding of "caution, substantial change, unforeseenness, oppressive hardship, and a clear showing." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 364 (6th Cir. 1990) (quoting *Humble Oil v. American Oil Co.,* 405 F.2d 803, 813 (8th Cir.), *cert. denied,* 395 U.S. 905, 89 S.Ct. 1745, 23 L.Ed.2d 218 (1969)).

16.     Here, the Averbukh Sons have not specifically cited a single "changed factual or legal condition[]" in this case, and they have plainly failed to even assert "caution, substantial change, unforeseenness, [or] oppressive hardship." These omissions are telling, because in fact, *there were no "changed factual or legal condition[]" that arose after the Administrative Claims Bar Date*—the Averbukh Sons and their mother knew of their claim before that date and failed to assert it. Such a failure was in no way the product of "caution, substantial change, or unforeseenness," as the Debtors provided adequate notice of the bar date by publication. Accordingly, the Averbukh Sons' failure to act timely can hardly be the basis for "oppressive hardship" now, particularly given that relief remains available to the Averbukh Sons in their Maryland action from multiple defendants other than the Reorganized Debtors. Moreover, the Averbukh Sons have made no showing that the purpose of the Pertinent Orders has not "fully been achieved," as those orders were entered to ensure an orderly and effective reorganization under the Reorganized Debtors' plan, and that plan has since been substantially consummated.

Indeed, it is the very relief the Averbukh Sons apparently seek from the Pertinent Orders that would undermine those orders' purpose, as excepting the Averbukh Sons from the bar date would open the flood gates for countless other claims against the Reorganized Debtors' estate.

17.  The Averbukh Sons' Response meets the same result under Rule 60(b)(6).  Under that subpart of Rule 60, relief from a judgment or final order requires "a movant [to] show that (1) the motion was timely filed, (2) the motion is premised on a meritorious defense, (3) there is no prejudice to the opposing party, and (4) there are exceptional circumstances warranting the relief requested." *In re Twins, Inc.*, 318 B.R. 90, 94-95 (Bankr. Dist. S.C. 2004) (internal pagination omitted). "Rule 60(b)(6) applies to address errors or actions beyond the party's control." *In re Scott*, No. 05-41825-JDP, 2009 WL 2923082, *1 (Bankr. D. Idaho Sept. 10, 2009).  As with other subdivisions of Rule 60(b), Rule 60(b)(6) relief is only available in "extraordinary circumstances," and the standard for Rule 60(b)(6) "appears to be somewhat higher, requiring 'extreme and undue hardship.'" *In re Asbestos Litigation*, 173 F.R.D. 87, 89 (S.D.N.Y. 1997) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986).  Rule 60(b)(6) simply "'is not for the purpose of relieving a party from free, calculated and deliberate choices he has made.'" *In re AMC Realty Corp.*, 270 B.R. 132, 144 (Bankr. S.D.N.Y. 2001) (quoting *In re AL & LP Realty Co.*, 164 B.R. 231, 234 (Bankr. S.D.N.Y. 1994)).

18.  Here, the Averbukh Sons' request for relief under Rule 60(b)(6) necessarily fails because the reason for the request—the untimeliness of the Claim—is wholly of the Averbukh Sons' own making.  In addition to failing to file by the Administrative Claims Bar Date, the Averbukh Sons waited almost two years after their mother filed her late claim and 18 months after the attorney representing the mother in that filing formally appeared on the Sons' behalf.  Further, the interests of "substantial justice" prohibit any relief for the Averbukh Sons, as

8

countless other claimants would be encouraged to come forward with similarly untimely claims, thereby potentially threatening the right of timely claimants to payment under the Plan. *In re Genesis Health Ventures, Inc.*, 340 B.R. 729, 733 (D. Del. 2006) ("Here, the Bankruptcy Court did not commit error when it found that to award money damages against Genesis would be to redivide the pie, to upset the confirmed plan, and to negatively affect innocent parties and creditors." *Id.* at 733 (internal quotation marks and citations omitted)).

19.   In summary, the Averbukh Sons' conclusory request for relief under Rule 9024 and Rule 60 necessarily fails, and this Court should grant the Reorganized Debtors' Motion.

## CONCLUSION

20.   For the reasons stated in the Reorganized Debtors' Motion and in this Reply, the Reorganized Debtors request that this Court enter an order permanently enjoining Alla Averbukh, Vladimir Averbukh, individually and as Personal Representative of the Estate of Boris Averbukh, and Alesander Averbukh from pursuing their discharged and expunged claim against the Reorganized Debtors in the Maryland State Court Action, directing the Averbukhs to immediately dismiss the Maryland State Court Action as against the Reorganized Debtors, and granting the Reorganized Debtors such other and further relief to which they may be entitled.

Dated: Detroit, Michigan
          September 21, 2011

BUTZEL LONG, a professional corporation

By:    /s/      Thomas B. Radom
          Cynthia J. Haffey
          Sheldon H. Klein
          Thomas B. Radom
          Chester E. Kasiborski, Jr.
150 West Jefferson, Suite 100
Detroit, MI  48226
(313) 225-7000
*Attorneys for Reorganized Debtors*

9

Hearing Date: September 22, 2011 at 10 a.m. (EDT)

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
Cynthia J. Haffey
Chester E. Kasiborski, Jr.
Thomas B. Radom

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.*, | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| Reorganized Debtors. | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2011, a true and correct copy of the Reorganized Debtors' (A) Reply In Support Of Motion ("Motion") For Order (i) Enforcing Modification Procedures Order, Modified Plan And Plan Modification Order Injunction And Forty-Seventh Omnibus Claims Objection Order Against Averbukhs, As Plaintiffs, In Maryland State Court Wrongful Death Action; And (ii) Directing Averbukhs To Dismiss Action To Recover Upon Discharged And Expunged Claim, And (B) Response To Vladimir Averbukh's And Alesander Averbukh's Cross-Motion For Relief From The "Pertinent Orders" was served via the courts electronic filing system.

Dated: Detroit, Michigan         /s/ Alexis L. Richards
       September 21, 2011