BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, Michigan  48226
(313) 225-7000
Cynthia J. Haffey
Chester E. Kasiborski, Jr.

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| DPH HOLDINGS CORP., *et al.,* | ) | Case No. 05-44481 (RDD) |
|  | ) | Jointly Administered |
| Reorganized Debtors. | ) |  |
|  | ) |  |

**JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS, APPLE, INC., APPLE COMPUTER INTERNATIONAL, AND HON HAI
PRECISION INDUSTRY COMPANY, LTD. ALLOWING AND COMPROMISING
PROOF OF CLAIM NUMBER 16778
AND ADMINISTRATIVE EXPENSE CLAIM NUMBER 18902**

**(APPLE INC., APPLE COMPUTER INTERNATIONAL, AND
HON HAI PRECISION INDUSTRY COMPANY, LTD.)**

DPH Holdings Corp. ("DPH") and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and Apple, Inc., Apple Computer International and Hon Hai Precision Industry Company, LTD (collectively, the "Claimant") submit this Joint Stipulation And Agreed Order Between Reorganized Debtors, Apple, Inc., Apple Computer International, and Hon Hai Precision Industry Company, LTD. Allowing And Compromising Proof Of Claim Number 16778 And Administrative Expense Claim Number 18902, and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its

affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively,

the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court

for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§

101¬1330, as then amended.

WHEREAS, Claimant filed a proof of claim in the captioned case on or about July 31,

2006 ("Claim 13926") seeking certain amounts arising from or relating to that certain Master

Goods Agreement #C56-03-00459 dated as of May 1, 2004 (the "Master Goods Agreement") by

and between Claimant and Debtors, pursuant to which Debtors supplied Claimant with certain

goods.

WHEREAS, Claimant amended Claim 13926 on two occasions.  First, on or about July 5,

2007, Claimant filed an amendment to Claim 13926, which, among other things, was designated

as both proof of claim number 16622 ("Claim 16622") and proof of claim number 16624 on the

claims register maintained by the Debtors ("Claim 16624," and together with Claim 16622, the

"First Amended Claim").   On or about January 8, 2008, Claimant further amended its claim

against Delphi by filing a second amended proof of claim, which was designated in the claims

register as three distinct claims, claim number 16770 ("Claim 16770"), 16775 ("Claim 16775")

and 16778 ("Claim 16778," and collectively with Claim 16770 and Claim 16775, the "Second

Amended Claim").

WHEREAS, on February 15, 2008, the Debtors objected to Claim 13926, Claim 16622,

Claim 16624, Claim 16770, and Claim 16775 pursuant to the Debtors' Twenty-Sixth Omnibus

Objection Pursuant to 11 U.S.C. §502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or

Amended Claims, (B) Untimely Claims not Reflected on Debtors' Books and Records,

(C) Untimely Claims, and (D) Claims Subject to Modification and Modified Claim Asserting

Reclamation (Docket No. 12686) (the "Twenty-Sixth Omnibus Claims Objection").

WHEREAS, on March 13, 2008, to resolve the Twenty-Sixth Omnibus Claims Objection with respect to Claim 13926, Claim 16622, Claim 16624, Claim 16770, and Claim 16775, Claimant and Debtors entered into a Stipulation (the "Stipulation"), pursuant to which, among other things, Claimant and Debtors agreed that (a) each of Claim 13926, Claim 16622, Claim 16624, Claim 16770, and Claim 16775 would be disallowed and expunged in their entirety, (b) that Claim 16778 would remain on the Debtors' claims register as the Second Amended Claim and be referenced as an amendment to Apple's originally filed proof of claim (Claim 13296), which was filed prior to the bar date set for the filing of proofs of claims in this case, and therefore related back to the date Claim 13296 was filed, and (c) that Claim 16778 would remain subject to future objection by the Debtors and other parties-in-interest.  The March Stipulation was approved by the Court on September 15, 2008 (Docket No. 14182).

WHEREAS, on or about July 15, 2009, Claimant filed an administrative expense claim in the amount of at least $9,487,891.95 which was designated as Claim 18902 ("Administrative Expense Claim 18902") which was based on the same contract and the same general set of facts and circumstances as Claim 16778.

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the consummation of the Modified Plan, Delphi emerged from chapter 11 as DPH.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

3

WHEREAS, on November 6, 2009, the Reorganized Debtors objected to Claim 16778 pursuant to the Reorganized Debtors' Thirty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain (A) Equity Interests, (B) Books And Records Claims, (C) Untimely Claims, (D) Pension, Benefit, And OPEB Claims, And (E) Workers' Compensation Claims, And (II) Modify And Allow Certain Claims (Docket No. 19044) (the "Thirty-Eighth Omnibus Claims Objection").

WHEREAS, on December 3, 2009, Claimant filed a response to the Thirty-Eighth Omnibus Claims Objection (Docket No. 19145).

WHEREAS, on April 16, 2010 the Reorganized Debtors objected to Administrative Expense Claim 18902 pursuant to Reorganized Debtors' Forty-Seventh Omnibus Objection Pursuant to 11 U.S.C. §503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books and Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain Administrative Expense Claims (Docket No. 19873) (the "Forty-Seventh Omnibus Claims Objection").

WHERAS, on May 13, 2010 Claimant filed a response to the Forty-Seventh Omnibus Claims Objection ( Docket No. 20050).

WHEREAS, the Reorganized Debtors have represented that there are no pending actions against the Claimant under chapter 5 of the Bankruptcy Code.

WHEREAS, to resolve the Thirty-Eighth Omnibus Claims Objection with respect to Claim 16778, to resolve the Forty-Seventh Omnibus Claims Objection with respect to Administrative Expense Claim 18902, and to resolve all other claims held by any of the Apple Releasing Parties (as defined below) against any of the Released Parties (as defined below), the Reorganized Debtors and the Claimant entered into this Stipulation, pursuant to which, among other things, the Reorganized Debtors and the Claimant agreed that Claim 16778 should be

allowed as a general, non-priority unsecured claim in the amount of $3,000,000.00 and that Administrative Expense Claim 18902 should be allowed as an administrative claim in the amount of $20,000.00 against DPH.

NOW, THEREFORE, the Reorganized Debtors and the Claimant stipulate and agree as follows:

1.    Claim 16778 shall be allowed as a general, non-priority unsecured claim in the amount of $3,000,000.00 and payment shall be made to Claimant in the amount and at the time directed by the further order of this Court.

2.    Administrative Expense Claim 16902 shall be allowed in the amount of $20,000.00 and shall be treated as an allowed administrative claim against DPH in accordance with the terms of the Modified Plan.

3.    Notwithstanding anything to the contrary in the Modified Plan, within 45 days of the Court entering this Stipulation on the Court's docket, DPH shall pay Claimant $20,000.00 by issuing a check payable to Apple, Inc and mailed to the following address:

> Apple, Inc.
> Attention: Vi Tran
> 1880 Homestead Road
> Cupertino, CA 95014

4.    Allowance of Claim 16778 in the amount of $3,000,000.00, allowance of Administrative Expense Claim 16902 (collectively, the "Claims"), and the payments called for by Paragraphs 1 and 3 are in full satisfaction of the Claims, and the Claimant releases and discharges Debtors and Reorganized Debtors from any other payments on the Claims.

5.    Nothing herein shall be construed as an admission of liability on behalf of the Reorganized Debtors or Debtors with respect to any portion of the Claims.

6.    This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

Dated: Detroit, Michigan
     September 20, 2011

AGREED TO AND APPROVED FOR ENTRY:

BUTZEL LONG

By:  /s/ Cynthia J. Haffey
    Cynthia J. Haffey
    Chester E. Kasiborski, Jr.
150 West Jefferson, Suite 100
Detroit, MI  48226
(313) 225-7000
Fax:  (313) 225-7080

Attorneys for DPH Holdings Corp., *et al*
Reorganized Debtors

PILLSBURY WINTHROP SHAW PITTMAN LLP

By:  /s/ Brandon R. Johnson (w/ Consent)
    Brandon R. Johnson, Esq.
1540 Broadway
New York, NY  10036
Tel:  (212) 858-1000
Fax:  (212) 858-1500

By:  /s/ Karen J. Craft (w/ Consent)
    Karen J. Craft
    Managing Resourcing Counsel
Delphi Automotive Systems
Legal Staff
5825 Delphi Drive / M/C 480-410-268
Troy, MI 48098

Attorneys for Delphi Automotive Systems, LLC

By:  /s/ Philip S.Warden (w/consent)
Philip S. Warden, Esq.
Michael P. Ellis, Esq.
50 Fremont Street
San Francisco, CA  94120
Tel:  (415) 983-1000
Fax:  (415) 983-1200

Attorneys for Apple Inc, Apple Computer International, and Hon Hai Precision Industry Company

SO ORDERED this 21st day of September, 2011

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

#1298952 v1