SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|        Reorganized Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

JOINT STIPULATION AND AGREED ORDER BETWEEN
REORGANIZED DEBTORS AND GRACE DAVISON PROVIDING
GRACE DAVISON AN ALLOWED GENERAL UNSECURED
<u>NON-PRIORITY CLAIM PURSUANT TO 11 U.S.C. § 502(h)</u>

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases, including DPH-DAS LLC, (collectively, the "Reorganized Debtors") and Grace Davison respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors And Grace Davison Providing Grace Davison An Allowed General Unsecured Non-Priority Claim Pursuant To 11 U.S.C. § 502(h) (the "Stipulation"), and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

WHEREAS, pursuant to Article 7.19 of the Modified Plan, the Reorganized Debtors in their sole and absolute discretion retained the right to pursue the claims and cause of action asserted in the Complaint (as defined below) and to settle, release or compromise such claims and cause of action without further approval of this Court.

WHEREAS, on or about September 7, 2007, the Reorganized Debtors commenced an adversary proceeding (the "Adversary Proceeding") by filing a complaint ("the Complaint") to avoid and recover certain amounts (the "Transfers") from Grace Davison.

WHEREAS, the Reorganized Debtors and Grace Davison entered into a settlement agreement, dated as of August 5, 2011 (the "Settlement Agreement"), to resolve the Adversary Proceeding with respect to the alleged Transfers, pursuant to which the Reorganized Debtors and Grace Davison agreed that, among other things, pursuant to 11 U.S.C. § 502(h), Grace Davison should be provided with an allowed general unsecured non-priority claim against DPH-DAS LLC in the amount set forth in the Settlement Agreement.

NOW, THEREFORE, the Reorganized Debtors and Grace Davison stipulate and agree as follows:

1. Upon payment by Grace Davison to the Reorganized Debtors of the settlement amount set forth in the Settlement Agreement, Grace Davison shall receive, pursuant to 11 U.S.C. § 502(h), an allowed general unsecured non-priority claim against DPH-DAS LLC in accordance with the terms of the Modified Plan in the settlement amount set forth in the Settlement Agreement.

2. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 22nd day of September 2011.

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Matthew F. Dexter |
|---|---|
| John Wm. Butler, Jr. | Matthew F. Dexter |
| John K. Lyons | KIRKLAND & ELLIS, LLP |
| Ron E. Meisler | 601 Lexington Avenue |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | New York, New York 10022 |
| 155 North Wacker Drive | Attorneys for Grace Davison |
| Chicago, Illinois 60606 | |

- and –

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors