REED SMITH LLP
Mark D. Silverschotz
Sarah K. Kam
599 Lexington Avenue
New York, New York 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
Email: msilverschotz@reedsmith.com;
skam@reedsmith.com

-and-

Derek J. Baker
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
Email: dbaker@reedsmith.com

Hearing Date: October 24, 2011 at 10 a.m. (ET)
Objection Deadline: October 17, 2011 at 4 p.m. (ET)

Attorneys for Wells Fargo Bank, N.A.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

In re:

DPH HOLDINGS CORP., et al.,

                   Debtors.

-------------------------------------------------------------X

Chapter 11

Case No. 05-44481 (RDD)

### MOTION OF WELLS FARGO BANK, N.A., SUCCESSOR TO WACHOVIA BANK, NATIONAL ASSOCIATION, UNDER RULE 60(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND RULE 9024 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR RELIEF FROM THE ORDERS SEALING COMPLAINT AND EXTENDING TIME FOR SERVICE THEREOF

Wells Fargo Bank, N.A. ("Wells Fargo"), successor by merger to Wachovia Bank,

National Association ("Wachovia Bank"), by its undersigned attorneys, hereby files this motion

under Rule 60(b) of the Federal Rules of Civil Procedure, made applicable to bankruptcy

proceedings by Rule 9024 of the Federal Rules of Bankruptcy Procedure, along with the

US_ACTIVE-107408802.1

accompanying Affidavit of Mark D. Silverschotz, sworn to on September 30, 2011

("Silverschotz Aff.") and Affidavit of Patrick A. McGovern, sworn to on September 29, 2011

("McGovern Aff."), for relief from the *Order Under 11 U.S.C. §§ 102(1)(A), 105(a), 107,*

*108(a)(2), and 546(a) and Fed. R. Bankr. P. 7004, 9006(c), and 9018 (i) Authorizing Debtors to*

*Enter into Stipulations Tolling Statute of Limitations with Respect to Certain Claims, (ii)*

*Authorizing Procedures to Identify Causes of Action that Should be Preserved, and (iii)*

*Establishing Procedures for Certain Adversary Proceedings Including those Commenced by*

*Debtors Under 11 U.S.C. § 541, 544, 545, 547, 548, or 553* (Docket No. 9105) (the "Sealing

Order") as well as all orders of the Court extending the time for service of the complaint in the

adversary proceeding number 07-02720 (collectively, the "Extension Orders").[1]  In support of

this motion, Wells Fargo respectfully states as follows:

## PRELIMINARY STATEMENT

1.      "[T]he Constitutional issue, . . . the due process issue here, is not so much the

running of time as the issue of whether and how the defendants got notice of the Rule 4 Motions.

If they didn't get notice, then it's wide open. * * * And then, the notice that would trigger the

Rule 60(b)(4) analysis would be due process notice . . . . [I]f the notice was buried or confusing

or the like, then I would understand that, too, as a violation of due process . . . ."[2]

2.      Because it was denied notice and, as a consequence, due process of law, in

connection with the commencement and service of a lawsuit against it, Wells Fargo – after

appropriate diligence including review of the case docket herein – to its detriment, released

indemnity and other claims against and liens on the property of its borrower and co-defendant

---

[1]      The Extension Orders include Docket Nos. 13277, 13484, and 18999.

[2]      Hon. Robert D. Drain, Transcript of July 22, 2010 Hearing at 103-105, 119-120.  Silverschotz Aff. ¶ 4.

US_ACTIVE-107408802.1

Laneko Engineering Co. ("Laneko").[3] Because of the loss of those rights as a consequence of having been denied due process, under the relevant facts and pursuant to well-established law, Wells Fargo is entitled to relief from the Sealing Order and related Extension Orders.

3.      It cannot be disputed that Wells Fargo (as Wachovia Bank, pre-petition) was not on the Bankruptcy Rule 2002 service schedule and was not served with either the Sealing Order or the related motion.  Further, Wells Fargo was not served with above-captions debtors' (the "Debtors") plan and disclosure statement at the time that the plan's Exhibit 7.24 identified it as a potential target of a prospectively "retained" cause of action to be brought against the bank and Laneko.

4.      Indeed, the Debtors did not serve Wells Fargo with the complaint it previously had filed under seal until more than four years after the Debtors filed for bankruptcy and more than two years after the fixed statutory period for the Debtors to commence avoidance actions had expired.  Significantly, the rationales that the Debtors contended justified the sealing of this and several other complaints did not apply to Wells Fargo.  Nor did any basis ever exist for delaying service of the complaint against Wells Fargo and Laneko.

5.      In connection with seeking and obtaining the Sealing Order, the Debtors contended that, *inter alia*, it was vital to their pending reorganization efforts that the targets of such lawsuits not be disclosed.  The targets allegedly were suppliers to the Debtors or otherwise in business-critical relationships with them.

6.      In the cases of Wells Fargo and Laneko, manifestly this was not true.  Wells Fargo's borrower had ceased doing business with the Debtors and Wells Fargo itself had no

---

[3]      Wells Fargo is a defendant in the matter encaptioned *Delphi Corporation v. Laneko Engineering Co. , et al.*, Adv. Pro. No. 07-02720 (Bankr. S.D.N.Y.).

US_ACTIVE-107408802.1

ongoing business relationship with the Debtors.  Again, Exhibit 7.24 to the Debtors' plan of

reorganization, served upon parties-in-interest, but not upon Wells Fargo, and filed mere days

before the release of liens and claims by Wells Fargo, disclosed that suits against Wells Fargo

and Laneko were causes of action to be "retained" by the reorganized estates.[4]

7.    Clearly, even assuming *arguendo* the legitimacy of the dubious proposition that

the Debtors had a good-faith basis to protect the estates from the anger of ongoing suppliers,

Wells Fargo and its borrower Laneko wrongfully were swept along in the process.  The Debtors

lacked any basis to seal the Wachovia Bank/Laneko complaint or delay its service, and Wells

Fargo reasonably relied on the absence of reference to such complaint on the docket when

releasing claims against and the collateral of its borrower.  Under such circumstances, Wells

Fargo should be granted relief from the Sealing Order and the related Extension Orders under

either or both of Rules 60(b)(4) or (b)(6) of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction over this motion under 28 U.S.C. § 1334.  This is a

core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this Court pursuant to 28

U.S.C. § 1409.

## BACKGROUND

### Wells Fargo and Laneko Financing

9.    In December 2000, First Union National Bank, predecessor-in-interest to

Wachovia Bank, agreed to provide working capital and term financing to Laneko under various

---

[4]    *See December 28, 2007 Notice of Filing of Exhibits with Respect to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession* (Docket No. 11608) (the "Notice of Filing Plan Exhibits").

US_ACTIVE-107408802.1

loan and security agreements and related documents (the "Loan Agreements").[5]  McGovern Aff.

¶ 4.  Laneko supplied goods to the Debtors.  *Id.*

10.     Under the Loan Agreements, Laneko granted, and Wachovia Bank held, a

security interest in all of Laneko's assets.  McGovern Aff. ¶ 5.  Laneko further agreed to

indemnify Wachovia Bank against all claims arising out of the Loan Agreements.  *Id.*  Laneko,

Wachovia Bank, and certain other parties subsequently entered into forbearance agreements in

connection with the Loan Agreements.  Wells Fargo and Wachovia Bank merged effective

December 31, 2008.[6]  *Id.*

11.     In early 2005, disputes arose under various purchase orders and/or supply

contracts issued by the Debtors to Laneko.  These disputes led to the Debtors filing a verified

complaint against Laneko for specific performance, declaratory relief, and money damages in the

United States District Court for the Eastern District of Michigan, Case No. 2-05-CV-73193 (the

"Federal Action").  Silverschotz Aff. ¶ 2.

12.     On August 31, 2005, Laneko and the Debtors entered into a Settlement

Agreement under which Laneko and the Debtors agreed to resolve and settle the Federal Action

with the Debtors agreeing to certain financial and other accommodations to Laneko in exchange

for Laneko's assurance and acknowledgment that it would fulfill the Debtors' remaining

production requirements under the purchase orders as modified by the Settlement Agreement.

Silverschotz Aff. ¶ 3.  Wells Fargo was not a party to the Settlement Agreement.  *Id.*

---

[5]     In 2001, First Union National Bank merged with Wachovia Corporation.

[6]     Because of the merger, Wachovia Bank generally is referred to herein as Wells Fargo.

US_ACTIVE-107408802.1

### The Debtors' Bankruptcy Cases and the Sealing Order

13.    On October 8, 2005, certain of the Debtors filed voluntary petitions for chapter 11 relief.  On October 14, 2005, three additional Debtors filed voluntary petitions for chapter 11 relief.  Under section 546 of the Bankruptcy Code, the Debtors' two-year statute of limitations to commence avoidance actions was set to expire on October 8, 2007.

14.    On August 6, 2007, two months prior to the expiration of the statutory limitation for the commencement of actions, the Debtors filed their *Expedited Motion for Order Under 11 U.S.C. §§ 102(1)(a), 105(a), 107, 108(a)(2), and 546(a) and Fed. R. Bankr. P. 7004, 9006(c) and 9018 (i) Authorizing Debtors to Enter into Stipulations Tolling Statute of Limitations with Respect to Certain Claims, (ii) Authorizing Procedures to Identify Causes of Action that Should be Preserved, and (iii) Establishing Procedures for Certain Adversary Proceedings Including those Commenced Under 11 U.S.C. § 541, 544, 545, 547, 548 or 553* (Docket No. 8905) (the "Sealing Motion").

15.    Despite its innocuous and misleading title, the Sealing Motion actually sought entry of an order (i) permitting the filing of adversary complaints under seal and sealing the adversary dockets to prevent public access, (ii) directing the Clerk of the Court to delay issuing summonses unless and until the Debtors notified the Clerk of their intent to prosecute these actions, (iii) staying each adversary proceeding unless and until the Debtors served process on the defendants, and (iv) extending to March 31, 2008 the date by which the Debtors would have to serve process under Rule 4(m) of the Federal Rules of Civil Procedure.  Sealing Motion at 10-12.

- 6 -

US_ACTIVE-107408802.1

16.     As to the first request for relief, the Debtors stated that filing the adversary complaints under seal and sealing the adversary dockets to prevent public access was necessary to preserve their business relationships with the potential defendants:

> 36.     Maintaining the status quo would also be promoted by permitting the filing of the complaints under seal. Once filed, the actions would remain dormant.  The Debtors do not intend to prosecute the actions while pursuing plan confirmation. Sealing the complaints will keep the actions inactive and would be consistent with the Debtors' intention to de-link the sealed adversary proceedings from all other activity in these chapter 11 cases and to prevent their use for any purpose by any party. Thus, sealing should promote the plan process and avoid needless costs relating to actions that remain unnecessary under the Debtors' prospective plan.

> 37.     Moreover, sealing the actions would avoid unnecessarily alarming potential defendants. **The Debtors have worked to preserve and repair their business relationship with many of the potential defendants during these cases and have negotiated or regained favorable credit terms with many suppliers and are continuing to do so. The Debtors are also engaged in negotiations with some of the potential defendants on issues unrelated to avoidance actions.**

> 38.     To enable the Debtors to preserve these potential causes of action, yet allow the Debtors to continue to implement their transformation plan and to promptly develop, negotiate, prosecute, confirm, and consummate a plan of reorganization, the Debtors seek authorization to file under seal paper copies (along with discs containing complaints in PDF format) of the complaints filed in each Adversary Proceeding against the potential defendants under seal. The Debtors also request that the case docket for any adversary proceedings initiated by the complaints likewise be sealed and not available for public access. The Debtors will coordinate with the Clerk to ensure an efficient, costeffective approach to filing under seal the numerous actions contemplated by this Motion.

Sealing Motion at 20-21 (emphasis added).

17.     Wells Fargo did not have an ongoing business relationship with the Debtors or supply goods to the Debtors.  McGovern Aff. ¶ 6.  The factual predicate for the Sealing Motion and Sealing Order simply did not apply to Wells Fargo.

18.     As to the remaining requests for relief, the Debtors stated that an extension of the time within which the Debtors must serve the summonses and complaints was necessary to

- 7 -

US_ACTIVE-107408802.1

"permit the Debtors to preserve potentially valuable assets without disrupting the plan process or existing business relationships prematurely or prejudicing the rights of any defendants." Sealing Motion at 19.

19.    Wells Fargo was not on the Debtors' Bankruptcy Rule 2002 service list. *See* Affidavit of Service, dated August 10, 2007 (Docket No. 9039); Silverschotz Aff. ¶ 5. The Debtors did not give Wells Fargo notice of the Sealing Motion. *See* Affidavit of Service, dated August 10, 2007 (Docket No. 9039); Silverschotz Aff. ¶ 6.

20.    On August 16, 2007, the Court entered the Sealing Order granting the Sealing Motion. The Sealing Order allowed the Debtors to file the adversary complaints under seal and seal the adversary dockets, but defer service of the summonses and complaints until March 31, 2008.

21.    The Debtors did not give Wells Fargo notice of the Sealing Order. *See* Affidavit of Service, dated August 23, 2007 (Docket No. 9141); Silverschotz Aff. ¶ 7.

**The Sealed Complaint**

22.    Unbeknownst to Wells Fargo, on September 30, 2007, the Debtors commenced an adversary proceeding against Wells Fargo and Laneko by filing a complaint under seal (the "Sealed Complaint") (Adv. Pro. No. 07-02720). The Sealed Complaint sought to recover an alleged preferential transfer from Wells Fargo and Laneko under section 547 of the Bankruptcy Code. The Debtors deferred serving the summons and Sealed Complaint on Wells Fargo. Wells Fargo, which had received neither the Sealing Motion nor the Sealing Order, also did not have notice that the adversary proceeding against it had been commenced.

US_ACTIVE-107408802.1

23.     On October 8, 2007, but for the provisions of the Sealing Order, the two-year statutory limitation period under section 546 of the Bankruptcy Code, for the Debtors to commence avoidance actions, would have expired.

**Wells Fargo Releases Liens and Claims against Laneko and the Debtors Disclose "Retained" Cause of Action against Wells Fargo (Wachovia Bank)**

24.     On November 27, 2007, Laneko demanded that Wells Fargo release the liens on Laneko's assets purportedly because Laneko's obligations under the Loan Agreements had been satisfied and—to the parties' knowledge—no lawsuit had been commenced.  McGovern Aff. ¶ 7.

25.     In response to Laneko's demand, Wells Fargo commissioned a litigation search to determine if any outstanding litigation existed in connection with the Loan Documents. McGovern Aff. ¶ 8.  Because the Debtors had filed the Sealed Complaint under seal and sealed the adversary docket, because Wells Fargo had not been served with the summons or Sealed Complaint, and because the Sealing Motion was misleadingly and incompletely described on the chapter 11 case docket, Wells Fargo did not locate any lawsuits against either itself or Laneko. *Id.*

26.     On December 10, 2007, the Debtors filed their *First Amended Disclosure Statement with Respect to First Amended Joint Plan of Reorganization* (Docket No. 11388) (the "Disclosure Statement") and *First Amended Joint Plan of Reorganization* (Docket No. 11386) (the "Plan").  The Debtors did not serve Wells Fargo with the Disclosure Statement or Plan.  *See* Affidavit of Service, dated January 11, 2008 (Docket No. 11974); Silverschotz Aff. ¶ 8.

US_ACTIVE-107408802.1

27.    On December 15, 2007, the Debtors served upon Wells Fargo a Confirmation Hearing Notice (Docket No. 11974).[7] *See* Affidavit of Service, dated January 11, 2008 (Docket No. 11974); Silverschotz Aff. ¶ 8.

28.    On December 28, 2007, the Debtors filed their *Notice of Filing Plan Exhibits*. Exhibit 7.24 set forth the actions the Debtors sought to retain under the Plan, including causes of action against Wells Fargo and Laneko.  The Debtors did not serve Wells Fargo with the Notice of Filing Plan Exhibits.  *See* Affidavit of Service, dated January 12, 2008 (Docket No. 11977); Silverschotz Aff. ¶ 9.

29.    On January 14, 2008, because 1) Wells Fargo reasonably believed that the two-year statute of limitations to commence avoidance actions had expired, 2) despite diligent inquiry, Wells Fargo did not locate the lawsuit against Wells Fargo and Laneko which had been filed under seal, and 3) Wells Fargo had not received notice that a cause of action against it had been either commenced or preserved, Wells Fargo released its liens on Laneko's assets and its various claims against Laneko.  McGovern Aff. ¶ 9.

---

[7]    The Debtors served the Confirmation Hearing Notice at the following addresses:

> Wachovia Bank
> 191 Peachtree St
> Atlanta   GA        30303
>
> Wachovia Bank
> PO Box 3099
> Winston Salem    NC        27150
>
> Wachovia Bank Of Georgia Na Corp Trust Dept Mc Ga 1002
> PO Box 4148
> Atlanta   GA        30302
>
> Wachovia Bank Of Georgia Na Corp Trust Dept Mc Ga 1002
> PO Box 4148
> Atlanta   GA        30302
>
> Wachovia Bank Of Sc
> PO Box 127

Continued on following page

US_ACTIVE-107408802.1

30.    On January 25, 2008, the Court entered an order confirming the Plan (Docket No. 12359).

## Extensions of the Sealing Order

31.    The Debtors subsequently obtained additional extensions of the deadline to serve the summons and Sealed Complaint.  However, by this time, the damage already was done; Wells Fargo's liens on Laneko's property and claims against Laneko already had been released.

32.    On February 28, 2008, the Debtors filed their motion to further extend the March 31, 2008 deadline to serve the summonses and sealed complaints to May 31, 2008 (Docket No. 12922) (the "Second Extension Motion").  The Debtors did not serve Wells Fargo with the Second Extension Motion.  *See* Affidavit of Service, dated March 4, 2008 (Docket No. 12970); Silverschotz Aff. ¶ 10.

33.    On March 19, 2008, a hearing was held, *inter alia,* with respect to the Second Extension Motion.  At that hearing, the Court expressed concern regarding the manner in which the Second Extension Motion had been served on entities not on the Rule 2002 service list:

> Mr. Butler:  Everyone received notice of the 4(m) motion, I believe.  Let me make sure.  Is that – I want to just double check with my folks.  It went to the 2002 services, I know for sure.  Just give us one second, Your Honor.
>
> The Court:  Okay.
>
> Mr. Butler:  Your Honor, I'm almost certain that they would have not gotten individualized notice unless they were on the 2002 list.
>
> The Court:  Okay.
>
> Mr. Butler:  And the reason for that is I'm not sure they know about the existence of the pleadings.
>
> * * * *

---

Continued from previous page

Landrum        SC        29356

US_ACTIVE-107408802.1

> The Court:  If they're on the 2002 list, you don't need to settle [the order].  If they
> weren't – they weren't served with it, I'd like you to settle it as to the handful of
> people that the plan at least contemplates would be pursued.

Transcript of March 19, 2008 Hearing at 23-24; Silverschotz Aff. ¶ 11.

34.    Pursuant to the Court's instructions, on March 20, 2008, the Debtors filed their

notice of presentment regarding an order on the Second Extension Motion (Docket No. 13190)

(the "Second Extension Motion Notice of Presentment").  The Debtors served Wells Fargo with

the Second Extension Motion Notice of Presentment.  *See* Affidavit of Service, dated March 21,

2008 (Docket No. 13199).

35.    On March 28, 2008, the Court granted the Second Extension Motion and further

extended the Debtors' time to serve the summonses and sealed complaints until May 31, 2008

(Docket No. 13277) (the "Second Extension Order").  The Debtors served Wells Fargo with the

Second Extension Order.  *See* Affidavit of Service, dated April 1, 2008 (Docket No. 13315).

36.    On April 10, 2008, the Debtors filed their motion to further extend the May 31,

2008 deadline to serve the summonses and sealed complaints to thirty days after the substantial

consummation of the Plan or a modified Plan (Docket No. 13361) (the Third Extension

Motion").  The Debtors served Wells Fargo with the Third Extension Motion.  *See* Affidavit of

Service, dated April 16, 2008 (Docket No. 13415).

37.    On April 30, 2008, a hearing was held, *inter alia,* with respect to the Third

Extension Motion.  The Debtors' counsel stated:

> Mr. Butler:  . . . We did give some specific notice in connection with [the Third
> Extension Motion], Your Honor.  We gave notice of the motion to [Laneko]
> Engineering Company, Wachovia Bank National Association and the master
> service list and the 2002 list.  **The reason that we gave specific notice to
> [Laneko] and Wachovia was because those were the only two parties that had
> been identified under Exhibit 7.24 of the plan as having the avoidance actions
> preserved under the plan and, therefore, we gave particularized notice to
> them of the relief sought by the debtors.**  We have not given notice to the 742
> other defendants therein which are under seal and it was not served on those

- 12 -

US_ACTIVE-107408802.1

defendants except to the extent those defendants already had placed themselves on either the master service list or the 2002 list.

Transcript of April 30, 2008 Hearing at 11-12 (emphasis added); Silverschotz Aff. ¶ 12.

38.     That same day, the Court granted the Third Extension Motion and further extended the Debtors' time to serve the summonses and sealed complaints until thirty days after substantial consummation of the Plan or a modified Plan (Docket No. 13484) (the "Third Extension Order").  The Debtors served Wells Fargo with the Third Extension Order.  *See* Affidavit of Service, dated May 6, 2008 (Docket No. 13540).

39.     On June 1, 2009, the Debtors filed their motion to supplement the Plan and a modified Plan (Docket No. 16646) (the "Modified Plan").  On July 30, 2009, the Court approved the Modified Plan (Docket No. 18707) (the "Modified Plan Order").

**The Fourth Extension Motion and Purported Service of the Complaint**

40.     On October 2, 2009, the Debtors filed their further motion to extend the deadline of thirty days after the substantial consummation of the Modified Plan to serve the summonses and sealed complaints to 180 days after substantial consummation of the Modified Plan (Docket No. 18952) (the "Fourth Extension Motion').  Unlike the previous extension motions, the Debtors' purported bases for the relief requested in the Fourth Extension Motion included (i) the complex nature of the transactions set forth in the Modified Plan required that significant time and resources be devoted to effecting them, (ii) the Modified Plan lists more causes of action than were originally retained under the original Plan, (iii) the Debtors did not believe that they would have adequate time to evaluate each retained avoidance action prior to the expiration of the service extension under the Third Extension Order, and (iv) the Debtors sought to avoid the cost of service and prosecution of actions against defendants whom, given more time, the Debtors might not need to pursue.  Fourth Extension Motion at 8-10.  The Debtors served Wells

- 13 -

Fargo with the Fourth Extension Motion.  *See* Affidavit of Service, dated October 7, 2009
(Docket No. 18967).

41.    On October 6, 2009, the effective date of the Modified Plan occurred (Docket No.
18958).

42.    On October 9, 2009, the Debtors served Wells Fargo with the *Notice of (A) Order
Approving Modifications to First Amended Joint Plan of Reorganization of Delphi Corporation
and Certain Affiliates, Debtors and Debtors-in-Possession and (B) Occurrence of Effective Date*
(Docket No. 18958).  *See* Affidavit of Service, dated October 14, 2009 (Docket No. 18978).

43.    On October 22, 2009, the Court granted the Fourth Extension Motion and further
extended the Debtors' time to serve the summonses and sealed complaints until 180 days after
substantial consummation of the Modified Plan (Docket No. 18999) (the "Fourth Extension
Order" and together with the Second Extension Order, and Third Extension Order, the
"Extension Orders").

44.    The Debtors apparently did not serve Wells Fargo with the Fourth Extension
Order.  Wells Fargo has been unable to locate on the docket an affidavit of service regarding the
Fourth Extension Order.

**Events Subsequent to Purported Service of the Sealed Complaint**

45.    On February 19, 2010, nearly two and a half years after filing the Sealed
Complaint under seal and after the two-year statute of limitations had expired, the Debtors
purported to serve the summons and Sealed Complaint on Wells Fargo.  McGovern Aff. ¶ 10.

46.    On April 12, 2010, Wells Fargo sent the Debtors a letter demanding dismissal of
the Sealed Complaint on procedural, substantive, and equitable grounds.  McGovern Aff. ¶ 11.

- 14 -

47.     At the hearing on July 22, 2010, the Court dismissed all the sealed complaints without prejudice to the Debtors moving for leave to file amended complaints. *See* Transcript of July 22, 2010 Hearing at 277; Silverschotz Aff. ¶ 4.  The Court directed the Debtors to file their motion for leave to file the amended complaints within forty-five days and further ruled that those complaints that were not amended would be dismissed. *See* Transcript of July 22, 2010 Hearing at 277; Silverschotz Aff. ¶ 4.

48.     On September 7, 2010, the Debtors filed their *Motion for Leave File Amended Complaints* (Docket No. 20575).

49.     On June 7, 2011, Wells Fargo filed its *Joinder to Opposition to the Reorganized Debtors' Motion for Leave to File Amended Complaint and Motion to Dismiss this Adversary Proceeding with Prejudice* (Adv. Pro. Docket No. 35).

50.     On August 2, 2011, the Debtors filed their *Motion under 11 U.S.C. § 105 and Fed. R. Bankr. P. 9014 for Leave to (I) Supplement the Record of the June 21, 2011 Hearing and (II) File the Reorganized Debtors' Statement Regarding Service of the Final Extension Motion* (Docket No. 21509).

51.     Also on August 2, 2011, the Debtors filed their *Omnibus Response to Certain Defendants' Submissions Regarding the October 2, 2009 Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion* (Docket No. 21510).

52.     On September 13, 2011, the Debtors filed their *Reorganized Debtors' Amended Omnibus Response to Certain Defendants' Submissions Regarding the October 2, 2009 Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion* (Docket No. 21571).

US_ACTIVE-107408802.1

## REQUESTED RELIEF

53.    Wells Fargo is entitled to relief from the Sealing Order and each of the Extension Orders because, to Wells Fargo's prejudice and detriment, the Debtors violated Wells Fargo's due process rights.  In particular, 1) the Debtors failed to serve Wells Fargo with the Sealing Motion and Sealing Order, 2) the Debtors had no factual, legal or equitable basis for sealing the Sealed Complaint against Wells Fargo, 3) Wells Fargo – after diligent inquiry indicating that no action had been commenced against it or Laneko – to its material detriment released its liens on its borrower's assets and its various claims against Laneko, and, 4) the title of the Sealing Motion for the Sealing Order deceptively and improperly failed to identify the relief actually sought such that a reasonable and diligent review of the docket did not reveal the true nature of the Sealing Motion.

## ARGUMENT

54.    Rule 60(b) of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Rule 9024 of the Federal Rules of Bankruptcy Procedure, governs relief from judgments or orders.  Wells Fargo is entitled to relief from the Sealing Order and the Extension Orders under Rules 60(b)(4) and 60(b)(6) of the Federal Rules of Civil Procedure because they are void judgments, and for other reasons which justify such relief.

**A.    The Sealing Order and Extension Orders Must be Vacated Under Rule 60(b)(4) Because the Debtors' Failure to Serve Wells Fargo with the Sealing Motion Violated the Bank's Due Process Rights**

55.    Notice and an opportunity for a hearing are constitutionally required by the due process clause.  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).  Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested

US_ACTIVE-107408802.1

parties of the pendency of the action and afford them an opportunity to present their objections."

*Id.* at 314.

56.     "Notice is also the cornerstone underpinning Bankruptcy Code procedure."

*Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.)*, 43 F.3d 714, 720 (1st

Cir. 1994) (citation and internal quotation marks omitted).  Bankruptcy Rule 9014(a) provides

that "reasonable notice and opportunity for hearing shall be afforded the party against whom

relief is sought."  Rule 9013-1(c) of the Local Bankruptcy Rules of the Southern District of New

York further provided that "[i]n addition to all entities otherwise entitled to receive notice, notice

of a motion shall be given to any entity having or claiming an interest in the subject matter of the

proposed order or who otherwise would be affected by the proposed order."[8]

57.     There is no disputing that the Debtors did not give Wells Fargo notice of either

the Sealing Motion or the Sealing Order both because the Sealing Motion was not served and

because the Sealing Motion misdescribed the relief it sought.  *See* Affidavits of Service to the

Sealing Motion and Sealing Order (Docket Nos. 9039 and 9141); Silverschotz Aff. ¶ 6, 7.

Because the Sealing Motion and Sealing Order effectively preserved a cause of action against

Wells Fargo as to which the statute of limitations would have expired on October 8, 2007, Wells

Fargo was adversely affected by the Sealing Motion and Sealing Order when it released its liens

against Laneko's assets and claims against Laneko.  Under the principles of due process

embodied in the U.S. Constitution and the Bankruptcy and Local Rules, at minimum, Wells

Fargo was an interested party entitled to service of the Sealing Motion and Sealing Order.

---

[8]     Local Rule 9013-1(c) was subsequently amended, but is substantially similar to the rule in effect at the
relevant times herein.

US_ACTIVE-107408802.1

58.     The Debtors' failure to notify Wells Fargo of the Sealing Motion and Sealing

Order violated Wells Fargo's due process rights.  "A judgment entered in violation of due

process is clearly void under Rule 60(b)(4)."  *In re Tek-Aids Indus., Inc.*, 145 B.R. 253, 258

(Bankr. N.D. Ill. 1992) (citing *Simer v. Rios*, 661 F.2d 655, 663 (7th Cir. 1981), *cert. denied*, 456

U.S. 917 (1982)).  The Sealing Order is void as to Wells Fargo under Rule 60(b)(4).

59.     Wells Fargo has filed this motion within a reasonable time.  Fed. R. Civ. P.

60(c)(1).  As to Rule 60(b)(4) of the Federal Rules of Civil Procedure, "[i]t is 'reasonable' to

allow relief from a void judgment at any time, since the judgment is legally ineffective."  *Tek-*

*Aids Indus.,* 145 B.R. at 258 (citing *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992); *United*

*States v. Sotis*, 131 F.2d 783, 787 (7th Cir. 1942); 7 James W. Moore et al., Moore's Federal

Practice ¶ 60.25[4], at 241 (2d ed. 1992) (laches cannot cure a judgment that is so defective as to

be void)).  There is no disputing the timeliness of this motion.

60.     A court has no available middle ground when ruling on a Rule 60(b)(4) motion

because the judgment either is void or it is not.  *Almost Cent. Vt. PSC v. Herbert*, 341 F.3d 186,

189 (2d Cir. 2003).  Because the Sealing Order is void as to Wells Fargo, the Court must vacate

the Sealing Order under Rule 60(b)(4).  *See Almost Cent. Vt. PSC*, 341 F.3d at 189; *GMAC*

*Mortg. Corp. v. Salisbury (In re Loloee)*, 241 B.R. 655 (9th Cir. B.A.P. 1999) (concluding that

the sale order was void under Rule 60(b)(4) because appellant did not receive notice that its lien

was in jeopardy in time to permit preparation for the hearing in violation of the appellant's due

process rights); *In re Tek-Aids Indus.*, 145 B.R. at 258 (concluding that cash collateral orders

entered without proper notice to affected creditors were in violation of due process and therefore

void under Rule 60(b)(4)); *Polycel Structural Foam, Inc. v. Pool Builders Supply of the*

*Carolinas, Inc. (In re Polycel Liquidation, Inc.)*, No. 06-2183, 2007 U.S. Dist. LEXIS 955 (D.

US_ACTIVE-107408802.1

N.J. Jan. 8, 2007) (unpublished opinion) (concluding that a sale order entered without notice to a

contractor claiming title to certain molds, which were included as part of the sale, violated the

contractor's due process rights and was void under Rule 60(b)(4)).

61.    In addition, because "a void judgment is a legal nullity," *see United Student Aid*

*Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1377 (2010) (citations omitted), any subsequent service

of the Extension Orders or Modified Plan Order neither affects the voiding of the Sealing Order

nor cures the prior violation of Wells Fargo's due process rights.

### B.    Relief from the Sealing Order and the Extension Orders Under Rule 60(b)(6) is Appropriate Because the Debtors' Rationale for Sealing the Complaints Did Not Apply to Wells Fargo and Wells Fargo's Rights were Prejudiced

62.    Rule 60(b)(6) of the Federal Rules of Civil Procedure allows a court to reopen a

judgment for "any other reason justifying relief from the operation of the judgment." *Pioneer*

*Inv. Servs. Co. v. Brunswick Assocs.*, *L.P.*, 507 U.S. 380, 393 (1993).  Relief is appropriate under

Rule 60(b)(6) "in cases presenting extraordinary circumstances," *Rodriguez v. Mitchell*, 252 F.3d

191, 201 (2d Cir. 2001) (citation omitted), or where the judgment may work an "extreme and

undue hardship." *Montco, Inc. v. Barr (In re Emergency Beacon Corp.)*, 666 F.2d 754, 759 (2d

Cir. 1981); *see Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004) ("[A] proper case for Rule

60(b)(6) relief is only one of extraordinary circumstances, or extreme hardship.").  The Court's

discretion is particularly broad under Rule 60(b)(6) as the catch-all provision gives courts "a

grand reservoir [of] equitable power to do justice in a particular case." *Radack v. Norwegian*

*America Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963) (citations and internal quotation

marks omitted); *see also Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977).  The

circumstances here justify granting Wells Fargo relief from the Sealing Order and Extension

Order under Rule 60(b)(6).

US_ACTIVE-107408802.1

63.     In addition to Wells Fargo having not been provided notice of the Sealing Motion

or Sealing Order in violation of Wells Fargo's due process rights, the purported basis for the

relief requested in the Sealing Motion did not apply to Wells Fargo.  The Debtors sought

authority to file the adversary complaints under seal and seal the adversary dockets to prevent

public access purportedly to preserve their business relationships with the potential defendants.

Sealing Motion at 20-21.  The Debtors explained that they had negotiated or regained favorable

credit terms with their suppliers and did not want to alarm these business partners by notifying

them of the adversary proceedings.  *Id.*

64.     None of this had anything to do with Wells Fargo, which was swept along among

other defendants affected by the Debtors' dubious approach to preservation of litigation rights.

Even assuming the merits of the Debtors' articulated rationale, the Debtors did not have an

ongoing business relationship with Wells Fargo.  Wells Fargo merely provided financing to

Laneko, which had been but no longer was a supplier of goods to the Debtors.  There was no

basis to file a complaint against Wells Fargo under seal, or seal the accompanying docket, or

defer service of the summons and Sealed Complaint.

65.     Debtors' counsel has admitted as much.  On April 30, 2008, at the hearing to

consider, *inter alia*, the Third Extension Motion, the Debtors' counsel stated as follows:

> **The reason that we gave specific notice [of the Third Extension Motion] to**
> **[Laneko] and Wachovia was because those were the only two parties that had**
> **been identified under Exhibit 7.24 of the plan as having the avoidance actions**
> **preserved under the plan and, therefore, we gave particularized notice to**
> **them of the relief sought by the debtors.**

Transcript of April 30, 2008 Hearing at 11-12 (emphasis added); Silverschotz Aff. ¶ 12.  This is

all well and good, but counsel's recitation of the rationale for the Debtors' gracious

determination to serve the Third Extension Motion upon Wachovia Bank, noting appropriately

the listing of Wachovia Bank and Laneko on Plan Exhibit 7.24, elides the obvious:  Wachovia

US_ACTIVE-107408802.1

Bank and Laneko ought never have been subject to the Sealing Motion or any of the Extension

Motions if they were listed on Exhibit 7.24. Because they were so listed, the rationale for sealing

the complaints clearly did not apply to them.

66. The sealing of the Sealed Complaint and docket and deferred service of the

summons and Sealed Complaint severely prejudiced Wells Fargo's rights. Having received

neither notice that it had been sued in connection with Laneko's dealings with the Debtors, nor

information that a cause of action against it had been preserved prior to the running of the two-

year statute of limitations under section 546 of the Bankruptcy Code, on January 14, 2008, Wells

Fargo released its liens on Laneko's assets and claims against Laneko.

67. Wells Fargo's release of those liens and claims was highly detrimental, yet

entirely reasonable, and it provides the basis for the requested relief. "Once the statute [of

limitations] has run, a potential defendant who has not been served is entitled to expect that he

will no longer have to defend against the claim." *Anderson, Anderson v. Air West, Inc.*, 542 F.2d

522, 525 (9th Cir. 1976); *see also Walker v. Armco Steel Corp.*, 446 U.S. 740, 751 (1980)

(stating that a "statute of limitations establishes a deadline after which the defendant may

legitimately have piece of mind"); *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 420 (5th

Cir. 2006) ("If the statute has run, a potential defendant that has not been served is entitled to

expect that it will no longer have to defend the claim."). In addition, the notice that Wells Fargo

received regarding the Extension Orders and Modified Plan Order was only given well-after the

two-year statutory period under section 546 of the Bankruptcy Code expired and well-after Wells

Fargo reasonably had released its liens and claims in reliance on the expiration of this statutory

period. There can be no question that Wells Fargo's actions were appropriate, but they resulted

in substantial prejudice.

US_ACTIVE-107408802.1

68.    Wells Fargo requests this Rule 60(b)(6) relief within a reasonable time.  Fed. R.

Civ. P. 60(c)(1).  As to such motions, "'[w]hat is reasonable will vary from case to case and

depends on, among other things, whether the adverse party has been prejudiced and whether the

moving party had some good reason for his failure to take appropriate action sooner.'"  *In re*

*REFCO Inc.*, No. 07-10708, 2011 U.S. Dist. LEXIS 89123, *3 (S.D.N.Y. Aug. 2, 2011) (quoting

*La Barbera v. Whitney Trucking, Inc.*, 245 F.R.D. 142, 145 (S.D.N.Y. 2007)).  The Debtors are

not prejudiced by the timing of this motion.  They currently are seeking authority to file an

amended Sealed Complaint because the Court has dismissed the original Sealed Complaint, and

they have made no progress on their alleged claim against Wells Fargo.  Further, Wells Fargo

contacted the Debtors on April 12, 2010 and demanded dismissal of the Sealed Complaint.

McGovern Aff. ¶ 11.  The timing of this motion is more than reasonable.

US_ACTIVE-107408802.1

## <u>CONCLUSION</u>

WHEREFORE, for the reasons set forth herein, Wells Fargo respectfully requests that

this Court (a) grant its motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure,

declaring void the Sealing Order and the Extension Orders; and (b) grant to Wells Fargo such

other and further relief as this Court may deem just or proper.

Dated:  September 30, 2011

REED SMITH LLP
A Delaware Limited Liability Partnership

By:    */s/ Mark D. Silverschotz*
      Mark D. Silverschotz
      Sarah K. Kam
      599 Lexington Avenue
      New York, New York 10022
      Tel:  (212) 521-5400
      Fax:  (212) 521-5450
      Email:  msilverschotz@reedsmith.com;
      skam@reedsmith.com

      -and-

      Derek J. Baker
      2500 One Liberty Place
      1650 Market Street
      Philadelphia, PA 19103
      Tel:  (215) 851-8100
      Fax:  (215) 851-1420
      Email:  dbaker@reedsmith.com

      *Attorneys for Wells Fargo Bank, N.A. successor by*
      *merger to Wachovia Bank, National Association*

US_ACTIVE-107408802.1

# EXHIBIT A

**(Proposed Order)**

US_ACTIVE-107408802.1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

In re:

DPH HOLDINGS CORP., et al.,

                        Debtors.

-------------------------------------------------------------X

                      Chapter 11

                      Case No. 05-44481 (RDD)

### ORDER GRANTING MOTION OF WELLS FARGO BANK, N.A., SUCCESSOR TO WACHOVIA BANK, NATIONAL ASSOCIATION, UNDER RULE 60(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND RULE 9024 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR RELIEF FROM THE ORDERS SEALING COMPLAINT AND EXTENDING TIME FOR SERVICE THEREOF

Upon the motion, dated September___, 2011 (the "Motion"),[1] of Wells Fargo Bank, N.A.,

successor by merger to Wachovia Bank, National Association, under Rule 60(b) of the Federal

Rules of Civil Procedure, made applicable to bankruptcy proceedings by Rule 9024 of the

Federal Rules of Bankruptcy Procedure, granting relief from this Court's Sealing Order and

Extension Orders (as more fully described in the Motion); and the Court having jurisdiction to

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of

New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.);

and consideration of the Motion and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due, proper and sufficient notice of the Motion having been provided; and it

appearing that no other or further notice need be provided; and the Court having found and

---

[1]      Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

US_ACTIVE-107408802.1

determined that it should exercise its discretion in accordance with the relief requested in the

Motion and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and Rule

9024 of the Federal Rules of Bankruptcy Procedure, the Motion is granted; and it is further

ORDERED that notwithstanding any prior order of this Court to the contrary, the Sealing

Order and Extension Orders are vacated as to Wells Fargo; and

ORDERED that the Court retains jurisdiction to enforce this Order.

Dated:  October __, 2011
    New York, New York


_____
THE HONORABLE ROBERT D. DRAIN

US_ACTIVE-107408802.1