| | |
|---|---|
| REED SMITH LLP<br>Mark D. Silverschotz<br>Sarah K. Kam<br>599 Lexington Avenue<br>New York, New York 10022<br>Tel: (212) 521-5400<br>Fax: (212) 521-5450<br>Email: msilverschotz@reedsmith.com;<br>skam@reedsmith.com | Hearing Date: October 24, 2011 at 10 a.m. (ET)<br>Objection Deadline: October 17, 2011 at 4 p.m. (ET) |

-and-

Derek J. Baker
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
Email: dbaker@reedsmith.com

Attorneys for Wells Fargo Bank, N.A.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
In re:

DPH HOLDINGS CORP., et al.,

                Debtors.
-------------------------------------------------------------X

Chapter 11

Case No. 05-44481 (RDD)

**AFFIDAVIT OF PATRICK A. MCGOVERN IN SUPPORT OF
MOTION OF WELLS FARGO BANK, N.A., SUCCESSOR TO
WACHOVIA BANK, NATIONAL ASSOCIATION, UNDER
RULE 60(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE
AND RULE 9024 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE FOR RELIEF FROM THE ORDERS SEALING
<u>COMPLAINT AND EXTENDING TIME FOR SERVICE THEREOF</u>**

      I, Patrick A. McGovern, being first duly sworn, on oath depose and say upon personal knowledge, information and belief, as follows:

1.      I am authorized to make this affidavit on behalf of Wells Fargo Bank, N.A., successor to Wachovia Bank, National Association.  I submit this Affidavit in support of the *Motion of Wells Fargo Bank, N.A., Successor to Wachovia Bank, National Association, under Rule 60(b) of the Federal Rules of Civil Procedure and Rule 9024 of the Federal Rules of Bankruptcy Procedure for Relief from the Orders Sealing Complaint and Extending Time for Service Thereof* (the "Motion").

2.      I am Senior Vice President and Loan Adjustment Manger for Wells Fargo Bank, N.A.

3.      The facts set forth herein reflect my own personal knowledge or are based on my review of the business records, and, if called as a witness, I could and would testify thereto.

4.      In December 2000, First Union National Bank, predecessor-in-interest to Wachovia Bank, National Association, agreed to provide working capital and term financing to Laneko[1] under the Loan Agreements.[2]  Laneko supplied goods to the Debtors.

5.      Under the Loan Agreements, Laneko granted, and Wachovia Bank held, a security interest in all of Laneko's assets.  Laneko further agreed to indemnify Wachovia Bank against all claims arising out of the Loan Agreements.  Laneko, Wachovia Bank, and certain other parties subsequently entered into forbearance agreements in connection with the Loan Agreements.  Wells Fargo and Wachovia Bank merged effective December 31, 2008.

6.      Wells Fargo did not have an ongoing business relationship with the Debtors or supply goods to the Debtors.

---

[1]     Capitalized terms not herein defined are given the meaning ascribed to them in the Motion.

[2]     In 2001, First Union National Bank merged with Wachovia Corporation.

US_ACTIVE-107383953.1

7. On November 27, 2007, Laneko demanded that Wells Fargo release the liens on Laneko's assets purportedly because Laneko's obligations under the Loan Agreements had been satisfied and—to the parties' knowledge—no lawsuit had been commenced. A copy of the demand letter is annexed hereto as <u>Exhibit A</u>.

8. In response to Laneko's demand, Wells Fargo commissioned a litigation search to determine if any outstanding litigation existed in connection with the Loan Documents. Because the Debtors had filed the Sealed Complaint under seal and sealed the adversary docket, because Wells Fargo had not been served with the summons or Sealed Complaint, and because the Sealing Motion was misleading and incompletely described on the chapter 11 case docket, Wells Fargo did not locate any lawsuits against either itself or Laneko.

9. On January 14, 2008, because 1) Wells Fargo reasonably believed that the two-year statute of limitations to commence avoidance actions had expired, 2) despite diligent inquiry, Wells Fargo did not locate the lawsuit against Wells Fargo and Laneko which had been filed under seal, and 3) Wells Fargo had not received notice that a cause of action against it had been either commenced or preserved, Wells Fargo released its liens on Laneko's assets and its various claims against Laneko. A copy of the lien release document is attached hereto as <u>Exhibit B</u>.

10. On February 19, 2010, nearly two and a half years after filing the Sealed Complaint under seal and after the two-year statute of limitations had expired, the Debtors purported to serve the summons and Sealed Complaint on Wells Fargo.

11. On April 12, 2010, Wells Fargo sent the Debtors a letter demanding dismissal of the Sealed Complaint on procedural, substantive, and equitable grounds. A copy of the letter is annexed hereto as <u>Exhibit C</u>.

- 4 -

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

/s/ *Patrick A. McGovern*_____

Sworn to before me this
29th day of September, 2011

*/s/ Donna A. Smyth*_____
Commonwealth of Pennsylvania
Donna A. Smyth, Notary Public
City of Philadelphia, Philadelphia County
My Commission Expires May 22, 2015
Member, Pennsylvania Association of Notaries

US_ACTIVE-107383953.1