# EXHIBIT C

# ReedSmith

Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
+1 215 851 8100
Fax +1 215 851 1420
reedsmith.com

**Derek J. Baker**
Direct Phone: +1 215 851 8148
Email: dbaker@reedsmith.com

April 12, 2010

**VIA TELECOPY AND FIRST CLASS MAIL**
Cynthia Haffey, Esquire
Butzel Long, PC
150 West Jefferson, Suite 100
Detroit, MA 48226

RE:     **Delphi Corporation v. Laneko Engineering Co., et al., Bankr. S.D.N.Y. A-07-02720**
        **In re: DPH Holdings, Corp. Bankr. S.D.N.Y. 05-44481**

Dear Cynthia:

We represent Wells Fargo Bank, successor-in-interest to Wachovia Bank, National Association ("Wells Fargo"). During our telephone conversation held on March 16, 2010, we described for you a series of procedural, substantive, and equitable objections to continuing to prosecute the above-referenced adversary proceeding purporting to name Wells Fargo as a party defendant (the "Adversary Proceeding"). During that call, you requested that we outline our issues in writing. This letter is in response to your request. The terms of this letter are settlement discussions and are protected by Fed. R. Evid. 408 (as applicable herein under Fed. R. Bankr. 9017).

## A.     Procedural Objections

As an initial matter, the summons (the "Summons") issued in connection with the Adversary Proceeding was served well outside the time permitted under Fed. R. Bankr. P. 7004 (incorporating Fed. R. Civ. P. 4(m)). In fact, it appears that the Summons was served approximately two (2) years after the Complaint was originally filed based on the simple review of the docket based on the simple review of the docket. In an attempt to explain this substantial delay in service, you represented to us that an Order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") authorized the delay. In connection with the February 19, 2010 letter that accompanied the Summons, your firm provided a copy of an Order Under 11 U.S.C. § 102(1)(a), 105(a), 107, 108(a)(2), And 564(a) And Fed. R. Bankr. P. 7004, 9006(c) And 9018 (i) Authorizing Debtors To Enter Into Stipulation Tolling Statutes Of Limitations With Respect To Certain Claims, (ii) Authorizing Procedures To Identify Causes Of Actions That Should Be Preserved, (iii) Establishing Procedures For Certain Adversary Proceedings Including Those Commenced By The Debtors Under 11 U.S.C. § 541, 544, 545, 547, 548 or 553 ("Preservation of Estate Claims Procedures Order"). This Presentation of Estate Claims Procedures Order appears to have been entered on August 16, 2007. No copy of the Preservation of Estate Claims Procedures Order was previously served on Wells Fargo.[1]

---

[1] Wells Fargo was also never served with any motion seeking the Presentation of Estate Claims Procedure Order.

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ PITTSBURGH
OAKLAND ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ SILICON VALLEY ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

US_ACTIVE-103441385.1-DJBAKER 4/12/10 1:31 PM

Cynthia Haffey, Esquire
April 12, 2010
Page 2

**ReedSmith**

We note that the Preservation of Estate Claims Procedures Order provided by your firm states that the Summons must be served no later then March 31, 2008. As your letter expressly notes, service was not made until February 19, 2010 (approximately two (2) years later then the date authorized in the Preservation Of Estate Claims Procedures Order). Therefore, by the clear terms of the Preservation of Estate Claims Procedures Order, the Summons is stale and Wells Fargo is not required to respond thereto.

As a further technical violation, the Summons was not properly served on an officer designated by Wells Fargo as required under Fed. R. Bankr. P. 7004(h).

**B.    Substantive Objections**

The Complaint seeks recovery well outside the statue of limitations. The statute of limitations for the claims asserted in the Complaint ran on October 8, 2007. See 11 U.S.C. § 546(a). To assert such claims now (more than 30 months after the statute of limitations expired) is highly improper and runs counter to any concept that the statute of limitations is otherwise required to enforce. Statutes of limitations are due process fundamentals for defendants to prevent delay in commencing causes of action to prevent loss of any principal facts and witnesses. The Debtors' actions here ignore not only the face of the statute, but also all fundamental rights of due process afforded Wells Fargo.

Further, Wells Fargo was not a creditor of Delphi Corporation. As Wells was not a creditor of the Debtors referenced in the Complaint, Wells cannot, by definition, be liable on a preferential transfer in accordance with § 547 of the Bankruptcy Code. Rather, Wells Fargo notes that that all payments sought in the Complaint were paid to Laneko Engineering, Inc. and its various affiliates (collectively "Laneko"). Wells Fargo was a lender to Laneko. To the extent that any payments were received by Wells Fargo, such payments were on account of and applied to the obligations of Laneko.

**C.    Equitable Objections**

The above-referenced Complaint was filed in 2007; however, no Summons was ever served and the Complaint (or any notice of the claims asserted therein) was never noticed to Wells Fargo at that time. In fact, the Complaint (its claims and its very existence) was sealed by the Bankruptcy Court (without notice to Wells Fargo) and Wells Fargo was prohibited from even obtaining "constructive" or "publication" notice of the existence of the case prior to 2010.

In 2007, as part of an overall loan restructuring involving Laneko, Wells Fargo commissioned a litigation search against Laneko to determine if any outstanding litigation remained pursuant to which Wells Fargo would be required to withhold funds under an indemnity and/or maintain collateral therefor. After conducting that search and not locating any claims against Wells Fargo or Laneko (because the Adversary Proceeding was sealed), Wells Fargo (in reliance on that information) released collateral and otherwise released various claims against Laneko. It is further believed that since that time, Laneko has dissolved and/or otherwise liquidated all of its assets. Therefore, the "hiding" of this litigation at a time when all parties should have been aware of the running of the statute of limitations, resulted in Wells Fargo's reliance on the nonexistence of any claims to its detriment. While various "large" bankruptcy cases may provide for delays in issuances of the Summons to allow negotiations with adversary

Cynthia Haffey, Esquire
April 12, 2010
Page 3

**ReedSmith**

defendants, we have found no case to our research has ever provided for a "seal" of any litigation as filed.

Here, the Debtors' failure to (i) notify any purported defendants of the pendency of the litigation; (ii) notify such parties of the Debtors' request to delay issuance of any summons; and (iii) the Debtors' honor the purported defendants' due process rights presents major impediments to continuing the Adversary Proceeding against Wells Fargo. In fact, one must question whether Debtors disclosed these issues to the Bankruptcy Court or whether the judge was lead to unwittingly enter orders based on lack of clear representations. All these facts – especially the extreme prejudice imposed by failing to provide even the most basis notice of due process – suggests discontinuing this case against Wells Fargo at this time.

In the event, that the Debtors refuse to dismiss Wells Fargo as a party-defendant in connection with the Adversary Proceeding, please be advised that Wells Fargo intends to move to dismiss the Summons and Complaint and seeking sanctions for the egregious delay and manipulation undertaken by the Debtors in connection with this litigation.

I am available at your convenience to discuss this issue. Please let me know your response no later then April 19, 2010.

Very truly yours,

Derek J. Baker

DJB:km

cc:  Joel Brighton, Esquire
     Mr. Patrick McGovern