**Presentment Date And Time: October 7, 2011 at 12:00 p.m. (prevailing Eastern time)**
**Objection Deadline: October 6, 2011 at 12:00 p.m. (prevailing Eastern time)**

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, Michigan  48226
(313) 225-7000
Cynthia J. Haffey
Thomas B. Radom
Chester E. Kasiborski, Jr.

*Attorneys for DPH Holdings Corp., et al,*
   *Reorganized Debtors*

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., et al. | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | (Jointly Administered) |

### NOTICE OF PRESENTMENT OF PROPOSED ORDER (I) ENFORCING MODIFICATION PROCEDURES ORDER, MODIFIED PLAN AND PLAN MODIFICATION ORDER INJUNCTIONS AND FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION  ORDER AGAINST AVERBUKHS, (II) DIRECTING AVERBUKHS TO DISMISS MARYLAND STATE COURT ACTION AGAINST REORGANIZED DEBTORS; (III) DENYING THE <u>AVERBUKHS' CROSS-MOTION; AND (IV) FOR OTHER RELIEF</u>

PLEASE TAKE NOTICE that the undersigned, in accordance with Local Bankruptcy Rule 9074-1, will present the annexed proposed Order (I) Enforcing Modification Procedures Order, Modified Plan and Plan Modification Order Injunctions and Forty-Seventh Omnibus Claims Objection Order Against Averbukhs, (II) Directing Averbukhs to Dismiss Maryland State Court Action Against Reorganized Debtors; (III) Denying the Averbukhs' Cross-Motion; and (IV) For Other Relief (the "Proposed Order") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on October 7, 2011 at 12:00 noon (prevailing Eastern time).

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Proposed Order must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) ("Supplemental Case Management Order"), and the Twenty-Fourth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures (Docket No. 21507) ("Twenty-Fourth Supplemental Case Management Order") (together with the Supplemental Case Management Order, the "Case Management Orders"), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) - registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) DPH

Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President), (ii) counsel to the

Reorganized Debtors, Butzel Long, 150 West Jefferson, Suite 100, Detroit, Michigan  48226

(Att'n: Cynthia J. Haffey, Thomas B. Radom and Chester E. Kasiborski, Jr.), (iii) the Office of

the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100,

New York, New York 10004 (Att'n: Brian S. Masumoto), and (iv) counsel for the agent under

the Debtors' former postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue,

New York, New York 10017 (Att'n: Donald S. Bernstein and Brian M. Resnick) in each case so

as to be **received** no later than **12:00 noon (prevailing Eastern time) on October 6, 2011 (the**

**"Objection Deadline").**

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth herein

and in accordance with the Case Management Orders will be considered by the Bankruptcy

Court at the Hearing. If no objections to the Proposed Order are timely filed and served in

accordance with the procedures set forth herein and in the Case Management Orders, the

Bankruptcy Court may enter the Proposed Order without further notice.

Dated:    Detroit, Michigan                         BUTZEL LONG, a professional corporation
          September 30, 2011

                                                    By:    /s/ Cynthia J. Haffey
                                                           Cynthia J. Haffey
                                                           Thomas B. Radom
                                                           Chester E. Kasiborski, Jr.
                                                    150 West Jefferson, Suite 100
                                                    Detroit, MI  48226
                                                    (313) 225-7000

                                                    *Attorneys for DPH Holdings Corp., et al,*
                                                    *Reorganized Debtors*

1303535

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| Reorganized Debtors. | |

## ORDER (I) ENFORCING MODIFICATION PROCEDURES ORDER, MODIFIED PLAN AND PLAN MODIFICATION ORDER INJUNCTIONS AND FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION ORDER AGAINST AVERBUKHS, (II) DIRECTING AVERBUKHS TO DISMISS MARYLAND STATE COURT ACTION AGAINST REORGANIZED DEBTORS; (III) DENYING THE AVERBUKHS' CROSS-MOTION; AND (IV) FOR OTHER RELIEF

Upon the Reorganized Debtors' Motion for Order (I) Enforcing Modification Procedures Order, Modified Plan and Plan Modification Order Injunctions And Forty-Seventh Omnibus Claims Objection Order Against Averbukhs, As Plaintiffs, In Maryland State Court Wrongful Death Action; And (II) Directing Averbukhs To Dismiss Action To Recover Upon Discharged And Expunged Claim (the "Motion")[1], dated August 30, 2011, and the Cross-Motion for Relief of Vladimir Averbukh, individually and as personal representative of Boris Averbukh's estate, and Aleksander Averbukh (the "Averbukh Respondents"), and the Court having held a hearing on the Motion and the Cross-Motion and the objections thereto as reflected in the Proposed Forty-Eighth Claims Hearing Agenda (Docket No. 21586);[2] and proper and adequate notice of the Motion having been given and no other or further notice is necessary; and upon the record of the Hearing; and good and sufficient cause appearing therefor; the Court having considered the

---

[1] Capitalized terms not defined in this order shall have the meanings ascribed to them in the Averbukh Injunction Motion and the Reorganized Debtors' Reply in support of the Motion.

[2] The September 22, 2011 hearing on the Motion and the Averbukh Respondents' Cross-Motion will be referred to hereinafter as the "Hearing"; additionally, while not specifically enumerated in the Proposed Forty-Eight Hearing Agenda, the Reorganized Debtors filed a Reply in support of their Motion and Response to the Cross-Motion on September 21, 2011 (Docket No. 21587).

response to the Motion; and based on the bench opinion of the Court read into the record at the

Hearing granting the Motion and denying the Cross-Motion wherein the Court stated, in

significant part that:

1) The Motion is granted because the claims asserted by the Averbukhs in the State Court

    Action are barred by: (1) the Reorganized Debtors' discharge under Section 11.2 of the Plan;

    (2) Paragraph 20 of the Plan Modification Order; (3) the permanent injunction set forth in

    Paragraph 22 of the Plan Modification Order; and (4) by the May 2010 Order Disallowing

    Alla Averbukh's Claim (hereinafter together "Orders"):

    a) The State Court Action relates to an automobile accident occurring in 2007.  Any claim

       arising out of the accident would be an administrative expense claim.

    b) This Court established an administrative claim bar date of July 15, 2009 for claims

       arising before June 1, 2009.  The Plan Modification Order was entered July 20, 2009.

       The Reorganized Debtors had no knowledge of any Averbukh claim until September

       2009, when Alla Averbukh submitted an Administrative Claim Request.  The State Court

       Action was commenced November 2009; the Reorganized Debtors had no knowledge of

       it until it was served in January 2010.

    c) The Averbukhs were unknown claimants and, as such, the Reorganized Debtors needed

       only to provide notice of the Plan and the Plan Modification Order that was reasonably

       calculated to reach unknown claimants and permit a reasonable amount of time for

       response and reasonably convey all of the required information.  Such notice may be

       made by publication. *See Mullane v. Central Hanover Bank & Trust Co.*, 399 U.S. 306,

       314, 317 (1950).  *See also Daewoo International America Corp. Creditor Trust v. SSTS*

       *America Corp.*, 2003 U.S. Dist. LEXIS 9802 AT 7-10 (S.D.N.Y. June 9, 2003); *In re*

*Thomson McKinnon Securities, Inc.*, 130 B.R. at 719-720; *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3rd Cir. 1995); *In re J.A. Jones, Inc.*, 492 F.3d 242 (4th Cir. 2007).

    d) The record is undisputed that the Debtors provided proper publication notice to unknown claimants. Therefore, the Averbukhs had sufficient notice under *Mullane* and the additional cases cited above and are barred by the Orders.

2) As an additional and alternate ground, this Court's May 2010 Order Disallowing Alla Averbukh's Claim binds each of the Averbukhs and bars the State Court Action. The State Court Action is brought pursuant to Maryland's wrongful death statute, Maryland Courts and Judicial Proceedings Code Ann. Section 3-904, (2011), subpart (f) of which provides: "Only one action under this subtitle lies in respect to the death of a person." The denial of the Alla Averbukh administrative expense claim, combined with the operation of the Maryland statute, gives rise to a statutory res judicata that bars the State Court Action.

3) The Cross-Motion seeking relief from the Court's Orders under Bankruptcy Rule 9024 is denied.[3] Section 1144 of the Bankruptcy Code is an express exception to Bankruptcy Rule 9024. Pursuant to Section 1144, a party may seek revocation of a plan confirmation order until 180 days after the entry of that order, but only if the order was procured by fraud. Here, the Averbukhs do not allege that the Orders were procured by fraud. Moreover, no grounds were raised by the Averbukh for relief from the Administrative Claim Bar Date Order.

4) The Averbukhs are ordered to immediately dismiss the Debtors and Reorganized Debtors, with prejudice, from the State Court Action.

5) This Order is without prejudice solely as it relates to the Reorganized Debtors' rights to seek sanctions against the Averbukhs for violation of the Court's prior Orders.

---

[3] Bankruptcy Rule 9024 incorporates Federal Rule of Civil Procedure 60.

Accordingly, for the reasons above and as stated on the record at the Hearing; and after due deliberations thereon and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Court has subject-matter jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and paragraph 56 of the Plan Modification Order.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  This Court is the proper venue for this matter pursuant to 28 U.S.C. §§ 157 and 1409.

2.      The Motion is granted.

3.      The Cross-Motion is denied.

4.      Alla Averbukh, Vladimir Averbukh, individually and as Personal Representative of the Estate of Boris Averbukh, and Aleksandr Averbukh are permanently enjoined from pursuing their claims against the Debtors and the Reorganized Debtors relating to the death of Boris Averbukh in the State Court Action or in any other forum.

5.      The Averbukhs are ordered and directed to immediately dismiss with prejudice the State Court Action against the Debtors and Reorganized Debtors.

6.      The entry of this order is without prejudice to rights of the Reorganized Debtors to seek sanctions for violation of the Court's prior Orders pertaining to the Motion or this Order.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this order.

Dated: White Plains, New York
       October __, 2011

_____
U.S. BANKRUPTCY COURT JUDGE

4