Shalom Jacob
Zachary D. Silbersher
LOCKE LORD LLP
Three World Financial Center
New York, New York 10281-2101
Tel:  (212) 415-8600
Fax: (212) 303-2754

-and-

Courtney E. Barr (CE 7768)
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois  60606
Tel:  (312) 443-0700
Fax: (312) 443-0336

    *Counsel for Methode Electronics, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| DPH HOLDINGS CORP., <u>et al.</u>, | Case No. 05-44481 [RDD] |
|     Reorganized Debtors. | (Jointly Administered) |

------------------------------------------------x

| | |
|---|---|
| DELPHI CORPORATION, <u>et al.</u>, | |
|     Plaintiffs, | |
| v. | Adv. Pro. No. 07-02432 [RDD] |
| METHODE ELECTRONICS, INC. | |
|     Defendant. | |

------------------------------------------------x

**METHODE ELECTRONICS, INC.'S RESPONSE TO REORGANIZED DEBTORS'**
**AMENDED OMNIBUS RESPONSE TO CERTAIN DEFENDANTS' SUBMISSIONS**
**REGARDING THE OCTOBER 2, 2009 SUPPLEMENTAL POSTCONFIRMATION**
**EXTENSION OF AVOIDANCE ACTION SERVICE DEADLINE MOTION**

Defendant Methode Electronics, Inc. ("Methode") submits this response to the *Reorganized Debtors' Omnibus Response to Certain Defendants' Submissions Regarding the October 2, 2009 Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion*, ("Omnibus Response"), as amended on September 13, 2011 by the *Reorganized Debtors' Amended Omnibus Response to Certain Defendants' Submissions Regarding the October 2, 2009 Supplemental Postconfirmation Extension of Avoidance Action Service Deadline* (the "Amended Response").[1]

**A. Service of the Final Extension Motion in the "usual fashion" was insufficient because the basis for the Final Extension Motion had *changed* from the earlier Extension Motions.**

At the hearing on June 21, 2011, the Court indicated that service of the Final Extension Motion (at other times referred to as the Fourth Extension Motion) may be insufficient because the Reorganized Debtors' misrepresented to the Court the level of notice provided for the motion. The Court stated:

> Before -- I mean, I'm laying out issues that I want the plaintiff to respond to. There's another issue that I acknowledge I did not focus on sufficiently at the July hearing -- because it -- I think I basically crept up in oral argument. The order I've been focusing on here is the fourth one, which is the only one that's at issue in this motions. And that order recites -- based upon a recital in the underlying motion, as well as, I believe, a statement on the record by the debtors' counsel, Ms. Marafioti that the motion was served as set forth in my standing order for service in the case -- your motion as well as others takes issues with that cite, attaching the certificate of service. And I think that's a serious issue here. Separate and apart from the other ones. The order -- the supplemental case management order dated March 17th, 2006 states that, "All filing shall be served via overnight mail upon all parties with a particularized interests in the subject of the filing, as

---

[1] This response also incorporates responses to the *Reorganized Debtors' Motion Under 11 U.S.C. § 105 and Fed. R. Bankr. P. 9014 for Leave to (i) Supplement the Record of the June 21, 2011 Hearing and (ii) File the Reorganized Debtors' Statement Regarding Service of the Final Extension Motion*, ("Motion to Supplement the Record"). Objections to the Motion to Supplement the Record are not due until October 17, 2011, and Methode reserves the right to respond to that motion separately by that date.

1

>   well as to the master service list." And the motion that was filed on
>   October 2, 2009 states that, "Notice of this motion has been
>   provided in accordance with the supplemental order." And it
>   doesn't appear to have been. So, I mean, I think that also goes to
>   Rule 60.

(Transcript, 291-92).

The March 17, 2006 supplemental case management order required overnight mail notice of the Final Extension Motion. Yet, despite claiming compliance with this case management order, the Reorganized Debtors did not serve the Final Extension Motion on Methode in accordance with the case management order. (Doc. 21,447, *Declaration of Timothy Glandon*, ¶ 5).

The Reorganized Debtors do not deny that the Final Extension Motion was not served by overnight mail. Rather, they claim there was no misrepresentation. Their sole proof is based on four words uttered during the hearing on the Final Extension Motion – they told the Court that service of the Final Extension Motion had been made "in the usual fashion". (Omnibus Response, ¶ 10).

This is plainly insufficient. The Reorganized Debtors' unapologetically ignore a critical difference between the Final Extension Motion and the ones preceding it—i.e., the reason for the extension of time had *changed*. The earlier Extension Motions were granted within the context of a 100 percent plan. The Final Extension Motion was not. The earlier Extension Motions sought relief on the grounds that extensions were necessary to avoid disrupting "current business relationships with potential defendants that are necessary to the Debtors' ongoing operations." (February 28, 2008 Extension Motion, ¶ 21). By contrast, the Final Extension Motion removed this ground as a basis for relief. Instead, the Reorganized Debtors requested time to assess the Preference Actions and determine which to pursue. (Final Extension Motion, ¶¶ 17-19).

At the June 21, 2011 hearing, the Court remarked that this change between the earlier Extension Motions and the Final Extension Motion is critical to the sufficiency of service. The Court stated that that change "does affect how I view the failure to serve." (Transcript at 306). This is because, as the Court indicated, given the circumstances under which the Final Extension Motion was granted, the defendants would "rather know" if they had been sued. *Id.* Thus, even assuming notice for the Final Extension Motion was completed "in the usual fashion", the Court has already ruled that alone was insufficient.

This is consistent with how the Court previously viewed the sufficiency of service for the earlier Extension Motions, before their bases changed. At the March 19, 2008 hearing on one of the earlier Extension Motions, the Court acknowledged that there is "a good basis for not activating [the Preference Actions.] It would be moot upon consummation of the plan." (Motion to Supplement the Record, Ex. E, 24:13-14). Similarly, at the April 30, 2008 hearing, the Court stated further notice of one of the earlier Extension Motions was not necessary because "it's not presently contemplated that [the Preference Actions] will be pursued." (Omnibus Response, ¶¶ 8-9). In each of these instances, the Court found that service "in the usual fashion" of the earlier Extension Motions was sufficient *precisely because of* the rationale for those motions—i.e., a 100 percent plan, where Preference Actions would not be pursued, and thus disruption of business relationships should be avoided.

The Court made no such findings with respect to the Final Extension Motion. Nor could it, considering the basis for the Final Extension Motion had changed. The transcript reflects this. At the hearing on the Final Extension Motion, the Court stated:

> And as this motion states, the potential plaintiff, here, certainly should have a little more time to analyze whether it makes sense to bring the remaining lawsuits or only some of them before DPH and the defendants incur additional costs.

3

(Omnibus Response, ¶ 11).

The Court did not specifically inquire into the scope of service given to the defendants. The Court did not find that non-compliance with the case management order was warranted. For these reasons, the Reorganized Debtor's off-handed remark that service was made "in the usual fashion" falls far short of complete transparency.

Yet, the Reorganized Debtors go so far as to claim that the Court blessed service of the Final Extension Motion "in the usual fashion". (Omnibus Response, ¶ 10). This is absolutely wrong. They cite to the Court's statement at the October 22, 2009 hearing on the Final Extension Motion, but they do so out of context. Viewed in its entirety, rather than remarking on the propriety of service of the Final Extension Motion, the transcript reflects that the Court was remarking on the reasonableness to grant an *extension of time* to serve the Preference Complaints—not on the reasonableness of *service* of the Final Extension Motion *itself*.

Finally, it bears noting, this change for the basis for the Final Extension Motion was discussed at length by the Court at the June 21, 2011 hearing. The Court specifically held that it impacts the failure to serve the Final Extension Motion appropriately under the case management order. (Transcript at 306). It is therefore notable that the Reorganized Debtors flat-out ignore this difference in their Omnibus Response.

**B.      The basis for the Final Extension Motion was an unjustifiable extension of the statute of limitations.**

The Final Extension Motion requested more time to serve the Preference Complaints on the ground the Reorganized Debtors needed time to assess the Preference Actions and determine which to pursue. (Final Extension Motion, ¶¶ 17-19). This is not valid basis for an extension of time to serve a complaint.

4

The Final Extension Motion was made in October 2009. Before that, the Reorganized Debtors had the two year statute of limitations period to assess the Preference Actions and determine which to pursue. On top of that, they had an additional two years during the period of the first three extension motions to assess the Preference Actions and determine which to pursue.

After having four years to assess the Preference Actions and determine which to pursue—the need for more time is not a justifiable basis to extend the time to serve the complaint. It is an unwarranted extension of the statute of limitations. Given that, for the Reorganized Debtors to claim that particularized notice was not required—but notice in the "usual fashion" was sufficient—is audacious.

### C. Delphi's Disclosure Statement is not notice of the Preference Lawsuit.

Delphi's December 10, 2007 Disclosure Statement is not notice. First, the first confirmed plan expressly did not pursue preferential payments. Second, the Disclosure Statement did not disclose Methode's name whatsoever. Third, Methode did not believe it received any preference payments. Almost all of its pre-petition payments were bulk payments made in the ordinary course, and the largest alleged transfer was expressly made by Delphi as payment-in-advance for future deliverables.

In addition, ECF service was not legally sufficient notice in this case. The extension motions did not mention Methode's name and were, in fact, designed to conceal the named preference defendants. Given this, coupled with the enormous docket in this case, upwards of 15,000 entries at the time of the extension motions, electronic service was not sufficient.

Finally, the Preference Complaints were intentionally sealed. It remains nonsensical that those complaints were sealed for the actual purpose of preserving business relationships by preventing vendors from learning about the complaints, while simultaneously charging those

5

same vendors with inquiry notice based on a Disclosure Statement that does not list them as a preference defendant by name. By the time the Final Extension Motion was granted, and the rationale for sealing the complaints had changed, over two years had passed. In light of all these facts, inquiry notice means absolutely nothing two years *after* the lapse of the statute of limitations.

>   D.  **Methode has not waived its defenses under Rule 4(m).**

The Reorganized Debtors' wrongly suggest that Methode has waived any defenses under Fed. R. Civ. P. 4(m) because they were allegedly not raised in its answer. Methode filed its answer on April 9, 2010, but it subsequently and timely filed an amended answer on April 27, 2010. The Reorganized Debtors simply ignore Methode's amended answer.

In its amended answer, Methode challenged the efficacy of service. It asserted, *inter alia*, affirmative defenses that the Preference Action was barred by laches, estoppel and the statute of limitations under § 546(a). With respect to its limitations defense, Methode asserted:

> Because [the Reorganized Debtors] filed the [Preference] Complaint under seal, and no notice of the filing was given to Defendant until more than 4 years after the entry of the order for relief, treating the Complaint as having been filed, and this adversary proceeding as having been commenced, within the time required by 11 U.S.C. §546(a) would constitute a denial of Defendant's right to Due Process of Law to which Defendant is entitled by the Fifth Amendment to the U.S. Constitution.

(Methode's Amended Answer, ¶ 28).

The Reorganized Debtors' first Preference Complaint has been dismissed by this Court's order on September 7, 2010. Thus, all of these defenses have been preserved. The Court has yet to decide whether to grant the Reorganized Debtors' leave to file an amended complaint. In September 7, 2010 order, the Court held: "All other arguments raised by defendants in the

6

Adversary Proceedings that were not ruled upon at the Hearing or pursuant to this Order, and all responses thereto, are preserved." (Dismissal Order, ¶ 5).

Further, Methode joined the motion by ATS Automation Tooling Systems Inc. challenging the Final Extension Order. (Methode's Joinder, October 22, 2010, Doc. 20708). This is the first time the Reorganized Debtors' have challenged Methode's joinder arguments as untimely, and thus, they should be ignored.

Thus, Methode adequately preserved its right to challenge the efficacy of service of the Preference Action.

Dated: October 7, 2011
New York, New York

    /s/ Zachary D. Silbersher
Shalom Jacob
Zachary D. Silbersher
LOCKE LORD LLP
Three World Financial Center
New York, New York 10281-2101
Tel: (212) 415-8600
Fax: (212) 303-2754

-and-

Courtney Engelbrecht. Barr (CE 7768)
LOCKE LORD LLP
111 S. Wacker Dr.
Chicago, IL 60606
Tel: (312) 443-0700
Fax: (312) 443-0336

*Counsel for Methode Electronics, Inc.*