ANDREWS KURTH LLP
Jonathan I. Levine (JL 9674)
450 Lexington Avenue, 15th Floor
New York, New York 10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929

    - and -

SNELL & WILMER L.L.P.
Steven D. Jerome (AZ Bar #018420)
One Arizona Center
400 E. Van Buren
Phoenix, AZ  85004
Telephone: (602) 382-6000
Facsimile: (602) 382-6070

Counsel to Microchip Technology Incorporated

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ----------------------------------------------------------------x : In re: : DELPHI CORPORATION, *et al*., : : ----------------------------------------------------------------x DELPHI CORPORATION : : Plaintiffs, : : -against- : : MICROCHIP, : : Defendant. : ----------------------------------------------------------------x | Chapter 11 Case No. 05-44481 (RDD) Jointly Administered Adv. Pro. No. 07-02436 (RDD) |

**MICROCHIP TECHNOLOGY INCORPORATED'S (I) REPLY TO
REORGANIZED DEBTORS' AMENDED OMNIBUS RESPONSE TO CERTAIN
DEFENDANTS' SUBMISSIONS REGARDING THE OCTOBER 2, 2009
SUPPLEMENTAL POST-CONFIRMATION EXTENSION OF AVOIDANCE ACTION
SERVICE DEADLINE MOTION TO FILE AMENDED COMPLAINTS; (II)
OBJECTION TO REORGANIZED DEBTORS' ORAL REQUEST FOR LEAVE TO
FILE A SECOND MOTION TO AMEND THE COMPLAINT AGAINST MICROCHIP
<u>TECHNOLOGY INCORPORATED; AND (III) JOINDER</u>**

Microchip Technology Incorporated ("Microchip"), by and through its undersigned counsel, respectfully (1) replies to "Reorganized Debtors' Amended Omnibus Response to Certain Defendants' Submissions Regarding the October 2, 2009 Supplemental Post-Confirmation Extension of Avoidance Action Service Deadline Motion to File Amended Complaints" (the "Submissions Response"), (2) objects to the Reorganized Debtors' oral request for leave to file a second motion to amend the complaint against Microchip, and (3) joins in the response/reply briefs submitted by all other preference defendants in the other preference actions (collectively, the "Reply Briefs").[1]  For the reasons set forth in the Reply Briefs and this Reply, Microchip respectfully requests that the Court enter an order dismissing Adversary Proceeding No. 07-02436 (the "Microchip Adversary") with prejudice.

## PRELIMINARY STATEMENT

1.  As the Court may recall, the proposed amended complaint against Microchip (the "Microchip Amended Complaint") attached to the "Reorganized Debtors' Motion for Leave to File Amended Complaints" (the "Motion to Amend") filed by DPH Holdings Corporation and certain of its affiliated reorganized debtors (the "Reorganized Debtors") failed to identify a single antecedent debt allegedly owed to Microchip at the time of the purported preferential payments.  As a result, during the June 21, 2011 hearing (the "2011 Hearing"), the Court denied the Motion to Amend the complaint against, among others, Microchip, stating unequivocally that "[the Reorganized Debtors] don't have leave to amend."  *See* Transcript of the 2011 Hearing, relevant excerpts of which are attached as Exhibit A, at p. 323:19.  The Court's denial of the Motion to Amend prompted the Reorganized Debtors to make an oral request for additional

---

[1] For the avoidance of any doubt, although Microchip is not a signatory to the the "Omnibus Reply of Certain Defendants to Reorganized Debtors' Omnibus Response to Certain Defendants' Submissions Regarding the October 2, 2009 Supplemental Post-confirmation Extension of Avoidance Action Service Deadline Motion" (the "Omnibus Reponse") Microchip joins in the Omnibus Response as a similarly-situated "No Notice Defendant."

2

leave to amend the complaint against, among others, Microchip (the "Oral Motion"). *See id.* at p. 147:8-14. The Court did not rule on the Oral Motion, and in the three months since the 2011 Hearing, the Reorganized Debtors have made no attempt to rectify any of the defects in the Microchip Amended Complaint.

2. Despite the fact that (1) the Court has already denied the Motion to Amend with respect to Microchip and (2) the Reorganized Debtors have never identified any antecedent debt in the Microchip Amended Complaint, the Reorganized Debtors now ask the Court to grant "the Debtors' Motion to Amend as to all Submission (and other) Defendants." *See* the Submissions Response at ¶ 5. However, the Submissions Response completely ignores the fatal defects in the Microchip Amended Complaint and the fact that the Court has already denied the Motion to Amend with respect to Microchip. Instead, the Reorganized Debtors expressly "limit their arguments to those related to the Final Extension Motion and do not repeat the broader Rule 15 issues already briefed by the parties." *See* the Submissions Response at p. 14, n.15. Consequently, Microchip finds itself in the awkward position of having to respond to the Submissions Response despite the fact that (1) the Court dismissed the original complaint against Microchip over a year ago; (2) the Court denied the Motion to Amend with respect to Microchip over three months ago; and (3) the Reorganized Debtors have made no effort to properly plead any antecedent debt in the Microchip Amended Complaint.

3. Despite the awkward procedural position the Reorganized Debtors have created for Microchip, it is clear that their request for the Court grant the Motion to Amend must be denied, at least with respect to Microchip. Over a year has passed since the Court ordered the Reorganized Debtors to propose an amended complaint setting forth, among other things, the antecedent debt. In spite of the Court's order, the Reorganized Debtors have never pled a single

3

antecedent debt allegedly owed to Microchip on the date the purported preferential transfers were made. In addition, the Submissions Response is a gross distortion of the factual record in the Microchip Adversary. Accordingly, Microchip respectfully requests that the Court deny the Oral Motion and enter an order formally dismissing the Microchip Adversary with prejudice.

## RELEVANT FACTS[2]

4.    On July 20, 2010 (the "<u>2010 Hearing</u>"), the Court dismissed the Microchip Complaint, but permitted the Reorganized Debtors to file a motion for leave to amend the complaint. *See* Transcript of the 2010 Hearing, relevant excerpts of which are attached as <u>Exhibit B</u>, at p. 275:11-278:04. The Court's ruling is memorialized in the "Order Granting in Part First Wave Motions to Dismiss" dated September 7, 2010 (the "<u>Dismissal Order</u>").

5.    Despite the clear, unequivocal language contained in the Dismissal Order, the Reorganized Debtors failed to plead <u>any</u> antecedent debt in the Microchip Amended Complaint.

6.    Microchip pointed out the fatal defects in the Microchip Amended Complaint in the "Response to Reorganized Debtors' Motion for Leave to File Amended Complaints" (the "<u>Response to the Motion to Amend</u>") filed on November 24, 2010.

7.    In addition, Microchip explained to the Court and the Reorganized Debtors that it never received any of the various motions to extend the time for the Reorganized Debtors to serve the preference complaints. *See* the Response to the Motion to Amend at ¶ 12 (citing ¶ 4 of

---

[2] The history of this adversary proceeding is well-chronicled in various pleadings already on file with the Court. *See, e.g.,* the "Motion by Microchip Technology Incorporated Seeking an Order (I) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024 Vacating Prior Orders Establishing Procedures for Certain Adversary Proceedings, Including Those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 549, and Extending the Time to Serve Process for Such Adversary Proceedings, (II) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with Prejudice, or (III) in the Alternative, Dismissing the Adversary on the Ground of Judicial Estoppel" (the "<u>Motion to Dismiss</u>") filed in the Microchip Adversary at Docket No. 10 and incorporated herein by this reference. The purpose of this section is not to rehash the entire history of this case. Instead, the intent is simply to recount the developments since Microchip filed the Motion to Dismiss.

the "Declaration of Eric Bjornholt in Support of Microchip Technology Incorporated's Response to Reorganized Debtors' Motion for Leave to File Amended Complaints" (the "<u>Bjornholt Declaration</u>")).

8. The "Reorganized Debtors' Omnibus Reply in Further Support of Motions for Leave to File Amended Complaints" failed to address the blank columns in the Microchip Amended Complaint.

9. At the 2011 Hearing, the Court denied the Motion to Amend with respect to the complaints that contained blank antecedent debt columns. *See* <u>Exhibit A</u>, at p. 323:17-19.

## **ARGUMENT**

### I. THE ORAL MOTION SHOULD BE DENIED AND THE COMPLAINT FORMALLY DISMISSED WITH PREJUDICE.

10. The Reorganized Debtors have never identified a single antecedent debt allegedly owed to Microchip at the time of the purported preferential payments. They didn't provide this information in the original complaint against Microchip nor did they provide it in the Microchip Amended Complaint. As a result, the Court denied the Motion to Amend with respect to Microchip. Since that ruling, the Reorganized Debtors have not cured the fatal defects in the Microchip Amended Complaint. Accordingly, Microchip respectfully requests that the Court deny the Oral Motion and enter an order formally dismissing the Microchip Complaint with prejudice.

11. During the 2010 Hearing, counsel for the Reorganized Debtors represented to the Court that it could provide the antecedent debt information in the Motion to Amend. *See* <u>Exhibit B</u> at pp. 202 and 206-207. In fact, the Court specifically required the Reorganized Debtors to include "**a proposed amended complaint that**, for each alleged transfer **shall set forth, at a minimum,** the transferor, the transferee, any known subsequent transferee against whom relief is

5

sought, **the antecedent debt** and which Reorganized Debtor is the plaintiff" in any motion to amend they file. *See* the Dismissal Order at ¶ 4 (emphasis added).

12. Despite the Reorganized Debtors representations to the court that they could provide the antecedent debt, they completely ignored this requirement with respect to Microchip. Instead, the Reorganized Debtors left the "Antecedent Debt: Purchase Order/Invoice" and "Purchase Order/Invoice" columns of Exhibit 1 to the Microchip Amended Complaint completely blank:

| Antecedent Debt: Purchase Order/Invoice Number | Purchase Order/Invoice |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

*See* Exhibit 1 to the proposed Microchip Amended Complaint, a true and correct copy of which is attached hereto as Exhibit C.

13. During the 2011 Hearing, the Court correctly ruled that the Microchip Amended Complaint fails to satisfy the pleading standards of Rule 8 of the Federal Rules of Civil Procedure because it does not identify the antecedent debt allegedly owed to Microchip. Since that ruling, the Reorganized Debtors have made no effort to provide Microchip or the Court with

6

any information regarding any antecedent debt.

14.     Nevertheless, despite the Reorganized Debtors' continued refusal to comply with Rule 8 and the Dismissal Order, they asked the Court for leave to file a second motion to amend the Microchip Complaint during the 2011 Hearing.  Either the Reorganized Debtors can sufficiently plead the antecedent debts or they cannot.  Under either scenario, however, the Court should deny the Oral Motion and dismiss this adversary proceeding with prejudice.

15.     If the Reorganized Debtors have the antecedent debt information (as they represented to the Court at the 2010 Hearing), then the Microchip Adversary should be dismissed because the Reorganized Debtors have delayed for over a year without providing this information to Microchip or the Court.  On the other hand, if, despite their representations to the Court, the Reorganized Debtors do not have the antecedent debt information, the Microchip Adversary should be dismissed because granting additional leave to amend would be futile.  Either way, the Reorganized Debtors are not entitled to a *third bite* at the apple.  Accordingly, Microchip respectfully requests that the Court enter an order denying the Oral Motion and dismissing the Microchip Adversary with prejudice.[3]

## II.    THE SUBMISSIONS RESPONSE BLATANTLY MISREPRESENTS THE BJORNHOLT DECLARATION.

16.     The Reorganized Debtors inexplicably allege in Exhibit 40 to the Submissions Response that Microchip has never stated that it had no notice of the various motions to extend the deadline for serving the complaint.  A side-by-side comparison of the relevant portions of

---

[3] In addition, Microchip submits that, based on the Court's comments at the 2011 Hearing, it would be entirely appropriate to award Microchip the attorneys' fees incurred in preparing and arguing this Reply.  *See* Exhibit A at pp. 322:10-323:10 (discussing the possibility that the estate would bear the costs associated with responding to a second motion to amend).  While Microchip is fully aware that the Submissions Response technically is not a second motion to amend, it is unclear why the Reorganized Debtors filed the Submissions Response at all in the Microchip Adversary without addressing their failure to plead the antecedent debt in the Microchip Amended Complaint or even acknowledging that the Court denied the Motion to Amend with respect to Microchip.

7

Exhibit 40 and the Bjornholt Declaration demonstrates that this assertion is simply untrue:

| **Exhibit 40** | **The Bjornholt Declaration at ¶ 4** |
| --- | --- |
| Mr. Bjornholt states only that "Microchip had no notice prior to February 18, 2010 that it had been sued by Delphi Corporation ('Delphi') for avoidance and recovery of alleged preferential transfers." *Ex. 40(a)*, ¶ 3. **Mr. Bjornholt does not state that Microchip had no notice of the Final Extension Motion nor any of the Extension Motions, which is the issue before the Court**. *Ex. 40(a)*. (emphasis added) | **Microchip** did not file a proof of claim against any of the Debtors and **did not receive copies of the Extension of Avoidance Action Service Deadline Motion, the Postconfirmation Extension of Avoidance Action Service Deadline Motion, or the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion prior to February 18, 2010**. (emphasis added) |

17.     In addition, on July 8, 2011, despite having filed the Bjornholt Declaration in support of its Response to the Motion to Amend nearly eight months earlier, Microchip mailed a courtesy copy of the Bjornholt Declaration to counsel for the Reorganized Debtors.  *See* Letter from S. Jerome to C. Haffey dated July 8, 2011 (the "July 8 Letter"), a copy of which (without enclosures) is attached as Exhibit D.

18.     Among other things, the July 8 Letter clearly states:

> As clearly set forth in the Response and the Bjornholt Declaration, which have been on file with the Court for over seven months, **Microchip had no notice** either (1) of the lawsuit filed against it by Delphi Corporation or (2) **of the various extension motions, prior to February 18, 2010**.  (emphasis added)

19.     Given paragraph 4 of the Bjornholt Declaration, paragraph 12 of the Response to Motion to Amend, and the July 8 Letter, it is unclear what, if any, good faith basis the Reorganized Debtors could possibly have for concluding that "Mr. Bjornholt does not state that Microchip had no notice of the Final Extension Motion nor any of the Extension Motions, which is the issue before the Court."  *See* Exhibit 40 to the Submissions Response (emphasis in original).  Particularly troubling is the fact that the Reorganized Debtors directly quoted

8

paragraph 3 of the Bjornholt Declaration, but completely ignored the very next sentence.

20. The Reorganized Debtors are right about one thing. Whether Microchip received notice of the Final Extension Motion is one of the critical issues before the Court. Apart from blatantly misrepresenting the Bjornholt Declaration, the Reorganized Debtors have done nothing to refute the uncontradicted testimony of Mr. Bjornholt that Microchip did not receive notice of any of the extension motions before February 18, 2010. Therefore, Microchip respectfully requests that the Court deny the Reorganized Debtors' request that the Motion to Amend be granted.[4]

### III.    MICROCHIP JOINS IN THE OTHER REPLY BRIEFS.

21. The purpose of this response is to highlight the issues in this litigation that are unique to Microchip. Therefore, in an effort to avoid unnecessary duplication, Microchip hereby joins and incorporates by reference the arguments made by the other preference defendants in opposition to the Submissions Response.

---

[4] In addition to blatantly misrepresenting the Bjornholt Declaration, the Reorganized Debtors also erroneously contend that "Microchip was **served** with the First Amended Plan Disclosure Statement, filed in December 2007." *See* Exhibit 40 to the Submissions Response (citing the January 11, 2008 Affidavit of Service – Ex. W (Docket No. 11974) (the "Affidavit of Service")) (emphasis added)). However, in January of 2008, the addresses attributed to Microchip in the Affidavit of Service were either lockbox addresses or field sales offices. *See* the "Declaration of Eric Bjornholt in Support of Microchip Technology Incorporated's (I) Reply to Reorganized Debtors' Amended Omnibus Response to Certain Defendants' Submissions Regarding the October 2, 2009 Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion to File Amended Complaints; (II) Objection to Reorganized Debtors' Oral Request for Leave to File a Second Motion to Amend the Complaint Against Microchip Technology Incorporated, and (III) Joinder," a copy of which is attached as Exhibit E, at ¶ 3.. Microchip has no record of receiving the First Amended Plan Disclosure Statement. *Id.* at ¶ 4.

9

## CONCLUSION

22. The Court denied the Motion to Amend with respect to Microchip over three months ago, and the Reorganized Debtors still have not identified any antecedent debt in the Microchip Amended Complaint. Accordingly, Microchip respectfully requests that the Court enter an order formally dismissing Adversary Proceeding No. 07-02436 with prejudice.

Dated: October 7, 2010

          ANDREWS KURTH LLP
By: /s/ Jonathan I. Levine
     Jonathan I. Levine (JL 9674)
     450 Lexington Avenue, 15th Floor
     New York, New York 10017
     Telephone: (212) 850-2800
     Facsimile: (212) 850-2929

          -and -

     SNELL & WILMER L.L.P.
     One Arizona Center
     400 E. Van Buren
     Phoenix, AZ  85004-2202
     Telephone: (602) 382-6000
     Facsimile: (602) 382-6070
     Steven D. Jerome (AZ Bar #018420)

     Counsel to Microchip Technology Incorporated

NYC:233114.2