```
                                                                   -  1  -

 1

 2    UNITED STATES BANKRUPTCY COURT

 3    SOUTHERN DISTRICT OF NEW YORK

 4    Case No. 05-44481 (RDD); Adv. Proc. No. 07-02619 (RDD);

 5    Adv. Proc. No. 07-02242 (RDD); Adv. Proc. No. 07-02256 (RDD);

 6    Adv. Proc. No. 07-02333 (RDD); Adv. Proc. No. 07-02580 (RDD);

 7    Adv. Proc. No. 07-02661 (RDD); Adv. Proc. No. 07-02743 (RDD);

 8    Adv. Proc. No. 07-02768 (RDD); Adv. Proc. No. 07-02769 (RDD);

 9    Adv. Proc. No. 07-02790 (RDD); Adv. Proc. No. 07-02076 (RDD);

10    Adv. Proc. No. 07-02084 (RDD); Adv. Proc. No. 07-02096 (RDD);

11    Adv. Proc. No. 07-02125 (RDD); Adv. Proc. No. 07-02177 (RDD);

12    Adv. Proc. No. 07-02188 (RDD); Adv. Proc. No. 07-02211 (RDD);

13    Adv. Proc. No. 07-02212 (RDD); Adv. Proc. No. 07-02236 (RDD);

14    Adv. Proc. No. 07-02250 (RDD); Adv. Proc. No. 07-02262 (RDD);

15    Adv. Proc. No. 07-02270 (RDD); Adv. Proc. No. 07-02291 (RDD);

16    Adv. Proc. No. 07-02328 (RDD); Adv. Proc. No. 07-02337 (RDD);

17    Adv. Proc. No. 07-02348 (RDD); Adv. Proc. No. 07-02432 (RDD);

18    Adv. Proc. No. 07-02436 (RDD); Adv. Proc. No. 07-02449 (RDD);

19    Adv. Proc. No. 07-02479 (RDD); Adv. Proc. No. 07-02525 (RDD);

20    Adv. Proc. No. 07-02534 (RDD); Adv. Proc. No. 07-02539 (RDD);

21    Adv. Proc. No. 07-02551 (RDD); Adv. Proc. No. 07-02581 (RDD);

22    Adv. Proc. No. 07-02597 (RDD); Adv. Proc. No. 07-02618 (RDD);

23    Adv. Proc. No. 07-02623 (RDD); Adv. Proc. No. 07-02659 (RDD);

24    Adv. Proc. No. 07-02672 (RDD); Adv. Proc. No. 07-02702 (RDD);

25    Adv. Proc. No. 07-02723 (RDD); Adv. Proc. No. 07-02743 (RDD);
```

```
                                                                - 2 -

 1   Adv. Proc. No. 07-02744 (RDD); Adv. Proc. No. 07-02750 (RDD);

 2   Adv. Proc. No. 07-02188 (RDD)

 3   - - - - - - - - - - - - - - - - - - - - - -x

 4   In the Matter of:

 5   DPH HOLDINGS CORP., et al.,

 6                     Reorganized Debtors.

 7   - - - - - - - - - - - - - - - - - - - - - -x

 8   DELPHI CORPORATION, et al.,

 9                     Plaintiffs,

10        -against-

11   SETECH INC., et al.,

12                     Defendants.

13   - - - - - - - - - - - - - - - - - - - - - -x

14   DELPHI CORPORATION, et al.,

15                     Plaintiffs,

16        -against-

17   DUPONT COMPANY, et al.,

18                     Defendants.

19   - - - - - - - - - - - - - - - - - - - - - -x

20   DELPHI CORPORATION, et al.,

21                     Plaintiffs,

22        -against-

23   ECO-BAT AMERICA LLC,

24                     Defendant.

25   - - - - - - - - - - - - - - - - - - - - - -x
```

- 202 -

1       The movants' complaint that we haven't identified the
2   specific debtor entity that made the transfer, and we haven't
3   identified the specific transferee.  And --
4       THE COURT:  And that there's an antecedent debt.
5       MR. FISHER:  An antecedent debt.  And I think that the
6   debtors have no choice but to concede that under Twombly and
7   Iqbal, more detailed pleading would be required, at least
8   according to some of the more recent cases, although, I don't
9   know that there's a controlling case in this circuit yet
10  describing exactly what that standard would entail.
11      And what we've attempted to do, and what we suggested
12  in our opposition brief, was a practical way of cutting through
13  this, and, essentially treating it as similar to a 12(e) motion
14  and saying that to the extent that there's any defendant who
15  cannot prepare its answer to this complaint, because knowing
16  the date and the amount of the transfer is insufficient to
17  allow it to track down the relevant information, we will
18  supplement that and provide whatever additional information is
19  needed in order to put them in a position to be able to respond
20  to the complaint, which, at the end of the day, is what Rule 8,
21  even after Twombly and Iqbal, is all about.
22      And so we're simply trying to be practical here.
23      THE COURT:  Well, is there any -- two things.  Is
24  there any authority for the notion and -- I guess Twombly was
25  after these were filed, too?

- 206 -

1    like forty-two debtors here.  So it's not listed who did this.
2    I think that's important.  And that leaves the issue of
3    antecedent debt.
4          I'm somewhat sympathetic to your point on that,
5    although, the three judges that have considered this, including
6    Judge Gonzalez, aren't.  They all emphasize the need to say
7    something about the antecedent debt, other than the conclusory
8    statement that there's antecedent debt.  Your point is well,
9    why would any of the debtors be paying anyone unless there was
10   an antecedent debt?
11         Well, the thing is it may not be antecedent, they may
12   be paying in advance, they may be paying that day; COD.  You
13   know, that's the response I think.
14         MR. FISHER:  And, Your Honor, it is important to say
15   which debtor entity we're talking about.  It is important to
16   say exactly which transferee we're talking about.  As a
17   practical matter --
18         THE COURT:  Let me say -- I'm going to cut you short.
19         MR. FISHER:  Yes.
20         THE COURT:  As a -- it seems to me the problem with
21   what you're proposing is that you may not have a basis to say
22   in your books and records that -- at least for the face of the
23   complaint, that defendant X was owed a debt, that this was a
24   payment on account of you may not have it.  And I think your
25   method basically sort of puts the onus on them to make that

```
                                                            - 207 -
 1   part of your case for you.
 2            MR. FISHER:  What we're trying to avoid, Your Honor,
 3   is a situation where we now go back and correct these
 4   complaints by identifying the specific entities where we think,
 5   as a practical matter, the movants know full well by checking
 6   their own records --
 7            THE COURT:  But that's not -- that's not -- I don't
 8   think that's the test, because, again, that shifts the burden
 9   of proof.  You know, you basically force them to show we don't
10   know.
11            MR. FISHER:  Well, then, we go back and we provide
12   them with this information.  We could provide it to them in
13   documentary form under 12(e), or we could provide it to them in
14   the form of an amended complaint.
15            THE COURT:  To me that's --
16            MR. FISHER:  And then say it's a new motion to
17   dismiss.
18            THE COURT:  To me that's part of the merits of a
19   motion to amend.  If, in fact, they knew and it's no big deal
20   and they know -- they've always known this, then that's a fact
21   in your favor as well as the fact that the law changed.  You
22   know, but I think it should all be viewed in the context of a
23   motion to amend.
24            Now, I have not reviewed every complaint.  But as I --
25   I've reviewed enough to see that I think they're form
```

- 275 -

1  the disclosure in connection therewith were not misled by a
2  position that's contrary to the position they're taking today.
3          (Pause)
4              On this point, although in each case the Court has to
5  review the facts at hand so no general rule will apply in a
6  generic way, see In re Ampace Corp., 279 B.R. 145, 159 (Bankr.
7  D. Del. 2002) and In re I. Appel Corp., 300 B.R. 564, 568
8  (S.D.N.Y. 2003) as well as In re P.A.. Bergner & Co., 140 F.3d
9  1111, 1117 (7th Cir.1998).  So that aspect of the motions to
10 dismiss is denied.
11             The motions to dismiss generally also assert that the
12 complaints as filed and served do not satisfy the pleading
13 requirements of Rule 7008, incorporating Rule 8 of the Federal
14 Rules of Civil Procedure.  I agree with that assertion.  And
15 more specifically, the complaints assert preference causes of
16 action under Section 547(b) of the Bankruptcy Code.  In
17 performing the analysis required by Atlantic Corporation v.
18 Twombly, 550 U.S. 544, (2007) and Ashcroft v. Iqbal, 129 S.Ct.
19 1937 (2009), the Court must do the following.
20             First, the Court must identify each element of the
21 cause of action.  Next the Court must identify the allegations
22 that are not entitled to the assumption of truth because they
23 are legal conclusions not factual allegations.  Finally, the
24 Court must assess the factual allegations in the context of the
25 elements of the claim to determine whether they plausibly

05-44481-rdd    Doc 21621-2    Filed 10/07/11    Entered 10/07/11 13:39:14    Exhibit
Exhibit B    Pg 7 of 9
DPH HOLDINGS CORP., et al.

- 276 -

1  suggest an entitlement to relief.  See Iqbal, 129 S.Ct. at 149,
2  147, and 151.  The plausibility standard is not akin to a
3  probability requirement but it asks for more than a shear
4  possibility that a defendant has acted unlawfully, id. at page
5  149.
6          Here there are three key elements of a preference
7  claim that are asserted only in a generic way, i.e. only in the
8  sense of repeating the elements of the relevant statute and
9  stating that as a result the defendant harmed the plaintiff,
10 and therefore they do not satisfy the pleading requirements as
11 set forth in Twombly and Iqbal.
12         First, the complaint does not identify the particular
13 debtor, and there were over forty debtors here, who was the
14 transferor.  Secondly, the complaint does not allege a
15 particular antecedent debt on which the transfer was on account
16 of.  And third, the complaint, where there are multiple
17 transferees alleged, does not assert which defendant was the
18 initial transferee and which defendants were subsequent
19 transferees, those parties' rights being different under
20 Section 550 of the Bankruptcy Code.
21         In a similar context where, as here, the complaint did
22 identify the date of the transfer and the amount of the
23 transfer, bankruptcy courts, including the court in this
24 district have similarly concluded as I do now that the
25 preference complaint does not pass muster under Rule 8.  See In

1  re Hydrogen, LLC, 2010 WL 1609, 536 (Bankr. S.D.N.Y., April 20,

2  2010). In re McLaughlin, 415 B.R. 23 (Bankr. D.N.H. 2009)

3  In re Caremerica Inc., 409 B.R. 737 (Bankr. E.D.N.C. 2009).

4  I've stated during oral argument why I believe all

5  three of these elements of the claim need to be pled with more

6  clarity in the context. In particular, while it may seem at

7  first glance that anyone receiving money has to receive it for

8  some purpose and therefore it's reasonable to infer in the

9  context that that purpose is to pay an antecedent debt, that is

10 not always the case. Debtors may pay COD or in advance. And

11 in addition, in identifying the debt, a complaint may therefore

12 also enable a debtor to show that the creditor, or the

13 transferee, rather, received more than it would otherwise in a

14 Chapter 7 case which would, in the case of a contract that had

15 been subsequently assumed, be a basis for dismissing the claim.

16 So I concluded that the complaints need to be

17 dismissed, and I've given DPH Holdings forty-five days from

18 today to file a motion for each complaint seeking leave to

19 amend each complaint. That motion should attach the form of

20 complaint -- or must attach the form of complaint that would be

21 proposed to be filed as an amended complaint. And if such a

22 motion is not filed for any particular complaint, that

23 complaint will be dismissed upon the movant submitting to me a

24 proposed order dismissing the complaint, CC'ing on the e-mail

25 counsel for DPH and stating that in fact notwithstanding my

- 278 -

1  ruling today which is that the complaint would be dismissed,

2  i.e. that portion of the motion seeking relief to dismiss the

3  complaint was granted, I gave DPH forty-five days to make a

4  motion to amend and such a motion has not occurred.

5           The other bases for relief to dismiss the complaints

6  are ones that I will take under advisement.  They may be mooted

7  by the outcome of DPH Holdings' motions, to the extent they're

8  made, to amend the complaint.  And if they're not mooted of

9  course I will consider them and rule on them.

10          But my belief is that, in addition to my wanting to

11 review individual aspects of certain motions and their specific

12 allegations with respect to notice and prejudice, that it would

13 be premature for me to rule now on those other aspects of the

14 motions to dismiss.  And by those other aspects I mean the

15 contentions of the motions to dismiss that the defendants are

16 entitled to relief from my prior orders granting the debtors'

17 requests in four instances for an extension of their time to

18 serve the complaints and the initial order granting the

19 debtors' request to file the complaints under seal.  As I said

20 during oral argument, those motions raise unusual issues that I

21 think are better considered after I've had the benefit of

22 seeing any proposed amended complaints that DPH proposes to

23 seek leave to file.

24          The only other aspect of my ruling, unless anyone has

25 any questions, I think, is to make clear that I'm not denying