VARNUM LLP
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
Mary Kay Shaver
Bryan R. Walters (admitted *pro hac vice*)
Tel.: (616) 336-6000

*Attorneys for Summit Polymers, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

———————————————————————x

In re:                                                  Case No. 05-44481-rdd
                                                        Chapter 11
DPH HOLDINGS CORP., et al.,                             (Jointly Administered)

                    Debtors.

———————————————————————x

DELPHI CORPORATION, et al.,                             Adv. Proc. No. 07-02661-rdd

                    Plaintiff,

        v.

SUMMIT POLYMERS INC. ,

                    Defendant.

———————————————————————x

### SUMMIT POLYMERS INC.'S REPLY REGARDING THE EXTENSION OF AVOIDANCE ACTIONS SERVICE DEADLINE MOTIONS

Summit Polymers Inc. ("Summit") joins in the replies of the other Preference Defendants on this issue and incorporates the arguments in those replies by reference.

Moreover, in Exhibit 55 to Reorganized Debtors' Amended Omnibus Response, the Reorganized Debtors make two arguments specific to Summit: (1) that Summit did not affirmatively state that it did not receive notice of the Extension Motions and (2) that Summit was served with the First Amended Disclosure Statement and the solicitation materials for the

First Amended Joint Plan of Reorganization, and as such had notice of the possibility of a preference claim.

Attached as **Exhibit 1** is a supplemental affidavit from Peter M. Garvey, Summit's director of finance and information technology, addressing these two arguments.  As to notice of the Extension Motions, Summit affirmatively states that it did not receive any notice of the Extension Motions.  P. Garvey Supp. Aff. ¶ 3, **Ex. 1**.

As to receipt of the First Amended Plan of Reorganization and/or First Amended Joint Plan of Reorganization, Summit acknowledges that it may have received those documents, although Summit has no record or recollection of receiving such documents.  *Id.* ¶ 9.  However, Summit had very good reason for not reviewing these disclosures from the Reorganized Debtors.  Almost two years prior to the First Amended Disclosure Statement and First Amended Joint Plan of Reorganization being distributed, Summit was specifically told by the Reorganized Debtors that the Reorganized Debtors were not going to file **any** preference claims against Summit.  *Id.* ¶ 4.  Specifically, Summit was classified as a "prefunded supplier" under the Essential Supplier Order entered at the start of the bankruptcy.  As such, Mr. Garvey of Summit engaged in numerous conversations with Brett Lendzion, the Reorganized Debtors' purchasing manager, concerning settlement on a $999,214.64 payment received by Summit immediately prior to the bankruptcy filing that was characterized by the Reorganized Debtors as a "Prefunded Transfer."  *Id.* ¶¶ 5–6.

In an agreement dated March 22, 2006, the Reorganized Debtors agreed to waive and release their rights to assert any preference claim related to the $999,214.64 payment.  *Id.*; *see also* 3/22/06 Agreement, Ex. A to P. Garvey Supp. Aff.  However, Summit's conversations with the Reorganized Debtors concerning potential preference claims against Summit were more

broad than just the $999,214.64 payment. Summit was specifically told by Mr. Lendzion on behalf of the Reorganized Debtors that the Reorganized Debtors were not going to file **any** preference claims against Summit. *Id.* ¶ 8.

As such, Summit is certain that it did not review the First Amended Plan Disclosure Statement or the solicitation materials for the First Amended Joint Plan of Reorganization. As referenced in Mr. Garvey's initial affidavit, Summit had assigned its claim against the Reorganized Debtors to SPCP Group LLC over a year earlier and had been told by the Reorganized Debtors over a year earlier that the Reorganized Debtors were not bringing any preference claims against Summit. As such, Summit reasonably believed that its involvement in the Reorganized Debtors' bankruptcy had ceased. *Id.* ¶¶ 9–10.

It is clear that Summit had no notice of the Extension Motions and had every reason to rely on the representations of Reorganized Debtors that Summit was not going to be subject to any preference claims. Summit first received notice that it was going to be subject to a preference claim in April 2010, when it was served with the preference complaint.

The Reorganized Debtors' complaint against Summit should be dismissed.

Dated: October 7, 2011                        VARNUM LLP

                                                          By: /s/Bryan R. Walters
                                                          Bryan R. Walters
                                                          Bridgewater Place, P.O. Box 352
                                                          Grand Rapids, MI 49501-0352
                                                          (616) 336-6000
                                                          brwalters@varnumlaw.com
                                                          *Attorneys for Defendant Summit Polymers, Inc.*

## CERTIFICATE OF SERVICE

    The undersigned certifies that, and to the best of his knowledge, information, and belief, on October 7, 2011, a copy of Summit Polymers, Inc.'s Reply Regarding the Extension of Avoidance Actions Service Deadline Motions was served electronically via the Court's ECF system on the parties shown on the attached Notice of Electronic filing.

                                         /s/ Bryan R. Walters
                                             Bryan R. Walters
                                             brwalters@varnumlaw.com

4625441_1.DOCX