Jean R. Robertson (OH 00069252)
Scott Matasar (NY 2750289)
Nathan A. Wheatley (OH 0072192)
CALFEE, HALTER & GRISWOLD LLP
KeyBank Center, Suite 1400
800 Superior Avenue
Cleveland, Ohio 44114
jrobertson@calfee.com
nwheatley@calfee.com
tpatton@calfee.com
Telephone:    (216) 622-8200
Facsimile:    (216) 241-0816
*Counsel for Blair Strip Steel Co.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------x
                                                )
In re:                                          )    Chapter 11
                                                )    Case No. 05-44481 (RDD)
    DPH HOLDINGS CORP, *et al.*,      )
                                                )
------------------------------------------------x
                                                )
DELPHI AUTOMOTIVE SYSTEMS, LLC,                 )
                                                )
    Plaintiff,                         )    Adv. Pro. No. 07-02259 [RDD]
                                                )
v.                                              )
                                                )
BLAIR STRIP STEEL CO.,                          )
                                                )
    Defendant.                         )
------------------------------------------------x

**(I) REPLY IN RESPONSE TO REORGANIZED DEBTORS' AMENDED OMNIBUS RESPONSE TO CERTAIN DEFENDANTS' SUBMISSIONS REGARDING THE OCTOBER 2, 2009 SUPPLEMENTAL POSTCONFIRMATION EXTENSION OF AVOIDANCE ACTION SERVICE DEADLINE MOTION AND (II) JOINDER**

Defendant, Blair Strip Steel, Co. ("Blair"), by and through counsel, submits the following

reply ("Reply") in response to the *Reorganized Debtors' Amended Omnibus Response to Certain*

*Defendants' Submissions Regarding the October 2, 2009 Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion* (the "Response").[1]

In addition to the analysis set forth, above, Blair hereby incorporates by reference into this Reply and hereby joins any reply briefs to the Response, and the Reorganized Debtors original Omnibus Response, filed by or on behalf of similarly situated defendants in the above-referenced bankruptcy proceedings and any associated adversary proceedings, including the *Response of Globe Motors, Inc. and Globe Motors to Reorganized Debtors' Amended Omnibus Response to Certain Defendants' Submissions Regarding the October 2, 2009 Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion* [Docket No. 21619] and *Microchip Technology Incorporated's (I) Reply to Reorganized Debtors' Amended Omnibus Response to Certain Defendants' Submissions Regarding the October 2, 2009 Supplemental Post-Confirmation Extension of Avoidance Action Service Deadline Motion to File Amended Complaints; (II) Objection to Reorganized Debtors' Oral Request for Leave to File a Second Motion to Amend the Complaint Against Microchip Technology Incorporated; and (III) Joinder* [Docket No. 21621].

On July 12, 2011, Blair filed its *Declaration of Scott A. McDowell in Further Support of (1) Joinder of Blair Strip Steel Co. to Motions (i) to Vacate Prior Orders Establishing Procedures for Certain Adversary Proceedings, Including Those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 549, and Extending the Time to Serve Process for Such Adversary Proceedings, (ii) Dismissing the Adversary Proceeding with Prejudice, or (iii) in the Alternative, Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel; and (2) Reply Brief in Support of Joinder of Blair Strip Steel Co. to Motions (i) to Vacate Prior*

---

[1] Except as otherwise stated herein, all capitalized terms shall have the same meaning as set forth in the Response.

{01278826.DOC;1}    2

*Orders Establishing Procedures for Certain Adversary Proceedings, Including Those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 549, and Extending the Time to Serve Process for Such Adversary Proceedings, (ii) Dismissing the Adversary Proceeding with Prejudice, or (iii) in the Alternative, Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel* [Docket No. 41] (the "Declaration").

On September 13, 2011, the Reorganized Debtors filed their Response. Within the Response, the Reorganized Debtors offered, among other things, a specific response to the Declaration (the "Rebuttal"). In their Rebuttal, the Reorganized Debtors alleged, among other things, that Jean Robertson - current counsel for Blair - was served with copies of the First Amended Plan, the Disclosure Statement [Docket No. 11974], the Preservation of Estate Claims Procedures [Docket No. 9039], the August 16, 2007 Preservation of Estate Claims Procedures Order [Docket No. 9105], the First Extension Motion [Docket No. 12922], the First Extension Order [Docket No. 13277], the Second Extension Motion [Docket No. 13361], the Second Extension Order [Docket No. 13484], and the Final Extension Motion [Docket No. 18952]. The Reorganized Debtors then allege that *if* Ms. Robertson received service of the forgoing documents and *if* she was counsel for Blair at the time of service, then there is a "question of fact as to whether [Blair] received or should have received notice of the preference claims at issue." *Response* at Exhibit 38.

However, as reflected in the docket of this adversary proceeding and evidenced by the attached *Declaration of Jean R. Robertson*, Blair did not become a client of either Ms. Robertson or her law firm, Calfee, Halter & Griswold, LLP ("Calfee") until May 21, 2010, over seven months *after* the service of the last of the documents identified by the Reorganized Debtors. Exhibit A at ¶ 5. Neither Calfee nor Ms. Robertson provided legal services to Blair and did not

represent Blair with regard to any legal proceedings, including the above bankruptcy, prior to May 21, 2010, and the docket of this adversary proceeding accurately reflects that fact. *Id* at ¶¶ 6 & 7. Finally, neither Calfee nor Ms. Robertson provided notice to Blair Strip Steel of any filings in the above captioned adversary or bankruptcy proceedings until on or after May 21, 2010, including, but not limited to, the First Amended Plan, the Disclosure Statement, the Preservation of Estate Claims Procedures, the August 16, 2007 Preservation of Estate Claims Procedures Order, the First Extension Motion, the First Extension Order, the Second Extension Motion, the Second Extension Order, or the Final Extension Motion. *Id* at ¶ 8. Therefore, the Rebuttal is not based in fact. As such, it should be disregarded by this Court.

## **CONCLUSION**

Based on the forgoing, Blair renews its request that: (i) each of the Preservation of Estate Claims Procedures Order, the Extension of Avoidance Action Service Deadline Order, the Postconfirmation Extension of Avoidance Action Service Deadline Order, and the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order be vacated and set aside; that (ii) the Complaint against it be dismissed with prejudice for failing to state a claim upon which relief can be granted; or (iii) in the alternative, the Complaint against it be dismissed with prejudice as being time barred or barred by judicial estoppel; and (iv) for such other and further relief as this Court may deem appropriate.

Dated: October 7, 2011

Respectfully submitted,

*/s/ Scott C. Matasar*
Jean R. Robertson (OH 0069252)
Scott C. Matasar (NY 2750289)
Nathan A. Wheatley (OH 0072192)
CALFEE, HALTER & GRISWOLD LLP
1400 KeyBank Center
800 Superior Avenue
Cleveland, Ohio  44114
Telephone:    (216) 622-8200
Facsimile:     (216) 241-0816
E-mail:         jrobertson@calfee.com

COUNSEL BLAIR STRIP STEEL CO.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Reply was served through electronic transmission via the Court's CM/ECF system to all parties who are listed on the Court's Electronic Mail Notice List on this 7th day of October, 2011.

*/s/ Scott C. Matasar*
Scott C. Matasar