# EXHIBIT 1

```
 1
 2   UNITED STATES BANKRUPTCY COURT
 3   SOUTHERN DISTRICT OF NEW YORK
 4   Case No. 05-44481-rdd
 5   - - - - - - - - - - - - - - - - - - -x
 6   In the Matter of:
 7
 8   DPH HOLDINGS CORP., ET AL.,
 9
10           Debtors.
11
12   - - - - - - - - - - - - - - - - - - -x
13
14           U.S. Bankruptcy Court
15           300 Quarropas Street
16           White Plains, New York
17
18           June 21, 2011
19           10:10 AM
20
21   B E F Ö R E:
22   HON. ROBERT D. DRAIN
23   U.S. BANKRUPTCY JUDGE
24
25
```

DPH HOLDINGS CORP., ET AL.

1  that plaintiff doesn't have that view, and that it's reliant on
2  factual issues as to whether there was notice or not.
3         MR. APPLEBAUM:  I don't think they've raised any
4  factual issues in response to the two affidavits we submitted
5  in connection with our paper.
6         THE COURT:  Okay.
7         MR. APPLEBAUM:  We've seen none.
8         THE COURT:  All right.  But I don't know if they're
9  still opposing it.  That --
10        MR. APPLEBAUM:  We've seen none.
11        THE COURT:  All right.
12        MR. APPLEBAUM:  I mean, there may be, but we've seen
13 none.
14        THE COURT:  Before -- I mean, I'm laying out issues
15 that I want the plaintiff to respond to.  There's another issue
16 that I acknowledge I did not focus on sufficiently at the July
17 hearing -- because it -- I think I basically crept up in oral
18 argument.  The order I've been focusing on here is the fourth
19 one, which is the only one that's at issue in this motions.
20 And that order recites -- based upon a recital in the
21 underlying motion, as well as, I believe, a statement on the
22 record by the debtors' counsel, Ms. Marafioti that the motion
23 was served as set forth in my standing order for service in the
24 case -- your motion as well as others takes issues with that
25 cite, attaching the certificate of service.

DPH HOLDINGS CORP., ET AL.

1        And I think that's a serious issue here.  Separate and
2   apart from the other ones.  The order -- the supplemental case
3   management order dated March 17th, 2006 states that, "All
4   filing shall be served via overnight mail upon all parties with
5   a particularized interests in the subject of the filing, as
6   well as to the master service list."  And the motion that was
7   filed on October 2, 2009 states that, "Notice of this motion
8   has been provided in accordance with the supplemental order."
9   And it doesn't appear to have been.  So, I mean, I think that
10  also goes to Rule 60.
11       The argument that was made in the motion at the
12  hearing was twofold, as you all point out.  First of all, that
13  the debtors wanted more time given their drastically changed
14  circumstances.  And secondly, that it was quite possible that
15  in light of that more time they'd drop more people and would
16  not pursuit the lawsuits against them.  If people are on notice
17  of that then one can take the view that, well, you know, maybe
18  they're happy not to be served yet.  But if you're not on
19  notice of then that's a sep -- you know, it's a different
20  issue, and that's the overall notice points you made.
21       But there's a subset of that, which is, it does not
22  appear to me that that representation was correct as to the
23  service of the motion.
24            MR. APPLEBAUM:  Well, I certainly -- speaking for my
25  client only, it's correct -- you're correct on both counts.

DPH HOLDINGS CORP., ET AL.

1       THE COURT:  All right.  Okay.

2       MR. APPLEBAUM:  So I guess now I'm sort of at a loss

3  as to where --

4       THE COURT:  All right.  So I basically have -- these

5  are the points I have for the debtors here.  Given that --

6  given the situation where literally there was no notice; that's

7  situation one.  And that's what's asserted by -- is it [Doh'-

8  shi] or [Dah'-shi]?

9       UNIDENTIFIED SPEAKER:  Detroit Products.

10      THE COURT:  What?

11      MR. APPLEBAUM:  [Doh'-shi].

12      UNIDENTIFIED SPEAKER:  Detroit Products, formally

13 known as --

14      THE COURT:  Detroit Products, okay, Detroit Products.

15 What's the response when there's literally no notice?  Second,

16 what's the response on the supplemental case management order

17 and the representation of the motion not apparently being true.

18 And under those scenarios -- if there's not a satisfactory

19 answer on those two, isn't this really -- this is a matter of a

20 law, isn't it?  I mean, can I deal with this now?

21      We don't have to get into whether there was notice or

22 not because there doesn't appear to have been any notice and

23 there doesn't appear to be any response on that issue.

24      MR. APPLEBAUM:  I think we'll sit down, Your Honor.

25      THE COURT:  Okay.

DPH HOLDINGS CORP., ET AL.

1   narrow grounds.  That is that the Court -- that nobody can
2   change their reasons for a subsequent extension, which is not
3   at all what global crossing says.  It says you can't now
4   include that at some later in point time unnamed and
5   unidentified defendants.  That's what it says, it doesn't go
6   beyond that.
7           Now, again, I believe the defendants were frustrated
8   because they didn't get some of the issues addressed that they
9   thought ought to be, but we're properly before the Court today,
10  and I think that whole notice discussion is a matter for
11  another time, not here.
12          THE COURT:  I guess, my point though, ultimately, is I
13  understood a fair matter on this point at the July hearing.  I
14  mean, it basically said if you really didn't get any notice of
15  this then you shouldn't be sued.  I mean, I -- so why are we
16  still dealing -- I mean --
17          MR. SENDEK:  Well, there was a question at that time
18  of notice and what is notice and what frame -- what type of
19  notice would be sufficient --
20          THE COURT:  All right.  But it you're --
21          MR. SENDEK:  -- whether --
22          THE COURT:  They're asserting they weren't even on the
23  matrix, and they weren't served with motion -- and I'm very
24  troubled by the fact they weren't served by the motion.
25          MR. SENDEK:  They haven't asserted --

DPH HOLDINGS CORP., ET AL.

1    THE COURT: This seems to be -- in balancing the
2    prejudice issues it's much harder for the plaintiff here to
3    argue that it would be prejudiced by my revoking the fourth
4    order when it, in fact, knew that the motion wasn't served.
5    MR. SENDEK: With the Court's permission, as we are
6    seeming to drift into the notice question, Mr. Klein is --
7    THE COURT: Okay.
8    MR. SENDEK: -- is more on top of that, than I am,
9    which says -- again --
10   THE COURT: Well, let me ask --
11   MR. SENDEK: -- doesn't go to the fourth --
12   THE COURT: I -- you're right, the Detroit pleading
13   that asserts the lack of notice is actually the objection to
14   the motion to amend; that's the one that asserts the lack of
15   notice. This motion doesn't, and I'm not sure there is one
16   that specifically does. But the issues there -- I'm still
17   confused as to whether the debtor is taking the position
18   that -- as I said, if someone in fact asserts that they didn't
19   get any notice --
20   MR. SENDEK: Well, I believe --
21   THE COURT: -- except maybe hearing about it somehow,
22   in the -- you know, through the ether, which -- to me they
23   would only have heard about the fact that others would be
24   potentially sued because they didn't get notice of the motion,
25   so they could assume they weren't affected by it. I'm just --

DPH HOLDINGS CORP., ET AL.

1   And with that, I probably said enough so I'll let Mr.
2   Klein continue.
3       MR. KLEIN:  Your Honor, I won't beat the first part to
4   death, which is we truly are surprised, and thus are not as
5   prepared as we wish we were for such, for what we acknowledge
6   is, a very important issue.  We appreciated it a year ago, and
7   we appreciate now Your Honor's concern with the issue.  First,
8   it --
9       THE COURT:  I mean, I do -- page 225, "My preliminary
10  view is that people who truly did not get notice of the
11  extension motions can argue their merits on the merits.  It's
12  not a Rule 60 requirement."
13      MR. KLEIN:  And absolutely, we read it, and, you know,
14  perhaps we focused on preliminary view.
15      THE COURT:  And then I just say, "But that leaves a
16  factual issue as to who got the notice and who didn't and what
17  do people know."
18      MR. KLEIN:  I absolute -- this is absolutely an issue
19  in the case, and in fact, the discussion we're having now is
20  the same discussion that we would have on all of the other
21  motions that weren't on the agenda today.  But I really don't
22  want to argue -- we're talking about it --
23      THE COURT:  All right.
24      MR. KLEIN:  -- and we'll do our best.  That's not my
25  point.

DPH HOLDINGS CORP., ET AL.

1  not necessarily that simple?
2          THE COURT:  Okay.
3          MR. KLEIN:  Doshi Prettl and I've -- Detroit -- they
4  now have a new name and I'm drawing a blank on what it is, but
5  they're the ones who brought the primary motion here.  They
6  were represented in this action.  They filed the claim.  Their
7  attorney withdrew prior to this action.  So, it's -- when we
8  dig into the facts, it's not always going to be as black and
9  white, as note --
10         THE COURT:  Okay.
11         MR. KLEIN:  -- but that's obviously only illustrative.
12 It doesn't deal with the broader issue.
13         THE COURT:  But they didn't get notice of the motion,
14 though.
15         MR. KLEIN:  They didn't get notice of the motion, Your
16 Honor.  Or I shouldn't say they didn't -- I will --
17         MS. HAFFEY:  We don't know.
18         MR. KLEIN:  I will accept, but no, I will --
19         THE COURT:  Well, there's a stipulative service.  I
20 mean, that's prima facie evidence of who got notice.
21         MR. KLEIN:  I will accept for purposes of this
22 discussion that there are defendants who did not receive formal
23 service --
24         THE COURT:  Okay.
25         MR. KLEIN:  -- of the motions, you know, that needs to

DPH HOLDINGS CORP., ET AL.

1   on the debtor in either case.  But maybe I'm wrong about that.

2           I mean, ultimately it is part of -- I think a 15

3   showing to me, ultimately, because it's the futility argument.

4   Rule 15 is -- you know, it's a fairly light burden, ultimately,

5   but -- and I think the futility point here goes back to

6   reconsideration of my order so again, there's some slight

7   burden on the debtor.

8           MR. NAYAK:  Slight burden on the debtor with respect

9   to the --

10          THE COURT:  Under either -- whether I do it under

11  either approach.  But I guess it's probably best done as part

12  two of a Rule 15 motion.

13          UNIDENTIFIED SPEAKER:  -- the timing, Your Honor?

14          THE COURT:  Well, I think step one of this part two

15  would be the defendants' assertion of their facts as to notice

16  and step two of it would be the debtors' response.

17          UNIDENTIFIED SPEAKER:  Understood.

18          MR. KLEIN:  Your Honor, I assume this is only with

19  respect to defendants who have filed an affidavit as to filing

20  notice?

21          THE COURT:  Have or will?  I mean, we specifically

22  didn't make notice part of this hearing, so --

23          MR. KLEIN:  Well, no but there's -- the relevant

24  motions were filed a year ago.

25          THE COURT:  Oh, you don't have to refile one -- you

```
 1
 2                            I N D E X
 3
 4                            RULINGS
 5                                              Page        Line
 6   Debtors will provide definitive response to   82          17
 7   defendants presenting assumption notice or
 8   claim under 8.1 within 30 days
 9   Objections to Proposed Amended Complaints,   187          23
10   Overruled
11   Proposed amended complaint meets the Rule 8  207           4
12   Iqbal standard
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1

 2              C E R T I F I C A T I O N

 3

 4   I, Dena Page, certify that the foregoing transcript is a true

 5   and accurate record of the proceedings.

 6

 7

 8   _____

 9   DENA PAGE

10   Also transcribed by:

11   Penina Wolicki, AAERT Certified Electronic Transcriber (CET**D-

12   569)

13   Tzipora Geralnik, AAERT Certified Electronic Transcriber

14   (CET**D-489)

15   Pnina Eilberg, AAERT Certified Electronic Transcriber (CET**D-

16   488)

17   Sara Davis, AAERT Certified Electronic Transcriber (CET**D-567)

18   Sharona Shapiro, AAERT Certified Electronic Transcriber

19   (CET**D-492)

20   Miriam Greenman, AAERT Certified Electronic Transcriber

21   (CET**D-566)

22   Ellen Kolman, AAERT Certified Electronic Transcriber (CET**D-

23   568)

24   Karen Schiffmiller, AAERT Certified Electronic Transcriber

25   (CET**D-570)
```

```
1    Devora Kessin

2    Aliza Chodoff

3    Avigayil Roth

4    Laurie Ann Sherby

5

6    Veritext

7    200 Old Country Road

8    Suite 580

9    Mineola, NY 11501

10

11   Date:  June 24, 2011

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```