# EXHIBIT 5

| Approved, SCAO | | Original - Court<br>1st copy - Defendant | |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>JUDICIAL DISTRICT<br>6th  JUDICIAL CIRCUIT<br>COUNTY PROBATE | | **SUMMONS AND COMPLAINT** | OAKLAND COUNTY  **07-087048-CZ**<br>JUDGE STEVEN N. ANDREWS<br>PRETTL INTERN v DOSHI FAMILY<br>(248) 858-1000 |

Court address
1200 N. Telegraph Road, Dept. 404, Pontiac, MI 48341-0404

| Plaintiff name(s), address(es), and telephone no(s). | | Defendant name(s), address(es), and telephone no(s). |
|---|---|---|
| PRETTL INTERNATIONAL, INC., a<br>South Carolina corporation | v | DOSHI PRETTL INTERNATIONAL, LLC, a<br>Michigan limited liability company<br><br>c/o Shailesh N. Doshi<br>1607 E. Big Beaver Rd.<br>Troy, MI 48083 |

Plaintiff attorney, bar no., address, and telephone no.

Christopher J. Nelson (P53745)
Butzel Long, PC
Stoneridge West
41000 Wooward Ave.
Bloomfield Hills, MI 48302    248-258-1616

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). MCR 2.111(C)
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>NOV 0 1 2007 | This summons expires<br>JAN 3 1 2008 | Court clerk<br>RUTH JOHNSON |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains  ☐ is no longer  pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains  ☐ is no longer  pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Greenville, South Carolina | Oakland County, Michigan |
| Place where action arose or business conducted<br>Oakland County, Michigan | |

November 1, 2007
Date                                     Signature of attorney/plaintiff
                                         Christopher J. Nelson (P53745)

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/06) SUMMONS AND COMPLAINT  MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT<br>Case No. 07                CZ |
|---|---|

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that:   (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:   (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
                List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Ann de Celis, as Personal Representative for John de Celis | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

| Service fee | Miles traveled | Mileage fee | Total fee | Signature |
|---|---|---|---|---|
| $ | | $ | $ | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                         Date

My commission expires: _____ Signature: _____
                        Date                           Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                        Attachments
_____ on _____
                                                 Day, date, time
_____ on behalf of _____
Signature

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

**PRETTL INTERNATIONAL, INC.**, a South
Carolina corporation,

        Plaintiff,

v.

**DOSHI FAMILY, LLC, f/k/a DOSHI FAMILY
LIMITED PARTNERSHIP,** a Michigan Limited Liability
Company, **and DOSHI PRETTL INTERNATIONAL, LLC,**
a Michigan Limited Liability Company

        Defendants.

_____/

OAKLAND COUNTY 07-087048-CZ

Case No.    JUDGE STEVEN N. ANDREWS
PRETTL INTERN v DOSHI FAMILY

Hon.

**BUTZEL LONG, P.C.**
By:   Christopher J. Nelson (P53745)
Attorneys for Plaintiff
Stoneridge West
41000 Woodward Ave.
Bloomfield Hills, Michigan 48304
(248) 258-1616
_____/

There is no other pending or
resolved civil action arising out
of the transaction or occurrence
alleged in this complaint.

## COMPLAINT FOR DISSOLUTION, INJUNCTIVE AND OTHER RELIEF

As and for its Complaint, Plaintiff, by its attorneys Butzel Long, P.C. states:

1.    Plaintiff Prettl International, Inc. ("Prettl") is a corporation organized under the laws of South Carolina with its principal place of business in South Carolina.

2.    Prettl owns a 39% membership interest in DPI.

3.    Defendant DFLLC is a limited liability company organized under the laws of Michigan with its principal place of business in Michigan.

4. Defendant DFLLC owns a 51% ownership interest in DPI.

5. Defendant DPI is a limited liability company organized under the laws of Michigan with its principal place of business in Oakland County, Michigan.

6. Jurisdiction and venue are proper in this Court pursuant to MCL § 450.4515, as both Defendants' registered place of business is in Oakland County, Michigan, and a substantial part of the events giving rise to the claims at issue occurred in Oakland County, Michigan.

## Allegations Common To All Counts

7. DPI is a venture between three business entities organized in 2001 for the purpose of manufacturing, marketing, selling, and distributing certain automotive-related components, including but not limited to oxygen sensors.

8. Relying on the respective members' core business strengths, DFLLC provided certain industry contacts and the performance of various sales and general administrative services to DPI, while Plaintiff provided technical, engineering and manufacturing capabilities to DPI.

9. As the 51% owner of DPI and by agreement of DPI's members, DFLLC served as the manager and controlling member of DPI.

10. DFLLC has engaged in a series of transactions on behalf of DPI with other business entities and/or individuals that are related or otherwise affiliated with DFLLC (the "related-party transactions").

11. While the DPI Operating Agreement required members to provide services and goods to DPI in exchange for reimbursement to the member at actual cost plus a stated percentage ("cost-plus"), DFLLC has refused to provide information

to Plaintiff that would permit Plaintiff to determine what the costs of such goods or services were or otherwise assess the propriety of any charges for the related-party transactions.

12. As a result of disagreements between the members of DPI, including disagreements over DFLLC's past and continuing practice of engaging in related-party transactions without providing information to permit Plaintiff to assess whether such transactions adhere to the parties' "cost-plus" agreement, the members of DPI discussed and agreed on a framework by which the members could terminate their business relationship through a membership interest purchase agreement, affording each member the opportunity to buy from or sell to the other member(s) of DPI ("the buy/sell process").

13. The framework for the buy/sell process necessitated an audit of the business records to value DPI and account for any amounts paid by DPI in connection with the related-party transactions.

14. Both as it relates to the attempt to terminate the members' business relationship and also as to the continued business operation of DPI, DFLLC has failed to provide the information needed to perform an accounting of the related party transactions or otherwise provided the information necessary to give meaning and effect to Plaintiff's statutory rights to an accounting and to approve the related-party transactions in which DFLLC continues to engage.

15. By contrast, Plaintiff has repeatedly informed DFLLC that the books and records of its related and affiliated entities that pertain to the related party

transactions in which Prettl has engaged are available for DFLLC's review and inspection

16. DPI and its controlling member DFLLC have also failed to appropriate distributions of cash to its members.

17. As a direct result of DFLLC's refusal to properly distribute cash and share adequate information relating to past, continuing, and contemplated related party transactions and other misconduct, DPI is facing a management deadlock and impasse with substantial distrust and uncertainty among its members that threatens to render the members' investment in DPI worthless.

18. After months of effort to overcome the deadlock and impasse, Plaintiff has been unsuccessful and judicial intervention and relief is necessary as set forth below.

### COUNT I
### MCL § 450.4802 Dissolution

19. Plaintiff restates each of its preceding allegations.

20. DPI is unable to carry on business in conformity with its organization and operating agreements and its members are fundamentally deadlocked on the future course of DPI.

21. The parties have tried for months but failed to buy or sell their respective interests to the other member and judicial decree is now necessary.

**WHEREFORE**, Plaintiff respectfully requests that this Court decree the dissolution of DPI and subsequent liquidation of and accounting for DPI's assets and other holdings and grant such other relief as the Court deems just and appropriate.

## COUNT II
### Accounting

22. Plaintiff restates each of its preceding allegations.

23. Plaintiff is entitled to an accounting of DPI, including but not limited to all related party transactions in which DFLLC engaged in on purported behalf of DPI, including records of DPI and the records of all such related or affiliated entities that pertain to such transactions.

**WHEREFORE**, Plaintiff requests that this Court order Defendants to provide Plaintiff with an accounting, including but not limited to an accounting of all revenues and expenses pertaining to any related-party transactions and, further, that the Court order production of such other documentation as deemed necessary to permit approval of any future related party transactions.

## COUNT III
### Request for The Appointment Of A Receiver

24. Plaintiff restates each of its preceding allegations.

25. By virtue of the foregoing, there is a substantial dispute concerning the propriety of DPI's cash retention, the related party transactions and/or the means by which the respective members of DPI can terminate the continuing relationship through a sale or purchase of membership interests.

26. In the interest of fortifying and preserving the value of any continuing interest in DPI, a receiver is necessary to oversee the business affairs of DPI and/or sell the respective membership interests, including but not limited to reviewing past and continued efforts by DFLLC to conceal information regarding related-party transactions.

**WHEREFORE**, Plaintiff requests that this Court appoint a receiver to effectuate a cash distribution, oversee any continuing related party transactions and/or the purchase and sale of any membership interests in DPI until such time as this dispute has been resolved by the Court.

## COUNT IV
### BREACH OF FIDUCIARY DUTY / VIOLATION OF MCLA § 450.4515

27. Plaintiff restates each of its preceding allegations.

28. As manager and controlling member of DPI, DFLLC owes Plaintiff and DPI fiduciary and other duties as set forth in MCLA § 450.4515.

29. DFLLC's conduct, including without limitation its abusive use of related business entities for the purported provision of goods and services to DPI, its refusal to adequately account for the costs and expenses of such related party transactions, its violation of Plaintiff's statutory rights to approve of such related party transactions and its refusal to distribute cash holdings beyond that which is needed to cover routine business needs, are in breach of DFLLC's fiduciary duties to Plaintiff.

30. DFLLC has refused to cease in the aforesaid conduct despite repeated demands from Plaintiff.

31. DFLLC's aforesaid conduct is willfully unfair and oppressive to Plaintiff, constitutes an abuse of its authority or discretion as a fiduciary, violates Plaintiff's statutory rights and has caused and will continue to cause damage to Plaintiff and to DPI.

**WHEREFORE**, Plaintiff requests that this Court issue an order:

A. Directing Defendants to provide all information necessary to account for the related-party transactions, including all such information to determine the costs to

the related or affiliated entity purportedly performing services for or providing goods to DPI.

B. Prohibiting further engagement in related-party transactions by DFLLC without prior authorization and vote by Plaintiff and any other disinterested members of DPI as provided for in MCL § 450.4502(5).

C. Order the purchase of the fair value of any party's respective interest after allowing for an assessment of the impact of DFLLC's related-party transactions on the value of DPI, or, alternatively, dissolve and liquidate the assets of DPI.

D. Awarding Plaintiff damages, including attorney fees and costs, and all other appropriate remedies provided by MCL § 450.4515 and such other further relief as the Court deems just and proper.

## COUNT V
### Request for Injunctive Relief

32. Plaintiff restates each of its preceding allegations.

33. As discussed more fully above, the actions of DFLLC, individually and on purported behalf of DPI, have caused harm to Plaintiff and DPI, and such actions, if allowed to continue, threaten to further deplete DPI's resources, impair the respective parties' membership interests, and cause irreparable harm to Plaintiff and its statutory and property rights.

34. Defendants have breached and continue to breach fiduciary duties and otherwise violate Plaintiff's aforesaid statutory rights and Plaintiff is likely to succeed on the merits of their cause.

35. A preliminary injunction to protect Plaintiff from Defendants' oppressive conduct and afford Plaintiff its statutory rights as discussed more fully above is both necessary and appropriate.

**WHEREFORE**, Plaintiff requests that this Court enter a preliminary injunction, enjoining DFLLLC and/or DPI from:

A. Engaging in further related-party transactions without prior authorization or vote by Plaintiff and other disinterested members as provided for in MCL § 450.4502(5);

B. Withholding documents necessary to properly account for past related-party transactions and otherwise afford Plaintiff the full measure of their statutory accounting rights as set forth in MCL § 450.4503; and

C. Granting Plaintiff such other and further relief as is just and proper.

Respectfully submitted,

**BUTZEL LONG, P.C.**

By: _____
Christopher J. Nelson (P53745)
Stoneridge West
41000 Woodward Ave.
Bloomfield Hills, Michigan 48304
(248) 258-1616
**Attorneys for Plaintiff**

Dated: November 1, 2007