**Hearing Date and Time: October 24, 2011 at 10:00 a.m.**

Shalom Jacob
Zachary D. Silbersher
LOCKE LORD BISSELL & LIDDELL LLP
Three World Financial Center
New York, New York 10281-2101
Tel: (212) 415-8600
Fax: (212) 303-2754

-and-

Courtney E. Barr (CE 7768)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, Illinois 60606
Tel: (312) 443-0700
Fax: (312) 443-0336

*Counsel for Methode Electronics, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| DPH HOLDINGS CORP., et al., | Case No. 05-44481 [RDD] |
| Reorganized Debtors. | (Jointly Administered) |

-------------------------------------------------x

| | |
|---|---|
| DELPHI CORPORATION, et al., | |
| Plaintiffs, | |
| v. | Adv. Pro. No. 07-02432 [RDD] |
| METHODE ELECTRONICS, INC. | |
| Defendant. | |

-------------------------------------------------x

**METHODE ELECTRONICS, INC.'S RESPONSE TO REORGANIZED DEBTORS'
MOTION UNDER 11 U.S.C. § 105 AND FED. R. BANKR. P. 9014 FOR LEAVE TO (i)
SUPPLEMENT THE RECORD OF THE JUNE 21, 2011 HEARING AND (ii) FILE THE
REORGANIZED DEBTORS' STATEMENT REGARDING SERVICE OF THE FINAL
EXTENSION MOTION**

Defendant Methode Electronics, Inc. ("Methode") submits this response to the *Reorganized Debtors' Motion Under 11 U.S.C. § 105 and Fed. R. Bankr. P. 9014 for Leave to (i) Supplement the Record of the June 21, 2011 Hearing and (ii) File the Reorganized Debtors' Statement Regarding Service of the Final Extension Motion*, ("Motion").

Methode opposes the Reorganized Debtors' attempt to supplement the record. Their proposed statement only amplifies the fact that they have not complied with the Supplemental Case Management Order. Thus, any additions to the record would be irrelevant.[1]

The Reorganized Debtors' Motion is flawed. They claim that the basis for the Final Extension Motion was the *same* as the basis for the earlier extension motions. They state: "the very purpose of the Final Extension Motion, which, like the previous extension motions, was to keep the complaints sealed and avoid unnecessary litigation costs while the Debtors determined whether or not they would proceed with various preference claims." (Motion ¶ 3).

This is incorrect. Incorporated by reference is *Methode Electronics, Inc.'s Response to Reorganized Debtors' Amended Omnibus Response to Certain Defendants' Submissions Regarding the October 2, 2009 Supplemental Postconfirmation Extensionof Avoidance Action Service Deadline Motion*, filed October 7, 2011 [Doc. 21617], which explains in more detail how the rationale for the Final Extension Motion changed from the rationale for the earlier extension motions.

The Reorganized Debtors do not deny that the Supplemental Case Management Order required particularized notice. They admit that Methode did not receive particularized notice. (Motion ¶ 2). Indeed, the Reorganized Debtors admit that each of the extension motions,

---

[1] In the more than a year that these cases have been going on since being unsealed, the Reorganized Debtors never sought to supplement the record, and Defendants have proceeded on these cases based on the record as it is. To allow the Reorganized Debtors to supplement the record now would be inequitable.

1

including the Final Extension Motion, was *ex parte*.  (Motion ¶ 2).  Thus, there is no dispute that Methode did not receive particularized notice according to the case management order.

Rather, the Reorganized Debtors offer excuses for why they did not comply with the Supplemental Case Management Order.  They claim the order "should not be interpreted to require service of process on defendants that were party to sealed actions for which the Debtors were seeking procedural extensions of time to serve the complaints."  (Motion ¶ 5).  This is untenable.  *Even if* that made sense for the earlier extension motions, where the pretense was to protect Delphi's relationships with its vendors in light of the 100 percent plan, the Final Extension Motion was granted for a *different* reason—to give Delphi time to assess the preference complaints, given the plan was no longer 100 percent.  By that time, the Reorganized Debtors had no justifiable reason not to comply with the Supplemental Case Management Order.  Nor do they offer one.

They claim they were "completely and publicly transparent about their interpretation of the Supplemental Case Management Order."  (Motion ¶ 6).  However, there is no way to reconcile their explanation with the facts that they acknowledge to be true—that they claimed to comply with the case management order, but nevertheless admit they did not give particularized notice required by the case management order.

They claim they informed the Court that they were not complying with the case management order.  Yet, their only addition to the record is a statement that service was made "in the usual fashion."  (Motion ¶ 12).  This is hardly complete transparency.

They claim the Court approved service "in the usual fashion" as sufficient.  Yet, the transcript they cite shows otherwise.  (Motion ¶ 12).  The Court stated: "[A]s the [Final Extension Motion] states, the potential plaintiff, here, certainly should have a little more time to

2

analyze whether it makes sense to bring the remaining lawsuits or only some of them before DPH and the defendants incur additional costs." (Transcript, 5:21, Oct. 22, 2009).

The Court was obviously commenting on the reason to grant the extension—*not on the sufficiency of service of the motion*. The Court did not approve service "in the usual fashion" as sufficient. Regardless, it is hard to believe that after the two-year statute of limitations period, followed by an additional two years of extensions, the Reorganized Debtors needed *more* time to assess these complaints.

In sum, the Reorganized Debtors only offer excuses. None of their excuses justify superceding the requirements of the Supplemental Case Management Order. The rationale for the Final Extension motion *changed* from the earlier ones. The reason to keep the complaints sealed no longer applied. The Court never found that non-compliance with the case management order was warranted. Therefore, service of the Final Extension Motion was deficient, and the Final Extension Order should thus be vacated. Thus, allowing the Reorganized Debtors to supplement the record cannot change any of these facts and would not serve any useful purpose.

For the foregoing reasons, the Reorganized Debtors' motion should be denied.

3

Dated:  October 17, 2011  
New York, New York

      __/s/ Zachary D. Silbersher_____  
Shalom Jacob  
Zachary D. Silbersher  
LOCKE LORD BISSELL & LIDDELL LLP  
Three World Financial Center  
New York, New York 10281-2101  
Tel:  (212) 415-8600  
Fax: (212) 303-2754

-and-

Courtney Engelbrecht. Barr (CE 7768)  
LOCKE LORD BISSELL & LIDDELL LLP  
111 S. Wacker Dr.  
Chicago, IL  60606  
Tel: (312) 443-0700  
Fax: (312) 443-0336

*Counsel for Methode Electronics, Inc.*