**Hearing Date and Time: October 24, 2011 at 10:00 a.m. (prevailing Eastern time)**
           **Supplemental Response Date and Time: October 20, 2011 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' RESPONSE TO
LETTER SUBMITTED BY JAMES MICHAEL GRAI

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Response To Letter Submitted By James Michael Grai and respectfully represent as follows:

Response

1. On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3. On September 14, 2011, James Michael Grai submitted a letter to the Court (Docket No. 21574) (the "Letter"). The Letter is premised on the notion that the injunction in the Modified Plan precludes the relevant authorities in Michigan from paying workers' compensation to Michigan and others.[1]

4. Mr. Grai has previously filed proofs of claim numbers 13162 and 13163 based on alleged workers' compensation benefits (the "Claims").

---

[1] Although the Letter refers to the automatic stay, The Reorganized Debtors construe this as reference to the injunction in the Modified Plan.

2

5. The Reorganized Debtors objected to the Claims, which were subsequently disallowed and expunged by this Courts' (i) Order Pursuant To 11 U.S.C. Section 502(B) And Fed. R. Bankr. P. 3007 Disallowing And Expunging (A) Duplicate And Amended Claims And (B) Equity Claims Identified In Tenth Omnibus Claims Objection (Docket No. 7772) and (ii) Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain (A) Equity Interests, (B) Books And Records Claims, (C) Untimely Claims, (D) Pension, Benefit, And OPEB Claims, And (E) Workers' Compensation Claims And (II) Modify And Allow Certain Claims (Docket No. 19175).

6. On October 6, 2009, ACE American Insurance Company ("ACE") and Pacific Employers Insurance Company ("Pacific") filed an adversary complaint (the "Adversary Proceeding") against Delphi, the Michigan Workers' Compensation Agency (the "Agency"), and the Michigan Funds Administration (the "Funds Administration," and together with the Agency, the "Michigan Defendants").[2]

7. On November 10, 2009, the Michigan Defendants filed a motion to dismiss the Adversary Proceeding for lack of jurisdiction. (Adversary Proceeding Docket No. 15.)

8. On January 26, 2010, this Court denied the motion to dismiss filed by the Michigan Defendants. (Adversary Proceeding Docket No. 69.) The Michigan Defendants appealed the portions of this Court's ruling related to sovereign immunity and subject matter jurisdiction to the District Court, and the District Court affirmed this Court's ruling in September 2010. The matter is on appeal in the Second Circuit and oral arguments were heard on October 5, 2011.

---

[2] See ACE American Insurance Co. v. Delphi Corp., Adversary Proceeding No. 09-01510 (Adversary Proceeding Docket No. 1).

3

9. Upon information and belief, the Reorganized Debtors understand that, at least in general terms, the Michigan Self-Insurers' Security Fund (the "Fund"), part of the Funds Administration, is not paying prepetition workers' compensation to employees of the self-insured Reorganized Debtors.  Although the Reorganized Debtors understand that the Fund has determined that it will not make payments until the Adversary Proceeding is resolved, the Reorganized Debtors do not believe that anything in the Modified Plan, this Court's orders, or applicable bankruptcy law prohibits the Fund from paying workers' compensation benefits. Therefore, the Reorganized Debtors view Mr. Grai's request for relief as unnecessary.

10. The Reorganized Debtors, do, however, fully expect that the Michigan Defendants will continue to comply with the stay order entered by this Court on January 28, 2010, as they have throughout they have throughout the appeals process (see Adversary Proceeding Docket No. 71).

11. Pursuant to the direction of this Court, if an interested party wishes to file a supplemental pleading in response to this pleading, the party shall file and serve its response no later than two business days before the scheduled hearing – i.e., by **October 20, 2011.**

WHEREFORE the Reorganized Debtors respectfully request that this Court deny the request for relief set forth in the Letter on the ground that it unnecessary.

4

Dated: New York, New York
October 17, 2011

        SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP

        By: /s/ John K. Lyons
           John Wm. Butler, Jr.
           John K. Lyons
           Ron E. Meisler
        155 North Wacker Drive
        Chicago, Illinois 60606

          - and -

        Four Times Square
        New York, New York 10036

        Attorneys for DPH Holdings Corp., et al.,
          Reorganized Debtors