# EXHIBIT B

This is a sealed pleading and it is subject to the Order Under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), and 546(a) and Fed. R. Bankr. P. 7004, 9006(c), and 9018 (i) Authorizing Debtors to Enter into Stipulations Tolling Statute of Limitations with Respect to Certain Claims, (ii) Authorizing Procedures to Identify Causes of Action that Should be Preserved, and (iii) Establishing Procedures for Certain Adversary Proceedings Including Those Commenced by Debtors Under 11 U.S.C. § 541, 544, 545, 547, 548 or 553, dated August 16, 2007.

TOGUT, SEGAL & SEGAL LLP
Conflicts Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)
Scott E. Ratner (SER-0015)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re:                                                      :   Chapter 11
                                                            :   Case No. 05-44481 [RDD]
DELPHI CORPORATION, *et al.*,                               :
                                                            :   Jointly Administered
------------------------------------------------------------x
                                                            :
DELPHI CORPORATION, *et al.*,                               :   Adv. Pro. No. 07-_____ [RDD]
                                                            :
                    Plaintiffs,                             :
                                                            :
         - against -                                        :
                                                            :
LANEKO ENGINEERING CO., WACHOVIA                            :
BANK, NATIONAL ASSOCIATION and                              :
LANEKO ENGINEERING CO. INC.,                                :
                                                            :
                    Defendants.                             :
                                                            :
------------------------------------------------------------x

## COMPLAINT TO AVOID AND RECOVER
## TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

Delphi Corporation ("Delphi") and the other above-captioned debtors and debtors in possession, the plaintiffs herein (together, the "Plaintiffs"),[1] by their conflicts counsel, Togut, Segal & Segal LLP, as and for their complaint ("Complaint") against the above-captioned Defendants (defined below), allege the following on knowledge as to themselves and their own acts and otherwise upon information and belief:

## INTRODUCTION

1.   On October 8, 2005 (the "Initial Filing Date"), Delphi and certain of its subsidiaries (the "Initial Filers") each filed voluntary petitions in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, the "Debtors") filed voluntary petitions in this Court for reorganization relief under Chapter 11 of the Bankruptcy Code.

2.   The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## JURISDICTION, VENUE AND PARTIES

3.   Plaintiffs bring this adversary proceeding (the "Adversary Proceeding") pursuant to, *inter alia*, sections 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an Order and Judgment of this Court against Laneko Engineering Co., Wachovia Bank, National Association and Laneko Engineering Co. Inc. (together, "Defendants") to direct the return of certain avoidable transfers (the "Transfers") that

---

[1]   The term "Plaintiffs" shall mean all of the Debtors in the above-captioned chapter 11 cases.

2

were made by Plaintiffs to Defendants as more fully and particularly identified in Exhibit "1" annexed hereto.

    4.    This Adversary Proceeding is a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F) and (O).

    5.    Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1334.

    6.    Venue of this Adversary Proceeding is proper in this Court pursuant to 28 U.S.C. § 1409(a).

    7.    Upon information and belief, Defendants were creditors of one or more of the Plaintiffs prior to the filing of Plaintiffs' chapter 11 cases.

    8.    Plaintiffs retain the right to enforce, sue on, settle or compromise all causes of action including, without limitation, claims under and pursuant to sections 502(d), 544, 547, 548 and 550 of the Bankruptcy Code.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (Avoidance and Recovery of Preferential Transfers)

    9.    Plaintiffs repeat, reallege and incorporate by reference all of the allegations contained in paragraphs 1 through 8 of this Complaint as though set forth at length herein.

    10.    On or within ninety (90) days prior to the Initial Filing Date, Plaintiffs made, or caused to be made, the Transfers to Defendants.

    11.    The Transfers constitute transfers of interests in Plaintiffs' property.

    12.    Plaintiffs made, or caused to be made, the Transfers to, or for the benefit of Defendants.

3

13. Plaintiffs made, or caused to be made, the Transfers for, or on account of, antecedent debt(s) owed to Defendants prior to the dates on which the Transfers were made (the "Debt").

14. Pursuant to Bankruptcy Code section 547(f), for purposes of this Adversary Proceeding, Plaintiffs are presumed to have been insolvent at the time that the Transfers were made.

15. The Transfers enabled Defendants to receive more than they would have received if: (i) this case was administered under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendants had received payment of the Debt to the extent provided by the Bankruptcy Code.

16. Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to section 547(b) of the Bankruptcy Code and pursuant to section 550(a) of the Bankruptcy Code, an Order should be entered granting judgment in favor of Plaintiffs: (i) avoiding the Transfers pursuant to Bankruptcy Code section 547(b); (ii) against Defendants in an amount not less than the amount of the Transfers, plus interest from the date hereof and the costs and expenses of this action including, without limitation, attorneys' fees; and (iii) directing Defendants to turnover and pay such sum to Plaintiffs pursuant to Bankruptcy Code section 550(a).

**WHEREFORE**, Plaintiffs respectfully request entry of judgment on their Complaint as follows:

a. On Plaintiffs' First Cause of Action, in favor of Plaintiffs and against Defendants in an amount not less than the amount of the Transfers, plus interest from the date hereof until full payment is made to Plaintiffs, together with the costs and expenses of this action, including, without limitation, attorneys' fees, and directing

4

Defendants to turnover such sum to Plaintiffs pursuant to Bankruptcy Code sections 547(b) and 550(a); and

        b.     Granting such other and further relief as this Court may deem just and proper.

DATED:   New York, New York
              September 26, 2007

                                  DELPHI CORPORATION, *et al.*,
                                  Debtors, Debtors in Possession and Plaintiffs,
                                  By their Conflicts Counsel,
                                  TOGUT, SEGAL & SEGAL, LLP
                                  By:

                                  /s/ Neil Berger
                                  NEIL BERGER (NB-3599)
                                  SCOTT E. RATNER (SER-0015)
                                  Members of the Firm
                                  One Penn Plaza, Suite 3335
                                  New York, New York  10119
                                  (212) 594-5000

05-44481-rdd   Doc 21653-3   Filed 10/18/11   Entered 10/18/11 19:38:59   Exhibit B
Pg 7 of 9

# EXHIBIT "1"

## DELPHI CORPORATION, et al.
## v.
## LANEKO ENGINEERING CO., et al.

| Transfer Date | Transfer Amount | Transfer Type |
|---|---|---|
| 7/18/2005 | $15,975.00 | EFT |
| 7/19/2005 | $61,722.00 | EFT |
| 7/20/2005 | $15,975.00 | EFT |
| 7/21/2005 | $23,660.00 | EFT |
| 7/22/2005 | $44,334.00 | EFT |
| 7/25/2005 | $47,075.20 | EFT |
| 7/26/2005 | $30,420.00 | EFT |
| 7/27/2005 | $2,545.20 | EFT |
| 7/28/2005 | $157,195.50 | EFT |
| 7/29/2005 | $90,003.50 | EFT |
| 8/1/2005 | $45,288.88 | EFT |
| 8/2/2005 | $45,440.20 | EFT |
| 8/3/2005 | $13,520.00 | EFT |
| 8/4/2005 | $44,148.50 | EFT |
| 8/5/2005 | $6,760.00 | EFT |
| 8/8/2005 | $43,674.50 | EFT |
| 8/9/2005 | $9,305.20 | EFT |
| 8/10/2005 | $29,585.20 | EFT |
| 8/11/2005 | $75,151.00 | EFT |
| 8/12/2005 | $38,955.00 | EFT |
| 8/15/2005 | $10,140.00 | EFT |
| 8/16/2005 | $42,858.82 | EFT |
| 8/17/2005 | $33,472.20 | EFT |
| 8/18/2005 | $15,468.00 | EFT |
| 8/19/2005 | $25,341.50 | EFT |
| 8/22/2005 | $16,660.02 | EFT |
| 8/23/2005 | $24,720.13 | EFT |

| Date | Amount | Type |
|---|---|---|
| 8/24/2005 | $32,627.48 | EFT |
| 8/25/2005 | $49,263.00 | EFT |
| 8/26/2005 | $51,275.07 | EFT |
| 8/29/2005 | $45,695.96 | EFT |
| 8/30/2005 | $22,476.82 | EFT |
| 8/31/2005 | $39,207.50 | EFT |
| 8/31/2005 | $1,860,000.00 | WIRE |
| 9/1/2005 | $27,298.00 | EFT |
| 9/2/2005 | $49,378.54 | EFT |
| 9/6/2005 | $27,340.25 | EFT |
| 9/7/2005 | $18,352.08 | EFT |
| 9/8/2005 | $113,183.00 | EFT |
| 9/9/2005 | $65,770.50 | EFT |
| 9/12/2005 | $22,010.00 | EFT |
| 9/13/2005 | $44,835.00 | EFT |
| 9/15/2005 | $54,875.75 | EFT |
| 9/16/2005 | $87,229.50 | EFT |
| 9/19/2005 | $13,279.08 | EFT |
| 9/20/2005 | $48,850.00 | EFT |
| 9/21/2005 | $29,495.00 | EFT |
| 9/22/2005 | $24,732.10 | EFT |
| 9/23/2005 | $72,693.00 | EFT |
| 9/26/2005 | $6,192.00 | EFT |
| 9/27/2005 | $55,610.00 | EFT |
| 9/28/2005 | $48,850.00 | EFT |
| 9/29/2005 | $36,255.00 | EFT |
| 9/30/2005 | $116,316.10 | EFT |
| 10/3/2005 | $63,284.00 | EFT |
| 10/4/2005 | $27,040.00 | EFT |
| 10/5/2005 | $13,520.00 | EFT |
| 10/6/2005 | $48,138.60 | EFT |
| 10/7/2005 | $116,193.00 | WIRE |
| 10/7/2005 | $116,193.00 | EFT |

**TOTAL:** $4,456,853.88