# EXHIBIT C

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 05-44481-rdd

- - - - - - - - - - - - - - - - - - - - - -x

In the matter of:

DPH HOLDINGS CORP., et al.,

        Reorganized Debtors.

- - - - - - - - - - - - - - - - - - - - - -x

        United States Bankruptcy Court

        One Bowling Green

        New York, New York

        April 1, 2010

        10:44 AM

B E F O R E:

HON. ROBERT D. DRAIN

U.S. BANKRUPTCY JUDGE

2

1
2  HEARING re Reorganized Debtors' Emergency Motion for Order
3  Under Section 105(a) of the Bankruptcy Code, Fed. R. Bankr. P.
4  7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) Extending
5  Deadline to Serve Process for Certain Avoidance Actions
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  Transcribed by:  Lisa Bar-Leib

3

```
 1
 2   A P P E A R A N C E S :
 3   BUTZEL LONG P.C.
 4        Attorneys for DPH Holdings Corp., Reorganized Debtors
 5        380 Madison Avenue
 6        22nd Floor
 7        New York, NY 10017
 8
 9   BY:  ERIC B. FISHER, ESQ.
10
11   TOGUT, SEGAL & SEGAL LLP
12        Attorneys for DPH Holdings Corp., Reorganized Debtors
13        One Penn Plaza
14        New York, NY 10110
15
16   BY:  DANIEL F.X. GEOGHAN, ESQ.
17
18   MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
19        Attorneys for Kostal of America Inc. and also Kostal
20         Mexicana S.A. de C.V.
21        150 West Jefferson
22        Suite 2500
23        Detroit, MI 48226
24
25   BY:  DONALD J. HUTCHINSON, ESQ.
```

```
                                                                    4
 1
 2     ROBINSON & COLE LLP
 3          Attorneys for Prudential Relocation, Prudential Relocation
 4           Incorporated, Prudential Relocation International
 5          1055 Washington Boulevard
 6          9th Floor
 7          Stamford, CT 06901
 8
 9     BY:  NATHAN C. ZEZULA, ESQ.
10
11     HONIGMAN MILLER SCHWARTZ & COHN LLP
12          Attorneys for Affinia Canada Corp., Itapsa S.A. de C.V., a
13           Mexican company, and Wix Filtration Products Europe
14           Limited and Valeo Schalter und Sensoren GMBH
15          2290 First National Building
16          660 Woodward Avenue
17          Detroit, MI 48226
18
19     BY:  JUDY B. CALTON, ESQ.
20
21
22
23
24
25
```

```
                                                                 5

 1
 2    BODMAN LLP
 3        Attorneys for Freudenberg-NOK General Partnership,
 4         Freudenberg-NOK, Inc., Flexitech Inc. and Vibracoustic of
 5         Mexico, S.A. de C.V.
 6        1901 St. Antoine Street
 7        6th Floor at Ford Field
 8        Detroit, MI 48226
 9
10    BY:  RALPH E. MCDOWELL, ESQ.
11         (TELEPHONICALLY)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

28

1  THE COURT: All right. But I have to say -- excuse
2  me. There was a motion filed then. And it wasn't a motion to
3  deceive. All right? I would not have approved a motion to
4  deceive. It was a motion signed off on by the unsecured
5  creditors' committee saying that there's a recognition that
6  there's a two year statute of limitation and also recognizing
7  that, at the time, the plan was going to pay creditors a
8  hundred cents on the dollar and that it didn't really make
9  sense for creditors to have to hire people like you to defend
10 them in a situation where it was likely to be moot.
11     MR. HUTCHINSON: It could --
12     THE COURT: And it was on very wide notice. I accept
13 that it wasn't on notice to your client. But there were lots
14 and lots of potential recipients of references who got actual
15 notice of it. And there were no objections. Everyone was
16 delighted not to be sued. They understood.
17     MR. HUTCHINSON: Well, but it could have been
18 accomplished in -- the steps that were taken were not -- one,
19 the papers were filed under seal. Two, the Court was
20 instructed to issue a summons --
21     THE COURT: The adversaries were filed under the
22 seal --
23     MR. HUTCHINSON: Right.
24     THE COURT: -- not the motion for approval of it.
25     MR. HUTCHINSON: No. I understand that. But let me

29

1   say, there were three steps taken.  One was to file the
2   documents under seal.  The second was to defer the issuance of
3   the summons.  And the third was to defer the time period for
4   the debtor to file -- or to serve the summons and complaint.
5   The latter two steps were the only two things that were
6   necessary to accomplish the laudatory purpose of not requiring
7   the debtors and defendants to engage in litigation that might
8   never be pursued.  There was no reason --
9           THE COURT:  What's the first thing --
10          MR. HUTCHINSON:  -- to seal the documents.
11          THE COURT:  What's the first thing a client does when
12  it gets a summons and a complaint?
13          MR. HUTCHINSON:  Investigates the matter.
14          THE COURT:  And hires a lawyer.
15          MR. HUTCHINSON:  And hires a lawyer.
16          THE COURT:  All right.
17          MR. HUTCHINSON:  But if the clients had been notified
18  that complaints had been filed but they might not be pursued,
19  that the Court has authorized and directed that summons shall
20  not be issued and that the debtors are not going to be required
21  to file and serve a summons because the debtors might never be
22  pursuing these actions, that is something that gives notice to
23  the potential defendants that there might be a lawsuit down the
24  road and if they need to take steps to preserve their knowledge
25  and record, they should do so.  Or if they want to take steps