# EXHIBIT E

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 05-44481

- - - - - - - - - - - - - - - - - - - - -x

In the Matter of:


DELPHI CORPORATION,


        Debtor.


- - - - - - - - - - - - - - - - - - - - -x


            United States Bankruptcy Court

            One Bowling Green

            New York, New York


            March 19, 2008

            10:09 AM


B E F O R E:

HON. ROBERT D. DRAIN

U.S. BANKRUPTCY JUDGE

```
 1

 2   HEARING re Fourth Supplement to KECP Motion Seeking Authority

 3   to Continue Short-Term At-Risk Performance Payment Program

 4   ("AIP") For First Half of 2008

 5

 6   HEARING re Motion for Order Under 11 U.S.C. § 1121(D) Extending

 7   Debtors' Exclusive Periods Within Which to File and Solicit

 8   Acceptances of Reorganization Plan

 9

10   HEARING re Motion Pursuant to Fed. R. Bankr. P. 7004(A) and

11   9006(B)(1) and Fed. R. Civ. P. 4(M) to Extend Deadline

12   with Preservation of Estate Claims Procedures Order

13

14   HEARING re Expedited Motion for Order Under 11 U.S.C. §§ 105(A)

15   And 365 And Fed. R. Bankr. P. 6006 (i) Establishing Procedures

16   for Assumption and Assignment of Certain Omitted Executory

17   Contracts And Unexpired Leases in Connection with Sale of

18   Debtors' Steering and Halfshaft Business and (ii) Authorizing

19   Recovery of Excess Discount Rights

20

21   HEARING re Debtors' Omnibus Objection to Claims for Post-

22   Petition Interest

23

24

25
```

3

1

2   HEARING re Debtors' Twenty-Sixth Omnibus Objection Pursuant to

3   11 U.S.C. § 502(B) and Fed. R. Bankr. P. 3007 to Certain (A)

4   Duplicate or Amended Claims, (B) Untimely Claims Not Reflected

5   on Debtors' Books and Records, (C) Untimely Claims, and (D)

6   Claims Subject to Modification and Modified Claim Asserting

7   Reclamation

8

9   HEARING re Debtor's Twenty Seventh Omnibus Objection Pursuant

10  to 11 U.S.C. § 502(B) and Fed. R. Bankr. P. 3007 to Certain

11  Claims to Implement Cure Payments and Modify General Unsecured

12  Claims by Amount of Cure Payments

13

14  HEARING re (A) Authorizing and Approving (i) Sale of Certain of

15  Debtors' Assets Comprising Substantially All of the Assets of

16  Steering and Halfshaft Business Free and Clear of Liens,

17  Claims, and Encumbrances, (ii) Assumption and Assignment of

18  Certain Executory Contracts and Unexpired Leases, and (iii)

19  Assumption of Certain Liabilities and (B) Authorizing and

20  Approving Transaction Facilitation Agreement

21

22

23

24

25

```
                                                                    4
 1

 2    HEARING re Expedited Motion for Orders Under 11 U.S.C. §§ 363,

 3    365, and 1146 and Fed. R. Bankr. P. .2002, 6004, 6006, and 9014

 4    (A) (I) Approving Bidding Procedures, (ii) Granting Certain Bid

 5    Protections, (iii) Approving Form and Manner of Sale Notices,

 6    and (iv) Setting Sale Hearing Date and (B) Authorizing and

 7    Approving (i) Sale of Debtors' Assets Primarily Used in

 8    Debtors' Bearings Business Free and Clear of Liens, Claims, and

 9    Encumbrances, (ii) Assumption and Assignment of Certain

10    Executory Contracts and Unexpired Leases, and (iii) Assumption

11    of Certain Liabilities

12

13    HEARING re Expedited Motion for Orders Under 11 U.S.C. §§ 363

14    and 1146 and Fed. R. Bankr. P. 2002, 6004, and 9014 (A) (i)

15    Approving Bidding Procedures, (ii) Granting Certain Bid

16    Protections, (iii) Approving Form and Manner of Sale Notices,

17    and (Iv) Setting Sale Hearing Date and (B) Authorizing and

18    Approving (I) Sale By Delphi Automotive Systems LLC of Certain

19    Machinery, Equipment, and Inventory Primarily Used in DAS LLC's

20    Kettering Damper Business Free and Clear of Liens and (ii)

21    Entry into Lease Agreement in Connection therewith

22

23

24

25    Transcribed by:  Lisa Bar-Leib
```

```
                                                                5
 1
 2   A P P E A R A N C E S :
 3   SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
 4        Attorneys for Debtor
 5        333 West Wacker Drive
 6        Chicago, IL 60606
 7
 8   BY:  JOHN WM. BUTLER, JR.
 9
10   SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
11        Attorneys for Debtor
12        Four Times Square
13        New York, NY 10036
14
15   BY:  KAYALYN A. MARAFIOTI, ESQ.
16
17   LATHAM & WATKINS LLP
18        Attorneys for Official Committee of Unsecured Creditors
19        53rd at Third
20        885 Third Avenue
21        New York, NY 10022
22
23   BY:  MICHAEL RIELA, ESQ.
24
25
```

```
                                                              6
 1

 2   FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

 3        Attorneys for Official Committee of Equity Noteholders

 4        One New York Plaza

 5        New York, NY 10004

 6

 7   BY:   JENNIFER L. RODBURG, ESQ.

 8

 9   MAYER BROWN LLP

10        Attorneys for Tenneco Inc.

11        1675 Broadway

12        New York, NY 10019

13

14   BY:   MICHELLE R. MANHA, ESQ.

15

16   KENNEDY, JENNIK & MURRAY, P.C.

17        Attorneys for IUE-CWA

18        113 University Place

19        New York, NY 10003

20

21   BY:   THOMAS M. KENNEDY, ESQ.

22

23

24

25
```

```
                                                              7
 1
 2   KIRKLAND & ELLIS LLP
 3        Attorneys for Platinum Equity LLC
 4        Citigroup Center
 5        153 East 53rd Street
 6        New York, NY 10022
 7
 8   BY:  MICHAEL A. COHEN, ESQ.
 9
10   MCDERMOTT WILL & EMERY
11        Attorneys for The Timken Company
12        340 Madison Avenue
13        New York, NY 10173
14
15   BY:  JAMES M. SULLIVAN, ESQ.
16
17
18
19
20
21
22
23
24
25
```

1      Under case law here in the Southern District, this
2 Court has discretion to extend the 120-day service period and
3 it is a discretionary matter. And it is particularly seen as
4 good cause when there is a reasonable belief that future events
5 would likely obviate the need to serve the complaint and
6 prosecute the actions. That can be -- is obviously, Your
7 Honor, in this case, I think, self-evident. Upon the
8 confirmation of a plan, I believe all but one, possibly two of
9 those matters, would end up not being pursued. They would end
10 up being dismissed as of the effective date and would not be
11 pursued. Similar relief of this nature has been granted in
12 other cases -- Chapter 11 cases in this district, including in
13 the Ames Department Store case in 2004 where a further
14 extension was granted at docket number 2524 in that case.
15     Your Honor, we believe that there is no reason to
16 move forward with the service of summons with respect to the
17 742 adversary proceedings that are under seal. We would ask
18 Your Honor to give us an additional sixty days through May 31st
19 to address that issue.
20     THE COURT: Okay. Does anyone have anything to say
21 on this motion? All right. I had one question and you alluded
22 to this. The plan did reserve or retain the ability to pursue
23 a very small number of avoidance actions. And my question is
24 with regard to that small group, have the debtors determined,
25 assuming the plan goes effective, that those will definitely be

23

1   pursued or is that still something they're analyzing in light
2   of the cost of pursuing it versus the net gain of a victory --
3           MR. BUTLER:  I think, Your Honor --
4           THE COURT:  -- or potential victory?
5           MR. BUTLER:  -- those are still under analysis.  They
6   were retained because of the unique circumstances that were
7   pled in those particular proceedings.  And I don't think a
8   final decision has been made as to whether those would actually
9   be pursued.  But obviously, we did make -- we did do enough
10  analysis to decide that as opposed to the other 740 odd actions
11  that these should be retained for that purpose.
12          THE COURT:  Did those defendants get notice of the
13  motion?
14          MR. BUTLER:  Everyone received notice of the 4(m)
15  motion, I believe.  Let me make sure.  Is that -- I want to
16  just double check with my folks.  It went to the 2002 services,
17  I know for sure.  Just give us one second, Your Honor.
18          THE COURT:  Okay.
19          MR. BUTLER:  Your Honor, I'm almost certain that they
20  would have not gotten individualized notice unless they were on
21  the 2002 list.
22          THE COURT:  Okay.
23          MR. BUTLER:  And the reason for that is I'm not sure
24  they know about the existence of the pleadings.
25          THE COURT:  All right.  Well, I debated whether to

1   have you settle the order on those -- that handful of people.
2   I mean, normally, no one wants to have litigation be activated
3   but I think the rationale potentially for them is a little
4   different than the others.  So I think I'll -- particularly, if
5   we're not sure whether they got the notice.
6           MR. BUTLER:  Your Honor, I think -- let me just --
7           THE COURT:  If they're on the 2002 list, you don't
8   need to settle it.  If they weren't -- they weren't served with
9   it, I'd like you to settle it as to the handful of people that
10  the plan at least contemplates would be pursued.
11          MR. BUTLER:  Right.
12          THE COURT:  With regard to the vast majority, all the
13  others, clearly there's a good basis for not activating that
14  litigation.  It would be moot upon consummation of the plan.
15          MR. BUTLER:  We'll do that, Your Honor.  And the
16  existence of those folks is obviously that that exhibit to the
17  plan is public.  So everyone knows what that retention is.
18  So --
19          THE COURT:  Right.
20          MR. BUTLER:  -- we will deal with that and we will
21  settle the order.  If they're not --
22          THE COURT:  You can do it five days notice.
23          MR. BUTLER:  Okay.  Thank you, Your Honor.
24          THE COURT:  Okay.  If they're not on the 2002 list.
25          MR. BUTLER:  Thanks -- thank you, Your Honor.  Your

25

1  Honor, the next matter on the agenda -- and I -- one of the
2  things just so the record is straight and I want to go back
3  briefly to item number 1 because I do want to have a record
4  supporting these things, we had previously made it known to the
5  Court and I believe the Court has considered the exhibits that
6  were part of that matter, 1 through 20.  I don't think I
7  actually moved them formally into the record.  So, as to item
8  number 1, the KECP motion , I would like to move the twenty
9  exhibits, which include various of the Court documents, the AIP
10 documents, the adjustment protocol and the other plans
11 including the plan Your Honor referred to in connection with
12 the confirmation hearing that were the basis of the KECP.
13          THE COURT:  Okay.
14          MR. BUTLER:  So I'd like to move Exhibits 1 to 20 in
15 for that matter.
16          THE COURT:  Those will be admitted.
17          MR. BUTLER:  Thank you, Your Honor.  Similarly, with
18 respect to item number 4, item number 4 on the agenda is our
19 omitted contracts assumption procedures motion.  This is at
20 docket number 13029.  And, Your Honor, this deals with -- there
21 are no objections, by the way, filed with respect to this
22 matter.
23          This is with respe -- this arises with respect to
24 approximately seventy-five contracts that were identified very
25 late in the process by the company that had not been previously

26

1    noticed in connection with the plan of reorganization or

2    previously noticed in connection with the steering sale.  And

3    the amount of potential cure with respect to these folks in the

4    aggregate is estimated by the company at something

5    substantially less than five million dollars.  And the -- but

6    obviously, as it relates to the opportunity to deal with cure,

7    while five million dollars may not be, you know, viewed as

8    material in the size of this case, as Your Honor has observed

9    before, even a million dollars is a lot of money and any cure

10   amount to a particular contract vendee may be, in their

11   circumstance, a lot of money.  And when we sorted through this,

12   we believed it was appropriate to establish procedures on how

13   we would address this matter.  And we served those proposed

14   procedures on each of the seventy-five parties and no one

15   objected to the procedures that we're trying to move forward.

16           We have -- we have a declaration from Mr. Sheehan

17   which has been submitted to the Court in connection with this

18   matter, which is Exhibit 1 to the evidentiary index.  There are

19   an additional five exhibits that were identified on the

20   exhibits list for this hearing.  Your Honor, I'd like to move

21   admission of those exhibits including Mr. Sheehan's declaration

22   in support of the motion.

23           THE COURT:  Okay.  No objection and I've reviewed

24   them so they're admitted.

25           MR. BUTLER:  And, Your Honor, I present Mr. Sheehan