# EXHIBIT F

Page 1

1                UNITED STATES BANKRUPTCY COURT
                 SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------------X
     In Re:                              05-44481 (RDD)
3
     DELPHI CORPORATION, et al.,         One Bowling Green
4                                        New York, New York
          Debtors.                       April 30, 2008
5    ------------------------------------X
6
                    TRANSCRIPT OF MOTIONS
7         BEFORE THE HONORABLE ROBERT D. DRAIN
              UNITED STATES BANKRUPTCY JUDGE
8
9    APPEARANCES:
10   For the Debtors:        JOHN WM. BUTLER, JR., ESQ.
                             KAYALYN A. MARAFIOTI, ESQ.
11                           THOMAS J. MATZ, ESQ.
                             Skadden, Arps, Slate, Meagher
12                            & Flom, LLP
                             Four Times Square
13                           New York, New York  10036
14   For Creditors Com.:     ROBERT J. ROSENBERG, ESQ.
                             MICHAEL RIELA, ESQ.
15                           Latham & Watkins
                             885 Third Avenue
16                           New York, New York  10022
17   For Equity Com.:        BONNIE STEINGART, ESQ.
                             Fried, Frank, Harris, Shriver
18                            & Jacobson, LLP
                             One New York Plaza
19                           New York, New York  10004
20   For ADAH:               THOMAS E. LAURIA, ESQ.
                             White & Case, LLP
21                           200 South Biscayne Boulevard
                             Miami, Florida  33131
22                           (Appearances continued on next page)
23            REGENCY REPORTING, INC.
          Certified Court Reporters & Videographers
24    425 Eagle Rock Avenue      575 Madison Avenue
      Roseland, NJ 07068         New York, NY 10022
25    www.regencyreporting.net   1-866-268-7866

Page 11

1    revised blacklined order and I'll grant the motion.  It appears to

2    me the debtors have been acting in good faith.  They obviously

3    still have remaining issues in respect of the plan and/or a

4    modification thereof and, consequently, this extension which,

5    again, is consensual on this basis is warranted.  So I'll enter

6    that order.

7         MR. BUTLER:  Thank you, Your Honor.

8         Your Honor, you also touched briefly on the 4(m) motion.

9    That's actually the next one, Item 5.  This is the post-

10   confirmation extension of avoidance action service deadlines motion

11   at docket No. 13361 and, Your Honor, this deals with the debtor's

12   seeking an entry of an order extending the deadline to serve

13   process pursuant to Bankruptcy Rule 7004(a) and Federal Rules of

14   Civil Procedure 4(m) that's made applicable by Bankruptcy Rule

15   7004(a) for avoidance actions filed in connection with the

16   preservation of estate claims procedures order earlier entered by

17   this Court at docket No. 12471.

18        We did give some specific notice in connection with

19   this, Your Honor.  We gave notice of the motion to Lenico

20   Engineering Company, Wachovia Bank National Association and the

21   master service list and the 2002 list.  The reason that we gave

22   specific notice to Lenico and Wachovia was because those were the

23   only two parties that had been identified under Exhibit 7.24 of the

24   plan as having the avoidance actions preserved under the plan and,

25   therefore, we gave particularized notice to them of the relief

1   sought by the debtors.  We have not given notice to the 742 other

2   defendants therein which are under seal and it was not served on

3   those defendants except to the extent those defendants already had

4   placed themselves on either the master service list or the 2002

5   list.

6         There were no objections to the motion.  At the moment,

7   Your Honor, prior to Your Honor's order, we believe that it's

8   appropriate to get a further extension.  Right now, the extension

9   is through May 31, 2008, that's Your Honor's -- a prior order

10  entered on March 28th at docket No. 13277 and, again, the process

11  that we're looking for here is essentially the same formulation we

12  did in the 365(d)(4) motion and I presume with a similar

13  modification from Your Honor, the idea here is to not have to deal

14  with these complaints so long as we have the plan process that

15  we're moving forward with.

16        THE COURT:  Okay.  Well, first, I continue to believe

17  that there is good cause for the relief sought here.  Except for

18  the notice you did give I don't think any further notice is

19  necessary under the plain terms of 9006 and the cause is obviously

20  that the analysis so far that's represented in the motion is the

21  same as it was when the motion was originally granted which is that

22  these causes of action are being preserved in light of the

23  limitations period, however, it's not presently contemplated that

24  they will be pursued, although obviously the preservation of them

25  means that they may be pursued but given that there's no reason for