UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------- x

In re                                           :
                                                :        Chapter 11
                                                :
DPH HOLDINGS CORP, et al.,                      :
                                                :        Case No. 05-44481 (RDD)
                                                :        (Jointly Administered)
                Reorganized Debtors.            :
                                                :
----------------------------------------------------- x

DELPHI AUTOMOTIVE SYSTEMS, LLC,                 :
                                                :        Adv. Pro. No. 07-02688 (RDD)
                Plaintiff,                       :
                                                :
        -against-                               :
                                                :
THE TIMKEN COMPANY and THE                      :
TIMKEN CORPORATION,                             :
                                                :
                Defendants.                     :
                                                :
----------------------------------------------------- X


**DECLARATION OF ROBERT MORRIS IN SUPPORT OF OPPOSITION OF THE
TIMKEN COMPANY AND THE TIMKEN CORPORATION TO REORGANIZED
DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS**

Robert Morris, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I was the Manager, General Credit of The Timken Corporation from August 2003

until August 30, 2010, when I retired.

2.      I submit this declaration in support of the Opposition of The Timken Company

and The Timken Corporation (collectively "Timken") to the Reorganized Debtors' (the

"Reorganized Debtors") Amended Omnibus Response to Certain Defendants' Submissions

Regarding the October 2, 2009 Supplemental Postconfirmation Extension of Avoidance Action

Service Deadline Motion (the "Debtor's Amended Omnibus Response").

3. Except as indicated herein, I have personal knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently concerning those facts.

4. On July 31, 2007, just 16 days before the adversary proceeding against Timken was filed under seal, Timken had sold its claims against the Debtors (the "Purchased Claims") at a price equal to 102% of the face amount of the claims.

5. Further, on our about November 9, 2007, the Debtors, Timken, and the Purchaser entered into a Notice of Presentment of a Joint Stipulation and Agreed Order Compromising and Allowing Proof of Claim Numbers 11706 and 14319 (the "Second Settlement Stipulation"), pursuant to which the Debtors, Timken, and the Purchaser resolved objections the Debtors had filed to Timken's claims. The Court so ordered the Second Settlement Stipulation on November 16, 2007. (Docket No. 10971). A copy of the so ordered stipulation is attached hereto as Exhibit A. Except for certain specified rights and obligations, which were specifically preserved, the Second Settlement Stipulation purported to be a comprehensive settlement of the claims among the parties. The Second Settlement Stipulation did not preserve any preference claims. Upon information and belief, Timken believed the statute of limitations for asserting such claims had already expired.

6. As a result of the sale and settlement of Timken's claims against the Debtors, Timken believed it had eliminated the possibility of recognizing a loss on its claim against the Debtors. Accordingly, Timken did not believe it would later be sued for a preference but instead believed that its only possible concern with respect to the Debtors' bankruptcy cases related to the assumption and assignment of certain contracts between Timken and the Debtors.

7.     Exhibit 25 of the Debtors' Amended Omnibus Response states that I was
electronically served with notice of the Final Extension Motion (Docket No. 18952) on October
2, 2009.  I received thousands of documents from the Debtors and other parties relating to the
Debtors' bankruptcy cases during the course of the Debtors' bankruptcy proceedings.  I do not
recall receiving the Final Extension Motion on or about October 2, 2009.  If I did receive the
Final Extension Motion, I would not have reviewed it unless I was made aware that Timken was
impacted by the motion.  In addition, I would have relied upon Timken's bankruptcy counsel,
James Sullivan, who was a partner at Arent Fox LLP at the time, to bring to my attention that the
Final Extension Motion concerned Timken.  James Sullivan never brought the Final Extension
Motion to my attention at that time.

8.     Exhibit 25 of the Debtors' Amended Omnibus Response also states that I was
electronically served with the Preservation of Estate Claims Procedures Motion (Docket No.
8905), the Preservation of Estate Claims Procedures Order (Docket No. 9105), the First
Extension Motion (Docket No. 12922), the First Extension Order (Docket No. 13277), the
Second Extension Motion (Docket No. 13361), and the Second Extension Order (Docket No.
13540) (collectively, with the Final Extension Motion, the "Extension Pleadings").  As stated
above, I received thousands of documents from the Debtors and other parties relating to the
Debtors' bankruptcy cases during the course of the Debtors' bankruptcy proceedings.  I do not
recall receiving the Extension Pleadings.  If I did receive the Extension Pleadings, I would not
have reviewed them unless I was made aware that Timken was impacted by the pleadings.  In
addition, I would have relied upon Timken's bankruptcy counsel, James Sullivan, to bring to my
attention that the Extension Pleadings concerned Timken.  Prior to receiving a copy of the

preference complaint in April 2010, James Sullivan never informed me that the Extension

Pleadings concerned Timken.

9.      Exhibit 25 of the Debtors' Amended Omnibus Response also states that I was

served with the First Amended Plan Disclosure Statement in December 2007 (Docket No.

11974).  Although I recall receiving the First Amended Plan Disclosure Statement, I did not

believe that any provision of the plan or disclosure impacted Timken except to the extent it

related to the assumption and assignment or rejection of contracts between Timken and the

Debtors.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on this 17th day of October, 2011.


                                                    ____/s/ Robert Morris_____
                                                          Robert Morris