Hearing Date And Time: September 22, 2011 at 10:00 a.m. (prevailing Eastern Time)
Response Date And Time: September 15, 2011 at 4:00 p.m. (prevailing Eastern Time)

James B. Sumpter, pro se
21169 Westbay Circle
Noblesville, IN 46062
Telephone: (317) 877-0736
Facsimile: (317) 877-1070
jsump@ieee.org

Salaried Retiree of Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------x Chapter 11 Case No. 05-44481 (RDD)

In re:

DELPHI CORPORATION, et. al.,
: (Jointly Administered) :
Debtors.                                : :
                                        : :

---------------------------------x

# REPLY TO DEBTOR'S RESPONSE [DOCKET # 21581] TO THE AMENDED MOTION FOR RECOUPMENT ON BEHALF OF DELPHI SALARIED RETIREES [DOCKET # 21566]

1. This document is in response to the Debtors response to the Amended Motion for Recoupment on Behalf of Delphi Salaried Retirees.

2. **WHEREAS**, the Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b) (2) (B), (O) and (I).

1

3. **In regards to 28 U.S.C. § 1334:**

This matter is a case that is related to a case under Title 11, in that this proceeding, which seeks to "determine the proper liability" on the amounts owed; which is the result of the debtor's OPEB benefits obligation being discharged, and could only arise in the context of the debtor's bankruptcy case.

4. **In regards to 28 U.S.C. § 157(b)(2):**

- (B) This recoupment motion would exempt property from the estate.
- (O) The recoupment results in the adjustment of the debtor-creditor relationship.
- (I) This motion affects the dischargeability of a debt in that this recoupment motion seeks to determine the proper liability as it relates to the discharge of Salaried Retiree OPEB benefits.

5. To the extent that there are any issues that are determined to be non-core, the Movant consents to having this court enter final judgment.

6. In its response the Debtor raises four main issues:

## Invalid Recoupment Motion

7. The Debtors asserts in its response (paragraph 21) that the present motion for recoupment is a claim for payment. This assertion is based on the willful misreading of the Recoupment Motion, in which the Movant sites the hardship caused to Salaried Retirees as part of the motivation for seeking recoupment. The debtor also conveniently ignores the other motivating factor for recoupment, which was to seek the correct value of the OPEB benefits.

2

The debtor also ignores the balance of the Recoupment Motion which defines the standards for recoupment and the numerous presidents and court cases, which support the motion.

8.  The debtor seeks to rewrite the recoupment motion so as to generate a justifiable defense. The Debtor has as its fundamental premise that the Movant has offered the "hardship caused to many salaried retirees" as a legal justification for recoupment. This premise is false. The Movant made no such claim. Therefore the extensive discussion and numerous arguments that flow from the Debtor's premise are flawed and the Debtor's conclusion that this motion is not a valid request for equitable recoupment is false.

9.  In its response, the Debtor has argued against an issue of its own making, while it has studiously avoided addressing the merits of the issues set forth in the Recoupment Motion. The Debtor's failure to address the merits of issues in the motion, demonstrates that the Debtor is unable to form a rational legal basis for challenging the Recoupment Motion.

## Motion Prohibition by Res Judicata

10. Delphi argues that res judicata bars the recoupment motion. However Delphi's attorneys did not perform a complete or accurate analysis of the res judicata doctrine as it applies to Delphi's request for permission to terminate OPEB benefits and to the current recoupment motion. Had they performed the analysis, it would have been evident that res judicata does not apply. A list and analysis of the elements of res judicata as it pertains to this motion is provided below:

(1) The parties must be identical in the two actions.
   (a) It's clear that the parties of the two actions are the same, they are the debtor and Delphi Salaried Retirees, since the retirees were either a party to the two

3

actions; or they were/are being adequately represented. Therefore this condition is met.

**(2)** The prior judgment must have been rendered by a court of competent jurisdiction.
  (a) The judgment rendered regarding the termination of OPEB benefits was rendered by this court, which is a court of competent jurisdiction. Therefore this condition is met.

**(3)** There must be a final judgment on the merits.
  (a) Judge Drain entered a final judgment that permitted but did not order the debtor to terminate OPEB benefits. Therefore this condition is met.

**(4)** The same cause of action must be involved in both cases.
  (a) The prior judgment was rendered for a cause of action by the Debtor, which sought permission to terminate OPEB benefits.

  (b) The cause of action in this recoupment motion seeks to establish the correct value of the discharged OPEB benefits by returning overpayment made by Salaried Retirees, which were created when the benefits were terminated.

  (c) Therefore the causes of actions are not the same and condition **(4)** <u>**is not met.**</u>

**(5)** The cause of action sought to be barred could and should have been brought in the prior proceeding
  (a) The hearing to permit discharge of OPEB benefits addressed issues pertaining to the applicability of US 1114 and the benefit plan language which permitted the Debtor to terminate benefits at will. In addition, the benefits were not terminated in the judge's order. Instead this action was left to the discretion of the Debtor and did not occur until weeks after the final order was issued.

  (b) Thus, the issue of recoupment could not be raised in the discharge hearing because the action which breached the benefits contract and generated a basis for recoupment had not yet occurred.

  (c) In addition the core issues in the recoupment motion are:

4

- Was there a single integrated transaction
- Is there a mutual debt; and
- Do the mutual debts arise from the same contract?

(d) As a result the core issues involved in the two causes of actions are different and it would have been impractical to try to integrate litigation of the two causes, especially since the conditions for the recoupment motion did not exist at the time of the OPEB discharge motion. Thus condition **(5) is not met**.

10. Therefore all elements required to permit Delphi to assert a defense of res judicata are not met and the Recoupment Motion is **not** barred.

## Movant's Legal Status Relative to Other Retirees

11. In its response the debtor challenges the authority by which I am permitted to make the recoupment motion. The debtor sites Fed. R. Bankr. P. 2019 as justification for questioning the Movant's status. However, the Movant does not claim to represent or serve as an attorney for other salaried retirees. Instead, the Movant is pursuing the recoupment issue, an issue that is exactly common among a large segment of the retiree population. Thus, this motion represents the common interest of Salaried Retirees. As such, the court may permit that action to represent other retirees, even without their knowledge; if it's determined that the representation is adequate.

12. This court has exercised its discretion and permitted other entities to represent common interest of salaried retirees, in a similar way. This partial list includes:

- The limited 1114 committee which has multiple docket entries often outside the scope of the Judges original charter.
- This Movant's in COBRA Benefit Motion, [docket # 18366]

5

- This Movant in Request for STAY of proceedings regarding VEBA in lieu of COBRA ruling [docket #21306]

- Group of Movants (four salaried retirees) in Motion for appointment of 1114 committee[ Docket # 0847]

- Group of Movants (four salaried retirees) in Motion to shorten Notice [Docket # 14885]

13. Thus, the Movant's status, as it relates to the Recoupment Motion and the Salaried Retirees, is not unlike the Movant's status in regards to the COBRA motion [docket #18366]. The debtor was a party to the COBRA proceedings and competently represented by legal counsel. Judge Drain, a judge in a court of competent jurisdiction, issued a final order regarding the COBRA motion. Therefore the debtor is barred from raising the issue now, precisely because of res judicata. Since, a final judgment on an action precludes Delphi from re-litigating this issue which could have or should have been raised in that action.

## Cross-Complaint to Deny Legal Access

14. The Debtor in a cross-complaint asserts that the Movant has filed numerous meritless claims or motions and requests that the court bar the Movant from pursuing legitimate legal issues that are significant to him and other salaried retirees in an effort to intimidate and deny the Movant legitimate access and due process.

15. In addition, this cross-complaint is a cynical effort to manipulate the court into blocking a potential ERISA governed disability life insurance suit by the Movant, which would not be filed under this courts jurisdiction.

16. It is well established that the Movant has sought court resolution to issues with legitimate questions of law. In making its cross-complaint the Debtor alleges that the

6

Recoupment Motion and Movant's prior claims and motions were meritless or frivolous. However, the Debtor offers no proof while it seeks to re-litigate prior motions.

17. Thus the Debtors cross-complaint has no legitimate basis and should be dismissed sua sponte.

18. Therefore the Movant has established that the Debtor has not offered a valid response to the Movant's Recoupment Motion and that all assertions or arguments are false and/or improper application of the law.

Dated: Noblesville, Indiana
September 21, 2011

By: _____
James B. Sumpter
/s/ James B. Sumpter

James B. Sumpter, pro se
21169 Westbay Circle
Noblesville, IN 46062
Telephone: (317) 877-0736
Facsimile: (317) 877-1070
jsump@ieee.org

Salaried Retiree of Debtors