## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

In re

**DPH HOLDINGS CORP., et al.,**                              **Chapter 11**

                                                            **Case No: 05-44481 (RDD)**
                                                            **(Jointly Administered)**

_____ _____ **Reorganized Debtor(s)**

**JAMES GRAI, et al.,**

                              **Movant(s)**    **Adversary Proceeding No:**
                                               **09-01510 (RDD)**

**v.**

**ACE AMERICAN INSURANCE COMPANY**
**and PACIFIC EMPLOYERS INSURANCE**
**COMPANY, DELPHI CORPORATION;**
**STATE OF MICHIGAN WORKERS'**
**COMPENSATION INSURANCE AGENCY;**
**and STATE OF MICHIGAN FUNDS**
**ADMINISTRATION,**

_____ _____ ____ **Defendants.**

## DEBTORS' MOTION PURSUANT TO SECTION 362 OF THE BANKRUPTCY
## CODE TO MODIFY AUTOMATIC STAY

### GROUNDS TO LIFT THE AUTOMATIC STAY

Section 362 provides the Court authority to modify or lift ane automatic stay to proceed against the Debtor in a few instances. Section 362(b)(1) provides that the Stay may be modified or lifted "for cause." 11 U.S.C. 362(d)(1) (2009) neither the statute nor the legislative history defines "cause." In re Sonnax Industries, 907 f. 2d 1280, 1285 (2d. Cir. 1990), the Court found that the Bankruptcy Courts are empowered to make such a determination on a case by case basis.

Section 362(d)(1) requires an initial showing of cause by the Movant. The facts of each request will determine whether relief is appropriate under the

circumstances.  H.R. Rep. No. 595, 95th Congress, 2d Session 343-44, reprinted
in 1978 U.S. Code Congress and Administrative News 6300.

**Where the claim is one covered by insurance or indemnity,
continuation of the action should be permitted since hardship to the debtor
is likely to be outweighed by the hardship to the plaintiff.  In addition the
liquidation of a claim may be more conveniently and speedily determined in
another forum.  Existing case law seems to indicate that the decision of
whether or not to lift the stay is at the discretion of the bankruptcy judge.**

This Court is given board discretion to modify the automatic stay.  Sonnax, 907
F. 2d at 1288.  It is very facts specific. Weighing a number of factors, is required
in determining a motion on such grounds.  The Sonnax factors include:

- (1)   Whether relief would result in a partial or complete resolution of the issues;
- (2)   The lack of any connection with or interference with the bankruptcy case;
- (3)   Whether the other proceedings involved the debtor as a fiduciary;
- (4)   Whether or specialized tribunal with the necessary expertise has been established to hear the cause of action;
- (5)   Whether the debtors' insurer has assumed full responsibility for defending it;
- (6)   Whether the action primarily involved third parties;
- (7)   Whether the litigation in another forum would prejudice the interest of other creditors;
- (8)   Whether the judgment claim arising from the other action is subject to equitable subordination;
- (9)   Whether the movant's success in the other proceedings would result in a judicial lien avoidable by the debtor;

(10)    The interest of judicial economy and the expeditious and economical resolution of litigation;

(11)    Whether the parties are ready for trial in the other proceedings; and

(12)    The impact of the stay on the parties and the balance of harm.

In re Market XT Holding Corp. 2009 Bankr. LEXIS 1897 at 11-12 (Bankr. S.D.N.Y. July 20, 2009).  (Sonnax 907 F.2d at 1286).  In re Bally's Total Fitness of Greater New York, 402 B.R. 616, 623 (Bankr. S.D.N.Y. 2009).  "Not all these factors will be relevant in every case".  Mazzeo v. Lenhart 167 F.3d 139, 143 (2 N.D.2nd Cir. 1999).

The applicable factors in this case were in favor of granting the lifting of the stay in this instance:

(a)    Relief will result in complete resolution of the claim.  The Debtors are a necessary party to the Michigan litigation and the ability to enforce any award against applicable insurance proceeds, these claims involves two important non-debtor parties including new GM and the Self-Insured Security Fund of the State of Michigan.  Granting relief request in this motion would result in complete resolution of the Michigan litigations because all parties will be or will have the opportunity to be represented in Michigan Workers' Compensation courts.

(b)    No interference with bankruptcy case.  These cases are in the final states of readiness for trial after years of litigation. Many of these cases have already gone to trial and obtained judgment against Delphi Corporation.  The liability for these cases rest solely with the new GM; or, with the Self-Insured Security Fund of the State of Michigan.  If the Stay is not lifted, the case will have to be litigated in the Bankruptcy Court which may result in greater interference with the bankruptcy case. This Court would need to familiarize itself with the record of Michigan litigation that spans many years.

(c)         Specialized tribunal.  This Court should allow the completion
of the Michigan workers' compensation litigation because it
resolves around personal injury issues based on Michigan
State law and the claimants are seeking a trial by a Michigan
Magistrate.  In these Michigan cases, the Michigan Workers'
Compensation Courts are a specialized tribunal and its
significant expertise and experience is necessary.  Sonnax,
907, F.2d at 1286 (the Court should consider whether or not
the tribunal with necessary experience exist to hear the
cause of action).  In re Metz, 165 B.R. at 772 (lifting the stay
based on the Sonnax factors, and specifically on the fact that
the expertise of the Bankruptcy Court is unnecessary.

(d)         Insurance defense.    The responsibility for workers'
compensation payments in these cases are to be
determined by the Michigan Workers' Compensation Court.
General Motors has assumed responsibility on many former
Delphi employees' workers' compensation cases.  In other
cases, the Self-Insured Security Fund has taken on the
payments for these claimants.    If these claimants are
successful in their workers' compensation cases in Michigan,
payments will be the sole responsibility of either General
Motors Corporation or the Michigan Self-Insured Security
Fund.   The questions as to whether or not there will be
payments to theses workers compensation litigants in
Michigan will be determined after trial by the Michigan
Workers' Compensation Courts.

(e)         The action involves non-debtor parties.    Workers'
compensation payments will be made, if any exist, through
the Michigan Self-Insured Security Fund or the new General
Motors Corporation.

(f)         The pending litigation will not affect or prejudice the other
creditors of the debtors.  It is clear that allowing the Michigan
workers' compensation claimants completion of the Michigan
litigation will not prejudice the other creditors.    If the
Michigan Workers' Compensation Court finds that the injured
employee was a employee of Delphi and General Motors
has not accepted the responsibility for that employee, that
triggers the responsibility of the Michigan Self-Insured
Security Fund.  If the Court finds that the employee is the
responsibility of General Motors Corporation, General
Motors will be responsible for workers' compensation

payments through their self-insured status. The defenses raised in opposition to these claims will have to be made and will be the same if whether inserted in this Court or Michigan Workers' Compensation Courts. Therefore, any prejudice that the Michigan workers' compensation litigation would have on other creditors would be negligible.

(g)    Interest of judicial economy. The interest of judicial economy and the expeditious and economical resolution of litigation requires that that Michigan litigation be allowed to proceed to final determination. It certainly would serve judicial economy to have the Michigan Workers' Compensation Court that is familiar with the facts and circumstances of the case to proceed because this action has been pending in the Michigan Courts for years. The Michigan Workers' Compensation Courts would have a tremendous advantage over any other court in as much as the Michigan Workers' Compensation Courts are familiar with the applicable law at issue in these matters. Additionally, there are significant questions as to whether this Court has jurisdiction to make binding determinations as to issues revolving solely on Michigan state law.

(h)    The parties are ready for trial. All the listed workers' compensation claimants have been litigating their case for years in the Michigan Workers' Compensation Court. Many of them have obtained prior judgments against Delphi. When a self-insured company goes out of business and does not have insurance coverage for their worker' compensation purposes, it automatically triggers the responsibility of the Michigan Self-Insured Security Fund. General Motors Corporation and the Self-Insured Security Fund of the State of Michigan have been hiding behind the bankruptcy Stay for years. These Michigan workers' compensation claimants have been without money because of Delphi's bankruptcy. If the bankruptcy Stay is lifted, the courts will be able to determine whether General Motors Corporation or Michigan Self-Insured Security Fund is responsible for workers' compensation payments.

(i)    Balancing of harms weighs heavenly in favor of the claimants. Many of these claimants have been waiting for years to have their day in court. As a result of the Stay, the claimants have unable to seek a determination of available proceeds from either General Motors Corporation or the Michigan Self-Insured Security Fund. The impact of

> modifying the Stay to allow the claimants to proceed with the Michigan workers' compensation litigation is minimal because either General Motors Corporation has already acknowledged they would be assuming the responsibility for workers' compensation payments or the Michigan Self-Insured Security Fund will be responsible by law. Delphi would incur no financial hardship because they would not incur any attorney fees or costs. These cases are already being defended by General Motors Corporation or the Michigan Self-Insured Security Fund.

The drafters of the statue envisioned lifting the Stay to allow other proceedings to continue where appropriate. It would be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy would result, in order to leave the parties to their chosen forum and to relieve the Bankruptcy Court from many duties that may be handled elsewhere.

Further, the Sonnax factors were in favor of the Michigan claimants in this matter. The claimants respectfully request that the Court enter an order, modifying the automatic stay to permit the Michigan litigants to continue in the Michigan Workers' Compensation Courts.

**WHEREFORE**, it is respectfully requested that this motion be granted in all respects together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

MICHAEL P. DOUD (P55491)
1121 N. Michigan Avenue
Saginaw, MI 48602
(989) 752-9595

Date: 10-17-11

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

In re

DPH HOLDINGS CORP., et al.,                         **Chapter 11**

                                                    **Case No: 05-44481 (RDD)**
                                                    **(Jointly Administered)**
_____ __Reorganized Debtor(s)__

JAMES GRAI, et al.,

                                    **Movant(s)**   **Adversary Proceeding No:**
                                                    **09-01510 (RDD)**

v.

ACE AMERICAN INSURANCE COMPANY
and PACIFIC EMPLOYERS INSURANCE
COMPANY, DELPHI CORPORATION;
STATE OF MICHIGAN WORKERS'
COMPENSATION INSURANCE AGENCY;
and STATE OF MICHIGAN FUNDS
ADMINISTRATION,

_____ ____Defendants.__

### NOTICE OF MOTION FOR JOINDER OF PARTIES

         PLEASE TAKE NOTICE that a hearing on the annexed Motion of Delphi

("Delphi") and its affiliated debtors in the above-referenced chapter 11 cases

(together, the "Debtors") for relief from the automatic stay, to the extent

applicable, to permit DPH Holdings Corp., et al. ("Delphi"), Ace American

Insurance Company ("Ace"), State of Michigan ("State of Michigan"), State of

Michigan Workers' Compensation Insurance Agency ("Workers' Compensation"),

General Motors ("GM") and State of Michigan Funds Administration ("State of

Michigan") for joinder of all similarly situation Movants in a Motion to Modify the

Automatic Stay in the above captioned matter covered workers' disability

compensation benefits incurred by the Debtors' current and former officers,

directors and employees that have been named as defendants in various legal

proceedings more fully described in the Motion, ("a list of said Movants is

attached as Exhibit 1") will be held before the Honorable Robert Drain, United

States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas

Street, White Plaines, New York, 10601 ("Bankruptcy Court"), on **November 17,**

**2011 at 10:00 a.m.** (the "Hearing").

Dated: $10-17-11$

MICHAEL P. DOUD (P55491)
1121 N. Michigan Avenue
Saginaw, MI 48602
(989) 752-9595

# EXHIBIT

# 1

## LIST OF MOVANTS

Claudia Abner v Delphi
Gloria Acker v Delphi
Steve Anderson v Delphi
Laura Aranjo v Delphi
Randall Arndt v Delphi
Kevin Ashley v Delphi
Roger Ashmore v Delphi
Dennis Bachula v Delphi
Eugene Bady v Delphi
Roy Baldwin v Delphi
Julie Bark v Delphi
Della Barbosa v Delphi
Brenda Beard v Delphi
Odell Beasley v Delphi
Johnnie Bell v Delphi
Alvin Benavides v Delphi
Norma Blade v Delphi
Larry Block v Delphi
Spencer Breamsey v Delphi
Gary Brege v Delphi
Cleophas Brown v Delphi
Russell Brown v Delphi
Larry Bukowski v Delphi
Grant Burns v Delphi
Tim Campbell v Delphi
Saundra Carpenter v Delphi
Emma Chambers v Delphi
Frank Chavez v Delphi
Andrew Chernow v Delphi
Deborah Clark v Delphi
Edward Clifton v Delphi
Clyde Childress v Delphi
James Conklin v Delphi
Thomas Contreras v Delphi
Larry Conway v Delphi
Cristina Coon v Delphi
Debra Cox v Delphi
Joyce Crowe v Delphi
Maggie Crumpton v Delphi
Michael Cunningham v Delphi
Debra Davis v Delphi
Vanessa Dendy v Delphi
Peter Diaz v Delphi
Doris Dobyne v Delphi

Crystal Drake v Delphi
Michael Driscoll v Delphi
Daniel Ducham v Delphi
Gary Dwyer v Delphi
Lynette Earegood v Delphi
Declan Ellis v Delphi
Lucille Ellison v Delphi
Mary Enriquez v Delphi
Eugene Erndt v Delphi
Ricardo Espinosa v Delphi
Victoria Farra v Delphi
Debra Farver v Delphi
Claudine Fife v Delphi
Anthony Fleming v Delphi
Julius Fodo v Delphi
Henderson Foster v Delphi
Yolanda Freeman v Delphi
James Gage v Delphi
Annie Gibbs v Delphi
Shirley Gibson v Delphi
Walter Gibson v Delphi
Faye Gillerson v Delphi
James Goad v Delphi
Terry Golladay v Delphi
Elizabeth Gonzales v Delphi
Dayton Goodrich v Delphi
Kimberly Gould v Delphi
James Grai v Delphi
Linda Groulx v Delphi
Gordon Guymer
Tracy Gwizdala v Delphi
Randall Hall v Delphi
Scott Harder v Delphi
Kevin Hardy v Delphi
Stella Harper v Delphi
Eden Harrison v Delphi
Lorene Haynes v Delphi
Roy Helminick v Delphi
Ardella Henderson v Delphi
Walter Hillman v Delphi
Karen Horton v Delphi
Mary Hunter v Delphi
Nancy Hurst v Delphi
Sharayal Johnson v Delphi
Ann Jones v Delphi
Christine Jones v Delphi

Linda Jones v Delphi
Vernon Jones v Delphi
Tammy Killingbeck v Delphi
Mettie King v Delphi
Vera King v Delphi
Kerry Kozel v Delphi
Nicodem Krasinski v Delphi
Scott LaFramboise v Delphi
Shelly Lambert v Delphi
Delphine Layton v Delphi
Pierre Lefleur v Delphi
Norris Lewis v Delphi
Kathy Loiselle v Delphi
Paul Loiselle v Delphi
Pablo Lopez  v Delphi
Deborah Lorenz v Delphi
Thomas Lutenske v Delphi
Callie Mack v Delphi
Claude Macom v Delphi
Daniel Malusi v Delphi
Constance Masters v Delphi
John Matznick v Delphi
Frank McCarthy v Delphi
Carlton McCuiston v Delphi
Quida McGee v Delphi
Michael McKellar v Delphi
Gary Mead v Delphi
Thomas Metiva v Delphi
Larry Miller v Delphi
Debra Mink v Delphi
Dale Mize v Delphi
William Montgomery v Delphi
Shirley Murry v Delphi
Debra Nagy v Delphi
Naomi Neal v Delphi
Juliann Nickoloff v Delphi
Maria Ortega v Delphi
Robert Ostash v Delphi
Carol Paciorek v Delphi
Barbara Parker v Delphi
Bonnie Patterson v Delphi
Dia Patterson v Delphi
Beth Perez v Delphi
Maureen Pierce v Delphi
Greg Pobocik v Delphi
Richard Poe v Delphi

Mary Potts v Delphi
Ray Pratt v Delphi
Gene Presley v Delphi
Lula Pritchett v Delphi
Edward Quarderer v Delphi
Robert Raab v Delphi
Thomas Radabaugh v Delphi
Donald Reinhardt
Paul Reis v Delphi
Michael Remaidner v Delphi
Michael Richards v Delphi
Paulette Rigda v Delphi
Richard Rivette v Delphi
Gerald Roof v Delphi
Barbara Ross v Delphi
Jeanie Running v Delphi
Cynthia Russell v Delphi
Robert Sabo v Delphi
Leila Salo v Delphi
Darwin Sanada v Delphi
Alma Sanders v Delphi
Letti Sanders v Delphi
Yvonne Sanders v Delphi
Ronald Schmidt v Delphi
Nancy Schriber v Delphi
Doris Scott v Delphi
Bonnie Shepherd v Delphi
Suzanne Sherwood v Delphi
Menort Sims v Delphi
Bobbie Smith v Delphi
Corrine Smith v Delphi
Diane Smith v Delphi
Laura Smith v Delphi
Stephanie Smith v Delphi
Terrence Snook v Delphi
Shirley Snowden v Delphi
Tyrone Sparks v Delphi
Michael Spear v Delphi
David Stahler v Delphi
James Stacy v Delphi
Carolyn Steward v Delphi
Patty Stocker v Delphi
James Stohpaul v Delphi
Patricia Stuart v Delphi
Dennis Stuhr v Delphi
Elmer Tappen v Delphi

Michael Taylor v Delphi
Katie Townsend v Delphi
Alan Trisch v Delphi
William Tunney v Delphi
David Vinton v Delphi
Terry Visnaw v Delphi
Nick Wagner v Delphi
Karen Walker v Delphi
Sandra Watson v Delphi
Judy Weathers v Delphi
Glendale Weidner v Delphi
Elaine Welch v Delphi
Douglas Wendland v Delphi
James Weston v Delphi
Cynthia White v Delphi
Robert Whitting v Delphi
Gregory Willis v Delphi
Henrietta Wilson v Delphi
Barbara Winchell v Delphi
Jacquelyn Wintersmith v Delphi
George Worley v Delphi
Solomon Yearby v Delphi
Gary Zieroff v Delphi

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

In re

**DPH HOLDINGS CORP., et al.,**                **Chapter 11**

                                        **Case No: 05-44481 (RDD)
                                        (Jointly Administered)**

_____ **Reorganized Debtor(s)**

**JAMES GRAI, et al.,**

                        **Movant(s)   Adversary Proceeding No:
                        09-01510 (RDD)**

v.

**ACE AMERICAN INSURANCE COMPANY
and PACIFIC EMPLOYERS INSURANCE
COMPANY, DELPHI CORPORATION;
STATE OF MICHIGAN WORKERS'
COMPENSATION INSURANCE AGENCY;
and STATE OF MICHIGAN FUNDS
ADMINISTRATION,**

_____ **Defendants.**

**PROOF OF SERVICE**

STATE OF MICHIGAN    )
                     ) ss
COUNTY OF SAGINAW    )

        MICHAEL P. DOUD, being first duly sworn deposes and says that on the 17th day of October, 2011, he served a copy of:

**Debtors' Motion Pursuant to Section 362 of the Bankruptcy Code to Modify Automatic Stay**

**Notice of Motion, Pursuant to Section 362 of the Bankruptcy Code, for an Order Modifying the Automatic Stay to Allow Advancement Under Directors and Officers Insurance Policies by Delphi, Ace American Insurance Company, State of Michigan, General Motors and Self-Insured Accident Fund**

**Order Pursuant to 11 U.S.C. § 362(d) Modifying the Automatic Stay Imposed by 11 U.S.C. § 362(a)**

**Notice of Appearance**

**Motion for Joinder of Parties**

**Notice of Motion for Joinder of Parties**

on the following:

United States Bankruptcy Court, 300 Quarropas Street, White Plaines, New York, 10601

Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004

Skadden, Arps, Slate, Meagher & Flom, LLP, 333 West Wacker Drive, Ste. 2100, Chicago, IL 60606

Duane Morris, LLP. 30 South 17th Street, Philadelphia, PA 19103

Dewey & LeBoeuf, Martin Bienenstock, 1301 Avenue of the Americas, New York NY 10019-6092

Michigan Department of Labor & Economic Growth Workers' Compensation Agency, Dennis Raterirk, P.O. Box 30736, Lansing, MI 48909-7717

Michigan Department of Labor & Economic Growth Workers' Compensation Agency, Michael Cox, P.O. Box 30736, Lansing, MI 48909-7717

by placing the same in an envelope, sealed with First Class Postage prepaid thereon depositing same in the United States Mail.

MICHAEL P. DOUD (P55491)

Subscribed and sworn hereto me this 17th day of October, 2011.

REBECCA A. LAYLE, Notary Public
Bay County, Michigan
My Commission Expires: 1/30/16
Acting in the County of Saginaw