MICHIGAN DEPARTMENT OF ATTORNEY GENERAL
Bill Schuette
Michigan Attorney General

Susan Przekop-Shaw (P30495)
Michigan Assistant Attorney General
Attorney for Michigan Workers' Compensation Agency

Dennis Raterink (P52678)
Michigan Assistant Attorney General
Attorney for Michigan Funds Administration

Labor Division
P.O. Box 30736
Lansing, Michigan 48909
(517) 373-2560
(517) 241-7987 (Facsimile)

Hearing Date and Time: October 24, 2011 at 10:00 a.m.

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>DPH HOLDINGS CORP., *et al*<br>    Reorganized Debtors.<br>_____/ | Court No. 05-44481 |
| ACE AMERICAN INSURANCE COMPANY<br>and PACIFIC EMPLOYERS INSURANCE<br>COMPANY,<br><br>    Plaintiffs,<br><br>DPH HOLDINGS CORP., *et al*<br>    Cross-claim Plaintiff<br>vs.<br><br>DELPHI CORPORATION; STATE OF<br>MICHIGAN WORKERS' COMPENSATION<br>INSURANCE AGENCY; and STATE OF<br>MICHIGAN FUNDS ADMINISTRATION,<br>    Defendants.<br>_____/ | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered)<br><br><br><br><br>Adversary Proceeding<br>No. 09-01510-r |

### DEFENDANTS MICHIGAN WORKERS' COMPENSATION AGENCY'S AND MICHIGAN FUNDS ADMINISTRATION'S RESPONSE TO LETTER WRITTEN BY JAMES MICHAEL GRAI

Defendants Michigan Workers' Compensation Agency and Michigan Funds Administration (Michigan Defendants) submit the following response to the letter submitted to this Court on September 3, 2011 by James Michael Grai.

1.      James Michael Grai identified himself as a former employee of Delphi Automotive Systems.  Mr. Grai, unrepresented by counsel at the time, filed the document, which asked this Court to "lift the Stay so that the State of Michigan State Workers' Compensation Commission can disburse the allocated funds to disabled workers, like myself." [Grai letter, Docket #21574].  A hearing on Mr. Grai's request is scheduled for **October 24, 2011 at 10:00 a.m**.

2.      At the outset, Mr. Grai is now represented by counsel.  This morning, the Michigan Defendants received a box full of pleadings from attorney Michael P. Doud, indicating that he now represents Mr. Grai in this bankruptcy proceeding.  Attorney Doud also electronically filed these pleadings with this Court, including a "Motion for Joinder of Parties" and "Debtors' Motion Pursuant to Section 362 of the Bankruptcy Code to Modify Automatic Stay."  Attorney Doud has scheduled hearings before this Court on these motions for **November 17, 2011 at 10:00 a.m.**  With this new hearing date scheduled, it would be appropriate for this Court to adjourn the October 24, 2011 hearing to the November 17, 2011 hearing date.

3.      The Michigan Defendants recognize that there are hundreds of cases pending in Michigan between former Delphi employees, the Self-Insurers' Security Fund, Ace American Insurance Company (Ace) and Pacific Employers Insurance Company (Pacific) regarding which entity has workers' compensation coverage responsibility for a majority of Delphi's injured workers now that this Court has discharged Delphi from any liability for such benefits.

4.      The Michigan Defendants have maintained that this dispute can and must be litigated in Michigan's administrative tribunals and courts.  However, on October 6, 2009, Ace and Pacific filed an adversary complaint against DPH Holdings, the Michigan Workers' Compensation Agency and the Michigan Funds Administration, asking this Court to determine, in part, whether under Michigan's Worker's Disability Compensation Act, Ace and Pacific had coverage responsibility for Delphi's injured employees.

5.      On November 10, 2009, the Michigan Defendants filed a Motion to Dismiss the Adversary Proceeding, arguing several theories, including that this Court did not have subject-matter jurisdiction to hear the controversy and that attempts to litigate the issue in Federal Bankruptcy Court would violate Michigan's sovereign immunity (Adversary Proceeding Docket #15).

6.      On January 26, 2010, this Court denied the Michigan Defendants' motion to dismiss and ruled it had jurisdiction to address the Michigan workers' disability compensation question. (Adversary Proceeding Docket #69).  The Michigan Defendants sought, and on January 28, 2010, this Court granted, a stay of the Court's order and the Adversary Proceeding, pending appeal of the decision. (Adversary Proceeding Docket #71).  The appeal is now before the United States Court of Appeals for the Second Circuit.  Oral arguments were heard on October 5, 2011 and the parties await a final decision.

7.      Mr. Grai asks this Court to "lift the Stay so that the State of Michigan State Workers' Compensation Commission may disburse the allocated funds to disabled workers."  Whether this Court has jurisdiction over this request at this juncture is at question since the case is currently before the Second Circuit Court of Appeals.  There exists no "State of Michigan Workers'

Compensation Commission." Consistent with this Court's January 28, 2010 order, neither the Agency nor the Funds Administration has taken any steps urging the Michigan administrative or judicial tribunals to address the coverage responsibility under Michigan workers' disability compensation law.

8.      The Board of Trustees of the Funds Administration, which oversees the Self-Insurers' Security Fund (SISF), has determined that the coverage liability of the SISF has not been fully triggered under Section 537 of the Workers' Disability Compensation Act, MCL 418.537. The Trustees have determined that there is no "inability to pay" as required by the Act before the SISF may disburse funds due to the fact that both Ace American Insurance Company and Pacific Employers Insurance Company filed Form 400's with the Michigan Workers' Compensation Agency, notifying all concerned that they were providing coverage for the injured employees of Delphi for specific dates. Ace and Pacific Employer dispute the SISF's position. It is this dispute that the Michigan Defendants argue must be adjudicated before the Michigan tribunals and courts, but that this Court held is within the Bankruptcy Court's jurisdiction.

9.      Since Mr. Grai now has legal counsel, the Michigan Defendants request that this Court reschedule the hearing of Mr. Grai's request until November 17, 2011 at 10:00 a.m. - the time his attorney's motion is now set for hearing and afford the Michigan Defendants an opportunity to address the issues raised in these recent pleadings.

Respectfully submitted,

Bill Schuette
Michigan Attorney General


/s/ Susan Przekop-Shaw (P30495)
Michigan Assistant Attorney General
Attorney for Defendant Michigan Workers'
Compensation Agency
przekopshaws@michigan.gov

/s/ Dennis Raterink (P52678)
Michigan Assistant Attorney General
Attorney for Defendant Michigan Funds
Administration
P.O. Box 30736
Lansing, Michigan 48909
517-373-2560
raterinkd@michigan.gov

Dated:  October 20, 2011