REED SMITH LLP  
Mark D. Silverschotz  
Sarah K. Kam  
599 Lexington Avenue  
New York, New York 10022  
Tel: (212) 521-5400  
Fax: (212) 521-5450  
Email: msilverschotz@reedsmith.com;  
skam@reedsmith.com  

-and-

Derek J. Baker  
2500 One Liberty Place  
1650 Market Street  
Philadelphia, PA 19103  
Tel: (215) 851-8100  
Fax: (215) 851-1420  
Email: dbaker@reedsmith.com  

Attorneys for Wells Fargo Bank, N.A.

Hearing Date: October 24, 2011 at 10 a.m. (ET)  
Objection Deadline: October 17, 2011 at 4 p.m. (ET)

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X  
In re:

DPH HOLDINGS CORP., et al.,

        Debtors.  
------------------------------------------------------------X

Chapter 11

Case No. 05-44481 (RDD)

**REPLY OF WELLS FARGO BANK, N.A., SUCCESSOR TO WACHOVIA BANK, NATIONAL ASSOCIATION, IN FURTHER SUPPORT OF ITS MOTION UNDER RULE 60(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND RULE 9024 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR RELIEF FROM THE ORDERS SEALING COMPLAINT AND EXTENDING TIME FOR SERVICE THEREOF**

        Wells Fargo Bank, N.A. ("Wells Fargo"), successor by merger to Wachovia Bank, National Association ("Wachovia Bank"), by its undersigned attorneys, hereby replies to the above-captioned debtors' (the "Debtors") response (Docket No. 21653) (the "Response") to Wells Fargo's motion under Rule 60(b) of the Federal Rules of Civil Procedure, made applicable

to bankruptcy proceedings by Rule 9024 of the Federal Rules of Bankruptcy Procedure, for relief from the Sealing Order[1] as well as the Extension Orders extending the time for service of the complaint in the adversary proceeding number 07-02720 (Docket No. 21600) (the "<u>Motion</u>").[2] In further support of the Motion, Wells Fargo respectfully states as follows:

**PRELIMINARY STATEMENT**

1. In its Motion, Wells Fargo conclusively demonstrated the following:

    a. Wells Fargo was not served with the Sealing Motion or the Sealing Order;

    b. The purported factual predicate for the Sealing Order asserted in the Sealing Motion did not apply to Wells Fargo or its borrower, Laneko;

    c. Wells Fargo reviewed the docket for a complaint subsequent to the running of the statutory period for commencing preference actions, and no such lawsuit against it or Laneko was referenced;

    d. Wells Fargo released its liens and claims against its borrower, Laneko, subsequent to that docket review;

    e. The Debtors first disclosed the "retained" nature of claims against Wells Fargo and Laneko on Exhibit 7.24 of the Plan only after the relevant statute of limitations had run and Wells Fargo had undertaken its docket review; and

    f. Wells Fargo was not served with a complaint until more than two years after the statute of limitations had run.

2. None of the foregoing is contested by the Debtors. Instead, the Debtors baldly assert that:

    a. Wachovia Bank/Wells Fargo is guilty of "extorting a hostage payment": and should have known it would be sued;[3]

---

[1] Capitalized terms herein shall have the same meanings as in the Motion.

[2] The Extension Orders include Docket Nos. 13277, 13484, and 18999.

[3] Wells Fargo understands that the Debtors dispute the predicate of the Motion, but it is beyond the pale to be breezily accused of both hostage taking and extortion. As will be shown, given that the Debtors' Response consists of twenty-four pages of hyperbolic misdirection, the manner in which it begins is not surprising. Response ¶ 1, p.1.

- 2 -

      b.      Principles of due process, the Bankruptcy Rules, and the Local Rules did not require that Wells Fargo be served with the Sealing Motion or the Sealing Order;

      c.      The Motion is untimely because the subsequent motions extending the effect of the Sealing Order (the "Extension Motions") were served on Wells Fargo; and,

      d.      The Motion ought to have been brought as a blunderbuss attack on the order confirming the modified Plan (the "Plan Modification Order") under section 1144 of the Bankruptcy Code, but such a (hypothetical) motion would be untimely.

3.    Notably, the Debtors are unable to address the core of Wells Fargo's argument: The Debtors' Sealing Motion was based upon the goal of not upsetting the Debtors' suppliers and those with which it was engaged in ongoing dialogue. Such factual predicate did not apply to Wells Fargo or Laneko. The Sealing Motion clearly affected Wells Fargo and Laneko, prospective defendants, since the Debtors clearly intended to sue them, yet the Sealing Motion was not served upon them. The failure to serve (which, contrary to the Debtors' contention, was required as a matter of due process given Wells Fargo's interest in the Sealing Motion's substance) produced mischief, and – significantly, from an equity perspective – materially prejudiced Wells Fargo. The Debtors' contention that Wells Fargo's only path for relief is an untimely attack on the Plan Modification Order is baseless since the confirmation order and Plan Modification Order are of no consequence to this dispute.[4]

4.    Fundamentally, this Court is presented with a series of legal questions because the material operative facts are not in dispute. These questions are:

---

[4]    The Debtors also offer an unsupported, throw-away, "actual knowledge" defense buried in a footnote located at the last page of their written argument (Response, p. 23 n.3). Further, they allege that "[f]actual issues abound" as to the actual release of liens and – presumably – as to the value of the underlying collateral so released (Response ¶ 73, p. 22). If resolution of the Motion, at bottom, is to be reduced to the issue of documentation of such release and the extent of underlying value, Wells Fargo gladly will provide the parties and the Court with such further evidence as may be deemed relevant.

    a.    Were the Debtors required to provide Wells Fargo with notice of the Sealing Motion? Wells Fargo has conclusively demonstrated that they were parties-in-interest materially affected by the Sealing Motion entitled to notice thereof.

    b.    Did the factual predicate underlying the Sealing Motion apply to Wells Fargo? The basis for relief articulated by the Debtors in the Sealing Motion did not apply to Wells Fargo, which was neither a supplier to the Debtors nor engaged in an ongoing business relationship with them.

    c.    Did Wells Fargo reasonably release its liens and claims, resulting in prejudice? That Wells Fargo released its liens on Laneko's property subsequent to the review of the silent and misleading docket cannot be seriously disputed.

    d.    Did the Extension Motions that ostensibly were served on Wells Fargo "cure" the consequences of the Debtors' failure to serve the Sealing Motion? Purported service of the subsequent Extension Motions could have no curative effect on the Debtors' prior denial of due process to Wells Fargo.

    e.    Is Wells Fargo required to employ a section 1144 attack on the Plan Modification Order to seek the relief from the Sealing Order and Extension Orders it now requests? The pending Motion does not in any way seek to affect the Plan, confirmation order, or Plan Modification Order.

    f.    Is the Motion timely? The Sealing order is void as to Wells Fargo. The within facts provide a sufficiently egregious foundation for Rule 60(b) relief. The Motion is timely.

5.    Subsequent to the expiration of the statute of limitations, and after it reviewed the docket, Wells Fargo released liens and claims that would have provided it with a source of indemnity for any hypothetical liability arising from its loan to Laneko. Such actions speak directly to the absence of notice and due process. Debtors' failure to serve the Sealing Motion and the deceptive title of the Sealing Motion and the subsequent Extension Motions—none of which have titles referring to the sealed nature of the complaints—deprived Wells Fargo of due process, to its material detriment. Bankruptcy courts may provide relief where movants mislead parties-in-interest through the use of deceptive captions and titles. So should this Court.

- 4 -

6.      The Sealing Order and Extension Orders are void.  The Motion is timely and should be granted.

## ARGUMENT

### A.    Debtors Failed to Comport with the Bankruptcy Rules and the Local Rules, and Deprived Wells Fargo of Notice and Due Process

7.      Debtors argue that Wells Fargo "was not entitled to notice of the motion" of the Sealing Motion (Response ¶ 66, p.20) and that, because the Sealing Order stated that it did not have to be served until after service of the relevant complaint (Response ¶ 3, p. 2), the Debtors acted properly (Response, ¶ 22, p. 8).  The Debtors have it exactly backwards.  "Cause" never existed to dispense with notice to parties affected by the Sealing Motion, at least with respect to Wells Fargo.  Principles of fundamental fairness and due process are not overcome by a desire to afford administrative convenience to debtors who wish to avoid the trouble of providing timely service and proper notice.  The rules are clear that any entity that would be affected by a proposed order is entitled to notice of the underlying motion.  Bankruptcy Rule 9014(a); Local Rule 9013-1(c); *see also Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.)*, 43 F.3d 714, 720 (1st Cir. 1994) ("Notice is the cornerstone underpinning Bankruptcy Code procedure.").

### B.    The Factual Predicate of the Sealing Motion Did Not Apply to Wells Fargo

8.      The parties do not seem to dispute the articulated rationale for the Sealing Motion and Sealing Order.  Motion, ¶16, p. 7.  Those documents, of course, speak for themselves. Debtors state that the Creditors Committee supported the motion and "[e]veryone was delighted not to be sued" (Response, ¶ 22, p. 7).

9.      The point the Debtors are attempting to make is not entirely clear.  Their citation to the record appears to assert that the existence of some sort of conventional wisdom provides

- 5 -

the foundation for a finding that, because (to paraphrase) 'everyone knew what was going on,' no formal notice of the Sealing Motion to affected parties was required. Of course, this new theory is contrary to the purpose set forth by the express language of the Sealing Motion, which makes clear that the Debtors' goal was to avoid upsetting vendors who might take offence to being sued. The written predicate for the Sealing Motion had nothing to do with Wells Fargo because the bank had no ongoing relationship with the Debtors. Sealing Motion at 20-21 (stating that filing the adversary complaints under seal and sealing the adversary dockets to prevent public access was necessary for the Debtors to preserve their business relationships with the potential defendants).

10. In the Response, the Debtors also contend that the anticipated full payment to unsecured creditors constituted a basis for not serving Wells Fargo (Response, ¶22, p. 7). Wells Fargo disagrees. Again, Wells Fargo had no ongoing business relationship with the Debtors at the time of the Sealing Motion, and Laneko was no longer a supplier. An anticipated "full payment" plan may have provided a foundation for not proceeding with one or more lawsuits, but in the case of Wells Fargo there simply was no basis to seal a complaint. Debtors' argument to the contrary is without support.

11. This leads inexorably to the argument previously made by Wells Fargo to which the Debtors have neglected to respond. Motion ¶ 57, p.17. As Wells Fargo noted in its moving papers, the Sealing Motion in its title (as reflected on the docket) fails to use the word "seal" or otherwise describe or put one on notice as to the fundamental relief sought therein. *See In re Friedman*, 184 B.R. 890 (N.D. N.Y. 1995) (holding that debtor's improper caption which failed to list its former business assumed name compounded lack of notice to creditor); *In re Anderson*, 159 B.R. 830, 838-39 (Bankr. N.D. Ill. 1993) (stating that accuracy of the caption is of

substantive importance because it informs the parties whether it has a claim against the estate); *In re AM Int'l., Inc.*, 142 B.R. 252, 256–57 (Bankr. N.D. Ill. 1992) (stating that the information contained in the notices' captions is necessary to satisfy due process).  Accordingly, because Wells Fargo was a party in interest entitled to notice, but received none, and because, after due inquiry, it was prejudiced by both the lack of notice and the misleading title for the Sealing Motion (the factual predicate of which did not apply to it), Wells Fargo is entitled to relief under Rule 60(b).

C. **Wells Fargo Released Its Liens and Claims against Laneko in Reliance on the Misleading Docket and the Passage of the Statute of Limitations**

12.     Debtors contend that there is a "factual" dispute as to the prejudice suffered by Wells Fargo, but such argument is without substance.  *See* Opposition ¶ 73, p.22.  Exhibit B to the McGovern Affidavit clearly demonstrates the fact that Wells Fargo released its liens and claims against Laneko.  Further, the misleading docket provided Wells Fargo with the mistaken, albeit wholly reasonable, belief that the Debtors had not pursued either it or its borrower, Laneko.  Wells Fargo was entitled to rely upon the passage of the statute of limitations and the results of its docket review.  *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751 (1980) (stating that a "statute of limitations establishes a deadline after which the defendant may legitimately have peace of mind"); *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 420 (5th Cir. 2006) ("If the statute has run, a potential defendant that has not been served is entitled to expect that it will no longer have to defend the claim."); *Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir. 1976) ("Once the statute [of limitations] has run, a potential defendant who has not been served is entitled to expect that he will no longer have to defend against the claim.").

13.     Debtors contend that Wells Fargo is not prejudiced because it can defend itself "on the merits" of the proposed lawsuit.  *See* Opposition ¶ 73, p.22.  Yet the opportunity to

US_ACTIVE-107570298.1

present a meritorious defense is not what Wells Fargo contends it has been denied. Rather, Wells Fargo has been stripped of millions of dollars worth of collateral to which it could have turned in the event that it ultimately is found to have liability. Assuming *arguendo* that a proposed amended complaint has validity, it is the loss of such indemnity opportunity that acts as material prejudice to Wells Fargo's rights. These are the exceptional circumstances that justify Rule 60(b) relief. The Debtors completely ignore this point.

### D. Purported Service of the Subsequent Extension Motions and Orders Does Not Preclude Granting Wells Fargo Relief from the Sealing Order and the Extension Orders

14. Debtors' purported service of certain of the Extension Motions and Extension Orders does not preclude this Court from granting Wells Fargo relief from the Sealing Order and the Extension Orders. As set forth in the Motion, the Debtors' failure to provide Wells Fargo with notice of the Sealing Motion rendered the Sealing Order void as to Wells Fargo under Rule 60(b)(4). Motion ¶¶ 55-61, p.16-19. Because a "void judgment is a legal nullity," *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1377 (2010), any subsequent service of the Extension Motions or Extension Orders neither affects the voiding of the Sealing Order nor cures the violation of Wells Fargo's due process rights.

15. In addition, Wells Fargo reasonably released its liens and claims against Laneko on January 14, 2008 after the Debtors' two-year statutory period for commencing avoidance actions had expired and after Wells Fargo searched the docket but discovered no complaint filed against it or its borrower. *See Walker*, 446 U.S. at 751; *Sealed Appellant*, 452 F.3d at 420; *Anderson*, 542 F.2d at 525. Subsequent service of the Extension Motions or the Extension Orders cannot bring back Wells Fargo's claims for indemnity against Laneko or cure the prejudice that Wells Fargo suffered as a result of not having notice of the Sealing Motion and Sealing Order.

- 8 -

### E. The Motion is Not a Collateral Attack on the Plan Modification Order; Bankruptcy Code Section 1144 is Inapplicable

16. Debtors and Wells Fargo agree that Exhibit 7.24 to the Plan references claims against Wachovia and Laneko as "retained" for the benefit of the reorganized estate. That may be so, but the confirmation order and the Plan Modification Order did not cause or otherwise affect the prejudice to Wells Fargo, nor did they result in the creation of any independent rights in the estate with respect to the purported cause of action against Wells Fargo. That the cause of action may have passed through to the reorganized debtor is not what is at issue in the Motion. Wells Fargo does not contend that the Plan was confirmed pursuant to fraud (or extortion, or hostage-taking). Rather, it was the Debtors' failure to provide defendants with notice and due process when it first asked the court to seal the complaints and extend time to serve them.

17. Wells Fargo understands why the Debtors have spent the bulk of their Response mischaracterizing the Motion as one more properly brought under section 1144 of the Bankruptcy Code. Such a motion clearly would be untimely. But the Debtors have not, and presumably cannot, present any support for their argument that a Rule 60(b) motion attacking an order entered pre-confirmation *per se* constitutes a collateral attack on a subsequent confirmation order (or amended confirmation order or the Plan Modification Order). In *In re Vencor, Inc.*, 284 B.R. 79 (Bankr. D. Del. 2002), the single case cited by Debtors on this point, the movants plainly and expressly sought an order vacating the order confirming the debtors' plan, arguing under Rule 60(b) to the extent that the confirmation order improperly provided a release of personal injury or other claims against a non-debtor.

18. This is of no moment because Wells Fargo has not attacked the confirmation process. It simply has pointed out the uncontested facts that it was not served with the mislabeled Sealing Motion and Sealing Order, that the predicate for that motion did not apply to

it, and that it reasonably acted thereafter. Debtors' mistaken characterization of this dispute as one under Section 1144 should be ignored.

### F. The Motion is Timely

19. Contrary to the Debtors' assertion, the Motion is timely. *See* Response ¶¶ 67, 70, p.21. Wells Fargo has demonstrated that its request for Rule 60(b)(4) relief has been made within a reasonable time. As set forth in the Motion, "[i]t is 'reasonable' to allow relief from a void judgment at any time, since the judgment is legally ineffective." *In re Tek-Aids Indus., Inc.*, 145 B.R. 253, 258 (Bankr. N.D. Ill. 1992) (citing *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992); *United States v. Sotis*, 131 F.2d 783, 787 (7th Cir. 1942); 7 James W. Moore et al., Moore's Federal Practice ¶ 60.25[4], at 241 (2d ed. 1992) (laches cannot cure a judgment that is so defective as to be void).

20. The single case cited by the Debtors on this point, *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 178-79 (2d Cir. 2004), is in accord. In *State St. Bank & Trust Co.*, the Second Circuit stated that a Rule 60(b)(4) challenge may generally be made at any time:

> [A] Rule 60(b)(4) motion must be made "within a reasonable time" after entry of the judgment. Courts have been exceedingly lenient in defining the term "reasonable time," with regard to voidness challenges. In fact, it has been oft-stated that, for all intents and purposes, a motion to vacate a default judgment as void "may be made at any time."

*State St. Bank & Trust Co.*, 374 F.3d at 179 (quoting *Beller & Keller v. Tyler*, 120 F.3d 21, 24 (2d Cir. 1997). Although in that case the Second Circuit applied a fact-specific exception to this general rule where the movant previously had filed a motion to vacate a default judgment but failed at that time to advance a voidness argument, here that limited exception clearly does not apply. *See id*. Therefore, Wells Fargo's request for Rule 60(b)(4) relief is timely.

21. Wells Fargo's request for Rule 60(b)(6) relief also has been made within a reasonable time. Wells Fargo and the Debtors agree that "[w]hat is reasonable will vary from case to case and depends on, among other things, whether the adverse party has been prejudiced and whether the moving party had some good reason for his failure to take appropriate action sooner." *In re La Barbera v. Whitney Trucking, Inc.*, 245 F.R.D. 142, 145 (S.D.N.Y. 2007).

22. Here, the Debtors have not identified <u>any</u> prejudice they have suffered by the timing of the Motion. Wells Fargo is also unaware of any prejudice that the Debtors could have suffered. At present, there is no pending complaint. The Debtors are currently seeking authority to file an amended complaint. The Debtors have made no progress on their alleged claim against Wells Fargo.

23. On the other hand, Wells Fargo has good reason for not filing the Motion sooner. As soon as Wells Fargo became aware of the Sealed Complaint, it contacted the Debtors in March, 2010 and demanded dismissal of the Sealed Complaint, hoping to resolve this matter outside of this Court. McGovern Affidavit, Exhibit C. Further, the Debtors are well-aware that they and Wells Fargo had commenced discussions concerning the lawsuit almost a year earlier, beginning in June of 2009. Manifestly, the Debtors have suffered neither surprise nor prejudice. The timing of the Motion is more than reasonable.

## CONCLUSION

24. By not serving Wells Fargo with the Sealing Motion and Sealing Order, and by mislabeling the Sealing Motion so that one reviewing the docket would be unaware that permission to seal complaints was a primary form of relief sought therein, the Debtors caused material prejudice to Wells Fargo. The Motion under Rule 60(b) does not implicate section 1144

US_ACTIVE-107570298.1

of the Bankruptcy Code.  Subsequent purported service of the Extension Motions is of no effect.  The Motion is timely and should be granted.

WHEREFORE, for the reasons set forth herein, Wells Fargo respectfully requests that this Court (a) grant its motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure, declaring void the Sealing Order and the Extension Orders; and (b) grant to Wells Fargo such other and further relief as this Court may deem just or proper.

Dated:  October 20, 2011

                REED SMITH LLP
                A Delaware Limited Liability Partnership

                By:  */s/ Mark D. Silverschotz*
                    Mark D. Silverschotz
                    Sarah K. Kam
                    599 Lexington Avenue
                    New York, New York 10022
                    Tel:  (212) 521-5400
                    Fax:  (212) 521-5450
                    Email:  msilverschotz@reedsmith.com;
                    skam@reedsmith.com

                    -and-

                    Derek J. Baker
                    2500 One Liberty Place
                    1650 Market Street
                    Philadelphia, PA 19103
                    Tel:  (215) 851-8100
                    Fax:  (215) 851-1420
                    Email:  dbaker@reedsmith.com

                *Attorneys for Wells Fargo Bank, N.A. successor by merger to Wachovia Bank, National Association*