**Hearing Date And Time: October 24, 2011 at 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Albert L. Hogan III
Ron E. Meisler

　　- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
　　Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
　　　　　　　　　　　　　　　　　　　　　　:
　　In re　　　　　　　　　　　　　　　　　　:　Chapter 11
　　　　　　　　　　　　　　　　　　　　　　:
DPH HOLDINGS CORP., et al.,　　　　　　　　　:　Case No. 05-44481 (RDD)
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:　(Jointly Administered)
　　　　　　　Reorganized Debtors.　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' REPLY IN SUPPORT OF MOTION UNDER 11 U.S.C.
§ 105 AND FED. R. BANKR. P. 9014 FOR LEAVE TO (I) SUPPLEMENT THE RECORD
OF THE JUNE 21, 2011 HEARING AND (II) FILE THE REORGANIZED DEBTORS'
<u>STATEMENT REGARDING SERVICE OF THE FINAL EXTENSION MOTION</u>

(REORGANIZED DEBTORS' REPLY REGARDING
MOTION TO FILE 4(M) SERVICE STATEMENT)

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), formerly known as Delphi Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), submit this Reply In Support Of Motion Under 11 U.S.C. § 105 And Fed. R. Bankr. P. 9014 For Leave To (I) Supplement The Record Of The June 21, 2011 Hearing And (II) File The Reorganized Debtors' Statement Regarding Service Of The Final Extension Motion (the "Reply").

1. On August 2, 2011, the Reorganized Debtors filed a Motion Under 11 U.S.C. § 105 And Fed. R. Bankr. P. 9014 For Leave To (I) Supplement The Record Of The June 21, 2011 Hearing And (II) File The Reorganized Debtors' Statement Regarding Service Of The Final Extension Motion (the "Motion")[1] concerning the declarations or affidavits (the "Declarations") filed by certain preference defendants (the "Submission Defendants") regarding service of the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion (Docket No. 18952) (the "Final Extension Motion").

2. By the Motion, the Reorganized Debtors' requested that this Court permit the Reorganized Debtors to file a statement, attached to the Motion as Exhibit A (the "Statement"), so as to supplement the information provided to the Court at the June 21, 2011, hearing concerning notice of the Final Extension Motion. By filing the Statement, the Reorganized Debtors hope to remedy any confusion and refute any suggestion of impropriety that occurred at the June 21 hearing.

---

[1] Capitalized terms used and not defined herein have the meanings ascribed to them in the Statement.

2

3. Of the 43[2] Submission Defendants that filed Declarations regarding service of the Final Extension Motion, only three have objected to the relief sought by the Reorganized Debtors in the Motion.[3] Two objections to the Motion, those filed by Heraeus and the joinder filed by Unifrax, are merely blanket objections to all relief sought by the Reorganized Debtors in connection with the Adversary Proceedings. These objections do not raise any argument as to why the Reorganized Debtors should not be permitted to file the Statement. Only one of the objections, filed by Methode, raises arguments as to why the Reorganized Debtors should not be permitted to file the Statement. Specifically, Methode asserts that relief should be denied because (i) the Statement amplifies the fact that the Reorganized Debtors have not complied with the Case Management Order, (ii) any additions provided by the Statement would be irrelevant, (iii) the cases have proceeded for over a year without the record being supplemented and to supplement it now would be inequitable, and (iv) the rationale underlying the Final Extension Motion changed from that asserted in the prior extension motions.

4. Methode argues that the Debtors were obligated to provide notice of the Final Extension Motion under the Case Management Order because Methode held a particularized interest in the subject matter. But the general procedures set forth in the Case

---

[2] Since the initial filing of the Declarations by the Submission Defendants at least 6 Submission Defendants have settled and the Reorganized Debtors anticipate more settlements to occur before the October 24, 2011 hearing.

[3] See Heraeus Defendants' Reply in Opposition to Reorganized Debtors' Motions for Leave to Amend, to Supplement the Record of the June 21, 2011 Hearing and to File the Reorganized Debtors' Statement Regarding Service of the Final Extension Motion and in Reply to Debtors' Amended Omnibus Response (Docket No. 21623) filed by Heraeus Precious Metals and Heraeus Metals Processing (collectively, "Heraeus"); Joinder Of Unifrax I LLC To Heraeus Defendants' Reply In Opposition To The Reorganized Debtors' Motion For Leave To File Amended Complaints, To Supplement The Record Of The June 21, 2011 Hearing And To File The Reorganized Debtors' Statement Regarding Service Of The Final Extension Motion And In Reply To Debtors' Amended Omnibus Response (Docket No. 21642) filed by Unifrax I LLC ("Unifrax"); and Methode Electronics, Inc.'s Response To Reorganized Debtors' Motion Under 11 U.S.C. § 105 And Fed. R. Bankr. P. 9014 For Leave To (I) Supplement The Record Of The June 21, 2011 Hearing And (II) File The Reorganized Debtors' Statement Regarding Service Of The Final Extension Motion (Docket No. 21650) filed by Methode Electronics, Inc. ("Methode").

3

Management Order do not proscribe the Court from accepting notice that was tailored to the special circumstances of the Extension Motions.  Indeed the Court did tailor service of the Extension Motions, requiring particularized notice on parties whose identities were publicly disclosed among the retained causes of action listed on Exhibit 7.24 of the Confirmed Plan—Laneko Engineering Co., Wachovia Bank, National Association, and Laneko Engineering Co., Inc.  (See Hr'g Tr. 24:7-10, Mar. 19, 2008, attached to the Statement as Exhibit E.)  This fact, among others, is set forth in the Statement and is nether irrelevant nor inequitable.[4]

5.  Methode spends the majority of its objection arguing that the rationale for the Final Extension Motion had changed.  Methode's assertions notwithstanding, Fed. R. Civ. Pro. 4(m) provides that a Court may grant an extension of service if a plaintiff can show "good cause."  In the Final Extension Motion, the Reorganized Debtors state the basis for relief under Rule 4(m) was due to (i) "the complex nature of the transactions set forth in the Modified Plan and the Master Disposition Agreement," (ii) the fact that "a significant amount of time and resources will be devoted to supporting the transition operations among [DPH Holdings LLC, GM Components, and DIP Holdco 3]," (iii) the fact that "the Debtors do not believe that DPH Holdings will be able to evaluate each of the retained Adversary Proceedings . . . within 30 days after [the Effective Date]," and (iv) the "Debtors may ultimately determine not to prosecute certain of the Adversary Proceedings." (Final Extension Motion ¶¶ 17-18, attached to the Statement as Exhibit A.)  At the October 22, 2009 hearing, the Reorganized Debtors further explained that relief under Rule 4(m) was necessary due to (i) "the intense period that led of to the closing, it simply wasn't possible for the debtors to winnow the [Adversary Proceedings] down any further," (ii) the fact that "there is only one employee at DPH Holdings Corp. . . . [and]

---

[4] Methode does not cite any relevant authority and the Reorganized Debtors are unaware of any relevant authority that holds that setting forth the procedural history of a case is inequitable.

he does need a bit more time," and (iii) the fact that "a different law firm will be taking over [the Adversary Proceedings] . . . they need a bit more time to get caught up to speed." (Hr'g Tr. 5:4-20 October 22, 2009 attached to the Statement as Exhibit J.)  The Court determined in its ultimate discretion that the Reorganized Debtors had shown good cause.  Again, no relevant authority cited by Methode supports vacating an extension under Rule 4(m) that was proper at the time it was granted.

      6.  Methode, however, implies that the Final Extension Order is *per se* void because the Methode did not receive particularized notice of the Final Extension Motion.[5] Contrary to Methode's assertion, the Case Management Order did not create a substantive right for Methode (or any preference defendant) to be served with particularized notice with the Final Extension Motion.[6] As a matter of law, notice to defendants is not required before a court grants an extension of time to serve a complaint.[7] In addition, the determination not to provide particularized notice was consistent with the *ex parte* nature of the Rule 4(m) relief sought in the Extension Motions while the complaints remained filed under seal.

---

[5] By the Motion, the Reorganized Debtors only seek leave to file the Statement and supplement the record of the June 21, 2011 hearing.  Methode's argument that the Final Extension Motion is void is more properly dealt with in the Adversary Proceedings. However, the Reorganized Debtors will briefly address why Methode's argument is flawed.

[6] *See Harada v. DBL Liquidating Trust* (*In re* Drexel Burnham Lambert Group), 160 B.R. 729, 730 (S.D.N.Y. 1993) (finding that the *ex parte* case management order was "merely a case management tool of the Bankruptcy Court"); *Buergey v. Delta Air Lines, Inc.* (*In re* Delta Air Lines, Inc.), No. 06-9418, 2006 WL 3592334, at *6 (S.D.N.Y. Dec. 11, 2006) (finding that noncompliance with the court's case management order did not violate due process rights).

[7] *See* Fed. R. Civ. P. 6(b)(1)(A) ("[T]he court may, for good cause, extend the time . . . *with or without motion or notice* if the court acts, or if a request is made, before the original time or its extension expires." (emphasis added)); *Galdi v. Jones*, 141 F.2d 984, 992 (2d Cir. 1994) (affirming trial court's *ex parte* order enlarging defendant's time period within which to move or plead); *Boston Post Rd. Med. Imaging, P.C. v. Allstate Ins. Co.*, 221 F.R.D. 410, 414 n.20 (S.D.N.Y. 2004) (permitting *ex parte* application for extension of time when "made before the expiration of the period originally prescribed"); *Rampersad v. Deutsche Bank Securities, Inc.*, No. 02-Civ-7311, 2003 U.S. Dist. LEXIS 7861, at *1-4 (S.D.N.Y. May 9, 2003) (granting extension under Rule 4(m) *ex parte* when plaintiff was unable to determine a defendant's residence or place of business); *Dayton Monetary Assoc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 1992 U.S. Dist. LEXIS 12283, at *22 n.8 (S.D.N.Y. 1992) (rejecting defendant's challenge to Rule 4 extensions, granted upon *ex parte* applications because "Rule 6(b)(1) explicitly provides that such applications are properly made without notice").

7.      Finally, Methode alleges that it has been prejudiced for over two years as a result of not receiving particularized notice of the Final Extension Motion. This is simply not the case. Any notice issues relating to the Extension Motions and arising prior to November 5, 2009, are time barred.[8] Any particularized prejudice suffered by Methode must have occurred over the 123 days following November 5, 2009, which is significantly less than amount of time Methode claims to have suffered.[9]

8.      If anything, Methode's apparent confusion regarding the context and the procedural history surrounding the Final Extension Motion only amplifies the need for the Reorganized Debtors to supplement the record and file the Statement.

---

[8]  The Reorganized Debtors' rights to pursue the cause of action against Methode was set forth in the sealed complaints and expressly preserved by the Modified Plan and the Modification Approval Order (Modified Plan Ex. 7.19; Modification Approval Order ¶¶ LL, 1.) To the extent that Methode wished to challenge the Reorganized Debtors' retention of the avoidance action in the sealed complaints—or the predicate Extension Motions—Methode had the opportunity to object to the Modified Plan, appeal entry of the Modification Approval Order, or seek its revocation. Methode did not make any such challenge despite having received particularized notice of the Modification Approval Order and the time to do so has long since expired.

[9]  Methode was served with the adversary complaint on March 9, 2010.

WHEREFORE, the Reorganized Debtors respectfully request that this Court (a) permit the Reorganized Debtors to supplement the record with respect to the hearing held on June 21, 2011 and (b) permit the Reorganized Debtors to file a statement regarding service of the Final Extension Motion.

Dated:   New York, New York
         October 20, 2011

                SKADDEN, ARPS, SLATE, MEAGHER
                  & FLOM LLP

                By:  /s/ John Wm. Butler, Jr.
                  John Wm. Butler, Jr.
                  John K. Lyons
                  Albert L. Hogan III
                  Ron E. Meisler
                155 North Wacker Drive
                Chicago, Illinois 60606

                 - and -

                Four Times Square
                New York, New York 10036

                Attorneys for DPH Holdings Corp., et al.,
                  Reorganized Debtors