**Hearing Date And Time: October 24, 2011 at 10:00 a.m. (prevailing Eastern time)**

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, Michigan  48226
(313) 225-7000
Cynthia J. Haffey
Thomas B. Radom
Chester E. Kasiborski, Jr.

*Attorneys for DPH Holdings Corp., et al,
Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., et al. | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| Reorganized Debtors. | |

REPLY OF DPH HOLDINGS CORP. TO JAMES B. SUMPTER'S OBJECTION TO
MOTION FOR FINAL DECREE AND ORDER PURSUANT TO 11 U.S.C. § 350(a) AND
FED. R. BANKR. P. 3022 AND LOCAL R. BANKR. P. 3022-1 CLOSING CHAPTER 11
CASES OF FIVE FILING DEBTORS

DPH Holdings Corp. ("DPH Holdings"), on behalf of itself and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), successors to Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), submits this Reply to James B. Sumpter's ("Sumpter") Objection to DPH Holdings' Motion For Final Decree And Order Pursuant To 11 U.S.C. § 350(a) And Fed.

R. Bankr. P. 3022 And Local R. Bankr. P. 3022-1 Closing Chapter 11 Cases Of Five Filing Debtors[1] (the "Motion"), as follows:

1.  In his Objection, James B. Sumpter, again appearing *in pro se*, seeks to prevent the closing of the following five Debtor cases – Delphi Medical Systems Corporation (Case No. 05-44529, Specialty Electronics International Ltd (Case No. 05-44536), Specialty Electronics, Inc. (Case No. 05-44539), Delphi Connection Systems (Case No. 05-44624) and Delphi Automotive Systems Human Resources LLC (Case No. 05-44639) - all of which have been fully administered.  Not surprisingly, however, Mr. Sumpter provides no legal or factual basis for his Objection.  Devoid of any "good faith real argument" (the context of this phrase is discussed below), he simply asserts that these five cases should not be closed pending an appeal he is contemplating taking of the Court's October 13, 2011 Order Denying Amended Motion For Recoupment On Behalf Of Delphi Salaried Retirees [Docket 21645].

2.  It would appear from his Objection that Mr. Sumpter believes that the closing of these five debtor cases will somehow impair his right to pursue an appeal of the October 13th Order.  The fact of the matter is it won't.

3.  Mr. Sumpter was not an employee of any of the five debtors; nor are or were any of the five debtors responsible for paying his disability benefits.  DPH Holdings is both the current benefit plan sponsor and the debtor entity responsible for the payment of disability benefits to certain salaried retirees, including Mr. Sumpter.  In the remote event Mr. Sumpter should prevail on an appeal that, at this point in time, is pure conjecture, his recoupment claim would not be a claim against any of these five debtors anyway.

---

[1] Sumpter mistakenly titled his Objection as "Objection To Motion For Final Decree And Order Pursuant To 11 U.S.C. § 350(a) And Fed. R. Bankr. P. 3022 And Local R. Bankr. P. 3022-1 Closing Chapter 11 Cases Of 20 Filing Debtors [Docket #21607]."  There are only five filing debtor cases that are the subject of this Motion.

4.      At the September 22, 2010 hearing, this Court admonished Mr. Sumpter from bringing actions that are not premised upon a "good faith real argument" and acknowledged, presumably for his understanding and awareness, the Reorganized Debtors' rights under Rule 9011 of the Federal Rules of Bankruptcy Procedure against a party bringing a frivolous claim. See 9/22/11 Hearing Transcript at p. 23; a copy of which is attached as Exhibit 1.

5.      While Mr. Sumpter prefaces his actions by saying he has no interest in causing any inconvenience, hardship or additional cost to the Reorganized Debtors, by representing himself and filing pleadings on the whim that are devoid of any factual or legal basis, he is causing the Reorganized Debtors unnecessary expense and his Objection to the closing of the five debtor cases is no exception.  Consequently, in addition to overruling Mr. Sumpter's Objection, DPH Holdings submits that good cause exists to impose sanctions upon Mr. Sumpter.

Wherefore, DPH Holdings respectfully requests that the Court enter an Order (i) overruling Mr. Sumpter's Objection; (ii) granting the Motion; and (iii) awarding DPH Holdings costs and attorney fees so wrongfully incurred and such other and further relief as may be just and equitable.

Dated:   Detroit, Michigan
         October 21, 2011

BUTZEL LONG, a professional corporation

By:   /s/  Cynthia J. Haffey
      Cynthia J. Haffey
      Thomas B. Radom
      Chester E. Kasiborski, Jr.
150 West Jefferson, Suite 100
Detroit, MI  48226
(313) 225-7000

*Attorneys for DPH Holdings Corp., et al, Reorganized Debtors*

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
Cynthia J. Haffey
Thomas B. Radom
Chester E. Kasiborski, Jr.

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | ) Case No. 05-44481 (RDD) |
| Reorganized Debtors. | ) Jointly Administered |

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2011, a true and correct copy of the Reorganized Debtors' Reply to James B. Sumpter's Objection to DPH Holdings' Motion For Final Decree And Order Pursuant To 11 U.S.C. § 350(a) And Fed. R. Bankr. P. 3022 And Local R. Bankr. P. 3022-1 Closing Chapter 11 Cases Of Five Filing Debtors was served by hand-delivery to Mr. James Sumpter at the following address:

James B. Sumpter, Pro Se
21169 Westbay Circle
Noblesville, IN 46062
Ph: (317) 877-0736
Fax: (317) 877-1070

Dated: Detroit, Michigan                    /s/ Alexis L. Richards
October 21, 2011