UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re

DPH HOLDINGS CORP., et al.,					Chapter 11

					Case No: 05-44481 (RDD)
					(Jointly Administered)
		Reorganized Debtor(s)

JAMES GRAI, et al.,

			Movant(s)		Adversary Proceeding No:
						09-01510 (RDD)

v.

ACE AMERICAN INSURANCE COMPANY
and PACIFIC EMPLOYERS INSURANCE
COMPANY, DELPHI CORPORATION;
STATE OF MICHIGAN WORKERS'
COMPENSATION INSURANCE AGENCY;
and STATE OF MICHIGAN FUNDS
ADMINISTRATION,

			Defendants.

### AMENDED NOTICE OF MOTION, PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE, FOR AN ORDER MODIFYING THE AUTOMATIC STAY

PLEASE TAKE NOTICE that a hearing on the for relief from the automatic stay, to the extent applicable, to permit DPH Holdings Corp., et al. ("Delphi"), Ace American Insurance Company ("Ace"), State of Michigan ("State of Michigan"), State of Michigan Workers' Compensation Insurance Agency ("Workers' Compensation"), General Motors ("GM") and State of Michigan Funds Administration ("State of Michigan") to make payment of covered workers' disability compensation benefits incurred by the Debtors' current and former officers, directors and employees that have been named as defendants in

various legal proceedings, all as more fully described in the Motion, will be held before the Honorable Robert Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plaines, New York, 10601 ("Bankruptcy Court"), on **November 17, 2011 at 10:00 a.m.** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local rules of the Bankruptcy Court for the Southern District of New Your, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based processing format (with two hard copies delivered directly to Chambers), and shall be served upon : (i) the chambers of the Honorable Robert Drain, 300 Quarropas Street, White Plaines, NY  10601; (ii) Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Ste. 2100, Chicago, Illinois 60606, attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn:  Diana Adams, (iv) Duane Morris, LLP, 30 South 17th Street, Philadelphia, PA  19103;  Dewey & LeBoef, 1301 Avenue of the Americas, New York, NY  10019-6092; Michigan Department of Labor &

Economic Growth, Workers' Compensation Agency, Dennis Raterirk, P.O. Box 30736, Lansing, MI 48909-7717; Michigan Department of Labor & Economic Growth, Workers' Compensation Agency, Bill Schuette, P.O. Box 30736, Lansing, MI 48909-7717 (v) any person or entity with a particularized interest in the Motion, so as to be so filed and received by no later than 15 days (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: 10-19-11

MICHAEL P. DOUD (P55491)
1121 N. Michigan Avenue
Saginaw, MI 48602
(989) 752-9595

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re

DPH HOLDINGS CORP., et al.,

Reorganized Debtor(s)

Chapter 11

Case No: 05-44481 (RDD)
(Jointly Administered)

JAMES GRAI, et al.,

Movant(s)

Adversary Proceeding No:
09-01510 (RDD)

v.

ACE AMERICAN INSURANCE COMPANY
and PACIFIC EMPLOYERS INSURANCE
COMPANY, DELPHI CORPORATION;
STATE OF MICHIGAN WORKERS'
COMPENSATION INSURANCE AGENCY;
and STATE OF MICHIGAN FUNDS
ADMINISTRATION,

Defendants.

## AMENDED MOTION OF JAMES GRAI PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE TO MODIFY AUTOMATIC STAY

### GROUNDS TO LIFT THE AUTOMATIC STAY

Section 362 provides the Court authority to modify or lift ane automatic stay to proceed against the Debtor in a few instances. Section 362(b)(1) provides that the Stay may be modified or lifted "for cause." 11 U.S.C. 362(d)(1) (2009) neither the statute nor the legislative history defines "cause." In re Sonnax Industries, 907 f. 2d 1280, 1285 (2d. Cir. 1990), the Court found that the Bankruptcy Courts are empowered to make such a determination on a case by case basis.

Section 362(d)(1) requires an initial showing of cause by the Movant. The facts of each request will determine whether relief is appropriate under the

circumstances. H.R. Rep. No. 595, 95th Congress, 2d Session 343-44, reprinted in 1978 U.S. Code Congress and Administrative News 6300.

**Where the claim is one covered by insurance or indemnity, continuation of the action should be permitted since hardship to the debtor is likely to be outweighed by the hardship to the plaintiff. In addition the liquidation of a claim may be more conveniently and speedily determined in another forum. Existing case law seems to indicate that the decision of whether or not to lift the stay is at the discretion of the bankruptcy judge.**

This Court is given board discretion to modify the automatic stay. Sonnax, 907 F. 2d at 1288. It is very facts specific. Weighing a number of factors, is required in determining a motion on such grounds. The Sonnax factors include:

(1) Whether relief would result in a partial or complete resolution of the issues;

(2) The lack of any connection with or interference with the bankruptcy case;

(3) Whether the other proceedings involved the debtor as a fiduciary;

(4) Whether or specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) Whether the debtors' insurer has assumed full responsibility for defending it;

(6) Whether the action primarily involved third parties;

(7) Whether the litigation in another forum would prejudice the interest of other creditors;

(8) Whether the judgment claim arising from the other action is subject to equitable subordination;

(9) Whether the movant's success in the other proceedings would result in a judicial lien avoidable by the debtor;

(10) The interest of judicial economy and the expeditious and economical resolution of litigation;

(11) Whether the parties are ready for trial in the other proceedings; and

(12) The impact of the stay on the parties and the balance of harm.

In re Market XT Holding Corp. 2009 Bankr. LEXIS 1897 at 11-12 (Bankr. S.D.N.Y. July 20, 2009). (Sonnax 907 F.2d at 1286). In re Bally's Total Fitness of Greater New York, 402 B.R. 616, 623 (Bankr. S.D.N.Y. 2009). "Not all these factors will be relevant in every case". Mazzeo v. Lenhart 167 F.3d 139, 143 (2 N.D.2nd Cir. 1999).

The applicable factors in this case were in favor of granting the lifting of the stay in this instance:

(a) <u>Relief will result in complete resolution of the claim</u>. The Debtors are a necessary party to the Michigan litigation and the ability to enforce any award against applicable insurance proceeds, these claims involves two important non-debtor parties including new GM and the Self-Insured Security Fund of the State of Michigan. Granting relief request in this motion would result in complete resolution of the Michigan litigations because all parties will be or will have the opportunity to be represented in Michigan Workers' Compensation courts.

(b) <u>No interference with bankruptcy case.</u> These cases are in the final states of readiness for trial after years of litigation. Many of these cases have already gone to trial and obtained judgment against Delphi Corporation. The liability for these cases rest solely with the new GM; or, with the Self-Insured Security Fund of the State of Michigan. If the Stay is not lifted, the case will have to be litigated in the Bankruptcy Court which may result in greater interference with the bankruptcy case. This Court would need to familiarize itself with the record of Michigan litigation that spans many years.

(c)     <u>Specialized tribunal.</u> This Court should allow the completion of the Michigan workers' compensation litigation because it resolves around personal injury issues based on Michigan State law and the claimants are seeking a trial by a Michigan Magistrate. In these Michigan cases, the Michigan Workers' Compensation Courts are a specialized tribunal and its significant expertise and experience is necessary. <u>Sonnax,</u> 907, F.2d at 1286 (the Court should consider whether or not the tribunal with necessary experience exist to hear the cause of action). <u>In re Metz,</u> 165 B.R. at 772 (lifting the stay based on the Sonnax factors, and specifically on the fact that the expertise of the Bankruptcy Court is unnecessary.

(d)     <u>Insurance defense.</u> The responsibility for workers' compensation payments in these cases are to be determined by the Michigan Workers' Compensation Court. General Motors has assumed responsibility on many former Delphi employees' workers' compensation cases. In other cases, the Self-Insured Security Fund has taken on the payments for these claimants. If these claimants are successful in their workers' compensation cases in Michigan, payments will be the sole responsibility of either General Motors Corporation or the Michigan Self-Insured Security Fund. The questions as to whether or not there will be payments to theses workers compensation litigants in Michigan will be determined after trial by the Michigan Workers' Compensation Courts.

(e)     <u>The action involves non-debtor parties</u>. Workers' compensation payments will be made, if any exist, through the Michigan Self-Insured Security Fund or the new General Motors Corporation.

(f)     <u>The pending litigation will not affect or prejudice the other creditors of the debtors.</u> It is clear that allowing the Michigan workers' compensation claimants completion of the Michigan litigation will not prejudice the other creditors. If the Michigan Workers' Compensation Court finds that the injured employee was a employee of Delphi and General Motors has not accepted the responsibility for that employee, that triggers the responsibility of the Michigan Self-Insured Security Fund. If the Court finds that the employee is the responsibility of General Motors Corporation, General Motors will be responsible for workers' compensation

|     |     |
| --- | --- |
|     | payments through their self-insured status. The defenses raised in opposition to these claims will have to be made and will be the same if whether inserted in this Court or Michigan Workers' Compensation Courts. Therefore, any prejudice that the Michigan workers' compensation litigation would have on other creditors would be negligible. |
| (g) | <u>Interest of judicial economy.</u> The interest of judicial economy and the expeditious and economical resolution of litigation requires that that Michigan litigation be allowed to proceed to final determination. It certainly would serve judicial economy to have the Michigan Workers' Compensation Court that is familiar with the facts and circumstances of the case to proceed because this action has been pending in the Michigan Courts for years. The Michigan Workers' Compensation Courts would have a tremendous advantage over any other court in as much as the Michigan Workers' Compensation Courts are familiar with the applicable law at issue in these matters. Additionally, there are significant questions as to whether this Court has jurisdiction to make binding determinations as to issues revolving solely on Michigan state law. |
| (h) | <u>The parties are ready for trial.</u> All the listed workers' compensation claimants have been litigating their case for years in the Michigan Workers' Compensation Court. Many of them have obtained prior judgments against Delphi. When a self-insured company goes out of business and does not have insurance coverage for their worker' compensation purposes, it automatically triggers the responsibility of the Michigan Self-Insured Security Fund. General Motors Corporation and the Self-Insured Security Fund of the State of Michigan have been hiding behind the bankruptcy Stay for years. These Michigan workers' compensation claimants have been without money because of Delphi's bankruptcy. If the bankruptcy Stay is lifted, the courts will be able to determine whether General Motors Corporation or Michigan Self-Insured Security Fund is responsible for workers' compensation payments. |
| (i) | <u>Balancing of harms weighs heavenly in favor of the claimants.</u> Many of these claimants have been waiting for years to have their day in court. As a result of the Stay, the claimants have unable to seek a determination of available proceeds from either General Motors Corporation or the Michigan Self-Insured Security Fund. The impact of |

> modifying the Stay to allow the claimants to proceed with the Michigan workers' compensation litigation is minimal because either General Motors Corporation has already acknowledged they would be assuming the responsibility for workers' compensation payments or the Michigan Self-Insured Security Fund will be responsible by law. Delphi would incur no financial hardship because they would not incur any attorney fees or costs. These cases are already being defended by General Motors Corporation or the Michigan Self-Insured Security Fund.

The drafters of the statue envisioned lifting the Stay to allow other proceedings to continue where appropriate. It would be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy would result, in order to leave the parties to their chosen forum and to relieve the Bankruptcy Court from many duties that may be handled elsewhere.

Further, the Sonnax factors were in favor of the Michigan claimants in this matter. The claimants respectfully request that the Court enter an order, modifying the automatic stay to permit the Michigan litigants to continue in the Michigan Workers' Compensation Courts.

**WHEREFORE**, it is respectfully requested that this motion be granted in all respects together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Michael Doud*

MICHAEL P. DOUD (P55491)
1121 N. Michigan Avenue
Saginaw, MI 48602
(989) 752-9595

Date: 10-19-11

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re

DPH HOLDINGS CORP., et al.,                                Chapter 11

Case No: 05-44481 (RDD)
(Jointly Administered)

_____ Reorganized Debtor(s)

JAMES GRAI, et al.,

Movant(s)    Adversary Proceeding No:
09-01510 (RDD)

v.

ACE AMERICAN INSURANCE COMPANY
and PACIFIC EMPLOYERS INSURANCE
COMPANY, DELPHI CORPORATION;
STATE OF MICHIGAN WORKERS'
COMPENSATION INSURANCE AGENCY;
and STATE OF MICHIGAN FUNDS
ADMINISTRATION,

_____ Defendants.

### AMENDED NOTICE OF MOTION FOR JOINDER OF PARTIES

PLEASE TAKE NOTICE that a hearing on the annexed Motion of James Grai and additional joined parties in the above-referenced chapter 11 cases (together, the "Movants") for relief from the automatic stay, to the extent applicable, for joinder of all similarly situation Movants in a Motion to Modify the Automatic Stay in the above captioned matter covered workers' disability compensation benefits incurred by the Debtors' current and former officers, directors and employees that have been named as defendants in various legal proceedings more fully described in the Motion, ("a list of said Movants is

attached as Exhibit 1") will be held before the Honorable Robert Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plaines, New York, 10601 ("Bankruptcy Court"), on **November 17, 2011 at 10:00 a.m.** (the "Hearing").

Dated: 10-19-11

MICHAEL P. DOUD (P55491)
1121 N. Michigan Avenue
Saginaw, MI 48602
(989) 752-9595

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

In re

DPH HOLDINGS CORP., et al.,                          Chapter 11

                                                              Case No: 05-44481 (RDD)
                                                              (Jointly Administered)
                      Reorganized Debtor(s)

JAMES GRAI, et al.,

                                    Movant(s)    Adversary Proceeding No:
                                                         09-01510 (RDD)
v.

ACE AMERICAN INSURANCE COMPANY
and PACIFIC EMPLOYERS INSURANCE
COMPANY, DELPHI CORPORATION;
STATE OF MICHIGAN WORKERS'
COMPENSATION INSURANCE AGENCY;
and STATE OF MICHIGAN FUNDS
ADMINISTRATION,

                      Defendants.

**AMENDED MOTION FOR JOINDER OF PARTIES**

NOW COMES above captioned Plaintiff's by and through their attorneys DAVIDSON, BREEN & DOUD, P.C. and hereby makes a Motion of Joinder of Parties as it relates to the Motion for Relief of Automatic Stay pursuant to 11 U.S.C. § 362(a). In support of which states the following:

Pursuant to an Order of Bankruptcy issued by this Honorable Court an automatic stay ("the stay") was issued in this matter pertaining to any and all legal proceedings against Petitioner Delphi Corporation

Each of the above captioned moving parties ("Movants") were at the time of the issuance of the stay in this matter, being paid Michigan Workers' Disability Compensation Benefits ("Benefits") pursuant to a relevant Order executed in the Michigan Workers' Disability Compensation Agency ("Bankruptcy"). (Please see Plaintiff's exhibit #1) Directly subsequent to the issuance of the bankruptcy and the subsequent stay in this matter Delphi's responsibility to continue paying these court ordered workers' disability compensation benefits was absolved by this Honorable Court.

Subsequent to the issuance of the automatic stay in this matter a genuine issue of material fact has been presented as to what parities are now liable for the court ordered workers' disability compensation benefits due and owing to the Movants in this matter.

Until such time as the automatic stay issued pursuant to 11 U.S.C. § 362(a) is lifted the party ultimately liable for these workers' disability compensation payments cannot be determined.

Each of the Movants in the instant Motion assert the right to relief jointly, separately, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences as moving party James Grai, who this court is scheduled to hear a Motion for Relief from Automatic Stay on November 17, 2011 at 10:00 a.m.

Additionally, each of the Movants in the instant matter have a question of law or fact common to each in the action.

Due to the identical facts at issue for the purposes of relief of the automatic stay in this matter a determination to either lift the automatic stay or extend the automatic stay will have an identical impact on each of the instant Movants.

WHEREFORE, Petitioners respectfully request this Honorable Court allow for permissive joinder as to the Motion for Relief from Automatic Stay filled by moving party, James Grai, to be heard before this Honorable Court on November 17, 2011 at 10:00 a.m.

Respectfully submitted,

*/s/ Michael Doud*

MICHAEL P. DOUD (P55491)
1121 N. Michigan Avenue
Saginaw, MI 48602
(989) 752-9595

Date: 10-19-11

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re

DPH HOLDINGS CORP., et al.,                    Chapter 11

Case No: 05-44481 (RDD)
(Jointly Administered)

_____ Reorganized Debtor(s)

JAMES GRAI, et al.,

Movant(s)   Adversary Proceeding No:
09-01510 (RDD)

v.

ACE AMERICAN INSURANCE COMPANY
and PACIFIC EMPLOYERS INSURANCE
COMPANY, DELPHI CORPORATION;
STATE OF MICHIGAN WORKERS'
COMPENSATION INSURANCE AGENCY;
and STATE OF MICHIGAN FUNDS
ADMINISTRATION,

_____ Defendants.

### PROOF OF SERVICE

STATE OF MICHIGAN   )
                    ) ss
COUNTY OF SAGINAW   )

MICHAEL P. DOUD, being first duly sworn deposes and says that on the 19th day of October, 2011, he served a copy of:

**Amended Motion of James Grai Pursuant to Section 362 of the Bankruptcy Code to Modify Automatic Stay**

**Amended Notice of Motion, Pursuant to Section 362 of the Bankruptcy Code, for an Order Modifying the Automatic Stay**

**Amended Motion for Joinder of Parties**

**Amended Notice of Motion for Joinder of Parties**

on the following:

United States Bankruptcy Court, 300 Quarropas Street, White Plaines, New York, 10601

Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004

Skadden, Arps, Slate, Meagher & Flom, LLP, 333 West Wacker Drive, Ste. 2100, Chicago, IL 60606

Duane Morris, LLP. 30 South 17th Street, Philadelphia, PA 19103

Dewey & LeBoeuf, Martin Bienenstock, 1301 Avenue of the Americas, New York NY 10019-6092

Michigan Department of Labor & Economic Growth Workers' Compensation Agency, Dennis Raterirk, P.O. Box 30736, Lansing, MI 48909-7717

Michigan Department of Labor & Economic Growth Workers' Compensation Agency, Bill Schuette, P.O. Box 30736, Lansing, MI 48909-7717

by placing the same in an envelope, sealed with First Class Postage prepaid thereon depositing same in the United States Mail.

*[signature]*
MICHAEL P. DOUD (P55491)

Subscribed and sworn hereto me this 19th day of October, 2011.

*[signature]*
REBECCA A. LAYLE, Notary Public
Bay County, Michigan
My Commission Expires: 1/30/16
Acting in the County of Saginaw