SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
    In re                                     :         Chapter 11
:
DPH HOLDINGS CORP., et al.,           :         Case No. 05-44481 (RDD)
:
            Reorganized Debtors.      :         (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS, HITACHI CHEMICAL (SINGAPORE) PTE. LTD. F/K/A HITACHI
CHEMICAL ASIA-PACIFIC PTE. LTD., AND DELPHI AUTOMOTIVE
SYSTEMS, LLC COMPROMISING AND ALLOWING PROOF OF
<u>ADMINISTRATIVE EXPENSE CLAIM NUMBER 18622</u>

(HITACHI CHEMICAL (SINGAPORE) PTE. LTD.
F/K/A HITACHI CHEMICAL ASIA-PACIFIC PTE. LTD.)

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), Hitachi Chemical (Singapore) Pte. Ltd. f/k/a Hitachi Chemical Asia-Pacific Pte. Ltd. (the "Claimant"), and Delphi Automotive Systems, LLC (f/k/a New Delphi Automotive Systems 1, LLC) ("New DAS LLC") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors, Hitachi Chemical (Singapore) Pte. Ltd. f/k/a Hitachi Chemical Asia-Pacific Pte. Ltd., And Delphi Automotive Systems, LLC Compromising And Allowing Proof Of Administrative Expense Claim Number 18622 (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive System LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York (the "Court").

WHEREAS, on July 14, 2009, the Claimant filed proof of administrative expense claim number 18622 (the "Claim") against Delphi.  The Claim asserts an administrative expense priority claim in the amount of $85,178.50 relating to certain goods allegedly fabricated and delivered by the Claimant to the Debtors.

WHEREAS, pursuant to the Master Disposition Agreement Among Delphi Corporation, GM Components Holdings, LLC, General Motors Company, Motors Liquidation Company (f/k/a General Motors Corporation), and DIP Holdco 3 LLC, among others, dated as of July 30, 2009 (the "MDA"), the Buyers (as defined in the MDA) assumed certain administrative expense liabilities of the Debtors.

2

WHEREAS, pursuant to the MDA, New DAS LLC, as a subsidiary of Delphi Automotive LLP (as assignee of DIP Holdco 3 LLC), assumed certain administrative expense liabilities, including the liabilities related to the Claim.

WHEREAS, on October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

WHEREAS, on January 22, 2010, the Reorganized Debtors objected to the Claim pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection").

3

WHEREAS, on February 17, 2010, the Claimant filed the Response Of Hitachi Chemical (Singapore) Pte. Ltd. To Reorganized Debtors' Forty-Third Omnibus Claims Objection (Docket No. 19455) (the "Response").

WHEREAS, to resolve (a) the Forty-Third Omnibus Claims Objection with respect to the Claim and (b) all other claims held by the Claimant that relate to the Claim against any of the Released Parties (as defined below), the Reorganized Debtors, New DAS LLC, and the Claimant entered into this Stipulation, pursuant to which the Reorganized Debtors and the Claimant agreed that the Claim should be allowed as an administrative claim in the amount of $42,589.25 against DPH-DAS LLC.

NOW, THEREFORE, the Reorganized Debtors, New DAS LLC, and the Claimant stipulate and agree as follows:

1.  The Claim shall be allowed in the amount of $42,589.25 and shall be treated as an allowed administrative claim against DPH-DAS LLC in accordance with the terms of the Modified Plan.

2.  Satisfaction of the Claim through the payment of $42,589.25 shall be the sole responsibility of New DAS LLC. The Reorganized Debtors shall have no responsibility with respect to the satisfaction of the Claim.

3.  Notwithstanding anything to the contrary in the Modified Plan, within 45 days of the Court entering this Stipulation on the Court's docket, New DAS LLC shall pay via wire transfer $42,589.25 in full and final satisfaction of the Claim in accordance with the following instructions:

| | |
|---|---|
| Bank details: | |
| Bank: | MIZUHO CORPORATE BANK, LTD. |
| Branch of the bank: | Singapore Branch |
| Address of the bank: | 168 Robinson Road #13-00 Capital Tower Singapore 068912 |
| Tel of the branch: | (65) 6423 0330 |
| Swift Code: | MHCBSGSG |
| Beneficiary number of Bank account: | F10-749-111285 (USD) |
| Beneficiary name of Bank account: | Hitachi Chemical (Singapore) Pte Ltd |
| Beneficiary address of Bank account: | 32 Loyang Way Singapore 508730 |
| Beneficiary phone number of Bank account: | (65) 6548 0831/ (65) 6548 0836 |

4.  The Response is hereby deemed withdrawn with prejudice.

5.  Allowance of the Claim in the amount of $42,589.25 is in full satisfaction of the Claim, and the Claimant hereby waives and releases, against New DAS LLC each of its respective predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former and current officers, directors, owners, employees, and any other agents (collectively, the "Released Parties") any right regarding the Claim and any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claim; provided, however, nothing herein shall affect the Claimant's rights with respect to proof of claim number 416, which was compromised and allowed pursuant to the Joint Stipulation And Agreed Order Between Reorganized Debtors And Hitachi Chemical

(Singapore) Pte. Ltd. f/k/a Hitachi Chemical Asia-Pacific Pte. Ltd. Compromising And Allowing Proof Of Claim Number 416 (Docket No. 20271).

6. Nothing herein shall be construed as an admission of liability on behalf of the Reorganized Debtors, Debtors, or New DAS LLC with respect to any portion of the Claim.

7. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 27th day of October, 2011

　　/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Robert M. Scannell |
|---|---|
| John Wm. Butler, Jr.<br>John K. Lyons<br>Ron E. Meisler<br>SKADDEN, ARPS, SLATE, MEAGHER<br>　& FLOM LLP<br>155 North Wacker Drive<br>Chicago, Illinois  60606 | Menachem O. Zelmanovitz<br>Robert M. Scannell<br>MORGAN, LEWIS & BOCKIUS LLP<br>101 Park Avenue<br>New York, New York 10178<br><br>Attorneys for Hitachi Chemical (Singapore) Pte. Ltd. f/k/a Hitachi Chemical Asia-Pacific Pte. Ltd |
| - and - | - and - |
| Four Times Square<br>New York, New York  10036<br><br>Attorneys for DPH Holdings Corp., et al.,<br>　Reorganized Debtors | /s/ Sean Corcoran<br>Sean Corcoran<br>Deputy General Counsel<br>Delphi Automotive Systems, LLC<br>5825 Delphi Drive<br>M/C 480-410-268<br>Troy, Michigan  48098<br><br>Attorney for Delphi Automotive Systems, LLC |

6