UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
    In re                                    :        Chapter 11
:
DPH HOLDINGS CORP., et al.,         :        Case No. 05-44481 (RDD)
:
               Reorganized Debtors. :       (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOF OF ADMINISTRATIVE EXPENSE CLAIM
<u>NUMBER 18969 IDENTIFIED IN FORTY-THIRD OMNIBUS CLAIMS OBJECTION</u>

("CLAIMS OBJECTION ORDER REGARDING STMICROELECTRONICS, INC.
(F/K/A SGS THOMPSON MICROELECTRONICS))

Upon the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection"), by which DPH Holdings Corp. ("DPH Holdings") and its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), formerly known as Delphi Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), which, among other things, objected to proof of administrative expense claim number 18969 filed by STMicroelectronics, Inc. (f/k/a SGS Thompson

Microelectronics) (the "Claimant"); and upon the Claimant's response to the Forty-Third Omnibus Claims Objection (Docket No. 19403) (the "Response"); and upon the Reorganized Debtors' Supplemental Reply With Respect To Proof Of Administrative Expense Claim Number 18969 (Docket No. 21646) (the "Supplemental Reply" and together with the Forty-Third Omnibus Claims Objection and the Response, the "Pleadings"); and upon the record of the October 24, 2011 hearing held on the Objection to administrative expense claim number 18969 (the "Hearing"); and after due deliberation thereon; and good and sufficient cause appearing therefor for the reasons stated by the Court at the Hearing,

    IT IS HEREBY FOUND AND DETERMINED THAT:[1]

    A.    STMicroelectronics, Inc. (f/k/a SGS Thompson Microelectronics), the holder of proof of administrative expense claim number 18969, was properly and timely served with a copy of the Forty-Third Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order"), the proposed order with respect to the Forty-Third Omnibus Claims Objection, and the notice of the deadline for responding to the Forty-Third Omnibus Claims Objection.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-Third Omnibus Claims Objection.

2

      B.      On September 23, 2011, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Reorganized Debtors' Objection To Proof Of Administrative Expense Claim Number 18969 (Docket No. 21591) (the "Sufficiency Hearing Notice").

      C.      On October 14, 2011, the Reorganized Debtors filed the Supplemental Reply.

      D.      The Claimant was properly and timely served with a copy of the Sufficiency Hearing Notice and the Supplemental Reply.

      E.      The contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334. The Pleadings are core proceedings under 28 U.S.C. § 157(b)(2). Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      F.      As set forth in the Supplemental Reply, which was uncontested, the amounts asserted in proof of administrative expense claim number 18989 have been satisfied in full and the Claimant no longer has a viable claim against the Reorganized Debtors.

      G.      For the reasons stated by this Court at the Hearing, proof of administrative expense claim number 18989 should be disallowed and expunged in its entirety.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

      1.      Proof of administrative expense claim number 18989 is disallowed and expunged in its entirety.

      2.      This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Administrative Claims subject to the Forty-Third Omnibus Claims Objection and the

Supplemental Reply to hear and determine all matters arising from the implementation of this order.

       3.     Kurtzman Carson Consultants LLC is directed to serve this order in accordance with the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order.

Dated: White Plains, New York
       October 27, 2011

           /s/Robert D. Drain
      UNITED STATES BANKRUPTCY JUDGE