21169 Westbay Circle
Noblesville, IN. 46062
October 27, 2011

2011 OCT 28 ☐ 3: 23

S.D.N.Y.

Clerk
United States Bankruptcy Court
For the Southern Dist. of New York
300 Quarropas Street
White Plains, NY 10601-4140

**RE:    Chapter 11 Case No. 05-44481 (RDD)
        In re: DELPHI CORPORATION, et. al.,**

Dear Court Clerk:

I have enclosed two documents contain  that I would like to have docketed so that I can
include them in the "Designation of Record" for my Appeal [ ref: Notice of Appeal
Docket # 21671].  The documents, each, contain a set of E-mail communications
regarding my Recoupment Motion and hearing.

I have also enclosed a DVD with PDF versions of each document set.

Sincerely,

James B. Sumpter

James B. Sumpter, pro se
21169 Westbay Circle
Noblesville, IN 46062
Telephone: (317) 877-0736
Facsimile: (317) 877-1070
jsump@ieee.org

Salaried Retiree of Debtors

**E-mail set (by James Sumpter) regarding Recoupment hearing (22-SEP-2011) and documentaton of Delphi Disability Payments [ ref: Docket # 21609]**

**Subject:** Re Recoupment hearing - 22-SEP-2011
**From:** james Sumpter <jsump@ieee.org>
**Date:** Mon, 26 Sep 2011 11:41:40 -0400
**To:** "'rdd.chambers@nysb.uscourts.gov'" <rdd.chambers@nysb.uscourts.gov>
**CC:** haffey@butzel.com

21169 Westbay Circle
Noblesville, IN 46062
September 26, 2011

The Honorable Robert D. Drain
United States Bankruptcy Court
For the Southern District of New York
300 Quarropas Street

cc: Ms. Cynthia Haffey, Attorneys for Reorganized Debtors

Dear Judge Drain:

As a follow-up to the hearing concerning my recoupment motion [docket # 21534, there are two issues for which I am seeking your guidance and consideration:

### ISSUE 1

I am embarrassed that my actions have been perceived as harassment by Delphi, and that you felt it necessary to issue a warning. I take your warning seriously and intend to fully respect it. It is my goal (it has always been my goal) to do nothing that disrespects the court or the courtesy that you have shown me.

As a part of your ruling dealing with the "VEBA in lieu of COBRA" request for STAY [Docket # 21308], you were critical of the fact that I did not appeal your decision regarding my COBRA motion [Docket # 18366]. After the COBRA hearing, because of the time pressures and the effects on my health, I was physically and mentally exhausted. I was not able to contemplate any productive activity for more than a month. Therefore, an appeal was not possible.

You may also recall that following your ruling regarding the Stay request, I extended and invitation to Delphi to negotiate an agreement pertaining to all my motion requests and the Disability Life Insurance issue (but excluding the recoupment issue). I had knee surgery scheduled for July 7, which was shortly after your order. I knew I would not be able to continue any action on these issues. Thus, for me, the request for negotiation was my last best effort for a positive outcome. Delphi rejected that invitation.

Nevertheless I had decided that the Recoupment Motion would be my last effort. The statute of limitations on the Disability life issue expires on 15-OCT-2011. Therefore I knew there would be not time for me to pursue it. However, I had hoped that it might still play a roll in negotiations that I hoped would result from the recoupment motion.

Because I was in control of when I filed the recoupment motion, and because I employed a medication strategy normally reserved for treating my health crises, I was able to get through the recoupment hearing in better shape than the COBRA hearing. Thus, my planning for my Recoupment motion allowed for the possibility of filing an appeal with the District Court. Whether or not my interest in an appeal remains, will be influenced by how ISSUE 2 is resolved and your guidance.

However, I am not interested in doing anything that will precipitate any type of sanctions or reprimand. Thus, I would like your permission to pursue the appeal route, if you believe it is not contrary to your warning. Absent your approval, I will not seek an appeal.

### ISSUE 2

During the hearing on the Recoupment motion, it appeared to me that your ruling was significantly influenced by the belief that Delphi was not currently paying disability benefits to retirees. I have attached a file to this e-mail, which documents conclusively that Delphi is paying the disability benefit.

The attached document contains copies of my W-2 statements from 2008, 2009 and 2010. All of these W-2s show that the disability benefits were paid by an administrator on behalf of Delphi. These forms are significant because Delphi cancelled the OPEB benefits in early 2009, while the disability benefit is the same for all years. This would not be the case if the benefits were ended as a part of the termination of OPEB benefits. You should note that these W-2s do not reflect to pension payments that I receive from the PBGC.

The attached document also includes copies of letters that I received from the two administrators and DPH in 2010. These letters all state that Delphi is paying disability benefits. These letters all came eight months or more after OPEB benefits were terminated.

I would also like to note that I had a cordial conversation with Ms. Haffey, Delphi's attorney on Friday, September 23rd. She referred me to two documents regarding the termination of OPEB benefits. However, theses documents state explicitly that the terminated OPEB benefits only cover health care and life insurance.

In addition, I know personally that the VEBA is not involved, in any way, with disability. The VEBA is offering health insurance benefits, in large part, because of the government subsidy [65% or 80%]. The VEBA also offers a group life insurance plan that is not subsidized. In fact, I participate in the VEBA health plan for a time and I continue to participate in the life insurance plan. Were the VEBA to pay Disability benefits, the 8.5 million dollars, used to set it up, would have been fully consumed by mid 2010.

I also researched the Pension Program Modification Order which was approved on 23-SEP-2008. It has a Retirement trust fund established to manage stock savings and the companies 1% contributions for employees hired between 1993 and 2001. This fund does permit permanently disabled employees to make early withdrawals. However this fund does not provide disability payments to disabled retirees.

I did not find a bankruptcy document that explicitly states that Delphi will continue to pay disability benefits. However, I did find in the First Amended Plan of Reorganization (Article VIII, page 50) language that states that Delphi will assume all executory contracts that were not explicitly rejected in section 8.1(a). I think that it's possible that the disability benefits are covered as an executory contract.

Thus, I'm interested if this information affects the final judgment you made in the recoupment hearing, or if this information might justify a rehearing.

I look forward to your guidance and direction on both issues.

Sincerely,

James B. Sumpter, pro se

OMB NO. 1545-0008

# Form W-2 Wage and Tax Statement 2010

Employer's Name, Address and ZIP Code

METLIFE AGENT / DELPHI CORPORATI
P.O. BOX 5160
SOUTHFIELD          MI  48086

| 1. Wages, Tips, Other Compensation | 2. Federal Income Tax Withheld |
|---|---|
| 7,200.40 | 281.72 |
| 3. Social Security Wages | 4. Social Security Tax Withheld |
| .00 | .00 |
| 5. Medicare Wages | 6. Medicare Tax Withheld |
| .00 | .00 |

Group/Sub/Branch | Employer's Identification Number
0085061 0010 55967 | 13-5581829

Employee's Social Security Number
966

14. TIER 1 EMPLOYEE TAX:
TIER 1 EMPLOYEE MEDICARE TAX:

Employee's Name, Address and ZIP Code

JAMES SUMPTER
21169 WESTBAY CIRCLE
NOBLESVILLE
IN 46062

* Hamilton County, Indiana

| 12a. (J) Excluded From Wages | 14d. Included In Wages | 14b. Total Benefits Paid |
|---|---|---|
| .00 | 7,200.40 | 7,200.40 |

13. Statutory employee ☐  Retirement plan ☐  Third-party sick pay ☒

| 15. State Employers State ID No. | 16. State Wages, Tips, Etc. |
|---|---|
| IN  0001049640 001 | 7,200.40 |

| 17. State Tax Withheld | 18. Local Wages, Tips, Etc. |
|---|---|
| 222.14 | 7,200.40 |

| 20. Locality Name | 19. Local Income Tax |
|---|---|
| * - Above | 65.34 |

Copy C, for employee's records.   This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable to you and you fail to report it.

Department of the Treasury
Internal Revenue Service

## 2010 W-2 and EARNINGS SUMMARY

This summary section is included with your W-2 to help describe this portion in more detail. The reverse side includes general information that you may also find helpful.

**GROSS PAY**

| | |
|---|---|
| FED. INCOME TAX WITHHELD | |
| BOX 02 OF W-2 | |
| STATE INCOME TAX | 1,224.10 |
| BOX 17 OF W-2 | |
| LOCAL INCOME TAX | 0.00 |
| BOX 19 OF W-2 | |
| SOCIAL SECURITY | |
| TAX WITHHELD | |
| BOX 04 OF W-2 | 0.00 |
| MEDICARE TAX | |
| WITHHELD | |
| BOX 06 OF W-2 | 0.00 |
| SUI/SDI | |
| BOX 14 OF W-2 | 0.00 |

To change your employee W-4 profile information
file a new W-4 with your payroll department

JAMES B SUMPTER
21169 WESTBAY CIRCLE
NOBLESVILLE, IN  46062

Social Security Number: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
Taxable Marital Status:
SINGLE
Exemptions/Allowances:
    Federal:0
    State:  0
    Local:  0

© 2007 ADP, INC.

PAGE 01 OF 01

← Fold and Detach Here →

---

Safe, accurate,  Visit the IRS Web Site
FAST! Use  e~file  at www.irs.gov/efile

**W-2**  Wage and Tax Statement  **2010**

Copy C for employee's records.

OMB No. 1545-0008

| d Control number | Dept. | Corp. | Employer use only |
|---|---|---|---|
| 000000056 VAH | 001 | R062 | A | 35000 |

c Employer's name, address, and ZIP code

SCMS ADMINISTRATIVE SERVICES INC
2620 THOUSAND OAKS BLD #2200
MEMPHIS, TN  38118
    AGENT FOR DELPHI AUTOMOTIVE

e/f Employee's name, address, and ZIP code

JAMES B SUMPTER
21169 WESTBAY CIRCLE
NOBLESVILLE, IN  46062

| b Employer's FED ID number | a Employee's SSA number |
|---|---|
| 62-1660982 | 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 |
| 1 Wages, tips, other comp. | 2 Federal income tax withheld |
| 36002.00 | 4904.34 |
| 3 Social security wages | 4 Social security tax withheld |
| 5 Medicare wages and tips | 6 Medicare tax withheld |
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a See instructions for box 12 |
| 14 Other | 12b |
| | 12c |
| | 12d |
| | 13 Stat emp. Ret. plan 3rd party sick pay  X |

| 15 State Employer's state ID no. | 16 State wages, tips, etc. |
|---|---|
| IN  0006915426 001 | 36002.00 |
| 17 State income tax | 18 Local wages, tips, etc. |
| 1224.10 | |
| 19 Local income tax | 20 Locality name |

**Form W-2 Wage and Tax Statement 2009**

OMB NO. 1545-0008

| Employer's Name, Address and ZIP Code | 1. Wages, Tips, Other Compensation | 2. Federal Income Tax Withheld |
|---|---|---|
| METROPOLITAN AS AGENT FOR: | 43,202.40 | 1,720.41 |
| DELPHI | 3. Social Security Wages | 4. Social Security Tax Withheld |
| P.O. BOX 5140 | .00 | .00 |
| SOUTHFIELD        MI  48086 | 5. Medicare Wages | 6. Medicare Tax Withheld |
| | .00 | .00 |

| Group/Sub/Branch | Employer's Identification Number | Employee's Social Security Number | 14. TIER 1 EMPLOYEE TAX: |
|---|---|---|---|
| 0085061 0010 55967 | 13-5581829 | ▮▮▮▮▮966 | TIER 1 EMPLOYEE MEDICARE TAX: |

| Employee's Name, Address and ZIP Code | Hamilton County, Indiana | | |
|---|---|---|---|
| JAMES SUMPTER | 12a. (J) Excluded From Wages | 14a. Included in Wages | 14b. Total Benefits Paid |
| 21169 WESTBAY CIRCLE | .00 | 43,202.40 | 43,202.40 |
| NOBLESVILLE | 13. Statutory employee ☐  Retirement plan ☐  Third-party sick pay ☒ | | |
| IN 46062 | | | |

| | | 17. State Tax Withheld | 20. Locality Name | 18. Local Wages, Tips, Etc. | 19. Local Income Tax |
|---|---|---|---|---|---|
| | | 1,332.84 | | 43,202.40 | 392.04 |

| 15. State Employer's State ID No. | 16. State Wages, Tips, Etc. |
|---|---|
| IN  0001049640 001 | 43,202.40 |

Copy C, for employee's records.  This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable to you and you fail to report it.

Department of the Treasury
Internal Revenue Service

OMB NO. 1545-0008

**Form W-2 Wage and Tax Statement 2008**

| Employer's Name, Address and ZIP Code | 1. Wages, Tips, Other Compensation | 2. Federal Income Tax Withheld |
|---|---|---|
| **METROPOLITAN AS AGENT FOR:** **DELPHI** P.O. BOX 5140 **SOUTHFIELD** MI 48086 | 43,202.40 | 2,402.88 |

| | 3. Social Security Wages | 4. Social Security Tax Withheld |
|---|---|---|
| | .00 | .00 |

| | 5. Medicare Wages | 6. Medicare Tax Withheld |
|---|---|---|
| | .00 | .00 |

| Group/Sub/Branch | Employer's Identification Number | Employee's Social Security Number | 14. TIER 1 EMPLOYEE TAX: |
|---|---|---|---|
| 0085061 0010 55967 | 13-5581829 | 966 | TIER 1 EMPLOYEE MEDICARE TAX: |

| Employee's Name, Address and ZIP Code | Hamilton County, Indiana |
|---|---|
| **JAMES SUMPTER** 21169 WESTBAY CIRCLE **NOBLESVILLE** IN 46062 | |

| 12a. W2 Excluded From Wages | 14a. Included In Wages | 14b. Total Benefits Paid |
|---|---|---|
| .00 | 43,202.40 | 43,202.40 |

| 13. Statutory employee ☐ | Retirement plan ☐ | Third-party sick pay ☒ |
|---|---|---|

| 16. State Wages, Tips, Etc. | 17. State Tax Withheld | 20. Locality Name |
|---|---|---|
| 43,202.40 | 1,332.84 | |

| 18. Local Wages, Tips, Etc. | 19. Local Income Tax |
|---|---|
| 43,202.40 | 392.04 |

| 15. State Employer's State ID No. | 16. State Wages, Tips, Etc. |
|---|---|
| IN 0001049640 001 | 43,202.40 |

Copy C, for employee's records.  This information is being furnished to the Internal Revenue Service. If you are required to file a tax return,a negligence penalty or other sanction may be imposed on you if this income is taxable to you and you fail to report it.

Department of the Treasury
Internal Revenue Service

**Metropolitan Life Insurance Company**
**National Benefit Center**
**Correspondence and Claims Review**
**Litigation and Appeals**
P.O. Box 5164
Southfield, MI 48086-5164
1-866-DELPHI4 (335-7444)
1-888-688-2860 TTY
www.delphinbc.com



February 3, 2010

James Sumpter
21169 Westbay Circle
Noblesville, IN 46062

### RE:   CLAIM NO.  940111308534
### Cisco 55967

Dear Mr. Sumpter:

This will respond to your email request of January 20, 2010 and your request for a copy of the Summary Plan Description.

You are covered under the Delphi Life and Disability Benefits Program for Salaried Employees. The Disability Benefits Program is provided by Delphi Corporation under the provisions of a self-funded Employee Welfare Benefit Plan as described in the Employee Retirement Income Security Act (ERISA). Metropolitan Life is the claims administrator of the Life and Disability Benefits Program.

Pursuant to your request, attached please find a copy of the publication entitled, Summary Plan Description For Salaried Employees hired on or before December 31, 2000 and/or with a service date on or before December 31, 2000.

Under the Delphi Life and Disability Benefits Program, an employee who is covered for Sickness and Accident Benefits and who, at the date of expiration of the maximum number of weeks for which Sickness and Accident Benefits are payable and during a continuous period of disability thereafter, is totally disabled shall be eligible for Extended Disability benefits for a period not to exceed the maximum period provided by the Program.

In addition, under the Program, the maximum period during which Extended Disability Benefits may be payable to a disabled employee shall be the number of months by which the employee's Years of Participation at commencement of disability exceed the maximum number of weeks of which he is entitled to receive Sickness and Accident benefits.

Furthermore, Extended Disability Benefits shall be reduced by any benefits under any pension plan or retirement program to which the Corporation or any of it subsidiaries has contributed.

2 James Sumpter

Below is our response to each of your questions:

(1)      I would like to know how the benefit payment from MetLife is affected by the pension switch to the PBGC?
*The disability plan states that benefits will be reduced by benefits under any pension or retirement program to which the Corporation has contributed.*

(2)      How is this MetLife disability benefit funded?
*You are covered under Delphi's self-insured disability plan. MetLife is the payor.*

(3)      How is the MetLife disability benefit funding secured?
*MetLife pays your Extended Disability Benefit from a MetLife bank account that is funded by Delphi.*

(4)      Will the benefit currently being paid by MetLife continue to be paid by MetLife?
*No. Delphi has made a business decision to move its self-insured disability plan administration to Sedgwick, CMS. You will receive a notice from Sedgwick when this change is effective.*

(5)      How long will the MetLife disability benefit continue to be paid?
*On December 8, 2000, at the commencement of disability, you had 9 years and 10 months of Participation. Consequently, you would be eligible for Extended Disability Benefits only for periods of disability through October 14, 2010. You have also elected Supplemental Extended Disability Benefits, which will commence October 15, 2010.*

(6)      Is there a contract or policy that covers the MetLife disability benefit?
*No. Your disability plan is not an insurance product, so MetLife issues no Certificate or Policy.*


I hope this information will be of assistance to you. However, if you have any additional questions, please feel free to contact me in writing at: Metropolitan Life Insurance Company, National Benefit Center, Correspondence and Claims Review, Litigation & Appeals, P.O. Box 5164, Southfield, MI 48086-5164.

Metropolitan Life reserves all rights, limitations, exclusions, and defenses available under the Program and ERISA. Nothing in this letter shall be construed as a waiver thereof.

Sincerely,


Litigation and Appeals Analyst
Metropolitan Life
National Benefit Center

Enclosures


**For efficient and prompt claim handling, all documents or correspondence returned to us should contain your claim number.**

# DPH HOLDINGS CORP.

February 19, 2010

JAMES SUMPTER
21169 WESTBAY CIRCLE
NOBLESVILLE, IN 46062-

940111308534

Dear JAMES SUMPTER,

We are pleased to announce that effective March 1, 2010 DPH Holdings
now has a single administrator for Disability and Workers' Compensation
claims handling. This letter is to notify you that your Sickness and Accident
(S&A) or Extended Disability Benefits (EDB) claim will be transferred from
MetLife to Sedgwick CMS for future claims administration on the effective
date.

If you have questions regarding your existing claims, please contact
Sedgwick CMS telephonically at 1-877-933-5744, 24 hours a day 7 days a
week. The new mailing address and fax number are:

Delphi Benefit Center
PO BOX 14422
Lexington, KY 40512-4422
Fax: 859-825-6897

When contacting Sedgwick, please reference your claim number as your
claim number will not change. You should also include the claim number
on any correspondence that is sent to the Sedgwick office. In addition,
please also advise your certifying physician to utilize this claim number on
all their correspondence that is sent to Sedgwick and provide them with the
new mailing address above.

Please Note: Your benefits will not change as a result of this change of
administrator. Your benefits continue to be provided in accordance with all
applicable bargaining agreements.

DPH Holdings Corp.



# Sedgwick CMS

Delphi Benefit Center
P.O. Box 14422
Lexington, KY 40512-4422
Phone: 1-877-933-5744, Fax: 1-859-825-6897
TTY: 1-866-665-1287

Date: October 27, 2010

James Sumpter
21169 Westbay Circle
Noblesville, IN 46062

Claim No.: 920201298582
Cisco: Salaried

**Re: Claim for Supplemental Extended Disability Benefits**

Dear Mr. Sumpter:

We are responding to your inquiry dated October 14, 2010, regarding your Supplemental Extended
Disability benefits.

During your period of disability, you were covered under the Salaried Delphi Life and Disability Benefits
Program for Employees. The Life and Disability Benefits Program is provided by Delphi Corporation
under the provisions of a self-funded Employee Welfare Benefit Plan as described in the Employee
Retirement Income Security Act (ERISA). Sedgwick CMS is the claims administrator of the Disability
Benefits Program.

The Salaried Delphi Life and Disability Benefits Program Provides that Extended Disability Benefits are
payable if a covered employee is wholly and continuously disabled so as to be unable to perform any and
every duty of his occupation and during the period of such disability is under treatment by a legally
licensed physician during the period of such disability is under treatment by a legally licensed physician
who can certify to such treatment and total disability.

In addition, for an employee who has less than ten (10) years of Participation at the-commencement of
disability, the monthly amount of Extended Disability Benefits is based on the years and months of
participation an employee had earned with the Corporation at the time the first period of disability
commenced. In your case, your maximum eligibility date for Extended Disability benefits is October 14,
2010. However, our records reflect that you are eligible for Supplemental Extended Disability benefits
effective October 15, 2010.

Based upon your inquiry, we have confirmed that your Supplemental Disability benefits claim has
commenced on October 15, 2010 and the direct deposit feature is currently active.

Under the Program, you may be eligible for Supplemental Extended Disability benefits through the end of
the month in which you attain age sixty-five (65); providing that the requirements for disability are
satisfied. Therefore, if you cease to meet the requirements under the Program, Supplemental Extended
Disability benefits may be terminated prior to the maximum eligibility date.

Lastly, Sedgwick CMS is not the claims administrator for Delphi Life Insurance. Therefore, we are
unable to address your Life Insurance concerns. We suggest that you contact the Delphi Corporation for
direction.

Page Two-James Sumpter

**If** you have any questions about S&A, Extended Disability Benefits, or Workers' Compensation Benefits, please call 1-877-933-5744 to speak with a Customer Service Associate.

Sincerely,

**Delphi Benefit Center**

Cc: Claim File

**Subject:** Re Recoupment hearing - 22-SEP-2011
**From:** james Sumpter <jsump@ieee.org>
**Date:** Mon, 26 Sep 2011 11:41:40 -0400
**To:** "'rdd.chambers@nysb.uscourts.gov'" <rdd.chambers@nysb.uscourts.gov>
**CC:** haffey@butzel.com

21169 Westbay Circle
Noblesville, IN 46062
September 26, 2011

The Honorable Robert D. Drain
United States Bankruptcy Court
For the Southern District of New York
300 Quarropas Street

cc: Ms. Cynthia Haffey, Attorneys for Reorganized Debtors

Dear Judge Drain:

As a follow-up to the hearing concerning my recoupment motion [docket # 21534, there are two issues for which I am seeking your guidance and consideration:

**ISSUE 1**

I am embarrassed that my actions have been perceived as harassment by Delphi, and that you felt it necessary to issue a warning. I take your warning seriously and intend to fully respect it. It is my goal (it has always been my goal) to do nothing that disrespects the court or the courtesy that you have shown me.

As a part of your ruling dealing with the "VEBA in lieu of COBRA" request for STAY [Docket # 21308], you were critical of the fact that I did not appeal your decision regarding my COBRA motion [Docket # 18366]. After the COBRA hearing, because of the time pressures and the effects on my health, I was physically and mentally exhausted. I was not able to contemplate any productive activity for more than a month. Therefore, an appeal was not possible.

You may also recall that following your ruling regarding the Stay request, I extended and invitation to Delphi to negotiate an agreement pertaining to all my motion requests and the Disability Life Insurance issue (but excluding the recoupment issue). I had knee surgery scheduled for July 7, which was shortly after your order. I knew I would not be able to continue any action on these issues. Thus, for me, the request for negotiation was my last best effort for a positive outcome. Delphi rejected that invitation.

Nevertheless I had decided that the Recoupment Motion would be my last effort. The statute of limitations on the Disability life issue expires on 15-OCT-2011. Therefore I knew there would be not time for me to pursue it. However, I had hoped that it might still play a roll in negotiations that I hoped would result from the recoupment motion.

Because I was in control of when I filed the recoupment motion, and because I employed a medication strategy normally reserved for treating my health crises, I was able to get through the recoupment hearing in better shape than the COBRA hearing. Thus, my planning for my Recoupment motion allowed for the possibility of filing an appeal with the District Court. Whether or not my interest in an appeal remains, will be influenced by how ISSUE 2 is resolved and your guidance.

However, I am not interested in doing anything that will precipitate any type of sanctions or reprimand. Thus, I would like your permission to pursue the appeal route, if you believe it is not contrary to your warning. Absent your approval, I will not seek an appeal.

### ISSUE 2

During the hearing on the Recoupment motion, it appeared to me that your ruling was significantly influenced by the belief that Delphi was not currently paying disability benefits to retirees. I have attached a file to this e-mail, which documents conclusively that Delphi is paying the disability benefit.

The attached document contains copies of my W-2 statements from 2008, 2009 and 2010. All of these W-2s show that the disability benefits were paid by an administrator on behalf of Delphi. These forms are significant because Delphi cancelled the OPEB benefits in early 2009, while the disability benefit is the same for all years. This would not be the case if the benefits were ended as a part of the termination of OPEB benefits. You should note that these W-2s do not reflect to pension payments that I receive from the PBGC.

The attached document also includes copies of letters that I received from the two administrators and DPH in 2010. These letters all state that Delphi is paying disability benefits. These letters all came eight months or more after OPEB benefits were terminated.

I would also like to note that I had a cordial conversation with Ms. Haffey, Delphi's attorney on Friday, September 23rd. She referred me to two documents regarding the termination of OPEB benefits. However, theses documents state explicitly that the terminated OPEB benefits only cover health care and life insurance.

In addition, I know personally that the VEBA is not involved, in any way, with disability. The VEBA is offering health insurance benefits, in large part, because of the government subsidy [65% or 80%]. The VEBA also offers a group life insurance plan that is not subsidized. In fact, I participate in the VEBA health plan for a time and I continue to participate in the life insurance plan. Were the VEBA to pay Disability benefits, the 8.5 million dollars, used to set it up, would have been fully consumed by mid 2010.

I also researched the Pension Program Modification Order which was approved on 23-SEP-2008. It has a Retirement trust fund established to manage stock savings and the companies 1% contributions for employees hired between 1993 and 2001. This fund does permit permanently disabled employees to make early withdrawals. However this fund does not provide disability payments to disabled retirees.

I did not find a bankruptcy document that explicitly states that Delphi will continue to pay disability benefits. However, I did find in the First Amended Plan of Reorganization (Article VIII, page 50) language that states that Delphi will assume all executory contracts that were not explicitly rejected in section 8.1(a). I think that it's possible that the disability benefits are covered as an executory contract.

Thus, I'm interested if this information affects the final judgment you made in the recoupment hearing, or if this information might justify a rehearing.

I look forward to your guidance and direction on both issues.

Sincerely,

☒

James B. Sumpter, pro se

OMB NO. 1545-0008

## Form W-2 Wage and Tax Statement 2010

| Employer's Name, Address and ZIP Code | 1. Wages, Tips, Other Compensation | 2. Federal Income Tax Withheld |
|---|---|---|
| METLIFE AGENT / DELPHI CORPORATI | 7,200.40 | 281.72 |
| P.O. BOX 5140 | 3. Social Security Wages | 4. Social Security Tax Withheld |
| SOUTHFIELD        MI  48086 | .00 | .00 |
|  | 5. Medicare Wages | 6. Medicare Tax Withheld |
|  | .00 | .00 |

| Group/Sub/Branch | Employee's Identification Number |
|---|---|
| 0085061 0010 55967 | 13-5581829 |

Employee's Social Security Number
966

14. TIER 1 EMPLOYEE TAX:
TIER 1 EMPLOYEE MEDICARE TAX:

| Employee's Name, Address and ZIP Code |
|---|
| * Hamilton County, Indiana |
| JAMES SUMPTER |
| 21169 WESTBAY CIRCLE |
| NOBLESVILLE |
| IN 46062 |

| 12a. (J) Excluded From Wages | 14a. Included in Wages | 14b. Total Benefits Paid |
|---|---|---|
| .00 | 7,200.40 | 7,200.40 |

| 13. Statutory employee | Retirement plan | Third-party sick pay [X] |
|---|---|---|

| 17. State Tax Withheld | 20. Locality Name | 19. Local Income Tax |
|---|---|---|
| 222.14 | * - Above | 65.34 |
| 18. Local Wages, Tips, Etc. | | |
| 7,200.40 | | |

| 15. State Employer's State ID No. | 16. State Wages, Tips, Etc. |
|---|---|
| IN 0001049640 001 | 7,200.40 |

Copy C, for employee's records.    This information is being furnished to the Internal Revenue
Service. If you are required to file a tax return, a negligence penalty or other sanction may be
imposed on you if this income is taxable to you and you fail to report it.

Department of the Treasury
Internal Revenue Service

**Safe, accurate, FAST! Use** **e-file** Visit the IRS Web Site at www.irs.gov/efile

**W-2** 2010

| d Control number | Dept. | Corp. | Employer use only |
|---|---|---|---|
| 000000058 YMI | 001 | F0062 | A | 35000 |

c Employer's name, address, and ZIP code

SCMS ADMINISTRATIVE SERVICES INC
2620 THOUSAND OAKS BLD #2200
MEMPHIS, TN 38118
AGENT FOR DELPHI AUTOMOTIVE

ef Employer's name, address, and ZIP code

JAMES B SUMPTER
21169 WESTBAY CIRCLE
NOBLESVILLE, IN 46062

| b Employer's FED ID number 62-1660982 | a Employer's SSA number 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 |
|---|---|
| 1 Wages, tips, other comp. 36002.00 | 2 Federal income tax withheld 4904.34 |
| 3 Social security wages 36002.00 | 4 Social security tax withheld |
| 5 Medicare wages and tips | 6 Medicare tax withheld |
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a See instructions for box 12 |
| 14 Other | 12b |
| | 12c |
| | 12d |
| | 13 Stat emp/Ret plan/3rd party sick pay |

| 15 State Employer's state ID no. | 16 State wages, tips, etc. |
|---|---|
| IN 0006915428 001 | 36002.00 |
| 17 State income tax 1224.10 | 18 Local wages, tips, etc. |
| 19 Local income tax | 20 Locality name |



# 2010 W-2 and EARNINGS SUMMARY

GROSS PAY                                            36002.00

| | |
|---|---|
| FED. INCOME TAX WITHHELD BOX 02 OF W-2 | 4904.34 |
| STATE INCOME TAX BOX 17 OF W-2 | 1224.10 |
| LOCAL INCOME TAX BOX 19 OF W-2 | 0.00 |

| | |
|---|---|
| SOCIAL SECURITY TAX WITHHELD BOX 04 OF W-2 | 0.00 |
| MEDICARE TAX WITHHELD BOX 06 OF W-2 | 0.00 |
| SUI/SDI BOX 14 OF W-2 | 0.00 |

To change your employee W-4 profile information
file a new W-4 with your payroll department

JAMES B SUMPTER
21169 WESTBAY CIRCLE
NOBLESVILLE, IN 46062

Social Security Number: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
Taxable Marital Status:
     SINGLE
Exemptions/Allowances:
     Federal: 0
     State: 0
     Local: 0

© 2007 ADP, INC.

Fold and Detach Here

PAGE 01 OF 01

OMB NO. 1545-0008

**Form W-2 Wage and Tax Statement 2009**

| | |
|---|---|
| Employer's Name, Address and ZIP Code | 1. Wages, Tips, Other Compensation |
| METROPOLITAN AS AGENT FOR: | 43,202.40 |
| DELPHI | 2. Federal Income Tax Withheld |
| P.O. BOX 5140 | 1,720.41 |
| SOUTHFIELD   MI   48086 | 3. Social Security Wages |
| | .00 |
| | 4. Social Security Tax Withheld |
| | .00 |
| | 5. Medicare Wages |
| | .00 |
| | 6. Medicare Tax Withheld |
| | .00 |

| Group/Sub/Branch | Employer's Identification Number | Employee's Social Security Number |
|---|---|---|
| 0085061 0010 55967 | 13-5581829 | ███ 966 |

14. TIER 1 EMPLOYEE TAX:
TIER 1 EMPLOYEE MEDICARE TAX:

Employee's Name, Address and ZIP Code

JAMES SUMPTER
21169 WESTBAY CIRCLE
NOBLESVILLE
IN 46062

Hamilton County, Indiana

12a. (J) Excluded From Wages | 14c. Included In Wages
.00 | 43,202.40

14b. Total Benefits Paid
43,202.40

| 13. Statutory employee ☐ | Retirement plan ☐ | Third-party sick pay ☒ |
|---|---|---|

| 15. State Employer's State ID No. | 16. State Wages, Tips, Etc. | 17. State Tax Withheld | 18. Local Wages, Tips, Etc. | 19. Local Income Tax |
|---|---|---|---|---|
| IN  0001049640 001 | 43,202.40 | 1,332.84 | 43,202.40 | 392.04 |

20. Locality Name

18. Local Wages, Tips, Etc.
43,202.40

Copy C, for employee's records.   This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable to you and you fail to report it.

Department of the Treasury
Internal Revenue Service

OMB NO. 1545-0008

# Form W-2 Wage and Tax Statement 2008

| Employer's Name, Address and ZIP Code | 1. Wages, Tips, Other Compensation | 2. Federal Income Tax Withheld |
|---|---|---|
| **METROPOLITAN AS AGENT FOR:**<br>**DELPHI**<br>**P.O. BOX 5140**<br>**SOUTHFIELD        MI  48086** | 43,202.40 | 2,402.88 |
| | 3. Social Security Wages<br>.00 | 4. Social Security Tax Withheld<br>.00 |
| | 5. Medicare Wages<br>.00 | 6. Medicare Tax Withheld<br>.00 |

| Group/Sub/Branch | Employer's Identification Number | Employee's Social Security Number | 14. TIER 1 EMPLOYEE TAX: |
|---|---|---|---|
| 0085061 0010 55967 | 13-5581829 | 966 | TIER 1 EMPLOYEE MEDICARE TAX: |

Hamilton County, Indiana

| Employee's Name, Address and ZIP Code | 12a. LB Excluded From Wages | 14a. Included in Wages | 14b. Total Benefits Paid |
|---|---|---|---|
| **JAMES SUMPTER**<br>**21169 WESTBAY CIRCLE**<br>**NOBLESVILLE**<br>**IN 46062** | .00 | 43,202.40 | 43,202.40 |

| 13. Statutory employee ☐ | Retirement plan ☐ | Third-party sick pay ☒ |
|---|---|---|

| 15. State Employer's State ID No. | 16. State Wages, Tips, Etc. | 17. State Tax Withheld | 20. Locality Name | 18. Local Wages, Tips, Etc. | 19. Local Income Tax |
|---|---|---|---|---|---|
| IN 0001049640 001 | 43,202.40 | 1,332.84 | | 43,202.40 | 392.04 |

Copy C, for employee's records.   This information is being furnished to the Internal Revenue Service. If you are required to file a tax return,a negligence penalty or other sanction may be imposed on you if this income is taxable to you and you fail to report it.

Department of the Treasury
Internal Revenue Service

**Metropolitan Life Insurance Company**
**National Benefit Center**
**Correspondence and Claims Review**
**Litigation and Appeals**
P.O. Box 5164
Southfield, MI 48086-5164
1-866-DELPHI4 (335-7444)
1-888-688-2860 TTY
www.delphinbc.com



February 3, 2010

James Sumpter
21169 Westbay Circle
Noblesville, IN 46062

**RE:    CLAIM NO.  940111308534**
**         Cisco 55967**

Dear Mr. Sumpter:

This will respond to your email request of January 20, 2010 and your request for a copy of the Summary Plan Description.

You are covered under the Delphi Life and Disability Benefits Program for Salaried Employees. The Disability Benefits Program is provided by Delphi Corporation under the provisions of a self-funded Employee Welfare Benefit Plan as described in the Employee Retirement Income Security Act (ERISA).  Metropolitan Life is the claims administrator of the Life and Disability Benefits Program.

Pursuant to your request, attached please find a copy of the publication entitled, Summary Plan Description For Salaried Employees hired on or before December 31, 2000 and/or with a service date on or before December 31, 2000.

Under the Delphi Life and Disability Benefits Program, an employee who is covered for Sickness and Accident Benefits and who, at the date of expiration of the maximum number of weeks for which Sickness and Accident Benefits are payable and during a continuous period of disability thereafter, is totally disabled shall be eligible for Extended Disability benefits for a period not to exceed the maximum period provided by the Program.

In addition, under the Program, the maximum period during which Extended Disability Benefits may be payable to a disabled employee shall be the number of months by which the employee's Years of Participation at commencement of disability exceed the maximum number of weeks of which he is entitled to receive Sickness and Accident benefits.

Furthermore, Extended Disability Benefits shall be reduced by any benefits under any pension plan or retirement program to which the Corporation or any of it subsidiaries has contributed.

2 James Sumpter

Below is our response to each of your questions:

(1)     I would like to know how the benefit payment from MetLife is affected by the pension switch to the PBGC?
*The disability plan states that benefits will be reduced by benefits under any pension or retirement program to which the Corporation has contributed.*

(2)     How is this MetLife disability benefit funded?
*You are covered under Delphi's self-insured disability plan. MetLife is the payor.*

(3)     How is the MetLife disability benefit funding secured?
*MetLife pays your Extended Disability Benefit from a MetLife bank account that is funded by Delphi.*

(4)     Will the benefit currently being paid by MetLife continue to be paid by MetLife?
*No. Delphi has made a business decision to move its self-insured disability plan administration to Sedgwick, CMS. You will receive a notice from Sedgwick when this change is effective.*

(5)     How long will the MetLife disability benefit continue to be paid?
*On December 8, 2000, at the commencement of disability, you had 9 years and 10 months of Participation. Consequently, you would be eligible for Extended Disability Benefits only for periods of disability through October 14, 2010. You have also elected Supplemental Extended Disability Benefits, which will commence October 15, 2010.*

(6)     Is there a contract or policy that covers the MetLife disability benefit?
*No. Your disability plan is not an insurance product, so MetLife issues no Certificate or Policy.*

I hope this information will be of assistance to you. However, if you have any additional questions, please feel free to contact me in writing at: Metropolitan Life Insurance Company, National Benefit Center, Correspondence and Claims Review, Litigation & Appeals, P.O. Box 5164, Southfield, MI 48086-5164.

Metropolitan Life reserves all rights, limitations, exclusions, and defenses available under the Program and ERISA. Nothing in this letter shall be construed as a waiver thereof.

Sincerely,


Litigation and Appeals Analyst
Metropolitan Life
National Benefit Center

Enclosures


**For efficient and prompt claim handling, all documents or correspondence
returned to us should contain your claim number.**

## DPH HOLDINGS CORP.

February 19, 2010

JAMES SUMPTER
21169 WESTBAY CIRCLE
NOBLESVILLE, IN 46062-

940111308534

Dear JAMES SUMPTER,

We are pleased to announce that effective March 1, 2010 DPH Holdings
now has a single administrator for Disability and Workers' Compensation
claims handling. This letter is to notify you that your Sickness and Accident
(S&A) or Extended Disability Benefits (EDB) claim will be transferred from
MetLife to Sedgwick CMS for future claims administration on the effective
date.

If you have questions regarding your existing claims, please contact
Sedgwick CMS telephonically at 1-877-933-5744, 24 hours a day 7 days a
week. The new mailing address and fax number are:

Delphi Benefit Center
PO BOX 14422
Lexington, KY 40512-4422
Fax: 859-825-6897

When contacting Sedgwick, please reference your claim number as your
claim number will not change. You should also include the claim number
on any correspondence that is sent to the Sedgwick office. In addition,
please also advise your certifying physician to utilize this claim number on
all their correspondence that is sent to Sedgwick and provide them with the
new mailing address above.

Please Note: Your benefits will not change as a result of this change of
administrator. Your benefits continue to be provided in accordance with all
applicable bargaining agreements.

DPH Holdings Corp.

**Sedgwick CMS**
Delphi Benefit Center
P.O. Box 14422
Lexington, KY 40512-4422
Phone: 1-877-933-5744, Fax: 1-859-825-6897
TTY: 1-866-665-1287

Date: October 27, 2010

James Sumpter
21169 Westbay Circle
Noblesville, IN 46062

Claim No.: 920201298582
Cisco: Salaried

**Re: Claim for Supplemental Extended Disability Benefits**

Dear Mr. Sumpter:

We are responding to your inquiry dated October 14, 2010, regarding your Supplemental Extended
Disability benefits.

During your period of disability, you were covered under the Salaried Delphi Life and Disability Benefits
Program for Employees. The Life and Disability Benefits Program is provided by Delphi Corporation
under the provisions of a self-funded Employee Welfare Benefit Plan as described in the Employee
Retirement Income Security Act (ERISA). Sedgwick CMS is the claims administrator of the Disability
Benefits Program.

The Salaried Delphi Life and Disability Benefits Program Provides that Extended Disability Benefits are
payable if a covered employee is wholly and continuously disabled so as to be unable to perform any and
every duty of his occupation and during the period of such disability is under treatment by a legally
licensed physician during the period of such disability is under treatment by a legally licensed physician
who can certify to such treatment and total disability.

In addition, for an employee who has less than ten (10) years of Participation at the commencement of
disability, the monthly amount of Extended Disability Benefits is based on the years and months of
participation an employee had earned with the Corporation at the time the first period of disability
commenced. In your case, your maximum eligibility date for Extended Disability benefits is October 14,
2010. However, our records reflect that you are eligible for Supplemental Extended Disability benefits
effective October 15, 2010.

Based upon your inquiry, we have confirmed that your Supplemental Disability benefits claim has
commenced on October 15, 2010 and the direct deposit feature is currently active.

Under the Program, you may be eligible for Supplemental Extended Disability benefits through the end of
the month in which you attain age sixty-five (65); providing that the requirements for disability are
satisfied. Therefore, if you cease to meet the requirements under the Program, Supplemental Extended
Disability benefits may be terminated prior to the maximum eligibility date.

Lastly, Sedgwick CMS is not the claims administrator for Delphi Life Insurance. Therefore, we are
unable to address your Life Insurance concerns. We suggest that you contact the Delphi Corporation for
direction.

Page Two-James Sumpter

**If** you have any questions about S&A, Extended Disability Benefits, or Workers' Compensation Benefits, please call 1-877-933-5744 to speak with a Customer Service Associate.

Sincerely,

**Delphi Benefit Center**

Cc: Claim File