**E-mail set regarding discovery request by James Sumpter and related letter by DPH to Judge Drain [ ref: Docket # 21534 and Docket # 21551]**

**Subject:** Re: Recoupment Motion, Docket # 21534
**From:** james Sumpter <jsump@ieee.org>
**Date:** Wed, 24 Aug 2011 22:55:52 -0400
**To:** "Tullson, Carl T" <Carl.Tullson@skadden.com>
**CC:** ron.meisler@skadden.com, john.lyons@skadden.com,
Louis.Chiappetta@skadden.com, Al.Hogan@skadden.com
**BCC:** james sumpter <jsump@ieee.org>


Dear Mr. Tullson:

I have attached a letter to this e-mail, which pertains to my recent recoupment motion
(Docket # 21534).  I am requesting information that is necessary to determine the correct
value of the recoupment.

By the way, I continue to have trouble sending e-mails to Mr. Butler.

Thanks for your assistance.

James B. Sumpter

21169 Westbay Circle
Noblesville, IN  46062
August 24, 2011

Mr. Carl T. Tullson
Associate, Corporate Restructuring
Skadden, Arps, Slate, Meagher & Flom LLP
155 North Wacker Drive
Chicago, IL  60606-1720

Dear Mr. Tullson:

This letter concerns my recent recoupment motion, Docket # 21534.  I am seeking
information so that I can accurately quantify the recoupment value.  Therefore, for each
Salaried Retiree, who was disabled after 31-MAY-1999, please provide the following
information:

- Name of Disabled Salaried Retiree (or identifier)
- Date of Disability
- Retirement date
- Initial date of Social Security disability (or retroactive date)
- Social Security monthly benefit amount (initial)
- Total Social Security benefit reimbursed
- Total outstanding Social Security reimbursement liability
- Disability end date or age 65 date

Also, for each affected Salaried Retiree please provide the following:

- Name of Salaried Retiree (or identifier), who has, directly or indirectly, made
  Third Party medical reimbursements since 31-MAY-1999
- Total amount reimbursed
- Reimbursement date
- Remaining Third Party medical reimbursement liability

In addition, for each affected Salaried Retiree please provide the following:

- Name of Salaried Retiree (or identifier), who has, directly or indirectly, made Workers' Compensation reimbursements since 31-MAY-1999

- Total amount reimbursed

- Reimbursement date

- Remaining Workers' Compensation reimbursement liability

It would be helpful if you provided the information for each category in an EXEL spread sheet. Also, please provide this information at the earliest possible date, but no later than 15-SEP-2011.

My contact information follows:

| | |
|---|---|
| Address: | 21169 Westbay Circle<br>Noblesville, IN 46062 |
| Telephone: | (317) 877-0736 |
| Facsimile: | (317) 877-1070 |
| E-mail | jsump@ieee.org |

Thank you for your assistance.

Sincerely,

James B. Sumpter

**Subject:** DPH Holdings Corp -- Motion and Request of James Sumpter
**From:** "Chiappetta, Louis S" <Louis.Chiappetta@skadden.com>
**Date:** Fri, 26 Aug 2011 10:23:40 -0400
**To:** "'rdd.chambers@nysb.uscourts.gov'" <rdd.chambers@nysb.uscourts.gov>
**CC:** "Tullson, Carl T" <Carl.Tullson@skadden.com>, "Lyons, John K"
<John.Lyons@skadden.com>, "'Jsump@ieee.org'" <Jsump@ieee.org>


Dear Judge Drain,

Attached please find (i) James Sumpter's Recoupment Motion filed at docket no. 21534 and
(ii) a letter from Mr. Sumpter dated August 24, 2011 requesting certain information regarding his
motion. As your Honor is aware, this is Mr. Sumpter's fourth attempt to seek damages on behalf
of the salaried retirees, this time apparently seeking to use the defensive doctrine of
recoupment in an attempt to circumvent the plan discharge and injunction. Not only are the
claims Mr. Sumpter asserts without merit, but both the motion and the request for information are
made on behalf of all salaried retirees and Mr. Sumpter has not provided any authority to act on
their behalf.

Mr. Sumpter's repeated requests have caused significant expense to the estate. The
Reorganized Debtors would request that the Court dismiss this matter sua sponte or, in the
alternative, require that Mr. Sumpter appear in person at the September 22, 2011 hearing to
show cause why the Reorganized Debtors should file a response to the motion.

Respectfully requested,

Louis Chiappetta

**Louis S. Chiappetta**
Associate
**Skadden, Arps, Slate, Meagher & Flom LLP**
155 North Wacker Drive | Chicago | Illinois | 60606-1720
T: 312.407.0965 | F: 312.827.9317
louis.chiappetta@skadden.com


----------------------------------------------------------------------------
*****************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless
otherwise expressly indicated, any federal tax advice contained in this message was not
intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-
related penalties under the Internal Revenue Code or applicable state or local tax law
provisions or (ii) promoting, marketing or recommending to another party any tax-related
matters addressed herein.
*****************************************************
*****************************************************

This email (and any attachments thereto) is intended only for use by the addressee(s)
named herein and may contain legally privileged and/or confidential information. If you
are not the intended recipient of this email, you are hereby notified that any

dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
**************************************************

**Subject:** Re: DPH Holdings Corp -- Letter by Louis.Chiappetta@skadden.com
**From:** james Sumpter <jsump@ieee.org>
**Date:** Sun, 28 Aug 2011 22:59:53 -0400
**To:** "'rdd.chambers@nysb.uscourts.gov'" <rdd.chambers@nysb.uscourts.gov>
**CC:** "Chiappetta, Louis S" <Louis.Chiappetta@skadden.com>, "Tullson, Carl T"
<Carl.Tullson@skadden.com>, "Lyons, John K" <John.Lyons@skadden.com>
**BCC:** james sumpter <jsump@ieee.org>

# Note: A PDF version of this letter is attached to this email.

21169 Westbay Circle
Noblesville, IN  46062
August 29, 2011

The Honorable Robert D. Drain
United States Bankruptcy Court
For the Southern District of New York
300 Quarropas Street

Dear Judge Drain:

I am writing regarding the e-mail (26-AUG-11) written to you by Mr. Louis Chiappetta, of Skadden, Arps, Slate, Meagher & Flom LLP. Mr. Chiappetta wrote you asking for a sua sponte dismissal of my recently filed Recoupment Motion (Docket # 21534).

I have no choice but to take Mr. Chiappetta's request seriously. Even though it is hollow and absent any tangible justification.

It is also important to note that Mr. Chiappetta has been careless with the facts. I have not filed **four** motions requesting "damages" – an imprecise term, as applied by Mr. Chiappetta. I have authored eight items, which appear on the debtor's Court Docket. They are:

Docket #  21550  Affidavit of Service re: Motion for Recoupment  [Docket No. 21534]

**Docket # 21534  Motion for Recoupment on Behalf of Delphi Salaried Retirees**

Docket # 21417  Letter re: Request for Negotiations regarding COBRA issue
  (Which was rejected)

Docket # 21308  Request for Stay re: VEBA in Lieu of COBRA Ruling [Docket #
  21306] (Includes Affidavit of Service)

Docket # 18371  Affidavit of Service re: [Docket No. 18366]

Docket # 18367  Motion to Shorten Notice

**Docket # 18366  Expedited Motion to Enforce COBRA Benefits**

Docket # 14898  Objection to Motion to Terminate OPEB Benefits [re: Docket No.
  14705]


None of these items was trivial or frivolous.  Among the items on the list, only
<u>two</u> motions, including my pending Recoupment Motion, have made "financial claims" –
referred to as "damages" by Mr. Chiappetta.

Specifically, in regards to the Recoupment Motion; Mr. Chiappetta's
characterization "without merit" is inaccurate and unsubstantiated.  I believe that you will
find that this motion is well researched, well crafted and that it is clearly based on long
established legal practice and numerous precedents.  In addition, as you will note, Mr.
Chiappetta offered no legal basis for his assertion.

Mr. Chiappetta is correct on one point.  I did send "Skadden" a letter requesting
information that is essential to establishing the proper value of the requested recoupment.
In sending the information request, I was following local bankruptcy rule 7007-1(a)
regarding discovery, which requires a good faith effort by the Movant to resolve the
applicable issues by agreement with the opposing party.

As for my status as a representative of Delphi Salaried Retirees, it is the same as it
was when I filed the COBRA Motion and the Request for Stay Motion.  My status was
not an issue then and no credible reason was given why it should be an issue now.

I believe the Recoupment Motion is compelling and in itself answers any question
regarding its validity; and if the debtor refuses to respond, it will be at its own peril.  It's
also not clear why Mr. Chiappetta would ask the court to require my personal appearance
other than to exploit my health limitations.

Therefore, Your Honor, I respectfully request that you deny Mr. Chiappetta's attempt to derail or delay a legitimate motion, which has been properly filed in a timely manner.

Sincerely,

James B. Sumpter, pro se

**Subject:** Re: DPH Holdings Corp -- Motion and Request of James Sumpter
**From:** judge_drain@nysb.uscourts.gov
**Date:** Mon, 29 Aug 2011 10:49:23 -0400
**To:** "Chiappetta, Louis S" <Louis.Chiappetta@skadden.com>
**CC:** "Tullson, Carl T" <Carl.Tullson@skadden.com>, "Lyons, John K"
<John.Lyons@skadden.com>, "'Jsump@ieee.org'" <Jsump@ieee.org>,
"'rdd.chambers@nysb.uscourts.gov'" <rdd.chambers@nysb.uscourts.gov>,
Dorothy_Li@nysb.uscourts.gov


Dear Mr. Chiapetta:

I have reviewed Mr. Sumpter's motion, attached below, as well as your
August 26, 2011 letter, also attached below.  I am not going to rule
sua
sponte on Mr. Sumpter's motion.  However, the Reorganized Debtors may
seek
to dismiss the motion under Rule 7012, the Court having incorporated
the
Part 7 rules in this contested matter, with a hearing date of September
22,
2011.  If that date is inconvenient for either party, either party may
seek
an adjournment by contacting my Courtroom Deputy, Ms. Li.  Pending my
ruling on such request, there shall be no discovery in connection with
Mr.
Sumpter's motion.

Very truly yours

Hon. Robert D. Drain


From:    "Chiappetta, Louis S" <Louis.Chiappetta@skadden.com>
To:      "'rdd.chambers@nysb.uscourts.gov'"
             <rdd.chambers@nysb.uscourts.gov>
Cc:      "Tullson, Carl T" <Carl.Tullson@skadden.com>, "Lyons, John K"
             <John.Lyons@skadden.com>, "'Jsump@ieee.org'"
<Jsump@ieee.org>
Date:    08/26/2011 10:24 AM
Subject:        DPH Holdings Corp -- Motion and Request of James Sumpter


Dear Judge Drain,

Attached please find (i) James Sumpter's Recoupment Motion filed at
docket
no. 21534 and (ii) a letter from Mr. Sumpter dated August 24, 2011
requesting certain information regarding his motion.  As your Honor is
aware, this is Mr. Sumpter's fourth attempt to seek damages on behalf
of
the salaried retirees, this time apparently seeking to use the
defensive

doctrine of recoupment in an attempt to circumvent the plan discharge and
injunction.  Not only are the claims Mr. Sumpter asserts without merit, but
both the motion and the request for information are made on behalf of all
salaried retirees and Mr. Sumpter has not provided any authority to act on
their behalf.

Mr. Sumpter's repeated requests have caused significant expense to the
estate. The Reorganized Debtors would request that the Court dismiss this
matter sua sponte or, in the alternative, require that Mr. Sumpter appear
in person at the September 22, 2011 hearing to show cause why the
Reorganized Debtors should file a response to the motion.

Respectfully requested,

Louis Chiappetta

Louis S. Chiappetta
Associate
Skadden, Arps, Slate, Meagher & Flom LLP
155 North Wacker Drive | Chicago | Illinois | 60606-1720
T: 312.407.0965 | F: 312.827.9317
louis.chiappetta@skadden.com


------------------------------------------------------------------------
 ********************************************************

To ensure compliance with Treasury Department regulations, we advise you
that, unless otherwise expressly indicated, any federal tax advice
contained in this message was not intended or written to be used, and
cannot be used, for the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or applicable state or local tax law provisions
or (ii) promoting, marketing or recommending to another party any
tax-related matters addressed herein.
 ********************************************************
 ********************************************************

This email (and any attachments thereto) is intended only for use by the
addressee(s) named herein and may contain legally privileged and/or
confidential information. If you are not the intended recipient of this
email, you are hereby notified that any dissemination, distribution or
copying of this email (and any attachments thereto) is strictly
prohibited.
If you receive this email in error please immediately notify me at
(212)

735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
==================================================================
=======

(See attached file: James Sumpter Recoupment Motion (Docket No 21534) 8-22-2011.pdf)(See attached file: James Sumpter August 24 Letter Request.pdf)

**Subject:** Re: Recoupment Motion, Docket # 21534
**From:** james Sumpter <jsump@ieee.org>
**Date:** Wed, 24 Aug 2011 22:55:52 -0400
**To:** "Tullson, Carl T" <Carl.Tullson@skadden.com>
**CC:** ron.meisler@skadden.com, john.lyons@skadden.com,
Louis.Chiappetta@skadden.com, Al.Hogan@skadden.com
**BCC:** james sumpter <jsump@ieee.org>


Dear Mr. Tullson:

I have attached a letter to this e-mail, which pertains to my recent recoupment motion
(Docket # 21534).  I am requesting information that is necessary to determine the correct
value of the recoupment.

By the way, I continue to have trouble sending e-mails to Mr. Butler.

Thanks for your assistance.

James B. Sumpter

21169 Westbay Circle
Noblesville, IN 46062
August 24, 2011

Mr. Carl T. Tullson
Associate, Corporate Restructuring
Skadden, Arps, Slate, Meagher & Flom LLP
155 North Wacker Drive
Chicago, IL  60606-1720

Dear Mr. Tullson:

This letter concerns my recent recoupment motion, Docket # 21534.  I am seeking
information so that I can accurately quantify the recoupment value.  Therefore, for each
Salaried Retiree, who was disabled after 31-MAY-1999, please provide the following
information:

- Name of Disabled Salaried Retiree (or identifier)

- Date of Disability

- Retirement date

- Initial date of Social Security disability (or retroactive date)

- Social Security monthly benefit amount (initial)

- Total Social Security benefit reimbursed

- Total outstanding Social Security reimbursement liability

- Disability end date or age 65 date

Also, for each affected Salaried Retiree please provide the following:

- Name of Salaried Retiree (or identifier), who has, directly or indirectly, made
  Third Party medical reimbursements since 31-MAY-1999

- Total  amount reimbursed

- Reimbursement date

- Remaining Third Party medical reimbursement liability

In addition, for each affected Salaried Retiree please provide the following:

- Name of Salaried Retiree (or identifier), who has, directly or indirectly, made Workers' Compensation reimbursements since 31-MAY-1999

- Total  amount reimbursed

- Reimbursement date

- Remaining Workers' Compensation reimbursement liability

It would be helpful if you provided the information for each category in an EXEL spread sheet.  Also, please provide this information at the earliest possible date, but no later than 15-SEP-2011.

My contact information follows:

|  |  |
|---|---|
| Address: | 21169 Westbay Circle |
|  | Noblesville, IN 46062 |
| Telephone: | (317) 877-0736 |
| Facsimile: | (317) 877-1070 |
| E-mail | jsump@ieee.org |

Thank you for your assistance.

Sincerely,

James B. Sumpter

**Subject:** DPH Holdings Corp -- Motion and Request of James Sumpter
**From:** "Chiappetta, Louis S" <Louis.Chiappetta@skadden.com>
**Date:** Fri, 26 Aug 2011 10:23:40 -0400
**To:** "'rdd.chambers@nysb.uscourts.gov'" <rdd.chambers@nysb.uscourts.gov>
**CC:** "Tullson, Carl T" <Carl.Tullson@skadden.com>, "Lyons, John K"
<John.Lyons@skadden.com>, "'Jsump@ieee.org'" <Jsump@ieee.org>


Dear Judge Drain,

Attached please find (i) James Sumpter's Recoupment Motion filed at docket no. 21534 and
(ii) a letter from Mr. Sumpter dated August 24, 2011 requesting certain information regarding his
motion.  As your Honor is aware, this is Mr. Sumpter's fourth attempt to seek damages on behalf
of the salaried retirees, this time apparently seeking to use the defensive doctrine of
recoupment in an attempt to circumvent the plan discharge and injunction.  Not only are the
claims Mr. Sumpter asserts without merit, but both the motion and the request for information are
made on behalf of all salaried retirees and Mr. Sumpter has not provided any authority to act on
their behalf.

Mr. Sumpter's repeated requests have caused significant expense to the estate. The
Reorganized Debtors would request that the Court dismiss this matter sua sponte or, in the
alternative, require that Mr. Sumpter appear in person at the September 22, 2011 hearing to
show cause why the Reorganized Debtors should file a response to the motion.

Respectfully requested,

Louis Chiappetta

**Louis S. Chiappetta**
Associate
**Skadden, Arps, Slate, Meagher & Flom LLP**
155 North Wacker Drive | Chicago | Illinois | 60606-1720
T: 312.407.0965 | F: 312.827.9317
louis.chiappetta@skadden.com


--------------------------------------------------------------------------
**************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless
otherwise expressly indicated, any federal tax advice contained in this message was not
intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-
related penalties under the Internal Revenue Code or applicable state or local tax law
provisions or (ii) promoting, marketing or recommending to another party any tax-related
matters addressed herein.
**************************************************
**************************************************

This email (and any attachments thereto) is intended only for use by the addressee(s)
named herein and may contain legally privileged and/or confidential information. If you
are not the intended recipient of this email, you are hereby notified that any

dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
****************************************************

**Subject:** Re: DPH Holdings Corp -- Letter by Louis.Chiappetta@skadden.com
**From:** james Sumpter <jsump@ieee.org>
**Date:** Sun, 28 Aug 2011 22:59:53 -0400
**To:** "'rdd.chambers@nysb.uscourts.gov'" <rdd.chambers@nysb.uscourts.gov>
**CC:** "Chiappetta, Louis S" <Louis.Chiappetta@skadden.com>, "Tullson, Carl T"
<Carl.Tullson@skadden.com>, "Lyons, John K" <John.Lyons@skadden.com>
**BCC:** james sumpter <jsump@ieee.org>

# Note: A PDF version of this letter is attached to this email.

21169 Westbay Circle
Noblesville, IN  46062
August 29, 2011

The Honorable Robert D. Drain
United States Bankruptcy Court
For the Southern District of New York
300 Quarropas Street

Dear Judge Drain:

      I am writing regarding the e-mail (26-AUG-11) written to you by Mr. Louis Chiappetta, of Skadden, Arps, Slate, Meagher & Flom LLP. Mr. Chiappetta wrote you asking for a sua sponte dismissal of my recently filed Recoupment Motion (Docket # 21534).

      I have no choice but to take Mr. Chiappetta's request seriously. Even though it is hollow and absent any tangible justification.

      It is also important to note that Mr. Chiappetta has been careless with the facts. I have not filed **four** motions requesting "damages" – an imprecise term, as applied by Mr. Chiappetta. I have authored eight items, which appear on the debtor's Court Docket. They are:

    Docket # 21550  Affidavit of Service re: Motion for Recoupment  [Docket No. 21534]

**Docket # 21534  Motion for Recoupment on Behalf of Delphi Salaried Retirees**

Docket # 21417  Letter re: Request for Negotiations regarding COBRA issue
(Which was rejected)

Docket # 21308  Request for Stay re: VEBA in Lieu of COBRA Ruling [Docket #
21306] (Includes Affidavit of Service)

Docket # 18371  Affidavit of Service re: [Docket No. 18366]

Docket # 18367  Motion to Shorten Notice

**Docket # 18366  Expedited Motion to Enforce COBRA Benefits**

Docket # 14898  Objection to Motion to Terminate OPEB Benefits [re: Docket No.
14705]

None of these items was trivial or frivolous. Among the items on the list, only **two** motions, including my pending Recoupment Motion, have made "financial claims" – referred to as "damages" by Mr. Chiappetta.

Specifically, in regards to the Recoupment Motion; Mr. Chiappetta's characterization "without merit" is inaccurate and unsubstantiated. I believe that you will find that this motion is well researched, well crafted and that it is clearly based on long established legal practice and numerous precedents. In addition, as you will note, Mr. Chiappetta offered no legal basis for his assertion.

Mr. Chiappetta is correct on one point. I did send "Skadden" a letter requesting information that is essential to establishing the proper value of the requested recoupment. In sending the information request, I was following local bankruptcy rule 7007-1(a) regarding discovery, which requires a good faith effort by the Movant to resolve the applicable issues by agreement with the opposing party.

As for my status as a representative of Delphi Salaried Retirees, it is the same as it was when I filed the COBRA Motion and the Request for Stay Motion. My status was not an issue then and no credible reason was given why it should be an issue now.

I believe the Recoupment Motion is compelling and in itself answers any question regarding its validity; and if the debtor refuses to respond, it will be at its own peril. It's also not clear why Mr. Chiappetta would ask the court to require my personal appearance other than to exploit my health limitations.

Therefore, Your Honor, I respectfully request that you deny Mr. Chiappetta's attempt to derail or delay a legitimate motion, which has been properly filed in a timely manner.

Sincerely,



James B. Sumpter, pro se

**Subject:** Re: DPH Holdings Corp -- Motion and Request of James Sumpter
**From:** judge_drain@nysb.uscourts.gov
**Date:** Mon, 29 Aug 2011 10:49:23 -0400
**To:** "Chiappetta, Louis S" <Louis.Chiappetta@skadden.com>
**CC:** "Tullson, Carl T" <Carl.Tullson@skadden.com>, "Lyons, John K"
<John.Lyons@skadden.com>, "'Jsump@ieee.org'" <Jsump@ieee.org>,
"'rdd.chambers@nysb.uscourts.gov'" <rdd.chambers@nysb.uscourts.gov>,
Dorothy_Li@nysb.uscourts.gov


Dear Mr. Chiapetta:

I have reviewed Mr. Sumpter's motion, attached below, as well as your
August 26, 2011 letter, also attached below.  I am not going to rule
sua
sponte on Mr. Sumpter's motion.  However, the Reorganized Debtors may
seek
to dismiss the motion under Rule 7012, the Court having incorporated
the
Part 7 rules in this contested matter, with a hearing date of September
22,
2011.  If that date is inconvenient for either party, either party may
seek
an adjournment by contacting my Courtroom Deputy, Ms. Li.  Pending my
ruling on such request, there shall be no discovery in connection with
Mr.
Sumpter's motion.

Very truly yours

Hon. Robert D. Drain



From:     "Chiappetta, Louis S" <Louis.Chiappetta@skadden.com>
To:       "'rdd.chambers@nysb.uscourts.gov'"
          <rdd.chambers@nysb.uscourts.gov>
Cc:       "Tullson, Carl T" <Carl.Tullson@skadden.com>, "Lyons, John K"
          <John.Lyons@skadden.com>, "'Jsump@ieee.org'"
<Jsump@ieee.org>
Date:     08/26/2011 10:24 AM
Subject:      DPH Holdings Corp -- Motion and Request of James Sumpter


Dear Judge Drain,

Attached please find (i) James Sumpter's Recoupment Motion filed at
docket
no. 21534 and (ii) a letter from Mr. Sumpter dated August 24, 2011
requesting certain information regarding his motion.  As your Honor is
aware, this is Mr. Sumpter's fourth attempt to seek damages on behalf
of
the salaried retirees, this time apparently seeking to use the
defensive

doctrine of recoupment in an attempt to circumvent the plan discharge
and
injunction.  Not only are the claims Mr. Sumpter asserts without merit,
but
both the motion and the request for information are made on behalf of
all
salaried retirees and Mr. Sumpter has not provided any authority to act
on
their behalf.

Mr. Sumpter's repeated requests have caused significant expense to the
estate. The Reorganized Debtors would request that the Court dismiss
this
matter sua sponte or, in the alternative, require that Mr. Sumpter
appear
in person at the September 22, 2011 hearing to show cause why the
Reorganized Debtors should file a response to the motion.

Respectfully requested,

Louis Chiappetta

Louis S. Chiappetta
Associate
Skadden, Arps, Slate, Meagher & Flom LLP
155 North Wacker Drive | Chicago | Illinois | 60606-1720
T: 312.407.0965 | F: 312.827.9317
louis.chiappetta@skadden.com


--------------------------------------------------------------------
-------
 ********************************************************

To ensure compliance with Treasury Department regulations, we advise
you
that, unless otherwise expressly indicated, any federal tax advice
contained in this message was not intended or written to be used, and
cannot be used, for the purpose of (i) avoiding tax-related penalties
under
the Internal Revenue Code or applicable state or local tax law
provisions
or (ii) promoting, marketing or recommending to another party any
tax-related matters addressed herein.
 ********************************************************
 ********************************************************

This email (and any attachments thereto) is intended only for use by
the
addressee(s) named herein and may contain legally privileged and/or
confidential information. If you are not the intended recipient of this
email, you are hereby notified that any dissemination, distribution or
copying of this email (and any attachments thereto) is strictly
prohibited.
If you receive this email in error please immediately notify me at
(212)

735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
======================================================================
=======

(See attached file: James Sumpter Recoupment Motion (Docket No 21534) 8-22-2011.pdf)(See attached file: James Sumpter August 24 Letter Request.pdf)