Hearing Date And Time: December 21, 2011 at 10:00 a.m. (prevailing Eastern time)
Response Date And Time: December 7, 2011 at 6:00 p.m. (prevailing Eastern time)
Reply Date And Time: December 16, 2011 at 6:00 p.m. (prevailing Eastern time)

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, Michigan 48226
Cynthia J. Haffey
Thomas Radom
Bruce L. Sendek
David J. DeVine
Telephone: (313) 225-7000
Facsimile: (313) 225-7080
*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |

MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(d), 544, 547, AND 548 AND FED. R. BANKR. P. 7016 ESTABLISHING (I) DATES FOR HEARINGS REGARDING ADVERSARY PROCEEDINGS AND (II) NOTICES AND PROCEDURES GOVERNING <u>ADVERSARY PROCEEDINGS</u>

("ADVERSARY PROCEEDINGS PROCEDURES MOTION")

DPH Holdings Corp. ("DPH Holdings"), on behalf of itself and its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), formerly known as Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submits this Motion For Order Pursuant To 11 U.S.C. §§ 105(d), 544, 547, And 548 And Fed. R. Bankr. P. 7016 Establishing (I) Dates For Hearings Regarding Adversary

Proceedings And (II) Notices And Procedures Governing Adversary Proceedings (the "Motion") in the adversary proceedings identified on <u>Exhibit A</u>, and respectfully represents as follows:

Background

1. <u>The Chapter 11 Filings</u>.  On October 8 and 14, 2005, Delphi and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2. <u>Preservation of Estate Claims Procedures Order</u>.  On August 16, 2007, the Court entered the Preservation of Estate Claims Procedures Order (Docket No. 9105), which, among other things, (i) authorized the Debtors to file complaints in the adversary proceedings pertaining to avoidance actions under seal, (ii) stayed each adversary proceeding unless and until the Debtors made service of process on the respective defendants, and (iii) extended to March 31, 2008, the deadline under Federal Rule of Civil Procedure 4(m) by which the Debtors would have to serve process, so that the complaints would not be subject to dismissal under Federal Rule of Civil Procedure 4(m).  In accordance with the Preservation of Estate Claims Procedures Order, the Debtors commenced 742 adversary proceedings (the "Adversary Proceedings") by filing complaints under seal.  None of those complaints, however, were served at that time.

3. <u>First Extension Motion</u>.  As the March 31, 2008 deadline to serve complaints in the Adversary Proceedings approached, the Debtors had not yet substantially consummated a plan of reorganization.  The Debtors, therefore, filed the Extension of Avoidance Action Service Deadline Motion (Docket No. 12922) (the "First Extension Motion") seeking to extend the deadline to serve complaints by two months to May 31, 2008.  On March 20, 2008, the Debtors filed a notice of presentment (Docket No. 13190) with respect to the order approving

2

the First Extension Motion. No party objected. The Court therefore entered an order approving the First Extension Motion (Docket No. 13277) (the "First Extension Order").

        4.      Second Extension Motion. On April 10, 2008, after the Debtors' plan investors failed to participate in a closing and fulfill their obligations to fund the Debtors' plan of reorganization, confirmed on January 25, 2008 (the "Confirmed Plan"), the Debtors filed a motion (Docket No. 13361) (the "Second Extension Motion") seeking to extend the service deadline from May 31, 2008 to a date thirty days after substantial consummation of the Confirmed Plan or any modified plan. The Court entered its order approving the Second Extension Motion (Docket No. 13484) (the "Second Extension Order").

        5.      Modified Plan. On October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Among the various modifications to the Confirmed Plan, the Modified Plan provided for the retention of 177 of the 742 Adversary Proceedings. (*See* Modified Plan Ex. 7.19. ¶ 6.) At the time, the Debtors were considering whether to retain special counsel to prosecute the retained Adversary Proceedings and had not yet decided to proceed in any of the Adversary Proceedings. In accordance with paragraph 2 of the Second Extension Order, the Debtors determined to keep the retained Adversary Proceedings sealed until after substantial consummation of the Modified Plan.

        6.      Final Extension Motion. As the Debtors approached the Effective Date, it became clear that facilitating the complex transactions provided for under the Modified Plan and

the Master Disposition Agreement would consume most of the Reorganized Debtors' time and resources in the immediate wake of their emergence from chapter 11.  These restraints were particularly onerous once it was determined that the Reorganized Debtors would have only a single employee and that a separate law firm would pursue the Adversary Proceedings.  Accordingly, on October 2, 2009, the Debtors filed the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion (Docket No. 18952) (the "Final Extension Motion," and together with the First and Second Extension Motions, the "Extension Motions") seeking a further extension of the service deadline from 30 days to 180 days after the effective date of the Modified Plan.  On October 22, 2009, the Court entered its order approving the Final Extension Motion (Docket No. 18999) (the "Final Extension Order," and together with the First and Second Extension Order, the "Extension Orders").

7.    Motions to Dismiss.  The Reorganized Debtors subsequently served the summonses and complaints in the remaining Adversary Proceedings, and in early 2010, various defendants filed motions to dismiss the complaints (the "Motions to Dismiss").  At the July 22, 2010 hearing on the Motions to Dismiss, the Court granted the Motions to Dismiss, without prejudice, on the basis that the complaints failed to satisfy the pleading requirements set forth in *Bell Atlantic Corp. v. Twombly*,[1] and *Ashcroft v. Iqbal*,[2] but allowed the Reorganized Debtors to file a motion seeking leave to amend the complaints.  (July 22, 2010 Hr'g. Tr., pp. 275-79.)

8.    Motions to Amend.  The Reorganized Debtors timely filed their Motion for Leave to File Amended Complaints on September 7, 2010 (Docket No. 20575) (the "Motion to Amend").  At the June 21, 2011 hearing on the Motion to Amend, the Court determined that the Reorganized Debtors' proposed amended complaints stated valid preference claims under

---

[1] 550 U.S. 544 (2007).
[2] 129 S.Ct. 1937 (2009).

4

*Twombly* and *Iqbal*. The Court declined to grant the Motion to Amend at the June 21, 2011 hearing because, in relevant part, certain defendants in the Adversary Proceedings denied receiving timely or adequate notice of the Final Extension Motion. Accordingly, the Court directed all parties opposing the Motion to Amend on notice grounds to file affidavits or declarations (collectively, the "Submissions") affirming the nature and extent of their alleged lack of notice of the Final Extension Motion. (June 21, 2011 Hr'g. Tr., pp. 311-16.) In response to the Submissions, the Reorganized Debtors filed their Amended Omnibus Response to Certain Defendants' Submissions Regarding the October 2, 2009 Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion on September 13, 2011 (Docket No. 21571) (the "Amended Omnibus Response"), as well as their Motion Under 11 U.S.C. § 105 and Fed. R. Bankr. P. 9014 for Leave to (I) Supplement the Record of the June 21, 2011 Hearing and (II) File the Reorganized Debtors' Statement Regarding Service of the Final Extension Motion (Docket No. 21509) (the "Statement Motion").

    9. <u>Notice Hearing</u>. On October 24, 2011, the Court held a hearing addressing the Submissions, the Amended Omnibus Response, and the Statement Motion. At that hearing, the Court held that the Extension Orders were not entered in violation of the applicable Case Management Order (Docket No. 2883) and that "the facts . . . are not such that . . . the debtor should be precluded from pursuing lawsuits against parties that did not receive actual notice of the [Final Extension Order] . . . merely because of that fact." (October 24, 2011 Hr'g. Tr., pp. 73-75.) The Reorganized Debtors proposed drafting a procedures order to streamline the remaining Adversary Proceedings. (*Id.* at 76-85.) The Court instructed that (a) for those remaining Adversary Proceedings in which the defendants have not opposed the Motion to Amend, the parties should proceed with litigation on the merits (*id.* at 83-84); (b) for

5

those remaining Adversary Proceedings in which the defendants opposed the Motion to Amend, the Court will hold individualized Rule 15 hearings (*id.* at 76-77); and (c) for those remaining Adversary Proceedings in which the defendants did not answer or otherwise properly respond to the Reorganized Debtors' complaints under Federal Rule of Bankruptcy Procedure 7012, the Reorganized Debtors should proceed with motions for entry of default judgments (*id.* at 83).

10. This Court has jurisdiction over the adversary proceedings 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

11. The statutory predicates for the relief requested herein are sections 105(d) and 547 of the Bankruptcy Code and Rule 7016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Relief Requested

12. By this Motion, the Reorganized Debtors seek entry of an order pursuant to 11 U.S.C. § 105(d), 544, 547 and 548 and Fed. R. Bankr. P. 7016 substantially in the form of the proposed order attached hereto as Exhibit B (a) scheduling special hearings to consider the remaining Adversary Proceedings and (b) establishing certain procedures governing the remaining Adversary Proceedings (the "Adversary Proceeding Procedures")

Basis For Relief

13. As discussed at the October 24, 2011 hearing, approximately 57 Adversary Proceedings remain contested. To the extent that the parties cannot reach a consensual resolution in these Adversary Proceedings, each of the contested Adversary Proceedings will require separate adjudication with all that is entailed by way of pretrial discovery, motion practice, court conferences and trial. For more than half of the contested

6

Adversary Proceedings, individualized Rule 15 evidentiary hearings are required, along with pre-hearing discovery and motion practice. Collectively, the cases will impose a substantial demand upon the resources of the Reorganized Debtors and this Court and, individually, on the defendants. The Reorganized Debtors seek to establish a procedure that will ensure that these actions are handled in a manner that leads to their efficient resolution and minimizes unnecessary burdens on the Court's and the parties' resources.

14. The Reorganized Debtors believe that there is good cause to enter a procedures order to govern the remaining Adversary Proceedings (the "Order"). The Order provides, however, that the procedures outlined in the order may be modified to accommodate individual deviations for good cause shown where circumstances warrant. Therefore, entry of the Order will not prejudice the rights of any defendant in a contested Adversary Proceeding.

15. Given the number of contested Adversary Proceedings, the Reorganized Debtors believe that entry of a uniform procedures Order, setting forth streamlined procedures to govern the Rule 15 hearings, trial on the merits, discovery, scheduling conferences, pretrial conferences and motion practice, is critical. Absent such uniform and streamlined procedures, the progress of the contested Adversary Proceedings will be impeded and the Court's docket will be unnecessarily burdened by inconsistent scheduling demands and disputes.

16. The proposed Order: (i) creates a separate hearing schedule for the Adversary Proceedings, (ii) creates default hearing procedures for uncontested Adversary Proceedings; (iii) creates detailed procedures for contested Adversary Proceedings; (iv) sets procedures for mandatory meet and confer and mediation to resolve the Adversary Proceedings without need of a full evidentiary hearing and/or merits trial; and (v) efficiently organizes the contested proceedings in discrete litigation tracks to determine: (A) whether the Reorganized

Debtors should be granted leave to amend their original complaint; and/or (B) the merits of each Adversary Proceeding.

### The Adversary Proceeding Hearings

17. Pursuant to the Twenty-Fifth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered on October 19, 2011 (the "Twenty-Fifth Supplemental Case Management Order") (Docket No. 21659) and its predecessors, this Court established monthly omnibus hearings (the "Omnibus Hearings") in these cases. Given the size and complexity of the Reorganized Debtors' cases, there are frequently several discrete matters scheduled for hearing at any given Omnibus Hearing.

18. In light of the limited amount of time available at each Omnibus Hearing and the amount of this Court's time that the Reorganized Debtors anticipate will be necessary to hear the remaining Adversary Proceedings, the Reorganized Debtors request that this Court set separate Adversary Proceeding Hearings to consider the issues surrounding each individual Adversary Proceeding. Specifically, the Reorganized Debtors request that this Court set Adversary Hearings for the following dates and times:

[●] at 10:00 a.m. (prevailing Eastern time).

### Adversary Proceeding Procedures

19. The Reorganized Debtors respectfully assert that the procedures described in Exhibit B are reasonable and appropriate in light of the need to resolve the remaining Adversary Proceedings on an expedited basis in these chapter 11 cases. The proposed Adversary Proceeding Procedures were modeled after the Claims Hearing Procedures already approved by this Court and used to successfully resolve the more than 20,000 claims filed in these cases.

8

20. The proposed Order provides a series of milestone events that afford all parties the opportunity of presenting their positions for ultimate consideration by this Court. These events are organized in a logical sequence with an eye toward maintaining efficiencies for both the parties and the Court.

21. Two important elements in the proposed process are the "meet and confer" and non-binding mediation. These are intended to enhance the possibility of cost-effective early dispute resolution. The benefits to the parties include reduction of litigation costs and the avoidance of time-consuming preparation and in-court appearances by party personnel. The Court would be relieved of conducting Rule 15 evidentiary hearings, merits trials as well as reviewing all pre-hearing briefing and pre-trail matters.

22. The Reorganized Debtors request that this Court approve the procedures for adjudicating the Adversary Proceedings as outlined in the order attached hereto as Exhibit B.

Applicable Authority

23. Bankruptcy courts have broad latitude in determining the process for hearing adversary proceeding matters. Bankruptcy Rule 7016, which concerns pre-trial procedures, applies with respect to these Adversary Proceedings. *See Fed. R. Bankr. P. 7016.*

24. Bankruptcy Rule 7016 makes applicable Rule 16 of the Federal Rules of Civil Procedure. Pursuant to Rule 16, trial courts have broad authority to enter orders to "provide for the prompt litigation and disposition of every adversary proceeding and to require strict adherence to the Scheduling Order." *See In re Bonfiglio*, 231 B.R. 197, 198 (Bankr. S.D.N.Y. 1999). Rule 16 is designed to give the trial court a "firm hand" with which it can control the litigation before it. *See Campania Management Co. v. Rooks, Pitts, & Poust*, 290 F.3d 843, 851-52 (7th Cir. 2002). Rule 16 also gives the trial court the powers it needs to

9

"achieve the orderly and expeditious disposition of cases." *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962); *see also Spain v. Board of Education*, 214 F.3d 925, 930 (7th Cir. 2000) (same).

   25.  Specifically, Fed. R. Civ. P. 16 grants authority for trial courts to issue orders to:

   (a)  limit the time available for discovery and the types of discovery to be used (Fed. R. Civ. P. 16(b)(3), (c)(6));

   (b)  formulate and simplify the issues, including the elimination of frivolous claims or defenses (Fed. R. Civ. P. 16(c)(1));

   (c)  avoid unnecessary proof and cumulative evidence and place limitations or restrictions on the use of expert testimony (Fed. R. Civ. P. 16(c)(4));

   (d)  examine the appropriateness of summary adjudication under Rule 56 (Fed. R. Civ. P. 16(c)(5));

   (e)  schedule the exchange of pre-trial briefs (Fed. R. Civ. P. 16(c)(7));

   (f)  employ special procedures to assist in resolving the dispute when authorized by statute or local rule (Fed. R. Civ. P. 16(c)(9)), including the use of mini-trials and summary trials (1993 Notes of Advisory Committee to Rule 16, ¶ 10);

   (g)  establish limits on the time allowed for presenting evidence (Fed. R. Civ. P. 16(c)(15)); and

   (h)  facilitate in the "just, speedy, and inexpensive disposition of the action" (Fed. R. Civ. P. 16(c)(16)).

26. For all of the above reasons, the Reorganized Debtors submit that entry of an order authorizing and establishing the procedures outlined herein is appropriate and is in the best interests of the Reorganized Debtors, their creditors, and their estates.

## Notice

27. Notice of this Motion has been provided in accordance with the Amended Twenty-Fourth Supplemental Case Management Order. In light of the nature of the relief requested, the Reorganized Debtors submit that no other or further notice is necessary.

WHEREFORE, the Reorganized Debtors respectfully request that the Court enter an order (a) granting the relief requested herein and (b) granting the Reorganized Debtors such other further relief as is just.

Dated: November 4, 2011
Detroit, Michigan

Respectfully submitted,

**BUTZEL LONG,**
a professional corporation

By: /s/Cynthia J. Haffey
Cynthia J. Haffey
Bruce L. Sendek
Thomas B. Radom
David J. DeVine
150 W. Jefferson, Suite 100
Detroit, Michigan 48226
haffey@butzel.com

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
Cynthia J. Haffey, Esq.
Thomas B. Radom, Esq.
*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.*, | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| Reorganized Debtors. | |

## CERTIFICATE OF SERVICE

I hereby certify that November 4, 2011, a true and correct copy of the *Reorganized Debtors' Motion For Order Pursuant To 11 U.S.C. §§ 105(d), 544, 547, And 548 And Fed. R. Bankr. P. 7016 Establishing (I) Dates For Hearings Regarding Adversary Proceedings And (II) Notices And Procedures Governing Adversary Proceedings* was served via the court's electronic filing system and by e-mail on counsel for defendants.

Dated: Detroit, Michigan, November 4, 2011

/s/ Alexis Richards