**Hearing Date And Time:  December 21, 2011 at 10:00 a.m. (prevailing Eastern time)**
**Response Date And Time:  December 7, 2011 at 6:00 p.m. (prevailing Eastern time)**
**Reply Date And Time: December 16, 2011 at 6:00 p.m. (prevailing Eastern time)**

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, Michigan 48226
Cynthia J. Haffey
Thomas Radom
Bruce L. Sendek
David J. DeVine
Telephone: (313) 225-7000
Facsimile: (313) 225-7080
*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                          :
              In re                                       :     Chapter 11
                                                          :
DPH HOLDINGS CORP., <u>et</u> <u>al.</u>,                 :     Case No. 05-44481 (RDD)
                                                          :
                                                          :     (Jointly Administered)
Reorganized Debtors.                                      :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(d), 544, 547, AND 548 AND FED.
R. BANKR. P. 7016 ESTABLISHING (I) DATES FOR HEARINGS REGARDING
ADVERSARY PROCEEDINGS AND (II) NOTICES AND PROCEDURES GOVERNING
<u>ADVERSARY PROCEEDINGS</u>

("ADVERSARY PROCEEDINGS PROCEDURES MOTION")

　　　　DPH Holdings Corp. ("DPH Holdings"), on behalf of itself and its affiliated reorganized

debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"),

formerly known as Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

former debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"), hereby submits this Motion For Order Pursuant To 11 U.S.C. §§ 105(d), 544, 547,

And 548 And Fed. R. Bankr. P. 7016 Establishing (I) Dates For Hearings Regarding Adversary

Proceedings And (II) Notices And Procedures Governing Adversary Proceedings (the "Motion")

in the adversary proceedings identified on Exhibit A, and respectfully represents as follows:

Background

1.      The Chapter 11 Filings.  On October 8 and 14, 2005, Delphi and certain of

its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned

cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the

United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy

Court for the Southern District of New York.

2.      Preservation of Estate Claims Procedures Order.  On August 16, 2007, the

Court entered the Preservation of Estate Claims Procedures Order (Docket No. 9105), which,

among other things, (i) authorized the Debtors to file complaints in the adversary proceedings

pertaining to avoidance actions under seal, (ii) stayed each adversary proceeding unless and until

the Debtors made service of process on the respective defendants, and (iii) extended to March

31, 2008, the deadline under Federal Rule of Civil Procedure 4(m) by which the Debtors would

have to serve process, so that the complaints would not be subject to dismissal under Federal

Rule of Civil Procedure 4(m).  In accordance with the Preservation of Estate Claims Procedures

Order, the Debtors commenced 742 adversary proceedings (the "Adversary Proceedings") by

filing complaints under seal.  None of those complaints, however, were served at that time.

3.      First Extension Motion.  As the March 31, 2008 deadline to serve

complaints in the Adversary Proceedings approached, the Debtors had not yet substantially

consummated a plan of reorganization.  The Debtors, therefore, filed the Extension of Avoidance

Action Service Deadline Motion (Docket No. 12922) (the "First Extension Motion") seeking to

extend the deadline to serve complaints by two months to May 31, 2008.  On March 20, 2008,

the Debtors filed a notice of presentment (Docket No. 13190) with respect to the order approving

2

the First Extension Motion.  No party objected.  The Court therefore entered an order approving

the First Extension Motion (Docket No. 13277) (the "First Extension Order").

4.    Second Extension Motion.  On April 10, 2008, after the Debtors' plan

investors failed to participate in a closing and fulfill their obligations to fund the Debtors' plan of

reorganization, confirmed on January 25, 2008 (the "Confirmed Plan"), the Debtors filed a

motion (Docket No. 13361) (the "Second Extension Motion") seeking to extend the service

deadline from May 31, 2008 to a date thirty days after substantial consummation of the

Confirmed Plan or any modified plan.  The Court entered its order approving the Second

Extension Motion (Docket No. 13484) (the "Second Extension Order").

5.    Modified Plan.  On October 6, 2009 (the "Effective Date"), the Debtors

substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi

Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the

"Modified Plan"), which had been approved by this Court pursuant to an order entered on July

30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

Among the various modifications to the Confirmed Plan, the Modified Plan provided for the

retention of 177 of the 742 Adversary Proceedings.  (See Modified Plan Ex. 7.19. ¶ 6.)  At the

time, the Debtors were considering whether to retain special counsel to prosecute the retained

Adversary Proceedings and had not yet decided to proceed in any of the Adversary Proceedings.

In accordance with paragraph 2 of the Second Extension Order, the Debtors determined to keep

the retained Adversary Proceedings sealed until after substantial consummation of the Modified

Plan.

6.    Final Extension Motion.  As the Debtors approached the Effective Date, it

became clear that facilitating the complex transactions provided for under the Modified Plan and

the Master Disposition Agreement would consume most of the Reorganized Debtors' time and

resources in the immediate wake of their emergence from chapter 11. These restraints were

particularly onerous once it was determined that the Reorganized Debtors would have only a

single employee and that a separate law firm would pursue the Adversary Proceedings.

Accordingly, on October 2, 2009, the Debtors filed the Supplemental Postconfirmation

Extension of Avoidance Action Service Deadline Motion (Docket No. 18952) (the "Final

Extension Motion," and together with the First and Second Extension Motions, the "Extension

Motions") seeking a further extension of the service deadline from 30 days to 180 days after the

effective date of the Modified Plan. On October 22, 2009, the Court entered its order approving

the Final Extension Motion (Docket No. 18999) (the "Final Extension Order," and together with

the First and Second Extension Order, the "Extension Orders").

7.      Motions to Dismiss. The Reorganized Debtors subsequently served the

summonses and complaints in the remaining Adversary Proceedings, and in early 2010, various

defendants filed motions to dismiss the complaints (the "Motions to Dismiss"). At the July 22,

2010 hearing on the Motions to Dismiss, the Court granted the Motions to Dismiss, without

prejudice, on the basis that the complaints failed to satisfy the pleading requirements set forth in

*Bell Atlantic Corp. v. Twombly*,[1] and *Ashcroft v. Iqbal*,[2] but allowed the Reorganized Debtors to

file a motion seeking leave to amend the complaints. (July 22, 2010 Hr'g. Tr., pp. 275-79.)

8.      Motions to Amend. The Reorganized Debtors timely filed their Motion

for Leave to File Amended Complaints on September 7, 2010 (Docket No. 20575) (the "Motion

to Amend"). At the June 21, 2011 hearing on the Motion to Amend, the Court determined that

the Reorganized Debtors' proposed amended complaints stated valid preference claims under

---

[1] 550 U.S. 544 (2007).

[2] 129 S.Ct. 1937 (2009).

*Twombly* and *Iqbal*. The Court declined to grant the Motion to Amend at the June 21, 2011

hearing because, in relevant part, certain defendants in the Adversary Proceedings denied

receiving timely or adequate notice of the Final Extension Motion. Accordingly, the Court

directed all parties opposing the Motion to Amend on notice grounds to file affidavits or

declarations (collectively, the "Submissions") affirming the nature and extent of their alleged

lack of notice of the Final Extension Motion. (June 21, 2011 Hr'g. Tr., pp. 311-16.) In response

to the Submissions, the Reorganized Debtors filed their Amended Omnibus Response to Certain

Defendants' Submissions Regarding the October 2, 2009 Supplemental Postconfirmation

Extension of Avoidance Action Service Deadline Motion on September 13, 2011 (Docket No.

21571) (the "Amended Omnibus Response"), as well as their Motion Under 11 U.S.C. § 105 and

Fed. R. Bankr. P. 9014 for Leave to (I) Supplement the Record of the June 21, 2011 Hearing and

(II) File the Reorganized Debtors' Statement Regarding Service of the Final Extension Motion

(Docket No. 21509) (the "Statement Motion").

       9.    <u>Notice Hearing</u>. On October 24, 2011, the Court held a hearing

addressing the Submissions, the Amended Omnibus Response, and the Statement Motion. At

that hearing, the Court held that the Extension Orders were not entered in violation of the

applicable Case Management Order (Docket No. 2883) and that "the facts . . . are not such that

. . . the debtor should be precluded from pursuing lawsuits against parties that did not receive

actual notice of the [Final Extension Order] . . . merely because of that fact." (October 24, 2011

Hr'g. Tr., pp. 73-75.) The Reorganized Debtors proposed drafting a procedures order to

streamline the remaining Adversary Proceedings. (*Id.* at 76-85.) The Court instructed that (a)

for those remaining Adversary Proceedings in which the defendants have not opposed the

Motion to Amend, the parties should proceed with litigation on the merits (*id.* at 83-84); (b) for

those remaining Adversary Proceedings in which the defendants opposed the Motion to Amend,

the Court will hold individualized Rule 15 hearings (*id.* at 76-77); and (c) for those remaining

Adversary Proceedings in which the defendants did not answer or otherwise properly respond to

the Reorganized Debtors' complaints under Federal Rule of Bankruptcy Procedure 7012, the

Reorganized Debtors should proceed with motions for entry of default judgments (*id.* at 83).

10.     This Court has jurisdiction over the adversary proceedings 28 U.S.C. §§

157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

11.     The statutory predicates for the relief requested herein are sections 105(d)

and 547 of the Bankruptcy Code and Rule 7016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules").

Relief Requested

12.     By this Motion, the Reorganized Debtors seek entry of an order pursuant

to 11 U.S.C. § 105(d), 544, 547 and 548 and Fed. R. Bankr. P. 7016 substantially in the form of

the proposed order attached hereto as Exhibit B (a) scheduling special hearings to consider the

remaining Adversary Proceedings and (b) establishing certain procedures governing the

remaining Adversary Proceedings (the "Adversary Proceeding Procedures")

Basis For Relief

13.     As discussed at the October 24, 2011 hearing, approximately 57

Adversary Proceedings remain contested.  To the extent that the parties cannot reach a

consensual resolution in these Adversary Proceedings, each of the contested Adversary

Proceedings will require separate adjudication with all that is entailed by way of pretrial

discovery, motion practice, court conferences and trial.  For more than half of the contested

6

Adversary Proceedings, individualized Rule 15 evidentiary hearings are required, along with pre-hearing discovery and motion practice. Collectively, the cases will impose a substantial demand upon the resources of the Reorganized Debtors and this Court and, individually, on the defendants. The Reorganized Debtors seek to establish a procedure that will ensure that these actions are handled in a manner that leads to their efficient resolution and minimizes unnecessary burdens on the Court's and the parties' resources.

14.    The Reorganized Debtors believe that there is good cause to enter a procedures order to govern the remaining Adversary Proceedings (the "Order"). The Order provides, however, that the procedures outlined in the order may be modified to accommodate individual deviations for good cause shown where circumstances warrant. Therefore, entry of the Order will not prejudice the rights of any defendant in a contested Adversary Proceeding.

15.    Given the number of contested Adversary Proceedings, the Reorganized Debtors believe that entry of a uniform procedures Order, setting forth streamlined procedures to govern the Rule 15 hearings, trial on the merits, discovery, scheduling conferences, pretrial conferences and motion practice, is critical. Absent such uniform and streamlined procedures, the progress of the contested Adversary Proceedings will be impeded and the Court's docket will be unnecessarily burdened by inconsistent scheduling demands and disputes.

16.    The proposed Order: (i) creates a separate hearing schedule for the Adversary Proceedings, (ii) creates default hearing procedures for uncontested Adversary Proceedings; (iii) creates detailed procedures for contested Adversary Proceedings; (iv) sets procedures for mandatory meet and confer and mediation to resolve the Adversary Proceedings without need of a full evidentiary hearing and/or merits trial; and (v) efficiently organizes the contested proceedings in discrete litigation tracks to determine: (A) whether the Reorganized

Debtors should be granted leave to amend their original complaint; and/or (B) the merits of each

Adversary Proceeding.

<u>The Adversary Proceeding Hearings</u>

17.     Pursuant to the Twenty-Fifth Supplemental Order Under 11 U.S.C. §§

102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus

Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered

on October 19, 2011 (the "Twenty-Fifth Supplemental Case Management Order") (Docket No.

21659) and its predecessors, this Court established monthly omnibus hearings (the "Omnibus

Hearings") in these cases.  Given the size and complexity of the Reorganized Debtors' cases,

there are frequently several discrete matters scheduled for hearing at any given Omnibus

Hearing.

18.     In light of the limited amount of time available at each Omnibus Hearing

and the amount of this Court's time that the Reorganized Debtors anticipate will be necessary to

hear the remaining Adversary Proceedings, the Reorganized Debtors request that this Court set

separate Adversary Proceeding Hearings to consider the issues surrounding each individual

Adversary Proceeding.  Specifically, the Reorganized Debtors request that this Court set

Adversary Hearings for the following dates and times:

[●] at 10:00 a.m. (prevailing Eastern time).

<u>Adversary Proceeding Procedures</u>

19.     The Reorganized Debtors respectfully assert that the procedures described

in <u>Exhibit B</u> are reasonable and appropriate in light of the need to resolve the remaining

Adversary Proceedings on an expedited basis in these chapter 11 cases.  The proposed Adversary

Proceeding Procedures were modeled after the Claims Hearing Procedures already approved by

this Court and used to successfully resolve the more than 20,000 claims filed in these cases.

20.    The proposed Order provides a series of milestone events that afford all
parties the opportunity of presenting their positions for ultimate consideration by this Court.
These events are organized in a logical sequence with an eye toward maintaining efficiencies for
both the parties and the Court.

21.    Two important elements in the proposed process are the "meet and confer"
and non-binding mediation.  These are intended to enhance the possibility of cost-effective early
dispute resolution.  The benefits to the parties include reduction of litigation costs and the
avoidance of time-consuming preparation and in-court appearances by party personnel.  The
Court would be relieved of conducting Rule 15 evidentiary hearings, merits trials as well as
reviewing all pre-hearing briefing and pre-trail matters.

22.     The Reorganized Debtors request that this Court approve the procedures
for adjudicating the Adversary Proceedings as outlined in the order attached hereto as <u>Exhibit B</u>.

<u>Applicable Authority</u>

23.    Bankruptcy courts have broad latitude in determining the process for
hearing adversary proceeding matters.  Bankruptcy Rule 7016, which concerns pre-trial
procedures, applies with respect to these Adversary Proceedings.  *See Fed. R. Bankr. P. 7016*.

24.    Bankruptcy Rule 7016 makes applicable Rule 16 of the Federal Rules of
Civil Procedure.  Pursuant to Rule 16, trial courts have broad authority to enter orders to
"provide for the prompt litigation and disposition of every adversary proceeding and to require
strict adherence to the Scheduling Order."  *See In re Bonfiglio*, 231 B.R. 197, 198 (Bankr.
S.D.N.Y. 1999).  Rule 16 is designed to give the trial court a "firm hand" with which it can
control the litigation before it.  *See Campania Management Co. v. Rooks, Pitts, & Poust*, 290
F.3d 843, 851-52 (7th Cir. 2002).  Rule 16 also gives the trial court the powers it needs to

"achieve the orderly and expeditious disposition of cases." *See Link v. Wabash Railroad Co.*,
370 U.S. 626, 630-31 (1962); *see also Spain v. Board of Education*, 214 F.3d 925, 930 (7th Cir.
2000) (same).

          25.      Specifically, Fed. R. Civ. P. 16 grants authority for trial courts to issue
orders to:

          (a)      limit the time available for discovery and the types of discovery to
be used (Fed. R. Civ. P. 16(b)(3), (c)(6));

          (b)      formulate and simplify the issues, including the elimination of
frivolous claims or defenses (Fed. R. Civ. P. 16(c)(1));

          (c)      avoid unnecessary proof and cumulative evidence and place
limitations or restrictions on the use of expert testimony (Fed. R. Civ. P. 16(c)(4));

          (d)      examine the appropriateness of summary adjudication under Rule 56
(Fed. R. Civ. P. 16(c)(5));

          (e)      schedule the exchange of pre-trial briefs (Fed. R. Civ. P. 16(c)(7));

          (f)      employ special procedures to assist in resolving the dispute when
authorized by statute or local rule (Fed. R. Civ. P. 16(c)(9)), including the use of mini-trials and
summary trials (1993 Notes of Advisory Committee to Rule 16, ¶ 10);

          (g)      establish limits on the time allowed for presenting evidence (Fed. R.
Civ. P. 16(c)(15)); and

          (h)      facilitate in the "just, speedy, and inexpensive disposition of the
action" (Fed. R. Civ. P. 16(c)(16)).

26.     For all of the above reasons, the Reorganized Debtors submit that entry of an order authorizing and establishing the procedures outlined herein is appropriate and is in the best interests of the Reorganized Debtors, their creditors, and their estates.

Notice

27.     Notice of this Motion has been provided in accordance with the Amended Twenty-Fourth Supplemental Case Management Order.  In light of the nature of the relief requested, the Reorganized Debtors submit that no other or further notice is necessary.

WHEREFORE, the Reorganized Debtors respectfully request that the Court enter an order (a) granting the relief requested herein and (b) granting the Reorganized Debtors such other further relief as is just.

Dated: November 4, 2011
Detroit, Michigan

Respectfully submitted,

**BUTZEL LONG,**
a professional corporation

By: /s/Cynthia J. Haffey
        Cynthia J. Haffey
        Bruce L. Sendek
        Thomas B. Radom
        David J. DeVine
        150 W. Jefferson, Suite 100
        Detroit, Michigan 48226
        haffey@butzel.com

## Exhibit A

| Case No. | Case No. | Case No. |
| --- | --- | --- |
| 07-02124 (Merged with 07-02077) | 07-02309 | 07-02572 |
| 07-02138 | 07-02358 | 07-02580 |
| 07-02142 | 07-02302 | 07-02339 |
| 07-02227 | 07-02312 | 07-02385 |
| 07-02077 (Merged with 07-02124) | 07-02333 | 07-02690 |
| 07-02259 | 07-02374 | 07-02804 |
| 07-02270 | 07-02442 | 07-02694 |
| 07-02280 | 07-02445 | 07-02742 |
| 07-02284 | 07-02475 | 07-02744 |
| 07-02288 | 07-02322 | 07-02767 |
| 07-02291 | 07-02720 | 07-02639 |
| 07-02131 | 07-02745 | 07-02649 |
| 07-02238 | 07-02758 | 07-02650 |
| 07-02257 | 07-02416 | 07-02652 |
| 07-02217 | 07-02432 | 07-02654 |
| 07-02260 | 07-02457 | 07-02661 |
| 07-02098 | 07-02477 | 07-02668 |
| 07-02211 | 07-02489 | 07-02688 |
| 07-02214 | 07-02527 | 07-02523 |
| 07-02234 | 07-02540 | 07-02551 |
| 07-02236 | 07-02543 | 07-02553 |
| 07-02220 | 07-02562 | 07-02554 |
| 07-02272 | 07-02563 | 07-02597 |
| 07-02602 | 07-02606 | |

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -    x
                                    :
        In re                          :     Chapter 11
                                    :
DPH HOLDINGS CORP., et al.,      :     Case No. 05-44481 (RDD)
                                    :
                                    :     (Jointly Administered)
Reorganized Debtors.              :
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

ORDER PURSUANT TO 11 U.S.C. §§ 105(d), 544, 547, AND 548 AND FED. R. BANKR. P.
7016 ESTABLISHING (I) DATES FOR HEARINGS REGARDING
ADVERSARY PROCEEDINGS AND (II) NOTICES AND PROCEDURES
<u>GOVERNING ADVERSARY PROCEEDINGS HEARINGS</u>

("ADVERSARY PROCEEDINGS PROCEDURES ORDER")

        Upon the Motion For Order Pursuant To 11 U.S.C. §§ 105(d), 544, 547, And 548

And Fed. R. Bankr. P. 7016 Establishing (I) Dates For Hearings Regarding Adversary

Proceedings And (II) Notices And Procedures Governing Adversary Proceedings Hearings,

dated November 4, 2011 (the "Motion"), of DPH Holdings Corp. and its affiliated reorganized

debtors (the "Reorganized Debtors"), formerly known as Delphi Corporation and certain of its

subsidiaries and affiliates, former Debtors and Reorganized Debtors-in-possession in the above-

captioned cases (f/k/a In re Delphi Corporation, et al.) (collectively, the "Debtors"); and after due

deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

Proper, timely, adequate, and sufficient notice of the Motion has been provided, such notice was good, sufficient and appropriate under the particular circumstances, and no other or further notice of the Motion is or shall be required.

The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion is a core proceeding under 28 U.S.C. § 157 (b)(2).  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

The relief requested in the Motion and granted herein is in the best interests of the Reorganized Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is granted and this Order is to be entered in each of the Adversary Proceedings identified on Exhibit 1 (the "Adversary Proceedings").

2.      This Court shall conduct special periodic hearings (the "Adversary Proceeding Hearings") on the Adversary Proceedings.  The Adversary Proceeding Hearings shall be held in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 118, White Plains, New York 10601-4140 (the "Court") unless the Reorganized Debtors and the Defendants affected are otherwise notified by the Court. The following dates and times have been scheduled as Adversary Proceeding Hearing Dates in these chapter 11 cases:

[●] (prevailing Eastern time)

---

[1]     Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3.      The following procedures shall apply to each Adversary Proceeding (the

"Adversary Proceeding Procedures"):

(a)      <u>Notice Affidavit and Prejudice Declaration</u>.

(i)      At the October 24, 2011 hearing, the Court considered the
declarations or affidavits submitted by certain preference defendants regarding the extent of
notice received regarding the Extension Motions (the "Notice Affidavit").  To the extent that any
Defendant submitted a Notice Affidavit or previously opposed the Reorganized Debtors' motion
to seek leave to amend (the "Motion to Amend") on the basis of prejudice under Fed. R. Civ. P.
15 ("Rule 15"), no later than 14 days after entry of this Adversary Proceedings Procedures Order,
each such Defendant shall file and serve any and all declarations (collectively, the "Prejudice
Declaration") with respect to the extent of any claimed prejudice suffered by the Defendant that
such Defendant seeks to assert in opposition to the Motion to Amend, and upon which such
Defendant intends to rely at the Rule 15 Hearing (as defined below).  If such a Defendant fails to
timely file and serve a Prejudice Declaration in compliance with the foregoing, the Motion to
Amend shall be granted as to that Defendant.

(ii)      Nothing in this Adversary Proceedings Procedures Order shall
limit the Reorganized Debtors' right to object to the timeliness or other procedural infirmities
with respect to Defendant's claim of prejudice.

(b)      <u>Scheduling of Adversary Proceeding Hearings</u>.

(i)      The Reorganized Debtors shall schedule each Adversary
Proceeding to an Adversary Proceeding Hearing as provided below:

(A)      for a default hearing, in the event that a Defendant has not
filed an answer or has not otherwise filed a proper response in opposition to the Reorganized
Debtors' complaint (a "Default Hearing"), by serving upon the relevant Defendant by facsimile
or overnight delivery, and filing with this Court, (a) a notice substantially in the form attached
hereto as <u>Exhibit 2</u> (a "Notice Of Default Hearing"), (b) a copy of the complaint, (c) a motion for
entry of default judgment (the "Motion for Default Judgment"), and (d) a copy of this Adversary
Proceedings Procedures Order at least 28 days prior to the date of such Default Hearing, or

(B)      for a Rule 15 hearing, in the event that a Defendant has
filed an opposition to the Motion to Amend (the "Rule 15 Hearing"), by serving upon the
relevant Defendant by facsimile or overnight delivery, and filing with this Court, (a) a notice
substantially in the form attached hereto as <u>Exhibit 3</u> (a "Notice of Rule 15 Hearing"), (b) the
proposed amended complaint, or where applicable, a revised proposed amended complaint which
shall reflect the Reorganized Debtors revisions as to assumed transfers, reconciled transfers and
antecedent debt information where previously missing, if any, and (c) a copy of this Adversary
Proceedings Procedures Order at least 98 days prior to the date of such Rule 15 Hearing, or

(C)      where a Defendant has not opposed the Reorganized
Debtors' Motion to Amend, in which case that motion is hereby granted, or, in the event that the

3

Court has granted the Reorganized Debtors leave to amend their complaint under Rule 15 after a
Rule 15 Hearing, for a trial of the Adversary Proceeding on the merits of the Adversary
Proceeding (a "Merits Trial"), by serving upon the relevant Defendant by facsimile or overnight
delivery, and filing with this Court, (a) a notice substantially in the form attached hereto as
Exhibit 4 (a "Notice of Merits Trial" and, collectively with the Notice of Default Hearing and the
Notice of Rule 15 Hearing, the "Notices of Hearing"), (b) an amended complaint, and (c) a copy
of this Adversary Proceedings Procedures Order at least 84 days prior to the date of such Merits
Trial.

> (ii)    The Reorganized Debtors, in their sole discretion, are authorized to
further adjourn a Default Hearing, a Rule 15 Hearing, a Merits Trial, or a Rule 12(b) Hearing (as
defined below) at any time by providing notice to the Court and the Defendant at least five
business days prior to the date of the scheduled hearing; provided, however, that the hearing on
any Adversary Proceeding shall not be adjourned for more than a total of 180 calendar days from
date of service of the initial Notice of Hearing set forth in paragraph 3(b)(i)(A),(B), and (C)
above or 3(m)(ii) below without consent of the Defendant with respect thereto, unless otherwise
ordered by the Court.

> (c)    Default Hearing Procedures.

> (i)    If a Defendant scheduled for a Default Hearing, does not oppose
the relief sought in the Motion for Default Judgment in the manner set forth below, the Court
will enter a default judgment against the Defendant.  Any objection or other pleading in
opposition to the relief sought in the Motion for Default Judgment shall be filed and served no
later than 14 days before the scheduled Default Hearing.  Such Defendant's pleading (a) must
show cause why a timely answer was not filed, (b) shall not exceed fifteen single-sided, double-
spaced pages, and (c) attach a proposed answer.

> (ii)    To the extent that an Adversary Proceeding is scheduled for a
Default Hearing, if the Reorganized Debtors wish to file a reply, the Reorganized Debtors shall
file and serve their reply no later than two business days before the scheduled Default Hearing.
The reply shall not exceed fifteen single-sided, double-spaced pages (exclusive of exhibits or
affidavits).

> (iii)    To the extent that this Court determines upon conclusion of the
Default Hearing that the Defendant should be granted leave to file a late answer or otherwise
plead, the Reorganized Debtors shall provide to the Defendant a Notice of Hearing pursuant to
the procedures set forth above.  All Default Hearings shall proceed, subject to modification
pursuant to paragraph 3(q) below, to hearing as illustrated on Exhibit 2-A and as described
herein.

> (d)    Mandatory Meet And Confer.

> (i)    To the extent that an Adversary Proceeding is scheduled by the
Reorganized Debtors for a Rule 15 Hearing or a Merits Trial, the Reorganized Debtors and the
relevant Defendant shall hold a telephonic meet and confer (a "Meet and Confer") within 7 days

4

of service of the Notice of Rule 15 Hearing or the Notice of Merits Trial, at a date and time to be
set by the Reorganized Debtors.

(ii)    The following representatives of each of the Reorganized Debtors
and the Defendant shall attend the Meet and Confer: (A) counsel for each of the parties and (B) a
person possessing ultimate authority to reconcile, settle, or otherwise resolve the Adversary
Proceeding on behalf of the Reorganized Debtors and the Defendant.

(iii)    The Court will consider appropriate sanctions, including the
dismissal or entry of judgment of the amount at issue in such Adversary Proceeding, if either
party does not follow the foregoing procedures or conduct the Meet and Confer in good faith.

(e)    <u>Rule 15 Hearing Procedures</u>.

(i)    Prior to commencement of the Rule 15 Hearing, the Reorganized
Debtors and the Defendant shall submit to mandatory non-binding summary mediation, as set
forth below, in an effort to consensually resolve the Adversary Proceeding.

(ii)    At the Rule 15 Hearing, the Court will conduct an evidentiary
hearing to the extent necessary and solely to determine matters of notice and prejudice raised in
the Notice Affidavit or the Prejudice Declaration. The Court will further determine all remaining
matters to resolve the Motion to Amend. All Rule 15 Hearings shall proceed, subject to
modification pursuant to paragraph 3(q) below, to hearing as illustrated on <u>Exhibit 3-A</u> and as
described herein.

(f)    <u>Mediation Statements</u>. The following procedures, subject to modification
pursuant to paragraph 3(q), apply to the Defendant's written statement with respect to mediation
(the "Defendant's Mediation Statement") and the Reorganized Debtors' statement with respect to
mediation (the "Reorganized Debtors' Mediation Statement," and together with the Defendant's
Mediation Statement, the "Mediation Statements"), filed in connection with a Rule 15 Hearing
for an Adversary Proceeding:

(i)    The Defendant shall serve, but not file, the Defendant's Mediation
Statement no later than 84 days prior to commencement of the Rule 15 Hearing. The
Defendant's Mediation Statement shall (a) address any and all defenses that the Defendant
intends to assert in opposition to the Motion to Amend, (b) address any and all defenses
regarding the merits of the complaint, including, but not limited to, any motions under Fed. R.
Civ. P. 12, (c) attach the Defendant's Prejudice Declaration, and (d) attach a proposed answer to
the proposed amended complaint. The Defendant's Mediation Statement shall not exceed 20
single-sided, double-spaced pages (exclusive of exhibits or affidavits). If the Defendant relies on
exhibits, the Defendant shall include such exhibits in its Mediation Statement.

(ii)    The Reorganized Debtors shall serve, but not file, the Reorganized
Debtors' Mediation Statement no later than 77 days prior to commencement of the Rule 15
Hearing. The Reorganized Debtors' Mediation Statement shall (a) respond to any and all
defenses that the Defendant asserted in opposition to the Motion to Amend and (b) respond to
any and all defenses regarding the merits of the complaint, including, but not limited to, any
motions under Fed. Civ. P. 12. The Reorganized Debtors' Mediation Statement shall not

exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).  If the
Reorganized Debtors rely on exhibits, the Reorganized Debtors shall include such exhibits in
their Mediation Statement.

(iii)    The Mediation Statements shall be confidential and subject to all
protections afforded under Federal Rule of Evidence 408.

(g)    <u>Mandatory Non-Binding Summary Mediation</u>.  Except as set forth below,
at least 70 days prior to commencement of the Rule 15 Hearing, the Reorganized Debtors and the
Defendant shall submit to mandatory non-binding summary mediation (each a "Mediation") in
an effort to consensually resolve the Adversary Proceeding.   No rights, remedies, claims or
defenses of any party shall be impaired, waived or compromised in any further proceedings in
these cases should no settlement or compromise result from participation in the mediation
process.  The Mediation shall be governed by General Order M-143 except as follows.  The
following procedures shall apply to each Mediation, subject to modification pursuant to
paragraph 3(q) below:

(i)    Each Mediation shall be assigned to _____or _____, or such
other person upon which the parties agree (the "Mediator").

(ii)    The Mediator shall not have the authority to require either the
Reorganized Debtors or the Defendant to provide any additional briefing with respect to the
Mediation.

(iii)    To the extent that the Defendant (if an individual) or the
Defendant's principal place of business (if a governmental unit or a person, as defined in section
101(41) of the Bankruptcy Code, other than an individual) is located within 140 miles of Troy,
Michigan, the Mediation shall be held at a neutral location in Troy, Michigan.

(iv)    To the extent that the Defendant's principal place of business is
located more than 140 miles from Troy, Michigan, the Mediation shall be held at a neutral
location reasonably acceptable to the Reorganized Debtors and the Defendant; <u>provided</u> that, if
the Reorganized Debtors and the Defendant are unable to agree upon a neutral location at the
Meet and Confer, the parties shall promptly report such inability to agree to the Court.

(v)    To the extent that the Reorganized Debtors and the Defendant
agree, Mediation may be held at any agreed upon location.

(vi)    A person possessing ultimate authority to reconcile, settle, or
otherwise resolve the Adversary Proceeding on behalf of each of the Reorganized Debtors and
the Defendant shall attend an in-person Mediation; <u>provided</u>, <u>however</u>, that the Reorganized
Debtors' counsel will not be precluded from attending and participating in a Mediation in the
event that the Defendant elects not to have its counsel attend or participate in a Mediation.

(vii)    Absent consent of each of the Defendant and the Reorganized
Debtors, the length of the Mediation shall be limited to one day.

(viii)    The Court will consider appropriate sanctions, including the dismissal or entry of judgment of the amount at issue in such Adversary Proceeding, if either party does not follow the foregoing procedures or conduct the Mediation in good faith.

(ix)    The Reorganized Debtors and the Defendant shall each bear its own costs in participating in the Mediation and shall share equally in the mediator's fees and costs and cost of mediation facility, if any.

(h)    <u>Rule 15 Discovery</u>.  If Mediation is unsuccessful and a Rule 15 Hearing is scheduled for a particular Adversary Proceeding, the Reorganized Debtors and the Defendant shall be bound by the following limited discovery procedures (the "Rule 15 Discovery"), subject to modification pursuant to paragraph 3(q) below:

(i)    The scope of Rule 15 Discovery shall be limited to (a) prejudice asserted by the Defendant, solely to the extent identified in a Defendant's Prejudice Declaration, and (b) notice of the Extension Motions, solely to the extent identified in a Defendant's Notice Affidavit; <u>provided</u>, <u>however</u>, the Reorganized Debtors will not pursue discovery with respect to notice if the extent of notice asserted in the Defendant's Notice Affidavit is not contested. Notwithstanding the above, the Reorganized Debtors may pursue discovery as to constructive notice.

(ii)    No later than 3 business days after the conclusion of Mediation, the Reorganized Debtors or the Defendant may seek limited written discovery on the scope of issues defined in paragraph 3(h)(i) ("Written Discovery Requests").  Responses, other than objections, to Written Discovery Requests shall be produced 21 days after the request is served.  Written Discovery Requests shall be limited, unless otherwise agreed by the parties, to:

(A)    no more than 15 requests for production, including discrete subparts.

(B)    no more than 15 interrogatories, including discrete subparts.

(C)    no more than 5 requests for admission, including discrete subparts.

(iii)    Objections to any Written Discovery Request shall be served no later than 7 calendar days after service of the opposing party's Written Discovery Request.  The parties shall discuss the objections and, in good faith, attempt to resolve the objection(s).  If good faith attempts to resolve the objection(s) have failed, the requesting party may file a motion with the Court seeking to compel discovery.  The hearing on the motion to compel shall be held telephonically, unless otherwise agreed to by the parties.

(iv)    No earlier than 42 days prior to the commencement of the Rule 15 Hearing, but at least 28 days prior to commencement of the Rule 15 Hearing, the Reorganized Debtors or the Defendant may, at such party's election, take the deposition upon oral examination of no more than 5 individuals, including but not limited to any deposition made under Fed. R. Civ. P. 30(b)(6).

7

(i)    <u>Rule 15 Hearing Briefs</u>.  The following procedures shall apply to the parties' written briefs, if any, filed in advance of the Rule 15 Hearing, if any, subject to modification pursuant to paragraph 3(q) below:

(i)    The Defendant shall file and serve a written statement in opposition to the Reorganized Debtors' motion for leave to file their amended complaint (the "Defendant's Rule 15 Supplemental Response") no later than 14 days prior to commencement of the Rule 15 Hearing.  The Defendant's Rule 15 Supplemental Response shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).  If the Defendant relies on exhibits, the Defendant shall include such exhibits in its Rule 15 Supplemental Response, subject to the qualifications set forth in paragraph 3(i)(v) below.

(ii)    The Reorganized Debtors may file and serve the written statement in support of the motion for leave to file their amended complaint (the "Reorganized Debtors' Rule 15 Supplemental Brief") no later than 7 days prior to commencement of the Rule 15 Hearing.  The Reorganized Debtor's Rule 15 Supplemental Brief shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).  If the Reorganized Debtors rely on exhibits, the Reorganized Debtors shall include such exhibits in the Reorganized Debtors' Rule 15 Supplemental Brief subject to the qualifications set forth in paragraph 3(i)(v) below.

(iii)    The Defendant may file and serve a brief in reply to the Reorganized Debtors' Rule 15 Supplemental Brief (a "Rule 15 Reply") no later than 4 business days prior to commencement of the Rule 15 Hearing.  The Rule 15 Reply shall not exceed 5 single-sided, double-spaced pages (exclusive of exhibits).  If the Defendant relies on exhibits, the Defendant shall include such exhibits in its Rule 15 Reply, subject to the qualifications set forth in paragraph 3(i)(v) below.

(iv)    The Reorganized Debtors may file and serve a brief in reply to the Defendant's Reply (a "Rule 15 Sur-Reply") no later than 2 business days prior to commencement of the Rule 15 Hearing.  The Rule 15 Sur-Reply shall not exceed 5 single-sided, double-spaced pages (exclusive of exhibits).  If the Reorganized Debtors rely on exhibits, the Reorganized Debtors shall include such exhibits in their Rule 15 Sur-Reply, subject to the qualifications set forth in paragraph 3(i)(v) below.

(v)    Any exhibits attached to or included within any of the briefs discussed above (each a "Rule 15 Brief"), must have previously been provided to the opposing party in connection with the proponent's Mediation Brief or produced during Rule 15 Discovery.  The parties shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to any Rule 15 Brief.

(vi)    A Rule 15 Brief must include any affidavits or declarations from witnesses upon which the parties will rely at the Rule 15 Hearing; <u>provided</u>, <u>however</u>, that neither party shall be permitted to elicit any direct testimony at the Rule 15 Hearing; instead, the affidavit or declaration submitted with the Rule 15 Brief, or such witnesses' deposition transcript, shall serve as the witnesses' direct testimony and the opposing party may cross examine the witnesses at the Rule 15 Hearing or counter-designate deposition testimony.  No additional witnesses may testify and no additional exhibits may be introduced into evidence at the Rule 15

8

Hearing beyond those included in the Rule 15 Briefs, absent a showing of cause and order of the
Court.

       (j)      <u>Conduct Of The Rule 15 Hearing</u>.  The Reorganized Debtors and the
Defendant shall each be permitted, subject to modification pursuant to paragraph 3(q) below, to
present their respective cases to the Court at the Rule 15 Hearing, subject to provisions of this
Adversary Proceedings Procedures Order.  The parties shall coordinate with each other in
advance of the hearing with respect to anticipated disputes regarding the admission of particular
evidence and any designated deposition testimony.

       (k)      <u>Merits Trial Procedures</u>.

       (i)      At the Merits Trial, the Court will determine all matters necessary
to resolve the Adversary Proceeding.  All Merits Trials shall proceed, subject to modification
pursuant to paragraph 3(q) below, to hearing as illustrated on <u>Exhibit 4-A</u> and as described
herein.

       (l)      <u>Amended Complaint and Answer</u>.

       (i)      The Reorganized Debtors shall, upon entry of an order granting the
motion for leave to amend the complaint as to a particular Defendant, file the amended complaint
in the applicable Adversary Proceeding.  The Reorganized Debtors shall serve such Defendant
with the Notice of Merits Trial as set forth above.

       (ii)      A Defendant must answer or otherwise plead in response to the
amended complaint within 7 days after the Reorganized Debtors file such amended complaint in
the Adversary Proceeding.  In the event that a Defendant fails to answer or otherwise plead
(including a 12(b) Motion, as defined below) prior to the 7-day deadline, the Adversary
Proceeding will automatically be scheduled for a Default Hearing on the next Adversary
Proceeding Hearing Date that is at least 42 days after the date the amended complaint was filed
in the Adversary Proceeding.  Prior to the Default Hearing, a Defendant and the Reorganized
Debtors may file pleadings as described in the Default Hearing Procedures described above.

       (m)      <u>Rule 12(b) Proceedings</u>.  If a Defendant files a responsive pleading that
asserts a defense under Federal Rule of Civil Procedure 12(b) (a "12(b) Motion"), the following
procedures shall apply:

       (i)      A Defendant may file and serve a 12(b) Motion no later than 7
days after an amended complaint is filed in an Adversary Proceeding.  The 12(b) Motion shall
not exceed 20 single-sided, double-spaced pages (exclusive of exhibits).  If the Defendants rely
on exhibits, the Defendants shall include such exhibits in their 12(b) Reply (defined below).

       (ii)      Upon a Defendants' filing of a 12(b) Motion, the Merits Trial shall
be adjourned automatically to a future Adversary Proceeding Hearing Date until the 12(b)
Motion is resolved and upon further notice by the Reorganized Debtors.  In addition, the hearing
on a 12(b) Motion (a "Rule 12(b) Hearing") shall be adjourned automatically to a future
Adversary Proceeding Hearing Date, which shall be determined by the Reorganized Debtors in
their sole discretion, by serving Defendant with a notice of such hearing, substantially in the

form attached hereto as <u>Exhibit 5</u> (a "Notice of Rule 12(b) Hearing") at least 28 days prior to the applicable 12(b) Hearing date.  All Rule 12(b) Hearings shall proceed, subject to modification pursuant to paragraph 3(q) below, to hearing as illustrated on <u>Exhibit 5-A</u> and as described herein.

(iii)    The Reorganized Debtors may file and serve a response in opposition to a 12(b) Motion (a "12(b) Response") no later than 14 days prior to commencement of the 12(b) Hearing.  The 12(b) Response shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits).  If the Reorganized Debtors rely on exhibits, the Reorganized shall include such exhibits in their 12(b) Response.

(iv)    A Defendant may file and serve a reply in support of a 12(b) Motion (a "12(b) Reply") no later than 7 days prior to commencement of the 12(b) Hearing.  The 12(b) Reply shall not exceed 10 single-sided, double-spaced pages (exclusive of exhibits).  If the Defendants rely on exhibits, the Defendants shall include such exhibits in their 12(b) Reply.

(v)    In the event that a 12(b) Motion is denied, withdrawn, or otherwise resolved in favor of the Reorganized Debtors, a Defendant shall file an answer as provided in paragraph 3(l)(ii) above.

(vi)    If at any time a Defendant moves for summary judgment, the Court will decide such motion at the Merits Trial.

(n)    <u>Merits Discovery</u>.  If a Merits Trial is scheduled for a particular Adversary Proceeding, the Reorganized Debtors and the Defendant shall be bound by the following discovery procedures, subject to modification pursuant to paragraph 3(q) below:

(i)    No later than 7 days after a Defendant files an answer, the Reorganized Debtors or the Defendant may request:

(A)    That the opposing party respond to no more than 15 Requests for production of documents, including discrete subparts.  Documents shall be produced at least 42 days prior to commencement of the Merits Trial.

(B)    That the opposing party respond to no more than 15 Interrogatories, including discrete subparts.  Responses shall be produced at least 42 days prior to commencement of the Merits Trial.

(C)    That the opposing party respond to no more than ten requests for admission, including discrete subparts.  Responses shall be produced at least 42 days prior to commencement of the Merits Trial.

(ii)    No earlier than 42 days prior to the commencement of the Merits Trial, but at least 28 days prior to commencement of the Merits Trial, the Reorganized Debtors or the Defendant may, at such parties' election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Defendant's Merits Response (defined below), Reorganized Debtors' Merits Brief (defined below), or the Merits Reply (defined below).  Each party shall be permitted to depose no more than five parties,

10

including, but not limited to any deposition made under Fed. R. Civ. P. 30(b)(6).  Each
deposition shall not exceed one day.

(o)    <u>Merits Briefs</u>.  The following procedures shall apply to the parties' written
briefs, if any, filed in advance of the Merits Trial, subject to modification pursuant to paragraph
3(q) below:

(i)    The Reorganized Debtors may file and serve a written statement in
support of the relief sought in their amended complaint (a "Merits Brief") no later than 14 days
prior to commencement of the Merits Trial.  The Merits Brief shall not exceed 20 single-sided,
double-spaced pages (exclusive of exhibits or affidavits).  If the Reorganized Debtors rely on
exhibits, the Reorganized Debtors shall include such exhibits in the Reorganized Debtors' Merits
Brief.

(ii)    The Defendant may file and serve a written response in opposition
to the relief sought in the Reorganized Debtors' amended complaint (a "Merits Response") no
later than 7 days prior to commencement of the Merits Trial.  The Merits Response shall not
exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).  If the
Defendant relies on exhibits, the Defendant shall include such exhibits in its Merits Response.

(iii)    The Reorganized Debtors may file and serve a brief in reply to the
Merits Response (a "Merits Reply") no later than 2 business days prior to commencement of the
Merits Trial.  The Merits Reply shall not exceed 10 single-sided, double-spaced pages (exclusive
of exhibits).  If the Reorganized Debtors rely on exhibits, the Reorganized Debtors shall include
such exhibits in their Merits Reply.

(iv)    The Merits Brief, the Merits Response, and the Merits Reply must
include any affidavits or declarations from witnesses upon which the parties will rely at the
Merits Trial; <u>provided</u>, <u>however</u>, that each party shall not be permitted to elicit any direct
testimony at the Merits Trial; instead, the affidavit or declaration submitted with the Merits Brief,
the Merits Response, or the Merits Reply, or such witnesses' deposition transcript, shall serve as
the witnesses' direct testimony and the opposing party may cross examine the witnesses at the
Merits Trial or counter-designate deposition testimony.  No other or additional witnesses may
testify and no exhibits may be introduced into evidence at the Merits Trial beyond those included
in the Merits Brief, the Merits Response, or the Merits Reply, absent a showing of cause and
order of the Court.

(p)    <u>Conduct Of The Merits Trial</u>.  The Reorganized Debtors and the
Defendant shall each be permitted, subject to modification pursuant to paragraph 3(q) below, to
present their respective cases to the Court at the Merits Trial.  The parties shall coordinate with
each other in advance of the hearing with respect to anticipated disputes regarding the admission
of particular evidence and any designated deposition testimony.

(q)    <u>Ability To Modify Procedures By Agreement Or Order Of Court</u>.  At the
Meet and Confer, the parties shall discuss discovery parameters, briefing, evidence to be
presented, the timing outlined herein, and any modifications thereto that are necessary due to the
facts and circumstances of the relevant Adversary Proceeding.  Should the parties be unable to

agree on reasonable modifications to these Adversary Proceeding Procedures, if any, either party
may request that the Court promptly schedule a teleconference to consider such proposed
modifications.  No discovery, testimony, or motion practice other than that described herein, as
modified, shall be permitted, unless otherwise agreed by the parties or ordered by the Court.

       4.     This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Adversary Proceedings Procedures Order.

       5.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

     Dated: White Plains, New York
     November  ___, 2011

                          _____
                          UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

| Case No. | Case No. | Case No. |
| --- | --- | --- |
| 07-02124 (Merged with 07-02077) | 07-02309 | 07-02572 |
| 07-02138 | 07-02358 | 07-02580 |
| 07-02142 | 07-02302 | 07-02339 |
| 07-02227 | 07-02312 | 07-02385 |
| 07-02077 (Merged with 07-02124) | 07-02333 | 07-02690 |
| 07-02259 | 07-02374 | 07-02804 |
| 07-02270 | 07-02442 | 07-02694 |
| 07-02280 | 07-02445 | 07-02742 |
| 07-02284 | 07-02475 | 07-02744 |
| 07-02288 | 07-02322 | 07-02767 |
| 07-02291 | 07-02720 | 07-02639 |
| 07-02131 | 07-02745 | 07-02649 |
| 07-02238 | 07-02758 | 07-02650 |
| 07-02257 | 07-02416 | 07-02652 |
| 07-02217 | 07-02432 | 07-02654 |
| 07-02260 | 07-02457 | 07-02661 |
| 07-02098 | 07-02477 | 07-02668 |
| 07-02211 | 07-02489 | 07-02688 |
| 07-02214 | 07-02527 | 07-02523 |
| 07-02234 | 07-02540 | 07-02551 |
| 07-02236 | 07-02543 | 07-02553 |
| 07-02220 | 07-02562 | 07-02554 |
| 07-02272 | 07-02563 | 07-02597 |
| 07-02602 | 07-02606 | |

**Exhibit 2**

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, Michigan 48226
Cynthia J. Haffey
Thomas Radom
Bruce L. Sendek
David J. DeVine
Telephone: (313) 225-7000
Facsimile: (313) 225-7080
*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|                                    | : |                          |
|------------------------------------|---|--------------------------|
| In re                              | : | Chapter 11               |
|                                    | : |                          |
| DPH HOLDINGS CORP., et al.,        | : | Case No. 05-44481 (RDD)  |
|                                    | : |                          |
|                                    | : | (Jointly Administered)   |
| Reorganized Debtors.               | : |                          |
|                                    | : |                          |
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF DEFAULT HEARING WITH RESPECT TO
ADVERSARY PROCEEDING NUMBER _____

PLEASE TAKE NOTICE that on _____, DPH Holdings Corp. and certain of its

affiliated reorganized debtors (the "Reorganized Debtors"), formerly known as Delphi

Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-

possession in the above-captioned cases (f/k/a In re Delphi Corporation, et al.) (collectively, the

"Debtors") commenced an adversary proceeding (the "Adversary Proceeding") by filing a

complaint ("the Complaint") to avoid and recover certain amounts (the "Transfers") from

_____ (the "Defendant").

PLEASE TAKE FURTHER NOTICE that on [●], the Debtors served the

Complaint on the Defendant by [●].

PLEASE TAKE FURTHER NOTICE that on October 6, 2009, the Debtors

substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi

Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the

"Modified Plan"), which had been approved by the United States Bankruptcy Court for the

Southern District of New York pursuant to an order entered on July 30, 2009 (Docket No.

18707), and emerged from chapter 11 as the Reorganized Debtors.

PLEASE TAKE FURTHER NOTICE that on September 7, 2010, the

Reorganized Debtors filed their Motion For Leave To File Amended Complaints (Docket No.

21575) (the "Motion to Amend").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. §§ 105(d), 544, 547, And 548 And Fed. R. Bankr. P. 7016 Establishing (I) Dates For

Hearings Regarding Adversary Proceedings And (II) Notices And Procedures Governing

Adversary Proceedings (Docket No. __) (the "Order"), a hearing to address whether default

judgment should be entered against the Defendant (the "Default Hearing") is hereby scheduled

for _____ in the United States Bankruptcy Court for the Southern District of New York,

300 Quarropas Street, Room 118, White Plains, New York  10601-4140.

PLEASE TAKE FURTHER NOTICE that the Default Hearing will proceed in

accordance with the procedures provided in the Order, unless such procedures are modified in

accordance with Paragraph 3(q) thereof.  Please review the Order carefully because failure to

comply with the procedures provided in the Order (or as modified pursuant to Paragraph 3(q))

will result in a default judgment entered against the Defendant.  A Copy of the Order is attached

hereto for your convenience.

PLEASE TAKE FURTHER NOTICE that the Reorganized Debtors may further

adjourn the Default Hearing at any time at least five business days prior to the scheduled hearing

upon notice to the Court and the Defendant.

Dated:  _____

Respectfully submitted,

**BUTZEL LONG,**
a professional corporation

By: _____
    Cynthia J. Haffey
    Bruce L. Sendek
    Thomas B. Radom
    David J. DeVine
    150 W. Jefferson, Suite 100
    Detroit, Michigan 48226
    haffey@butzel.com

4

# Exhibit 2A
# Timeline For Default Hearings



**Exhibit 3**

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, Michigan 48226
Cynthia J. Haffey
Thomas Radom
Bruce L. Sendek
David J. DeVine
Telephone: (313) 225-7000
Facsimile: (313) 225-7080
*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |
|---|---|
| | : |
| In re | : Chapter 11 |
| | : |
| DPH HOLDINGS CORP., et al., | : Case No. 05-44481 (RDD) |
| | : |
| | : (Jointly Administered) |
| Reorganized Debtors. | : |
| | : |
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF RULE 15 HEARING WITH RESPECT TO
ADVERSARY PROCEEDING NUMBER _____

PLEASE TAKE NOTICE that on _____, DPH Holdings Corp. and certain of its affiliated reorganized debtors (the "Reorganized Debtors"), formerly known as Delphi Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (f/k/a In re Delphi Corporation, et al.) (collectively, the "Debtors") commenced an adversary proceeding (the "Adversary Proceeding") by filing a complaint ("the Complaint") to avoid and recover certain amounts (the "Transfers") from _____ (the "Defendant").

PLEASE TAKE FURTHER NOTICE that on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by the United States Bankruptcy Court for the Southern District of New York pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

PLEASE TAKE FURTHER NOTICE that on September 7, 2010, the Reorganized Debtors filed their Motion For Leave To File Amended Complaints (Docket No. 21575) (the "Motion to Amend").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11 U.S.C. §§ 105(d), 544, 547, And 548 And Fed. R. Bankr. P. 7016 Establishing (I) Dates For Hearings Regarding Adversary Proceedings And (II) Notices And Procedures Governing Adversary Proceedings (Docket No. __) (the "Order"), a hearing to address whether the Motion to Amend should be granted (the "Rule 15 Hearing") is hereby scheduled for _____ in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 118, White Plains, New York  10601-4140.

PLEASE TAKE FURTHER NOTICE that the Rule 15 Hearing will proceed in accordance with the procedures provided in the Order, unless such procedures are modified in accordance with Paragraph 3(q) thereof.  Please review the Order carefully because failure to comply with the procedures provided in the Order (or as modified pursuant to Paragraph 3(q)) could result in the entry of judgment of the amount at issue in such Adversary Proceeding.  A Copy of the Order is attached hereto for your convenience.

PLEASE TAKE FURTHER NOTICE that the Reorganized Debtors may further adjourn the Rule 15 Hearing at any time at least five business days prior to the scheduled hearing upon notice to the Court and the Defendant.

Dated:  _____

Respectfully submitted,

**BUTZEL LONG,**
a professional corporation

By: _____
     Cynthia J. Haffey
     Bruce L. Sendek
     Thomas B. Radom
     David J. DeVine
     150 W. Jefferson, Suite 100
     Detroit, Michigan 48226
     haffey@butzel.com



# Exhibit 3A
# Timeline For Rule 15 Hearings

**Exhibit 4**

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, Michigan 48226
Cynthia J. Haffey
Thomas Radom
Bruce L. Sendek
David J. DeVine
Telephone: (313) 225-7000
Facsimile: (313) 225-7080
*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
      In re                               :     Chapter 11
                                          :
DPH HOLDINGS CORP., et al.,               :     Case No. 05-44481 (RDD)
                                          :
                                          :     (Jointly Administered)
      Reorganized Debtors.              :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF MERITS TRIAL WITH RESPECT TO
ADVERSARY PROCEEDING NUMBER _____

PLEASE TAKE NOTICE that on ____, DPH Holdings Corp. and certain of its affiliated reorganized debtors (the "Reorganized Debtors"), formerly known as Delphi Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (f/k/a In re Delphi Corporation, et al.) (collectively, the "Debtors") commenced an adversary proceeding (the "Adversary Proceeding") by filing a complaint ("the Complaint") to avoid and recover certain amounts (the "Transfers") from _____ (the "Defendant").

PLEASE TAKE FURTHER NOTICE that on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by the United States Bankruptcy Court for the Southern District of New York pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

PLEASE TAKE FURTHER NOTICE that on September 7, 2010, the Reorganized Debtors filed their Motion For Leave To File Amended Complaints (Docket No. 21575) (the "Motion to Amend"). On [date] the Motion to Amend was granted as to [Defendant].

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11 U.S.C. §§ 105(d), 544, 547, And 548 And Fed. R. Bankr. P. 7016 Establishing (I) Dates For Hearings Regarding Adversary Proceedings And (II) Notices And Procedures Governing Adversary Proceedings (Docket No. __) (the "Order"), a hearing on the merits of the Adversary Proceeding (the "Merits Trial") is hereby scheduled for _____ in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 118, White Plains, New York  10601-4140.

PLEASE TAKE FURTHER NOTICE that the Merits Trial will proceed in accordance with the procedures provided in the Order, unless such procedures are modified in accordance with Paragraph 3(q) thereof.  Please review the Order carefully because failure to comply with the procedures provided in the Order (or as modified pursuant to Paragraph 3(q)) could result in the entry of judgment of the amount at issue in such Adversary Proceeding.  A Copy of the Order is attached hereto for your convenience.

PLEASE TAKE FURTHER NOTICE that the Reorganized Debtors may further adjourn the Merits Trial at any time at least five business days prior to the scheduled hearing upon notice to the Court and the Defendant.

Dated:  _____

Respectfully submitted,

**BUTZEL LONG,**
a professional corporation

By:  _____
     Cynthia J. Haffey
     Bruce L. Sendek
     Thomas B. Radom
     David J. DeVine
     150 W. Jefferson, Suite 100
     Detroit, Michigan 48226
     haffey@butzel.com



# Exhibit 4A
# Timeline For Merits Trial

**Exhibit 5**

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, Michigan 48226
Cynthia J. Haffey
Thomas Radom
Bruce L. Sendek
David J. DeVine
Telephone: (313) 225-7000
Facsimile: (313) 225-7080
*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                           :

|  |  |
|---|---|
| In re | : Chapter 11 |
| | : |
| DPH HOLDINGS CORP., et al., | : Case No. 05-44481 (RDD) |
| | : |
| | : (Jointly Administered) |
| Reorganized Debtors. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF RULE 12(b) HEARING WITH RESPECT TO
ADVERSARY PROCEEDING NUMBER _____

PLEASE TAKE NOTICE that on _____, DPH Holdings Corp. and certain of its

affiliated reorganized debtors (the "Reorganized Debtors"), formerly known as Delphi

Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-

possession in the above-captioned cases (f/k/a In re Delphi Corporation, et al.) (collectively, the

"Debtors") commenced an adversary proceeding (the "Adversary Proceeding") by filing a

complaint ("the Complaint") to avoid and recover certain amounts (the "Transfers") from

_____ (the "Defendant").

PLEASE TAKE FURTHER NOTICE that on October 6, 2009, the Debtors

substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi

Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the

"Modified Plan"), which had been approved by the United States Bankruptcy Court for the

Southern District of New York pursuant to an order entered on July 30, 2009 (Docket No.

18707), and emerged from chapter 11 as the Reorganized Debtors.

PLEASE TAKE FURTHER NOTICE that on September 7, 2010, the

Reorganized Debtors filed their Motion For Leave To File Amended Complaints (Docket No.

21575) (the "Motion to Amend").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. §§ 105(d), 544, 547, And 548 And Fed. R. Bankr. P. 7016 Establishing (I) Dates For

Hearings Regarding Adversary Proceedings And (II) Notices And Procedures Governing

Adversary Proceedings (Docket No. __) (the "Order"), a hearing to address the Defendant's

defense under Federal Rule of Civil Procedure 12(b)  (the "Rule 12(b) Hearing") is hereby

scheduled for _____ in the United States Bankruptcy Court for the Southern District of

New York, 300 Quarropas Street, Room 118, White Plains, New York  10601-4140.

3

PLEASE TAKE FURTHER NOTICE that the Rule 12(b) Hearing will proceed in
accordance with the procedures provided in the Order, unless such procedures are modified in
accordance with Paragraph 3(q) thereof.  Please review the Order carefully because failure to
comply with the procedures provided in the Order (or as modified pursuant to Paragraph 3(q))
could result in the entry of judgment of the amount at issue in such Adversary Proceeding.  A
Copy of the Order is attached hereto for your convenience.

PLEASE TAKE FURTHER NOTICE that the Reorganized Debtors may further
adjourn the Rule 12(b) Hearing at any time at least five business days prior to the scheduled
hearing upon notice to the Court and the Defendant.

Dated:  _____

Respectfully submitted,

**BUTZEL LONG,**
a professional corporation

By: _____
    Cynthia J. Haffey
    Bruce L. Sendek
    Thomas B. Radom
    David J. DeVine
    150 W. Jefferson, Suite 100
    Detroit, Michigan 48226
    haffey@butzel.com

