KENNEDY JENNIK & MURRAY, P.C.
Thomas M. Kennedy
Susan M. Jennik
113 University Place, 7th Floor
New York, New York 10003
(212) 358-1500 (Telephone)
(212) 358-0207 (Facsimile)
Counsel for the Plaintiff

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re: Case No. 05-44481 (RDD)
DELPHI CORPORATION, *et al.* Jointly Administered
Debtors.   Chapter 11.
----------------------------------------------------------------X
IUE-CWA,

       Plaintiff,

vs.                 Adversary Proceeding
                    No. _____

DELPHI CORPORATION; GENERAL MOTORS
CORPORATION AND DPH HOLDINGS, INC.

       Defendants.
----------------------------------------------------------------X

## COMPLAINT

Plaintiff IUE-CWA, by and through the undersigned attorneys, file this Complaint against Defendants Delphi Corporation ("New Delphi"), General Motors Corporation ("GM") and DPH Holdings, Inc. ("DPH") as follows:

### NATURE OF THIS ACTION

1. This is an action for and on behalf of a group of one hundred and twenty-two (122) IUE-CWA represented employees of DPH and New Delphi to obtain their reinstatement to employment and renewed participation in various employees benefit plans. The termination of

these employees by DPH and the refusal of New Delphi to assume their employment is a breach of the commitments made as part of the Chapter 11 Amended Plan of Reorganization in this case, including the Master Disposition Agreement ("MDA"), the Amended Chapter 11 Plan Confirmation Order ("Confirmation Order"), the IUE-CWA-Delphi-GM Memorandum of Understanding ("IUE-CWA-Delphi-GM MOU") and the GM Benefits Guarantee.

2.      IUE-CWA seeks reinstatement for these employees, restitution of the employment benefits to which they may be entitled, recovery of any damages they may have suffered as a result of the interruption of their benefits and recovery of its attorneys fees for the costs and expenses of this proceeding. IUE-CWA also seeks declaratory judgment of this actual controversy pursuant to 28 U.S.C. § 2201 *et. seq.* and Fed. R. Bankr. P. 7001.

### THE PARTIES

3.      IUE-CWA is a labor organization affiliated with the Communication Workers of America. IUE-CWA is located at 2701 Dryden Avenue, Dayton, Ohio.

4.      New Delphi is a Delaware corporation, with its principal place of business in Michigan and is authorized to do business in New York.

5.      DPH is a Delaware corporation, with its principal place of business in Michigan and is authorized to do business in New York.

6.      GM is a Delaware corporation, with its principal place of business in Michigan and is authorized to do business in New York.

### JURISDICTION AND VENUE

7.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and § 157.

8.     This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## RELEVANT FACTS

10.    In 1999, in and around the time that GM spun off DPH as an independent company, General Motors entered into the GM Benefits Guaranty with the IUE-CWA that provided that "in the event that Delphi or its successor company(ies), on or before October 18, 2007, (x) due to Financial Distress fails or refuses to provide post-retirement medical benefits to eligible Covered Employees and all other union-represented hourly-rate employees in the United States retired from Delphi or (y) due to Financial Distress reduces the level of post-retirement medical benefits for eligible Covered Employees and all other union-represented hourly-rated employees in the United States retired from Delphi below the level of benefits which, at that time, GM is providing to its hourly retirees:  1. GM shall guarantee such retired Covered Employees post-retirement medical benefits at the level and scope in effect for hourly GM retirees at the time of the events described . . ."

11.    On or about October 8, 2005, Delphi filed for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court.

12.    On or about August 6, 2007, IUE-CWA entered into the IUE-CWA-Delphi-GM MOU that was approved by the Court on August 17, 2007.  That agreement established a program of benefits for active, laid off and retired IUE-CWA represented Delphi employees, including extended disability benefits, life insurance, medical and dental insurance, vision benefits.

3

13. On July 30, 2009, the Confirmation Order was entered providing at Paragraph 61(b) "that the Company Buyer [New Delphi] shall assume the obligations of the applicable Labor MOU's including the IUE-CWA-Delphi-GM Memorandum of Understanding." The Confirmation Order also approved the MDA which provides at Section 9.5.3 for the transfer of U.S. Hourly employees – including IUE-CWA represented employees - to New Delphi:

> Transfer of U.S. Hourly Employees. <u>Effective as of the Closing, the relevant Buyers will employ all active and inactive U.S. Hourly Employees (e.g., currently on the rolls, whether on temporary layoff, indefinite layoff, workers' compensation, disability, or other leaves of absence), including without limitation pre-retirement program participants ("PRPs")) of the relevant Business.</u> U.S. Hourly Employees who accept Buyers' offer of employment (by reporting to work or otherwise) are referred to herein as "Transferred U.S. Hourly Employees".
>
> A. <u>The relevant Buyers will assume the terms and conditions of all applicable Seller U.S. CBAs in effect at the relevant Business.</u> Assumption of the terms and conditions of applicable Seller U.S. CBAs pursuant to this Section 9.5.3A shall not constitute assumption of Sellers's pre-Closing Liabilities under Seller U.S. CBAs (including, without limitation, any Liabilities related to the Retained Plans which shall be retained by Sellers); provided however, that nothing in Section 9.5.3A shall be deemed to impair, nullify or cancel the relevant Buyer's assumption of liabilities elsewhere in this Agreement, if any.
>
> B. <u>Buyers will recognize the seniority status of all Transferred U.S. Hourly Employees who are employed in accordance with a Collective Bargaining Agreement for all purposes of continued employment with Buyers.</u>
>
> C. Buyers will waive application of any new-hire waiting period with respect to participation in any applicable Buyer Employee Benefit Plan for U.S. Hourly Employees.

14. The MDA defines "Transferred Asset Seller Employees" as: "all U.S. Employees and Non-U.S. Employees who are employees of any Asset Seller or Seller Affiliate who become Buyers' employees pursuant to Section 9.5 hereof. No individual who has retired or otherwise terminated employment with Sellers prior to Closing will be deemed to be a Transferred Asset Seller Employee."

4

15. In various communications starting in June, 2011 and including a WARN Notice dated August 2, 2011, DPH has advised the IUE-CWA that it was terminating one hundred and twenty-two (122) IUE-CWA represented employees ("the effected employees") as of October 17, 2011, the date of the expiration of the tripartite agreement entered into in 2007.

16. Prior to that notice, IUE-CWA was not aware that any of its members had been retained in the employment of DPH.

17. Many of the 122 effected employees were covered by the 1999 GM Benefits Guarantee and are continuing to grow into increased pension benefits under the GM Hourly Pension Plan pursuant to the IUE-CWA-Delphi-GM MOU. At least one person remains eligible for unemployment supplemental benefits. At least two people are receiving extended disability benefits while as many as seventeen people are continuing to receive health and life insurance benefits.

18. On October 19, 2011, DPH notified IUE-CWA that (i) it was terminating the employment and benefit eligibility of 110 of the effected employees as of October 31, 2011 and (ii) it was terminating the health insurance benefits being provided to the twelve remaining effected employees as of November 30, 2011.

19. Since June, 2011, the IUE-CWA has had discussions with New Delphi to secure continuing employment for the effected employees. New Delphi has refused to acknowledge any responsibility for the effected employees. New Delphi and DPH have refused to arbitrate the question of whether either is responsible for the benefits owed to these effected employees under their labor agreements with IUE-CWA because the labor agreements allegedly do not permit arbitrations concerning employee benefit plans.

20.   Article XIII (p) of the Confirmation Order authorizes this Court to hear and determine all disputes involving the existence, nature or scope of the Debtors' discharge, including any dispute relating to any liability arising out of the termination of employment or the termination of any employee or retiree benefit program, regardless of whether such termination occurred prior to or after the Effective Date.

21.   The termination of benefits by DPH, and the refusal of Delphi to assume the employment obligation for the 122 effected employees are disputes relating to liability arising out of the termination of employment or the termination of any employee or retiree benefit program which has occurred after the Effective Date of the Plan.

## COUNT I – DECLARATORY JUDGMENT

22.   IUE-CWA incorporates by reference the preceding paragraphs as though fully set forth in this Count I.

23.   IUE-CWA seeks a declaration from this Court that DPH could not lawfully terminate the employment or employment benefits of the effected employees unless and until New Delphi acknowledged their employment and began providing them the employment benefits to which they are entitled under the IUE-CWA-Delphi-GM Memorandum of Understanding.

24.   IUE-CWA also seeks a declaration from this Court that New Delphi was obligated under the Master Disposition Agreement, the Amended Chapter 11 Plan Confirmation Order and the IUE-CWA-Delphi-GM Memorandum of Understanding to accept into employment and continue to provide employment benefits to the effected employees for so long as they continue to satisfy the conditions established in such plans for the receipt of benefits.

25.     IUE-CWA also seeks a declaration from this Court that GM is obligated under the Master Disposition Agreement, the Amended Chapter 11 Plan Confirmation Order, the IUE-CWA-Delphi-GM Memorandum of Understanding and the GM Benefits Guarantee to provide pension credit to the effected employees to allow them to grow into increased pension benefits in accordance with the IUE-CWA-Delphi-GM Memorandum of Understanding.

## COUNT II – MAINTENANCE OF EMPLOYMENT

26.     IUE-CWA incorporates by reference the preceding paragraphs as though fully set forth in this Count II.

27.     IUE-CWA seeks an Order compelling DPH to maintain the employment and employment benefits of the effected employees until New Delphi begins providing them the employment benefits to which they are entitled under the IUE-CWA-Delphi-GM Memorandum of Understanding.

28.     IUE-CWA also seeks an Order from this Court compelling New Delphi to accept into employment and continue to provide employment benefits to the effected employees for so long as they continue to satisfy the conditions established in such plans for the receipt of benefits.

29.     IUE-CWA also seeks an Order from this Court compelling GM to provide pension credit to the effected employees to allow them to grow into increased pension benefits in accordance with the IUE-CWA-Delphi-GM Memorandum of Understanding.

## COUNT III - DAMAGES

30.     IUE-CWA incorporates by reference the preceding paragraphs as though fully set forth in this Count III.

31.   IUE-CWA seeks a Judgment against DPH and New Delphi in the amount necessary to compensate the effected employees for any lost benefits as a result of the termination of their employment and their employment related benefits.

## REQUEST FOR RELIEF

WHEREFORE, IUE-CWA respectfully requests and prays for the declaratory relief set forth in Count I, the injunctive relief set forth in Count II, the damages set forth in Count III, the attorneys fees and costs of this action and such other different and further relief as the Court may deem just.

Dated: November 7, 2011

Respectfully submitted,

KENNEDY, JENNIK & MURRAY, P.C.

By:_____
Thomas M. Kennedy
Susan M. Jennik
113 University Place, 7th Floor
New York, New York 10003
(212) 358-1500  Telephone
(212) 358-0207  Facsimile