# EXHIBIT "A"

DUANE MORRIS LLP  
A Delaware Limited Liability Partnership  
William C. Heuer, Esquire  
Wendy M. Simkulak, Esquire (WS-8945)  
1540 Broadway, 14th Floor  
New York, NY 10036-4086  
(212) 692-1000  
(212) 692-1020 (facsimile)  
    and  
Margery N. Reed, Esquire  
Lewis R. Olshin, Esquire  
30 South 17th Street  
Philadelphia, PA 19103-4196  
(215) 979-1000  
(215) 979-1020 (facsimile)  

Obj. Deadline: November 10, 2011  
Hearing Date: November 17, 2011 at 9:00 a.m.

Counsel for the ACE Companies

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DPH HOLDINGS CORP., et al. | ) Case No. 05-44481 |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |

### AFFIDAVIT OF WALTER F. NOESKE, ESQUIRE IN SUPPORT OF THE OBJECTION OF THE ACE COMPANIES TO THE MOTION OF JAMES GRAI PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE TO MODIFY AUTOMATIC STAY AND MOTION FOR JOINDER OF PARTIES

1. I, Walter F. Noeske, having been duly sworn according to law deposes and says that I am the President of the law firm of Conklin Benham, P.C. with offices located in Bingham Farms, Ann Arbor, Grand Rapids and Traverse City, Michigan. My practice is primarily devoted to representing employers and insurers in workers' compensation proceedings in the State of Michigan.

2. My firm was retained by ACE American Insurance Company ("ACE American") and Pacific Employers Insurance Company ("Pacific" and, together with ACE American, the

1

DM1\2956644.1

"ACE Companies") to monitor and/or defend workers compensation cases in the State of Michigan which involve employees of Delphi Corporation ("Delphi").

3. On October 8, 2005 and October 14, 2005 (collectively, the "Petition Date"), Delphi Corporation ("Delphi") and certain of its affiliates (collectively and together with Delphi, the "Debtors")[1] filed their respective voluntary petitions for bankruptcy relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court") thereby commencing their bankruptcy cases (collectively, the "Bankruptcy Case").

4. Prior to and after the Petition Date, the ACE Companies and the Debtors entered into certain written insurance agreements (including, but not limited to, claims servicing agreements) and the ACE Companies issued certain insurance policies to certain of the Debtors including, but not limited to:

    a. certain Specific Excess Workers' Compensation and Employers Liability policies for periods covering October 1, 2000 to October 1, 2009 (collectively, the "Retention Policies") each of which contains a substantial self-insured retention; and

    b. certain Workers' Compensation and Employers Liability policies for periods covering October 1, 2000 through October 1, 2002 and October 1, 2003 through October 1, 2009[2] (collectively, the "Deductible Policies") that are applicable to certain workers' compensation claims arising in a number of states against certain of the Debtors who did not qualify for self-insured status, but are not applicable to any of the workers' compensation claims against Delphi in Michigan, each of which contains a substantial deductible.

5. I am aware that in July 2009 the Director of the Michigan Workers' Compensation Agency (the "Agency") sent a letter to the ACE Companies erroneously

---

[1] As appropriate, any reference to the Debtors shall also include or refer to the Reorganized Debtors (as defined in the Modified Plan).

[2] The periods of October 1, 2000 through 1, 2002 and October 1, 2003 through October 1, 2009 shall be referred to herein as the "Disputed Period."

2

concluding that despite the Agency's approval of Delphi and certain of its affiliates as self-insured employers for virtually all of their Michigan workers' compensation claims, the Agency's records allegedly "show that Delphi Automotive Systems Corporation and Delphi Corporation have been insured for all workers' compensation liability in Michigan with members of the ACE Limited group [sic], specifically Pacific Employers Insurance Company and Ace American Insurance Company."[3]

6.   I am also aware that the ACE Companies immediately responded to the Agency and denied coverage.

7.   On or about October 6, 2009, ACE American and Pacific commenced an adversary proceeding (the "Adversary Proceeding") by filing a complaint (the "Complaint") against Delphi, the Agency, and the Michigan Workers' Compensation Funds Administration (the "Funds Administration")[4].

8.   The Complaint explained that the Adversary Proceeding "stems from underlying claims that have been filed or that may be filed with the Agency against Delphi seeking workers' compensation benefits." *See* Complaint at ¶ 2. These workers' compensation claims, the complaint noted, "were covered by Delphi as a self-insured employer and not by the [Policies.]" *Id.* The Complaint further stated that "the Agency and Funds Administration have taken the improper position, including the filing of documents in this Court, which erroneously allege that ACE ... [is] obligated to provide insurance coverage for the [self-insured workers' compensation claims]." *Id.*

---

[3]   The records were Form 400s, which noticed coverage by the Deductible Policies—referring to them specifically by policy number and effective date—but which mistakenly identified "Delphi Corporation" as a covered legal entity, rather than just the non-self-insured subsidiaries actually covered by the Deductible Policies. The ACE Companies have subsequently filed amended notices.

[4]   The Agency and the Funds Administration shall be referred to herein as the "Michigan Defendants."

3

9. Accordingly, the Complaint sought (i) a declaratory judgment of no coverage under the Policies, or, in the alternative, (ii) equitable reformation of the Policies "to reflect the mutual understanding and intent of the parties." *Id.* at ¶ 4.

10. I am also aware that on December 14, 2009 the Agency attempted to initiate a Rule 5 proceeding in which the Director of the Agency initiated a proceeding to enforce Pacific's and ACE American's compliance with the Michigan Workers' Compensation Act with respect to 332 alleged claims that had been filed by Delphi employees. I am aware that among the claimants listed on the Rule 5 Notice are claimants represented by Michael P. Doud, Esquire and his law firm. For instance, among the 332 claimants identified in the Rule 5 proceeding, 91 are Movants, including Mr. James Grai.

11. On January 28, 2010, I was advised that this Court entered its Order Granting the Joint Motion Of State of Michigan Workers' Compensation Agency and Funds Administration To Stay Order And Adversary Proceeding Pending Appeal (the "Stay Order"). Adversary Proceeding Docket No. 71.

12. In, pertinent part, the Stay Order stayed the Adversary Proceeding subject to a number of "continuing conditions" including: (a) not proceeding with respect to the Michigan Workers' Compensation Agency Director's Rule 5 Hearing or the ACE Companies' Superintending Control proceeding; (b) the Agency and the Funds Administration shall not seek alternative relief in respect to the ACE Companies' potential liability for workers' compensation coverage of Delphi; (c) the Funds Administration will continue to request adjournments of all pending and future cases to the extent they involve any action to address the ACE Companies' potential liability for workers' compensation coverage of Delphi, and (d) the parties shall report

4

to the Court any activity, action or matter scheduled in Michigan to address the ACE Companies' potential liability for workers' compensation coverage of Delphi. *See* Stay Order ¶ 3.

13. Since the date of the entry of the Stay Order, the Michigan Defendants, the ACE Companies and the Debtors have acted in accordance with the provisions of the Stay Order.

14. I was notified that Mr. Grai filed the Amended Notice of Motion, Pursuant To Section 362 Of The Bankruptcy Code, For An Order Modifying The Automatic Stay (The "Amended Motions").

15. Accompanying the Amended Motions was a box of exhibits (the "Exhibits"). To assist in determining whether the relief sought in the Amended Motions could implicate the Adversary Proceeding and/or the claims allowance process in the Bankruptcy Case, we were asked to review the relevant files maintained by the Agency in order to determine whether any of the claimants were asserting date(s) of alleged injury falling outside the Disputed Period. A review of the Agency file materials was conducted. This included reviewing every available Agency paper file or obtaining information from Agency staff.

16. Based upon our review, we were able to determine that approximately 61 of the Movants (collectively, the "Not Implicated Claimants") do not have claims (*i.e.*, date(s) of alleged injury) falling within the Disputed Period but the remaining Movants (collectively, the "Implicated Claimants") including, Mr. Grai, allege dates of injury falling within the Disputed Period. I have attached as Exhibit 1 to my affidavit an excel spreadsheet which lists the names of the 61 Movants who do not have claims (*i.e.*, date(s) of alleged injury) falling within the Disputed Period.

17. Based on my experience, if any of the remaining Implicated Claimants pursues an action against GM or the Funds Administration, it is highly likely that the ACE Companies will

5

be joined in the case and/or findings will be made and decisions rendered that directly impact the ACE Companies since, once a proceeding commences, the magistrate hearing the case may attempt to decide the coverage issues pending in the Adversary Proceeding to determine whether the ACE Companies are a responsible party.

Walter F. Noeske

Subscribed and sworn to before me
on November 8, 2011.

Ericka L. Gorski
Notary Public, Wayne County, MI
(Acting in Oakland County)
My commission expires: 06-08-13.

| MOVANT | NEXT HEARING DATE | AGENCY | ACE | DATES OF INJURY |
|---|---|---|---|---|
| ABNER, CLAUDIA | | Sag | ACE not named | 2/06/95; 4/01/95 |
| ACKER, GLORIA | | Flint | ACE not named | 8/10/1994 |
| ANDERSON, STEVE | | Sag | ACE not named | 8/30/00;11/7/02 |
| ASHMORE, ROGER | | Sag | ACE not named | 1992, 1993 |
| BACHULA, DENNIS | | Sag | ACE not named | 1983 |
| BADY, EUGENE | | Sag | ACE not named | |
| BALDWIN, ROY | | Sag | ACE not named | 3/23/1993 |
| BEASLEY, ODELL | | Sag | ACE not named | 1985, 1993 |
| BELL, JOHNNIE | | Sag | ACE not named | 9/9/2003 |
| BREAMSEY, SPENCER | | Sag | ACE not named | 1/00/2003 |
| BROWN, RUSSELL | | Sag | ACE not named | 3/3/1989 |
| CAMPBELL, TIM | | Sag (DSS) | ACE not named | 1989, 1991, 1998 |
| CARPENTER, SAUNDRA | | Sag | ACE not named | 8/28/96; 2/19/96 |
| CHAVEZ, FRANK | | Sag | ACE not named | 1/1/1996 |
| CONKLIN, JAMES | | Sag | ACE not named | 12/00/90; 11/18/90; 1/00/90 |
| CRUMPTON, MAGGIE | | Sag | ACE not named | 5/01/00; 12/16/96 |
| ELLISON, LUCILLE | | Sag | ACE not named | 1991; 1992; 1997 |
| FIFE, CLAUDINE | | Sag | ACE not named | 1987; 1998; 1999 |
| GAGE, JAMES | | Sag | ACE not named | 9/18/98; 6/28/91 |
| GOODRICH, DAYTON | no open file @ Agency | Record Center | ACE not named | 12/9/2002 |
| JONES, ANN | | Sag | ACE not named | 9/07/99; 4/17/99 |
| JONES, VERNON | | Sag | ACE not named | Agency file in transit DOI pending. |
| KILLINGBECK, TAMMY | | Sag | ACE not named | 3/25/1999 |
| KING, METTIE | | Sag | ACE not named | 1991; 1992 |
| KOZEL, KERRY | closed | Sag | ACE not named | 7/00/03 |
| KRASINSKI, NICODEM | | Sag | ACE not named | 7/19/99; 1/09/97;9/04/96 |
| LEWIS, NORRIS | | Sag | ACE not named | 1991;1990;1979 |
| MACOM, CLAUDE | | Sag | ACE not named | 1/00/03 |
| McGEE, QUIDA | | Sag | ACE not named | 9/14/1998 |
| MEAD, GARY | | Sag | ACE not named | 12/00/98; 7/23/98; 4/06/98;8/00/96 |

| Name | Location | ACE | Dates |
|---|---|---|---|
| MILLER, LARRY | Sag | ACE not named | 7/24/1999 |
| MINK, DEBRA | Sag | ACE not named | 1995 |
| MIZE, DALE | Sag | ACE not named | 4/28/1999 |
| MURRY, SHIRLEY | Lansing | ACE not named | 1/06/99; 1/27/98; 5/23/91 |
| OSTASH, ROBERT | Sag | ACE not named | 5/05/03; 2/03/93 |
| PARKER, BARBARA | Sag | ACE not named | 8/00/00 |
| POBOCIK, GREG | Sag | ACE not named | 4/11/99; 9/02/96 |
| PRATT, RAY | Sag | ACE not named | 3/15/91; 6/15/87 |
| RAAB, ROBERT | Sag | ACE not named | 2/00/89; 8/00/98 |
| REINHARDT, DONALD | Sag | ACE not named | 2/25/87; 8/00/86; 6/00/86 |
| REIS, PAUL | Lansing | ACE not named | 6/13/1985 |
| ROSS, BARBARA | Sag | ACE not named | 2/12/99; 8/17/93 |
| SABO, ROBERT | Sag | ACE not named | 10/10/1997 |
| SALO, LEILA | Sag | ACE not named | 8/3/1998 |
| SANDERS, YVONNE | Sag | ACE not named | 7/00/99 |
| SCHMIDT, RONALD | Sag | ACE not named | 7/00/99; 8/00/98 |
| SCOTT, DORIS | Sag | ACE not named | 6/25/1998 |
| SMITH, LAURA | Sag | ACE not named | 8/27/99; 1/00/99 |
| SNOWDEN, SHIRLEY | Flint | ACE not named | 8/06/99; 2/28/99 |
| STUHR, DENNIS | Sag | ACE not named | 1987; 1989 |
| TAYLOR, MICHAEL | Sag | ACE not named | 3/26/00; 3/21/00 |
| TRISCH, ALAN | Sag | ACE not named | 5/17/1994 |
| TUNNEY, WILLIAM | Sag | ACE not named | 8/20/1992 |
| WAGNER, NICK | Sag | ACE not named | 1991; 1990; 1986 |
| WEIDNER, GLENDALE | Sag | ACE not named | 1997; 1998; 5/17/00 |
| WHITE, CYNTHIA | Sag | ACE not named | 4/10/00; 3/2/99; 10/17/95 |
| WHITTING, ROBERT | Sag | ACE not named | 12/20/94; 5/17/94; 1/24/83 |
| WILLIS, GREGORY | Sag | ACE not named | 1980; 1998; 1999 |
| WILSON, HENRIETTA | Sag | ACE not named | 1993 |
| ZIEROFF, GARY | Sag | ACE not named | 1990; 1991 |