**Hearing Date and Time:  November 17, 2011 at 9:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Albert L. Hogan, III
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' OBJECTION TO AMENDED NOTICE OF MOTION,
PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE, FOR AN ORDER
MODIFYING THE AUTOMATIC STAY AND RELATED PAPERS (DOCKET NO. 21682)

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this objection to the Amended Notice Of Motion, Pursuant To Section 362 Of The Bankruptcy Code, For An Order Modifying The Automatic Stay and related papers (the "Amended Motion") (Docket No. 21682).

1.      As we stated in our e-mail to chambers dated September 21, 2011, in the Reorganized Debtors' Response To Letter Submitted By James Michael Grai dated October 17, 2011 (Docket No. 21652), and at the omnibus hearing on October 24, 2011, the Reorganized Debtors do not believe that anything in their plan of reorganization, this Court's orders, or applicable bankruptcy law precludes the Michigan Self-Insurers' Security Fund or General Motors from paying workers' compensation claims. Thus, if the Amended Motion is taken at face value, we continue to believe that the Amended Motion should be denied on the grounds that the relief it seeks is unnecessary.

2.      The Reorganized Debtors now have doubts, however, about whether the Amended Motion should, in fact, be taken at face value. The Amended Motion itself is not particularly clear as to, among other things, the identity of the movants, the nature of the movants' claims, and the process the movants intend to follow in pursuing their claims against the Michigan Self-Insurers' Security Fund and General Motors. In addition, the Reorganized Debtors are analyzing the response and limited objection filed by ACE American Insurance Company ("ACE") and Pacific Employers Insurance Company ("Pacific") a short time ago (Docket No. 21708). Although our analysis is in its early stages, what we have seen casts doubt on whether the movants are really willing to limit their claims to the Michigan Self-Insurers'

Security Fund and General Motors.  In particular, it appears that at least some of the movants have asserted claims against ACE and/or Pacific as well.[1]

3.     As this Court is aware, the questions of whether and to what extent certain insurance policies issued by ACE and Pacific provide coverage for the Reorganized Debtors' workers' compensation obligations in Michigan have been presented to this Court in the adversary proceeding that is now on appeal to the United States Court of Appeals for the Second Circuit.[2]  Those questions are of critical importance to the Reorganized Debtors, in part because ACE and Pacific have asserted administrative claims of approximately $67.3 million under the reimbursement provisions of the policies.

4.     At this point, it is unclear whether allowing the movants to proceed with their claims would intrude on this Court's ability to decide those questions as part of the adversary proceeding.  Our concern on this point is heightened by the fact that the Michigan Self-Insurers' Security Fund apparently intends to defend some or all of the claims on the ground that there has been no showing of an inability to pay because of the existence of the open questions concerning insurance coverage.  (*See* Docket No. 21666.)  A discussion of that defense could easily turn into a discussion about the merits of the coverage questions, particularly if some of the movants have asserted claims against ACE and/or Pacific, as the response and limited objection of ACE and Pacific indicates.

---

[1]    This is wholly at odds with the Amended Motion, in which the movants repeatedly state that they are seeking payments only from the Michigan Self-Insurers' Security Fund and General Motors.  (See Docket No. 21682 at 6 ("The liability for these cases rest solely with the new GM; or, with the Self-Insured Security Fund of the State of Michigan."), 7 ("If these claimants are successful in their workers' compensation cases in Michigan, payments will be the sole responsibility of either General Motors Corporation or the Michigan Self-Insured Security Fund."), 8 ("If the bankruptcy Stay is lifted, the courts will be able to determine whether General Motors Corporation or Michigan Self-Insured Security Fund is responsible for workers' compensation payments.").)  The movants made similar statements in their initial motion.  (See Docket No. 21665 at 3-5.)

[2]    See ACE American Ins. Co. v. Delphi Corp. (In re Delphi Corp.), Adversary Proceeding No. 09-01510.

5.      In short, without more clarity as to the identity, claims, and intentions of the movants, it is impossible for the Reorganized Debtors to determine whether and how the movants' claims affect the Reorganized Debtors' interests and this Court's authority to decide the questions raised in the adversary proceeding.  If the movants provide that clarity, the Reorganized Debtors will inform this Court of their position.  In the meantime, this Court should deny the Amended Motion.  We reserve our right to submit a reply with respect to this matter.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order denying the Amended Motion.

Dated:     New York, New York
           November 10, 2011

                              SKADDEN, ARPS, SLATE, MEAGHER
                                 & FLOM LLP

                              By:   /s/ John K. Lyons
                                  John Wm. Butler, Jr.
                                  John K. Lyons
                                  Albert L. Hogan, III
                                  Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois 60606

                                  - and -

                              Four Times Square
                              New York, New York 10036

                              Attorneys for DPH Holdings Corp., et al.,
                                 Reorganized Debtors