MICHIGAN DEPARTMENT OF ATTORNEY GENERAL
Bill Schuette
Michigan Attorney General

Susan Przekop-Shaw (P30495)
Michigan Assistant Attorney General
Attorney for Michigan Workers' Compensation Agency

Dennis Raterink (P52678)
Michigan Assistant Attorney General
Attorney for Michigan Funds Administration

Labor Division
P.O. Box 30736
Lansing, Michigan 48909
(517) 373-2560
(517) 241-7987 (Facsimile)

Hearing Date and Time: November 17, 2011 at 9:00 a.m.

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

In re:
DPH HOLDINGS CORP., *et al*
    Reorganized Debtors.
_____/

Court No. 05-44481

ACE AMERICAN INSURANCE COMPANY
and PACIFIC EMPLOYERS INSURANCE
COMPANY,

    Plaintiffs,

DPH HOLDINGS CORP., *et al*
    Cross-claim Plaintiff
vs.

DELPHI CORPORATION; STATE OF
MICHIGAN WORKERS' COMPENSATION
INSURANCE AGENCY; and STATE OF
MICHIGAN FUNDS ADMINISTRATION,
    Defendants.
_____/

Chapter 11

Case No. 05-44481 (RDD)

(Jointly Administered)

Adversary Proceeding
No. 09-01510-r

## MICHIGAN DEFENDANTS' RESPONSE TO AMENDED MOTION FOR JOINDER OF PARTIES AND AMENDED MOTION OF JAMES GRAI PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE TO MODIFY AUTOMATIC STAY

Defendants Michigan Workers' Compensation Agency (Agency) and Michigan Funds Administration (Funds)(collectively the Michigan Defendants) submit the following response to the motions filed James Michael Grai.

1. The Michigan Defendants recognize that there are hundreds of cases pending in Michigan administrative tribunals between former Delphi employees, the Self-Insurers' Security Fund (SISF), and Ace American Insurance Company and Pacific Employers Insurance Company (Ace/Pacific) regarding which entity has workers' compensation coverage responsibility for a majority of Delphi's injured workers now that this Court has discharged Delphi from any liability for such benefits.

2. The Michigan Defendants have maintained that these cases can and must be litigated in Michigan's administrative tribunals and courts. However, on October 6, 2009, Ace/Pacific filed an adversary complaint against DPH Holdings, the Michigan Workers' Compensation Agency and the Michigan Funds Administration, asking this Court to determine, in part, whether under Michigan's Worker's Disability Compensation Act Ace/Pacific had coverage responsibility for Delphi's injured employees.

3. On November 10, 2009, the Michigan Defendants filed a Motion to Dismiss the Adversary Proceeding, arguing several theories, including that this Court did not have subject-matter jurisdiction to hear the controversy and that attempts to litigate the issue in Federal Bankruptcy Court would violate Michigan's sovereign immunity (Adversary Proceeding Docket #15).

4. On January 26, 2010, this Court denied the Michigan Defendants' motion to dismiss and ruled it had jurisdiction to address the Michigan workers' disability compensation question. (Adversary Proceeding Docket #69). The Michigan Defendants sought, and on January 28, 2010, this Court granted, a stay of the Court's order and the Adversary Proceeding, pending appeal of the decision. (Adversary Proceeding Docket #71). The appeal is now before the United States Court of Appeals for the Second Circuit. Oral arguments were heard on October 5, 2011 and the parties await a final decision.

I.   Amended Motion for Joinder of Parties

5. Movants incorrectly claim that they were all being paid Michigan Workers' Disability Compensation Benefits pursuant to administrative tribunal order. (Motion p 1) To the best of the Michigan Defendants' knowledge only a small percentage of the Movants were receiving benefits pursuant to such an order. Disputes may exist with regard to continuing disability – resolution of which the Michigan Defendants maintain rests with the Michigan workers' compensation administrative and judicial tribunals.

6. Movants' motion includes reference to an exhibit that is a list of 199 movants. (Amended Motion for Joinder of Parties, Exhibit 1). Ace/Pacific filed a response to this motion this afternoon that indicated that 61 of the listed Movants have dates of injuries which do not fall within the "Disputed Period," defined as the periods of October 1, 2000 through October 1, 2002 and October 1, 2003 through October 1, 2009. (ACE Response and Limited Objection, Exhibit 1, Affidavit of Walter Noeske, p 2). The Funds' staff have identified 107 of the listed Movants who either do not have dates of injuries that fall within the 8 years that Ace/Pacific filed notices of insurance coverage with the Agency, (Form 400s) reflecting they insured the risk of Michigan's Delphi Corporation employees, or already have been recognized as within General

Motor's liability.  The Funds' staff is reviewing the two lists to accurately determine which Movants on the list either fall outside the "Disputed Period," fall outside the 8 years that ACE filed Form 400's regarding Delphi Corporation, or fall within General Motor's admitted liability.  (The Funds will file a supplemental response reflecting the results of this investigation on Monday, November 14, 2011).

7.  This Court should not grant this motion for joinder.  The Movants seek joinder in order to request lifting the automatic stay issued pursuant to 11 U.S.C. § 362(a).  Section 362(a), however, does not apply to the Michigan workers' compensation administrative proceedings for they are exempted under 11 U.S. C. § 362(b)(4).  The automatic stay afforded under this section also is no longer in effect after this Court issued its November 16, 2009 confirmation order.

For these reasons, this Court should deny the Amended Motion for Joinder of Parties as to any Movant whose injury date does not fall within the eight years that Ace/Pacific filed notices of insurance coverage with the Agency, (Form 400s), reflecting coverage of Michigan's Delphi Corporation employees; whose claim has been recognized as within General Motor's liability; or whose injury date falls outside of the "Disputed Period" as defined by ACE.

II.     <u>Amended Motion of James Grai Pursuant to Section 362 of the Bankruptcy code to Modify Automatic Stay</u>

8.  Grai's pleadings demonstrate a fundamental misunderstanding of the legal issues at play in the adversary proceeding pending between Ace/Pacific, DPH Holdings, and the Michigan Defendants.

9.  Grai only recognizes the potential liability of the SISF due to Delphi Corporation's  status as a self-insured employer in Michigan. He fails to recognize the potential liability of Ace/Pacific for their unilateral actions in Michigan, separate and apart from any Delphi Corporation workers' compensation obligations.  Grai fails to recognize that this case involves an issue of first impression in Michigan:  Where a Michigan self-insured employer's obligations are discharged by the bankruptcy court, an insurance carrier will be on the risk for liability when it submits to the Agency notices of insurance coverage (Form 400s) for the discharged employer for 8 of the 9 years of the employer's existence, as required under Section 625 of the Workers' Disability Compensation Act, (MCL 418.625).  In other words, a workers' compensation insurance carrier who registers and acquires State approval to operate in Michigan, is charged with knowledge of the law, including knowing that it is on the risk for liability when it files notices of insurance coverage under the Act.  This issue of first impression falls within the exclusive jurisdiction of the Michigan workers' compensation administrative and judicial tribunals and not the federal bankruptcy courts.

    10. Grai relies upon federal law that simply has no application to this case.  He seeks to apply the legal factors warranting a modification of automatic stay under Section 362 of the Bankruptcy Code established in *In re Sonnax Industries*, 907 F. 2d 1280, 1285 (2d. Cir. 1990) (Motion Unnumbered pp 1-6).  The Michigan Defendants maintain that *In re Sonnax Industries*, does not apply to this case because the automatic stay provision does not apply to this case for the reasons listed in Paragraph 4 above.

    11. In discussing the *Sonnax* factors, Grai renders several unsupported legal conclusions and factual inaccuracies.

    a.    Grai concludes the liability for the Movants' cases rely solely with General Motors or the SISF.  (Motion, pp 3, 4, 6.)  As reflected in Paragraph 6 above, Grai fails to recognize that Ace/Pacific may be liable for his and the other Movants' work-related injuries.

    b.    Grai indicates that the "Debtors" are "a [sic] necessary party to the Michigan litigation." (Motion (a) p 3.)  Delphi Corporation is no longer on the risk or liable for any workers' compensation obligations due to the Movants because this Court discharged Delphi from any futher liability on November 16, 2009.

    c.    Grai claims "when a self-insured company goes out of business and does not have insurance coverage for their worker' [sic] compensation purposes, it automatically triggers the responsibility of the Michigan Self-Insured [sic] Security Fund." (Motion (h) p 5.)  This conclusion completely ignores Section 537 of the Act, MCL 418.537, as the Self-Insurers' Security Funds' (SISF) liability is never triggered until the self-insured employer demonstrates an inability to pay.  Here, if the Michigan courts find Ace/Pacific to be on the risk due to their unilateral action of filing Form 400s announcing they are covering Delphi Corporation's workers' compensation obligations, the SISF will not be liable for these obligations.

    d.    Grai announces that General Motors and the SISF have been "hiding behind the bankruptcy Stay for years." (Motion (h) p 5.)  To the contrary, even after Delphi Corporation filed for bankruptcy, the automatic stay under Section 362 of the Bankruptcy Code did not apply to any Michigan workers' compensation administrative proceeding.  Ace/Pacific filed the adversary proceeding in the federal bankruptcy court to evade the 400 administrative claims pending against them in Michigan.  Since that time the Michigan Defendants have made every effort and taken every step to protect Michigan's exclusive jurisdiction to adjudicate and prosecute this issue of first impression and to continue the hearings before Michigan's administrative tribunals.

    12. Even if Grai's motion is interpreted as addressing this Court's January 28, 2010 stay order, that order only limits the actions to be taken by Ace/Pacific, DPH Holdings, and the Michigan Defendants and does not extend to, control, or limit the Michigan Board of Magistrates' or the Movants' actions.

For these reasons, the Michigan Defendants request that Grai's Amended Motion to Modify the Automatic stay under Section 362 of the Bankruptcy Code be denied because this provision does not apply to the Michigan proceedings.

Respectfully submitted,

Bill Schuette
Michigan Attorney General


/s/ Susan Przekop-Shaw (P30495)
Michigan Assistant Attorney General
Attorney for Defendant Michigan Workers'
Compensation Agency
przekopshaws@michigan.gov

/s/ Dennis Raterink (P52678)
Michigan Assistant Attorney General
Attorney for Defendant Michigan Funds
Administration
P.O. Box 30736
Lansing, Michigan 48909
517-373-2560
raterinkd@michigan.gov


Dated:  November 10, 2011