James B. Sumpter, Pro se
21169 Westbay Circle
Noblesville, IN 46062
Telephone: (317) 877-0736
Facsimile: (317) 877-1070
jsump@ieee.org

Salaried Retiree of Debtors



RECEIVED NOV 8 2011 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x Chapter 11 Case No. 05-44481 (RDD)

In re:

DELPHI CORPORATION, et. al.,

    Debtors.

: (Jointly Administered) :
: :
: :

------------------------------x

# (AMENDED) APPELLANTS' STATEMENT OF ISSUES AND DESIGNATION OF RECORD ON APPEAL

Appellant, James B. Sumpter, pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, hereby designate the record and state the issues to be presented on appeal, as follows:

## I.  STATEMENT OF ISSUES ON APPEAL

The issues to be presented on appeal are:

1.    Did the Bankruptcy Court commit a reversible error by **not** disallowing Debtors Response, since Debtor did not make a statement alleging that the proceedings were either Core or non-Core; which would have resulted in a default judgment in favor of the Recoupment

Motion?

2. Did the Bankruptcy Court commit a reversible error by basing its decision on erroneous information from Debtors attorney, which stated that the Salaried Disability Plan and the resulting payments from DPH had been terminated when OPEB benefits were terminated.

3. Did the Bankruptcy Court commit a reversible error in not permitting the Recoupment Motion to represent the interest of all salaried retirees?

4. Did the Bankruptcy Court commit a reversible error in ruling that the Courts prior orders regarding OPEB benefits, because of res judicata, barred the Recoupment Motion?

5. Did the Bankruptcy Court commit a reversible error by ruling that the Plan Modification Order and the e res judicata effect bars equitable recoupment, which was sought by the Amended Recoupment Motion?

6. Did the Bankruptcy Court commit a reversible error by not recognizing that Equitable Recoupment is a **defense** against a Discharge in Bankruptcy; and therefore the Amended Recoupment Motion is defensive in nature?

7. Did the Bankruptcy Court commit a reversible error by not recognizing that the Recoupment Motion sought recoupment as a defense against future payments since the motion was also seeking credits to future payments? *[See page 15 –paragraph 36-iii; and page 16- paragraphs 37-C and 37-D in Amended Recoupment Motion [Docket # 21566 ]*?

8. Did the Bankruptcy Court commit a reversible error by ruling that the Amended Recoupment Motion was asserting a claim?

9. Did the Bankruptcy Court commit a reversible error by ruling that Equitable Recoupment does not permit a refund or recovery of funds.

10. Did the Bankruptcy Court commit a reversible error by interpreting the Recoupment Motion as a request for a payment, which was based on the erroneous understanding that Disability Benefits had been cancelled and that no disability payments were being made by Delphi or its successor DPH?

11. Did the Bankruptcy Court commit a reversible error by ruling that section 1144 of the Bankruptcy Code along with the broad definition of "claim" in Section 101(5) precludes the assertion of recoupment rights after the confirmation and effective date of a Chapter 11 plan, when applied to the Amended Recoupment Motion [docket # 21566]?

12. Did the Bankruptcy Court commit a reversible error by not recognizing that although recoupment is a defensive doctrine, a creditor may take the offensive and seek an adjudication that it may recoup without waiting for the debtor to bring suit. [*See In re Flagstaff Realty Assocs., 60 F.3d 1031, 1035 (3d Cir. 1995)*].

## II.  DESIGNATION OF RECORD

| | DESIGNATION OF RECORD | | |
|---|---|---|---|
| | **Date Filed** | **Docket No.** | **Description** |
| 1 | 22-AUG-2011 | Docket # 21534 | Motion For Recoupment on Behalf of Delphi Salaried Retirees |
| 2 | 28-OCT-2011 | Docket # 21697 | E-mail chain regarding Discovery Request by James Sumpter and the related responses by DPH and the Court. *(E-mail date 24-AUG-2011)* |
| 3 | 29-AUG-2011 | Docket # 21551 | Letter in Response to August 26, 2011 E-Mail Written to Judge Drain by Mr. Louis Chiappetta Asking for a Sua Sponte Dismissal of Recoupment Motion [re: Docket No. 21534] |
| 4 | 8-SEP-2011 | Docket # 21566 | Amended Motion for Recoupment on Behalf of Delphi Salaried Retirees [Re: Docket No. 21534] |
| 5 | 15-SEP-2011 | Docket # 21581 | Reorganized Debtors' Response In Opposition To Amended Motion For Recoupment On Behalf Of Delphi Salaried Retirees |
| 6 | 21-SEP-2011 | Docket # 21658 | Reply To Debtor's Response [Docket # 21581] To The Amended Motion For Recoupment On Behalf Of Delphi Salaried Retirees [Docket # 21566] |
| 7 | 26-SEP-2011 | Docket # 21609 | Transcript Regarding Hearing Held on September 22, 2011 [re: Docket Nos. 21534] [Image Not Available] |
| 8 | 28-OCT-2011 | Docket # 21696 | E-mail by James Sumpter proving Debtor error in Hearing regarding termination of OPEB benefits *(E-mail date 26-SEP-2011)* |
| 9 | 30-SEP-2011 | Docket # 21603 | Reorganized Debtors' Letter in Response to September 26, 2011 E-mail of James Sumpter Filed by David J. DeVine on behalf of DPH Holdings Corp., et al.. [re: Docket No. 21534] |
| 10 | 13-OCT-2011 | Docket # 21645 | Order Denying Amended Motion For Recoupment On Behalf Of Delphi Salaried Retirees |
| 11 | 19-OCT-2011 | Docket # 21671 | Notice Of Appeal |

| | DESIGNATION OF RECORD | | |
|---|---|---|---|
| | **Date Filed** | **Docket No.** | **Description** |
| 12 | 19-OCT-2011 | Docket # 21671 | Statement Of Election That Appeal Be Heard By The United States District Court For The Southern District Of New York |

## III.  DESIGNATION OF RECORD - Related Documents

| | DESIGNATION OF RECORD - Related Documents | | |
|---|---|---|---|
| | **Date Filed** | **Docket No.** | **Description** |
| 13 | 17-FEB-2009 | Docket # 14898 | Objection to Motion to Terminate OPEB Benefits (re: Docket No. 14705) |
| 14 | 12-MAR-2009 | Docket # 16451 | Transcript of Hearing Held on February 24, 2009 at 10:08 a.m. ( re: Termination of OPEB Benefits) |
| 15 | 11-MAR-2009 | Docket # 16448 | Final Order Under 11 U.S.C. §§ 105, 363 (b)(1), 1108, and 1114 (d) (I) Confirming Debtors' Authority to Terminate Employer-Paid Post-Retirement Health Care Benefits and Employer-Paid Post-Retirement Life Insurance Benefits for Certain (a) Salaried Employees and (b) Retirees and Their Surviving Spouses and (II) Amending Scope and Establishing Deadline for Completion of Retirees' Committee's Responsibilities ("Final OPEB Termination Order") |
| 16 | 17-JUL-2009 | Docket # 18367 | Motion to Shorten Notice with Respect to James B. Sumpter's Expedited Motion to Enforce COBRA Benefit for Delphi Salaried Retirees and Motion for COBRA Settlement |

| | **DESIGNATION OF RECORD - <u>Related Documents</u>** | | |
|---|---|---|---|
| | **Date Filed** | **Docket No.** | **Description** |
| 17 | 17-JUL-2009 | Docket # 18366 | Expedited Motion to Enforce COBRA Benefit for Delphi Salaried Retirees and Motion for COBRA Settlement (COBRA Benefit Motion) |
| 18 | 30-JUL-2009 | Docket # 18707 | Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) ("Plan Modification Order") |
| 19 | 3-AUG-2009 | Docket # 18723 | Order Denying Expedited Motion to Enforce COBRA Benefits for Salaried Retirees and Motion for COBRA Settlement (COBRA Benefit Motion) |
| 20 | 7-AUG-2009 | Docket # 18829 | Transcript Regarding Hearing Held on July 29, 2009 at 3:22 p.m. (re: COBRA Benefit Motion) |
| 21 | 7-AUG-2009 | Docket # 18830 | Transcript Regarding Hearing Held on July 30, 2009 at 11:52 a.m. (re: COBRA Benefit Motion) |
| 22 | 13-JUN-2011 | Docket # 21308 | Request for Stay of Court Order and Related Proceedings Regarding of VEBA in Lieu of COBRA Ruling (Docket # 21306) |
| 23 | 20-JUN-2011 | Docket # 21402 | Objection of the VEBA Committee for the Delphi Salaried Retirees Association Benefit Trust to the "Request for Stay of Court Order and Related Proceedings Regarding of VEBA in Lieu of COBRA Ruling" Filed by James B. Sumpter, Pro Se |
| 24 | 20-JUN-2011 | Docket # 21400 | Reorganized Debtors' Objection to Request for Stay of Court Order and Related Proceedings Regarding of VEBA in Lieu of COBRA Ruling (Docket # 21306) ("Objection to James Sumpter's Expedited Stay Motion") |
| 25 | 20-JUN-2011 | Docket # 21404 | Objection of the Official Committee of Salaried Retirees to James B. Sumpter's "Request for Stay of Court Order and Related Proceedings Regarding of VEBA in Lieu of COBRA Ruling" |
| 26 | 27-JUN-2011 | Docket # 21491 | Transcript Regarding Hearing Held on June 23, 2011 (re: Request for Stay regarding VEBA in Lieu of COBRA) |

| DESIGNATION OF RECORD - **Related Documents** | | | |
|---|---|---|---|
| | Date Filed | Docket No. | Description |
| 27 | 27-JUN-2011 | Docket # 21415 | Order Denying James B. Sumpter's Request for Stay of Court Order and Related Proceedings Regarding of VEBA in Lieu of COBRA Ruling (Docket # 21306) |
| 28 | 27-JUN-2011 | Docket # 21417 | Letter by James B. Sumpter re: DPH, James B. Sumpter and Various Bankruptcy COBRA Motions for Delphi Salaried Retirees and Request for Negotiations |
| 29 | 4-OCT-2011 | Docket # 21607 | Motion Of DPH Holdings Corp. For Final Decree And Order Pursuant To 11 U.S.C. § 350(A) And Fed. R. Bankr. P. 3022 And Local R. Bankr. P. 3022-1 Closing Chapter 11 Cases Of Five Filing Debtors |
| 30 | 13-OCT-2011 | Docket # 21660 | Objection To Motion For Final Decree And Order Pursuant To 11 U.S.C. § 350(A) And Fed. R. Bankr. P. 3022 And Local R. Bankr. P. 3022-1 Closing Chapter 11 Cases Of 20 Filing Debtors [Docket # 21607] |
| 31 | 21-OCT-2011 | Docket # 21676 | Reply Of DPH Holdings Corp. To James B. Sumpter's Objection To Motion For Final Decree And Order Pursuant To 11 U.S.C. § 350(A) And Fed. R. Bankr. P. 3022 And Local R. Bankr. P. 3022-1 Closing Chapter 11 Cases Of Five Filing Debtors |

Dated: Noblesville, Indiana
November 7, 2011

By: *[signature]*
James B. Sumpter

James B. Sumpter, Pro se
21169 Westbay circle
Noblesville, IN 46062
Telephone: (317) 877-0736
Facsimile: (317) 877-1070
jsump@ieee.org

Salaried Retiree of Debtors

21169 Westbay Circle
Noblesville, IN 46062
November 7, 2011

Appeals Clerk
United States Bankruptcy Court
For the Southern Dist. of New York
One Bowling Green
New York, NY 10004-1408

RE:    Chapter 11 Case No. 05-44481 (RDD)
       In re: DELPHI CORPORATION, et. al. and **Amended Designation of Record**

Dear Appeals Clerk:

I have enclosed an **Amended Statement of Issues and Designation of Record on Appeal**. At the time that the original document was submitted, two documents in the Designation of Record (#2 and #8) had not been docketed. Both can be found on page four. This amended document now contains the recently assigned docket numbers.

Sincerely,

*(signature)*

James B. Sumpter, pro se

James B. Sumpter, pro se
21169 Westbay Circle
Noblesville, IN 46062
Telephone: (317) 877-0736
Facsimile: (317) 877-1070
jsump@ieee.org

Salaried Retiree of Debtors

*RECEIVED NOV 8 2011 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x Chapter 11 Case No. 05-44481 (RDD)

In re:

DELPHI CORPORATION, et. al.,           :(Jointly Administered)

    Debtors.

---------------------------------------x

AFFIDAVIT OF SERVICE

I, James B. Sumpter, do herby state that relative to the Statement of Issues on Appeal and Designation of Record for:

**(AMENDED) APPEAL OF ORDER DENYING AMENDED MOTION FOR RECOUPMENT ON BEHALF OF DELPHI SALARIED RETIREES**

I served copies of the above document on the entities listed in Exhibit A, via Priority US Mail, except to the Appeals Clerk, which was sent via FED-EX overnight. All documents were sent 7-NOV-2011.

_____     11/7/2011
James B. Sumpter, pro se                Date
21169 Westbay Circle
Noblesville, IN 46062
Telephone: (317) 877-0736
Facsimile: (317) 877-1070
jsump@ieee.org

## ATTACHMENT A

### Serving Date - November 7, 2011

Appeals Clerk
United States Bankruptcy Court
For the Southern Dist. of New York
One Bowling Green
New York, NY 10004-1408

Counsel to the Debtors
Skadden, Arps, Slate, Meagher & Flom LLP
155 North Wacker Drive, Suite 2700
Chicago, Illinois 60606
Attn: Ron E. Meisler
Telephone: (312) 407-0700

Cynthia Haffey & Chester E. Kasiborski, Jr
Butzel Long
150 W. Jefferson
Suite 100
Detroit, MI 48236
Telephone: 313-225-7064

Office of the United States Trustee
Southern District of New York
33 Whitehall Street, 21st Floor
New York, New York 10004
Attn: Brian Masumoto
Telephone: (212) 510-0500