IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
     In re                          :    Chapter 11
                                            :
DPH HOLDINGS CORP., et al.,                 :    Case No. 05-44481 (RDD)
                                            :
        Reorganized Debtors.         :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>AFFIDAVIT OF SERVICE</u>

     I, Darlene Calderon, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Reorganized Debtors in the above-captioned cases.

     On November 9, 2011, I caused to be served the documents listed below upon the party listed on <u>Exhibit A</u> hereto via overnight mail:

  1)  Reorganized Debtors' Motion for Order Approving Settlement Agreement Between Reorganized Debtors And United States Compromising and Allowing Proof of Claim Number 14309 ("Motion to Approve EPA Settlement") (Docket No. 21605) [a copy of which is attached hereto as <u>Exhibit B</u>]

  2)  Proposed Seventy-First Omnibus Hearing Agenda (Docket No. 21674) [a copy of which is attached hereto as <u>Exhibit C</u>]

  3)  Notice of Change of Time of Seventy-Second Omnibus Hearing and Fiftieth Claims Hearing (Docket No. 21690) [a copy of which is attached hereto as <u>Exhibit D</u>]

Dated: November 9, 2011

                                            <u>/s/ Darlene Calderon</u>
                                               Darlene Calderon

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 9th day of November, 2011, by Darlene Calderon, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: <u>/s/ Vanessa R. Quiñones</u>

Commission Expires: <u>10/20/15</u>

# EXHIBIT A

DPH Holdings Corp.

Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip |
|---------|---------|----------|----------|------|-------|-----|
| Ballars Spahr LLP | Glen A Harris | 210 Lake Drive East | Suite 200 | Cherry Hill | NJ | 08002-1163 |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

11/9/2011 5:13 PM
Harris - EPA Special Parties

# EXHIBIT B

Docket #21605  Date Filed: 10/4/2011

**Hearing Date and Time:  October 24, 2011 at 10:00 a.m. (prevailing Eastern time)**
**Response Date and Time:  October 17, 2011 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Albert L. Hogan, III
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
       In re                                :    Chapter 11
                                                            :
DPH HOLDINGS CORP., et al.,                     :    Case No. 05-44481 (RDD)
                                                            :
           Reorganized Debtors.        :    (Jointly Administered)
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' MOTION FOR ORDER APPROVING SETTLEMENT
AGREEMENT BETWEEN REORGANIZED DEBTORS AND UNITED STATES
<u>COMPROMISING AND ALLOWING PROOF OF CLAIM NUMBER 14309</u>

("MOTION TO APPROVE EPA SETTLEMENT")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), successors to Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Motion For Order Approving Settlement Agreement Between Reorganized Debtors And United States Compromising And Allowing Proof Of Claim Number 14309 (the "Motion"), and respectfully represents as follows:

<u>Preliminary Statement</u>

1.     On October 4, 2011, the Reorganized Debtors and the United States of America, on behalf of the United States Environmental Protection Agency (along with any legal successor thereto, "EPA") entered into a Settlement Agreement resolving all disputes concerning a proof of claim filed by the United States, on behalf of EPA.  A copy of the Settlement Agreement is attached hereto as <u>Exhibit A</u>.  The Settlement Agreement is part of a proposed global settlement between Delphi Automotive LLP, General Motors Company, the Reorganized Debtors, and the United States to resolve the claims currently pending in the United States District Court for the Southern District of New York in the action styled <u>Delphi Corporation, et al. v. United States of America</u>, No. 08-CIV-4487 (the "Delphi FICA Case").  Specifically, the Delphi FICA Case seeks a refund of approximately $26 million for alleged overpayment of employment taxes on lump-sum payments made to unionized employees on the effective dates of new collective-bargaining agreements in 1998 and 2003.  The proposed global settlement of the Delphi FICA Case is under review by the United States Department of Justice and will not be effective until a formal settlement offer is accepted by the Office of the Associate Attorney General.  As a part of the proposed global settlement, the Settlement Agreement provides the United States with an allowed prepetition environmental claim of $857,582.52 against DPH-

2

DAS LLC, which the United States shall apply, with Reorganized Debtors' agreement, as a setoff against the FICA refund settlement amount to be paid to the Reorganized Debtors.  Although the Reorganized Debtors do not believe they have liability with respect to this environmental claim, the benefits of the contribution protection[1] and covenant not to sue granted pursuant to the Settlement Agreement, together with general litigation risk, weigh in favor of granting the EPA an allowed prepetition claim.

2.      The Reorganized Debtors believe that the terms of the Settlement Agreement are fair, reasonable, and in the public interest.   The United States will publish notice of the proposed settlement in the Federal Register, and the public comment period will expire fourteen (14) days after the publication.  Upon conclusion of the comment period, the United States will file with the Bankruptcy Court any comments received, as well as the United States' responses to the comments, and, if appropriate, will file a pleading in support of the relief sought in this Motion seeking approval of this Settlement Agreement.  Until filing its pleading in support of the Motion, the United States reserves the right to withdraw or withhold its consent if the comments regarding the Settlement Agreement disclose facts or considerations which indicate that the Settlement Agreement is not in the public interest.  Should the United States exercise its right to withdraw from the Settlement Agreement, the Reorganized Debtors will withdraw this Motion.

3.      Under Article 11.3 of the Plan of Reorganization, the Reorganized Debtors have broad authority to compromise and settle claims against the Debtors "without the need for further approval of the Bankruptcy Court."  (Docket No. 18707 Ex. A art. 11.3.)  But this Court's

---

[1]    Consistent with CERCLA, the proposed Settlement Agreement provides the Reorganized Debtors with contribution protection for the matters addressed in the Settlement Agreement.  See 42 U.S.C. § 9613(f)(2).

3

approval of the Settlement Agreement is required under environmental law, to confirm that the

terms of the settlement are "fair and adequate and are not unlawful, unreasonable, or against

public policy." United States v. Hooker Chem. & Plastics Corp., 540 F. Supp. 1067, 1072

(W.D.N.Y. 1982), aff'd, 749 F. 2d 968 (2d Cir. 1984).

        4.      The Court should also confirm that the proposed Settlement Agreement is

consistent with the goals of the Comprehensive Environmental Response, Compensation, and

Liability Act of 1980, as amended ("CERCLA"). See United States v. Akzo Coatings of Am.,

Inc., 949 F. 2d 1409, 1426 (6th Cir. 1991) (applying a three-part test of fairness, reasonableness,

and consistency with CERCLA's goals). Finally, in the event that the United States determines,

upon the conclusion of the notice-and-comment period, that the settlement is in the public

interest, that determination is entitled to deference. See United States v. Cannons Eng'g Corp.,

899 F. 2d 79, 84 (1st Cir. 1990) (Judicial review of a settlement negotiated by the United States

to protect the public interest is subject to special deference; courts should not engage in "second-

guessing the Executive Branch."). For the reasons set forth herein and in the pleading

anticipated to be filed by the United States in support of this Motion, the Reorganized Debtors

respectfully request that this Court approve the proposed Settlement Agreement.

Background

A.     The Chapter 11 Filings

        5.      On October 8 and 14, 2005, the Debtors, including Delphi Automotive

Systems LLC ("DAS LLC"), filed voluntary petitions under chapter 11 of title 11 of the United

States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for

the Southern District of New York (the "Bankruptcy Court").

4

B.      <u>EPA's Claim</u>

6.      On July 31, 2006, the United States, on behalf of EPA, filed proof of claim number 14309 ("Claim 14309" or the "Claim") against DAS LLC, contending, among other things, that the Debtors have liability: (i) under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675; (ii) for work requirements arising under court orders, administrative orders, and other regulatory requirements imposed by law; and (iii) under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 <u>et seq.</u>

7.      On October 31, 2006, the Debtors objected to Claim 14309 pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452), but subsequently withdrew their objection to Claim 14309.

8.      On June 22, 2009, the Debtors objected to Claim 14309 pursuant to the Debtors' Thirty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain Pension And OPEB Claims, (B) Certain Individual Workers' Compensation Claims, (C) Certain Duplicate And/Or Amended Individual Workers' Compensation Claims, (D) Certain Untimely Individual Workers' Compensation Claims, (E) A Secured Books And Records Claim, And (F) Certain Untimely Claims, (II) Modify Certain (A) Wage And Benefit Claims, (B) State Workers' Compensation Claims, And (C) Individual Workers' Compensation Claims Asserting Priority, (III) Provisionally Disallow Certain Union Claims, And (IV) Modify And Allow Certain Settled Claims (Docket No. 17182).

5

9.       On July 16, 2009, the EPA filed its United States Of America's Response To Debtors' Objection To The Claim Of The United States Environmental Protection Agency (Claim No. 14309) (Docket No. 18330).

C.       Approval Of Delphi's Plan Of Reorganization

10.       On July 30, 2009, this Court entered its Order Approving Modifications Under 11 U.S.C. § 1127(b) To (I) First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified And (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Plan Modification Order").

11.       On October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Plan of Reorganization"), which had been approved by this Court pursuant to the Plan Modification Order (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Plan of Reorganization, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively.

D.       The Statutory Background

12.       The environmental liabilities resolved by the Settlement Agreement derive primarily from two federal statutes.  The first of these, CERCLA, is generally directed at cleaning up sites contaminated with hazardous substances.  The second, RCRA, is a "cradle-to-grave" statute that regulates the handling of hazardous wastes from the time they are generated until disposal.

(i)      Overview Of CERLCA

13.      CERCLA was enacted to provide a framework for cleanup of the nation's

worst hazardous waste sites.  The primary goal of CERCLA is to protect and preserve public

health and the environment from the effects of releases or threatened releases of hazardous

substances to the environment.  See New York v. Shore Realty Corp., 759 F. 2d 1032, 1040 n.7

(2d Cir. 1985).

14.      CERCLA also created a Hazardous Substance Superfund (the "Superfund")

to finance federal response actions undertaken pursuant to Section 104(a) of

CERCLA.  The Superfund was established under 26 U.S.C. § 9507.  Although CERCLA

authorizes cleanup of hazardous waste sites using money provided by the Superfund, the

Superfund is a limited source and cannot finance cleanup of all of the many hazardous waste

sites nationwide. See S. Rep. No. 96-842, 848, 96th Cong., 2d Sess. at 17-18 (1980), reprinted

in 1 Sen. Comm. on Env't & Pub. Works, Legislative History of CERCLA 305, 324-25 (1983).

15.      Accordingly, Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), permits

the United States to recover its costs of responding to releases of hazardous substances from

potentially responsible parties ("PRPs").  Pursuant to Section 107(a), PRPs include the owners

and operators of Superfund sites at the time of the disposal of hazardous substances at the sites,

the current owners and operators of Superfund sites, as well as the generators and transporters of

hazardous substances sent to Superfund sites.  See United States v. Alcan Aluminum Corp., 990

F. 2d 711, 722 (2d Cir. 1993); O'Neil v. Picillo, 883 F. 2d 176, 178 (1st Cir. 1989) ; United

States v. Monsanto, 858 F. 2d 160, 168-171 (4th Cir. 1988).  While Delphi and its Debtor

affiliates never owned or operated the Superfund sites described in the EPA's Claim, nor

generated or transported hazardous substances disposed at those locations, the United States

asserted that the Debtors have successor liability.

7

16.     Sections 104(a) and (b) of CERCLA, 42 U.S.C. §§ 9604(a) and (b),
authorize EPA to use Superfund monies to investigate the nature and extent of hazardous
substance releases from contaminated sites and to clean up those sites. Moreover, pursuant to
Section 106 of CERCLA, 42 U.S.C. § 9606, EPA may issue unilateral administrative orders to
PRPs requiring them to clean up sites, may seek injunctive relief through a civil action to secure
such relief, or may seek to reach agreements with PRPs through which they agree to perform the
necessary cleanup of sites. See 42 U.S.C. §§ 9604, 9606, and 9622.

(ii)     Overview Of RCRA

17.     RCRA, also known as the Solid Waste Disposal Act, 42 U.S.C. §§ 6901 et
seq., regulates generators and transporters of hazardous waste and owners and operators of
facilities that manage, treat, store, or dispose of hazardous wastes.  Pursuant to 42 U.S.C. §
6926(b)(1), EPA has authorized certain states to administer portions of the RCRA hazardous
waste management programs.  The United States retains authority to enforce an authorized
State's regulations as well as the federal portion of the program administered by the United States.
42 U.S.C. § 6928.

18.     RCRA regulations impose on owners and operators of hazardous waste
generation, treatment, storage, disposal, and transportation facilities certain obligations regarding
the manner in which solid and hazardous wastes are dealt with. See 42 U.S.C. §§ 6921-6925; 40
C.F.R. Subchapter I.  If the EPA determines that handling of solid waste may present an
imminent and substantial endangerment to health or the environment, it may issue a cleanup
order or seek injunctive relief against any person who has contributed or is contributing to the
handling, storage, treatment, transportation, or disposal of solid waste anywhere that solid waste
is located. 42 U.S.C. § 7003.

8

E.      Settlement Negotiations And The Settlement Agreement

19.      The Reorganized Debtors have been engaged in months of arms-length

negotiations with the United States in an effort to resolve Claim 14309.  The parties weighed the

merits, costs, risks and delays that litigation would entail against the value of the settlement.  The

settlement memorialized in the Settlement Agreement was reached after lengthy negotiations of

its terms among sophisticated counsel, in connection with the ongoing negotiation of a

potentially broader settlement resolving litigation pending in the United States District Court for

the Southern District of New York, styled Delphi Corporation, et al. v. United States of America,

No. 08 Civ. 4487 (PKC) (the "Delphi FICA Case").

20.      Moreover, resolution of the Reorganized Debtors' purported liability with

respect to Claim 14309 under the Settlement Agreement will remove uncertainty as to future

liability of the Reorganized Debtors.  But for the settlement with the United States on behalf of

EPA, the EPA would reserve the right to litigate whether the Reorganized Debtors are liable

under environmental law with respect to the sites specified in the Federal Register publication

giving notice of the settlement.  The Reorganized Debtors would, of course, reserve the right to

challenge any such assertion of liability on all applicable grounds.

21.      The salient terms of the Settlement Agreement are as follows:[2]

a.      Satisfaction Of Claim 14309.  Claim 14309 shall be allowed as a prepetition claim in the
amount of $857,582.52 against DPH-DAS LLC and shall be in full satisfaction of Claim
14309.  In accordance with section 553 of the Bankruptcy Code and article 11.9 of the
Plan of Reorganization and as more specifically set forth in section (e) below, the United

---

[2]      The following description represents only a summary of certain provisions of the proposed Settlement
Agreement; the Settlement Agreement itself should be referred to in its entirety for the specific terms and
conditions thereof.  In the event of any inconsistency between the Settlement Agreement and the summary
contained herein, the terms and conditions of the Settlement Agreement shall control. Capitalized terms used in
this summary of the salient terms of the Settlement Agreement and not defined herein shall have the meaning
ascribed to such terms in the Settlement Agreement.

States shall apply the allowed amount of Claim 14309 as a setoff against the refund owed to the Reorganized Debtors in connection with the settlement of the Delphi FICA Case. Consummation of the setoff described in the Settlement Agreement shall constitute the EPA's distribution under the Plan of Reorganization with respect to Claim 14309.

b.      <u>Preservation Of Releases And Discharge</u>.  Notwithstanding section (a) above, the Reorganized Debtors and EPA recognize and agree that, in accordance with Article 11.5 of the Plan of Reorganization and paragraph 64(i) of the Plan Modification Order, nothing in the Plan of Reorganization, Plan Modification Order, or the Settlement Agreement:

(i)     discharges, releases, or precludes any environmental liability that is not a claim (as that term is defined in the Bankruptcy Code), or any environmental claim (as the term "claim" is defined in the Bankruptcy Code) of a governmental unit that arises on or after the Effective Date;

(ii)     releases the Debtors or Reorganized Debtors from liability under environmental law as the owner or operator of property that such persons own or operate after the Effective Date;

(iii)     releases or precludes any environmental liability to a governmental unit on the part of any person other than the Debtors and Reorganized Debtors; or

(iv)     enjoins a governmental unit from asserting or enforcing, outside this Court, any liability described in this paragraph.

c.      <u>Covenant Not To Sue</u>.

(i)     In consideration of all of the foregoing, including, without limitation, the satisfaction of the Claim pursuant to section (a), EPA and the United States on behalf of EPA covenant not to file a civil action or to take any administrative or other civil action against the Debtors or Reorganized Debtors pursuant to Sections 106 and 107 of CERCLA or Section 7003 of RCRA with respect to the sites identified in the Federal Register publication giving notice of this settlement.

(ii)     The covenant not to sue set forth in subsection (c)(i) shall not apply to violations of any criminal laws.

(iii)     The covenant not to sue set forth in subsection (c)(i) extends only to those persons identified in the Settlement Agreement and does not extend to any other person. Nothing in the Settlement Agreement is intended as a covenant for any person or entity other than the Debtors, Reorganized Debtors, the United States, and the persons described in the Settlement Agreement.  The Parties reserve all rights which they may have against all other persons for any matter relating hereto.  The United States also specifically reserves, and the Settlement Agreement is without prejudice to, any action based on a failure to meet a requirement of the Settlement Agreement.  The United States also reserves, and the Settlement Agreement is without prejudice to, all rights against the Debtors, Reorganized Debtors, or other persons described in the Settlement Agreement for acts that occur after the date of lodging of the Settlement Agreement.

d.     <u>Covenant Not To Sue United States</u>.  Except as relates to the matters set forth in section (b) above, the Debtors and Reorganized Debtors covenant not to sue and agree not to assert or pursue any claims or causes of action against the United States and all of its agencies, departments, and instrumentalities with respect to the sites identified in the Federal Register publication giving notice of this settlement; <u>provided</u>, <u>however</u>, that with respect to all agencies, departments and instrumentalities of the United States other than EPA, the covenant not to sue shall not bar the Debtors and Reorganized Debtors from asserting any counterclaims against an agency, department or instrumentality that brings a claim or cause of action against the Debtors or Reorganized Debtors with respect to the sites identified in the Federal Register publication giving notice of this settlement but only to the extent that the counterclaim arises from the same response action, response costs, or damages sought by the agency, department, or instrumentality.

e.     <u>Allocation</u>.  The Debtors and Reorganized Debtors recognize that EPA will allocate the money contemplated by the Settlement Agreement and to be received pursuant to the Settlement Agreement to specific Superfund sites and that such allocation is in the sole discretion of EPA.  EPA's decision as to allocation will be set forth in the Federal Register publication giving notice of this settlement.  The United States on behalf of EPA, the Debtors, and the Reorganized Debtors agree that the covenant not to sue set forth in section (c)(i) in this settlement shall apply solely to the sites identified in the Federal Register publication giving notice of this settlement.  Debtors and Reorganized Debtors further agree that they shall not challenge in any manner EPA's allocation as set forth in the Federal Register or claim any credit in any manner for any site that is not set forth in the Federal Register publication giving notice of this settlement.

f.     <u>The United States on behalf of EPA's Administrative Expense Application</u>.  Except as relates to the sites identified in the Federal Register publication giving notice of this Settlement Agreement: (i) the Settlement Agreement is without prejudice to the amended administrative expense application submitted by the United States, on behalf of EPA, dated November 4, 2009 ("Claim 19786") and (ii) nothing in this Settlement Agreement shall be construed to resolve Claim 19786.  The United States on behalf of EPA and EPA acknowledge that Claim 19786 does not seek any recovery with respect to the sites identified in the Federal Register publication giving notice of this Settlement Agreement.

g.     <u>Contribution Protection</u>.  The parties to the Settlement Agreement agree that the Settlement Agreement constitutes a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that the Debtors and Reorganized Debtors are entitled, as of the date of the setoff described in the Settlement Agreement, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for "matters addressed" in the Settlement Agreement.  Subject to section (b) above, the "matters addressed" in the Settlement Agreement, as that phrase is used in Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), include all liabilities covered by the Claim.

h.     <u>Public Comment Period And Approval Of Settlement Agreement</u>.

11

(i)     The Settlement Agreement shall be subject to public comment for a period following publication of notice of the Settlement Agreement in the Federal Register.  After the conclusion of the public comment period, the United States will file with the Bankruptcy Court any comments received, as well as the United States' responses to the comments, and, if appropriate, will seek approval of the Settlement Agreement under environmental laws.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Settlement Agreement disclose facts or considerations which indicate that the Settlement Agreement is not in the public interest.  If the United States determines that this Settlement Agreement is in the public interest and files a pleading with the Bankruptcy Court seeking approval of this Settlement Agreement, that filing terminates the right of the United States to withdraw from, or withhold its consent to, this Settlement Agreement.

(ii)    If for any reason (a) the Settlement Agreement is withdrawn by the United States or the Reorganized Debtors as provided in section (h)(i), (b) the Settlement Agreement is not approved by the Bankruptcy Court, or (c) the FICA settlement agreement never becomes effective:  (x) the Settlement Agreement shall be null and void and the parties shall not be bound hereunder or under any documents executed in connection herewith; (y) the parties shall have no liability to one another arising out of or in connection with the Settlement Agreement or under any documents executed in connection herewith; and (z) the Settlement Agreement and any documents prepared in connection herewith shall have no residual or probative effect or value, and it shall be as if they had never been executed.

<u>Jurisdiction And Venue</u>

22.     This matter arises under title 11 of the United States Code or arises in a case under title 11 of the United States Code.  This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 157, and 1334, as provided in the Plan of Reorganization (Docket No. 18707 Ex. A art. XIII), and the Plan Modification Order (Docket No. 18707 ¶ 56).  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  This Court is the proper venue for this matter pursuant to 28 U.S.C. §§ 157 and 1409.

23.     Bankruptcy courts in this district regularly approve similar environmental settlement agreements.  <u>See, e.g.</u>, <u>In re Chemtura Corp.</u>, Case No. 09-11233 (Bankr. S.D.N.Y. Dec. 7, 2010) (Gerber, J.); <u>In re Motors Liquidation Co.</u>, Case No. 09-50026 (Bankr. S.D.N.Y.

Jun. 17, 2011) (Gerber, J.); In re Tronox Inc., Case No. 09-10156 (Bankr. S.D.N.Y. Jan. 26, 2011)

(Gropper, J.).

Relief Requested

24.     The Reorganized Debtors respectfully request that, should the United

States file papers in support of this Motion, this Court enter the enclosed form of order,

approving the Settlement Agreement as fair, reasonable, and in the public interest.

Applicable Authority

A.    The Court Has Authority To Approve The Settlement Agreement Resolving
      Claim 14309

25.     Since the Effective Date, the Reorganized Debtors have had broad

authority to compromise and settle claims against the Debtors "without the need for further

approval of the Bankruptcy Court." (Docket No. 18707 Ex. A art. 11.3.) However, the United

States will provide notice of the Settlement Agreement by publication in the Federal Register and

an opportunity for public comment on the proposed settlement. Provided that the United States

determines at the end of the public comment period that the Settlement Agreement is in the

public interest, the Court should approve the Settlement Agreement. And although the Plan of

Reorganization gave the Reorganized Debtors broad authority to settle claims without further

Court approval, such approval is necessary here because the Court must confirm that the terms of

the Settlement Agreement, which compromises and allows Claim 14309, are fair, reasonable,

and consistent with environmental law.

B.    This Court Should Approve The Settlement Agreement

26.     As noted above, if the United States decides to proceed with the settlement

after the public comment period has run, the United States will file supportive papers seeking

13

approval of the Settlement Agreement under environmental law.  For the reasons set forth below,

the Reorganized Debtors believe that such approval should be granted.

27.    Under environmental law, approval of a Settlement Agreement is a

judicial act committed to the informed discretion of the Court.  Publicker Indus. Inc. v. United

States (In re Cuyahoga), 908 F. 2d 110, 118 (2d Cir. 1992); Cannons Eng'g, 720 F. Supp. at 1035.

Judicial review of a settlement negotiated by the United States to protect the public interest is

subject to special deference; the Court should not engage in "second-guessing the Executive

Branch." Cannons Eng'g, 899 F. 2d at 84; In re Cuyahoga, 980 F. 2d at 118 (noting the "usual

deference given" to the EPA); New York v. Solvent Chem. Corp., 984 F. Supp. 160, 165

(W.D.N.Y. 1997) ("This Court recognizes that its function in reviewing consent decrees

apportioning CERCLA liability is not to substitute its judgment for that of the parties to the

decree but to assure itself that the terms of the decree are fair and adequate and are not unlawful,

unreasonable, or against public policy." (internal quotation marks omitted)).[3]

28.    As discussed below, the Court should approve the Settlement Agreement

because it is fair, reasonable, in the public interest, and furthers the goals of CERCLA and

RCRA. See Charles George Trucking, 34 F.3d at 1084; Cannons Eng'g, 899 F. 2d at 85; Solvent

Chem. Corp., 984 F. Supp. at 166; Hooker Chem. 540 F. Supp. at 1073 ("the task has been to

examine the proposal and determine whether it is a fair and adequate settlement and whether its

implementation will reflect concern for the problems for which Congress has enacted the various

environmental statutes.").

---

[3]    An evidentiary hearing is not required in order to evaluate a proposed CERCLA consent decree because such
hearings would frustrate the statutory goal of expeditious settlement; hearing requests are therefore routinely
and properly denied. See United States v. Charles George Trucking Inc., 34 F.3d 1081, 1085 (1st Cir. 1994);
Cannons Eng'g, 899 F. 2d at 94.  This "limited standard of review reflects a clear policy in favor of settlements."
Solvent Chem. Corp., 984 F. Supp. at 165.

(i)    The Settlement Agreement Is Fair

29.    The fairness criterion of a CERCLA settlement integrates both procedural fairness and substantive fairness. Cannons Eng'g, 899 F. 2d at 86-88.  To measure procedural fairness, the Court "should ordinarily look to the negotiation process and gauge its candor, openness, and bargaining balance." Id. at 86.  The Reorganized Debtors' believe the proposed Settlement Agreement is procedurally fair because it was negotiated at arm's length over many months, with good faith participation by governmental actors and parties who were represented by experienced counsel. See id. at 87 (finding CERCLA settlement procedurally fair based on criteria including an arms-length negotiation, experienced counsel, and good faith participation by settling agency).

30.    To measure "substantive" fairness, the Court considers whether the settlement is "based upon, and roughly correlated with, some acceptable measure of comparative fault, apportioning liability . . . according to rational (if necessarily imprecise) estimates of how much harm each PRP has done." Id. at 87; see also United States v. Davis, 261 F.3d 1, 24 (1st Cir. 2001); Charles George Trucking, 34 F.3d at 1087.  Claim 14309 asserts a number of causes of action regarding multiple sites.  The Reorganized Debtors believe they have strong defense against many of the causes of action, but recognize there is inherent litigation risk and that the issues raised by EPA involve complex issues of environmental liability.  The Reorganized Debtors have taken into account EPA's arguments regarding liability, the defenses to such liability, and the risks of further litigation and believe that the amount of the allowed Claim represents a substantively fair resolution of the Reorganized Debtors' potential liabilities, taking into account the uncertainties and litigation risks involved.

(ii)    The Settlement Agreement Is Reasonable

31.    Courts evaluating the reasonableness of CERCLA settlements have considered three factors: (i) technical adequacy of the work to be performed; (ii) satisfactory compensation to the public; and (iii) the risks, costs, and delays inherent in litigation. See Charles George Trucking, 34 F.3d at 1085; Cannons Eng'g, 899 F. 2d at 89-90; see also United States v. Montrose Chemical Co., 50 F.3d 741, 746 (9th Cir. 1996) (Court evaluates whether CERCLA settlement is fair, reasonable, and consistent with CERCLA).

32.    Although the first prong of the reasonableness inquiry is not at issue in this settlement, the Settlement Agreement satisfies the other, necessarily intertwined, considerations relevant to reasonableness.  As discussed above, the United States will receive an allowed claim for the Superfund sites totaling more than $850,000, with provision for setoff against the FICA refund owed to the Reorganized Debtors without litigation risk.  Moreover, the proposed Settlement Agreement contains a covenant not to sue regarding the Superfund sites to be listed in the Federal Register publication giving notice of the Settlement Agreement. CERCLA encourages settlements by providing parties who settle with the United States protection from contribution claims for matters addressed in the settlement. See 42 U.S.C. § 9613(f)(2).  Consistent with this provision, the proposed Settlement Agreement provides the Reorganized Debtors with contribution protection for the matters addressed in the Settlement Agreement.

33.    The Settlement Agreement satisfactorily compensates the public, and reasonably balances myriad competing factors, including the extent of Reorganized Debtors' liability in light of the litigation risks and costs, the litigation risks associated with the United States' proof of claim, and the need to recover funds for cleanup, and to minimize the expense

and potential delay of protracted litigation.  Accordingly, the proposed Settlement Agreement is reasonable.

      (iii)      <u>The Settlement Agreement Is Consistent With The Goals Of CERLA And RCRA</u>

      34.      The primary goals of CERCLA are to "encourage prompt and effective responses to hazardous waste releases and to impose liability on responsible parties," and to "encourage settlements that would reduce the inefficient expenditure of public funds on lengthy litigation." <u>In re Cuyahoga</u>, 980 F. 2d at 119.  The Settlement Agreement furthers these statutory goals.

      35.      The settlement meets CERCLA's statutory goal of providing final resolution of liability for settling parties. Moreover, the proposed Settlement Agreement serves CERCLA's goal of reducing, where possible, the litigation and transaction costs associated with response actions, as well as the public policy favoring settlement to reduce costs to litigants and burdens on the courts. <u>See</u> <u>Solvent Chem. Corp.</u>, 984 F. Supp. at 165; <u>Hooker Chem.</u>, 540 F. Supp. at 1072.

Notice

      36.      Notice of this Motion has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Twenty-Fourth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered August 1, 2011 (Docket No. 21507).  To be clear, the Reorganized Debtors are not providing notice of this Motion to any parties related

17

to the Superfund sites because such parties either did not file a claim relating to the Superfund sites in the Settlement Agreement or their claims have been disallowed and expunged.  Therefore, the Reorganized Debtors do not believe such parties have a particularized interest in the relief requested.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Reorganized Debtors respectfully request that this Court enter

an order approving the Settlement Agreement and granting the Reorganized Debtors such other

and further relief as is just.

Dated: New York, New York
       October 4, 2011

                               SKADDEN, ARPS, SLATE, MEAGHER
                                 & FLOM LLP

                    By:  /s/ Ron E. Meisler
                              John Wm. Butler, Jr.
                              John K. Lyons
                              Albert L. Hogan, III
                              Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois 60606

                               - and -

                              Four Times Square
                              New York, New York 10036

                              Attorneys for DPH Holdings Corp., et al.,
                              Reorganized Debtors

## Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DPH HOLDINGS CORP., *et al.*, | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | Jointly Administered |

## SETTLEMENT AGREEMENT AMONG THE REORGANIZED DEBTORS
## AND THE UNITED STATES OF AMERICA

THIS AGREEMENT, dated as of October 4, 2011 (this "Settlement Agreement"), is entered into by and between DPH Holdings Corp. and its affiliated reorganized debtors, including DPH-DAS LLC, in the above-captioned cases (collectively, the "Reorganized Debtors") and the United States of America (the "United States"), on behalf of the United States Environmental Protection Agency ("EPA").

## RECITALS

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

WHEREAS, on July 31, 2006, the United States, on behalf of EPA, filed proof of claim number 14309 ("Claim 14309" or the "Claim") against Delphi Automotive Systems LLC, contending, *inter alia*, that the Debtors have liability: (i) under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*; (ii) for work requirements arising under court orders, administrative orders, and other regulatory requirements imposed by law; and (iii) under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 *et seq.*

WHEREAS, on October 31, 2006, the Debtors objected to Claim 14309 pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection") but subsequently withdrew its objection to Claim 14309.

WHEREAS, on June 22, 2009, the Debtors objected to Claim 14309 pursuant to the Debtors' Thirty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain Pension And OPEB Claims, (B) Certain Individual Workers' Compensation Claims, (C) Certain Duplicate And/Or Amended Individual Workers' Compensation Claims, (D) Certain Untimely Individual Workers' Compensation Claims, (E) A Secured Books And Records Claim, And (F) Certain Untimely Claims, (II) Modify Certain (A) Wage And Benefit Claims, (B) State Workers' Compensation Claims, And (C) Individual Workers' Compensation Claims Asserting Priority, (III) Provisionally Disallow Certain Union Claims, And (IV) Modify And Allow Certain Settled Claims (Docket No. 17182) (the "Thirty-Fourth Omnibus Claims Objection").

WHEREAS, on July 16, 2009, the United States, on behalf of EPA, filed the United States Of America's Response To Debtors' Objection To The Claim Of The United States Environmental Protection Agency (Claim No. 14309) (Docket No. 18330) (the "Response").

WHEREAS, on July 30, 2009, the Bankruptcy Court entered its Order Approving Modifications Under 11 U.S.C. § 1127(b) To (I) First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified And (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Plan Modification Order").

WHEREAS, on October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Plan of Reorganization"), which had been approved by the Bankruptcy Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Plan of Reorganization, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively.

WHEREAS, Article 9.6(a) of the Plan of Reorganization provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

WHEREAS, on October 5, 2010, the Bankruptcy Court entered an order regarding certain environmental claims (Docket No. 20658) (the "October 5, 2010 Order").

WHEREAS, an action is pending in the United States District Court for the Southern District of New York styled *Delphi Corporation, et al. v. United States of America*, No. 08 Civ. 4487 (PKC) (the "Delphi FICA Case").

WHEREAS, the Reorganized Debtors will tender to the United States an offer (the "FICA Settlement Offer") to resolve the Delphi FICA Case.

WHEREAS, the FICA Settlement Offer will provide that in connection with the resolution of the Delphi FICA Case, a certain amount of the refund due and owing to the

Reorganized Debtors shall be available for offset against certain claims in the chapter 11 proceedings in the Bankruptcy Court, including Claim 14309.

WHEREAS, in connection with the FICA Settlement Offer and to resolve the Thirty-Fourth Omnibus Claims Objection and the Response with respect to Claim 14309, the Reorganized Debtors acknowledge and agree that Claim 14309 shall be allowed as a prepetition claim against DPH-DAS LLC, in accordance with the terms of the Plan of Reorganization as provided herein.

NOW, THEREFORE, in consideration of the premises set forth above and by execution of this Settlement Agreement, the Reorganized Debtors and the United States agree as follows:

1.      <u>Satisfaction of Claim 14309</u>.  Claim 14309 shall be allowed as a prepetition claim in the amount of $857,582.52 against DPH-DAS LLC and shall be in full satisfaction of Claim 14309.  In accordance with section 553 of the Bankruptcy Code and article 11.9 of the Plan of Reorganization and as more specifically set forth in paragraphs 5-6 herein, the United States shall apply the allowed amount of Claim 14309 as a setoff against the refund owed to the Reorganized Debtors in connection with the settlement of the Delphi FICA Case. Consummation of the setoff described in the Settlement Agreement shall constitute the United States on behalf of EPA's distribution and rights provided under the Plan of Reorganization with respect to Claim 14309, and the United States on behalf of EPA shall be entitled to no further distributions or other payments under the Plan of Reorganization on account of Claim 14309.

2.      Notwithstanding paragraph 1, the Reorganized Debtors and EPA recognize and agree that, in accordance with Article 11.5 of the Plan of Reorganization and paragraph 64(i) of the Plan Modification Order, nothing in the Plan of Reorganization, Plan Modification Order, or this Settlement Agreement:

(a)     discharges, releases, or precludes any environmental liability that is not a claim (as that term is defined in the Bankruptcy Code), or any environmental claim (as the term "claim" is defined in the Bankruptcy Code) of a governmental unit that arises on or after the Effective Date;

(b)     releases the Debtors or Reorganized Debtors from liability under environmental law as the owner or operator of property that such persons own or operate after the Effective Date;

(c)     releases or precludes any environmental liability to a governmental unit on the part of any person other than the Debtors and Reorganized Debtors; or

(d)     enjoins a governmental unit from asserting or enforcing, outside the Bankruptcy Court, any liability described in this paragraph.

3.      <u>Covenant Not to Sue</u>.  In consideration of all of the foregoing, including, without limitation, the satisfaction of the Claim pursuant to paragraph 1, EPA and the United States on behalf of EPA covenant not to file a civil action or to take any administrative or other civil action against the Debtors or Reorganized Debtors pursuant to Sections 106 and 107 of CERCLA or

3

Section 7003 of RCRA with respect to the sites to which EPA applies the Settlement Amount, as identified in the Federal Register publication giving notice of this settlement.

4.      Without in any way limiting the covenant not to sue as set forth in paragraph 3, and notwithstanding any other provision of this Settlement Agreement, such covenants not to sue shall also apply to each of the Debtors' and Reorganized Debtors' successors and assigns, officers, directors, employees, and trustees, but only to the extent that the alleged liability of the successor or assign, officer, director, employee, or trustee of any Debtor or Reorganized Debtor is based solely on its status as and in its capacity as a successor or assign, officer, director, employee, or trustee of any Debtor or Reorganized Debtor.

5.      The Debtors and Reorganized Debtors recognize that EPA will allocate the money contemplated by this settlement and to be received pursuant to the settlement of the Delphi FICA Case to specific Superfund sites and that such allocation is in the sole discretion of EPA. EPA's decision as to allocation will be set forth in the Federal Register publication giving notice of this settlement. The United States on behalf of EPA, the Debtors, and the Reorganized Debtors agree that the covenant not to sue set forth in paragraph 3 in this settlement shall apply solely to the sites identified in the Federal Register publication giving notice of this settlement. Debtors and Reorganized Debtors further agree that they shall not challenge in any manner EPA's allocation as set forth in the Federal Register or claim any credit in any manner for any site that is not set forth in the Federal Register publication giving notice of this settlement.

6.      Any funds received by EPA for a site specified in the Federal Register publication giving notice of this settlement shall be deposited into the EPA special account for that site within the Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the site, or to be transferred to the Hazardous Substance Superfund.

7.      The United States on behalf of EPA, the Debtors, and the Reorganized Debtors recognize that: (i) the Debtors and Reorganized Debtors are entering into this agreement to facilitate the settlement of certain tax refund issues with the United States and to reduce litigation expenses; (ii) the Debtors and Reorganized Debtors make no admission of liability with respect to any liabilities addressed in this settlement agreement; (iii) regardless of the allocation of setoff decisions made by EPA , the October 5, 2010 Order held that, for the reasons articulated by the Bankruptcy Court at a hearing on September 24, 2010, the Debtors are not liable as corporate successors with respect to certain Superfund sites "under any of the doctrines of corporate successor liability, including mere continuation, de facto merger or assumption of liabilities"; (iv) EPA was not a party to the claims objection proceeding or any hearings leading up to the October 5, 2010 Order, and (v) but for this Settlement Agreement, the United States would reserve the right to litigate whether Debtors or Reorganized Debtors are liable under CERCLA with respect to the sites specified in the Federal Register publication giving notice of this settlement, and the Debtors and Reorganized Debtors would reserve the right to challenge any such assertion of liability on all applicable grounds, including, if applicable, whether the October 5, 2010 Order precludes such liability.

8.      The covenant not to sue set forth in paragraph 3 shall not apply to violations of any criminal laws.

4

9.      The covenant not to sue contained in paragraph 3 extends only to the Debtors, Reorganized Debtors, and the persons described in paragraph 4 above and does not extend to any other person.  Nothing in this Settlement Agreement is intended as a covenant for any person or entity other than the Debtors, Reorganized Debtors, the United States, and the persons described in paragraph 4.  The United States, Debtors, and Reorganized Debtors expressly reserve all Claims, demands, and causes of action, either judicial or administrative, past, present, or future, in law or equity, which they may have against all other persons for any matter relating hereto. The covenant set forth in paragraph 3 does not pertain to any matters other than those expressly specified therein.  The United States also specifically reserves, and this Settlement Agreement is without prejudice to, any action based on a failure to meet a requirement of this Settlement Agreement.  The United States also reserves, and this Settlement Agreement is without prejudice to, all rights against the Debtors, Reorganized Debtors, or the persons described in paragraph 4 for acts by Debtors, Reorganized Debtors, or the persons described in paragraph 4 that occur after the date of lodging of this Settlement Agreement.  As used in the preceding sentence, the phrase "acts by the Debtors, Reorganized Debtors, or the persons described in paragraph 4 that occur after the date of lodging of this Settlement Agreement" does not include continuing or migrating releases relating to conduct occurring before the date of lodging of this Settlement Agreement.

10.     Except as relates to the matters set forth in paragraph 2 above, the Debtors and Reorganized Debtors hereby covenant not to sue and agree not to assert or pursue any claims or causes of action against the United States and all of its agencies, departments and instrumentalities with respect to the sites identified in the Federal Register publication giving notice of this settlement; provided, however, that with respect to all agencies, departments and instrumentalities of the United States other than EPA, this covenant not to sue shall not bar the Debtors and Reorganized Debtors from asserting any counterclaims against an agency, department or instrumentality that brings a claim or cause of action against the Debtors or Reorganized Debtors with respect to the sites identified in the Federal Register publication giving notice of this settlement but only to the extent that the counterclaim arises from the same response action, response costs, or damages sought by the agency, department, or instrumentality.

11.     Except as relates to the sites identified in the Federal Register publication giving notice of this Settlement Agreement: (i) this Settlement Agreement is without prejudice to the amended administrative expense application submitted by the United States, on behalf of EPA, dated November 4, 2009 ("Claim 19786") and (ii) nothing in this Settlement Agreement shall be construed to resolve Claim 19786.  The United States on behalf of EPA and EPA acknowledge that Claim 19786 does not seek any recovery with respect to the sites identified in the Federal Register publication giving notice of this Settlement Agreement.

12.     Contribution Protection.  The Parties agree, that this Settlement Agreement constitutes a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that the Debtors and Reorganized Debtors are entitled, as of the date of the setoff described in the Settlement Agreement, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for "matters addressed" in this Settlement Agreement.  Subject to paragraph 2 above, the "matters addressed" in this Settlement Agreement, as that phrase is used

5

in Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), include all liabilities covered by the Claim.

13.      The Debtors and Reorganized Debtors each agree that, with respect to any suit for contribution brought against any of them after the execution of the Settlement Agreement for matters related to this Settlement Agreement, they will notify EPA within fifteen business days of service of the complaint upon them.  In addition, in connection with such suit, the Reorganized Debtors shall notify the EPA within fifteen business days of service or receipt of any Motion for Summary Judgment and within fifteen business days of receipt of any order from a court setting a case for trial (provided, however, that the failure to notify EPA pursuant to this paragraph shall not in any way affect the protections afforded under paragraph 3 (Covenant Not to Sue)).

14.      The Reorganized Debtors will file a motion with the Bankruptcy Court seeking approval of this Settlement Agreement.  In response to this motion, the United States shall make the filing described in paragraph 15.

15.      This Settlement Agreement shall be subject to public comment for a period following publication of notice of the Settlement Agreement in the Federal Register.  After the conclusion of the public comment period, the United States will file with the Bankruptcy Court any comments received, as well as the United States' responses to the comments, and, if appropriate, will seek approval of the Settlement Agreement under environmental laws.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Settlement Agreement disclose facts or considerations which indicate that the Settlement Agreement is not in the public interest.  If the United States determines that this Settlement Agreement is in the public interest and files a pleading with the Bankruptcy Court seeking approval of this Settlement Agreement, that filing terminates the right of the United States to withdraw from, or withhold its consent to, this Settlement Agreement.

16.      If for any reason (i) the Settlement Agreement is withdrawn by the United States as provided in paragraph 15, (ii) the Settlement Agreement is not approved by the Bankruptcy Court, or (iii) the FICA settlement agreement never becomes effective: (a) this Settlement Agreement shall be null and void and the parties shall not be bound hereunder or under any documents executed in connection herewith; (b) the parties shall have no liability to one another arising out of or in connection with this Settlement Agreement or under any documents executed in connection herewith; and (c) this Settlement Agreement and any documents prepared in connection herewith shall have no residual or probative effect or value, and it shall be as if they had never been executed.

17.      Subject to paragraph 15, the parties agree to exercise all reasonable efforts to obtain prompt approval of this Settlement Agreement by the Bankruptcy Court.

18.      Effective Date.  The effective date of this Settlement Agreement (the "Effective Date") shall be the later of the following: (i) entry of an order approving this Settlement Agreement and (ii) the effectiveness of the agreement resolving the FICA Case.  Both (i) and (ii) in the preceding sentence must occur in order for this Settlement Agreement to be effective.

19.     <u>Withdrawal of Debtors' Objection to Claim 14309 and the Response</u>.   Upon the
Effective Date of this Settlement Agreement, as defined in paragraph 18 herein, the Debtors'
objection to Claim 14309 pursuant to the Thirty-Fourth Omnibus Claims Objection shall be
deemed withdrawn with prejudice, and the Response shall be deemed withdrawn with prejudice.

20.     <u>Governing Law</u>.  This Settlement Agreement shall be governed by, and construed
and enforced in accordance with, as appropriate, federal bankruptcy law and the laws of the State
of New York, without regard to conflicts of law principles.

21.     <u>Bankruptcy Court Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction to
adjudicate any disputes arising from or in connection with this Settlement Agreement.

22.     <u>No Party Deemed Drafter</u>.  This Settlement Agreement is being entered into
among competent persons who are experienced in business and represented by counsel, and has
been reviewed by the United States and its counsel.  Therefore, any ambiguous language in this
Settlement Agreement shall not be construed against any particular party as the drafter of such
language.

THE UNDERSIGNED PARTIES ENTER INTO THIS SETTLEMENT AGREEMENT

FOR THE UNITED STATES OF AMERICA

Date: _10-3-2011_          By: _____

W. BENJAMIN FISHEROW
Acting Chief, Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

Date: _____          By: _____

JOSEPH N. CORDARO
Assistant United States Attorney
Office of the United States Attorney for the
    Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007

8

23.    <u>Counterparts</u>.  This Settlement Agreement may be executed in any number of counterparts and by the different parties hereto in separate counterparts, each of which shall be deemed to be an original, but all of which taken together shall constitute one and the same agreement.  Delivery of an executed counterpart of this Settlement Agreement by facsimile or electronic mail shall be equally as effective as delivery of an original executed counterpart of this Settlement Agreement.

THE UNDERSIGNED PARTIES ENTER INTO THIS SETTLEMENT AGREEMENT

FOR THE UNITED STATES OF AMERICA

Date: _____    By: _____
                              W. BENJAMIN FISHEROW
                              Acting Chief, Environmental Enforcement Section
                              Environment and Natural Resources Division
                              United States Department of Justice

Date: _10_/_4_/_2011_    By: _____
                              JOSEPH N. CORDARO
                              Assistant United States Attorney
                              Office of the United States Attorney for the
                                  Southern District of New York
                              86 Chambers Street, Third Floor
                              New York, New York 10007

8

**FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**

Date: _____9-30-11_____          By: _____[signature]_____

Richard C. Karl, Director
Superfund Division – Region 5

FOR THE DEBTORS AND REORGANIZED DEBTORS


Date: 10/4/2011          By:    *Ron E. Meisler*

                           John Wm. Butler, Jr.
                           John K. Lyons
                           Ron E. Meisler
                           SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP
                           155 North Wacker Drive
                           Chicago, Illinois 60606

                                - and –

                           Four Times Square
                           New York, New York, 10036

877387-Chicago Server 2A - MSW

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                           :
      In re                               :      Chapter 11
                                           :
DPH HOLDINGS CORP., et al.,                :      Case No. 05-44481 (RDD)
                                           :
      Reorganized Debtors.                :      (Jointly Administered)
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN
REORGANIZED DEBTORS AND UNITED STATES COMPROMISING AND
ALLOWING PROOF OF CLAIM NUMBER 14309

Upon the motion, dated October 4, 2011 (the "Motion"),[1] of DPH Holdings Corp.

("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases

(collectively, the "Reorganized Debtors"), successors to Delphi Corporation ("Delphi") and

certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-

captioned cases (collectively, the "Debtors"), for entry of an order approving the settlement

agreement entered into between the Reorganized Debtors and the United States of America (the

"United States"), on behalf of the United States Environmental Protection Agency (the "EPA"),

compromising and allowing proof of claim number 14309 ("Claim 14309") filed by the United

States, on behalf of the EPA (the "Settlement Agreement"); and upon the pleading filed by the

United States in support of the Motion (the "Statement," and together with the Motion, the "Pleadings");

and this Court having jurisdiction to consider the Motion and the relief requested therein

pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

having been provided, and notice of the Settlement Agreement having been published in the

Federal Register for public comment, and it appearing that no other or further notice need be

provided; and the Court having found and concluded that the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.     The Motion is granted.

2.     The Settlement Agreement is approved as fair, reasonable, and consistent

with environmental law.

3.     Claim 14309 shall be allowed as a prepetition claim in the amount of

$857,582.52 against DPH-DAS LLC and shall be in full satisfaction of Claim 14309.

4.     Consistent with paragraph 2 of the Settlement Agreement, nothing in this

Order alters the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain

Affiliates, Debtors And Debtors-In-Possession, As Modified or this Court's Order Approving

Modifications Under 11 U.S.C. § 1127(b) To (I) First Amended Joint Plan Of Reorganization Of

Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified

And (II) Confirmation Order (Docket No. 12359) (Docket No. 18707).

5.     Except as it relates to the sites identified in the Federal Register

publication giving notice of the Settlement Agreement: (i) the Settlement Agreement is without

prejudice to the amended administrative expense application submitted by the United States, on

behalf of EPA, dated November 4, 2009 ("Claim 19786") and (ii) nothing in the Settlement

Agreement shall be construed to resolve Claim 19786.

2

6.      The United States, on behalf of the EPA, is hereby authorized to apply the allowed amount of Claim 14309 as a setoff against the refund owed to the Reorganized Debtors in connection with the settlement of the Delphi FICA Case.

7.      The effectiveness of the Settlement Agreement is subject to a proposed settlement of the action Delphi Corporation, et al. v. United States, No. 08 Civ. 4487 (PKC) (S.D.N.Y.).  In the event the proposed settlement of that action never becomes effective, the parties shall file a joint notice indicating that the settlement of the Delphi FICA Case is not effective, which notice shall render this Order null and void, and the parties shall not be bound hereunder, or under any documents executed in connection with the Settlement Agreement or this Order.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this order.

Dated:  White Plains, New York
          October __, 2011

_____
UNITED STATES BANKRUPTCY JUDGE

3

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

DPH Holdings Corp.  Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                 :

In re                         :        Chapter 11
                                 :

DPH HOLDINGS CORP., et al.,      :        Case No. 05-44481 (RDD)
                                 :

              Reorganized Debtors.    :        (Jointly Administered)
                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF MOTION OF REORGANIZED DEBTORS' FOR ORDER APPROVING
SETTLEMENT AGREEMENT BETWEEN REORGANIZED DEBTORS AND UNITED
STATES COMPROMISING AND ALLOWING PROOF OF CLAIM NUMBER 14309

PLEASE TAKE NOTICE that on October 4, 2011, DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), filed a Motion For Order Approving Settlement Agreement Between Reorganized Debtors And United States Compromising And Allowing Proof Of Claim Number 14309 (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Motion will be held on October 24, 2011 at 10:00 a.m. (prevailing Eastern time) (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) ("Supplemental Case Management Order"), and the Twenty-Fourth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered August 1, 2011 (Docket No. 21507) (together with the Supplemental Case Management Order, the "Case Management Orders"), , (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing

2

format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D.

Drain, United States Bankruptcy Judge, and (e) be served upon (i) DPH Holdings Corp., 5725

Delphi Drive, Troy, Michigan 48098 (Att'n: President), (ii) counsel to the Reorganized Debtors,

Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606

(Att'n: John Wm. Butler, Jr., John K. Lyons, and Ron. E. Meisler), (iii) the Office of the United

States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York,

New York 10004 (Att'n: Brian S. Masumoto), and (iv) counsel for the agent under the Debtors'

former postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York,

New York 10017 (Att'n: Donald S. Bernstein and Brian M. Resnick) in each case so as to be

**received** no later than **4:00 p.m. (prevailing Eastern time) on October 17, 2011**.

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth

herein and in accordance with the Case Management Orders will be considered by the

Bankruptcy Court at the Hearing.  If no objections to the Motion are timely filed and served in

accordance with the procedures set forth herein and in the Case Management Orders, the

Bankruptcy Court may enter an order granting the Motion without further notice.


Dated: New York, New York
       October 4, 2011

                                        SKADDEN, ARPS, SLATE, MEAGHER
                                          & FLOM LLP

                                  By: /s/ Ron E. Meisler
                                      John Wm. Butler, Jr.
                                      John K. Lyons
                                      Albert L. Hogan, III
                                      Ron E. Meisler
                                      155 North Wacker Drive
                                      Chicago, Illinois 60606

                                              - and -

                                      Four Times Square
                                      New York, New York 10036

                                      Attorneys for DPH Holdings Corp., et al.,
                                        Reorganized Debtors

# EXHIBIT C

**Hearing Date: October 24, 2011**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Albert L. Hogan III
Ron E. Meisler

  - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
|  |  |  |
|---|---|---|
|  | : |  |
| In re | : | Chapter 11 |
|  | : |  |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Reorganized Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## PROPOSED SEVENTY-FIRST OMNIBUS HEARING AGENDA

Location Of Hearing:    United States Bankruptcy Court for the Southern District of New York,
                         300 Quarropas Street, Room 118, White Plains, New York 10601-4140

The matters set for hearing are divided into the following categories for the purposes of this Proposed Seventy-First Omnibus Hearing Agenda:

     A.     Introduction

     B.     Continued Or Adjourned Matters (4 Matters)

     C.     Uncontested, Agreed, Withdrawn, Or Settled Matters (None)

     D.     Contested Matters (2 Matters)

     E.     Adversary Proceedings (2 Matters)

**A.**     **Introduction**

**B.**     **Continued Or Adjourned Matters\***

     1.     **"Motion by Reorganized Debtors to Enforce Judgment Against Charles Tebele"** -- Plaintiff's Motion To Enforce Judgment Against Non-Party Charles Tebele (Ad. Pro. Case No. 06-1902 Docket No. 18)

| | |
|---|---|
| *Responses filed:* | *None* |
| *Replies filed:* | *None.* |
| *Related filings:* | *Consent Judgment (Ad. Pro. Case No. 06-1902 Docket No. 12)* |
| | *Order Establishing Notice Procedure (Ad. Pro. Case No. 06-1902 Docket No. 16)* |
| | *Affidavit Of Service Of Evan Feldman (Docket No. 21565)* |
| | *Letter To Honorable Robert D Drain Confirming Adjournment Of Plaintiff's Motion To Enter And Enforce Judgment Against Non-Party Charles Tebele (Ad. Pro. Case No. 06-1902 Docket No. 19)* |

---

\*     The motion found at the following docket number that appeared on a previous Proposed Omnibus Hearing Agenda has been voluntarily withdrawn from the agenda and would need to be re-noticed under the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 17, 2006 (Docket No. 2883), to be reinstated on a future Proposed Omnibus Hearing Agenda:  Methode Electronics, Inc.'s Setoff Motion [Docket No. 4912].

*Status:*          *The hearing with respect to this matter has been adjourned to the November 17, 2011 hearing pursuant to an agreement of the parties.*

2.   **"Motion by Reorganized Debtors To Enforce Plan Injunction Against Oldco Trustee"**-- Reorganized Debtors' Motion for Order (I) Enforcing Modification Procedures Order, Modified Plan and Plan Modification Order Injunctions Against Trustee for the Oldco M Distribution Trust, and (II) Directing Trustee to Dismiss Action to Recover Discharged Claim (Docket No. 21556)

*Responses filed:*     *None*

*Replies filed:*       *None.*

*Related filings:*     *Notice of Reorganized Debtors' Motion for Order (I) Enforcing Modification Procedures Order, Modified Plan and Plan Modification Order Injunctions Against Trustee for the Oldco M Distribution Trust, and (II) Directing Trustee to Recover Discharged Claim ("Oldco Trustee Injunction Motion") [re: Docket No. 21556] (Docket No. 21557)*

*[Proposed] Order (I) Enforcing Modification Procedures Order, Modified Plan and Plan Modification Order Injunctions Against Trustee for the Oldco M Distribution Trust, and (II) Directing Trustee to Dismiss Action to Recover Discharged Claim ("Oldco Trustee Injunction Order") (Docket No. 21558)*

*Certificate of Service of Thomas B. Radom re: 1) Reorganized Debtors' Motion for Order (I) Enforcing Modification Procedures Order, Modified Plan and Plan Modification Order Injunctions Against Trustee for the Oldco M Distribution Trust, and (II) Directing Trustee to Dismiss Action to Recover Discharged Claim ("Oldco Trustee Injunction Motion") [Docket No. 21556]; 2) Notice of Reorganized Debtors' Motion for Order (I) Enforcing Modification Procedures Order, Modified Plan and Plan Modification Order Injunctions Against Trustee for the Oldco M Distribution Trust, and (II) Directing Trustee to Dismiss Action to Recover Discharged Claim ("Oldco Trustee Injunction Order") (re: Docket No. 21556) [Docket No. 21557]; and 3) Order (I) Enforcing Modification Procedures Order, Modified Plan and Plan Modification Order Injunctions Against Trustee for the Oldco M Distribution Trust, and (II) Directing Trustee to Dismiss Action to Recover*

3

*Discharged Claim ("Oldco Trustee Injunction Order")
[Docket No. 21558] (Docket No. 21559)*

*Amended Certificate of Service of Thomas B. Radom re: 1)
Reorganized Debtors' Motion for Order (I) Enforcing
Modification Procedures Order, Modified Plan and Plan
Modification Order Injunctions Against Trustee for the Oldco
M Distribution Trust, and (II) Directing Trustee to Dismiss
Action to Recover Discharged Claim ("Oldco Trustee
Injunction Motion") [Docket No. 21556]; 2) Notice of
Reorganized Debtors' Motion for Order (I) Enforcing
Modification Procedures Order, Modified Plan and Plan
Modification Order Injunctions Against Trustee for the Oldco
M Distribution Trust, and (II) Directing Trustee to Dismiss
Action to Recover Discharged Claim ("Oldco Trustee
Injunction Motion") (re: Docket No. 21556) [Docket No.
21557]; and 3) [Proposed] Order (I) Enforcing Modification
Procedures Order, Modified Plan and Plan Modification
Order Injunctions Against Trustee for the Oldco M
Distribution Trust, and (II) Directing Trustee to Dismiss
Action to Recover Discharged Claim ("Oldco Trustee
Injunction Order") [Docket No. 21558] (Docket No. 21561)*

*Declaration of Dean R. Unrue, Claims Administrator, in
Support of Reorganized Debtors' Motion for Order (I)
Enforcing Modification Procedures Order, Modified Plan
and Plan Modification Order Injunctions Against Trustee for
the Oldco M Distribution Trust, and (II) Directing Trustee to
Dismiss Action to Recover Discharged Claim [re: Docket No.
21556] (Docket No. 21562)*

*Letter Filed By Tina N. Moss On Behalf Of Executive
Sounding Board Associates Inc., As Trustee For The Oldco M
Distribution Trust [Re: Docket No. 21556] (Docket No.
21568)*

*Notice Of Adjourned Hearing On Reorganized Debtors'
Motion For Order (I) Enforcing Modification Procedures
Order, Modified Plan And Plan Modification Order
Injunctions Against Trustee For The Oldco M Distribution
Trust, And (II) Directing Trustee To Dismiss Action To
Recover Discharged Claim (Docket No. 21578)*

*Status:*          *The hearing with respect to this matter has been adjourned to
the November 17, 2011 hearing pursuant to an agreement
among the parties.*

4

3.    **"Motion by Reorganized Debtors To Approve Settlement With United States"**
**--** Reorganized Debtors' Motion for Order Approving Settlement Agreement
Between Reorganized Debtors And United States Compromising and Allowing
Proof of Claim Number 14309 ("Motion to Approve EPA Settlement") (Docket No.
21605)

|  |  |
|---|---|
| *Responses filed:* | *None.* |
| *Replies filed:* | *None.* |
| *Related filings:* | *None.* |
| *Status:* | *The hearing with respect to this matter has been adjourned to the November 17, 2011 hearing.* |

4.    **"Motion by James Grai To Lift Stay"** -- Letter Requesting Relief From The Stay
So That The State Of Michigan State Worker's Compensation Commission Can
Disburse The Allocated Funds To Disabled Workers Filed By James Michael Grai
(Docket No. 21574)

|  |  |
|---|---|
| *Responses filed:* | *Response To Letter Submitted By James Michael Grai (Docket No. 21652)* |
| *Replies filed:* | *None.* |
| *Related filings:* | *Joinder To Lift Automatic Stay (Docket No. 21665)* |
|  | *Defendants Michigan Workers' Compensation Agency's And Michigan Funds Administration's Response To Letter Written By James Michael Grai (Docket No. 21666)* |
| *Status:* | *The hearing with respect to this matter has been adjourned to the November 17, 2011 hearing pursuant to an agreement among the parties.* |

**C.    Uncontested, Agreed, Withdrawn, Or Settled Matters**

        *None.*

**D.    Contested Matters**

5.    **"Motion By Reorganized Debtors To File Statement Regarding The Final
Extension Motion"** - Motion Under 11 U.S.C. § 105 And Fed. R. Bankr. P. 9014
For Leave To (I) Supplement The Record Of The June 21, 2011 Hearing And (II)
File The Reorganized Debtors' Statement Regarding Service Of The Final Extension
Motion (Docket No. 21509)

| | |
|---|---|
| *Responses filed:* | *Heraeus Metals Processing, Inc. and Heraeus Precious Metals Management LLC (Docket No. 21623)* |
| | *Unifrax I LLC (Docket No. 21642)* |
| | *Methode Electronics Inc. (Docket No. 21650)* |
| *Replies filed:* | *Reorganized Debtors' Reply In Support Of Motion Under 11 U.S.C. § 105 And Fed. R. Bankr. P. 9014 For Leave To (I) Supplement The Record Of The June 21, 2011 Hearing And (II) File The Reorganized Debtors' Statement Regarding Service Of The Final Extension Motion (Docket No. 21668)* |
| *Related filings:* | *Reorganized Debtors' Motion For Leave To File Amended Complaints (Docket No. 20575)* |
| | *Reorganized Debtors' (A) Response To Motion And Supporting Declaration Filed By NGK Automotive Ceramics USA, Inc. In Opposition To Reorganized Debtors' Motion For Leave To File Amended Complaints And (B) Joinder In Reorganized Debtors' Omnibus Response (Docket No. 21511)* |
| | *Notice Of Hearing Regarding (I) Certain Defendants' Submissions ("Defendants' Submissions") Regarding The October 9, 2009 Supplemental Postconfirmation Extension Of Avoidance Action Service Deadline Motion, Filed In Support Of Certain Defendants' (A) Objections To Reorganized Debtors' Motion For Leave To File Amended Complaints And (B) Motions To Vacate And Dismiss, And (II) Reorganized Debtors' Omnibus Response To The Submissions ("Omnibus Response") (Docket No. 21517)* |
| | *Notice Of Adjournment Of Reorganized Debtors' Motion Under 11 U.S.C. § 105 And Fed. R. Bankr. P. 9014 For Leave To (I) Supplement The Record Of The June 21, 2011 Hearing And (II) File The Reorganized Debtors' Statement Regarding Service Of The Final Extension Motion (Docket No. 21527)* |
| | *Reorganized Debtors' Amended Omnibus Response To Certain Defendants' Submissions Regarding The October 2, 2009 Supplemental Postconfirmation Extension Of Avoidance Action Service Deadline Motion (Docket No. 21571)[1]* |

---

1    Reorganized Debtors' Amended Omnibus Response To Certain Defendants' Submissions Regarding The October 2, 2009 Supplemental Postconfirmation Extension Of Avoidance Action Service Deadline Motion (Docket No. 21571) was filed with the intention of wholly replacing and superseding the Reorganized Debtors' Omnibus Response To Certain Defendants' Submissions Regarding The October 2, 2009 Supplemental

> *Reorganized Debtors' Omnibus Supplemental Response To Certain Defendants' Submissions Regarding The October 2, 2009 Supplemental Postconfirmation Extension Of Avoidance Action Service Deadline Motion (Docket No. 21669)*
>
> *Reorganized Debtors' (A) Response To The Reply Of NGK Automotive Ceramics USA, Inc. Dated October 7, 2011 And (B) Joinder In Reorganized Debtors' Omnibus Supplemental Response To Certain Defendants' Submissions Regarding The October 2, 2009 Supplemental Postconfirmation Extension Of Avoidance Action Service Deadline Motion (Docket No. 21670)*

    *Status:*        *The hearing with respect to this matter will be proceeding.*

6.    **"Reorganized Debtors' Third Case Closing Motion" --** Motion of DPH Holdings Corp. for Final Decree and Order Pursuant To 11 U.S.C. § 350(a) and Fed. R. Bankr. P. 3022 and Local R. Bankr. P. 3022-1 Closing Chapter 11 Cases of Five Filing Debtors (Docket No. 21607)

    *Responses filed:*    *Objection To Motion For Final Decree And Order Pursuant To 11 U.S.C. § 350(a) And Fed. R. Bankr. P. 3022 And Local R. Bankr. P. 3022-1 Closing Chapter 11 Cases Of 20 Filing Debtor (Docket No. 21660)*

    *Replies filed:*    *None.*

    *Related filings:*    *Notice of Motion of DPH Holdings Corp. for Final Decree and Order Pursuant To 11 U.S.C. § 350(a) and Fed. R. Bankr. P. 3022 and Local R. Bankr. P. 3022-1 Closing Chapter 11 Cases Of Five Filing Debtors (Docket No. 21608)*

                     *Appeal Of Order Denying Amended Motion For Recoupment On Behalf Of Delphi Salaried Retirees (Docket No. 21671)*

    *Status:*        *The hearing with respect to this matter will be proceeding.*

E.    **Adversary Proceedings**

7.    **"Motion by Reorganized Debtors For Leave To File Amended Complaints " --** Reorganized Debtors' Motion For Leave To File Amended Complaints (Docket No. 20575)

    *Declarations/Affidavits filed:*

---

Postconfirmation Extension Of Avoidance Action Service Deadline Motion (Docket No. 21510).

*Access One Technology  (Docket No. 21463), (Ad. Pro. Case No. 07-02142 Docket No. 51)*

*Blair Strip Steel Co  (Docket No. 21473), (Ad. Pro. Case No. 07-02259 Docket No. 41)*

*Castrol; Castrol Industrial (Ad. Pro. Case No. 07-02270 Docket No. 58)*

*Unifrax Corp. (Docket No. 21450), (Ad. Pro. Case No. 07-02270 Docket No. 57)*

*Calsonic Corp.; Calsonic N. America Inc. and Calsonic North America Inc. (Ad. Pro. Case No. 07-02282 Docket No. 43)*

*D & S Machine Products Inc  (Docket No. 21464), (Ad. Pro. Case No. 07-02291 Docket No. 45)*

*Doshi Prettl International; Doshi Prettl INT. and Doshi Prettl International n/k/a Detroit Products International LLC (Docket No. 21475), (Ad. Pro. Case No. 07-02211 Docket No. 54)*

*DSSI and DSSI LLC  (Ad. Pro. Case No. 07-02236 Docket No. 33)*

*FA Tech Corp. (Docket No. 21452), (Ad. Pro. Case No. 07-02350 Docket No. 40)*

*Florida Production Engineering Inc. and Florida Production Eng.  (Docket No. 21451), (Ad. Pro. Case No. 07-02302 Docket No. 48)*

*Fluent Inc. (Ad. Pro. Case No. 07-023212 Docket No. 44)*

*Globe Motors Inc (Docket No. 21444), (Ad. Pro. Case No. 07-02333 Docket No. 43)*

*Heraeus Metals Processing, Heraeus Metal Processing LTD. and  Heraeus Precious Metals   (Docket No. 21448), (Ad. Pro. Case Nos. 07-02442 and 07-02445  Docket No. 41)*

*HSS and HSS LLC (Ad. Pro. Case No. 07-02475 Docket Nos. 41, 42)]*

*Jamestown Container and Jamestown Container Corp. (Docket No. 20873)*

8

*Magnesium Elektron Inc. and Magnesium Electron Inc.
(Docket No. 21457), (Ad. Pro. Case No. 07-02758 Docket No.
36)*

*Merrill Tool & Machine (Docket No. 21472)*

*Methode Electronics Inc. (Docket No. 21447), (Ad. Pro. Case
No. 07-02432 Docket No. 48)*

*Microchip (Ad. Pro. Case No. 07-02436 Docket No. 32)*

*Mubea and Mubea Inc.  (Docket No. 21466), (Ad. Pro. Case
No. 07-02489 Docket Nos. 34, 42))*

*NGK; NGK Automotive Ceramics; NGK Automotive
Ceramics USA, Inc. and NGK Spark Plug MFG. (USA) Inc.
(Docket No. 21467), (Ad. Pro. Case No. 07-02451 Docket No.
46)*

*Owens Corning (Docket No. 21461), (Ad. Pro. Case No.
07-02540 Docket No. 45)*

*Park Ohio Industries and Park Ohio Industries Inc. (Docket
No. 21471), (Ad. Pro. Case No. 07-02563 Docket No. 34)*

*PBR Columbia LLC (Docket No. 21460), (Ad. Pro. Case No.
07-02572 Docket No. 35)*

*Philips Semiconductor; Philips Semiconductors and Philips
Semiconductors Inc. (Ad. Pro. Case No. 07-02580 Docket No.
39)*

*Pro Tech Machine (Ad. Pro. Case No. 07-02690) Docket No.
46)*

*Republic; Republic Engineered Products; Republic Eng.
Products and Republic Engineered (Docket No. 20870), (Ad.
Pro. Case No. 07-02742 Docket No. 46)*

*Rieck Group LLC (Docket No. 209550), (Ad. Pro. Case No.
07-02750 Docket No. 33)*

*Rotor Coaters International (Docket No. 20939), (Ad. Pro.
Case No. 07-02767 Docket No. 37)*

*Spartech Polycom  (Docket No. 21432 ), (Ad. Pro. Case No.
07-02639 Docket No. 46)*

9

           *Sprimag Inc.  (Docket No. 21470), (Ad. Pro. Case No.
07-02644 Docket No. 38)*

           *Stephenson & Sons Roofing  (Docket No. 21478), (Ad. Pro.
Case No. 07-02654 Docket No. 44)*

           *Summit Polymers Inc.  (Docket No. 21442), (Ad. Pro. Case No.
07-02661 Docket No. 42)*

           *Tata America Intn'l Corp. (Ad. Pro. Case No. 07-02668
Docket No. 38)*

           *Timken; Timken Company; Timken Corporation; Timken
France SAS and Timken Super Precision (Docket Nos. 21479,
21480), (Ad. Pro. Case No. 07-02688 Docket Nos. 59, 60)*

           *UVA Machine Company (Ad. Pro. Case No. 07-02523 Docket
No. 41)*

           *Vanguard Distributors (Docket No. 21438), (Ad. Pro. Case
No. 07-02539 Docket Nos. 44, 45)*

           *Victory Packaging and Victory Packaging LP (Docket No.
21483), (Ad. Pro. Case No. 07-02551 Docket No. 46)*

           *Wells Fargo Business and Wells Fargo Minnesota (Docket
No. 21454), (Ad. Pro. Case No. 07-02597 Docket Nos. 41, 42)*

           *Williams Advanced Materials EF (Docket No. 21476), (Ad.
Pro. Case No. 07-02606 Docket No. 37)*

*Replies filed:*        *Reorganized Debtors' (A) Response To Motion And
Supporting Declaration Filed By NGK Automotive Ceramics
USA, Inc. In Opposition To Reorganized Debtors' Motion For
Leave To File Amended Complaints And (B) Joinder In
Reorganized Debtors' Omnibus Response (Docket No. 21511)*

           *Reorganized Debtors' Amended Omnibus Response To
Certain Defendants' Submissions Regarding The October 2,
2009 Supplemental Postconfirmation Extension Of Avoidance
Action Service Deadline Motion (Docket No. 21571)[2]*

---

2     Reorganized Debtors' Amended Omnibus Response To Certain Defendants' Submissions Regarding The
October 2, 2009 Supplemental Postconfirmation Extension Of Avoidance Action Service Deadline Motion
(Docket No. 21571) was filed with the intention of wholly replacing and superseding the Reorganized Debtors'
Omnibus Response To Certain Defendants' Submissions Regarding The October 2, 2009 Supplemental
Postconfirmation Extension Of Avoidance Action Service Deadline Motion (Docket No. 21510).

*Reorganized Debtors' Omnibus Supplemental Response To
Certain Defendants' Submissions Regarding The October 2,
2009 Supplemental Postconfirmation Extension Of Avoidance
Action Service Deadline Motion (Docket No. 21669)*

*Reorganized Debtors' (A) Response To The Reply Of NGK
Automotive Ceramics USA, Inc. Dated October 7, 2011 And
(B) Joinder In Reorganized Debtors' Omnibus Supplemental
Response To Certain Defendants' Submissions Regarding The
October 2, 2009 Supplemental Postconfirmation Extension Of
Avoidance Action Service Deadline Motion (Docket No.
21670)*

*Supplemental filings by the Submission Defendants:*

*Blair Strip Steel Co. (Docket No. 21629), (Ad. Pro. Case No.
07-02259 Docket No. 54)*

*Calsonic Corp., Calsonic N. America Inc., and Calsonic
North America Inc. (Ad. Pro. Case No. 07-02282 Docket No.
56)*

*D & S Machine Products Inc. (Ad. Pro. Case No. 07-02217
Docket No. 54)*

*Doshi Prettl International n/k/a Detroit Products
International LLC, (Docket No. 21637), (Ad. Pro. Case No.
07-02211 Docket No. 66)*

*DSSI, LLC, (Docket No. 21632), (Ad. Pro. Case No. 07-02236
Docket No. 51)*

*FA Tech Corp. (Docket No. 21626), (Ad. Pro. Case No.
07-02350 Docket No. 50, 51)*

*Florida Production Engineering Inc. and Florida Production
Eng. (Ad. Pro. Case No. 07-02302 Docket No 42)*

*Globe Motors, Globe Motors Inc. (Docket No. 21619), (Ad.
Pro. Case No. 07-02333 Docket No. 54)*

*Heraeus Metals Processing, Inc. and Heraeus Precious
Metals Management LLC (Docket No. 21623), (Ad. Pro. Case
No. 07-02442 Docket Nos. 51, 52), (Ad. Pro. Case No.
07-02445 Docket Nos. 39, 40)*

*HSS and HSS, LLC (Ad. Pro. Case No. 07-02475 Docket Nos.
54, 55)*

11

*Jamestown Container Corporation (Docket No. 21630), (Ad. Pro. Case No. 07-02322 Docket No. 50)*

*Magnesium Electron, Inc. and Magnesium Elektron, Inc. (Docket No. 21633), (Ad. Pro. Case No. 07-02758 Docket No. 47, 48)*

*Methode Electronics, Inc. (Docket No. 21617), (Ad. Pro. Case No. 07-02432 Docket No. 60)*

*Microchip Technology, Inc. (Docket Nos. 21621, 21622), (Ad. Pro. Case No. 07-02436 Docket Nos. 45, 46)*

*Mubea and Mubea Inc. (Ad. Pro. Case No. 07-02489 Docket No. 52)*

*NGK Automotive Ceramics USA, Inc and NGK Spark Plug MFG. (USA) Inc. (Ad. Pro. Case No. 07-02541 Docket No. 51)*

*Park Ohio Industries, Inc. (Docket No. 21635), (Ad. Pro. Case No. 07-02563 Docket No. 45)*

*PBR Columbia LLC, (Ad. Pro. Case No. 07-02572 Docket No. 50)*

*Philips Semiconductors, Inc, NXPSemiconductors USA, Inc. (Ad. Pro. Case No. 07-02580 Docket No. 50)*

*Pro Tech Machine (Ad. Pro. Case No. 07-02690 Docket No. 56)*

*Rieck Group, LLC (Docket No. 21624), (Ad. Pro. Case No. 07-02750 Docket No. 47)*

*Spartech Polycom (Ad. Pro. Case No. 07-02639 Docket No. 60)*

*Sprimag Inc. (Ad. Pro. Case No. 07-02644 Docket No. 49)*

*Stephenson & Sons Roofing (Ad. Pro. Case No. 07-02654 Docket No. 55)*

*Summit Polymers, Inc. (Docket No. 21628), (Ad. Pro. Case No. v Docket No. 53)*

*Timken; Timken Company; Timken Corporation; Timken France SAS and Timken Super Precision (Docket Nos. 21654,*

*21655, 21656), (Ad. Pro. Case No. 07-02688 Docket Nos. 72, 73, 74)*

*Unifrax I LLC (Docket No. 21642), (Ad. Pro. Case No. 07-02270 Docket No. 60)*

*Wells Fargo Business and Wells Fargo Minnesota (Ad. Pro. Case No. 07-02597 Docket No. 53)*

*Williams Advanced Materials EF (Docket No. 21636), (Ad. Pro. Case No. 07-02606 Docket No. 48)*

Related filings:    *Notice Of Hearing Regarding (I) Certain Defendants' Submissions ("Defendants' Submissions") Regarding The October 9, 2009 Supplemental Postconfirmation Extension Of Avoidance Action Service Deadline Motion, Filed In Support Of Certain Defendants' (A) Objections To Reorganized Debtors' Motion For Leave To File Amended Complaints And (B) Motions To Vacate And Dismiss, And (II) Reorganized Debtors' Omnibus Response To The Submissions ("Omnibus Response") (Docket No. 21517)*

*Notice Of Adjournment Of Reorganized Debtors' Motion Under 11 U.S.C. § 105 And Fed. R. Bankr. P. 9014 For Leave To (I) Supplement The Record Of The June 21, 2011 Hearing And (II) File The Reorganized Debtors' Statement Regarding Service Of The Final Extension Motion (Docket No. 21509)*

Status:    *The Reorganized Debtors' Motion For Leave To File Amended Complaints (Docket No. 20575), all motions made pursuant to Fed. R. Civ. P. 60, all motions to vacate, and all pleadings asserting issues of individual prejudice have been adjourned without date subject to a subsequent scheduling order to be entered by this Court. The hearing with respect to this matter will be proceeding solely with respect to the notice matters raised by the Court at the hearing held on June 21, 2011 (Docket No. 21490) including the declarations filed by the defendants regarding service of the Supplemental Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order (Docket No. 18952).*

8.    **"Motion By Wells Fargo Bank, N.A. For Relief From The Orders Sealing Complaint And Extending Time For Service Thereof" --** Motion Of Wells Fargo Bank, N.A., Successor To Wachovia Bank, National Association, Under Rule 60(b)

Of The Federal Rules Of Civil Procedure And Rule 9024 Of The Federal Rules Of
Bankruptcy Procedure For Relief From The Orders Sealing Complaint And
Extending Time For Service Thereof (Docket No. 21600).

*Responses filed:*       *Reorganized Debtors' Response To Motion Of Wells Fargo
Bank, N.A., Successor To Wachovia Bank, National
Association, Under Rule 60(B) Of The Federal Rules Of Civil
Procedure And Rule 9024 Of The Federal Rules Of
Bankruptcy Procedure For Relief From The Orders Sealing
Complaint And Extending The Time For Service Thereof
(Docket No. 21653)*

*Replies filed:*       *Reply Of Wells Fargo Bank, N.A., Successor To Wachovia
Bank, National Association, In Further Support Of Its Motion
Under Rule 60(b) Of The Federal Rules Of Civil Procedure
And Rule 9024 Of The Federal Rules Of Bankruptcy
Procedure For Relief From The Orders Sealing Complaint
And Extending Time For Service Thereof (Docket No. 21667)*

*Related filings:*       *See all filings listed under matter number 7.*

*Status:*       *The hearing with respect to this matter will be proceeding.*

14

Dated: New York, New York
      October 21, 2011

                    SKADDEN, ARPS, SLATE, MEAGHER
                       & FLOM LLP

                    By: /s/ John Wm. Butler, Jr.
                        John Wm. Butler, Jr.
                        John K. Lyons
                        Albert L. Hogan III
                        Ron E. Meisler

                    155 North Wacker Drive
                    Chicago, Illinois 60606

                          - and -

                    Four Times Square
                    New York, New York 10036

                    Attorneys for DPH Holdings Corp., et al.,
                       Reorganized Debtors

# EXHIBIT D

Docket #21690  Date Filed: 10/26/2011

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., et al., | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | (Jointly Administered) |
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CHANGE OF TIME OF SEVENTY-SECOND OMNIBUS HEARING AND FIFTIETH CLAIMS HEARING

PLEASE TAKE NOTICE that the Seventy-Second Omnibus Hearing and the

Fiftieth Claims Hearing in the above captioned cases, each of which was scheduled to occur on

Thursday, November 17, 2011 at 10:00 a.m. (prevailing Eastern time) at the Hon. Charles L.

Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom 118, White Plains,

New York 10601-4140,[1] has been **rescheduled for Thursday, November 17, 2011 at 9:00 a.m.**

(prevailing Eastern time) pursuant to direction of the Court.


Dated: New York, New York
          October 26, 2011

                                SKADDEN, ARPS, SLATE, MEAGHER
                                  & FLOM LLP

                          By: /s/ John K. Lyons
                                John Wm. Butler, Jr.
                                John K. Lyons
                                Ron E. Meisler
                                155 North Wacker Drive
                                Chicago, Illinois 60606

                                        - and -

                                Four Times Square
                                New York, New York 10036

                                Attorneys for DPH Holdings Corp., et al.,
                                  Reorganized Debtors

---

[1]    See Twenty-Fourth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m),
9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And
Administrative Procedures, entered August 1, 2011 (Docket No. 21507); see also Sixteenth Supplemental Order
Pursuant To 11 U.S.C. § 502(m) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014
Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures
Governing Objections To Claims, entered August 3, 2011 (Docket No. 21515).