MICHIGAN DEPARTMENT OF ATTORNEY GENERAL  Hearing Date and Time: November 17, 2011 at 9:00 a.m.
Bill Schuette
Michigan Attorney General

Susan Przekop-Shaw (P30495)
Michigan Assistant Attorney General
Attorney for Michigan Workers' Compensation Agency

Dennis Raterink (P52678)
Michigan Assistant Attorney General
Attorney for Michigan Funds Administration

Labor Division
P.O. Box 30736
Lansing, Michigan 48909
(517) 373-2560
(517) 241-7987 (Facsimile)

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

In re:
DPH HOLDINGS CORP., *et al*
   Reorganized Debtors.      Court No. 05-44481
_____/

ACE AMERICAN INSURANCE COMPANY
and PACIFIC EMPLOYERS INSURANCE   Chapter 11
COMPANY,
                  Case No. 05-44481 (RDD)
   Plaintiffs,
                  (Jointly Administered)
DPH HOLDINGS CORP., *et al*
   Cross-claim Plaintiff
vs.

DELPHI CORPORATION; STATE OF   Adversary Proceeding
MICHIGAN WORKERS' COMPENSATION No. 09-01510-r
INSURANCE AGENCY; and STATE OF
MICHIGAN FUNDS ADMINISTRATION,
   Defendants.
_____/

**<u>MICHIGAN DEFENDANTS' SUPPLEMENT TO RESPONSE TO AMENDED MOTION FOR JOINDER OF PARTIES AND AMENDED MOTION OF JAMES GRAI PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE TO MODIFY AUTOMATIC STAY</u>**

Defendants Michigan Workers' Compensation Agency (Agency) and Michigan Funds Administration (Funds),(collectively the Michigan Defendants), submit the following response to the motions filed James Michael Grai, to supplement the response filed on November 10, 2011.

    1.   The Michigan Defendants incorporate by reference their "Response to Amended Motion for Joinder of Parties and Amended Motion of James Grai pursuant to Section 362 of the Bankruptcy Code to Modify Automatic Stay," filed with this Court on Thursday, November 10, 2011. [Docket #21711]

    2.   The Michigan Defendants recognize that there are hundreds of cases pending in Michigan administrative tribunals between former Delphi employees, the Self-Insurers' Security Fund (SISF), and Ace American Insurance Company and Pacific Employers Insurance Company (Ace/Pacific) regarding which entity has workers' compensation coverage responsibility for a majority of Delphi's injured workers now that this Court has discharged Delphi from any liability for such benefits.

    3.   The Michigan Defendants have maintained that these cases can and must be litigated in Michigan's administrative tribunals and courts.  However, on October 6, 2009, Ace/Pacific filed an adversary complaint against DPH Holdings, the Michigan Workers' Compensation Agency and the Michigan Funds Administration, asking this Court to determine, in part, whether under Michigan's Worker's Disability Compensation Act Ace/Pacific had coverage responsibility for Delphi's injured employees.

    4.   On November 10, 2009, the Michigan Defendants filed a Motion to Dismiss the Adversary Proceeding, arguing several theories, including that this Court did not have subject-matter jurisdiction to hear the controversy and that attempts to litigate the issue in Federal Bankruptcy Court would violate Michigan's sovereign immunity (Adversary Proceeding Docket #15).

    5.   On January 26, 2010, this Court denied the Michigan Defendants' motion to dismiss and ruled it had jurisdiction to address the Michigan workers' disability compensation question. (Adversary Proceeding Docket #69).  The Michigan Defendants sought, and on January 28, 2010, this Court granted, a stay of the Court's order and the Adversary Proceeding, pending appeal of the decision. (Adversary Proceeding Docket #71).  The appeal is now before the United States Court of Appeals for the Second Circuit.  Oral arguments were heard on October 5, 2011 and the parties await a final decision.

                <u>Amended Motion for Joinder of Parties</u>

    6.   Movants incorrectly claim that they were all being paid Michigan Workers' Disability Compensation Benefits pursuant to administrative tribunal order.  (Motion p 1)  To the best of the Michigan Defendants' knowledge only a small percentage of the Movants were receiving benefits pursuant to such an order.  Disputes may exist with regard to continuing disability – resolution of which the Michigan Defendants maintain rests with the Michigan workers' compensation administrative and judicial tribunals.

    7.  Movants' motion includes reference to an exhibit that is a list of 205 movants.  (Amended Motion for Joinder of Parties, Exhibit 1). Ace/Pacific filed a response to this motion on October 9, 2011 that indicated that 61 of the listed Movants have dates of injuries which do not fall within the "Disputed Period," defined as the periods of October 1, 2000 through October 1, 2002 and October 1, 2003 through October 1, 2009. (ACE Response and Limited Objection, Exhibit 1, Affidavit of Walter Noeske, p 2).

    8.  The Funds' staff reviewed the injury dates and other claim factors of the list of Movants to determine which entity possesses the potential liability: Ace/Pacific, the SISF, or, General Motors Corporation:

    a.  The potential liability of Ace/Pacific is based on their submission of Notices of Insurance Coverage to the Michigan Worker's Compensation Agency, known as Form 400s, for Delphi Corporation, for the following time periods: October 1, 2000 through September 30, 2002 and October 1, 2003 through September 30, 2009.

    b.  The potential liability of the SISF is based on the self-insured status of Delphi Corporation for all time periods in which there is no other source of payment, which is limited to May 29, 1999 through September 30, 2000 and October 1, 2002 through September 30, 2003.

    c.  The potential liability of General Motors is based on either historical claims that pre-date Delphi Corporation's spin-off or on General Motors' purchase of certain locations from Delphi Corporation, combined with General Motors' subsequent assumption of workers' compensation obligations.

    9.  Richard Smith, Administrator of the SISF reviewed each of the 205 claims and determined that three of the claims are currently being paid by the SISF and one-hundred and four (104) are within General Motors' potential liability. [Affidavit of Richard Smith, Exhibit 1]

    10. As these 107 claims do not implicate the ongoing dispute between Ace/Pacific, DPH, and the Michigan Defendants, joinder with James Grai's case should not be permitted.

                                          Respectfully submitted,

                                          Bill Schuette
                                          Michigan Attorney General

                                          /s/ Susan Przekop-Shaw (P30495)
                                          Michigan Assistant Attorney General
                                          Attorney for Defendant Michigan Workers'
                                          Compensation Agency
                                          przekopshaws@michigan.gov

/s/ Dennis Raterink (P52678)  
Michigan Assistant Attorney General  
Attorney for Defendant Michigan Funds Administration  
P.O. Box 30736  
Lansing, Michigan 48909  
517-373-2560  
raterinkd@michigan.gov

Dated:  November 15, 2011