**Hearing Date and Time:  November 17, 2011 at 9:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Albert L. Hogan, III
Ron E. Meisler

　　- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
　　Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
|  | : | (Jointly Administered) |
| Reorganized Debtors. | : |  |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' REPLY AND SUPPLEMENTAL OBJECTION TO
AMENDED NOTICE OF MOTION, PURSUANT TO SECTION 362 OF THE
BANKRUPTCY CODE, FOR AN ORDER MODIFYING THE AUTOMATIC
STAY AND RELATED PAPERS (DOCKET NO. 21682)

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Reply And Supplemental Objection To The Amended Notice Of Motion, Pursuant To Section 362 Of The Bankruptcy Code, For An Order Modifying The Automatic Stay And Related Papers (Docket No. 21682) (the "Reply").

1.      After further reviewing the pleadings related to the Amended Notice Of Motion, Pursuant To Section 362 Of The Bankruptcy Code, For An Order Modifying The Automatic Stay And Related Papers (Docket No. 21682) (the "Amended Motion"), the Reorganized Debtors continue to believe that nothing in their plan of reorganization, this Court's orders, or applicable bankruptcy law precludes the Michigan Self-Insurers' Security Fund (the "Fund")[1] or General Motors from paying workers' compensation claims.[2]  However, the Michigan Defendants[3] interpose a defense to payment based upon the supposed availability of insurance under policies (the "Policies") issued by ACE American Insurance Company ("ACE") and Pacific Employers Insurance Company ("Pacific," and together with ACE, the "ACE Companies") that the Michigan Defendants assert defeats the claimants' right to payment.  The Reorganized Debtors and the ACE Companies dispute this existence of this "defense" that is contrary to the Policies

---

[1]  Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Letter Response.

[2]  The Reorganized Debtors have been consistent with this position, as stated in our e-mail to chambers dated September 21, 2011, in the Reorganized Debtors' Response To Letter Submitted By James Michael Grai dated October 17, 2011 (Docket No. 21652) (the "Letter Response"), at the omnibus hearing on October 24, 2011, and the Reorganized Debtors' Reply And Supplemental Objection To Amended Notice Of Motion, Pursuant To Section 362 Of The Bankruptcy Code, For An Order Modifying The Automatic Stay And Related Papers (Docket No. 21682), dated November 10, 2011 (Docket No. 21710) (the "Objection").

[3]  The Fund, together with the Michigan Workers' Compensation Agency (the "Agency") are referred to as the Michigan Defendants.

2

themselves, representations made to this Court by the Michigan Defendants, and the uncontested factual predicate that underpinned this Court's approval of the assumption of the Policies.

2.      Unfortunately, based upon the Michigan Defendants assertion of this meritless defense to avoid payment, a great number of the movants[4] may not proceed forward until this Court adjudicates the insurance issue that has been presented to this Court in the Adversary Proceeding and that is now on appeal to the United States Court of Appeals for the Second Circuit.  As the Court is aware, on January 28, 2010, this Court entered a stay order requiring the Michigan Defendants to request adjournments of all pending and future cases brought by such claimants to the extent that they involve any action to address the ACE Companies' potential liability for workers' compensation coverage in Michigan. *See* Order Granting Joint Motion Of State of Michigan Workers' Compensation Agency and Funds Administration To Stay Order And Adversary Proceeding Pending Appeal (Adversary Proceeding Docket No. 71) (the "Stay Order").

3.      The insurance issue is of critical importance to the Reorganized Debtors because the ACE Companies have asserted contingent administrative claims of approximately tens of millions of dollars under the reimbursement provisions of the Policies that were assumed in the Chapter 11 Cases.  As the Court may recall, the Debtors assumed the Policies based upon the clear understanding of the Debtors, the ACE Companies, key constituents, and this Court that the assumption did <u>not</u> implicate supposed insurance coverage that the Michigan Defendants now assert.

---

[4]    It is unclear from the Amended Motion whether Mr. Doud does in fact represent all of the movants and at this point the Reorganized Debtors are unable to determine the extent of Mr. Doud's representation.

3

4.   In the Amended Motion, the movants repeatedly state that they are seeking payments only from the Michigan Self-Insurers' Security Fund and General Motors. However, despite this assertion, the Michigan Defendants have indicated they will contest this right to payment from the Fund based upon the supposed insurance defense, thus implicating the insurance issue that only this Court should decide. Accordingly, claims that are subject to the insurance defense may not proceed forward in the state tribunals unless the Michigan Defendants agree not to contest the claims on this basis.

5.   However, after further investigation, the Reorganized Debtors believe several of the claims asserted by the movants do not implicate the Policies even under the Michigan Defendants' theory and should, based upon subsequent stipulation of the parties to be submitted after this hearing, be allowed to proceed forward. The "excluded" claims fall into one of the following categories: (i) claims that do not implicate the Reorganized Debtors at all (the "Non-DPH Liabilities"), (ii) claims that have been assumed by General Motors Company ("GM") (the "GM Assumed Liabilities"), or (iii) claims that fall outside the dates of coverage under the Policies (the "Date Excluded Liabilities").

6.   As to those movants who assert "excluded" claims, the Reorganized Debtors expect that the parties will be able to submit a consensual stipulation allowing these claims to proceed forward in Michigan state tribunals.[5]

---

[5] To the extent a consensual stipulation with respect to the "excluded" claims cannot be reached, the Amended Motion should be denied.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order denying the Amended Motion.

Dated: New York, New York
November 15, 2011

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ John K. Lyons
    John Wm. Butler, Jr.
    John K. Lyons
    Albert L. Hogan, III
    Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors