**Hearing Date and Time: December 21, 2011 at 10:00 a.m.**

STEVENS & LEE, P.C.
485 Madison Avenue, 20th Floor
New York, NY  10022
(212) 319-8500
Constantine D. Pourakis (cp@stevenslee.com)

Attorneys for Globe Motors, Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| DPH HOLDINGS CORP., <u>et al.</u>, | Case No. 05-44481 [RDD] |
| Reorganized Debtors. | (Jointly Administered) |

---------------------------------------------------------------x

| | |
|---|---|
| DELPHI CORPORATION, <u>et al.</u>, | |
| Plaintiffs, | |
| v. | Adv. Pro. No. 07-02333 [RDD] |
| GLOBE MOTORS, INC. AND GLOBE MOTORS, | |
| Defendants. | |

---------------------------------------------------------------x

**GLOBE MOTORS, INC.'S RESPONSE TO REORGANIZED DEBTORS' MOTION
FOR ORDER PURSUANT TO 11 U.S.C. § 105(D), 544, 547, AND 548 AND FED. R.
BANKR. P. 7016 ESTABLISHING (I) DATES FOR HEARING REGARDING
ADVERSARY PROCEEDINGS AND (II) NOTICES AND PROCEDURES GOVERNING
ADVERSARY PROCEEDING**

Defendant Globe Motors, Inc. ("Globe") submits this response to the *Reorganized Debtors' Motion For Order Pursuant To 11 U.S.C. § 105(D), 544, 547, And 548 And Fed. R. Bankr. P. 7016 Establishing (I) Dates For Hearing Regarding Adversary Proceedings And (Ii) Notices And Procedures Governing Adversary Proceedings* ("Adversary Proceedings Procedures Motion").

At the October 24, 2011 hearing, this Court directed Rule 15 hearings in connection with adversary proceedings where the defendant has opposed the Reorganized Debtors' Motion to Amend. (Adversary Proceedings Procedures Motion ¶ 9). Attached as Exhibit B to the Reorganized Debtors' Adversary Proceedings Procedures Motion is a proposed order governing the procedures for scheduling and conducting those hearings.

The principal purpose of the Rule 15 hearings is to assess whether the Reorganized Debtors' Motion to Amend should be denied. The proposed order should not be used to set a schedule as to the substantive issues in the case, or to limit or modify the procedural or substantive rights of any of the parties. Indeed, if the Motion to Amend is denied, none of these issues will need to be addressed. A cursory review of the Adversary Proceedings Procedures Motion shows that the Reorganized Debtors' Rule 15 Procedures are unduly biased and prejudicial in favor of the Debtors. Therefore, Globe makes the following general objections to the Reorganized Debtors' proposed order for the Adversary Proceedings Procedures.

First, the deadlines in the Reorganized Debtors' proposed order are far too short. For example, the Debtors seek to impose an unduly restrictive 14 day period after entry of the proposed procedures order in which a defendant must file and serve "any and all declarations with respect to the extent of any claim prejudice suffered by the Defendant that such Defendant seeks to assert in opposition to the Motion to Amend." (Adversary Proceedings Procedures

1

Motion, Exhibit B at ¶ 3(a)).  Should the defendant miss this narrow window, the motion to amend is granted. *Id.*  Likewise, the Reorganized Debtors seek to grant themselves absolute authority to adjourn any hearing on a default, a Rule 15 hearing, a merits trial, or a rule 12(b) hearing. *Id.* at ¶ 3(b)(ii).

The Reorganized Debtors propose completing discovery, briefing, mediation and the hearing with respect to the Rule 15 issues all within just 98 days.  (Adversary Proceedings Procedures Motion, Ex. B ¶ 3(b)(i)(A)).  This is unwarranted and unworkable.  Witnesses and documents must be located from over five years ago.  Discovery, briefing and hearing preparation must be undertaken.  In addition, it is inequitable to expedite these deadlines given the delay to date brought about by the Reorganized Debtors.  Regardless of whether the Reorganized Debtors should have been permitted to delay the service of the complaint for two-and-a-half years, it certainly would be inequitable to now impose these expedited deadlines on Glob or any of the other defendants, who have no responsibility for the substantial delays to date.

*Second*, the order should not seek to address any deadlines that may occur after the Rule 15 hearing.  If the Reorganized Debtors' Motion to Amend is denied, these cases will be over.  The Court ordered the parties to propose a schedule for addressing the Rule 15 hearings only.  A trial schedule should not be negotiated and adopted before the Motion to Amend is granted.

*Third*, no defendants should be required to mediate unless the Court grants the Reorganized Debtor's motion to amend the complaint as to that defendant and has resolved all dispositive motions (including motions to dismiss).  No substantive discovery will occur before the Rule 15 hearing.  Absent substantive discovery, mediation can be neither productive nor fair.  Globe should not be compelled to expend resources upon compulsory mediation when a motion to dismiss the complaint is still pending.  Globe remains amenable to engaging in informal

2

exchanges of relevant information and settlement negotiations with the Reorganized Debtors, despite the Reorganized Debtors' unwillingness to provide requested information.

Finally, Globe reserves all of its rights under the United States Supreme Court's recent decision in the *Stern v. Marshall,* 131 S. Ct. 2594 (2011)." See also *Development Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 2011 WL 5244463, at *7 (S.D.N.Y. Nov. 2, 2011). Accordingly, the procedures order should not be used to affect Globe's substantive rights.

Dated:  December 7, 2011  
New York, New York

**STEVENS & LEE, P.C.**

 /s/ Constantine D. Pourakis  
Constantine D. Pourakis  
485 Madison Avenue, 20th Floor  
New York, NY 10022  
Tel:  (212) 319-8500  
Email: cp@stevenslee.com

-and-

Jeffrey L. Gansberg  
**Much Shelist Denenberg Ament & Rubenstein, P.C.**  
191 N. Wacker Drive, Suite 1800  
Chicago, IL  60606  
Tel: (312) 521-2000  
Email: jgansberg@muchshelist.com

*Counsel for Globe Motors, Inc.*

3