**Hearing Date and Time: December 21, 2011 at 10:00 a.m.**

Shalom Jacob
Zachary D. Silbersher
LOCKE LORD BISSELL & LIDDELL LLP
Three World Financial Center
New York, New York 10281-2101
Tel: (212) 415-8600
Fax: (212) 303-2754

-and-

Courtney E. Barr (CE 7768)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, Illinois 60606
Tel: (312) 443-0700
Fax: (312) 443-0336

*Counsel for Methode Electronics, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| DPH HOLDINGS CORP., et al., | Case No. 05-44481 [RDD] |
| Reorganized Debtors. | (Jointly Administered) |
| ------------------------------------------------x | |
| DELPHI CORPORATION, et al., | |
| Plaintiffs, | |
| v. | Adv. Pro. No. 07-02432 [RDD] |
| METHODE ELECTRONICS, INC. | |
| Defendant. | |
| ------------------------------------------------x | |

**METHODE ELECTRONICS, INC.'S RESPONSE TO REORGANIZED DEBTORS'
MOTION FOR ORDER PURSUANT TO 11 U.S.C. § 105(D), 544, 547, AND 548 AND
FED. R. BANKR. P. 7016 ESTABLISHING (I) DATES FOR HEARING REGARDING
ADVERSARY PROCEEDINGS AND (II) NOTICES AND PROCEDURES GOVERNING
ADVERSARY PROCEEDINGS**

Defendant Methode Electronics, Inc. ("Methode") submits this response to the *Reorganized Debtors' Motion For Order Pursuant To 11 U.S.C. § 105(D), 544, 547, And 548 And Fed. R. Bankr. P. 7016 Establishing (I) Dates For Hearing Regarding Adversary Proceedings And (Ii) Notices And Procedures Governing Adversary Proceedings* ("Adversary Proceedings Procedures Motion").

At the October 24, 2011 hearing, this Court directed Rule 15 hearings in connection with adversary proceedings where the Defendant has opposed the Reorganized Debtors' Motion to Amend. (Adversary Proceedings Procedures Motion ¶ 9). Attached as Exhibit B to the Reorganized Debtors' Adversary Proceedings Procedures Motion is a proposed order governing the procedures for scheduling and conducting those hearings.

The principal purpose of the Rule 15 hearings is to assess whether the Reorganized Debtors' Motion to Amend should be denied. A cursory review of the Adversary Proceedings Procedures Motion shows that the procedures proposed by the Reorganized Debtors' are unduly biased and prejudicial to the Defendants. Moreover, the Adversary Proceedings Procedures Motion is intentionally misleading and therefore defective on its face, as it sets forth as established facts various important factual matters that are in dispute, as if such matters already had been adjudicated by a trier of fact in this case.

Therefore, Methode makes the following general objections to the Reorganized Debtors proposed order for the Adversary Proceedings Procedures. Methode proposes the procedures order attached hereto as **Exhibit 1** be adopted. Attached as **Exhibit 2** is a redline of Methode's proposed order against the Reorganized Debtors' proposed order attached as Exhibit B to the Adversary Proceedings Procedures Motion.

*First*, the proposed order should not be used to set a schedule as to the substantive issues in the case, or to limit or modify the procedural or substantive rights of any of the parties. Indeed, if the Motion to Amend is denied, none of these issues will need to be addressed.

*Second*, the order should not seek to address any deadlines that may occur after the Rule 15 hearing. If the Reorganized Debtors' Motion to Amend is denied, these cases will be over. The Court ordered the parties to propose a schedule for addressing the Rule 15 hearings. A trial schedule should not be negotiated and adopted before the Motion to Amend is granted. Methode's proposed order thus runs only through a Rule 15 hearing. Accordingly, Methode has deleted sections from the Reorganized Debtors' proposed order, which address post-Rule 15 hearing events and issues. (*See* Adversary Proceedings Procedures Motion, Ex. B ¶¶ 3(k) – 3(q)).

*Third*, the deadlines in the Reorganized Debtors proposed order are far too short. For example, the Reorganized Debtors seek to impose an unduly restrictive 14 day period after entry of the proposed procedures order in which a defendant must file and serve "any and all declarations with respect to the extent of any claim prejudice suffered by the Defendant that such Defendant seeks to assert in opposition to the Motion to Amend." (Adversary Proceedings Procedures Motion, Exhibit B at ¶ 3(a)). Should a defendant be unable to comply with this narrow window, the Motion to Amend is granted. *Id.* Likewise, the Reorganized Debtors seek to grant themselves absolute authority to adjourn any hearing on a default, a Rule 15 hearing, a merits trial, or a rule 12(b) hearing. *Id.* at ¶ 3(b)(ii). There is no legitimate justification for this request.

*Fourth*, the Reorganized Debtors' propose completing discovery, briefing, mediation and the hearing with respect to the Rule 15 issues all within just 98 days. (Adversary Proceedings

2

Procedures Motion, Ex. B ¶ 3(b)(i)(A)).  This amount of time is unwarranted and unworkable.  Witnesses and documents  must be located from over five years ago.  Discovery, briefing and hearing preparation must be undertaken.  Additionally, it would be inequitable and unduly prejudicial to the defendant herein to imposed the expedited procedures proposed by the Reorganized Debtors given the Reorganized Debtors' choice to delay the service of the complaint herein for two-and-a-half years..

*Fifth*, no defendant should be required to mediate unless the Court grants the Reorganized Debtor's motion to amend the complaint as to that Defendant and an answer has been filed (so that issue has been joined) or  all dispositive motions (including motions to dismiss) have been adjudicated.  Defendants should not be compelled to expend resources upon compulsory mediation when a motion to dismiss the complaint is pending.  Methode remains amenable to engaging in informal exchanges of relevant information and settlement negotiations with the Reorganized Debtors, despite the Reorganized Debtors unwillingness to provide requested information.  At this juncture, the Reorganized Debtors have been even unwilling to informally provide Methode with basic information regarding the availability of the DACOR system and the information that was available to vendors on that system.

Finally, the procedures order should not be used to affect Methode's substantive rights.  Methode specifically reserves all of its rights under the United States Supreme Court's recent decision in the *Stern v. Marshall,* 131 S. Ct. 2594 (2011)." *See also Development Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 2011 WL 5244463, at *7 (S.D.N.Y. Nov. 2, 2011).

For the foregoing reasons, Methode's proposed schedule for the Adversary Proceedings Procedures should be adopted in the form attached hereto as **Exhibit 1**.  Methode respectfully joins in the objections by other defendants.

Dated:  December 7, 2011
New York, New York

　　/s/ Zachary D. Silbersher_____
Shalom Jacob
Zachary D. Silbersher
LOCKE LORD BISSELL & LIDDELL LLP
Three World Financial Center
New York, New York 10281-2101
Tel:  (212) 415-8600
Fax: (212) 303-2754

-and-

Courtney Engelbrecht. Barr (CE 7768)
LOCKE LORD BISSELL & LIDDELL LLP
111 S. Wacker Dr.
Chicago, IL  60606
Tel: (312) 443-0700
Fax: (312) 443-0336

*Counsel for Methode Electronics, Inc.*

4