# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
              In re                                        :      Chapter 11

DPH HOLDINGS, CORP., et al.,          :      Case No. 05-44481 (RDD)

                                                  :      (Jointly Administered)

Reorganized Debtors.                         :

------------------------------------------------------------- x

ORDER PURSUANT TO 11 U.S.C. §§ 105(d), 544, 547, AND 548 AND FED. R. BANKR. P. 7016 ESTABLISHING (I) DATES FOR HEARINGS REGARDING ADVERSARY PROCEEDINGS AND (II) NOTICES AND PROCEDURES GOVERNING ADVERSARY PROCEEDINGS HEARINGS

Upon the Motion For Order Pursuant To 11 U.S.C. §§ 105(d), 544, 547, And 548 And Fed. R. Bankr. P. 7016 Establishing (I) Dates For Hearings Regarding Adversary Proceedings And (II) Notices And Procedures Governing Adversary Proceedings Hearings, dated November 4, 2011 (the "Procedures Motion"), of DPH Holdings Corp. and its affiliated reorganized debtors (the "Reorganized Debtors"), formerly known as Delphi Corporation and certain of its subsidiaries and affiliates, former Debtors and Reorganized Debtors-in-possession in the above-captioned cases (f/k/a In re Delphi Corporation, et al.) (collectively, the "Debtors"); and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

Proper, timely, adequate, and sufficient notice of the Procedures Motion has been provided, such notice was good, sufficient and appropriate under the particular circumstances, and no other or further notice of the Procedures Motion is or shall be required.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Procedures Motion.

406953 000079 DALLAS 2804520.4

At an October 24, 2011 hearing regarding the Debtors' motions for leave to amend complaints (individually, a "Rule 15 Motion") in the Adversary Proceedings identified on Exhibit 1 (the "Adversary Proceedings") pursuant to Rule 15 of the Fed. R. Civ. Pro. ("Rule 15"), the Court considered the declarations and affidavits submitted by certain Defendants regarding Rule 15 issues, including, without limitation, prejudice, futility and the appropriateness of the notice given of the Extension Motions (a "Notice Affidavit").

At a June 21, 2010 hearing regarding the Rule 15 Motion filed in the Adversary Proceedings, the Debtors made numerous representations to the Court with respect to their *"DACOR"* accounting system, including without limitation, that the *"DACOR"* system provided the Debtors with the factual underpinnings for the allegations set forth in the draft Amended Complaints attached as an exhibit to each of the Rule 15 Motions.

The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, as the Motion relates to the Court's authority to regulate its calendar and notices with regard thereto. The Motion is a core proceeding under 28 U.S.C. § 157 (b)(2) 1334, to the extent the Motion relates to the Court's authority to regulate its calendar and notices with regard thereto. Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

The relief requested in the Procedures Motion and granted herein is in the best interests of the Reorganized Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1.    The Procedures Motion is granted to the extent set forth in the within order.

2.      In the event an individual Defendant has not opposed a Rule 15 Motion, such motion hereby is granted.

3.      This procedures Order shall be entered in each of the Adversary Proceedings.

4.      The Court may conduct hearings (the "Rule 15 Hearings") regarding the Debtor's Rule 15 Motions to be held in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 118, White Plains, New York 10601-4140 (the "Court") by agreement between the Debtors and a defendant in any individual Adversary Proceeding, at such dates and times as shall be made available by the Court, or as set by the Court if such parties cannot agree on such date(s) and time(s).

5.      The following procedures shall apply to each individual Adversary Proceeding (the "Procedures"):

(a)    <u>Hearings – Default By a Defendant.</u>

(i)    In the event that a Defendant has neither filed an answer nor otherwise filed a response in opposition to a Debtors' complaint, the Debtors may schedule a hearing with respect to such default (a "Default Hearing") , by serving upon an individual Defendant, by overnight delivery directed to such location and to the attention of such individual as has been designated by such Defendant in any filing made by such Defendant in the Debtors' chapter 11 cases, and if not so designated, then in a manner calculated to give such Defendant actual notice of such request for relief, and filing with this Court, (a) a notice substantially in the form attached hereto as <u>Exhibit 2</u> (b) a copy of the complaint, (c) a motion for entry of default judgment (the "Motion for Default Judgment"), and (d) a copy of this Adversary Proceedings Procedures Order, at least 28 days prior to the date of such Default Hearing.

(ii)    If a Defendant scheduled for a Default Hearing does not oppose the relief sought in a Motion for Default Judgment in the manner set forth below, the Court may enter a default judgment against the Defendant. Any objection or other pleading in opposition to the relief sought in the Motion for Default Judgment shall be filed and served no later than 14 days before the scheduled Default Hearing. Such Defendant's pleading (a) must show cause why a timely answer was not filed, and (b) attach a proposed answer. The Debtors may file and serve a reply to such pleading filed by a Defendant no later than 7 days before a scheduled Default Hearing.

      (iii) To the extent that this Court determines upon conclusion of a Default Hearing that a Defendant should be granted leave to file an answer or otherwise respond, the Reorganized Debtors shall provide to such Defendant a Notice of Hearing pursuant to the procedures set forth in paragraph 5(b) below.

    (b) <u>Notice Affidavit, Global Preliminary Disclosures and Prejudice Declaration - Reorganized Debtors' Rule 15 Motion</u>

      (i) As to any Defendant that either submits or has submitted a Notice Affidavit or previously opposed a Rule 15 Motion, and with respect to a Defendant with respect to which the Court has granted a relief pursuant to paragraph 5(a)(iii) above, no later than 14 days after the later either of entry of this Procedures Order or an order pursuant to paragraph 5(a)(iii) above, the Debtors shall make and serve global preliminary disclosures (the "Debtors' Global Preliminary Disclosures") regarding (A) the current status and availability of the Debtors' legacy accounting systems and related records, including currently available electronically stored information ("ESI"), information that may no longer be available in native form, or that otherwise may no longer be available as ESI or otherwise is unavailable, (B) the name and address, and telephone number if available, of each individual who is likely to have discoverable information that may be relevant to the proposed amended complaint attached to a Rule 15 motion concerning such legacy accounting systems and related records, including information technology administrators, outside consultants and other persons who the Debtors may call upon to operate, manage or explain the Debtors' legacy accounting systems or to otherwise provide support for the probative value of such records, and (C) the identity and availability of each employee or former employee of the Debtors, with their address and telephone number if available, who is likely to have discoverable information that may be relevant to a proposed amended complaint.

      (ii) In the event the Debtors fail to timely file and serve the Debtors' Global Preliminary Disclosures upon a Defendant in compliance with paragraph 5(b)(i) above, the Rule 15 Motion shall be denied as to such Defendant.

      (iii) In the event the Debtors timely make and serve the Debtors' Global Preliminary Disclosures upon an individual Defendant, no later than 45 days after actual receipt of such Debtors' Preliminary Global Disclosures, an individual Defendant may file and serve on the attorneys for the Debtors a declaration (a "Prejudice Declaration") that may, without limitation, set forth all matters pertaining to the prejudice such Defendant asserts it has suffered with regard as well as all other facts relevant to the individual Defendant's opposition to the Rule 15 Motion. The Prejudice Declaration shall include (A) the current status and availability of the individual Defendant's legacy accounting systems and related records, including currently available ESI, information that may no longer be available in native form, or that otherwise may no longer be available as ESI or otherwise is unavailable to the extent that such changes to a Defendant's ESI is the basis for a claim of prejudice in connection with a Rule 15 Motion, (B) the name and address, and telephone number if available, of each individual who is likely to have discoverable information that may be relevant concerning such legacy accounting systems and related records, including information technology administrators, outside consultants and other persons who the

individual Defendant may call upon to operate, manage or explain an individual Defendant's legacy accounting systems or to otherwise provide support for the probative value of such records, and (C) the identity of each former employee of a Defendant, with their address and telephone number if available, who is likely to have discoverable information that may be relevant to a proposed amended complaint.

      (iv)    In the event If a Defendant fails to timely file and serve a Prejudice Declaration in compliance with the foregoing, the Motion to Amend may be granted as to that Defendant.

      (v)    Nothing in this Procedures Order shall limit the Debtors' or an individual Defendant's rights and remedies in the Adversary Proceedings, other than with respect to the proceedures expressly deliniated in this Procedures Order.

      (vi)    No later than 14 days after the Debtors have made and served the Debtors' Global Preliminary Disclosures, the Reorganized Debtors and the relevant Defendant shall meet and confer by phone (the "Meet and Confer") at a date and time to be agreed upon by such parties.

      (vii)    The following representatives of each of the Debtors and an individual Defendant shall attend such Meet and Confer: (A) counsel for each of the parties with settlement authority.

      (c)    <u>Rule 15 Mediation</u>. Except as set forth below, at least 60 days prior to commencement of a Rule 15 Hearing, the Reorganized Debtors and an individual Defendant may submit to mediation (each a "Mediation") in an effort to consensually resolve an Adversary Proceeding. No rights, remedies, claims or defenses of any party shall be impaired, waived or compromised in any further proceedings in these cases should no settlement or compromise result from participation in the mediation process. The Mediation shall be governed by General Order M-143 except as follows:

      (i)    The Mediator shall not have the authority to require either the Reorganized Debtors or the Defendant to provide any additional briefing with respect to the Mediation.

      (ii)    The Mediation may be held at any location extent agreed upon by the Reorganized Debtors and the individual Defendant, otherwise in the Southern District of New York.

      (iii)    A person possessing ultimate authority to reconcile, settle, or otherwise resolve the Adversary Proceeding on behalf of each of the Debtors and an individual Defendant shall attend an in-person Mediation.

      (iv)    Absent the written consent of each of the individual Defendant and the Debtors, the length of the Mediation shall be limited to one day, not to exceed 6 hours.

(v) The Debtors and an individual Defendant shall each bear their own costs in participating in the Mediation and shall share equally in the mediator's reasonable fees and costs.

(d) <u>Rule 15 Discovery</u>. In the event the Mediation is unsuccessful and a Rule 15 Hearing is scheduled for a particular Adversary Proceeding, the Debtors and an affected Defendant shall be bound by the following limited discovery procedures ( "Rule 15 Discovery"), subject to modification pursuant to paragraph 5(h) below:

(i) The scope of the Rule 15 Discovery shall be limited to (a) matters relevant to the Rule 15 Motion; <u>provided, however,</u> the Reorganized Debtors will not pursue discovery with respect to notice if the extent of notice asserted in a Defendant's Notice Affidavit is not contested.

(ii) Commencing no later than the later of 30 days after the conclusion of a Mediation or a written refusal to mediate by a party, the parties may seek limited written discovery on the scope of issues defined in paragraph 5(i) ("Written Discovery Requests"). Responses other than objections to Written Discovery Requests shall be served pursuant to the applicable rules. Written Discovery Requests shall be limited, unless otherwise agreed by the parties, to:

(A) no more than 10 requests for production, including discrete subparts.

(B) no more than 15 interrogatories, including discrete subparts.

(C) no more than 5 requests for admission, including discrete subparts.

(iii) The parties shall discuss any objections and in good faith and attempt to resolve such objection(s). If good faith attempts to resolve the objection(s) have failed, the requesting party may file a motion with the Court seeking to compel discovery. The hearing on the motion to compel shall be held telephonically, unless otherwise directed by the Court or as agreed by the parties.

(iv) Commencing at least __ days prior to commencement of a Rule 15 Hearing (1) the Debtors may take the deposition upon oral examination, including but not limited to any deposition made under Fed. R. Civ. P. 30(b)(6), of the individuals identified in the a Prejudice Declaration and no more than __ additional individuals, and (2) an individual Defendant may take the deposition upon oral examination, including but not limited to any deposition made under Fed. R. Civ. P. 30(b)(6), of the individuals identified in the Debtors' Global Preliminary Discovery and no more than __ additional individuals.

(e) <u>Rule 15 Hearing Briefs</u>. The following procedures shall apply to the parties' written briefs, if any, filed in advance of the Rule 15 Hearing, if any, subject to modification pursuant to paragraph 5(h) below:

    (i)  The Defendant shall file and serve a written statement in opposition to the Reorganized Debtors' motion for leave to file their amended complaint (the "Defendant's Rule 15 Supplemental Response") no later than 10 business days prior to commencement of the Rule 15 Hearing. The Defendant's Rule 15 Supplemental Response shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits). If the Defendant relies on exhibits, the Defendant shall include such exhibits in its Rule 15 Supplemental Response, subject to the qualifications set forth in paragraph __ below.

    (ii)  The Reorganized Debtors may file and serve the written statement in support of the motion for leave to file their amended complaint (the "Reorganized Debtors' Rule 15 Supplemental Brief") no later than 5 business days prior to commencement of the Rule 15 Hearing. The Reorganized Debtor's Rule 15 Supplemental Brief shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits). If the Reorganized Debtors rely on exhibits, the Reorganized Debtors shall include such exhibits in the Reorganized Debtors' Rule 15 Supplemental Brief subject to the qualifications set forth in paragraph __ below.

    (iii)  The Defendant may file and serve a brief in reply to the Reorganized Debtors' Rule 15 Supplemental Brief (a "Rule 15 Reply") no later than 1 business days prior to commencement of the Rule 15 Hearing. The Rule 15 Reply shall not exceed 5 single-sided, double-spaced pages (exclusive of exhibits). If the Defendant relies on exhibits, the Defendant shall include such exhibits in its Rule 15 Reply, subject to the qualifications set forth in paragraph 5(h) below.

    (iv)  Any exhibits attached to or included within any of the briefs discussed above (each a "Rule 15 Brief"), must have previously been provided to the opposing party or produced during the Rule 15 Discovery. The parties shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to any Rule 15 Brief.

    (v)  A Rule 15 Brief must include any affidavits or declarations from witnesses upon which the parties will rely at the Rule 15 Hearing; <u>provided, however</u>, that neither party shall be permitted to elicit any direct testimony at the Rule 15 Hearing; instead, the affidavit or declaration submitted with the Rule 15 Brief, or such witnesses' deposition transcript, shall serve as the witnesses' direct testimony and the parties may cross examine and conduct re-direct of any witness present and available at the Rule 15 Hearing or counter-designate deposition testimony. No additional witnesses may testify and no additional exhibits may be introduced into evidence at the Rule 15 Hearing beyond those included in the Rule 15 Briefs, absent a showing of cause and order of the Court.

  (f)  <u>Conduct Of The Rule 15 Hearing</u>.

    (i)  At the Rule 15 Hearing, the Court will conduct an evidentiary hearing to the extent necessary to resolve the Rule 15 Motion

    (ii)  The Reorganized Debtors and the Defendant shall each be permitted, subject to modification pursuant to paragraph 5(h) below, to present their

respective cases to the Court at the Rule 15 Hearing, subject to provisions of this Adversary Proceedings Procedures Order. The parties shall coordinate with each other in advance of the hearing with respect to anticipated disputes regarding the admission of particular evidence and any designated deposition testimony.

    (g)    <u>Amended Complaint and Answer.</u>

        (i)    The Reorganized Debtors, upon entry of an order granting a motion for leave to amend the complaint as to a particular Defendant, shall file the amended complaint in the applicable Adversary Proceeding and serve such complaint on counsel for such particular Defendant.

        (ii)    An individual Defendant may answer, move or respond to an amended complaint within 30 days after the Debtors file and serve an amended complaint in an individual Adversary Proceeding. In the event that a Defendant fails to answer, move or respond (including a 12(b) Motion) as set forth herein, the Debtors may schedule a Default Hearing on the next Adversary Proceeding Hearing Date that is at least 42 days after the date the amended complaint was filed in the Adversary Proceeding. Prior to the Default Hearing, a Defendant and the Reorganized Debtors may file pleadings as described in the Default Hearing Procedures described in paragraph 4 (a) above.

    (h)    <u>Ability To Modify Procedures By Agreement Or Order Of Court.</u>

        (i)    At the Meet and Confer, the parties shall discuss discovery parameters, briefing, evidence to be presented, the timing outlined herein, and any modifications thereto that are necessary due to the facts and circumstances of the relevant Adversary Proceeding. Should the parties be unable to agree on reasonable modifications to these Adversary Proceeding Procedures, if any, either party may request that the Court promptly schedule a teleconference to consider such proposed modifications. No discovery, testimony, or motion practice other than that described herein, as modified, shall be permitted, unless otherwise agreed by the parties or ordered by the Court.

    6.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Adversary Proceedings Procedures Order.

       7.      The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: White Plains, New York
December ___, 2011

                                                                     _____
                                                                      UNITED STATES BANKRUPTCY JUDGE