# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- x
                              :

       inIn re                         :           Chapter 11

                                :

DPH HOLDINGS, CORP., et al.,        :           Case No. 05-44481 (RDD)

                                :           (Jointly Administered)

Reorganized Debtors.                 :

                                :
---------------------------------------------------- x

**ORDER PURSUANT TO 11 U.S.C. §§ 105(d), 544, 547, AND 548 AND FED. R. BANKR. P.
7016 ESTABLISHING (I) DATES FOR HEARINGS REGARDING
ADVERSARY PROCEEDINGS AND (II) NOTICES AND PROCEDURES
GOVERNING ADVERSARY PROCEEDINGS HEARINGS**

**("ADVERSARY PROCEEDINGS PROCEDURES ORDER")**

     Upon the Motion For Order Pursuant To 11 U.S.C. §§ 105(d), 544, 547, And 548 And

Fed. R. Bankr. P. 7016 Establishing (I) Dates For Hearings Regarding Adversary Proceedings

And (II) Notices And Procedures Governing Adversary Proceedings Hearings, dated November

4, 2011 (the "**Procedures** Motion"), of DPH Holdings Corp. and its affiliated reorganized

debtors (the "Reorganized Debtors"), formerly known as Delphi Corporation and certain of its

subsidiaries and affiliates, former Debtors and Reorganized Debtors-in-possession in the above-

captioned cases (f/k/a In re Delphi Corporation, et al.) (collectively, the "Debtors"); and after due

deliberation thereon; and good and sufficient cause appearing therefor,

     IT IS HEREBY FOUND AND DETERMINED THAT:[1]

     Proper, timely, adequate, and sufficient notice of the **Procedures** Motion has been

provided, such notice was good, sufficient and appropriate under the particular circumstances,

and no other or further notice of the **Procedures** Motion is or shall be required.

At an October 24, 2011 hearing regarding the Debtors' motions for leave to amend complaints (individually, a "Rule 15 Motion") in the Adversary Proceedings identified on Exhibit 1 (the "Adversary Proceedings") pursuant to Rule 15 of the Fed. R. Civ. Pro. ("Rule 15"), the Court considered the declarations and affidavits submitted by certain Defendants regarding Rule 15 issues, including, without limitation, prejudice, futility and the appropriateness of the notice given of the Extension Motions (a "Notice Affidavit").

At a June 21, 2010 hearing regarding the Rule 15 Motion filed in the Adversary Proceedings, the Debtors made numerous representations to the Court with respect to their "DACOR" accounting system, including without limitation, that the "DACOR" system provided the Debtors with the factual underpinnings for the allegations set forth in the draft Amended Complaints attached as an exhibit to each of the Rule 15 Motions.

The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334., as the Motion relates to the Court's authority to regulate its calendar and notices with regard thereto. The Motion is a core proceeding under 28 U.S.C. § 157 (b)(2). 1334, to the extent the Motion relates to the Court's authority to regulate its calendar and notices with regard thereto. Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

The relief requested in the **Procedures** Motion and granted herein is in the best interests of the Reorganized Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the **Procedures** Motion.

**1.** **The Procedures Motion is granted to the extent set forth in the within order.**

**2.** **In the event an individual Defendant has not opposed a Rule 15 Motion, such motion hereby is granted.**

**3.** 1. The Motion is granted and this**This procedures** Order is to**shall** be entered in each of the Adversary Proceedings identified on Exhibit 1 (the "Adversary Proceedings").

**4.** 2. This**The** Court shall**may** conduct special periodic hearings (the "Adversary Proceeding Hearings") on the Adversary Proceedings. The Adversary Proceeding Hearings shall**Rule 15 Hearings") regarding the Debtor's Rule 15 Motions to** be held in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 118, White Plains, New York 10601-4140 (the "Court") unless the Reorganized Debtors and the Defendants affected are otherwise notified by the Court. The following dates and times have been scheduled as Adversary Proceeding Hearing Dates in these chapter 11 cases:**by agreement between the Debtors and a defendant in any individual Adversary Proceeding, at such dates and times as shall be made available by the Court, or as set by the Court if such parties cannot agree on such date(s) and time(s).**

——————————————— [•] (prevailing Eastern time)

**5.** 3. The following procedures shall apply to each **individual** Adversary Proceeding (the "Adversary Proceeding Procedures"):

(a)    Notice Affidavit and Prejudice Declaration.

(i)    At the October 24, 2011 hearing, the Court considered the declarations or affidavits submitted by certain preference defendants regarding the extent of notice received regarding the Extension Motions (the "Notice Affidavit"). To the extent that any Defendant submitted a Notice Affidavit or previously opposed the Reorganized Debtors' motion to seek leave to amend (the "Motion to Amend") on the basis of prejudice under Fed. R. Civ. P.

~~15 ("Rule 15"), no later than 14 days after entry of this Adversary Proceedings Procedures Order, each such Defendant shall file and serve any and all declarations (collectively, the "Prejudice Declaration") with respect to the extent of any claimed prejudice suffered by the Defendant that such Defendant seeks to assert in opposition to the Motion to Amend, and upon which such Defendant intends to rely at the Rule 15 Hearing (as defined below). If such a Defendant fails to timely file and serve a Prejudice Declaration in compliance with the foregoing, the Motion to Amend shall be granted as to that Defendant.~~

~~(ii)   Nothing in this Adversary Proceedings Procedures Order shall limit the Reorganized Debtors' right to object to the timeliness or other procedural infirmities with respect to Defendant's claim of prejudice.~~

**(a)**   ~~(b) Scheduling of Adversary Proceeding Hearings.~~**Hearings – Default By a Defendant.**

~~(i)   The Reorganized Debtors shall schedule each Adversary Proceeding to an Adversary Proceeding Hearing as provided below:~~

**(i)**   ~~(A) for a default hearing, in~~**In** the event that a Defendant has ~~not~~**neither** filed an answer ~~or has not~~**nor** otherwise filed a ~~proper~~ response in opposition to ~~the Reorganized~~**a** Debtors' complaint**, the Debtors may schedule a hearing with respect to such default** (a "Default Hearing") , by serving upon ~~the relevant~~**an individual** Defendant**,** by ~~facsimile or~~ overnight delivery **directed to such location and to the attention of such individual as has been designated by such Defendant in any filing made by such Defendant in the Debtors' chapter 11 cases, and if not so designated, then in a manner calculated to give such Defendant actual notice of such request for relief**, and filing with this Court, (a) a notice substantially in the form attached hereto as Exhibit 2 ~~(a "Notice Of Default Hearing"),~~ (b) a copy of the complaint, (c) a motion for entry of default judgment (the "Motion for Default Judgment"), and (d) a copy of this Adversary Proceedings Procedures Order**,** at least 28 days prior to the date of such Default Hearing**,** ~~or,~~

~~(B)   for a Rule 15 hearing, in the event that a Defendant has filed an opposition to the Motion to Amend (the "Rule 15 Hearing"), by serving upon the relevant Defendant by facsimile or overnight delivery, and filing with this Court, (a) a notice substantially in the form attached hereto as Exhibit 3 (a "Notice of Rule 15 Hearing"), (b) the proposed amended complaint, or where applicable, a revised proposed amended complaint which shall reflect the Reorganized Debtors revisions as to assumed transfers, reconciled transfers and antecedent debt information where previously missing, if any, and (c) a copy of this Adversary Proceedings Procedures Order at least 98 days prior to the date of such Rule 15 Hearing, or~~

~~(C)   where a Defendant has not opposed the Reorganized Debtors' Motion to Amend, in which case that motion is hereby granted, or, in the event that the Court has granted the Reorganized Debtors leave to amend their complaint under Rule 15 after a Rule 15 Hearing, for a trial of the Adversary Proceeding on the merits of the Adversary Proceeding (a "Merits Trial"), by serving upon the relevant Defendant by facsimile or overnight delivery, and filing with this Court, (a) a notice substantially in the form attached hereto as~~

~~Exhibit 4 (a "Notice of Merits Trial" and, collectively with the Notice of Default Hearing and the Notice of Rule 15 Hearing, the "Notices of Hearing"), (b) an amended complaint, and (c) a copy of this Adversary Proceedings Procedures Order at least 84 days prior to the date of such Merits Trial.~~

~~(ii)     The Reorganized Debtors, in their sole discretion, are authorized to further adjourn a Default Hearing, a Rule 15 Hearing, a Merits Trial, or a Rule 12(b) Hearing (as defined below) at any time by providing notice to the Court and the Defendant at least five business days prior to the date of the scheduled hearing; provided, however, that the hearing on any Adversary Proceeding shall not be adjourned for more than a total of 180 calendar days from date of service of the initial Notice of Hearing set forth in paragraph 3(b)(i)(A),(B), and (C) above or 3(m)(ii) below without consent of the Defendant with respect thereto, unless otherwise ordered by the Court.~~

~~(c)     Default Hearing Procedures.~~

**(ii)**     ~~(i)~~ If a Defendant scheduled for a Default Hearing~~,~~ does not oppose the relief sought in ~~the~~**a** Motion for Default Judgment in the manner set forth below, the Court ~~will~~**may** enter a default judgment against the Defendant.  Any objection or other pleading in opposition to the relief sought in the Motion for Default Judgment shall be filed and served no later than 14 days before the scheduled Default Hearing.  Such Defendant's pleading (a) must show cause why a timely answer was not filed, ~~(b) shall not exceed fifteen single-sided, double-spaced pages, and (c~~**and (b)** attach a proposed answer.

~~(ii)     To the extent that an Adversary Proceeding is scheduled for a Default Hearing, if the Reorganized Debtors wish to file a reply, the Reorganized Debtors shall file and serve their reply no later than two business days before the~~ **The Debtors may file and serve a reply to such pleading filed by a Defendant no later than 7 days before a** scheduled Default Hearing. ~~The reply shall not exceed fifteen single-sided, double-spaced pages (exclusive of exhibits or affidavits).~~**.**

(iii)     To the extent that this Court determines upon conclusion of ~~the~~**a** Default Hearing that ~~the~~**a** Defendant should be granted leave to file ~~a late~~**an** answer or otherwise ~~plead~~**respond**, the Reorganized Debtors shall provide to ~~the~~**such** Defendant a Notice of Hearing pursuant to the procedures set forth ~~above. All Default Hearings shall proceed, subject to modification pursuant to paragraph 3(q) below, to hearing as illustrated on Exhibit 2-A and as described herein.~~**in paragraph 5(b) below.**

~~(d)     Mandatory Meet And Confer.~~

**(b)     Notice Affidavit, Global Preliminary Disclosures and Prejudice Declaration - Reorganized Debtors' Rule 15 Motion**

(i)     ~~To the extent that an Adversary Proceeding is scheduled by the Reorganized Debtors for a Rule 15 Hearing or a Merits Trial, the Reorganized Debtors and the relevant Defendant shall hold a telephonic meet and confer (a "Meet and Confer") within 7 days of service of the Notice of Rule 15 Hearing or the Notice of Merits Trial, at a date and~~

~~time to be set by the Reorganized Debtors.~~**As to any Defendant that either submits or has submitted a Notice Affidavit or previously opposed a Rule 15 Motion, and with respect to a Defendant with respect to which the Court has granted a relief pursuant to paragraph 5(a)(iii) above, no later than 14 days after the later either of entry of this Procedures Order or an order pursuant to paragraph 5(a)(iii) above, the Debtors shall make and serve global preliminary disclosures (the "Debtors' Global Preliminary Disclosures") regarding (A) the current status and availability of the Debtors' legacy accounting systems and related records, including currently available electronically stored information ("ESI"), information that may no longer be available in native form, or that otherwise may no longer be available as ESI or otherwise is unavailable, (B) the name and address, and telephone number if available, of each individual who is likely to have discoverable information that may be relevant to the proposed amended complaint attached to a Rule 15 motion concerning such legacy accounting systems and related records, including information technology administrators, outside consultants and other persons who the Debtors may call upon to operate, manage or explain the Debtors' legacy accounting systems or to otherwise provide support for the probative value of such records, and (C) the identity and availability of each employee or former employee of the Debtors, with their address and telephone number if available, who is likely to have discoverable information that may be relevant to a proposed amended complaint.**

**(ii)      In the event the Debtors fail to timely file and serve the Debtors' Global Preliminary Disclosures upon a Defendant in compliance with paragraph 5(b)(i) above, the Rule 15 Motion shall be denied as to such Defendant.**

**(iii)      In the event the Debtors timely make and serve the Debtors' Global Preliminary Disclosures upon an individual Defendant, no later than 45 days after actual receipt of such Debtors' Preliminary Global Disclosures, an individual Defendant may file and serve on the attorneys for the Debtors a declaration (a "Prejudice Declaration") that may, without limitation, set forth all matters pertaining to the prejudice such Defendant asserts it has suffered with regard as well as all other facts relevant to the individual Defendant's opposition to the Rule 15 Motion.  The Prejudice Declaration shall include (A) the current status and availability of the individual Defendant's legacy accounting systems and related records, including currently available ESI, information that may no longer be available in native form, or that otherwise may no longer be available as ESI or otherwise is unavailable to the extent that such changes to a Defendant's ESI is the basis for a claim of prejudice in connection with a Rule 15 Motion, (B) the name and address, and telephone number if available, of each individual who is likely to have discoverable information that may be relevant concerning such legacy accounting systems and related records, including information technology administrators, outside consultants and other persons who the individual Defendant may call upon to operate, manage or explain an individual Defendant's legacy accounting systems or to otherwise provide support for the probative value of such records, and (C) the identity of each former employee of a Defendant, with their address and telephone number if available, who is likely to have discoverable information that may be relevant to a proposed amended complaint.**

**(iv)      In the event If a Defendant fails to timely file and serve a Prejudice Declaration in compliance with the foregoing, the Motion to Amend may be granted as to that Defendant.**

**(v)      Nothing in this Procedures Order shall limit the Debtors' or an individual Defendant's rights and remedies in the Adversary Proceedings, other than with respect to the  proceedures expressly deliniated in this Procedures Order.**

**(vi)      No later than 14 days after the Debtors have  made and served the Debtors' Global Preliminary Disclosures, the Reorganized Debtors and the relevant Defendant shall meet and confer by phone (the "Meet and Confer") at a date and time to be agreed upon by such parties.**

**(vii)** ~~(ii)~~ The following representatives of each of the ~~Reorganized~~ Debtors and ~~the~~**an individual** Defendant shall attend ~~the~~ **such** Meet and Confer: (A) counsel for each of the parties ~~and (B) a person possessing ultimate authority to reconcile, settle, or otherwise resolve the Adversary Proceeding on behalf of the Reorganized Debtors and the Defendant.~~**with settlement authority.**

~~(iii)      The Court will consider appropriate sanctions, including the dismissal or entry of judgment of the amount at issue in such Adversary Proceeding, if either party does not follow the foregoing procedures or conduct the Meet and Confer in good faith.~~

~~(e)~~

**(c)**      Rule 15 ~~Hearing Procedures.~~

~~(i)      Prior to commencement of the Rule 15 Hearing, the Reorganized Debtors and the Defendant shall submit to mandatory non-binding summary mediation, as set forth below, in an effort to consensually resolve the Adversary Proceeding.~~

~~(ii)      At the Rule 15 Hearing, the Court will conduct an evidentiary hearing to the extent necessary and solely to determine matters of notice and prejudice raised in the Notice Affidavit or the Prejudice Declaration. The Court will further determine all remaining matters to resolve the Motion to Amend. All Rule 15 Hearings shall proceed, subject to modification pursuant to paragraph 3(q) below, to hearing as illustrated on Exhibit 3-A and as described herein.~~

~~(f)      Mediation Statements. The following procedures, subject to modification pursuant to paragraph 3(q), apply to the Defendant's written statement with respect to mediation (the "Defendant's Mediation Statement") and the Reorganized Debtors' statement with respect to mediation (the "Reorganized Debtors' Mediation Statement," and together with the Defendant's Mediation Statement, the "Mediation Statements"), filed in connection with a Rule 15 Hearing for an Adversary Proceeding:~~

~~(i)      The Defendant shall serve, but not file, the Defendant's Mediation Statement no later than 84 days prior to commencement of the Rule 15 Hearing. The Defendant's Mediation Statement shall (a) address any and all defenses that the Defendant intends to assert in~~

~~opposition to the Motion to Amend, (b) address any and all defenses regarding the merits of the complaint, including, but not limited to, any motions under Fed. R. Civ. P. 12, (c) attach the Defendant's Prejudice Declaration, and (d) attach a proposed answer to the proposed amended complaint. The Defendant's Mediation Statement shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits). If the Defendant relies on exhibits, the Defendant shall include such exhibits in its Mediation Statement.~~

~~(ii)    The Reorganized Debtors shall serve, but not file, the Reorganized Debtors' Mediation Statement no later than 77 days prior to commencement of the Rule 15 Hearing. The Reorganized Debtors' Mediation Statement shall (a) respond to any and all defenses that the Defendant asserted in opposition to the Motion to Amend and (b) respond to any and all defenses regarding the merits of the complaint, including, but not limited to, any motions under Fed. R. Civ. P. 12. The Reorganized Debtors' Mediation Statement shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits). If the Reorganized Debtors rely on exhibits, the Reorganized Debtors shall include such exhibits in their Mediation Statement.~~

~~(iii)    The Mediation Statements shall be confidential and subject to all protections afforded under Federal Rule of Evidence 408.~~

(g)    ~~Mandatory Non-Binding Summary~~ Mediation.    Except as set forth below, at least ~~7~~ **60** days prior to commencement of ~~the~~**a** Rule 15 Hearing, the Reorganized Debtors and ~~the~~**an individual** Defendant ~~shall~~**may** submit to ~~mandatory non-binding summary~~ mediation (each a "Mediation") in an effort to consensually resolve ~~the~~**an** Adversary Proceeding. No rights, remedies, claims or defenses of any party shall be impaired, waived or compromised in any further proceedings in these cases should no settlement or compromise result from participation in the mediation process.  The Mediation shall be governed by General Order M-143 except as follows. ~~The following procedures shall apply to each Mediation, subject to modification pursuant to paragraph 3(q) below:~~

~~(i)    Each Mediation shall be assigned to _____ or _____, or such other person upon which the parties agree (the "Mediator").~~

**(i)**    ~~(ii)~~The Mediator shall not have the authority to require either the Reorganized Debtors or the Defendant to provide any additional briefing with respect to the Mediation.

~~(iii)    To the extent that the Defendant (if an individual) or the Defendant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located within 140 miles of Troy, Michigan, the Mediation shall be held at a neutral location in Troy, Michigan.~~

~~(iv)    To the extent that the Defendant's principal place of business is located more than 140 miles from Troy, Michigan, the Mediation shall be held at a neutral location reasonably acceptable to the Reorganized Debtors and the Defendant; provided that, if the Reorganized Debtors and the Defendant are unable to agree upon a neutral location at the Meet and Confer, the parties shall promptly report such inability to agree to the Court.~~

**(ii)**   ~~(v) To the~~**The Mediation may be held at any location** extent ~~that~~**agreed upon by** the Reorganized Debtors and the **individual** Defendant ~~agree, Mediation may be held at any agreed upon location.~~**, otherwise in the Southern District of New York.**

**(iii)**   ~~(vi)~~ A person possessing ultimate authority to reconcile, settle, or otherwise resolve the Adversary Proceeding on behalf of each of the ~~Reorganized~~ Debtors and ~~the~~**an individual** Defendant shall attend an in-person Mediation~~; provided, however, that the Reorganized Debtors' counsel will not be precluded from attending and participating in a Mediation in the event that the Defendant elects not to have its counsel attend or participate in a Mediation.~~

**(iv)**   ~~(vii)~~Absent **the written** consent of each of the **individual** Defendant and the ~~Reorganized~~ Debtors, the length of the Mediation shall be limited to one day~~,~~**, not to exceed 6 hours.**

~~(viii)   The Court will consider appropriate sanctions, including the dismissal or entry of judgment of the amount at issue in such Adversary Proceeding, if either party does not follow the foregoing procedures or conduct the Mediation in good faith.~~

**(v)**   ~~(ix)~~ The ~~Reorganized~~ Debtors and ~~the~~**an individual** Defendant shall each bear ~~its~~**their** own costs in participating in the Mediation and shall share equally in the mediator's **reasonable** fees and costs ~~and cost of mediation facility, if any.~~

**(d)**   ~~(h)~~ Rule 15 Discovery. ~~If~~**In the event the** Mediation is unsuccessful and a Rule 15 Hearing is scheduled for a particular Adversary Proceeding, the ~~Reorganized~~ Debtors and ~~the~~**an affected** Defendant shall be bound by the following limited discovery procedures (~~the~~ "Rule 15 Discovery"), subject to modification pursuant to paragraph 3**5**(~~q~~**h**) below:

**(i)**   The scope of **the** Rule 15 Discovery shall be limited to (a) ~~prejudice asserted by the Defendant, solely to the extent identified in a Defendant's Prejudice Declaration, and (b) notice of the Extension Motions, solely to the extent identified in a Defendant's Notice Affidavit~~**matters relevant to the Rule 15 Motion**; provided, however, the Reorganized Debtors will not pursue discovery with respect to notice if the extent of notice asserted in ~~the~~**a** Defendant's Notice Affidavit is not contested. ~~Notwithstanding the above, the Reorganized Debtors may pursue discovery as to constructive notice.~~

**(ii)**   ~~No~~**Commencing no** later than ~~3 business~~**the later of 30** days after the conclusion of ~~a~~ Mediation~~, the Reorganized Debtors or the Defendant~~ **or a written refusal to mediate by a party, the parties** may seek limited written discovery on the scope of issues defined in paragraph 3~~(h)~~**5**(i) ("Written Discovery Requests"). Responses~~,~~ other than objections~~,~~ to Written Discovery Requests shall be ~~produced 21 days after the request is served.~~**served pursuant to the applicable rules.** Written Discovery Requests shall be limited, unless otherwise agreed by the parties, to:

(A)   no more than 1**5**~~0~~ requests for production, including discrete subparts.

(B)     no more than 15 interrogatories, including discrete subparts.

(C)     no more than 5 requests for admission, including discrete subparts.

(iii)     ~~Objections to any Written Discovery Request shall be served no later than 7 calendar days after service of the opposing party's Written Discovery Request.~~ The parties shall discuss ~~the~~**any** objections and~~,~~ in good faith~~;~~ **and** attempt to resolve ~~the~~**such** objection(s). If good faith attempts to resolve the objection(s) have failed, the requesting party may file a motion with the Court seeking to compel discovery. The hearing on the motion to compel shall be held telephonically, unless otherwise **directed by the Court or as** agreed ~~to~~ by the parties.

(iv)     ~~No earlier than 42 days prior to the commencement of the Rule 15 Hearing, but~~**Commencing** at least 28__ days prior to commencement of ~~the~~**a** Rule 15 Hearing~~,~~ **(1)** the ~~Reorganized Debtors or the Defendant may, at such party's election,~~**may** take the deposition upon oral examination ~~of no more than 5 individuals~~, including but not limited to any deposition made under Fed. R. Civ. P. 30(b)(6)~~.~~**, of the individuals identified in the a Prejudice Declaration  and  no more than     additional individuals, and (2) an individual Defendant may take the deposition upon oral examination, including but not limited to any deposition made under Fed. R. Civ. P. 30(b)(6), of the individuals identified in the Debtors' Global Preliminary Discovery  and  no more than     additional individuals.**

**(e)**     ~~(i)~~ Rule 15 Hearing Briefs. The following procedures shall apply to the parties' written briefs, if any, filed in advance of the Rule 15 Hearing, if any, subject to modification pursuant to paragraph 3**5**(~~q~~**h**) below:

(i)     The Defendant shall file and serve a written statement in opposition to the Reorganized Debtors' motion for leave to file their amended complaint (the "Defendant's Rule 15 Supplemental Response") no later than 14**0 business** days prior to commencement of the Rule 15 Hearing. The Defendant's Rule 15 Supplemental Response shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits). If the Defendant relies on exhibits, the Defendant shall include such exhibits in its Rule 15 Supplemental Response, subject to the qualifications set forth in paragraph 3(i)(v)__ below.

(ii)     The Reorganized Debtors may file and serve the written statement in support of the motion for leave to file their amended complaint (the "Reorganized Debtors' Rule 15 Supplemental Brief") no later than 7**5 business** days prior to commencement of the Rule 15 Hearing. The Reorganized Debtor's Rule 15 Supplemental Brief shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits). If the Reorganized Debtors rely on exhibits, the Reorganized Debtors shall include such exhibits in the Reorganized Debtors' Rule 15 Supplemental Brief subject to the qualifications set forth in paragraph 3(i)(v)__ below.

(iii)     The Defendant may file and serve a brief in reply to the Reorganized Debtors' Rule 15 Supplemental Brief (a "Rule 15 Reply") no later than 4**1**

business days prior to commencement of the Rule 15 Hearing. The Rule 15 Reply shall not exceed 5 single-sided, double-spaced pages (exclusive of exhibits). If the Defendant relies on exhibits, the Defendant shall include such exhibits in its Rule 15 Reply, subject to the qualifications set forth in paragraph 3**5**(i)(v**h**) below.

(iv) ~~The Reorganized Debtors may file and serve a brief in reply to the Defendant's Reply (a "Rule 15 Sur-Reply") no later than 2 business days prior to commencement of the Rule 15 Hearing. The Rule 15 Sur-Reply shall not exceed 5 single-sided, double-spaced pages (exclusive of exhibits). If the Reorganized Debtors rely on exhibits, the Reorganized Debtors shall include such exhibits in their Rule 15 Sur-Reply, subject to the qualifications set forth in paragraph 3(i)(v) below.~~

**(iv)** ~~(v)~~ Any exhibits attached to or included within any of the briefs discussed above (each a "Rule 15 Brief"), must have previously been provided to the opposing party ~~in connection with the proponent's Mediation Brief~~ or produced during **the** Rule 15 Discovery. The parties shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to any Rule 15 Brief.

**(v)** ~~(vi)~~ A Rule 15 Brief must include any affidavits or declarations from witnesses upon which the parties will rely at the Rule 15 Hearing; _provided_, _however_, that neither party shall be permitted to elicit any direct testimony at the Rule 15 Hearing; instead, the affidavit or declaration submitted with the Rule 15 Brief, or such witnesses' deposition transcript, shall serve as the witnesses' direct testimony and the ~~opposing party~~**parties** may cross examine ~~the witnesses~~**and conduct re-direct of any witness present and available** at the Rule 15 Hearing or counter-designate deposition testimony. No additional witnesses may testify and no additional exhibits may be introduced into evidence at the Rule 15 Hearing beyond those included in the Rule 15 Briefs, absent a showing of cause and order of the Court.

~~(i)~~

**(f)**    Conduct Of The Rule 15 Hearing**.**

**(i)    At the Rule 15 Hearing, the Court will conduct an evidentiary hearing to the extent necessary to resolve the Rule 15 Motion**

**(ii)** ~~:~~ The Reorganized Debtors and the Defendant shall each be permitted, subject to modification pursuant to paragraph 3**5**(g**h**) below, to present their respective cases to the Court at the Rule 15 Hearing, subject to provisions of this Adversary Proceedings Procedures Order. The parties shall coordinate with each other in advance of the hearing with respect to anticipated disputes regarding the admission of particular evidence and any designated deposition testimony.

~~(k)    Merits Trial Procedures.~~

~~(i)    At the Merits Trial, the Court will determine all matters necessary to resolve the Adversary Proceeding. All Merits Trials shall proceed, subject to modification~~

~~pursuant to paragraph 3(q) below, to hearing as illustrated on Exhibit 4-A and as described herein.~~

**(g)**   ~~(l)~~ Amended Complaint and Answer.

(i)   The Reorganized Debtors ~~shall~~, upon entry of an order granting ~~the~~a motion for leave to amend the complaint as to a particular Defendant, **shall** file the amended complaint in the applicable Adversary Proceeding. ~~The Reorganized Debtors shall serve such Defendant with the Notice of Merits Trial as set forth above.~~ **and serve such complaint on counsel for such particular Defendant.**

(ii)   A**An individual** Defendant ~~must~~**may** answer ~~or otherwise plead in response to the~~**, move or respond to an** amended complaint within ~~7~~**30** days after the ~~Reorganized~~ Debtors file ~~such~~ **and serve an** amended complaint in ~~the~~**an individual** Adversary Proceeding.  In the event that a Defendant fails to answer**, move** or ~~otherwise plead~~**respond** (including a 12(b) Motion, ~~as defined below) prior to the 7-day deadline, the Adversary Proceeding will automatically be scheduled for~~**) as set forth herein, the Debtors may schedule** a Default Hearing on the next Adversary Proceeding Hearing Date that is at least 42 days after the date the amended complaint was filed in the Adversary Proceeding. Prior to the Default Hearing, a Defendant and the Reorganized Debtors may file pleadings as described in the Default Hearing Procedures described **in paragraph 4 (a)** above.

~~(m)   Rule 12(b) Proceedings. If a Defendant files a responsive pleading that asserts a defense under Federal Rule of Civil Procedure 12(b) (a "12(b) Motion"), the following procedures shall apply:~~

~~(i)   A Defendant may file and serve a 12(b) Motion no later than 7 days after an amended complaint is filed in an Adversary Proceeding. The 12(b) Motion shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits). If the Defendants rely on exhibits, the Defendants shall include such exhibits in their 12(b) Reply (defined below).~~

~~(ii)   Upon a Defendants' filing of a 12(b) Motion, the Merits Trial shall be adjourned automatically to a future Adversary Proceeding Hearing Date until the 12(b) Motion is resolved and upon further notice by the Reorganized Debtors. In addition, the hearing on a 12(b) Motion (a "Rule 12(b) Hearing") shall be adjourned automatically to a future Adversary Proceeding Hearing Date, which shall be determined by the Reorganized Debtors in their sole discretion, by serving Defendant with a notice of such hearing, substantially in the form attached hereto as Exhibit 5 (a "Notice of Rule 12(b) Hearing") at least 28 days prior to the applicable 12(b) Hearing date. All Rule 12(b) Hearings shall proceed, subject to modification pursuant to paragraph 3(q) below, to hearing as illustrated on Exhibit 5-A and as described herein.~~

~~(iii)   The Reorganized Debtors may file and serve a response in opposition to a 12(b) Motion (a "12(b) Response") no later than 14 days prior to commencement of the 12(b) Hearing. The 12(b) Response shall not exceed 20 single-sided, double-spaced pages~~

(exclusive of exhibits). If the Reorganized Debtors rely on exhibits, the Reorganized shall include such exhibits in their 12(b) Response.

(iv)    A Defendant may file and serve a reply in support of a 12(b) Motion (a "12(b) Reply") no later than 7 days prior to commencement of the 12(b) Hearing. The 12(b) Reply shall not exceed 10 single-sided, double-spaced pages (exclusive of exhibits). If the Defendants rely on exhibits, the Defendants shall include such exhibits in their 12(b) Reply.

(v)    In the event that a 12(b) Motion is denied, withdrawn, or otherwise resolved in favor of the Reorganized Debtors, a Defendant shall file an answer as provided in paragraph 3(l)(ii) above.

(vi)    If at any time a Defendant moves for summary judgment, the Court will decide such motion at the Merits Trial.

(n)    Merits Discovery. If a Merits Trial is scheduled for a particular Adversary Proceeding, the Reorganized Debtors and the Defendant shall be bound by the following discovery procedures, subject to modification pursuant to paragraph 3(q) below:

(i)    No later than 7 days after a Defendant files an answer, the Reorganized Debtors or the Defendant may request:

(A)    That the opposing party respond to no more than 15 Requests for production of documents, including discrete subparts. Documents shall be produced at least 42 days prior to commencement of the Merits Trial.

(B)    That the opposing party respond to no more than 15 Interrogatories, including discrete subparts. Responses shall be produced at least 42 days prior to commencement of the Merits Trial.

(C)    That the opposing party respond to no more than ten requests for admission, including discrete subparts. Responses shall be produced at least 42 days prior to commencement of the Merits Trial.

(ii)    No earlier than 42 days prior to the commencement of the Merits Trial, but at least 28 days prior to commencement of the Merits Trial, the Reorganized Debtors or the Defendant may, at such parties' election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Defendant's Merits Response (defined below), Reorganized Debtors' Merits Brief (defined below), or the Merits Reply (defined below). Each party shall be permitted to depose no more than five parties, including, but not limited to any deposition made under Fed. R. Civ. P. 30(b)(6). Each deposition shall not exceed one day.

(o)    Merits Briefs. The following procedures shall apply to the parties' written briefs, if any, filed in advance of the Merits Trial, subject to modification pursuant to paragraph 3(q) below:

(i)    The Reorganized Debtors may file and serve a written statement in support of the relief sought in their amended complaint (a "Merits Brief") no later than 14 days prior to commencement of the Merits Trial. The Merits Brief shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits). If the Reorganized Debtors rely on exhibits, the Reorganized Debtors shall include such exhibits in the Reorganized Debtors' Merits Brief.

(ii)    The Defendant may file and serve a written response in opposition to the relief sought in the Reorganized Debtors' amended complaint (a "Merits Response") no later than 7 days prior to commencement of the Merits Trial. The Merits Response shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits). If the Defendant relies on exhibits, the Defendant shall include such exhibits in its Merits Response.

(iii)    The Reorganized Debtors may file and serve a brief in reply to the Merits Response (a "Merits Reply") no later than 2 business days prior to commencement of the Merits Trial. The Merits Reply shall not exceed 10 single-sided, double-spaced pages (exclusive of exhibits). If the Reorganized Debtors rely on exhibits, the Reorganized Debtors shall include such exhibits in their Merits Reply.

(iv)    The Merits Brief, the Merits Response, and the Merits Reply must include any affidavits or declarations from witnesses upon which the parties will rely at the Merits Trial; provided, however, that each party shall not be permitted to elicit any direct testimony at the Merits Trial; instead, the affidavit or declaration submitted with the Merits Brief, the Merits Response, or the Merits Reply, or such witnesses' deposition transcript, shall serve as the witnesses' direct testimony and the opposing party may cross examine the witnesses at the Merits Trial or counter-designate deposition testimony. No other or additional witnesses may testify and no exhibits may be introduced into evidence at the Merits Trial beyond those included in the Merits Brief, the Merits Response, or the Merits Reply, absent a showing of cause and order of the Court.

(p)    Conduct Of The Merits Trial. The Reorganized Debtors and the Defendant shall each be permitted, subject to modification pursuant to paragraph 3(q) below, to present their respective cases to the Court at the Merits Trial. The parties shall coordinate with each other in advance of the hearing with respect to anticipated disputes regarding the admission of particular evidence and any designated deposition testimony.

(q)    Ability To Modify Procedures By Agreement Or Order Of Court

**(h)    Ability To Modify Procedures By Agreement Or Order Of Court.**

**(i)**    : At the Meet and Confer, the parties shall discuss discovery parameters, briefing, evidence to be presented, the timing outlined herein, and any modifications thereto that are necessary due to the facts and circumstances of the relevant Adversary Proceeding.  Should the parties be unable to agree on reasonable modifications to these Adversary Proceeding Procedures, if any, either party may request that the Court promptly schedule a teleconference to consider such proposed modifications.  No discovery,

testimony, or motion practice other than that described herein, as modified, shall be permitted, unless otherwise agreed by the parties or ordered by the Court.

**6.**      4. This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Adversary Proceedings Procedures Order.

**7.**      5. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules

for the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: White Plains, New York
~~November~~**December**      , 2011

_____
UNITED STATES BANKRUPTCY JUDGE

Document comparison done by DeltaView on Wednesday, December 07, 2011 12:49:31 PM

| Input: | |
|---|---|
| Document 1 | iManageDeskSite://PDC-DMS-DMS03.TKLAW.COM/DALLAS/2804520/1 |
| Document 2 | iManageDeskSite://PDC-DMS-DMS03.TKLAW.COM/DALLAS/2804520/4 |
| Rendering set | Standard |

| Legend: | |
|---|---|
| **Insertion** | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 139 |
| Deletions | 190 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 329 |