JEFFREY A. WURST
MICHAEL T. ROZEA
RUSKIN MOSCOU FALTISCHEK, P.C.
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556-1425
(516) 663-6600

Hearing Date: December 21, 2011 at 10:00 a.m.
Reply Date: December 16, 2011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:                                                              Chapter 11

DPH HOLDINGS CORP., *et al.*,                                       Case No. 05-44481 (RDD)

                        Debtors.
-------------------------------------------------------------------X
DELPHI CORPORATION *et al.*,

                        Plaintiff,                                  Adv. Pro. 07-02597 (RDD)

        -against-

WELLS FARGO BUSINESS AND WELLS
FARGO MINNESOTA,

                        Defendants.
-------------------------------------------------------------------X

### WELLS FARGO BANK, N.A.'S OBJECTION TO THE DEBTORS' MOTION FOR AN ORDER ESTABLISHING PROCEDURES GOVERNING ADVERSARY PROCEEDINGS

Wells Fargo Bank, N.A. ("Wells Fargo"), the defendant in the above-captioned adversary proceeding, by and through its attorneys, Ruskin Moscou Faltischek, P.C., objects to the Debtors' *Motion for Order Pursuant to 11 U.S.C. §§ 105(d), 544, 547 and 548 and Fed. R. Bankr. P. 7016 Establishing (i) Dates for Hearings Regarding Adversary Proceedings and (ii) Notices and Procedures Governing Adversary Proceedings* (the "Adversary Proceedings Procedures Motion") and respectfully states as follows:

533138

## **PRELIMINARY STATEMENT**

1. On September 7, 2010, DPH Holdings Corp., *et al.* (the "Debtors") filed their *Motion for Leave to File Amended Complaints* (the "Motion to Amend"). Nearly 14 months later, at a hearing on the Motion to Amend held on October 24, 2011 (the "October 24, 2011 Hearing"), this Court ruled that the next stage of the Court's consideration of the Motion to Amend:

> Would be a focus on individual hearings with regard to whether I should vacate the 4(m) order which is primarily to be based upon prejudice which would include, and I believe at this point the record has been substantially clarified, a consideration of the notice to the other – to the defendants or the extent of notice . . .
> 10/24 Transcript at 76:16-21.

2. Additionally at the October 24, 2011 Hearing, this Court directed the Debtors "to spend a little time with [the defendants]" in drafting an adversary proceedings procedures order. 10/24 Transcript at 79:21-23. Contrary to the Court's directive, upon information and belief, the Debtors did not confer with any of the defendants in drafting the Proposed Procedures Order (defined below) and on November 4, 2011, without so much as first circulating a draft order, filed the Adversary Proceedings Procedures Motion which proposes an unrealistic and costly process to resolve the outstanding issues on the Motion to Amend.

3. The Debtors' unilateral submission of a uniform Proposed Procedures Order is typical of the Debtors' conduct throughout these proceedings in their actions that denied defendants' due process rights while at the same time imposing substantial, yet unnecessary, legal expense in connection with this litigation.

4. The Proposed Procedures Order undermines Wells Fargo's ability to effectively defend the action by (i) limiting the information that the Debtors will be obligated to produce (after having kept the actions a *secret* for over four and a half years) and (ii) establishing an arbitrary timeline to complete discovery that will only serve to benefit the Debtors' interests.

2

5. Simply stated, the Proposed Procedures Order does not suggest a process through which this matter will be expeditiously resolved with minimal burdens on the Court's resources. Instead, the suggested procedures exacerbate the cost of defending and prosecuting these claims and enlarge the process instead of *streamlining* it, as Wells Fargo believes this Court intended.

6. The process suggested by the Debtors is particularly unfair due to the unique facts and circumstances of Wells Fargo's case. As has been set forth in Wells Fargo's pleadings, (as well as at the hearings held on June 21, 2011 and October 24, 2011), Wells Fargo had no direct business relationship with the Debtors and was neither a creditor nor a party to the bankruptcy proceeding. Because Wells Fargo had no notice of the Debtors' bankruptcy cases, let alone this adversary proceeding, it took no special steps to (i) organize or preserve its records with respect to the Debtors, (ii) hold exit interviews with former employees who were knowledgeable about the Debtors' business relationships, (iii) make arrangements to keep in touch with those former employees to provide litigation information or serve as witnesses, or (vi) to put a *litigation hold* on its records and files.

7. Prior to service of the initial Complaint in March 2010, Wells Fargo's sole nexus with the Debtors was through certain credit accommodations that it provided to and for the benefit of two of its factored clients, PTC Alliance Corp. and Manufacturer's Transport, Inc. (collectively, the "Clients"), each of which sold goods or services to certain of the Debtors. Each of these factored clients is long defunct and Wells Fargo does not have (and never did have) its clients' records regarding their dealings with the Debtors. With the passage of time, it will only be more difficult, if at all possible, to locate (i) the former employees of the Clients, (ii) the former Wells Fargo employees who were responsible for the supervision of the Clients' factoring accounts, and (iii) the records of the Clients.

3

8. Before Wells Fargo can effectively evaluate the merits of the avoidance claims and formulate defenses and/or settlement positions, it must first have an opportunity to review the documents supporting the Debtors' allegations in the amended complaint, including the availability of the Debtors' legacy accounting systems and related records – basic facts – which should have been adequately set forth in the amended complaint, but which were not. Notwithstanding, Wells Fargo submits that discovery of evidence necessary for the prosecution or defense of the adversary proceeding is, at best, premature on this Motion to Amend. Such a process places the proverbial cart before the horse. First, this Court must determine whether the proposed amended complaints set forth in sufficient detail the basis for a preference claim, and then must determine whether allowing the filing of the amended complaints would be futile because the process followed violated the defendants' rights. The level of proof that the Debtors are trying to require for this Court to consider prejudice would require completing all discovery in the adversary proceeding – certainly not what this Court could have intended at the October 24, 2011 Hearing.

9. It is incomprehensible that this Court has come this far without dismissing these cases which were not served until some four and half years following the petition date. It is now over six years since the petition date and these cases are barely in their infancy due to the extraordinary methodology employed by the Debtors. The amount of time afforded to these Debtors' under the guise of Rule 4(m) extensions is unprecedented.

10. Based upon the foregoing, Wells Fargo objects to the Debtors' Proposed Procedures Order and requests that this Court establish a fair procedure to proceed with a hearing to consider whether to vacate any of its prior orders.

## ARGUMENT

11. To the extent this Court is inclined to enter an adversary proceeding procedures order, Wells Fargo objects to several portions of the proposed order attached as Exhibit B to the Debtors' Adversary Proceeding Procedures Motion (the "Proposed Procedures Order") which: (i) unduly limit the discovery available to Wells Fargo; (ii) impose unnecessary procedural hurdles and unrealistic timelines that threaten Wells Fargo's use of and access to the discovery process; (iii) are premature and are unfairly prejudicial to Wells Fargo; (iv) improperly subject Wells Fargo to mandatory mediation when the dispute is not amenable to mediation; (v) impose sanctions on Wells Fargo for its failure to abide by its terms; and (vi) will make Wells Fargo's defense and/or settlement of this adversary proceeding more difficult and costly as the procedures suggested by the Debtors only serve to increase litigation costs and require unnecessary expenditures of judicial resources. Wells Fargo's specific objections to the Proposed Procedures Order are below:

   a. **Objection to Paragraph 3(a) of the Proposed Procedures Order: Prejudice Declaration filed within 14 days after order.**

   Wells Fargo has stated the basis of prejudice in each of its submissions in this adversary proceeding, including its Motion to Dismiss and Opposition to the Motion to Amend.

   b. **Objection to Paragraph 3(b) of the Proposed Procedures Order: Debtors' "sole discretion" to adjourn a Rule 15 Hearing or a Merits Trial.**

   There is no justifiable reason as to why the Debtors should be granted the exclusive right to adjourn a hearing. Any adjournment should be made upon consent of both parties or upon application to this Court.

   c. **Objection to Paragraph 3(d) of the Proposed Procedures Order: Meet and Confer.**

5

Wells Fargo and the Debtors have conferred without success; however Wells Fargo is always willing to confer. Wells Fargo suggests that the proposed order encourage the parties to confer in the event either or both believe settlement is possible; however, there should be no requirement.

d. **Objection to Paragraphs 3(f) and 3(g) of the Proposed Procedures Order: <u>Mandatory non-binding mediation and mediation statements.</u>**

Prior to the Debtors' bringing on this Adversary Proceedings Procedures Motion, Wells Fargo and the Debtors engaged in settlement discussions which were not fruitful. Although Wells Fargo will welcome further settlement discussions, it does not believe that informal discussions or mediation will be productive and will only result in an unnecessary expenditure of time and resources.

e. **Objection to Paragraph 3(h)(ii) and 3(h)(ii)(B) of the Proposed Procedures Order: <u>Limitation of document requests and interrogatories to fifteen (15) including discrete subparts.</u>**

This imposition appears to be unnecessary. Certainly, in the event any party serves document requests or interrogatories that the opposing party deems to be excessive, the rules set forth procedures to deal with such situations and rewriting the rules at this time is unwarranted. It is also noted that the Bankruptcy Rules do not limit the number of document production requests that may be propounded and permit twenty-five (25) interrogatories. *See* Federal Rule of Civil Procedure 33(a)(1).

f. **Objection to Paragraphs 3(i)(ii) and (n) of the Proposed Procedures Order: <u>Wells Fargo must answer or otherwise plead in response within seven (7) days after the Amended Complaint is filed and the imposition of an expedited and abbreviated discovery schedule in the event this Court grants the Debtors' Motion to Amend.</u>**

In the event this Court grants the Motion to Amend, the timelines set forth in the Federal Rules of Civil Procedure, as adopted by the Bankruptcy Rules, control the time in which a defendant must answer or move with respect to the complaint. Wells Fargo sees

no basis to abbreviate them or otherwise modify the rules for timing of any response to the complaint or for discovery.

## RESERVATION OF RIGHTS

12. Wells Fargo expressly reserves all of its rights to supplement this objection or assert any other objections to the Adversary Proceedings Procedures Motion. Nothing contained herein shall be deemed or construed as a waiver by, or admission against, Wells Fargo with respect to the Adversary Proceeding Procedures Motion, the above-referenced adversary proceeding or otherwise, and all rights and interests of Wells Fargo are expressly reserved in all respects and in their entirety.

## INCORPORATION OF OBJECTIONS OF OTHER DEFENDANTS

13. Wells Fargo Bank, N.A. incorporates by reference those meritorious arguments raised by other defendants in these preference actions submitted in opposition to the Debtors' Adversary Proceedings Procedures Motion.

WHEREFORE, Wells Fargo Bank, N.A. respectfully requests the entry of the Proposed Procedures Order be denied or, in the alternative, the Proposed Procedures Order be modified consistent with the above; and that this Court grant to Wells Fargo such further relief as is proper and just.

Dated:   Uniondale, New York
         December 7, 2011

                                    RUSKIN MOSCOU FALTISCHEK, P.C.
                                    Attorneys for the Wells Fargo Bank, N.A.

                              By:   _____
                                    JEFFREY A. WURST
                                    MICHAEL T. ROZEA
                                    East Tower, 15th Floor
                                    1425 RXR Plaza
                                    Uniondale, NY 11556-1425
                                    (516) 663-6600

7