Jean R. Robertson (OH 00069252)
Scott Matasar (NY 2750289)
Nathan A. Wheatley (OH 0072192)
CALFEE, HALTER & GRISWOLD LLP
KeyBank Center, Suite 1400
800 Superior Avenue
Cleveland, Ohio 44114
jrobertson@calfee.com
smatasar@calfee.com
nwheatley@calfee.com
Telephone:     (216) 622-8200
Facsimile:     (216) 241-0816
*Counsel for Williams Advanced Materials Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------x
                                           )
In re:                                     )   Chapter 11
                                           )   Case No. 05-44481 (RDD)
    DPH HOLDINGS CORP, *et al.*,        )
                                           )
------------------------------------------x
                                           )
DELPHI AUTOMOTIVE SYSTEMS, LLC,            )
                                           )
    Plaintiff,                          )   Adv. Pro. No. 07-02606 [RDD]
                                           )
                                           )
v.                                         )
                                           )
WILLIAMS ADVANCED MATERIALS INC.,          )
                                           )
    Defendant.                          )
------------------------------------------x

**BRIEF IN OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(d), 544, 547, AND 548 AND FED. R. BANKR. P. 7016 ESTABLISHING (I) DATES FOR HEARINGS REGARDING ADVERSARY PROCEEDINGS AND (II) NOTICES AND PROCEDURES GOVERNING ADVERSARY PROCEEDINGS**

    Defendant, Williams Advanced Materials Inc. ("WAM" or "Defendant"), by and through

counsel, submits the following brief in opposition to the Reorganized Debtors, DPH Holdings

{01331232.DOC;1 }

Corporation and certain of its affiliates ("Debtors" or "Plaintiffs"), Motion for Order Pursuant to 11 U.S.C. §§ 105(d), 544, 547, and 548 and Fed. R. Bankr. P. 7016 Establishing (I) Dates for Hearings Regarding Adversary Proceedings and (II) Notices and Procedures Governing Adversary Proceedings (the "Procedures Motion").[1] As set forth in greater detail below, the Procedures Motion should be denied, among other reasons, (1) because it is unduly biased and prejudicial in favor of the Debtors with regard to many of the proposed procedures to resolve the pending disputes relating to the Debtors' motions to amend complaints (the "Rule 15 Procedures"), (2) because it seeks to impose procedures for proceedings that are not currently before this Court, specifically as to the pretrial procedures in adversary cases where amended complaints have yet to be filed or served, and (3) because the pretrial procedures that the Debtors have requested are unduly biased and prejudicial in favor of the Debtors and because they will effectively deny the defendants the ability to assert their defenses to the Debtors' claims. In support of its brief in opposition, Defendant states as follows:

## BACKGROUND

The Debtors filed voluntary petitions for relief under chapter 11 of the U.S. Bankruptcy Code on October 8 and 14, 2005. In September 29, 2007, the Debtors commenced over 700 adversary proceedings (the "Preference Actions"), against numerous defendants including WAM (the "Original Complaint"), under seal and without notice to WAM. The Original Complaint sought to avoid and recover $549,290.22 of alleged preference transfers made in late 2005 under 11 U.S.C. §§ 547 and 550.

The Debtors filed several motions and obtained several orders of this Court allegedly to preserve estate claims and extend, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure,

---

[1] Except as otherwise stated herein, defined terms shall have the same means as in the Procedures Motion.

the deadline for service in the Preference Actions. The Debtors did not serve the summonses or complaints in the Preference Actions until late 2009 or early 2010. WAM was not served with a summons and the Complaint until on or about December 29, 2009, nearly 4½ years after the Petition Date and nearly 2½ years after the filing of the Original Complaint and expiration of the applicable statute of limitations.

Plaintiffs' Original Complaint contained broad, generic statements that failed to satisfy the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. Therefore, various defendants filed motions to dismiss or joinders therein on or before May 14, 2010 (collectively, the "First Wave Dismissal Motions") as to their respective Preference Actions. WAM also filed a First Wave Dismissal Motion in this proceeding. On June 7, 2010, Plaintiffs filed an Omnibus Response to the First Wave Dismissal Motions.

On September 7, 2010, following a hearing on July 22, 2010 (the "Dismissal Hearing"), the Court entered its Order Granting in Part First Wave Motions to Dismiss (the "Dismissal Order,"), which *inter alia¸* (a) dismissed all claims in the Adversary Proceedings, and (b) ordered the Debtors to file, no later than September 7, 2010, a Motion for Leave to Amend and attach a proposed amended complaint against the defendants that, for each alleged transfer, set forth, *at a minimum*, the transferor, the transferee, any known subsequent transferee against whom relief is sought, the antecedent debt, and a specific Debtor as the plaintiff.

On September 7, 2010, the Reorganized Debtors filed the Motion for Leave, which included a proposed amended complaint against WAM (the "Amended Complaint"). In the Amended Complaint, Plaintiffs seek to avoid and recover $552,090.22 of alleged preference transfers— an increase of $2,800 from the Original Complaint.

On October 24, 2011, the Court held a hearing at which it addressed the Debtors' Motion for Leave as well as the various objections to the Motion for Leave asserted by or on behalf of various defendants. At that time, the Court determined that it would not deny the Motion for Leave, *en mass*, and that individual defendants that sought to assert fact-specific bases for opposing the Motion for Leave would be provided the opportunity to present these bases as individual Rule 15 hearings before the Court. The Rule 15 Procedures have yet to be set by the Court. However, on November 4, 2011, the Debtors' filed the Procedures Motion wherein they not only propose exceedingly one-sided Rule 15 Procedures to this Court, but also seek to impose unreasonable and one-sided procedures for all Adversary Proceedings, whether they proceed to a Rule 15 hearing or not.

For the reasons set forth below, and within the briefs in opposition to the Procedures Motion filed by other defendants in the other Preference Actions, (which WAM adopts and incorporates herein), the Court should deny the Procedures Motion or, in the alternative, adopt pretrial procedures that comply with the Bankruptcy Rules of Procedure, the Federal Rules of Civil Procedures incorporated therein, and the ordinary practice of Bankruptcy Court in similar litigation.

## ARGUMENT

**I.    APPLICABLE AUTHORITY**

It is implicit in the law that parties must be provided sufficient time and latitude in the pretrial process to permit them to adequately prosecute their claims or assert their defenses. Should a court unduly restrict pretrial discovery or impose unreasonable or unworkable deadlines, then the resulting decisions of that court are subject to reversal on appeal. *E.g., Hollander v. Am. Cyanamid Co.,* 895 F.2d 80, 84 (2nd Cir. 1990) (the district court's restriction on discovery "unduly limited" a party's ability to establish an element of his claim and warranted

reversal); *Burns v. Thiokol Chem. Corp.,* 483 F.2d 300 (5th Cir. 1973) (reversing district court on the basis of restricted discovery rulings). Both the Rule 15 Procedures and the pretrial procedures for a Merit Trial ("Pretrial Procedures") proposed by the Debtors are unduly restrictive and limiting. WAM, and similarly situated defendants in the Adversary Proceedings, should be permitted sufficient time and latitude in both the Rule 15 Procedures and the Pretrial Procedures to provide them with a full and fair opportunity to assert their respective defenses or counterclaims.

## II.    THE RULE 15 PROCEDURES

WAM objects to the Rule 15 Procedures that the Debtors seek to impose through the Procedures Motion. A cursory review of the Procedures Motion demonstrates that the Debtors' Rule 15 Procedures are unduly biased and prejudicial in favor of the Debtors. For example, the Debtors seek to impose an unduly restrictive 14 day period after entry of the proposed procedures order in which a defendant must file and serve "any and all declarations with respect to the extent of any claim prejudice suffered by the Defendant that such Defendant seeks to assert in opposition to the Motion to Amend." *Procedures Motion, Exhibit B* at ¶ 3(a). Should the defendant miss this narrow window, the motion to amend is granted. *Id.* Likewise, the Debtors seek to grant themselves absolute authority to adjourn any hearing on a default, a Rule 15 hearing, a merits trial, or a rule 12(b) hearing. *Id* at ¶ 3(b)(ii). As a final example,[2] the Debtors propose a pre-hearing mediation process, during which the defendant is required to "(a) address any and all defenses that the Defendant intends to assert in opposition to the Motion to Amend, (b) address any and all defenses regarding the merits of the complaint, including but not limited to, any motions under Fed. R. Civ. P. 12, (c) attach the Defendant's Prejudice

---

[2] Although by no means the only examples of such overreaching contained in the Procedures Motion.

{01331232.DOC;1 }    5

Declaration, and (d) attach a proposed answer to the proposed amended complaint." *Id* at ¶3(f)(i). Only after the defendant provides the Debtors with all of this information (including an answer to an amended complaint that has not yet been filed), are the Debtors required to serve a mediation brief of their own, within which they need only "(a) respond to any and all defenses that the Defendant asserted in opposition to the Motion to Amend and (b) respond to any and all defenses regarding the merits of the complaint, including, but not limited to, any motions under Fed. R. Civ. P. 12." *Id* at ¶ 3(f)(ii). As illustrated by the foregoing, the Debtors are purposefully seeking this Court's approval of Rule 15 Procedures that will be most advantageous to them. This Court should ensure that the Rule 15 Procedures are fair and equitable to **all** the parties.

For the reasons set forth above, and those within the responses filed by similarly situated defendants in the other Preference Actions (which WAM adopts and incorporates herein), including, but not limited to *Methode Electronics, Inc.'s Response to Reorganized Debtors' Motion for Order Pursuant to 11 U.S.C. § 105(D), 544, 547, and 548 and Fed. R. Bankr. P. 7016 Establishing (I) Dates for Hearing Regarding Adversary Proceedings and (II) Notices and Procedures Governing Adversary Proceedings*, the Court should reject the Rule 15 Procedures proposed by the Debtors and instead adopt those procedures proposed by Methode Electronics, Inc. and filed with this Court on December 7, 2011 [Docket No. 21740].

### III.  THE CONSIDERATION OF ADDITIONAL PRETRIAL PROCEDURES IS UNTIMELY

In similar fashion to the disputed extension motions, the Debtors are requesting that this Court unilaterally impose Pretrial Procedures on the defendants that best serve their purposes. However, such actions are premature as these proceedings are not currently before this Court and, if the Motion for Leave is denied, this Adversary Proceeding will be over. Only if the

Motion for Leave is granted and an amended complaint is filed should Pretrial Procedures be negotiated and adopted by the parties and the Court.

IV. **IF PRETRIAL PROCEDURES ARE TO BE ENTERED, THEY SHOULD CONFORM TO THE REQUIREMENTS OF THE BANKRUPTCY RULES OF PROCEDURE, THE FEDERAL RULES OF CIVIL PROCEDURE AND THE COMMON ACCEPTED PROCEDURES THAT GOVERN ADVERSARY PROCEEDINGS**

Should this Court deem it appropriate to mandate Pretrial Procedures at these early stages of the proceedings and in spite of the pending Motions for Leave, then WAM requests that the Court deny the procedures sought by the Debtors and instead adopt pretrial procedures that comply with the Bankruptcy Rules of Procedure, the Federal Rules of Civil Procedures incorporated therein, and the ordinary practice of Bankruptcy Courts in similar litigation.

The Pretrial Procedures sought by the Debtors in the Procedures Motion are unduly biased and prejudicial in favor of the Debtors. A non-exhaustive list of examples:[3]

- The Debtors may adjourn a Default Hearing, a Rule 15 Hearing, a Merits Trial, or a Rule 12(b) Hearing at any time in their sole discretion; *Procedures Motion, Exhibit B* at ¶ 3(b)(ii).

- The Debtors are entitled to unilaterally schedule the date and time of the Meet and Confer without consultation with a defendant; *Id* at ¶ 3(d)(i).

- Should a defendant fail to participate in the Meet and Confer on the date set by the Debtor, then it may be subject to an entry of judgment against it; *Id* at ¶ 3(d)(iii).

- The Debtors wish to impose mediation on the defendant prior the completion of pretrial discovery; *Id* at ¶ 3(g).

- If an amended complaint is filed, a defendant is only permitted **seven (7) days** to file answer or otherwise plead in response; *Id* at ¶ 3(l)(ii).

- If the defendant files a Rule 12(b) Motion, the hearing on that motion is automatically adjourned to a future hearing date that is determined by the Debtors in their sole discretion; *Id* at ¶ 3(m)(ii).

---

[3] This list does not include examples from the Debtors' proposed Rule 15 Procedures, which are likewise unduly bias and prejudicial.

{01331232.DOC;1}                                     7

- If a defendant moves for summary judgment, it will not be decided until the Merits Trial; *Id* at ¶ 3(m)(vi).

- The Debtors seek to impose extreme discovery limitation, despite seeking the recovery of millions of dollars in allegedly avoidable transfers; *Id* at ¶ 3(n).

- Merit Briefs to be filed in advance of a Merits Trial are schedule to provide the Debtors will the "last word" and do not provide the opportunity for a sur-reply brief if necessary; *Id* at ¶ 3(o).

- While a party has the ability to seek relief from the Pretrial Procedures if necessary, it requires the parties to consult and, if unable to reach an agreement, the aggrieved party must seek relief from this Court. *Id* at ¶ 3(q). Instead, the parties should simply discuss these issues if and when the Motion for Leave is granted.

In light of the foregoing, WAM requests that, if this Court is of the opinion that Pretrial Proceedings should be set at this time, that it deny the procedures proposed by the Debtors and instead adopt pretrial procedures that comply with the Bankruptcy Rules of Procedure, the Federal Rules of Civil Procedures incorporated therein, and the ordinary practice of Bankruptcy Courts in similar litigation.

## CONCLUSION

Based on the objections to the Procedures Motion set forth above and incorporated herein, WAM requests that the Court deny the Procedures Motion in its entirety and instead adopt the Rule 15 Procedures advocated by Methode Electronics, Inc. in its filing.

Dated: December 7, 2011    Respectfully submitted,

*/s/ Scott C. Matasar*
Jean R. Robertson (OH 00069252)
Scott C. Matasar (NY 2750289)
Nathan A. Wheatley (OH 0072192)
CALFEE, HALTER & GRISWOLD LLP
800 Superior Avenue, Suite 1400
Cleveland, Ohio 44114
Telephone:  (216) 622-8200
Facsimile:  (216) 241-0816
E-mail:  nwheatley@calfee.com

*Counsel for Williams Advanced Materials Inc.*

{01331232.DOC;1}    8

## **CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing was served through electronic transmission via the Court's CM/ECF system to all parties who are listed on the Court's Electronic Mail Notice List on this 7th day of December, 2011.

                                            */s/ Scott C. Matasar*
                                            Scott C. Matasar