**Hearing Date and Time: December 21, 2011 at 10:00 a.m.**

BRYAN CAVE LLP
Michelle McMahon (MM-8130)
Jessica Fischweicher
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 541-2000
Facsimile: (212) 541-1493

BRYAN CAVE LLP
Lloyd A. Palans (admitted pro hac vice)
Christopher J. Lawhorn (admitted pro hac vice)
200 North Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
lapalans@bryancave.com
cjlawhorn@bryancave.com

*Attorneys for Spartech Polycom*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                            :

In re:                                         :      Chapter 11:

DELPHI CORPORATION, *et al.*,           :      Case No. 05-44481 (RDD)
                                                       :      Jointly Administered
---------------------------------------------------------------x
DELPHI CORPORATION, *et al.*,           :
                                                       :      Adv. Pro. No. 07-02639 (RDD)
                      Plaintiffs,    :

               -against-            :

SPARTECH POLYCOM                  :

                   Defendant.    :
---------------------------------------------------------------x

**SPARTECH POLYCOM'S RESPONSE TO REORGANIZED DEBTORS'
MOTION FOR ORDER PURSUANT TO 11 U.S.C. § 105(D), 544, 547, AND 548 AND
FED. R. BANKR. P. 7016 ESTABLISHING (I) DATES FOR HEARING
REGARDING ADVERSARY PROCEEDINGS AND (II) NOTICES AND
<u>PROCEDURES GOVERNING ADVERSARY PROCEEDINGS</u>**

Spartech Polycom ("Spartech"), by its undersigned attorneys, submits this response to the Reorganized Debtors' Motion For Order Pursuant To 11 U.S.C. § 105(D), 544, 547, And 548 And Fed. R. Bankr. P. 7016 Establishing (I) Dates For Hearing Regarding Adversary Proceedings And (Ii) Notices And Procedures Governing Adversary Proceedings (the "Adversary Proceedings Procedures Motion").

At the hearing held on October 24, 2011, this Court directed Rule 15 hearings in connection with adversary proceedings where the defendant has opposed the Reorganized Debtors' motion to amend the initial complaint (the "Motion to Amend"). (Adversary Proceedings Procedures Motion ¶ 9). Attached as Exhibit B to the Reorganized Debtors' Adversary Proceedings Procedures Motion is a proposed order governing the procedures for scheduling and conducting those hearings.

The principal purpose of the Rule 15 hearings is to assess whether the Reorganized Debtors' Motion to Amend should be denied. A cursory review of the Adversary Proceedings Procedures Motion shows that the procedures proposed by the Reorganized Debtors are unduly biased in favor of the Reorganized Debtors and prejudicial to the defendants. Moreover, the Adversary Proceedings Procedures Motion is misleading and therefore defective on its face, as it sets forth as established facts various important factual matters that are in dispute, as if such matters already had been adjudicated by a trier of fact in this case.

Therefore, Spartech makes the following general objections to the Reorganized Debtors proposed order for the Adversary Proceedings Procedures, and it proposes the procedures order attached hereto as **Exhibit 1** be adopted.[1]

---

[1] The proposed order attached as Exhibit 1 is substantially similar to that which Spartech understands a number of additional defendants are submitting in similar adversary proceedings currently pending before the Court.

2

*First*, the proposed order should not be used to set a schedule as to the substantive issues in the case, nor to limit or modify the procedural or substantive rights of any of the parties. Indeed, if the Motion to Amend is denied, none of these issues will need to be addressed.

*Second*, the order should not seek to address any deadlines that may occur after the Rule 15 hearing. If the Reorganized Debtors' Motion to Amend is denied, these cases will be over. The Court ordered the parties to propose a schedule for addressing the Rule 15 hearings. A trial schedule should not be negotiated and adopted before the Motion to Amend is granted or denied. Spartech's proposed order thus runs only through Rule 15 hearing. Accordingly, Spartech has deleted sections from Reorganized Debtors' proposed order, which address post-Rule 15 hearing events and issues. (*See* Adversary Proceedings Procedures Motion, Ex. B ¶¶ 3(k) – 3(q)).

*Third*, the deadlines in the Reorganized Debtors' proposed order are far too short. For example, the Debtors seek to impose an unduly restrictive 14-day period after entry of the proposed procedures order in which a defendant must file and serve "any and all declarations… with respect to the extent of any claimed prejudice suffered by the Defendant that such Defendant seeks to assert in opposition to the Motion to Amend." (Adversary Proceedings Procedures Motion, Exhibit B at ¶ 3(a)). Should a defendant be unable to comply with this narrow window, the motion to amend is to be granted. *Id.* Likewise, the Reorganized Debtors seek to grant themselves absolute authority to adjourn any hearing on a default, a Rule 15 hearing, a merits trial, or a Rule 12(b) hearing. *Id.* at ¶ 3(b)(ii). There is no legitimate justification for these requests.

*Fourth,* The Reorganized Debtors' propose completing discovery, briefing, mediation and the hearing with respect to the Rule 15 issues all within just 98 days. (Adversary Proceedings Procedures Motion, Ex. B ¶ 3(b)(i)(A)). This amount of time is unwarranted and

3

unworkable.  Witnesses and documents must be located from over five years ago.  Discovery, briefing and hearing preparation must be undertaken.  Additionally, it would be inequitable and unduly prejudicial to the defendant herein to impose the expedited procedures proposed by the Reorganized Debtors given the Reorganized Debtors' history of failing to move this case forward for several years.

*Fifth*, no defendant should be required to mediate unless the Court grants the Reorganized Debtors' Motion to Amend as to that Defendant and an answer has been filed (so that issue has been joined) or  all dispositive motions (including motions to dismiss) have been adjudicated.  Defendants should not be compelled to expend resources upon compulsory mediation when a motion to dismiss the complaint is pending.  Spartech remains amenable to engaging in informal exchanges of relevant information and settlement negotiations with the Reorganized Debtors.

*Finally*, the procedures order should not be used to affect Spartech's substantive rights.  Spartech specifically reserves all of its rights under the United States Supreme Court's recent decision in *Stern v. Marshall,* 131 S. Ct. 2594 (2011).  *See also Development Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 2011 WL 5244463, at *7 (S.D.N.Y. Nov. 2, 2011).

For the foregoing reasons, Spartech's proposed schedule for the Adversary Proceedings Procedures should be adopted in the form attached hereto as **Exhibit 1**.

Dated:  December 7, 2011                    Respectfully submitted,

                    /s/  Michelle McMahon
                    BRYAN CAVE LLP
Michelle McMahon (MM-8130)
Jessica Fischweicher
1290 Avenue of the Americas
New York, NY 10104
Telephone:  (212) 541-2000
Facsimile:  (212) 541-1493

BRYAN CAVE LLP
Lloyd A. Palans (admitted pro hac vice)
Christopher J. Lawhorn (admitted pro hac vice)
200 North Broadway, Suite 3600
St. Louis, MO 63102
Telephone:  (314) 259-2000
Facsimile:  (314) 259-2020
lapalans@bryancave.com
cjlawhorn@bryancave.com

*Attorneys for Spartech Polycom*

5

**CERTIFICATE OF SERVICE**

     I, Michelle McMahon, hereby certify that a copy of Spartech Polycom's Response to Reorganized Debtors' Motion for Order Pursuant to 11 U.S.C. §§ 105(d), 544, 547, 548 and Fed. R. Bankr. P. 7016 Establishing (I) Dates for Hearing Regarding Adversary Proceedings and (II) Notices and Procedures Governing Adversary Proceedings was served on the following counsel on December 7, 2011 by regular U.S. Mail and electronic mail.

BUTZEL LONG
380 Madison Avenue, 22nd Floor
New York, New York 10017
Attention:    Eric B. Fisher (fishere@butzel.com)
                Barry N. Seidel (seidel@butzel.com)

BUTZEL LONG
Suite 100
150 West Jefferson Ave.
Detroit, Michigan 48226
Attention:    Cynthia J. Haffey (haffey@butzel.com)

                                        /s/ Michelle McMahon