# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK (MANHATTAN)

In re:

DPH Holding Corp., et al

Case No. 05-44481-rdd
Chapter 11

_____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Now comes Ratko Menjak, a former employee of Delphi Corporation, by and through his attorney and states:

1. The movant is a former employee of Dephi Corporation.

2. The movant was terminated by Delphi Corporation in what was termed a "reduction of force".

3. The plaintiff alleges that he was selected due to his age. Plaintiff alleges that his selection was intentional and violated the ADEA.

4. Defendant in the Eastern District of Michigan filed a motion for summary judgment alleging that the bankruptcy court stayed all proceeding against Delphi under the First Amended Joint Plan of Reorganization.

5. Plaintiff alleges that Section 11.2 of Article XI of the First Amended Joint Plan of Reorganization provides an exception for "willful misconduct". Plaintiff alleged intentional Age Discrimination under 29 USC 626(b).

6. United States District Judge Thomas Ludington issued an order directing plaintiff to petition this court for relief of the automatic stay.

WHEREFORE, Petitioner prays this court issue an order lifting the automatic stay in the case at bar so that the case being heard in the Eastern District of Michigan may proceed.

Respectfully submitted,

/s/ Richard A. Meier

Richard A. Meier (P38204)
30300 Northwestern Highway,
Ste. 320
Farmington Hills, Michigan 48334
248-932-3500
Meier900@netscape.net
248- 990- 1971

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RATKO MENJAK,
        Plaintiff.

                                  Case No. 1:11-cv-10419
                                  Hon. Thomas Ludington

V

DELPHI CORPORATION,
        Defendant.

---

Richard A. Meier (P38204)          Richard M. Tuyn (P29091)
Attorney for the Plaintiff             Deborah A. Colby (P60438)
30300 Northwestern Hwy., Ste. 320      Ogletree, Deakins, Nash, Smoak
Farmington Hills, Michigan 48334        Attorneys for the Defendant
(248) 932-3500                            33 Bloomfield Hills Pkwy., Suite 120
   rmer900@netscape.net              Bloomfield Hills, Michigan 48304
                                  248-593-6400
                                    mara.tuyn@ogletreedeakins.com
                                    debra.colby@ogletreedeakins.com

---

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS OR HOLD PROCEEDINGS IN ABEYANCE**

1

## ISSUES PRESENTED

**1. Does the language of paragraph 20 of the bankruptcy judge's Order Approving Modification of the Joint Plan of Reorganization allow this lawsuit to proceed in this court under the exception of willful misconduct.**

## **MOST RELEVANT LAW**

**1. Does the language of paragraph 20 of the bankruptcy judge's Order Approving Modification of the Joint Plan of Reorganization allow this lawsuit to proceed in this court under the exception of willful misconduct.**

Section 20 of the Order Approving Modification of First Joint Plan for Reorganization for Delhi signed by Judge Drain on July 30, 2009.

29 USC 626(b)

## **ARGUMENT**

Defendant in their brief raise the history of the Delphi Corporation filing of Chapter 11 bankruptcy reorganization. Defendant argues that under a modified reorganization plan approved by the bankruptcy court the plaintiff was required to submit the above referenced case as a claim in the bankruptcy court. Defendant's argues that since the plaintiff failed to submit his claim for age discrimination to the bankruptcy court it is now barred.

Plaintiff argues that the bankruptcy judge entered an order approving the modification of the joint plan of reorganization. (Exhibit 1). In section 20 to that order the bankruptcy court excluded any willful misconduct of defendant from release or discharge in bankruptcy. Plaintiff has filed a one count Complaint of willful age discrimination (Exhibit 4). This willful misconduct complaint is specifically excluded from the bankruptcy order.

**1. Does the language of paragraph 20 of the bankruptcy judge's Order Approving Modification of the Joint Plan of Reorganization allow this lawsuit to proceed in this court under the exception of willful misconduct.**

The First Amended Joint Plan of Reorganization of Dephi Corporation is contained in Exhibit 3. Article XI of Exhibit 3 is relevant to the case at bar. Section 11.2 of Article XI is entitled Discharge of Debtors. The section reads: " Pursuant to section 1141(d) of the Bankruptcy Code, EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THIS

4

PLAN, CONFIRMATION ORDER OR MODIFICATION APPROVAL ORDER, the distribution and rights that are provided in this Plan shall be in complete satisfaction, discharge and release, of claims and causes of action [of]... termination of employment of any employee whether such termination occurred prior to or after the effective date. "

On July 30, 2009 Judge Robert D. Drain of the United States Bankruptcy Court in New York signed an Order Approving Modifications Under 11 USC 1127(b) to the First Amended Joint Reorganization Plan of Reorganization of Delphi Corporation  Section 20 of the modification order states that "the discharge of the Debtors provided in Article 11.2 are hereby approved as an integral part of the Modified Plan **PROVIDED HOWEVER, NOTWITHSTANDING ANYTHING IN THIS ORDER, THE EXCULPATION PROVISIONS OR RELEASES PROVIDED IN ARTICLE 11 OF THE MODIFIDED PLAN SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT OTHERWISE WOULD RESULT FROM ANY ACTION OR OMISSION TO THE EXTENT THAT SUCH ACTION OR OMISSION IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL FRAUD OR WILLFUL MISCONDUCT.**

The issue to be decided by this court is whether the Complaint filed by the plaintiff in the case at bar could result in a final order of intentional fraud or willful misconduct.

The plaintiff in the case at bar filed a one count Complaint of age discrimination. The plaintiff has alleged in the Complaint that the discrimination was willful (paragraph 18 of Exhibit 4). Willful age discrimination is governed by the provisions of 29 USC 626(b). 29 USC 626(b) is incorporated in the ADEA from the Fair Labor Standards Act of 1938, which defines *liquidated damages* as an amount equal to the benefit and wage losses sustained. 29 USC 216(b). The courts have described this as a two-tiered approach.

For a simple violation, the employee receives compensatory damages; for a willful violation, the plaintiff receives liquidated damages to punish the employer. *Schrand V Federal Pac Elec Co., 851 F2d 152 (6th Cir. 1988).*

In the *Trans World Airlines, Inc. V Thurston, 469 US 111 (1985)*, the US Supreme Court stated that a violation of the ADEA is willful "if the employer... knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA.". An employer can avoid a finding of willfulness by a determination that it acted in good faith.

In the case at bar the plaintiff has alleged facts in the Complaint that illustrate that the employer knew or showed reckless disregard that their conduct was prohibited by the ADEA.

The plaintiff was age 64.(Paragraph 5 of the Complaint). He was a Senior Mechanical Engineer III. (Paragraph 6 of Complaint). On August 20, 2009 the plaintiff became aware that he would be separated from the company. (paragraph 7 of Complaint). The plaintiff found that the involuntary termination consisted of 116 employees, thirty of the 116 employees slated for lay off retired, 26 employees were under the age of 40 and 90 persons were over the age of 40. At the time of separation the mean age of employees within defendant corporation was 43.685 years. (Paragraph 9 of the Complaint).

The plaintiff was informed the selection criteria for termination was "relative contribution:". (Paragraph 10 of the Complaint). Plaintiff was a member of the defendant corporation's Innovation Hall of Fame, had 23 patients and had earned 4 patients between June 2007 and June 2008. (Paragraph 12 of the Complaint).

05-44481-rdd    Doc 21760    Filed 12/09/11    Entered 12/13/11 11:44:22    Main Document
Pg 9 of 10

The defendant hired younger employees before plaintiff's discharge and retained younger employees whose relative contributions were less than the plaintiff's after plaintiff's discharge.(Paragraph 11 of the Complaint). There were nine comparable engineers in the mechanical engineering group on September 12, 2008. The plaintiff was the oldest mechanical engineer at age 64. (Paragraph 13 of Complaint). The defendant separated the plaintiff but retained Paul Fisher age 34. (Paragraph 14 of the Complaint).

The plaintiff was replaced by a younger engineer named Carlos Garza. A young contract employee named Niharika Popy was hired. (Paragraph 15 of the Complaint). Neither Garza or Popy made any relative contributions in terms of working on patents in the year 2009, The plaintiff was associated with three out of six pending patents at the time of scheduled discharge. (Paragraph 15 of the Complaint).

The defendant terminated older employees and hired younger replacement employees. The defendant knew they were terminating employees based on their age. Plaintiff contends that **a final order of willful age discrimination will be entered in this case.** Under section 20 of the Order Approving Modification of the First Amended Joint Plan of Reorganization of Delphi a final order of willful age discrimination would be an exception to the claims provision of Article XI. Since a final order of willful misconduct can result from the case at bar this court must allow this lawsuit to proceed.

Respectfully submitted,

/s/ Richard A. Meier

Richard A. Meier

7

## PROOF OF SERVICE

Plaintiff's Response, brief and exhibits were served on all parties via ECF filing this April 6, 2011.

/s/ Richard A. Meier