**Hearing Date And Time:  December 21, 2011 at 10:00 a.m. (prevailing Eastern time)**

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, Michigan 48226
Cynthia J. Haffey
Bruce L. Sendek
David J. DeVine
Telephone: (313) 225-7000
Facsimile: (313) 225-7080
*Attorneys for Reorganized Debtors*

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                        :
      In re                 :    Chapter 11
                                                        :
DPH HOLDINGS CORP., <u>et al.</u>,                      :    Case No. 05-44481 (RDD)
                                                        :
Reorganized Debtors.                                    :    (Jointly Administered)
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

REPLY IN SUPPORT OF MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(d), 544,
547, AND 548 AND FED. R. BANKR. P. 7016 ESTABLISHING (I) DATES FOR HEARINGS
REGARDING ADVERSARY PROCEEDINGS AND (II) NOTICES AND PROCEDURES
<u>GOVERNING ADVERSARY PROCEEDINGS</u>

("Procedures Motion Reply")

In support of its Motion For Order Pursuant To 11 U.S.C. §§ 105(d), 544, 547, And 548

And Fed. R. Bankr. P. 7016 Establishing (I) Dates For Hearings Regarding Adversary

Proceedings And (II) Notices And Procedures Governing Adversary Proceedings (Docket No.

21701) (the "Motion"), DPH Holdings Corp. ("DPH Holdings"), on behalf of itself and its

affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the

"Reorganized Debtors"), formerly known as Delphi Corporation ("Delphi") and certain of its

subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), hereby submits this reply (the "Procedures Motion Reply") and

respectfully represents as follows:

# INTRODUCTION

1.       At the October 24, 2011 hearing (the "Hearing") on various notice issues relating to the Extension Motions and their impact, if any, on the Reorganized Debtors' Motion to Amend,[1] the Court asked the parties to devise a proposed procedures order to govern certain remaining stages of these Adversary Proceedings.  To accomplish this end, counsel for numerous defendants represented that they would work towards designating spokespersons to work with the Reorganized Debtors on devising that order.  (Oct. 24 Hr'g Tr., p. 82.)

2.       Ultimately, the defendants never appointed such a spokesperson.  Accordingly, on November 4, 2011, with the Court's understanding, the Reorganized Debtors filed their Motion along with their proposed procedures order (the "Proposed Order").  The Proposed Order prescribes hearing procedures for each of the three categories of remaining Adversary Proceedings (*i.e.*, those subject to a Default Hearing[2], Rule 15 Hearing[3], or Merits Hearing[4]) and contemplates a streamlined set of procedures in advance of each hearing designed to expedite the resolution of each matter, to reduce the financial burden on all parties, and to reduce the use of judicial resources and the burden on this Court.  In so doing, the Reorganized Debtors' Proposed Order provides for both a meet-and-confer and non-binding mediation before each Rule 15 Hearing and Merits Hearing so as to encourage the consensual resolution of each Adversary Proceeding.  Importantly, the Reorganized Debtors largely modeled these procedures after the

---

[1] Capitalized but undefined terms used in this Procedures Motion Reply have the meanings ascribed to them in the Motion.

[2] A Default Hearing is to be scheduled for all actions where a defendant has not appeared or otherwise filed an answer or responsive motion to the Reorganized Debtors' complaint.

[3] A Rule 15 Hearing is to be scheduled for those actions where a defendant has filed a timely motion to dismiss or opposition brief in response to the Reorganized Debtors' Motion to Amend.

[4] A Merits Hearing is to be scheduled for all actions where a defendant has not filed a timely motion to dismiss or opposition brief in response to Debtors' Motion to Amend.

claims procedures order, which has facilitated the successful and efficient resolution of roughly

20,000 claims in these captioned chapter 11 cases.

3.      Notwithstanding the proven effectiveness of the Reorganized Debtors' proposed

procedures, however, 23 defendants (collectively, the "Responding Defendants")[5] have objected

to the Proposed Order, alleging that it is one-sided and that the Reorganized Debtors have

eschewed any opportunity for the defendants' input.  The Responding Defendants have proposed

a different procedures order (the "Defendants' Proposed Order") that, among other things, fails

to address the several classifications of defendants (*i.e.*, those subject to a Default Hearing, Rule

15 Hearing, or Merits Hearing) and contemplates a process that increases the burden on this

Court and the cost to all parties.  A comparison version of Defendants' Proposed Order against

the Proposed Order (collectively, the "Orders") is attached to this Procedures Motion Reply as

**Exhibit B**.

4.      In reality, Defendants' Proposed Order is both incomplete and imbalanced.  By

way of example, it omits any procedure for a Merits Hearing even though the Court has already

held that the Reorganized Debtors are now entitled to litigate certain Adversary Proceedings on

the merits, and to propose a scheduling order for those actions.[6]  (Oct. 24 Hr'g Tr., pp. 83-84.)

---

[5] The Responding Defendants and their corresponding adversary proceeding numbers are identified in **Exhibit A** attached and include the defendants in two Adversary Proceedings being prosecuted by Togut Segal & Segal. **Exhibit A** does not include the response filed by defendant Globe Motors, however, because that Adversary Proceeding has since been resolved.

[6] At the October 24, 2011 hearing, this Court stated that "I have no problem with the debtors seeking a default judgment on the others and then as far as the – it's not clear to me, the twenty-one where there weren't objections to the Rule 15 motion, were there objections or motion to dismiss though on those remaining twenty-one?  If not. we should have a pretrial conference and move and deal with discovery on those."  (Oct. Hr'g Tr., pp. 83-84.)  Or, "if the parties just want to agree to a pretrial order and move into the discovery phase on those, that's fine…"  (*Id.* at 84.)

Further, Defendants' Proposed Order diminishes the prospect of consensual resolution of these

Adversary Proceedings during the Rule 15 Hearing process by making non-binding mediation

merely optional.[7]  It also postpones each meet-and-confer until after the Reorganized Debtors

(but *not* the Responding Defendants) have made extensive and irrelevant disclosures concerning

the ultimate *merits* of each Adversary Proceeding rather than the limited issues pertinent to the

Rule 15 Hearing.  Such disclosures are not only unnecessary and unjustifiably burdensome, but

they are also tremendously overbroad, as is the scope of discovery that the Responding

Defendants propose for each Rule 15 Hearing.  As the Court has already made clear, the limited

question to be resolved at the Rule 15 Hearings is whether the Court should vacate the Extension

Orders as to certain defendants based primarily on prejudice.  The parties' focus in advance of

the Rule 15 Hearings should therefore be reasonably directed to that issue, and the Reorganized

Debtors' Proposed Order efficiently advances that objective.

     5.     Each of the above aspects of Defendants' Proposed Order is discussed in greater

detail below, as are various other proposals by the Responding Defendants concerning the

Default Hearing procedures and the timing and scheduling of hearings and related deadlines.

Given the innumerable differences between the Orders, however, the body of this Procedures

Motion Reply will address only significant sections of the Defendants' Proposed Order.  Further

arguments advanced by the Responding Defendants appear in the lead briefs listed on the chart

---

[7] The Responding Defendants also seek to alter the mediation procedures in the Proposed Order by, among other things, (a) striking the provision contemplating a list of pre-approved mediators, (b) changing the location of the mediation to an agreed upon location or the Southern District of New York, (c) removing the provision allowing the Reorganized Debtors' counsel to attend the mediation where the defendants fail to send their own attorneys, (d) limiting the time of mediation to 6 hours, rather than just one day, and (e) removing the threat of sanctions for those parties that fail to participate in mediation in good faith.  All of these provisions of the Proposed Order were previously approved by this Court in the Claims Objection Procedures Order (Docket No. 6089).  (See Claims Objection Procedures Order ¶ g(i)-(ix).)

in the attached **Exhibit C**.  The Reorganized Debtors have scheduled a meeting with the

Responding Defendants to attempt to resolve the parties' differences as to the Proposed Order

consensually, but to the extent that meeting is unsuccessful, the Reorganized Debtors urge the

Court to reject Defendants' Proposed Order and enter the Proposed Order in each of the

remaining Adversary Proceedings.

## ARGUMENT

**A.**    **The Reorganized Debtors Attempted to Negotiate a Mutually Acceptable Order
with an Organized Group of Defendants.**

6.    Throughout the Responding Defendants' briefs is a recurring allegation that the

Reorganized Debtors somehow plotted to avoid negotiating their Proposed Order with the

Defendants.  This is hardly the case.

7.    At the Hearing, upon the suggestion of this Court, the defendants represented that

they believed that it was in their best interest, at this time, to appoint a "steering counsel" to

negotiate a proposed procedures order with the Reorganized Debtors. (Oct. 24 Hr'g Tr., p. 77.)

In light of this representation, the Reorganized Debtors contacted defense counsel numerous

times after the Hearing to determine who, if anyone, was serving as a defendant spokesperson.[8]

In response, the defendants indicated they had not appointed any spokespersons, and they did not

intend to do so.  (**Exhibit D**.)  As a result, the Reorganized Debtors were effectively tasked with

achieving consensus on their Proposed Order through separate negotiations with 57 remaining

active defendants.

8.    Believing this to be unmanageable, the Reorganized Debtors sent an October 31,

---

[8]  Ms. Haffey, counsel for the Reorganized Debtors, made several attempts to communicate with a defense group
steering committee.  (See e-mails dated October 31, November 1 and November 2, 2011, attached as **Exhibit D.**)
Ms. Haffey also attempted to assist the defendants in forming such a committee by providing all defense counsel
with each other's names and e-mail addresses.  (*Id.*)

2011 letter to the Court explaining that they "ha[d] no practical means of discussing the[ir] [proposed] order and reaching an agreement" with the defendants.  (**Exhibit E**.)  They thus stated that absent the defendant's formation of a "steering committee with whom [the Reorganized Debtors could] . . . discuss the proposed order," and "unless otherwise directed by the Court," the Reorganized Debtors would "file a motion for entry of [their] proposed order and notice it for hearing."  (*Id.*)

9.      On November 1, 2011, the Court responded to the Reorganized Debtors' letter via e-mail, instructing that "[i]f [the Reorganized Debtors did] not ha[ve] a steering committee response by the close of business Friday [November 4]," they should "file the motion described in [their] letter by notice of presentment and provide that if there are any objections by the proposed presentment date the hearing will be on the next omnibus day."  (**Exhibit F**.)

10.     Three days later, and just hours before the Court-directed deadline, counsel for Victory Packaging sent a letter to the Court accusing the Reorganized Debtors of playing "hide the ball" by failing to elicit comments on their proposed order from an unorganized group of defendants.  (**Exhibit G**.)  In that same letter, however, Victory Packaging's attorney confirmed that even then—11 days after the Hearing—the defendants *still* were not prepared to negotiate with the Reorganized Debtors as an organized group.  (*See id.*)  The Reorganized Debtors therefore repeated their position in a brief response letter to the Court (**Exhibit H**) and went on to timely file their Motion.[9]

11.     Importantly, to allow the defendants even more time to form a steering committee

_____

[9] Victory Packaging's allegations are unfounded.  As stated in footnote 7 above, the Reorganized Debtors made numerous attempts to negotiate a proposed order with a defendant steering group.  (**Exhibit D**.)  Moreover, while certain defense counsel continually represented that defendants were not working together cooperatively and therefore could not negotiate as a group, the Reorganized Debtors learned that a significant number of defendants were in fact holding conference calls and communicating by e-mail.  (**Exhibit I**.)

and comment on the Proposed Order, the Reorganized Debtors scheduled the hearing for

December 21, 2011.  Nonetheless, in the weeks that followed, no formal steering committee

contacted the Reorganized Debtors.  Instead, on November 30, 2011, Victory Packaging's

attorney purported to contact the Reorganized Debtors on behalf of a "group" of defendants, but

he noted he still had not determined how many defendants were willing to "sign on" to the form

of order he was proposing.  Thus, not knowing whether this defendant "group" included two, ten,

or thirty defendants, the Reorganized Debtors asked Victory Packaging's attorney to identify the

"group" he was claiming to represent.  (**Exhibit J**.)  The Reorganized Debtors received no

response.

12.    On December 7, 2011, the Responding Defendants then filed their responses to

the Motion (the "Responses").  Contrary to their previous representations to the Reorganized

Debtors, the Responding Defendants confirmed in their Responses not only that they had been

working together, but also that they had been doing so *extensively*.  (*See, e.g.*, Mubea, Inc.'s

Response to Reorganized Debtors' Motion, p. 3) ("***Defendant has worked with other defendants***

***in the preference adversary proceedings to come up with a proposed order that addresses the***

***issues and concerns raised above.***" (Emphasis added).)  Three Responding Defendants—

Methode Electronics, Victory Packaging, and Spartech—filed substantially identical proposed

orders,[10] and the remaining 20 Responding Defendants joined in those orders and made

essentially the same arguments.

13.    From the above facts, it is apparent that the Responding Defendants have never

been interested in meaningfully negotiating a joint order with the Reorganized Debtors.  Thus, to

---

[10] Victory Packaging's and Methode Electronics' proposed orders are identical, while Spartech's order differs only
in that it corrects an inaccurate paragraph number reference.

the extent there are now two competing versions of the proposed procedures order, this is necessarily by the Responding Defendants' design.

## B. The Substantive Flaws in Defendants' Proposed Order

14.    Not only have the Responding Defendants mischaracterized the events since the October 24 Hearing, but their substantive proposals for the Orders are seriously flawed.  Most significantly, the Responding Defendants have overlooked the fact that there are three categories of remaining Adversary Proceedings—those subject to Default Hearings, those subject to Rule 15 Hearings, and those subject to Merits Hearings.  As the Court made clear at the October 24 Hearing, the Reorganized Debtors are now permitted to move forward with their litigation against each category of defendants.  The Proposed Order accounts for this fact, prescribing procedures not only for each of the three types of hearings, but also for Rule 12(b) Hearings after the filing of the Reorganized Debtors' amended complaints.

15.    In contrast, Defendants' Proposed Order is tailored almost exclusively to those limited Adversary Proceedings in which the defendants opposed the Reorganized Debtors' Motion to Amend.  Among other things, it omits the Merits Hearing and 12(b) Hearing procedures altogether, and it also materially alters the scope and design of the Rule 15 Hearing process.

16.    To understand the deficiencies in the Responding Defendants' proposals, it is first necessary to consider the Responding Defendants' primary objections to the Proposed Order. These include the following:

(A)    the proposed timelines for the hearings in the Reorganized Debtors' Proposed Order do not afford the parties adequate time to meet the various deadlines preceding each hearing;

(B)     the Proposed Order is overreaching in that it prescribes a procedure for the

trial of these Adversary Proceedings on the merits even though such trials may be moot

depending on the outcome of each Rule 15 Hearing;

(C)     the Reorganized Debtors should not have the unilateral right to schedule

and adjourn each hearing;

(D)     the scope of discovery in advance of each Rule 15 Hearing is

impermissibly narrow, as is the scope of each Rule 15 Hearing; and

(E)     the parties should not be required to engage in non-binding mediation

before each Rule 15 Hearing.

17.     The Reorganized Debtors will address each of these assertions in turn below,

together with a limited number of other objectionable aspects of the Defendants' Filings.

### 1. The Reorganized Debtors' Proposed Hearing Schedule

18.     In their Proposed Order, the Reorganized Debtors deliberately included a

condensed but achievable timeline for each hearing and pre-hearing deadline.  Their reason for

doing so was two-fold.  First, at the October 24, 2011 Hearing, the Court conveyed an

expectation that the parties would engage in "limited discovery" and then participate in Rule 15

Hearings in "February or March."  (Oct. 24 Hr'g Tr., p. 79.).  The Reorganized Debtors not only

sought to satisfy the Court's expectations, but they also believed the defendants would be

receptive to such a timeline.  Indeed, it is the *defendants* who have consistently objected to the

delayed resolution in this litigation, and certain of the Responding Defendants have even gone so

far as to blame **this Court** for failing to adjudicate these Adversary Proceedings before now.  In

the words of Wells Fargo, ***"[i]t is incomprehensible that this Court has come this far without***

***dismissing these cases which were not served until some four and half [sic] years following the***

***petition date.*** …The amount of time afforded to these Debtors' [sic] under the guise of Rule

4(m) is unprecedented."[11]  Despite these realities, the Responding Defendants now complain that

"the deadlines in the Reorganized Debtors [sic] proposed order are far too short."  (Methode

Electronics, Inc.'s Response to Reorganized Debtors' Motion, p. 2.)  Specifically, the

Responding Defendants take issue with the 14-day period after entry of the Proposed Order in

which the Rule 15 defendants must file and serve their prejudice declarations.  (*Id.*)  They also

take issue with the 98-day period for completing discovery, briefing, mediation and the Rule 15

Hearing.  (*Id.* at pp. 2-3.)  The Responding Defendants instead propose an extended time frame

for Rule 15 Hearing deadlines, suggesting, among other things, that the hearing be held 119 days

after scheduling rather than 98 days as the Proposed Order contemplates.  This is inconsistent

with the Responding Defendants' desire to move these matters forward as promptly as possible.

### 2. The Importance of Merits Hearing Procedures

19.    The Responding Defendants also object to the Proposed Order on the grounds that

its proposed Merits Hearing procedures are supposedly premature and potentially moot.  The

Responding Defendants instead suggest that the Court should postpone implementing such

procedures until the completion of the Rule 15 Hearings.

20.    The Responding Defendants' argument misses a critical point—the Proposed

Order addresses *all* of the Adversary Proceedings.  While the Responding Defendants may be

subject to Rule 15 Hearings before facing a Merits Hearing, this is not true of all defendants.

Certain defendants did not oppose the Reorganized Debtors' Motion to Amend or did not move

to dismiss the Reorganized Debtors' complaints.  As to those defendants (collectively, the

"Merits Hearing Defendants"), this Court has already requested that the parties "have a pretrial

---

[11] Wells Fargo Bank, N.A.'s Objection to the Motion, p. 4 (Emphasis added).

conference . . . and/or just if the parties just want to agree to a pretrial order and move into the discovery phase on those, that's fine."  (Oct. 24 Hr'g Tr., pp. 83-84.)  Consistent with this instruction, and in an effort to avoid having multiple governing procedures for the remaining Adversary Proceedings, which would be difficult for the parties and this Court to manage, the Reorganized Debtors have incorporated pretrial and Merits Hearing procedures into a single comprehensive Proposed Order.

21.    Significantly, no Merits Hearing Defendant has objected to the proposed Merits Hearing procedures, and such procedures should be a part of the Court's final procedures order to ensure the uninterrupted litigation of the Adversary Proceedings against the Merits Hearing Defendants.

22.    Additionally, as to even the Responding Defendants, there is no sound reason for postponing the implementation of Merits Hearing procedures.  The Responding Defendants' sole objection to the Merits Hearing procedures is that post-Rule 15 Hearing procedures may be moot in that "[i]f the Reorganized Debtors' Motion to Amend is denied, these cases will be over."[12] (*See, e.g.*, Methode Electronics, Inc.'s Response to Reorganized Debtors' Motion, p. 2.) Notwithstanding this assertion, the fact remains that at least *some* of the Responding Defendants will be required to litigate these Adversary Proceedings on the merits.  The Court has already refused to deny the Reorganized Debtors' Motion to Amend on a global basis, stating that "[t]he record is not such that it would lead me simply to deny the Rule 15 motion today on the basis of

---

[12] While certain Responding Defendants also suggest that their consent to the Merits Hearing procedures in the Proposed Order would waive any jurisdictional arguments available to them under *Stern v. Marshall*, 131 S. Ct. 2594 (2011) and *Developmental Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 2011 WL 5244463, at *7 (S.D.N.Y. Nov. 2, 2011), the Reorganized Debtors disagree that such cases strip this Court of jurisdiction to adjudicate the Adversary Proceedings. (*See, e.g.*, Methode Electronics, Inc.'s Response to Reorganized Debtors' Motions, p. 3.)   For this reason, the Reorganized Debtors disagree with all sections of Defendants' Proposed Order that suggest this Court lacks, or has only limited, jurisdiction over these Adversary Proceedings.

any of the four factors that I need to consider when evaluating such a motion." (Oct. 24, 2011 Hr'g Tr., p. 75.) Moreover, as to the issue of individualized Rule 15 Hearings, the Reorganized Debtors maintain that few, if any, of the Responding Defendants will ultimately succeed in establishing the degree of prejudice necessary to warrant denying the Motion to Amend.

23.    For these reasons, the failure to implement Merits Hearing procedures at this juncture would be both inefficient and prejudicial to the Reorganized Debtors. Not only would it delay the resolution of the Adversary Proceedings against the Merits Hearing Defendants, but it would also force many of these same Responding Defendants to return before the Court after their Rule 15 Hearings (which, incidentally, will not all end on the same date) to address the same procedural questions at issue now. The Proposed Order should be entered in its entirety.

### 3.  The Reorganized Debtors' Right to Schedule and Adjourn Hearings

24.    The Responding Defendants next object to the Proposed Order on the grounds that it allows the Reorganized Debtors to schedule and adjourn hearings unilaterally. Not only is this objection at odds with the Responding Defendants' concern that the Reorganized Debtors' proposed hearing schedule is too condensed (*i.e.*, the defendants would seemingly find adjournments unobjectionable for that reason), but it also turns on a mischaracterization of the reason for this procedure. Indeed, the scheduling flexibility afforded to the Reorganized Debtors is not a ploy to tilt the procedural playing field in favor of the Reorganized Debtors; it is a necessary mechanism to facilitate the orderly resolution of the Adversary Proceedings.[13]

25.    Unlike the Responding Defendants, which have only their own Adversary Proceedings to litigate, the Reorganized Debtors must ensure the continual progress of more than

---

[13] This Court has previously approved nearly identical adjournment procedures in the Claims Objection Procedures Order, which provides that "[t]he Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith . . . ." (Claims Objection Procedures Order ¶ 9(a)(ii).)

55 Adversary Proceedings. The Reorganized Debtors faced similar administrative challenges in the claims context and efficiently resolved a great volume of claims by exercising the very scheduling authority proposed in the Reorganized Debtors' Proposed Order. As the Court is aware, these procedures proved remarkably successful, and for that reason, the Reorganized Debtors at the October 24 Hearing proposed implementing comparable procedures in the Adversary Proceedings.

26.     These proposed scheduling rights are imperative for several reasons. First, as the Court noted at the October 24 Hearing, its schedule is growing increasingly tight, and the scheduling of each Rule 15 Hearing is likely to be logistically complex. (Oct. 24 Hr'g Tr., p. 78 ("Obviously, thirty-six hearings is going to take some time for me, even if they are limited to say a half a day but I am prepared to do it . . . .").) For this reason, if a Rule 15 Hearing is adjourned on one date, even upon mutual agreement of the parties, there will likely not be time in the Court's schedule on the following date to hear two initially-scheduled half-day hearings *and* the adjourned hearing. In circumstances exactly like these, which have occurred frequently in the claims context, the right of the Reorganized Debtors to adjourn additional defendants' hearings is critical.

27.     Additionally, the fact remains that the Reorganized Debtors are going to be juggling multiple Rule 15 Hearings simultaneously. It is not only possible, but likely, that the certain hearings will become more time-consuming to prepare and conduct than the parties initially anticipated. In those instances, the Reorganized Debtors' right to limit the number of hearings it is handling at any given time is a logistical necessity. The Responding Defendants have all but confirmed this reality in their Responses by complaining that, as to only *their own* Adversary Proceedings, they require more than the initially-proposed time periods to satisfy each

13

Rule 15 Hearing deadline.

28.    Finally, the Reorganized Debtors note that the adjournment authority that their Proposed Order affords them is not unlimited.  Absent agreement from the Defendants or an order from the Court, the Reorganized Debtors may not adjourn any hearing for more than 180 days, meaning the proposed scheduling mechanism is not akin to a right to postpone a defendant's hearing indefinitely.  Moreover, these rights are further confined by the Reorganized Debtors' obligations of professional courtesy and good faith, as the Reorganized Debtors will entertain all reasonable requests by the defendants for adjournments of deadlines.

29.    For each of the above reasons, the Reorganized Debtors' proposed right to schedule and adjourn hearings is critical to the efficient resolution of these proceedings and should remain part of the Court's procedures order.

### 4.    The Proper Scope of Discovery and of Each Rule 15 Hearing

30.    Next, the Responding Defendants seek to modify the Reorganized Debtors' Proposed Order by providing for overly broad Rule 15 discovery, irrelevant mandatory disclosures, and poorly defined Rule 15 Hearings.  As the Responding Defendants are well aware, the Court already determined at the June 21 Hearing on the Motion to Amend that the form of the Reorganized Debtors' Proposed Amended Complaints was adequate to state a claim under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  (June 21 Hr'g Tr., pp.  125-26, 135-36, 147, 150, 187, 207, 218-19, 220.)  As the Responding Defendants are also aware, the Court at the October 24 Hearing ruled that there was not a basis for denying the Reorganized Debtors' Motion to Amend on a global basis based merely on the issue of notice.  (Oct. 24 Hr'g Tr., p. 75.)  Thus, the Court clearly stated that "the parties should move to the next stage in this litigation which, with respect to the thirty-six

objections to the Rule 15 motion, would be a focus on individual hearings with regard to whether I should vacate the 4(m) order which is primarily to be based upon **prejudice** . . . ." (Oct. 24 Hr'g Tr., pp. 76-77 (Emphasis added).)

31.     Notwithstanding these rulings, the Responding Defendants now seek to require the Reorganized Debtors (but not the Responding Defendants) to make extensive disclosures *prior to the meet-and-confer* concerning *all* issues pertinent to their Proposed Amended Complaints, irrespective of whether they relate to the Responding Defendants' alleged prejudice, and before the Responding Defendants even submit their declarations setting forth the nature and extent of their alleged prejudice.  By way of illustration, the Responding Defendants propose, among other things, requiring the Reorganized Debtors to make mandatory disclosures on the following:

> . . . the current status and availability of the Debtors' legacy accounting systems and related records, including currently available electronically stored information ("ESI"), information that may no longer be available in native form, or that otherwise may no longer be available as ESI or otherwise is unavailable, (B) the name and address, and telephone number if available, of each individual who is likely to have discoverable information that may be relevant to the proposed amended complaint . . . concerning such legacy accounting systems and related records, including information technology administrators, outside consultants and other persons who the Debtors may call upon to operate, manage or explain the Debtors' legacy accounting systems or to otherwise provide support for the probative value of such records, and (C) the identity and availability of each employee or former employee of the Debtors, with their address and telephone number if available, who is likely to have discoverable information that may be relevant to a proposed amended complaint.  (Defendant Order ¶ 5(b)(i).)

32.     This proposed one-sided, overly burdensome disclosure exercise has nothing to do with "whether [the Court] should vacate the 4(m) order . . . based upon prejudice."  Rather, it is a transparent effort to force the Reorganized Debtors to engage in time-consuming discovery

concerning the *merits* of each Adversary Proceeding before this Court even grants the

Reorganized Debtors leave to amend their complaints.  Indeed, making disclosures about the

"probative value" of the Reorganized Debtors' records is entirely contrary to the Responding

Defendants' contention that the parties have no business dealing with anything but the Rule 15

Hearing at this stage.  In the Responding Defendants' own words, "[i]f the Reorganized Debtors'

Motion to Amend is denied, these cases will be over."  (Methode Electronics, Inc.'s Response to

Reorganized Debtors' Motion for Order, p. 2.)

33.     *Even more importantly, the Court has already determined that the information the*

*Responding Defendants now seek is immaterial to the Motion to Amend.*  At the June 21 Hearing,

in response to various defendants' contentions that the Reorganized Debtors should be required

to substantiate their accounting records further before being permitted to proceed with their

Proposed Amended Complaints, the Court made clear that that was not a "Rule 8" but instead a

"summary judgment type of issue, or a trial issue."  (June 21 Hr'g Tr., pp. 125-26).

34.     In light of the Court's unmistakable rulings, it is clear that the Responding

Defendants seek nothing more than a "do-over" of the June 21 Hearing.  This is improper, and

the Court should ensure that its procedures order remains consistent with the Proposed Order's

provisions concerning the scope of permissible discovery and the scope of the Rule 15 Hearing.

### 5.  The Importance of Alternative Dispute Resolution Procedures

35.     The Responding Defendants also object to the Proposed Order in that it allegedly

provides for a premature meet-and-confer and should not require the parties to engage in non-

binding mediation.  Accordingly, the Responding Defendants propose holding the meet-and-

confer after the Reorganized Debtors (but not the Responding Defendants) complete the

burdensome and overbroad preliminary disclosures discussed above, and they suggest no

mediation proceedings at all unless the parties elect otherwise.

36.     These proposals make little sense.  The importance of a meet-and-confer at the *beginning* of the hearing process—rather than after discovery—is that it affords parties a meaningful opportunity to resolve their dispute *before* incurring additional litigation expenses. Indeed, this process proved successful in exactly this respect in hundreds of claims matters.[14]

37.     To the extent the meet-and-confer process is not successful in resolving the Adversary Proceedings, however, the mandatory mediation process that the Reorganized Debtors have proposed is an important additional opportunity.  Not only have the Reorganized Debtors proposed a relatively inexpensive mediation process requiring minimal briefing, but the exercise of receiving a third-party's valuation of the case while each party's business representatives are present presents a substantial promise of reinvigorating any settlement discussions the parties may have had to date.  For the benefit of the parties, as well as the Court (which will hopefully have fewer hearings on its agenda as a result), this process should remain part of the ultimate procedures order.

### 6.  The Responding Defendants' Additional Proposals

38.     In addition to the proposals addressed above, the Responding Defendants also seek myriad other unwarranted changes to the Proposed Order.  For instance, the Responding Defendants inexplicably seek to modify the proposed Default Hearing procedures.  Specifically, they advocate scheduling *Rule 15* Hearings rather than Merits Trials for *all* Default Hearing defendants that the Court allows to answer or respond to the Reorganized Debtors' Complaints. (Defendants' Proposed Order ¶ 5(a)(iii).)  No Default Hearing defendant should be inherently

---

[14] The meet-and-confer process was used to resolve numerous claims without the need for litigation.  In addition, for those claims that did not settle, the meet-and-confer was used as a platform to resolve discovery issues without burdening the Court.  This Court has already approved similar procedures.  (See Claims Objection Procedures Order ¶ (c)(i)-(iv).)

entitled to this opportunity, as that determination turns on case-specific considerations.

Moreover, there is simply no reason for the Responding Defendants to propose such a revision to

the Proposed Order.  The Responding Defendants have no interest in the Default Hearing

procedures because they all purport to be subject to Rule 15 Hearings (*i.e.*, they have answered

or otherwise responded to the Reorganized Debtors' complaints).

39.     Additionally, as with the Merits Trial procedures, the Responding Defendants

have proposed removing from the Proposed Order any 12(b) Hearing procedures.  The

Responding Defendants' reason for this revision remains the same, as they seek to prevent the

Proposed Order from applying to any proceeding following the Rule 15 Hearing.  As set forth

above, this rationale fails in that the Proposed Order should be finalized now as to *all* remaining

stages of this case so as to avoid requiring the parties to appear before the Court yet again to

discuss these same issues.  In any event, to the extent the Responding Defendants are confident

that they will prevail in their Rule 15 Hearings (which the Reorganized Debtors maintain is

unlikely), they should have no objection to such procedures because "[i]f the Reorganized

Debtors' Motion to Amend is denied, these cases will be over."  (Methode Electronics, Inc.'s

Response to Reorganized Debtors' Motion, p. 3.)

40.     Additionally, the Defendants' Proposed Order appears to make the Rule 15

Hearing itself a merely optional exercise.  Indeed, paragraph 4 of Defendants' Proposed Order

provides that "[t]he Court *may* [rather than shall] conduct hearings (the 'Rule 15 Hearings')

regarding the Debtor's [sic] Rule 15 Motions . . . *by agreement between the Debtors and a*

*defendant in any individual Adversary Proceeding*, at such dates and times as shall be made

available by the Court, or as set by the Court if such parties cannot agree on such date(s) and

time(s)."  The Responding Defendants propose no alternative to the Rule 15 Hearing, and most

significantly, their proposal is clearly inconsistent with the Court's directives at the October 24

Hearing.  (Oct. 24 Hr'g Tr., p. 76 ("So, I think that the parties should move to the next stage in

this litigation which, with respect to the thirty-six objections to the Rule 15 motion, would be a

focus on individual hearings with regard to whether I should vacate the 4(m) order which is

primarily to be based upon prejudice . . . .").)

41.     Finally, the Reorganized Debtors emphasize that this brief does not address all of

the Responding Defendants' revisions to the Proposed Order.  In the interest of brevity, this

Proposed Motion Reply focuses on only certain revisions, which alone warrant the rejection of

Defendants' Proposed Order in its entirety.

## CONCLUSION

42.     For the reasons set forth above and in their Motion, the Reorganized Debtors

respectfully request that the Court enter the Proposed Order in each of the remaining Adversary

Proceedings.  To the extent the Responding Defendants have objected to the Proposed Order,

such objections overlook those categories of cases that are not subject to Rule 15 Hearings.

Moreover, even as to the Rule 15 Hearings, the Responding Defendants have proposed unduly

burdensome discovery and hearing procedures that implicate matters entirely unrelated to the

issue now before the Court—whether the 4(m) orders should now be vacated on the grounds of

prejudice.  The Proposed Order avoids each of these pitfalls, and, much like the claims

procedures order that proved so successful in the Reorganized Debtors' chapter 11 cases, it

prescribes a streamlined and cost-effective litigation process that also affords the parties a

meaningful likelihood of resolving their Adversary Proceedings consensually.

WHEREFORE the Reorganized Debtors respectfully request that the Court enter an order

(a) granting the relief requested herein and (b) granting the Reorganized Debtors such other

further relief as is just.


Dated:   Detroit, Michigan
              December 14, 2011

                                          Respectfully submitted,

                                          **BUTZEL LONG, a professional corporation**

                                          s/*Cynthia J. Haffey*
                                            Cynthia J. Haffey
                                            Sheldon H. Klein
                                            Thomas Radom
                                            Bruce L. Sendek
                                            David J. DeVine
                                          150 West Jefferson, Suite 100
                                          Detroit, MI  48226-4452
                                          (313) 225-7000
                                          haffey@butzel.com
                                          P57352
                                          *Attorneys for Reorganized Debtors*

BUTZEL LONG, a professional corporation
150 W. Jefferson, Suite 100
Detroit, Michigan 48226
Cynthia J. Haffey, Esq.
Sheldon H. Klein, Esq.
Thomas Radom, Esq.
Bruce L. Sendek, Esq.
David J. DeVine, Esq.
(313) 225-7000
*Attorneys for Reorganized Debtors*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | |
| DPH HOLDINGS CORP., *et al.,* | ) | Chapter 11 |
| | ) | |
| Reorganized Debtors. | ) | Case No. 05-44481 (RDD) |
| | ) | Jointly Administered |
| | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2011, a true and correct copy of the *Reorganized Debtors' Reply In Support Of Motion For Order Pursuant To 11 U.S.C. §§ 105(D), 544, 547, And 548 And Fed. R. Bankr. P. 7016 Establishing (I) Dates For Hearings Regarding Adversary Proceedings And (I) Notices And Procedures Governing Adversary Proceedings* was served on Defendants via the courts electronic filing system and via e-mail.


Dated: Detroit, Michigan                    /s/ Alexis L. Richards
      December 14, 2011                    Alexis L. Richards

05-44481-rdd    Doc 21765-1    Filed 12/4/11    Entered 12/4/11 23:33:43    Exhs. A -
E    Pg 1 of 31

# EXHIBIT A

## Defendants' Responses to Motion for Procedures Order

| Tab No. | Case No. | Defendant |
|---------|----------|-----------|
| 1. | 07-02259 | Blair Strip - Opposition to Motion for Procedures Order |
| 2. | 07-02217 | D&S - Response to Motion for Procedures Order |
| 3. | 07-02232 | Dr. Schneider - Response to Motion for Procedures Order |
| 4. | 07-02270 | Unifrax - Joinder to Globe's Opposition in Response to Motion for Procedures Order |
| 5. | 07-02442 | Heraeus Metals Processing - Opposition in Response to Motion for Procedures Order |
| 6. | 07-02445 | Heraeus Precious Metals - Opposition Response to Motion for Procedures Order |
| 7. | 07-02322 | Jamestown - Response to Motion for Procedures Order |
| 8. | 07-02720 | Laneko Wachovia - Response to Motion for Procedures Order |
| 9. | 07-02758 | Magnesium Electron - Response to Motion for Procedure Order |
| 10. | 07-02432 | Methode - Response to Motion for Procedures Order |
| 11. | 07-02489 | Mubea - Response to Motion for Procedures Order |
| 12. | 07-02562 | Park Enterprises - Joinder Response to Motion for Procedures Order |
| 13. | 07-02563 | Park Ohio - Response to Motion for Procedures Order |
| 14. | 07-02572 | PBR - Response to Motion for Procedures Order |
| 15. | 07-02580 | NXP Philips Semiconductor - Response to Motion for Procedures Order |
| 16. | 07-02744 | Republic Engineered - Response to Motion for Procedures Order |
| 17. | 07-02639 | Spartech Polycom - Response to Motion for Procedures Order |
| 18. | 07-02661 | Summit Polymers - Joinder to Oppositions |
| 19. | 07-02551 | Victory Packaging - Response to Motion for Procedures Order |
| 20. | 07-02597 | Wells Fargo - Objection to Motion for Procedures Order |
| 21. | 07-02606 | Williams Advanced - Response to Motion for Procedures Order |
| 22. | 07-02541 | *NGK, NGK Automotive Ceramincs, NGK Automotive Ceramics USA, Inc., et al |
| 23. | 07-02712 | *Kostal, Kostal Mexicana, Kostal Mexicana S.A. DE C.V. and Kostal of America, Inc. |

* This Defendant is represented by Togut, Segal & Segal, LLP

05-44481-rdd   Doc 21645-1   Filed 12/4/11   Entered 12/4/11 22:58:43   Exhibit A -
Page 24 of 74

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                            :
     In re                   :     Chapter 11
                            :
DPH HOLDINGS, CORP., et al.,   :     Case No. 05-44481 (RDD)
                            :
                            :     (Jointly Administered)
Reorganized Debtors.          :
                            :
------------------------------------------------------- x

ORDER PURSUANT TO 11 U.S.C. §§ 105(d), 544, 547, AND 548 AND FED. R. BANKR. P.
7016 ESTABLISHING (I) DATES FOR HEARINGS REGARDING
ADVERSARY PROCEEDINGS AND (II) NOTICES AND PROCEDURES
GOVERNING ADVERSARY PROCEEDINGS HEARINGS

("ADVERSARY PROCEEDINGS PROCEDURES ORDER")

Upon the Motion For Order Pursuant To 11 U.S.C. §§ 105(d), 544, 547, And 548 And

Fed. R. Bankr. P. 7016 Establishing (I) Dates For Hearings Regarding Adversary Proceedings

And (II) Notices And Procedures Governing Adversary Proceedings Hearings, dated November

4, 2011 (the "**Procedures** Motion"), of DPH Holdings Corp. and its affiliated reorganized

debtors (the "Reorganized Debtors"), formerly known as Delphi Corporation and certain of its

subsidiaries and affiliates, former Debtors and Reorganized Debtors-in-possession in the above-

captioned cases (f/k/a In re Delphi Corporation, et al.) (collectively, the "Debtors"); and after due

deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

Proper, timely, adequate, and sufficient notice of the **Procedures** Motion has been

provided, such notice was good, sufficient and appropriate under the particular circumstances,

and no other or further notice of the **Procedures** Motion is or shall be required.

At an October 24, 2011 hearing regarding the Debtors' motions for leave to amend complaints (individually, a "Rule 15 Motion") in the Adversary Proceedings identified on Exhibit 1 (the "Adversary Proceedings") pursuant to Rule 15 of the Fed. R. Civ. Pro. ("Rule 15"), the Court considered the declarations and affidavits submitted by certain Defendants regarding Rule 15 issues, including, without limitation, prejudice, futility and the appropriateness of the notice given of the Extension Motions (a "Notice Affidavit").

At a June 21, 2010 hearing regarding the Rule 15 Motion filed in the Adversary Proceedings, the Debtors made numerous representations to the Court with respect to their "DACOR" accounting system, including without limitation, that the "DACOR" system provided the Debtors with the factual underpinnings for the allegations set forth in the draft Amended Complaints attached as an exhibit to each of the Rule 15 Motions.

The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, as the Motion relates to the Court's authority to regulate its calendar and notices with regard thereto. The Motion is a core proceeding under 28 U.S.C. § 157 (b)(2). 1334, to the extent the Motion relates to the Court's authority to regulate its calendar and notices with regard thereto. Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

The relief requested in the **Procedures** Motion and granted herein is in the best interests of the Reorganized Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the **Procedures** Motion.

**1.**     **The Procedures Motion is granted to the extent set forth in the within order.**

**2.**     **In the event an individual Defendant has not opposed a Rule 15 Motion, such motion hereby is granted.**

**3.**     ~~1. The Motion is granted and this~~**This procedures** Order ~~is to~~**shall** be entered in each of the Adversary Proceedings ~~identified on~~ ~~Exhibit 1 (the "Adversary Proceedings").~~

**4.**     ~~2. This~~**The** Court ~~shall~~**may** conduct ~~special periodic~~ hearings (the ~~"Adversary Proceeding Hearings") on the Adversary Proceedings. The Adversary Proceeding Hearings shall~~**Rule 15 Hearings") regarding the Debtor's Rule 15 Motions to** be held in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 118, White Plains, New York 10601-4140 (the "Court") ~~unless the Reorganized Debtors and the Defendants affected are otherwise notified by the Court. The following dates and times have been scheduled as Adversary Proceeding Hearing Dates in these chapter 11 cases:~~**by agreement between the Debtors and a defendant in any individual Adversary Proceeding, at such dates and times as shall be made available by the Court, or as set by the Court if such parties cannot agree on such date(s) and time(s).**

~~_____ [●] (prevailing Eastern time)~~

**5.**     ~~3.~~The following procedures shall apply to each **individual** Adversary Proceeding (the "~~Adversary Proceeding~~ Procedures"):

        (a)     ~~Notice Affidavit and Prejudice Declaration.~~

                ~~(i)     At the October 24, 2011 hearing, the Court considered the declarations or affidavits submitted by certain preference defendants regarding the extent of notice received regarding the Extension Motions (the "Notice Affidavit"). To the extent that any Defendant submitted a Notice Affidavit or previously opposed the Reorganized Debtors' motion to seek leave to amend (the "Motion to Amend") on the basis of prejudice under Fed. R. Civ. P.~~

~~15 ("Rule 15"), no later than 14 days after entry of this Adversary Proceedings Procedures Order, each such Defendant shall file and serve any and all declarations (collectively, the "Prejudice Declaration") with respect to the extent of any claimed prejudice suffered by the Defendant that such Defendant seeks to assert in opposition to the Motion to Amend, and upon which such Defendant intends to rely at the Rule 15 Hearing (as defined below). If such a Defendant fails to timely file and serve a Prejudice Declaration in compliance with the foregoing, the Motion to Amend shall be granted as to that Defendant.~~

~~(ii) Nothing in this Adversary Proceedings Procedures Order shall limit the Reorganized Debtors' right to object to the timeliness or other procedural infirmities with respect to Defendant's claim of prejudice.~~

**(a)** ~~(b)~~ ~~Scheduling of Adversary Proceeding Hearings.~~**Hearings – Default By a Defendant.**

~~(i) The Reorganized Debtors shall schedule each Adversary Proceeding to an Adversary Proceeding Hearing as provided below:~~

**(i)** ~~(A) for a default hearing, in~~**In** the event that a Defendant has ~~not~~**neither** filed an answer ~~or has not~~**nor** otherwise filed a ~~proper~~ response in opposition to ~~the Reorganized~~**a** Debtors' complaint**, the Debtors may schedule a hearing with respect to such default (a "Default Hearing")** , by serving upon ~~the relevant~~**an individual** Defendant**,** by ~~facsimile or~~ overnight delivery **directed to such location and to the attention of such individual as has been designated by such Defendant in any filing made by such Defendant in the Debtors' chapter 11 cases, and if not so designated, then in a manner calculated to give such Defendant actual notice of such request for relief**, and filing with this Court, (a) a notice substantially in the form attached hereto as Exhibit 2 (a ~~"Notice Of Default Hearing"),~~ (b) a copy of the complaint, (c) a motion for entry of default judgment (the "Motion for Default Judgment"), and (d) a copy of this Adversary Proceedings Procedures Order**,** at least 28 days prior to the date of such Default Hearing**,** ~~or,~~

~~(B) for a Rule 15 hearing, in the event that a Defendant has filed an opposition to the Motion to Amend (the "Rule 15 Hearing"), by serving upon the relevant Defendant by facsimile or overnight delivery, and filing with this Court, (a) a notice substantially in the form attached hereto as Exhibit 3 (a "Notice of Rule 15 Hearing"), (b) the proposed amended complaint, or where applicable, a revised proposed amended complaint which shall reflect the Reorganized Debtors revisions as to assumed transfers, reconciled transfers and antecedent debt information where previously missing, if any, and (c) a copy of this Adversary Proceedings Procedures Order at least 98 days prior to the date of such Rule 15 Hearing, or~~

~~(C) where a Defendant has not opposed the Reorganized Debtors' Motion to Amend, in which case that motion is hereby granted, or, in the event that the Court has granted the Reorganized Debtors leave to amend their complaint under Rule 15 after a Rule 15 Hearing, for a trial of the Adversary Proceeding on the merits of the Adversary Proceeding (a "Merits Trial"), by serving upon the relevant Defendant by facsimile or overnight delivery, and filing with this Court, (a) a notice substantially in the form attached hereto as~~

Exhibit 4 (a "Notice of Merits Trial" and, collectively with the Notice of Default Hearing and the Notice of Rule 15 Hearing, the "Notices of Hearing"), (b) an amended complaint, and (c) a copy of this Adversary Proceedings Procedures Order at least 84 days prior to the date of such Merits Trial.

(ii)     The Reorganized Debtors, in their sole discretion, are authorized to further adjourn a Default Hearing, a Rule 15 Hearing, a Merits Trial, or a Rule 12(b) Hearing (as defined below) at any time by providing notice to the Court and the Defendant at least five business days prior to the date of the scheduled hearing; provided, however, that the hearing on any Adversary Proceeding shall not be adjourned for more than a total of 180 calendar days from date of service of the initial Notice of Hearing set forth in paragraph 3(b)(i)(A),(B), and (C) above or 3(m)(ii) below without consent of the Defendant with respect thereto, unless otherwise ordered by the Court.

(c)     Default Hearing Procedures.

**(ii)**     (i) If a Defendant scheduled for a Default Hearing, does not oppose the relief sought in the**a** Motion for Default Judgment in the manner set forth below, the Court will**may** enter a default judgment against the Defendant.  Any objection or other pleading in opposition to the relief sought in the Motion for Default Judgment shall be filed and served no later than 14 days before the scheduled Default Hearing. Such Defendant's pleading (a) must show cause why a timely answer was not filed, (b) shall not exceed fifteen single-sided, double-spaced pages, and (c**and (b)** attach a proposed answer.

(ii)     To the extent that an Adversary Proceeding is scheduled for a Default Hearing, if the Reorganized Debtors wish to file a reply, the Reorganized Debtors shall file and serve their reply no later than two business days before the  **The Debtors may file and serve a reply to such pleading filed by a Defendant no later than 7 days before a** scheduled Default Hearing. The reply shall not exceed fifteen single-sided, double-spaced pages (exclusive of exhibits or affidavits).**.**

(iii)     To the extent that this Court determines upon conclusion of the**a** Default Hearing that the**a** Defendant should be granted leave to file a late**an** answer or otherwise plead**respond**, the Reorganized Debtors shall provide to the**such** Defendant a Notice of Hearing pursuant to the procedures set forth above. All Default Hearings shall proceed, subject to modification pursuant to paragraph 3(q) below, to hearing as illustrated on Exhibit 2-A and as described herein.**in paragraph 5(b) below.**

(d)     Mandatory Meet And Confer.

**(b)     Notice Affidavit, Global Preliminary Disclosures and Prejudice Declaration - Reorganized Debtors' Rule 15 Motion**

(i)     To the extent that an Adversary Proceeding is scheduled by the Reorganized Debtors for a Rule 15 Hearing or a Merits Trial, the Reorganized Debtors and the relevant Defendant shall hold a telephonic meet and confer (a "Meet and Confer") within 7 days of service of the Notice of Rule 15 Hearing or the Notice of Merits Trial, at a date and

~~time to be set by the Reorganized Debtors.~~**As to any Defendant that either submits or has submitted a Notice Affidavit or previously opposed a Rule 15 Motion, and with respect to a Defendant with respect to which the Court has granted a relief pursuant to paragraph 5(a)(iii) above, no later than 14 days after the later either of entry of this Procedures Order or an order pursuant to paragraph 5(a)(iii) above, the Debtors shall make and serve global preliminary disclosures (the "Debtors' Global Preliminary Disclosures") regarding (A) the current status and availability of the Debtors' legacy accounting systems and related records, including currently available electronically stored information ("ESI"), information that may no longer be available in native form, or that otherwise may no longer be available as ESI or otherwise is unavailable, (B) the name and address, and telephone number if available, of each individual who is likely to have discoverable information that may be relevant to the proposed amended complaint attached to a Rule 15 motion concerning such legacy accounting systems and related records, including information technology administrators, outside consultants and other persons who the Debtors may call upon to operate, manage or explain the Debtors' legacy accounting systems or to otherwise provide support for the probative value of such records, and (C) the identity and availability of each employee or former employee of the Debtors, with their address and telephone number if available, who is likely to have discoverable information that may be relevant to a proposed amended complaint.**

**(ii)       In the event the Debtors fail to timely file and serve the Debtors' Global Preliminary Disclosures upon a Defendant in compliance with paragraph 5(b)(i) above, the Rule 15 Motion shall be denied as to such Defendant.**

**(iii)       In the event the Debtors timely make and serve the Debtors' Global Preliminary Disclosures upon an individual Defendant, no later than 45 days after actual receipt of such Debtors' Preliminary Global Disclosures, an individual Defendant may file and serve on the attorneys for the Debtors a declaration (a "Prejudice Declaration") that may, without limitation, set forth all matters pertaining to the prejudice such Defendant asserts it has suffered with regard as well as all other facts relevant to the individual Defendant's opposition to the Rule 15 Motion.  The Prejudice Declaration shall include (A) the current status and availability of the individual Defendant's legacy accounting systems and related records, including currently available ESI, information that may no longer be available in native form, or that otherwise may no longer be available as ESI or otherwise is unavailable to the extent that such changes to a Defendant's ESI is the basis for a claim of prejudice in connection with a Rule 15 Motion, (B) the name and address, and telephone number if available, of each individual who is likely to have discoverable information that may be relevant concerning such legacy accounting systems and related records, including information technology administrators, outside consultants and other persons who the individual Defendant may call upon to operate, manage or explain an individual Defendant's legacy accounting systems or to otherwise provide support for the probative value of such records, and (C) the identity of each former employee of a Defendant, with their address and telephone number if available, who is likely to have discoverable information that may be relevant to a proposed amended complaint.**

(iv) **In the event If a Defendant fails to timely file and serve a Prejudice Declaration in compliance with the foregoing, the Motion to Amend may be granted as to that Defendant.**

(v) **Nothing in this Procedures Order shall limit the Debtors' or an individual Defendant's rights and remedies in the Adversary Proceedings, other than with respect to the  proceedures deliniated in this Procedures Order.**

(vi) **No later than 14 days after the Debtors have  made and served the Debtors' Global Preliminary Disclosures, the Reorganized Debtors and the relevant Defendant shall meet and confer by phone (the "Meet and Confer") at a date and time to be agreed upon by such parties.**

(vii) ~~(ii)~~ The following representatives of each of the ~~Reorganized~~ Debtors and ~~the~~**an individual** Defendant shall attend ~~the~~ **such** Meet and Confer: (A) counsel for each of the parties ~~and (B) a person possessing ultimate authority to reconcile, settle, or otherwise resolve the Adversary Proceeding on behalf of the Reorganized Debtors and the Defendant~~.**with settlement authority.**

~~(iii) The Court will consider appropriate sanctions, including the dismissal or entry of judgment of the amount at issue in such Adversary Proceeding, if either party does not follow the foregoing procedures or conduct the Meet and Confer in good faith.~~

~~(e)~~

(c) Rule 15 ~~Hearing Procedures.~~

~~(i) Prior to commencement of the Rule 15 Hearing, the Reorganized Debtors and the Defendant shall submit to mandatory non-binding summary mediation, as set forth below, in an effort to consensually resolve the Adversary Proceeding.~~

~~(ii) At the Rule 15 Hearing, the Court will conduct an evidentiary hearing to the extent necessary and solely to determine matters of notice and prejudice raised in the Notice Affidavit or the Prejudice Declaration. The Court will further determine all remaining matters to resolve the Motion to Amend. All Rule 15 Hearings shall proceed, subject to modification pursuant to paragraph 3(q) below, to hearing as illustrated on Exhibit 3-A and as described herein.~~

~~(f) Mediation Statements. The following procedures, subject to modification pursuant to paragraph 3(q), apply to the Defendant's written statement with respect to mediation (the "Defendant's Mediation Statement") and the Reorganized Debtors' statement with respect to mediation (the "Reorganized Debtors' Mediation Statement," and together with the Defendant's Mediation Statement, the "Mediation Statements"), filed in connection with a Rule 15 Hearing for an Adversary Proceeding:~~

~~(i) The Defendant shall serve, but not file, the Defendant's Mediation Statement no later than 84 days prior to commencement of the Rule 15 Hearing. The Defendant's Mediation Statement shall (a) address any and all defenses that the Defendant intends to assert in~~

opposition to the Motion to Amend, (b) address any and all defenses regarding the merits of the complaint, including, but not limited to, any motions under Fed. R. Civ. P. 12, (c) attach the Defendant's Prejudice Declaration, and (d) attach a proposed answer to the proposed amended complaint. The Defendant's Mediation Statement shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits). If the Defendant relies on exhibits, the Defendant shall include such exhibits in its Mediation Statement.

(ii) The Reorganized Debtors shall serve, but not file, the Reorganized Debtors' Mediation Statement no later than 77 days prior to commencement of the Rule 15 Hearing. The Reorganized Debtors' Mediation Statement shall (a) respond to any and all defenses that the Defendant asserted in opposition to the Motion to Amend and (b) respond to any and all defenses regarding the merits of the complaint, including, but not limited to, any motions under Fed. R. Civ. P. 12. The Reorganized Debtors' Mediation Statement shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits). If the Reorganized Debtors rely on exhibits, the Reorganized Debtors shall include such exhibits in their Mediation Statement.

(iii) The Mediation Statements shall be confidential and subject to all protections afforded under Federal Rule of Evidence 408.

(g) Mandatory Non-Binding Summary Mediation.  Except as set forth below, at least 7 _60_ days prior to commencement of the_a_ Rule 15 Hearing, the Reorganized Debtors and the_an individual_ Defendant shall_may_ submit to mandatory non-binding summary mediation (each a "Mediation") in an effort to consensually resolve the_an_ Adversary Proceeding. No rights, remedies, claims or defenses of any party shall be impaired, waived or compromised in any further proceedings in these cases should no settlement or compromise result from participation in the mediation process.  The Mediation shall be governed by General Order M-143 except as follows. The following procedures shall apply to each Mediation, subject to modification pursuant to paragraph 3(q) below:

(i) Each Mediation shall be assigned to _____ or _____, or such other person upon which the parties agree (the "Mediator").

**(i)**   (ii) The Mediator shall not have the authority to require either the Reorganized Debtors or the Defendant to provide any additional briefing with respect to the Mediation.

(iii) To the extent that the Defendant (if an individual) or the Defendant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located within 140 miles of Troy, Michigan, the Mediation shall be held at a neutral location in Troy, Michigan.

(iv) To the extent that the Defendant's principal place of business is located more than 140 miles from Troy, Michigan, the Mediation shall be held at a neutral location reasonably acceptable to the Reorganized Debtors and the Defendant; provided that, if the Reorganized Debtors and the Defendant are unable to agree upon a neutral location at the Meet and Confer, the parties shall promptly report such inability to agree to the Court.

**(ii)** ~~(v)~~ To the **The Mediation may be held at any location** extent ~~that~~**agreed upon by** the Reorganized Debtors and the **individual** Defendant ~~agree, Mediation may be held at any agreed upon location.~~**, otherwise in the Southern District of New York.**

**(iii)** ~~(vi)~~ A person possessing ultimate authority to reconcile, settle, or otherwise resolve the Adversary Proceeding on behalf of each of the ~~Reorganized~~ Debtors and ~~the~~**an individual** Defendant shall attend an in-person Mediation~~; provided, however, that the Reorganized Debtors' counsel will not be precluded from attending and participating in a Mediation in the event that the Defendant elects not to have its counsel attend or participate in a Mediation~~.

**(iv)** ~~(vii)~~ Absent **the written** consent of each of the **individual** Defendant and the ~~Reorganized~~ Debtors, the length of the Mediation shall be limited to one day~~.~~**, not to exceed 6 hours.**

~~(viii)   The Court will consider appropriate sanctions, including the dismissal or entry of judgment of the amount at issue in such Adversary Proceeding, if either party does not follow the foregoing procedures or conduct the Mediation in good faith.~~

**(v)** ~~(ix)~~ The ~~Reorganized~~ Debtors and ~~the~~**an individual** Defendant shall each bear ~~its~~**their** own costs in participating in the Mediation and shall share equally in the mediator's **reasonable** fees and costs ~~and cost of mediation facility, if any~~.

**(d)** ~~(h)~~ Rule 15 Discovery. ~~If~~**In the event the** Mediation is unsuccessful and a Rule 15 Hearing is scheduled for a particular Adversary Proceeding, the ~~Reorganized~~ Debtors and ~~the~~**an affected** Defendant shall be bound by the following limited discovery procedures (~~the~~ "Rule 15 Discovery"), subject to modification pursuant to paragraph 3**5**(~~q~~**h**) below:

**(i)** The scope of **the** Rule 15 Discovery shall be limited to (a) ~~prejudice asserted by the Defendant, solely to the extent identified in a Defendant's Prejudice Declaration, and (b) notice of the Extension Motions, solely to the extent identified in a Defendant's Notice Affidavit~~**matters relevant to the Rule 15 Motion**; provided, however, the Reorganized Debtors will not pursue discovery with respect to notice if the extent of notice asserted in ~~the~~**a** Defendant's Notice Affidavit is not contested. ~~Notwithstanding the above, the Reorganized Debtors may pursue discovery as to constructive notice.~~

**(ii)** ~~No~~**Commencing no** later than ~~3 business~~**the later of 30** days after the conclusion of **a** Mediation~~, the Reorganized Debtors or the Defendant~~ **or a written refusal to mediate by a party, the parties** may seek limited written discovery on the scope of issues defined in paragraph 3~~(h)~~**5**(i) ("Written Discovery Requests"). Responses~~,~~ other than objections~~,~~ to Written Discovery Requests shall be ~~produced 21 days after the request is served.~~**served pursuant to the applicable rules.** Written Discovery Requests shall be limited, unless otherwise agreed by the parties, to:

(A) no more than 1**0**~~5~~ requests for production, including discrete subparts.

(B)     no more than 15 interrogatories, including discrete subparts.

(C)     no more than 5 requests for admission, including discrete subparts.

(iii)     ~~Objections to any Written Discovery Request shall be served no later than 7 calendar days after service of the opposing party's Written Discovery Request.~~ The parties shall discuss ~~the~~**any** objections and~~,~~ in good faith~~,~~ **and** attempt to resolve ~~the~~**such** objection(s). If good faith attempts to resolve the objection(s) have failed, the requesting party may file a motion with the Court seeking to compel discovery. The hearing on the motion to compel shall be held telephonically, unless otherwise **directed by the Court or as** agreed ~~to~~ by the parties.

(iv)     ~~No earlier than 42 days prior to the commencement of the Rule 15 Hearing, but~~**Commencing** at least 28**__** days prior to commencement of the**a** Rule 15 Hearing**, (1)** the Reorganized Debtors ~~or the Defendant may, at such party's election,~~**may** take the deposition upon oral examination ~~of no more than 5 individuals~~, including but not limited to any deposition made under Fed. R. Civ. P. 30(b)(6)~~,~~**, of the individuals identified in the a Prejudice Declaration  and  no more than__ additional individuals, and (2) an individual Defendant may take the deposition upon oral examination, including but not limited to any deposition made under Fed. R. Civ. P. 30(b)(6), of the individuals identified in the Debtors' Global Preliminary Discovery  and  no more than__ additional individuals.**

**(e)**     ~~(i)~~Rule 15 Hearing Briefs. The following procedures shall apply to the parties' written briefs, if any, filed in advance of the Rule 15 Hearing, if any, subject to modification pursuant to paragraph 3**5**(~~q~~**h**) below:

(i)     The Defendant shall file and serve a written statement in opposition to the Reorganized Debtors' motion for leave to file their amended complaint (the "Defendant's Rule 15 Supplemental Response") no later than 14**0 business** days prior to commencement of the Rule 15 Hearing. The Defendant's Rule 15 Supplemental Response shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits). If the Defendant relies on exhibits, the Defendant shall include such exhibits in its Rule 15 Supplemental Response, subject to the qualifications set forth in paragraph 3~~(i)(v)~~**__** below.

(ii)     The Reorganized Debtors may file and serve the written statement in support of the motion for leave to file their amended complaint (the "Reorganized Debtors' Rule 15 Supplemental Brief") no later than 7**5 business** days prior to commencement of the Rule 15 Hearing.  The Reorganized Debtor's Rule 15 Supplemental Brief shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).  If the Reorganized Debtors rely on exhibits, the Reorganized Debtors shall include such exhibits in the Reorganized Debtors' Rule 15 Supplemental Brief subject to the qualifications set forth in paragraph 3~~(i)(v)~~**__** below.

(iii)     The Defendant may file and serve a brief in reply to the Reorganized Debtors' Rule 15 Supplemental Brief (a "Rule 15 Reply") no later than 4**1**

business days prior to commencement of the Rule 15 Hearing. The Rule 15 Reply shall not exceed 5 single-sided, double-spaced pages (exclusive of exhibits). If the Defendant relies on exhibits, the Defendant shall include such exhibits in its Rule 15 Reply, subject to the qualifications set forth in paragraph 3~~5(i)(v~~**h**) below.

~~(iv)     The Reorganized Debtors may file and serve a brief in reply to the Defendant's Reply (a "Rule 15 Sur-Reply") no later than 2 business days prior to commencement of the Rule 15 Hearing. The Rule 15 Sur-Reply shall not exceed 5 single-sided, double-spaced pages (exclusive of exhibits). If the Reorganized Debtors rely on exhibits, the Reorganized Debtors shall include such exhibits in their Rule 15 Sur-Reply, subject to the qualifications set forth in paragraph 3(i)(v) below.~~

**(iv)**     ~~(v)~~ Any exhibits attached to or included within any of the briefs discussed above (each a "Rule 15 Brief"), must have previously been provided to the opposing party ~~in connection with the proponent's Mediation Brief~~ or produced during **the** Rule 15 Discovery. The parties shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to any Rule 15 Brief.

**(v)**     ~~(vi)~~ A Rule 15 Brief must include any affidavits or declarations from witnesses upon which the parties will rely at the Rule 15 Hearing; provided, however, that neither party shall be permitted to elicit any direct testimony at the Rule 15 Hearing; instead, the affidavit or declaration submitted with the Rule 15 Brief, or such witnesses' deposition transcript, shall serve as the witnesses' direct testimony and the ~~opposing party~~**parties** may cross examine ~~the witnesses~~**and conduct re-direct of any witness present and available** at the Rule 15 Hearing or counter-designate deposition testimony. No additional witnesses may testify and no additional exhibits may be introduced into evidence at the Rule 15 Hearing beyond those included in the Rule 15 Briefs, absent a showing of cause and order of the Court.

~~(j)~~

**(f)**     Conduct Of The Rule 15 Hearing**.**

**(i)     At the Rule 15 Hearing, the Court will conduct an evidentiary hearing to the extent necessary to resolve the Rule 15 Motion**

**(ii)**     ~~.~~ The Reorganized Debtors and the Defendant shall each be permitted, subject to modification pursuant to paragraph 3~~5(g~~**h**) below, to present their respective cases to the Court at the Rule 15 Hearing, subject to provisions of this Adversary Proceedings Procedures Order. The parties shall coordinate with each other in advance of the hearing with respect to anticipated disputes regarding the admission of particular evidence and any designated deposition testimony.

~~(k)     Merits Trial Procedures.~~

~~(i)     At the Merits Trial, the Court will determine all matters necessary to resolve the Adversary Proceeding. All Merits Trials shall proceed, subject to modification~~

pursuant to paragraph 3(q) below, to hearing as illustrated on Exhibit 4-A and as described
herein.

**(g)**   (l) Amended Complaint and Answer.

(i)   The Reorganized Debtors shall, upon entry of an order granting
thea motion for leave to amend the complaint as to a particular Defendant, **shall** file the
amended complaint in the applicable Adversary Proceeding. The Reorganized Debtors shall
serve such Defendant with the Notice of Merits Trial as set forth above. **and serve such
complaint on counsel for such particular Defendant.**

(ii)   AAn individual Defendant mustmay answer or otherwise plead
in response to the**, move or respond to an** amended complaint within 730 days after the
Reorganized Debtors file such **and serve an** amended complaint in thean individual
Adversary Proceeding.  In the event that a Defendant fails to answer**, move** or otherwise
pleadrespond (including a 12(b) Motion, as defined below) prior to the 7-day deadline, the
Adversary Proceeding will automatically be scheduled for**) as set forth herein, the Debtors
may schedule** a Default Hearing on the next Adversary Proceeding Hearing Date that is at
least 42 days after the date the amended complaint was filed in the Adversary Proceeding.
Prior to the Default Hearing, a Defendant and the Reorganized Debtors may file pleadings as
described in the Default Hearing Procedures described **in paragraph 4 (a)** above.

(m)   Rule 12(b) Proceedings. If a Defendant files a responsive pleading that
asserts a defense under Federal Rule of Civil Procedure 12(b) (a "12(b) Motion"), the following
procedures shall apply:

(i)   A Defendant may file and serve a 12(b) Motion no later than 7
days after an amended complaint is filed in an Adversary Proceeding. The 12(b) Motion shall not
exceed 20 single-sided, double-spaced pages (exclusive of exhibits). If the Defendants rely on
exhibits, the Defendants shall include such exhibits in their 12(b) Reply (defined below).

(ii)   Upon a Defendants' filing of a 12(b) Motion, the Merits Trial shall
be adjourned automatically to a future Adversary Proceeding Hearing Date until the 12(b)
Motion is resolved and upon further notice by the Reorganized Debtors. In addition, the hearing
on a 12(b) Motion (a "Rule 12(b) Hearing") shall be adjourned automatically to a future
Adversary Proceeding Hearing Date, which shall be determined by the Reorganized Debtors in
their sole discretion, by serving Defendant with a notice of such hearing, substantially in the
form attached hereto as Exhibit 5 (a "Notice of Rule 12(b) Hearing") at least 28 days prior to the
applicable 12(b) Hearing date. All Rule 12(b) Hearings shall proceed, subject to modification
pursuant to paragraph 3(q) below, to hearing as illustrated on Exhibit 5-A and as described
herein.

(iii)   The Reorganized Debtors may file and serve a response in
opposition to a 12(b) Motion (a "12(b) Response") no later than 14 days prior to commencement
of the 12(b) Hearing. The 12(b) Response shall not exceed 20 single-sided, double-spaced pages

(exclusive of exhibits). If the Reorganized Debtors rely on exhibits, the Reorganized shall include such exhibits in their 12(b) Response.

(iv) A Defendant may file and serve a reply in support of a 12(b) Motion (a "12(b) Reply") no later than 7 days prior to commencement of the 12(b) Hearing. The 12(b) Reply shall not exceed 10 single-sided, double-spaced pages (exclusive of exhibits). If the Defendants rely on exhibits, the Defendants shall include such exhibits in their 12(b) Reply.

(v) In the event that a 12(b) Motion is denied, withdrawn, or otherwise resolved in favor of the Reorganized Debtors, a Defendant shall file an answer as provided in paragraph 3(l)(ii) above.

(vi) If at any time a Defendant moves for summary judgment, the Court will decide such motion at the Merits Trial.

(n) Merits Discovery. If a Merits Trial is scheduled for a particular Adversary Proceeding, the Reorganized Debtors and the Defendant shall be bound by the following discovery procedures, subject to modification pursuant to paragraph 3(q) below:

(i) No later than 7 days after a Defendant files an answer, the Reorganized Debtors or the Defendant may request:

(A) That the opposing party respond to no more than 15 Requests for production of documents, including discrete subparts. Documents shall be produced at least 42 days prior to commencement of the Merits Trial.

(B) That the opposing party respond to no more than 15 Interrogatories, including discrete subparts. Responses shall be produced at least 42 days prior to commencement of the Merits Trial.

(C) That the opposing party respond to no more than ten requests for admission, including discrete subparts. Responses shall be produced at least 42 days prior to commencement of the Merits Trial.

(ii) No earlier than 42 days prior to the commencement of the Merits Trial, but at least 28 days prior to commencement of the Merits Trial, the Reorganized Debtors or the Defendant may, at such parties' election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Defendant's Merits Response (defined below), Reorganized Debtors' Merits Brief (defined below), or the Merits Reply (defined below). Each party shall be permitted to depose no more than five parties, including, but not limited to any deposition made under Fed. R. Civ. P. 30(b)(6). Each deposition shall not exceed one day.

(o) Merits Briefs. The following procedures shall apply to the parties' written briefs, if any, filed in advance of the Merits Trial, subject to modification pursuant to paragraph 3(q) below:

(i) The Reorganized Debtors may file and serve a written statement in support of the relief sought in their amended complaint (a "Merits Brief") no later than 14 days prior to commencement of the Merits Trial. The Merits Brief shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits). If the Reorganized Debtors rely on exhibits, the Reorganized Debtors shall include such exhibits in the Reorganized Debtors' Merits Brief.

(ii) The Defendant may file and serve a written response in opposition to the relief sought in the Reorganized Debtors' amended complaint (a "Merits Response") no later than 7 days prior to commencement of the Merits Trial. The Merits Response shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits). If the Defendant relies on exhibits, the Defendant shall include such exhibits in its Merits Response.

(iii) The Reorganized Debtors may file and serve a brief in reply to the Merits Response (a "Merits Reply") no later than 2 business days prior to commencement of the Merits Trial. The Merits Reply shall not exceed 10 single-sided, double-spaced pages (exclusive of exhibits). If the Reorganized Debtors rely on exhibits, the Reorganized Debtors shall include such exhibits in their Merits Reply.

(iv) The Merits Brief, the Merits Response, and the Merits Reply must include any affidavits or declarations from witnesses upon which the parties will rely at the Merits Trial; provided, however, that each party shall not be permitted to elicit any direct testimony at the Merits Trial; instead, the affidavit or declaration submitted with the Merits Brief, the Merits Response, or the Merits Reply, or such witnesses' deposition transcript, shall serve as the witnesses' direct testimony and the opposing party may cross examine the witnesses at the Merits Trial or counter-designate deposition testimony. No other or additional witnesses may testify and no exhibits may be introduced into evidence at the Merits Trial beyond those included in the Merits Brief, the Merits Response, or the Merits Reply, absent a showing of cause and order of the Court.

(p) Conduct Of The Merits Trial. The Reorganized Debtors and the Defendant shall each be permitted, subject to modification pursuant to paragraph 3(q) below, to present their respective cases to the Court at the Merits Trial. The parties shall coordinate with each other in advance of the hearing with respect to anticipated disputes regarding the admission of particular evidence and any designated deposition testimony.

(q) Ability To Modify Procedures By Agreement Or Order Of Court

**(h)** **Ability To Modify Procedures By Agreement Or Order Of Court.**

**(i)** . At the Meet and Confer, the parties shall discuss discovery parameters, briefing, evidence to be presented, the timing outlined herein, and any modifications thereto that are necessary due to the facts and circumstances of the relevant Adversary Proceeding. Should the parties be unable to agree on reasonable modifications to these Adversary Proceeding Procedures, if any, either party may request that the Court promptly schedule a teleconference to consider such proposed modifications. No discovery,

testimony, or motion practice other than that described herein, as modified, shall be permitted, unless otherwise agreed by the parties or ordered by the Court.

        **6.**      4. This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Adversary Proceedings Procedures Order.

        **7.**      5. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules

for the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

    Dated: White Plains, New York
    November**December** ___, 2011

_____
    UNITED STATES BANKRUPTCY JUDGE

Document comparison done by DeltaView on Wednesday, December 07, 2011
12:49:31 PM

| Input: | |
|---|---|
| Document 1 | iManageDeskSite://PDC-DMS-DMS03.TKLAW.COM/DALLAS/2804520/1 |
| Document 2 | iManageDeskSite://PDC-DMS-DMS03.TKLAW.COM/DALLAS/2804520/4 |
| Rendering set | Standard |

| Legend: | |
|---|---|
| **Insertion** | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 139 |
| Deletions | 190 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 329 |

# EXHIBIT C

In re DPH Holdings Corp., et al., Case No. 05-44481 (RDD)
*Oppositions of Responding Defendants[1] to the Reorganized Debtors'
Motion for an Order Establishing Procedures Governing Adversary Proceedings*

| | RESPONDING DEFENDANT[2] | ADVERSARY PROCEEDING NUMBER | RESPONDING DEFENDANTS THAT INCORPORATE AND JOIN ARGUMENTS MADE BY OTHER RESPONDING DEFENDANTS |
|---|---|---|---|
| 1. | Methode Electronics, Inc. | 07-02432 | Joinder Defendants[3]<br><br>Philips Semiconductors (n/k/a NXP Semiconductors USA, Inc.), 07-02580 |
| 2. | Victory Packaging and Victory Packaging LP | 07-02551 | Joinder Defendants |
| 3. | Spartech Polycom | 07-02639 | Joinder Defendants |

---

[1] Capitalized but undefined terms used herein have the meanings ascribed to them in the Reply In Support Of Motion For Order Pursuant To 11 U.S.C. §§ 105(d), 544, 547, And 548 And Fed. R. Bankr. P. 7016 Establishing (I) Dates For Hearings Regarding Adversary Proceedings And (II) Notices and Procedures Governing Adversary Proceedings.

[2] The Responding Defendants listed in this column filed a proposed order along with their responses.

[3] The following "Joinder Defendants" incorporate and join all of the objections made by all of the defendants: D&S Machine Products, Inc., 07-02217; Dr. Schneider Automotive Systems, Inc. 07-02234; Blair Strip Steel, Co., 07-02259; Unifrax Corporation, now known as Unifrax I LLC, 07-02270; Jamestown Container Corporation, 07-02322; Heraeus Metals Processing, 07-02442; Heraeus Precious Metals, 07-02445; Mubea, Inc., 07-02489; NGK Automotive Ceramics USA, Inc., 07-02541; Victory Packaging, 07-02551; Park Enterprises of Rochester, Inc., 07-02562; Park-Ohio Industries, Inc., 07-02563; Bosch Chassis Systems Columbia L.L.C. f/k/a PBR Columbia L.L.C., 07-02572; Wells Fargo Business and Wells Fargo Minnesota, 07-02597; Williams Advanced Materials Inc., 07-02606; Summit Polymers, Inc., 07-02661; Kostal, Kostal Mexicana, Kostal Mexicana S.A. DE C.V., and Kostal of America, Inc., 07-02712; Wachovia Bank, N.A., n/k/a Wells Fargo Bank, N.A., 07-02720; Republic Engineered Products, Inc., 07-02744; and Magnesium Electron Inc. and Magnesium Elektron Inc., 07-02758.

05-44481-rdd   Doc 21764-1   Filed 12/4/11   Entered 12/4/11 22:33:45   Reply
Pg 22 of 31

# EXHIBIT D

-----Original Message-----
From Haffey, Cynthia J.
Sent: Wednesday, November 02, 2011 3:29 PM
To: Barron, William M
Subject: RE: DPH/Adversary Proceeding Procedures Order

Bill,

I understand the defendants were going to talk at 3 p.m today.   Have the
defendants formed a steering committee?

Regards,

Cynthia

-----Original Message-----
From Barron, William M [mailto:VBARRON@sgrlaw.com]
Sent: Tuesday, November 01, 2011 8:41 PM
To: Haffey, Cynthia J.; 'bbraun@jaeckle.com'; 'rmdlaw@att.net';
'brwalters@varnumlaw.com'; 'chansen@bricker.com';
'cjlawhorn@bryancave.com'; 'crb@gdm.com'; 'CMcManus@muchshelist.com';
'corgra@bkf-law.com'; 'charr@lockelord.com'; 'debyleng@rhoadesmckee.com';
'drosenzweig@fulbright.com'; 'djurkiewicz@boselaw.com';
'dhaley@vinegarden-law.com'; 'carlson@millercanfield.com';
'dlutz@fbtlaw.com'; 'dskalka@npmlaw.com'; 'gsaydah@kelleydrye.com';
'broberts@slk-law.com'; 'ira.herman@tklaw.com'; 'jstitt@kmklaw.com';
'jvurst@rmfpc.com'; 'jmrandrew@woodsoviatt.com';
'john.persiani@dinslaw.com'; 'jcarlton@honigman.com';
'jthoman@hodgsonruss.com'; 'ktoner@goodwinprocter.com';
'kbradley@brouse.com'; 'lfn@msf-law.com'; 'msilverschotz@reedsmith.com';
'rhuffman@shynlaw.com'; 'mapena@npmlaw.com'; 'moneal@vnj.com';
'SJacob@lockelord.com'
Cc: 'Rdd.chambers@nysb.uscourts.gov'; Barron, William M; Barab, Ron
Subject: Re: DPH/Adversary Proceeding Procedures Order

Dear Ms. Haffey (Cindy):

As I have  told you, I represent only the Heraeus defendants.

Neither I nor, apparently, any of the defendants has seen or been able to
comment on your proposed procedures/scheduling order, so please send it to
all counsel asap. You had emailed that  you would circulate your proposal
yesterday.

As I have told you more than once, neither I nor those few defendant
counsel I have been able to speak  see the need for a "steering committee"
since  each mini-hearing on prejudice issues, and any limited discovery on
that point,  will be based on the facts of each case.

Since judge Drain has asked that you review with defendants  your proposal
for the procedure to schedule and prepare for these individual hearings,
please send all of us your proposal now.

Thanks and regards,

Bill Barron
William M Barron
Partner
Smith, Gambrell & Russell, LLP
250 Park Avenue
New York, NY 10177
Tel: 212 907 9715
wbarron@sgrlaw.com
www.sgrlaw.com


----- Original Message -----
From: Haffey, Cynthia J. [mailto:haffey@butzel.com]
Sent: Tuesday, November 01, 2011 07:37 PM
To: Beverly Braun, Esq. <bbraun@jaeckle.com>; Bruce Weiner
<rmnlaw@att.net>; Bryan R Walters, Esq. <brwalters@varnumlaw.com>;
chansen@bricker.com <chansen@bricker.com>; Christopher J. Lawhorn, Esq.
<cjlawhorn@bryancave.com>; Claude (Chip) Bowles, Esq. <crb@gdm.com>;
Colleen McManus, Esq. <CMcManus@machshelist.com>; Corey D. Grandmaison,
Esq. <corgra@bkf-law.com>; Courtney E. Barr, Esq. <charr@lockelord.com>;
Dan E. Bylenga <debyleng@rhoadesmckee.com>; David A. Rosenzweig, Esq.
<drosenzweig@fulbright.com>; David J. Jurkiewicz, Esq.
<djurkiewicz@boselaw.com>; Dennis M Haley, Esq. <dhaley@vinegarden-
law.com>; Carlson, Eric D. <carlson@millercanfield.com>; Douglas L. Lutz,
Esq. <dlutz@fbtlaw.com>; Douglas S. Skalka, Esq. <dskalka@npmlaw.com>;
Gilbert R. Saydah, Esq. <gsaydah@kelleydrye.com>; H Buswell Roberts, Esq.
<broberts@slk-law.com>; Ira Herman, Esq. <Ira.Herman@tklaw.com>; Jason V.
Stitt, Esq. <jstitt@kmklaw.com>; Jeffrey A. Wurst, Esq.
<jwurst@rmfpc.com>; John K McAndrew, Esq. <jmcandrew@woodsoviatt.com>;
John P. Persiani, Esq. <john.persiani@dinslaw.com>; Judy Calton, Esq.
<jcarlton@honigman.com>; J. Thomas <jthomas@hodgsonruss.com>; K Brent
Toner, Esq. <ktoner@goodwinprocter.com>; Kate M Bradley, Esq.
<kbradley@brouse.com>; Lawrence F. Morrison, Esq. <lfm@nsf-law.com>; Mark
Silverschotz <msilverschotz@reedsmith.com>; Max Huffman, Esq.
<rhuffman@shynlaw.com>; Melissa A. Pena, Esq. <mapena@nmmlaw.com>; Michael
R. O'Neal, Esq. <moneal@vnj.com>; Michael G. Cruse, Esq. <mcruse@vnj.com>;
Nathan A. Wheatley, Esq. <nwheatley@calfee.com>; P. Warren Hunt, Esq.
<jed@krwlaw.com>; Pat Howell, Esq. <phowell@vhdlaw.com>; Robert F. Brown,
Esq. <rbrown@rendigs.com>; Robert N. Michaelson, Esq.
<rnm@michaelsonlawfirm.com>; Rozanne M Giunta, Esq.
<rgiunta@lambertleser.com>; Stephen M Packman, Esq.
<spackman@archerlaw.com>; Susan M Cook, Esq. <scook@lambertleser.com>; T.
Allen Francis, Esq. <tfrancis@fletcherfealko.com>; Whitney L. Mosby, Esq.
<wmosby@binghammchale.com>; William R. Kohlhase, Esq.
<williamkohlhase@mktlaw.com>; Barron, William M
Cc: rdd.chambers@nysb.uscourts.gov <rdd.chambers@nysb.uscourts.gov>
Subject: FW DPH/Adversary Proceeding Procedures Order


Dear Counsel:

I am forwarding to you an email that I received this evening from Judge Drain. As you will note, Judge Drain's email is in response to the email that I copied you on last night and, which I later learned, did not transmit to the counsel group and was re-sent to you this morning. I assume that Judge Drain's email this evening similarly did transmit to you and, therefore, I am forwarding it on to you.

Sincerely,

Cynthia Haffey

-----Original Message-----
From judge_drain@nysb.uscourts.gov [mailto:judge_drain@nysb.uscourts.gov]
Sent: Tuesday, November 01, 2011 5:10 PM
To: Haffey, Cynthia J.
Cc: 'Carrie_Hardman@nysb.uscourts.gov'; DPH Defense Counsel;
rdd.chambers@nysb.uscourts.gov; Sendek, Bruce L.
Subject: Re: DPH/Adversary Proceeding Procedures Order

Dear Ms. Haffey:

If you have not had a steering committee response by the close of business Friday, please file the motion described in your letter by notice of presentment and provide that if there are any objections by the proposed presentment date the hearing will be on the next omnibus day.


From      "Haffey, Cynthia J." <haffey@butzel.com>
To:       "rdd.chambers@nysb.uscourts.gov"
              <rdd.chambers@nysb.uscourts.gov>
Cc:       "'Carrie_Hardman@nysb.uscourts.gov'"
              <Carrie_Hardman@nysb.uscourts.gov>, "Sendek, Bruce L."
              <sendek@butzel.com>, DPH Defense Counsel
              <IMCEAMAPIPDL-Unknown@butzel.com>
Date:     10/31/2011 06:21 PM
Subject:        DPH/Adversary Proceeding Procedures Order


Dear Judge Drain:

As a follow-up to the e-mail I sent to chambers a few moments ago, it has since come to my attention that the attached letter did not transmit. Accordingly, I am re-sending it here.

Regards,

Cynthia Haffey

**To comply with U.S. Treasury Regulations: This communication (including any**
**attachments) is not intended or written to be used, and cannot be used,**
**for the purpose of avoiding penalties under the tax laws of the United**
**States, or promoting, marketing or recommending to another party any**
**transaction or matter addressed in this communication (and any**
**attachment).**


**Confidentiality Statement:**

**This message (including any attachments) is intended only for the**
**individual or entity to which it is addressed. It may contain privileged,**
**confidential information that is exempt from disclosure under applicable**
**laws. If you are not the intended recipient, please note that you are**
**strictly prohibited from disseminating or distributing this information**
**(other than to the intended recipient) or copying this information. If you**
**have received this communication in error, please notify us immediately by**
**e-mail or by telephone at (313) 225-7000. To learn more about Butzel Long,**
**please visit our website at http://www.butzel.com(See attached file:**
**October 31 Letter.pdf)**

**From:** Barron, William M. [mailto:WBARRON@sgrlaw.com]
**Sent:** Monday, October 31, 2011 4:32 PM
**To:** Haffey, Cynthia J.
**Cc:** ira.herman@tklaw.com; Barron, William M.
**Subject:** RE: Counsel list

Cindy:

Thanks, just assuming, since our Heraeus clients don't want
or need one for our two cases. I'm not in touch with
everyone, but it seems that each defendant already has
its chosen lawyers and that you know who they are. I
haven't heard of anyone who says any of those clients wants
a steering committee or that there is anything in need of
steering by a additional group of lawyers.

Regards,

Bill

William M. Barron
Partner
wbarron@sgrlaw.com
212.907.9715 P
212.907.9815 F
Download V-Card >>
250 Park Avenue
Suite 1900
New York, NY 10177



click here >>    About SGR    Practices    Attorney Bio    News & Events    Contact Us

---

**From:** Haffey, Cynthia J. [mailto:haffey@butzel.com]
**Sent:** Monday, October 31, 2011 3:57 PM
**To:** Barron, William M.
**Cc:** Herman, Ira L.; Haffey, Cynthia J.
**Subject:** RE: Counsel list

Bill,

As you may recall, we informed Judge Drain that there were 57 remaining actions, but only 36 of those opposed the motion to amend (and only 30 asserted no notice). The attached list includes all defendant counsel, not merely the 36/30.  It is not clear from your email (when you say that you "don't...expect there to be [a steering committee]") whether you have talked with other opposing counsel and are affirmatively stating that there will not be a steering committee or whether you are just assuming that to be the case.  Please clarify.

Thanks,

Cindy

**From:** Barron, William M. [mailto:WBARRON@sgrlaw.com]
**Sent:** Monday, October 31, 2011 3:54 PM
**To:** Haffey, Cynthia J.
**Cc:** Herman, Ira L.; Barron, William M.
**Subject:** RE: Counsel list


`Thanks for the list, Cindy, though there seem to be a good`
`many more than the 36 you told us about in court last week.`
`But since I am not in touch with all the defendants, and`
`have no plan to be, you should send all of their`
`counsel your email. I do not recall a request from Judge`
`Drain for a steering committee, and you already know I`
`don't know of one or expect there to be one. In any event,`
`I look forward to the proposed order you said you will`
`circulate today, and will be in touch after I review it`
`with my clients.`

`Regards,`

`Bill`

---

**From:** Haffey, Cynthia J. [mailto:haffey@butzel.com]
**Sent:** Monday, October 31, 2011 3:14 PM
**To:** Barron, William M.; Herman, Ira L.
**Cc:** Haffey, Cynthia J.
**Subject:** Counsel list

Gentlemen,

Attached is a list of all remaining "active" cases and their counsel contact information.

As I stated to you earlier, the list of remaining cases was circulated to all parties on Oct 24th. In addition, counsel information had been circulated by defendants back in August and is also available by reviewing the ECF filing list. Therefore, the attached information was available to defendants and did not require plaintiff to provide this information. However, because we had to put together an updated list, and because I learned from Mr. Barron that the defendants still had not done so (at least not to his knowledge), I asked my assistant to put it into a format that I could circulate to the defense counsel steering committee. Since we have yet to be advised of the identity of the member or members of the defense "steering committee", I am sending it to you and ask that you please provide it to the appropriate individual(s). I also request, consistent with Judge Drain's request, that the defendants identify a steering committee so that we can have a productive discussion this week regarding the proposed procedures order.

Cindy

# EXHIBIT E

# BUTZEL LONG
ATTORNEYS AND COUNSELORS

*a professional corporation*

**Cynthia J. Haffey**
**313 983 7434**
haffey@butzel.com

Suite 100   150 West Jefferson
Detroit, Michigan 48226
**T:** 313 225 7000  **F:** 313 225 7080
**butzel.com**

*Via email/pdf to rdd.chamber@nysb.uscourts.gov*

October 31, 2011

The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      **Re:**     ***DPH Holdings Corp. re: Adversary Proceeding Procedures Order***

Dear Judge Drain:

      At the October 24, 2011 hearing the Court directed the Reorganized Debtors to prepare a proposed procedures order and, by Monday, October 31, 2011, confer with a steering committee for the defendants. We have prepared the proposed procedures order and reached out to certain of the defense counsel that appeared at the hearing and requested that they identify a spokesperson or steering committee, as suggested by the Court, to discuss its terms. We have been informed that the defendants have not appointed representatives. At present, given the number of defendants we have no practical means of discussing the order and reaching an agreement.

      Our hope is that this letter prompts defendants to respond by forming a steering committee with whom we are ready to discuss the proposed order. Alternatively, if no committee is formed, the Reorganized Debtors will, unless otherwise directed by the Court, file a motion for entry of the proposed order and notice it for hearing.

             Sincerely,

*Cynthia J. Haffey*

             Cynthia J. Haffey

cc:  Counsel for each preference defendant

Ann Arbor    Bloomfield Hills    Detroit    Lansing    New York    Washington D.C.

*Alliance Offices*    Beijing    Shanghai    Mexico City    Monterrey    *Member Lex Mundi*    www.butzel.com

# EXHIBIT F

-----Original Message-----
From: judge_drain@nysb.uscourts.gov [mailto:judge_drain@nysb.uscourts.gov]
Sent: Tuesday, November 01, 2011 5:10 PM
To: Haffey, Cynthia J.
Cc: 'Carrie_Hardman@nysb.uscourts.gov'; DPH Defense Counsel;
rdd.chambers@nysb.uscourts.gov; Sendek, Bruce L.
Subject: Re: DPH/Adversary Proceeding Procedures Order

Dear Ms. Haffey:

If you have not had a steering committee response by the close of business Friday,
please file the motion described in your letter by notice of presentment and provide that
if there are any objections by the proposed presentment date the hearing will be on the
next omnibus day.

From:  "Haffey, Cynthia J." <haffey@butzel.com>
To:    "rdd.chambers@nysb.uscourts.gov"
       <rdd.chambers@nysb.uscourts.gov>
Cc:    "'Carrie_Hardman@nysb.uscourts.gov'"
       <Carrie_Hardman@nysb.uscourts.gov>, "Sendek, Bruce L."
       <sendek@butzel.com>, DPH Defense Counsel
       <IMCEAMAPIPDL-Unknown@butzel.com>
Date:  10/31/2011 06:21 PM
Subject:     DPH/Adversary Proceeding Procedures Order

Dear Judge Drain:

As a follow-up to the e-mail I sent to chambers a few moments ago, it has since come to
my attention that the attached letter did not transmit.
Accordingly, I am re-sending it here.

Regards,

Cynthia Haffey

To comply with U.S. Treasury Regulations: This communication (including any
attachments) is not intended or written to be used, and cannot be used, for the purpose
of avoiding penalties under the tax laws of the United States, or promoting, marketing or

recommending to another party any transaction or matter addressed in this communication (and any attachment).


Confidentiality Statement:

This message (including any attachments) is intended only for the individual or entity to which it is addressed. It may contain privileged, confidential information that is exempt from disclosure under applicable laws. If you are not the intended recipient, please note that you are strictly prohibited from disseminating or distributing this information (other than to the intended recipient) or copying this information. If you have received this communication in error, please notify us immediately by e-mail or by telephone at (313) 225-7000. To learn more about Butzel Long, please visit our website at http://www.butzel.com(See attached file:
October 31 Letter.pdf)

# EXHIBIT G

# THOMPSON & KNIGHT LLP

ATTORNEYS AND COUNSELORS

DIRECT DIAL: (212) 751-3045
EMAIL: Ira.Herman@tklaw.com

900 THIRD AVENUE
20TH FLOOR
NEW YORK, NEW YORK 10022-4883
(212) 751-3001
FAX (212) 751-3113
www.tklaw.com

AUSTIN
DALLAS
DETROIT
FORT WORTH
HOUSTON
NEW YORK

ALGIERS
LONDON
MEXICO CITY
MONTERREY
PARIS

November 4, 2011

VIA EMAIL

The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: DPH Holdings Corp.

Dear Judge Drain:

Yesterday, counsel for several of the individual defendants in the adversary proceedings brought by DPH Holdings Corp. (the "Remaining Adversary Proceedings") met telephonically to discuss issues relating to these cases, and specifically the refusal of counsel for DPH Holdings Corp. ("Butzel") to circulate the draft procedures order referenced in her letter to the Court, dated October 31, 2011. As only some of the defendants in the Remaining Adversary Proceedings were on the call yesterday, the group on the phone determined they could speak for themselves, but neither speak nor act for those defendants who were not represented on the call. We have been asked by counsel who participated on the call to write to the court regarding these matters.

In the first instance, the attorneys who participated in the call are concerned that their individual clients are being unduly prejudiced by the refusal of Butzel to circulate the form of order it has drafted despite numerous requests that it do so. Nothing this Court has said suggests that Butzel has been authorized to "hide the ball," until such time as the defendants in the Remaining Adversary Proceedings organize themselves to Butzel's liking.

In contrast, counsel who participated in the conference call yesterday have authorized us to advise the Court that such counsel will undertake to coordinate their comments to the draft order prepared by Butzel, once counsel have been afforded the opportunity to review the proposed draft with their respective clients.

Finally, counsel who participated in the call yesterday urge the Court to direct Butzel (a) to deliver immediately the form of proposed order to counsel for the defendants in the

November 4, 2011
Page 2

Remaining Adversary Proceedings for review, and (b) work with the counsel for the
defendants in the Remaining Adversary Proceedings to resolve disagreements that may
arise with respect to such draft.

Thank you for your consideration.

Respectfully,

Ira L. Herman

cc:     Cynthia J. Haffey
        Counsel for certain preference defendants

# EXHIBIT H

# BUTZEL LONG
**ATTORNEYS AND COUNSELORS**

*a professional corporation*

**Cynthia J. Haffey**
313 983 7434
haffey@butzel.com

Suite 100   150 West Jefferson
Detroit, Michigan 48226
T: 313 225 7000  F: 313 225 7080
**butzel.com**

November 4, 2011

*Via E-Mail to rdd.chambers@nysb.uscourts.gov*

The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

### *Re: DPH Holdings Corp./Procedures Regarding Adversary Proceedings*

Dear Judge Drain:

Over the past two weeks, we have encouraged the defendants to appoint a committee or spokesperson to negotiate with the Reorganized Debtors regarding a procedures order. We received no indication that the defendants were prepared to deal with the Reorganized Debtors on an organized basis, and Mr. Herman's letter of today confirms that the defendants are not yet in a position to do so. Accordingly, consistent with the Court's direction in its November 1, 2011 e-mail, the Reorganized Debtors will file their proposed procedures motion today and will set a hearing date for December 21, 2011. The time between now and the hearing will afford the parties ample opportunity to work toward a resolution.

We thank the Court for its consideration.

Respectfully submitted,

*Cynthia J. Haffey / w/authority
( C P 700 (2)*

Cynthia J. Haffey

cc:  Counsel for each preference defendant

05-44481-rdd   Doc 21765-1   Filed 12/4/11   Entered 12/4/11 22:38:43   Exh. F -
Pg 9 of 22

# EXHIBIT I

-----Original Message-----
From: JStitt@KMKLAW.com [mailto:JStitt@KMKLAW.com]
Sent: Monday, October 31, 2011 4:06 PM
To: Haffey, Cynthia J.
Subject: FW: Counsel list

 Here is every one to whom the list was forwarded.

-----Original Message-----
From: VBARRON@sgrlaw.com [mailto:VBARRON@sgrlaw.com]
Sent: Monday, October 31, 2011 3:45 PM
To: JLutz@fbtlaw.com, rmn@michaelsonlawfirm.com, MROZEA@rnfpc.com, cjlawhorn@BryanCave.com, ckduhn@BryanCave.com, Stitt, Jason V.; LBaker@fbtlaw.com, jdering@archerlaw.com, jkulback@archerlaw.com, scook@lambertleser.com, rgiunta@lambertleser.com, abruski@lambertleser.com, sjerome@swlaw.com, devon.merling@dinslaw.com, jsullivan@mosessinger.com, JGansberg@mchshelist.com, devon.merling@dinsmore.com, dvbarron@gmail.com, MSilverschotz@ReedSmith.com, jwurst@rnfpc.com, ira.herman@tklaw.com, SJacob@lockelord.com, RBARAB@sgrlaw.com
Cc: VBARRON@sgrlaw.com


***************************************************
Jason V. Stitt
Keating Muething & Klekamp PLL
One East Fourth Street
Suite 1400
Cincinnati, OH 45202
Tel: 513-639-3964
Fax: 513-579-6457
Internet Address: jstitt@kmklaw.com
Website: www.kmklaw.com


IRS Circular 230 Disclosure:  To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

| Case No. | Defendant | Counsel |
|----------|-----------|---------|
| 07-02259 | BLAIR STRIP STEEL CO | James M. Lawniczak, Esq.<br>**Nathan A. Wheatley, Esq.**<br>Tiiara N. A. Patton, Esq.<br>Jean Robertson, Esq.<br>Calfee, Halter & Griswold LLP<br>KeyBank Center, Ste. 1400<br>800 Superior Avenue<br>Cleveland, OH 44114<br>216.622.8200<br>216.241.0816<br>jlawniczak@calfee.com<br>nwheatley@calfee.com<br>tpatton@calfee.com<br>jrobertson@calfee.com |
| 07-02270 | **Castrol, Unifrax - ONLY** | Castrol, BP Amoco, BP North America:<br>**James S. Carr, Esq.**<br>**Gilbert R. Saydah, Esq.**<br>Kelly, Drye & Warren LLP<br>101 Park Avenue<br>New York, NY 10178<br>212.808.7100<br>212.808.7897 Fax<br>jcarr@kelleydrye.com<br>gsaydah@kelleydrye.com<br>Unifrax:<br>Julia S. Kreher, Esq.<br>Michael E. Reyen, Esq.<br>Deborah J. Piazza, Esq.<br>**Hodgson Russ LLP**<br>The Guaranty Building<br>140 Pearl Street, Ste. 100<br>Buffalo, NY 14202-4040<br>716.856.4000<br>716.849.0349<br>jkreher@hodgsonruss.com<br>dpiazza@hodgsonruss.com |
| 07-02284 | CAMPBELL MARSHALL E CO | **T. Allen Francis, Esq.**<br>Fletcher Fealko Shoudy & Francis, P.C.<br>522 Michigan St.<br>Port Huron, MI 48060<br>810.987.8444<br>tfrancis@fletcherfealko.com |

| 07-02288 | CARETOOLS | Jeffrey Vanacore, Esq.<br>Aram Ordubegian, Esq.<br>Arent Fox LLP<br>555 West Fifth Street, 48th FL.<br>Los Angeles, CA 90013<br>213.629.7400<br>ordubegian.aram@arentfox.com |
|---|---|---|
| 07-02217 | D & S MACHINE PRODUCTS INC | **Michael B. O'Neal, Esq.**<br>Michael G. Cruse, Esq.<br>Warner, Norcross & Judd LLP<br>900 Fifth Third Center<br>111 Lyon Street, N.W.<br>Grand Rapids, MI 49503-2487<br>moneal@wnj.com<br>mcruse@wnj.com |
| 07-02098 | DECATUR PLASTIC PRODUCTS INC | David J. Jurkiewicz, Esq.<br>Bose McKinney & Evans LLP<br>111 Monument Circle, Ste. 2700<br>Indianapolis, Indiana 46204<br>317.684.5364<br>317.223.0262 Fax<br>DJurkiewicz@boselaw.com |
| 07-02214 | DOVE EQUIPMENT CO INC | **William R. Kohlhase, Esq.**<br>Miller, Hall & Triggs<br>416 Main Street, Ste. 1125<br>Peoria, IL 61602-1161<br>309.671.9699, ext. 147<br>william.kohlhase@mhtlaw.com<br>Co-Counsel:<br>Melissa A. Pena, Esq.<br>Norris, McLaughlin & Marcus, PA<br>875 Third Ave., 8th Fl.<br>New York, NY 10022<br>mapena@nmmlaw.com |
| 07-02234 | DR. SCHNEIDER | **Donald J. Hutchinson, Esq.**<br>Susan J. Robbins, Esq.<br>Miller, Canfield, Paddock and Stone, P.L.C.<br>150 W. Jefferson Ave., Ste. 2500<br>Detroit, MI 48226<br>313.963.6420<br>313.496.8450 Fax<br>hutchinson@millercanfield.com |
| 07-02236 | DSSI LLC | **Claude (Chip) Bowles, Esq.**<br>Greenbaum, Doll, & McDonald PLLC<br>3500 National City Tower<br>101 South Fifth Street<br>Louisville, KY 40202<br>502-587-3746<br>crb@gdm.com |

| 07-02272 | Elkart Products | **David A. Rosenzweig, Esq.**<br>FULBRIGHT & JAWORSKI L.L.P.<br>666 Fifth Avenue<br>New York, New York 10103<br>212. 318.3000<br>212. 318.3400<br>drosenzweig@fulbright.com |
|----------|-----------------|-----------------------------------|
| 07-02309 | EQUIS CORPORATION | **Jason V. Stitt, Esq.**<br>Keating Muething & Klekamp PLL<br>The Prudential Tower<br>800 Boylston Street<br>Boston, MA 02199<br>513.639.3964<br>513.579.6457 Fax<br>jstitt@kmklaw.com |
| 07-02258 | FERNANDEZ RACING LLC | **Lawrence F. Morrison, Esq.**<br>Meister Seeling & Fein LLP<br>140 East 45th Street, 19th Fl.<br>New York, NY 10017<br>212.655.3500<br>212.655-3535 Fax<br>lfm@msf-law.com |
| 07-02302 | FLORIDA PRODUCTION ENGINEERING INC | **John B. Persiani, Esq.**<br>Dinsmore & Shohl LLP<br>2555 E. 5th St., Ste. 1900<br>Cincinnati, OH 45202<br>513.977.8371<br>513.977.8141 Fax<br>john.persiani@dinslaw.com |
| 07-02312 | FLUENT INC | **K. Brent Tomer, Esq.**<br>Goodwin Procter LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY<br>10018-1405<br>T: 212-813-8862<br>F: 212-355-3333<br>ktomer@goodwinprocter.com |
| 07-02333 | GLOBE MOTORS INC | **Colleen McManus, Esq.**<br>Much Shelist Denenberg Ament and Rubenstein, P.C.<br>191 North Wacker Drive, Ste. 1800<br>Chicago, IL 60606<br>313.521.2695<br>312.521.2595 Fax<br>CMcManus@muchshelist.com |

| 07-02442 07-02445 | HERAEUS METALS PROCESSING HERAEUS PRECIOUS METALS | **William M. Barron, Esq.** Beth Kibel, Esq. Smith, Gambrell & Russell, LLP 250 Park Avenue, Ste. 1900 New York, NY 10177 212.907.9700 212.907.9800 wbarron@sgrlaw.com bkibel@sgrlaw.com |
|---|---|---|
| 07-02475 | HSS LLC | **Dennis M. Haley, Esq.** Winegarden, Haley, Lindholm & Robertson, P.L.C. G-9460 S. Saginaw Street, Ste. A Grand Blanc, MI 48439 810.579.3600 810.597.1748 Fax dhaley@winegarden-law.com |
| 07-02322 | JAMESTOWN CONTAINER | **Beverly Braun, Esq.** Jaeckle Fleischmann & Mugel, LLP 12 Fountain Plaza Buffalo, NY 14202-2292 716.843.3900 fax: 716.856.0432 bbraun@jaeckle.com |
| 07-02720 | LANEKO ENGINEERING CO & WACHOVIA BANK | Derek J. Baker, Esq. **Mark Sliverschotz** Reed Smith LLP 2500 One Liberty Place Philadelphia, PA 19103 215.851.8148 215.851.1420 Fax dbaker@reedsmith.com msilverschotz@reedsmith.com **Attorney for Wachovia ONLY** |
| 07-02758 | MAGNESIUM ELECTRON INC | **Stephen M. Packman, Esq.** Archer & Greiner, P.C. 2 Penn Plaza, Suite 1500 New York, NY 10121 212.292.4988 212.629.4568 Fax spackman@archerlaw.com |
| 07-02416 | MERRILL TOOL & MACHINE | **Corey D. Grandmaison, Esq.** Braun Kendrick Finkbeiner, PLC 4301 Fashion Square Boulevard Saginaw, Min 48603 989.498.2256 989.799.4666 Fax corgra@bkf-law.com |

| 07-02432 | METHODE ELECTRONICS INC | Timothy S. McFadden, Esq.<br>**Courtney E. Barr, Esq.**<br>Ann Marie Walshk, Esq.<br>Locke Lord Bissell & Liddell LLP<br>111 South Wacker Drive<br>Chicago, IL 60606<br>312.443.0700<br>312.443.0336 Fax<br>tmcfadden@lockelord.com |
|----------|-------------------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 07-02477 | MONROE INC | **Robert D. Wolford, Esq.**<br>Miller Johnson<br>250 Monroe Avenue NW, Suite 800<br>Grand Rapids, MI 49501-0306<br>616.831.1726<br>616.988.1726 fax<br>wolfordr@millerjohnson.com |
| 07-02489 | Mubea | **Michael G. Cruse, Esq.**<br>Anissa C. Hudy, Esq.<br>Warner, Norcross & Judd LLP<br>12900 Hall Rd., Ste.440<br>Sterling Heights, MI 48313<br>248.784.5199<br>mcruse@wnj.com<br>ahudy@wnj.com |
| 07-02527 | ND AMC LLC | **Dan E. Bylenga**<br>Rhoades McKee PC<br>161 Ottawa NW, Suite 600<br>Grand Rapids, MI 49503<br>616.233.5161<br>616.233.5269<br>debyleng@rhoadesmckee.com |
| 07-02540 | OWENS CORNING | **H. Buswell Roberts, Esq.**<br>Shumaker, Loop & Kendrick, LLP<br>2001 South Main Street<br>Unit 206-A<br>Blacksburg, Virginia 24060<br>419.241.9000 Main<br>540.951.8320 Direct<br>419.344.1093 Cell<br>540.951.8357 Fax<br>broberts@slk-law.com |
| 07-02562 | PARK ENTERPRISES | **John K. McAndrew, Esq.**<br>700 Crossroads Building<br>2 State Street<br>Rochester, NY 14614<br>585.987.2800<br>mcandrew@woodsoviatt.com |

05-44481-rdd    Doc 21765-1    Filed 12/4/11    Entered 12/4/11 23:36:10    Reply -
Pg 68 of 74

| 07-02563 | PARK OHIO INDUSTRIES | James M. Lawniczak, Esq.<br>**Nathan A. Wheatley, Esq.**<br>Tiiara N. A. Patton, Esq.<br>Calfee, Halter & Griswold LLP<br>KeyBank Center, Ste. 1400<br>800 Superior Avenue<br>Cleveland, OH 44114<br>216.622.8200<br>216.241.0816<br>jlawniczak@calfee.com<br>nwheatley@calfee.com<br>tpatton@calfee.com |
|---|---|---|
| 07-02572 | PBR COLUMBIA LLC | **Michael B. O'Neal, Esq.**<br>Warner Norcross & Judd LLP<br>900 Fifth Third Center<br>111 Lyon Street, N.W.<br>Grand Rapids, MI 49503-2487<br>616.752.2413<br>moneal@wnj.com |
| 07-02580 | NXP - PHILIPS SEMICONDUCTOR | **Robert N. Michaelson, Esq.**<br>The Michaelson Law Firm<br>11 Broadway, Ste. 615<br>New York, New York 10004<br>212.604.0685<br>800.364.1291 Fax<br>robert.michaelson@klgates.com |
| 07-02339 | POLAR OIL | **Chad Hansen, Esq.**<br>Taft Stettinius & Hollister, LLP<br>110 North Main St., Suite 900<br>Dayton, OH 45402-1786<br>hansen@taftlaw.com |
| 07-02358 | PONTIAC COIL INC | James E. DeLne, Esq.<br>**P. Warren Hunt, Esq.**<br>Kerr, Russell and Weber, PLC<br>500 Woodward Avenue, Ste. 2500<br>Detroit, MI 48226<br>313.961-0200<br>jed@krwlaw.com |
| 07-02690 | PRO TECH MACHINE | **Susan M. Cook, Esq.**<br>Lambert, Leser, Isackson, Cook & Giunta, P.C.<br>916 Washington Ave., Ste. 309<br>Bay City, MI 48708<br>989.893.3518<br>scook@lambertleser.com |

| 07-02804 | PRODUCT ACTION INT'L. INC. | **Whitney L. Mosby, Esq.**<br>Bingham McHale, LLP<br>10 West Market St., #2700<br>Indianapolis, IN 46204<br>317.968.5407<br>317.236.9907 Fax<br>wmosby@binghammchale.com |
|---|---|---|
| 07-02744<br>07-02742 | REPUBLIC ENGINEERED PRODUCTS | **Douglas L. Lutz, Esq.**<br>Lindsay F. Baker, Esq.<br>Frost Brown Todd LLC"<br>2200 PNC Center<br>201 East Fifth Street<br>Cincinnati, OH 45202<br>513.651.6724<br>513.315.3462 Cell<br>dlutz@fbtlaw.com<br>myarbrough@fbtlaw.com |
| 07-02767 | ROTOR COATERS INTERNATIONAL | **Judy Carlton, Esq**.<br>Honigman Miller Schwartz and Cohn LLP<br>660 Woodward Ave.<br>2290 First National Building<br>Detroit, MI 48226-3506<br>313.465.7560<br>313.465.7561 Fax<br>248.891.3017 Cell<br>jcarlton@honigman.com |
| 07-02639 | SPARTECH POLYCOM | **Christopher J. Lawhorn,** Esq.<br>Bryan Cave LLP<br>211 North Broadway<br>St. Louis, Missouri 63102<br>314.259-2151<br>314.259-2020 fax<br>cjlawhorn@bryancave.com |
| 07-02649 | STAPLA ULTRASONICS CORP | **Pat Howell, Esq.**<br>Whyte Hirschboeck Dudek S.C.<br>555 E. Wells St.<br>Milwaukee, WI 53202-3835<br>phowell@whdlaw.com |
| 07-02650 | STARBROOK INDUSTRIES INC | **Max Huffman, Esq**.<br>Spilter, Huffman & Newlove, LLP<br>932 Dixie Hwy.<br>Rossford, OH 43460<br>419.666.7130<br>419.344.6499 Cell<br>rhuffman@shynlaw.com |

| 07-02652 | STEERE ENTERPRISES INC | Kate M. Bradley, Esq.<br>Brouse McDowell, LPA<br>388 S. Main Street, Ste. 500<br>Akron, OH 44311-4407<br>330.535.5711<br>330.253.8601<br>kbradley@brouse.com |
|---|---|---|
| 07-02654 | STEPHENSON & SONS ROOFING | Rozanne M. Giunta, Esq.<br>Lambert, Leser, Isackson, Cook, & Giunta, P.C.<br>916 Washington Ave., Ste. 309<br>Bay City, MI 48708<br>989.893.3518<br>rgiunta@lambertleser.com |
| 07-02661 | SUMMIT POLYMERS INC | Bryan R. Walters, Esq.<br>Varnum LLP<br>Bridgewater Place, PO Box 352<br>Grand Rapids, MI 49501-0352<br>616.336.6000<br>brwalters@varnumlaw.com |
| 07-02668 | TATA AMERICA INTNL CORP | James S. Carr, Esq.<br>Jordan A. Bergman, Esq.<br>Gilbert R. Saydah, Esq.<br>Kelly, Drye & Warren LLP<br>101 Park Avenue<br>New York, NY 10178<br>212.808.7100<br>212.808.7897 Fax<br>jcarr@kelleydrye.com<br>jbergman@kelleydrye.com<br>gsaydah@kelleydrye.com |
| 07-02523 | UVA MACHINE COMPANY | Robert F. Brown, Esq.<br>Rendigs, Fry, Kiely & Dennis, LLP<br>One West Fourth Street, Ste. 900<br>Cincinnati, OH 45202<br>513.381.9200<br>513.381.9206 Fax<br>rbrown@rendigs.com |
| 07-02551 | VICTORY PACKAGING | Ira Herman, Esq.<br>Jennifer Christian, Esq.<br>Gabrielle Farina, Esq.<br>Thompson & Knight LLP<br>900 Third Avenue, 20th Floor<br>New York, NY 10022-4728<br>212.751.3001<br>212.751.3113 (fax)<br>Ira.Herman@tklaw.com<br>jennifer.christian@tklaw.com<br>gabrielle.farina@tklaw.com |

| | | |
|---|---|---|
| 07-02597 | WELLS FARGO BUSINESS | Jeffrey A. Wurst, Esq.<br>1425 RXR Plaza<br>East Tower 15th Floor<br>Uniondale, NY 11556-1425<br>516.663.6600<br>jwurst@rmfpc.com |
| 07-02602 | WESTWOOD ASSOCIATES INC | Douglas S. Skalka, Esq.<br>Louis J. Testa, Esq.<br>Neubert, Pepe & Monteith, P.C.<br>195 Church Street<br>New Haven, CT 06510<br>203.821.2000<br>203.821.2008 Fax<br>dskalka@npmlaw.com<br>ltesta@npmlaw.com |
| 07-02374 | HAGUE WM CO | Bruce Weiner<br>Rosenberg, Musso, & Weiner LLP<br>26 Court St.<br>Brooklyn, NY 11242<br>718.855.6840<br>rmwlaw@att.net |
| 07-02606 | WILLIAMS ADVANCED MATERIALS EF | Nathan A. Wheatley, Esq.<br>Calfee, Halter & Griswold, LLP<br>800 Superior Avenue<br>Cleveland, OH 44114-2688<br>nwheatley@calfee.com |

05-44481-rdd   Doc 21645-2   Filed 2/4/11   Entered 2/4/11 22:58:43   Exhs. F -
J   Pg 22 of 74

# EXHIBIT J

**From:** Haffey, Cynthia J.
**Sent:** Thursday, December 01, 2011 10:18 AM
**To:** Herman, Ira L.
**Cc:** Christian, Jennifer A.
**Subject:** RE: Delphi - Procedures Order Proposal

Ira,

Please identify the "group of the defendants" that "worked together" to produce the draft.

Thanks,

Cindy

**From:** Herman, Ira L. [mailto:Ira.Herman@tklaw.com]
**Sent:** Wednesday, November 30, 2011 11:32 PM
**To:** Haffey, Cynthia J.
**Cc:** Christian, Jennifer A.
**Subject:** Delphi - Procedures Order Proposal

Cindy:

A group of the defendants with active preference cases have worked together to produce the attached draft scheduling order with respect to the Rule 15 litigation. The group took the draft order proposed by the Debtors, converted it from a .pdf document to a Word document and revised that proposed order to produce the attached draft. We leave it to you to run any comparisons you wish to run, since we cannot say with certainty that the conversion of the order proposed by the Debtors' from a .pdf document to a Word document produced an exact duplicate of the Debtors' form of proposed order.

The attached draft remedies many problems the group has with the draft order proposed by the Debtors. The attached draft constitutes an attempt to address procedures relating only to the Rule 15 Motions and defaults, as nothing else presently is before the Court. This draft provides, in part, for [a] a fundamentally fair process, [b] clarity with regard to the process and what the parties should expect with regard to this litigation, [c] a means to minimize litigation costs and the unnecessary expenditure of judicial resources, and [d] the preliminary disclosure of facts that lie at the heart of the prejudice and other arguments that may be asserted in the context of the Rule 15 Motions, the disclosure of which may provide information to the parties that may result in the settlement of cases in lieu of continued litigation.

What the attached draft does not do is address matters not presently before the court with respect to defendants who have opposed Rule 15 relief. Our group is of a singular view that it is premature and unduly prejudicial to the defendants

who have opposed Rule 15 relief to ask the Court at this time to rule on procedural matters that go beyond the hearing on the Rule 15 motions.

We are attempting to have as many of the defendants who have opposed Rule 15 relief as is possible "sign on" to the attached draft, but are hamstrung by our inability to identify the actual list of "live" cases (the list attached to your 10/31/11 e-mail seems to be over inclusive) where there has been opposition to Rule 15 relief. We will let you know which defendants have "signed on" regarding the attached draft as soon as possible.

Please let us know if you wish to discuss the attached draft as the basis for the entry of a consensual procedures order with regard to the Rule 15 litigation, We are amenable to scheduling a "meet and confer" for a time that works for all of us. Although when we spoke yesterday, I thought I would be able to provide you with the attached draft yesterday, that "eta" for delivery of the document turned out to be overly optimistic

Nothing in this communication constitutes a waiver of any rights or remedies of Victory Packaging, all of which expressly are reserved.

Regards.

ILH

Ira L. Herman
Partner-Bankruptcy & Creditors' Rights
Thompson & Knight LLP
900 Third Avenue
New York, New York 10022
Tel. 212.751.3045
Fax 214.999.9139
Cell 914.629.4221
ira.herman@tklaw.com
http://www.tklaw.com