# EXHIBIT 6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                             :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                       Debtors.     :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FINAL ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), 1108, AND 1114(d) (I)
CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POST-
RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-
RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED
EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES AND (II)
AMENDING SCOPE AND ESTABLISHING DEADLINE FOR
<u>COMPLETION OF RETIREES' COMMITTEE'S RESPONSIBILITIES</u>

(" FINAL OPEB TERMINATION ORDER")

Upon the motion, dated February 4, 2009 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order confirming the Debtors' authority (or alternatively, authorizing, but not directing, the Debtors) to terminate, as soon as practicable after March 31, 2009, Salaried OPEB,[1] which termination, <u>inter</u> <u>alia</u>, consists of: (a) eliminating eligibility for employer-paid post-retirement health care benefits for all current and future active salaried employees; (b) ceasing to make Company contributions to provide post-retirement health care for current and future salaried retirees and their surviving spouses; (c) canceling all Retirees' Health Reimbursement Accounts for Medicare-eligible salaried retirees and their surviving spouses; (d)

---

[1]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion. "Salaried OPEB" means the Debtors' current and future costs associated with providing post-retirement health and life insurance benefits to salaried retirees and their surviving spouses.

terminating the Medicare Part B special benefit for current and future salaried retirees and their surviving spouses; (e) ceasing to provide the 1% employer contribution to the Salaried Retirement Savings Plan for those active salaried employees hired on or after January 1, 1993 and on or prior to December 31, 2000; (f) eliminating eligibility for employer-paid post-retirement basic life insurance benefits for all current and future active salaried employees; and (g) ceasing to make Company contributions to provide post-retirement basic life insurance benefits for current and future salaried retirees; and the Court having held a hearing on the Motion, the objections thereto as reflected in the Revised Proposed Omnibus Hearing Agenda (Docket No. 16326), and the cross-motions for the appointment of a committee of retired employees (Docket Nos. 14882, 14886, and 15283) on February 24, 2009 (the "Hearing"); and upon the record of the Hearing (including the testimony of witnesses examined and exhibits admitted into evidence at the Hearing); and after due deliberation thereon; and good and sufficient cause appearing therefor; and based on the bench opinion of the Court read into the record at the Hearing (as subsequently modified by the Court at Docket No. 16443), the Court having entered its Provisional Salaried OPEB Termination Order (Docket No. 16380); and the United States Trustee having appointed a Retirees' Committee on February 26, 2009 (Docket No. 16384) pursuant to and subject to the limitations of the Provisional Salaried OPEB Termination Order; and the Court having considered certain pleadings filed by the Retirees' Committee at Docket Nos. 16430 and 16431, the response by the Debtors at Docket No. 16446, and the responses and statements filed by certain other parties at Docket Nos. 16444 and 16445; and upon the record of the Final Hearing (including certain further exhibits admitted into evidence at the Final Hearing); and after due deliberation thereon; and good and sufficient cause appearing therefore; and based on the supplemental bench opinion of the Court read into the record at the Hearing;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT THE PROVISIONAL SALARIED OPEB TERMINATION ORDER IS SUPPLEMENTED AS FOLLOWS:

1. The Debtors have made a substantial showing that none of the Salaried OPEB benefits have vested with regard to any Eligible Salaried Retiree group hereof.  The Retirees' Committee has not presented any competent evidence to establish, consistent with the Court's prior bench ruling and applicable law, that Salaried OPEB benefits have vested with respect to any Eligible Salaried Retiree or group thereof.

2. The Debtors' Salaried OPEB benefits have not vested and the Debtors have reserved the right to modify or terminate Salaried OPEB benefits.

3. The Debtors are authorized, but not directed, to terminate Salaried OPEB benefits as provided in the Motion.

4. The Debtors shall continue to provide benefits for claims incurred by each Eligible Salaried Employee through the cessation date of such retiree's participation in the applicable welfare plan, <u>provided</u> that such retiree has timely paid all requisite contributions for the applicable plan, and <u>provided</u> <u>further</u> that such retirees shall not be required to file proofs of claim in this Court to implement the terms of this decretal paragraph.

5. The Debtors are authorized and directed to make provisions for, and contingent upon the occurrence of a triggering event under 29 U.S.C. §§ 1341 or 1342 implement, a Voluntary Employees' Beneficiary Association ("VEBA") under 26 U.S.C. § 501(c)(9) for the purpose of qualifying covered employees who have retired or will retire for the tax credit available through 26 U.S.C. § 35(e)(1)(K) as amended by § 1899G of the American Recovery And Reinvestment Act Of 2009 (PL 111-5, February 17, 2009, 123 Stat 115); <u>provided</u>, however,

that (a) the Debtors shall have no obligation to fund or contribute to any such VEBA in any respect and such funding or contributions will come solely from participants in the VEBA and (b) the Debtors shall be required to maintain such VEBA only through the later of the month ending prior to January 1, 2011 or such later date as may be established under the provisions of 26 U.S.C. 35(e)(1)(K) (or any substantially similar provision in the Internal Revenue Code providing an applicable health care tax credit) as the same may be amended from time to time.

6.   Notwithstanding the establishment of any VEBA pursuant to this Order, the Debtors shall maintain flexibility to implement changes to the VEBA on terms and conditions determined by the Company.

7.   The Debtors are authorized and directed to mail a follow-up notice to all Eligible Salaried Retirees who do not elect continuation of coverage prior to March 28, 2009 explaining the consequences of such election and offering a second and final chance for such individuals to elect, on or prior to April 15, 2009, continuation of coverage, in which case such coverage shall be reinstated retroactively to April 1, 2009 upon payment of the applicable full cost by the individual retiree.

8.   The responsibilities of the Retirees' Committee previously appointed pursuant to the Court's direction for the limited purposes set forth in the Provisional Salaried OPEB Termination Order have been satisfied and discharged.  However, in the interests of justice, the Court will continue the existence of the Retirees' Committee through the later of (a) the consideration by this or any court of competent appellate jurisdiction of any motions to stay the implementation of the Provisional Salaried OPEB Termination Order or this Order and (b) the date on which the Debtors implement the termination actions set forth in this Order.  The Court hereby prospectively amends and limits the scope of the authority of the Retirees' Committee to:

(a) participating in any hearing to stay the implementation of the Provisional Salaried OPEB Termination Order or this Order and (b) meeting and conferring with the Debtors and negotiating any agreements that are mutually agreeable to the Debtors and the Retirees' Committee regarding the terms and conditions pursuant to which the Debtors implement the authority granted herein according to which the Retirees' Committee would settle and waive any and all appeals with respect to the Provisional Salaried OPEB Termination Order or this Order.  The Debtors remain authorized to reimburse the reasonable and documented costs and expenses of the legal counsel retained by the Retirees' Committee in an amount not to exceed $200,000 without further order of this Court.  Nothing in the Provisional Salaried OPEB Termination Order or this Order shall trigger any of the statutory provisions of section 1114 of the Bankruptcy Code (other than the Court's continued exercise of its discretionary authority under section 1114(d) of the Bankruptcy Code).

9.    The Court shall retain jurisdiction to (a) hear and determine all matters arising from the implementation of this Order, and (b) enter any further orders necessary to implement the provisions of this order.

Dated:    March 11, 2009
          New York, New York

                                        /s/ Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE