# EXHIBIT 8

Neil A. Goteiner (NG 1644)
Dean M. Gloster, *Pro Hac Vice* (pending)
Kelly A. Woodruff, *Pro Hac Vice* (pending)
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

– and –

Trent P. Cornell, *Pro Hac Vice* (pending)
Jon D. Cohen, *Pro Hac Vice* (pending)
STAHL COWEN CROWLEY LLC
55 West Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 641-0060
Facsimile: (312) 641-6959

Attorneys for the Delphi Retiree Committee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
In re:

DELPHI CORPORATION, et. al.,

    Debtors.
---------------------------------------------------x

Chapter 11 Case No. 05-44481 (RDD)

(Jointly Administered)

**NOTICE OF APPEAL**

The Committee of Eligible Salaried Retirees (the "Retiree Committee"), having been appointed pursuant to the Bankruptcy Court's Order of February 25, 2009, hereby appeals to the United States District Court for the Southern District of New York under 28 U.S.C. § 158(a)

24292\1893215.1

from the Bankruptcy Court's Final Order Under 11 U.S.C. §§ 105, 363(b)(1), 1108, and 1114(d) (I) Confirming Debtors' Authority To Terminate Employer-Paid Post-Retirement Health Care Benefits And Empoyer-Paid Post-Retirement Life Insurance Benefits For Certain (A) Salaried Employees And (B) Retirees And Their Surviving Spounses, and (II) Amending Scope And Establishing Deadline For Completion Of Retirees' Committee's Responsibilities, entered March 11, 2009, a copy of which is attached hereto as Exhibit A. The Retiree Committee does not consent to have the appeal heard by the Bankruptcy Appellate Panel.

This appeal is **related to** the Delphi Salaried Retirees Association's appeal from the Bankruptcy Court's February 25, 2009 Order denying Delphi Retirees' motions to appoint an official retiree committee pursuant to Section 1114(d) of the Bankruptcy Code, 11 U.S.C. § 1114(d); holding that the protections of Section 1114 do not apply to Debtors' motion to terminate employee retiree benefit plans and programs that Delphi reserved the right to amend or modify; and authorizing Delphi to terminate all Delphi contributions to those plans effective April 1, 2009 [Docket No. 16404]. Upon docketing at the District Court, the Retiree Committee will seek to have the appeals consolidated and expedited.

The names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

1) **Attorneys for the Delphi Retiree Committee:**

    Neil A. Goteiner (NG 1644)
    Dean M. Gloster, *Pro Hac Vice* (pending)
    Kelly A. Woodruff, *Pro Hac Vice* (pending)
    FARELLA BRAUN & MARTEL LLP
    235 Montgomery Street, 17th Floor
    San Francisco, CA 94104
    Telephone: (415) 954-4400
    Facsimile: (415) 954-4480

    -and-

Trent P. Cornell, *Pro Hac Vice* (pending)
Jon D. Cohen, *Pro Hac Vice* (pending)
STAHL COWEN CROWLEY LLC
55 West Monroe Street, Suite 1200
Chicago, Illinois 60603
Telephone: (312) 641-0060
Facsimile: (312) 641-6959

**2) Attorneys for Debtors:**

John Wm. Butler, Jr.
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Telephone: (312) 407-0700

 - and -

Kayalyn A. Marafioti
Thomas J. Matz
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Telephone: (212) 735-3000

**3) United States Trustee:**

Alicia M. Leonhard
Tracy Hope Davis
Office of the United States Trustee
Southern District of New York
33 Whitehall Street, Suite 2100
New York, NY 10004
Telephone: (212) 510-0508

**4) Official Committee of Unsecured Creditors:**

Robert J. Rosenberg
Mark A. Broude
LATHAM & WATKINS
885 Third Avenue
New York, NY 10022-4802
Telephone: (212) 906-1200

 - and -

Michael D. Warner
WARNER STEVENS, L.L.P.
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
Telephone: (817) 810-5250

Dated: San Francisco, California
March 13, 2009

Attorneys For The Delphi Retiree Committee

By: ___*/s/ Neil A. Goteiner*_____
Neil A. Goteiner

Neil A. Goteiner (NG 1644)
Dean M. Gloster, *Pro Hac Vice* (pending)
Kelly A. Woodruff, *Pro Hac Vice* (pending)
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
ngoteiner@fbm.com

-and-

Trent P. Cornell, *Pro Hac Vice* (pending)
Jon D. Cohen, *Pro Hac Vice* (pending)
STAHL COWEN CROWLEY LLC
55 West Monroe Street, Suite 1200
Chicago, Illinois 60603
Telephone: (312) 641-0060
Facsimile: (312) 641-6959
tcornell@stahlcowen.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
   In re                          :    Chapter 11
:
DELPHI CORPORATION, et al.,      :    Case No. 05-44481 (RDD)
:
                  Debtors.   :    (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FINAL ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), 1108, AND 1114(d) (I)
CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POST-
RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-
RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED
EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES AND (II)
AMENDING SCOPE AND ESTABLISHING DEADLINE FOR
<u>COMPLETION OF RETIREES' COMMITTEE'S RESPONSIBILITIES</u>

(" FINAL OPEB TERMINATION ORDER")

        Upon the motion, dated February 4, 2009 (the "Motion"), of Delphi Corporation and

certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned

cases (collectively, the "Debtors"), for an order confirming the Debtors' authority (or alternatively,

authorizing, but not directing, the Debtors) to terminate, as soon as practicable after March 31,

2009, Salaried OPEB,[1] which termination, <u>inter</u> <u>alia</u>, consists of: (a) eliminating eligibility for

employer-paid post-retirement health care benefits for all current and future active salaried

employees; (b) ceasing to make Company contributions to provide post-retirement health care for

current and future salaried retirees and their surviving spouses; (c) canceling all Retirees' Health

Reimbursement Accounts for Medicare-eligible salaried retirees and their surviving spouses; (d)

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.
    "Salaried OPEB" means the Debtors' current and future costs associated with providing post-retirement
    health and life insurance benefits to salaried retirees and their surviving spouses.

terminating the Medicare Part B special benefit for current and future salaried retirees and their surviving spouses; (e) ceasing to provide the 1% employer contribution to the Salaried Retirement Savings Plan for those active salaried employees hired on or after January 1, 1993 and on or prior to December 31, 2000; (f) eliminating eligibility for employer-paid post-retirement basic life insurance benefits for all current and future active salaried employees; and (g) ceasing to make Company contributions to provide post-retirement basic life insurance benefits for current and future salaried retirees; and the Court having held a hearing on the Motion, the objections thereto as reflected in the Revised Proposed Omnibus Hearing Agenda (Docket No. 16326), and the cross-motions for the appointment of a committee of retired employees (Docket Nos. 14882, 14886, and 15283) on February 24, 2009 (the "Hearing"); and upon the record of the Hearing (including the testimony of witnesses examined and exhibits admitted into evidence at the Hearing); and after due deliberation thereon; and good and sufficient cause appearing therefor; and based on the bench opinion of the Court read into the record at the Hearing (as subsequently modified by the Court at Docket No. 16443), the Court having entered its Provisional Salaried OPEB Termination Order (Docket No. 16380); and the United States Trustee having appointed a Retirees' Committee on February 26, 2009 (Docket No. 16384) pursuant to and subject to the limitations of the Provisional Salaried OPEB Termination Order; and the Court having considered certain pleadings filed by the Retirees' Committee at Docket Nos. 16430 and 16431, the response by the Debtors at Docket No. 16446, and the responses and statements filed by certain other parties at Docket Nos. 16444 and 16445; and upon the record of the Final Hearing (including certain further exhibits admitted into evidence at the Final Hearing); and after due deliberation thereon; and good and sufficient cause appearing therefore; and based on the supplemental bench opinion of the Court read into the record at the Hearing;

2

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT THE PROVISIONAL SALARIED OPEB TERMINATION ORDER IS SUPPLEMENTED AS FOLLOWS:

1. The Debtors have made a substantial showing that none of the Salaried OPEB benefits have vested with regard to any Eligible Salaried Retiree group hereof. The Retirees' Committee has not presented any competent evidence to establish, consistent with the Court's prior bench ruling and applicable law, that Salaried OPEB benefits have vested with respect to any Eligible Salaried Retiree or group thereof.

2. The Debtors' Salaried OPEB benefits have not vested and the Debtors have reserved the right to modify or terminate Salaried OPEB benefits.

3. The Debtors are authorized, but not directed, to terminate Salaried OPEB benefits as provided in the Motion.

4. The Debtors shall continue to provide benefits for claims incurred by each Eligible Salaried Employee through the cessation date of such retiree's participation in the applicable welfare plan, _provided_ that such retiree has timely paid all requisite contributions for the applicable plan, and _provided further_ that such retirees shall not be required to file proofs of claim in this Court to implement the terms of this decretal paragraph.

5. The Debtors are authorized and directed to make provisions for, and contingent upon the occurrence of a triggering event under 29 U.S.C. §§ 1341 or 1342 implement, a Voluntary Employees' Beneficiary Association ("VEBA") under 26 U.S.C. § 501(c)(9) for the purpose of qualifying covered employees who have retired or will retire for the tax credit available through 26 U.S.C. § 35(e)(1)(K) as amended by § 1899G of the American Recovery And Reinvestment Act Of 2009 (PL 111-5, February 17, 2009, 123 Stat 115); _provided_, however,

3

that (a) the Debtors shall have no obligation to fund or contribute to any such VEBA in any respect and such funding or contributions will come solely from participants in the VEBA and (b) the Debtors shall be required to maintain such VEBA only through the later of the month ending prior to January 1, 2011 or such later date as may be established under the provisions of 26 U.S.C. 35(e)(1)(K) (or any substantially similar provision in the Internal Revenue Code providing an applicable health care tax credit) as the same may be amended from time to time.

      6.     Notwithstanding the establishment of any VEBA pursuant to this Order, the Debtors shall maintain flexibility to implement changes to the VEBA on terms and conditions determined by the Company.

      7.     The Debtors are authorized and directed to mail a follow-up notice to all Eligible Salaried Retirees who do not elect continuation of coverage prior to March 28, 2009 explaining the consequences of such election and offering a second and final chance for such individuals to elect, on or prior to April 15, 2009, continuation of coverage, in which case such coverage shall be reinstated retroactively to April 1, 2009 upon payment of the applicable full cost by the individual retiree.

      8.     The responsibilities of the Retirees' Committee previously appointed pursuant to the Court's direction for the limited purposes set forth in the Provisional Salaried OPEB Termination Order have been satisfied and discharged. However, in the interests of justice, the Court will continue the existence of the Retirees' Committee through the later of (a) the consideration by this or any court of competent appellate jurisdiction of any motions to stay the implementation of the Provisional Salaried OPEB Termination Order or this Order and (b) the date on which the Debtors implement the termination actions set forth in this Order. The Court hereby prospectively amends and limits the scope of the authority of the Retirees' Committee to:

4

(a) participating in any hearing to stay the implementation of the Provisional Salaried OPEB Termination Order or this Order and (b) meeting and conferring with the Debtors and negotiating any agreements that are mutually agreeable to the Debtors and the Retirees' Committee regarding the terms and conditions pursuant to which the Debtors implement the authority granted herein according to which the Retirees' Committee would settle and waive any and all appeals with respect to the Provisional Salaried OPEB Termination Order or this Order.  The Debtors remain authorized to reimburse the reasonable and documented costs and expenses of the legal counsel retained by the Retirees' Committee in an amount not to exceed $200,000 without further order of this Court.  Nothing in the Provisional Salaried OPEB Termination Order or this Order shall trigger any of the statutory provisions of section 1114 of the Bankruptcy Code (other than the Court's continued exercise of its discretionary authority under section 1114(d) of the Bankruptcy Code).

9. The Court shall retain jurisdiction to (a) hear and determine all matters arising from the implementation of this Order, and (b) enter any further orders necessary to implement the provisions of this order.

Dated:   March 11, 2009
         New York, New York

                                            /s/ Robert D. Drain
                                            UNITED STATES BANKRUPTCY JUDGE

5