# EXHIBIT 20

# BUTZEL LONG
ATTORNEYS AND COUNSELORS

*a professional corporation*

Cynthia J. Haffey
313 983 7434
haffey@butzel.com

Suite 100  150 West Jefferson
Detroit, Michigan 48226
T: 313 225 7000  F: 313 225 7080
butzel.com

*Via email/pdf to rdd.chamber@nysb.uscourts.gov*

September 30, 2011

The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

>  Re: **In re: DPH Holdings Corp, et al., Chapter 11, Case No. 05-44481 (RDD)**
>  **Motion by James Sumpter For Recoupment On Behalf Of Delphi Salaried Retirees (Docket No. 21534)**

Dear Judge Drain,

I write in response to Mr. Sumpter's email, dated September 26, 2011. After further review we acknowledge that at the September 22, 2011 hearing we incorrectly identified the payor of Mr. Sumpter's disability benefits. We apologize for our error.

During the hearing, we stated that health and welfare benefits are paid by a VEBA trust fund pursuant to the Salaried OPEB Settlement Order (Docket No. 16545); that the salaried retirees' disability benefit payments are being paid from a source other than the Reorganized Debtors; and that the Reorganized Debtors are no longer paying salaried retiree disability benefit payments. *See September 22, 2011 Hearing Transcript, attached, pp. 7-12*. In fact, while substantially all OPEB benefits were terminated following the Salaried OPEB Settlement Order, the disability benefit continued. Mr. Sumpter's disability benefit is paid by Sedgwick CMS, a third-party claims agent. Delphi Automotive Systems LLC ("New Delphi") funds the disability benefit, and not the Reorganized Debtors. DPH Holdings Corp. ("DPHH") then reimburses "New" Delphi both the amount of the actual disability benefit payment plus the cost of any third-party administrative expenses (*e.g.*, Sedgwick fees).

As stated during the hearing, there are no charges or deductions applied to Mr. Sumpter's disability benefit and Mr. Sumpter does not otherwise reimburse Sedgwick, New Delphi or any of the Reorganized Debtors, including DPHH (together the "Delphi Entities"). Although social security and other third party sources affect the amount of Mr. Sumpter's disability benefit, there is not a credit to Delphi or payment from Mr. Sumpter to any Delphi Entities. Third-party benefits were taken into account in the year 2000 when the amount of Mr. Sumpter's disability benefit was calculated. In other words, third-party benefits are simply an element of the formula

Honorable Robert D. Drain
September 30, 2011

for determining disability entitlements and are not later credited to any Delphi Entities. As a result, Mr. Sumpter's benefit has remained unchanged since his disability payments began in 2000.

Notwithstanding our error, the Court's September 22, 2011 denial of Mr. Sumpter's motion remains appropriate for the following reasons:

1) As this Court found, Mr. Sumpter's claim arises from benefit plan changes specifically authorized and approved by this Court. The Salaried OPEB Settlement Order (Docket No. 16545) and, ultimately, the Plan Modification Order (Docket No. 18707), which authorized the debtors to terminate the OPEB plans, remain res judicata as to Mr. Sumpter's claim and can no longer be challenged. *See Hearing Transcript, pp. 16-18, 20.*

2) Those same Orders preclude Mr. Sumpter's claim under principles of collateral estoppel. Mr. Sumpter cannot have a recoupment claim unless (among other things) he has suffered an actionable wrong and resulting damages to be recouped. Thus, Mr. Sumpter argues that "as a means to mitigate the adverse effect of the lost of [sic] OPEB benefits and in an effort to establish the correct value of the discharged OPEB benefit, the Movant seeks to recoup, for the disable retiree[s], their prior and ongoing Social Security reimbursements..." *See James Sumpter's Amended Motion For Recoupment On Behalf Of Delphi Salaried Retirees ¶ 12.* Any claim that the elimination of OPEB benefits was wrongful is precluded by the final Orders of this court approving their elimination. *See Hearing Transcript, pp. 13-15, 20.*

3) The Plan Modification Order specifically addressed and permanently enjoined recoupment claims. The Plan Modification Order remains res judicata as to Mr. Sumpter's claim, irrespective of the fact that the Reorganized Debtors currently reimburse New Delphi for the disability payments. *See Hearing Transcript, pp. 17-20.*

4) Mr. Sumpter's claim is barred by his failure to submit an administrative claim before the bar date, since it arises out of the Debtors' conduct (elimination of the OPEB benefits) between the filing of the bankruptcy petition and the date set forth in the Administrative Bar Date Order. *See Hearing Transcript, pp. 16-18.*

5) Mr. Sumpter is still improperly seeking to assert a right "affirmatively", as there is no DPH claim being asserted against Mr. Sumpter; the Reorganized Debtors are merely paying Mr. Sumpter his disability benefit determined in accordance with the terms of the disability plan. *See Hearing Transcript, pp. 18, 20-21.*

Accordingly, the Reorganized Debtors respectfully ask the Court to uphold its earlier ruling denying Mr. Sumpter's motion.

BUTZEL LONG

Honorable Robert D. Drain
September 30, 2011

In order to supplement and correct the record, we are filing this letter in DPH Holdings Corp., *et al.*, Chapter 11 Case No. 05-44481 (RDD). We will, of course, respond to any questions the Court may have regarding this letter. In addition, we will await guidance from the Court as to whether we are to prepare a Proposed Order consistent with the hearing transcript and this letter.

Respectfully,

Cynthia J. Haffey / w/ authority (P70012)

Cynthia J. Haffey

Enclosure
cc: James Sumpter, via U.S. Mail and electronic mail

BUTZEL LONG