# EXHIBIT A

**Page 1**

1
2  UNITED STATES BANKRUPTCY COURT
3  SOUTHERN DISTRICT OF NEW YORK
4  Case No. 05-44481(RDD)
5  - - - - - - - - - - - - - - - - - - - - -x
6  In the Matter of:
7
8  DPH HOLDINGS CORP., et al.,
9
10              Reorganized Debtors.
11
12 - - - - - - - - - - - - - - - - - - - - -x
13
14              United States Bankruptcy Court
15              300 Quarropas Street
16              White Plains, New York
17
18              September 22, 2011
19              10:09 AM
20
21 B E F O R E:
22 HON. ROBERT D. DRAIN
23 U.S. BANKRUPTCY JUDGE
24
25

Page 2

2  HEARING re Motion For Recoupment on Behalf of Delphi Salaried
3  Retirees

5  HEARING re Claims Objection Hearing Regarding Claims of Alla
6  Averbukh, on Behalf of the Estate of Boris Averbukh, as
7  Objected to in the Reorganized Debtors' Motion for Order (i)
8  Enforcing Modification Procedures Order, Modified Plan and Plan
9  Modification Order Injunction and Forty-Seventh Omnibus Claims
10  Objection Order Against Averbukhs, as Plaintiffs, in Maryland
11  State Court Wrongful Death Action; and (ii) Directing Averbukhs
12  to Dismiss Action to Recover Upon Discharged and Expunged Claim
13  ("Averbukh Injunction Motion")

25  Transcribed by:  Lisa Bar-Leib

Page 3

1
2  A P P E A R A N C E S :
3  BUTZEL LONG, PROFESSIONAL CORPORATION
4      Attorneys for DPH Holdings Corp., et al., Reorganized
5       Debtors
6      Suite 100
7      150 West Jefferson Avenue
8      Detroit, MI 48226
9
10 BY:  CYNTHIA J. HAFFEY, ESQ.
11
12 BUTZEL LONG, PROFESSIONAL CORPORATION
13     Attorneys for DPH Holdings Corp., et al., Reorganized
14      Debtors
15     Stoneridge West
16     41000 Woodward Avenue
17     Bloomfield Hills, MI 48304
18
19 BY:  SHELDON H. KLEIN, ESQ.
20
21
22
23
24
25

Page 4

```
 1
 2   SKADDEN ARPS SLATE MEAGHER & FLOM LLP
 3        Attorneys for DPH Holdings Corp., et al., Reorganized
 4         Debtors
 5        155 North Wacker Drive
 6        Chicago, IL 60606
 7
 8   BY:  LOUIS S. CHIAPPETTA, ESQ.
 9        (TELEPHONICALLY)
10
11   CIARDI CIARDI & ASTIN
12        Attorneys for Vladimir Averbukh (Individually and as
13         Personal Representative for the Estate of Boris
14         Averbukh) and Alesander Averbukh
15        100 Church Street
16        8th Floor
17        New York, NY 10007
18
19   BY:  RICK A. STEINBERG, ESQ.
20
21
22
23
24
25
```

Page 5

1
2  ALSO APPEARING:
3  JAMES B. SUMPTER
4       On Behalf of Himself as a Delphi Salaried Retiree
5       21169 Westbay Circle
6       Noblesville, IN 46062
7
8  BY:   JAMES B. SUMPTER, PRO SE
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

DPH HOLDINGS CORPORATION, et al.

Page 40

1      THE COURT:  Okay.  I have before me a motion by the
2  debtors -- or the reorganized debtors, DPH Holdings Corp., to
3  enforce the order entered by this Court on July 30th, 2009, the
4  so-called plan modification order which confirms the modified
5  plan of the Delphi debtors.  Specifically, the motion seeks to
6  enforce paragraphs 20 and 22 of the plan modification order.
7  The first paragraph, paragraph 20, incorporates into the
8  confirmation order the discharge of the Delphi debtors found in
9  paragraph -- or Article 11.2 of Delphi's first amended plan as
10 modified under Section 1141(d) of the Bankruptcy Code which
11 discharges all pre-effective date, that is pre the date when
12 Delphi's modified plan went effective, claims and causes of
13 action, whether known or unknown, whether fixed or unliquidated
14 against the Delphi debtors.
15      Paragraph 22 of the plan modification order is a
16 permanent injunction of all persons on or after the effective
17 date from commencing or continuing in any manner any claim,
18 action, appointment of process or other proceeding of any kind
19 with respect to any claim, cause of action or any other right
20 or claim against the reorganized debtors which they possess or
21 may possess prior to the effective date, again, the effective
22 date of the confirmed modified plan.
23      The reorganized debtors seek to enforce those two
24 provisions of the July 15th -- I'm sorry -- the July 30th, 2009
25 order against the plaintiffs in a personal injury lawsuit

1    commenced in September of 2009 by Vladimir and Alesander

2    Averbukh and naming Alla Averbukh as a use party in Maryland

3    state court based on the wrongful death of Boris Averbukh in a

4    car accident that occurred in 2007.

5             Those dates are important.  The accident occurred in

6    2007.  The lawsuit was commenced in September of 2009 after the

7    effective date of Delphi's modified plan.  And in addition, the

8    car accident occurred, as I said, in 2007 during the pendency

9    of Delphi's Chapter 11 case which began in October of 2005.

10   The accident also occurred in the period from October 2005

11   through June 1, 2009 covered by the Court's order establishing

12   administrative claims bar date in Delphi case of July 15th,

13   2009 by which to assert any administrative claims falling

14   within that period.

15            The record reflects that the first time that Delphi

16   was aware of the lawsuit was when it was commenced, in

17   September of 2009.  In addition, in November of 2009 -- I'm

18   sorry.  I've gotten my dates wrong.

19            The first time that Delphi was aware of the claim was

20   when Alla Averbukh filed a proof of administrative claim in

21   September of 2009, approximately forty-eight days after the

22   administrative claims bar date.  The lawsuit was not commenced

23   until November of 2009 by Boris' estate with his two sons,

24   Vladimir and Alesander, with Alla named as a use party.  So to

25   be clear, Delphi was not aware, on this record before me, of

1   the existence of the car accident or the claim until Alla filed
2   her administrative expense claim after the administrative
3   claims bar date in September of 2009, the lawsuit itself not
4   being commenced until November of 2009.
5           The reorganized debtors objected to Alla Averbukh's
6   proof of claim as being untimely.  And in May of 2010, this
7   Court entered an order disallowing and expunging that claim.
8   The debtors also made demand of the Averbukhs and their counsel
9   thereafter to discontinue the Maryland state court action on
10  the basis that it was in violation of the plan modification
11  order, the debtors' discharge and now also as well in violation
12  of the May 2010 order disallowing Alla's claim.  The basis for
13  the latter assertion is Maryland Courts and Judicial
14  Proceedings Code Ann. Section 3-904 (2011) which restricts
15  actions in respect of the death of a person, that is wrongful
16  death actions like the Maryland state court action, to only one
17  action.  The debtors contend that since Alla's claim premised
18  upon the wrongful death of Boris was disallowed by this Court
19  in May of 2010, the parties to the Maryland wrongful death
20  action are now barred by statutory res judicata or claim
21  preclusion by Section 3-904.
22          The plaintiffs in the wrongful death action did not
23  cease the action nor did they cease -- nor did they seek relief
24  from the Court's bar date order, the Court's plan modification
25  order or the Court's order from May 2010 disallowing Alla's

DPH HOLDINGS CORPORATION, et al.

Page 43

1   proof of claim. Instead, the debtors were forced to bring this

2   motion to enforce all of those orders.

3        In response, the claimants assert effectively, or

4   really, only one issue which is that they did not receive

5   sufficient notice for due process purposes of any of the orders

6   that the debtors contend bar, as a matter of res judicata,

7   their continued prosecution of the state court lawsuit.

8        It is, of course, the case that to be enforceable, an

9   order, including a discharge order, must comply with due

10   process under the Fifth Amendment. See, for example, In re

11   Enron Corporation, 2006 Bankr. LEXIS 894 at 12 (Bankr. S.D.N.Y.

12   March 29, 2006) and In re Thomson McKinnon Securities, Inc.,

13   130 B.R. 717, 719-20 (Bankr. S.D.N.Y. 1991).

14        The case law is clear that for known claimants,

15   claimants known to be such by the debtor, the debtor must

16   provide actual notice of a bar date and/or a proposed

17   confirmation order that would effectuate a bankruptcy

18   discharge. However, for unknown claimants, the debtor need

19   provide notice reasonably calculated to reach them and

20   permitting a reasonable amount of time for response and

21   reasonably conveys all of the required information. Such

22   notice, again for an unknown creditor, may be made by

23   publication. See Mullane v. Central Hanover Bank & Trust Co.,

24   339 U.S. 306, 314, 317 (1950). See also Daewoo International

25   America Corp. Creditor Trust v. SSTS America Corp., 2003 U.S.

DPH HOLDINGS CORPORATION, et al.

Page 44

1    Dist. LEXIS 9802 at 7-10 (S.D.N.Y. June 9, 2003); In re Thomson
2    McKinnon Securities, Inc., 130 B.R. at 719-20; and see also
3    Chemetron Corp. v. Jones, 72 F.3d 341, 346 (3rd Cir. 1995) as
4    well as In re J.A. Jones, Inc., 492 F.3d. 242 (4th Cir. 2007)
5    making a distinction between a known personal injury claimant
6    who's entitled to actual notice and unknown personal injury
7    claimants who are entitled to reasonable publication notice.
8             Here, the record is undisputed that the debtors
9    provided publication notice to unknown claimants on a wide
10   basis that was previously approved by the Court and the actual
11   content of that notice or its reasonableness are not in
12   dispute.  There's also nothing in the record to refute the
13   obvious facts from the dates that I went through that the
14   debtors were not aware of this claim until it was filed by Alla
15   in November of 2009 after the entry of the administrative
16   claims bar date order and the modified plan confirmation order
17   and then subsequently when the litigation was commenced by
18   Alesander and Vladimir naming Alla in November of 2009.
19            In light of the foregoing, I conclude that there was
20   sufficient notice for due process purposes under Mullane and
21   the cases that I've cited and that consequently, the claims
22   asserted by the plaintiffs in the Maryland action are barred by
23   the debtors' discharge under Section 11.2 of the plan and
24   paragraph 20 of the plan modification order as well as the
25   permanent injunction set forth in paragraph 22 of the plan

DPH HOLDINGS CORPORATION, et al.

Page 45

1    confirmation order.  In addition, they are barred, as I've
2    already found and as is law of the case, by my order of May
3    2010 disallowing Alla's proof of administrative expense claim
4    in this case as being untimely.
5              The plaintiffs in the Maryland state action seek
6    relief from "the Court's relevant orders" in their response to
7    the debtors' motion under Bankruptcy Rule 9024 which
8    incorporates Federal Rule of Civil Procedures 60.  They are
9    precluded by the express terms of Bankruptcy Rule 9024,
10   however, from seeking relief from the plan modification order
11   given that Section 1144 of the Bankruptcy Code is an exception
12   expressly in Bankruptcy Rule 9024.  And Section 1144 provides
13   that a party may seek revocation of a plan confirmation order
14   until 180 days after the entry of that order but if, and only
15   if, the order was procured by fraud which is not asserted here.
16             In addition, other than the issue of notice, which
17   I've already addressed, no grounds are raised for relief from
18   the bar date order which is now over two years old and which
19   the Averbukhs had notice of, as well as their law firm, at
20   least as of the date of the debtors' objection to Alla's proof
21   of claim which, again, I granted in May of 2010 in which has
22   not sought to have overturned since then.  So there really is
23   no basis for such requested relief even from the bar date order
24   under Bankruptcy Rule 9012 nor any specific fact alleged other
25   than the issue of notice which I've already dealt with as

1   giving a basis for such relief.

2          Finally, as an alternative ground, I believe that the
3   debtors are correct that leaving aside the res judicata effect
4   and binding effect given my belief that the Averbukhs received
5   sufficient notice for due process purposes of the plan
6   modification order and the discharge is the fact that, as a
7   result of my May 2010 order disallowing Alla's claim based on
8   the wrongful death that is also the basis for the Maryland
9   state action, Maryland Courts and Judicial Proceedings Code
10  Ann. Section 3-904 precludes, as a matter of statutory res
11  judicata, Alesander and Vladimir proceeding with the action
12  that has already been effectively ruled on by me in May of 2010
13  by disallowing Alla's wrongful death claim.

14         So the debtors' motion is granted on those separate
15  alternative grounds.  I frankly don't even understand the
16  contention that was made at oral argument that the debtor
17  should permit the Averbukhs to liquidate their claim in
18  Maryland state court in the face of the discharge and the
19  injunction in paragraph 22 of the plan modification order which
20  expressly prohibits the commencement or continuation of any
21  proceeding in respect of any claim arising before the effective
22  date.  That's why a debtor gets a discharge in a plan
23  confirmation order and that's why a debtor gets a bar date
24  order which these parties were clearly in violation of by
25  asserting pre-effective date claims which these claims clearly

1   are under Reading Company v. Brown, 391 U.S. 471 (1968) and In

2   re Refco Inc., 2008 U.S. Dist. LEXIS 2484 at 17 (S.D.N.Y.

3   January 14, 2008).

4               So the debtors can submit an order consistent with

5   that ruling.

6               MR. KLEIN:  Your Honor --

7               THE COURT:  It's without prejudice to the debtors'

8   rights to seek sanctions for violation of the Court's orders.

9               MR. KLEIN:  And this may be implicit in your last

10  remark but I would ask that the order include a mandatory

11  injunction directing them to dismiss the Maryland action so we

12  don't have to incur the costs of doing anything beyond this.

13              THE COURT:  Well, that's appropriate.

14              MR. STEINBERG:  Your Honor, if I may, there was an

15  order -- proposed order submitted by the reorganized debtors

16  with their motion.  I'm not sure if they want a different order

17  than that.

18              THE COURT:  I want a different order than that.  It's

19  my order.  I don't understand why this law firm didn't comply

20  with the debtors' request in the first place.  I know you're

21  saying you're not really involved with that so I'm not really

22  addressing this so much to you as to them.  But this was just a

23  clear violation.  I don't know what they were thinking.

24              MR. STEINBERG:  Thank you, Your Honor.

25              THE COURT:  Okay.