# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| DPH HOLDINGS CORP., *et al.*, | ) Case No. 05-44481 (RDD) |
| | ) Jointly Administered |
| Reorganized Debtors. | ) |

**ORDER (I) ENFORCING MODIFICATION PROCEDURES ORDER, MODIFIED PLAN AND PLAN MODIFICATION ORDER INJUNCTIONS AND FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION ORDER AGAINST AVERBUKHS, (II) DIRECTING THE AVERBUKHS TO DISMISS MARYLAND STATE COURT ACTION AGAINST REORGANIZED DEBTORS, AND (III) DENYING THE**
<u>**AVERBUKHS' CROSS-MOTION**</u>

Upon the Reorganized Debtors' Motion for Order (I) Enforcing Modification Procedures Order, Modified Plan and Plan Modification Order Injunctions And Forty-Seventh Omnibus Claims Objection Order Against Averbukhs, As Plaintiffs, In Maryland State Court Wrongful Death Action; And (II) Directing Averbukhs To Dismiss Action To Recover Upon Discharged And Expunged Claim (the "Motion")[1], dated August 30, 2011, and the Cross-Motion for Relief (the "Cross-Motion") of Vladimir Averbukh, individually and as personal representative of Boris Averbukh's estate, and Aleksander Averbukh (the "Averbukhs"); and due and sufficient notice of the Motion and the Cross-Motion having been given and no other or further notice being necessary; and upon all of the pleadings filed in connection with the Motion and the Cross-Motion; and the Court having held a hearing on the Motion and the Cross-Motion and the objections thereto as reflected in the Proposed Forty-Eighth Claims Hearing Agenda (Docket No.

---

[1] Capitalized terms not defined in this order shall have the meanings ascribed to them in the Averbukh Injunction Motion and the Reorganized Debtors' Reply in support of the Motion.



0544481111004000000000002

21586);[2] and upon the record of the Hearing; and, after due deliberation and for the reasons stated by the Court in its bench ruling at the conclusion of the Hearing, the Court having determined to grant the Motion and deny the Cross Motion, the Court hereby FINDS AND CONCLUDES that

    1. The claims asserted by the Averbukhs in the State Court Action are barred by (1) the Reorganized Debtors' discharge under Section 11.2 of the Plan and section 1141 of the Bankruptcy Code, (2) Paragraph 20 of the Plan Modification Order, (3) the permanent injunction set forth in Paragraph 22 of the Plan Modification Order, and (4) the May 2010 Order Disallowing Alla Averbukh's Claim (together "Orders"):

    2. The State Court Action relates to an automobile accident occurring in 2007. Any claim against the Debtors arising out of that accident would be a postpetition, administrative expense claim.

    3. This Court established an administrative claims bar date of July 15, 2009 for claims arising before June 1, 2009. The Plan Modification Order was entered July 20, 2009. The Reorganized Debtors had no knowledge of any Averbukh claim until September 2009, when Alla Averbukh submitted an Administrative Claim Request. The State Court Action was commenced in November 2009; the Reorganized Debtors had no knowledge of it until the complaint was served in January 2010. The Averbukhs thus were unknown claimants to the Debtors until September 2009 and, as such, the Reorganized Debtors needed to provide them only with notice of the Administrative Bar Date, the Plan and the Plan Modification Order that was reasonably calculated to reach unknown claimants, permit a reasonable time for a response

---

[2] The September 22, 2011 hearing on the Motion and the Averbukh Respondents' Cross-Motion will be referred to hereinafter as the "Hearing"; additionally, while not specifically enumerated in the Proposed Forty-Eight Hearing Agenda, the Reorganized Debtors filed a Reply in support of their Motion and Response to the Cross-Motion on September 21, 2011 (Docket No. 21587).

2

and reasonably convey all of the required information. Such notice may be made by publication. *Mullane v. Central Hanover Bank & Trust Co.*, 399 U.S. 306, 314, 317 (1950). *See also Daewoo International America Corp. Creditor Trust v. SSTS America Corp.*, 2003 U.S. Dist. LEXIS 9802 * 7-10 (S.D.N.Y. June 9, 2003); *In re Thomson McKinnon Securities, Inc.*, 130 B.R. 717, 719-720 (Bankr. S.D.N.Y.); *In re J.A. Jones, Inc.*, 492 F.3d 242 (4th Cir. 2007); *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3rd Cir. 1995). The record is undisputed that the Debtors provided proper publication notice to unknown claimants. Therefore, the Averbukhs had sufficient notice of the time to file a claim based on the accident and are barred from asserting such claim now by the Orders,

    4. As an additional and alternate ground, this Court's May 2010 Order Disallowing Alla Averbukh's Claim binds each of the Averbukhs and bars the State Court Action. The State Court Action is brought pursuant to Maryland's wrongful death statute, Maryland Courts and Judicial Proceedings Code Ann. Section 3-904, (2011), subpart (f) of which provides, "Only one action under this subtitle lies in respect to the death of a person." The Court's disallowance of the Alla Averbukh administrative expense claim, combined with the operation of the Maryland statute, therefore gives rise to a statutory res judicata that bars the State Court Action.

    5. Section 1144 of the Bankruptcy Code is an express exception to Bankruptcy Rule 9024 (which substantially incorporates Fed. R. Civ. P. 60). Pursuant to Section 1144, a party may seek revocation of a plan confirmation order only until 180 days after the entry of that order, and only if such order was procured by fraud. In their Cross-Motion, the Averbukhs do not allege that the Plan Modification Order was procured by fraud. Moreover, no grounds were raised by the Averbukhs for relief from the Administrative Claim Bar Date with the exception of the

asserted lack of notice, which the Court has found to be unsupported for the reasons set forth above

Accordingly, for the reasons stated above and as stated on the record at the Hearing, and after due deliberations thereon and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that:

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and paragraph 56 of the Plan Modification Order. This is a core proceeding within the meaning of 28 U.S.C. § 157(b) in which the Court can enter a final order. This Court is the proper venue for this matter pursuant to 28 U.S.C. §§ 157 and 1409.

2. The Motion is granted.

3. The Cross-Motion is denied.

4. Alla Averbukh, Vladimir Averbukh, individually and as Personal Representative of the Estate of Boris Averbukh, and Aleksandr Averbukh are permanently enjoined from pursuing their claims against the Debtors and the Reorganized Debtors relating to the death of Boris Averbukh in the State Court Action or in any other forum.

5. The Averbukhs are ordered and directed to immediately dismiss with prejudice the State Court Action against the Debtors and Reorganized Debtors.

6. The entry of this Order is without prejudice to rights of the Reorganized Debtors to seek sanctions for violation of the Court's prior Orders.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this order.

Dated: White Plains, New York
      October 4, 2011               /s/Robert D. Drain
                                       U.S. BANKRUPTCY JUDGE

5