# EXHIBIT D

01/14/2010  08:32    4103321178                    CT CORP                        PAGE  04/27

| | |
|---|---|
| VLADIMIR AVERBUKH, Individually and as Personal Representative of the Estate of Boris Averbukh, 117 Fennington Circle Owings Mills, Maryland 21117 | * IN THE <br> * CIRCUIT COURT <br> * FOR <br> * PRINCE GEORGE'S COUNTY |

VLADIMIR AVERBUKH, Individually
and as Personal Representative of the
Estate of Boris Averbukh,
117 Fennington Circle
Owings Mills, Maryland 21117          *    IN THE

                                      *    CIRCUIT COURT

And                                   *    FOR

ALESANDER AVERBUKH, Individually,     *    PRINCE GEORGE'S COUNTY
6994 Millbrook Park Drive, Apt. 2D
Baltimore, Maryland 21215             *

        Plaintiffs                    *

And                                   *

ALLA AVERBUKH, Individually,          *
3 Russem Court, Apt. 2A
Baltimore, Maryland 21215             *

        Use Plaintiff                 *

v.                                    *

ENTERPRISE RAC COMPANY                *
OF MARYLAND, LLC
2 Research Place
Rockville, Maryland 20850             *

                                      *    Case No. _____
        Serve Registered Agent:
        The Corporation Trust Incorporated  *
        300 E. Lombard Street, Suite 1400
        Baltimore, Maryland 21202     *

And                                   *

ENTERPRISE LEASING COMPANY            *
2 Research Place
Rockville, Maryland 20850             *

        Serve Registered Agent:       *
        The Corporation Trust Incorporated
        300 E. Lombard Street         *
        Baltimore, Maryland 21202
                                      *

And

ENTERPRISE RENT-A-CAR COMPANY
600 Corporate Park Drive
St. Louis, Missouri 63105

      Serve Registered Agent:
      CT Corporation System
      120 South Central Avenue
      Clayton, Missouri 63105

And

DELPHI CORPORATION
5725 Delphi Drive
Troy, Michigan 48098

      Serve Registered Agent:
      The Corporation Company
      30600 Telegraph Road, Suite 2345
      Bingham Farms, Michigan 48025

And

DELPHI AUTOMOTIVE SYSTEMS LLC
7525 Delphi Drive
Troy, Michigan 48098

      Serve Registered Agent:
      The Corporation Trust Incorporated
      300 E. Lombard Street
      Baltimore, Maryland 21202

And

THE ROCKMONT MOTOR COMPANY,
15301 Frederick Road
P.O. Box 72
Rockville, Maryland 20850

      Serve Registered Agent:
      James M. Hastings
      305 Piping Rock Drive
      Silver Springs, Maryland 20905

And

01/14/2010  08:32    4103321178              CT CORP                      PAGE  06/27

# FILED

NOV  9  2009

CLERK OF THE CIRCUIT COURT
FOR PRINCE GEORGES COUNTY, MD.

CA109-
35924

ALLA AVERBUKH                              *
3 Russern Court, Apt. 2A
Baltimore, Maryland 21215                  *

Defendants                                *

    *       *       *       *       *       *       *       *       *

## COMPLAINT AND ELECTION FOR JURY TRIAL

Plaintiffs, Vladimir Averbukh, in his individual capacity and as Personal Representative

of the Estate of Boris Averbukh, and Alesander Averbukh, in his individual capacity, by and

through their attorneys Paul D. Bekman and Gregory G. Hopper of Salsbury, Clements, Bekman,

Marder & Adkins, L.L.C., and with notice to the Use Plaintiff, Alla Averbukh, hereby file suit

against Defendants, Enterprise RAC of Maryland, LLC, Enterprise Leasing Company, Enterprise

Rent-A-Car Company, Delphi Corporation, Delphi Automotive Systems LLC, The Rockmont

Motor Company,  and Alla Averbukh, and, in support thereof, state as follows:

### Allegations Common to All Counts

1.      Plaintiff, Vladimir Averbukh, is a citizen of the State of Maryland and resides in

Baltimore County, Maryland. As Boris Averbukh's son, Vladamir Averbukh is a proper person

to bring a wrongful death claim pursuant to § 3-902 of the Courts and Judicial Proceedings

Article of the Annotated Code of Maryland. Additionally, Vladimir Averbukh has been named

the Personal Representative of the Estate of Boris Averbukh and is the proper person to bring a

survival claim on behalf of the Estate.

2.      Plaintiff, Alesander Averbukh, is a citizen of the State of Maryland and resides in

Baltimore County, Maryland. As Boris Averbukh's son, Alesander Averbukh is also a proper

person to bring a wrongful death claim pursuant to § 3-902 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland.

3.     Use Plaintiff and Defendant, Alla Averbukh, is a citizen of the State of Maryland and resides in Baltimore County, Maryland. As Boris Averbukh's wife at the time of the occurrence, Alla Averbukh is a potential wrongful death beneficiary pursuant to § 3-902 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland and must be named as a Use Plaintiff under the Maryland Rules.

4.     Defendant, Enterprise RAC of Maryland, LLC ("Enterprise RAC"), is a Delaware LLC with its principal place of business in Montgomery County, Maryland.

5.     Defendant, Enterprise Leasing Company ("Enterprise Leasing"), is a Maryland corporation with its principal place of business in Montgomery County, Maryland.

6.     Defendant, Enterprise Rent-A-Car Company ("Enterprise Rent-A-Car"), is a Missouri corporation with its principal place of business in Missouri.

7.     Defendants, Enterprise RAC, Enterprise Leasing, and Enterprise Rent-A-Car, are referred to collectively herein as "the Enterprise Defendants."

8.     Defendant, Delphi Corporation, is a Delaware corporation with its principal place of business in Michigan.

9.     Defendant, Delphi Automotive Systems LLC, is a Delaware limited liability company with its principal place of business in Michigan.

10.    Defendants, Delphi Corporation and Delphi Automotive Systems LLC, are referred to collectively herein as "the Delphi Defendants."

11.    Defendant, The Rockmont Motor Company, is a Maryland corporation with its principal place of business in Montgomery County, Maryland.

01/14/2010  08:32   4103321178          CT CORP                    PAGE  08/27

12.    Jurisdiction rests with the Circuit Court because the amount in controversy exceeds $30,000 and venue is proper in Prince George's County, Maryland because this is where the accident occurred and one or more of the defendants regularly conduct business in Prince George's County.

13.    On or about April 7, 2007, Use Plaintiff and Defendant, Alla Averbukh, was driving a 2006 Chevrolet Cobalt (VIN # 1G1AK55F467619606, hereinafter the "Cobalt") she and/or Boris Averbukh had rented from the Enterprise Defendants southbound on I-95 in Prince George's County, Maryland.

14.    The Cobalt left the roadway while on the exit ramp from southbound I-95 to westbound Route 212 and struck a tree.

15.    Boris Averbukh was wearing his available shoulder and lap seat belt at the time the Cobalt collided with the tree. The front driver's air bag of the Cobalt deployed in the collision with the tree, but the front passenger air bag of the Cobalt did not deploy, leaving Boris Averbukh without the protection of a frontal air bag.

16.    As a direct and proximate result of the failure of the front passenger air bag of the Cobalt to deploy, Boris Averbukh suffered severe injuries beyond those he would have sustained had the air bag deployed and died despite properly wearing his available lap and shoulder seat belt.

17.    As a direct and proximate result of the acts and/or omissions of the defendants described herein and the failure of the front passenger air bag of the Cobalt to deploy, Boris Averbukh suffered severe and fatal injuries for which he required and received medical treatment prior to his death.

18.    As a direct and proximate result of the acts and/or omissions of the defendants described herein and the failure of the front passenger air bag of the Cobalt to deploy, plaintiffs have suffered economic and noneconomic damages, including, but not limited to, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, marital care, parental care, attention, advice, counsel, training, guidance, education and support.

## COUNT I – NEGLIGENCE
### The Estate's claim against the Enterprise Defendants

19.    Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 as if fully set forth herein.

20.    Prior to April 7, 2007, the Enterprise Defendants were engaged in the distribution, rental, leasing and/or sale of motor vehicles, including the rental of motor vehicles to consumers such as Boris and Alla Averbukh..

21.    The Enterprise Defendants owed a duty of care to properly inspect, test, maintain and/or repair their rental vehicles and the air bag systems thereon, including the Cobalt and its air bag system.

22.    The Enterprise Defendants, individually and/or collectively, breached their duty of care and were thereby negligent by failing to properly inspect, test, maintain and/or repair the Cobalt so that the front passenger airbag system would function and/or deploy in a crash.

23.    As a direct and proximate result of the combined negligence of the Enterprise Defendants, Boris Averbukh suffered physical pain and suffering, mental anguish, emotional injury and trauma, and other related injuries and death.

WHEREFORE, Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh hereby demands judgment against the Enterprise Defendants, jointly and

severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT II – NEGLIGENCE
### Individual Plaintiffs' claim against the Enterprise Defendants

24.   Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 23 as if fully set forth herein.

25.   As a direct and proximate result of the combined negligence of the Enterprise Defendants, resulting in the death of Boris Averbukh, a cause of action has accrued in accordance with § 3-901, et. seq., of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland to Plaintiffs and Use Plaintiff for compensation for all the damages, injuries, and losses, past, present, and future, which they have sustained and will sustain in the future including, but not limited to, their severe mental anguish and emotional pain, pecuniary loss, and the loss and deprivation of Boris Averbukh's society, companionship, comfort, care, attention, advice, counsel, services, and support, items that Boris Averbukh would have afforded and rendered to them had he continued to live.

WHEREFORE, Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby demand judgment against the Enterprise Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

01/14/2010  08:32    4103321178                CT CORP                        PAGE  11/27

### COUNT III – BREACH OF IMPLIED WARRANTY
### The Estate's claim against the Enterprise Defendants

26.    Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 as if fully set forth herein.

27.    The Enterprise Defendants are merchants with respect to the sale, rental and/or leasing of vehicles.

28.    Pursuant to section 2A-212 and/or 2-314, the Enterprise Defendants impliedly warranted to Boris and Alla Averbukh that the Cobalt would be merchantable and fit for its ordinary and particular purposes. Boris and Alla Averbukh relied upon these implied warranties and the Enterprise Defendants' status as merchants.

29.    The Enterprise Defendants breached their warranties to Boris and Alla Averbukh because the Cobalt was not fit for its ordinary and particular purposes in that the Cobalt and its frontal air bag system were defective at the time of rental and/or leasing and the passenger air bag failed to deploy in the subject crash.

30.    As a direct and proximate result of the above-described breach of warranty by the Enterprise Defendants, Boris Averbukh suffered physical pain and suffering, mental anguish, emotional injury and trauma, and other related injuries and death.

WHEREFORE, Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh hereby demands judgment against the Enterprise Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT IV – BREACH OF IMPLIED WARRANTY
### Individual Plaintiffs' claim against the Enterprise Defendants

31.    Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 30 as if fully set forth herein.

32.    As a direct and proximate result of the breach of warranties of the Enterprise Defendants, resulting in the death of Boris Averbukh, a cause of action has accrued in accordance with § 3-901, et. seq., of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland to Plaintiffs and Use Plaintiff for compensation for all the damages, injuries, and losses, past, present, and future, which they have sustained and will sustain in the future including, but not limited to, their severe mental anguish and emotional pain, pecuniary loss, and the loss and deprivation of Boris Averbukh's society, companionship, comfort, care, attention, advice, counsel, services, and support, items that Boris Averbukh would have afforded and rendered to them had he continued to live.

WHEREFORE, Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby demand judgment against the Enterprise Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT V – STRICT LIABILITY
### The Estate's claim against Defendant Rockmont and The Enterprise Defendants

33.    Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 as if fully set forth herein.

34. Defendant Rockmont and the Enterprise Defendants are in the business of distributing, selling, renting and/or leasing vehicles and distributed, sold, rented and/or leased the Cobalt in the ordinary course of their businesses.

35. At the time of the Cobalt was sold, rented and/or leased and left the possession or control of the defendants, the Cobalt was in a defective condition and was unreasonably dangerous to users and consumers such as Boris Averbukh by reason of defects in the design, testing, assembly and/or manufacture of its air bag system, as well as the failure of any warnings regarding the potential non-deployment of the air bag system.

36. The Cobalt was expected to and did reach users and consumers such as Boris Averbukh without substantial change in its condition.

37. As a direct and proximate result of the actions and inactions of Defendant Rockmount and the Enterprise Defendants and the defective and unreasonably dangerous airbag system and/or the lack of warnings regarding the same, Boris Averbukh suffered physical pain and suffering, mental anguish, emotional injury and trauma, and other related injuries and death.

WHEREFORE, Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh hereby demands judgment against Defendant Rockmount and the Enterprise Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT VI – STRICT LIABILITY
### Individual Plaintiffs' claim against Defendant Rockmont and The Enterprise Defendants

38. Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 37 as if fully set forth herein.

39.    As a direct and proximate result of the actions and inactions of Defendant Rockmount and the Enterprise Defendants and the defective and unreasonably dangerous airbag system and/or the lack of warnings regarding the same, resulting in the death of Boris Averbukh, a cause of action has accrued in accordance with § 3-901, et. seq., of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland to Plaintiffs and Use Plaintiff for compensation for all the damages, injuries, and losses, past, present, and future, which they have sustained and will sustain in the future including, but not limited to, their severe mental anguish and emotional pain, pecuniary loss, and the loss and deprivation of Boris Averbukh's society, companionship, comfort, care, attention, advice, counsel, services, and support, items that Boris Averbukh would have afforded and rendered to them had he continued to live.

WHEREFORE, Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby demand judgment against Defendant Rockmount and the Enterprise Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

### COUNT VII – ALTER EGO/PIERCING CORPORATE VEIL
### The Estate's claim against Defendant Enterprise Rent-A-Car Company

40.    Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 23 as if fully set forth herein.

41.    At all relevant times, Defendant, Enterprise Rent-A-Car Company, had complete control and domination of the finances, policy and business practices of Defendants, Enterprise RAC and Enterprise Leasing, such that they had no separate mind, will or existence of their own.

42.   Defendant, Enterprise Rent-A-Car, used its control of Defendants, Enterprise RAC and Enterprise Leasing, to violate the duties owed to Boris Averbukh described herein, to commit the wrongs described herein and/or to evade its legal obligations owed under the law.

43.   As a direct and proximate result of the control Defendant, Enterprise Rent-A-Car Company, exerted over Defendants, Enterprise RAC and Enterprise Leasing, and the negligent actions and inactions complained of herein, Boris Averbukh suffered physical pain and suffering, mental anguish, emotional injury and trauma, and other related injuries and death.

WHEREFORE, Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh hereby demands judgment against Defendant, Enterprise Rent-A-Car Company, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

### COUNT VIII – ALTER EGO/PIERCING CORPORATE VEIL
#### Individual Plaintiffs' claim against Defendant Enterprise Rent-A-Car Company

44.   Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 25 and 40 through 43 as if fully set forth herein.

45.   As a direct and proximate result of the control Defendant, Enterprise Rent-A-Car Company, exerted over Defendants, Enterprise RAC and Enterprise Leasing, and the negligent actions and inactions complained of herein, resulting in the death of Boris Averbukh, a cause of action has accrued in accordance with § 3-901, et. seq., of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland to Plaintiffs and Use Plaintiff for compensation for all the damages, injuries, and losses, past, present, and future, which they have sustained and will sustain in the future including, but not limited to, their severe mental anguish and emotional pain,

pecuniary loss, and the loss and deprivation of Boris Averbukh's society, companionship, comfort, care, attention, advice, counsel, services, and support, items that Boris Averbukh would have afforded and rendered to them had he continued to live.

WHEREFORE, Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby demand judgment against Defendant, Enterprise Rent-A-Car Company, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

### COUNT IX – STRICT LIABILITY
#### The Estate's claim against the Delphi Defendants

46.    Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 as if fully set forth herein.

47.    The Delphi Defendants designed, manufactured, tested, inspected, sold and supplied the frontal air bag system of the Cobalt in the ordinary course of their businesses.

48.    At the time it was sold by the Delphi Defendants, the frontal air bag system of the Cobalt was in a defective condition and was unreasonably dangerous to users and consumers such as Boris Averbukh by reason of defects in its design, testing, assembly and/or manufacture, as well as the lack of any warnings regarding its potential non-deployment.

49.    The frontal air bag system of the Cobalt was expected to and did reach users and consumers such as Boris Averbukh without substantial change in its condition.

50.    As a direct and proximate result of the actions and inactions of the Delphi Defendants and the defective and unreasonably dangerous airbag system and/or the lack of

01/14/2010  08:32    4103321178              CT CORP                              PAGE  17/27

warnings regarding the same, Boris Averbukh suffered physical pain and suffering, mental anguish, emotional injury and trauma, and other related injuries and death.

WHEREFORE, Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh, hereby demands judgment against the Delphi Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

### COUNT X – STRICT LIABILITY
#### Individual Plaintiffs' claim against the Delphi Defendants

51.    Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 and 46 through 50 as if fully set forth herein.

52.    As a direct and proximate result of the actions and inactions of the Delphi Defendants and the defective and unreasonably dangerous airbag system and/or the lack of warnings regarding the same, resulting in the death of Boris Averbukh, a cause of action has accrued in accordance with § 3-901, et. seq., of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland to Plaintiffs and Use Plaintiff for compensation for all the damages, injuries, and losses, past, present, and future, which they have sustained and will sustain in the future including, but not limited to, their severe mental anguish and emotional pain, pecuniary loss, and the loss and deprivation of Boris Averbukh's society, companionship, comfort, care, attention, advice, counsel, services, and support, items that Boris Averbukh would have afforded and rendered to them had he continued to live.

WHEREFORE, Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby demand

01/14/2010  08:32    4103321178                    CT CORP                              PAGE  18/27

judgment against the Delphi Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT XI – BREACH OF IMPLIED WARRANTY
### The Estate's claim against the Delphi Defendants

53.    Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 as if fully set forth herein.

54.    The Delphi Defendants are merchants with respect to the sale of frontal air bag systems.

55.    Pursuant to section 2A-212 and/or 2-314, the Delphi Defendants impliedly warranted to Boris Averbukh that the frontal air bag system of the Cobalt would be merchantable and fit for its ordinary and particular purposes.

56.    Boris Averbukh relied upon these implied warranties and the Delphi Defendants' status as merchants.

57.    The Delphi Defendants breached their warranties to Boris Averbukh because the frontal air bag system of the Cobalt was defective at the time of its sale and not fit for its ordinary and particular purposes in that the front passenger air bag failed to deploy in the subject crash.

58.    As a direct and proximate result of the above-described breach of warranty by the Delphi Defendants, Boris Averbukh suffered physical pain and suffering, mental anguish, emotional injury and trauma, and other related injuries and death.

WHEREFORE, Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh, hereby demands judgment against the Delphi Defendants, jointly and severally,

in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such
other and further relief as the jury and/or Court deem just and proper.

## COUNT XII – BREACH OF IMPLIED WARRANTY
### Individual Plaintiffs' claim against the Delphi Defendants

59.    Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual
capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby incorporates by reference
each and every allegation set forth in paragraphs 1 through 23 and 53 through 58 as if fully set
forth herein.

60.    As a direct and proximate result of the breach of warranty by the Delphi
Defendants, resulting in the death of Boris Averbukh, a cause of action has accrued in
accordance with § 3-901, et. seq., of the Courts and Judicial Proceedings Article of the
Annotated Code of Maryland to Plaintiffs and Use Plaintiff for compensation for all the
damages, injuries, and losses, past, present, and future, which they have sustained and will
sustain in the future including, but not limited to, their severe mental anguish and emotional pain,
pecuniary loss, and the loss and deprivation of Boris Averbukh's society, companionship,
comfort, care, attention, advice, counsel, services, and support, items that Boris Averbukh would
have afforded and rendered to them had he continued to live.

WHEREFORE, Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their
individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby demand
judgment against the Delphi Defendants, jointly and severally, in the amount of Twenty-Five
Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury
and/or Court deem just and proper.

01/14/2010  08:32   4103321178              CT CORP                      PAGE  20/27

## COUNT XIII – NEGLIGENCE
### The Estate's claim against the Delphi Defendants

61.    Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris
Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1
through 18 as if fully set forth herein.

62.    The Delphi Defendants owed users and consumers, including Boris Averbukh, a
duty to use that degree of care exercised by a reasonably careful designer, manufacturer, and/or
seller engaged in the same business as Delphi.

63.    The Delphi Defendants breached their duties of care and were thereby negligent
in each of the following respects:

a.    By failing to design, inspect, test, assemble and/or manufacture the frontal air bag
system of the Cobalt to be reasonably safe for the ordinary consumer who possesses knowledge
common to the community as its characteristics; and/or

b.    By failing to adequately warn consumers, at the time of manufacture/sale and/or
post-sale, of the danger from the inability of the frontal airbag system of the Cobalt to safely and
properly deploy in reasonably foreseeable types of collisions.

64.    As a direct and proximate result of the combined negligence of the Delphi
Defendants, Boris Averbukh suffered physical pain and suffering, mental anguish, emotional
injury and trauma, and other related injuries and death.

WHEREFORE, Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of
Boris Averbukh hereby demands judgment against the Delphi Defendants, jointly and severally,
in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such
other and further relief as the jury and/or Court deem just and proper.

## COUNT XIV – NEGLIGENCE
### Individual Plaintiffs' claim against the Delphi Defendants

65.    Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 and 61 through 64 as if fully set forth herein.

66.    As a direct and proximate result of the combined negligence of the Delphi Defendants, resulting in the death of Boris Averbukh, a cause of action has accrued in accordance with § 3-901, et. seq., of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland to Plaintiffs and Use Plaintiff for compensation for all the damages, injuries, and losses, past, present, and future, which they have sustained and will sustain in the future including, but not limited to, their severe mental anguish and emotional pain, pecuniary loss, and the loss and deprivation of Boris Averbukh's society, companionship, comfort, care, attention, advice, counsel, services, and support, items that Boris Averbukh would have afforded and rendered to them had he continued to live.

WHEREFORE, Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby demand judgment against the Delphi Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT XV – NEGLIGENCE
### The Estate's claim against Defendant Alla Averbukh

67.    Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 as if fully set forth herein.

68.    Defendant, Alla Averbukh, as the driver of the Cobalt, owed Boris Averbukh a duty to maintain proper control over the vehicle and to avoid running off the road and causing an accident. She breached those duties and was negligent in that she failed to exercise proper control over her car and caused it to leave the roadway and strike a tree.

69.    As a direct and proximate result of the combined negligence of Alla Averbukh, Boris Averbukh suffered physical pain and suffering, mental anguish, emotional injury and trauma, and other related injuries and death.

WHEREFORE, Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh hereby demands judgment against Alla Averbukh, jointly and severally, in an amount in excess of the jurisdiction limit of Thirty Thousand Dollars ($30,000) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT XVI – NEGLIGENCE
### Individual Plaintiffs' claim against Defendant Alla Averbukh

70.    Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 and 67 through 69 as if fully set forth herein.

66.    As a direct and proximate result of the negligence of Alla Averbukh, resulting in the death of Boris Averbukh, a cause of action has accrued in accordance with § 3-901, et. seq., of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland to Plaintiffs

and Use Plaintiff for compensation for all the damages, injuries, and losses, past, present, and future, which they have sustained and will sustain in the future including, but not limited to, their severe mental anguish and emotional pain, pecuniary loss, and the loss and deprivation of Boris Averbukh's society, companionship, comfort, care, attention, advice, counsel, services, and support, items that Boris Averbukh would have afforded and rendered to them had he continued to live.

WHEREFORE, Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, hereby demand judgment against the Delphi Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.


Respectfully submitted,

SALSBURY, CLEMENTS, BEKMAN
MARDER & ADKINS, L.L.C.

By: _____
Gregory G. Hopper
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
Telephone: (410) 539-6633
Facsimile:  (410) 625-9554

| | | |
|---|---|---|
| VLADIMIR AVERBUKH, et al. | * | IN THE |
| Plaintiffs | * | CIRCUIT COURT |
| v. | * | FOR |
| ENTERPRISE RAC COMPANY, et al. | * | PRINCE GEORGE'S COUNTY |
| Defendants | * | Case No. _____ |

*   *   *   *   *   *   *   *   *

### ELECTION FOR JURY TRIAL

Plaintiffs, Vladimir Averbukh, in his individual capacity and as Personal Representative of the Estate of Boris Averbukh, and Alesander Averbukh, in his individual capacity, by and through their attorneys Paul D. Bekman and Gregory G. Hopper of Salsbury, Clements, Bekman, Marder & Adkins, L.L.C., and with notice to the Use Plaintiff, Alla Averbukh, hereby elect to have the above-captioned case heard by a jury.

Respectfully submitted,

SALSBURY, CLEMENTS, BEKMAN
MARDER & ADKINS, L.L.C.

By: _____
Gregory G. Hopper
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
Telephone:  (410) 539-6633
Facsimile:  (410) 625-9554

Circuit Court for Prince George's County
*City or County*

## CIVIL – NON-DOMESTIC CASE INFORMATION REPORT

*DIRECTIONS:*
*Plaintiff: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).*
*A copy must be included for each defendant to be served.*
*Defendant: You must file an Information Report as required by Rule 2-323(h).*
*THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE.*

FORM FILED BY: ☒ PLAINTIFF ☐ DEFENDANT   CASE NUMBER _____
(Clerk to insert)

CASE NAME: Vladimir Averbukh vs. Enterprise RAC Company of MD, LLC, et al
*Plaintiff* *Defendant*

JURY DEMAND: ☒ Yes ☐ No   Anticipated length of trial: _____ hours or _____ days
RELATED CASE PENDING? ☐ Yes ☒ No   If yes, Case #(s), if known: _____

Special Requirements? ☐ Interpreter/communication impairment   Which language _____
(Attach Form 1-332 if Accommodation or Interpreter Needed)   Which dialect _____
☐ ADA accommodation: _____

| NATURE OF ACTION (CHECK ONE BOX) | | DAMAGES/RELIEF | |
|---|---|---|---|
| **TORTS** | **LABOR** | **A. TORTS** | |
| ☐ Motor Tort | ☐ Workers' Comp. | **Actual Damages** | |
| ☐ Premises Liability | ☐ Wrongful Discharge | ☐ Under $7,500 | ☐ Medical Bills |
| ☐ Assault & Battery | ☐ EEO | ☐ $7,500 - $50,000 | $ _____ |
| ☐ Product Liability | ☐ Other _____ | ☐ $50,000 - $100,000 | ☐ Property Damages |
| ☐ Professional Malpractice | **CONTRACTS** | ☒ Over $100,000 | $ _____ |
| ☒ Wrongful Death | ☐ Insurance | | ☐ Wage Loss |
| ☐ Business & Commercial | ☐ Confessed Judgment | | $ _____ |
| ☐ Libel & Slander | ☐ Other _____ | | |
| ☐ False Arrest/Imprisonment | **REAL PROPERTY** | **B. CONTRACTS** | **C. NONMONETARY** |
| ☐ Nuisance | ☐ Judicial Sale | | |
| ☐ Toxic Torts | ☐ Condemnation | ☐ Under $10,000 | ☐ Declaratory Judgment |
| ☐ Fraud | ☐ Landlord Tenant | ☐ $10,000 - $20,000 | ☐ Injunction |
| ☐ Malicious Prosecution | ☐ Other _____ | ☐ Over $20,0000 | ☐ Other _____ |
| ☐ Lead Paint | **OTHER** | | |
| ☐ Asbestos | ☐ Civil Rights | | |
| ☐ Other | ☐ Environmental | | |
| | ☐ ADA | | |
| | ☐ Other | | |

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION**
Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation ☒ Yes ☐ No   C. Settlement Conference ☒ Yes ☐ No
B. Arbitration ☐ Yes ☒ No   D. Neutral Evaluation ☐ Yes ☒ No

**TRACK REQUEST**
*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*
*THIS CASE WILL THEN BE TRACKED ACCORDINGLY.*
☐ 1/2 day of trial or less   ☐ 3 days of trial time
☐ 1 day of trial time   ☒ More than 3 days of trial time
☐ 2 days of trial time

PLEASE SEE PAGE TWO OF THIS FORM FOR INSTRUCTIONS PERTAINING TO THE BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM AND COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR), AS WELL AS ADDITIONAL INSTRUCTIONS IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY, OR BALTIMORE COUNTY.

Date __11/6/09__   Signature _____

CC/DCM 002 (Rev. 5/2009)   Page 1 of 3

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-205 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ Expedited
Trial within 7 months
of Filing

☐ Standard
Trial within 18 months
of Filing

☐ EMERGENCY RELIEF REQUESTED _____

Signature _____  Date _____

## COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO AN ASTAR RESOURCE JUDGE under Md. Rule 16-202. Please check the applicable box below and attach a duplicate copy of your complaint.*

☐ Expedited - Trial within 7 months of Filing          ☐ Standard - Trial within 18 months of Filing

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY, OR BALTIMORE COUNTY PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

## CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

☐ Expedited        Trial 60 to 120 days from notice. Non-jury matters.
☐ Standard-Short   Trial 210 days.
☐ Standard         Trial 360 days.
☐ Lead Paint       Fill in: Birth Date of youngest plaintiff _____.
☐ Asbestos         Events and deadlines set by individual judge.
☐ Protracted Cases Complex cases designated by the Administrative Judge.

## CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

To assist the Court in determining the appropriate Track for this case, check one of the boxes below. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.

☐ Liability is not conceded, but is not seriously in dispute.

☒ Liability is seriously in dispute.

## CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

CC/DCM 002 (Rev. 5/2009)                    Page 3 of 3