# EXHIBIT M

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | Case No. 05-44481 (RDD) |
|  | Jointly Administered |
| Reorganized Debtors. |  |

# DECLARATION OF DEAN UNRUE IN SUPPORT OF REORGANIZED DEBTORS' MOTION FOR SANCTIONS RELATING TO IMPROPER PURSUIT OF MARYLAND STATE COURT ACTION BY AVERBUKHS

Dean Unrue declares, under penalty of perjury, as follows:

1.  I submit this declaration in support of the Reorganized Debtors' Motion for Sanctions Relating to Improper Pursuit of Maryland State Court Action by Averbukhs (the "Motion"). Capitalized terms not otherwise defined in this declaration have the meanings ascribed to them in the Motion.

2.  Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents and data, and my experience with and knowledge of both the claims proceedings in the Reorganized Debtors' chapter 11 cases (the "Chapter 11 Cases"), as well as the costs and fees the Reorganized Debtors have incurred in connection with their various legal proceedings.

3.  Since 2006, I have served as the senior Delphi Claims Administrator and have been responsible for overseeing the reconciliation and settlement of approximately 16,700 proofs of claim filed against the Reorganized Debtors in the chapter 11 cases. I have also been involved with the review and approval of the Reorganized Debtors' payments of various legal costs and fees.

4.      In connection with the Averbukh Claim and the Maryland Action (collectively, the "Actions"), the Reorganized Debtors engaged the law firms of Butzel Long, a professional corporation ("Butzel"), Weinstein Tippetts & Little LLP ("Weinstein"), and Bacon, Thornton & Palmer, L.L.P. ("Bacon") to represent their interests and defend against the Actions. Specifically, Butzel represented the Reorganized Debtors in connection with the Injunction Motion, the Cross-Motion Response, and the Motion filed in the Bankruptcy Court, while Weinstein served as litigation counsel in the Maryland Action and Bacon served as local Maryland counsel.

5.      All legal fees paid by the Reorganized Debtors to Butzel, Weinstein, and Bacon in connection with the Actions were in the amounts shown in those firms' respective invoices, which the Reorganized Debtors paid in full on all occasions, or will be paying in full imminently.

6.      On information and belief, these amounts do not include all legal fees or costs incurred after June 2, 2011, as the most recent of the invoices attached to the Motion only relate to the period through November 30, 2011. Thus, the actual total amount of the Reorganized Debtors' expenditures in connection with the Actions will be greater than the amounts reflected in the invoices attached to the Motion.

7.      Subject to any redactions, the invoices of Butzel, Weinstein, and Bacon that the Reorganized Debtors have attached to the Motion are true and correct copies of the invoices that the Reorganized Debtors received from those firms and subsequently paid in connection with the Actions.

*[Remainder of page intentionally left blank]*

*[Signature page to Declaration of Dean Unrue in Support of Motion]*

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on _____, 2011

_____
Dean Unrue

1312937

3