# EXHIBIT Q

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
Cynthia J. Haffey
Thomas B. Radom
David J. DeVine

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| Reorganized Debtors. | |

### [PROPOSED] ORDER IMPOSING SANCTIONS RELATING TO IMPROPER PURSUIT OF MARYLAND STATE COURT ACTION BY AVERBUKHS

Upon the Reorganized Debtors' Motion For Sanctions Relating To Improper Pursuit of Maryland State Court Action By Averbukhs (the "Motion"); and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and it appearing that the commencement and prosecution of the Maryland State Court Action[1] by the plaintiffs in that action (collectively, the "Averbukhs") violates the discharge and injunction provisions set forth in this Court's prior injunction and orders for the reasons set forth in this Court's October 4, 2011 Order (I) Enforcing Modification Procedures Order, Modified Plan and Plan Modification Order Injunctions and Forty-Seventh Omnibus Claims Objection Order Against Averbukhs, (II) Directing the Averbukhs to Dismiss Maryland State Court Action Against Reorganized Debtors and (III) Denying the Averbukhs' Cross-Motion (the "October 4

---

[1] Capitalized terms not otherwise defined shall have the meanings given to them in the Motion.

1

Order) (Docket No. 21606) and on the record at the September 22, 2011 Hearing on the motion and cross-motion resolved by the Order; and for the reasons stated on the record at the hearing on the Motion on January 12, 2012, which are incorporated herein as findings of fact and conclusions of law in support of the entry of this order; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.   The Motion is granted.

2.   The Averbukhs' law firms (collectively, "Averbukhs' Law Firms") are ordered to pay all legal fees and costs the Reorganized Debtors have incurred from and after June 2, 2011 in connection with the Averbukh Claim and the Maryland Action, which legal fees and costs total $_____ (the "Reimbursement Amount"), minus any amounts paid by the Averbukhs pursuant to Paragraph 3 below. The Averbukhs' Law Firms that are subject to this Order include Salsbury, Clements, Bekman, Marder and Adkins, LLC, The Kuhlman Law Firm, LLC, the Law Offices of Alex Poberesky, P.A., and Weltcheck Mallahan & Weltchek LLC.

3.   Additionally, the Averbukhs are personally required to pay $_____ (the "Averbukh Reimbursement Amount") of the Reimbursement Amount as a result of their violation of Fed. R. Bankr. R. 9011(b)(1) in connection with their pursuit of the Maryland Action for an improper purpose.

4.   The Reimbursement Amount shall be paid jointly and severally by the Averbukhs' Law Firms, and the Averbukh Reimbursement Amount shall be paid jointly and severally by the Averbukhs, based on such parties' violations of the Court's prior orders and pursuit of claims against the Reorganized Debtors relating to the death of Boris Averbukh in the

2

Maryland State Court Action. The Reimbursement Amount and Averbukh Reimbursement amount shall be paid to the Reorganized Debtors on or before February 17, 2012.

     5.     This Court shall retain jurisdiction should issues arise regarding implementation of this Order.

Dated:    White Plains, New York
            _____, 2012

_____
U.S. BANKRUPTCY COURT JUDGE