Hearing Date and Time:  January 12, 2012 at 10:00 a.m. (prevailing Eastern time)
Supplemental Response Date and Time:  January 10, 2012 at 4:00 p.m. (prevailing Eastern time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

## REORGANIZED DEBTORS' SUPPLEMENTAL REPLY WITH RESPECT TO PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 19276

("SUPPLEMENTAL REPLY — UNITED STATES
CUSTOMS AND BORDER PROTECTION")

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Supplemental Reply With Respect To Proof Of Administrative Expense Claim Number 19276 (the "Supplemental Reply") and respectfully represent as follows:

A.   Preliminary Statement

1.   On July 15, 2009, United States Customs and Border Protection (the "Claimant") filed administrative expense claim number 19276 (the "Proof of Claim") against Delphi Corporation ("Delphi").  The Proof of Claim includes (i) $200,000.00 in liquidated damages for Delphi's failure to file reconciliation entries associated with Claimant's Case Number 2009-3801-200854-01 (the "Liquidated Damages Claim"), (ii) $1,239.95 in accrued interest based on four interest-reconciliation entries (the "Interest Claim"), and (iii) unliquidated duties that may liquidate with duty, fees, or other charges due to Claimant (the "Unliquidated Claim," and together with the Liquidated Damages Claim and the Interest Claim, the "Claim"). All liquidated amounts asserted in the Claim have since been fully satisfied; the Claimant has not provided any support in law or fact to support a right to payment under the Unliquidated Claim; and the time to assert other amounts or otherwise amend the Claim has passed.  Accordingly, this Court should enter an order disallowing and expunging the Claim in its entirety.

B.   Background

2.   On October 8 and 14, 2005, Delphi and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Code").

3.   On July 15, 2009, the Claimant filed its Claim.

2

4. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the consummation of the Modified Plan, Delphi emerged from chapter 11 as DPH Holdings Corp.

5. On March 19, 2010, the Reorganized Debtors objected to the Claim pursuant to the Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow and Expunge Certain Administrative Expense (A) Books And Records Claims, (B) Methode Electronics Claims, (C) State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E) Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims, And (I) Severance Claims, (II) Disallow and Expunge (A) A Certain Duplicate Workers' Compensation Claim, (B) A Certain Duplicate Tax Claim, And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers' Compensation Claims and (B) Workers' Compensation Claims, and (IV) Allow Certain Administrative Expense Severance Claims (Docket No. 19711) (the "Forty-Sixth Omnibus Claims Objection").

6. On April 16, 2010, the Claimant filed the Response Of the United States of America To Debtors' Forty-Sixth Omnibus Claims Objection (Docket No. 19867) (the "Response").

7. On December 13, 2011, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Reorganized Debtors' Objection To Proof Of

3

Administrative Expense Claim Number 19276 (Docket No. 21763) (the "Sufficiency Hearing Notice").

8. By the Sufficiency Hearing Notice, the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on January 12, 2012 at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of the Claim and whether the Claim states a colorable claim against Delphi.

9. The Reorganized Debtors are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

10. This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by</u> **January 10, 2012.**

C. <u>Relief Requested</u>

11. By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging proof of administrative expense claim number 19276 in its entirety.

D. <u>Claimant's Burden Of Proof And Standard For Sufficiency Of Claim</u>

12. The Reorganized Debtors respectfully submit that the Claim fails to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Pursuant to Bankruptcy Rule 7012, a claimant must provide facts that

4

plausibly support a claim upon which relief can be granted. Fed. R. Bankr. P. 7012(b). The Claimant has not provided any facts to support a right to further payment by the Reorganized Debtors.[1] Accordingly, the Reorganized Debtors' objection to the Claim should be sustained and the Claim should be disallowed and expunged in its entirety, subject to any rights the Claimant may have under to section 502(j) of the Bankruptcy Code.

    13.  The burden of proof to establish a claim against the Debtors rests on the claimant and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f). See, e.g., In re Spiegel, Inc., Nos. 03-11540, 06-CV-13477, 2007 WL 2456626, at *15 n.6 (S.D.N.Y. Aug. 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); see also In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111,

---

[1] In an attachment to its Proof of Claim, the Claimant attempts to "reserve[ a] right to amend th[e] claim to assert subsequently discovered liabilities." Pursuant to section 9.6(d) of the Modified Plan, "Any claim (whether a newly filed Claim or an amendment to a previously filed Claim) filed after the later of (i) the Effective Date, (ii) with respect to Claims for rejection damages, the bar date established pursuant to Article 8.3 of this Plan for the filing of such claims, (iii) with respect to Claims that are Administrative Claims, the bar date established pursuant to Articles 10.2 and 10.5 of this Plan, or (iv) with respect to Claims that are Prepetition Employee Related Obligations, the bar date established pursuant to Article 7.12(b) of this Plan, shall not be recognized, or recorded on the claims register, by the Claims Agent and shall be disallowed automatically without the need for any objection from the Debtors or the Reorganized Debtors unless such untimely filing is expressly authorized by an order of the Bankruptcy Court." Accordingly, should the Claimant to amend its Administrative Claim such amendment would not be recognized or recorded on the claims register, as the time for such amendments has passed.

113 (D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to make a prima facie case).

        14.      For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014.  See H'rg Tr. 52:24-53:1, Jan. 12, 2007 (Docket No. 7118).  Pursuant to that standard, a motion to dismiss should be granted if a claimant fails to make "'[f]actual allegations . . . enough to raise a right to relief above the speculative level [to a plausible level],' assuming (of course) that all the allegations in the complaint are true." Bradley v. Rell, 703 F. Supp. 2d 109, 115 (N.D.N.Y. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Essentially, a claimant must provide facts that plausibly support a legal liability against the Debtors.

        15.      This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "[a] proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a) requires that the "proof of claim shall conform substantially to the appropriate Official Form" and Bankruptcy Rule 3001(c) requires that "[w]hen a claim . . . is based on a writing, the original

6

or a duplicate shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(a), (c). See H'rg Tr. 52:17-22, Jan. 12, 2007 (Docket No. 7118).

E.   Argument Regarding The Claim

16.   All Liquidated Amounts Asserted In The Claim Have Been Satisfied. In the Response, the Claimant asserts that Reorganized Debtors have not presented any factual or legal support to disallow or expunge the Claim (Response at ¶¶ 6, 7, and 14). The Reorganized Debtors have reviewed the information attached to the Claim and the Response and dispute that any amounts asserted in the Claim, including the Liquidated Damages Claim, the Interest Claim, and the Unliquidated Claim, remain owing.

(a) The Liquidated Damages Claim Has Been Satisfied. In the Proof of Claim, the Claimant assigned Case Number 2009-3801-200854-01 to the Liquidated Damages Claim. In a letter dated September 25, 2009, the Claimant stated that the Liquidated Damages Claim would be cancelled upon payment, within sixty days, of a $500.00 check or money order made payable to the Claimant (See Exhibit A). On October 13, 2009, in check number 0900771707, made payable to the Claimant, the Reorganized Debtors paid $500.00 in satisfaction of the Liquidated Damages Claim. Id. The Claimant closed Case Number 2009-3801-200854-01 and no further amounts are owed.

(b) The Interest Claim Has Been Satisfied. On July 30, 2009, the Debtors paid in full the amounts owed under the Interest Claim by four separate checks made payable to the Claimant, as illustrated in the chart below:

| Customs Bill Number | Entry Number | Amount Claimed | Amount Paid | Check Number |
|---|---|---|---|---|
| 453428072 | 300-48329715 | $858.52 | $858.52 | 0900766529 (See Exhibit B) |

7

| | | | | |
|---|---|---|---|---|
| 453428083 | 300-48329897 | $92.12 | $92.12 | 0900766526 (See Exhibit B) |
| 453428094 | 300-48330119 | $120.09 | $120.09 | 0900766525 (See Exhibit B) |
| 453428107 | 300-48330317 | $169.22 | $169.22 | 0900766528 (See Exhibit B) |
| **Total** | | $1,239.95 | $1,239.95 | |

17.     <u>The Claimant cannot provide support in law or fact to support the Unliquidated Claim.</u>  The Claimant, in its Proof of Claim and its Response, has not proven any set of facts that support a right to payment from the Reorganized Debtors with respect to the Unliquidated Claim.  Accordingly, the Reorganized Debtors assert that (a) the Claimant has not met its burden of proof to establish a claim against the Reorganized Debtors, (b) the Unliquidated Claims are not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f), and (c) the Unliquidated Claim fails to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012.  Because the Claimant cannot provide facts or law supporting its claims, the Unliquidated Claim should be disallowed and expunged in its entirety, subject to any rights the claimant may have under section 502(j) of the Bankruptcy Code.  Moreover, the Reorganized Debtors' books and records for this vendor reflect a zero balance.  Accordingly, the Claim should be disallowed and expunged in its entirety.

F.     <u>Conclusion</u>

18.     For the foregoing reasons, the Reorganized Debtors assert that the Claim has been fully satisfied and no longer asserts a viable claim against the Debtors.  Accordingly, this Court should enter an order disallowing proof of administrative expense claim number 19276 in its entirety.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:   New York, New York
         December 30, 2011

                    SKADDEN, ARPS, SLATE, MEAGHER
                        & FLOM LLP

                    By:   /s/ John K. Lyons
                        John Wm. Butler, Jr.
                        John K. Lyons
                        Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

9