**Hearing Date and Time: January 12, 2012 at 10:00 a.m. (prevailing Eastern time)**
     **Supplemental Response Date and Time: January 10, 2012 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

  - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036


Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
              :
  In re           :  Chapter 11
              :
DPH HOLDINGS CORP., et al.,   :  Case Number 05-44481 (RDD)
              :
              :  (Jointly Administered)
    Reorganized Debtors.    :
              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

    **REORGANIZED DEBTORS' SUPPLEMENTAL REPLY WITH RESPECT
       TO PROOF OF CLAIM NUMBER 2578**

      ("SUPPLEMENTAL REPLY REGARDING U.S. DEPARTMENT
        OF HEALTH AND HUMAN SERVICES CLAIM")

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Supplemental Reply With Respect To Proof Of Claim Number 2578 (the "Supplemental Reply"), and respectfully represent as follows:

A. <u>Preliminary Statement</u>

1. On April 6, 2006, the United States Department of Health and Human Services (the "Claimant") filed proof of claim number 2578 asserting a claim in the amount of $65,799.34 against Delphi Automotive Systems LLC ("DAS LLC") stemming from alleged liabilities related to overpayment of Medicare Program benefits (the "Claim"). In order to expedite the resolution of the Claim, the Reorganized Debtors seek to allow the Claim in the liquidated amount asserted by the Claimant. Accordingly, this Court should enter an order allowing proof of claim number 2578 as a general unsecured non-priority claim in the liquidated amount requested by the Claimant.

B. <u>Background</u>

2. On October 8 and 14, 2005, Delphi and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

3. On April 6, 2006, the Claimant filed the Claim.

4. On November 19, 2007, the Debtors objected to the Claim pursuant to the Debtors' Twenty-Third Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain Claims Not Reflected On Debtors'

Books And Records, And (E) Certain Claims Subject To Modification, Modified Claims Asserting Reclamation, Claim Subject To Modification That Is Subject To Prior Order, And Modified Claim Asserting Reclamation That Is Subject To Prior Order (Docket No. 10982) on the grounds that such claim asserted liabilities or dollar amounts that are not reflected on the Debtors' books and records.

5. On December 13, 2007, the Claimant filed the United States Of America's Response To Motion To Debtors' Objection To The Claim Of The Department Of Health And Human Services (Docket No. 11442), in which the Claimant asserts that the Debtors did not provide a sufficient basis on which to expunge the Claim (the "Response").

6. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp and DPH-DAS LLC, respectively.

7. In June 2010, the Reorganized Debtors requested documentation from the Claimant to support their overpayment assertion of $65,799.34. The Reorganized Debtors received approximately 350 pages of documentation related to seventy individual Medicare beneficiaries for review.

8. On December 13, 2011, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Reorganized Debtors' Objection To Proof Of Claim Number 2578 (Docket No. 21762) (the "Sufficiency Hearing Notice").

9. By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Seventeenth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered October 19, 2011 (Docket No. 21657), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on January 12, 2012 at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of the proof of claim filed by the Claimant and whether their proof of claim states a colorable claim against the asserted Debtor.

10. The Reorganized Debtors are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6(a).

11.     This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing — i.e., by **January 10, 2012**.

C.    Relief Requested

12.     By this Supplemental Reply, the Reorganized Debtors request entry of an order allowing proof of claim number 2578 in the liquidated amount of $65,799.34, as requested by the Claimant.[1]

D.    Argument Regarding The Claim

13.     After conducting a detailed review for each of the seventy beneficiaries, the Reorganized Debtors reconciled the Claim and have attempted to negotiate a settlement.  To resolve the Claim in a cost effective and expeditious manner, the Reorganized Debtors have compromised the Claim to be allowed in the liquidated amount asserted, $65,799.34, and to be treated as an allowed general unsecured non-priority claim against DPH-DAS LLC in accordance with the terms of the Modified Plan.

---

[1] In an attachment to proof of claim number 2578, the Claimant attempts to "reserve[ a] right to amend th[e] claim to assert subsequently discovered liabilities." Pursuant to section 9.6(d) of the Modified Plan, "Any claim (whether a newly filed Claim or an amendment to a previously filed Claim) filed after the later of (i) the Effective Date, (ii) with respect to Claims for rejection damages, the bar date established pursuant to Article 8.3 of this Plan for the filing of such claims, (iii) with respect to Claims that are Administrative Claims, the bar date established pursuant to Articles 10.2 and 10.5 of this Plan, or (iv) with respect to Claims that are Prepetition Employee Related Obligations, the bar date established pursuant to Article 7.12(b) of this Plan, shall not be recognized, or recorded on the claims register, by the Claims Agent and shall be disallowed automatically without the need for any objection from the Debtors or the Reorganized Debtors unless such untimely filing is expressly authorized by an order of the Bankruptcy Court." Accordingly, should the Claimant to amend its Administrative Claim such amendment would not be recognized or recorded on the claims register, as the time for such amendments has passed.

E.   Conclusion

14.   For the foregoing reasons, and because the Claimant has never provided any legal argument that it is entitled to a claim other than that which was asserted as part of its original, prepetition claim, this Court should enter an order allowing the Claim as a general unsecured non-priority claim against DPH-DAS LLC in the amount of $65,799.34.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) allowing proof of claim number 2578 in the amount of $65,799.34, which shall be treated as an allowed general unsecured non-priority claim against DPH-DAS LLC in accordance with the terms of the Modified Plan, and (b) granting such further and other relief this Court deems just and proper.

Dated:   New York, New York
         December 30, 2011

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP

By:   /s/ John K. Lyons
      John Wm. Butler, Jr.
      John K. Lyons
      Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors