Hearing Date and Time: January 12, 2012 at 10:00 a.m. (ET)

SALSBURY, CLEMENTS, BEKMAN,
 MARDER & ADKINS
300 West Pratt Street, Suite 450
Baltimore, Maryland 21201
hopper@scbmalaw.com

In Proper Person

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | : | Chapter 11 |
|---|---|---|
| DPH HOLDINGS CORP., *et al.*, | : | Case No. 05-44481 (RDD) |
|  | : | Jointly Administered |
| Reorganized Debtors. | : |  |

## (I) PRELIMINARY RESPONSE OF SALSBURY, CLEMENTS, BEKMAN, MARDER & ADKINS TO THE REORGANIZED DEBTORS' MOTION FOR SANCTIONS RELATED TO THE ALLEGED IMPROPER PURSUIT OF MARYLAND STATE COURT ACTION BY AVERBUKHS AND (II) CROSS-MOTION TO CONTINUE THE HEARING ON THE MOTION AND TO EXTEND THE OBJECTION DEADLINE

In response to the Reorganized Debtors' motion for sanctions related to the alleged improper pursuit of a Maryland state court action (the "Motion"), Salsbury, Clements, Bekman, Marder & Adkins (referred to herein as "SCBMA"), in proper person, submits:

1. SCBMA, in conjunction with the Kuhlman Law Firm, represented Alesander and Vladamir Averbukh and the Estate of Boris Averbukh in an auto products liability case in Maryland state court.

2. SCBMA incorporates by reference the arguments advanced by the Averbukhs in their Preliminary Response to the Motion for Sanctions and Cross-Motion to Continue the Hearing on the Motion as if set forth fully herein. It also requests the same relief sought by the Averbukhs in their Response and Cross-Motion.

3. SCBMA also incorporates by reference the arguments advanced by the Kuhlman Law Firm in its Preliminary Response to the Motion for Sanctions and the relief it sought.

4. In addition, SCBMA states the following:

• **Delphi did not contact SCBMA nor its attorneys at any time to demand that they dismiss the Maryland state court action**. It should be noted that Delphi neither disputes this fact nor offers a single contrary factual allegation in its Motion for Sanctions.

• **Delphi's claim for sanctions under Fed. R. Civ. P. 11 and Fed. R. Bankr. P. 9011 are barred by the 21 day safe harbor provisions found in both rules**. Under both the Civil Procedure and Bankruptcy Rules, before a party that intends to seek sanctions can file a motion with the Court, it must serve copies on all of the parties against whom sanctions will be sought. See Fed. R. Civ. P. 11(c)(2) and Fed. R. Brankr. P. 9011(c)(1)(A). The Rules make it clear that a motion for sanctions can only be raised if the adverse parties fail to withdraw the offending claim or take other action to correct the issue within 21 days of being served. See id. In this case, Delphi did not serve SCBMA or the other parties with its Motion for Sanctions until December 23, 2011, the same day it filed the Motion with the Court. This is important for two reasons. First, the Motion for Sanctions is procedurally defective and is not properly before the Court. Second, by the time Delphi put SCBMA and the other parties on notice of its intention, the Maryland state products liability claim against Delphi had already been dismissed with prejudice for almost two months. See Stip. of Dism. attached to Delphi's Mot. as Ex. 1. Even if Delphi were to correct the procedural defect in its Motion or the Court were to decide that filing the Motion somehow complied with the notice requirements under the Rules, the offending claim has already been dismissed and their safe harbor provisions would make sanctions inappropriate.

2

WHEREFORE, and for the foregoing reasons, Salsbury, Clements, Bekman, Marder & Adkins, respectfully requests that this Court either DENY the Motion for Sanctions outright or, in the alternative, continue the hearing on the Motion (and the objection deadline on the Motion) to dates sufficient to permit it to conduct discovery.

Dated: January 3, 2012

_____
Gregory G. Hopper, Partner in the Law Firm of
Salsbury, Clements, Bekman, Marder & Adkins
300 West Pratt Street, Suite 450
Baltimore, Maryland 21201

In Proper Person