# EXHIBIT E

# EXHIBIT E

*Please return a date stamped copy.*

| | |
|---|---|
| VLADIMIR AVERBUKH, Individually and as Personal Representative of the Estate of Boris Averbukh § § § | IN THE |
| § | |
| And § | CIRCUIT COURT |
| § | |
| ALESANDER AVERBUKH, Individually, § | FOR |
| § | |
| Plaintiffs, § | PRINCE GEORGE'S COUNTY |
| § | |
| And § | MARYLAND |
| § | |
| ALLA AVERBUKH, Individually, § | |
| § | CASE NO. CAE09-35924 |
| Use Plaintiff § | |
| § | |
| v. § | |
| § | |
| ENTERPRISE RAC COMPANY OF MARYLAND, LLC § | |
| § | |
| ENTERPRISE LEASING COMPANY § | |
| § | |
| ENTERPRISE RENT-A-CAR COMPANY § | |
| § | |
| DELPHI CORPORATION § | |
| § | |
| DELPHI AUTOMOTIVE SYSTEMS LLC § | |
| § | |
| THE ROCKMONT MOTOR COMPANY § | |
| § | |
| ALLA AVERBUKH § | |
| § | |
| Defendants. § | |

### DPH-DAS LLC'S MOTION FOR ENTRY OF NON-SHARING PROTECTIVE ORDER

Defendant DPH-DAS LLC ("Delphi") files this Motion for entry of Non-Sharing Protective Order, and respectfully submits as follows:

## INTRODUCTION

1. This is a product liability lawsuit involving a 2006 Chevrolet Cobalt. Plaintiffs allege the right front passenger's frontal air bag system in the subject vehicle is defective.

2. Plaintiffs' cause of action arises out of a single vehicle incident that occurred on April 7, 2007, in Prince George's County, Maryland. Plaintiffs allege Use Plaintiff Alla Averbukh was driving the 2006 Chevrolet Cobalt when it left the roadway while on the exit ramp from southbound I-95 to westbound 212 and struck a tree. Plaintiffs further allege the driver air bag deployed and the passenger air bag did not deploy in the crash.

## DELPHI'S PROPOSED PROTECTIVE ORDER

3. Plaintiffs served Delphi with their first set of Requests for Production on May 7, 2010. Plaintiffs have since sent three additional sets of requests for production totaling 109 separate document requests. Plaintiffs' requests seek confidential and trade secret documents from Delphi that can only be produced with the protection afforded by a protective order.

4. On July 16, 2010, Delphi sent a Proposed Stipulated Order Regarding Confidentiality of Discovery Material to counsel for Plaintiffs. Plaintiffs indicated they would be unable to agree to a protective order without a provision allowing plaintiffs to share documents produced by Delphi with other "like situated plaintiffs." Plaintiffs also could not agree to the provision requiring Plaintiffs' counsel to return or destroy Delphi's confidential documents following conclusion of the litigation.

5. In order to move discovery forward, Delphi has produced protected documents in response to Plaintiffs' requests with Plaintiffs' agreement that the documents will not be disseminated or shared outside of this litigation until the protective order issue is resolved.

6.    Delphi and Plaintiffs have conferred in good faith to reach a resolution on this matter. Plaintiffs agree a protective order is appropriate. In addition, Delphi and Plaintiffs agree on a majority of the core terms of the proposed protective order. However, Plaintiffs and Delphi disagree over whether Plaintiffs and/or Plaintiffs' counsel may share Delphi's confidential documents and/or use the documents in other lawsuits and whether Plaintiffs must return or destroy Delphi's confidential documents following conclusion of the litigation.

7.    As detailed below, non-sharing provisions are permissible in protective orders under the Maryland Rules of Civil Procedure. Delphi faces severe prejudice and particularized harm if its confidential documents are disseminated to other litigants' attorneys or reach the hands of competitors. Accordingly, Delphi's motion should be granted.

## LAW AND ARGUMENT

### I. THE COURT SHOULD ENTER DELPHI'S REQUESTED PROTECTIVE ORDER

#### A. Non-Sharing Protective Orders Are Permissible Under the Maryland Rules

Under Maryland Rule of Civil Procedure 2-403(a)(8), "for good cause shown, the court may enter any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: …(8) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a specified way." Accordingly, Maryland law expressly permits courts to issue protective orders for trade secrets and confidential business information to both shield this type of information from production completely or to specifically determine how the information will be disclosed. *Id.*

When interpreting a Maryland Rule that is similar to a Federal Rule of Civil Procedure, Maryland courts may look for guidance to federal decisions construing the corresponding federal

rule. *Tanis v. Crocker*, 110 Md. App. 559, 574; 678 A.2d 88, 95 (Md. App. 1996). As Md. Rule 2-403(a) is based in large part on Fed. R. Civ. P. 26(c), the interpretation federal courts have lent to F.R.C.P. 26(c) may be considered when applying Md. Rule 2-403(a). *Id.*

Many jurisdictions expressly permit district courts to issue protective orders pursuant to Rule 26(c) and recognize that private litigants have protectable privacy interests in confidential information disclosed through discovery. *See, e.g., In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987).

Additionally, numerous courts in other jurisdictions recognize the need to enter protective orders that strike a balance between a litigant's right of access to discoverable information against the adverse party's right to maintain the confidentiality of otherwise proprietary documents. These courts expressly recognize the propriety of entering protective orders with the same type of non-sharing and return/destroy provisions contained in Delphi's proposed protective order. *See, e.g., Pfeiffer v. K-Mart Corp.*, 106 F.R.D. 235, 237 (S.D. Fla. 1985) (holding that confidential documents produced pursuant to protective order may be used only for the pending litigation and must be returned to the producing party at the conclusion of the litigation); *Culinary Foods v. Raychem*, 151 F.R.D. 297 (N.D. Ill. 1993) (protective order prohibited dissemination of confidential information to litigants in other cases against Raychem); *Jochims v. Isuzu Motors, Ltd.*, 151 F.R.D. 338 (D. Iowa 1993) (sharing of confidential materials with other litigants prohibited).

### B. Plaintiffs Will Not Be Prejudiced by a Non-Sharing Protective Order

Plaintiffs in this case will suffer no prejudice if the Court enters Delphi's proposed protective order containing the non-sharing and return/destroy provisions. Plaintiffs will have full access to the documents Delphi produces for all purposes during this litigation. They are

free to use the documents to develop their product liability claims and defect theories against Delphi in this case. Applying appropriate safeguards, Plaintiffs are free to show Delphi's confidential documents to their experts, to examine witnesses with the documents during depositions, and to use the documents at trial. The only things Plaintiffs will not be able to do is share the documents with those not involved in this litigation and keep the documents after the litigation is over. These restrictions are not only reasonable, but they are necessary to protect Delphi's legitimate business interests.

### C. Delphi Would Be Severely Prejudiced and Suffer a Particularized Harm if Its Confidential Documents Are Shared

Plaintiffs do not dispute that Delphi's documents are confidential and entitled to protection.[1] Rather, the parties disagree as to whether those confidential documents may be used by Plaintiffs' counsel in other cases, as well as by other counsel in other cases. Counsel for plaintiffs in other cases against Delphi can simply seek whatever discovery is relevant to the claims in those specific cases, at which time Delphi will produce whatever confidential documents are relevant to the claims in that case -- presumably under a similarly appropriate protective order.

By not allowing Plaintiffs or Plaintiffs' counsel to broadly share Delphi's confidential documents, Delphi may be secure in knowing that its confidential and proprietary information is not floating about in the public sphere, among unknown recipients, and the Court may effectively enforce its protective order. *See Raychem*, 151 F.R.D. at 307. Furthermore, requiring Plaintiffs' counsel to return Delphi's confidential documents at the conclusion of this litigation helps ensure

---

[1] Indeed, courts have routinely characterized the types of documents at issue here as confidential, proprietary, and trade secret. *See, e.g., Jochims v. Isuzu Motors, Ltd.*, 151 F.R.D. 338, 341-42 (D. Iowa 1993) (internal automotive engineering standards, test reports, and design and development documents for Isuzu Trooper were trade secrets for which non-sharing protective order was granted); *Smith v. BIC Corp.*, 869 F.2d 194 (3d Cir. 1989) (holding BIC's product design and quality control documents are trade secrets entitled to protective order).

that the documents will not be inadvertently or improperly disseminated and makes enforcement of the protective order by this Court less burdensome.

Delphi would be severely prejudiced and suffer a particularized harm if its documents are shared. If Delphi's confidential and proprietary documents are obtained by a competitor, Delphi would be at a significant disadvantage. Courts recognize that when documents are shared with other litigants' counsel, a significant risk is posed that those documents will be obtained by competitors. *See Raychem*, 151 F.R.D. at 307.[2]

The more individuals who are given access to confidential and protected documents, the more difficult it is to prevent the documents from being accidentally or intentionally improperly disseminated, a fact which makes it virtually impossible to determine who violated this Court's protective order. A sharing provision, as proposed by Plaintiffs, would allow protected documents to be distributed to such a large universe that, for all practical purposes, it would be impossible to control their dissemination. Further, once the parties are no longer before the Court, there is nothing that can be done to retract the improperly disseminated materials, which can easily and very quickly get into the wrong hands, such as competitors.

Given that there is no dispute between the parties that some of Delphi's documents are confidential and contain proprietary information, Plaintiffs cannot reasonably assert that Delphi will not be prejudiced if its confidential and proprietary documents find their way into the public domain. If Plaintiffs are permitted to disseminate these documents during or after this litigation, there is no way to protect Delphi from the compromise of competitive confidential and trade secret information that would result if the documents are obtained by a competitor.

---

[2] *See, e.g., Raychem*, 151 F.R.D. at 307 (acknowledging that *Raychem* had been the victim of previous protective order violations and that the plaintiff had received information from other cases in violation of protective orders).

The substantial prejudice and particularized harm facing Delphi upon dissemination of its documents can be limited, if not prevented altogether, if the confidential documents are limited to use in this case only, and then returned or destroyed. Accordingly, the Court should enter Delphi's requested protective order attached as Exhibit 1 to this motion.

## CONCLUSION

Plaintiffs will not be harmed if Delphi's proposed protective order is entered. Plaintiffs and their counsel should not be permitted to proliferate Delphi's commercially sensitive and confidential documents without notice. If Delphi's confidential documents are disseminated, Delphi would be placed at a competitive disadvantage. There is no public interest outweighing Delphi's interest in protecting its confidential and proprietary documents.

WHEREFORE, for all these reasons, for good cause, and in the interests in justice, Delphi respectfully requests that the Court enter its proposed protective order.

Respectfully submitted,

WEINSTEIN TIPPETTS & LITTLE LLP

*David B. Weinstein (by PAS)*
David B. Weinstein, admitted *pro hac vice*
Katheryne R. MarDock, *admitted pro hac vice*
Weinstein Tippetts and Little
7660 Woodway, Suite 500
Houston, Texas 77063
Telephone: 713.244.0800
Facsimile: 713.244.0801

OF COUNSEL:
Patricia Thornton
BACON, THORNTON & PALMER, L.L.P.
6411 Ivy Lane Suite 500
Greenbelt, Maryland 20770
Telephone: 301.345.7001
Facsimile: 301.345.7075

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was sent via U.S. Mail, postage prepaid, on this 17th day of August 2011 to:

Jonathan Cohen
Troutman Sanders LLP
401 9th Street, NW, Suite 1000
Washington, DC 20004-2134
**Attorneys for Defendant**
**Enterprise RAC of Maryland, LLC**

John C. Lynch, Esquire
Jack D. Lapidus, Esquire
Macleay, Lynch, Gregg & Lynch
1629 K Street, NW, Suite 802
Washington, DC 20006

Edward W. Gray
Eckert Seamans
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
**Attorneys for Rockmont Motor Company**

James E. Green, Jr., Esquire
Conner & Winters
4000 One Williams Center
Tulsa, OK 74172
**Attorneys for Defendant**
**Enterprise Rent-A-Car Company**
**n/k/a Enterprise Holdings, Inc.**

Timothy E. Fizer
Krause, Fizer, Crogan & Lopez
600 Red Brook Blvd, Suite 650
Owings Mills, MD 21117
**Attorneys for Defendant**
**The Rockmont Motor Company**

Marsha Krawitz Samuels, Esquire
O'Connor Grant & Samuels
401 Washington Ave, Suite 400
Towson, MD 21204
**Attorneys for Alla Averbukh**

Robert J. Weltchek
Kristopher A. Mallahan
Weltchek Mallahan & Weltchek
2330 W. Joppa Road, Suite 203
Lutherville, MD 21093
**Attorneys for Plaintiff Alla Averbukh**

_/s/ David B Weinstein by RuS_

### IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND
### CIVIL DIVISION

| | |
|---|---|
| VLADIMIR AVERBUKH, et al. | \* |
| Plaintiffs | \* |
| v. | \*    Civil Case #   CAL09-35924 |
| ENTERPRISE RAC COMPANY OF MARYLAND, LLC, et al. | \* |
| Defendants | \* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### PROTECTIVE ORDER REGARDING
### CONFIDENTIALITY OF DISCOVERY MATERIAL

It is this _____ day of _____, by the Circuit Court for Prince George's County, Maryland Civil Division, ORDERED:

1. Designation of Discovery Materials as Confidential. All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information as set forth below:

(a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the words "CONFIDENTIAL" or "PRODUCED UNDER PROTECTIVE ORDER". One who provides material may designate it as confidential only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information. The designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. Inadvertent or unintentional production of documents without prior designation as confidential shall not be

deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

(b)  Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL", as described above, shall also be deemed to be designated as "CONFIDENTIAL".

(c)  Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(d)  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under the Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i)  Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to the provisions of this Order requiring that the documents and information be held in confidence.

(ii)  Disclosure, for purposes of assessing and evaluating the claims and defenses, may be made to a named party (or in the case of a non-individual a designated representative) and the insurance claims adjuster assigned to the file. Prior to disclosure to any

named party, designated party representative or insurance claims adjuster, such person must execute an acknowledgement (in the form set forth in Exhibit A hereto) that he or she has read and understands the terms of this Order and is bound by it.

(iii)   Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iv)   Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must execute an acknowledgement (in the form set forth in Exhibit A hereto) that he or she has read and understands the terms of this Order and is bound by it.

(v)   Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this lawsuit. Prior to disclosure to any expert, the expert must execute an acknowledgement (in the form set forth in Exhibit A hereto) that he or she has read and understands the terms of this Order and is bound by it.

(e)   Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(f)   All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential

under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2.  Confidential Information Filed with Court. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _____", together with a simultaneous motion pursuant to Rule 2-403(a) of the Maryland Rules of Civil Procedure (hereinafter the "Interim Sealing Motion"). The Interim Sealing Motion shall be governed by Rule 2-403(a) of the Maryland Rules of Civil Procedure. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph 4 of this Confidentiality Order.

3.  Party Seeking Greater Protection Must Obtain Further Order. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph 1 of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Rule 2-403(a) of the Maryland Rules of Civil Procedure.

4.  Challenging Designation of Confidentiality. A designation of Confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The parties shall not be required to challenge the confidential designation of a document at the time the designation is

ND: 4832-3870-3370, v. 1

made. If the parties disagree with the designation of any document as confidential, the parties shall first try to resolve such dispute in good faith. If the dispute cannot be so resolved, the objecting party or parties may seek appropriate relief from the Court.

5.  Disposition of Confidential Materials at Conclusion of Litigation. At the conclusion of the litigation, all documents and other tangible materials treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, such materials may be destroyed instead of being returned. All electronic data and other intangible materials and information shall be destroyed by deletion or other means reasonably calculated to assure they are no longer accessible. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of this litigation, including any appeals.

SIGNED the _____ day of _____, 2011.

_____
JUDGE PRESIDING

ND: 4832-3870-3370, v. 1

## EXHIBIT A

## CONFIDENTIALITY DECLARATION

I hereby declare that I am to receive Confidential Information designated as "Confidential", pursuant to the terms of the Protective Order, in the case of <u>Vladimir Averbukh v. Enterprise Leasing Co., et al.</u>, pending in the Circuit Court for Prince George's County, Maryland, Case No.: CAL 09-35924. I further declare that I have read a copy of the Protective Order, that I agree to be bound by all terms set forth in the Protective Order, and that I hereby submit to the jurisdiction of the aforesaid Court for the limited purpose of any proceeding to enforce the terms of the Protective Order.

_____   _____
Date Signed                             Declarant's Signature

                                        _____
                                        Printed Name

                                        _____
                                        Address

                                        _____
                                        City, State, Zip Code

ND: 4832-3870-3370, v. 1

| | |
|---|---|
| VLADIMIR AVERBUKH, Individually and as Personal Representative of the Estate of Boris Averbukh | § IN THE |
| | § |
| | § CIRCUIT COURT |
| And | § |
| | § FOR |
| ALESANDER AVERBUKH, Individually, | § |
| | § PRINCE GEORGE'S COUNTY |
| Plaintiffs, | § |
| | § MARYLAND |
| And | § |
| | § |
| ALLA AVERBUKH, Individually, | § CASE NO. CAE09-35924 |
| Use Plaintiff | § |
| v. | § |
| ENTERPRISE RAC COMPANY OF MARYLAND, LLC | § |
| ENTERPRISE LEASING COMPANY | § |
| ENTERPRISE RENT-A-CAR COMPANY | § |
| DELPHI CORPORATION | § |
| DELPHI AUTOMOTIVE SYSTEMS LLC | § |
| THE ROCKMONT MOTOR COMPANY | § |
| ALLA AVERBUKH | § |
| Defendants. | § |

**AMENDED CERTIFICATE OF SERVICE FOR
DPH-DAS LLC'S MOTION FOR ENTRY OF
NON-SHARING PROTECTIVE ORDER**

Defendant DPH-DAS LLC ("Delphi") files this Amended Certificate of Service to its Motion for entry of Non-Sharing Protective Order, and respectfully submits as follows:

1. Delphi filed its Motion for entry of Non-Sharing Protective Order on August 17, 2011. However, the following parties were inadvertently not included in the Certificate of Service and not served with the Motion:

| | |
|---|---|
| Bradley D. Kuhlman<br>Chad C. Lucas<br>The Kuhlman Law Firm, LLC<br>1100 Main Street, Suite 2550<br>Kansas City, Missouri 64105<br>**Attorneys for Plaintiffs** | Gregory G. Hopper<br>Salsbury, Clements, Bekman, Marder<br>  & Adkins, L.L.C.<br>300 W. Pratt Street, Suite 450<br>Baltimore, Maryland 21201<br>**Attorneys for Plaintiffs** |

2. Delphi hereby serves this amended Certificate of Service and serves its Motion for entry of a Non-Sharing Protective Order on the above parties. Delphi further requests the above parties be allowed time to respond to the Motion for entry of Non-Sharing Protective Order from the date of service below.

Respectfully submitted,

**WEINSTEIN TIPPETTS & LITTLE LLP**

*David B. Weinstein* | by PT

David B. Weinstein
*Admitted pro hac vice*
Katheryne R. Worley
*Admitted pro hac vice*
Weinstein Tippetts and Little
7660 Woodway, Suite 500
Houston, Texas 77063
Telephone: 713-244-0800
Facsimile: 713-244-0801

OF COUNSEL:
Patricia Thornton
**BACON, THORNTON & PALMER, L.L.P.**
6411 Ivy Lane Suite 500
Greenbelt, Maryland 20770
Telephone: 301-345-7001
Facsimile: 301-345-7075

ND: 4829-6766-0298, v. 1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was sent via U.S. Mail, postage prepaid, on this 9th day of September 2011 to:

Jonathan Cohen
Troutman Sanders LLP
401 9th Street, NW, Suite 1000
Washington, DC 20004-2134
**Attorneys for Defendant**
**Enterprise RAC of Maryland, LLC**

Edward W. Gray
Eckert Seamans
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
**Attorneys for Rockmont Motor Company**

Timothy E. Fizer
Krause, Fizer, Crogan & Lopez
600 Red Brook Blvd, Suite 650
Owings Mills, MD 21117
**Attorneys for Defendant**
**The Rockmont Motor Company**

Marsha Krawitz Samuels, Esquire
O'Connor Grant & Samuels
401 Washington Ave, Suite 400
Towson, MD 21204
**Attorneys for Alla Averbukh**

Robert J. Weltchek
Kristopher A. Mallahan
Weltchek Mallahan & Weltchek
2330 W. Joppa Road, Suite 203
Lutherville, MD 21093
**Attorneys for Plaintiff Alla Averbukh**

John C. Lynch, Esquire
Jack D. Lapidus, Esquire
Macleay, Lynch, Gregg & Lynch
1629 K Street, NW, Suite 802
Washington, DC 20006

James E. Green, Jr., Esquire
Conner & Winters
4000 One Williams Center
Tulsa, OK 74172
**Attorneys for Defendant**
**Enterprise Rent-A-Car Company**
**n/k/a Enterprise Holdings, Inc.**

Gregy G. Hopper
Salsbury, Clements, Bekman, Marder
    & Adkins, L.L.C.
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
**Attorneys for Plaintiffs**

Bradley D. Kuhlman
Cad C. Lucas
The Kuhlman Law Firm, LLC
1100 Main Street, Suite 2550
Kansas City, Missouri 64105
**Attorneys for Plaintiffs**

_David B. Weinstein by PMT_

ND: 4829-6766-0298, v. 1