# EXHIBIT F

# EXHIBIT F

| | | |
|---|---|---|
| VLADIMIR AVERBUKH, Individually and as Personal Representative of the Estate of Boris Averbukh | * | IN THE |
| | * | CIRCUIT COURT |
| And | * | FOR |
| ALESANDER AVERBUKH, Individually | * | PRINCE GEORGE COUNTY |
| Plaintiffs | * | |
| v. | * | CASE NO.: CAL09-35924 |
| DELPHI CORPORATION, et al. | * | |
| Defendants | * | |

## DEFENDANT DPH-DAS, LLC'S RESPONSES TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION

Defendant DPH-DAS LLC (formerly known as Delphi Automotive Systems LLC) ("Delphi") serves the following Responses to Plaintiffs' Second Request for Production.

                              Respectfully submitted,

                              WEINSTEIN TIPPETTS & LITTLE LLP

                              */s/ Katheryne R. MarDock*
                              David B. Weinstein
                              *Admitted pro hac vice*
                              Katheryne R. MarDock
                              *Admitted pro hac vice*
                              Weinstein Tippetts and Little
                              7660 Woodway, Suite 500
                              Houston, Texas 77063
                              Telephone: 713.244.0800
                              Facsimile: 713.244.0801

OF COUNSEL:
Patricia Thornton
BACON, THORNTON & PALMER, L.L.P.
6411 Ivy Lane Suite 500
Greenbelt, Maryland 20770
Telephone:   301.345.7001
Facsimile:   301.345.7075

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing was sent via U.S. Mail, postage prepaid, on this 26th day of August, 2010 to:

Jonathan Cohen
Troutman Sanders LLP
401 9th Street, NW, Suite 1000
Washington, DC 20004-2134
**Attorneys for Defendant**
**Enterprise RAC of Maryland, LLC**

Edward W. Gray
Eckert Seamans
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
**Attorneys for Rockmont Motor Company**

Timothy E. Fizer
Krause, Fizer, Crogan & Lopez
600 Red Brook Blvd, Suite 650
Owings Mills, MD 21117
**Attorneys for Defendant**
**The Rockmont Motor Company**

Marsha Krawitz Samuels, Esquire
O'Connor Grant & Samuels
401 Washington Ave, Suite 400
Towson, MD 21204
**Attorneys for Alla Averbukh**

John C. Lynch, Esquire
Jack D. Lapidus, Esquire
Macleay, Lynch, Gregg & Lynch
1629 K Street, NW, Suite 802
Washington, DC 20006

James E. Green, Jr., Esquire
Conner & Winters
4000 One Williams Center
Tulsa, OK 74172
**Attorneys for Defendant**
**Enterprise Rent-A-Car Company**
**n/k/a Enterprise Holdings, Inc.**

Gregory G. Hopper
Paul D. Bekman
SALSBURY CLEMENTS BEKMAN MARDER &
ADKINS, L.L.C.
300 West Pratt Street, Suite 450
Baltimore, Maryland 21201
**Attorneys for Plaintiffs**

Brad Kuhlman
Chad Lucas
THE KUHLMAN LAW FIRM
1100 Main Street
Kansas City, Missouri 64106
**Attorneys for Plaintiffs**

*/s/ Katheryn R. Ma[illegible]*

ND: 4843-2776-4231, v. 1        2

## PREFATORY NOTES

1.  **Component parts supplied by Delphi:** For the subject vehicle platform, the GMX 001, which includes the subject 2006 Chevrolet Cobalt, Delphi supplied only the occupant classification system, known as PODS-B, in the right front passenger seating position according to the requirements and specifications provided by General Motors. The occupant classification system contains the following components supplied by Delphi: Bladder Assembly, Pressure Sensor, PODS-B Electronic Control Unit, and Belt Tension Sensor. Delphi supplied no other component of the air bag system for the subject 2006 Chevrolet Cobalt.

2.  **Correct Defendant:** The named defendants are Delphi Corporation and Delphi Automotive Systems LLC ("Delphi"). The Delphi business entity responsible for the PODS-B supplied by Delphi for the subject vehicle is DPH-DAS, LLC (formerly known as Delphi Automotive Systems LLC). In responding to these Requests, Delphi has limited its reasonable search efforts to this entity, as any expansion outside these bounds would be unreasonable and unduly burdensome given Delphi's size and geographic breadth.

3.  **Lack of identifying information for occupant classification system:** It is Delphi's understanding that the subject vehicle caught on fire in the subject incident and that no component of the occupant classification system in the vehicle remains. In order to isolate documents related to the specific components installed in the subject vehicle, Delphi will need to obtain the unique part numbers on the components themselves. As the components are not available for inspection due to the vehicle fire, Delphi must locate the part numbers in order to search for some categories of documents. As detailed in the responses below, Delphi identifies those documents that cannot be located or produced until the component part numbers at issue are identified.

## GENERAL OBJECTIONS

To avoid repetition, Delphi incorporates the following General Objections into each of its responses to plaintiffs' written discovery directed to Delphi where the form or content justifies:

1. <u>Reasonable efforts</u>: In responding to plaintiffs' requests, and consistent with the Prefatory Notes above, Delphi has spoken with those employees and conducted a reasonable search of those places in its records where information, if any, responsive to plaintiffs' requests would normally be known or kept. To the extent plaintiffs' requests, or any portions thereof, seek to require Delphi to take any action other than as enumerated in the preceding sentence, Delphi objects on the grounds the discovery requests are unduly burdensome and oppressive. As an overall business, Delphi employs tens of thousands of persons in geographic locations around the globe and cannot be required to interview each employee as well as review the millions of documents generated annually in connection with the operation of its many lines of business (most of which have no relevant role in the subject legal allegations).

2. <u>Permissible scope of discovery</u>: Delphi objects to plaintiffs' requests to the extent the information sought:

   (a) is not relevant to the subject matter involved in the pending action;
   (b) is not reasonably calculated to lead to the discovery of admissible evidence;
   (c) is overly broad, oppressive or unduly burdensome;
   (d) is privileged against disclosure through:
      (i) the attorney-client privilege, and/or
      (ii) the work product doctrine;
   (e) seeks information and documents prepared in anticipation of litigation or for trial;
   (f) is otherwise beyond the permissible scope of discovery.
   (g) seek information or documents outside Delphi's control or knowledge;
   (h) call for information or documents without limitation as to relevant and reasonable time periods;
   (i) call for speculation, conjecture or opinions as to what might be possible;
   (j) contain instructions or definitions that are vague, ambiguous or assume the truth of alleged and disputed facts; or
   (k) conflict with the applicable rules of procedure.

3. <u>Unique product in question</u>: Delphi objects to plaintiffs' requests to the extent they seek information concerning any products, assemblies and components other than the specific product, assemblies and components involved in this case. Delphi understands the subject vehicle (2006MY Chevrolet Cobalt) to be included in the GMX001 vehicle family which consists of the Model Year 2005-2010 Chevrolet Cobalt and the Model Year 2005-2010 Pontiac G5. Unless otherwise noted, the information and documents supplied in the responses relate only to the components supplied by Delphi, namely, the PODS-B passive occupant classification system, for Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 vehicles equipped with an occupant classification system. Delphi's PODS-B system is a type of technology focused on detecting and classifying front seat vehicle occupants so that vehicle

ND: 4818-7200-1030, v. 1            4

manufacturers may comply with Federal Motor Vehicle Safety Standard 208, among others. The designs of most of the key components of a PODS-B occupant classification system (such as the sensing bladder and electronic control unit calibrations) are customized to meet the vehicle manufacturer's performance specifications for a given seat design used in a family of vehicles ("platform"). For this important reason, the design of Delphi's PODS-B system for the subject vehicle (2006 Chevrolet Cobalt) is unique from other versions of PODS-B. The unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. Therefore, Delphi's responses are limited to the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5.

4. <u>Investigation ongoing</u>: Delphi has made a reasonable good faith effort to locate information responsive to these requests. However, Delphi has not completed its investigation or discovery and has not finished preparing its defense. Therefore, Delphi may, while conducting its discovery and investigation and in preparing its defense, determine that existing information and documents pertain to subjects covered by these requests. In addition, Delphi may discover additional information and documents pertaining to the subjects covered by these requests. Delphi will supplement its discovery responses as required by the Maryland Rules of Civil Procedure.

5. <u>Protective Order requirement</u>: Delphi objects to requests seeking disclosure of information that is privileged, confidential, proprietary or trade secret until an appropriate protective order is entered by the Court.

## RESPONSES TO REQUESTS FOR PRODUCTION

1.     All drawings or schematics of the PODS-B system implemented in the 2006-2008 Chevrolet Cobalt and Pontiac G5.

**RESPONSE:**

Delphi objects to plaintiffs' request on grounds of vagueness, relevancy, and overbreadth. Specifically, plaintiffs' request seeks "*all* drawings or schematics of the PODS-B system" when plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate. Therefore, seeking "all drawings or schematics" without any limitation to the particular component part allegedly supplied by Delphi and alleged to be defective is overly broad. Subject to and without waiving its objections, Delphi will search for and produce responsive documents, if found. Delphi agrees to produce confidential documents in response to this request, if any, pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

2.     All requirements or specifications provided by General Motors which defendant designed and calibrated the PODS-B system for the 2006-2008 Chevrolet Cobalt and Pontiac G5. See reference in Defendant's Prefatory Note #1 to Plaintiff's First Request for Production.

**RESPONSE:**

Delphi objects to plaintiffs' request to the extent the request is over broad. Subject to and without waiving its objections, Delphi will search for and produce responsive documents, if found. Delphi agrees to produce confidential documents in response to this request, if any, pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

3.     All claims, notice of claims, warranty claims or complaints regarding the PODS-B system for the 2006-2008 Chevrolet Cobalt and Pontiac G5 received from any source. This request is not limited to lawsuits or claims where the present defendant is named as a party.

**RESPONSE:**

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to plaintiffs' defect theory. Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Though Delphi is not withholding documents based on privilege, Delphi further objects to the request to the extent it seeks documents protected by the attorney-client or work product privileges. Subject to and without waiving its objections, Delphi states it is not aware of any

ND: 4818-7200-1030, v. 1                              6

claims or lawsuits in which the PODS-B system for the Model Year 2006-2008 Chevrolet Cobalt or a Model Year 2006-2008 Pontiac G5 vehicle was at issue.

    4.    All correspondence and/or documents received from or sent to General Motors regarding the PODS-B system for the 2006-2008 Chevrolet Cobalt and Pontiac G5.

**RESPONSE:**

    Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to plaintiffs' defect theory. Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Though Delphi is not withholding documents based on privilege, Delphi further objects to the request to the extent it seeks documents protected by the attorney-client or work product privileges. In addition, plaintiffs' request is so overly broad as written that Delphi cannot meaningfully respond. The request is unduly burdensome and over broad in seeking "all correspondence and/or documents received from or sent to General Motors" regardless of whether the correspondence and/or documents are relevant to plaintiffs' claims in this lawsuit. To the extent plaintiffs' clarify and narrow the request, Delphi will supplement its response the request as needed.

    5.    All drawings or schematics of the Bladder Assembly, Pressure Sensor, PODS-B Electronic Control Unit and Belt Tension Sensor for the 2006-2008 Chevrolet Cobalt and Pontiac G5.

**RESPONSE:**

    Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to plaintiffs' defect theory. Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Subject to and without waiving its objections, Delphi will search for and produce responsive documents, if found. Delphi agrees to produce confidential documents in response to this request, if any, pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

    6.    All documents regarding any testing or calibration of the PODS-B system for the 2006-2008 Chevrolet Cobalt and Pontiac G5.

**RESPONSE:**

   Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to plaintiffs' defect theory. Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Subject to and without waiving its objections, Delphi will search for and produce responsive documents, if found. Delphi agrees to produce confidential documents in response to this request, if any, pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

   7. All patents regarding the PODS-B system for the 2006-2008 Chevrolet Cobalt and Pontiac G5.

**RESPONSE:**

   Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to plaintiffs' defect theory. Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. In addition, patents are public records that are equally available to Plaintiffs. Subject to and without waiving its objections, Delphi will search for and produce a list of patents pertaining to the PODS-B system for the Model Year 2006-2008 Chevrolet Cobalt and Model Year 2006-2008 Pontiac G5 vehicles.

   8. All computer simulations or studies for the PODS-B system for the 2006-2008 Chevrolet Cobalt and Pontiac G5.

**RESPONSE:**

   Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to plaintiffs' defect theory. Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. In addition, the request is vague as to "studies" as that term is undefined. Without additional information in the request, Delphi must speculate as to the particular category or type of documents requested. Further, the request seeks "all…studies" without any relation to plaintiffs' specific defect allegations. To the extent plaintiffs' clarify and narrow the request, Delphi will supplement its response as needed.

   9. All documents which define and/or describe the operation of the PODS-B system for the 2006-2008 Chevrolet Cobalt and Pontiac G5.

ND: 4818-7200-1030, v. 1       8

**RESPONSE:**

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to plaintiffs' defect theory. Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Subject to and without waiving its objections, Delphi will search for and produce responsive documents, if found. Delphi agrees to produce confidential documents in response to this request, if any, pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

10. All documents which set forth weight limit at which the PODS-B system for the 2006-2008 Chevrolet Cobalt and Pontiac G5 is to suppress the passenger side airbag.

**RESPONSE:**

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to plaintiffs' defect theory. Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. In addition, the request is vague in seeking "all documents which set forth the weight limit at which the PODS-B system….is to suppress the passenger side air bag." Without additional information in the request, Delphi must speculate as to the category or type of documents requested. Subject to and without waiving its objections, and to the extent Delphi understands the request, Delphi will search for and produce responsive documents, if found. Delphi agrees to produce confidential documents in response to this request, if any, pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents. In addition, Delphi refers Plaintiffs to Federal Motor Vehicle Safety Standard 208, as applicable to 2006-2008 model year vehicles. The FMVSS are publicly available documents.

11. All quality control documents which pertain to the lot of which the PODS-B system installed in the subject Cobalt was a member.

**RESPONSE:**

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to plaintiffs' defect theory. Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome.

In addition, plaintiffs' request is vague in seeking "all quality control documents" as that term is undefined. Without additional information, Delphi must speculate as to the category and types of documents requested. To the extent plaintiffs clarify and narrow the request, Delphi will supplement its response as needed.

12.   All documents received from or sent to the supplier(s) of the RCM, ECM, passenger airbag module and passenger airbag inflator in the 2006-2008 Cobalt regarding the operation and role of the PODS-B system in the front passenger airbag restraint system.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to plaintiffs' defect theory. Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. In addition, Delphi objects to this request to the extent it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi states it does not possess documents responsive to this request.

13.   All documents relating to any incident wherein a vehicle which included a PODS-B system and there was an occupant in the front passenger seat was involved in a collision and the front passenger airbag did not deploy. This request is limited to events which occurred prior to April 17, 2007.

**RESPONSE:**

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth and as seeking irrelevant information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Specifically, the request is not limited to the vehicle platform at issue, plaintiffs' defect allegations, or to a reasonable or relevant time period. Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Though Delphi is not withholding documents based on privilege, Delphi further objects to the request to the extent it seeks documents protected by the attorney-client or work product privileges. Subject to and without waiving its objections, Delphi states it is not aware of any other incidents in which the PODS-B system in a Model Year 2006-2008 Chevrolet Cobalt or a Model Year 2006-2008 Pontiac G5 vehicle was at issue and the right front passenger's air bag allegedly failed to deploy in a collision.