# EXHIBIT G

# EXHIBIT G

# IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | | |
|---|---|---|
| VLADIMIR AVERBUKH, Individually and<br>as Personal Representative of the Estate of<br>Boris Averbukh | § § § | |
| | § | CASE NO. CAE09-35924 |
| And | § § | |
| ALESANDER AVERBUKH, Individually, | § § | |
| Plaintiffs, | § § | |
| And | § § | |
| ALLA AVERBUKH, Individually, | § § | |
| Use Plaintiff | § § | |
| v. | § § | |
| ENTERPRISE RAC COMPANY OF<br>MARYLAND, LLC | § § § | |
| And | § § | |
| ENTERPRISE LEASING COMPANY | § § | |
| And | § § | |
| ENTERPRISE RENT-A-CAR COMPANY | § § | |
| And | § § | |
| DELPHI CORPORATION | § § | |
| And | § § | |
| DELPHI AUTOMOTIVE SYSTEMS LLC | § § | |
| And | § § | |
| THE ROCKMONT MOTOR COMPANY | § § | |
| And | § § | |
| ALLA AVERBUKH | § | |

§

Defendants.

## DPH-DAS LLC'S INTERROGATORIES
## TO PLAINTIFF ALESANDER AVERBUKH, INDIVIDUALLY

TO:    Plaintiff Alesander Averbukh, Individually, by and through his attorney of record, Gregory G. Hopper, Salsbury Clements Bekman Marder & Adkins, L.L.C., 300 West Pratt Street Suite 450, Baltimore, Maryland 21201.

DPH-DAS LLC (formerly known as Delphi Automotive Systems LLC) ("Delphi") propounds these Interrogatories to Plaintiff Alesander Averbukh, Individually, pursuant to the Maryland Rules of Civil Procedure.

### DEFINITIONS

The following definitions shall apply to these interrogatories.

"Delphi" shall mean the defendant DPH-DAS LLC (formerly known as Delphi Automotive Systems LLC).

"Communication" shall mean all oral, visual, or other sensory means of transmitting information other than through a document or record, and including, without limitation, face-to-face conversations and telephonic and other electronic or mechanical means of transmitting information, messages, or statements.

"Document" shall mean any written or printed information, irrespective of the medium upon which it was recorded.

"Identify" shall mean providing the name, title, current address, and current telephone number of any person or entity responsive to the question and "identity" shall mean such person or entity's name, title, current address and current telephone number.

"Record" shall mean any information which has been preserved in any fashion other than by human memory alone.

## INSTRUCTIONS

Each interrogatory is to be answered in the space provided or on additional sheets where necessary. Each answer shall be preceded by the interrogatory to which it responds.

For any interrogatory which seeks, in whole or in part, information or a communication which Plaintiff believes to be privileged or subject to protection under the work-product doctrine, please respond to the interrogatory to the extent it does not seek such information. With respect to information or a communication Plaintiff believes to be so privileged or protected, please provide a privilege log stating, for each such item of information or communication:

    a.     its date;

    b.     with whom the information originated;

    c.     to whom the information has been disseminated;

    d.     the general subject of the information;

    e.     if the information is embodied in a document or record, identify its current custodian; and

    f.     the claimed basis of privilege or protection.

These interrogatories shall be deemed to include a request for ongoing supplementation so that any additional information relating in any way to these interrogatories which becomes known to Plaintiff, up to and including the time of trial, shall be promptly supplied to Delphi.

## INTERROGATORIES

1.    Please state the following information:

   (a)  Your date of birth;
   (b)  Your place of birth;
   (c)  Your residential address on April 7, 2007;
   (d)  Your driver's license number and state of issuance;
   (e)  Your Social Security number
   (f)  Your full legal name
   (g)  All nicknames by which you have regularly been known

**ANSWER:**


2.    State your full educational history by identifying each school attended by name, address, years of attendance and any diplomas, degrees and honors earned.

**ANSWER:**


3.    State your full employment history by identifying each employer (or, if self-employed, your business name), address, job titles or positions held, type of work done, dates of employment as best as known, and the reason such employment terminated.

**ANSWER:**


4.    State in detail your marital history, and identify the name(s), address(es), and telephone number(s) of your spouses, whether ceremonial or common-law, and indicate the dates of marriage(s) and how such marriage(s) ended.  For each such marriage, please indicate whether any children were born of the marriage and identify their names, addresses and telephone numbers.

**ANSWER:**


5.    Have you ever been a party to a lawsuit or filed a claim for damages?  If so, please state the full name of each lawsuit that you have been involved as a party; indicate the docket

number, the nature of the lawsuit, and how the lawsuit was resolved.  If a claim was made, but a lawsuit was not filed, please describe the nature of the claim, with whom it was filed, and the amount of any payments made.

**ANSWER:**


6.    Please provide an itemized list of all damages claimed by Plaintiff, including each element of damage and the amount claimed.

**ANSWER:**

Respectfully submitted,

BACON, THORNTON & PALMER, L.L.P.

_____

Patricia Thornton, Esquire
Maryland Bar No. TH3284
6411 Ivy Lane Suite 500
Greenbelt , Maryland 20770
Telephone:    301.345.7001
Facsimile:    301.345.7075

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _____ day of _____, 2010, a copy of the foregoing Interrogatories To Plaintiff Alesander Averbukh, Individually was mailed, postage prepaid, first class to:

Gregory G. Hopper, Esquire
Paul D. Bekman, Esquire
Salsbury, Clements, Bekman, Marder & Adkins, LLC
300 W. Pratt Street, Suite 450
Baltimore, MD 21201
(Attorneys for Plaintiffs)

Marsha Krawitz Samuels, Esquire
O'Conor, Grant & Samuels
401 Washington Avenue, Suite 400
Towson, MD  21204
(Attorneys for Alla Averbukh)

James E. Green, Jr., Esquire
Robert D. James, Esquire
Conner & Winters
4000 One Williams Center
Tulsa, OK  74172
(Attorney for Enterprise Rent-A-Car Company)

John C. Lynch, Esquire
Jack D. Lapidus, Esquire
Macleay, Lynch, Gregg & Lynch, PC
1629 K Street, NW, Suite 802
Washington, DC  20006
(Attorneys for Enterprise Rent-A-Car Company)

David B. Weinstein, Esquire
Katheryne R. MarDock, Esquire
Weinstein Tippetts & Little, LLP
7660 Woodway, Suite 500
Houston, Texas 77063

Jonathan Cohen, Esquire
John R. Gerstein, Esquire
Troutman Sanders, LLP
401 9th Street, NW, Suite 1000
Washington, DC  20004-2134
(Attorneys for Defendant Enterprise RAC
of Maryland, LLC)

Brad Kuhlman, Esquire
The Kuhlman Law Firm
1100 Main Street
Kansas City, MO  64106
(Co-Counsel for Plaintiffs)

Edward W. Gray, Esquire
Jodi Oley, Esquire
Eckert Seamans
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA  19102
(Co-Counsel of Plaintiffs)

ND: 4826-1855-1813, v. 1

Mark A. Johnson, Esquire
1717 Pennsylvania Avenue, NW, Suite 1200
Washington, DC  20006

_____
Patricia M. Thornton

ND: 4826-1855-1813, v. 1

## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| VLADIMIR AVERBUKH, Individually and as Personal Representative of the Estate of Boris Averbukh | § § § |
| | § |
| And | § CASE NO. CAE09-35924 |
| | § |
| ALESANDER AVERBUKH, Individually, | § § |
| | § |
| Plaintiffs, | § § |
| | § |
| And | § |
| | § |
| ALLA AVERBUKH, Individually, | § § |
| | § |
| Use Plaintiff | § § |
| | § |
| v. | § § |
| | § |
| ENTERPRISE RAC COMPANY OF MARYLAND, LLC | § § § |
| | § |
| And | § § |
| | § |
| ENTERPRISE LEASING COMPANY | § § |
| | § |
| And | § § |
| | § |
| ENTERPRISE RENT-A-CAR COMPANY | § § |
| | § |
| And | § § |
| | § |
| DELPHI CORPORATION | § § |
| | § |
| And | § § |
| | § |
| DELPHI AUTOMOTIVE SYSTEMS LLC | § § |
| | § |
| And | § § |
| | § |
| THE ROCKMONT MOTOR COMPANY | § § |
| | § |
| And | § § |
| | § |
| ALLA AVERBUKH | § |

§

Defendants.

## DEFENDANT DPH-DAS LLC'S FIRST INTERROGATORIES TO PLAINTIFF VLADIMIR AVERBUKH AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BORIS AVERBUKH

TO:    Plaintiff Vladimir Averbukh as Personal Representative of the Estate of Boris Averbukh, by and through his attorney of record, Gregory G. Hopper, Salsbury Clements Bekman Marder & Adkins, L.L.C., 300 West Pratt Street Suite 450, Baltimore, Maryland 21201.

DPH-DAS LLC (formerly known as Delphi Automotive Systems LLC) ("Delphi") propound these Interrogatories to Plaintiff Vladimir Averbukh as Personal Representative of the Estate of Boris Averbukh pursuant to the Maryland Rules of Civil Procedure.

## DEFINITIONS

The following definitions shall apply to these interrogatories.

"Delphi" shall mean the defendant DPH-DAS LLC (formerly known as Delphi Automotive Systems LLC).

"Communication" shall mean all oral, visual, or other sensory means of transmitting information other than through a document or record, and including, without limitation, face-to-face conversations and telephonic and other electronic or mechanical means of transmitting information, messages, or statements.

"Document" shall mean any written or printed information, irrespective of the medium upon which it was recorded.

"Identify" shall mean providing the name, title, current address, and current telephone number of any person or entity responsive to the question and "identity" shall mean such person or entity's name, title, current address and current telephone number.

"Record" shall mean any information which has been preserved in any fashion other than by human memory alone.

## INSTRUCTIONS

Each interrogatory is to be answered in the space provided or on additional sheets where necessary. Each answer shall be preceded by the interrogatory to which it responds.

For any interrogatory which seeks, in whole or in part, information or a communication which Plaintiff believes to be privileged or subject to protection under the work-product doctrine, please respond to the interrogatory to the extent it does not seek such information. With respect to information or a communication Plaintiff believes to be so privileged or protected, please provide a privilege log stating, for each such item of information or communication:

    a.      its date;

    b.      with whom the information originated;

    c.      to whom the information has been disseminated;

    d.      the general subject of the information;

    e.      if the information is embodied in a document or record, identify its current custodian; and

    f.      the claimed basis of privilege or protection.

These interrogatories shall be deemed to include a request for ongoing supplementation so that any additional information relating in any way to these interrogatories which becomes known to Plaintiff, up to and including the time of trial, shall be promptly supplied to Delphi.

## INTERROGATORIES

1.     Please state the following information:

(a) Boris Averbukh's date of birth;
(b) Boris Averbukh's place of birth;
(c) Boris Averbukh's residential address on April 7, 2007;
(d) Boris Averbukh's driver's license number and state of issuance;
(e) Boris Averbukh's full legal name
(f) All nicknames by which Boris Averbukh has regularly been known
(g) Boris Averbukh's height at the time of the subject accident
(h) Boris Averbukh's weight at the time of the subject accident
(i) Boris Averbukh's inseam pants leg measurement at the time of the subject accident
(j) Boris Averbukh's shirt or coat sleeve length at the time of the subject accident

**ANSWER:**

2.     State Boris Averbukh's full educational history by identifying each school attended by name, address, years of attendance and any diplomas, degrees and honors earned.

**ANSWER:**

3.     State Boris Averbukh's full employment history by identifying each employer (or, if self-employed, Boris Averbukh's business name), address, job titles or positions held, type of work done, dates of employment as best as known, and the reason such employment terminated.

**ANSWER:**

4.     State in detail Boris Averbukh's marital history, and identify the name(s), address(es), and telephone number(s) of Boris Averbukh's spouses, whether ceremonial or common-law, and indicate the dates of marriage(s) and how such marriage(s) ended.  For each such marriage, please indicate whether any children were born of the marriage and identify their names, addresses and telephone numbers.

**ANSWER:**

5.    Has Boris Averbukh ever been a party to a lawsuit or filed a claim for damages?  If so, please state the full name of each lawsuit in which Boris Averbukh has been involved as a party; indicate the docket number, the nature of the lawsuit, and how the lawsuit was resolved.  If a claim was made, but a lawsuit was not filed, please describe the nature of the claim, with whom it was filed, and the amount of any payments made.

**ANSWER:**

6.    Identify by name and address all hospitals, clinics, urgent care facilities and any and all other healthcare facilities in which Boris Averbukh was treated for any injuries from the subject accident, and the amounts charged for such treatment.

**ANSWER:**

7.    Identify by name and address all doctors, counselors, therapists, psychologists and other practitioners of the healing arts who treated Boris Averbukh for any injuries from the subject accident.  For each such person, state the person's specialty, the reason Boris Averbukh was treated, and the amounts charged for such treatment.

**ANSWER:**

8.    Was Boris Averbukh wearing his seat belt at the time of the accident sued upon?  If so, please identify the names, addresses, and telephone numbers of any person known to have witnessed Boris Averbukh wearing his seat belt immediately prior to the motor vehicle incident made the basis of this lawsuit.

**ANSWER:**

9.    In Paragraph 48 of your Complaint, you allege the following:

    "At the time it was sold by the Delphi Defendants, the frontal air bag system of the Cobalt was in a defective condition and was unreasonably dangerous to users and consumers such as Boris Averbukh by reason of defects in its design, testing, assembly and/or manufacture."

With respect to this allegation, please identify the following specifically and in detail:

ND: 4825-8499-7381, v. 1

a) Each discrete component (for example, "sensors," "air bag module," etc.) that you include in your use of the term "frontal air bag system."

b) Each and every feature and/or performance parameter of the "frontal air bag system" that placed it in a "defective condition" and rendered it "unreasonably dangerous...by reason of defects in its design, testing, assembly and/or manufacture, as well as the lack of any warnings regarding its potential non-deployment."

c) Each and every discrete component of the "frontal air bag system" that placed it in a "defective condition" and rendered it "unreasonably dangerous...by reason of defects in its design, testing, assembly and/or manufacture, as well as the lack of any warnings regarding its potential non-deployment."

d) For each discrete component identified in answer to subpart (c), identify the precise design defect.

e) For each discrete component identified in answer to subpart (c), identify the precise testing defect.

f) For each discrete component identified in answer to subpart (c), identify the precise assembly defect.

g) For each discrete component identified in answer to subpart (c), identify the precise manufacturing defect.

h) For each discrete component identified in answer to subpart (c) above, identify what you and your experts contend should have been the design.

i) For each discrete component identified in answer to subpart (c) above, identify by manufacturer, model year, make and model any and all commercial production vehicles (i.e., vehicles sold in dealership showrooms to the public, as opposed to conceptual designs or special limited production vehicles sold to the military or business) that you and your experts contend had a safer and non-defective design for these same types of components.

**ANSWER:**

10.   In Paragraph 48 of your Complaint, you allege the following:

"At the time it was sold by the Delphi Defendants, the frontal air bag system of the Cobalt was in a defective condition and was unreasonably dangerous to users and consumers such as Boris Averbukh by reason of...the lack of any warnings regarding its potential non-deployment."

With respect to this allegation, please identify the following specifically and in detail:

(a) Each discrete component that you include in your use of the term "frontal air bag system."

(b) The contents, and placement of the warnings you contend should have accompanied the product in question.

(c) What effect, if any, the warnings would have had on the subject incident.

**ANSWER:**


13.    In Paragraph 57 of your complaint, you contend the following:

> "The Delphi Defendants breached their warranties to Boris Averbukh because the frontal air bag system of the Cobalt was defective at the time of its sale and not fit for its ordinary and particular purposes in that the front passenger air bag failed to deploy in the subject crash."

With respect to this allegation, please identify the following specifically and in detail:

(a) All discrete parts and assemblies you mean to include in the term "frontal air bag system."

(b) For each part and assembly identified in subpart (a) above, identify precisely how the part or assembly was not of merchantable quality.

(c) For each part and assembly identified in subpart (a) above, identify precisely how the part or assembly was not fit for its ordinary and particular purposes.

**ANSWER:**


14.    In Paragraph 63 of your Complaint, you allege the following:

> "The Delphi Defendants breached their duties of care and were thereby negligent in each of the following respects:
>
> (a) By failing to design, inspect, test, assemble and/or manufacture the frontal air bag system of the Cobalt to be reasonably safe for the ordinary consumer who possesses knowledge common to the community as its characteristics."

With respect to this allegation, please identify the following specifically and in detail:

a) All discrete parts and assemblies you mean to include in the term "frontal air bag system."

b) For each part and assembly identified in subpart (a) above, identify the precise design choice that you contend was negligently made, why you believe the choice constitutes design negligence, and what you believe the acceptable and better choice would have been and why.

c) For each part and assembly identified in subpart (a) above, identify by manufacturer, model year, make and model any and all commercial production vehicles (i.e., vehicles sold in dealership showrooms to the public, as opposed to conceptual designs or special limited production vehicles sold to the military or business) that you and your experts contend had what you contend to be the acceptable and better design for these same types of parts and assemblies.

d) For each part and assembly identified in subpart (a) above, identify the precise inspection defendants did not conduct that you contend constitutes negligence, why you believe not performing the inspection constitutes negligence, and what you believe the acceptable and better inspection would have been and why.

e) For each part and assembly identified in subpart (a) above, identify the precise testing defendants did not conduct that you contend constitutes negligence, why you believe not performing the testing constitutes negligence, and what you believe the acceptable and better testing would have been and why.

f) For each part and assembly identified in subpart (a) above, identify the precise assembly method defendants did not use in the parts and/or assemblies' construction, why you believe not using the assembly method constitutes negligence, and what you believe the acceptable and better assembly method would have been and why.

g) For each part and assembly identified in subpart (a) above, identify the precise component that you contend was negligently manufactured, and why you believe the choice constitutes negligent manufacturing

**ANSWER:**

15.    This interrogatory seeks to establish the chain of custody of the subject vehicle since the accident.  Please identify by name, address and telephone number all persons or entities known by Plaintiff and plaintiff's counsel and experts to have had possession, custody or control of the subject vehicle or any component of the subject vehicle from the date of the incident made the basis of this lawsuit to the present.  For each such person or entity, state the approximate time (e.g., month and year) of the period such person or entity had such possession, custody or control and identify what such person

or entity possessed or had under custody or control during that period.

**ANSWER:**


16.    Describe all outer garments worn by Boris Averbukh at the time of the accident, by
stating for each garment the:

   a) Color
   b) Brand
   c) Type of garment (e.g., t-shirt, jacket, shoes, sweater, coat, blue jeans, collared shirt,
etc.)
   d) Size of garment
   e) Current whereabouts of the garment

**ANSWER:**


17.    Please describe Boris Averbukh's activities for the twenty-four (24) hours preceding
the collision made the basis of this lawsuit, including basic details such as who he was
with, where he was, when and for what period, and what he did.

**ANSWER:**


18.    Identify the names and addresses of the businesses and individuals that transported
Boris Averbukh to receive medical treatment following the subject collision.

**ANSWER:**


19.    Identify all vehicular citations or tickets received by Boris Averbukh within the last
ten (10) years and include the city, county, or agency that issued them.

**ANSWER:**

20.   If any inspection, examination or test of the subject 2006 Chevrolet Cobalt, subject air bag system and/or its components has been made at any time by any person, please describe all such activities and identify the persons who performed them.

**ANSWER:**

21.   Please provide an itemized list of all damages claimed by Plaintiff, including each element of damage and the amount claimed.

**ANSWER:**

Respectfully submitted,

BACON, THORNTON & PALMER, L.L.P.

_____

Patricia Thornton, Esquire
Maryland Bar No. TH3284
6411 Ivy Lane Suite 500
Greenbelt , Maryland 20770
Telephone:    301.345.7001
Facsimile:    301.345.7075

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _14th_ day of _Sept_____, 2010, a copy of the foregoing Interrogatories To Plaintiff Vladimir Averbukh As Personal Representative Of The Estate Of Boris Averbukh was mailed, postage prepaid, first class to:

Gregory G. Hopper, Esquire
Paul D. Bekman, Esquire
Salsbury, Clements, Bekman, Marder & Adkins, LLC
300 W. Pratt Street, Suite 450
Baltimore, MD 21201
(Attorneys for Plaintiffs)

Marsha Krawitz Samuels, Esquire
O'Conor, Grant & Samuels
401 Washington Avenue, Suite 400
Towson, MD 21204
(Attorneys for Alla Averbukh)

ND: 4825-8499-7381, v. 1

James E. Green, Jr., Esquire
Robert D. James, Esquire
Conner & Winters
4000 One Williams Center
Tulsa, OK  74172
(Attorney for Enterprise Rent-A-Car Company)

John C. Lynch, Esquire
Jack D. Lapidus, Esquire
Macleay, Lynch, Gregg & Lynch, PC
1629 K Street, NW, Suite 802
Washington, DC  20006
(Attorneys for Enterprise Rent-A-Car Company)

David B. Weinstein, Esquire
Katheryne R. MarDock, Esquire
Weinstein Tippetts & Little, LLP
7660 Woodway, Suite 500
Houston, Texas 77063

Jonathan Cohen, Esquire
John R. Gerstein, Esquire
Troutman Sanders, LLP
401 9th Street, NW, Suite 1000
Washington, DC  20004-2134
(Attorneys for Defendant Enterprise RAC
of Maryland, LLC)

Brad Kuhlman, Esquire
The Kuhlman Law Firm
1100 Main Street
Kansas City, MO  64106
(Co-Counsel for Plaintiffs)

Edward W. Gray, Esquire
Jodi Oley, Esquire
Eckert Seamans
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA  19102
(Co-Counsel of Plaintiffs)

Mark A. Johnson, Esquire
1717 Pennsylvania Avenue, NW, Suite 1200
Washington, DC  20006

_____
Patricia M. Thornton

## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

VLADIMIR AVERBUKH, Individually and §
as Personal Representative of the Estate of §
Boris Averbukh §
§  CASE NO. CAE09-35924
And §
§
ALESANDER AVERBUKH, Individually, §
§
  Plaintiffs, §
§
And §
§
ALLA AVERBUKH, Individually, §
§
  Use Plaintiff §
§
v. §
§
ENTERPRISE RAC COMPANY OF §
MARYLAND, LLC §
§
And §
§
ENTERPRISE LEASING COMPANY §
§
And §
§
ENTERPRISE RENT-A-CAR COMPANY §
§
And §
§
DELPHI CORPORATION §
§
And §
§
DELPHI AUTOMOTIVE SYSTEMS LLC §
§
And §
§
THE ROCKMONT MOTOR COMPANY §
§
And §
§
ALLA AVERBUKH §

§

Defendants.

## DEFENDANT DPH-DAS LLC'S
## FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS

TO:     Plaintiffs Vladimir Averbukh, Individually and as Personal Representative of the
Estate of Boris Averbukh and Alesander Averbukh, Individually by and through
their attorney of record, Gregory G. Hopper, Salsbury Clements Bekman Marder &
Adkins, L.L.C., 300 West Pratt Street Suite 450, Baltimore, Maryland 21201.

DPH-DAS LLC (formerly known as Delphi Automotive Systems LLC) ("Delphi")

propounds these Requests for Production to Plaintiffs pursuant to the Maryland Rules of Civil

Procedure.

## DEFINITIONS

The following definitions shall apply to these requests for production.

"Delphi" shall mean the defendant DPH-DAS LLC (formerly known as Delphi

Automotive Systems LLC).

"Communication" shall mean all oral, visual, or other sensory means of transmitting

information other than through a document or record, and including, without limitation, face-to-

face conversations and telephonic and other electronic or mechanical means of transmitting

information, messages, or statements.

"Document" shall mean any written or printed information, irrespective of the medium

upon which it was recorded.

"Identify" shall mean providing the name, title, current address, and current telephone

number of any person or entity responsive to the question and "identity" shall mean such person

or entity's name, title, current address and current telephone number.

"Record" shall mean any information which has been preserved in any fashion other than

by human memory alone.

## INSTRUCTIONS

For any request for production which seeks, in whole or in part, information or a communication which Plaintiff believes to be privileged or subject to protection under the work-product doctrine, please respond to the request to the extent it does not seek such information. With respect to information or a communication Plaintiff believes to be so privileged or protected, please provide a privilege log stating, for each such item of information or communication:

    a.     its date;

    b.     with whom the information originated;

    c.     to whom the information has been disseminated;

    d.     the general subject of the information;

    e.     if the information is embodied in a document or record, identify its
           current custodian; and

    f.     the claimed basis of privilege or protection.

These requests shall be deemed to include a request for ongoing supplementation so that any additional information relating in any way to these requests which becomes known to Plaintiff, up to and including the time of trial, shall be promptly supplied to Delphi.

ND: 4826-0177-4597, v. 1

## REQUESTS FOR PRODUCTION

1. The complete accident reports prepared by any law enforcement agencies that investigated the occurrence made the basis of this lawsuit.

2. A copy of the front and back of Alla Averbukh's driver's license.

3. A copy of the front and back of Boris Averbukh's driver's license.

4. A copy of Alla Averbukh's social security card.

5. A copy of Boris Averbukh's social security card

6. Copies of all medical records and imaging reflecting diagnosis and treatment of any physical and/or mental/psychological injuries, if any, allegedly sustained as a result of the accident.

7. All records from emergency medical personnel or services that responded to the scene of the incident made the basis of this lawsuit.

8. All insurance files related to the subject incident, including statements, photographs, correspondence, notes, investigation, reports and any other document made or maintained by an insurance company with regard to the subject incident.

9. A copy of any insurance policy providing coverage for Alla Averbukh, Boris Averbukh and any other occupants or owners of the subject vehicle during the operation of the subject 2006 Chevrolet Cobalt in effect at the time of the incident made the basis of this lawsuit.

10. All documents evidencing any and all payments made to you by anyone relating to the subject incident.

11. All documents related to the purchase, lease, rental, maintenance or repair of the subject 2006 Chevrolet Cobalt.

12. All statements, written, recorded or otherwise, given by any person(s) not a party to this lawsuit that pertains to this lawsuit or the collision in question.

13. All forms of image recordings, photographs, films, videotapes, measurements, diagrams, drawings, plats or other visual depictions of the scene or the collision or incident made the basis of this lawsuit.

14. All forms of image recordings, photographs, videotapes, films, or other depictions of the subject 2006 Chevrolet Cobalt made or taken by you or on your behalf after the accident.

15. All forms of image recordings, photographs, videotapes, films, or other depictions of the subject 2006 Chevrolet Cobalt or accident site made or taken before the accident.

16. Any documents made or maintained by any person to document findings or conclusions of any examination, test, or other inspection of the subject 2006 Chevrolet Cobalt, or any of its systems and components, after the accident.

17. Any documents and all forms of image recordings, made or maintained after the accident by any person to document findings or conclusions of any examination, test, or other inspection of any other vehicle that was involved in the subject incident.

18. All documents reflecting modifications, alteration and/or changes to the vehicle in question, including but not limited to correspondence, service records, warranty records, registration records, estimates, invoices, canceled checks and/or charge card receipts.

19. All documents that relate to any wrecker or towing service involved in the removal of the vehicle from the accident scene, and/or subsequent transportation or storage of the vehicle.

20. Any records and forms of image recordings, in your possession or control documenting any damage to the vehicle prior to the subject incident.

21. All diaries, calendars, journals or other writings, drawings or depictions kept or made by you with regard to the accident or any events thereafter.

22. All newspaper and other media accounts of the accident and related events, whether written or otherwise recorded.

23. All statements made by person(s) not a party to this suit, either written, recorded, or otherwise, that pertain to this lawsuit or the accident.

24. All reports, publications or other documents evidencing any safety standard, law, regulation, ordinance or industry standard which you contend or will contend at trial that Delphi has violated.

25. The subject 2006 Chevrolet Cobalt, as well as any and all components and parts removed or recovered from the subject vehicle post-accident.

26. All physical evidence from the site of the subject incident.

27. All items of clothing worn by all occupants of the subject 2006 Chevrolet Cobalt at the time of the accident.

28. The certificate of title for the subject 2006 Chevrolet Cobalt.

29. The Owner's Manual that accompanied the subject 2006 Chevrolet Cobalt.

30. The subject air bag system components that you contend were supplied by Delphi.

31. Any and all other components from the subject vehicle that you contend were supplied by Delphi.

32. Reports from any and all retained experts, detailing each expert's factual observations, materials reviewed and relied upon, analysis and conclusions.

33. The complete files of any and all retained experts, including without limitation all recorded images, testing, studies, data compilations, notes, diagrams, models, exemplar vehicles, components and things, charts, treatises and articles, Delphi documents and depositions obtained from other counsel or from other matters, expert resume and testifying history at deposition and trial for the past five years, communications in any form with plaintiff, his counsel and other experts, time records, billings and expenses incurred in connection with each expert's engagement in this matter.

34. All documents, recorded images and things related to any download of event data stored in the subject vehicle's memory.

35. All documents you contend were authored by Delphi employees or representatives on subjects relevant to this lawsuit, but which were not obtained from Delphi in this lawsuit.

36. All depositions, statements, affidavits or other expressions by Delphi employees or representatives which you contend are relevant to the subject lawsuit and which were not obtained from Delphi during the course of discovery in this lawsuit.

37. All documents establishing the unbroken chain of custody (name, address and phone number of all involved persons and entities) of the subject vehicle and any of its components from the time and place of the subject accident to the present.

38. All recorded images, whether still or moving, of any inspection or testing of the subject vehicle or any of its parts, systems or components after the subject accident.

39. All documents supporting each item of damage claimed by plaintiff against Delphi.

Respectfully submitted,

BACON, THORNTON & PALMER, L.L.P.

Patricia Thornton, Esquire
Maryland Bar No. TH3284
6411 Ivy Lane Suite 500
Greenbelt , Maryland 20770
Telephone:   301.345.7001
Facsimile:   301.345.7075

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of Sept, 2010, a copy of the foregoing Requests for Production to Plaintiffs Vladimir Averbukh, Individually and as Personal Representative of the Estate of Boris Averbukh, Alesander Averbukh, Individually, and Alla Averbukh, Individually was mailed, postage prepaid, first class to:

Gregory G. Hopper, Esquire
Paul D. Bekman, Esquire
Salsbury, Clements, Bekman, Marder & Adkins, LLC
300 W. Pratt Street, Suite 450
Baltimore, MD 21201
(Attorneys for Plaintiffs)

Marsha Krawitz Samuels, Esquire
O'Conor, Grant & Samuels
401 Washington Avenue, Suite 400
Towson, MD 21204
(Attorneys for Alla Averbukh)

James E. Green, Jr., Esquire
Robert D. James, Esquire
Conner & Winters
4000 One Williams Center
Tulsa, OK 74172
(Attorney for Enterprise Rent-A-Car Company)

John C. Lynch, Esquire
Jack D. Lapidus, Esquire
Macleay, Lynch, Gregg & Lynch, PC
1629 K Street, NW, Suite 802
Washington, DC 20006
(Attorneys for Enterprise Rent-A-Car Company)

David B. Weinstein, Esquire
Katheryne R. MarDock, Esquire
Weinstein Tippetts & Little, LLP
7660 Woodway, Suite 500
Houston, Texas 77063

Jonathan Cohen, Esquire
John R. Gerstein, Esquire
Troutman Sanders, LLP
401 9th Street, NW, Suite 1000
Washington, DC 20004-2134
(Attorneys for Defendant Enterprise RAC
of Maryland, LLC)

ND: 4826-0177-4597, v. 1

Brad Kuhlman, Esquire
The Kuhlman Law Firm
1100 Main Street
Kansas City, MO 64106
(Co-Counsel for Plaintiffs)

Edward W. Gray, Esquire
Jodi Oley, Esquire
Eckert Seamans
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
(Co-Counsel of Plaintiffs)

Mark A. Johnson, Esquire
1717 Pennsylvania Avenue, NW, Suite 1200
Washington, DC 20006

_____
Patricia M. Thornton

## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| VLADIMIR AVERBUKH, Individually and as Personal Representative of the Estate of Boris Averbukh | § § § § |
| And | § § |
| ALESANDER AVERBUKH, Individually, | § § |
|     Plaintiffs, | § § § |
| And | § § |
| ALLA AVERBUKH, Individually, | § § |
|     Use Plaintiff | § § |
| v. | § § |
| ENTERPRISE RAC COMPANY OF MARYLAND, LLC | § § § |
| And | § § |
| ENTERPRISE LEASING COMPANY | § § |
| And | § § |
| ENTERPRISE RENT-A-CAR COMPANY | § § |
| And | § § |
| DELPHI CORPORATION | § § |
| And | § § |
| DELPHI AUTOMOTIVE SYSTEMS LLC | § § |
| And | § § |
| THE ROCKMONT MOTOR COMPANY | § § |
| And | § § |
| ALLA AVERBUKH | § |

CASE NO. CAE09-35924

§

Defendants.

## DEFENDANT DPH-DAS LLC INTERROGATORIES
## TO PLAINTIFF VLADIMIR AVERBUKH, INDIVIDUALLY

TO:    Plaintiff Vladimir Averbukh, Individually, by and through his attorney of record, Gregory G. Hopper, Salsbury Clements Bekman Marder & Adkins, L.L.C., 300 West Pratt Street Suite 450, Baltimore, Maryland 21201.

Defendant DPH-DAS LLC (formerly known as Delphi Automotive Systems LLC) ("Delphi") propounds these Interrogatories to Plaintiff Vladimir Averbukh, Individually, pursuant to the Maryland Rules of Civil Procedure.

### DEFINITIONS

The following definitions shall apply to these interrogatories.

"Delphi" shall mean the defendant DPH-DAS LLC (formerly known as Delphi Automotive Systems LLC).

"Communication" shall mean all oral, visual, or other sensory means of transmitting information other than through a document or record, and including, without limitation, face-to-face conversations and telephonic and other electronic or mechanical means of transmitting information, messages, or statements.

"Document" shall mean any written or printed information, irrespective of the medium upon which it was recorded.

"Identify" shall mean providing the name, title, current address, and current telephone number of any person or entity responsive to the question and "identity" shall mean such person or entity's name, title, current address and current telephone number.

"Record" shall mean any information which has been preserved in any fashion other than by human memory alone.

## INSTRUCTIONS

Each interrogatory is to be answered in the space provided or on additional sheets where necessary. Each answer shall be preceded by the interrogatory to which it responds.

For any interrogatory which seeks, in whole or in part, information or a communication which Plaintiff believes to be privileged or subject to protection under the work-product doctrine, please respond to the interrogatory to the extent it does not seek such information. With respect to information or a communication Plaintiff believes to be so privileged or protected, please provide a privilege log stating, for each such item of information or communication:

    a.      its date;

    b.      with whom the information originated;

    c.      to whom the information has been disseminated;

    d.      the general subject of the information;

    e.      if the information is embodied in a document or record, identify its current custodian; and

    f.      the claimed basis of privilege or protection.

These interrogatories shall be deemed to include a request for ongoing supplementation so that any additional information relating in any way to these interrogatories which becomes known to Plaintiff, up to and including the time of trial, shall be promptly supplied to Delphi.

## INTERROGATORIES

1.    Please state the following information:

    (a) Your date of birth;
    (b) Your place of birth;
    (c) Your residential address on April 7, 2007;
    (d) Your driver's license number and state of issuance;
    (e) Your Social Security number
    (f) Your full legal name
    (g) All nicknames by which you have regularly been known

**ANSWER:**

2.    State your full educational history by identifying each school attended by name, address, years of attendance and any diplomas, degrees and honors earned.

**ANSWER:**

3.    State your full employment history by identifying each employer (or, if self-employed, your business name), address, job titles or positions held, type of work done, dates of employment as best as known, and the reason such employment terminated.

**ANSWER:**

4.    State in detail your marital history, and identify the name(s), address(es), and telephone number(s) of your spouses, whether ceremonial or common-law, and indicate the dates of marriage(s) and how such marriage(s) ended.  For each such marriage, please indicate whether any children were born of the marriage and identify their names, addresses and telephone numbers.

**ANSWER:**

5.    Have you ever been a party to a lawsuit or filed a claim for damages?  If so, please state the full name of each lawsuit that you have been involved as a party; indicate the docket

number, the nature of the lawsuit, and how the lawsuit was resolved.  If a claim was made, but a lawsuit was not filed, please describe the nature of the claim, with whom it was filed, and the amount of any payments made.

**ANSWER:**

6.  Please provide an itemized list of all damages claimed by Plaintiff, including each element of damage and the amount claimed.

**ANSWER:**

Respectfully submitted,
BACON, THORNTON & PALMER, L.L.P.

Patricia Thornton, Esquire
Maryland Bar No. TH3284
6411 Ivy Lane Suite 500
Greenbelt , Maryland 20770
Telephone:    301.345.7001
Facsimile:    301.345.7075

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14ᵗʰ day of _____Sept_____, 2010, a copy of the foregoing Interrogatories To Plaintiff Vladimir Averbukh, Individually was mailed, postage prepaid, first class to:

Gregory G. Hopper, Esquire
Paul D. Bekman, Esquire
Salsbury, Clements, Bekman, Marder & Adkins, LLC
300 W. Pratt Street, Suite 450
Baltimore, MD 21201
(Attorneys for Plaintiffs)

Marsha Krawitz Samuels, Esquire
O'Conor, Grant & Samuels
401 Washington Avenue, Suite 400
Towson, MD  21204
(Attorneys for Alla Averbukh)

ND: 4826-3532-9029, v.  1

James E. Green, Jr., Esquire
Robert D. James, Esquire
Conner & Winters
4000 One Williams Center
Tulsa, OK 74172
(Attorney for Enterprise Rent-A-Car Company)

John C. Lynch, Esquire
Jack D. Lapidus, Esquire
Macleay, Lynch, Gregg & Lynch, PC
1629 K Street, NW, Suite 802
Washington, DC 20006
(Attorneys for Enterprise Rent-A-Car Company)

David B. Weinstein, Esquire
Katheryne R. MarDock, Esquire
Weinstein Tippetts & Little, LLP
7660 Woodway, Suite 500
Houston, Texas 77063

Jonathan Cohen, Esquire
John R. Gerstein, Esquire
Troutman Sanders, LLP
401 9th Street, NW, Suite 1000
Washington, DC 20004-2134
(Attorneys for Defendant Enterprise RAC
of Maryland, LLC)

Brad Kuhlman, Esquire
The Kuhlman Law Firm
1100 Main Street
Kansas City, MO 64106
(Co-Counsel for Plaintiffs)

Edward W. Gray, Esquire
Jodi Oley, Esquire
Eckert Seamans
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
(Co-Counsel of Plaintiffs)

Mark A. Johnson, Esquire
1717 Pennsylvania Avenue, NW, Suite 1200
Washington, DC  20006

_____
Patricia M. Thornton