# EXHIBIT J

# EXHIBIT J

| | | |
|---|---|---|
| VLADIMIR AVERBUKH, Individually and as Personal Representative of the Estate of Boris Averbukh | * | IN THE |
| | * | CIRCUIT COURT |
| And | * | FOR |
| ALESANDER AVERBUKH, Individually | * | PRINCE GEORGE COUNTY |
| Plaintiffs | * | |
| v. | * | CASE NO.: CAL09-35924 |
| DELPHI CORPORATION, et al. | * | |
| Defendants | * | |

### DEFENDANT DPH-DAS LLC'S RESPONSES TO PLAINTIFFS' THIRD REQUEST FOR PRODUCTION

Defendant DPH-DAS LLC (formerly known as Delphi Automotive Systems LLC) (hereinafter "DPH") serves the following Responses to Plaintiffs' Third Request for Production.

Respectfully submitted,

WEINSTEIN TIPPETTS & LITTLE LLP

*Katheryne MarDock*

David B. Weinstein
*Admitted pro hac vice*
Katheryne R. MarDock
*Admitted pro hac vice*
Weinstein Tippetts and Little
7660 Woodway, Suite 500
Houston, Texas 77063
Telephone: 713.244.0800
Facsimile: 713.244.0801

OF COUNSEL:
Patricia Thornton
BACON, THORNTON & PALMER, L.L.P.
6411 Ivy Lane Suite 500
Greenbelt, Maryland 20770
Telephone: 301.345.7001
Facsimile: 301.345.7075

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was sent via U.S. Mail and/or facsimile, postage prepaid, on this 28th day of January, 2011 to:

Gregory G. Hopper
Paul D. Bekman
SALSBURY CLEMENTS BEKMAN MARDER &
ADKINS, L.L.C.
300 West Pratt Street, Suite 450
Baltimore, Maryland 21201
**Attorneys for Plaintiffs**

Brad Kuhlman
Chad Lucas
THE KUHLMAN LAW FIRM
1100 Main Street
Kansas City, Missouri 64106
**Attorneys for Plaintiffs**

Daniel A. Glass
Mark A. Johnston
Edward W. Gray
Jody Oley
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
**Attorneys for Rockmont Motor Company
and Enterprise RAC of Maryland, LLC and
Enterprise Holdings, Inc. fka Enterprise
Rent-A-Car Company**

John C. Lynch, Esquire
Jack D. Lapidus, Esquire
MACLEAY, LYNCH, GREGG & LYNCH
1629 K Street, NW, Suite 802
Washington, DC 20006
**Counsel for Enterprise Holdings, Inc.**

James E. Green, Jr., Esquire
CONNER & WINTERS
4000 One Williams Center
Tulsa, OK 74172
**Enterprise RAC of Maryland, LLC and
Enterprise Holdings, Inc. fka Enterprise
Rent-A-Car Company**

Marsha Krawitz Samuels, Esquire
O'CONNOR GRANT & SAMUELS
401 Washington Ave, Suite 400
Towson, MD 21204
**Attorneys for Alla Averbukh**

/s/ Katheryne Maudock

## PREFATORY NOTES

**1. Correct Defendant:** Upon emerging from bankruptcy reorganization on October 6, 2009, Delphi Corporation and Delphi Automotive Systems LLC were re-named DPH Holdings Corporation and DPH-DAS LLC, respectively. The legal entity responsible for the PODS-B supplied for the subject vehicle is DPH-DAS LLC. DPH Holdings Corporation was and is merely a holding company, which owns the stock of DPH-DAS LLC. In responding to these Requests, DPH-DAS LLC (hereinafter: "DPH") has limited its reasonable search efforts to this entity, as any expansion outside these bounds would be unreasonable and unduly burdensome given size and geographic breadth of the search requirements.

**2. Component parts supplied by DPH:** For the subject vehicle platform, the GMX 001, which includes the subject 2006 Chevrolet Cobalt, DPH supplied <u>only</u> the occupant classification system, known as PODS-B, in the right front passenger seating position according to the requirements and specifications provided by General Motors. The occupant classification system contains the following components supplied by DPH: Bladder Assembly, Pressure Sensor, PODS-B Electronic Control Unit, and Belt Tension Sensor. DPH supplied no other component of the air bag system for the subject 2006 Chevrolet Cobalt.

**3. Lack of identifying information for occupant classification system:** It is DPH's understanding that the subject vehicle caught on fire in the subject incident and that no component of the occupant classification system in the vehicle remains. In order to isolate documents related to the specific components installed in the subject vehicle, DPH will need to obtain the unique part numbers on the components themselves. As the components are not available for inspection due to the vehicle fire, DPH must locate the part numbers in order to search for some categories of documents. As detailed in the responses below, DPH identifies those documents that cannot be located or produced until the component part numbers at issue are identified.

ND: 4818-7200-1030, v. 1                    3

## **GENERAL OBJECTIONS**

To avoid repetition, DPH incorporates the following General Objections into each of its responses to plaintiffs' written discovery directed to DPH where the form or content justifies:

1. **Reasonable efforts**: In responding to plaintiffs' requests, and consistent with the Prefatory Notes above, DPH has spoken with those employees and conducted a reasonable search of those places in its records where information, if any, responsive to plaintiffs' requests would normally be known or kept. To the extent plaintiffs' requests, or any portions thereof, seek to require DPH to take any action other than as enumerated in the preceding sentence, DPH objects on the grounds the discovery requests are unduly burdensome and oppressive. As an overall business, DPH employed tens of thousands of persons in geographic locations around the globe and cannot be required to interview each employee as well as review the millions of documents generated annually in connection with the operation of its many lines of business (most of which have no relevant role in the subject legal allegations).

2. **Permissible scope of discovery**: DPH objects to plaintiffs' requests to the extent the information sought:

   (a) is not relevant to the subject matter involved in the pending action;
   (b) is not reasonably calculated to lead to the discovery of admissible evidence;
   (c) is overly broad, oppressive or unduly burdensome;
   (d) is privileged against disclosure through:
       (i) the attorney-client privilege, and/or
       (ii) the work product doctrine;
   (e) seeks information and documents prepared in anticipation of litigation or for trial;
   (f) is otherwise beyond the permissible scope of discovery.
   (g) seek information or documents outside DPH's control or knowledge;
   (h) call for information or documents without limitation as to relevant and reasonable time periods;
   (i) call for speculation, conjecture or opinions as to what might be possible;
   (j) contain instructions or definitions that are vague, ambiguous or assume the truth of alleged and disputed facts; or
   (k) conflict with the applicable rules of procedure.

3. **Unique product in question**: DPH objects to plaintiffs' requests to the extent they seek information concerning any products, assemblies and components other than the specific product, assemblies and components involved in this case. DPH understands the subject vehicle (2006MY Chevrolet Cobalt) to be included in the GMX001 vehicle family which consists of the Model Year 2005-2010 Chevrolet Cobalt and the Model Year 2005-2010 Pontiac G5. Unless otherwise noted, the information and documents supplied in the responses relate only to the components supplied by DPH, namely, the PODS-B passive occupant classification system, for Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 vehicles equipped with an occupant classification system. DPH's PODS-B system is a type of technology

ND: 4818-7200-1030, v. 1                                    4

focused on detecting and classifying front seat vehicle occupants so that vehicle manufacturers may comply with Federal Motor Vehicle Safety Standard 208, among others. The designs of most of the key components of a PODS-B occupant classification system (such as the sensing bladder and electronic control unit calibrations) are customized to meet the vehicle manufacturer's performance specifications for a given seat design used in a family of vehicles ("platform"). For this important reason, the design of DPH's PODS-B system for the subject vehicle (2006 Chevrolet Cobalt) is unique from other versions of PODS-B. The unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. Therefore, DPH's responses are limited to the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5.

4. <u>Investigation ongoing</u>: DPH has made a reasonable good faith effort to locate information responsive to these requests. However, DPH has not completed its investigation or discovery and has not finished preparing its defense. Therefore, DPH may, while conducting its discovery and investigation and in preparing its defense, determine that existing information and documents pertain to subjects covered by these requests. In addition, DPH may discover additional information and documents pertaining to the subjects covered by these requests. DPH will supplement its discovery responses as required by the Maryland Rules of Civil Procedure.

5. <u>Protective Order requirement</u>: DPH objects to requests seeking disclosure of information that is privileged, confidential, proprietary or trade secret until an appropriate protective order is entered by the Court.

## RESPONSES TO REQUESTS FOR PRODUCTION

1.  Please produce all of your discovery responses, your document production indexes and all deposition transcripts with exhibits in <u>Bell v. GMC</u>, <u>Banden v. GMC</u> and <u>Delphi</u> and <u>Mask v. Delphi</u>.

**RESPONSE:**

DPH objects to this request on grounds of relevancy and overbreadth. Specifically, the request is not limited to the allegations made by plaintiffs in this lawsuit. DPH objects to the production of documents from unrelated lawsuits involving different vehicle platforms and defect allegations. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from DPH that is unrelated and irrelevant to the subject vehicle platform and plaintiffs' defect allegations is over broad and unduly burdensome. Though DPH is not withholding documents based on privilege, DPH further objects to the request to the extent it seeks documents protected by the attorney-client or work product privileges.

2.  Please produce the Software Definition Document for the PODS-B system in the subject Cobalt.

**RESPONSE:**

DPH refers Plaintiffs to the documents previously produced as: 100027-0000602 – 100027-002396.

3.  Please produce the Product Definition Document (PDD) version DE 204.11 for the PODS-B system in the subject Cobalt.

**RESPONSE:**

DPH refers Plaintiffs to the documents previously produced as: 10027-000068 – 100027-000601.

4.  All documents relating to "live subject testing" or clinics for the PODS-B system in the subject Cobalt and sister vehicles including the GMX001.

**RESPONSE:**

ND: 4818-7200-1030, v. 1                                    6

DPH objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from DPH that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Finally, the term "sister vehicles" is vague and subject to multiple interpretations. Subject to and without waiving its objections, DPH will search for and produce responsive documents, if found. DPH agrees to search for and produce confidential documents, if any, in response to this request pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of DPH's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

5.  All documents relating to ATD testing for the PODS-B system in the subject Cobalt and sister vehicles including the GMX001.

**RESPONSE:**

DPH objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from DPH that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Finally, the term "sister vehicles" is vague and subject to multiple interpretations. Subject to and without waiving its objections, DPH will search for and produce responsive documents, if found. DPH agrees to search for and produce confidential documents, if any, in response to this request pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of DPH's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

6.  Please produce the "Product Requirements Allocation and Documentation" version SYS 254.02 applicable to the subject Cobalt.

**RESPONSE:**

DPH objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to information related to plaintiffs' defect allegations as to DPH. Plaintiffs have yet to identify the particular component part of the PODS-B system to

which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from DPH that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. In addition, the requested documents are completely unrelated to plaintiffs' claims in this lawsuit.

7. Please produce the "Part Specification Categories" version DE 204.04 for the PODS-B system in the subject Cobalt.

**RESPONSE:**

DPH objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to information related to plaintiffs' defect allegations as to DPH. Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from DPH that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. In addition, the requested documents are completely unrelated to the plaintiffs' claims in this lawsuit.

8. Please produce the "Seat Integration Guideline" located in GENCOM. See Bates # 100027-000250.

**RESPONSE:**

DPH objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to information related to plaintiffs' defect theory. Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from DPH that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Subject to and without waiving its objections, DPH will search for and produce responsive documents, if found. DPH agrees to search for and produce confidential documents, if any, in response to this request pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of DPH's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

9. Please produce the Delphi "default calibration file" for the PODS-B system in the subject Cobalt.

**RESPONSE:**

DPH does not possess documents responsive to this request.

10. Please produce the Delphi calibration file for the PODS-B system in the subject Cobalt.

**RESPONSE:**

ND: 4818-7200-1030, v. 1                                    8

    DPH refers Plaintiffs to the documents previously produced as: 100027-002397; and 100027-002398 – 10027-002404.

11.  All documents which discuss the "Design factors which potentially could influence PODS system" as referenced in the presentation within the July 16, 2002 correspondence from Delphi to Mr. Kratzke at NHTSA.

**RESPONSE:**

    DPH objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from DPH that is unrelated and irrelevant to the subject vehicle platform and plaintiffs' defect allegations is over broad and unduly burdensome.

12.  Please produce the DPH "Human Factors Study" as referenced in the July 16, 2002 correspondence from DPH to Mr. Kratzke at NHTSA.

**RESPONSE:**

    DPH objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from DPH that is unrelated and irrelevant to the subject vehicle platform and plaintiffs' defect allegations is over broad and unduly burdensome.

13.  Please produce document "FRE01-15064607- 2003 GMT- 800 PODS-B" referenced on Bates # 100027-00031.

**RESPONSE:**

    DPH objects to plaintiffs' request to the extent it is over broad. Subject to and without waiving its objections, DPH will search for and produce responsive documents, if found. DPH will search for and produce confidential documents, if any, in response to this request pursuant to

ND: 4818-7200-1030, v. 1           9

plaintiffs' July 30, 2010 agreement to fully abide by all the terms of DPH's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

14.     All "Ride-along Calibration testing" for the PODS-B system in the subject Cobalt and sister vehicles including the GMX001.

**RESPONSE:**

DPH objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from DPH that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. In addition, the term "sister vehicles" is vague and subject to multiple interpretations. Subject to and without waiving its objections, DPH will search for and produce responsive documents, if found. DPH will search for and produce confidential documents, if any, in response to this request pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of DPH's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

15.     All Design Peer Reviews for the PODS-B system in the subject Cobalt and sister vehicles including the GMX001.

**RESPONSE:**

DPH objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from DPH that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Finally, the term "sister vehicles" is vague and subject to multiple interpretations. Subject to and without waiving its objections, DPH will search for and produce responsive documents, if found. DPH will search for and produce confidential documents, if any, in response to this request pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of DPH's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

ND: 4818-7200-1030, v. 1                               10

16.    All "IT & V Testing" for the PODS-B system in the subject Cobalt and sister vehicles including the GMX001.

**RESPONSE:**

DPH objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from DPH that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Finally, the term "sister vehicles" is vague and subject to multiple interpretations. Subject to and without waiving its objections, DPH will search for and produce responsive documents, if found. DPH will search for and produce confidential documents, if any, in response to this request pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of DPH's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

17.    Please produce the Seat Integration Guidelines version 4.2 for the PODS-B system in the subject Cobalt and sister vehicles including the GMX001.

**RESPONSE:**

DPH objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from DPH that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Finally, the term "sister vehicles" is vague and subject to multiple interpretations. Subject to and without waiving its objections, DPH will search for and produce responsive documents, if found. DPH will search for and produce confidential documents, if any, in response to this request pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of DPH's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

18.    All supplier agreements with GM relating to the PODS-B system in the subject Cobalt, sister vehicles and all GMX001's.

ND: 4818-7200-1030, v. 1                               11

**RESPONSE:**

DPH objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from DPH that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Finally, the term "sister vehicles" is vague and subject to multiple interpretations.