# EXHIBIT K

# EXHIBIT K

| | | |
|---|---|---|
| VLADIMIR AVERBUKH, Individually | * | IN THE |
| and as Personal Representative of the | | |
| Estate of Boris Averbukh | * | CIRCUIT COURT |
| And | * | FOR |
| ALESANDER AVERBUKH, Individually | * | PRINCE GEORGE=S COUNTY |
| Plaintiffs | * | |
| v. | * | CASE NO.: CAL09-35924 |
| DELPHI CORPORATION, et al. | * | |
| Defendants | * | |

## DEFENDANT DPH-DAS LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST INTERROGATORIES

Defendant DPH-DAS LLC (formerly known as Delphi Automotive Systems LLC)

("Delphi") serves the following Supplemental Answers to Plaintiffs' First Interrogatories.

Respectfully submitted,

WEINSTEIN TIPPETTS & LITTLE LLP

*Katheryne R. Worley /dmo*

David B. Weinstein
*Admitted pro hac vice*
Katheryne R. Worley
*Admitted pro hac vice*
Weinstein Tippetts and Little
7660 Woodway, Suite 500
Houston, Texas 77063
Telephone: 713.244.0800
Facsimile: 713.244.0801

OF COUNSEL:
Patricia Thornton
BACON, THORNTON & PALMER, L.L.P.
6411 Ivy Lane Suite 500
Greenbelt , Maryland 20770
Telephone:    301.345.7001
Facsimile:    301.345.7075

## PREFATORY NOTES

1.    **Component parts supplied by Delphi:**  For the subject vehicle platform, the GMX 001, which includes the subject 2006 Chevrolet Cobalt, Delphi supplied only the occupant classification system, known as PODS-B, in the right front passenger seating position according to the requirements and specifications provided by General Motors.  The occupant classification system contains the following components supplied by Delphi:  Bladder Assembly, Pressure Sensor, PODS-B Electronic Control Unit, and Belt Tension Sensor.  Delphi supplied no other component of the air bag system for the subject 2006 Chevrolet Cobalt.

2.    **Correct Defendant:**  The named defendants are Delphi Corporation and Delphi Automotive Systems LLC ("Delphi").  The Delphi business entity responsible for the PODS-B supplied by Delphi for the subject vehicle is DPH-DAS, LLC (formerly known as Delphi Automotive Systems LLC).  In responding to these Requests, Delphi has limited its reasonable search efforts to this entity, as any expansion outside these bounds would be unreasonable and unduly burdensome given Delphi's size and geographic breadth.

3.    **Lack of identifying information for occupant classification system:**  It is Delphi's understanding that the subject vehicle caught on fire in the subject incident and that no component of the occupant classification system in the vehicle remains.  In order to isolate documents related to the specific components installed in the subject vehicle, Delphi will need to obtain the unique part numbers on the components themselves.  As the components are not available for inspection due to the vehicle fire, Delphi must locate the part numbers in order to search for some categories of documents.  As detailed in the responses below, Delphi identifies those documents that cannot be located or produced until the component part numbers at issue are identified.

## GENERAL OBJECTIONS

To avoid repetition, Delphi incorporates the following General Objections into each of its responses to plaintiffs' written discovery directed to Delphi where the form or content justifies:

1.    Reasonable efforts:  In responding to plaintiffs' requests, and consistent with the Prefatory Notes above, Delphi has spoken with those employees and conducted a reasonable search of those places in its records where information, if any, responsive to plaintiffs' requests would normally be known or kept.  To the extent plaintiffs' requests, or any portions thereof, seek to require Delphi to take any action other than as enumerated in the preceding sentence, Delphi objects on the grounds the discovery requests are unduly burdensome and oppressive.  As an overall business, Delphi employs tens of thousands of persons in geographic locations around the globe and cannot be required to interview each employee as well as review the millions of documents generated annually in connection with the operation of its many lines of business (most of which have no relevant role in the subject legal allegations).

3

2.     <u>Permissible scope of discovery</u>: Delphi objects to plaintiffs' requests to the extent the information sought:

(a)  is not relevant to the subject matter involved in the pending action;
(b)  is not reasonably calculated to lead to the discovery of admissible evidence;
(c)  is overly broad, oppressive or unduly burdensome;
(d)  is privileged against disclosure through:
    (i) the attorney-client privilege, and/or
    (ii) the work product doctrine;
(e)  seeks information and documents prepared in anticipation of litigation or for trial;
(f)  is otherwise beyond the permissible scope of discovery.
(g)  seek information or documents outside Delphi's control or knowledge;
(h)  call for information or documents without limitation as to relevant and reasonable time periods;
(i)  call for speculation, conjecture or opinions as to what might be possible;
(j)  contain instructions or definitions that are vague, ambiguous or assume the truth of alleged and disputed facts; or
(k)  conflict with the applicable rules of procedure.

3.     <u>Unique product in question</u>: Delphi objects to plaintiffs' requests to the extent they seek information concerning any products, assemblies and components other than the specific product, assemblies and components involved in this case. Delphi understands the subject vehicle (2006MY Chevrolet Cobalt) to be included in the GMX001 vehicle family which consists of the Model Year 2005-2010 Chevrolet Cobalt and the Model Year 2005-2010 Pontiac G5. Unless otherwise noted, the information and documents supplied in the responses relate only to the components supplied by Delphi, namely, the PODS-B passive occupant classification system, for Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 vehicles equipped with an occupant classification system. Delphi's PODS-B system is a type of technology focused on detecting and classifying front seat vehicle occupants so that vehicle manufacturers may comply with Federal Motor Vehicle Safety Standard 208, among others. The designs of most of the key components of a PODS-B occupant classification system (such as the sensing bladder and electronic control unit calibrations) are customized to meet the vehicle manufacturer's performance specifications for a given seat design used in a family of vehicles ("platform"). For this important reason, the design of Delphi's PODS-B system for the subject vehicle (2006 Chevrolet Cobalt) is unique from other versions of PODS-B. The unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. Therefore, Delphi's responses are limited to the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5.

4.     <u>Investigation ongoing</u>: Delphi has made a reasonable good faith effort to locate information responsive to these requests. However, Delphi has not completed its investigation or discovery and has not finished preparing its defense. Therefore, Delphi may, while conducting its discovery and investigation and in preparing its defense, determine that existing information

4

and documents pertain to subjects covered by these requests. In addition, Delphi may discover additional information and documents pertaining to the subjects covered by these requests. Delphi will supplement its discovery responses as required by the Maryland Rules of Civil Procedure.

5.   <u>Protective Order requirement</u>: Delphi objects to requests seeking disclosure of information that is privileged, confidential, proprietary or trade secret until an appropriate protective order is entered by the Court.

Received Time Jul. 27.   4:17PM

## ANSWERS TO INTERROGATORIES

1.    Please identify the supplier of the front passenger airbag system in the subject Cobalt.

**ANSWER:**

Delphi objects to this request on grounds of relevancy, vagueness, and overbreadth, and as seeking irrelevant information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Specifically, plaintiffs' request is vague and over broad in seeking discovery concerning "the front passenger airbag system" as that term is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. Subject to and without waiving its objections, Delphi does not possess information responsive to this request and refers plaintiffs to its response to Interrogatory No. 2 and the vehicle's manufacturer for additional information responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving its objections, as stated in Delphi's prefatory note No. 1, it only supplied the PODS-B in the right front passenger seating position. The identity of the supplier of the front passenger air bag system is not information the vehicle's manufacturer supplied to Delphi. Accordingly, Delphi does not know the supplier of the front passenger air bag system in the subject vehicle and refers Plaintiffs to the vehicle's manufacturer for information responsive to this request.

2.    Please identify the supplier of the front passenger airbag system which contained the occupant sensing device in the subject Cobalt.

**ANSWER:**

Delphi objects to this request on grounds of relevancy, vagueness, and overbreadth and as seeking irrelevant information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Specifically, plaintiffs' request is vague and over broad in seeking discovery concerning "the front passenger airbag system" as that term is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. Subject to and without waiving its objections, Delphi supplied the occupant classification system in the right front passenger seating position in the subject 2006 Chevrolet Cobalt according to the requirements and specifications provided by General Motors. The occupant classification system contains the following components supplied by Delphi: Bladder Assembly, Pressure Sensor, PODS-B Electronic Control Unit, and Belt Tension Sensor. Delphi supplied no other component of the front passenger air bag system in the subject vehicle. Delphi refers plaintiffs to the vehicle's manufacturer for additional information responsive to this request.

6

3.    Please identify the supplier of the ECM/SDM for the subject Cobalt.

**ANSWER:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, Delphi objects to this request as seeking irrelevant information beyond the permissible scope of discovery since it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, and assuming that by the term ECM/SDM plaintiffs are referring to the sensing diagnostic module for the crash sensing system on the subject vehicle, Delphi did not supply the SDM for the subject vehicle and refers plaintiffs to the vehicle's manufacturer for information responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving its objections, as stated in Delphi's prefatory note No. 1, it only supplied the PODS-B in the right front passenger seating position of the subject vehicle. The identity of the supplier of the ECM/SDM in the subject vehicle is not information the vehicle's manufacturer supplied to Delphi. Accordingly, Delphi does not know the supplier of the ECM/SDM in the subject vehicle and refers Plaintiffs to the vehicle's manufacturer for information responsive to this request.

4.    State the date the front passenger airbag system was released for production.

**ANSWER:**

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth and as seeking irrelevant information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Specifically, plaintiffs' request is vague and over broad in seeking discovery concerning "the front passenger airbag system" as that term is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. Subject to and without waiving its objections, Delphi refers plaintiffs to its response to Interrogatory No. 2 and the vehicle's manufacturer for additional information responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving its objections, Delphi states the design of the PODS-B in the right front passenger seating position of the subject model vehicle was released for production on March 10, 2005.

7

5.    Please identify each person who had release responsibility with regard to the front passenger airbag system.

**ANSWER:**

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth and as seeking irrelevant information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Specifically, plaintiffs' request is vague and over broad in seeking discovery concerning "the front passenger airbag system" as that term is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. Subject to and without waiving its objections, Delphi does not possess information responsive to this request and refers plaintiffs to its response to Interrogatory No. 2 and the vehicle's manufacturer for additional information responsive to this request.

6.    Please state whether you (or any other person or entity on your behalf) has conducted front impact testing of any type (including, but not limited to, litigation tests, computer simulations, sled tests, crash tests or static tests) on or for the design and/or development of the Chevrolet Cobalt (limited to model years 2000 through the present). If so, for each such test, please:

    a.    Identify the entity that conducted the testing;
    b.    Provide the test number;
    c.    Provide a description of the testing;
    d.    Describe the purpose of the testing;
    e.    State the vehicle and model types/years involved;
    f.    State whether crash test dummies were used, and if so, where they were positioned or located in the vehicle;
    g.    State the angle and type of test;
    h.    State the speed of the test;
    i.    Describe the type of airbag system, if any, in the test vehicle;
    j.    State the results of the tests; and
    k.    Identify all documents relating to any such testing.

**ANSWER:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate, to plaintiffs' defect theory, or to a reasonable or relevant time period. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. Subject to and without waiving its objections, Delphi states, as a component part supplier, it was not asked to and thus did not perform vehicle crash testing for Model Year 2006-

8

2008 Chevrolet Cobalt or Model Year 2006-2008 Pontiac G5 vehicles.  Accordingly, Delphi does not possess information responsive to this request.  Delphi refers plaintiffs to the vehicle's manufacturer for information responsive to this request.

7.    Have you ever received a complaint, claim or lawsuit of personal injury or death alleging that a vehicle was negligently designed or defective because of a non-deployment of a front passenger airbag? If your answer to the foregoing question is "yes," please state for each such complaint:

a.    The date of the accident;
b.    The date you became aware of the complaint, claim or lawsuit was received;
c.    The name and address of person(s) making the complaint, claim or lawsuit;
d.    The names and addresses of any attorney representing the person(s) making the complaint if a lawsuit was filed;
e.    The nature of the injuries allegedly sustained;
g.    The case number, names of the parties and the name of the court in which the complaint was litigated if a lawsuit was filed;
h.    The status of the complaint or case;
i.    Whether a copy of the complaint or petition is available;
j.    The current location of any files or information relating to the complaint and the name of the person(s) who maintains such files or information; and
k.    The year, make and model of the vehicle at issue.

**ANSWER:**

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth and as seeking irrelevant information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Specifically, the request is not limited to the vehicle platform at issue, the component part allegedly supplied by Delphi and alleged to be defective, or to a reasonable or relevant time period.  In addition, plaintiffs' request is vague and over broad in seeking discovery concerning "the front passenger airbag system" as that term is undefined.  As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates.  Though Delphi is not withholding documents based on privilege, Delphi further objects to the request to the extent it seeks documents protected by the attorney-client or work product privileges.  Subject to and without waiving its objections, Delphi states it has not been a defendant in any other lawsuits in which a Model Year 2006-2008 Chevrolet Cobalt or a Model Year 2006-2008 Pontiac G5 vehicle was at issue and the right front passenger's air bag allegedly failed to deploy.  Accordingly, Delphi does not have information responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving its objections, Delphi refers plaintiffs to its August 18, 2010 correspondence for additional information responsive to this request.

8.     Identify by vehicle make, model and model year each front passenger airbag system designed, manufactured, assembled or sold by you which included a occupant sensing airbag suppression system.

**ANSWER:**

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth and as seeking irrelevant information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Specifically, the request is not limited to the vehicle platform at issue, as Delphi did not supply a "front passenger airbag system designed, manufactured, assembled or sold by Delphi which included an occupant sensing airbag suppression system." As stated above, Delphi supplied only the PODS-B unit on this vehicle platform, and not the "front passenger airbag system." Delphi also objects because the interrogatory is not limited to a reasonable or relevant time period. As stated in Delphi's General Objection No. 3, the inquiry should be limited to the occupant classification system specifically designed and calibrated for Model Year 2006-2008 Chevrolet Cobalt and Model Year 2006-2008 Pontiac G5 vehicles. In addition, plaintiffs' request is vague and over broad in seeking discovery concerning "the front passenger airbag system" as that term is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. Plaintiffs' request, in seeking a list of all vehicle models and model years for which Delphi supplied a front passenger air bag system that included an occupant sensing airbag suppression system is impossibly over broad and harassing.

9.     Identify by vehicle make, model and model year each vehicle which incorporated the same or substantially similar front passenger airbag system as incorporated in the subject Cobalt.

**ANSWER:**

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth and as seeking irrelevant information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Specifically, the request is not limited to the vehicle platform at issue or to a reasonable or relevant time period. In addition, plaintiffs' request is vague and over broad in seeking discovery concerning "the front passenger airbag system" as that term is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. Finally, the term "substantially similar" is susceptible to multiple interpretations and Delphi cannot speculate as to what plaintiffs deem similar in this case. Subject to and without waiving its objections, Delphi refers plaintiffs to its Prefatory Note No. 1 above. For further answer, Delphi states it does not possess information responsive to this request and refers plaintiffs to the vehicle's manufacturer for additional information responsive to this request.

10.     List and identify:

a.    Each person you expect to call as an expert witness at the trial, stating for each such expert:

      (i)    Name;
      (ii)   Address;
      (iii)  Occupation;
      (iv)   Place of Employment;
      (v)    Qualifications to give an opinion (if such information is available on an expert's curriculum vitae you may attach a copy thereof in lieu of answering this interrogatory subpart).

b.    With respect to each expert identified, please state the general nature of the subject matter on which the expert is expected to testify and the expert's hourly deposition fee.

**ANSWER:**

Delphi has not made determinations regarding expert witnesses it might call to the trial of this case. Delphi will supplement its response to this request in accordance with the Maryland Rules of Civil Procedure and any applicable scheduling order entered by the Court.

11.    Identify each non-retained expert witness, including a party, who you expect to call at trial who may provide expert witness opinion testimony by providing the expert's name, address and field of expertise. State also any opinions the expert will testify to at trial.

**ANSWER:**

Delphi has not made determinations regarding expert witnesses it might call to the trial of this case. Delphi will supplement its response to this request in accordance with the Maryland Rules of Civil Procedure and any applicable scheduling order entered by the Court.

12.    Identify all persons known to you:

a.    Who witnessed the Incident; or
b.    Who were present at the scene of the Incident at any time on April 17, 2007;
c.    Who have any information concerning Boris Averbukh's use of his seatbelt at the time of the incident;
d.    Who have any information regarding the deployment or non-deployment of Boris Averbukh's airbag in the incident?

**ANSWER:**

Delphi objects to plaintiffs' request as it is premature. Subject to and without waiving its objections, Delphi states since discovery is in its early stages and Delphi has not yet completed its investigation, Delphi has discovered only a limited amount of information about this case. Therefore, Delphi cannot identify all witnesses who may know about facts relevant to the subject incident. Delphi's investigation in this action, including discovery, is ongoing. With respect to

11

the subject incident, Delphi's knowledge is limited to those individuals identified in Plaintiffs' Complaint, the State of Maryland Motor Vehicle Accident Report, the Ambulance Report, and the Post-Mortem Examination Report Case # 07- 02663 pertaining to Boris Averbukh, which Delphi believes are already in plaintiffs' possession.

13.    Identify all persons who you believe possesses any knowledge or information relating to Boris Averbukh's death, the Incident or any other matter relevant to the claims asserted in the Complaint and provide a brief summary of the knowledge or information you believe each such person possesses. In addition, for each person identified in response to this interrogatory, please state whether you have obtained any type of written or recorded statement.

**ANSWER:**

Delphi objects to plaintiffs' request as it is premature. Though Delphi is not withholding documents based on privilege, Delphi further objects to the request to the extent it seeks documents protected by the attorney-client or work product privileges. Subject to and without waiving its objections, Delphi states since discovery is in its early stages and Delphi has not yet completed its investigation, Delphi has discovered only a limited amount of information about this case. Therefore, Delphi does not currently know of any persons having knowledge of relevant facts in this lawsuit other than those identified in response to Interrogatory No. 12 the plaintiffs, and named defendants, and perhaps some Delphi employees, once the relevant facts and defect theories are made known.

14.    Please state whether any photographs, motion pictures, maps, diagrams, slides, videotapes, drawings or other visual reproductions have been made which reflect or depict the Incident, the scene of the Incident, either vehicle involved in the Incident or Boris Averbukh. If so, please state with respect to each:

a.    When and where it was taken or created, who took or created it and whether that individual was expressly employed by you, your agents, servants, or employees, for the purpose of taking or creating it, prior to the time it was taken or created;

b.    Who presently has possession of it and the negative or digital file, if any;

c.    What it depicts, in language sufficient to identify and distinguish it from other photographs, motion pictures, maps, diagrams, slides, videotapes, or other drawings or visual reproductions listed in your answers to this interrogatory; and

d.    Whether you claim it is work product.

**ANSWER:**

Though Delphi is not withholding documents based on privilege, Delphi objects to the request to the extent it seeks documents protected by the attorney-client, consulting expert, or work product privileges. Subject to and without waiving its objections, Delphi does not possess documents responsive to this request.

15.    Identify all persons known to you or anyone acting in your behalf:

a.  Who have any information concerning the extent of Boris Averbukh's death;
b.  Who have any information concerning the condition of Boris Averbukh's health at anytime before the Incident; or
c.  Who have any information concerning the health, earning capacity, character or habits of the Boris Averbukh.

**ANSWER:**

Delphi objects to plaintiffs' request as it is premature. Subject to and without waiving its objections, Delphi states since discovery is in its early stages and Delphi has not yet completed its investigation, Delphi has discovered only a limited amount of information about this case. Therefore, Delphi does not currently know of any persons having knowledge of relevant facts in this lawsuit other than those identified in response to Interrogatory No. 13, the plaintiffs, and named defendants.

16.    Do you have any written or recorded statement of Alla Averbukh, Boris Averbukh or any of the plaintiffs? If so, please state for each such statement the date the statement was taken and identify the person(s) who took the statement.

**ANSWER:**

Delphi does not possess documents responsive to this request.

17.    Do you contend Boris Averbukh's death was caused, in whole or in part, by any person or entity other than you? If so, please state:

a.  The full identity of each person or entity, including name, occupation, title, address and professional relationship to you, if any;
b.  How and in what manner such other persons or entities caused or contributed to cause Boris Averbukh's injuries; and
c.  Identify any documents which you contend support your contentions.

**ANSWER:**

Delphi objects to the request as premature. Subject to and without waiving its objections, Delphi states since discovery is in its early stages and Delphi has not yet completed its investigation, Delphi has discovered only a limited amount of information about this case. Based on the information currently available, Delphi denies it supplied an unreasonably dangerous or defective product. Delphi contends, depending on the outcome of further investigation and discovery, that the intervening and superseding negligence or intentional actions of persons or entities over whom Delphi had no authority or control may have been the cause of Plaintiffs' injuries and losses. In addition, Delphi also contends Plaintiffs' Complaint may, depending on the outcome of further investigation and discovery, be barred by the sole and/or contributory negligence of plaintiffs and/or plaintiffs' decedent.

18.    Did you design the subject Cobalt in whole or in part?

13

( )    Yes                    ( )    No

If your answer to the above question is "yes," please describe what parts, portions, features or components of the subject Cobalt you designed and identify the physical location(s) where such design work was done.

**ANSWER:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component part allegedly supplied by Delphi and alleged to be defective. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. Subject to and without waiving its objections, Delphi states it did not design the subject 2006 Chevrolet Cobalt. Delphi designed in part, manufactured in part, and assembled in part the occupant classification system in the right front passenger seating position in the subject 2006 Chevrolet Cobalt according to the requirements and specifications provided by General Motors. The occupant classification system contains the following components supplied by Delphi: Bladder Assembly, Pressure Sensor, PODS-B Electronic Control Unit, and Belt Tension Sensor.

19.    Did you manufacture the subject Cobalt in whole or in part?

( )    Yes                    ( )    No

If your answer to the above question is "yes," please describe what parts, portions, features or components of the subject Cobalt you manufactured and identify the physical location(s) where such manufacturing was done.

**ANSWER:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component part allegedly supplied by Delphi and alleged to be defective. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. Subject to and without waiving its objections, Delphi states it did not manufacture the subject 2006 Chevrolet Cobalt. Delphi designed in part, manufactured in part, and assembled in part the occupant classification system in the right front passenger seating position in the subject 2006 Chevrolet Cobalt according to the requirements and specifications provided by General Motors. The occupant classification system contains the following components supplied by Delphi: Bladder Assembly, Pressure Sensor, PODS-B Electronic Control Unit, and Belt Tension Sensor.

14

20.    Did you assemble the subject Cobalt in whole or in part?

( )    Yes                ( )    No

If your answer to the above question is "yes," please describe what parts, portions, features or components of the subject Cobalt you assembled and identify the physical location(s) where such assembly was done.

**ANSWER:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component part allegedly supplied by Delphi and alleged to be defective. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. Subject to and without waiving its objections, Delphi states it did not assemble the subject 2006 Chevrolet Cobalt. Delphi designed in part, manufactured in part, and assembled in part the occupant classification system in the right front passenger seating position in the subject 2006 Chevrolet Cobalt according to the requirements and specifications provided by General Motors. The occupant classification system contains the following components supplied by Delphi: Bladder Assembly, Pressure Sensor, PODS-B Electronic Control Unit, and Belt Tension Sensor.

21.    Did you sell the front passenger airbag system for the subject Cobalt?

( )    Yes                ( )    No

If your answer to the above question is "yes," please:

a.    State the date on which you sold the front passenger airbag system for the subject Cobalt;
b.    State the amount you for which you sold the front passenger airbag system for the subject Cobalt;
c.    Identify to whom you sold the front passenger airbag system for the subject Cobalt;

**ANSWER:**

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth and as seeking irrelevant information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Specifically, the request is not limited to the component part allegedly supplied by Delphi and alleged to be defective. In addition, plaintiffs' request is vague and over broad in seeking discovery concerning "the front passenger airbag system" as that term is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. Subject to and without

15

waiving its objections, Delphi states it did not sell the front passenger air bag system for the subject Cobalt. Delphi designed in part, manufactured in part, and assembled in part the occupant classification system in the right front passenger seating position in the subject 2006 Chevrolet Cobalt according to the requirements and specifications provided by General Motors. The occupant classification system contains the following components supplied by Delphi: Bladder Assembly, Pressure Sensor, PODS-B Electronic Control Unit, and Belt Tension Sensor.

22.     Did you provide any type of warranty with respect to the subject Cobalt? If so, please describe in detail the length and terms of the warranty and identify any documents reflecting or setting forth the warranty.

**ANSWER:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component part allegedly supplied by Delphi and alleged to be defective. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. Subject to and without waiving its objections, and once an appropriate protective order is in place, Delphi will search for and produce responsive documents, if found.
**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving its objections, Delphi, as Seller, provided the following warranty to the vehicle's manufacturer, as Buyer:

"Seller warrants/guarantees that the goods covered by this contract will conform to the specifications, drawings, samples, or descriptions furnished to or by Buyer, and will be merchantable, of good material and workmanship and free from defect. In addition, Seller acknowledges that Seller knows of Buyer's intended use and warrants/guarantees that all goods covered by this contract that have been selected, designed, manufactured or assembled by Seller based upon Buyer's stated use will be fit and sufficient for the particular purposes intended by Buyer. The warranty period shall be that provided by applicable law, except that if Buyer offers a longer warranty to its customers for goods installed on vehicles, such longer period shall apply."

23.     Do you have any insurance agreements which will indemnify you, in whole or in part, for any judgment Plaintiffs may obtain against you in this lawsuit? If so, please state for each such agreement:

a.      The name and address of the insurer issuing the agreement;
b.      The policy number;
c.      The effective dates of the agreement;
d.      The limit of liability; and
e.      Attach a copy of the declaration page or certificate of coverage of each such

16

insurance agreement to these interrogatories.

**ANSWER:**

DPH-DAS, LLC is self-insured for product liability claims up to $5.0 million per occurrence. In addition, there are policies of excess insurance covering product liability claims with limits in excess of any potential settlement or reasonably foreseeable judgment in this case.

24.    Do you have any type of agreement, understanding or contract (oral, written or recorded) with General Motors Corporation, NGMCO, Inc., General Motors Company, Motors Liquidation Company or any other person or entity through or under which you may be indemnified, in whole or in part, for any judgment Plaintiffs may obtain against you in this lawsuit? If so, please identify each such agreement, understanding or contract and describe the terms of the agreement, understanding or contract.

**ANSWER:**

Delphi does not have any such agreement besides what has been identified in response to Interrogatory No. 23 above.

25.    Do you have any type of agreement, understanding or contract (oral, written or recorded) with General Motors Corporation, NGMCO, Inc., General Motors Company, Motors Liquidation Company which governs, addresses, mentions, reflects or relates to your ability to access and/or obtain documents, materials and information regarding the development, design, testing, manufacture and/or sale of the 2005-2010 Cobalts or any substantially similar vehicles? If so, please identify each such agreement, understanding or contract and describe the terms of the agreement, understanding or contract.

**ANSWER:**

Delphi objects to this request on grounds of relevancy, vagueness, and overbreadth, and as seeking irrelevant information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Specifically, the request is not limited to the component part allegedly supplied by Delphi and alleged to be defective. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. Finally, the term "substantially similar" is susceptible to multiple interpretations and Delphi cannot speculate as to what plaintiffs deem similar in this case. Subject to and without waiving its objections, Delphi refers plaintiffs to its Prefatory Note No. 1 above. Once an appropriate protective order is place, Delphi will produce that portion of the Master Disposition Agreement between Delphi and GM which includes a records retention provision. By agreeing to produce the referenced document, Delphi does not admit that the provision "governs, addresses, mentions, reflects or relates to Delphi's ability to access and/or obtain documents, materials and information regarding the development, design, testing, manufacture

and/or sale of the 2005-2010 Cobalts or any substantially similar vehicles".

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving it's objections, Delphi states Paragraph 37 of Amendment No. 1 to the Master Disposition Agreement, dated October 6, 2009, provides technical documentation shall be made reasonably accessible upon request during the five-year retention period.

26.    Do you intend to assert at trial that Boris Averbukh was at fault for the subject incident or his death? If so, please:

a.    State exactly how you contend Boris Averbukh was at fault for the subject incident or his injuries;
b.    Identify all individuals which you claim have knowledge relevant to that assertion; and
c.    Identify all documents with information relevant to that assertion.

**ANSWER:**

Delphi objects to the request as premature. Subject to and without waiving its objections, Delphi states since discovery is in its early stages and Delphi has not yet completed its investigation, Delphi has discovered only a limited amount of information about this case. Based on the information currently available, Delphi denies it supplied an unreasonably dangerous or defective product. Delphi contends, depending on the outcome of further investigation and discovery, that the intervening and superseding negligence or intentional actions of persons or entities over whom Delphi had no authority or control may have been the cause of Plaintiffs' injuries and losses. In addition, Delphi also contends Plaintiffs' Complaint may, depending on the outcome of further investigation and discovery, be barred by the sole and/or contributory negligence of plaintiffs and/or plaintiffs' decedent.

27.    Please identify the person(s) answering or consulted in answering these interrogatories and describe his/her relationship to you and current position of employment.

**ANSWER:**

These interrogatory responses were gathered from interviews with a number of knowledgeable Delphi employees, coupled with the usual and expected assistance of counsel.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was sent via U.S. Mail, postage prepaid, on this 27th day of July, 2011 to:

Robert J. Weltchek
Kristopher A. Mallahan
Weltchek Mallahan & Weltchek LLC
2330 W. Joppa Road, Suite 203
Lutherville, Maryland 21093
**Attorneys for Plaintiff Alla Averbukh**

Edward W. Gray
Eckert Seamans
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
**Attorneys for Rockmont Motor Company**

Marsha Kravitz Samuels, Esquire
'Connor Grant & Samuels
401 Washingtn Ave.., Suite 400
Towson, MD 21204
**Attorneys for Alla Averbukh**

Brad Kuhlman
Chad Lucas
The Kuhlman Law Firm
1100 Main Street
Kansas City, Missouri 64106
**Attorneys for Plaintiffs**

John C. Lynch
Jack D. Lapidus
Macleay, Lynch, Gregg & Lynch
1629 K Street, NW, Suite 802
Washington, DC 20006
**Counsel for Defendant/Cross-Defendant**
**Enterprise Holdings, Inc. f/n/a Enterprise**
**Rent-A-Car Company and Defendant**
**Enterprise RAC Company of Maryland,**
**LLC**

James E. Green, Jr.
Conner & Winters
4000 One Williams Center
Tulsa, Oklahoma 74172
**Attorneys for Defendant**
**Enterprise Rent-A-Car Company**
**n/k/a Enterprise Holdings, Inc.**

Gregory G. Hopper
Paul D. Bekman
Salsbury Clements Bekman Marder &
    Adkins, L.L.C.
300 West Pratt Street, Sutie 450
Bal;timore, Maryland 21201
**Attorneys for Plaintiffs**

*Katheryn M. Worley /dmo*

2

| | | |
|---|---|---|
| VLADIMIR AVERBUKH, Individually and as Personal Representative of the Estate of Boris Averbukh | * | IN THE |
| | * | CIRCUIT COURT |
| And | * | FOR |
| ALESANDER AVERBUKH, Individually | * | PRINCE GEORGE COUNTY |
| Plaintiffs | * | |
| v. | * | CASE NO.: CAL09-35924 |
| DELPHI CORPORATION, et al. | * | |
| Defendants | * | |

### VERIFICATION

STATE OF INDIANA        §
                        §
COUNTY OF HOWARD        §

The undersigned is authorized to verify the foregoing objections and responses to the interrogatories propounded by Plaintiffs on behalf of DPH-DAS LLC. The information provided in the foregoing answers is not all within my personal knowledge. Further, I am informed and believe there is no single employee or agent of DPH-DAS LLC that has personal knowledge of all such matters. However, the facts stated in the objections and answers to the interrogatories have been assembled by authorized agents and counsel of DPH-DAS LLC. I am informed by these agents and counsel that the facts stated in the supplemental answers are true and correct to the best of my knowledge and belief.

Executed this 25ᵗʰ day of July 2011.

Page 2 of 2
Verification for DELPHI DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST
INTERROGATORIES

By: _____

ANDREW H. CURTIS, for
DPH-DAS LLC


SWORN AND SUBSCRIBED TO before me on this _25_ day of July 2011.

_____
Notary Public - State of Indiana

Commission Expires: _7-8-18_

DENISE DOLIN
NOTARY PUBLIC
SEAL
STATE OF INDIANA
My Comm. Expires June 08, 2018

ND: 4839-6989-3894, v. 1

| | | |
|---|---|---|
| VLADIMIR AVERBUKH, Individually and as Personal Representative of the Estate of Boris Averbukh | * | IN THE |
| | * | CIRCUIT COURT |
| And | * | FOR |
| ALESANDER AVERBUKH, Individually | * | PRINCE GEORGE=S COUNTY |
| Plaintiffs | * | |
| v. | * | CASE NO.: CAL09-35924 |
| DELPHI CORPORATION, et al. | * | |
| Defendants | * | |

## DELPHI DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

Defendant DPH-DAS LLC (formerly known as Delphi Automotive Systems LLC) ("Delphi") serves the following Supplemental Responses to Plaintiffs' First Requests for Production.

Respectfully submitted,

WEINSTEIN TIPPETTS & LITTLE LLP

*Kathryn R. Worley /dmo*

David B. Weinstein
*Admitted pro hac vice*
Katheryne R. Worley
*Admitted pro hac vice*
Weinstein Tippetts and Little
7660 Woodway, Suite 500
Houston, Texas 77063
Telephone:  713.244.0800
Facsimile:  713.244.0801

OF COUNSEL:
Patricia Thornton
BACON, THORNTON & PALMER, L.L.P.
6411 Ivy Lane Suite 500
Greenbelt , Maryland 20770

Telephone:    301.345.7001
Facsimile:    301.345.7075

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was sent via U.S. Mail, postage prepaid, on this 27th day of July 2011 to:

Robert J. Weltcheck
Kristopher A. Mallahan
Weltchek Mallahan & Weltcheck LLC
2330 W. Joppa Road, Suite 203
Lutherville, Maryland 21093
**Attorneys for Plaintiff Alla Averbukh**

Edward W. Gray
Eckert Seamans
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
**Attorneys for Rockmont Motor Company**

Marsha Kravitz Samuels, Esquire
'Connor Grant & Samuels
401 Washingtn Ave.., Suite 400
Towson, MD 21204
**Attorneys for Alla Averbukh**

Brad Kuhlman
Chad Lucas
The Kuhlman Law Firm
1100 Main Street
Kansas City, Missouri 64106
**Attorneys for Plaintiffs**

John C. Lynch
Jack D. Lapidus
Macleay, Lynch, Gregg & Lynch
1629 K Street, NW, Suite 802
Washington, DC 20006
**Counsel for Defendant/Cross-Defendant**
**Enterprise Holdings, Inc. f/n/a Enterprise**
**Rent-A-Car Company and Defendant**
**Enterprise RAC Company of Maryland,**
**LLC**

James E. Green, Jr.
Conner & Winters
4000 One Williams Center
Tulsa, Oklahoma 74172
**Attorneys for Defendant**
**Enterprise Rent-A-Car Company**
**n/k/a Enterprise Holdings, Inc.**

Gregory G. Hopper
Paul D. Bekman
Salsbury Clements Bekman Marder &
    Adkins, L.L.C.
300 West Pratt Street, Sutie 450
Bal;timore, Maryland 21201
**Attorneys for Plaintiffs**

_Katheryne R. Worley /dmo_

## PREFATORY NOTES

1.    **Component parts supplied by Delphi:**  For the subject vehicle platform, the GMX 001, which includes the subject 2006 Chevrolet Cobalt, Delphi supplied <u>only</u> the occupant classification system, known as PODS-B, in the right front passenger seating position according to the requirements and specifications provided by General Motors.  The occupant classification system contains the following components supplied by Delphi:  Bladder Assembly, Pressure Sensor, PODS-B Electronic Control Unit, and Belt Tension Sensor.  Delphi supplied no other component of the air bag system for the subject 2006 Chevrolet Cobalt.

2.    **Correct Defendant:**  The named defendants are Delphi Corporation and Delphi Automotive Systems LLC ("Delphi").  The Delphi business entity responsible for the PODS-B supplied by Delphi for the subject vehicle is DPH-DAS, LLC (formerly known as Delphi Automotive Systems LLC).  In responding to these Requests, Delphi has limited its reasonable search efforts to this entity, as any expansion outside these bounds would be unreasonable and unduly burdensome given Delphi's size and geographic breadth.

3.    **Lack of identifying information for occupant classification system:**  It is Delphi's understanding that the subject vehicle caught on fire in the subject incident and that no component of the occupant classification system in the vehicle remains.  In order to isolate documents related to the specific components installed in the subject vehicle, Delphi will need to obtain the unique part numbers on the components themselves.  As the components are not available for inspection due to the vehicle fire, Delphi must locate the part numbers in order to search for some categories of documents.  As detailed in the responses below, Delphi identifies those documents that cannot be located or produced until the component part numbers at issue are identified.

3

## GENERAL OBJECTIONS

To avoid repetition, Delphi incorporates the following General Objections into each of its responses to plaintiffs' written discovery directed to Delphi where the form or content justifies:

1.    <u>Reasonable efforts</u>:  In responding to plaintiffs' requests, and consistent with the Prefatory Notes above, Delphi has spoken with those employees and conducted a reasonable search of those places in its records where information, if any, responsive to plaintiffs' requests would normally be known or kept.  To the extent plaintiffs' requests, or any portions thereof, seek to require Delphi to take any action other than as enumerated in the preceding sentence, Delphi objects on the grounds the discovery requests are unduly burdensome and oppressive.  As an overall business, Delphi employs tens of thousands of persons in geographic locations around the globe and cannot be required to interview each employee as well as review the millions of documents generated annually in connection with the operation of its many lines of business (most of which have no relevant role in the subject legal allegations).

2.    <u>Permissible scope of discovery</u>:  Delphi objects to plaintiffs' requests to the extent the information sought:

  (a)  is not relevant to the subject matter involved in the pending action;
  (b)  is not reasonably calculated to lead to the discovery of admissible evidence;
  (c)  is overly broad, oppressive or unduly burdensome;
  (d)  is privileged against disclosure through:
        (i) the attorney-client privilege, and/or
        (ii) the work product doctrine;
  (e)  seeks information and documents prepared in anticipation of litigation or for trial;
  (f)  is otherwise beyond the permissible scope of discovery.
  (g)  seek information or documents outside Delphi's control or knowledge;
  (h)  call for information or documents without limitation as to relevant and reasonable time periods;
  (i)  call for speculation, conjecture or opinions as to what might be possible;
  (j)  contain instructions or definitions that are vague, ambiguous or assume the truth of alleged and disputed facts; or
  (k)  conflict with the applicable rules of procedure.

3.    <u>Unique product in question</u>:  Delphi objects to plaintiffs' requests to the extent they seek information concerning any products, assemblies and components other than the specific product, assemblies and components involved in this case. Delphi understands the subject vehicle (2006MY Chevrolet Cobalt) to be included in the GMX001 vehicle family which consists of the Model Year 2005-2010 Chevrolet Cobalt and the Model Year 2005-2010 Pontiac G5. Unless otherwise noted, the information and documents supplied in the responses relate only to the components supplied by Delphi, namely, the PODS-B passive occupant classification system, for Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 vehicles equipped with an occupant classification system. Delphi's PODS-B system is a type of

4

technology focused on detecting and classifying front seat vehicle occupants so that vehicle manufacturers may comply with Federal Motor Vehicle Safety Standard 208, among others. The designs of most of the key components of a PODS-B occupant classification system (such as the sensing bladder and electronic control unit calibrations) are customized to meet the vehicle manufacturer's performance specifications for a given seat design used in a family of vehicles ("platform"). For this important reason, the design of Delphi's PODS-B system for the subject vehicle (2006 Chevrolet Cobalt) is unique from other versions of PODS-B. The unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. Therefore, Delphi's responses are limited to the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5.

4.    Investigation ongoing: Delphi has made a reasonable good faith effort to locate information responsive to these requests. However, Delphi has not completed its investigation or discovery and has not finished preparing its defense. Therefore, Delphi may, while conducting its discovery and investigation and in preparing its defense, determine that existing information and documents pertain to subjects covered by these requests. In addition, Delphi may discover additional information and documents pertaining to the subjects covered by these requests. Delphi will supplement its discovery responses as required by the Maryland Rules of Civil Procedure.

5.    Protective Order requirement: Delphi objects to requests seeking disclosure of information that is privileged, confidential, proprietary or trade secret until an appropriate protective order is entered by the Court.

## RESPONSES TO REQUESTS FOR PRODUCTION

1.    All drawings or schematics showing all crash sensors used for the frontal impact crash sensing system of the 2006 Chevrolet Cobalt, including the RCM, EFS and any other input to the sensing system such as passenger suppression or other external sensors.    Include documents which identify the specific location on the vehicle for each module or sensor.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, plaintiffs' request is vague as to the term "frontal impact crash sensing system" as this term is undefined and overly broad. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery since it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi states it did not supply crash sensors or any component of the crash sensing system, as it understands that term, for the 2006 Chevrolet Cobalt. Accordingly, Delphi does not possess documents responsive to this request. For further answer, Delphi refers plaintiffs to its Prefatory Note No. 1 above and to the vehicle's manufacturer for information responsive to this request.

2.    Produce documents which identify the manufacturer/supplier for all components identified in item #1 above.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, plaintiffs' request is vague as to the term "frontal impact crash sensing system" as this term is undefined and overly broad. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery since it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi states it did not supply crash sensors or any component of the crash sensing system, as it understands that term, for the 2006 Chevrolet Cobalt. Accordingly, Delphi does not possess documents responsive to this request. For further

6

answer, Delphi refers plaintiffs to its Prefatory Note No. 1 above and to the vehicle's manufacturer for information responsive to this request.

3.    All drawings or schematics showing all airbags, inflators, seats, seatbelts, seatbelt pretensioners and other components used for the frontal impact occupant protection system of the 2006 Chevrolet Cobalt, including the passenger airbag, passenger inflators, passenger squibs, seat track position sensors, seats, seat belts, pretensioners and any other components provided for occupant protection in frontal impact crashes.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, plaintiffs' request is vague and over broad in seeking discovery concerning "other components used for the frontal impact occupant protection system" as the term "frontal impact occupant protection system" is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. In addition, plaintiffs' request for "other components" is so overly broad as to make the request unduly burdensome and harrassing. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery since it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi states it did not supply air bags, inflators, seats, seat belts, or seat belt pretensioners for the 2006 Chevrolet Cobalt. Accordingly, Delphi does not possess documents responsive to this request. For further answer, Delphi refers plaintiffs to its Prefatory Note No. 1 above and to the vehicle's manufacturer for information responsive to this request.

4.    Produce documents which identify the manufacturer/supplier for all components identified in item #3 above.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, plaintiffs' request is vague and over broad in seeking discovery concerning "other components used for the frontal impact occupant protection system" as the term "frontal impact occupant protection system" is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. In addition, plaintiffs' request for "other components" is so overly broad as to make the request

7

unduly burdensome and harrassing. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery since it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi states it did not supply air bags, inflators, seats, seat belts, or seat belt pretensioners for the 2006 Chevrolet Cobalt. Accordingly, Delphi does not possess documents responsive to this request. For further answer, Delphi refers plaintiffs to its Prefatory Note No. 1 above and to the vehicle's manufacturer for information responsive to this request.

5.    Frontal Impact Crash Test matrix (or crash test listing) used for the 2006 Chevrolet Cobalt vehicles, including a listing of all test requirements, trigger time/Non-deploy requirements, and specifying threshold requirements for seat belt pretensioners, single stage airbags, Stage 1 Frontal Airbags and Stage 2 Frontal Airbags, as applicable.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery since it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi states, it did not supply air bags or seat belt pretensioners for the 2006 Chevrolet Cobalt and thus does not possess documents responsive to this request. For further answer, Delphi refers plaintiffs to to the vehicle's manufacturer for information responsive to this request.

6.    A listing of all crash tests (including their names/numbers and descriptions) performed in the development of the frontal crash safety system for the 2006 Chevrolet Cobalt vehicles.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, plaintiffs' request is vague and over broad in seeking discovery concerning "the frontal crash safety system" as this term is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi states, as a component part

8

supplier, it was not asked to and thus did not perform vehicle crash testing for Model Year 2006-2008 Chevrolet Cobalt or Model Year 2006-2008 Pontiac G5 vehicles. Accordingly, Delphi does not have documents concerning crash testing, and refers plaintiffs to the vehicle's manufacturer for documents responsive to this request.

7.    Electronic copies of all crash test films and crash test results, including crash dummy injury levels for all frontal impact crash tests, rough road testing, misuse/abuse testing and sled tests performed during the development of the frontal impact sensing system used on the 2006 Chevrolet Cobalt vehicles.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, plaintiffs' request is vague and over broad in seeking discovery concerning "the frontal impact sensing system" as this term is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery since it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi states it did not supply crash sensors or any component of the crash sensing system, as it understands that term, for the 2006 Chevrolet Cobalt. For further answer, Delphi states, as a component part supplier, it was not asked to and thus did not perform vehicle crash testing for Model Year 2006-2008 Chevrolet Cobalt or Model Year 2006-2008 Pontiac G5 vehicles. Accordingly, Delphi does not have documents concerning crash testing, and Delphi refers plaintiffs to the vehicle's manufacturer for documents responsive to this request.

8.    Electronic copies of all calibration summary results, calibration parameter files, and simulation results showing the actual sensor performance and the simulated sensor performance for all frontal impact crash tests, rough road testing, misuse/abuse testing and sled tests performed during the development of the frontal impact sensing system used on the 2006 Chevrolet Cobalt vehicles.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, plaintiffs' request is vague and over broad in seeking

9

discovery concerning "the frontal impact sensing system" as this term is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery since it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi states it did not supply crash sensors or any component of the crash sensing system, as it understands that term, for the 2006 Chevrolet Cobalt. For further answer, Delphi states, as a component part supplier, it was not asked to and thus did not perform vehicle crash testing for Model Year 2006-2008 Chevrolet Cobalt or Model Year 2006-2008 Pontiac G5 vehicles. Accordingly, Delphi does not have documents responsive to this request, and Delphi refers plaintiffs to the vehicle's manufacturer for documents responsive to this request. Delphi also refers plaintiffs to its response to Request for Production No. 55.

9.    All design specifications and performance specifications for the frontal impact crash sensing system used on the 2006 Chevrolet Cobalt vehicles.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, plaintiffs' request is vague and over broad in seeking discovery concerning "the frontal impact sensing system" as this term is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery since it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi states it did not supply crash sensors or any component of the frontal impact crash sensing system, as it understands that term, for the 2006 Chevrolet Cobalt. Accordingly, Delphi does not possess documents responsive to this request. For further answer, Delphi refers plaintiffs to the vehicle's manufacturer for information responsive to this request.

10.    All presentations, test results, summaries, specifications, emails and other communications between frontal impact sensing system engineers at General Motors and the frontal crash sensing system suppliers regarding the following specific topics as related to the development of the 2006 Chevrolet Cobalt vehicles frontal impact sensing system:

    a.  The decision to use or not use frontal impact crush zone sensor.
    b.  Regarding the accuracy and capability of the Crash Data Recording in this RCM Module, including any known deficiencies in production units.
    c.  The injury and vehicle performance of the 2006 Chevrolet Cobalt (or substantially similar vehicles) in car-to-car testing.

10

d.  The performance of the 2006 Chevrolet Cobalt (or substantially similar vehicles) in Offset Rigid and Offset Deformable barrier testing.

e.  The performance of the 2006 Chevrolet Cobalt (or substantially similar vehicles) in centerline and Offset pole impact testing.

f.  The injury and vehicle performance of the 2006 Chevrolet Cobalt (or substantially similar vehicles) in 17kph frontal rigid barrier testing (threshold non-deployment for unbelted).

g.  The injury and vehicle performance of the 2006 Chevrolet Cobalt (or substantially similar vehicles) in 24kph frontal rigid barrier testing (threshold non-deployment for belted).

h.  The injury and vehicle performance of the 2006 Chevrolet Cobalt (or substantially similar vehicles) in car-to-car or car-to-truck barrier or vehicle testing.

i.  Any communications between GM engineers and/or supplier engineers regarding the performance of the frontal impact airbags and tradeoffs that were necessary to avoid inadvertent deployments on misuse and rough road conditions.

j.  Any communications that were made regarding specifically the pole impact performance of the frontal impact sensing system during the development of the 2006 Chevrolet Cobalt vehicle structure and frontal impact sensing systems.

k.  Any communications that were made regarding specifically the Offset barrier performance and variations in offset barrier performance of the frontal impact sensing system during the development of the 2006 Chevrolet Cobalt vehicle structure and frontal impact sensing systems.

l.  Any communications that were made regarding specifically the car to car performance and variations in car-to-car performance of the frontal impact sensing system during the development of the 2006 Chevrolet Cobalt vehicle structure and frontal impact sensing systems.

m.  Any communications that were made regarding specifically any 2.5mph or 5.0mph bumper impact testing and variations in performance of the frontal impact sensing system during the development of the 2006 Chevrolet Cobalt vehicle structure and frontal impact sensing systems.

n.  The frontal crash sensing system calibration files for each released calibration of the frontal impact sensing system during the development of the system of the 2006 Chevrolet Cobalt for all sensors (RCM, EFS and Safing Sensor).

o.  Filtered acceleration and velocity overlay plots from the Airbag RCM structural location for the following conditions:

    i.  2.5mph Bumper Test vs 40mph Offset Deformable Barrier
    ii.  5.0mph Bumper Test vs 40mph Offset Deformable Barrier
    iii.  Threshold Non-Deployment rigid barrier test vs 40mph Offset Deformable Barrier
    iv.  Threshold Deployment rigid barrier test vs 40mph Offset Deformable Barrier
    v.  Undercarriage Impact vs 40mph Offset Deformable Barrier
    vi.  Undercarriage Impact vs 2.5mph Bumper Test
    vii.  Undercarriage Impact vs 5.0mph Bumper Test
    viii.  Pole Impact vs 2.5mph Bumper Test
    ix.  Pole Impact vs 5.0mph Bumper Test

11

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, plaintiffs' request is vague and over broad in seeking discovery concerning "the frontal impact sensing system" and "frontal crash sensing system" as these terms are undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery since it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi states it did not supply crash sensors or any component of the frontal impact crash sensing system, as it understands that term, for the 2006 Chevrolet Cobalt. Accordingly, Delphi does not possess documents responsive to this request. For further answer, Delphi refers plaintiffs to the vehicle's manufacturer for information responsive to this request.

11. Any competitive assessment reports of different frontal impact sensing systems investigated by GM or Delphi during the development of the 2006 Chevrolet Cobalt vehicles.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, plaintiffs' request is vague and over broad in seeking discovery concerning "the frontal impact sensing system" as this term is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery since it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi states it did not supply crash sensors or any component of the frontal impact crash sensing system, as it understands that term, for the 2006 Chevrolet Cobalt. Accordingly, Delphi does not possess documents responsive to this request. For further answer, Delphi refers plaintiffs to the vehicle's manufacturer for information responsive to this request.

12. All communications and summaries showing the Certification of the 2006 Chevrolet Cobalt vehicles for the FMVSS 208 requirements in effect for those model year vehicles.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. Subject to and without waiving its objections, Delphi states, as a component part supplier, Delphi does not possess documents responsive to this request. Delphi refers plaintiffs to the vehicle's manufacturer for information responsive to this request.

13.    All test results (barrier and sled testing), simulation results, and correlation between test and simulation results that show the performance of the 2006 Chevrolet Cobalt vehicles in meeting the FMVSS 208 IARV injury levels during frontal impact offset crash, threshold non-deployment, pole impact and car-to-car crash events.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. Subject to and without waiving its objections, Delphi states, as a component part supplier, it does not possess documents responsive to this request. Delphi refers plaintiffs to the vehicle's manufacturer for information responsive to this request.

14.    All communications between you and NHTSA regarding the performance of the 2006 Chevrolet Cobalt (or substantially similar vehicles) in frontal impact crashes, based on internal or external testing or field incidents that you are aware.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, the request is vague and over broad in seeking documents concerning the "performance" of the 2006 Chevrolet Cobalt. "Performance" is a subjective term that requires Delphi to speculate as to Plaintiffs' intended meaning. In addition, the term "substantially similar" is also susceptible to multiple interpretations and Delphi cannot speculate as to what plaintiffs deem similar in this case. Subject to and without waiving its objections, Delphi states, as a component part supplier, Delphi does not possess documents responsive to

13

this request. Delphi refers plaintiffs to the vehicle's manufacturer for information responsive to this request.

15.     All reports, summaries and presentations that relate to the performance of the frontal airbag system in the 2005-2008 Chevrolet Cobalt in field incidents.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is vague and over broad in seeking documents "that relate to the performance" of the frontal air bag system. "Performance" is a subjective term that requires Delphi to speculate as to Plaintiffs' intended meaning. In addition, the request is not limited to a reasonable or relevant time period. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi states, as a component part supplier, Delphi does not possess documents responsive to this request. Delphi refers plaintiffs to the vehicle's manufacturer for information responsive to this request.

16.     All reports, summaries and presentations that relate to the performance of the occupant sensor system in the 2005-2008 Chevrolet Cobalt in field incidents.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, Plaintiffs' request is not limited to a reasonable or relevant time period. Subject to and without waiving its objections, Delphi states it is not aware of any field incidents related to the right front passenger's occupant classification system in the 2006-2008 Chevrolet Cobalt and thus does not possess documents responsive to this request.

17.     All documents which identify by name, date and location all field incidents that you have become aware of that relate to non-deployment in frontal impact crash events for the passenger airbag for the 2005-2008 Chevrolet Cobalt where an occupant was in the front passenger seat.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to a reasonable or relevant time period. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery

14

07/27/2011    16:38                                    (FAX)9                                    P.030/064

to the extent it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi is not aware of any field incidents related to the right front passenger's occupant classification system in the 2006-2008 Chevrolet Cobalt and thus does not possess documents responsive to this request.

18.    All documents which identify by case name, date and location all field incidents that you have become aware of that relate to inadvertent deployments during rough road or misuse/abuse conditions for the 2005-2008 Chevrolet Cobalt.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to plaintiffs' defect allegations, the specific component parts at issue in this case, or to a reasonable or relevant time period. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, plaintiffs' request is over broad and unduly burdensome in seeking information related to "inadvertent deployments" when such information is not reasonably related or relevant to plaintiffs' defect allegations in this lawsuit.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving its objections, Delphi does not possess documents responsive to this request.

19.    The RCM "Algorithm Definition" Document (which defines the specific physical calculations, theory and thresholds for seatbelt pretensioners, Stage 1 and Stage 2 airbags) for the frontal impact crash sensing system used in the 2006 Chevrolet Cobalt (or substantially similar vehicles).

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, plaintiffs' request is vague and over broad in seeking discovery concerning "the frontal impact crash sensing system" as this term is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi states it did not supply

15

crash sensors, or any component of the frontal impact crash sensing system, as it understands that term, for the 2006 Chevrolet Cobalt. Accordingly, Delphi does not possess documents responsive to this request. Delphi refers plaintiffs to the vehicle's manufacturer for information responsive to this request.

20.    The RCM "Product Definition" Document or product specification for the frontal crash sensing system used in the 2006 Chevrolet Cobalt (or substantially similar vehicles).

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, plaintiffs' request is vague and over broad in seeking discovery concerning "the frontal crash sensing system" as this term is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi states it did not supply crash sensors, or any component of the frontal impact crash sensing system, as it understands that term, for the 2006 Chevrolet Cobalt. Accordingly, Delphi does not possess documents responsive to this request. Delphi refers plaintiffs to the vehicle's manufacturer for information responsive to this request.

21.    All part drawings, schematics and vehicle drawings that show the application and design of the Frontal impact Sensor used for the 2006 Chevrolet Cobalt (or substantially similar vehicles).

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi states it did not supply any crash sensors, or any component of the frontal impact crash sensing system, as it understands that term. Accordingly, Delphi does not possess documents responsive to this request. Delphi refers plaintiffs to the vehicle's manufacturer for information responsive to this request.

16

22.    The EFS Algorithm Definition Document (which defines the specific physical calculations, theory and thresholds for seatbelt pretensioners, Stage 1 and Stage 2 airbags) for the frontal crash sensing system used in the 2006 Chevrolet Cobalt (or substantially similar vehicles).

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, plaintiffs' request is vague and over broad in seeking discovery concerning "the frontal crash sensing system" as this term is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi states it did not supply crash sensors or any component of the frontal impact crash sensing system, as it understands that term, for the 2006 Chevrolet Cobalt. Accordingly, Delphi does not possess documents responsive to this request. Delphi refers plaintiffs to the vehicle's manufacturer for information responsive to this request.

23.    The Seat Belt Pretensioner Product Definition Document or product specification for the frontal crash sensing system used in the 2006 Chevrolet Cobalt (or substantially similar vehicles).

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, plaintiffs' request is vague and over broad in seeking discovery concerning "the frontal crash sensing system" as this term is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi states it did not supply seat belt pretensioners, crash sensors, or any component of the frontal impact crash sensing system, as it understands that term, for the 2006 Chevrolet Cobalt. Accordingly, Delphi does not possess

17

documents responsive to this request. Delphi refers plaintiffs to the vehicle's manufacturer for information responsive to this request.

24.     The General Motors Vehicle Technical Specification Document for the frontal impact crash sensing system used in the 2006 Chevrolet Cobalt (or substantially similar vehicles).

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, plaintiffs' request is vague and over broad in seeking discovery concerning "the frontal impact crash sensing system" as this term is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi states it did not supply crash sensors or any component of the frontal impact crash sensing system, as it understands that term, for the 2006 Chevrolet Cobalt. Accordingly, Delphi does not possess documents responsive to this request. Delphi refers plaintiffs to the vehicle's manufacturer for information responsive to this request.

25.     All Corporate Final Release for Production reviews and/or reports created by Delphi for the development and release of the 2006 Chevrolet Cobalt frontal impact sensing systems.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, plaintiffs' request is vague and over broad in seeking discovery concerning "the frontal impact sensing system" as this term is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi states it did not supply crash sensors or any component of the frontal impact crash sensing system, as it understands that term, for the 2006 Chevrolet Cobalt. Accordingly, Delphi does not possess documents responsive to

18

this request. Delphi refers plaintiffs to the vehicle's manufacturer for information responsive to this request.

26.    All engineering analysis reports and summaries created by Delphi or provided to Delphi which show the potential performance improvements of the frontal impact airbag system due to different sensing system designs or mechanizations prior for the 2006 Model Year Start of Regular Production.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate or to a reasonable or relevant time period. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, plaintiffs' request is vague and over broad in seeking discovery related to "potential performance improvements" of the frontal impact airbag system. "Potential performance improvements" is a subjective term that requires Delphi to speculate as to Plaintiffs' intended meaning. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi for the subject vehicle. Subject to and without waiving its objections, Delphi refers plaintiffs to the vehicle's manufacturer for information responsive to this request.

27.    All DFMEA's (or other type of Failure Mode documents) for the Frontal impact crash sensing system (sensors, airbags, seats, seatbelt pretensioners) used on the 2005-2008 Chevrolet Cobalt.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, plaintiffs' request is vague and over broad in seeking discovery concerning "the frontal impact crash sensing system" as this term is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi states it did not supply crash sensors or any component of the frontal impact crash sensing system, as it understands that term, for the 2005-2008 Chevrolet Cobalt. Accordingly, Delphi does not possess documents

19

responsive to this request.  Delphi refers plaintiffs to the vehicle's manufacturer for information
responsive to this request.

28.    A listing of all legal actions that Dephi has knowledge of where the claim is
occupant injury in frontal impact crashes where frontal passenger airbags have not deployed.
This specific request is for all vehicles which incorporated similar front passenger airbag systems
as the subject Cobalt.

**RESPONSE:**

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth and as
seeking irrelevant information beyond the permissible scope of discovery to the extent it seeks
information concerning component parts not supplied by Delphi.  Specifically, the request is not
limited to the vehicle platform at issue, the component part allegedly supplied by Delphi and
alleged to be defective, or to a reasonable or relevant time period.  In addition, plaintiffs' request
is vague and over broad in seeking discovery concerning "the frontal passenger airbags" as that
term is undefined.  As currently worded, Delphi must speculate as to the specific component
parts to which plaintiffs' request relates.  In addition, the term "substantially similar" is
susceptible to multiple interpretations and Delphi cannot speculate as to what plaintiffs deem
similar in this case.  Though Delphi is not withholding documents based on privilege, Delphi
further objects to the request to the extent it seeks documents protected by the attorney-client or
work product privileges.  Subject to and without waiving its objections, Delphi states it has not
been a defendant in any other lawsuits in which a Model Year 2006-2008 Chevrolet Cobalt or a
Model Year 2006-2008 Pontiac G5 vehicle was at issue and the right front passenger's air bag
allegedly failed to deploy.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving its objections, Delphi refers plaintiffs to its August 18,
2010 correspondence for information responsive to this request.

29.    All documentation of any recalls applicable to the 2006 Chevrolet Cobalt which
were the result of a failure that could lead to the non-deployment of frontal airbags/pretensioners
in a severe frontal collision.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth.
Specifically, the request is not limited to the component parts of the system to which Plaintiffs'
defect allegations relate.  Plaintiffs' defect theory being pursued against Delphi is clearly focused
on the right front passenger's frontal air bag system in the subject vehicle.  Therefore, seeking
discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing,
and unduly burdensome.  In addition, Delphi objects to this request as seeking information
beyond the permissible scope of discovery to the extent it seeks information concerning

20

component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi is not aware of any recalls applicable to the subject 2006 Chevrolet Cobalt related to components supplied by Delphi and thus does not possess documents responsive to this request.

30.    All documents relating to any download or analysis of information from the Black box or the SDM in the subject Cobalt following the incident.

**RESPONSE:**

Delphi does not possess documents responsive to this request.

31.    Digital copies of all photos and videos of the subject Cobalt following the incident.

**RESPONSE:**

Delphi does not possess documents responsive to this request other than photographs of the subject vehicle provided by counsel for plaintiffs.

32.    All documents related to the purchase or sale of the subject Cobalt at any time.

**RESPONSE:**

Delphi does not possess documents responsive to this request.

33.    The factory invoice for the subject Cobalt.

**RESPONSE:**

Delphi does not possess documents responsive to this request.

34.    Any documents relating to any inspection of the subject Cobalt following the incident.

**RESPONSE:**

Delphi has not yet had the opportunity to inspect the subject vehicle following the incident and does not possess documents responsive to this request.

35.    All documents received from or sent to General Motors regarding the subject Cobalt.

**RESPONSE:**

21

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate or to a reasonable or relevant time period. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. Subject to and without waiving its objections, Delphi has not located any non-privileged documents received from or sent to General Motors regarding the subject Cobalt, as that term is defined in plaintiffs' requests.

36.    All documents including, but not limited to, photographs, proof sheets, films or videotapes, depicting the subject Cobalt, any scene, place or object relevant to or connected with the incident.

**RESPONSE:**

Delphi does not possess documents responsive to this request other than photographs of the subject vehicle provided by counsel for plaintiffs.

37.    All documents including, but not limited to, records, receipts or other writings, relating to the maintenance, service, repair, modification, alteration and/or inspection of the subject Cobalt.

**RESPONSE:**

Delphi does not possess documents responsive to this request.

38.    All documents relating to the chain of title, ownership, custody or control of the subject Cobalt.

**RESPONSE:**

Delphi does not possess documents responsive to this request.

39.    All documents including, but not limited to, manuals, instructions, brochures, pamphlets, warranties, or other documents relating to the subject Cobalt.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing,

22

and unduly burdensome. Subject to and without waiving its objections, Delphi refers plaintiffs to its Prefatory Note No. 1 above. Delphi will search for and produce responsive documents related to components supplied by Delphi for the subject Cobalt, if found, following entry of an appropriate protective order.

40.    All documents including, but not limited to, appraisals, estimates, appraisers' notes and documentation, regarding settlement of property damage claims with respect to the subject Cobalt.

**RESPONSE:**

Delphi does not possess documents responsive to this request.

41.    All documents including, but not limited to, reports made by any person, including any police officer, concerning the incident.

**RESPONSE:**

Though Delphi is not withholding documents based on privilege, Delphi objects to the request to the extent it seeks documents protected by the attorney-client, consulting expert, or work product privileges. Subject to and without waiving its objections, Delphi refers plaintiffs to the Maryland Motor Vehicle Accident Report, the Ambulance Report pertaining to the subject incident, and the Post-Mortem Examination Report Case # 07 - 02663 pertaining to Boris Averbukh, which Delphi understands is already in plaintiffs' possession. Delphi does not possess additional responsive documents at this time and will supplement its response to this request as needed.

42.    All documents containing any record of or reference to problems with the mechanical condition or design of the subject Cobalt or any of its components.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate or to plaintiffs' defect theory. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Plaintiffs' request is also vague and over broad in seeking discovery related to "problems with the mechanical condition or design". Without additional information, Delphi must speculate as to the categories or types of documents sought. Subject to and without waiving its objections, Delphi refers plaintiffs to its

Prefatory Note No. 1 above concerning components supplied by Delphi. To the extent plaintiffs clarify and narrow the request, Delphi will supplement its response to this request as needed.

43.    All documents containing any record of or reference to inspections or examinations of the subject Cobalt or any of its components.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. Though Delphi is not withholding documents based on privilege, Delphi objects to the request to the extent it seeks documents protected by the attorney-client, consulting expert, or work product privileges. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi does not possess documents responsive to this request related to the subject Cobalt or its components. For further answer, once an appropriate protective order is in place and following identification of component part numbers for the occupant classification system in the right front passenger's seating position, Delphi will search for and produce responsive documents for the occupant classification system specifically designed and calibrated for the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5, if found. In addition, Delphi refers plaintiffs to the vehicle's manufacturer for information responsive to this request.

44.    All documents containing any record of or reference to tests or examinations performed on the subject Cobalt or any of its components.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate, to plaintiffs' defect theory, or to a reasonable or relevant time period. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. Though Delphi is not withholding documents based on privilege, Delphi objects to the request to the extent it seeks documents protected by the attorney-client, consulting expert, or work product privileges. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi does not possess documents responsive to this request related to the subject Cobalt or its

24

components. For further answer, once an appropriate protective order is in place and following identification of component part numbers for the occupant classification system in the right front passenger's seating position, Delphi will search for and produce responsive documents for the occupant classification system specifically designed and calibrated for the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5, if found. In addition, Delphi refers plaintiffs to the vehicle's manufacturer for information responsive to this request.

45.     Detailed test reports for all Frontal Pole Impact tests performed during the design and development of the Cobalt.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate or to a reasonable or relevant time period. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. Subject to and without waiving its objections, Delphi states, as a component part supplier, it does not possess documents responsive to this request. Accordingly, Delphi refers plaintiffs to the vehicle's manufacturer for documents responsive to this request.

46.     Detailed test reports for all Frontal Impact threshold tests performed during the design and development of the Cobalt (non-deployment and deployment threshold).

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate or to a reasonable or relevant time period. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. Subject to and without waiving its objections, Delphi states, as a component part supplier, it does not possess documents responsive to this request. Accordingly, Delphi refers plaintiffs to the vehicle's manufacturer for documents responsive to this request.

47.     Detailed summary of tests, analyses, stimulations or other engineering information that pertains to the performance of this frontal airbag system in the presence of 'concatenated' events, for example a curb impact, followed by a centerline pole impact.

25

**RESPONSE:**

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth and as seeking irrelevant information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Specifically, the request is not limited to the vehicle platform at issue, the component part allegedly supplied by Delphi and alleged to be defective, or to a reasonable or relevant time period. In addition, plaintiffs' request is vague and over broad in seeking discovery concerning "the frontal airbag system" as that term is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. Subject to and without waiving its objections, Delphi does not possess documents responsive to this request. Accordingly, Delphi refers plaintiffs to the vehicle's manufacturer for documents responsive to this request.

48.    All Failure Mode and Effects Analyses for the Frontal Airbag system, which specifically includes the performance of the frontal impact crash sensing system.

**RESPONSE:**

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth and as seeking irrelevant information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Specifically, the request is not limited to the vehicle platform at issue, the component part allegedly supplied by Delphi and alleged to be defective, or to a reasonable or relevant time period. In addition, plaintiffs' request is vague and over broad in seeking discovery concerning "the frontal airbag system" as that term is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. Subject to and without waiving its objections, Delphi does not possess documents responsive to this request. Accordingly, Delphi refers plaintiffs to the vehicle's manufacturer for documents responsive to this request. Subject to and without waiving its objections, Delphi states it did not supply crash sensors or any component of the frontal impact crash sensing system, as it understands that term, for the 2006 Chevrolet Cobalt. For further answer, once an appropriate protective order is in place and following identification of component part numbers for the occupant classification system in the right front passenger's seating position, Delphi will search for and produce the Design Failure Modes and Effects Analysis for the occupant classification system specifically designed and calibrated for the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5, if found. In addition, Delphi refers plaintiffs to the vehicle's manufacturer for information responsive to this request.

49.    All documents received from or sent to the Defendants regarding the performance of the frontal airbag system in 2005-2010 Chevrolet Cobalt.

**RESPONSE:**

26

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is vague and over broad in seeking discovery concerning "the frontal airbag system" as that term is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. In addition, Delphi objects to plaintiffs' request to the extent it seeks documents protected by the attorney-client, work product, consulting expert, or joint defense privileges. Subject to and without waiving its objections, Delphi has not located any documents received from or sent to the Defendants regarding the performance of the frontal airbag system, as it understands that term, in the 2005-2010 Chevrolet Cobalt.

50.    All documents received from or sent to the Defendants regarding the subject Cobalt.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate, plaintiffs' defect theory, or to a reasonable or relevant time period. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, Delphi objects to plaintiffs' request to the extent it seeks documents protected by the attorney-client, work product, consulting expert, or joint defense privileges. Subject to and without waiving its objections, Delphi has not located any documents received from or sent to the Defendants regarding the subject Cobalt, as that term is defined in plaintiffs' requests.

51.    All documents received from or sent to the Defendants regarding the Incident.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Delphi further objects to plaintiffs' request to the extent it seeks documents protected by the attorney-client, work product, consulting expert, or joint defense privileges. In addition, Delphi objects to producing any document it has sent or received as a result of and during the course of Delphi's defense of this litigation.

52.    All documents received from or sent to the Defendants regarding the performance of the front airbags in the incident.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is vague and over broad in seeking discovery concerning "the front air

27

bags" as that term is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. In addition, Delphi objects to plaintiffs' request to the extent it seeks documents protected by the attorney-client, work product, consulting expert, or joint defense privileges. Subject to and without waiving its objections, Delphi has not located any documents received from or sent to the Defendants regarding the performance of the front airbags, as it understands that term, in the incident.

53.    The Product Definition Document (PDD) for the PODS-B system in the subject Cobalt.

**RESPONSE:**

Following entry of an appropriate protective order, Delphi will produce the Product Definition Document for the right front passenger's occupant classification system specifically designed and calibrated for the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5, otherwise known as the PODS-B, if found.

54.    The Software Definition Document (SDD) for the PODS-B system in the subject Cobalt.

**RESPONSE:**

Following entry of an appropriate protective order, Delphi will produce the Software Definition Document for the right front passenger's occupant classification system specifically designed and calibrated for the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5, otherwise known as the PODS-B, if found.

55.    All calibrations produced for the subject Cobalt.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. Plaintiffs' request is impossibly over broad in seeking "all calibrations" produced for the subject Cobalt without any limitation to the specific component part allegedly supplied by Delphi and alleged to be defective by plaintiffs. Subject to and without waiving its objections, and following entry of an appropriate protective order and identification of component part numbers for the occupant classification system in the right front passenger's seating position, Delphi will search for and produce the calibration file for the right front passenger's occupant classification system specifically designed and calibrated for the Model

28

Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5, otherwise known as the PODS-B, if found.

56.    The specific calibration values and manufacturing "zeroing" values for the subject Cobalt.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, "manufacturing 'zeroing' values" is not a term used by Delphi. Finally, Plaintiffs' request is impossibly over broad in that it seeks "calibration values and manufacturing 'zero' values" without any limitation to a specific component part allegedly supplied by Delphi and alleged to be defective by plaintiffs. To the extent plaintiffs clarify and narrow the request, Delphi will supplement its response to this request as needed.

57.    The mean, minimum and maximum calibration values for the entire production run of which this vehicle was a member.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate or to a reasonable or relevant time period. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, Plaintiffs' request is impossibly over broad in that it seeks "mean, minimum, and maximum calibration values" without any limitation to the specific component part allegedly supplied by Delphi and alleged to be defective by plaintiffs. Finally, the request is not limited to a reasonable or relevant time period in seeking information related to "the entire production run of which this vehicle was a member". In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. To the extent plaintiffs clarify and narrow the request, Delphi will supplement its response to this request as needed.

58.    All documents that identify the differences between calibrations based on seat type (leather vs. cloth, sport vs. luxury, etc) for the 2005-2008 Chevrolet Cobalt and all sister vehicles, including the Pontiac G5.

**RESPONSE:**

29

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. Plaintiffs' request is impossibly over broad in seeking "the differences between calibrations" without any limitation to a specific component part allegedly supplied by Delphi and alleged to be defective by plaintiffs. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi refers plaintiffs to its response to Request for Production No. 55.

59.    All test results and durability/padding test results from the testing of all the seats used for this platform.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate or to plaintiffs' defect theory. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, Plaintiffs' request is impossibly over broad in seeking "all test results...from the testing of all of the seats used for this platform" without any limitation to the seating position at issue or to a specific component part allegedly supplied by Delphi and alleged to be defective by plaintiffs. In addition, Delphi objects to this request as seeking information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi states it did not supply the seats in the subject vehicle. Accordingly, Delphi refers plaintiffs to the vehicle's manufacturer for documents responsive to this request.

60.    All correspondence and communication regarding the testing, performance and any production calibration/implementation issues that arose during development and production release of the PODS-B system in the 2005-2008 Chevrolet Cobalt.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to plaintiffs' defect theory or to a reasonable or relevant time period. As currently worded, the request is so overly broad as to make it unanswerable and unduly burdensome. For example, the term "issues" is so subjective and susceptible to interpretation as to impose an unfair burden on Delphi. Without additional information in the request, Delphi must speculate as to the category or types of documents requested. To the extent

30

plaintiffs clarify and narrow the request, Delphi will supplement its response to this request as needed.

61.    All documentation of any field returns, field complaints, and other notifications of problems with the performance of the PODS-B system during testing or in actual production vehicles in the field.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the vehicle platform at issue, plaintiffs' defect theory, or to a reasonable or relevant time period. The request should be limited to the PODS-B system specifically designed and calibrated for the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5, which includes the subject 2006 Chevrolet Cobalt. To the extent plaintiffs clarify and narrow the request, Delphi will supplement its response to this request as needed.

62.    All documentation of all bladder or other system redesigns that occurred in order to produce the seat performance for this platform.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component parts of the system to which Plaintiffs' defect allegations relate, plaintiffs' defect theory, or to a reasonable or relevant time period. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. In addition, the request is vague and over broad in seeking documents concerning "system redesigns" as this is a subjective term that requires Delphi to speculate as to Plaintiffs' intended meaning. Subject to and without waiving its objections, Delphi does not possess documents responsive to this request.

07/27/2011    16:30                                    (FAX)9                              P.003/064

| | | |
|---|---|---|
| VLADIMIR AVERBUKH, Individually and as Personal Representative of the Estate of Boris Averbukh | * | IN THE |
| | * | CIRCUIT COURT |
| And | * | FOR |
| ALESANDER AVERBUKH, Individually | * | PRINCE GEORGE COUNTY |
| Plaintiffs | * | |
| v. | * | CASE NO.: CAL09-35924 |
| DELPHI CORPORATION, et al. | * | |
| Defendants | * | |

## DEFENDANT DPH-DAS, LLC'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION

Defendant DPH-DAS LLC (formerly known as Delphi Automotive Systems LLC) ("Delphi") serves the following Second Supplemental Responses to Plaintiffs' Second Request for Production.

Respectfully submitted,

WEINSTEIN TIPPETTS & LITTLE LLP

David B. Weinstein
*Admitted pro hac vice*
Katheryne R. MarDock
*Admitted pro hac vice*
Weinstein Tippetts and Little
7660 Woodway, Suite 500
Houston, Texas 77063
Telephone:  713.244.0800
Facsimile:  713.244.0801

OF COUNSEL:
Patricia Thornton
BACON, THORNTON & PALMER, L.L.P.
6411 Ivy Lane Suite 500
Greenbelt , Maryland 20770
Telephone:   301.345.7001
Facsimile:    301.345.7075

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was sent via U.S. Mail, postage prepaid, on this 27th day of July, 2011 to:

Robert J. Weltchek
Kristopher A. Mallahan
Weltchek Mallahan & Weltchek LLC
2330 W. Joppa Road, Sutie 203
Lutherville, Maryland 21093
**Attorneys for Plaintiff Alla Aaverbukh**

Edward W. Gray
Eckert Seamans
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
**Attorneys for Rockmont Motor Company**

Marsha Kravitz Samuels, Esquire
'Connor Grant & Samuels
401 Washingtn Ave.., Suite 400
Towson, MD 21204
**Attorneys for Alla Averbukh**

Brad Kuhlman
Chad Lucas
The Kuhlman Law Firm
1100 Main Street
Kansas City, Missouri 64106
**Attorneys for Plaintiffs**

John C. Lynch, Esquire
Jack D. Lapidus, Esquire
Macleay, Lynch, Gregg & Lynch
1629 K Street, NW, Suite 802
Washington, DC 20006
**Counsel for Defendant/Cross-Defendant**
**Enterprise Holdings, Inc. f/n/a Enterprise**
**Rent-A-Car Company and Defendant**
**Enterprise RAC Company of Maryland,**
**LLC**

James E. Green, Jr., Esquire
Conner & Winters
4000 One Williams Center
Tulsa, OK 74172
**Attorneys for Defendant**
**Enterprise Rent-A-Car Company**
**n/k/a Enterprise Holdings, Inc.**

Gregory G. Hopper
Paul D. Bekman
SALSBURY CLEMENTS BEKMAN MARDER &
ADKINS, L.L.C.
300 West Pratt Street, Suite 450
Baltimore, Maryland 21201
**Attorneys for Plaintiffs**

_Katheryne M. Worley /dmo_

2

## PREFATORY NOTES

1.     **Component parts supplied by Delphi:**  For the subject vehicle platform, the GMX 001, which includes the subject 2006 Chevrolet Cobalt, Delphi supplied <u>only</u> the occupant classification system, known as PODS-B, in the right front passenger seating position according to the requirements and specifications provided by General Motors.  The occupant classification system contains the following components supplied by Delphi:  Bladder Assembly, Pressure Sensor, PODS-B Electronic Control Unit, and Belt Tension Sensor.  Delphi supplied no other component of the air bag system for the subject 2006 Chevrolet Cobalt.

2.     **Correct Defendant:**  The named defendants are Delphi Corporation and Delphi Automotive Systems LLC ("Delphi").  The Delphi business entity responsible for the PODS-B supplied by Delphi for the subject vehicle is DPH-DAS, LLC (formerly known as Delphi Automotive Systems LLC).  In responding to these Requests, Delphi has limited its reasonable search efforts to this entity, as any expansion outside these bounds would be unreasonable and unduly burdensome given Delphi's size and geographic breadth.

3.     **Lack of identifying information for occupant classification system:**  It is Delphi's understanding that the subject vehicle caught on fire in the subject incident and that no component of the occupant classification system in the vehicle remains.  In order to isolate documents related to the specific components installed in the subject vehicle, Delphi will need to obtain the unique part numbers on the components themselves.  As the components are not available for inspection due to the vehicle fire, Delphi must locate the part numbers in order to search for some categories of documents.  As detailed in the responses below, Delphi identifies those documents that cannot be located or produced until the component part numbers at issue are identified.

3

**GENERAL OBJECTIONS**

To avoid repetition, Delphi incorporates the following General Objections into each of its responses to plaintiffs' written discovery directed to Delphi where the form or content justifies:

1.    Reasonable efforts:  In responding to plaintiffs' requests, and consistent with the Prefatory Notes above, Delphi has spoken with those employees and conducted a reasonable search of those places in its records where information, if any, responsive to plaintiffs' requests would normally be known or kept.  To the extent plaintiffs' requests, or any portions thereof, seek to require Delphi to take any action other than as enumerated in the preceding sentence, Delphi objects on the grounds the discovery requests are unduly burdensome and oppressive.  As an overall business, Delphi employs tens of thousands of persons in geographic locations around the globe and cannot be required to interview each employee as well as review the millions of documents generated annually in connection with the operation of its many lines of business (most of which have no relevant role in the subject legal allegations).

2.    Permissible scope of discovery:  Delphi objects to plaintiffs' requests to the extent the information sought:

    (a)  is not relevant to the subject matter involved in the pending action;
    (b)  is not reasonably calculated to lead to the discovery of admissible evidence;
    (c)  is overly broad, oppressive or unduly burdensome;
    (d)  is privileged against disclosure through:
        (i) the attorney-client privilege, and/or
        (ii) the work product doctrine;
    (e)  seeks information and documents prepared in anticipation of litigation or for trial;
    (f)  is otherwise beyond the permissible scope of discovery.
    (g)  seek information or documents outside Delphi's control or knowledge;
    (h)  call for information or documents without limitation as to relevant and reasonable time periods;
    (i)  call for speculation, conjecture or opinions as to what might be possible;
    (j)  contain instructions or definitions that are vague, ambiguous or assume the truth of alleged and disputed facts; or
    (k)  conflict with the applicable rules of procedure.

3.    Unique product in question:  Delphi objects to plaintiffs' requests to the extent they seek information concerning any products, assemblies and components other than the specific product, assemblies and components involved in this case. Delphi understands the subject vehicle (2006MY Chevrolet Cobalt) to be included in the GMX001 vehicle family which consists of the Model Year 2005-2010 Chevrolet Cobalt and the Model Year 2005-2010 Pontiac G5. Unless otherwise noted, the information and documents supplied in the responses relate only to the components supplied by Delphi, namely, the PODS-B passive occupant classification system, for Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 vehicles equipped with an occupant classification system. Delphi's PODS-B system is a type of

4

technology focused on detecting and classifying front seat vehicle occupants so that vehicle manufacturers may comply with Federal Motor Vehicle Safety Standard 208, among others. The designs of most of the key components of a PODS-B occupant classification system (such as the sensing bladder and electronic control unit calibrations) are customized to meet the vehicle manufacturer's performance specifications for a given seat design used in a family of vehicles ("platform"). For this important reason, the design of Delphi's PODS-B system for the subject vehicle (2006 Chevrolet Cobalt) is unique from other versions of PODS-B. The unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. Therefore, Delphi's responses are limited to the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5.

4.    Investigation ongoing:  Delphi has made a reasonable good faith effort to locate information responsive to these requests. However, Delphi has not completed its investigation or discovery, and has not finished preparing its defense. Therefore, Delphi may, while conducting its discovery and investigation and in preparing its defense, determine that existing information and documents pertain to subjects covered by these requests. In addition, Delphi may discover additional information and documents pertaining to the subjects covered by these requests. Delphi will supplement its discovery responses as required by the Maryland Rules of Civil Procedure.

5.    Protective Order requirement: Delphi objects to requests seeking disclosure of information that is privileged, confidential, proprietary or trade secret until an appropriate protective order is entered by the Court.

5

## RESPONSES TO REQUESTS FOR PRODUCTION

1.    All drawings or schematics of the PODS-B system implemented in the 2006-2008 Chevrolet Cobalt and Pontiac G5.

**RESPONSE:**

Delphi objects to plaintiffs' request on grounds of vagueness, relevancy, and overbreadth. Specifically, plaintiffs' request seeks "*all* drawings or schematics of the PODS-B system" when plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate. Therefore, seeking "all drawings or schematics" without any limitation to the particular component part allegedly supplied by Delphi and alleged to be defective is overly broad. Subject to and without waiving its objections, Delphi will search for and produce responsive documents, if found. Delphi agrees to produce confidential documents in response to this request, if any, pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

**FIRST SUPPLEMENTAL RESPONSE:**

Subject to and without waiving its objections, Delphi refers plaintiffs to the documents previously produced as: 100027-000001 – 100027-000009; 100027-000010 – 100027-000016; Bates Nos. 100027-000017 – 100027-000030.

2.    All requirements or specifications provided by General Motors which defendant designed and calibrated the PODS-B system for the 2006-2008 Chevrolet Cobalt and Pontiac G5. See reference in Defendant's Prefatory Note #1 to Plaintiff's First Request for Production.

**RESPONSE:**

Delphi objects to plaintiffs' request to the extent the request is over broad. Subject to and without waiving its objections, Delphi will search for and produce responsive documents, if found. Delphi agrees to produce confidential documents in response to this request, if any, pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

**FIRST SUPPLEMENTAL RESPONSE:**

Subject to and without waiving its objections, Delphi refers plaintiffs to the documents produced as: 100027-002415 – 100027-2447; 100027-002448 – 100027-002489; 100027-002490 – 100027-2562; 100027-2563 – 100027-2639.

6

3.     All claims, notice of claims, warranty claims or complaints regarding the PODS-B system for the 2006-2008 Chevrolet Cobalt and Pontiac G5 received from any source. This request is not limited to lawsuits or claims where the present defendant is named as a party.

**RESPONSE:**

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to plaintiffs' defect theory. Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Though Delphi is not withholding documents based on privilege, Delphi further objects to the request to the extent it seeks documents protected by the attorney-client or work product privileges. Subject to and without waiving its objections, Delphi states it is not aware of any claims or lawsuits in which the PODS-B system for the Model Year 2006-2008 Chevrolet Cobalt or a Model Year 2006-2008 Pontiac G5 vehicle was at issue.

4.     All correspondence and/or documents received from or sent to General Motors regarding the PODS-B system for the 2006-2008 Chevrolet Cobalt and Pontiac G5.

**RESPONSE:**

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to plaintiffs' defect theory. Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Though Delphi is not withholding documents based on privilege, Delphi further objects to the request to the extent it seeks documents protected by the attorney-client or work product privileges. In addition, plaintiffs' request is so overly broad as written that Delphi cannot meaningfully respond. The request is unduly burdensome and over broad in seeking "all correspondence and/or documents received from or sent to General Motors" regardless of whether the correspondence and/or documents are relevant to plaintiffs' claims in this lawsuit. To the extent plaintiffs' clarify and narrow the request, Delphi will supplement its response the request as needed.

5.     All drawings or schematics of the Bladder Assembly, Pressure Sensor, PODS-B Electronic Control Unit and Belt Tension Sensor for the 2006-2008 Chevrolet Cobalt and Pontiac GS.

**RESPONSE:**

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to plaintiffs' defect theory. Plaintiffs have yet to identify

7

the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Subject to and without waiving its objections, Delphi will search for and produce responsive documents, if found.  Delphi agrees to produce confidential documents in response to this request, if any, pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

**FIRST SUPPLEMENTAL RESPONSE:**

Subject to and without waiving its objections, Delphi refers plaintiffs to the documents previously produced as: 100027-000001 – 100027-000009; 100027-000010 – 100027-000016; Bates Nos. 100027-000017 – 100027-000030.

6.    All documents regarding any testing or calibration of the PODS-B system for the 2006-2008 Chevrolet Cobalt and Pontiac G5.

**RESPONSE:**

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to plaintiffs' defect theory. Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Subject to and without waiving its objections, Delphi will search for and produce responsive documents, if found.  Delphi agrees to produce confidential documents in response to this request, if any, pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

**FIRST SUPPLEMENTAL RESPONSE:**

Subject to and without waiving its objections, Delphi refers Plaintiffs to the documents previously produced as: 100027-002398 – 10027-002404; 100027-002397; 100027-002405 – 100027-002414.

7.    All patents regarding the PODS-B system for the 2006-2008 Chevrolet Cobalt and Pontiac G5.

**RESPONSE:**

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to plaintiffs' defect theory. Plaintiffs have yet to identify

8

the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. In addition, patents are public records that are equally available to Plaintiffs. Subject to and without waiving its objections, Delphi will search for and produce a list of patents pertaining to the PODS-B system for the Model Year 2006-2008 Chevrolet Cobalt and Model Year 2006-2008 Pontiac G5 vehicles.

**FIRST SUPPLEMENTAL RESPONSE:**

Subject to and without waiving its objections, Delphi identifies the following U.S. patents as applicable to the design features of the PODS-B in the subject vehicle: U.S. Patent No. 6,392,166; U.S. Patent No. 5,987,370; U.S. Patent No. 6,246,936; U.S. Patent No. 6,479,766; U.S. Patent No. 6,850,825; U.S. Patent No. 6,438,477; U.S. Patent No. 7,039,514; U.S. Patent No. 6,101,436; U.S. Patent No. 6,138,067; U.S. Patent No. 6,490,936; U.S. Patent No. 7,181,324; U.S. Patent No. 6,662,094; U.S. Patent No. 6,650,978; U.S. Patent No. 7,120,527; U.S. Patent No. 7,233,852; U.S. Patent No. 6,360,618.

8.    All computer simulations or studies for the PODS-B system for the 2006-2008 Chevrolet Cobalt and Pontiac G5.

**RESPONSE:**

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to plaintiffs' defect theory. Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. In addition, the request is vague as to "studies" as that term is undefined. Without additional information in the request, Delphi must speculate as to the particular category or type of documents requested. Further, the request seeks "all...studies" without any relation to plaintiffs' specific defect allegations. To the extent plaintiffs' clarify and narrow the request, Delphi will supplement its response as needed.

**SECOND SUPPLEMENTAL RESPONSE:**

Subject to and without waiving its objections, after a reasonable search, Delphi does not possess information responsive to Plaintiffs' request for "computer simulations," to the extent Delphi understands that term. Subject to and without waiving its objections, for further answer Delphi refers Plaintiffs to the documents previously produced as: 100027-2640–100027-2691; 100027-2692 – 100027-2745; 100027-2746 – 100027-2869; 100027-2870–100027-2903; 100027-2904 – 100027-2982; 100027-2983–100027-2986; 100027-2987–100027-3104; 100027-3105–100027-3107; 100027-3108–100027-3145; 100027-3146–100027-3172; 100027-3173–100027-3199; 100027-3200–100027-3226; 100027-3227–100027-3320; 100027-3321–100027-

9

3323; 100027-3324–100027-3326; 100027-3327–100027-3335; 100027-3336; 100027-3337–100027-3350; 100027-3351–100027-3354; 100027-3355–100027-3356; 100027-3357–100027-3358; 100027-3359–100027-3374; 100027-3375–100027-3396; 100027-3397–100027-3405; 100027-3406–100027-3410; 100027-3411–100027-3425; 100027-3426–100027-3438; 100027-3439–100027-3442; 100027-3443–100027-3445; 100027-3621–100027-3673; 100027-3674-100027-3698; 100027-3446–100027-3458; 100027-3459; 100027-3460; 100027-3461; 100027-3462; 100027-3468–100027-3472; 100027-3473; 100027-3474; 100027-3475; 100027-3476; 100027-3477; 100027-3478–100027-3490; 100027-3491–100027-3511; 100027-3512–100027-3531; 100027-3532; 100027-3533; 100027-3534–100027-3536; 100027-3537–100027-3539; 100027-3540–100027-3541; 100027-3542–100027-3545; and, 100027-3546–100027-3547.

       9.    All documents which define and/or describe the operation of the PODS-B system for the 2006-2008 Chevrolet Cobalt and Pontiac G5.

**RESPONSE:**

      Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to plaintiffs' defect theory. Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Subject to and without waiving its objections, Delphi will search for and produce responsive documents, if found. Delphi agrees to produce confidential documents in response to this request, if any, pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

**FIRST SUPPLEMENTAL RESPONSE:**

      Subject to and without waiving its objections, Delphi refers Plaintiffs to the documents previously produced as: 100027-000068 – 100027-000601; 100027-002398 – 10027-002404; 100027-002397; and 100027-0000602 – 100027-002396.

      In addition, Delphi refers Plaintiffs to the documents produced as: 100027-002415 – 100027-2447; 100027-002448 – 100027-002489; 100027-002490 – 100027-2562; 100027-2563 – 100027-2639.

      10.    All documents which set forth weight limit at which the PODS-B system for the 2006-2008 Chevrolet Cobalt and Pontiac G5 is to suppress the passenger side airbag.

**RESPONSE:**

      Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to plaintiffs' defect theory. Plaintiffs have yet to identify

the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from Delphi that is unrelated to plaintiffs' defect allegations is over broad and unduly burdensome. In addition, the request is vague in seeking "all documents which set forth the weight limit at which the PODS-B system....is to suppress the passenger side air bag." Without additional information in the request, Delphi must speculate as to the category or type of documents requested. Subject to and without waiving its objections, and to the extent Delphi understands the request, Delphi will search for and produce responsive documents, if found. Delphi agrees to produce confidential documents in response to this request, if any, pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents. In addition, Delphi refers Plaintiffs to Federal Motor Vehicle Safety Standard 208, as applicable to 2006-2008 model year vehicles. The FMVSS are publicly available documents.

## FIRST SUPPLEMENTAL RESPONSE:

Subject to and without waiving its objections, Delphi refers Plaintiffs to the documents previously produced as: 100027-000068 – 100027-000601; 100027-002398 – 10027-002404; 100027-002397; and 100027-0000602 – 100027-002396.

In addition, Delphi refers Plaintiffs to the documents produced as: 100027-002415 – 100027-2447; 100027-002448 – 100027-002489; 100027-002490 – 100027-2562; 100027-2563 – 100027-2639.

11.    All quality control documents which pertain to the lot of which the PODS-B system installed in the subject Cobalt was a member.

## RESPONSE:

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to plaintiffs' defect theory. Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. In addition, plaintiffs' request is vague in seeking "all quality control documents" as that term is undefined. Without additional information, Delphi must speculate as to the category and types of documents requested. To the extent plaintiffs clarify and narrow the request, Delphi will supplement its response as needed.

## SECOND SUPPLEMENTAL RESPONSE:

In order to isolate the documents requested by Plaintiffs, Delphi will need to obtain the unique part numbers on the components of the occupant classification system in the subject

vehicle. It is Delphi's understanding the subject vehicle caught on fire in the incident and that the unique part numbers cannot be obtained from the components themselves. Subject to and without waiving its objections, Delphi agrees to search for and produce documents, if found, following receipt of or identification of the unique traceability information for the PODS-B components in the subject vehicle.

12.    All documents received from or sent to the supplier(s) of the RCM, ECM, passenger airbag module and passenger airbag inflator in the 2006-2008 Cobalt regarding the operation and role of the PODS-B system in the front passenger airbag restraint system.

**RESPONSE:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to plaintiffs' defect theory. Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. In addition, Delphi objects to this request to the extent it seeks information concerning component parts not supplied by Delphi. Subject to and without waiving its objections, Delphi states it does not possess documents responsive to this request.

13.    All documents relating to any incident wherein a vehicle which included a PODS-B system and there was an occupant in the front passenger seat was involved in a collision and the front passenger airbag did not deploy. This request is limited to events which occurred prior to April 17, 2007.

**RESPONSE:**

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth and as seeking irrelevant information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Specifically, the request is not limited to the vehicle platform at issue, plaintiffs' defect allegations, or to a reasonable or relevant time period. Plaintiffs have yet to identify the particular component part of the PODS-B system to which plaintiffs' defect allegations relate and have not yet identified their defect theory. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Though Delphi is not withholding documents based on privilege, Delphi further objects to the request to the extent it seeks documents protected by the attorney-client or work product privileges. Subject to and without waiving its objections, Delphi states it is not aware of any other incidents in which the PODS-B system in a Model Year 2006-2008 Chevrolet Cobalt or a Model Year 2006-2008 Pontiac G5 vehicle was at issue and the right front passenger's air bag allegedly failed to deploy in a collision.

12

**SECOND SUPPLEMENTAL RESPONSE:**

Subject to and without waiving its objections, Delphi refers Plaintiffs to its August 18, 2010 correspondence for information responsive to this request.

13