# EXHIBIT M

# EXHIBIT M

| | | |
|---|---|---|
| VLADIMIR AVERBUKH, Individually and as Personal Representative of the Estate of Boris Averbukh | * | IN THE |
| | * | CIRCUIT COURT |
| And | * | FOR |
| ALESANDER AVERBUKH, Individually | * | PRINCE GEORGE=S COUNTY |
| Plaintiffs | * | |
| v. | * | CASE NO.: CAL09-35924 |
| DELPHI CORPORATION, et al. | * | |
| Defendants | * | |

## DELPHI DEFENDANTS' ANSWERS TO PLAINTIFFS' FIRST INTERROGATORIES

Defendants DPH Holdings Corporation (formerly known as Delphi Corporation) and DPH-DAS LLC (formerly known as Delphi Automotive Systems LLC) ("Delphi") serve the following Answers to Plaintiffs' First Interrogatories.

Respectfully submitted,

WEINSTEIN TIPPETTS & LITTLE LLP

*/s/ Katheryne MarDock*

David B. Weinstein
*Admitted pro hac vice*
Katheryne R. MarDock
*Admitted pro hac vice*
Weinstein Tippetts and Little
7660 Woodway, Suite 500
Houston, Texas 77063
Telephone: 713.244.0800
Facsimile: 713.244.0801

OF COUNSEL:
Patricia Thornton
BACON, THORNTON & PALMER, L.L.P.

a. State the date on which you sold the front passenger airbag system for the subject Cobalt;
b. State the amount you for which you sold the front passenger airbag system for the subject Cobalt;
c. Identify to whom you sold the front passenger airbag system for the subject Cobalt;

**ANSWER:**

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth and as seeking irrelevant information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Specifically, the request is not limited to the component part allegedly supplied by Delphi and alleged to be defective. In addition, plaintiffs' request is vague and over broad in seeking discovery concerning "the front passenger airbag system" as that term is undefined. As currently worded, Delphi must speculate as to the specific component parts to which plaintiffs' request relates. Subject to and without waiving its objections, Delphi states it did not sell the front passenger air bag system for the subject Cobalt. Delphi designed in part, manufactured in part, and assembled in part the occupant classification system in the right front passenger seating position in the subject 2006 Chevrolet Cobalt according to the requirements and specifications provided by General Motors. The occupant classification system contains the following components supplied by Delphi: Bladder Assembly, Pressure Sensor, PODS-B Electronic Control Unit, and Belt Tension Sensor.

22. Did you provide any type of warranty with respect to the subject Cobalt? If so, please describe in detail the length and terms of the warranty and identify any documents reflecting or setting forth the warranty.

**ANSWER:**

Delphi objects to the request on grounds of vagueness, relevancy, and overbreadth. Specifically, the request is not limited to the component part allegedly supplied by Delphi and alleged to be defective. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. Subject to and without waiving its objections, and once an appropriate protective order is in place, Delphi will search for and produce responsive documents, if found.

23. Do you have any insurance agreements which will indemnify you, in whole or in part, for any judgment Plaintiffs may obtain against you in this lawsuit? If so, please state for each such agreement:

a. The name and address of the insurer issuing the agreement;
b. The policy number;
c. The effective dates of the agreement;
d. The limit of liability; and

ND: 4844-0314-7270, v. 1

e.   Attach a copy of the declaration page or certificate of coverage of each such insurance agreement to these interrogatories.

**ANSWER:**

DPH-DAS, LLC is self-insured for product liability claims up to $5.0 million per occurrence. In addition, there are policies of excess insurance covering product liability claims with limits in excess of any potential settlement or reasonably foreseeable judgment in this case.

24.   Do you have any type of agreement, understanding or contract (oral, written or recorded) with General Motors Corporation, NGMCO, Inc., General Motors Company, Motors Liquidation Company or any other person or entity through or under which you may be indemnified, in whole or in part, for any judgment Plaintiffs may obtain against you in this lawsuit? If so, please identify each such agreement, understanding or contract and describe the terms of the agreement, understanding or contract.

**ANSWER:**

Delphi does not have any such agreement besides what has been identified in response to Interrogatory No. 23 above.

25.   Do you have any type of agreement, understanding or contract (oral, written or recorded) with General Motors Corporation, NGMCO, Inc., General Motors Company, Motors Liquidation Company which governs, addresses, mentions, reflects or relates to your ability to access and/or obtain documents, materials and information regarding the development, design, testing, manufacture and/or sale of the 2005-2010 Cobalts or any substantially similar vehicles? If so, please identify each such agreement, understanding or contract and describe the terms of the agreement, understanding or contract.

**ANSWER:**

Delphi objects to this request on grounds of relevancy, vagueness, and overbreadth, and as seeking irrelevant information beyond the permissible scope of discovery to the extent it seeks information concerning component parts not supplied by Delphi. Specifically, the request is not limited to the component part allegedly supplied by Delphi and alleged to be defective. Plaintiffs' defect theory being pursued against Delphi is clearly focused on the right front passenger's frontal air bag system in the subject vehicle. Therefore, seeking discovery from Delphi concerning other vehicle components is irrelevant, over broad, harassing, and unduly burdensome. Finally, the term "substantially similar" is susceptible to multiple interpretations and Delphi cannot speculate as to what plaintiffs deem similar in this case. Subject to and without waiving its objections, Delphi refers plaintiffs to its Prefatory Note No. 1 above. Once an appropriate protective order is place, Delphi will produce that portion of the Master Disposition Agreement between Delphi and GM which includes a records retention provision. By agreeing to produce the referenced document, Delphi does not admit that the provision "governs, addresses, mentions, reflects or relates to Delphi's ability to access and/or obtain

ND: 4844-0314-7270, v. 1