# EXHIBIT O

EXHIBIT O

| | | |
|---|---|---|
| VLADIMIR AVERBUKH, Individually and as Personal Representative of the Estate of Boris Averbukh | * | IN THE |
| | * | CIRCUIT COURT |
| And | * | FOR |
| ALESANDER AVERBUKH, Individually | * | PRINCE GEORGE=S COUNTY |
| Plaintiffs | * | |
| v. | * | CASE NO.: CAL09-35924 |
| DELPHI CORPORATION, et al. | * | |
| Defendants | * | |

## DELPHI DEFENDANTS' ANSWERS TO PLAINTIFFS' FIRST INTERROGATORIES

Defendants DPH Holdings Corporation (formerly known as Delphi Corporation) and DPH-DAS LLC (formerly known as Delphi Automotive Systems LLC) ("Delphi") serve the following Answers to Plaintiffs' First Interrogatories.

Respectfully submitted,

WEINSTEIN TIPPETTS & LITTLE LLP

*[signature: Katheryne MarDock]*

David B. Weinstein
*Admitted pro hac vice*
Katheryne R. MarDock
*Admitted pro hac vice*
Weinstein Tippetts and Little
7660 Woodway, Suite 500
Houston, Texas 77063
Telephone: 713.244.0800
Facsimile: 713.244.0801

OF COUNSEL:
Patricia Thornton
BACON, THORNTON & PALMER, L.L.P.

## PREFATORY NOTES

1. **Component parts supplied by Delphi:** For the subject vehicle platform, the GMX 001, which includes the subject 2006 Chevrolet Cobalt, Delphi supplied <u>only</u> the occupant classification system, known as PODS-B, in the right front passenger seating position according to the requirements and specifications provided by General Motors. The occupant classification system contains the following components supplied by Delphi: Bladder Assembly, Pressure Sensor, PODS-B Electronic Control Unit, and Belt Tension Sensor. Delphi supplied no other component of the air bag system for the subject 2006 Chevrolet Cobalt.

2. **Correct Defendant:** The named defendants are Delphi Corporation and Delphi Automotive Systems LLC ("Delphi"). The Delphi business entity responsible for the PODS-B supplied by Delphi for the subject vehicle is DPH-DAS, LLC (formerly known as Delphi Automotive Systems LLC). In responding to these Requests, Delphi has limited its reasonable search efforts to this entity, as any expansion outside these bounds would be unreasonable and unduly burdensome given Delphi's size and geographic breadth.

3. **Lack of identifying information for occupant classification system:** It is Delphi's understanding that the subject vehicle caught on fire in the subject incident and that no component of the occupant classification system in the vehicle remains. In order to isolate documents related to the specific components installed in the subject vehicle, Delphi will need to obtain the unique part numbers on the components themselves. As the components are not available for inspection due to the vehicle fire, Delphi must locate the part numbers in order to search for some categories of documents. As detailed in the responses below, Delphi identifies those documents that cannot be located or produced until the component part numbers at issue are identified.

## GENERAL OBJECTIONS

To avoid repetition, Delphi incorporates the following General Objections into each of its responses to plaintiffs' written discovery directed to Delphi where the form or content justifies:

1. **Reasonable efforts:** In responding to plaintiffs' requests, and consistent with the Prefatory Notes above, Delphi has spoken with those employees and conducted a reasonable search of those places in its records where information, if any, responsive to plaintiffs' requests would normally be known or kept. To the extent plaintiffs' requests, or any portions thereof, seek to require Delphi to take any action other than as enumerated in the preceding sentence, Delphi objects on the grounds the discovery requests are unduly burdensome and oppressive. As an overall business, Delphi employs tens of thousands of persons in geographic locations around the globe and cannot be required to interview each employee as well as review the millions of documents generated annually in connection with the operation of its many lines of business (most of which have no relevant role in the subject legal allegations).

2. **Permissible scope of discovery:** Delphi objects to plaintiffs' requests to the extent the information sought:

ND: 4844-0314-7270, v. 1

(a) is not relevant to the subject matter involved in the pending action;
(b) is not reasonably calculated to lead to the discovery of admissible evidence;
(c) is overly broad, oppressive or unduly burdensome;
(d) is privileged against disclosure through:
   (i) the attorney-client privilege, and/or
   (ii) the work product doctrine;
(e) seeks information and documents prepared in anticipation of litigation or for trial;
(f) is otherwise beyond the permissible scope of discovery.
(g) seek information or documents outside Delphi's control or knowledge;
(h) call for information or documents without limitation as to relevant and reasonable time periods;
(i) call for speculation, conjecture or opinions as to what might be possible;
(j) contain instructions or definitions that are vague, ambiguous or assume the truth of alleged and disputed facts; or
(k) conflict with the applicable rules of procedure.

3. <u>Unique product in question</u>: Delphi objects to plaintiffs' requests to the extent they seek information concerning any products, assemblies and components other than the specific product, assemblies and components involved in this case. Delphi understands the subject vehicle (2006MY Chevrolet Cobalt) to be included in the GMX001 vehicle family which consists of the Model Year 2005-2010 Chevrolet Cobalt and the Model Year 2005-2010 Pontiac G5. Unless otherwise noted, the information and documents supplied in the responses relate only to the components supplied by Delphi, namely, the PODS-B passive occupant classification system, for Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 vehicles equipped with an occupant classification system. Delphi's PODS-B system is a type of technology focused on detecting and classifying front seat vehicle occupants so that vehicle manufacturers may comply with Federal Motor Vehicle Safety Standard 208, among others. The designs of most of the key components of a PODS-B occupant classification system (such as the sensing bladder and electronic control unit calibrations) are customized to meet the vehicle manufacturer's performance specifications for a given seat design used in a family of vehicles ("platform"). For this important reason, the design of Delphi's PODS-B system for the subject vehicle (2006 Chevrolet Cobalt) is unique from other versions of PODS-B. The unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. Therefore, Delphi's responses are limited to the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5.

4. <u>Investigation ongoing</u>: Delphi has made a reasonable good faith effort to locate information responsive to these requests. However, Delphi has not completed its investigation or discovery and has not finished preparing its defense. Therefore, Delphi may, while conducting its discovery and investigation and in preparing its defense, determine that existing information and documents pertain to subjects covered by these requests. In addition, Delphi may discover additional information and documents pertaining to the subjects covered by these requests.

ND: 4844-0314-7270, v. 1

Delphi will supplement its discovery responses as required by the Maryland Rules of Civil Procedure.

     5.    <u>Protective Order requirement</u>: Delphi objects to requests seeking disclosure of information that is privileged, confidential, proprietary or trade secret until an appropriate protective order is entered by the Court.

ND: 4844-0314-7270, v. 1