# EXHIBIT S

# EXHIBIT S

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
Cynthia J. Haffey
Sheldon Klein
Chester E. Kasiborski, Jr.
Thomas B. Radom

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.*, | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| Reorganized Debtors. | |

**REORGANIZED DEBTORS' MOTION FOR ORDER
(I) ENFORCING MODIFICATION PROCEDURES ORDER,
MODIFIED PLAN AND PLAN MODIFICATION ORDER INJUNCTION
AND FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION ORDER
AGAINST AVERBUKHS, AS PLAINTIFFS, IN MARYLAND STATE COURT
WRONGFUL DEATH ACTION; AND (II) DIRECTING AVERBUKHS TO
DISMISS ACTION TO RECOVER UPON DISCHARGED AND EXPUNGED CLAIM**

**("AVERBUKH INJUNCTION MOTION")**

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-
captioned cases (collectively, the "Reorganized Debtors"), successors to Delphi Corporation
("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession
in the above-captioned cases (collectively, the "Debtors"), bring this motion ("Motion") for an

order (i) enforcing against the plaintiffs in a Maryland state court wrongful death action the
Court's June 16, 2009 Modification Procedures Order, the Modified Plan, the Court's July 30,
2009 Plan Modification Order Injunction and the Forty-Seventh Omnibus Claims Objection
Order ("Averbukh Claim Expungement Order") and (ii) directing the plaintiffs to dismiss the
action against the Debtors to recover upon claims that have been barred, discharged and
expunged in these cases.

## OVERVIEW

1.    This Motion relates to a claim for injuries and wrongful death arising out of the
death of Boris Averbukh ("Boris") in an automobile accident in 2007.  In September 2009, after
the Administrative Claim Bar Date had lapsed, an Administrative Expense Claim Request was
submitted under the name of Alla Averbukh ("Alla"), Boris' wife, by her attorneys, for damages
relating to the injuries arising out of the death of Boris.

2.    In November, 2009, Boris' estate, together with his two sons and Alla,
commenced an action in a Maryland State Court against Debtors Delphi Corporation and Delphi
Automotive Systems LLC, among others.

3.    In May, 2010, this Court issued an order disallowing and expunging the
administrative claim.  Yet the Averbukhs have continued to prosecute their wrongful death claim
in Maryland State Court.

4.    Under the facts and pertinent principles of Maryland law discussed below, all of
the Averbukhs should be deemed to have joined in the prior administrative expense claim, not
only Alla, and be bound to and barred by this Court's Order denying and expunging it.  In
addition, the failure of any of the Averbukhs, including the personal representative of Boris'
estate, to timely file an administrative expense claim forever barred each of their claims and

2

otherwise rendered them subject to, and bound by, the Plan Injunction.  Accordingly, this Court should enforce the Modification Procedures Order, the Modified Plan, Plan Modification Order Injunction and Averbukh Claim Expungement Order against the Averbukhs and enjoin them from the further prosecution of the Maryland state court wrongful death action against Debtors.

### FACTS

5.      On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates, former debtors and debtors-in-possession in the above-captioned cases , predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

6.      Upon information and belief, on April 7, 2007 Boris died in an automobile accident in the State of Maryland. Also upon information and belief, at the time of his death, Boris was a passenger in a vehicle being driven by Alla.

7.      On July 27, 2007, Vladimir Averbukh ("Vladimir"), one of Boris' sons, was appointed personal representative of the Estate of Boris Averbukh by virtue of probate proceedings in the State of Maryland.  Copies of a July 27, 2007 Order for Small Estate and of Vladimir's appointment are attached as Exhibit A.

8.      On June 16, 2009, this Court entered an Order (A)(I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date ("Modification Procedures Order") (Docket No. 17032).

3

9.    The Modification Procedures Order provided in pertinent part that: (i) July 15, 2009 was the deadline for all creditors holding administrative expense claims for the period from the commencement of the chapter 11 cases in October, 2005 through June 1, 2009 to file a claim on an Administrative Expense Claim Form; (ii) notice of the Administrative Claim Bar Date was to be published in the Detroit Free Press, the New York Times (worldwide), the Wall Street Journal (national, European, and Asian editions) and USA Today (worldwide); and (iii) failure to timely file an Administrative Expense Claim would forever bar, estop and enjoin the creditor from asserting such a claim against Debtors and their property would be forever discharged from such claim. See ¶¶ 38-41 of Modification Procedures Order.

10.    Debtors published notices of the July 15, 2009 Administrative Claim Bar Date (the "Administrative Claim Bar Date") in accordance with the Modification Procedures Order. Affidavits of Publication are part of the record in this case. (Docket Nos. 17407-17415)

11.    On July 30, 2009, this Court entered an Order Approving Modifications under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization ("Plan") of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as Modified and (ii) Confirmation Order ("Plan Modification Order") (Docket No. 18707)

12.    On September 9, 2009, after the Administrative Claim Bar Date, an Administrative Expense Claim Request (No. 19597) was filed on behalf of Alla by The Kuhlman Law Firm, LLC which, in Section 5, describes the claim as "Damages for injuries and *wrongful death* of Boris Averbukh." (emphasis added) (hereinafter the "Averbukh Claim" ). A copy of the Averbukh Claim is attached as Exhibit B. This is the only administrative claim that was filed by any of the Averbukhs.

13.    On November 9, 2009, a civil action was commenced in the Circuit Court for Prince George's County, Maryland by Plaintiffs Vladimir Averbukh, Aleksandr Averbukh, and Alla Averbukh ("Aleksandr") (sometimes collectively referred to as the "Averbukhs") against Debtors, Delphi Corporation and Delphi Automotive Systems LLC, and other defendants, Case No. CAL09-35924 (the "Maryland State Court Action"). Both Vladimir and Aleksandr are named in their individual capacity, with Vladimir also identified as Personal Representative of the Estate of Boris. Alla is identified as a "Use Plaintiff." The Maryland State Court Action seeks damages from Debtors and others for the alleged *wrongful death* of Boris Averbukh. A copy of the complaint filed in the Maryland State Court Action is attached as Exhibit C.

14.    Under Maryland law, a "Use Plaintiff" is a statutory beneficiary who has "not formally joined the [wrongful death] action, but, as [a] real part[y] in interest, [is a] plaintiff[] whose interests must be acknowledged and protected throughout the litigation." *Williams v. Ace American Insurance Company*, 192 Md. App. 438, 445 (2010).

15.    Under Maryland law, Alla, Vladimir and Aleksandr are each a statutory "primary beneficiary" and necessary plaintiff to any wrongful death cause of action.

16.    On or about January 11, 2010, a summons and the complaint in the Maryland State Court Action were served upon Debtors.

17.    On April 16, 2010, the Reorganized Debtors filed their Forty-Seventh Omnibus Objection Pursuant to 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books And Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain Administrative Expense Claims (the "Forty-Seventh Omnibus Claims Objection") (Docket No. 19873). The Forty-Seventh Omnibus

Claims Objection objected to the Averbukh Claim on grounds that the asserted liability was not owing pursuant to the Reorganized Debtors' books and records.

18.    Also on April 16, 2010, the Reorganized Debtors served Alla with a Notice of Objection to Claim (Docket No. 19910) through her counsel of record, The Kuhlman Law Firm. A copy of the Notice of Objection to Claim is attached as Exhibit D.

19.    On or about April 26, 2010, local counsel for the Averbukhs filed motions in the Maryland State Court Action to admit Brad Kuhlman and Chad Lucas of The Kuhlman Law Firm to appear as co-counsel for Vladimir, individually and as personal representative of Boris' estate, and Aleksandr. Copy of the motions are attached as Exhibit E.

20.    No response was filed to the Reorganized Debtors' Objection to the Averbukh Claim.

21.    On May 25, 2010 this Court entered its "Order Pursuant to 11 U.S.C. §503(b) And Fed. R. Bankr. 3007 (I) Disallowing And Expunging (A) Certain Administrative Expense Claims On Books And Records Grounds, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modifying A Certain Administrative Expense Claim ("Averbukh Claim Expungement Order") (Docket No. 20188). The Averbukh Claim was "disallowed and expunged in its entirety" by the Averbukh Claim Expungement Order.

22.    On May 28, 2010, Reorganized Debtors provided Notice of Entry of the Averbukh Claim Expungement Order (Docket No. 20216) by serving it upon Alla's counsel of record, The Kuhlman Law Firm. A copy of the Notice of Entry of Order is attached as Exhibit E.

23.    The Kuhlman Law Firm has never withdrawn its appearance from the bankruptcy proceedings.

24.    Neither Alla nor The Kuhlman Law Firm ever sought reconsideration or review of this Court's Averbukh Claim Expungement Order.

25.    The Reorganized Debtors, through their counsel, have notified The Kuhlman Law Firm, through Brad Kuhlman, that the Maryland State Court Action is improper and requested that the case against the Debtors be dismissed.  That request has been rejected, thus necessitating the filing of this Motion.

## JURISDICTION AND VENUE

26.    This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§157 and 1334 and the Plan Modification Order (Docket No. 18707 ¶56).  This matter is a core proceeding within the meaning of 28 U.S.C. §157(b).  This Court is the proper venue for this matter pursuant to 28 U.S.C. § and 1409.

## APPLICABLE LAW AND LEGAL ARGUMENT

### *The Maryland State Court Action is Barred by the Averbukh Claim Expungement Order*

27.    The Averbukhs' Maryland State Court Action should be disallowed because this Court has already held that it is barred in the Averbukh Claim Expungement Order. "[R]evisiting orders disallowing late-claims contradict the doctrines of res judicata and law of the case," *In re Xpedior Inc.*, 354 BR 210, 227 (Bankr. ND IL 2006).

28.    Both the expunged Averbukh Claim and the Maryland State Court Action assert claims for injuries, as well as for wrongful death.  See Exhibits B and C.

7

29.    The State of Maryland's Wrongful Death Statute permits "[o]nly one action" to "lie[ ] in respect to the death of a person." *MD. CODE ANN., Wrongful Death, §3-904(f) (2011).* *Walker v. Essex*, 318 Md. 516, 523, 569 A.2d 645 (1990); *Williams v. Ace American Insurance Company*, 192 Md. App. 438, 445 (2010).

30.    The Maryland Wrongful Death Statute is to be strictly construed. *Flores v. King*, *13 Md. App. 270, 282 A.2d 521 (1971).*

31.    "[T]he purpose of the one action rule is to protect *a defendant* from being vexed by several suits instituted by or on behalf of different equitable plaintiffs for the same injury, when all the parties could be joined in one proceeding." *Walker v. Essex,* 318 Md. 516, 523, 569 A.2d 645 (1990)(*emphasis supplied*).

32.    Because only a single action is permitted, Maryland law requires that "all persons who are or may be entitled by law to damages by reason of the wrongful death shall be named as plaintiffs whether or not they join in the action." *Md. Rule 15-1001(b); Williams, supra,* 192 Md. App. at 445 (2010). "The words 'to the use of' shall precede the name of any person named as a plaintiff who does not join in the action." *Md. Rule 15-1001(b).* Such plaintiffs are referred to as "use plaintiffs."

33.    Under the circumstances of this case, each of the Averbukhs, and not only Alla, effectively joined in the wrongful death Averbukh Claim. As noted, under Maryland law, only a single wrongful death claim can be brought, and it is brought on behalf of all beneficiaries.

34.    The Maryland State Court wrongful death action is therefore barred by this Court's Averbukh Claim Expungement Order and its Plan Modification Order, and the Averbukhs' maintenance of the state court action violates the injunction contained in the Plan Modification Order.

8

*The Maryland State Court Action is Also Barred by the Averbukhs' Failure to File an
Administrative Expense Claim Prior to the Administrative Claim Bar Date*

35.     As stated above, this Court's Modification Procedures Order provided, in

pertinent part, that: (i) July 15, 2009 was the deadline for all creditors holding administrative

expense claims for the period from the commencement of the chapter 11 cases in October, 2005

through June 1, 2009 to file a claim on an Administrative Expense Claim Form; (ii) notice of the

Administrative Claim Bar Date was to be published in the Detroit Free Press, the New York

Times (worldwide), the Wall Street Journal (national, European, and Asian editions) and USA

Today (worldwide); and (iii) failure to timely file an Administrative Expense Claim would

forever bar, estop and enjoin the creditor from asserting such a claim against Debtors and their

property would be forever discharged from such claim.  In the Modification Procedures Order,

the Court specifically determined and ruled that notice of the bar date via publication constituted

adequate and sufficient notice.

36.     Notwithstanding the fact that the wrongful death claim accrued on April 7, 2007,

and, as discussed more fully below, was a "claim" within the definition of 11 U.S.C. §101(5) and

therefore covered by the Modification Procedures Order, the Averbukhs did not file an

Administrative Expense Claim Form by the Administrative Claim Bar Date.  By operation of the

Modification Procedures Order, the Averbukhs' Claim became forever barred, thereby estopping

and enjoining them from asserting the Averbukh Claim against the Debtors or their property.

37.     In addition, this Court's Plan Modification Order, which confirmed the Modified

Plan, discharged, among other things, all Claims and Causes of Action, whether known or

unknown, against the Reorganized Debtors and permanently enjoined all Persons (as that term is

defined in the Plan) from, among other things, "commencing…in any manner any Claim,

Interest, Cause of Action or any other right or Claim against the Reorganized Debtors, which

9

they possessed or may possess prior to the Effective Date" of the Plan (the "Plan Injunction").

See ¶¶ 20 and 22 of Plan Modification Order.

38.    An order confirming a plan of reorganization ordinarily operates to discharge all

unsecured debts, "even those of tort victims who were unaware of the debtor's bankruptcy."

*Brown v. Seaman Furniture Co., Inc.*, 171 B.R. 26, 27 (E.D. Pa 1994); *In re U.S.H. Corporation*

*of New York,* 223 B.R. 654, 657 (Bankr. S.D.N.Y. 1998); See also, 11 U.S.C §§ 1141 and

524(a).[1]

39.    The effect of the Reorganized Debtors' discharge is set forth in section 524(a) of

the Bankruptcy Code, under which that discharge operates as a permanent injunction against the

*commencement or continuation* of any action to recover discharged claims against the

Reorganized Debtors.  Specifically, Section 524(a)(2) provides:

> (a)    A discharge in a case under this title –
> .....
> (2) operates as an injunction against the commencement or continuation of
> an action, the employment of process, or an act, to collect, recover or
> offset any such debt as a personal liability of the debtor, whether or not
> discharge of such debt is waived.

---

[1]    Section 1141(d)(1) of the Bankruptcy Code provides in pertinent part:

> (d)   Except as otherwise provided in this subsection, in the plan, or in the order
> confirming the plan, the confirmation of a plan—
>
> (A) discharges the debtor from any debt that arose before the date of such confirmation and
> any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title, whether or
> not—
> > (i)    a proof of the claim based on such debt is filed or deemed filed under section
> > 501 of this title;
> > (ii)   such claim is allowed under section 502 of this title...

40.    Discharge under the Bankruptcy Code, presumes that all creditors bound by the plan were given notice to satisfy due process.  See *Brown*; *U.S.H*; *DePippo v. Kmart Corporation, et. al.*, 335 B.R. 290, 295 (D.C. S.D.N.Y. 2005).   Notice requirements will vary depending upon whether the creditor is known or unknown to the debtor. A "known" creditor is one whose "*identity* is either known to the debtor or is 'reasonably ascertainable' by the debtor." See *DePippo, supra at 296; U.S.H.* "Reasonably ascertainable" means that the creditor can be identified through reasonably diligent efforts. See *DePippo, supra at 296*.  In the context of a debtor in bankruptcy, it is not required to go beyond a careful examination of its books and records. *Id.* If the creditor is "unknown" to the debtor, it is well-settled law that notice of a bar date via publication is "adequate constructive notice sufficient to satisfy due process requirements because, 'in the case of persons missing or unknown, employment of an indirect and even probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights.'" *DiPippo, supra*, at 297 (quoting *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306 (1950)).

41.    All pre-confirmation "claims" against the Debtors held by the Averbukhs were discharged.  The Bankruptcy Code defines "claims" to include any and all "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. § 101(5). Courts have recognized that the definition of a claim is intentionally broad to enable all the obligations of a debtor to be treated in a bankruptcy case, no matter how remote or contingent, to give the debtor the broadest relief possible in the bankruptcy court. *See, In re Chateaugay Corp.*, 944 F.2d 997, 1003 (2nd. Cir. 1991).

42.    A post-petition tort claim is an administrative expense claim under the Bankruptcy Code.  See *In re Refco Inc.*, 2008 U.S. Dist. LEXIS 2484 *17 (S.D.N.Y.) citing *Reading v. Brown*, 391 U.S. 471, 485, 88 S. Ct. 1759, 20 L. Ed. 2d 751 (1986).  A wrongful death claim is a tort claim.  Therefore, the Averbukhs' claim was covered in the Modification Procedures Order and in the Modified Plan and the Plan Modification Order.

43.    Prior to September 9, 2009, the Debtors had no record of any claim or potential claim held by Alla against them and her claim, therefore, was not reasonably ascertainable. Because nothing in the Debtors' books and records would have alerted them prior to September 9, 2009 that Alla held a claim, personally or as a representative of Boris's estate, the Debtors were not in a position to serve, nor was she entitled, to actual notice of the Administrative Claim Bar Date.  Consequently, Alla could not have been given notice of the Administrative Claim Bar Date by any means other than publication.

44.    Prior to January 10, 2010, Vladimir, individually and as Personal Representative of the Estate of Boris Averbukh, and Aleksandr were unknown to Debtors and any claim or potential claim held by them against Debtors (or Reorganized Debtors) was not reasonably ascertainable.  Nothing in Debtors' (or Reorganized Debtors') books and records would have alerted them prior to that date that they had claims individually or as a representative of the estate of Boris Averbukh which entitled them to actual notice of the Administrative Claim Bar Date.  They could not have been given notice of the Administrative Claim Bar Date by any means other than publication.

45.    The Averbukhs received adequate and sufficient constructive notice of the Administrative Claim Bar Date via publication as detailed above in paragraph 9 and 10.

46.    Notwithstanding the sufficiency of constructive notice on Vladimir, in his individual capacity and as personal representative of Boris' estate, and Aleksandr, as detailed above in paragraph 31, they would be deemed as a matter of law to have had actual notice of the Administrative Claim Bar Date in 2009 and of the Averbukh Claim Expungement Order in 2010 by virtue of their representation by The Kulhman Law Firm, which filed the Averbukh Claim.

47.    Alla testified at her deposition in the Maryland State Court Action that Aleksandr and Vladimir handled all of the legal affairs relating to Boris' death and that it was Aleksandr and Vladimir that hired The Kuhlman Law Firm. See, pp. 68-76, 84 of the unedited, uncertified transcript of the deposition of Alla, attached as Exhibit G.[2]

48.    "It is well recognized that an attorney's actual notice of the pendency of a bankruptcy may be imputed to his client if it occurs within the scope of the attorney-client relationship." In re Herman Joseph Marino, 195 B.R. 886, 895 (Bankr. N.D. Ill. 1996); See also In re Jesse Najjar, 2007 Bankr. LEXIS 1678, p. 5 (Bankr. S.D.N.Y. 2007)("A nexus has been found sufficient to support inputing notice to a creditor where such creditor's nonbankruptcy attorney participated in the bankruptcy case.")

49.    Therefore, all claims of Vladimir , individually and as Personal Representative of the Estate of Boris Averbukh, and of Aleksandr asserted against Debtors in the Maryland State Court Action, were barred and discharged by the Modification Procedures Order and Plan Modification Order and are permanently enjoined by the Plan Injunction.

---

[2] Since Alla's deposition was taken only recently, the final, certified transcript is not yet available.

## RELIEF REQUESTED

WHEREFORE the Reorganized Debtors request that this Court enter an order permanently enjoining Alla Averbukh, Vladimir Averbukh, individually and as Personal Representative of the Estate of Boris Averbukh, and Aleksandr Averbukh from pursuing their discharged and expunged claim against the Debtors in the Maryland State Court Action, directing the Averbukhs to immediately dismiss the Maryland State Court Action as against them, and granting Reorganized Debtors such other and further relief to which they may be entitled.

Dated:    Detroit, MI
           August 30, 2011

                                    BUTZEL LONG, a professional corporation

                                    By:    /s/ Cynthia J. Haffey
                                              Cynthia J. Haffey
                                            Sheldon Klein
                                            Chester E. Kasiborski, Jr.
                                            Thomas B. Radom
                                    150 West Jefferson, Suite 100
                                    Detroit, MI  48226
                                    (313) 225-7000

                                    *Attorneys for Reorganized Debtors*

#1298550 v1

# EXHIBIT A

*7/27/07 eat*

IN THE ORPHANS' COURT FOR
(OR)                    <u>Baltimore County</u>          , MARYLAND

BEFORE THE REGISTER OF WILLS FOR

IN THE ESTATE OF:                                        ESTATE NO: <u>145084</u>
<u>BORIS AVERBUKH</u>

## ORDER FOR SMALL ESTATE

Upon the foregoing Petition, it is this <u>27th</u> day of <u>JULY</u>, <u>2007</u>, by the Register of Wills ordered that:

1. The estate of <u>BORIS AVERBUKH</u> shall be administered as a small estate.

2. <u>VLADIMIR AVERBUKH</u> shall serve as personal representative(s).

3. The personal representative shall pay fees due the register, expenses of administration, allowable funeral expenses, and statutory family allowances, and, if necessary, sell property of the decedent in order to pay them.

4. The will dated _____ *none* _____ (including codicils, if any, dated ___ *n/a* ___ ) accompanying the petition is:

   ☐  admitted to probate; or

   ☐  retained on file only.

5. Publication is:

   ☑  not required; or

   ☐  required and Notice of Appointment shall be published once in a newspaper of general circulation in the county.

6. When publication is required, the personal representative shall, subject to the statutory order of priorities and the resolution of disputed claims by the parties or by the court: (a) pay all proper claims, expenses, and allowances not previously paid; (b) if necessary, sell property of the estate in order to do so; and (c) distribute the remaining property of the estate in accordance with the will or, if none, with the intestacy laws of this State.

*Grace G. Connolly* *eat*

GRACE G. CONNOLLY
Register of Wills

### This order does not constitute letters of administration
### and does not authorize the transfer of assets.

I hereby certify that on this <u>27TH</u> day of _____ <u>JULY</u> _____ , <u>2007</u> , I delivered or mailed, postage

prepaid, a copy of the foregoing Order to <u>VLADIMIR AVERBUKH</u> Personal Representative.

117 FENNINGTON CIRCLE
OWINGS MILLS, MD 21117

*Grace G. Connolly* *eat*

GRACE G. CONNOLLY
Register of Wills

RW 1108
Revised 7/92

PS-3564



## State of Maryland
# LETTERS OF ADMINISTRATION
# OF A SMALL ESTATE

Estate No. 145084

I certify that administration of the Estate of

BORIS  AVERBUKH

was granted on the ___27th___ day of ___JULY, 2007___

to VLADIMIR  AVERBUKH

as personal representative(s) and the appointment is in effect

this ___27th___ day of ___JULY, 2007___ .

☐  Will probated _____
                         (date)

☑  Intestate estate.

☐  Unprobated Will - Probate Not Required

_Grace G. Connolly_

GRACE G. CONNOLLY

Register of Wills for

Baltimore County

VALID ONLY IF SEALED WITH THE SEAL OF THE COURT OR THE REGISTER

RW 1107

# EXHIBIT B

#19597

| **United States Bankruptcy Court**<br>Southern District of New York<br><br>Delphi Corporation et al. Claims Processing<br>c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue<br>El Segundo, California 90245 | **Administrative<br>Expense Claim<br>Request** | |
|---|---|---|
| Debtor against which claim is asserted :<br>Delphi Corporation, *et al.* 05-444481 | Case Name and Number<br>In re Delphi Corporation., *et al.* 05-44481<br>Chapter 11, Jointly Administered | |

NOTE: This form should not be used to make a claim in connection with a request for payment for goods or services provided to the Debtors prior to the commencement of the case.  This Administrative Expense Claim Request form is to be used solely in connection with a request for payment of an administrative expense arising after commencement of the case pursuant to 11 U.S.C. § 503.

| Name of Creditor<br>*(The person or other entity to whom the debtor owes money or property)*<br><br>Alla Averbukh<br><br>Name and Address Where Notices Should be Sent<br><br>The Kuhlman Law Firm, LLC<br>1100 Main Street, Suite 2550<br>Kansas City, MO 64105<br>Telephone No.<br>816-799-0330 | ☐  Check box if you are aware that anyone else has filed a proof of claim relating to your claim.  Attach copy of statement giving particulars.<br>☐  Check box if you have never received any notices from the bankruptcy court in this case.<br>☐  Check box if the address differs from the address on the envelope sent to you by the court. | Claim #19597<br>USBC SDNY<br>Delphi Corporation, et al.<br>05-44481 (RDD)<br><br>THIS SPACE IS FOR<br>COURT USE ONLY |

| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: | Check here if this claim ☐ replaces<br>                              ☐ amends   a previously filed claim, dated: _____ |
|---|---|

| 1. BASIS FOR CLAIM<br>☐  Goods sold<br>☐  Services performed<br>☐  Money loaned<br>☒  Personal injury/wrongful death<br>☐  Taxes<br>☐  Other (Describe briefly) | ☐  Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐  Wages, salaries, and compensation (Fill out below)<br>Your social security number _____<br>Unpaid compensation for services performed<br>from _____ to _____<br>        (date)              (date) |
|---|---|

| 2. DATE DEBT WAS INCURRED     April 7, 2007 | 3. IF COURT JUDGMENT, DATE OBTAINED: |
|---|---|

4. TOTAL AMOUNT OF ADMINISTRATIVE CLAIM: $__1,500,000.00__
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim.  Attach itemized statement of all additional charges.

5. Brief Description of Claim (attach any additional information):

Damages for injuries and wrongful death of Boris Averbukh.

| 6. **CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.  In filing this claim, claimant has deducted all amounts that claimant owes to debtor.<br><br>7. **SUPPORTING DOCUMENTS:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests.  DO NOT SEND ORIGINAL DOCUMENTS.  If the documents are not available, explain.  If the documents are voluminous, attach a summary.  Any attachment must be 8-1/2" by 11".<br><br>8. **DATE-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR<br>COURT USE ONLY<br><br>**RECEIVED**<br><br>SEP 10 2009<br><br>KURTZMANCARSONCONSULTANTS |
|---|---|

| Date<br><br>9-9-09 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any.) |
|---|---|


☑ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return



0544481090910000000000003

# EXHIBIT C

01/14/2010  08:32    4103321178                    CT CORP                              PAGE 04/27

| | | |
|---|---|---|
| VLADIMIR AVERBUKH, Individually and as Personal Representative of the Estate of Boris Averbukh, 117 Fennington Circle Owings Mills, Maryland 21117 | * | IN THE |
| | * | CIRCUIT COURT |
| And | * | FOR |
| ALESANDER AVERBUKH, Individually, 6994 Millbrook Park Drive, Apt. 2D Baltimore, Maryland 21215 | * | PRINCE GEORGE'S COUNTY |
| Plaintiffs | * | |
| And | * | |
| ALLA AVERBUKH, Individually, 3 Russem Court, Apt. 2A Baltimore, Maryland 21215 | * | |
| Use Plaintiff | * | |
| v. | * | |
| ENTERPRISE RAC COMPANY OF MARYLAND, LLC 2 Research Place Rockville, Maryland 20850 | * | |
| | * | Case No. _____ |
| Serve Registered Agent: The Corporation Trust Incorporated 300 E. Lombard Street, Suite 1400 Baltimore, Maryland 21202 | * | |
| And | * | |
| ENTERPRISE LEASING COMPANY 2 Research Place Rockville, Maryland 20850 | * | |
| Serve Registered Agent: The Corporation Trust Incorporated 300 E. Lombard Street Baltimore, Maryland 21202 | * | |
| And | | |

ENTERPRISE RENT-A-CAR COMPANY          *
600 Corporate Park Drive               *
St. Louis, Missouri 63105
                                       *

    Serve Registered Agent:          *
    CT Corporation System
    120 South Central Avenue         *
    Clayton, Missouri 63105

And                                    *

DELPHI CORPORATION                     *
5725 Delphi Drive
Troy, Michigan 48098                   *

    Serve Registered Agent:          *
    The Corporation Company
    30600 Telegraph Road, Suite 2345 *
    Bingham Farms, Michigan 48025

And                                    *

DELPHI AUTOMOTIVE SYSTEMS LLC          *
7525 Delphi Drive
Troy, Michigan 48098                   *

    Serve Registered Agent:
    The Corporation Trust Incorporated *
    300 E. Lombard Street
    Baltimore, Maryland 21202        *

And                                    *

THE ROCKMONT MOTOR COMPANY,            *
15301 Frederick Road
P.O. Box 72                            *
Rockville, Maryland 20850
                                       *

    Serve Registered Agent:
    James M. Hastings                *
    305 Piping Rock Drive
    Silver Springs, Maryland 20905   *

And                                    *

01/14/2010  08:32   4103321178              CT CORP                         PAGE  06/27

# FILED

NOV 9 2009

CLERK OF THE CIRCUIT COURT
FOR PRINCE GEORGES COUNTY, MD.

Ca109-
35924

ALLA AVERBUKH
3 Russern Court, Apt. 2A
Baltimore, Maryland 21215

Defendants

*       *       *       *       *       *       *       *       *       *

## COMPLAINT AND ELECTION FOR JURY TRIAL

Plaintiffs, Vladimir Averbukh, in his individual capacity and as Personal Representative

of the Estate of Boris Averbukh, and Alesander Averbukh, in his individual capacity, by and

through their attorneys Paul D. Bekman and Gregory G. Hopper of Salsbury, Clements, Bekman,

Marder & Adkins, L.L.C., and with notice to the Use Plaintiff, Alla Averbukh, hereby file suit

against Defendants, Enterprise RAC of Maryland, LLC, Enterprise Leasing Company, Enterprise

Rent-A-Car Company, Delphi Corporation, Delphi Automotive Systems LLC, The Rockmont

Motor Company, and Alla Averbukh, and, in support thereof, state as follows:

### Allegations Common to All Counts

1.     Plaintiff, Vladimir Averbukh, is a citizen of the State of Maryland and resides in

Baltimore County, Maryland. As Boris Averbukh's son, Vladamir Averbukh is a proper person

to bring a wrongful death claim pursuant to § 3-902 of the Courts and Judicial Proceedings

Article of the Annotated Code of Maryland. Additionally, Vladimir Averbukh has been named

the Personal Representative of the Estate of Boris Averbukh and is the proper person to bring a

survival claim on behalf of the Estate.

2.     Plaintiff, Alesander Averbukh, is a citizen of the State of Maryland and resides in

Baltimore County, Maryland. As Boris Averbukh's son, Alesander Averbukh is also a proper

01/14/2010  08:32   4103321178           CT CORP                    PAGE  07/27

person to bring a wrongful death claim pursuant to § 3-902 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland.

3.      Use Plaintiff and Defendant, Alla Averbukh, is a citizen of the State of Maryland and resides in Baltimore County, Maryland. As Boris Averbukh's wife at the time of the occurrence, Alla Averbukh is a potential wrongful death beneficiary pursuant to § 3-902 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland and must be named as a Use Plaintiff under the Maryland Rules.

4.      Defendant, Enterprise RAC of Maryland, LLC ("Enterprise RAC"), is a Delaware LLC with its principal place of business in Montgomery County, Maryland.

5.      Defendant, Enterprise Leasing Company ("Enterprise Leasing"), is a Maryland corporation with its principal place of business in Montgomery County, Maryland.

6.      Defendant, Enterprise Rent-A-Car Company ("Enterprise Rent-A-Car"), is a Missouri corporation with its principal place of business in Missouri.

7.      Defendants, Enterprise RAC, Enterprise Leasing, and Enterprise Rent-A-Car, are referred to collectively herein as "the Enterprise Defendants."

8.      Defendant, Delphi Corporation, is a Delaware corporation with its principal place of business in Michigan.

9.      Defendant, Delphi Automotive Systems LLC, is a Delaware limited liability company with its principal place of business in Michigan.

10.     Defendants, Delphi Corporation and Delphi Automotive Systems LLC, are referred to collectively herein as "the Delphi Defendants."

11.     Defendant, The Rockmont Motor Company, is a Maryland corporation with its principal place of business in Montgomery County, Maryland.

12.   Jurisdiction rests with the Circuit Court because the amount in controversy exceeds $30,000 and venue is proper in Prince George's County, Maryland because this is where the accident occurred and one or more of the defendants regularly conduct business in Prince George's County.

13.   On or about April 7, 2007, Use Plaintiff and Defendant, Alla Averbukh, was driving a 2006 Chevrolet Cobalt (VIN # 1G1AK55F467619606, hereinafter the "Cobalt") she and/or Boris Averbukh had rented from the Enterprise Defendants southbound on I-95 in Prince George's County, Maryland.

14.   The Cobalt left the roadway while on the exit ramp from southbound I-95 to westbound Route 212 and struck a tree.

15.   Boris Averbukh was wearing his available shoulder and lap seat belt at the time the Cobalt collided with the tree. The front driver's air bag of the Cobalt deployed in the collision with the tree, but the front passenger air bag of the Cobalt did not deploy, leaving Boris Averbukh without the protection of a frontal air bag.

16.   As a direct and proximate result of the failure of the front passenger air bag of the Cobalt to deploy, Boris Averbukh suffered severe injuries beyond those he would have sustained had the air bag deployed and died despite properly wearing his available lap and shoulder seat belt.

17.   As a direct and proximate result of the acts and/or omissions of the defendants described herein and the failure of the front passenger air bag of the Cobalt to deploy, Boris Averbukh suffered severe and fatal injuries for which he required and received medical treatment prior to his death.

18.    As a direct and proximate result of the acts and/or omissions of the defendants described herein and the failure of the front passenger air bag of the Cobalt to deploy, plaintiffs have suffered economic and noneconomic damages, including, but not limited to, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, marital care, parental care, attention, advice, counsel, training, guidance, education and support.

### COUNT I – NEGLIGENCE
#### The Estate's claim against the Enterprise Defendants

19.    Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 as if fully set forth herein.

20.    Prior to April 7, 2007, the Enterprise Defendants were engaged in the distribution, rental, leasing and/or sale of motor vehicles, including the rental of motor vehicles to consumers such as Boris and Alla Averbukh..

21.    The Enterprise Defendants owed a duty of care to properly inspect, test, maintain and/or repair their rental vehicles and the air bag systems thereon, including the Cobalt and its air bag system.

22.    The Enterprise Defendants, individually and/or collectively, breached their duty of care and were thereby negligent by failing to properly inspect, test, maintain and/or repair the Cobalt so that the front passenger airbag system would function and/or deploy in a crash.

23.    As a direct and proximate result of the combined negligence of the Enterprise Defendants, Boris Averbukh suffered physical pain and suffering, mental anguish, emotional injury and trauma, and other related injuries and death.

WHEREFORE, Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh hereby demands judgment against the Enterprise Defendants, jointly and

01/14/2010  08:32    4103321178              CT CORP                    PAGE  10/27

severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT II – NEGLIGENCE
### Individual Plaintiffs' claim against the Enterprise Defendants

24.   Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 23 as if fully set forth herein.

25.   As a direct and proximate result of the combined negligence of the Enterprise Defendants, resulting in the death of Boris Averbukh, a cause of action has accrued in accordance with § 3-901, et. seq., of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland to Plaintiffs and Use Plaintiff for compensation for all the damages, injuries, and losses, past, present, and future, which they have sustained and will sustain in the future including, but not limited to, their severe mental anguish and emotional pain, pecuniary loss, and the loss and deprivation of Boris Averbukh's society, companionship, comfort, care, attention, advice, counsel, services, and support, items that Boris Averbukh would have afforded and rendered to them had he continued to live.

WHEREFORE, Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby demand judgment against the Enterprise Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

01/14/2010  08:32    4103321178                    CT CORP                                   PAGE  11/27

## COUNT III – BREACH OF IMPLIED WARRANTY
### The Estate's claim against the Enterprise Defendants

26.    Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 as if fully set forth herein.

27.    The Enterprise Defendants are merchants with respect to the sale, rental and/or leasing of vehicles.

28.    Pursuant to section 2A-212 and/or 2-314, the Enterprise Defendants impliedly warranted to Boris and Alla Averbukh that the Cobalt would be merchantable and fit for its ordinary and particular purposes. Boris and Alla Averbukh relied upon these implied warranties and the Enterprise Defendants' status as merchants.

29.    The Enterprise Defendants breached their warranties to Boris and Alla Averbukh because the Cobalt was not fit for its ordinary and particular purposes in that the Cobalt and its frontal air bag system were defective at the time of rental and/or leasing and the passenger air bag failed to deploy in the subject crash.

30.    As a direct and proximate result of the above-described breach of warranty by the Enterprise Defendants, Boris Averbukh suffered physical pain and suffering, mental anguish, emotional injury and trauma, and other related injuries and death.

WHEREFORE, Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh hereby demands judgment against the Enterprise Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT IV – BREACH OF IMPLIED WARRANTY
### Individual Plaintiffs' claim against the Enterprise Defendants

31.    Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 30 as if fully set forth herein.

32.    As a direct and proximate result of the breach of warranties of the Enterprise Defendants, resulting in the death of Boris Averbukh, a cause of action has accrued in accordance with § 3-901, et. seq., of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland to Plaintiffs and Use Plaintiff for compensation for all the damages, injuries, and losses, past, present, and future, which they have sustained and will sustain in the future including, but not limited to, their severe mental anguish and emotional pain, pecuniary loss, and the loss and deprivation of Boris Averbukh's society, companionship, comfort, care, attention, advice, counsel, services, and support, items that Boris Averbukh would have afforded and rendered to them had he continued to live.

WHEREFORE, Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby demand judgment against the Enterprise Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT V – STRICT LIABILITY
### The Estate's claim against Defendant Rockmont and The Enterprise Defendants

33.    Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 as if fully set forth herein.

34.    Defendant Rockmont and the Enterprise Defendants are in the business of distributing, selling, renting and/or leasing vehicles and distributed, sold, rented and/or leased the Cobalt in the ordinary course of their businesses.

35.    At the time of the Cobalt was sold, rented and/or leased and left the possession or control of the defendants, the Cobalt was in a defective condition and was unreasonably dangerous to users and consumers such as Boris Averbukh by reason of defects in the design, testing, assembly and/or manufacture of its air bag system, as well as the failure of any warnings regarding the potential non-deployment of the air bag system.

36.    The Cobalt was expected to and did reach users and consumers such as Boris Averbukh without substantial change in its condition.

37.    As a direct and proximate result of the actions and inactions of Defendant Rockmount and the Enterprise Defendants and the defective and unreasonably dangerous airbag system and/or the lack of warnings regarding the same, Boris Averbukh suffered physical pain and suffering, mental anguish, emotional injury and trauma, and other related injuries and death.

WHEREFORE, Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh hereby demands judgment against Defendant Rockmount and the Enterprise Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

### COUNT VI – STRICT LIABILITY
### Individual Plaintiffs' claim against Defendant Rockmont and The Enterprise Defendants

38.    Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 37 as if fully set forth herein.

39.    As a direct and proximate result of the actions and inactions of Defendant Rockmount and the Enterprise Defendants and the defective and unreasonably dangerous airbag system and/or the lack of warnings regarding the same, resulting in the death of Boris Averbukh, a cause of action has accrued in accordance with § 3-901, et. seq., of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland to Plaintiffs and Use Plaintiff for compensation for all the damages, injuries, and losses, past, present, and future, which they have sustained and will sustain in the future including, but not limited to, their severe mental anguish and emotional pain, pecuniary loss, and the loss and deprivation of Boris Averbukh's society, companionship, comfort, care, attention, advice, counsel, services, and support, items that Boris Averbukh would have afforded and rendered to them had he continued to live.

WHEREFORE, Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby demand judgment against Defendant Rockmount and the Enterprise Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT VII – ALTER EGO/PIERCING CORPORATE VEIL
### The Estate's claim against Defendant Enterprise Rent-A-Car Company

40.    Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 23 as if fully set forth herein.

41.    At all relevant times, Defendant, Enterprise Rent-A-Car Company, had complete control and domination of the finances, policy and business practices of Defendants, Enterprise RAC and Enterprise Leasing, such that they had no separate mind, will or existence of their own.

42.    Defendant, Enterprise Rent-A-Car, used its control of Defendants, Enterprise RAC and Enterprise Leasing, to violate the duties owed to Boris Averbukh described herein, to commit the wrongs described herein and/or to evade its legal obligations owed under the law.

43.    As a direct and proximate result of the control Defendant, Enterprise Rent-A-Car Company, exerted over Defendants, Enterprise RAC and Enterprise Leasing, and the negligent actions and inactions complained of herein, Boris Averbukh suffered physical pain and suffering, mental anguish, emotional injury and trauma, and other related injuries and death.

WHEREFORE, Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh hereby demands judgment against Defendant, Enterprise Rent-A-Car Company, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT VIII – ALTER EGO/PIERCING CORPORATE VEIL
### Individual Plaintiffs' claim against Defendant Enterprise Rent-A-Car Company

44.    Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 25 and 40 through 43 as if fully set forth herein.

45.    As a direct and proximate result of the control Defendant, Enterprise Rent-A-Car Company, exerted over Defendants, Enterprise RAC and Enterprise Leasing, and the negligent actions and inactions complained of herein, resulting in the death of Boris Averbukh, a cause of action has accrued in accordance with § 3-901, et. seq., of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland to Plaintiffs and Use Plaintiff for compensation for all the damages, injuries, and losses, past, present, and future, which they have sustained and will sustain in the future including, but not limited to, their severe mental anguish and emotional pain,

pecuniary loss, and the loss and deprivation of Boris Averbukh's society, companionship, comfort, care, attention, advice, counsel, services, and support, items that Boris Averbukh would have afforded and rendered to them had he continued to live.

WHEREFORE, Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby demand judgment against Defendant, Enterprise Rent-A-Car Company, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT IX – STRICT LIABILITY
### The Estate's claim against the Delphi Defendants

46.    Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 as if fully set forth herein.

47.    The Delphi Defendants designed, manufactured, tested, inspected, sold and supplied the frontal air bag system of the Cobalt in the ordinary course of their businesses.

48.    At the time it was sold by the Delphi Defendants, the frontal air bag system of the Cobalt was in a defective condition and was unreasonably dangerous to users and consumers such as Boris Averbukh by reason of defects in its design, testing, assembly and/or manufacture, as well as the lack of any warnings regarding its potential non-deployment.

49.    The frontal air bag system of the Cobalt was expected to and did reach users and consumers such as Boris Averbukh without substantial change in its condition.

50.    As a direct and proximate result of the actions and inactions of the Delphi Defendants and the defective and unreasonably dangerous airbag system and/or the lack of

warnings regarding the same, Boris Averbukh suffered physical pain and suffering, mental

anguish, emotional injury and trauma, and other related injuries and death.

WHEREFORE, Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of

Boris Averbukh, hereby demands judgment against the Delphi Defendants, jointly and severally,

in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such

other and further relief as the jury and/or Court deem just and proper.

## COUNT X – STRICT LIABILITY
### Individual Plaintiffs' claim against the Delphi Defendants

51.    Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual

capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby incorporates by reference

each and every allegation set forth in paragraphs 1 through 18 and 46 through 50 as if fully set

forth herein.

52.    As a direct and proximate result of the actions and inactions of the Delphi

Defendants and the defective and unreasonably dangerous airbag system and/or the lack of

warnings regarding the same, resulting in the death of Boris Averbukh, a cause of action has

accrued in accordance with § 3-901, et. seq., of the Courts and Judicial Proceedings Article of

the Annotated Code of Maryland to Plaintiffs and Use Plaintiff for compensation for all the

damages, injuries, and losses, past, present, and future, which they have sustained and will

sustain in the future including, but not limited to, their severe mental anguish and emotional pain,

pecuniary loss, and the loss and deprivation of Boris Averbukh's society, companionship,

comfort, care, attention, advice, counsel, services, and support, items that Boris Averbukh would

have afforded and rendered to them had he continued to live.

WHEREFORE, Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their

individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby demand

judgment against the Delphi Defendants, jointly and severally, in the amount of Twenty-Five

Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury

and/or Court deem just and proper.

## COUNT XI – BREACH OF IMPLIED WARRANTY
### The Estate's claim against the Delphi Defendants

53.    Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris

Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1

through 18 as if fully set forth herein.

54.    The Delphi Defendants are merchants with respect to the sale of frontal air bag

systems.

55.    Pursuant to section 2A-212 and/or 2-314, the Delphi Defendants impliedly

warranted to Boris Averbukh that the frontal air bag system of the Cobalt would be merchantable

and fit for its ordinary and particular purposes.

56.    Boris Averbukh relied upon these implied warranties and the Delphi Defendants'

status as merchants.

57.    The Delphi Defendants breached their warranties to Boris Averbukh because the

frontal air bag system of the Cobalt was defective at the time of its sale and not fit for its

ordinary and particular purposes in that the front passenger air bag failed to deploy in the subject

crash.

58.    As a direct and proximate result of the above-described breach of warranty by the

Delphi Defendants, Boris Averbukh suffered physical pain and suffering, mental anguish,

emotional injury and trauma, and other related injuries and death.

WHEREFORE, Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of

Boris Averbukh, hereby demands judgment against the Delphi Defendants, jointly and severally,

01/14/2010  08:32    4103321178              CT CORP                    PAGE  19/27

in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

### COUNT XII – BREACH OF IMPLIED WARRANTY
### Individual Plaintiffs' claim against the Delphi Defendants

59.    Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 23 and 53 through 58 as if fully set forth herein.

60.    As a direct and proximate result of the breach of warranty by the Delphi Defendants, resulting in the death of Boris Averbukh, a cause of action has accrued in accordance with § 3-901, et. seq., of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland to Plaintiffs and Use Plaintiff for compensation for all the damages, injuries, and losses, past, present, and future, which they have sustained and will sustain in the future including, but not limited to, their severe mental anguish and emotional pain, pecuniary loss, and the loss and deprivation of Boris Averbukh's society, companionship, comfort, care, attention, advice, counsel, services, and support, items that Boris Averbukh would have afforded and rendered to them had he continued to live.

WHEREFORE, Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby demand judgment against the Delphi Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT XIII – NEGLIGENCE
### The Estate's claim against the Delphi Defendants

61.    Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 as if fully set forth herein.

62.    The Delphi Defendants owed users and consumers, including Boris Averbukh, a duty to use that degree of care exercised by a reasonably careful designer, manufacturer, and/or seller engaged in the same business as Delphi.

63.    The Delphi Defendants breached their duties of care and were thereby negligent in each of the following respects:

a.    By failing to design, inspect, test, assemble and/or manufacture the frontal air bag system of the Cobalt to be reasonably safe for the ordinary consumer who possesses knowledge common to the community as its characteristics; and/or

b.    By failing to adequately warn consumers, at the time of manufacture/sale and/or post-sale, of the danger from the inability of the frontal airbag system of the Cobalt to safely and properly deploy in reasonably foreseeable types of collisions.

64.    As a direct and proximate result of the combined negligence of the Delphi Defendants, Boris Averbukh suffered physical pain and suffering, mental anguish, emotional injury and trauma, and other related injuries and death.

WHEREFORE, Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh hereby demands judgment against the Delphi Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

### COUNT XIV – NEGLIGENCE
#### Individual Plaintiffs' claim against the Delphi Defendants

65.     Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 and 61 through 64 as if fully set forth herein.

66.     As a direct and proximate result of the combined negligence of the Delphi Defendants, resulting in the death of Boris Averbukh, a cause of action has accrued in accordance with § 3-901, et. seq., of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland to Plaintiffs and Use Plaintiff for compensation for all the damages, injuries, and losses, past, present, and future, which they have sustained and will sustain in the future including, but not limited to, their severe mental anguish and emotional pain, pecuniary loss, and the loss and deprivation of Boris Averbukh's society, companionship, comfort, care, attention, advice, counsel, services, and support, items that Boris Averbukh would have afforded and rendered to them had he continued to live.

WHEREFORE, Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby demand judgment against the Delphi Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT XV – NEGLIGENCE
### The Estate's claim against Defendant Alla Averbukh

67.    Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 as if fully set forth herein.

68.    Defendant, Alla Averbukh, as the driver of the Cobalt, owed Boris Averbukh a duty to maintain proper control over the vehicle and to avoid running off the road and causing an accident. She breached those duties and was negligent in that she failed to exercise proper control over her car and caused it to leave the roadway and strike a tree.

69.    As a direct and proximate result of the combined negligence of Alla Averbukh, Boris Averbukh suffered physical pain and suffering, mental anguish, emotional injury and trauma, and other related injuries and death.

WHEREFORE, Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh hereby demands judgment against Alla Averbukh, jointly and severally, in an amount in excess of the jurisdiction limit of Thirty Thousand Dollars ($30,000) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT XVI – NEGLIGENCE
### Individual Plaintiffs' claim against Defendant Alla Averbukh

70.    Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 and 67 through 69 as if fully set forth herein.

66.    As a direct and proximate result of the negligence of Alla Averbukh, resulting in the death of Boris Averbukh, a cause of action has accrued in accordance with § 3-901, et. seq., of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland to Plaintiffs

01/14/2010  08:32    4103321178              CT CORP                    PAGE  23/27

and Use Plaintiff for compensation for all the damages, injuries, and losses, past, present, and future, which they have sustained and will sustain in the future including, but not limited to, their severe mental anguish and emotional pain, pecuniary loss, and the loss and deprivation of Boris Averbukh's society, companionship, comfort, care, attention, advice, counsel, services, and support, items that Boris Averbukh would have afforded and rendered to them had he continued to live.

WHEREFORE, Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, hereby demand judgment against the Delphi Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

Respectfully submitted,

SALSBURY, CLEMENTS, BEKMAN
MARDER & ADKINS, L.L.C.

By: _____
Gregory G. Hopper
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
Telephone:  (410) 539-6633
Facsimile:   (410) 625-9554

|                                          |   |                           |
|------------------------------------------|---|---------------------------|
| VLADIMIR AVERBUKH, et al.                | * | IN THE                    |
| Plaintiffs                               | * | CIRCUIT COURT             |
| v.                                       | * | FOR                       |
| ENTERPRISE RAC COMPANY, et al.           | * | PRINCE GEORGE'S COUNTY    |
| Defendants                               | * | Case No. _____   |

*   *   *   *   *   *   *   *   *

## ELECTION FOR JURY TRIAL

Plaintiffs, Vladimir Averbukh, in his individual capacity and as Personal Representative of the Estate of Boris Averbukh, and Alesander Averbukh, in his individual capacity, by and through their attorneys Paul D. Bekman and Gregory G. Hopper of Salsbury, Clements, Bekman, Marder & Adkins, L.L.C., and with notice to the Use Plaintiff, Alla Averbukh, hereby elect to have the above-captioned case heard by a jury.

Respectfully submitted,

SALSBURY, CLEMENTS, BEKMAN
MARDER & ADKINS, L.L.C.

By: _____
Gregory G. Hopper
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
Telephone:  (410) 539-6633
Facsimile:   (410) 625-9554

01/14/2010  08:32    4103321178                CT CORP                                    PAGE  25/27

Circuit Court for Prince George's County
City or County

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

**DIRECTIONS:**
*Plaintiff: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a). A copy must be included for each defendant to be served.*
*Defendant: You must file an Information Report as required by Rule 2-323(h).*
**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE.**

FORM FILED BY: [X] PLAINTIFF  [ ] DEFENDANT    CASE NUMBER _____
(Clerk to insert)

CASE NAME: Vladimir Averbukh _____ vs. Enterprise RAC Company of MD, LLC, et al
Plaintiff                                                Defendant

JURY DEMAND:  [X] Yes [ ] No      Anticipated length of trial: _____ hours or _____ days
RELATED CASE PENDING? [ ] Yes [X] No    If yes, Case #(s), if known: _____

Special Requirements? [ ] Interpreter/communication impairment        Which language _____
(Attach Form 1-332 if Accommodation or Interpreter Needed)            Which dialect _____
[ ] ADA accommodation: _____

NATURE OF ACTION
(CHECK ONE BOX)                                    DAMAGES/RELIEF

| TORTS | LABOR | A. TORTS |
|---|---|---|
| [ ] Motor Tort | [ ] Workers' Comp. | **Actual Damages** |
| [ ] Premises Liability | [ ] Wrongful Discharge | [ ] Under $7,500 |
| [ ] Assault & Battery | [ ] EEO | [ ] $7,500 - $50,000    [ ] Medical Bills |
| [ ] Product Liability | [ ] Other | [ ] $50,000 - $100,000    $ |
| [ ] Professional Malpractice | **CONTRACTS** | [X] Over $100,000    [ ] Property Damages |
| [X] Wrongful Death | [ ] Insurance | $ |
| [ ] Business & Commercial | [ ] Confessed Judgment | [ ] Wage Loss |
| [ ] Libel & Slander | [ ] Other | $ |
| [ ] False Arrest/Imprisonment | **REAL PROPERTY** | **B. CONTRACTS**    **C. NONMONETARY** |
| [ ] Nuisance | [ ] Judicial Sale | |
| [ ] Toxic Torts | [ ] Condemnation | [ ] Under $10,000    [ ] Declaratory Judgment |
| [ ] Fraud | [ ] Landlord Tenant | [ ] $10,000 - $20,000    [ ] Injunction |
| [ ] Malicious Prosecution | [ ] Other | [ ] Over $20,000    [ ] Other |
| [ ] Lead Paint | **OTHER** | |
| [ ] Asbestos | [ ] Civil Rights | |
| [ ] Other | [ ] Environmental | |
| | [ ] ADA | |
| | [ ] Other | |

ALTERNATIVE DISPUTE RESOLUTION INFORMATION
Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation [X] Yes [ ] No        C. Settlement Conference [X] Yes [ ] No
B. Arbitration [ ] Yes [X] No       D. Neutral Evaluation [ ] Yes [X] No

TRACK REQUEST
*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*
**THIS CASE WILL THEN BE TRACKED ACCORDINGLY.**
[ ] 1/2 day of trial or less      [ ] 3 days of trial time
[ ] 1 day of trial time           [X] More than 3 days of trial time
[ ] 2 days of trial time

PLEASE SEE PAGE TWO OF THIS FORM FOR INSTRUCTIONS PERTAINING TO THE BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM AND COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR), AS WELL AS ADDITIONAL INSTRUCTIONS IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY, OR BALTIMORE COUNTY.

Date  11/6/09                     Signature _____

CC/DCM 002 (Rev. 5/2009)              Page 1 of 3

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-205 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐                                    ☐
Expedited                            Standard
Trial within 7 months               Trial within 18 months
of Filing                           of Filing

☐ EMERGENCY RELIEF REQUESTED _____
                                         Signature                              Date

## COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO AN ASTAR RESOURCE JUDGE under Md. Rule 16-202.*
*Please check the applicable box below and attach a duplicate copy of your complaint.*

☐ Expedited - Trial within 7 months of Filing          ☐ Standard - Trial within 18 months of Filing

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY, OR BALTIMORE COUNTY PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

## CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

☐ Expedited        Trial 60 to 120 days from notice. Non-jury matters.

☐ Standard-Short   Trial 210 days.

☐ Standard         Trial 360 days.

☐ Lead Paint       Fill in: Birth Date of youngest plaintiff _____.

☐ Asbestos         Events and deadlines set by individual Judge.

☐ Protracted Cases Complex cases designated by the Administrative Judge.

## CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

To assist the Court in determining the appropriate Track for this case, check one of the boxes below. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.

☐ Liability is not conceded, but is not seriously in dispute.

☒ Liability is seriously in dispute.

CC/DCM 002 (Rev. 5/2009)                Page 2 of 3

01/14/2010  08:32    4103321178              CT CORP                      PAGE  27/27

## CIRCUIT COURT FOR BALTIMORE COUNTY

☐ Expedited
(Trial Date-90 days)

Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus.

☐ Standard
(Trial Date-240 days)

Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases.

☐ Extended Standard
(Trial Date-345 days)

Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency.

☐ Complex
(Trial Date-450 days)

Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilties, Other Complex Cases.

CC/DCM 002 (Rev. 5/2009)          Page 3 of 3

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                              :
            In re                             :      Chapter 11
                                              :
DPH HOLDINGS CORP., et al.,                   :      Case No. 05-44481 (RDD)
                                              :
            Reorganized Debtors.              :      (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NOTICE OF OBJECTION TO CLAIM

Alla Averbukh:

        DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases
(collectively, the "Reorganized Debtors"), successors to Delphi Corporation and certain of its affiliates,
debtors and debtors-in-possession (the "Debtors"), are sending you this notice. According to the
Reorganized Debtors' records, you filed one or more proofs of administrative expense in the Debtors'
reorganization cases. Based upon the Reorganized Debtors' review of your proof or proofs of
administrative expense, the Reorganized Debtors have determined that one or more of your claims for an
administrative expense under 11 U.S.C. § 503(b)(1) (each, an "Administrative Claim") identified in the
table below should be (a) disallowed and expunged or (b) modified, as the case may be, as summarized in
the table below and described in more detail in the Reorganized Debtors' Forty-Seventh Omnibus
Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A)
Certain Administrative Expense Books And Records Claims, (B) A Certain Administrative Expense
Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims,
And (II) Modify Certain Administrative Expense Claims (the "Forty-Seventh Omnibus Claims
Objection"), dated April 16, 2010, a copy of which is enclosed (without exhibits). The Reorganized
Debtors' Forty-Seventh Omnibus Claims Objection is set for hearing on May 20, 2010 at 10:00 a.m.
(prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the
Southern District of New York (the "Bankruptcy Court"), 300 Quarropas Street, Courtroom 118, White
Plains, New York 10601-4140. AS FURTHER DESCRIBED IN THE ENCLOSED FORTY-SEVENTH
OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO
THE REORGANIZED DEBTORS' OBJECTION TO YOUR ADMINISTRATIVE CLAIM(S) IS 4:00
P.M. (PREVAILING EASTERN TIME) ON MAY 13, 2010. IF YOU DO NOT RESPOND TIMELY IN
THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY
BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY
OF AN ORDER.

The enclosed Forty-Seventh Omnibus Claims Objection identifies four different categories of objections. The category of administrative claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

Administrative Claims identified as having a Basis For Objection of "Books And Records Claims" assert liabilities and dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records.

The Administrative Claim identified as having a Basis For Objection of "Duplicate Claim" is duplicative of another Administrative Claim filed by the claimant.

Administrative Claims identified as having a Basis For Objection of "Duplicate Substantial Contribution Claims" assert Administrative Claims on account of an alleged substantial contribution to the Debtors' estates that are duplicative of applications for compensation filed by such parties pursuant to section 503(b)(3) and (4) of the Bankruptcy Code.

Administrative Claims identified as having a Basis For Objection of "Modified Claims" assert dollar amounts that are not owing pursuant to the debtors books and records.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|---|---|---|---|---|---|
| 09/10/09 | 19597 | $1,500,000.00 | Books AND Records Claims | Disallow And Expunge | |

If you wish to view the complete exhibits to the Forty-Seventh Omnibus Claims Objection, you can do so at www.dphholdingsdocket.com. If you have any questions about this notice or the Forty-Seventh Omnibus Claims Objection to your Administrative Claim, please contact the Reorganized Debtors' counsel by e-mail at dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing at Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Michael W. Perl). Questions regarding the amount of an Administrative Claim or the filing of a Claim should be directed to Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, at 1-888-249-2691 or www.dphholdingsdocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND

---

[1]    Asserted Claim Amounts listed as $0.00 generally reflect that the Administrative Claim amount asserted is unliquidated.

PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE
"CLAIMS OBJECTION PROCEDURES ORDER"), AND THE ORDER PURSUANT TO 11 U.S.C. §§
105(a) AND 503(b) AUTHORIZING DEBTORS TO APPLY CLAIMS OBJECTION PROCEDURES
TO ADDRESS CONTESTED ADMINISTRATIVE EXPENSE CLAIMS, ENTERED OCTOBER 22,
2009 (THE "ADMINISTRATIVE CLAIMS PROCEDURES ORDER"), APPLY TO YOUR PROOFS
OF ADMINISTRATIVE EXPENSE THAT ARE SUBJECT TO THE REORGANIZED DEBTORS'
OBJECTION AS SET FORTH ABOVE. A COPY OF BOTH THE CLAIMS OBJECTION
PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS PROCEDURES ORDER IS
INCLUDED HEREWITH. THE FOLLOWING SUMMARIZES THE PROVISIONS OF THOSE
ORDERS BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Forty-Seventh Omnibus Claims Objection, you must file a response (the
"Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern time)
on May 13, 2010. Your Response, if any, to the Forty-Seventh Omnibus Claims Objection should (i) be in
writing, (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for
the Southern District of New York and the Claims Objection Procedures Order, (iii) be filed with the
Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the
Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on
a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-
based word processing format), (iv) be submitted in hard copy form directly to the chambers of the
Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the
Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300
Quarropas Street, Courtroom 118, White Plains, New York 10601-4140, and (e) be served upon (i) DPH
Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the
Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago,
Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Michael W. Perl).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims
objection to which the Response is directed, (ii) the name of the claimant and a brief description of the
basis for the amount of the Administrative Claim, (iii) a concise statement setting forth the reasons why
the Administrative Claim should not be disallowed and expunged, modified, or allowed, as the case may
be, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing
the Forty-Seventh Omnibus Claims Objection, (iv) unless already set forth in the proof of administrative
expense previously filed with the Court, documentation sufficient to establish a prima facie right to
payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected
information in the Response; provided further, however, that you must disclose to the Reorganized
Debtors all information and provide copies of all documents that you believe to be confidential,
proprietary, or otherwise protected and upon which you intend to rely in support of the Administrative
Claim, (v) to the extent that the Administrative Claim is contingent or fully or partially unliquidated, the
amount that you believe would be the allowable amount of such Administrative Claim upon liquidation of
the Administrative Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to
which the Reorganized Debtors must return any reply to the Response, if different from the address(es)
presented in the Administrative Claim.

If you properly and timely file and serve a Response in accordance with the procedures described
above, and the Reorganized Debtors are unable to reach a consensual resolution with you, the hearing on

3

any such Response will automatically be adjourned from the May 20, 2010 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order and the Administrative Claims Procedures Order. With respect to all uncontested objections, the Reorganized Debtors have requested that the Court conduct a final hearing on May 20, 2010 at 10:00 a.m. (prevailing Eastern time).

IF YOUR PROOF OF ADMNISTRATIVE EXPENSE LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED ADMINISTRATIVE CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH ADMINISTRATIVE CLAIM UPON LIQUIDATION OF THE ADMINISTRATIVE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order. IF NO RESPONSES TO THE FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER. Thus, your failure to respond may forever bar you from sustaining an Administrative Claim against the Reorganized Debtors.


Dated: New York, New York
       April 16, 2010

4

CASE No: 05-44481

PRF 28088

SVC 1
PACK No: 3
OMNI 47TH - EXHIBIT A-B

ALLA AVERBUKH
THE KUHLMAN LAW FIRM LLC
1100 MAIN ST STE 2550
KANSAS CITY, MO 64105

# EXHIBIT E

| | | |
|---|---|---|
| VLADIMIR AVERBUKH, Individually and as Personal Representative of the Estate of Boris Averbukh | * | IN THE |
| | * | CIRCUIT COURT |
| And | * | FOR |
| ALESANDER AVERBUKH, Individually | * | PRINCE GEORGE'S COUNTY |
| Plaintiffs | * | |
| v. | * | CASE NO.: CAL09-35924 |
| DELPHI CORPORATION, et al. | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION FOR SPECIAL ADMISSION OF OUT-OF-STATE ATTORNEY UNDER RULE 14 OF THE RULES GOVERNING ADMISSION TO THE BAR OF MARYLAND

I, Gregory G. Hopper, attorney of record in this case, move that the court admit, Brad Kuhlman of The Kuhlman Law Firm, LLC, an out-of-state attorney who is a member in good standing of the Bar of Missouri, for the limited purposes of appearing and participating in this case as co-counsel with me.

I, Gregory G. Hopper, request that my presence be waived under Rule 14 (d) of the Rules Governing Admission of the Bar of Maryland.

Respectfully submitted,

Gregory G. Hopper
Salsbury, Clements, Bekman
Marder & Adkins, LLC
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiffs

## CERTIFICATE AS TO SPECIAL ADMISSIONS

I, Brad Kuhlman, certify on this 26th day of April ,2010, that during the preceding twelve months, I have been specially admitted in the State of Maryland zero times.

Bradley D. Kuhlman
The Kuhlman Law Firm, LLC
1100 Main Street, Suite 2550
Kansas City, MO 64105
(816) 799-0330

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of April, 2010, a copy of the foregoing was mailed, postage prepaid to:

Patricia M. Thornton
Bacon, Thornton & Palmer, LLP
Capital Office Park
6411 Ivy Lane, Suite 500
Greenbelt, Maryland 20770
Attorneys for Defendant Delphi Corporation

Marsha Krawitz Samuels
O'Conor, Grant & Samuels
401 Washington Avenue, Suite 400
Towson, Maryland 21204
Attorneys for Defendant Alla Averbukh

Jonathan Cohen
Troutman Sanders
401 9th Street, N.W., Suite 1000
Washington, DC 20004
Attorneys for Enterprise RAC Company of Maryland LLC

Enterprise Leasing Co.
2 Research Place
Rockville, Maryland 20850
      Serve On Registered Agent:
      The Corporation Trust Inc.
      300 E. Lombard Street, Suite 1400
      Baltimore, MD 21202
      Defendant

Enterprise Rent-A-Car Co.
600 Corporate Park Dr.
St. Louis, MO 63105
      Serve on Registered Agent:
      CT Corporation System
      120 South Central Avenue
      Clayton, MO 63105
      Defendant

The Rockmont Motor Co.
15301 Frederick Road
PO Box 72
Rockville, MD 20850
      Serve On Registered Agent:
      James M. Hastings
      305 Piping Rock Drive
      Silver Spring, MD 20905
      Defendant

Gregory G. Hopper

| | | |
|---|---|---|
| VLADIMIR AVERBUKH, Individually and as Personal Representative of the Estate of Boris Averbukh | * | IN THE |
| | * | CIRCUIT COURT |
| And | * | FOR |
| ALESANDER AVERBUKH, Individually | * | PRINCE GEORGE'S COUNTY |
|     Plaintiffs | * | |
| v. | * | CASE NO.: CAL09-35924 |
| DELPHI CORPORATION, et al. | * | |
|     Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER

ORDERED, this _____ day of _____, 2010, by the Circuit Court for

Prince George's County, Maryland, that Bradley Kuhlman is admitted specially for the limited

purpose of appearing and participating in this case as co-counsel for Vladimir Averbukh,

Individually and as Personal Representative of the Estate of Boris Averbukh and Alesander

Averbukh. The presence of the Maryland lawyer Gregory G. Hopper is waived.

ORDERED, that the Clerk forward a true copy of the Motion and of this Order to the

State Court Administrator.


_____
Judge

| | | |
|---|---|---|
| VLADIMIR AVERBUKH, Individually and as Personal Representative of the Estate of Boris Averbukh | * | IN THE |
| | * | CIRCUIT COURT |
| And | * | FOR |
| ALESANDER AVERBUKH, Individually | * | PRINCE GEORGE'S COUNTY |
| Plaintiffs | * | |
| v. | * | CASE NO.: CAL09-35924 |
| DELPHI CORPORATION, et al. | * | |
| Defendants | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MOTION FOR SPECIAL ADMISSION OF OUT-OF-STATE ATTORNEY UNDER RULE 14 OF THE RULES GOVERNING ADMISSION TO THE BAR OF MARYLAND

I, Gregory G. Hopper, attorney of record in this case, move that the court admit, Chad Lucas of The Kuhlman Law Firm, LLC, an out-of-state attorney who is a member in good standing of the Bar of Missouri, for the limited purposes of appearing and participating in this case as co-counsel with me.

I, Gregory G. Hopper, request that my presence be waived under Rule 14 (d) of the Rules Governing Admission of the Bar of Maryland.

Respectfully submitted,

Gregory G. Hopper
Salsbury, Clements, Bekman
     Marden & Adkins, LLC
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiffs

## CERTIFICATE AS TO SPECIAL ADMISSIONS

I, Chad Lucas, certify on this 26th day of April ,2010, that during the preceding twelve

months, I have been specially admitted in the State of Maryland zero times.

Chad C. Lucas
The Kuhlman Law Firm, LLC
1100 Main Street, Suite 2550
Kansas City, MO 64105
(816) 799-0330

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of April, 2010, a copy of the foregoing was

mailed, postage prepaid to:


Patricia M. Thornton
Bacon, Thornton & Palmer, LLP
Capital Office Park
6411 Ivy Lane, Suite 500
Greenbelt, Maryland 20770
Attorneys for Defendant Delphi Corporation

Marsha Krawitz Samuels
O'Conor, Grant & Samuels
401 Washington Avenue, Suite 400
Towson, Maryland 21204
Attorneys for Defendant Alla Averbukh

Jonathan Cohen
Troutman Sanders
401 9th Street, N.W., Suite 1000
Washington, DC 20004
Attorneys for Enterprise RAC Company of Maryland LLC

Enterprise Leasing Co.
2 Research Place
Rockville, Maryland 20850
     Serve On Registered Agent:
     The Corporation Trust Inc.
     300 E. Lombard Street, Suite 1400
     Baltimore, MD 21202
     Defendant

Enterprise Rent-A-Car Co.
600 Corporate Park Dr.
St. Louis, MO 63105
     Serve on Registered Agent:
     CT Corporation System
     120 South Central Avenue
     Clayton, MO 63105
     Defendant

The Rockmont Motor Co.
15301 Frederick Road
PO Box 72
Rockville, MD 20850
     Serve On Registered Agent:
     James M. Hastings
     305 Piping Rock Drive
     Silver Spring, MD 20905
     Defendant

Gregory G. Hopper

| | | |
|---|---|---|
| VLADIMIR AVERBUKH, Individually and as Personal Representative of the Estate of Boris Averbukh | * | IN THE |
| | * | CIRCUIT COURT |
| And | * | FOR |
| ALESANDER AVERBUKH, Individually | * | PRINCE GEORGE'S COUNTY |
|     Plaintiffs | * | |
| v. | * | CASE NO.: CAL09-35924 |
| DELPHI CORPORATION, et al. | * | |
|     Defendants | * | |

   \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## ORDER

    ORDERED, this _____ day of _____, 2010, by the Circuit Court for

Prince George's County, Maryland, that Chad Lucas is admitted specially for the limited purpose

of appearing and participating in this case as co-counsel for Vladimir Averbukh, Individually and

as Personal Representative of the Estate of Boris Averbukh and Alesander Averbukh.  The

presence of the Maryland lawyer Gregory G. Hopper is waived.

    ORDERED, that the Clerk forward a true copy of the Motion and of this Order to the

State Court Administrator.


                                  _____

                                  Judge

# EXHIBIT F

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
        In re                                         :    Chapter 11
                                                      :
DPH HOLDINGS CORP., et al.,                           :    Case No. 05-44481 (RDD)
                                                      :
                                                      :    (Jointly Administered)
                                                      :
        Reorganized Debtors.                          :
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED.
R. BANKR. P. 3007 (I) DISALLOWING AND EXPUNGING (A) CERTAIN
ADMINISTRATIVE EXPENSE BOOKS AND RECORDS CLAIMS, (B) A CERTAIN
ADMINISTRATIVE EXPENSE DUPLICATE CLAIM, AND (C) CERTAIN
ADMINISTRATIVE EXPENSE DUPLICATE SUBSTANTIAL CONTRIBUTION
CLAIMS, AND (II) MODIFYING A CERTAIN ADMINISTRATIVE EXPENSE CLAIM

PLEASE TAKE NOTICE that on May 25, 2010, the United States Bankruptcy Court for the Southern District of New York entered an Order Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 (I) Disallowing And Expunging (A) Certain Administrative Expense Books And Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modifying A Certain Administrative Expense Claim (the "Forty-Seventh Omnibus Claims Objection Order") (Docket No. 20188).

PLEASE TAKE FURTHER NOTICE THAT a copy of the Forty-Seventh Omnibus Claims Objection Order, excluding exhibits, is attached hereto.

PLEASE TAKE FURTHER NOTICE that the proof of administrative expense claim no[s]. listed below, which you filed against Delphi Corporation (n/k/a DPH Holdings Corp.) and/or other of its subsidiaries and affiliates that are debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), was subject to the Forty-Seventh Omnibus Claims Objection Order, was listed on Exhibit  A  to the Forty-Seventh Omnibus Claims Objection Order, and was accordingly disallowed and expunged, as provided below in the column entitled "Treatment Of Claim."

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|---|---|---|---|---|---|
| 09/10/2009 | 19597 | $1,500,000.00 | Books and Records Claims | Disallow And Expunge | |

---

[1]     Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

2

PLEASE TAKE FURTHER NOTICE that you may view the complete exhibits to

the Forty-Seventh Omnibus Claims Objection Order by requesting a copy from the claims and

noticing agent in the above-captioned chapter 11 cases, Kurtzman Carson Consultants LLC, at

1-888-249-2691 or by accessing www.dphholdingsdocket.com, the Legal Information Website

of DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned

cases (the "Reorganized Debtors").

Dated:    New York, New York
          May 28, 2010

                          SKADDEN, ARPS, SLATE, MEAGHER
                            & FLOM LLP

                           John Wm. Butler, Jr.
                           John K. Lyons
                           Ron E. Meisler
                           155 North Wacker Drive
                           Chicago, Illinois 60606

                                - and -

                           Kayalyn A. Marafioti
                           Four Times Square
                           New York, New York 10036

                           Attorneys for DPH Holdings Corp., et al.,
                              Reorganized Debtors

3



CASE No: 05-44481
PRF 29670***

ALLA AVERBUKH
THE KUHLMAN LAW FIRM LLC
1100 MAIN ST STE 2550
KANSAS CITY, MO 64105

SVC: 1
PACK NO: 23
47TH OMNI

# EXHIBIT G

202362 rough

21  name of it I don't know.

22      Q    Okay.  Is that information that you

                                                        67

1   might be able to find and give to your attorneys?

2       A    I don't even know where to look for it.

3       Q    Okay.

4            MR. MALLAHAN:  After the depo, if you

5       want to write me a letter, I will make every

6       effort to obtain every physician that she went

7       to for treatment.

8            MS. WORLEY:  All right.  We will do it

9       that way, then.

10           MR. MALLAHAN:  I mean, if you want to

11      ask her -- I don't know which one she knows

12      and which ones she doesn't.  I'm just trying

13      to help out.

14           MS. WORLEY:  Okay.

15  BY MS. WORLEY:

16      Q    Do you know where you went for your

17  physical therapy?

18      A    The office is also closed.  But in

19  Pikesville, so...

20      Q    Okay.  Do you remember what the name of

21  your physical therapist was?

22      A    No, I never asked.

                                                        68

1       Q    Okay.  Okay.  This may seem like an odd

2   request, but would you mind if I took a picture of

3   your scar and attach it as an exhibit to the

4   deposition?

5       A    It's okay.

                        Page 45

202362 rough

6      Q      I forgot my digital camera so I'm going
7  to have to do it on my phone.
8            MS. WORLEY:  We can go off the record
9      while I do this.
10            (Discussion held off the record.)
11  BY MS. WORLEY:
12      Q      After a short break, are you ready to
13  continue?
14      A      Yes.
15      Q      After the accident, did you discuss
16  filing a lawsuit with your sons?
17      A      Of course we talked about it.  It's a
18  family.
19      Q      How soon after the accident did you
20  discuss potentially filing a lawsuit with your
21  sons?
22      A      After the accident, after I came home.
                                                    69

1      Q      After you came home from the hospital?
2      A      Yes.
3      Q      Okay.  And do you remember how long
4  after the accident that would have been?
5      A      About a week.
6      Q      Okay.  About how long after that was it
7  that you first contacted an attorney?
8            MS. SAMUELS:  Objection.  You can
9      answer.
10      A      My oldest son took care of it, he found
11  the lawyer.  He just -- the oldest son takes care
12  of me.  And my youngest son.
13      Q      Do you know when it was that your --
14  your oldest son, Vladimir, do you know when it was
                          Page 46

202362 rough

15   that Vladimir contacted an attorney?

16      A      It was very soon after the accident.

17      Q      Within a month?

18      A      Less than that.

19      Q      Okay.  Who was it that your son

20   contacted, if you recall?

21      A      Poberesky.

22      Q      Can you spell that?

                                                70

1               THE INTERPRETER:  I will spell it for

2   you.  P-O-B-E-R-Z-H --

3               MR. HOPPER:  No.  E-V-S-K-Y.

4               THE INTERPRETER:  S-K-Y.

5               MR. HOPPER:  His first name is

6   Alexander.  He's in Pikesville as well.  I

7   don't think he's on Milford Mill, though.

8               THE INTERPRETER:  Yes, yes.

9      Q      Before today, have you ever met with Mr.

10   Kuhlman?

11      A      Yes.

12      Q      When was that?

13              MR. HOPPER:  I think she's confused.  I

14   think she's talking about me.

15              MR. KUHLMAN:  She's confused.  I'm Mr.

16   Kuhlman.

17              THE WITNESS:  Oh, I'm sorry.  Never.

18   Never.

19              THE INTERPRETER:  Never, no.

20              MR. KUHLMAN:  We haven't had the

21   pleasure.

22              THE WITNESS:  I'm so sorry.

                                                71

Page 47

202362 rough

1          MS. WORLEY:  You'll have to go to Kansas
2     City.
3          Q     Before today, have you ever met Mr.
4     Hopper?
5          MR. KUHLMAN:  It's been a long time.
6     A     Yes.  Not too many times.
7          Q     Okay.  Do you remember when the first
8     time was that you met Mr. Hopper?
9     A     I don't remember.
10         Q     Would it have been pretty soon after the
11    accident?
12    A     Yeah, I think so, yes.
13         Q     Do you know when your sons first
14    retained Mr. Kuhlman?
15    A     You know, I don't know such details.  I
16    don't remember.  My son was handling that.
17         Q     Would it have been around the same time
18    that you met Mr. Hopper?
19         MS. SAMUELS:  Objection.  You can
20    answer.
21    A     Perhaps.
22         Q     Okay.  But you don't know for sure.
                                                72

1     A     I cannot remember all the days
2     precisely.
3          Q     Okay.  Do you remember if it would have
4     been in 2007 or 2008?
5     A     2007.
6          MS. SAMUELS:  Objection.  You can
7     answer.
8     A     It was 2007.
                        Page 48

202362 rough

9        MR. KUHLMAN:  Let me put on the record

10       an objection to the form of the question.  I

11       don't know what you're asking, Katheryne, when

12       she met with Mr. Hopper, when she thinks her

13       sons may have met or talked to me.  So I think

14       it's unclear what exactly you are asking and

15       what she was answering.

16       MS. WORLEY:  I agree.

17   Q    Are you saying that your sons retained

18  Mr. Kuhlman in 2007?

19       MR. HOPPER:  Him, not me.

20       MS. SAMUELS:  Objection.  You can

21   answer.

22       MR. MALLAHAN:  If you know.

                                          73

1    A    I don't know whom he hired.  I see this

2  person for the first time in my life.

3    Q    What is your understanding of the

4  allegations being made against you in this lawsuit?

5        MS. SAMUELS:  Objection.  You can answer

6    if you know.

7    A    I think nothing.

8    Q    Okay.  Do you understand that you're a

9  defendant in this lawsuit?

10   A    I'm not a defendant in this case.  I

11  experience a heavy loss.

12   Q    So is it your understanding that you are

13  not a defendant in this lawsuit?

14   A    I think I'm not.  It did not happen on

15  purpose.  I've been driving for 18 years and

16  nothing ever happened.

Page 49

202362 rough

17    Q      Have your sons ever told you that you --

18  that they were bringing this lawsuit against you?

19              THE INTERPRETER:  Against her?

20              MS. WORLEY:  Yes.

21              MR. MALLAHAN:  Objection.

22              THE INTERPRETER:  Can you repeat the
                                                    74

1     question?

2     Q      Have your sons ever told you that they

3   were bringing this lawsuit against you?

4              THE INTERPRETER:  I don't understand the

5     question.  I'm sorry.  The sons were suing

6     her?

7              MS. WORLEY:  Yes.

8     A      Yes, I do understand.

9              THE INTERPRETER:  I'm sorry, I didn't

10    understand.

11    Q      Okay.  So they have told you, your sons

12  have told you?

13    A      Yes.

14    Q      Knowing that, is it still your

15  understanding that you're not a defendant in this

16  lawsuit?

17    A      My son knows it's not my fault.

18              MR. MALLAHAN:  There's no question.

19    A      This is a legal procedure the way I

20  understand.

21    Q      Okay.  I guess I'm still a little

22  confused as to whether or not you believe you are a
                                                    75

1   defendant in this lawsuit.

2              MS. SAMUELS:  Is there a question or --
                    Page 50

202362 rough

8     A     No.  He did not lean any way.  He was

9  buckled up with the belt.  He couldn't even if he

10  wanted to.

11     Q     Was he ever reaching forward, messing

12  with the radio while you were talking about

13  possible future grandkids?

14     A     No.  We never use radio when we drive.

15     Q     And did your husband always wear a seat

16  belt ever since he became a full-time taxi driver?

17     A     Always.  My husband was driving since

18  age of 15.

19           MR. KUHLMAN:  Mrs. Averbukh, I have no

20     further questions.  Thank you.

21           MS. WORLEY:  I have one follow-up.

22                                                84

1           FURTHER EXAMINATION

2  BY MS. WORLEY:

3     Q     I'm sorry, I forgot to ask you this

4  earlier.  Do you know whether or not you have ever

5  retained Mr. Kuhlman to represent you?

6           THE INTERPRETER:  I'm sorry?

7     Q     Do you know whether or not you have ever

8  retained Mr. Kuhlman to represent you as her

9  lawyer?

10           MR. KUHLMAN:  Me again.

11     A     I don't know.  I've never seen this

12  person before.  I know this person.

13           MR. MALLAHAN:  Let the record reflect --

14     Q     Okay.  You know Mr. Hopper.

15           MR. MALLAHAN:  I'm Kip Mallahan.

Page 57

202362 rough

16          MS. WORLEY:  Okay.  That's all.

17          THE WITNESS:  Thank you very much.

18          MR. KUHLMAN:  While we're still on the

19     record -- Jodi, do you have any other

20     questions?

21          MS. OLEY:  I do not.

22          MR. KUHLMAN:  Marsha.
                                           85

1          MS. SAMUELS:  No, I have no questions.

2          MR. KUHLMAN:  Kip.

3          MR. MALLAHAN:  I have none.

4          MR. KUHLMAN:  Okay.  Two things I want

5     to put on the record, and this is not for Mrs.

6     Averbukh.  One was the -- Jodi, where are we

7     on the extension of the deadlines?

8          MS. OLEY:  Well, the only deadline that

9     I thought we were extending was the one for

10     the expert designation.  Is that correct?

11          MR. KUHLMAN:  Right.  Correct.  And

12     where are we on that?

13          MS. OLEY:  As far as I know, I thought

14     we were only doing it informally.  But if you

15     want, we'll just file a motion with the court.

16          MR. KUHLMAN:  Just a stipulation.

17          MS. OLEY:  Okay.

18          MR. KUHLMAN:  And then the second thing

19     related to that was, I've sent everybody a

20     couple of e-mails about the EDR download, and

21     we kind of, before we get to the experts, need

22     to know what everybody's position on that is.
                                           86

1          MS. OLEY:  Well, my position is --
                    Page 58