# EXHIBIT T

# EXHIBIT T

IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KEITH SMITH | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. SA-09ca0296 |
| | § | |
| v. | § | |
| | § | |
| GENERAL MOTORS CORPORATION, | § | JURY DEMANDED |
| AND DELPHI AUTOMOTIVE SYSTEMS | § | |
| LLC | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT'S MOTION TO DISMISS

Defendant DPH-DAS LLC ("DPH"), files this Motion to Dismiss because Plaintiff failed to file an administrative claim in the Bankruptcy Court.

1. On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its domestic affiliates (including without limitation, Delphi Automotive Systems LLC ("DAS LLC") and collectively referred to herein as the "Debtors,") filed petitions for reorganization relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2. On December 10, 2007, in the chapter 11 cases In re Delphi Corporation, et al., Case No. 05-44481 (RDD) (Bankr. S.D.N.Y.) (n/k/a In re DPH Holdings Corp., et al.), the Debtors filed their first amended joint plan of reorganization (Docket No. 11386)[1] (the "Plan") and related disclosure statement (the "Disclosure Statement") (Docket No. 11388) and on January 25, 2008, the Bankruptcy Court entered an order (Docket No. 12359) (the "Confirmation Order") confirming the Plan, as modified (the "Confirmed Plan"). The Confirmation Order became final on February 4, 2008.

3.     On June 16, 2009, in the chapter 11 cases <u>In re Delphi Corporation</u>, et al., Case No. 05-44481 (RDD) (Bankr. S.D.N.Y.) (n/k/a <u>In re DPH Holdings Corp.</u>, et al.), the Debtors filed the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (Docket No. 17030) (the "Modified Plan"). The Modified Plan made certain modifications to the terms of the Confirmed Plan. To comply with the requirements of 11 U.S.C. §§ 1125 and 1127, on the same date, the Debtors filed a supplement to the Disclosure Statement (the "Supplement").

4.     In connection with the Debtors' Modified Plan and the Supplement, the Debtors sought an order from the Bankruptcy Court, among other things, approving the Supplement as containing adequate information, as defined under 11 U.S.C. § 1125, authorizing the solicitation of votes on the Modified Plan, and establishing a bar date for the submission of claims asserting administrative expense priority under 11 U.S.C. § 503(b). In connection therewith, and after notice and a hearing, on June 16, 2009, the Bankruptcy Court entered that certain Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order"). Pursuant to paragraphs 38 and 41 of the Modification Procedures Order:

> any party that wishes to assert an administrative claim under 11 U.S.C. § 503(b) for the period from the commencement of these cases through June 1, 2009 shall file a proof of administrative expense (each, an "Administrative Expense Claim Form") for the purpose of asserting an administrative expense request, including any substantial contribution claims (each, an "Administrative Expense Claim" or "Claim") against any of the Debtors. July 15, 2009 at 5:00 p.m. prevailing Eastern time shall be the deadline for submitting all Administrative Expense Claims (the

---

[1] All references herein to the Bankruptcy Court Docket can be found at www.dphholdingsdocket.com

ND: 4841-6259-0727, v. 1

> "[Initial] Administrative Expense Bar Date") for the period from the commencement of these cases through June 1, 2009.

Modification Procedures Order ¶38.

> any party that is required but fails to file a timely Administrative Expense Claim Form shall be forever barred, estopped and enjoined from asserting such claim against the Debtors, and the Debtors and their property shall be forever discharged from any and all indebtedness, liability, or obligation with respect to such claim.

Modification Procedures Order ¶41.

5. As provided in paragraph 42 of the Modification Procedures Order, notice of the Initial Administrative Expense Bar Date was published in the Detroit Free Press, the New York Times (national edition), the Wall Street Journal (national, European, and Asian editions), and USA Today (worldwide) as required by paragraph 43 of the Modification Procedures Order (see applicable affidavits of publication at Docket Nos. 17407-17411).

6. On July 30, 2009, the Bankruptcy Court entered its Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Modification Approval Order"), which confirmed the Debtors' Modified Plan.

7. On October 6, 2009, the "Effective Date" of the Modified Plan occurred and the Modified Plan was substantially consummated. On that date, the Debtors emerged from chapter 11 as reorganized entities (the "Reorganized Debtors") and many of the corporate entities changed their corporate names.[2]

8. Paragraph 47 of the Modification Approval Order provides in part (emphasis added):

requests for payment of an Administrative [Expense] Claim (other than as set forth in the Modified Plan or otherwise contemplated by the Master Disposition Agreement, i.e., for such claims arising on or after June 1, 2009) must be filed, in substantially the form of the Administrative Claim Request Form attached as Exhibit 10.5 to the Modified Plan, with the Claims Agent and served on counsel for the Debtors and the Creditors' Committee no later than 30 days notice of after the Effective Date is filed on the docket of the Chapter 11 Cases [November 5, 2009].[3] **Any request for payment of an Administrative Claim pursuant to this paragraph that is not timely filed and served shall be disallowed automatically** without the need for any objection from the Debtors or the Reorganized Debtors.

Modification Approval Order ¶ 47 (emphasis added).

9.   In compliance with paragraph 47 of the Modification Approval Order, the notice of Effective Date was filed on October 6, 2009 with the Bankruptcy Court in the chapter 11 cases (Docket No. 18958) (the "Effective Date Notice"). Upon the occurrence of the Effective Date on October 6, 2009, the bar date for filing Administrative Expense Claims for claims arising on or after June 1, 2009 was established as November 5, 2009 (the "Final Administrative Expense Bar Date"). As provided in paragraph 47 of the Modification Approval Order (and quoted above), any administrative claim for which a party has failed to timely file and serve a request for payment is automatically disallowed without the need for any objection from the Debtors or the Reorganized Debtors.

10.  Pursuant to the Modifications Procedures Order, Plaintiff was required to file an Administrative Expense Claim. Plaintiff is asserting personal injury claims that arose after the Debtors' petition date. Assertion of this type of claim falls squarely into the types of claims that were required to be filed by the Initial Administrative Expense Date as set forth in paragraph 38 of the Modification Procedures Order.

---

[2] On the Effective Date, the reorganized company Delphi Automotive Systems LLC filed the relevant documents in the state of Delaware to change its corporate name to DPH-DAS LLC, a copy of which is attached, Exhibit 1.
[3] The Effective Date of the Plan was October 6, 2009, which means Bar Date for Administrative Claims that arose after June 1, 2009 is November 5, 2009.

ND: 4841-6259-0727, v. 1

11.  As noted on the attached affidavit of Dean Unrue (attached as Exhibit 2), Plaintiff failed to file an Administrative Expense Claim by the Initial Administrative Claims Bar Date and thus is barred from asserting any claim that arose prior to June 1, 2009, against any of the Debtors including, without limitation Delphi Automotive Systems LLC, n/k/a DPH-DAS LLC.

12.  As noted on the attached affidavit of Dean Unrue, Plaintiff also failed to timely file an Administrative Expense Claim on or prior to the Final Administrative Expense Bar Date and thus is barred from asserting any claim that arose on or after June 1, 2009 against any of the Debtors, including without limitation Delphi Automotive Systems LLC, n/k/a DPH-DAS LLC.

13.  Because Plaintiff failed to file an Administrative Expense Claim before the applicable bar dates, pursuant to the Bankruptcy Court's order, any administrative expense claim that may have been asserted by Plaintiff shall be disallowed automatically unless Plaintiff has otherwise petitioned the Bankruptcy Court for relief. Accordingly, this action should be dismissed with prejudice.

14.  Moreover, pursuant to the discharge of the Debtors contained in Article 11.2 of the Modified Plan, Plaintiff may only receive a distribution on his claim as provided by the Modified Plan. Specifically, under 11 U.S.C. § 1141(d) and pursuant to the terms of the Modification Approval Order and the Modified Plan, upon the Effective Date, all claims against the Debtors that arose on or prior to the Effective Date were discharged. Specifically, Article 11.2 of the Modified Plan provides that:

> the distributions and rights that are provided in [the Modified] Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims and Causes of Action, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to [the Modified] Plan on account of such Claims, rights, and Interests, including, but not limited to, Claims and Interests that arose before the Effective Date

ND: 4841-6259-0727, v. 1

Modified Plan Art. 11.2.

15.   In addition, upon the effectiveness of the Modified Plan, an injunction was imposed. Specifically, the Modified Plan and the Modification Approval Order contain a permanent injunction against, among other things, the commencement or continuation of any action to recover against any claim against the Debtors that arose on or prior to October 6, 2009. Article 11.14 of the Modified Plan provides that (emphasis added):

> the satisfaction, release, and discharge pursuant to [Article XI of the Modified Plan] **shall act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect, offset, or recover any Claim, Interest, or Cause of Action satisfied, released, or discharged under [the Modified] Plan to the fullest extent authorized or provided by the Bankruptcy Code** . . .

Modified Plan Art. 11.14 (emphasis added).  Similarly, paragraph 22 of the Modification Approval Order provides that:

> the Debtors and all Persons shall be precluded and permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any Claim, action, employment of process, or other proceeding of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (b) the enforcement, attachment, collection, offset, recoupment, or recovery by any manner or means of any judgment, award, decree, order, or otherwise with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (c) creating, perfecting, or enforcing any encumbrance of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, and (d) asserting any Claims, Interests, or Causes of Action that are satisfied, discharged, released, or subject to exculpation hereby or by the Modified Plan.

Modification Approval Order ¶ 22.  Accordingly, the permanent injunction in the Modified Plan and Modification Approval Order prohibits the commencement or continuation of any action to recover any claim against the Debtors that arose on or prior

ND: 4841-6259-0727, v. 1

to October 6, 2009, absent relief from the Bankruptcy Court. Accordingly, this action should be dismissed.

Respectfully submitted,

WEINSTEIN TIPPETTS & LITTLE LLP

By: /s/ David B. Weinstein
David B. Weinstein
Federal Bar No. 4329
Katheryne R. MarDock
Federal Bar No. 930998
7660 Woodway, Suite 500
Houston, Texas 77063
Ph. (713) 244-0800
Fx. (713) 244-0801

**ATTORNEYS FOR DEFENDANT
DPH-DAS LLC (f/k/a Delphi Automotive
Systems LLC)**

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2010, a copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure on the following counsel of record:

Edward R. Lytle
5511 IH10 West, Suite 2
San Antonio, Texas 78201

Stephen E. Van Gaasbeck
5511 IH-10 West, Suite 2
San Antonio, TX 78201

/s/ David B. Weinstein

# Delaware

PAGE 1

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF AMENDMENT OF "DELPHI AUTOMOTIVE SYSTEMS LLC", CHANGING ITS NAME FROM "DELPHI AUTOMOTIVE SYSTEMS LLC" TO "DPH-DAS LLC", FILED IN THIS OFFICE ON THE SIXTH DAY OF OCTOBER, A.D. 2009, AT 12:38 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF THE AFORESAID CERTIFICATE OF AMENDMENT IS THE SIXTH DAY OF OCTOBER, A.D. 2009, AT 11:59 O'CLOCK P.M.

2944910    8100

090905892

You may verify this certificate online
at corp.delaware.gov/authver.shtml

Jeffrey W. Bullock, Secretary of State

AUTHENTICATION: 7567964

DATE: 10-06-09

EXHIBIT
1

10/06/2009   12:32   SKADDEN LLC → 913027393673                                N0.863   002

```
State of Delaware
Secretary of State
Division of Corporations
Delivered 12:38 PM 10/06/2009
FILED 12:38 PM 10/06/2009
SRV 090905892 - 2944910 FILE
```

## CERTIFICATE OF AMENDMENT

## TO

## CERTIFICATE OF FORMATION

## OF

## DELPHI AUTOMOTIVE SYSTEMS LLC

Pursuant to Section 18-202 of the
Delaware Limited Liability Company Act

1. The name of the limited liability company is Delphi Automotive Systems LLC (the "Company").

2. The Certificate of Formation of the Company is hereby amended to change the name of the Company to DPH-DAS LLC.

3. Accordingly, Article 1, of the Certificate of Formation shall, as amended, read as follows:

"1. The name of the limited liability company is DPH-DAS LLC."

4. This Certificate of Amendment shall become effective at 11:59 PM on October 6, 2009.

IN WITNESS WHEREOF, the undersigned authorized person has executed this Certificate of Amendment this 6 day of October, 2009.

Delphi Automotive Systems LLC

By: /s/ David Sherbin
Name: David Sherbin
Title: Authorized Person

IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KEITH SMITH § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. SA-09ca0296 |
| § | |
| v. § | |
| § | |
| GENERAL MOTORS CORPORATION, § | JURY DEMANDED |
| AND DELPHI AUTOMOTIVE SYSTEMS § | |
| LLC § | |
| § | |
| Defendants. § | |

### Affidavit of Dean Unrue

STATE OF MICHIGAN §
§
COUNTY OF OAKLAND §

BEFORE ME, the undersigned authority, on this day personally appeared Dean R. Unrue who, on his oath, did depose and state as follows:

1. My name is Dean R. Unrue, I am over eighteen (18) years of age, of sound mind, have never been convicted of a felony or crime involving moral turpitude, and am fully competent to make this Affidavit. I have personal knowledge of the facts stated in this Affidavit, and they are true and correct.

2. I have been employed as Claims Administrator and A/R global Process Leader for Delphi Automotive Systems, LLC since 10/6/09. Prior to that, I served in the same position for DPH-DAS LLC (formerly known as Delphi Automotive Systems LLC).

3. Among the duties in my position, I am familiar with the bankruptcy records of DPH-DAS LLC, indicating which persons and/or entities filed administrative claims against DPH-DAS LLC. I have reviewed such records in connection with giving this Affidavit.

4. Based on my review of the relevant records, Plaintiff failed to file an Administrative Expense Claim by the Initial Administrative Claims Bar Date of June 1, 2009. Further, Plaintiff failed to file an Administrative Expense Claim on or prior to the Final Administrative Expense Bar Date of November 5, 2009.

EXHIBIT 2

Further affiant sayeth naught.

_Dean R. Unrue_
Dean R. Unrue
Claims Administrator and Global
A/R Process Leader

SWORN AND SUBSCRIBED TO before me the undersigned authority on this 27th day of October, 2010, to certify which witness my hand and seal of office.

_Barbara Burnsteel_
Notary Public in
Oakland County, Michigan

My commission expires: Dec 15, 2010

BARBARA BURNSTEEL
NOTARY PUBLIC, STATE OF MI
COUNTY OF OAKLAND
MY COMMISSION EXPIRES Dec 15, 2010
ACTING IN COUNTY OF Oakland

ND: 4843-5107-7639, v. 1