# EXHIBIT U

EXHIBIT U

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

KEITH SMITH

vs.  Case No.: SA-09-CV-0296-OG

GENERAL MOTORS CORPORATION
AND DELPHI AUTOMOTIVE SYSTEMS LLC.

### PLAINTIFF'S RESPONSE TO DEFENDANT DELPHI AUTOMOTIVE SYSTEMS LLC'S MOTION TO DISMISS

The Plaintiff, Keith Smith, files this response to the Motion to Dismiss filed by Delphi Automotive Systems LLC. (herein "Delphi"). The Plaintiff responds by stating that the motion should be denied on its merits and also for failure to provide factual information as required by local rule CV–7(b).

### Objections

**Violation of Local Rules:**

The Plaintiff objects to Delphi's motion to dismiss for failure to comply with local rule CV–7(b), which specifically requires that "when allegations of fact not appearing in the record are relied upon in support of a motion, a summary of the facts relied upon with supporting affidavits and other pertinent documents then available shall be filed in an appendix, served and filed with the motion."

Delphi makes numerous unsupported references to documents, orders, plans and other facts related to its former bankruptcy proceeding in reliance upon these unsupported factual allegations to request the Court to dismiss the Plaintiff's claims. The only factual support provided for its Motion to Dismiss is an affidavit by a Delphi employee which states that an Administrative Expense Claim had not been filed by

Keith Smith in the bankruptcy proceeding. However, as will be demonstrated, that is an immaterial fact.

**Delphi's Misrepresentation of Facts:**

The Plaintiff's reliance upon Local Rule CV–7(b) is justified due to Delphi's record of misrepresenting significant and material facts in this litigation.

On June 25, 2010, Delphi's counsel informed Mr. Smith's counsel that the Plaintiff's case should be dismissed because it was based upon a claim which arose prior to Delphi's filing of bankruptcy, which took place on October 8, 2005. However, this was incorrect. The Plaintiff's accident was not a "pre-petition" claim. The Plaintiff's accident did not occur until March 20, 2007, more than a year and five months after Delphi filed for bankruptcy. Plaintiff's counsel informed Delphi of this error. (See Exhibit 1, Affidavit of Edward R. Lytle).

Having been informed of this factual error, Delphi sent another letter renewing its demand for the Plaintiff to dismiss his case, this time based upon a claim that Mr. Smith had received notice of a requirement that he file an administrative claim, specifically representing that "direct notice of the administrative claim bar dates was sent to your client, who then failed to take appropriate action." (See Exhibit 1). This representation is also false. Mr. Smith received no such notice from Delphi or anybody representing Delphi, even though Delphi and its counsel had knowledge of his claim since at least March 17, 2009. (See Exhibit 2, affidavit of Keith Smith).

Additionally, Paragraph 2 of the affidavit filed by Delphi seems to be internally inconsistent in discussing the affiant's purported employment background.

## Denial on the Merits

The motion to dismiss for failure to file an Administrative Claim in bankruptcy court should be denied on the merits.

### Plaintiff Not a Party:

Mr. Smith was not a party to the bankruptcy proceeding. As noted above his claim did not accrue until his paralyzing accident occurred on March 20, 2007. He could not have filed a claim and could not have been a party to the bankruptcy prior to that. Additionally, the automatic stay of proceedings clearly apply only to lawsuits which had been or could have been filed before the bankruptcy petition. Bankruptcy Code, Title 11, § 362, regarding the Automatic Stay describes the legal actions which are subject to the Stay as follows:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

### No Notice:

Further, while Mr. Smith was not an original party to the bankruptcy proceeding, once Delphi had notice of his claim, it never took any action to bring him into the bankruptcy proceeding, nor provided him with any notice of any actions which are required to be taken by him. (See Exhibit 2).

Lack of notice is significant to Delphi's claim that this lawsuit should be dismissed, as evidenced by its original misrepresentation that Mr. Smith had been given notice of the requirements of the alleged Modified Plan referenced in Delphi's motion. It is even more significant that it now entirely neglects the issue of direct notice in its

motion and in its supporting affidavit. This means that Delphi is now aware that it failed to provide the notice that it once claimed was a reason that Mr. Smith should dismiss his claim.

Delphi's newest claim to having given notice now rests solely on the unsupported factual claim that the bar date was "published in the Detroit Free Press, the New York Times (national edition), the Wall Street Journal (national, European, and Asian editions), and USA Today (worldwide)."

Notice is a fundament aspect of the Constitutional requirement of Due Process. "Many controversies have raged about the cryptic and abstract words of the Due Process Clause, but there can be no doubt that, at a minimum, they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), 70 S.Ct. 652, 94 L.Ed. 865.

*Mullane* recognized "Notice by publication" as being inherently inadequate to accomplish the requirements of Due Process.

> "It would be idle to pretend that publication alone, as prescribed here, is a reliable means of acquainting interested parties of the fact that their rights are before the courts. It is not an accident that the greater number of cases reaching this Court on the question of adequacy of notice have been concerned with actions founded on process constructively served through local newspapers. Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and, if he makes his home outside the area of the newspaper's normal circulation, the odds that the information will never reach him are large indeed. The chance of actual notice is further reduced when, as here, the notice required does not even name those whose attention it is supposed to attract, and does not inform acquaintances who might call it to attention. In weighing its sufficiency on the basis of equivalence with actual notice, we are unable to regard this as more than a feint."

*Mullane*.

However, *Mullane* recognized that in <u>limited circumstances</u> notice might be proper to <u>unknown or future</u> claimants, by publication.  However, it also warned notice by publication does NOT meet the fundamental requirements of due process when the claimant is <u>known</u>.

> "As to known present beneficiaries of known place of residence, however, notice by publication stands on a different footing. Exceptions in the name of necessity do not sweep away the rule that, within the limits of practicability, notice must be such as is reasonably calculated to reach interested parties. Where the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency."

Delphi and its attorneys had known the name and address of Mr. Smith and the nature of his claim on March 17, 2009, which according to Delphi's motion, is several months before the decision regarding a bar date for administrative claims was made. Thus, Delphi's claim to the right to dismissal based upon notice by publication is erroneous.

**<u>Not An Administrative Claim:</u>**

Even if Delphi's motion was not infirm due to its failure to support its allegations with acceptable proof, and even if the Plaintiff had received a notice of a requirement to file "Administrative Claims" by a certain date, his claim is not an administrative claim. Mr. Smith's claim is a product liability claim for damages related to the failure of Delphi's airbag sensor system in any GM vehicle, which resulted in his permanent paralysis.

Delphi's Motion to Dismiss references a December 10, 2007, First Amended Joint Plan of Reorganization which was confirmed on January 25, 2008, by order of the Bankruptcy Court which became final on February 4, 2008.

The First Amended Joint Plan of Reorganization referred to by Delphi defines administrative claims on page 4 as follows:

> 1.2    "Administrative Claim" means a Claim (other than the GM Administrative Claim) for payment of an administrative expense of a kind specified in section 503(b) of the Bankruptcy Code and entitled to priority pursuant to section 507(a)(1) of the Bankruptcy Code, including, but not limited to, the DIP Facility Revolver Claim, the DIP Facility First Priority Term Claim, the DIP Facility Second Priority Term Claim, the actual, necessary costs and expenses, incurred on or after the Petition Date, of preserving the Estates and operating the business of the Debtors, including wages, salaries, or commissions for services rendered after the Petition Date, Professional Claims, all fees and charges assessed against the Estates under chapter 123 of title 28, United States Code, and all Allowed Claims that are to be treated as Administrative Claims pursuant to a Final Order of the Bankruptcy Court under section 546(c)(2)(A) of the Bankruptcy Code. (See Exhibit 1).

The Plan references §503 (b) Of the Bankruptcy Code to describe the types of expenses which are included in the term "Administrative Claim." Reference to section 503(b) reveals that personal injury claimants are not included in the definition of who will be paid administrative claims. Delphi's counsel may have an administrative claim for defending personal injury lawsuits during a period which occurred after the bankruptcy petition was filed, but the personal injury claimants themselves do not.

It should also be noted that inclusion under section 503 in the Delphi bankruptcy plan is not enough to qualify a demand as an "Administrative Claim." The claimant must also be "entitled to priority pursuant to section 507(a)(1) of the bankruptcy code. Section 507(a)(1) certainly does not include personal injury claims in the description of claims "entitled to priority."

## CONCLUSION

In conclusion, Delphi's Motion to Dismiss should be denied because it fails to

provide supporting facts for its allegations; is meritless because the Plaintiff was not a party to the bankruptcy proceeding; the Plaintiff did not receive notice of any purported requirement that he file a claim; and, his claim is not an "Administrative Claim" subject to any purported "bar date."

DATED:   November 15, 2010

        Respectfully Submitted,

        EDWARD R. LYTLE
        Attorney at Law
        SBN: 12746300
        5511 IH-10 West, Suite 2
        San Antonio, Texas 78201
        (210) 924-9294
        (210) 921-1973 Facsimile

        LAW OFFICE OF STEPHEN E. VAN GAASBECK
        5511 IH-10 West, Suite 2
        San Antonio, Texas 78201
        (210) 924-9294
        (210) 921-1973 Facsimile

BY: _____
        STEPHEN E. VAN GAASBECK
        State Bar No. 20445400

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2010, a true and correct copy of the above and foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure, on the following counsel of record:

David B. Weinstein
Katheryn R. MarDock
WEINSTEIN TIPPETTS & LITTLE LLP
7660 Woodway, Suite 500
Houston, Texas 77063
Fax No. (713) 244-0801
*Attorney for Defendant Delphi Automotive Systems, LLC*

*/s/ E Van Gaasbeck*

_____
STEPHEN E. VAN GAASBECK