# EXHIBIT X

# EXHIBIT X

**Hearing Date and Time: September 22, 2011 at 10:00 a.m. (EDT)**

CIARDI CIARDI & ASTIN
Rick A. Steinberg, Esq. (RS-7396)
100 Church Street, 8th Floor
New York, New York 10007
Tel: (646) 485-0605
Fax: (646) 688-4385
rsteinberg@ciardilaw.com

-and-

Daniel K. Astin (No. 4068)
Joseph J. McMahon, Jr. (No. 4819)
919 N. Market Street, Suite 700
Wilmington, Delaware 19801
Tel:  (302) 658-1100
Fax:  (302) 658-1300
jmcmahon@ciardilaw.com

*Attorneys for Vladimir Averbukh (Individually and as Personal Representative for the Estate of Boris Averbukh) and Alesander Averbukh*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., *et al.*, | : | Case No. 05-44481 (RDD) |
| | : | Jointly Administered |
| Reorganized Debtors. | : | |
| | : | |

**RESPONSE OF VLADIMIR AVERBUKH AND ALESANDER AVERBUKH TO THE REORGANIZED DEBTORS' MOTION FOR ORDER ENFORCING MODIFICATION PROCEDURES ORDER, MODIFIED PLAN AND PLAN MODIFICATION ORDER INJUNCTION, ETC. AND CROSS-MOTION FOR RELIEF FROM THE "PERTINENT ORDERS"**

        Vladimir Averbukh ("Vladimir") and Alesander Averbukh ("Alesander") (collectively,

the "Averbukhs" or the "Cross-Movants") hereby respond to the Reorganized Debtors' Motion

for Order (I) Enforcing Modification Procedures Order, Modified Plan and Plan Modification

Order Injunction and Forty-Seventh Omnibus Claims Objection Order Against Averbukhs, as

Plaintiffs, in Maryland State Court Wrongful Death Action and (II) Directing Averbukhs to Dismiss Action to Recover Upon Discharged and Expunged Claim (the "Averbukh Injunction Motion"); and, in the alternative, hereby cross-move (the "Cross-Motion") for an order granting the Cross-Movants relief from the "Pertinent Orders" (defined below), and in support of this Cross-Motion respectfully represent as follows:

## BACKGROUND

1.      On October 8 and 14, 2005, DPH Holdings Corp., *et al.* (the "Debtors" or "Reorganized Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.      On November 9, 2009, Vladimir (individually and as personal representative of the estate of Boris Averbukh ("Boris"), his father) and Alesander (Vladimir's brother) Averbukh filed a Complaint and Election for Jury Trial (the "Complaint") in the Circuit Court for Prince George's County, State of Maryland (the "State Court Action") against Delphi Corporation, Delphi Automotive Systems LLC (collectively, the "Delphi Defendants"), and other entities alleging liability for the wrongful death of Boris.  To summarize, the claims asserted in the Complaint stem from an automobile accident which occurred subsequent to the Debtors' bankruptcy filings.  On or about April 7, 2007, Alla Averbukh was driving a rented vehicle in which Boris was a front-seat passenger.  Upon exiting Interstate 95 onto westbound Route 212, the vehicle left the off-ramp and struck a tree.  Although the front driver's side air bag deployed for Alla, the front passenger side airbag did not deploy for Boris.  A copy of the Complaint is attached as Exhibit "A."

3.      On June 16, 2009, this Court entered an Order (A)(1) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and

Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed

Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and

Alternate Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order").

4.      The Modification Procedures Order set July 15, 2009 as the deadline for all

creditors holding administrative expense claims for the period from the commencement of the

chapter 11 cases in October, 2005 through June 1, 2009 to file a claim.

5.      As conceded by the Debtors in the Averbukh Injunction Motion, <u>no notice of the</u>

<u>administrative expense claim bar date was mailed to the Averbukhs or to their counsel in the</u>

<u>State Court Action</u>.  Averbukh Injunction Mot. ¶¶ 43-44.

6.      On September 9, 2009, an Administrative Expense Claim Request in the amount

of $1,500,000 was filed in Alla's name for damages pertaining to both injuries and the wrongful

death of Boris (the "Alla Administrative Claim").  On April 16, 2010, the Reorganized Debtors

filed their Forty-Seventh Omnibus Objection Pursuant to 11 U.S.C. § 503(b) And Fed. R. Bankr.

P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books and Records

Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative

Expense Duplicate Substantial Contribution Claims, and (II) Modify Certain Administrative

Expense Claims (Docket No. 19873) (the "Administrative Claim Objection"), through which the

Debtors sought to expunge the Alla Administrative Claim.

7.      On May 25, 2010, this Court entered an Order (the "Alla Claim Expungement

Order") disallowing and expunging the Alla Administrative Claim (Docket No. 20188).

8.      On August 30, 2011, the Debtors filed the Averbukh Injunction Motion.  Through

the Averbukh Injunction Motion, the Debtors sought to, *inter alia*, enjoin the Averbukhs from

prosecuting the State Court Action.  The Debtors argue the Averbukhs should be enjoined from

further prosecution of the State Court Action because "the Averbukhs should be deemed to have joined in the prior administrative expense claim…and be bound to and barred by this Court's Order denying and expunging it." Debtors' Averbukh Injunction Motion, p. 2, ¶ 4.

9.      On September 14, 2011, the Debtors granted an extension to the Averbukhs until September 19, 2011 to file a responsive pleading to the Averbukh Injunction Motion.

10.     On July 30, 2009, this Court entered the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession, as Modified and (II) Confirmation Order (the "Plan Modification Order") (Docket No. 18707).  A copy of the plan modifications were attached to the Plan Modification Order.

11.     The Effective Date of the modified plan occurred on October 6, 2009.

## REQUEST FOR RELIEF

12.     The Averbukhs respectfully move the Court for an Order denying the pending Motion, or in the alternative by Cross-Motion, seek relief from the allegedly applicable Modification Procedures Order, the Claim Expungement Order, the Plan Modification Order and the permanent injunction contained in the modified plan (together, the "Pertinent Orders") to continue the State Court Action against the Delphi Defendants for the reasons set forth in more detail below.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over this Cross-Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This Cross-Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of these cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The predicates for the relief sought herein are section 362(d)(1) of the Bankruptcy Code and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule[s]").

4

## BASIS FOR RELIEF REQUESTED

*Debtors' Motion Must be Denied Because No Notice of the Allegedly Applicable Administrative Claims Bar Date was Provided and Because the Averbukhs' Wrongful Death Claim is Not An Administrative Claim*

14.     The Debtors' pending motion must be denied because:  (1) no notice of the administrative expense claim bar date was provided to the Averbukhs; and (2) even if the Averbukhs had received notice of a requirement to file "administrative claims" by a certain date, their wrongful death claim is not an "administrative claim."

15.     It is undisputed that Delphi never provided any type of written notice to the Averbukhs of the allegedly applicable administrative expense claim bar date.  The Debtors' pending motion contains absolutely no evidence of any efforts whatsoever to identify and notify personal injury and/or wrongful death claimants of the allegedly applicable bar date.

16.     Furthermore, even if proper notice of the administrative claim expense bar date had been provided to the Averbukhs, the relief Debtors currently request would still be improper because the Averbukhs' wrongful death claim is not an administrative claim.

17.     Under Article 1.4 of the modified plan, the term "Administrative Claim" is defined as

> a Claim (other than the GM Administrative Claim) for payment of an administrative expense of a kind specified in section 503(b) of the Bankruptcy Code and entitled to priority pursuant to section 507(a)(1) of the Bankruptcy Code, including, but not limited to, the DIP Facility Revolver Claim, the DIP Facility First Priority Term Claim, the DIP Facility Second Priority Term Claim, the actual, necessary costs and expenses, incurred on or after the Petition Date, of preserving the Estates and operating the business of the Debtors, including wages, salaries, or commissions for services rendered after the Petition Date, Professional Claims, all fees and charges assessed against the Estates under chapter 123 of title 28, United States Code, and all Allowed Claims that are to be treated as Administrative Claims pursuant to a Final Order of the

Bankruptcy Court pursuant to section 546(c)(2)(A) of the
Bankruptcy Code.

18.    The plan references section 503(b) of the Bankruptcy Code to describe the types
of expenses which are included in the term "administrative claim."  Reference to section 503(b)
reveals that personal injury claimants are not included in the definition of who will be paid
administrative claims.

19.    In addition, inclusion under section 503 in the Delphi bankruptcy plan is not
enough to qualify a demand as an "administrative claim."  The claimant must also be "entitled to
priority pursuant to section 507(a)(1) of the Bankruptcy Code."  Section 507(a)(1) certainly does
not include personal injury or wrongful death claims in the description of claims "entitled to
priority."

20.    The United States District Court for the Western District of Texas faced the same
question (whether a post-petition personal injury claim against Delphi was an administrative
claim) and the Court specifically held that "plaintiff's products liability cause of action is not an
"administrative claim" as defined by the bankruptcy court's order – it is neither a claim for
payment of an administrative expense under § 503(b) of the Bankruptcy Code nor a claim
entitled to priority pursuant to § 507(a)(1) of the Code."  Exhibit "B" (Order from Smith v.
Delphi Automotive Systems, LLC, et al., Cause No. SA-09-CA-296-OG).

21.    Because the Averbukhs' wrongful death claim is not an administrative claim, it is
not subject to any bar date and the the Averbukhs are entitled to move forward with their claims
against the Delphi Defendants and/or their successors in interest in Maryland state court.

*Alternatively, the Averbukhs Are Entitled to Relief from the Pertinent Orders to Pursue Their Wrongful Death Claim Against the Delphi Defendants*

22.     Federal Rule of Bankruptcy Procedure 9024 provides that, with certain exceptions not applicable here, Federal Rule of Civil Procedure (the "Civil Rule[s]") 60 applies in cases under the Bankruptcy Code.

23.     Civil Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) . . . applying [the judgment] prospectively is no longer equitable; or (6) any other reason that justifies relief."

24.     This Court and other courts have applied the flexible standard enunciated in *Rufo v. Inmates of the Suffolk County Jail*, 502 U.S. 367, 383 (1992), in evaluating requests for relief under Civil Rule 60(b)(5).   Under the *Rufo* standard, the moving party "must show that a significant change in circumstances, either factual or legal," warrants the relief requested. *See In re Petition of the Bd. of Directors of Hopewell Int'l Ins., Ltd.*, 281 B.R. 200, 206-08 (Bankr. S.D.N.Y. 2002) (Gropper, J.) (noting that *Rufo* standard has been applied to requests for relief from plan discharge injunction).

25.     Courts evaluating requests under Civil Rule 60(b)(6) have generally applied an "exceptional circumstances" test in determining whether to grant relief.   *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863-64 (1988).

26.     Under Civil Rule 60(c)(1), a motion brought under Rule 60(b) must be made within "a reasonable time."   Given that personal injury counsel to the Averbukhs engaged bankruptcy counsel upon the filing of the Averbukh Injunction Motion, the Averbukhs respectfully submit that the filing of their objection to the Averbukh Injunction Motion and the Cross-Motion was timely.

27.     This Court should grant the Averbukhs relief from the Pertinent Orders for the reasons stated above – specifically, (1) no notice of the administrative expense claim bar date was provided to the Averbukhs; and (2) even if the Averbukhs had received notice of a requirement to file "administrative claims" by a certain date, their wrongful death claim is not an "administrative claim."

WHEREFORE, the Cross-Movants respectfully request relief from the permanent injunction and/or the automatic stay to proceed with the State Court Action against the Delphi Defendants and/or their successor(s) in interest to be compensated for their damages.

Dated: New York, New York
        September 19, 2011

CIARDI CIARDI & ASTIN

By:      /s/ Rick A. Steinberg
         Rick A. Steinberg, Esq. (RS-7396)
         100 Church Street, 8th Floor
         New York, New York 10007
         Tel: (646) 485-0605
         Fax: (646) 688-4385
         rsteinberg@ciardilaw.com

         -and-

         Daniel K. Astin (No. 4068)
         Joseph J. McMahon, Jr. (No. 4819)
         919 N. Market Street, Suite 700
         Wilmington, Delaware 19801
         Tel:  (302) 658-1100
         Fax:  (302) 658-1300
         jmcmahon@ciardilaw.com

         *Counsel to Vladimir Averbukh (Individually and as
         Personal Representative for the Estate of Boris
         Averbukh) and Alesander Averbukh*

# EXHIBIT A

VLADIMIR AVERBUKH, Individually        *        IN THE
and as Personal Representative of the
Estate of Boris Averbukh,              *        CIRCUIT COURT
117 Fennington Circle
Owings Mills, Maryland 21117           *        FOR

And                                    *        PRINCE GEORGE'S COUNTY

ALESANDER AVERBUKH, Individually,      *
6994 Millbrook Park Drive, Apt. 2D
Baltimore, Maryland 21215              *

     Plaintiffs                     *

And                                    *

ALLA AVERBUKH, Individually,           *
3 Russem Court, Apt. 2A
Baltimore, Maryland 21215              *

     Use Plaintiff                  *

v.                                     *

ENTERPRISE RAC COMPANY                 *
OF MARYLAND, LLC
2 Research Place                       *
Rockville, Maryland 20850
                                       *        Case No. _____
     Serve Registered Agent:
     The Corporation Trust Incorporated  *
     300 E. Lombard Street, Suite 1400
     Baltimore, Maryland 21202           *

And                                    *

ENTERPRISE LEASING COMPANY             *
2 Research Place
Rockville, Maryland 20850              *

     Serve Registered Agent:             *
     The Corporation Trust Incorporated
     300 E. Lombard Street               *
     Baltimore, Maryland 21202
                                       *
And

ENTERPRISE RENT-A-CAR COMPANY                    *
600 Corporate Park Drive                         *
St. Louis, Missouri 63105
                                                 *
        Serve Registered Agent:                  *
        CT Corporation System
        120 South Central Avenue                 *
        Clayton, Missouri 63105

And                                              *

DELPHI CORPORATION                               *
5725 Delphi Drive
Troy, Michigan 48098                             *

        Serve Registered Agent:                  *
        The Corporation Company
        30600 Telegraph Road, Suite 2345         *
        Bingham Farms, Michigan 48025
                                                 *
And
                                                 *
DELPHI AUTOMOTIVE SYSTEMS LLC
7525 Delphi Drive                                *
Troy, Michigan 48098
                                                 *
        Serve Registered Agent:
        The Corporation Trust Incorporated       *
        300 E. Lombard Street
        Baltimore, Maryland 21202                *

And                                              *

THE ROCKMONT MOTOR COMPANY,                      *
15301 Frederick Road
P.O. Box 72                                      *
Rockville, Maryland 20850
                                                 *
        Serve Registered Agent:
        James M. Hastings                        *
        305 Piping Rock Drive
        Silver Springs, Maryland 20905           *

And                                              *

01/14/2010  00:32    4103321178              CT CORP                      PAGE  06/27

# FILED

NOV  9  2009

CLERK OF THE CIRCUIT COURT
FOR PRINCE GEORGES COUNTY, MD.

CA109-
35924

ALLA AVERBUKH                              *
3 Russern Court, Apt. 2A
Baltimore, Maryland 21215                  *

Defendants                                 *

    *      *      *      *      *      *      *      *      *

## COMPLAINT AND ELECTION FOR JURY TRIAL

Plaintiffs, Vladimir Averbukh, in his individual capacity and as Personal Representative
of the Estate of Boris Averbukh, and Alesander Averbukh, in his individual capacity, by and
through their attorneys Paul D. Bekman and Gregory G. Hopper of Salsbury, Clements, Bekman,
Marder & Adkins, L.L.C., and with notice to the Use Plaintiff, Alla Averbukh, hereby file suit
against Defendants, Enterprise RAC of Maryland, LLC, Enterprise Leasing Company, Enterprise
Rent-A-Car Company, Delphi Corporation, Delphi Automotive Systems LLC, The Rockmont
Motor Company,  and Alla Averbukh, and, in support thereof, state as follows:

### Allegations Common to All Counts

1.      Plaintiff, Vladimir Averbukh, is a citizen of the State of Maryland and resides in
Baltimore County, Maryland. As Boris Averbukh's son, Vladamir Averbukh is a proper person
to bring a wrongful death claim pursuant to § 3-902 of the Courts and Judicial Proceedings
Article of the Annotated Code of Maryland. Additionally, Vladimir Averbukh has been named
the Personal Representative of the Estate of Boris Averbukh and is the proper person to bring a
survival claim on behalf of the Estate.

2.      Plaintiff, Alesander Averbukh, is a citizen of the State of Maryland and resides in
Baltimore County, Maryland. As Boris Averbukh's son, Alesander Averbukh is also a proper

01/14/2010  08:32    4103321178                 CT CORP                        PAGE  07/27

person to bring a wrongful death claim pursuant to § 3-902 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland.

3.    Use Plaintiff and Defendant, Alla Averbukh, is a citizen of the State of Maryland and resides in Baltimore County, Maryland. As Boris Averbukh's wife at the time of the occurrence, Alla Averbukh is a potential wrongful death beneficiary pursuant to § 3-902 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland and must be named as a Use Plaintiff under the Maryland Rules.

4.    Defendant, Enterprise RAC of Maryland, LLC ("Enterprise RAC"), is a Delaware LLC with its principal place of business in Montgomery County, Maryland.

5.    Defendant, Enterprise Leasing Company ("Enterprise Leasing"), is a Maryland corporation with its principal place of business in Montgomery County, Maryland.

6.    Defendant, Enterprise Rent-A-Car Company ("Enterprise Rent-A-Car"), is a Missouri corporation with its principal place of business in Missouri.

7.    Defendants, Enterprise RAC, Enterprise Leasing, and Enterprise Rent-A-Car, are referred to collectively herein as "the Enterprise Defendants."

8.    Defendant, Delphi Corporation, is a Delaware corporation with its principal place of business in Michigan.

9.    Defendant, Delphi Automotive Systems LLC, is a Delaware limited liability company with its principal place of business in Michigan.

10.    Defendants, Delphi Corporation and Delphi Automotive Systems LLC, are referred to collectively herein as "the Delphi Defendants."

11.    Defendant, The Rockmont Motor Company, is a Maryland corporation with its principal place of business in Montgomery County, Maryland.

12.    Jurisdiction rests with the Circuit Court because the amount in controversy exceeds $30,000 and venue is proper in Prince George's County, Maryland because this is where the accident occurred and one or more of the defendants regularly conduct business in Prince George's County.

13.    On or about April 7, 2007, Use Plaintiff and Defendant, Alla Averbukh, was driving a 2006 Chevrolet Cobalt (VIN # 1G1AK55F467619606, hereinafter the "Cobalt") she and/or Boris Averbukh had rented from the Enterprise Defendants southbound on I-95 in Prince George's County, Maryland.

14.    The Cobalt left the roadway while on the exit ramp from southbound I-95 to westbound Route 212 and struck a tree.

15.    Boris Averbukh was wearing his available shoulder and lap seat belt at the time the Cobalt collided with the tree. The front driver's air bag of the Cobalt deployed in the collision with the tree, but the front passenger air bag of the Cobalt did not deploy, leaving Boris Averbukh without the protection of a frontal air bag.

16.    As a direct and proximate result of the failure of the front passenger air bag of the Cobalt to deploy, Boris Averbukh suffered severe injuries beyond those he would have sustained had the air bag deployed and died despite properly wearing his available lap and shoulder seat belt.

17.    As a direct and proximate result of the acts and/or omissions of the defendants described herein and the failure of the front passenger air bag of the Cobalt to deploy, Boris Averbukh suffered severe and fatal injuries for which he required and received medical treatment prior to his death.

01/14/2010  08:32    4103321178            CT CORP                    PAGE  09/27

18.    As a direct and proximate result of the acts and/or omissions of the defendants described herein and the failure of the front passenger air bag of the Cobalt to deploy, plaintiffs have suffered economic and noneconomic damages, including, but not limited to, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, marital care, parental care, attention, advice, counsel, training, guidance, education and support.

## COUNT I – NEGLIGENCE
### The Estate's claim against the Enterprise Defendants

19.    Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 as if fully set forth herein.

20.    Prior to April 7, 2007, the Enterprise Defendants were engaged in the distribution, rental, leasing and/or sale of motor vehicles, including the rental of motor vehicles to consumers such as Boris and Alla Averbukh..

21.    The Enterprise Defendants owed a duty of care to properly inspect, test, maintain and/or repair their rental vehicles and the air bag systems thereon, including the Cobalt and its air bag system.

22.    The Enterprise Defendants, individually and/or collectively, breached their duty of care and were thereby negligent by failing to properly inspect, test, maintain and/or repair the Cobalt so that the front passenger airbag system would function and/or deploy in a crash.

23.    As a direct and proximate result of the combined negligence of the Enterprise Defendants, Boris Averbukh suffered physical pain and suffering, mental anguish, emotional injury and trauma, and other related injuries and death.

WHEREFORE, Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh hereby demands judgment against the Enterprise Defendants, jointly and

01/14/2010  08:32    4103321178              CT CORP                           PAGE  10/27

severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT II – NEGLIGENCE
### Individual Plaintiffs' claim against the Enterprise Defendants

24.  Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 23 as if fully set forth herein.

25.  As a direct and proximate result of the combined negligence of the Enterprise Defendants, resulting in the death of Boris Averbukh, a cause of action has accrued in accordance with § 3-901, et. seq., of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland to Plaintiffs and Use Plaintiff for compensation for all the damages, injuries, and losses, past, present, and future, which they have sustained and will sustain in the future including, but not limited to, their severe mental anguish and emotional pain, pecuniary loss, and the loss and deprivation of Boris Averbukh's society, companionship, comfort, care, attention, advice, counsel, services, and support, items that Boris Averbukh would have afforded and rendered to them had he continued to live.

WHEREFORE, Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby demand judgment against the Enterprise Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

01/14/2010  08:32   4103321178             CT CORP                    PAGE  11/27

## COUNT III – BREACH OF IMPLIED WARRANTY
### The Estate's claim against the Enterprise Defendants

26.    Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 as if fully set forth herein.

27.    The Enterprise Defendants are merchants with respect to the sale, rental and/or leasing of vehicles.

28.    Pursuant to section 2A-212 and/or 2-314, the Enterprise Defendants impliedly warranted to Boris and Alla Averbukh that the Cobalt would be merchantable and fit for its ordinary and particular purposes. Boris and Alla Averbukh relied upon these implied warranties and the Enterprise Defendants' status as merchants.

29.    The Enterprise Defendants breached their warranties to Boris and Alla Averbukh because the Cobalt was not fit for its ordinary and particular purposes in that the Cobalt and its frontal air bag system were defective at the time of rental and/or leasing and the passenger air bag failed to deploy in the subject crash.

30.    As a direct and proximate result of the above-described breach of warranty by the Enterprise Defendants, Boris Averbukh suffered physical pain and suffering, mental anguish, emotional injury and trauma, and other related injuries and death.

WHEREFORE, Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh hereby demands judgment against the Enterprise Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT IV – BREACH OF IMPLIED WARRANTY
### Individual Plaintiffs' claim against the Enterprise Defendants

31.     Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 30 as if fully set forth herein.

32.     As a direct and proximate result of the breach of warranties of the Enterprise Defendants, resulting in the death of Boris Averbukh, a cause of action has accrued in accordance with § 3-901, et. seq., of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland to Plaintiffs and Use Plaintiff for compensation for all the damages, injuries, and losses, past, present, and future, which they have sustained and will sustain in the future including, but not limited to, their severe mental anguish and emotional pain, pecuniary loss, and the loss and deprivation of Boris Averbukh's society, companionship, comfort, care, attention, advice, counsel, services, and support, items that Boris Averbukh would have afforded and rendered to them had he continued to live.

WHEREFORE, Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby demand judgment against the Enterprise Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT V – STRICT LIABILITY
### The Estate's claim against Defendant Rockmont and The Enterprise Defendants

33.     Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 as if fully set forth herein.

34.    Defendant Rockmont and the Enterprise Defendants are in the business of
distributing, selling, renting and/or leasing vehicles and distributed, sold, rented and/or leased the
Cobalt in the ordinary course of their businesses.

35.    At the time of the Cobalt was sold, rented and/or leased and left the possession or
control of the defendants, the Cobalt was in a defective condition and was unreasonably
dangerous to users and consumers such as Boris Averbukh by reason of defects in the design,
testing, assembly and/or manufacture of its air bag system, as well as the failure of any warnings
regarding the potential non-deployment of the air bag system.

36.    The Cobalt was expected to and did reach users and consumers such as Boris
Averbukh without substantial change in its condition.

37.    As a direct and proximate result of the actions and inactions of Defendant
Rockmount and the Enterprise Defendants and the defective and unreasonably dangerous airbag
system and/or the lack of warnings regarding the same, Boris Averbukh suffered physical pain
and suffering, mental anguish, emotional injury and trauma, and other related injuries and death.

WHEREFORE, Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of
Boris Averbukh hereby demands judgment against Defendant Rockmount and the Enterprise
Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars
($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court
deem just and proper.

### COUNT VI – STRICT LIABILITY
#### Individual Plaintiffs' claim against Defendant Rockmont and The Enterprise Defendants

38.    Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual
capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby incorporates by reference
each and every allegation set forth in paragraphs 1 through 37 as if fully set forth herein.

39.    As a direct and proximate result of the actions and inactions of Defendant Rockmount and the Enterprise Defendants and the defective and unreasonably dangerous airbag system and/or the lack of warnings regarding the same, resulting in the death of Boris Averbukh, a cause of action has accrued in accordance with § 3-901, et. seq., of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland to Plaintiffs and Use Plaintiff for compensation for all the damages, injuries, and losses, past, present, and future, which they have sustained and will sustain in the future including, but not limited to, their severe mental anguish and emotional pain, pecuniary loss, and the loss and deprivation of Boris Averbukh's society, companionship, comfort, care, attention, advice, counsel, services, and support, items that Boris Averbukh would have afforded and rendered to them had he continued to live.

WHEREFORE, Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby demand judgment against Defendant Rockmount and the Enterprise Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT VII – ALTER EGO/PIERCING CORPORATE VEIL
### The Estate's claim against Defendant Enterprise Rent-A-Car Company

40.    Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 23 as if fully set forth herein.

41.    At all relevant times, Defendant, Enterprise Rent-A-Car Company, had complete control and domination of the finances, policy and business practices of Defendants, Enterprise RAC and Enterprise Leasing, such that they had no separate mind, will or existence of their own.

01/14/2010  08:32    4103321170                    CT CORP                    PAGE  15/27

42.    Defendant, Enterprise Rent-A-Car, used its control of Defendants, Enterprise RAC and Enterprise Leasing, to violate the duties owed to Boris Averbukh described herein, to commit the wrongs described herein and/or to evade its legal obligations owed under the law.

43.    As a direct and proximate result of the control Defendant, Enterprise Rent-A-Car Company, exerted over Defendants, Enterprise RAC and Enterprise Leasing, and the negligent actions and inactions complained of herein, Boris Averbukh suffered physical pain and suffering, mental anguish, emotional injury and trauma, and other related injuries and death.

WHEREFORE, Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh hereby demands judgment against Defendant, Enterprise Rent-A-Car Company, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT VIII – ALTER EGO/PIERCING CORPORATE VEIL
### Individual Plaintiffs' claim against Defendant Enterprise Rent-A-Car Company

44.    Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 25 and 40 through 43 as if fully set forth herein.

45.    As a direct and proximate result of the control Defendant, Enterprise Rent-A-Car Company, exerted over Defendants, Enterprise RAC and Enterprise Leasing, and the negligent actions and inactions complained of herein, resulting in the death of Boris Averbukh, a cause of action has accrued in accordance with § 3-901, et. seq., of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland to Plaintiffs and Use Plaintiff for compensation for all the damages, injuries, and losses, past, present, and future, which they have sustained and will sustain in the future including, but not limited to, their severe mental anguish and emotional pain,

pecuniary loss, and the loss and deprivation of Boris Averbukh's society, companionship, comfort, care, attention, advice, counsel, services, and support, items that Boris Averbukh would have afforded and rendered to them had he continued to live.

WHEREFORE, Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby demand judgment against Defendant, Enterprise Rent-A-Car Company, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT IX – STRICT LIABILITY
### The Estate's claim against the Delphi Defendants

46.    Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 as if fully set forth herein.

47.    The Delphi Defendants designed, manufactured, tested, inspected, sold and supplied the frontal air bag system of the Cobalt in the ordinary course of their businesses.

48.    At the time it was sold by the Delphi Defendants, the frontal air bag system of the Cobalt was in a defective condition and was unreasonably dangerous to users and consumers such as Boris Averbukh by reason of defects in its design, testing, assembly and/or manufacture, as well as the lack of any warnings regarding its potential non-deployment.

49.    The frontal air bag system of the Cobalt was expected to and did reach users and consumers such as Boris Averbukh without substantial change in its condition.

50.    As a direct and proximate result of the actions and inactions of the Delphi Defendants and the defective and unreasonably dangerous airbag system and/or the lack of

warnings regarding the same, Boris Averbukh suffered physical pain and suffering, mental anguish, emotional injury and trauma, and other related injuries and death.

WHEREFORE, Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh, hereby demands judgment against the Delphi Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT X – STRICT LIABILITY
### Individual Plaintiffs' claim against the Delphi Defendants

51.    Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 and 46 through 50 as if fully set forth herein.

52.    As a direct and proximate result of the actions and inactions of the Delphi Defendants and the defective and unreasonably dangerous airbag system and/or the lack of warnings regarding the same, resulting in the death of Boris Averbukh, a cause of action has accrued in accordance with § 3-901, et. seq., of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland to Plaintiffs and Use Plaintiff for compensation for all the damages, injuries, and losses, past, present, and future, which they have sustained and will sustain in the future including, but not limited to, their severe mental anguish and emotional pain, pecuniary loss, and the loss and deprivation of Boris Averbukh's society, companionship, comfort, care, attention, advice, counsel, services, and support, items that Boris Averbukh would have afforded and rendered to them had he continued to live.

WHEREFORE, Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby demand

judgment against the Delphi Defendants, jointly and severally, in the amount of Twenty-Five

Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury

and/or Court deem just and proper.

### COUNT XI – BREACH OF IMPLIED WARRANTY
#### The Estate's claim against the Delphi Defendants

53.    Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris

Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1

through 18 as if fully set forth herein.

54.    The Delphi Defendants are merchants with respect to the sale of frontal air bag

systems.

55.    Pursuant to section 2A-212 and/or 2-314, the Delphi Defendants impliedly

warranted to Boris Averbukh that the frontal air bag system of the Cobalt would be merchantable

and fit for its ordinary and particular purposes.

56.    Boris Averbukh relied upon these implied warranties and the Delphi Defendants'

status as merchants.

57.    The Delphi Defendants breached their warranties to Boris Averbukh because the

frontal air bag system of the Cobalt was defective at the time of its sale and not fit for its

ordinary and particular purposes in that the front passenger air bag failed to deploy in the subject

crash.

58.    As a direct and proximate result of the above-described breach of warranty by the

Delphi Defendants, Boris Averbukh suffered physical pain and suffering, mental anguish,

emotional injury and trauma, and other related injuries and death.

WHEREFORE, Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of

Boris Averbukh, hereby demands judgment against the Delphi Defendants, jointly and severally,

in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such

other and further relief as the jury and/or Court deem just and proper.

## COUNT XII – BREACH OF IMPLIED WARRANTY
### Individual Plaintiffs' claim against the Delphi Defendants

59.   Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual

capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby incorporates by reference

each and every allegation set forth in paragraphs 1 through 23 and 53 through 58 as if fully set

forth herein.

60.   As a direct and proximate result of the breach of warranty by the Delphi

Defendants, resulting in the death of Boris Averbukh, a cause of action has accrued in

accordance with § 3-901, et. seq., of the Courts and Judicial Proceedings Article of the

Annotated Code of Maryland to Plaintiffs and Use Plaintiff for compensation for all the

damages, injuries, and losses, past, present, and future, which they have sustained and will

sustain in the future including, but not limited to, their severe mental anguish and emotional pain,

pecuniary loss, and the loss and deprivation of Boris Averbukh's society, companionship,

comfort, care, attention, advice, counsel, services, and support, items that Boris Averbukh would

have afforded and rendered to them had he continued to live.

WHEREFORE, Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their

individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby demand

judgment against the Delphi Defendants, jointly and severally, in the amount of Twenty-Five

Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury

and/or Court deem just and proper.

## COUNT XIII – NEGLIGENCE
### The Estate's claim against the Delphi Defendants

61.     Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 as if fully set forth herein.

62.     The Delphi Defendants owed users and consumers, including Boris Averbukh, a duty to use that degree of care exercised by a reasonably careful designer, manufacturer, and/or seller engaged in the same business as Delphi.

63.     The Delphi Defendants breached their duties of care and were thereby negligent in each of the following respects:

a.     By failing to design, inspect, test, assemble and/or manufacture the frontal air bag system of the Cobalt to be reasonably safe for the ordinary consumer who possesses knowledge common to the community as its characteristics; and/or

b.     By failing to adequately warn consumers, at the time of manufacture/sale and/or post-sale, of the danger from the inability of the frontal airbag system of the Cobalt to safely and properly deploy in reasonably foreseeable types of collisions.

64.     As a direct and proximate result of the combined negligence of the Delphi Defendants, Boris Averbukh suffered physical pain and suffering, mental anguish, emotional injury and trauma, and other related injuries and death.

WHEREFORE, Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh hereby demands judgment against the Delphi Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT XIV – NEGLIGENCE
### Individual Plaintiffs' claim against the Delphi Defendants

65.     Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 and 61 through 64 as if fully set forth herein.

66.     As a direct and proximate result of the combined negligence of the Delphi Defendants, resulting in the death of Boris Averbukh, a cause of action has accrued in accordance with § 3-901, et. seq., of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland to Plaintiffs and Use Plaintiff for compensation for all the damages, injuries, and losses, past, present, and future, which they have sustained and will sustain in the future including, but not limited to, their severe mental anguish and emotional pain, pecuniary loss, and the loss and deprivation of Boris Averbukh's society, companionship, comfort, care, attention, advice, counsel, services, and support, items that Boris Averbukh would have afforded and rendered to them had he continued to live.

WHEREFORE, Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, and with notice to the Use Plaintiff, Alla Averbukh, hereby demand judgment against the Delphi Defendants, jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT XV – NEGLIGENCE
### The Estate's claim against Defendant Alla Averbukh

67.     Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 as if fully set forth herein.

68.     Defendant, Alla Averbukh, as the driver of the Cobalt, owed Boris Averbukh a duty to maintain proper control over the vehicle and to avoid running off the road and causing an accident. She breached those duties and was negligent in that she failed to exercise proper control over her car and caused it to leave the roadway and strike a tree.

69.     As a direct and proximate result of the combined negligence of Alla Averbukh, Boris Averbukh suffered physical pain and suffering, mental anguish, emotional injury and trauma, and other related injuries and death.

WHEREFORE, Plaintiff, Vladamir Averbukh, as Personal Representative of the Estate of Boris Averbukh hereby demands judgment against Alla Averbukh, jointly and severally, in an amount in excess of the jurisdiction limit of Thirty Thousand Dollars ($30,000) plus interest, costs and such other and further relief as the jury and/or Court deem just and proper.

## COUNT XVI – NEGLIGENCE
### Individual Plaintiffs' claim against Defendant Alla Averbukh

70.     Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their individual capacities, hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 18 and 67 through 69 as if fully set forth herein.

66.     As a direct and proximate result of the negligence of Alla Averbukh, resulting in the death of Boris Averbukh, a cause of action has accrued in accordance with § 3-901, et. seq., of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland to Plaintiffs

and Use Plaintiff for compensation for all the damages, injuries, and losses, past, present, and
future, which they have sustained and will sustain in the future including, but not limited to, their
severe mental anguish and emotional pain, pecuniary loss, and the loss and deprivation of Boris
Averbukh's society, companionship, comfort, care, attention, advice, counsel, services, and
support, items that Boris Averbukh would have afforded and rendered to them had he continued
to live.

WHEREFORE, Plaintiffs, Vladamir Averbukh and Alesander Averbukh, in their
individual capacities, hereby demand judgment against the Delphi Defendants, jointly and
severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest, costs
and such other and further relief as the jury and/or Court deem just and proper.


Respectfully submitted,

SALSBURY, CLEMENTS, BEKMAN
MARDER & ADKINS, L.L.C.

By: _____
    Gregory G. Hopper
    300 W. Pratt Street, Suite 450
    Baltimore, Maryland 21201
    Telephone: (410) 539-6633
    Facsimile:  (410) 625-9554

| | | |
|---|---|---|
| VLADIMIR AVERBUKH, et al. | * | IN THE |
| Plaintiffs | * | CIRCUIT COURT |
| v. | * | FOR |
| ENTERPRISE RAC COMPANY, et al. | * | PRINCE GEORGE'S COUNTY |
| Defendants | * | Case No. _____ |

*     *     *     *     *     *     *     *

## ELECTION FOR JURY TRIAL

Plaintiffs, Vladimir Averbukh, in his individual capacity and as Personal Representative of the Estate of Boris Averbukh, and Alesander Averbukh, in his individual capacity, by and through their attorneys Paul D. Bekman and Gregory G. Hopper of Salsbury, Clements, Bekman, Marder & Adkins, L.L.C., and with notice to the Use Plaintiff, Alla Averbukh, hereby elect to have the above-captioned case heard by a jury.

Respectfully submitted,

SALSBURY, CLEMENTS, BEKMAN
MARDER & ADKINS, L.L.C.

By: _Gregory G. Hopper_
Gregory G. Hopper
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
Telephone: (410) 539-6633
Facsimile:  (410) 625-9554

Circuit Court for Prince George's County
_____
City or County
## CIVIL – NON-DOMESTIC CASE INFORMATION REPORT

**DIRECTIONS:**

*Plaintiff: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a). A copy must be included for each defendant to be served.*

*Defendants: You must file an Information Report as required by Rule 2-323(h).*

**_THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE._**

FORM FILED BY: ☒ PLAINTIFF  ☐ DEFENDANT    CASE NUMBER _____
                                                                (Clerk to Insert)

CASE NAME: Vladimir Averbukh        vs.    Enterprise RAC Company of MD, LLC, et al
                    Plaintiff                                    Defendant

JURY DEMAND? ☒ Yes ☐ No    Anticipated length of trial: _____ hours or _____ days
RELATED CASE PENDING? ☐ Yes ☒ No   If yes, Case #(s), if known: _____

Special Requirements? ☐ Interpreter/communication impairment    Which language _____
(Attach Form 1-332 if Accommodation or Interpreter Needed)          Which dialect _____
                          ☐ ADA accommodation _____

| NATURE OF ACTION (CHECK ONE BOX) | | DAMAGES/RELIEF | |
|---|---|---|---|
| **TORTS** | **LABOR** | **A. TORTS** | |
| ☐ Motor Tort | ☐ Workers' Comp. | **Actual Damages** | |
| ☐ Premises Liability | ☐ Wrongful Discharge | ☐ Under $7,500 | ☐ Medical Bills |
| ☐ Assault & Battery | ☐ EEO | ☐ $7,500 - $50,000 | $ |
| ☐ Product Liability | ☐ Other | ☐ $50,000 - $100,000 | ☐ Property Damages |
| ☐ Professional Malpractice | **CONTRACTS** | ☒ Over $100,000 | $ |
| ☒ Wrongful Death | ☐ Insurance | | ☐ Wage Loss |
| ☐ Business & Commercial | ☐ Confessed Judgment | | $ |
| ☐ Libel & Slander | ☐ Other | | |
| ☐ False Arrest/Imprisonment | **REAL PROPERTY** | **B. CONTRACTS** | **C. NONMONETARY** |
| ☐ Nuisance | ☐ Judicial Sale | | |
| ☐ Toxic Torts | ☐ Condemnation | ☐ Under $10,000 | ☐ Declaratory Judgment |
| ☐ Fraud | ☐ Landlord Tenant | ☐ $10,000 - $20,000 | ☐ Injunction |
| ☐ Malicious Prosecution | ☐ Other | ☐ Over $20,0000 | ☐ Other |
| ☐ Lead Paint | **OTHER** | | |
| ☐ Asbestos | ☐ Civil Rights | | |
| ☐ Other | ☐ Environmental | | |
| | ☐ ADA | | |
| | ☐ Other | | |

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION**

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation ☒ Yes ☐ No            C. Settlement Conference ☒ Yes ☐ No
B. Arbitration ☐ Yes ☒ No          D. Neutral Evaluation ☐ Yes ☒ No

**TRACK REQUEST**

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*
**_THIS CASE WILL THEN BE TRACKED ACCORDINGLY._**
☐ 1/2 day of trial or less      ☐ 3 days of trial time
☐ 1 day of trial time            ☒ More than 3 days of trial time
☐ 2 days of trial time

**PLEASE SEE PAGE TWO OF THIS FORM FOR INSTRUCTIONS PERTAINING TO THE BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM AND COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR), AS WELL AS ADDITIONAL INSTRUCTIONS IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY, OR BALTIMORE COUNTY.**

Date  11/6/89          Signature _____

CC/DCM 002 (Rev. 5/2009)              Page 1 of 3

01/14/2010  08:32    4103321179                  CT CORP                              PAGE  26/27

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-205 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐
**Expedited**
Trial within 7 months
of Filing

☐
**Standard**
Trial within 18 months
of Filing

☐ EMERGENCY RELIEF REQUESTED _____

<table>
<tr><td></td><td>Signature</td><td>Date</td></tr>
</table>

## COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO AN ASTAR RESOURCE JUDGE under Md. Rule 16-202. Please check the applicable box below and attach a duplicate copy of your complaint.*

☐ Expedited - Trial within 7 months of Filing           ☐ Standard - Trial within 18 months of Filing

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY, OR BALTIMORE COUNTY PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

☐ Expedited        Trial 60 to 120 days from notice. Non-Jury matters.

☐ Standard-Short   Trial 210 days.

☐ Standard         Trial 360 days.

☐ Lead Paint       Fill in: Birth Date of youngest plaintiff _____

☐ Asbestos         Events and deadlines set by individual judge.

☐ Protracted Cases Complex cases designated by the Administrative Judge.

### CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

To assist the Court in determining the appropriate Track for this case, check one of the boxes below. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.

☐ Liability is not conceded, but is not seriously in dispute.

☒ Liability is seriously in dispute.

CC/DCM 002 (Rev. 5/2009)                    Page 2 of 3

## CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited<br>(Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ | Standard<br>(Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard<br>(Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex<br>(Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

CC/DCM 002 (Rev. 5/2009)              Page 3 of 3

**EXHIBIT B**

FILED

APR 2 0 2011

## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS,
### SAN ANTONIO DIVISION

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

KEITH SMITH,                          §
            Plaintiff,                §
                                      §
v.                                    §        CAUSE NO. SA-09-CA-296-OG
                                      §
GENERAL MOTORS CORPORATION, and       §
DELPHI AUTOMOTIVE SYSTEMS, LLC,       §
            Defendants.               §

## O R D E R

Defendant Delphi moves to dismiss plaintiff's case against it. The motion will be denied.

First, despite knowing of plaintiff's suit, Delphi concedes that it did not mail him notice of either

the initial or final administrative claims bar dates. Notice by publication does not suffice when

the claimant is known. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 318 (1950).

Second, plaintiff's products liability cause of action is not an "administrative claim" as defined

by the bankruptcy court's order— it is neither a claim for payment of an administrative expense

under § 503(b) of the Bankruptcy Code nor a claim entitled to priority pursuant to § 507(a)(1) of

the Code.

Delphi's motion to dismiss (docket no. 26) is DENIED.

SIGNED this _____ day of _____, 2011.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

**Hearing Date and Time: September 22, 2011 at 10:00 a.m. (EDT)**

CIARDI CIARDI & ASTIN
Rick A. Steinberg, Esq. (RS-7396)
100 Church Street, 8th Floor
New York, New York 10007
Tel: (646) 485-0605
Fax: (646) 688-4385
rsteinberg@ciardilaw.com

-and-

Daniel K. Astin (No. 4068)
Joseph J. McMahon, Jr. (No. 4819)
919 N. Market Street, Suite 700
Wilmington, Delaware 19801
Tel:  (302) 658-1100
Fax:  (302) 658-1300
jmcmahon@ciardilaw.com

*Attorneys for Vladimir Averbukh (Individually and as Personal Representative for the Estate of Boris Averbukh) and Alesander Averbukh*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., *et al.*, | : | Case No. 05-44481 (RDD) |
| | : | Jointly Administered |
| Reorganized Debtors. | : | |
| | : | |

## CERTIFICATION OF SERVICE

I, Rick A. Steinberg, do certify that on September 19, 2011, I caused a true and correct

copy of the Averbukhs' Response to the Debtors' Motion to Enforce the Permanent Injunction

and Cross-Motion for Relief from the Pertinent Orders to be served on the following by

Overnight Mail:

DPH Holdings Corp.
Attn: President
5725 Delphi Drive
Troy, MI 48098

Cynthia J. Haffey
Butzel Long
150 West Jefferson, Suite 100
Detroit, MI 48226

Brian Masumoto
Office of the United States Trustee
33 Whitehall Street, Suite 2100
New York, NY 10004

Donald S. Bernstein
Davis Polk & Wardell
450 Lexington Avenue
New York, NY 10017

Dated: New York, New York
     September 19, 2011

                CIARDI CIARDI & ASTIN

                /s/ Rick A. Steinberg
                Rick A. Steinberg

                Attorneys for the Averbukhs

2