Hearing Date and Time: February 16, 2012 at 10:00 a.m. (ET)

CIARDI CIARDI & ASTIN
Rick A. Steinberg, Esq. (RS-7396)
100 Church Street, 8th Floor
New York, New York 10007
Tel: (646) 485-0605
Fax: (646) 688-4385
rsteinberg@ciardilaw.com

-and-

Daniel K. Astin (No. 4068)
John D. McLaughlin, Jr. (No. 4123)
Joseph J. McMahon, Jr. (No. 4819)
919 N. Market Street, Suite 700
Wilmington, Delaware 19801
Tel:  (302) 658-1100
Fax:  (302) 658-1300
jmcmahon@ciardilaw.com

*Attorneys for Alla Averbukh, Alesander Averbukh and Vladimir Averbukh (Individually and as Personal Representative for the Estate of Boris Averbukh)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | : | Chapter 11 |
|---|---|---|
|  | : |  |
| DPH HOLDINGS CORP., *et al.*, | : | Case No. 05-44481 (RDD) |
|  | : | Jointly Administered |
| Reorganized Debtors. | : |  |
|  | : |  |

**RESPONSE OF ALLA AVERBUKH, ALESANDER AVERBUKH AND VLADIMIR AVERBUKH (BOTH INDIVIDUALLY AND IN HIS CAPACITY AS REPRESENTATIVE OF THE ESTATE OF BORIS AVERBUKH) TO THE REORGANIZED DEBTORS' MOTION FOR SANCTIONS RELATED TO THE ALLEGED IMPROPER PURSUIT OF MARYLAND STATE COURT <u>ACTION BY AVERBUKHS</u>**

In support of their response to the Reorganized Debtors' motion for sanctions related to the alleged improper pursuit of a Maryland state court action (the "Motion"), Alla Averbukh[1], Alesander Averbukh and Vladimir Averbukh (both individually and in his capacity as personal representative of the estate of Boris Averbukh) (collectively, the "Averbukhs") submit:

## PRELIMINARY STATEMENT

The Averbukhs take seriously the Reorganized Debtors' allegations that they and/or their counsel should be sanctioned for pursuing a wrongful death action in Maryland state court related to the death of Boris Averbukh, the spouse of Alla and the father of both Alesander and Vladimir.

The Averbukhs contest the Reorganized Debtors' repeated suggestions in the Motion that they were provided with a specific demand to dismiss the Maryland state court action based upon orders that were entered in connection with the bankruptcy proceeding. Even the Reorganized Debtors acknowledge that the issue of whether such notice was given is important, as they allegedly tie their demand for a sanctions award to a specific date – June 3, 2011 – on which they allegedly informed the Averbukhs of their request to dismiss the Maryland state court action. The e-mail communication which contains the alleged demand is vague (*see* Mot. Ex. H) – in the communication, the Reorganized Debtors' state court counsel communicates a desire to communicate with counsel to the Averbukhs regarding a "threshold dispositive issue" concerning "bankruptcy matters." Based upon the Averbukhs' communications with their state court counsel (The Kuhlman Law Firm, LLC), it is their understanding that, prior to the Reorganized Debtors' motion to enforce the plan injunction, their state court counsel – a firm that does not practice bankruptcy law -- never received a specific demand to dismiss the state

---

[1] Alla Averbukh is not a plaintiff in the Maryland state court action. Accordingly, it is unclear what basis the Reorganized Debtors have for seeking a sanctions award against her; Alla's status as an alleged statutory "use plaintiff" under Maryland law (Mot. ¶¶ 13, 14) does not provide grounds for a sanctions award.

2

court action based upon bankruptcy orders that were entered. The billing records appended to the Motion indicate that state court counsel to the Reorganized Debtors recorded time related to preparation of a written communication to the Averbukhs' state court counsel in June, 2011, but such a letter was apparently never sent. The affidavit of Bradley D. Kuhlman is attached as an exhibit to The Kuhlman Law Firm, LLC's response to the Motion.

There are several reasons why the Motion should be denied outright. The Motion itself is defective. The main thrust of the Motion is that the Averbukhs and/or their state court counsel should be sanctioned pursuant to Federal Rule of Bankruptcy Procedure 9011. Initially, liability under Rule 9011 is triggered by a signed filing with this Court. The Averbukhs (jointly or severally) authorized two filings with this Court, neither of which was actually signed by one or more of them; the proof of claim and their response/cross-motion to the Reorganized Debtors' motion to enforce the plan injunction were both signed by their counsel. In the Motion, the Reorganized Debtors do not specifically explain how either filing violated Rule 9011.

Second, the motion is untimely under Federal Rule of Bankruptcy Procedure 9011, as entry of the order granting the motion to enforce the plan injunction extinguished the Reorganized Debtors' rights to pursue sanctions under Rule 9011. The Second Circuit has made it clear that a court's ruling on the allegedly offensive filing in advance of the expiration of the twenty-one (21) day "safe harbor" provision in Rule 9011 extinguishes any rights to relief under the Rule. The Reorganized Debtors' rights to pursue sanctions were expressly reserved in the aforementioned order, but that provision did not augment the Debtors' rights under applicable law (including Rule 9011). Accordingly, this Court should dismiss the Reorganized Debtors' demand for sanctions under Rule 9011 with prejudice.

Third, in the unlikely event that this Court finds that the Reorganized Debtors' alleged Rule 9011 claim(s) have not been extinguished, the Averbukhs were entitled to twenty-one (21) days advance notice of the Reorganized Debtors' intention to file the Motion pursuant to the "safe harbor" provision of Federal Rule of Bankruptcy Procedure 9011. *See* FED. R. BANKR. P. 9011(c)(1)(A).  Here, neither the Averbukhs nor their counsel received a communication from the Reorganized Debtors which indicated their intention to file a motion seeking sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011.

Fourth, the amount of the sanctions demand under Federal Rule of Bankruptcy Procedure 9011 is not limited to addressing alleged harm specifically arising from the Averbukhs' filings with this Court and, by extension, it is overly broad at a minimum.

Finally, in light of the Reorganized Debtors' decision to refrain from asserting any bankruptcy-related defenses in Maryland state court at all times prior to their filing of the motion to enforce the plan injunction, they should be estopped from seeking sanctions.

**[Continued on next page – space intentionally left blank]**

**GROUNDS/BASIS FOR RELIEF**

*Introduction*[2]

1. Through the Motion, the Reorganized Debtors seek an award of sanctions in the amount of $116,058.98. The Reorganized Debtors carefully note that the award they seek is allegedly for professional services rendered after June 3, 2011, the date on which the Reorganized Debtors' state court counsel sent an e-mail to the Averbukhs' counsel in the state court action (Bradley D. Kuhlman, Esq.) and requested the opportunity to speak with him regarding a "threshold dispositive issue" concerning "bankruptcy matters." Counsel to the Averbukhs responded to that e-mail and indicated that, "[i]f you [want to talk] about the issue Steve VanGasbeck just argued and won I assume you are not going to waste ours and the court's time making the same argument regarding notice."

2. The Averbukhs understand that their counsel's response referred to litigation pending in a case captioned *Keith Smith v. General Motors Corporation and Delphi Automotive Systems LLC*, Civil Action No. SA-09-ca-0296 (W.D. Tex.), in which a personal injury plaintiff successfully challenged the assertion that the confirmation order entered in the above-captioned case barred assertion of a post-petition personal injury claim. In that matter, on April 20, 2011, United States District Court Judge Orlando Garcia denied the Reorganized Debtors' motion to dismiss the plaintiff's complaint and ruled that "plaintiff's products liability cause of action is not an 'administrative claim' as defined by the bankruptcy court's order- it is neither a claim for

---

[2] In a footnote, the Reorganized Debtors mention, in passing, that the Averbukhs' counsel may be liable for sanctions under 28 U.S.C. § 1927. The Reorganized Debtors indicate in the Motion that they do not discuss section 1927 "in detail" because the Averbukhs are allegedly liable under Federal Rule of Bankruptcy Procedure 9011. *Mot.* at 10 n.2. The Reorganized Debtors' cursory treatment of section 1927 is not sufficient to constitute a motion and/or a request for relief under that section; indeed, the proposed form of order appended to the Motion makes no mention of section 1927, and the Reorganized Debtors do not discuss the grounds or basis for section 1927 liability in the Motion. Given that the standards for relief under Rule 9011 and section 1927 are materially different, both the Averbukhs and their state court counsel are entitled to proper notice and an appropriately-scheduled hearing so as to permit them to address any issues the Reorganized Debtors may raise under that section.

payment of an administrative expense under Section 503(b) of the Bankruptcy Code nor a claim entitled to priority pursuant to Section 507(a)(1) of the Code."

3.      Based upon the Averbukhs' communications with their state court counsel (The Kuhlman Law Firm, LLC), it is their understanding that, prior to the Reorganized Debtors' motion to enforce the plan injunction, their state court counsel – a firm that does not practice bankruptcy law -- never received a specific demand to dismiss the state court action based upon bankruptcy orders that were entered.

*The Rule 9011 Claim(s) Should Be Denied with Prejudice*

4.      Federal Rule of Bankruptcy Procedure 9011 provides in relevant part:

(a) Signature. Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. Each paper shall state the signer's address and telephone number, if any. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

(b) Representations to the Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

    (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

    (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

    (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) *How Initiated.*

(A) *By Motion.* A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

(B) *On Court's Initiative.* On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

(2) *Nature of Sanction; Limitations.* A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

(B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

7

      (3) *Order*. When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

5.      The main thrust of the Motion is that the Averbukhs and/or their state court counsel should be sanctioned pursuant to Federal Rule of Bankruptcy Procedure 9011. Initially, liability under Rule 9011 is triggered by a signed filing with this Court. The Averbukhs (jointly or severally) authorized two filings with this Court, neither of which was actually signed by one or more of them; the proof of claim and their response/cross-motion to the Reorganized Debtors' motion to enforce the plan injunction were both signed by their counsel. In the Motion, the Reorganized Debtors do not specifically explain how either filing violated Rule 9011.

6.      Initially, the Second Circuit has acknowledged that Rule 9011 effectively has a limitations period. To the extent that the signed paper which allegedly violates Rule 9011 is either withdrawn or ruled upon prior to the expiration of the twenty-one (21) day period referred to in Rule 9011(c)(1)(A), a party's ability to seek a sanctions award under Rule 9011 related to such paper is terminated. *See In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 (2d Cir. 2003) (noting effect of "safe harbor" amendment on application of Rule 11). Here, the Reorganized Debtors elected not to timely pursue Rule 9011 sanctions after each of the two filings authorized by one or more of the Averbukhs – the proof of claim and the response/cross-motion to the motion to enforce the plan injunction – were made. Accordingly, the Motion should be denied with prejudice to the extent the Reorganized Debtors seek relief pursuant to Rule 9011.

7.      Courts in this Circuit have held that a moving party may not bypass the twenty-one (21) day pre-filing period on grounds that compliance would be futile. See *In re Galgano*, 358 B.R. 90, 103 (Bankr. S.D.N.Y. 2007) (quoting *In re M.A.S. Realty Corp.*, 326 B.R. 31, 39 (Bankr. D. Mass. 2005)). In *In re M.A.S. Realty*, the United States Bankruptcy Court for the

District of Massachusetts listed several things equally applicable here that the moving party could have done to ensure that Rule 9011(c)(1)(A)'s "safe harbor" provision was given effect:

> It could have filed a motion asking that the Court issue an order to show cause under Rule 9011(c)(1)(B) and set forth with specificity why it was necessary for the Court to act. It could have requested that the hearing be continued. It could have asked the Court to refrain from entering a judgment on the … issue for 21 days in order to give the parties against whom sanctions were being sought the opportunity to amend or withdraw the claim.

*M.A.S. Realty*, 326 B.R. at 40 (footnote omitted).

8.    Second, in the unlikely event that this Court determines that the Reorganized Debtors' Motion is timely under Rule 9011, the Motion should be denied because the Debtors did not comply with the "safe harbor" provision. Rule 9011(c)(1)(A) prohibits the moving party from filing a motion for sanctions prior to the expiration of twenty-one (21) days after notice is given to the subject attorney or party. At the conclusion of the twenty-one (21) day period, if the allegedly improper filing is not corrected or withdrawn, the moving party may file the sanctions motion. Here, neither the Averbukhs nor their counsel received a communication from the Reorganized Debtors which indicated their intention to pursue sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011. *See In re Obasi*, No. 10-10494 (SHL), 2011 Bankr. LEXIS 5011 at *30 (Bankr. S.D.N.Y. Dec. 19, 2011) (refusing to impose sanctions under Rule 9011 where moving party did not present evidence of compliance with Rule 9011's "safe harbor" provision).[3]

---

[3] The Averbukhs acknowledge that this Court's October 4, 2011 order contained language which preserved the Reorganized Debtors' rights to seek sanctions [order – Docket No. 21606, ¶ 6] ("The entry of this Order is without prejudice to rights of the Reorganized Debtors to seek sanctions for violation of the Court's prior Orders."). However, that order did not expressly augment or preserve the Reorganized Debtors' rights to seek relief under Federal Rule of Bankruptcy Procedure 9011; said rights were terminated by operation of law upon entry of the order itself.

*The Reorganized Debtors Should Be Estopped from Seeking Sanctions*

9. Upon information and belief, at all times leading up to the dismissal of the Reorganized Debtors from the action, the Reorganized Debtors did not raise the bankruptcy case(s) as an issue in the Maryland state court action. The Reorganized Debtors, properly charged with knowledge of their own bankruptcy filing, never filed a suggestion of bankruptcy in the Maryland state court action. The Reorganized Debtors did not assert this Court's orders as affirmative defenses in the Maryland state court action, nor did they attempt to amend their answer to include the entry of this Court's orders as affirmative defenses. The Reorganized Debtors filed approximately twenty (20) pleadings with the Maryland state court. The Reorganized Debtors conducted depositions in connection with the matter. The Reorganized Debtors even initiated settlement discussions prior to filing the motion to enforce the plan injunction with this Court. In sum, the Reorganized Debtors actively defended the Maryland state court action for nearly eighteen (18) months before they moved to enforce this Court's prior order(s).

10. The Reorganized Debtors' conduct warrants dismissal of any claims for sanctions on grounds that they unreasonably delayed taking action to protect their rights. *See In re Cohoes Indus. Terminal, Inc.*, 931 F.2d 222, 229 (2d Cir. 1991) (party's failure to join pending motion to dismiss, combined with party's separate filing of motion to appoint trustee, inconsistent with assertion that petition was frivolous); *Kessler v. Superior Care, Inc.*, 127 F.R.D. 513, 524 (N.D. Ill. 1989) (motion for sanctions denied because moving party had "unclean hands"); *Murphy v. Klein Tools, Inc.*, 123 F.R.D. 643, 647 (D. Kan. 1988) (failure to assert claim for sanctions for more than four years did not warrant award of fees and costs). This case is analogous to the *Murphy* case, cited above. In that case, the defendant had a complete statute of limitations

10

defense but failed to raise it for years. After the court dismissed the claims at issue on statute of limitations grounds, the defendant moved for sanctions on grounds that the claim(s) should never have been filed. The *Murphy* court concluded that the defendant should not profit from its decision to refrain from asserting the defense. *See Murphy*, 123 F.R.D. at 647 ("Such protracted delay in raising a clearly meritorious defense should not be rewarded with fees and costs."). Similarly, given that the Reorganized Debtors apparently chose to refrain from raising the issue of a bankruptcy bar (perhaps as a result of the *Smith* ruling), this Court should not credit the Reorganized Debtors' strategic use of bankruptcy-related defenses and should deny their requests for relief outright.

**[Continued on next page – space intentionally left blank]**

## **CONCLUSION**

WHEREFORE the Averbukhs respectfully request that this Court enter an order denying the Motion.

Dated: New York, New York

January 9, 2012

                            CIARDI CIARDI & ASTIN

By:   */s/ Rick A. Steinberg*
       Rick A. Steinberg, Esq. (RS-7396)
       100 Church Street, 8th Floor
       New York, New York 10007
       Tel: (646) 485-0605
       Fax: (646) 688-4385
       rsteinberg@ciardilaw.com

       -and-

       Daniel K. Astin (No. 4068)
       John D. McLaughlin, Jr. (No. 4123)
       Joseph J. McMahon, Jr. (No. 4819)
       919 N. Market Street, Suite 700
       Wilmington, Delaware 19801
       Tel:  (302) 658-1100
       Fax:  (302) 658-1300
       jmcmahon@ciardilaw.com

       *Counsel to Alla Averbukh, Alesander Averbuch and Vladimir Averbukh (Individually and as Personal Representative for the Estate of Boris Averbukh)*