# EXHIBIT L

# EXHIBIT L

| | | |
|---|---|---|
| VLADIMIR AVERBUKH, Individually and as Personal Representative of the Estate of Boris Averbukh | § § § | IN THE |
| | § | CIRCUIT COURT |
| And | § § | FOR |
| ALESANDER AVERBUKH, Individually, | § § | PRINCE GEORGE'S COUNTY |
| Plaintiffs, | § § | MARYLAND |
| And | § § | |
| ALLA AVERBUKH, Individually, | § § | CASE NO. CAE09-35924 |
| Use Plaintiff | § § | |
| v. | § § | |
| ENTERPRISE RAC COMPANY OF MARYLAND, LLC | § § § | |
| ENTERPRISE LEASING COMPANY | § § | |
| ENTERPRISE RENT-A-CAR COMPANY | § § | |
| DELPHI CORPORATION | § § | |
| DELPHI AUTOMOTIVE SYSTEMS LLC | § § | |
| THE ROCKMONT MOTOR COMPANY | § § | |
| ALLA AVERBUKH | § § | |
| Defendants. | § | |

### DEFENDANT DPH-DAS, LLC's RESPONSES TO PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION

Defendant DPH-DAS LLC (formerly known as Delphi Automotive Systems LLC) ("Delphi") serves the following Responses to Plaintiffs' Fourth Request for Production.

Respectfully submitted,

**WEINSTEIN TIPPETTS & LITTLE LLP**

/s/ Katheryne Worley
David B. Weinstein
*Admitted pro hac vice*
Katheryne R. Worley
*Admitted pro hac vice*
Weinstein Tippetts and Little
7660 Woodway, Suite 500
Houston, Texas 77063
Telephone:  713-244-0800
Facsimile:   713-244-0801

OF COUNSEL:
Patricia Thornton
**BACON, THORNTON & PALMER, L.L.P.**
6411 Ivy Lane Suite 500
Greenbelt, Maryland 20770
Telephone:    301-345-7001
Facsimile:    301-345-7075

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was sent via U.S. Mail, postage prepaid, on this ___ day of August 2011 to:

Jonathan Cohen
Troutman Sanders LLP
401 9th Street, NW, Suite 1000
Washington, DC 20004-2134
**Attorneys for Defendant**
**Enterprise RAC of Maryland, LLC**

Edward W. Gray
Eckert Seamans
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
**Attorneys for Rockmont Motor Company**

Timothy E. Fizer
Krause, Fizer, Crogan & Lopez
600 Red Brook Blvd, Suite 650
Owings Mills, MD 21117
**Attorneys for Defendant**
**The Rockmont Motor Company**

Marsha Krawitz Samuels, Esquire
O'Connor Grant & Samuels
401 Washington Ave, Suite 400
Towson, MD 21204
**Attorneys for Alla Averbukh**

John C. Lynch, Esquire
Jack D. Lapidus, Esquire
Macleay, Lynch, Gregg & Lynch
1629 K Street, NW, Suite 802
Washington, DC 20006

James E. Green, Jr., Esquire
Conner & Winters
4000 One Williams Center
Tulsa, OK 74172
**Attorneys for Defendant**
**Enterprise Rent-A-Car Company**
**n/k/a Enterprise Holdings, Inc.**

Gregy G. Hopper
Salsbury, Clements, Bekman, Marder
& Adkins, L.L.C.
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
**Attorneys for Plaintiffs**

Bradley D. Kuhlman
Cad C. Lucas
The Kuhlman Law Firm, LLC
1100 Main Street, Suite 2550
Kansas City, Missouri 64105
**Attorneys for Plaintiffs**

_/s/ Katherine Worley_

ND: 4818-2136-2442, v. 1

## PREFATORY NOTES

**1. Correct Defendant:** Upon emerging from bankruptcy reorganization on October 6, 2009, Delphi Corporation and Delphi Automotive Systems LLC were re-named DPH Holdings Corporation and DPH-DAS LLC, respectively. The legal entity responsible for the PODS-B supplied for the subject vehicle is DPH-DAS LLC. DPH Holdings Corporation was and is merely a holding company, which owns the stock of DPH-DAS LLC. In responding to these Requests, DPH-DAS LLC (hereinafter: "Delphi") has limited its reasonable search efforts to this entity, as any expansion outside these bounds would be unreasonable and unduly burdensome given size and geographic breadth of the search requirements.

**2. Component parts supplied by Delphi:** For the subject vehicle platform, the GMX 001, which includes the subject 2006 Chevrolet Cobalt, Delphi supplied <u>only</u> the occupant classification system, known as PODS-B, in the right front passenger seating position according to the requirements and specifications provided by General Motors. The occupant classification system contains the following components supplied by Delphi: Bladder Assembly, Pressure Sensor, PODS-B Electronic Control Unit, and Belt Tension Sensor. Delphi supplied no other component of the air bag system for the subject 2006 Chevrolet Cobalt.

**3. Lack of identifying information for occupant classification system:** It is Delphi's understanding that the subject vehicle caught on fire in the subject incident and that no component of the occupant classification system in the vehicle remains. In order to isolate documents related to the specific components installed in the subject vehicle, Delphi will need to obtain the unique part numbers on the components themselves. As the components are not available for inspection due to the vehicle fire, Delphi must locate the part numbers in order to search for some categories of documents. As detailed in the responses below, Delphi identifies those documents that cannot be located or produced until the component part numbers at issue are identified.

## GENERAL OBJECTIONS

To avoid repetition, Delphi incorporates the following General Objections into each of its responses to plaintiffs' written discovery directed to Delphi where the form or content justifies:

1. <u>Reasonable efforts</u>: In responding to plaintiffs' requests, and consistent with the Prefatory Notes above, Delphi has spoken with those employees and conducted a reasonable search of those places in its records where information, if any, responsive to plaintiffs' requests would normally be known or kept. To the extent plaintiffs' requests, or any portions thereof, seek to require Delphi to take any action other than as enumerated in the preceding sentence, Delphi objects on the grounds the discovery requests are unduly burdensome and oppressive. As an overall business, Delphi employed tens of thousands of persons in geographic locations around the globe and cannot be required to interview each employee as well as review the millions of documents generated annually in connection with the operation of its many lines of business (most of which have no relevant role in the subject legal allegations).

2. <u>Permissible scope of discovery</u>: Delphi objects to plaintiffs' requests to the extent the information sought:

   (a) is not relevant to the subject matter involved in the pending action;
   (b) is not reasonably calculated to lead to the discovery of admissible evidence;
   (c) is overly broad, oppressive or unduly burdensome;
   (d) is privileged against disclosure through:
       (i) the attorney-client privilege, and/or
       (ii) the work product doctrine;
   (e) seeks information and documents prepared in anticipation of litigation or for trial;
   (f) is otherwise beyond the permissible scope of discovery.
   (g) seek information or documents outside Delphi's control or knowledge;
   (h) call for information or documents without limitation as to relevant and reasonable time periods;
   (i) call for speculation, conjecture or opinions as to what might be possible;
   (j) contain instructions or definitions that are vague, ambiguous or assume the truth of alleged and disputed facts; or
   (k) conflict with the applicable rules of procedure.

3. <u>Unique product in question</u>: Delphi objects to plaintiffs' requests to the extent they seek information concerning any products, assemblies and components other than the specific product, assemblies and components involved in this case. Delphi understands the subject vehicle (2006MY Chevrolet Cobalt) to be included in the GMX001 vehicle family which consists of the Model Year 2005-2010 Chevrolet Cobalt and the Model Year 2005-2010 Pontiac G5. Unless otherwise noted, the information and documents supplied in the responses relate only to the components supplied by Delphi, namely, the PODS-B passive occupant classification system, for Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5

vehicles equipped with an occupant classification system. Delphi's PODS-B system is a type of technology focused on detecting and classifying front seat vehicle occupants so that vehicle manufacturers may comply with Federal Motor Vehicle Safety Standard 208, among others. The designs of most of the key components of a PODS-B occupant classification system (such as the sensing bladder and electronic control unit calibrations) are customized to meet the vehicle manufacturer's performance specifications for a given seat design used in a family of vehicles ("platform"). For this important reason, the design of Delphi's PODS-B system for the subject vehicle (2006 Chevrolet Cobalt) is unique from other versions of PODS-B. The unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. Therefore, Delphi's responses are limited to the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5.

      4.    <u>Investigation ongoing</u>: Delphi has made a reasonable good faith effort to locate information responsive to these requests. However, Delphi has not completed its investigation or discovery and has not finished preparing its defense. Therefore, Delphi may, while conducting its discovery and investigation and in preparing its defense, determine that existing information and documents pertain to subjects covered by these requests. In addition, Delphi may discover additional information and documents pertaining to the subjects covered by these requests. Delphi will supplement its discovery responses as required by the Maryland Rules of Civil Procedure.

      5.    <u>Protective Order requirement</u>: Delphi objects to requests seeking disclosure of information that is privileged, confidential, proprietary or trade secret until an appropriate protective order is entered by the Court.

## DEFENDANT DPH-DAS, LLC's RESPONSES TO
## PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All correspondence with General Motors regarding warranty claims relating to the PODS-B system in the GMX001.

### RESPONSE:

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify their defect theory or the particular component part of the PODS-B system to which plaintiffs' defect allegations relate. Plaintiffs' request is also not limited to warranty claims factually similar to the circumstances in this lawsuit including the size of the occupant in the right front passenger seat and/or the type of defect alleged by plaintiffs. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Subject to and without waiving its objections, Delphi is currently searching for and agrees to produce responsive documents, if found. Delphi agrees to search for and produce confidential documents, if any, in response to this request pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

### REQUEST FOR PRODUCTION NO. 2:

All correspondence with General Motors regarding customer complaints relating to PODS_B system in the GMX001.

### RESPONSE:

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify their defect theory or the particular component part of the PODS-B system to which plaintiffs' defect allegations relate. Plaintiffs' request is also not limited to customer complaints factually similar to the circumstances in this lawsuit including size of the occupant in the right front passenger seat and/or the type of defect alleged by plaintiffs. Therefore, seeking information from Delphi that

ND: 4818-2136-2442, v. 1

is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Subject to and without waiving its objections, Delphi is currently searching for and agrees to produce responsive documents, if found. Delphi agrees to search for and produce confidential documents, if any, in response to this request pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

### REQUEST FOR PRODUCTION NO. 3:

All correspondence with General Motors regarding the PODS-B system in the GMX001 improperly recognizing an occupant in the passenger seat.

### RESPONSE:

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify their defect theory or the particular component part of the PODS-B system to which plaintiffs' defect allegations relate. Plaintiffs' request is also not limited to correspondence concerning circumstances factually similar to this lawsuit including the size of the occupant in the right front passenger seat and/or the type of defect alleged by plaintiffs. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Subject to and without waiving its objections, Delphi is currently searching for and agrees to produce responsive documents, if found. Delphi agrees to search for and produce confidential documents, if any, in response to this request pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

### REQUEST FOR PRODUCTION NO. 4:

All correspondence with General Motors regarding illumination of the SRS warning light due to faults/failures within the PODS-B system in the GMX001.

### RESPONSE:

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify their defect theory or the particular component part of the PODS-B system to which plaintiffs' defect allegations relate.

Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Subject to and without waiving its objections, Delphi refers Plaintiffs to the documents previously produced as: 10027-000068 – 100027-000601. In addition, Delphi is currently searching for and agrees to produce additional responsive documents, if found. Delphi agrees to search for and produce confidential documents, if any, in response to this request pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

### REQUEST FOR PRODUCTION NO. 5:

All correspondence with General Motors regarding failure of the PODS-B system in the GMX001 to satisfy GM's internal testing requirements.

### RESPONSE:

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify their defect theory or the particular component part of the PODS-B system to which plaintiffs' defect allegations relate. Plaintiffs' request is also not limited to correspondence concerning circumstances factually similar to this lawsuit including the type of "failure" alleged by plaintiffs and the size of the occupant in the right front passenger seat. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Delphi further objects to the term "failure" as it is vague and undefined. Subject to and without waiving its objections, Delphi refers Plaintiffs to the documents previously produced as: 100027-3621–100027-3673; 100027-3674–100027-3698. In addition, Delphi is currently searching for and agrees to produce additional responsive documents, if found. Delphi agrees to search for and produce confidential documents, if any, in response to this request pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

### REQUEST FOR PRODUCTION NO. 6:

All correspondence with General Motors regarding failure of the PODS-B system in the GMX001 during testing.

### RESPONSE:

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect

theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify their defect theory or the particular component part of the PODS-B system to which plaintiffs' defect allegations relate. Plaintiffs' request is also not limited to correspondence concerning circumstances factually similar to this lawsuit including the type of "failure" alleged by plaintiffs and the size of the occupant in the right front passenger seat. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Delphi further objects to the term "failure" as it is vague and undefined. Subject to and without waiving its objections, Delphi refers Plaintiffs to the documents previously produced as: 100027-2640 – 100027-2691; 100027-2692 – 100027-2745; 100027-2746 – 100027-2869; 100027-2870 – 100027-2903; 100027-2904 – 100027-2982; 100027-2983–100027-2986; 100027-2987–100027-3104; 100027-3105–100027-3107; 100027-3108 – 100027-3145; 100027-3146–100027-3172; 100027-3173–100027-3199; 100027-3200–100027-3226; 100027-3227–100027-3320; 100027-3321–100027-3323; 100027-3324 – 100027-3326; 100027-3327 – 100027-3335; 100027-3336; 100027-3337–100027-3350; 100027-3351–100027-3354; 100027-3355–100027-3356; 100027-3357 – 100027-3358; 100027-3359 – 100027-3374; 100027-3375 – 100027-3396; 100027-3397–100027-3405; 100027-3406–100027-3410; 100027-3411–100027-3425; 100027-3426–100027-3438; 100027-3439–100027-3442; 100027-3443–100027-3445; 100027-3621 – 100027-3673; 100027-3674-100027-3698. In addition, Delphi is currently searching for and agrees to produce additional responsive documents, if found. Delphi agrees to search for and produce confidential documents, if any, in response to this request pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

**REQUEST FOR PRODUCTION NO. 7:**

All correspondence with General Motors regarding failure of the PODS-B system in the GMX001 to comply with FMVSS 208.

**RESPONSE:**

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify their defect theory or the particular component part of the PODS-B system to which plaintiffs' defect allegations relate. Plaintiffs' request is also not limited to correspondence concerning circumstances factually similar to this lawsuit including the type of "failure" alleged by plaintiffs and the size of the occupant in the right front passenger seat. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome.

Delphi further objects to the term "failure" as it is vague and undefined. Subject to and without waiving its objections, Delphi refers Plaintiffs to the documents previously produced as: 100027-3621–100027-3673; 100027-3674–100027-3698. In addition, Delphi is currently searching for and agrees to produce additional responsive documents, if found. Delphi agrees to search for and produce confidential documents, if any, in response to this request pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

### REQUEST FOR PRODUCTION NO. 8:

All correspondence with General Motors regarding verification of the PODS-B system in the GMX001 compliance with GM's performance requirements/specifications and/or FMVSS 208.

### RESPONSE:

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify their defect theory or the particular component part of the PODS-B system to which plaintiffs' defect allegations relate. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Subject to and without waiving its objections, Delphi refers Plaintiffs to the documents previously produced as: 100027-3621–100027-3673; 100027-3674–100027-3698. In addition, Delphi is currently searching for and agrees to produce additional responsive documents, if found. Delphi agrees to search for and produce confidential documents, if any, in response to this request pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

### REQUEST FOR PRODUCTION NO. 9:

All correspondence with General Motors regarding allegations that the PODS-B system in the GMX001 suppressed the passenger airbag during durability/driving/handling testing with an occupant in the passenger seat.

### RESPONSE:

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other

vehicle families/platforms. In addition, Plaintiffs have yet to identify their defect theory or the particular component part of the PODS-B system to which plaintiffs' defect allegations relate. Plaintiffs' request is also not limited to correspondence concerning circumstances factually similar to this lawsuit including the size of the occupant in the right front passenger seat and/or the type of defect alleged by plaintiffs. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Subject to and without waiving its objections, Delphi refers Plaintiffs to the documents previously produced as: 100027-3621–100027-3673; 100027-3674–100027-3698. In addition, Delphi is currently searching for and agrees to produce additional responsive documents, if found. Delphi agrees to search for and produce confidential documents, if any, in response to this request pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

## REQUEST FOR PRODUCTION NO. 10:

All correspondence with General Motors regarding GM's concerns with the performance of the PODS-B system in the GMX001.

## RESPONSE:

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify their defect theory or the particular component part of the PODS-B system to which plaintiffs' defect allegations relate. Delphi further objects as the request is vague in seeking all correspondence regarding: "concerns with the performance of the PODS-B." This term is subject to multiple interpretations and Delphi must speculate as to the category or type of documents requested. Also, the request is not limited to correspondence concerning circumstances factually similar to this lawsuit including the size of the occupant in the right front passenger seat and/or the type of defect alleged by plaintiffs. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Subject to and without waiving its objections, Delphi refers Plaintiffs to the documents previously produced as: 100027-2640 – 100027-2691; 100027-2692 – 100027-2745; 100027-2746 – 100027-2869; 100027-2870 – 100027-2903; 100027-2904 – 100027-2982; 100027-2983–100027-2986; 100027-2987–100027-3104; 100027-3105–100027-3107; 100027-3108 – 100027-3145; 100027-3146–100027-3172; 100027-3173–100027-3199; 100027-3200–100027-3226; 100027-3227–100027-3320; 100027-3321–100027-3323; 100027-3324 – 100027-3326; 100027-3327 – 100027-3335; 100027-3336; 100027-3337–100027-3350; 100027-3351–100027-3354; 100027-3355–100027-3356; 100027-3357 – 100027-3358; 100027-3359 – 100027-3374; 100027-3375 – 100027-3396; 100027-3397–100027-3405; 100027-3406–100027-3410; 100027-3411–100027-3425; 100027-3426–100027-3438; 100027-3439–100027-3442; 100027-3443–100027-3445; 100027-3621 –

100027-3673; 100027-3674-100027-3698. In addition, Delphi is currently searching for and agrees to produce additional responsive documents, if found. Delphi agrees to search for and produce confidential documents, if any, in response to this request pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

### REQUEST FOR PRODUCTION NO. 11:

All correspondence with General Motors regarding suggested changes in the design of the PODS-B system in the GMX001.

### RESPONSE:

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify their defect theory or the particular component part of the PODS-B system to which plaintiffs' defect allegations relate. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Subject to and without waiving its objections, Delphi is currently searching for agrees to produce responsive documents, if found. Delphi agrees to search for and produce confidential documents, if any, in response to this request pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

### REQUEST FOR PRODUCTION NO. 12:

All computer simulation work wherein a simulated occupant is placed on the passenger seat and the computer analyzes whether the PODS-B system in the GMX001 would or would not suppress the airbag.

### RESPONSE:

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify their defect theory or the particular component part of the PODS-B system to which plaintiffs' defect allegations relate. Delphi further objects to the request as it is not limited to documents concerning circumstances

factually similar to this lawsuit including the size of the occupant in the right front passenger seat. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Subject to and without waiving its objections, after a reasonable search, Delphi does not possess information responsive to Plaintiffs' request for "computer simulations," to the extent Delphi understands that term. Subject to and without waiving its objections, for further answer Delphi refers Plaintiffs to the documents previously produced as: 100027-2640–100027-2691; 100027-2692 – 100027-2745; 100027-2746 – 100027-2869; 100027-2870–100027-2903; 100027-2904 – 100027-2982; 100027-2983–100027-2986; 100027-2987–100027-3104; 100027-3105–100027-3107; 100027-3108–100027-3145; 100027-3146–100027-3172; 100027-3173–100027-3199; 100027-3200–100027-3226; 100027-3227–100027-3320; 100027-3321–100027-3323; 100027-3324–100027-3326; 100027-3327–100027-3335; 100027-3336; 100027-3337–100027-3350; 100027-3351–100027-3354; 100027-3355–100027-3356; 100027-3357–100027-3358; 100027-3359–100027-3374; 100027-3375–100027-3396; 100027-3397–100027-3405; 100027-3406–100027-3410; 100027-3411–100027-3425; 100027-3426–100027-3438; 100027-3439–100027-3442; 100027-3443–100027-3445; 100027-3621–100027-3673; 100027-3674-100027-3698; 100027-3446–100027-3458; 100027-3459; 100027-3460; 100027-3461; 100027-3462; 100027-3468–100027-3472; 100027-3473; 100027-3474; 100027-3475; 100027-3476; 100027-3477; 100027-3478–100027-3490; 100027-3491–100027-3511; 100027-3512–100027-3531; 100027-3532; 100027-3533; 100027-3534–100027-3536; 100027-3537–100027-3539; 100027-3540–100027-3541; 100027-3542–100027-3545; and, 100027-3546–100027-3547.

### REQUEST FOR PRODUCTION NO. 13:

All documents relating to General Motors Technical Service Bulletin No. 09-09-40-003A, attached hereto as Exhibit A.

### RESPONSE:

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify their defect theory or the particular component part of the PODS-B system to which plaintiffs' defect allegations relate. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Subject to and without waiving its objections, Delphi is currently searching for and agrees to produce responsive documents, if found. Delphi agrees to search for and produce confidential documents, if any, in response to this request pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

### REQUEST FOR PRODUCTION NO. 14:

ND: 4818-2136-2442, v. 1

All documents relating to General Motors Technical Service Bulletin No. 09-09-41-002, attached hereto as Exhibit B.

**RESPONSE:**

 Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify their defect theory or the particular component part of the PODS-B system to which plaintiffs' defect allegations relate. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Subject to and without waiving its objections, Delphi is currently searching for and agrees to produce responsive documents, if found. Delphi agrees to search for and produce confidential documents, if any, in response to this request pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

## REQUEST FOR PRODUCTION NO. 15:

All documents relating to General Moors Technical Service Bulletin No. 06-08-50-009F, attached hereto as Exhibit C.

**RESPONSE:**

 Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify their defect theory or the particular component part of the PODS-B system to which plaintiffs' defect allegations relate. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Subject to and without waiving its objections, Delphi is currently searching for and agrees to produce responsive documents, if found. Delphi agrees to search for and produce confidential documents, if any, in response to this request pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

## REQUEST FOR PRODUCTION NO. 16:

All documents relating to General Motors Technical Service Bulletin No. 08-09-41-007C, attached hereto as Exhibit D.

**RESPONSE:**

Delphi objects to this request on grounds of relevancy, vagueness and overbreadth. Specifically, the request is not limited to the subject vehicle platform or to plaintiffs' defect theory. As detailed in General Objection No. 3 above, the unique design and calibration of the PODS-B system used in the Model Year 2006-2008 Chevrolet Cobalt and the Model Year 2006-2008 Pontiac G5 differs from the PODS-B used in the 2008-2010 Chevrolet Cobalt SS and other vehicle families/platforms. In addition, Plaintiffs have yet to identify their defect theory or the particular component part of the PODS-B system to which plaintiffs' defect allegations relate. Therefore, seeking information from Delphi that is unrelated and irrelevant to plaintiffs' defect allegations is over broad and unduly burdensome. Subject to and without waiving its objections, Delphi is currently searching for and agrees to produce responsive documents, if found. Delphi agrees to search for and produce confidential documents, if any, in response to this request pursuant to plaintiffs' July 30, 2010 agreement to fully abide by all the terms of Delphi's proposed protective order until a different agreement is reached or the court enters a protective order governing production of confidential documents.

4848-5945-3962, v. 1

ND: 4818-2136-2442, v. 1