BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, Michigan  48226
(313) 225-7000
Cynthia J. Haffey
Chester E. Kasiborski, Jr.

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| Reorganized Debtors. | |

**JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED DEBTORS AND DAVID ARMSTRONG ALLOWING AND COMPROMISING ADMINISTRATIVE EXPENSE CLAIM NO. 20086**

**(DAVID ARMSTRONG)**

DPH Holdings Corp. ("DPH") and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and David Armstrong (the "Claimant") submit this Joint Stipulation And Agreed Order Between Reorganized Debtors and David Armstrong Allowing And Compromising And Administrative Expense Claim No. 20086 ("Joint Stipulation and Order"), and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York ("this Court").

WHEREAS, on June 16, 2009, this Court entered its Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order"), which, among other things, established June 15, 2009 as the bar date for asserting administrative expense claims arising from October 8, 2005 through May 31, 2009.

WHEREAS, on or about July 15, 2009, this Court entered the Stipulation And Agreed Order Modifying Paragraph 38 Of Modification Procedures Order Establishing Administrative Expense Bar Date (Docket No. 18259) to provide that paragraph 38 of the Modification Procedures Order should be amended to require parties to submit an Administrative Expense Claim Form for Claims for the period from the commencement of these cases through May 31, 2009 rather than through June 1, 2009.

WHEREAS, on October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707) (the "Modification Approval Order"), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the Effective Date of the Modified Plan, the injunctions set forth in Article 11.14 of the Modified Plan and paragraph 22 of the Modification Approval Order (together, the "Plan Injunction") went into effect, which enjoined any person from taking any action against DPH or any of the other former debtors in the above-captioned

2

cases to collect, offset, or recover any claim, interest, or cause of action satisfied, released, or discharged under the Modified Plan.

WHEREAS, on October 22, 2009, this Court entered an order (Docket No. 18998) (the "Administrative Claims Objection Procedures Order") (a) authorizing and directing the Reorganized Debtors to apply certain claims objection procedures (the "Claims Objection Procedures") to any dispute with respect to Administrative Claims[1] and (b) stating that all Administrative Claims shall be subject to the Claims Objection Procedures. These Claims Objection Procedures are set forth in an order entered by this Court on December 6, 2006 (Docket No. 6089).

WHEREAS, on March 26, 2010, Claimant commenced an action against Delphi Corporation/DPH Holdings Corporation and UAW Local 699 in the United States District Court for the Eastern District of Michigan, Northern Division, which was assigned Case No. 10-CV-11220, relating to Claimant's postpetition employment with the Debtors (the "Civil Action").

WHEREAS, on October 29, 2010, Claimant filed his Motion By David Armstrong To Deem Claim For Administrative Expense Timely Filed Pursuant To Fed. R. Bankr. P. 9006(b) And 11 U.S.C. §503(b) (Docket No. 20760), seeking an order determining that an administrative expense claim relating to Mr. Armstrong's postpetition employment with the Debtors (the "Administrative Expense Claim") be deemed to have been timely filed.

WHEREAS, on November 10, 2010, the Reorganized Debtors filed their Limited Statement Regarding Motion By David Armstrong To Deem Claim For Administrative Expense Claim Timely Filed Pursuant To Fed. R. Bankr. P. 9006(b) And 11 U.S.C. §503(b) (Docket No. 20778).

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Modified Plan.

WHEREAS, on November 22, 2010 this Court entered its Order Granting Motion By David Armstrong To Deem Claim For Administrative Expense Timely Filed Pursuant To Fed. R. Bankr. P. 9006(b) And 11 U.S.C. §503(b) (Docket No. 20844), which ruled that the Administrative Expense Claim was timely filed. The Administrative Expense Claim was subsequently assigned proof of administrative expense claim number 20086 ("Administrative Expense Claim 20086").

WHEREAS, on January 31, 2011 this Court entered its Joint Stipulation and Agreed Order Permitting Parties to Proceed With Postpetition Litigation (Docket No. 21100) ("Postpetition Litigation Order") which provided, in part, that:

(A)     Notwithstanding anything to the contrary in the Confirmation Order, the Modified Plan, or the Modification Approval Order, the Plan Injunction was modified solely to permit Claimant to prosecute the Civil Action and proceed to a final judgment or settlement, and the Reorganized Debtors were permitted to defend the Civil Action and proceed to a final judgment or settlement; and

(B)     Should Claimant prevail in the Civil Action and obtain a final judgment against the Reorganized Debtors or should Claimant settle the Civil Action with the Reorganized Debtors: (i) Administrative Expense Claim 20086 shall be allowed as an administrative expense priority claim in the amount of the final judgment against or settlement with the Reorganized Debtors; and (ii) Claimant shall only be permitted to execute on such final judgment against or settlement with the Reorganized Debtors through the allowance of Administrative Expense Claim 20086, and distribution on account of such allowed Administrative Expense Claim 20086 shall be in accordance with the provisions of the Modified Plan.

WHEREAS, the Reorganized Debtors and Claimant have settled the Civil Action, all parties to the Civil Action have executed a confidential Settlement Agreement and Release of All Claims ("Civil Action Settlement Agreement"), and the period within which Claimant was permitted to revoke the Civil Action Settlement Agreement has now expired.

NOW, THEREFORE, the Reorganized Debtors and the Claimant stipulate and agree as follows:

1. In accordance with the Postpetition Litigation Order and the Civil Action Settlement Agreement, Administrative Expense Claim 20086 shall be allowed in the amount of $75,000.00.

2. DPH has already paid to or on behalf of Claimant $75,000.00 by issuing checks to the payees and in the amounts designated in Paragraph 2 of the Civil Action Settlement Agreement and Claimant acknowledges that those payments have in fact been made.

3. Allowance of Administrative Expense Claim 20086 in the amount of $75,000, and the payments already made by DPH that are referenced in Paragraph 2 of this Joint Stipulation and Order, are in full satisfaction of Administrative Expense Claim 20086, and the Claimant releases and discharges Debtors and Reorganized Debtors from any other payments on Administrative Expense Claim 20086.

4. Nothing herein shall be construed as an admission of liability on behalf of the Reorganized Debtors or Debtors with respect to any portion of Administrative Expense Claim 20086.

5. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Joint Stipulation and Order.

AGREED TO AND APPROVED FOR ENTRY:

| BUTZEL LONG, a professional corporation | PEPPER HAMILTON LLP |
|---|---|
| By: /s/ Chester E. Kasiborski<br>    Cynthia J. Haffey<br>    Chester E. Kasiborski, Jr.<br>150 West Jefferson, Suite 100<br>Detroit, MI  48226<br>(313) 225-7000<br>Fax:  (313) 225-7080<br><br>Attorneys for DPH Holdings Corp., *et al*<br>Reorganized Debtors | By: /s/ Robert S. Hertzberg<br>    Robert S. Hertzberg, Esq. (RH 7433)<br>The New York Times Building, 37th Fl.<br>620 Eighth Avenue<br>New York, NY  10018-1405<br>Tel:  (212) 808-2700<br><br>PEPPER HAMLTON LLP<br><br>By: /s/ Deborah Kovsky-Apap<br>    Deborah Kovsky-Apap (DK 6147)<br>Suite 3600, 100 Renaissance Center<br>Detroit, MI  48243<br>(313) 259-7110<br><br>Attorneys for Claimant David Armstrong |

SO ORDERED in White Plains, New York this 13th day of January, 2012

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE