B210
(12/04)

# United States Bankruptcy Court

## Southern District of New York

In re DPH HOLDINGS CORP., et al.,         Case No. 05-44481 (Jointly Administered)

Reorganized Debtors                       Court ID (Court use only)_____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| Southpaw Koufax, LLC<br>Name of Transferee | TAI Unsecured Creditors Liquidating Trust<br>Name of Transferor |
| Name and Address where notices to transferee should be sent:<br>Southpaw Koufax, LLC<br>2 West Greenwich Office Park, 1st Floor<br>Greenwich, CT 06831<br>Attn: Jeff Cohen<br>Phone: (203) 862-6208<br>Last Four Digits of Acct #: _____ | Court Record Address of Transferor<br>(Court Use Only)<br><br><br><br><br><br>Last Four Digits of Acct. #: _____ |
| Name and Address where transferee payments should be sent (if different from above)<br><br><br><br>Phone: _____<br><br>Last Four Digits of Acct #: _____ | Name and Current Address of Transferor<br>TAI Unsecured Creditors Liquidating Trust<br>c/o LeClairRyan<br>2318 Mill Road, Suite 110<br>Alexandria, VA 22314<br>Phone:<br>Last Four Digits of Acct. #: _____ |

Court Claim # (if known): 16573
Date Claim Filed: 03/14/07

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _Jeff Cohen_                                Date: February 1, 2012
      Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

~~DEADLINE TO OBJECT TO TRANSFER~~

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                              _____
                                              CLERK OF THE COURT

**EXHIBIT B**

## EVIDENCE OF TRANSFER OF CLAIM

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

Claim No.: 16573

For good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby acknowledged, TAI Unsecured Creditors Liquidating Trust (the "Seller") its successors and assigns, does hereby unconditionally and irrevocably sell, transfer and assign unto Southpaw Koufax, LLC its successors and assigns (the "Buyer"), all rights, title, interest, claims and causes of action in and to, or arising under or in connection with Claim No. 16573 in the amount of $1,150,000.00 (the "Claim") against DAS LLC (the "Debtor"), one of the debtors in the Chapter 11 bankruptcy case entitled In re: Delphi Corporation, et al., Case No. 05-44481 (RDD) pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and all Scheduled claims and proofs of claim filed by Seller in respect thereof.

Seller hereby waives any objection to the transfer of the Claim to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Claim and recognizing the Buyer as the sole owner and holder of the Claim.

You are hereby directed to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to Buyer at the following address:

Southpaw Koufax, LLC
2 West Greenwich Office Park, 1st Floor
Greenwich, CT 06831
Email: JC@SouthpawAsset.com
Tel: (203) 862-6208

*(Remainder of page intentionally left blank)*

*(Signature page to follow)*

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Transfer of Claim by its duly authorized representative dated ~~December~~ 31, ~~2011~~ 2012.
January

**TAI UNSECURED CREDITORS LIQUIDATING TRUST**

By: _____
Name: Eugene Davis
Title:


**SOUTHPAW KOUFAX, LLC**

By: _____
Name:
Title:

**Howard Golden
Member**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOINT STIPULATION AND AGREED ORDER (I) COMPROMISING AND
ALLOWING PROOF OF CLAIM NUMBER 16573 AND (II) DISALLOWING
AND EXPUNGING PROOF OF CLAIM NUMBER 15221
(TOWER AUTOMOTIVE, INC.)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and the TAI Unsecured Creditors Liquidating Trust (the "Trust") respectfully submit this Joint Stipulation And Agreed Order (i) Compromising And Allowing Proof Of Claim Number 16573 And (ii) Disallowing And Expunging Proof Of Claim Number 15221 (Tower Automotive, Inc.) and agree and state as follows:

WHEREAS, on February 2, 2005 (the "Tower Petition Date"), R.J. Tower Corporation and the other above-captioned reorganized debtors (collectively, the "Tower") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Tower Bankruptcy Court").

WHEREAS, on October 8, 2005, Delphi Corporation, together with certain of its U.S. affiliates, including DAS LLC (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of the Bankruptcy Code, as then amended, in the United States Bankruptcy Court for the Southern District of New York (the "Delphi Bankruptcy Court").

WHEREAS, on July 31, 2006, Tower filed proof of claim number 15221 ("Proof of Claim 15221") against DAS LLC, which asserts an unsecured non-priority claim in an unliquidated amount stemming from allegedly avoidable transfers under section 547 and 548 of the Bankruptcy Code ("Claim 15221").

WHEREAS, on October 31, 2006, the Debtors objected to Claim 15221 pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims

Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").

WHEREAS, on November 22, 2006, Tower filed the Response Of Tower Automotive Inc. To Debtors' Third Omnibus Objection (Docket No. 5794).

WHEREAS, on March 14, 2007, Tower filed proof of claim number 16573 ("Proof of Claim 16573") against DAS LLC, which amends Claim 15221. Tower asserts an unsecured non-priority claim of $14,540,878.50 and an unliquidated secured claim stemming from allegedly avoidable transfers under section 547 and 548 of the Bankruptcy Code ("Claim 16573" and, together with Claim 15221, the "Claims").

WHEREAS, on July 11, 2007, the First Amended Plan Of Tower Automotive, Inc., And Its Debtor Subsidiaries Under Chapter 11 Of The Bankruptcy Code With Technical Modifications (the "Tower Plan") was confirmed.

WHEREAS, on July 12, 2007 the Tower Bankruptcy Court entered an order confirming the First Amended Joint Plan of Tower Automotive, Inc. and its Debtor Subsidiaries Under Chapter 11 of the Bankruptcy Code with Technical Modifications (as it may be amended in accordance with the provisions thereof, the "Plan").

WHEREAS, on July 31, 2007 (the "Effective Date"), the Tower Debtors entered the Notice of Occurrence of Effective Date of the Plan.

WHEREAS, pursuant to the Tower Plan, on the Effective Date the TAI Unsecured Creditors Liquidating Trust (the "Trust" or the "UCT") was established and the right to prosecute and settle the Claims as the representative of the applicable Tower Debtor estates was transferred to the UCT.

WHEREAS, pursuant to that certain Unsecured Creditors Trust Agreement (the "UCT Agreement"), executed on or about July 25, 2007 by the Tower Debtors, on the one hand, and Eugene I. Davis (the "Trustee") in his capacity as the trustee of the UCT, on the other hand, the form of which was approved by the Tower Bankruptcy Court, the UCT is authorized to execute and consummate this Settlement Agreement without (i) a further order of the Bankruptcy Court, or (ii) notice to any third party.

WHEREAS, the UCT Agreement is deemed a part hereof and incorporated by reference herein.

WHEREAS, on August 24, 2007, the Debtors objected to Claim 16573 pursuant to the Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification (Docket No. 9151) (the "Twentieth Omnibus Claims Objection").

WHEREAS, on September 24, 2007, the Trust filed the Response Of The TAI Unsecured Creditors Liquidating Trust To The Debtors' Twentieth Omnibus Claims Objection (Docket No. 9559) (the "Response").

WHEREAS, on December 12, 2007, to resolve the Third and Twentieth Omnibus Claims Objections with respect to the Claims, DAS LLC and the Trust entered into a settlement agreement (the "Settlement Agreement").

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and

4

agrees that (i) Claim 16573 shall be allowed against DAS LLC in the amount of $1,150,000.00 and (ii) Claim 15221 shall be disallowed and expunged in its entirety.

WHEREAS, DAS LLC is authorized to enter into the Settlement Agreement pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and the Trust stipulate and agree as follows:

1. Claim 16573 shall be allowed in the amount of $1,150,000.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. Claim 15221 shall be disallowed and expunged in its entirety.

3. The Trust's Response to the Twentieth Omnibus Claims Objection shall be deemed withdrawn with prejudice upon the entry of this Stipulation.

So Ordered in New York, New York, this 11th day of January, 2008

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Ira S. Dizengoff |
|---|---|
| John Wm. Butler, Jr. | Ira S. Dizengoff |
| John K. Lyons | AKIN GUMP STRAUSS HAUER & FELD LLP |
| Ron E. Meisler | 590 Madison Avenue |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | New York, New York 10022-2524 |
| 333 West Wacker Drive, Suite 2100 | (212) 872-1000 |
| Chicago, Illinois 60606-1285 | |
| (312) 407-0700 | |
| - and - | - and - |
| Kayalyn A. Marafioti | David M. Dunn |
| Thomas J. Matz | 1333 New Hampshire Avenue, N.W. |
| Four Times Square | Washington, D.C. 20036 |
| New York, New York 10036 | (202) 887-4000 |
| (212) 735-3000 | |
| | Attorneys for the TAI Unsecured Creditors Liquidating Trust |
| Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession | |