**Hearing Date and Time:  February 16, 2012 at 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Albert L. Hogan, III
Ron E. Meisler

            - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUR-REPLY TO REPLY BRIEF IN
FURTHER SUPPORT OF MOTION OF THE BANK OF NEW YORK, AS
INDENTURE TRUSTEE, PAUL FEINSILVER, JAMES A. KLOTZ AND
TERRENCE O'GRADY FOR PERMISSION TO PROCEED IN THE
APPROPRIATE TRIBUNAL AS AGAINST THE REORGANIZED
DEBTORS, OR ALTERNATIVELY, TO DIRECT THE REORGANIZED
DEBTORS TO CONTINUE TO MAKE ALL PAYMENTS OF
PRINCIPAL AND INTEREST AS AN ADMINISTRATIVE CLAIM

In accordance with the Notice Of Rescheduling Of Seventy-Fourth Omnibus Hearing And Fifty-Second Claims Hearing (Docket No. 21800), dated January 10, 2012, the Reorganized Debtors submit this sur-reply to the Reply Brief In Further Support Of Motion Of The Bank Of New York Mellon, As Indenture Trustee, Paul Feinsilver, James A. Klotz And Terrance O'Grady For Permission To Proceed In The Appropriate Tribunal As Against The Reorganized Debtors, Or Alternatively, To Direct The Reorganized Debtors To Continue To Make All Payments Of Principal And Interest As An Administrative Claim (Docket No. 21813), dated January 18, 2012 (the "Reply").[1]

<u>Preliminary Statement</u>

In the Reply, the Bank of New York Mellon Corporation ("BNYM," or the "Indenture Trustee") and Paul Feinsilver, James A. Klotz, and Terrance O'Grady (collectively, the "Bondholders," and together with the Indenture Trustee, the "Movants") attempt to elevate their time-barred prepetition claims into administrative claims. In principle, the Movants argue that the claims relating to the Bonds was not discharged because (i) the liabilities were not scheduled properly, (ii) the indenture trustee with respect to the Bonds did not receive adequate notice of the Bar Date, (iii) the Debtors assumed[2] the 1999 Assignment Agreement via the Amended MRA, and (iv) the Debtors are estopped from discharging the liabilities. As discussed

---

[1]    Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Reorganized Debtors' Objection To Motion Of The Bank Of New York Mellon, As Indenture Trustee, Paul Feinsilver, James A. Klotz And Terrence O'Grady For Permission To Proceed In The Appropriate Tribunal As Against The Reorganized Debtors (Docket No. 21787), dated January 5, 2012 (the "Objection").

[2]    In their Motion, the Movants based their argument that their claims should be allowed based on the "ride through principle," arguing that the 1999 Assignment Agreement was neither assumed nor rejected. (Docket No. 21758 ¶ 25.) In the Reply, however, the Movants now seem to distance themselves from that argument and instead assert that the 1999 Assignment Agreement was assumed. While the Reorganized Debtors are not sure which argument the Movants will assert at the hearing, since the Reorganized Debtors have already addressed the "ride through principle" argument in their objection, for the sake of brevity, the Reorganized Debtors will only address the assumption argument below.

below, the Movants have not satisfied the threshold matter of lifting the Plan Injunction and each

of these arguments fails on the merits.

<u>Argument</u>

I.    THE MOVANTS CONTINUE TO IGNORE THE JOINT STIPULATION AND
      AGREED ORDER.

   1. The central point of the Reply is that the Reorganized Debtors' obligations

relating to the Bonds were not discharged pursuant to 11 U.S.C. § 1141(d)(1)(A), the Modified

Plan, and the Plan Modification Order. As the Reorganized Debtors explained in their Objection,

however, this question was resolved definitively by agreement of the parties and order of this

Court in the Joint Stipulation And Agreed Order. (Docket No. 21787 ¶ 60.) Specifically, the

Reorganized Debtors, the Indenture Trustee, and Delphi Automotive LLP stipulated and agreed

that: "[t]he Indenture Trustee is subject to the injunctions in Article 11.14 of the Modified Plan

and paragraph 22 of the Plan Modification Order (collectively, the 'Plan Injunction')." (Docket

No. 20993 ¶A). Pursuant to the Modified Plan, to be subject to the Plan Injunction means that

the Movants' claims, if any, were either "satisfied, discharged, released, or subject to

exculpation . . ." (Docket No. 18707 ¶ 22.) Of those options, only discharge makes sense under

the circumstances presented here. Nevertheless, the Movants continue to ignore the effect of the

Joint Stipulation And Agreed Order, and they have not sought reconsideration of the Joint

Stipulation And Agreed Order. Under these circumstances, there is no basis for entertaining the

Movants' discharge argument.[3]

---

[3] Although the Movants make a passing reference to lifting the Plan Injunction and the <u>Sonnax</u> factors in the
Reply, the Movants did not request this relief in the Motion. As a result, the request is procedurally barred. <u>See</u>
<u>Thomas v. Roach</u>, 165 F.3d 137, 145-46 (2d Cir. 1999) (where appellant raises an argument for the first time in
its reply brief, the court declines to consider it); <u>NLRB v. Star Color Plate Service, Div. of Einhorn Enterprises,
Inc.</u>, 843 F.2d 1507, 1510 n3 (2d Cir. 1998) (same); <u>Primavera Familienstiftung v. Askin</u>, 130 F. Supp. 2d 450,
506-07 n61 (S.D.N.Y. 2001) (where court finds that failure of plaintiff to raise an argument for the first time in
its reply brief is itself sufficient grounds for rejecting the argument).

II.     THE ARGUMENTS SET FORTH IN THE REPLY FAIL ON THE MERITS.

        2.      Putting this gating issue aside, all of the arguments set forth in the Reply

similarly fail on the merits for the reasons discussed below.

    A.    <u>Scheduling</u>

        3.      The Movants assert that the Reorganized Debtors failed to schedule

properly their liability relating to the Bonds.  (Docket No. 21813 at 2-5.)  As the Movants

acknowledge in their Reply, however, the liability was listed on DAS LLC's amended schedule

of assets and liabilities as obligations owing to GM.  (Docket No. 21813 at 3-4.)  The Debtors

scheduled these claims in that manner because the obligations arose from the 1999 Assignment

Agreement and the sole parties to the 1999 Assignment Agreement were GM and DAS LLC.

(Docket No. 21787 Ex. C.)

        4.      Furthermore, as the Reorganized Debtors noted in their objection,

although the scheduling of a claim may make it unnecessary for a creditor to file a proof of claim

in some cases, it does not excuse the Indenture Trustee from filing a proof of claim, nor does it

affect whether an obligation with respect to the claim falls within the discharge provided

pursuant to section 1141(d)(1)(A) of the Bankruptcy Code.  (Docket No. 21787 ¶ 52.)

        5.      The fact that the debt at issue was not scheduled as to the Indenture

Trustee with respect to the Bonds made it all the more important for the Indenture Trustee to file

a proof of claim.  Despite the requirements of the Bar Date Notice,[4] the Bankruptcy Code, and

the Bankruptcy Rules, it is undisputed that the Indenture Trustee failed to file a proof of claim.

<u>See</u> 11 U.S.C. § 1111(a); Fed. R. Bankr. P. 3003(b)(1), (c)(2) ("*Who Must File:*  Any creditor or

---

[4]    The Bar Date Notice  (Docket 3105) (the "Bar Date Notice") provided: "You do not need to file a proof of claim
on or prior to the General Bar Date if you are: (a) Any Person or Entity (i) which **agrees** with the nature,
classification, and amount of its Claim set forth in the Schedules and (ii) whose Claim against a Debtor is not
listed as "disputed," "contingent," or "unliquidated" in the Schedules" (Docket No. 3105 ¶ 4 (emphasis added).)

equity security holder *whose claim or interest is not scheduled* or scheduled as disputed,

contingent, or unliquidated *shall* file a proof of claim" (emphasis added)).

     B.    <u>Notice</u>

     6.    The Movants appear to have abandoned the argument that they received

no notice of the Bar Date and the Modifed Plan.  Instead, with respect to the notices provided to

the Indenture Trustee, the Movants make two arguments, both of which fail.  First, the Movants

assert for the first time that JPMorgan Chase ("JPM"), rather than BNYM, was the indenture

trustee with respect to the Bonds as of the Bar Date.  (Docket No. 21813 Ex. A.)  To support this

assertion, the Movants point to a news release issued by BNYM on October 2, 2006, announcing

the completion of BNYM's acquisition of JPM's corporate trust business in exchange for

BNYM's retail banking and regional middle-market business.  (Docket No. 21813 Ex. A.)

     7.    Assuming for purposes of this sur-reply that JPM was in fact the indenture

trustee as of the Bar Date,[5] that provides no support for the Movants' notice argument.  The

affidavit of service filed by KCC on April 28, 2006, shows that JPM was also served with the

Court-approved Notice Of Bar Date For Filing Proofs Of Claim and a Proof Of Claim form at

several addresses (Docket No. 3501.)[6]  JPM was served by postage prepaid U.S. mail on or

before April 20, 2006.  (<u>Id.</u>)  In addition, James L. Bromley filed a notice of appearance on

---

[5]    The news release, standing alone, does not establish when the Indenture Trustee became the indenture trustee with respect to the Bonds.  It is possible, for example, that the Indenture Trustee attained that position outside of and prior to the acquisition announced in the news release.  In this regard, the Reorganized Debtors find it somewhat curious that the Indenture Trustee did not mention the alleged fact that the Indenture Trustee was not the indenture trustee as of the Bar Date at any time during the litigation of the Second Indenture Trustee Plan Injunction Motion or in the Motion under consideration here.

[6]    The relevant portion of this affidavit is attached to this sur-reply as <u>Exhibit A</u>.

behalf of JPM[7] and was served with the Bar Date.  The relevant portion of KCC's affidavit regarding the Bar Date is attached to this sur-reply as <u>Exhibit C</u>.

8.    Second, the Movants continue to press their argument that the notices provided to the Indenture Trustee and JPM were inadequate because the Indenture Trustee and JPM did not receive them in their capacity as indenture trustees.  (Docket No. 21813 at 6.)  As the Reorganized Debtors explained in their objection, however, there is no legal authority for the notion that the Reorganized Debtors were obligated to specify in the address labels that the notices were directed to the Indenture Trustee and JPM in that particular capacity.  (Docket No. 21787 ¶ 65.)

9.    The Movants' attempt to state that 11 U.S.C. § 342(g) required the Reorganized Debtors to use specified labels directed toward the Indenture Trustee in a particular capacity falls flat.  As a preliminary matter, 11 U.S.C. § 342 (g) was enacted after the Petition Dates and therefore should not apply to these cases.  <u>See</u> <u>In re Zerbo</u>, 397 B.R. 642, 648 (Bankr. E.D.N.Y. 2008) (because the bankruptcy case was filed prior to October 17, 2005 and the effective date of the relevant BAPCPA amendments, the court applies the Bankruptcy Code and Rules as they existed prior to the enactment of BAPCPA).  In any event, even if Section 342(g) did apply, the Movants still misstate the law.  It is the responsibility of the creditor to designate a person or organizational subdivision responsible for receiving notice through "reasonable procedures,"  either by giving an address to the Bankruptcy Noticing Center for notices, filing an appearance, or designating an address on a proof of claim.  <u>See</u> <u>Harvey v. United Techs.</u> (In re

---

[7]    <u>See</u> the Notice Of Appearance And Demand For Service Of Papers By James L. Bromley On Behalf Of Bear, Stearns & Co. Inc., Citigroup Inc., Credit Suisse First Boston, Deutsche Bank Securities, Inc., Goldman Sachs Group, Inc., JPMorgan Chase & Co., Lehman Brothers Inc., Merrill Lynch & Co., Morgan Stanley & Co., Inc., And UBS Securities LLC, dated November 10, 2005. (Docket No. 1014), which is attached hereto as <u>Exhibit B</u>.

Harvey), 388 B.R. 440, 447 (Bankr. D. Me. 2008) (where record does not show that creditor had

established "reasonable procedures" for receipt of notices, 342(g) was not violated).

        10.     Indeed this Court as well as other courts have held that burden is on the

creditor to designate any particular division to receive notice.  See In re Delphi Corp., 2009

Bankr. LEXIS 571, at *8 (Bankr. S.D.N.Y. Jan. 20, 2009) (where the Court held that "the

Bankruptcy Code puts the onus on the creditor to specify a particular division or subdivision to

receive notice" under 342(g)(1); see also In re Combs, 2006 Bankr. LEXIS 3569 (Bankr. N.D.

Ga. Nov. 20, 2006) (where creditor had not designed a particular person or subdivision

responsible for receiving notices of bankruptcy filings, 342(g)(1) did not apply).

        11.     It is undisputed that the Indenture Trustee never filed a notice of

appearance, a proof of claim, or established "reasonable procedures" to direct notice in these

cases.  Accordingly, even if section 342(g) was applicable, the Indenture Trustee did not comply

with the provision.

        C.     The Amended MRA

        12.     The Reply sets forth three principal arguments regarding the Amended

MRA: (i)  the Reorganized Debtors' obligations relating to the Bonds were not discharged

because the Reorganized Debtors assumed the 1999 Assignment Agreement via the Amended

MRA, (ii) the Movants' status was somehow improved pursuant to the Amended MRA, and (iii)

the 1999 Assignment Agreement was never terminated.  As described below, each argument is

without merit.

        (i)     The Reorganized Debtors Did Not Assume The 1999
                Assignment Agreement Pursuant to the Amended MRA

        13.     As we set forth in the Objection, the 1999 Assignment Agreement is a

non-executory contract, therefore was not subject to assumption (or rejection) under Section

365(a).  See 11 U.S.C. § 365 (a) ("[s]ubject to the court's approval, [the debtor/trustee] may

assume or reject any executory contract or unexpired lease of the debtor.")  The Movants make

the general assertion that the 1999 Assignment Agreement was assumed; however, they do not

take issue with the analysis set forth in the Objection that the agreement was non-executory and

therefore could not have been assumed.  See In re Chateaugay Corp., 102 B.R. 335, 350 (Bankr.

S.D.N.Y. 1989) (holding that agreements that "do not constitute either true leases or executory

contracts for purposes of § 365 of the Code . . . are not susceptible to assumption or rejection");

see also In re Ridizio, Inc., 204 B.R. 417, 421 (Bankr. S.D.N.Y. 1997); In re Raymond, 129 B.R.

354, 357 (Bankr. S.D.N.Y. 1991).

(ii)      The Movants' Status As Prepetition Creditors Was Not
          Improved Via The Amended MRA

14.      In their Reply, the Movants assert that the Reorganized Debtors'

obligations relating to the Bonds were not discharged in connection with the Modified Plan

because they somehow gained new administrative payment rights pursuant to the Amended

MRA.  The Movants base their argument on the provision of the Amended MRA that provided

that, as of the effective date of the Amended MRA in September 2008, the 1999 Assignment

Agreement "shall, as applicable, be either assumed, reinstated, or ratified (including as amended,

as applicable)." (Docket No. 14287 § 5.01(a)(vi).)  However, neither the Indenture Trustee nor

the Bondholders were parties to the Amended MRA.  Nor are they third-party beneficiaries of

the Amended MRA.  Section 8.18 of the Amended MRA states that:

> nothing contained in this Agreement is intended to confer any rights or remedies
> under or by reason of this Agreement on any person or entity other than the
> Parties hereto, . . . nor shall any provision give any third party any right of
> subrogation or action over or against any Party to this Agreement.

(Docket No. 14287 Ex. B § 8.18.)

8

15.    The Amended MRA was part of a bilateral arrangement between Delphi
and GM that was intended to affect only the rights and obligations as between Delphi and GM
and specifically precluded third-party beneficiaries by it terms.  As the Reorganized Debtors
discussed at length in the Second Indenture Trustee Plan Injunction Motion,[8] section 8.18 of the
Amended MRA conclusively established that third-parties such as the Indenture Trustee and the
Bondholders have no rights or remedies under the Amended MRA.  Rather, as this Court has
noted, the termination of agreements pursuant to the MDA, such as the Amended MRA,
"reflected a settlement as between – a global settlement, as between GM and Delphi."  (Docket
No. 20640 at 107:19-108:2 (emphasis added).)  Accordingly, there is no basis for concluding that
Delphi undertook post-petition obligations enforceable by the Indenture Trustee by virtue of the
Amended MRA.

(iii)    Termination of the 1999 Assignment Agreement under the
Amended MRA

16.    The Movants also point out that the 1999 Assignment Agreement was not
among the contracts listed in Section 9.19.1 of the MDA, which provided a non-exclusive list of
contracts to be terminated.  (Docket No. 21813 at 8.)  Because the provision of the MDA that is
most important here – Section 9.19.2 – is a catchall provision terminating all obligations under
the Amended MRA as of October 6, 2009, the foregoing omission is not relevant to this analysis.
Moreover, even if one were to look past Section 9.19.2 of the MDA, the result of the omission, at
worst, would be that GM would have retained a claim against the Debtors under the 1999
Assignment Agreement and the Movants would have a prepetition claim – each subject to the
filing of a timely proof of claim.  As to the Movants, they would have a prepetition claim

---

[8]    See Docket No. 20795, which is attached (without exhibits) to this sur-reply as Exhibit D.

9

because the 1999 Assignment Agreement is a prepetiton contract, which, because of its non-

executory nature, was not assumable.  This is no different from the position the Movants are in

now.  Accordingly, the omission of the 1999 Assignment Agreement from the list set forth in

Section 9.19.1 of the MDA means merely that GM may have retained certain rights against the

Debtors under the 1999 Assignment Agreement.  However, because GM granted the Debtors a

full release as part of its consideration under the Modified Plan,[9] this reinforces the conclusion

that omission in Section 9.19.1 of the MDA should not affect, in any way, the outcome of the

Motion.

III.    THE MOVANTS HAVE NOT SHOWN THAT EQUITABLE ESTOPPEL IS
        WARRANTED

            17.    The Movants again argue that equitable estoppel bars the Reorganized

Debtors from taking the position that the Indenture Trustee and/or the Bondholders do not have

an allowed claim relating to the Bonds.  They appear to base their estoppel argument on (i) the

fact that Reorganized Debtors made payments during the course of the bankruptcy and (ii) an e-

mail dated October 29, 2009 (the "Post Emergence Email") to Mr. Abrams of fmsbonds, Inc.

        A.    Payments Made During Bankruptcy

            18.    As for their first basis of estoppel, the Movants go so far as to argue that

the Reorganized Debtors offered "no explanation whatsoever as to why the interest payments on

the Bonds continued."  (Docket No. 21813 at 12.)  As we explained the Objection,[10] the

Reorganized Debtors made postpetition payments related to the Bonds from the time the

---

[9]    As described in section 3.1.1 (C) of the MDA, part of the GM Purchase Price (as defined in the MDA) included
       "[t]he waiver by each of GM and Old GM of its pre-petition Claims, Administrative Claims and future Claims
       in the Bankruptcy Cases." (MDA § 3.1.1 (C).)

[10]   The Reorganized Debtors also explained this in the Second Indenture Trustee Plan Injunction Motion (Docket
       No. 210795), which is attached (without exhibits) to this sur-reply as Exhibit D.

Amended MRA was effective until it was terminated by the MDA.  As also described in the

Objection, the Debtors did not make interest payments on the Bonds for nearly three years during

the bankruptcy. (Docket No. 21787 ¶ 30.)  The Reorganized Debtors believe that GM made

payments on the Bonds from the petition dates in October 2005 through the effective date of the

Amended MRA in September 2008.  (Docket No. 20795 ¶ 6.)  It was not until the Debtors

received authorization, but not direction, from the Court to enter into the Amended MRA with

GM that the Debtors made payments on the Bonds in late 2008.

       B.     <u>The Post Emergence Email</u>

       19.     The Movants' next estoppel argument regarding the statements made in

the Post Emergence Email fails as well.  As we pointed out in the Objection, this argument fails

for at least four reasons: (i) the timeline of events establishes that the Movants could not have

relied on the Post Emergence Email, which was dated October 29, 2009, as a reason not to act on

or before the July 31, 2006 prepetition Bar Date, (ii) the Movants have not established whether

the author was communicating on behalf of DPH Holdings or any of the other Reorganized

Debtors, on one hand, or "new" Delphi, on the other, (iii) the Movants have not demonstrated

that Mr. Abrams, Chief Municipal Credit Analyst of fmsbonds, Inc., was acting on behalf of the

Indenture Trustee or the Bondholders in his communications, and (iv) reliance on Post

Emergence Email was not reasonable.  Again, the Reorganized Debtors have discussed each of

these arguments at length in the Objection[11] and for the sake of brevity will not repeat those

arguments here.

       20.     In response to these four arguments and only half-heartedly addressing

one of the arguments set forth in the Objection, the Movants merely asked "[W]ho if not the

---

[11]  <u>See</u> Docket 21718 ¶¶ 69-76.

11

Reorganized Debtors' Director of Corporate Finance would be better situated to know (and

represent) what the Reorganized Debtors' financial obligations are?" (Docket No. 21813 at 13.)

As this Court is aware, however, John Brooks has been the only employee of the Reorganized

Debtors since the Effective Date.  Because the Movants have not proved any elements of

estoppel,[12] the Post Emergence Email cannot be used to support an estoppel argument.

       WHEREFORE, the Reorganized Debtors respectfully request that this Court enter

an order sustaining this objection, denying the Motion, and granting the Reorganized Debtors

such other and further relief as is just.

Dated: New York, New York
      February 10, 2012

                             SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP

            By: /s/ Ron E. Meisler
                John Wm. Butler, Jr.
                John K. Lyons
                Albert L. Hogan, III
                Ron E. Meisler
                155 North Wacker Drive
                Chicago, Illinois 60606

                        - and -

                Four Times Square
                New York, New York 10036

                Attorneys for DPH Holdings Corp., et al.,
                 Reorganized Debtors

---

[12]    As described in the Objection, the elements of estoppel require: 1) the party to be estopped to make a misrepresentation of fact to the other party with reason to believe that the other party will rely upon it; 2) and the other party reasonably relies upon it; 3) to her detriment."  Kosakow, 274 F.3d at 725; accord OSRecovery, Inc. v. One Groupe Int'l, Inc., 462 F.3d 87, 93 n.3 (2d Cir. 2006) (Docket No. 21718 ¶ 70).

# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
    In re                          :    Chapter 11
                                                      :
DELPHI CORPORATION, <u>et al.</u>,                    :    Case No. 05-44481 (RDD)
                                                      :
        Debtors.  :    (Jointly Administered)
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>AFFIDAVIT OF SERVICE</u>

       I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants, LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

       On or before April 20, 2006, I caused to be served the documents listed below upon the parties listed on <u>Exhibit A</u> hereto via postage pre-paid U.S. mail:

    1)  Notice of Bar Date for Filing Proofs of Claim [a copy of which is attached hereto as Exhibit B]

    2)  Proof of Claim form [a copy of which is attached hereto as Exhibit C]

Dated: April 28, 2006

                            */s/ Evan Gershbein*
                          Evan Gershbein

Subscribed and sworn to (or affirmed) before me on this 28th day of April, 2006, by Evan Gershbein, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature :   */s/ Amy Lee Huh*

Commission Expires:   *3/15/09*

# EXHIBIT A

*Delphi Service List*

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Bodycote Broutman | | 5996 Collection Ctr Dr | | | Chicago | IL | 60693 | |
| Bodycote Broutman Inc | | 1975 N Ruby St | | | Melrose Pk | IL | 60160 | |
| Bodycote Diamond Black Inc | | 100 Somerset Dr | | | Conover | NC | 28613 | |
| Bodycote Diamond Black Inc | | PO Box 9195 | | | Hickory | NC | 28603-9195 | |
| Bodycote Imt Inc | | 443 E High St | | | London | OH | 43140 | |
| Bodycote Imt Inc | | 443 East High St | | | London | OH | 43140 | |
| Bodycote Imt Inc | | PO Box 845646 | | | Boston | MA | 02284-5646 | |
| Bodycote Investments Inc | | Bodycote Induction Processing | 8580 Haggerty Rd | | Canton | MI | 48187-2095 | |
| Bodycote Metallurgical Coating | | 7856 Mccloud Rd | | | Greensboro | NC | 27409 | |
| Bodycote Michigan Induction In | | 8468 Ronda St | | | Canton | MI | 48187-2002 | |
| Bodycote Thermal | | Processing | 8468 Ronda Dr | | Canton | MI | 48187-2086 | |
| Bodycote Thermal    Eft Processing | | Jp Morgan Chase Bank | 2200 Ross Ave | | Dallas | TX | 75266-0197 | |
| Bodycote Thermal Eft | | Processing | 8468 Ronda Dr | | Canton | MI | 48187-2086 | |
| Bodycote Thermal Processing | | 284 Grove St | | | Worcester | MA | 01605 | |
| Bodycote Thermal Processing | | 4208 S 74th E Ave | | | Tulsa | OK | 74145-4721 | |
| Bodycote Thermal Processing | | 7384 Trade St | | | San Diego | CA | 92121 | |
| Bodycote Thermal Processing | | 8580 Haggerty Rd | | | Canton | MI | 48187-2095 | |
| Bodycote Thermal Processing | | Jp Morgan Chase Bank | 2200 Ross Ave | | Dallas | TX | 75266-0197 | |
| Bodycote Thermal Processing | | PO Box 27240 | | | New York | NY | 10087-7240 | |
| Bodycote Thermal Processing | | PO Box 88811 | | | Chicago | IL | 60695-1811 | |
| Bodycote Thermal Processing In | | Bodycote Thermal Processing | 187 Water St | | Laconia | NH | 03246 | |
| Bodycote Thermal Processing In | | Bodycote Thermal Processing | 284 Grove St | | Worcester | MA | 01605 | |
| Boe Inc | | Beckley Office Equipment Div | 112 S Main St | | Kokomo | IN | 46901 | |
| Boe La Siebdrucktechnik Gmbh | | Dahlienstr 33 | | | Radevormwald | | 42477 | Germany |
| Boeckler Instruments Inc | | 4650 S Butterfield Rd | | | Tucson | AZ | 85714 | |
| Boedeker Plastics Inc | | 904 W 6th St | | | Shiner | TX | 77984 | |
| Boedeker Plastics Inc | | 904 West 6th St | | | Shiner | TX | 77984 | |
| Boedeker Plastics Inc | | 904 West 6th St | | | Shiner | TX | 77984 | |

*Delphi Service List*

| CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|
| Cation Llc | 1282 Solutions Ctr | | | Chicago | IL | 60677-1002 | |
| Cation Llc | 2341 Alger St | | | Troy | MI | 48083 | |
| Cation Llc | Cation | 2341 Alger | | Troy | MI | 48083 | |
| Catlett Edward | 180 Chadwick Ct | | | Noblesville | IN | 46062 | |
| Catlett Jr Elvin | 4624 Prescott | | | Dayton | OH | 45406 | |
| Catley Ronald | 6545 Isla Del Rey | | | El Paso | TX | 79912 | |
| Catlin Janet | 820 Adalaide Ave Ne | | | Warren | OH | 44483 | |
| Catlin Raymond W | 2959 Upper Mountain Rd | | | Sanborn | NY | 14132-9102 | |
| Cato Robert P | 675 Village Ln | | | Marietta | GA | 30060 | |
| Caton David J | 6035 S Transit Rd Lot 45 | | | Lockport | NY | 14094-6321 | |
| Catoosa Auto Repair Inc | 104 W Elm | | | Catoosa | OK | 74015 | |
| Catoosa Auto Repair Inc | 104 W Elm | | | Catoosa | OK | 74015 | |
| Catoosa Flowers | 650 S Cherokee St | PO Box 726 | | Catoosa | OK | 74015 | |
| Catoosa Flowers | 650 S Cherokee St | PO Box 726 | | Catoosa | OK | 74015 | |
| Catoosa High School | 2000 S Cherokee | | | Catoosa | OK | 74015 | |
| Cator Sandra | 706 N Bentley Ave | | | Niles | OH | 44446-5204 | |
| Catrell Corey | 1153 W Rowland St | | | Flint | MI | 48507 | |
| Catri Ii Joseph | 902 Superior Dr | | | Huron | OH | 44839 | |
| Catrina Carter Adm | Est Mary Thomas | 1241 Front St | | Cuyahoga Falls | OH | 44221-4847 | |
| Catrina Logan Boisson | 3031 Lawreceville Rd | | | Lawrenceville | NJ | 08648 | |
| Catron Billy R | PO Box 672 | | | New Castle | IN | 47362-0672 | |
| Catron Brenda | 3475 Ginger Ct | | | Kokomo | IN | 46901 | |
| Catron Jr Wiley | 3413 Clement | | | Flint | MI | 48504 | |
| Catron Keith | 2353 S 600 W | | | Russiaville | IN | 46979 | |
| Catron Lucinda | 9089 N 930 E | | | Russiaville | IN | 46979 | |
| Catron Minerva Z | 308 Redwood Ct | | | Kokomo | IN | 46902-3623 | |
| Catron Nancy | 666 Shadowood Ln Se | | | Warren | OH | 44484-2439 | |
| Catron Robert A | 8985 Inverrary Dr Se | | | Warren | OH | 44484-2552 | |
| Catron Sharon R | 1418 W Richmond St | | | Kokomo | IN | 46901-3241 | |
| Catron Steven | 2533 S 750 W | | | Russiaville | IN | 46979 | |

*Delphi Service List*

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Cilla Hugger and Miss Evelyn C | | Hugger Jt Ten | 6988 Pebble Pk Circle | | W Bloomfield | MI | 48322-3510 | |
| Cills Barbara | | 1254 Arrowhead Dr | | | Burton | MI | 48509 | |
| Cills Ludin W | | PO Box 5021 | | | Flint | MI | 48505-0021 | |
| Cim Intergraters Inc | | 8263 Owasso Expressway | Ste F | | Owasso | OK | 74055 | |
| Cima Avs Inc | | 1650 W Sam Houston Pkwy N | | | Houston | TX | 77043 | |
| Cima Avs Inc | | 1650 W Sam Houston Pky N | | | Houston | TX | 77043 | |
| Cima Technologies | | 4717 Osborne Ste 300 | | | El Paso | TX | 79922 | |
| Cimarron Express | Jim Shepperd | 21611 State Route 51 | | | Genoa | OH | 43430 | |
| Cimarron Express Inc | | PO Box 185 | | | Genoa | OH | 43430 | |
| Cimarron Express Inc | | Scac Cieg | PO Box 185 | 21611 St Rt 51 | Genoa | OH | 43430 | |
| Cimatrix Llc | | Rvsi Acuity Cimatrix | 486 Amherst St | | Nashua | NH | 03063 | |
| Cimbar Performance Minerals | | 25 Old Riverroad | | | Cartersville | GA | 30120 | |
| Cimbar Performance Minerals | | 25 Old Riverroad | | | Cartersville | GA | 30120 | |
| Cimbar Performance Minerals | | 49 0 Jackson Lake Rd | | | Chatsworth | GA | 30705 | |
| Cimbar Performance Minerals | | Addr Chg 1 17 02 Ltr Gw | 25 Old River Rd Se | | Cartersville | GA | 30120-0250 | |
| Cimbar Performance Minerals J P Morgan Chase Bank | | PO Box 201366 | | | Houston | TX | 77216-1366 | |
| Cimetrix Inc | | 6979 S High Tech Dr | | | Salt Lake City | UT | 84047 | |
| Cimetrix Inc | | 6979 S High Tech Dr | | | Midvale | UT | 84047 | |
| Ciminero Alan | | 7155 Oak Hill Dr | | | W Farmington | OH | 44491 | |
| Ciminero Sandra L | | 7155 Oak Hill Dr | | | W Farmington | OH | 44491-8708 | |
| Cimino Vincent | | 97 Dolores Dr | | | Rochester | NY | 14626-4054 | |
| Cimmetry Systems | | 6700 Cote De Liesse Ste 206 | | | St Laurent | PQ | H4T 2B5 | Canada |
| Cimmetry Systems Inc  Eft | | 13694 Collections Ctr Dr | | | Chicago | IL | 60693 | |
| Cimmetry Systems Inc Eft | | 6700 Cote De Liesse Ste 206 | | | Saint Laurent | PQ | H4T 2B5 | Canada |
| Cimquest Inc | | 262 Chapman Rd Ste 105 | | | Newark | DE | 19702 | |
| Cimquest Inc | | 518 Kimberton Rd 325 | | | Phoenixville | PA | 19460 | |

## Delphi Service List

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Citation Aluminum Llc | | 43575 Nicholsville Rd | | | Bay Minette | AL | 36527 | |
| Citation Aluminum Llc | | 43575 Nicholsville Rd | | | Bay Minette | AL | 36507 | |
| Citation Aluminum Llc | | PO Box 1209 | | | Bay Minette | AL | 36527 | |
| Citation Auto Sales Corp Eft | | 27275 Haggerty Rd Ste 420 | | | Novi | MI | 48377 | |
| Citation Auto Sales Corp Eft | | 27730 Franklin Rd | | | Southfield | MI | 48034 | |
| Citation Carolina Corp | | 2700 Corporate Dr | Ste 100 | | Birmingham | AL | 35242 | |
| Citation Corp | | 210 Ann Ave | | | Brewton | AL | 36426-2100 | |
| Citation Corp | | 600 W Main St | | | Butler | IN | 46721-9604 | |
| Citation Corp | | Alabama Ductile Casting Co Div | 210 Ann Ave | | Brewton | AL | 36426-210 | |
| Citation Corp | | Citation Products | 7800 N Austin Ave | | Skokie | IL | 60077-264 | |
| Citation Corp | | Citation Sales | 27275 Haggerty Rd Ste 420 | | Novi | MI | 48377 | |
| Citation Corp | | Texas Foundries | 1611 N Raguet | | Lufkin | TX | 75904 | |
| Citation Corporation | | 600 W Main St | | | Butler | IN | 46721 | |
| Citation Corporation | | 7800 North Austin Ave | | | Skokie | IL | 60077 | |
| Citation Corporation | | Alabama Ductile Division | 123 St Joseph | | Brewton | AL | 36426 | |
| Citation Corporation | | Citation Sales | 27275 Haggerty Rd Ste 420 | | Novi | MI | 48377-363 | |
| Citation Corporation | | Dept 771294 | | | Detroit | MI | 48277-1294 | |
| Citation Corporation | | PO Box 73280 | | | Chicago | IL | 60673-7280 | |
| Citation Foundry Corp | c o Stanley Lim | JPMorgan Chase Bank NA as Assignee of Citation Foundry Corp | 270 Park Ave 17th Fl | | New York | NY | 10017 | |
| Citibanco A Partnership | | Box 1227 | | | Storm Lake | IA | 50588-1227 | |
| Citibanco A Partnership | | Drawer 1227 | | | Storm Lake | IA | 50588-1227 | |
| Citibanco Cust | a Partnership | Fbo Doris Meloy Ira | Ac 5656 | Box 1227 | Storm Lake | IA | 50588-1227 | |
| Citco Div Litton Industri | Michelle Ross | 357 Washington | | | Chardon | OH | 44024 | |
| Cites Indiana Techical & | | Environmental Societies | C O Anne Heighway | 2928 West Rox Dr | Indianapolis | IN | 46222 | |
| Cites Indiana Techical and Environmental Societies | | C o Anne Heighway | 2928 West Rox Dr | | Indianapolis | IN | 46222 | |
| Citg Promotions Llc | | Evigna Brand Insight | 1495 Maple Way | | Troy | MI | 48084 | |

## Delphi Service List

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| J Norman Leedom | | 882 Washington Crossing Rd | | | Newtown | PA | 18940-2706 | |
| J Norman Toussaint | | 4560 N E Fourth Ave | | | Fort Lauderdale | FL | 33334-6002 | |
| J Norris Tucker | | 3609 Piping Rock Ln | | | Houston | TX | 77027-4116 | |
| J O Bishop | | 5885 Lake Shore Rd | | | Buford | GA | 30518 | |
| J O Boykin | | 14 Polk Pl | | | White Plains | NY | 10603-2919 | |
| J O Galloup Co Dba Smith | | Instrument Co | 130 N Helmer Rd | | Battle Creek | MI | 49015 | |
| J O Galloup Co Dba Smith Eft Instrumentco | | 130 N Helmer Rd | | | Battle Creek | MI | 49015 | |
| J O Galloup Company | J O Galloup Company | 130 N Helmer Rd | | | Battle Creek | MI | 49015 | |
| J O Harris | | 200 Millington Rd | | | Fostoria | MI | 48435-9749 | |
| J O Jenders | | 20875 Outer Dr | | | Dearborn | MI | 48124-4722 | |
| J Otroshina | | 85 Clear Lake Rd | | | Whiting | NJ | 08759 | |
| J P Brown Jr | | 42 Davidson Ave | | | Buffalo | NY | 14215-2306 | |
| J P David | | 19711 Canyon Dr | | | Yorba Linda | CA | 92886-5901 | |
| J P Flanagan | | 116 Oscar | | | Joliet | IL | 60433-2410 | |
| J P Ford | | 1191 Russell Ave | | | Flint | MI | 48505-2321 | |
| J P Industrial Supply | | 168 Corinthia St | | | Lockport | NY | 14094 | |
| J P Jorgenson | | 37630 Lakeshore Dr | | | Harrison Township | MI | 48045-2847 | |
| J P Jorgensen and | | William R Jorgensen Jt Ten | 37630 Lakeshore Dr | | Harrison Township | MI | 48045-2847 | |
| J P Laterra | | Viale Europa 353 | Ragusa | | | | | Italy |
| J P Machine | Pete Signor | 1600 Norman Ave | | | Santa Clara | CA | 95054 | |
| J P Matitlenharris | | 224 Walnut St | | | Catawissa | PA | 17820-1232 | |
| J P Masek Investments Ltd | | a Partnership | Co Joseph Masek | 210060 Wildcat Dr | Gering | NE | 69341-6724 | |
| J P Morgan Chase Bank | | For Deposit To The Account Of | Arthur Daubert 3446358 | 609 Mosley Rd | Fairport | NY | 14450 | |
| J P Morgan Chase Bank | | For Deposit To The Account Of | Jd Hernandez 15702501948 | 135 Shadow Mountain | El Paso | TX | 79912 | |
| J P Morgan Chase Bank | | Treasury Sucs Export Ltr Of Cr | 10420 Highland Manor Dr 4th Fl | | Tampa | FL | 33610 | |
| J P Morgan Chase Bank For Deposit To The Account Of | | Arthur Daubert 3446358 | 609 Mosley Rd | | Fairport | NY | 14450 | |

*Delphi Service List*

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| J P Morgan Chase Bank For Deposit To The Account Of | | J.d. Hernandez 15702501948 | 135 Shadow Mountain | | El Paso | TX | 79912 | |
| J P Morgan Chase Bank Treasury Sucs Export Ltr Of Cr | | 10420 Highland Manor Dr 4th Fl | | | Tampa | FL | 33610 | |
| J P Morgan Corporation | | Global Services Billing | PO Box 5886 Gpo | | New York | NY | 10087-5886 | |
| J P Morgan Corporation Global Services Billing | | PO Box 5886 Gpo | | | New York | NY | 10087-5886 | |
| J P Perkins | | 1997 E M 72 Hwy | | | Grayling | MI | 49738-9437 | |
| J P Products Co Inc | | 720 Vandenburg Rd | | | King Of Prussia | PA | 19406 | |
| J P Products Co Inc | | 720 Vandenburg Rd | | | King Of Prussia | PA | 19406 | |
| J P Products Co Inc Eft | | 416 Depot St | | | Bridgeport | PA | 19405 | |
| J P Robert Boutin | | 613 Willow Cres | | | Cobourg | ON | K9A 2B4 | Canada |
| J P Snowiss | | 22519 Susana Ave | | | Torrance | CA | 90505-2041 | |
| J P Transportation Co | | PO Box 66 | | | Middletown | OH | 45042 | |
| J Pac Expediters | | 3053 S Buckingham Ct | | | Brownsville | TX | 78526 | |
| J Pac Expediters Eft | | 3053 S Buckingham Ct | | | Brownsville | TX | 78526 | |
| J Palmer Matthews Cust | | Palmer M Weldon Unif Gift | Min Act Sc | 115 Friendfield | Fort Mill | SC | 29715-9048 | |
| J Parker Ketcham | | 19 Norton Ln | | | Old Greenwich | CT | 06870-1008 | |
| J Parker Ketcham and | | Langdale A Ketcham Jt Ten | 19 Norton Ln | | Old Greenwich | CT | 06870-1008 | |
| J Patrick White | | Box 365 | | | Iron River | MI | 49935-0365 | |
| J Paul Braun Cust Suzan C | | Braun Unif Gift Min Act Del | Box 11 | | Rockland | DE | 19732-0011 | |
| J Paul Buhite and B June | | Buhite Jt Ten | 4160 Norrisville Rd | | White Halll | MD | 21161-9309 | |
| J Paul Carey Jr | | 603 Purchase St | | | Rye | NY | 10580-1814 | |
| J Paul Clinton | | PO Box 991801 | | | Mobile | AL | 36691 | |
| J Paul Ireland Jr | | 262 Brookside Ave | | | Wyckoff | NJ | 07481-3416 | |
| J Paul Waterhouse | | 261 Chapel Rd | | | Bethlehem | WV | 26003-4841 | |
| J Paul Woods | | Clinical Studies Ovc | University Of Guelph | | Guelph | ON | N1G 2W1 | Canada |
| J Pauline Biggs | | 4015 Bardshar | | | Castalia | OH | 44824-9468 | |
| J Peixoto | | 453 Pk Ave | | | Yonkers | NY | 10703-2121 | |

# Delphi Service List

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Jozwiak Andrew | | 6457 Calle Vista | | | El Paso | TX | 79912 | |
| Jozwiak James E | | 2112 Wyoming St B | | | Dayton | OH | 45410-2924 | |
| Jozwiak Jamie | | 3926 N Michigan | | | Saginaw | MI | 48604 | |
| Jozwiak Jonathan | | 3926 N Michigan | | | Saginaw | MI | 48604 | |
| Jp Cabietek Electronics | Jenny | 114 1585 Broadway St | Port Coquitlam Bc | | | | V3C 2M7 | Canada |
| Jp Cabietek Electronics Ltd | | 1638 Kebet Way | | | Port Coquitlam | BC | V3C 5W9 | Canada |
| Jp Cabietek Electronics Ltd | | Bldg 100 1638 Kebet Way | Canada | | Port Coquitlam | BC | V3C 5W9 | Canada |
| Jp Containers | | 11340 Rhode Dr | | | Shelby Township | MI | 48317 | |
| Jp Containers Inc | | 11340 Rhode Dr | | | Shelby Township | MI | 48317-3539 | |
| Jp Containers Inc | | Add Chg 05 12 05 Ah | 11340 Rhode Dr | | Shelby Township | MI | 48317-3539 | |
| Jp Industrial Products Inc | | Industrial Packaging | 11988 State Rt 45 | | Lisbon | OH | 44432 | |
| Jp Industrial Supply | | PO Box 133 14095 | | | Lockport | NY | 14094 | |
| Jp Industrial Supply | | 168 Corinthia St | | | Lockport | NY | 14094 | |
| Jp Morgan | Robin Baskins | 270 Pk Ave 6th Fl | | | New York | NY | 10017 | |
| Jp Morgan | Robin Baskins | 270 Pk Ave 6th Fl | | | New York | NY | 10017 | |
| Jp Morgan Chase | | Global Services Billing | PO Box 5886 Gpo | | New York | NY | 10087-5886 | |
| Jp Morgan Chase | Honeywell Sm Box 88163 | 550 W Van Buren 14th Flr | | | Chicago | IL | 60607 | |
| Jp Morgan Chase | James A Giannella | 270 Pk Ave | Fl 6 | | New York | NY | 10017-2070 | |
| Jp Morgan Chase | James A Giannella | 270 Pk Ave | Fl 6 | | New York | NY | 10017-2070 | |
| Jp Morgan Chase Bank | | Its Fee Billing | PO Box 5747 Gpo | | New York | NY | 10087-5747 | |
| Jp Morgan Chase Bank | | Its Fee Billing | PO Box 911953 | | Dallas | TX | 75391 | |
| Jp Morgan Chase Bank | | Letter Of Credit Department | Attn L c Support Area | 10420 Highland Manor Dr 4th Fl | Tampa | FL | 33610 | |
| Jp Morgan Chase Bank Its Fee Billing | | PO Box 911953 | | | Dallas | TX | 75391-1953 | |
| Jp Morgan Chase Bank Letter Of Credit Department | | Attn L c Support Area | 10420 Highland Manor Dr 4th Fl | | Tampa | FL | 33610 | |
| Jp Morgan Chase Bank Na | | C o Jp Morgan Chase Treasury | Global Trade Services | 10420 Highland Manor Dr | Tampa | FL | 33610 | |
| Jp Morgan Chase Bank Na C o Jp Morgan Chase Treasury | | Global Trade Services | 10420 Highland Manor Dr | | Tampa | FL | 33610 | |
| Jp Morgan Chase Global Services Billing | | PO Box 5886 Gpo | | | New York | NY | 10087-5886 | |

**Delphi Service List**

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Jp Morgan Grupo Financiero Division Fiduciaria As Trustee | c/o Greenberg Traurig LLP | Michael T Fishman | 77 West Wacker Dr | Ste 2500 | Chicago | IL | 60601 | |
| Jp Morgan Grupo Financiero Division Fiduciaria As Trustee | c/o Greenberg Traurig LLP | Michael T Fishman | 77 West Wacker Dr | Ste 2500 | Chicago | IL | 60601 | |
| Jp Morgan Grupo Financiero Division Fiduciaria As Trustee | C/o The Prudential Insurance Co | 8 Campus Dr | | | Parsippany | NJ | 07054 | |
| Jp Morgan Grupo Financiero Division Fiduciaria As Trustee | C/o The Prudential Insurance Co | 8 Campus Dr | | | Parsippany | NJ | 07054 | |
| Jp Morgan Investment Management Inc New York | Mr Steven Lee | Active Equity Research | 522 Fifth Ave | | New York | NY | 10036-7699 | |
| Jp Morgan Securities Inc | Carol Ak Winkler Vp | 277 Pk Ave 40th Fl | | | New York | NY | 10172 | |
| Jp Morgan Trust Company Na | | Corporate Trust Office | One First National Plaza | Ste 0126 | Chicago | IL | 60670-0126 | |
| Jp Morgan Trust Company Na | | Image Hub Mail Stop | PO Box 139007 | | Dallas | TX | 75313-9007 | |
| Jp Morgan Trust Company Na | | Institutional Trust Services | 4 New York Plaza | 15th Fl | New York | NY | 10004 | |
| Jp Morgan Trust Company Na | | Institutional Trust Services | 601 Travis 11th Fl | | Houston | TX | 77002 | |
| Jp Morgan Trust Company Na | Nan Packard Assistant Vice Pres | Institutional Trust Services | Mail Ste Mi1 8110 | 611 Woodward Ave | Detroit | MI | 48226 | |
| Jp Technical Services Inc | | 714 E Charles | | | Arlington Heights | IL | 60004-4022 | |
| Jpmorgan Chase | David Gerdis | 611 Woodward Ave | Mail Code Mi1 8033 | | Detroit | MI | 48226 | |
| Jpmorgan Chase Bank | | Institutional Trust Services | 450 W 33rd 15th Fl | | New York | NY | 10001 | |
| Jpmorgan Chase Bank | | Institutional Trust Services | PO Box 2320 | | Dallas | TX | 75221-2320 | |
| Jpmorgan Chase Bank | | Institutional Trust Services | PO Box 2323 | | Dallas | TX | 75221-2320 | |
| Jpmorgan Chase Bank Institutional Trust Services | | 450 W 33rd 15th Fl | | | New York | NY | 10001 | |
| Jpmorgan Chase Bank Institutional Trust Services | | PO Box 2323 | | | Dallas | TX | 75221-2320 | |
| Jpmorgan Chase Bank Its Fee Billing | | PO Box 911953 | | | Dallas | TX | 75391-1953 | |
| JPMorgan Chase Bank NA | Attn Stanley Lim | 270 Park Ave 17th Fl | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |

*Delphi Service List*

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Cliff Tripana | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| Jpmorgan Chase Bank Na | Credit Mgr Asset Securities Div | Ste Il1 1729 19th Fl | 1 Bank One Plaza | | Chicago | IL | 60670-1729 | |
| Jpmorgan Chase Bank Na | Escrow Agent | 4 New York Plaza | | | New York | NY | 10004 | |
| Jpmorgan Chase Bank Na | Khuyen Ta | 1111 Fannin 10th Fl | | | Houston | TX | 77002 | |
| JPMorgan Chase Bank NA | Stanley Lim | 270 Park Ave 17th Fl | | | New York | NY | 10017 | |
| JPMorgan Chase Bank NA | Stanley Lim | 270 Park Ave 17th Fl | | | New York | NY | 10017 | |

*Delphi Service List*

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| JPMorgan Chase Bank NA | Stanley Lim | 270 Park Ave 17th Fl | | | New York | NY | 10017 | |
| JPMorgan Chase Bank NA | Stanley Lim | 270 Park Ave 17th Fl | | | New York | NY | 10017 | |
| JPMorgan Chase Bank NA | Stanley Lim | 270 Park Ave 17th Fl | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na | Stanley Lim | 270 Pk Ave 17th Fl | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na | Vilma Francis | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |

*Delphi Service List*

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | | 270 Pk Ave | | | New York | NY | 10017 | |
| Jpmorgan Chase Bank Na As Administrative Agent | Thomas F Maher | 270 Pk Ave | | | New York | NY | 10017 | |
| JPMorgan Chase Bank NA as Assignee of Brazeway Inc | Stanley Lim | 270 Park Ave | | | New York | NY | 10017 | |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | | New York | NY | 10017 | |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | | New York | NY | 10017 | |
| Jps Technologies Inc | | 11110 Deerfield Rd | | | Cincinnati | OH | 45242-2085 | |
| Jps Technologies Inc | Nancy Meyer | 11110 Deerfield Rd | | | Cincinnati | OH | 45242-2085 | |
| Jr Achievement Of Gadsden | | Etowah County | PO Box 348 | | Gadsden | AL | 35902 | |

*Delphi Service List*

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Texas Comptroller of Public Accounts on Behalf of the State of Texas, Texas Municipalities, Texas Counties, Special Purpose D | Texas Comptroller of Public Accounts on Behalf of the State of Texas, Texas Municipalities, Texas Counties, Special Purpose D | | | | | | | |
| Texas Comptroller Of Public Accounts Unclaimed Prop Divi | | PO Box 12019 | | | Austin | TX | 78711-2019 | |
| Texas Controller Of | | Public Accounts | PO Box 13528 | | Austin | TX | 78711-9939 | |
| Texas Controller Of Public Accounts | | PO Box 13528 | | | Austin | TX | 78711-9939 | |
| Texas Csdu | | PO Box 659791 | | | San Antonio | TX | 78265 | |
| Texas Department Of Health | | Bureau Of Radiation Control | PO Box 12190 | Chg Add Per Afc 08 06 04 Am | Austin | TX | 78711-2190 | |
| Texas Department Of Health Bureau Of Radiation Control | | PO Box 12190 | | | Austin | TX | 78711-2190 | |
| Texas Department Of Licensing | | & Regulation | Box 12157 Capitol Station | | Austin | TX | 78711-2157 | |
| Texas Department Of Licensing and Regulation | | Box 12157 Capitol Station | | | Austin | TX | 78711-2157 | |
| Texas Dept Of State Health Services | | PO Box 12190 | | | Austin | TX | 78711-2190 | |
| Texas Dept Of State Health Services | | PO Box 12190 | | | Austin | TX | 78711-2190 | |
| Texas Engineering Ext Service | | Financial Service | 301 Tarrow Teex | John B Connally Building | College Station | TX | 77840-7896 | |
| Texas Engineering Ext Service Financial Service | | 301 Tarrow Teex | John B Connally Building | | College Station | TX | 77840-7896 | |
| Texas Foundries Ltd | | 1611 N Raguet | | | Lufkin | TX | 75901 | |
| Texas Foundries Ltd | | 1611 N Raguet | | | Lufkin | TX | 75901 | |
| Texas Foundries Ltd | c o Stanley Lim | JPMorgan Chase Bank NA as Assignee of Texas Foundries Ltd | 270 Park Ave 17th Fl | | New York | NY | 10017 | |
| Texas Foundries Ltd Eft | | 1611 N Raguet | | | Lufkin | TX | 75901 | |
| Texas Foundries Ltd Eft | | PO Box 3718 | | | Lufkin | TX | 75903-3718 | |
| Texas Foundries Ltd Eft | | PO Box 3718 | 1611 N Raguet | | Lufkin | TX | 75901 | |
| Texas Gas Service Tx | | PO Box 269042 | | | Oklahoma City | OK | 73126-9042 | |
| Texas Gas Transmission Corporation Llc | | 3800 Frederica St | | | Owensboro | KY | 42301 | |
| Texas Gas Transmission Corporation Llc | | 3800 Frederica St | | | Owensboro | KY | 42301 | |
| Texas Hai Lp | | 905 E Los Ebanos Ste C | | | Brownsville | TX | 78520 | |

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
      In re                          :    Chapter 11
                                                    :
DELPHI CORPORATION, <u>et al.</u>,                  :    Case No. 05-44481 (RDD)
                                                    :
                Debtors.       :    (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM</u>

TO ALL CREDITORS OF THE DEBTORS, AND OTHER PARTIES-IN-INTEREST:

PLEASE TAKE NOTICE THAT:

         In accordance with an order entered on April 12, 2006 by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the above-captioned chapter 11 cases (the "Bar Date Order"), **5:00 p.m. Eastern Time on July 31, 2006** (the "General Bar Date") has been established as the last date for each person or entity (including individuals, partnerships, corporations, limited liability companies, estates, trusts, unions, indenture trustees, the United States Trustee, and governmental units) (individually, a "Person" or "Entity," and collectively, "Persons" or "Entities") to file a proof of claim in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors").  A list of all Debtors in these chapter 11 cases is attached hereto as Exhibit A.

         On October 8, 2005, Delphi and certain of its U.S. subsidiaries filed voluntary petitions in the Bankruptcy Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").  On October 14, 2005, three additional U.S. subsidiaries of Delphi filed voluntary petitions in the Bankruptcy Court for reorganization relief under the Bankruptcy Code.   The term "Petition Date" shall mean the date on which each Debtor filed its chapter 11 bankruptcy petition as set forth on Exhibit A attached hereto.  The General Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before the applicable Petition Date, except for those holders of the claims listed in Section 4 below which are specifically excluded from the General Bar Date filing requirement.

**1.**       **Who Must File A Proof Of Claim**

         You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim against any of the Debtors that arose prior to the applicable Petition Date, and such claim is not one of the types of claim described in Section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the applicable Petition Date must be

filed on or prior to the General Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the applicable Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## 2.    What To File

The Debtors are enclosing a proof of claim form which you may use to file any claim you may have in these cases.  If the Debtors scheduled you as a creditor in any of the Debtors' schedules of assets and liabilities (as amended from time to time, the "Schedules"), the form sets forth the amount of your claim as scheduled and whether the claim is scheduled as disputed, contingent, or unliquidated.  Additional proof of claim forms may be obtained at http://www.uscourts.gov/bkforms/index.html or at http://www.delphidocket.com.

All proofs of claim must be signed by the claimant or, if the claimant is not an individual, by a claimant's authorized agent.  All proofs of claim must be written in English and be denominated in United States currency.  You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

If any supporting documentation provided with any proof of claim contains confidential information, such documentation will be subject to examination only by the party asserting the claim, the Debtors, the Debtors' counsel and advisers, the United States Trustee, counsel and advisers to the official committee of unsecured creditors appointed in these chapter 11 cases, Kurtzman Carson Consultants, LLC, the claims and noticing agent in these chapter 11 cases, and any personnel of the United States Bankruptcy Court for the Southern District of New York in the performance of their official duties, and such entities have been ordered to maintain the confidentiality of all supporting documentation to any proof of claim and the information contained therein.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and each holder of a claim must identify on its proof of claim the specific Debtor against which its claim is asserted and the case number of that Debtor's reorganization case.  A list of the names of the Debtors and their reorganization case numbers is attached hereto as Exhibit A.

**3.      When And Where To File**

Except as provided for herein, all proofs of claim must be filed so as to be <u>received</u> no later than **5:00 p.m. Eastern Time on July 31, 2006** at the following address:

| If sent by mail: | If sent by messenger or overnight courier: |
|---|---|
| United States Bankruptcy Court | United States Bankruptcy Court |
| Southern District of New York | Southern District of New York |
| Delphi Corporation Claims | Delphi Corporation Claims |
| Bowling Green Station | One Bowling Green |
| P.O. Box 5058 | Room 534 |
| New York, New York 10274-5058 | New York, New York 10004-1408 |

**Proofs of claim will be deemed filed only when actually received at the addresses above on or before the General Bar Date.** Proofs of claim may not be delivered by facsimile, telecopy, or electronic mail transmission.

Governmental units must file proofs of claims in these chapter 11 cases on or prior to the General Bar Date.

**4.      Who Need Not File A Proof Of Claim**

You do not need to file a proof of claim on or prior to the General Bar Date if you are:

(a)      Any Person or Entity (i) which agrees with the nature, classification, and amount of its Claim set forth in the Schedules and (ii) whose Claim against a Debtor is not listed as "disputed," "contingent," or "unliquidated" in the Schedules;

(b)      Any Person or Entity which has already properly filed a proof of claim against the correct Debtor;

(c)      Any Person or Entity which asserts a Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

(d)      Any Person or Entity which asserts a Claim solely on the basis of future pension or other post-employment benefits, including, without limitation, retiree health care and life insurance; <u>provided, however</u>, that any such Person or Entity which wishes to assert a Claim against any of the Debtors based on anything other than

future pension or other post-employment benefits must file a proof of claim on or prior to the General Bar Date;[1]

(e)     Any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control or hold with power to vote, 50 percent or more of the outstanding voting securities of such subsidiary;

(f)     Any Person or Entity whose Claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Bankruptcy Court;

(g)     Any holder of a Claim arising under or in respect of any of the following issuances of Delphi Corporation senior and junior subordinated unsecured debt (each, a "Noteholder"): (i) those certain senior unsecured securities bearing interest at 6.55% and maturing on June 15, 2006; (ii) those certain senior unsecured securities bearing interest at 6.50% and maturing on May 1, 2009; (iii) those certain senior unsecured securities bearing interest at 6.50% and maturing on August 15, 2013; (iv) those certain senior unsecured securities bearing interest at 7.125% and maturing on May 1, 2029; (v) those certain 8.25% junior subordinated notes due 2033; or (vi) those certain adjustable-rate junior subordinated notes due 2033  (collectively, the "Unsecured Securities"), other than the indenture trustees of the Unsecured Securities; provided, however, that any Noteholder who wishes to assert a Claim against the Debtors that is not based solely upon the outstanding prepetition principal and interest due on account of its ownership of such Unsecured Securities must file a proof of claim on or prior to the General Bar Date in respect of such Claim; and

(h)     Any holder of equity securities of, or other interests in, the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities, or other interest; provided, however, that any such holder which wishes to assert a Claim against any of the Debtors that is not based solely upon its ownership of the Debtors' securities, including, but not limited to, Claims for damages or recision based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Bar Date in respect of such Claim.

This notice is being sent to many persons and entities which have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors.  The fact that you have received this Notice does not

---

[1] The bar date for the filing of Proofs of Claim on account of Claims arising from modification to or termination of future pension or other post-employment benefits will be determined pursuant to an order of the Bankruptcy Court approving such modification or termination.

necessarily mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.

**5.      Executory Contracts And Unexpired Leases**

Any person or entity which has a claim arising from the rejection of an Executory Contract must file a proof of claim on account of such claim against the Debtors on or before the later of (a) the General Bar Date or (b) 30 calendar days after the effective date of such rejection or such other date as fixed by the Bankruptcy Court in an order authorizing such rejection.

**6.      Amended Schedule Bar Date**

If the Debtors amend the Schedules on or after the date of this Notice (listed below) to reduce the undisputed, noncontingent, and liquidated amounts or to change the nature or classification of a claim against a Debtor reflected therein, the bar date for filing a proof of claim in respect of such amended schedule claim is the later of (a) the General Bar Date or (b) 30 calendar days after a claimant is served with notice that the Debtors have amended their Schedules.

**7.      Consequences Of Failure To File A Proof Of Claim By The General Bar Date**

ANY HOLDER OF A CLAIM WHICH IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS NOTICE, AS SET FORTH IN SECTION 4 ABOVE, AND WHICH FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM, WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

**8.      The Debtors' Schedules And Access Thereto**

You may be listed as the holder of a claim against the Debtors in any of the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases.

To determine if and how you are listed on any of the Schedules, please refer to the descriptions set forth on the enclosed proof of claim forms regarding the nature, amount, and status of your claim(s).

As set forth above, if you agree with the nature, amount, and status of your claim as listed in any of the Debtors' Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide  to file a proof of claim, you must do so before the General Bar Date in accordance with the procedures set forth in this Notice.

Copies of any of the Debtors' Schedules are available for inspection online at http://www.delphidocket.com or on the Court's Internet Website at

http://www.nysb.uscourts.gov.  A login and password to the Court's Public Access to
Electronic Court Records ("PACER") are required to access this information on the
Court's Internet Website and can be obtained through the PACER Service Center at
http://www.pacer.psc.uscourts.gov.  No login or password is required to access this
information on the Debtors' Legal Information Website (http://www.delphidocket.com).
Copies of any of the Schedules may also be examined between the hours of 9:00 a.m. and
4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court,
One Bowling Green, Room 511, New York, New York 10004-1408.

       A holder of a possible claim against any of the Debtors should consult an
attorney regarding any matters not covered by this Notice, such as whether the holder
should file a proof of claim.

Dated: New York, New York                           BY ORDER OF THE COURT
       April 12, 2006

       SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
       John Wm. Butler, Jr.
       John K. Lyons
       Ron E. Meisler
       333 West Wacker Drive, Suite 2100
       Chicago, Illinois  60606

         - and -

        Kayalyn A. Marafioti (KM 9632)
        Thomas J. Matz (TM 5986)
        Four Times Square
        New York, New York 10036

       Attorneys for Delphi Corporation, et al.,
        Debtors and Debtors-in-Possession

**For additional information:**

Delphi Restructuring Information Hotline:
Toll Free:  (866) 688-8740
International:  (248) 813-2602

Delphi Legal Information Website:
http://www.delphidocket.com

# EXHIBIT A

|  | Entity | Tax / Federal ID Number | Case Number | Address | Date Of Petition Filing |
|---|---|---|---|---|---|
| 1. | Delphi NY Holding Corporation | 20-3383408 | 05-44480 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 2. | Delphi Corporation | 38-3430473 | 05-44481 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 3. | ASEC Manufacturing General Partnership | 73-1474201 | 05-44482 | 1301 Main Parkway Catoosa, OK 74015 | October 8, 2005 |
| 4. | ASEC Sales General Partnership | 73-1474151 | 05-44484 | 1301 Main Parkway Catoosa, OK 74015 | October 8, 2005 |
| 5. | Environmental Catalysts, LLC | | 05-44503 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 6. | Delphi Medical Systems Colorado Corporation | 84-1524184 | 05-44507 | 4300 Road 18 Longmont, CO 80504 | October 8, 2005 |
| 7. | Delphi Medical Systems Texas Corporation | 20-2885110 | 05-44511 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 8. | Delphi Medical Systems Corporation | 32-0052827 | 05-44529 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 9. | Specialty Electronics International Ltd. | 66-0522490 | 05-44536 | 69A Kronprindsens Gade (Third Floor) P.O. Box 1858 St. Thomas, VI | October 8, 2005 |
| 10. | Specialty Electronics, Inc. | 57-0755068 | 05-44539 | 19200 Asheville Highway P.O. Box 519 Landrum, SC 29356 | October 8, 2005 |
| 11. | Delphi Liquidation Holding Company | 95-4359324 | 05-44542 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 12. | Delphi Electronics (Holding) LLC | 95-4554161 | 05-44547 | One Corporate Center Kokomo, IN 46904 | October 8, 2005 |
| 13. | Delphi Technologies, Inc. | 38-3430681 | 05-44554 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 14. | Delphi Automotive Systems Tennessee, Inc. | 38-3319836 | 05-44558 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 15. | Delphi Mechatronic Systems, Inc. | 38-3589834 | 05-44567 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 16. | Delphi Automotive Systems Risk Management Corp. | 38-3575299 | 05-44570 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 17. | Exhaust Systems Corporation | 38-3211473 | 05-44573 | 4800 S. Saginaw Street Flint, MI 48501 | October 8, 2005 |
| 18. | Delphi China LLC | 38-3196159 | 05-44577 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 19. | Delphi Automotive Systems Korea, Inc. | 38-2849490 | 05-44580 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 20. | Delphi International Services, Inc. | 38-3439894 | 05-44583 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |

|     | Entity | Tax / Federal ID Number | Case Number | Address | Date Of Petition Filing |
| --- | --- | --- | --- | --- | --- |
| 21. | Delphi Automotive Systems Thailand, Inc. | 38-3379709 | 05-44586 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 22. | Delphi Automotive Systems International, Inc. | 38-3280289 | 05-44589 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 23. | Delphi International Holdings Corp. | 38-3449527 | 05-44591 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 24. | Delphi Automotive Systems Overseas Corporation | 38-3318021 | 05-44593 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 25. | Delphi Automotive Systems (Holding), Inc. | 38-3422378 | 05-44596 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 26. | Delco Electronics Overseas Corporation | 38-2638990 | 05-44610 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 27. | Delphi Diesel Systems Corp. | 38-3505001 | 05-44612 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 28. | Delphi LLC | 37-1438255 | 05-44615 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 29. | Aspire, Inc. | 36-4392806 | 05-44618 | U.S. Route 1 Morrisville, PA 19067 | October 8, 2005 |
| 30. | Delphi Integrated Service Solutions, Inc. | 38-3473261 | 05-44623 | 1322 Rankin Street Troy, MI 48083 | October 8, 2005 |
| 31. | Delphi Connection Systems | 95-2563022 | 05-44624 | 17150 Von Karman Avenue Irvine, CA 92614 | October 8, 2005 |
| 32. | Packard Hughes Interconnect Company | 33-0595219 | 05-44626 | 17150 Von Karman Avenue Irvine, CA 92614 | October 8, 2005 |
| 33. | DREAL, Inc. | 38-3457411 | 05-44627 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 34. | Delphi Automotive Systems Services LLC | 38-3568834 | 05-44632 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 35. | Delphi Services Holding Corporation | 20-0577653 | 05-44633 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 36. | Delphi Automotive Systems Global (Holding), Inc. | 38-3547659 | 05-44636 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 37. | Delphi Foreign Sales Corporation | 66-0564421 | 05-44638 | Chase Trade, Inc. Post Office Box 309420 55-11 Conacao Gade Charlotte Amalie St. Thomas, VI 00803-9420 | October 8, 2005 |
| 38. | Delphi Automotive Systems Human Resources LLC | 38-3547664 | 05-44639 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 39. | Delphi Automotive Systems LLC | 38-3431131 | 05-44640 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 40. | Delphi Furukawa Wiring Systems LLC | 20-2478586 | 05-47452 | 5725 Delphi Drive Troy, MI 48098 | October 14, 2005 |

|     | Entity | Tax / Federal ID Number | Case Number | Address | Date Of Petition Filing |
| --- | --- | --- | --- | --- | --- |
| 41. | Delphi Receivables LLC | 61-1446224 | 05-47459 | 5725 Delphi Drive Troy, MI 48098 | October 14, 2005 |
| 42. | MobileAria, Inc. | 31-1695929 | 05-47474 | 800 West El Camino Real Suite 240 Mountain View, CA 94040 | October 14, 2005 |

# EXHIBIT C

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT    **Southern**    DISTRICT OF    **New York** | PROOF OF CLAIM |
|---|---|

| Name of Debtor: | Case Number: |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent: | ☐ Check box if you have never received any notices from the bankruptcy court in this case. ☐ Check box if the address differs from the address on the envelope sent to you by the court. | |
| Telephone number: | | THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor: | Check here ☐ replaces if this claim ☐ amends a previously filed claim, dated:_____ |
|---|---|

**1. Basis for Claim**
- ☐ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)        (date)

| **2. Date debt was incurred:** | **3. If court judgment, date obtained:** |
|---|---|

**4. Total Amount of Claim at Time Case Filed:  $** _____ _____ _____ _____
(unsecured)    (secured)    (priority)    (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other_____

Value of Collateral:    $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____

**6. Unsecured Nonpriority Claim** $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority    $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

| **8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.  DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:**    To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

**FORM B10** (Official Form 10) (04/04)

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

—— DEFINITIONS ——

### Debtor
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

### Proof of Claim
A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

### Secured Claim
A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim*.)

### Unsecured Claim
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Court, Name of Debtor, and Case Number:**
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in the last four digits of your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Claim at Time Case Filed:**
Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**
Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above.)

**6. Unsecured Nonpriority Claim:**
Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

**7. Unsecured Priority Claim:**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above.) A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**8. Credits:**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**9. Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

# Exhibit B

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Attorneys for Bear, Stearns & Co. Inc.,
    Citigroup Inc., Credit Suisse First Boston,
    Deutsche Bank Securities, Inc.,
    Goldman Sachs Group, Inc., JPMorgan Chase & Co.,
    Lehman Brothers Inc., Merrill Lynch & Co.,
    Morgan Stanley & Co., Inc., and UBS Securities LLC
One Liberty Plaza
New York, New York 10006
(212) 225-2000
James L. Bromley (JB 5125)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x
|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
-------------------------------------------------------------------- x

## NOTICE OF APPEARANCE AND
## DEMAND FOR SERVICE OF PAPERS

      PLEASE TAKE NOTICE that Cleary Gottlieb Steen & Hamilton LLP hereby

appears in the above-captioned case pursuant to Rule 9010(b) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") as counsel to Bear, Stearns & Co. Inc., Citigroup Inc.,

Credit Suisse First Boston, Deutsche Bank Securities, Inc., Goldman Sachs Group, Inc.,

JPMorgan Chase & Co., Lehman Brothers Inc., Merrill Lynch & Co., Morgan Stanley & Co.,

Inc., and UBS Securities LLC, creditors and parties-in-interest in the above-captioned case, and

demands, pursuant to Bankruptcy Rules 2002, 9007, and 9010 and sections 102(1), 342, and

1109(b) of chapter 11, title 11 of the United States Code (the "Bankruptcy Code"), that all

notices or papers served or required to be served in this case or related adversarial proceedings

be served upon the undersigned at the following office address, telephone numbers and e-mail

address:



0544481051110000000000016

> James L. Bromley
> Cleary Gottlieb Steen & Hamilton LLP
> One Liberty Plaza
> New York, New York 10006
> Tel. No.:  (212) 225-2000
> Fax No.:  (212) 225-3999
> Internet E-Mail Address:  maofiling@cgsh.com

PLEASE TAKE FURTHER NOTICE that, pursuant to section 1109(b) of the

Bankruptcy Code, the foregoing demand includes not only the notices and papers referred to in

the Bankruptcy Rules specified above, but also includes, without limitation, orders and notices of

any application, motion, petition, pleading, request, complaint or demand, whether formal or

informal, whether written or oral, and whether transmitted or conveyed by mail, delivery,

telephone telegraph, telex, facsimile transmission, e-mail or otherwise, which affect the above-

captioned debtor or property of such debtor.

PLEASE TAKE FURTHER NOTICE that, this Notice of Appearance and

Request for Service of Papers shall not be deemed to be a waiver of any rights of the above-

named parties-in-interest, including without limitation, any rights, claims, actions, setoffs, or

recoupments to which the above-named parties-in-interest are or may be entitled in law or in

equity, all of which rights, claims, actions, defenses, setoffs, and recoupments the above-named

parties-in-interest expressly reserve.

Dated:  New York, New York
         November 10, 2005

                                    CLEARY GOTTLIEB STEEN & HAMILTON LLP

                                    By:  ___/s/ James L. Bromley_____
                                    James L. Bromley (JB 5125)
                                            One Liberty Plaza
                                            New York, New York 10006
                                            (212) 225-2000

                                    Attorneys for Bear, Stearns & Co. Inc.,
                                    Citigroup Inc.,
                                    Credit Suisse First Boston,
                                    Deutsche Bank Securities, Inc.,
                                    Goldman Sachs Group, Inc.,
                                    JP Morgan Chase & Co.,
                                    Lehman Brothers Inc.,
                                    Merrill Lynch & Co.,
                                    Morgan Stanley & Co., Inc.,
                                    and UBS Securities LLC

# Exhibit C

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
     In re                    :    Chapter 11
                                            :
DELPHI CORPORATION, <u>et al.</u>,           :    Case No. 05-44481 (RDD)
                                            :
                            Debtors.        :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>AFFIDAVIT OF SERVICE</u>

     I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants, LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

     On or before April 20, 2006, I caused to be served the documents listed below upon the parties listed on <u>Exhibit A</u> hereto via postage pre-paid U.S. mail:

    1) Notice of Bar Date for Filing Proofs of Claim [a copy of which is attached hereto as Exhibit B]

    2) Proof of Claim form [a copy of which is attached hereto as Exhibit C]

Dated: April 28, 2006

                         */s/ Evan Gershbein*
                         Evan Gershbein

Subscribed and sworn to (or affirmed) before me on this 28th day of April, 2006, by Evan Gershbein, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature :   */s/ Amy Lee Huh*

Commission Expires:   *3/15/09*

# EXHIBIT A

*Delphi Service List*

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | | New York | NY | 10006 | |
| Cleary Gottlieb Steen & Hamilton Llp | James L. Bromley | One Liberty Plaza | | | New York | NY | 10006 | |
| Cleary Gottlieb Steen and Hamilton | | 1 Liberty Plaza | | | New York | NY | 10006 | |
| Cleary J W | | 1511 Northwest Blvd | | | Columbus | OH | 43212-2536 | |
| Cleary J W Co | | PO Box 12268 | | | Columbus | OH | 43212 | |
| Cleary J W Co Eft | | PO Box 12268 | | | Columbus | OH | 43212 | |
| Cleary Jerry | | PO Box 61 | | | Coaling | AL | 35449 | |
| Cleary John | | Tri State 390 Owner Operator | 2305c Jeff Davis Hwy 611 | | Fredricksburg | VA | 22401 | |
| Cleary John Tri State 390 Owner operator | | 2305c Jeff Davis Hwy 611 | | | Fredricksburg | VA | 22401 | |
| Cleary Rachel | | 80 Outwater Dr | | | Lockport | NY | 14094 | |
| Cleary Rachel | | 80 Outwater Dr | | | Lockport | NY | 14094 | |
| Cleary T | | 7825 Elyria Rd | | | Medina | OH | 44256 | |
| Cleary Timothy | | 7825 Elyria Rd | | | Medina | OH | 44256 | |
| Cleary Timothy | | 7825 Elyria Rd | | | Medina | OH | 44256 | |
| Cleary University | | 3601 Plymouth Rd | | | Ann Arbor | MI | 48105 | |
| Cleary University | | Fmly Cleary College | 3601 Plymouth Rd | | Ann Arbor | MI | 48105 | |
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | | New York | NY | 10006 | |
| Cleason L Scott | | 581 W 7th St | | | Salem | OH | 44460-2123 | |
| Cleatis L Todd | | Co Phyllis Spivey | 18035 Golden Leaf Ln | | Riverside | CA | 92504 | |
| Cleatus B Lunsford | | 5654 Stage Coach Rd | | | Rex | GA | 30273-1315 | |
| Cleatus W Marshall | | 10155 W Kiehnau Ave | | | Milwaukee | WI | 53224-5232 | |
| Cleave Latchison | | 1604 W Mott Ave | | | Flint | MI | 48504-7024 | |
| Cleaver L Vaughn Jr | | 2518 Milbourne | | | Flint | MI | 48504-2840 | |
| Cleaver Larry L | | 4200 W County Rd 1000 N | | | Muncie | IN | 47303-9601 | |
| Cleaver William | | 36003 Whitcomb St | | | Livonia | MI | 48154 | |
| Cleavon Lark | | 1713 Dewey St | | | Anderson | IN | 46016-3128 | |
| Clebert Bosset Jr | | 5753 Portsmouth Ave | | | Newark | CA | 94560-1342 | |
| Cleborn Lambert | | 200 Mimosa St Apt 10 C | | | Booneville | MS | 38829-2933 | |

**Delphi Service List**

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| James L Beason and Kea M Blalock Jt | | 141 Southwind Circle | | | St Augustine | FL | 32080-5354 | |
| James L Beason and Kea M Blalock Jt Ten | | 141 Southwind Circle | | | St Augustine | FL | 32080-5354 | |
| James L Beckner | | 4 Athlone Dr | | | Caseyville | IL | 62232-2008 | |
| James L Behrendt | | Box 270a Rd 2 | | | Brookville | PA | 15825 | |
| James L Benedict | | 2421 Ashland St | | | Clio | MI | 48420-1459 | |
| James L Bennett Jr | | 1120 Brandon Rd | | | Virginia Beach | VA | 23451-3856 | |
| James L Bertenshaw | | 685 31st St | | | Richmond | CA | 94804-1567 | |
| James L Bettner | | 5990 N Co Rd 550e | | | Pittsboro | IN | 46167 | |
| James L Bischoff and Doris E | | Bischoff Jt Ten | 10743 Countryside Dr | | Grand Ledge | MI | 48837-9146 | |
| James L Blackwell | | 23423 North 39th Ln | | | Glendale | AZ | 85310-5521 | |
| James L Blewett and | | Margaret L Blewett Jt Ten | 7075 Fairgrove | | Swartz Creek | MI | 48473-9408 | |
| James L Bocox | | Dba Jmek Engineering | 20331 Lake Forest Dr C 7 | | Lake Forest | CA | 92630 | |
| James L Boettcher and Joyce | | Ann Boettcher Jt Ten | 39345 Elmite | | Mt Clemens | MI | 48045-2046 | |
| James L Boger | | 2361 Linda Dr Nw | | | Warren | OH | 44485 | |
| James L Boles | | 1511 Wagon Wheel Ln | | | Grand Blanc | MI | 48439-4848 | |
| James L Borkowski | | 3111 Arrow Ln | | | Parma | OH | 44134-5607 | |
| James L Boss | | State St | | | Dalton | NY | 14836 | |
| James L Brackett and Leona L | | Brackett Jt Ten | Box 260 | | New Harbor | ME | 04554-0260 | |
| James L Branch and | Bonnie Branch Tr | James L and Bonnie Branch Trust | Ua 030989 | 2010 Sawmill Trust | Batesville | IN | 47006-9328 | |
| James L Breitbach | | 3980 Preserve Way | | | Estero | FL | 33928-3302 | |
| James L Briggs | | 3550 W Mt Hope | | | Grand Ledge | MI | 48837 | |
| James L Bromley | | 1250 Dive Rd | | | Bedford | IN | 47421-1518 | |
| James L Brown | | 10913 East Railroad | | | Clayton | MI | 49235 | |
| James L Brown | | 111 Gibson Ave | | | Grimsby | ON | L3M 1G8 | Canada |
| James L Brown | | 1605 Beresford Rd | | | North Little Rock | AR | 72116 | |
| James L Brown | | 3540 Hatfield Dr | | | Waterford | MI | 48329-1733 | |
| James L Brown | David A Hodges | C o Attorney At Law | Centre Pl Building | 212 Ctr St Fifth Fl | Little Rock | AR | 72201 | |
| James L Brown Jr | | 4275 Eastport Rd | | | Bridgeport | MI | 48722-9607 | |

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
      In re                                   :        Chapter 11
                                            :
DELPHI CORPORATION, <u>et al.</u>,          :        Case No. 05-44481 (RDD)
                                            :
              Debtors.          :        (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM</u>

TO ALL CREDITORS OF THE DEBTORS, AND OTHER PARTIES-IN-INTEREST:

PLEASE TAKE NOTICE THAT:

           In accordance with an order entered on April 12, 2006 by the United
States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court")
in the above-captioned chapter 11 cases (the "Bar Date Order"), **5:00 p.m. Eastern Time
on July 31, 2006** (the "General Bar Date") has been established as the last date for each
person or entity (including individuals, partnerships, corporations, limited liability
companies, estates, trusts, unions, indenture trustees, the United States Trustee, and
governmental units) (individually, a "Person" or "Entity," and collectively, "Persons" or
"Entities") to file a proof of claim in the chapter 11 cases of the above-captioned debtors
and debtors-in-possession (collectively, the "Debtors"). A list of all Debtors in these
chapter 11 cases is attached hereto as Exhibit A.

           On October 8, 2005, Delphi and certain of its U.S. subsidiaries filed
voluntary petitions in the Bankruptcy Court for reorganization relief under chapter 11 of
title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy
Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi filed
voluntary petitions in the Bankruptcy Court for reorganization relief under the
Bankruptcy Code. The term "Petition Date" shall mean the date on which each Debtor
filed its chapter 11 bankruptcy petition as set forth on Exhibit A attached hereto. The
General Bar Date and the procedures set forth below for filing proofs of claim apply to all
claims against the Debtors that arose before the applicable Petition Date, except for those
holders of the claims listed in Section 4 below which are specifically excluded from the
General Bar Date filing requirement.

**1.**       **Who Must File A Proof Of Claim**

           You MUST file a proof of claim to vote on a chapter 11 plan filed by the
Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a
claim against any of the Debtors that arose prior to the applicable Petition Date, and such
claim is not one of the types of claim described in Section 4 below. Claims based on acts
or omissions of the Debtors that occurred before the applicable Petition Date must be

filed on or prior to the General Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the applicable Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2.    What To File**

The Debtors are enclosing a proof of claim form which you may use to file any claim you may have in these cases.  If the Debtors scheduled you as a creditor in any of the Debtors' schedules of assets and liabilities (as amended from time to time, the "Schedules"), the form sets forth the amount of your claim as scheduled and whether the claim is scheduled as disputed, contingent, or unliquidated.  Additional proof of claim forms may be obtained at http://www.uscourts.gov/bkforms/index.html or at http://www.delphidocket.com.

All proofs of claim must be signed by the claimant or, if the claimant is not an individual, by a claimant's authorized agent.  All proofs of claim must be written in English and be denominated in United States currency.  You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

If any supporting documentation provided with any proof of claim contains confidential information, such documentation will be subject to examination only by the party asserting the claim, the Debtors, the Debtors' counsel and advisers, the United States Trustee, counsel and advisers to the official committee of unsecured creditors appointed in these chapter 11 cases, Kurtzman Carson Consultants, LLC, the claims and noticing agent in these chapter 11 cases, and any personnel of the United States Bankruptcy Court for the Southern District of New York in the performance of their official duties, and such entities have been ordered to maintain the confidentiality of all supporting documentation to any proof of claim and the information contained therein.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and each holder of a claim must identify on its proof of claim the specific Debtor against which its claim is asserted and the case number of that Debtor's reorganization case.  A list of the names of the Debtors and their reorganization case numbers is attached hereto as Exhibit A.

**3.     When And Where To File**

Except as provided for herein, all proofs of claim must be filed so as to be received no later than **5:00 p.m. Eastern Time on July 31, 2006** at the following address:

| If sent by mail: | If sent by messenger or overnight courier: |
|---|---|
| United States Bankruptcy Court | United States Bankruptcy Court |
| Southern District of New York | Southern District of New York |
| Delphi Corporation Claims | Delphi Corporation Claims |
| Bowling Green Station | One Bowling Green |
| P.O. Box 5058 | Room 534 |
| New York, New York 10274-5058 | New York, New York 10004-1408 |

**Proofs of claim will be deemed filed only when actually received at the addresses above on or before the General Bar Date.**  Proofs of claim may not be delivered by facsimile, telecopy, or electronic mail transmission.

Governmental units must file proofs of claims in these chapter 11 cases on or prior to the General Bar Date.

**4.     Who Need Not File A Proof Of Claim**

You do not need to file a proof of claim on or prior to the General Bar Date if you are:

(a)     Any Person or Entity (i) which agrees with the nature, classification, and amount of its Claim set forth in the Schedules and (ii) whose Claim against a Debtor is not listed as "disputed," "contingent," or "unliquidated" in the Schedules;

(b)     Any Person or Entity which has already properly filed a proof of claim against the correct Debtor;

(c)     Any Person or Entity which asserts a Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

(d)     Any Person or Entity which asserts a Claim solely on the basis of future pension or other post-employment benefits, including, without limitation, retiree health care and life insurance; provided, however, that any such Person or Entity which wishes to assert a Claim against any of the Debtors based on anything other than

future pension or other post-employment benefits must file a proof of claim on or prior to the General Bar Date;[1]

(e)     Any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control or hold with power to vote, 50 percent or more of the outstanding voting securities of such subsidiary;

(f)     Any Person or Entity whose Claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Bankruptcy Court;

(g)     Any holder of a Claim arising under or in respect of any of the following issuances of Delphi Corporation senior and junior subordinated unsecured debt (each, a "Noteholder"): (i) those certain senior unsecured securities bearing interest at 6.55% and maturing on June 15, 2006; (ii) those certain senior unsecured securities bearing interest at 6.50% and maturing on May 1, 2009; (iii) those certain senior unsecured securities bearing interest at 6.50% and maturing on August 15, 2013; (iv) those certain senior unsecured securities bearing interest at 7.125% and maturing on May 1, 2029; (v) those certain 8.25% junior subordinated notes due 2033; or (vi) those certain adjustable-rate junior subordinated notes due 2033  (collectively, the "Unsecured Securities"), other than the indenture trustees of the Unsecured Securities; provided, however, that any Noteholder who wishes to assert a Claim against the Debtors that is not based solely upon the outstanding prepetition principal and interest due on account of its ownership of such Unsecured Securities must file a proof of claim on or prior to the General Bar Date in respect of such Claim; and

(h)     Any holder of equity securities of, or other interests in, the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities, or other interest; provided, however, that any such holder which wishes to assert a Claim against any of the Debtors that is not based solely upon its ownership of the Debtors' securities, including, but not limited to, Claims for damages or recision based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Bar Date in respect of such Claim.

This notice is being sent to many persons and entities which have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors.  The fact that you have received this Notice does not

---

[1] The bar date for the filing of Proofs of Claim on account of Claims arising from modification to or termination of future pension or other post-employment benefits will be determined pursuant to an order of the Bankruptcy Court approving such modification or termination.

necessarily mean that you have a claim or that the Debtors or the Bankruptcy Court
believe that you have a claim against the Debtors.

**5.      Executory Contracts And Unexpired Leases**

Any person or entity which has a claim arising from the rejection of an
Executory Contract must file a proof of claim on account of such claim against the
Debtors on or before the later of (a) the General Bar Date or (b) 30 calendar days after the
effective date of such rejection or such other date as fixed by the Bankruptcy Court in an
order authorizing such rejection.

**6.      Amended Schedule Bar Date**

If the Debtors amend the Schedules on or after the date of this Notice
(listed below) to reduce the undisputed, noncontingent, and liquidated amounts or to
change the nature or classification of a claim against a Debtor reflected therein, the bar
date for filing a proof of claim in respect of such amended schedule claim is the later of
(a) the General Bar Date or (b) 30 calendar days after a claimant is served with notice
that the Debtors have amended their Schedules.

**7.      Consequences Of Failure To File A Proof Of Claim By The General Bar Date**

ANY HOLDER OF A CLAIM WHICH IS NOT EXCEPTED FROM
THE REQUIREMENTS OF THIS NOTICE, AS SET FORTH IN SECTION 4 ABOVE,
AND WHICH FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE
APPROPRIATE FORM, WILL BE BARRED FROM ASSERTING SUCH CLAIM
AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, FROM VOTING
ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES, AND FROM
PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON
ACCOUNT OF SUCH CLAIM.

**8.      The Debtors' Schedules And Access Thereto**

You may be listed as the holder of a claim against the Debtors in any of
the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts
and Unexpired Leases.

To determine if and how you are listed on any of the Schedules, please
refer to the descriptions set forth on the enclosed proof of claim forms regarding the
nature, amount, and status of your claim(s).

As set forth above, if you agree with the nature, amount, and status of your
claim as listed in any of the Debtors' Schedules, and if your claim is not described as
"disputed," "contingent," or "unliquidated," you need not file a proof of claim.
Otherwise, or if you decide  to file a proof of claim, you must do so before the General
Bar Date in accordance with the procedures set forth in this Notice.

Copies of any of the Debtors' Schedules are available for inspection online
at http://www.delphidocket.com or on the Court's Internet Website at

http://www.nysb.uscourts.gov.  A login and password to the Court's Public Access to
Electronic Court Records ("PACER") are required to access this information on the
Court's Internet Website and can be obtained through the PACER Service Center at
http://www.pacer.psc.uscourts.gov.  No login or password is required to access this
information on the Debtors' Legal Information Website (http://www.delphidocket.com).
Copies of any of the Schedules may also be examined between the hours of 9:00 a.m. and
4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court,
One Bowling Green, Room 511, New York, New York 10004-1408.

        A holder of a possible claim against any of the Debtors should consult an
attorney regarding any matters not covered by this Notice, such as whether the holder
should file a proof of claim.

Dated: New York, New York                  BY ORDER OF THE COURT
       April 12, 2006

       SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
       John Wm. Butler, Jr.
       John K. Lyons
       Ron E. Meisler
       333 West Wacker Drive, Suite 2100
       Chicago, Illinois  60606

        - and -

       Kayalyn A. Marafioti (KM 9632)
       Thomas J. Matz (TM 5986)
       Four Times Square
       New York, New York 10036

       Attorneys for Delphi Corporation, et al.,
        Debtors and Debtors-in-Possession

**For additional information:**

Delphi Restructuring Information Hotline:
Toll Free:  (866) 688-8740
International:  (248) 813-2602

Delphi Legal Information Website:
http://www.delphidocket.com

# EXHIBIT A

| | Entity | Tax / Federal ID Number | Case Number | Address | Date Of Petition Filing |
|---|---|---|---|---|---|
| 1. | Delphi NY Holding Corporation | 20-3383408 | 05-44480 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 2. | Delphi Corporation | 38-3430473 | 05-44481 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 3. | ASEC Manufacturing General Partnership | 73-1474201 | 05-44482 | 1301 Main Parkway Catoosa, OK 74015 | October 8, 2005 |
| 4. | ASEC Sales General Partnership | 73-1474151 | 05-44484 | 1301 Main Parkway Catoosa, OK 74015 | October 8, 2005 |
| 5. | Environmental Catalysts, LLC | | 05-44503 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 6. | Delphi Medical Systems Colorado Corporation | 84-1524184 | 05-44507 | 4300 Road 18 Longmont, CO 80504 | October 8, 2005 |
| 7. | Delphi Medical Systems Texas Corporation | 20-2885110 | 05-44511 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 8. | Delphi Medical Systems Corporation | 32-0052827 | 05-44529 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 9. | Specialty Electronics International Ltd. | 66-0522490 | 05-44536 | 69A Kronprindsens Gade (Third Floor) P.O. Box 1858 St. Thomas, VI | October 8, 2005 |
| 10. | Specialty Electronics, Inc. | 57-0755068 | 05-44539 | 19200 Asheville Highway P.O. Box 519 Landrum, SC 29356 | October 8, 2005 |
| 11. | Delphi Liquidation Holding Company | 95-4359324 | 05-44542 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 12. | Delphi Electronics (Holding) LLC | 95-4554161 | 05-44547 | One Corporate Center Kokomo, IN 46904 | October 8, 2005 |
| 13. | Delphi Technologies, Inc. | 38-3430681 | 05-44554 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 14. | Delphi Automotive Systems Tennessee, Inc. | 38-3319836 | 05-44558 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 15. | Delphi Mechatronic Systems, Inc. | 38-3589834 | 05-44567 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 16. | Delphi Automotive Systems Risk Management Corp. | 38-3575299 | 05-44570 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 17. | Exhaust Systems Corporation | 38-3211473 | 05-44573 | 4800 S. Saginaw Street Flint, MI 48501 | October 8, 2005 |
| 18. | Delphi China LLC | 38-3196159 | 05-44577 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 19. | Delphi Automotive Systems Korea, Inc. | 38-2849490 | 05-44580 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 20. | Delphi International Services, Inc. | 38-3439894 | 05-44583 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |

|  | Entity | Tax / Federal ID Number | Case Number | Address | Date Of Petition Filing |
|---|---|---|---|---|---|
| 21. | Delphi Automotive Systems Thailand, Inc. | 38-3379709 | 05-44586 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 22. | Delphi Automotive Systems International, Inc. | 38-3280289 | 05-44589 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 23. | Delphi International Holdings Corp. | 38-3449527 | 05-44591 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 24. | Delphi Automotive Systems Overseas Corporation | 38-3318021 | 05-44593 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 25. | Delphi Automotive Systems (Holding), Inc. | 38-3422378 | 05-44596 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 26. | Delco Electronics Overseas Corporation | 38-2638990 | 05-44610 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 27. | Delphi Diesel Systems Corp. | 38-3505001 | 05-44612 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 28. | Delphi LLC | 37-1438255 | 05-44615 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 29. | Aspire, Inc. | 36-4392806 | 05-44618 | U.S. Route 1 Morrisville, PA 19067 | October 8, 2005 |
| 30. | Delphi Integrated Service Solutions, Inc. | 38-3473261 | 05-44623 | 1322 Rankin Street Troy, MI 48083 | October 8, 2005 |
| 31. | Delphi Connection Systems | 95-2563022 | 05-44624 | 17150 Von Karman Avenue Irvine, CA 92614 | October 8, 2005 |
| 32. | Packard Hughes Interconnect Company | 33-0595219 | 05-44626 | 17150 Von Karman Avenue Irvine, CA 92614 | October 8, 2005 |
| 33. | DREAL, Inc. | 38-3457411 | 05-44627 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 34. | Delphi Automotive Systems Services LLC | 38-3568834 | 05-44632 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 35. | Delphi Services Holding Corporation | 20-0577653 | 05-44633 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 36. | Delphi Automotive Systems Global (Holding), Inc. | 38-3547659 | 05-44636 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 37. | Delphi Foreign Sales Corporation | 66-0564421 | 05-44638 | Chase Trade, Inc. Post Office Box 309420 55-11 Conacao Gade Charlotte Amalie St. Thomas, VI 00803-9420 | October 8, 2005 |
| 38. | Delphi Automotive Systems Human Resources LLC | 38-3547664 | 05-44639 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 39. | Delphi Automotive Systems LLC | 38-3431131 | 05-44640 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 40. | Delphi Furukawa Wiring Systems LLC | 20-2478586 | 05-47452 | 5725 Delphi Drive Troy, MI 48098 | October 14, 2005 |

| | Entity | Tax / Federal ID Number | Case Number | Address | Date Of Petition Filing |
|---|---|---|---|---|---|
| 41. | Delphi Receivables LLC | 61-1446224 | 05-47459 | 5725 Delphi Drive Troy, MI 48098 | October 14, 2005 |
| 42. | MobileAria, Inc. | 31-1695929 | 05-47474 | 800 West El Camino Real Suite 240 Mountain View, CA 94040 | October 14, 2005 |

# EXHIBIT C

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT    **Southern**    DISTRICT OF    **New York** | PROOF OF CLAIM |
|---|---|

| Name of Debtor | Case Number | |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent: | ☐ Check box if you have never received any notices from the bankruptcy court in this case. ☐ Check box if the address differs from the address on the envelope sent to you by the court. | |
| Telephone number: | | THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor: | Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated:_____ |
|---|---|

**1. Basis for Claim**
- ☐ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)                 (date)

| **2. Date debt was incurred:** | **3. If court judgment, date obtained:** |
|---|---|

**4. Total Amount of Claim at Time Case Filed:  $** _____ _____ _____ _____
(unsecured)    (secured)    (priority)    (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other_____

Value of Collateral:    $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____

**6. Unsecured Nonpriority Claim** $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority   $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109–8.

| **8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. **9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**FORM B10** (Official Form 10) (04/04)

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

—— DEFINITIONS ——

### Debtor

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

### Proof of Claim

A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

### Secured Claim

A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim*.)

### Unsecured Claim

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Court, Name of Debtor, and Case Number:**
  Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**
  Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**
  Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in the last four digits of your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
  Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**
  If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Claim at Time Case Filed:**
  Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**
  Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above.)

**6. Unsecured Nonpriority Claim:**
  Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

**7. Unsecured Priority Claim:**
  Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above.) A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**8. Credits:**
  By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**9. Supporting Documents:**
  You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

# Exhibit D

Docket #20795  Date Filed: 11/15/2010

**Hearing Date and Time:  December 16, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Response Date and Time:  December 9, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Albert L. Hogan, III
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                         :
      In re                   :      Chapter 11
                         :
DPH HOLDINGS CORP., et al.,    :      Case No. 05-44481 (RDD)
                         :
           Reorganized Debtors.    :      (Jointly Administered)
                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' MOTION FOR ORDER ENFORCING MODIFIED PLAN AND
PLAN MODIFICATION ORDER INJUNCTIONS AGAINST INDENTURE TRUSTEE WITH
RESPECT TO CERTAIN 1994 BONDS ISSUED BY THE COUNTY OF TRUMBULL, OHIO

("SECOND INDENTURE TRUSTEE PLAN INJUNCTION MOTION")

||||| |||| ||| || ||||||| ||| |||| ||| ||||| || |||||
0544481101115000000000008

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), successors to Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this motion for an order enforcing against the indenture trustee with respect to certain bonds issued by the County of Trumbull, Ohio in 1994 (the "Indenture Trustee"), the injunctions set forth in the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (the "Modified Plan") (Docket No. 18707 Ex. A art. 11.14) and this Court's order approving the Modified Plan (the "Plan Modification Order") (Docket No. 18707 ¶ 22).  On July 1, 1994, the County of Trumbull, Ohio ("Trumbull County") and Dai-Ichi Kangyo Trust Company of New York, as trustee, entered into an Indenture of Trust under which Trumbull County issued the Sewage Disposal Revenue Bonds (General Motors Corporation Project) Series 1994 in the aggregate principal amount of $2.75 million (the "Bonds").  The Bank of New York Mellon Corporation has served as the successor Indenture Trustee throughout these chapter 11 cases.

Preliminary Statement

1.    Since the substantial consummation of the Modified Plan, the Indenture Trustee has demanded that DPH Holdings make payments concerning the 1994 Bonds pursuant to a prepetition contract executed by and between Delphi and General Motors Corporation ("GM") in 1999.  The Indenture Trustee did not file a contingent proof of claim concerning the Bonds, and its post-emergence pursuit of a discharged prepetition claim constitutes a clear violation of the injunctions in Article 11.14 of the Modified Plan and paragraph 22 of the Plan Modification Order.  (Docket No. 18707 Ex. A art. 11.14; Docket No. 18707 ¶ 22.)

2

2.      The Indenture Trustee's status as a prepetition creditor under the 1999

agreement was not elevated to post-petition claimant status when Delphi and GM entered into

the Amended And Restated Master Restructuring Agreement (the "Amended MRA") in 2008.

The Amended MRA was part of a global settlement between Delphi and GM that was intended

to affect only the rights and obligations as between Delphi and GM and specifically precluded

third-party beneficiaries by it terms.  The Indenture Trustee was not a party to the Amended

MRA, and any argument that the Indenture Trustee had rights under the Amended MRA as a

third-party beneficiary is foreclosed by, among other things, the provision of the Amended MRA

expressly negating the existence of such beneficiaries.  (Docket No. 14287 Ex. B § 8.18)

3.      This provision disposes of the notion that the Indenture Trustee's status

was improved by reason of the Amended MRA.[1]  See Edward B. Fitzpatrick, Jr. Constr. Corp. v.

Suffolk County, 525 N.Y.S.2d 863, 866 (N.Y. App. Div. 1988) ("Where a provision in the

contract expressly negates enforcement by third parties, that provision is controlling."); James v.

State, 457 N.Y.S.2d 148, 152 (N.Y. App. Div. 1982) ("The contractual provision here expressly

negates an intent to benefit third parties and is necessarily decisive as to the rights of such

parties."), aff'd, 457 N.E.2d 802 (N.Y. 1983).

<u>Background</u>

A.      <u>The 1994 Loan Agreement</u>

4.      On July 1, 1994, Trumbull County entered into a Loan Agreement with

GM (the "1994 Loan Agreement"), a copy of which is attached to this Motion as Exhibit A.

Under the 1994 Loan Agreement, Trumbull County agreed to lend to GM the proceeds from the

---

[1]    It is instructive that the Indenture Trustee also did not file a contingent administrative claim concerning the
Bonds.

3

sale of the Bonds (Ex. A § 4.1), and GM agreed to make to the Indenture Trustee certain

payments of principal, premium, and interest with respect to the Bonds (Ex. A § 4.2(a)).

      B.      The 1999 Agreement

          5.      On January 1, 1999, in connection with the spin-off of Delphi Automotive

Systems Corporation from GM, GM and Delphi Automotive Systems LLC ("DAS LLC")

entered into an Assignment And Assumption Agreement – Industrial Development Bonds (the

"1999 Agreement"), a copy of which is attached to this Motion as Exhibit B.  Under the 1999

Agreement, GM assigned to DAS LLC the 1994 Loan Agreement (Ex. B § 1), and DAS LLC

assumed certain obligations of GM under the 1994 Loan Agreement (Ex. B § 2).  In addition,

DAS LLC agreed to indemnify GM for losses relating to the 1994 Loan Agreement.  (Ex. B § 6.)

DPH Holdings is the successor to DAS LLC with respect to the 1999 Agreement.

      C.      The Chapter 11 Filings And Payments On The Bonds

          6.      On October 8 and 14, 2005, the Debtors filed voluntary petitions for

reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 1101-

1174.  The Reorganized Debtors believe that GM made payments on the Bonds from the petition

dates in October 2005 through the effective date of the Amended MRA in September 2008.  The

Debtors made payments on the Bonds from September 2008 through the termination of the

Amended MRA in October 2009.

      D.      The Amended MRA

          7.      On September 12, 2008, Delphi and GM entered into the Amended MRA,

subject to this Court's approval.  The Debtors filed a motion seeking this Court's approval of the

Amended MRA on September 12, 2008 (Docket No. 14164), and this Court entered an order

granting the motion on September 26, 2008 (Docket No. 14287).  Under the order, the Debtors

4

were "authorized, but not directed, to implement, deliver, and perform their obligations under

the . . . Amended MRA."  (Docket No. 14287 ¶ 2.)

        8.     The Amended MRA amended and restated the earlier Master

Restructuring Agreement between Delphi and GM (the "MRA").  Similar to the MRA, the

Amended MRA allocated the longer-term responsibilities of Delphi and GM as part of the global

settlement agreement between those parties.  Unlike the MRA, the Amended MRA became

effective independent of and in advance of the effective date of the Debtors' plan of

reorganization.

        9.     The Amended MRA provided that, as of the effective date of the

Amended MRA in September 2008, the 1999 Agreement "shall, as applicable, be either assumed,

reinstated, or ratified (including as amended, as applicable)."[2]  (Docket No. 14287 Ex. B

§ 5.01(a)(vi).)

        10.    The Amended MRA also included a termination provision stating that the

Amended MRA "may be terminated . . . and the transactions contemplated hereby abandoned,

upon the occurrence of," among other things, the "mutual written consent of both Delphi and

GM."  (Docket No. 14287 Ex. B § 8.02(a).)  The consent of the Indenture Trustee (or of any

other third party) was not required.

---

[2]    Delphi did not assume the 1999 Agreement under 11 § U.S.C. 365.  As of October 2005, when the Debtors filed
their chapter 11 petitions, and September 2008, when Delphi and GM executed and this Court approved the
Amended MRA, the 1999 Agreement was not an "executory contract" within the meaning of section 365, as
there were not unperformed obligations on both sides.  See ReGen Capital I, Inc. v. Halperin (In re Wireless
Data, Inc.), 547 F.3d 484, 488 n.1 (2d Cir. 2008) ("Although § 365 does not define the term 'executory
contracts,' courts have long employed the definition articulated by Professor Countryman, i.e., 'a contract under
which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the
failure of either to complete performance would constitute a material breach excusing the performance of the
other.'"); COR Route 5 Co. v. Penn Traffic Co. (In re Penn Traffic Co.), 524 F.3d 373, 379 (2d Cir. 2008)
(citing same definition).  The 1999 Agreement was therefore not subject to assumption or rejection pursuant to
section 365.  In re Ridizio, Inc., 204 B.R. 417, 421 (Bankr. S.D.N.Y. 1997); In re Raymond, 129 B.R. 354, 357
(Bankr. S.D.N.Y. 1991).

11.     The Indenture Trustee was not a party to the Amended MRA.  With regard

to third-party beneficiaries, the Amended MRA provided as follows:

> Section 8.18  <u>Third Party Beneficiaries</u>.  Except as otherwise provided in section 8.06 herein with respect to the releases of the GM Parties and GM Suppliers, <u>nothing contained in this Agreement is intended to confer any rights or remedies under or by reason of this Agreement on any person or entity other than the Parties hereto</u>, nor is anything in this Agreement intended to relieve or discharge the obligation or liability of any third party to any Party to this Agreement, <u>nor shall any provision give any third party any right of subrogation or action over or against any Party to this Agreement</u>.

(Docket No. 14287 Ex. B § 8.18 (emphasis added).

E.     <u>Termination Of The Amended MRA Pursuant To The MDA</u>

12.     On July 30, 2009, this Court entered the Plan Modification Order

approving the Modified Plan and the Master Disposition Agreement among Delphi, GM

Components Holdings, LLC, GM, Motors Liquidation Company, DIP Holdco 3, LLC, and the

other sellers and other buyers party thereto (the "MDA").  (Docket No. 18707.)  A copy of the

MDA is attached to this Motion as <u>Exhibit C</u>.

13.     The MDA includes the following provision terminating the Amended

MRA:

> 9.19.2.  <u>Effective on the Closing Date, without further action by the Parties the [Amended] MRA shall</u> (except as specifically set forth below) <u>be terminated in its entirety and the parties thereto shall have no further obligations thereunder</u> (other than as specifically set forth in this <u>Section 9.19.2</u>), including, without limitation, any obligations of Delphi for payments with respect to flowbacks under Section 5.11 of the [Amended] MRA or otherwise. Nothwithstanding the foregoing, Old GM agrees to pay any and all amounts due to Delphi which accrue under the [Amended] MRA for periods prior to Closing regardless of the date on which such amounts become due under the terms of the [Amended] MRA.  In addition, Old GM shall continue to be responsible for the payment of all costs and amounts due to Delphi under the [Amended] MRA with respect to the Athens Facility (as defined in the [Amended] MRA).

(Ex. C § 9.19.2 (emphasis added).)  This provision is in accord with the termination provision set

forth in the Amended MRA, which allowed Delphi and GM to terminate the Amended MRA by

"mutual written consent."  (Docket No. Docket No. 14287 Ex. B § 8.02(a).)

> 14.    The "Closing Date" referenced in the MDA occurred on October 6, 2009,

when the Debtors substantially consummated the Modified Plan and emerged from chapter 11.

(See Docket No. 18958.)  The Amended MRA was therefore terminated effective as of October

6, 2009.

> F.    Pre-Termination Notice To The Indenture Trustee

> 15.    The Debtors disclosed that the Amended MRA would be terminated

pursuant to the MDA (or, more precisely, an earlier version of the Master Disposition Agreement

among Delphi, GM Components Holdings, LLC, GM, Parnassus Holdings II, LLC, and the other

sellers and other buyers party thereto) in a number of filings related to the Modified Plan,

including:

- the (A) Supplement To Motion For Order (I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Request To Set Administrative Expense Claims Bar Date And Alternative Sale Hearing Date, dated June 1, 2009 (Docket No. 16646 at 10; Docket No. 16646 Ex. 1-A, Ex. 7.7 § 9.19.2; Docket No. 16646 Ex. 2 at S-x, S-8, S-18, S-39);

- the Debtors' Omnibus Reply To Objections To Plan Modification Approval Motion, dated June 10, 2009 (Docket No. 16935 Ex. C at S-x, S-8, S-18, S-41);

- the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, dated June 16, 2009 (Docket No. 17030 Ex. 7.7 § 9.19.2); and

- the Supplement To First Amended Disclosure Statement With Respect To First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified), dated June 16, 2009 (Docket No. 17031 at S-x, S-8, S-20, S-43).

16.     Although the Indenture Trustee received notice of the hearing on the

Modified Plan and the deadline and procedures for objecting to the Modified Plan (Docket No.

17267), it did not object to the termination of the Amended MRA in connection with the

Modified Plan or at any other time.

G.     The Bar Date And The Indenture Trustee's Failure To File A Proof Of Claim

17.     On April 12, 2006, this Court entered an order establishing July 31, 2006

as the bar date for filing proofs of claim, including proofs of claim regarding contingent claims

(the "Bar Date").  (Docket No. 3206 ¶ 2.)  The Indenture Trustee was timely served with notice

of the Bar Date and an individualized proof of claim form (Docket No. 3501), but it did not file a

proof of claim concerning the Bonds on or before the Bar Date.  Furthermore, the Indenture

Trustee has not filed a proof of claim concerning the Bonds after the Bar Date.[3]

H.     The Modified Plan And Plan Modification Order Injunctions

18.     Article 11.14 of the Modified Plan provides:

Subject to Article 11.13 of this Plan, the satisfaction, release, and
discharge pursuant to this Article XI shall act as an injunction against any Person
commencing or continuing any action, employment of process, or act to collect,
offset, or recovery any Claim, Interest, or Cause of Action satisfied, released, or
discharged under this Plan to the fullest extent authorized or provided by the
Bankruptcy Code, including, without limitation, to the extent provided for or
authorized by sections 524 and 1141 thereof.

(See Docket No. 18707 Ex. A art. 11.14.)

19.     Similarly, the Plan Modification Order provides:

Except as otherwise specifically provided in the Modified Plan, the MDA
Documents, or this order and except as may be necessary to enforce or remedy a
breach of the Modified Plan, the Debtors and all Persons shall be precluded and

---

[3]     The Indenture Trustee also received notice of the bar date of July 15, 2009 for filing proofs of administrative
expenses arising on or before June 1, 2009 (Docket No. 17267) and the bar date 30 days after the effective date
of the Modified Plan for filing proofs of administrative expenses arising after June 1, 2009 (Docket No. 18978).
The Indenture Trustee did not file a proof of administrative expenses concerning the Bonds on or before those
bar dates (or thereafter).

permanently enjoined on and after the Effective Date from (a) commencing or
continuing in any manner any Claim, action, employment of process, or other
proceeding of any kind with respect to any Claim, Interest, Cause of Action, or
any other right or Claim against the Reorganized Debtors, which they possessed
or may possess prior to the Effective Date, (b) the enforcement, attachment,
collection, offset, recoupment, or recovery by any manner or means of any
judgment, award, decree, order, or otherwise with respect to any Claim, Interest,
Cause of Action, or any other right or Claim against the Reorganized Debtors,
which they possessed or may possess prior to the Effective Date, (c) creating,
perfecting, or enforcing any encumbrance of any kind with respect to any Claim,
Interest, Cause of Action, or any other right or Claim against the Reorganized
Debtors, which they possessed or may possess prior to the Effective Date, and
(d) asserting any Claims, Interests, or Causes of Action that are satisfied,
discharged, released, or subject to exculpation hereby or by the Modified Plan.

(Docket No. 18707 ¶ 22.)

I.    The Indenture Trustee's Post-Emergence Pursuit Of A Claim Against DPH
      Holdings

20.    Since the effective date of the Modified Plan on October 6, 2009, the

Indenture Trustee has asserted that DPH Holdings remains obligated to perform the obligations

assumed by DAS LLC under the 1999 Agreement – i.e., that it remains obligated to make to the

Indenture Trustee certain post-emergence cash payments with respect to the Bonds.  The

Indenture Trustee demanded payment from DPH Holdings in a letter dated August 20, 2010.

Jurisdiction And Venue

21.    This matter arises under title 11 of the United States Code or arises in a

case under title 11 of the United States Code.  This Court has subject matter jurisdiction over this

matter under 28 U.S.C. §§ 157 and 1334, the Modified Plan (Docket No. 18707 Ex. A art. XIII),

and the Plan Modification Order (Docket No. 18707 ¶ 56).  This matter is a core proceeding

within the meaning of 28 U.S.C. § 157(b).  This Court is the proper venue for this matter

pursuant to 28 U.S.C. §§ 157 and 1409.

<u>Relief Requested</u>

22.    The Reorganized Debtors respectfully request that this Court enter an

order enjoining the Indenture Trustee from taking any further action against DPH Holdings or

any of the former Debtors concerning any demand for payment with respect to the Bonds.

<u>Applicable Authority</u>

A.    <u>The Indenture Trustee Is Violating The Modified Plan And Plan Modification
       Order Injunctions</u>

23.    The Indenture Trustee may believe that it is a third-party beneficiary of the

1999 Agreement pursuant to which DAS LLC assumed certain obligations of GM under the

1994 Loan Agreement.  To the extent that the Indenture Trustee is demanding payments from

DPH Holdings as a third-party beneficiary of the 1999 Agreement, there is no question that its

actions are in violation of the injunctions set forth in Article 11.14 of the Modified Plan and

paragraph 22 of the Plan Modification Order.

24.    Those injunctions prohibit parties from taking action against DPH

Holdings or any of the other former Debtors with respect to, among other things, any "Claim."

(Docket No. 18707 Ex. A art. 11.14; Docket No. 18707 ¶ 22.)  For purposes of the Modified

Plan and the Plan Modification Order, a "Claim" is "a claim against one of the Debtors (or all or

some of them), whether or not asserted, as defined in section 101(5) of the Bankruptcy Code."

(Docket No. 18707 Ex. A art. 1.29; Docket No. 18707 at 4 n.1.)

25.    Under 11 U.S.C. § 101(5)(A), a "claim" includes a "right to payment,

whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent,

matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."  "Congress

intended by this language to adopt the broadest available definition of 'claim.'"  <u>Johnson v. Home</u>

10

State Bank, 501 U.S. 78, 83 (1991).  It is "sufficiently broad to encompass any possible right to

payment."  Mazzeo v. U.S. (In re Mazzeo), 131 F.3d 295, 302 (2d Cir. 1997).

   26. When, as here, a right to payment is based on a contract, the right arises

when the contract is executed, not when the alleged breach occurs, even if the alleged breach

occurs post-petition.  See Olin Corp. v. Riverwood Int'l Corp. (In re Manville Forest Prods.

Corp.), 209 F.3d 125, 129 (2d Cir. 2000) (explaining that "a right to payment based on a written

indemnification contract arises at the time the indemnification agreement is executed"); Pearl-

Phil GMT (Far East) Ltd. v. Caldor Corp., 266 B.R. 575, 582 (S.D.N.Y. 2001) (explaining that

"contract-based bankruptcy claims arise at the time the contract is executed," and that "courts

consistently hold that a post-petition breach of a pre-petition contract gives rise only to a pre-

petition claim"); Riodizio, 204 B.R. at 424 n.6 ("The postpetition breach of a prepetition contract

gives rise only to a prepetition claim.").

   27. Based on these authorities, the Indenture Trustee's status as a purported

third-party beneficiary of the 1999 Agreement gave rise to a contingent prepetition claim for

which it did not file a proof of claim on or before the Bar Date (or thereafter).  This is a Claim

within the meaning of the injunctions in the Modified Plan and the Plan Modification Order, and

the Indenture Trustee's post-emergence demand for payment from DPH Holdings under a

prepetition contract constitute a textbook example of a violation of those injunctions.

  B. The Indenture Trustee Had No Rights Under The Amended MRA

   28. The Indenture Trustee may also believe that its status as a prepetition

creditor under the 1999 Agreement with a duty to file a contingent proof of claim on or before

the Bar Date was somehow improved when Delphi and GM "assumed, ratified, or reinstated" the

1999 Agreement under the Amended MRA.  (Docket No. 14287 Ex. B § 5.01(a)(vi).)  But that is

11

incorrect.  The Indenture Trustee was not a party to the Amended MRA.  Nor was it a third-party beneficiary of the Amended MRA.[4]

29.    Under New York law, a party asserting rights as a third-party beneficiary of a contract must demonstrate that, among other things, "the contract was intended for [its] benefit."[5]  Mendel v. Henry Phipps Plaza West, Inc., 844 N.E.2d 748, 751 (N.Y. 2006); Ca. Pub. Employees' Ret. Sys. v. Shearman & Sterling, 741 N.E.2d 101, 104 (N.Y. 2000) ("CALPERS"). "The best evidence of the intent to bestow a benefit upon a third party is the language of the contract itself."  767 Third Ave. LLC v. Orix Capital Mkts., LLC, 812 N.Y.S.2d 8, 11 (N.Y. App. Div. 2006); 243-249 Holding Co. v. Infante, 771 N.Y.S.2d 651, 652 (N.Y. App. Div. 2004).

30.    "Where a provision in the contract expressly negates enforcement by third parties, that provision is controlling."  IMS Eng'rs-Architects, P.C. v. State, 858 N.Y.S.2d 486, 489 (N.Y. App. Div. 2008) (internal quotation marks omitted); Edward B. Fitzpatrick, Jr. Constr., 525 N.Y.S.2d at 866; see also Facilities Dev. Corp. v. Miletta, 584 N.Y.S.2d 491, 494 (N.Y. App. Div. 1992) (explaining that "such a provision is controlling if it expressly negates third-party enforcement"); Nepco Forged Prods., Inc. v. Consol. Edison Co. of N.Y., 470 N.Y.S.2d 680, 681 (N.Y. App. Div. 1984) ("Where a provision exists in an agreement expressly negating an intent to permit enforcement by third parties, . . . that provision is decisive."); James, 457 N.Y.S.2d at 152 ("The contractual provision here expressly negates an intent to benefit third parties and is necessarily decisive as to the rights of such parties.").

---

[4]    Unlike the Debtors' obligations relating to the bonds addressed in the companion injunction motion regarding bonds issued by the Michigan Strategic Fund in 1995 (Docket No. 20722), the Debtors' post-petition administrative claim obligations, if any, relating to the Bonds at issue here were transferred to DIP Holdco 3, LLC (now known as Delphi Automotive LLP ("New Delphi")) pursuant to the MDA.  (See Ex. C § 2.2.2.) Thus, even if the Debtors had somehow undertaken post-petition obligations to the Indenture Trustee by reason of the Amended MRA, the Indenture Trustee would have a cause of action against New Delphi with respect to those obligations.

[5]    The Amended MRA is governed by New York law.  (Docket No. 14287 Ex. B § 8.10.)

12

31.     New York courts routinely reject claims by supposed third-party beneficiaries when the contract states that there are no third-party beneficiaries. See, e.g., Mendel, 844 N.E.2d at 751; First Keystone Consultants, Inc. v. DDR Constr. Servs., 904 N.Y.S.2d 113, 115 (N.Y. App. Div. 2010); Mid-Valley Oil Co. v. Hughes Network Sys., Inc., 863 N.Y.S.2d 244, 247-48 (N.Y. App. Div. 2008); IMS Eng'rs-Architects, 858 N.Y.S.2d at 488-89; Adelaide Prods., Inc. v. BKN Int'l AG, 834 N.Y.S.2d 3, 8 (N.Y. App. Div. 2007); Rahim v. Sottile Sec. Co., 817 N.Y.S.2d 33, 35 (N.Y. App. Div. 2006); 767 Third Ave., 812 N.Y.S.2d at 11; PT. Bank Mizuho Indonesia v. PT. Indah Kiat Pulp & Paper Corp., 808 N.Y.S.2d 72, 73 (N.Y. App. Div. 2006); Bd. of Managers of Alexandria Condo. v. Broadway/72nd Assocs., 729 N.Y.S.2d 16, 18 (N.Y. App. Div. 2001); Baltia Air Lines, Inc. v. CIBC Oppenheimer Corp., 709 N.Y.S.2d 54, 56 (N.Y. App. Div. 2000).

32.     In this case, Delphi and GM included in the Amended MRA a specific provision precluding the existence of any third-party beneficiary. Section 8.18 of the Amended MRA stated that:

> nothing contained in this Agreement is intended to confer any rights or remedies under or by reason of this Agreement on any person or entity other than the Parties hereto, . . . nor shall any provision give any third party any right of subrogation or action over or against any Party to this Agreement.

(Docket No. 14287 Ex. B § 8.18.)

33.     The language of Section 8.18 is clear, unambiguous, and unequivocal. It contains no exception for the Indenture Trustee and no exception for Section 5.01 of the Amended MRA, the provision under which Delphi and GM "assumed, reinstated, or ratified" the 1999 Agreement. (Docket No. 14287 Ex. B § 5.01.) Consistent with the authorities cited above, Section 8.18, standing alone, defeats the notion that the Indenture Trustee obtained any right, remedy, or right of action under Section 5.01 or any other provision of the Amended MRA.

13

Accordingly, there is no basis for concluding that Delphi undertook post-petition obligations

enforceable by the Indenture Trustee by virtue of the Amended MRA.

34.    This conclusion is reinforced by the contracting parties' termination of the

Amended MRA.  That is because an alleged third-party beneficiary must establish "the existence

of a valid and binding contract between other parties."  Mendel, 844 N.E.2d at 751; CALPERS,

741 N.E.2d at 104.  The Amended MRA was terminated on October 6, 2009 pursuant to the

MDA.  (See Ex. C § 9.19.2)  The MDA provides that, upon termination of the Amended MRA,

"the parties thereto shall have no further obligations thereunder."  (Ex. C § 9.19.2.)  As described

above, Delphi and GM terminated the Amended MRA in accordance with its terms, which

granted Delphi and GM the right to terminate the Amended MRA by "mutual written consent"

(Docket No. 14287 Ex. B § 8.02(a).), and with notice to the Indenture Trustee, which did not

object.  The Amended MRA was not a valid and binding contract following its termination on

October 6, 2009.  This bars the Indenture Trustee from asserting that it is a third-party

beneficiary of the Amended MRA with respect to the payments at issue here, all of which

allegedly became due after October 6, 2009.[6]

35.    The New York Court of Appeals addressed an analogous situation in

Burns Jackson Miller Summit & Spitzer v. Lindner, 451 N.E.2d 459 (N.Y. 1983).  In that case, a

law firm claimed that it was an intended third-party beneficiary of contracts between unions and

transit authorities, and that it was harmed when the union breached the contracts by engaging in

---

[6]    Moreover, the unopposed termination of the Amended MRA pursuant to the MDA provides further support for
the conclusion that the Amended MRA was not intended to benefit third parties.  As this Court noted in its
ruling on September 24, 2010 that certain third parties were not third-party beneficiaries of the Delphi-GM
Environmental Matters Agreement (the "EMA"), which was also terminated pursuant to the MDA:  "[T]he
termination of the parties' rights under the [EMA] is important.  The MDA pursuant to which the EMA was
terminated was on notice to the parties in interest in this case, as part of the confirmation of Delphi's plan.  And
this aspect of the MDA was not opposed.  The termination of the . . . EMA, pursuant to the [MDA] reflected a
settlement as between – a global settlement, as between GM and Delphi."  (Docket No. 20640 at 107:19-108:2
(emphasis added).)

14

a strike in April 1980. Id. at 462. The court rejected the claim, in part because the contracts

expired in March 1980, explaining: "The contracts having expired before the strike, any rights of

plaintiff as a third-party beneficiary of them expired with it." Id. at 469-70. As a result, the firm

could not point to a "valid and binding contract . . . , a sine qua non" for any intended third-party

beneficiary. Id. at 469.

36.    A similar case is Prince v. Dembitzer, 597 N.Y.S.2d 381 (N.Y. App. Div.

1993), in which third parties alleged that they were intended beneficiaries of a partnership or

joint venture agreement, and that their rights were violated by a purchase of property in

contravention of the agreement. Id. at 381-82. The claim failed on the grounds that, among

other things, "the partnership or joint venture had terminated in September [1988]," before the

defendants negotiated and made the purchase at issue. Id. at 382. Thus, the third parties could

not establish "a valid and binding contract in existence," as required under New York law. Id.

### Conclusion

In sum, the Indenture Trustee had no rights under the Amended MRA because

(i) it was not a party to the Amended MRA and Delphi and GM specified in the unmistakable

language of Section 8.18 that there are no third-party beneficiaries and (ii) the Amended MRA

was terminated on October 6, 2009 and ceased being a valid and binding contract on that date.

To the extent DPH Holdings had any obligations to the Indenture Trustee concerning the Bonds,

the source of those obligations was the prepetition 1999 Agreement. The Indenture Trustee did

not file a proof of claim concerning the Bonds, and any right to payment under the 1999

Agreement is a Claim within the meaning of the injunctions set forth in Article 11.14 of the

Modified Plan and paragraph 22 of the Plan Modification Order.

WHEREFORE, the Reorganized Debtors respectfully request that this Court enter

an order enjoining the Indenture Trustee from taking any further action against DPH Holdings or

15

any of the former Debtors concerning any demand for payment with respect to the Bonds and

granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
       November 15, 2010

                                   SKADDEN, ARPS, SLATE, MEAGHER
                                     & FLOM LLP

                           By: /s/ Ron E. Meisler_____
                               John Wm. Butler, Jr.
                               John K. Lyons
                               Albert L. Hogan, III
                               Ron E. Meisler
                               155 North Wacker Drive
                               Chicago, Illinois 60606

                                     - and -

                               Four Times Square
                               New York, New York 10036

                               Attorneys for DPH Holdings Corp., et al.,
                                 Reorganized Debtors

16