UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
     In re                       :     Chapter 11
                                                          :
DPH HOLDINGS CORP., et al.,     :     Case No. 05-44481 (RDD)
                                                          :
                                                          :     (Jointly Administered)
Reorganized Debtors.           :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. §§ 105(d), 544, 547, AND 548 AND FED. R. BANKR. P.
7016 ESTABLISHING (I) DATES FOR HEARINGS REGARDING
ADVERSARY PROCEEDINGS AND (II) NOTICES AND PROCEDURES
GOVERNING ADVERSARY PROCEEDINGS HEARINGS

("ADVERSARY PROCEEDINGS PROCEDURES ORDER")

     Upon the Motion For Order Pursuant To 11 U.S.C. §§ 105(d), 544, 547, And 548 And

Fed. R. Bankr. P. 7016 Establishing (I) Dates For Hearings Regarding Adversary Proceedings

And (II) Notices And Procedures Governing Adversary Proceedings Hearings, dated November

4, 2011 (the "Motion"), of DPH Holdings Corp. and its affiliated reorganized debtors (the

"Reorganized Debtors"), formerly known as Delphi Corporation and certain of its subsidiaries

and affiliates, former Debtors and Reorganized Debtors-in-possession in the above-captioned

cases (f/k/a In re Delphi Corporation, et al.) (hereinafter collectively, the "Debtors" or

"Reorganized Debtors"); and the Debtors having asserted, among other things that the Motion is

a core proceeding under 28 U.S.C. § 157(b)(2); and upon the responses to the Motion and

alternative proposed order filed by certain of the defendants[1] to the Adversary Proceedings (as

defined below); and upon conducting a December 21, 2011 hearing on all of the same; and after

---

[1]    Adv. Pro. Nos: 07-02259; 07-02217; 07-02232; 07-02270; 07-02442; 07-02445; 07-02322; 07-02720; 07-
02758; 07-02432; 07-02489; 07-02562; 07-02563; 07-02572; 07-02580; 07-02744; 07-02639; 07-02661; 07-
02551; 07-02597; and 07-02606 (hereinafter collectively the "Responding Defendants")

due deliberation thereon and good and sufficient cause appearing therefor, IT IS HEREBY

FOUND AND DETERMINED THAT:[2]

       A.      Proper, timely, adequate, and sufficient notice of the Motion has been

provided, such notice was good, sufficient and appropriate under the particular circumstances,

and no other or further notice of the Motion is or shall be required.

       B.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157

and 1334.  Venue of these cases and the Motion in this Court is proper under 28 U.S.C. §§ 1408

and 1409.

       C.      The relief requested in the Reorganized Debtors' Motion and in the

Responding Defendants' response briefs is granted in part as provided below.

       NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

       1.      The Motion is granted, in part, and this Order is to be entered in each of

the Adversary Proceedings identified on Exhibit 1 hereto (the "Adversary Proceedings").

       2.      This Court shall conduct special periodic hearings (the "Adversary

Proceeding Hearings") on the Adversary Proceedings.  The Adversary Proceeding Hearings shall

be held in the United States Bankruptcy Court for the Southern District of New York, 300

Quarropas Street, Room 118, White Plains, New York 10601-4140 (the "Court") unless the

Reorganized Debtors and the Defendants affected are otherwise notified by the Court.  The

Adversary Proceeding Hearing Dates shall be scheduled pursuant to the procedures set forth

below.

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

        3.      The following procedures shall apply to the Adversary Proceedings (the "Adversary Proceeding Procedures"):

        (a)     <u>Reorganized Debtors' Preliminary Disclosure Statement</u>.  At the October 24, 2011 hearing, the Court considered the declarations or affidavits submitted by certain preference defendants as to the extent of notice received regarding the Extension Motions (each, a "Notice Affidavit").  To the extent that any Defendant submitted a Notice Affidavit and previously opposed the Reorganized Debtors' motion to amend (the "Motion to Amend") or filed a timely joinder in opposition to the Motion to Amend on the basis of prejudice under Fed. R. Civ. P. 15 ("Rule 15") or filed a Motion to Dismiss the Reorganized Debtors' original complaint on the basis of Rule 4(m) or filed a timely joinder to a Motion to Dismiss (collectively, all such Defendants constitute the "Rule 15/Rule 4(m) Defendants" and include those defendants in the Adversary Proceeding numbers identified on <u>Exhibit 2</u>), the Reorganized Debtors shall, within thirty (30) days after the entry of this Adversary Proceedings Procedures Order, serve a preliminary disclosure statement (the "Reorganized Debtors' Preliminary Disclosure Statement") on the Rule 15/Rule 4(m) Defendants.  The Reorganized Debtors' Preliminary Disclosure Statement shall address the following information relating to the preference period:  (A) the current status and availability of the Reorganized Debtors' legacy accounting system and accounting records, including currently available electronically stored information ("ESI") and the form of such ESI, information that may no longer be available in native form, or that is unavailable, to the extent known, (B) the name and address, and telephone number if available, of individuals who the Reorganized Debtors may call upon to testify about the Reorganized Debtors' accounting system or to otherwise provide support for the probative value of the Reorganized Debtors' records, and (C) the identity of individuals that the Reorganized Debtors

may call upon as witnesses in their direct case; provided, however, that the Reorganized Debtors

may (i) supplement any disclosure provided in this Paragraph 3(a) at any time prior to fourteen

(14) days before the close of pre-trial discovery and (ii) if necessary, seek additional time to

initially provide or supplement such Preliminary Disclosure Statement, and consent to such

additional time shall not be unreasonably withheld.

      (b)      <u>Notice Affidavit and Prejudice Declaration</u>.

      (i)      Each of the Rule 15/Rule 4(m) Defendants shall serve one or more

declarations (each a "Prejudice Declaration") on the Reorganized Debtors with respect to the

extent of any claimed prejudice suffered by the Rule 15/Rule 4(m) Defendant or any unique Rule

15 issue that has not previously been ruled on by the Court to the extent that such Rule 15/Rule

4(m) Defendant seeks to raise such issue in opposition to the Motion to Amend, and upon which

such Rule 15/Rule 4(m) Defendant intends to rely at the Rule 15/Rule 4(m) Hearing (as defined

below).  The Prejudice Declaration is to be served no later than thirty (30) days after the service

of the Reorganized Debtors' Preliminary Disclosure Statement; provided, however, that a Rule

15/Rule 4(m) Defendant may (i) supplement any Prejudice Declaration provided in this

Paragraph 3(b)(i) at any time prior to fourteen (14) days before the close of pre-trial discovery

and (ii) if necessary, seek additional time to initially provide or supplement their Prejudice

Declaration, and consent to such additional time shall not be unreasonably withheld.  If a Rule

15/Rule 4(m) Defendant fails to timely serve a Prejudice Declaration in compliance with the

foregoing, the Reorganized Debtors may move to have their proposed Amended Complaint

entered as to that Defendant.

      (ii)      Nothing in this Adversary Proceedings Procedures Order shall

limit the Reorganized Debtors' right to object to the timeliness or other procedural infirmities

with respect to any Defendant's claim of prejudice, notice or unique Rule 15 issues or limit any

Defendant's right to object to the timeliness or other procedural infirmities with respect to the

Reorganized Debtor's motion to file an amended complaint or assertion of any other argument or

claim, except as to those already ruled on by the Court.

(c)    Scheduling of Adversary Proceeding Hearings.

(i)    The Reorganized Debtors shall schedule each Adversary

Proceeding to an Adversary Proceeding Hearing as provided below.  For Rule 15/Rule 4(m)

Hearinga or Merit Hearings, any notice of hearing and amended complaint shall be served by

either facsimile or electronic mail *and* by overnight delivery to the respective defense counsel at

the respectively applicable facsimile number or address listed on Exhibits 3 and 4.  All other

documents are to be served by either facsimile, electronic mail *or* overnight mail.[3]  Each

defendant shall notify Reorganized Debtor's counsel, by electronic mail and overnight mail, of

any change in facsimile, electronic mail *and* by overnight delivery instructions/addresses.  For

Default Hearing the hearing notice shall be served on the Defendant as required under the

Federal Rules of Civil Procedure. All other documents are to be served by either facsimile,

electronic mail *or* overnight mail.

(A)    Default Hearing, in the event that a Defendant in an

Adversary Proceeding has not filed an answer or otherwise proper response in opposition to the

Reorganized Debtors' complaint (a "Default Hearing Defendant", all of which are the defendants

in the Adversary Proceeding numbers identified on Exhibit 5), by serving upon the relevant

Defendant and filing with this Court, (1) a notice substantially in the form attached hereto as

---

[3]    Defense counsel may request a particular format.  The Reorganized Debtors will attempt to comply with the
request but it will not be a violation of this Order if the Reorganized Debtors serve a document in an alternate
format.

Exhibit 6 (a "Notice Of Default Hearing"), (2) a copy of the complaint, (3) a motion for entry of

default judgment (the "Motion for Default Judgment"), and (4) a copy of this Adversary

Proceedings Procedures Order at least twenty-eight (28) days prior to the date of such Default

Hearing, or

(B)    Rule 15/Rule 4(m) Hearing, for any Rule 15/Rule 4(m)

Defendant, by serving upon the relevant Rule 15/Rule 4(m) Defendant's counsel and by filing

with the Court, a notice substantially in the form attached hereto as Exhibit 7 (a "Notice of Rule

15/Rule 4(m) Hearing") at least 182 days prior to the date of such Rule 15/Rule 4(m) Hearing, or

(C)    Merits Trial, for a trial on the merits of the Adversary

Proceeding (a "Merits Trial") for any Defendant other than a Rule 15/Rule 4(m) Defendant or a

Defendant whose action was completely resolved pursuant to a Default Hearing.  Rule 15/Rule

4(m) Defendants shall not be subject to Merits' Trial procedures.  Such Defendants that are

subject to a Merits Trial (each, a "Merits Trial Defendant") currently include those defendants in

the Adversary Proceeding numbers identified on Exhibit 8.  As to all Merits Trial Defendants,

the Reorganized Debtors' Motion to Amend is hereby granted, and the Reorganized Debtors

shall schedule a Merits Trial by serving upon the relevant Merits Trial Defendant's counsel and

filing with this Court, (1) a notice substantially in the form attached hereto as Exhibit 9 (a

"Notice of Merits Trial" and, collectively with the Notice of Default Hearing and the Notice of

Rule 15/Rule 4(m) Hearing, the "Notices of Hearing") and (2) an amended complaint or, where

applicable, a revised amended complaint reflecting the Reorganized Debtors' revisions, if any, to

remove assumed transfers, to reconcile transfers, and to include antecedent debt information

where previously missing, all by at least 182 days prior to the date of such Merits Trial.

(ii)    The Reorganized Debtors or any individual defendant, acting in good faith and for good reason, may seek an adjournment of a Default Hearing, a Rule 15/Rule 4(m) Hearing, or a Merits Trial, or any other hearing scheduled in these Adversary Proceedings at any time by providing notice to the other party at least ten (10) business days prior to the date of the scheduled hearing; provided, however, that the requesting party shall meet and confer with opposing counsel  and seek such counsel's consent to the adjournment.  The parties have the right to mutually consent to such adjournments, and if the parties are unable to reach an agreement, they shall promptly contact the Court and, after holding a telephonic conference with the parties, the Court shall make a determination on the requested adjournment.  At no time shall any hearing be adjourned for more than a total of 182 calendar days.

(d)    Default Hearing Procedures.

(i)    If a Default Hearing Defendant does not oppose the relief sought in the Motion for Default Judgment in the manner set forth below, the Court will enter a default judgment against such Default Hearing Defendant.  Any objection or other pleading in opposition to the relief sought in the Motion for Default Judgment shall be filed and served no later than fourteen (14) days before the scheduled Default Hearing.  Such Default Hearing Defendant's pleading must (A) show cause why a timely answer was not filed, and (B) attach a proposed answer.

(ii)    To the extent that an Adversary Proceeding is scheduled for a Default Hearing, if the Reorganized Debtors wish to file a reply, the Reorganized Debtors shall file and serve their reply no later than two (2) business days before the scheduled Default Hearing.

(iii)    To the extent that this Court determines upon conclusion of the Default Hearing that the Default Hearing Defendant should be granted leave to file a late answer or otherwise plead, the Reorganized Debtors shall provide to the Default Hearing Defendant a Notice of Hearing pursuant to the procedures set forth above. All Default Hearings shall proceed to hearing, subject to modification pursuant to paragraph 3(m) below.

(e)    <u>Mandatory Meet And Confer - Rule 15/Rule 4(m) Hearing and Merits Trial Defendants</u>.

(i)    To the extent that an Adversary Proceeding is scheduled by the Reorganized Debtors for a Rule 15/Rule 4(m) Hearing or a Merits Trial, the Reorganized Debtors and the relevant Rule 15/Rule 4(m) Defendant or Merits Trial Defendant shall hold a telephonic meet-and-confer (a "Meet-and-Confer") within seven (7) days of service of the Notice of Rule 15/Rule 4(m) Hearing or the Notice of Merits Trial, unless a longer perod of time is agreed to by the parties, at a date and time to be set by the Reorganized Debtors, who shall seek concurrence of the date and time with defense counsel. The purpose of the Meet-and-Confer shall be: (A) to attempt to resolve the Adversary Proceeding on its merits (including any Rule 15/Rule 4(m) issues) and, if unsuccessful in resolving the matter, (B) to set ground rules as to the scope of mediation, subject to the procedures set forth below.

(ii)    The following representatives of each of the Reorganized Debtors and the Rule 15/Rule 4(m) Defendant or Merits Trial Defendant shall attend the Meet-and-Confer: (A) counsel for each of the parties and, in addition to counsel, (B) a party representative.

(f)    <u>Mediation - Rule 15/Rule 4(m) Hearing and Merits Hearing</u>. All Rule 15/Rule 4(m) Hearing and Merits Trial Adversary Proceedings shall be subject to non-binding mediation ("Mediation"). The Mediation and the below procedures shall be governed generally

by General Order M-390.  However, if the terms of this Order conflict with General Order M-390, then the terms of this Order shall control.  No rights, remedies, claims or defenses of any party shall be impaired, waived or compromised in any further proceeding in these cases should no settlement or compromise result from participation in the Mediation process.  The following procedures shall apply to each Mediation:

(i)      Except as set forth below, the Mediation shall be held at least 133 days prior to commencement of the Rule 15/Rule 4(m) Hearing or Merits Trial;

(ii)      Each party shall provide the mediator with a confidential mediation statement (each, a "Mediation Statement").

(A)      For Rule 15/Rule 4(m) Defendant actions:    The Mediation Statement shall, at a minimum, provide the mediator with a brief confidential statement addressing the party's views on the merits of the underlying case and the party's views on its likelihood of success at the Rule 15/Rule 4(m) Hearing.  The parties may, upon agreement, expand the scope of the Mediation Statements or provide the Mediation Statements to the other party.  In all cases, Mediation Statements shall be submitted to the mediator at least seven (7) days prior to the Mediation unless otherwise requested by the mediator or agreed to by the parties.

(B)      For Merits Trial actions:  The Mediation Statements shall provide the mediator with that party's views on the merits of the underlying case, including each defense to be raised, all legal theories, and specific factual detail as to each.

(iii)      For Rule 15/Rule 4(m) Hearing actions, no later than fourteen (14) days prior to the Mediation, the Reorganized Debtors shall also provide the Rule 15/Rule 4(m) Defendant with a copy of their proposed amended complaint or, where applicable, their revised

9

proposed amended complaint reflecting the Reorganized Debtors' revisions to remove assumed

transfers, to reconcile transfers and to include antecedent debt information where previously

missing.

(iv)    No later than seven (7) days prior to the Mediation, the Rule

15/Rule 4(m) Defendant or Merits Trial Defendant shall provide the Reorganized Debtors with a

list of defenses it intends to raise at the Rule 15/Rule 4(m) Hearing and  at trial, but without

prejudice to the defendant's right to present other later discovered defenses at trial.

(v)    The Mediation Statements and any and all communications and

information provided during or as part of the Mediation shall be confidential and subject to all

protections afforded under Federal Rule of Evidence 408.

(vi)    Each Mediation shall be mediated by a mediator identified on the

list attached as Exhibit 10, or such other person upon which the parties agree (the "Mediator").

If the parties cannot agree to a Mediator, the Court shall choose the Mediator.

(vii)    The parties may agree to provide any additional information or

briefing with respect to the Mediation, as provided above.

(viii)    To the extent that the Rule 15/Rule 4(m) Defendant's or Merits

Trial Defendant's principal place of business is located within 140 miles of Troy, Michigan, the

Mediation shall be held at a neutral location in Troy, Michigan.  To the extent that the

Defendant's principal place of business is located more than 140 miles from Troy, Michigan, the

Mediation shall be held at a neutral location reasonably acceptable to the Reorganized Debtors

and the Defendant; provided, however, that, if the Reorganized Debtors and the Defendant are

unable to agree upon a neutral location at the Meet-and-Confer, the Mediation shall be held in

New York, New York.

10

(ix)    A representative of each party, possessing the authority required pursuant to General Rule M-390, shall attend the Mediation.  The identity and of the representative shall be provided to opposing counsel no later than seven (7) days before the Mediation.

(x)    Absent consent of each of the Defendant and the Reorganized Debtors, the length of the Mediation shall be limited to four (4) hours.

(xi)    The Reorganized Debtors and the Defendant shall each bear their own costs in participating in the Mediation and shall share equally in the Mediator's fees and costs and the cost of the Mediation facility, if any.

(g)    <u>Rule 15/Rule 4(m) Hearing Discovery</u>.

If Mediation is unsuccessful and a Rule 15/Rule 4(m) Hearing is scheduled, the Reorganized Debtors and the Rule 15/Rule 4(m) Defendant shall be bound by the following limited discovery procedures (the "Rule 15/Rule 4(m) Hearing Discovery"), subject to modification pursuant to paragraph 3(m) below:

(i)    The scope of Rule 15/Rule 4(m) Hearing Discovery shall be limited to (A) factual issues identified in a Rule 15/Rule 4(m) Defendant's Prejudice Declaration, including prejudice, (B) notice of the Extension Motions, solely to the extent identified in a Rule 15/Rule 4(m) Defendant's Notice Affidavit, and (C) Rule 4(m) issues that are specific to the matter that have not already been ruled on by the Court, subject to modification pursuant to paragraph 3(m) below.

(ii)    Discovery shall be limited to the scope of issues defined in paragraph 3(g)(i), and the following limitations, unless otherwise agreed by the parties:

11

(A)      no more than fifteen (15) requests for production, including discrete subparts.

(B)      no more than fifteen (15) interrogatories, including discrete subparts.

(C)      no more than five (5) requests for admission, including discrete subparts.

(D)      no more than five (5) depositions, including but not limited to any deposition made under Fed. R. Civ. P. 30(b)(6).

(iii)    All Rule 15/Rule 4(m) Hearing Discovery shall be completed within ninety-one (91) days after Mediation.

(iv)     The parties shall discuss any objection(s) to  Rule 15/Rule 4(m) Hearing Discovery and, in good faith, attempt to resolve the objection(s).  If good-faith attempts to resolve the objection(s) have failed, the objecting party shall provide a letter to the Court, with a copy to opposing counsel.  Any response to the letter is to be filed and provided to the Court, with a copy to opposing counsel, within two (2) business days.  The Court shall either issue a ruling on the parties' papers or hold a telephonic conference with the parties.

(h)      Rule 15/Rule 4(m) Hearing Procedures.

At the Rule 15/Rule 4(m) Hearing, the Court will conduct an evidentiary hearing to the extent necessary and solely to determine matters of notice, prejudice, and any unique (to that Rule 15/Rule 4(m) Defendant) Rule 15 issues that have not been previously decided by the Court and that have expressly been raised in the Notice Affidavit or the Prejudice Declaration.   All Rule 15/Rule 4(m) Hearings shall proceed to hearing, subject to modification pursuant to paragraph 3(m) below.

12

      (i)    <u>Rule 15/Rule 4(m) Hearing Briefs</u>.

The following procedures shall apply to the parties' written briefs, if any, filed in advance of the Rule 15/Rule 4(m) Hearing, if any, subject to modification pursuant to paragraph 3(m) below:

      (i)    The Rule 15/Rule 4(m) Defendant shall file and serve a written statement in opposition to the Reorganized Debtors' Motion to Amend (the "Defendant's Rule 15/Rule 4(m) Supplemental Response") no later than fourteen (14) days prior to commencement of the Rule 15/Rule 4(m) Hearing.  If the Rule 15/Rule 4(m) Defendant relies on exhibits, the Rule 15/Rule 4(m) Defendant shall include such exhibits in its Rule 15/Rule 4(m) Supplemental Response, subject to the qualifications set forth in paragraph 3(i)(iii) below.

      (ii)    The Reorganized Debtors may file and serve a written statement in support of their Motion to Amend (the "Reorganized Debtors' Rule 15/Rule 4(m) Supplemental Brief") no later than seven (7) days prior to commencement of the Rule 15/Rule 4(m) Hearing. If the Reorganized Debtors rely on exhibits, the Reorganized Debtors shall include such exhibits in the Reorganized Debtors' Rule 15/Rule 4(m) Supplemental Brief subject to the qualifications set forth in paragraph 3(i)(iii) below.

      (iii)    Any exhibits attached to or included within any of the briefs discussed above (each a "Rule 15/Rule 4(m) Brief"), must have previously been provided to the opposing party during Rule 15/Rule 4(m) Discovery, unless factual information or argument made in the opposing brief was not provided or asserted during discovery or in the Prejudice Declaration.  The parties shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to any Rule 15/Rule 4(m) Brief.

(iv)    A Rule 15/Rule 4(m) Brief must include any affidavits or declarations from witnesses upon which the parties will rely at the Rule 15/Rule 4(m) Hearing; provided, however, that neither party shall be permitted to elicit any direct testimony at the Rule 15/Rule 4(m) Hearing, subject to the exception stated in section (iii) above; instead, the affidavit or declaration submitted with the Rule 15/Rule 4(m) Brief, or such witnesses' deposition transcript, shall serve as the witnesses' direct testimony and the opposing party may cross-examine the witnesses at the Rule 15/Rule 4(m) Hearing or counter-designate deposition testimony.  No additional witnesses may testify and no additional exhibits may be introduced into evidence at the Rule 15/Rule 4(m) Hearing beyond those included in the Rule 15/Rule 4(m) Briefs, subject to the exception stated in section (iii) above, or upon a showing of cause and order of the Court.  All witnesses that a party seeks to cross-examine at the Rule 15/Rule 4(m) Hearing shall be physically present at the Rule 15/Rule 4(m) Hearing, so long as the party seeking to conduct the cross-examination provides at least ten (10) days' notice to the opposing party and so long as their presence may be compelled.  In circumstances where a witness cannot be compelled to appear, their direct and cross-examination testimony by deposition may be offered.   Re-direct examination will only be allowed as permitted by the Court.

(j)    Conduct Of The Rule 15/Rule 4(m) Hearing.

The Reorganized Debtors and the Rule 15/Rule 4(m) Defendant shall each be permitted, subject to modification pursuant to paragraph 3(m) below, to present their respective cases to the Court at the Rule 15/Rule 4(m) Hearing, subject to the provisions of this Adversary Proceedings Procedures Order.  The parties shall coordinate with each other in advance of the hearing with respect to anticipated disputes regarding the admission of particular evidence and any designated deposition testimony.

14

(k)      Post-Rule 15/Rule 4(m) Hearing Discovery and Trial.

(i)      If the Rule 15/Rule 4(m) Adversary Proceeding is not dismissed at the Rule 15/Rule 4(m) Hearing stage, the Court shall issue an order allowing the proposed amended complaint provided with the Notice of Rule 15/Rule 4(m) Hearing to be filed ("Amended Complaint"), and such Defendant's answer or other permissible response to the amended complaint shall be filed within fourteen (14) days after the filing and service of the Amended  Complaint.

(ii)      Within five (5) business days after the Rule 15/Rule 4(m) Defendant files and serves its answer or other response  to the Amended Complaint, the parties shall contact the Court to schedule a pre-trial conference.  The pre-trial conference shall be held telephonically, and Rules 16 and 26 of the Federal Rules of Civil Procedure shall apply, unless otherwise agreed by the parties or otherwise ordered by the Court.  The parties shall discuss an appropriate discovery cut-off date prior to the pre-trial conference.

(iii)      Unless otherwise ordered or set by the Court during the pre-trial conference, the following provisions shall apply to pre-trial matters relating to Rule 15/Rule 4(m) Defendants:

(A) discovery shall be permitted as provided under the Federal Rules of Civil Procedure;

(B) all discovery disputes that cannot be resolved by the parties shall be resolved by providing a letter to the Court, with a copy to opposing counsel.  Any response to the letter is to be filed and provided to the Court, with a copy to opposing counsel, within two (2) business days.  The Court shall either issue a ruling on the parties' papers or hold a telephonic conference with the parties.

15

(C)      If at any time permissible under the Federal Rules of Civil

Procedure after the filing and service of the Amended Complaint, the Reorganized Debtors or a

Rule 15/Rule 4(m) Defendant moves for summary judgment, the Court will decide such motion

prior to trial.  Upon a party's filing of a summary judgment motion, the trial date, if scheduled,

shall be adjourned automatically to a future Adversary Proceeding Hearing Date which shall be

set by the Court or by agreement of the parties for a date after the entry of an order on the

summary judgment motion.   All Summary Judgment Hearings shall proceed to hearing, subject

to modification pursuant to paragraph 3(m) below.  All timing rules, page limitations and

scheduling procedures provided below in Section (3)(l)(iii) for Rule 12(b)(6) Motions shall apply

to Summary Judgment Hearings.

(l)      <u>Merits Trial Procedures – Merits Trial Defendants Only</u>.  Only the Merits

Trial Defendants[4] shall be subject to the Merits Trial Procedures stated below:

(i)      At the Merits Trial, the Court will determine all matters necessary

to resolve the Adversary Proceeding.

(ii)      <u>Amended Complaint and Answer</u>.

(A)      The Reorganized Debtors shall file their amended

complaint in the applicable Adversary Proceeding in the form provided with the Notice of Merits

Trial.  The Reorganized Debtors shall serve such Merits Trial Defendant with the Notice of

Merits Trial as set forth above.

(B)      A Merits Trial Defendant must answer or otherwise plead

in response to the amended complaint within fourteen (14) days after the Reorganized Debtors

file such amended complaint in the Adversary Proceeding.  In the event that a Merits Trial

---

[4] Identify Merit Trial Defendants:

Defendant fails to answer or otherwise plead (including by filing a 12(b) Motion, as defined below) prior to the 14-day deadline, the Adversary Proceeding will automatically be scheduled for a Default Hearing on the next Adversary Proceeding Hearing Date that is at least 42 days after the date the amended complaint was filed in the Adversary Proceeding.  Prior to the Default Hearing, a Merits Trial Defendant and the Reorganized Debtors may file pleadings as described in the Default Hearing Procedures described above.

(iii)    <u>Rule 12(b) Proceedings</u>.  If a Merits Trial Defendant files a responsive pleading that asserts a defense under Federal Rule of Civil Procedure 12(b) (a "12(b) Motion"), the following procedures shall apply:

(A)    All Merits Trial Defendants are subject to the Meet and Confer and Mediation obligations stated above.

(B)    A Merits Trial Defendant may file and serve a 12(b) Motion no later than fourteen (14) days after an amended complaint is filed in an Adversary Proceeding.  If the Merits Trial Defendant relies on exhibits, the Merits Trial Defendant shall include such exhibits in its 12(b) Motion.

(C)    Upon a Merits Trial Defendants' filing of a 12(b) Motion, the Merits Trial shall be adjourned automatically to a future Adversary Proceeding Hearing Date until the 12(b) Motion is resolved and upon further notice by the Reorganized Debtors.  In addition, the hearing on a 12(b) Motion (a "Rule 12(b) Hearing") shall be adjourned automatically to a future Adversary Proceeding Hearing Date, which shall be determined by the Reorganized Debtors in their sole discretion, by serving Defendant with a Notice of Rule 12(b) Hearing, substantially in the form attached hereto as <u>Exhibit 11</u> at least twenty-eight (28) days

prior to the applicable 12(b) Hearing date.  All Rule 12(b) Hearings shall proceed to hearing, subject to modification pursuant to paragraph 3(m) below.

(D)      The Reorganized Debtors may file and serve a response in opposition to a 12(b) Motion (a "12(b) Response") no later than fourteen (14) days prior to commencement of the 12(b) Hearing.  If the Reorganized Debtors rely on exhibits, the Reorganized shall include such exhibits in their 12(b) Response.

(E)      A Merits Trial Defendant may file and serve a reply in support of a 12(b) Motion (a "12(b) Reply") no later than seven (7) days prior to commencement of the 12(b) Hearing.  If the Merits Trial Defendant relies on exhibits, such Merits Trial Defendant shall include such exhibits in its 12(b) Reply.

(F)      In the event that a 12(b) Motion is denied, withdrawn, or otherwise resolved in favor of the Reorganized Debtors, a Merits Trial Defendant shall file an answer as provided in paragraph 3(l)(ii) above.

(iv)      <u>Summary Judgment</u>.  If at any time permissible under the Federal Rules of Civil Procedure, a party moves for summary judgment, the Court will decide such motion prior to the Merits Trial.  Upon a Merits Trial Defendant's filing of a summary judgment motion, the Merits Trial shall be adjourned automatically to a future Adversary Proceeding Hearing Date after the summary judgment motion is resolved and after notice has been provided by the Reorganized Debtors.  In addition, the hearing on a summary judgment motion (a "Summary Judgment Hearing") shall be adjourned automatically to a future Adversary Proceeding Hearing Date, which shall be determined by the Reorganized Debtors in their sole discretion, by serving Defendant with a Notice of Summary Judgment Hearing, substantially in the form attached hereto as <u>Exhibit 12</u> at least twenty-eight (28) days prior to the applicable

Summary Judgment Hearing date. All Summary Judgment Hearings shall proceed to hearing, subject to modification pursuant to paragraph 3(m) below. All timing rules, page limitations and scheduling procedures provided above for Rule 12(b)(6) Motions shall apply.

(v)    Merits Discovery. Discovery shall be governed by the Federal Rules of Civil Procedure.

(vi)    Merits Briefs. The following procedures shall apply to the parties' written briefs, if any, filed in advance of the Merits Trial, subject to modification pursuant to paragraph 3(m) below:

(A)    The Reorganized Debtors may file and serve a written statement in support of the relief sought in their amended complaint (a "Merits Brief") no later than fourteen (14) days prior to commencement of the Merits Trial. If the Reorganized Debtors rely on exhibits, the Reorganized Debtors shall include such exhibits in the their Merits Brief.

(B)    The Merits Trial Defendant may file and serve a written response in opposition to the relief sought in the Reorganized Debtors' amended complaint (a "Merits Response") no later than seven (7) days prior to commencement of the Merits Trial. If the Merits Trial Defendant relies on exhibits, such Merits Trial Defendant shall include such exhibits in its Merits Response.

(C)    The Reorganized Debtors may file and serve a brief in reply to the Merits Response (a "Merits Reply") no later than two (2) business days prior to commencement of the Merits Trial. If the Reorganized Debtors rely on exhibits, the Reorganized Debtors shall include such exhibits in their Merits Reply.

(D)    The Merits Brief, the Merits Response, and the Merits Reply must include any affidavits or declarations from witnesses upon which the parties will rely

19

at the Merits Trial; provided, however, that each party shall not be permitted to elicit any direct

testimony at the Merits Trial; instead, the affidavit or declaration submitted with the Merits

Brief, the Merits Response, or the Merits Reply, or such witnesses' deposition transcript, shall

serve as the witnesses' direct testimony and the opposing party may cross-examine the witnesses

at the Merits Trial or counter-designate deposition testimony.  No other or additional witnesses

may testify and no exhibits may be introduced into evidence at the Merits Trial beyond those

included in the Merits Brief, the Merits Response, or the Merits Reply, absent a showing of

cause and order of the Court.

            (vii)    Conduct Of The Merits Trial.  The Reorganized Debtors and the

Merits Trial Defendant shall each be permitted, subject to modification pursuant to paragraph

3(m) below, to present their respective cases to the Court at the Merits Trial.  The parties shall

coordinate with each other in advance of the hearing with respect to anticipated disputes

regarding the admission of particular evidence and any designated deposition testimony.

            (m)    Ability to Modify Procedures By Agreement Or Order Of Court.

At each Meet and Confer, the parties, if not successful in resolving the Adversary Proceeding

during the Meet and Confer, shall discuss discovery parameters, briefing, and evidence to be

presented as outlined herein and any modifications to this order.  If a modification is requested

by a party at the Meet and Confer or at any other time, and should the parties be unable to agree

on the modification, either party may request that the Court schedule a teleconference to consider

the requested modification.

            4.    This Court shall retain jurisdiction to hear and determine all matters arising from

the implementation of this Adversary Proceedings Procedures Order; provided, however, that all

Merits Trial Defendants and Rule 15/Rule 4(m) Defendants shall be deemed to have retained

their objections as to this Court's jurisdiction over these Adversary Proceedings, and the

Reorganized Debtors shall be deemed to have retained their right to oppose those objections and

maintain their assertion that the Motion and the Adversary Proceedings are core proceedings

under 28 U.S.C. § 157 (b)(2).

5.      The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the

United States Bankruptcy Court for the Southern District of New York for the service and filing

of a separate memorandum of law is deemed satisfied by the Motion.


Dated: White Plains, New York
       February 15, 2012



                           /s/Robert D. Drain
                            UNITED STATES BANKRUPTCY JUDGE