UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                     :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER DENYING THE MOTION OF THE BANK OF NEW YORK MELLON, AS
INDENTURE TRUSTEE, AND PAUL FEINSILVER, JAMES A. KLOTZ, AND TERRANCE
O'GRADY FOR PERMISSION TO PROCEED IN THE APPROPRIATE TRIBUNAL AS
<u>AGAINST THE REORGANIZED DEBTORS (DOCKET NO. 21758)</u>

("ORDER DENYING TRUMBULL BONDS'
INDENTURE TRUSTEE AND BONDHOLDERS MOTION")

        Upon the Motion Of The Bank Of New York Mellon, As Indenture Trustee, Paul

Feinsilver, James A. Klotz And Terrance O'Grady For Permission To Proceed In The

Appropriate Tribunal As Against The Reorganized Debtors (Docket No. 21758), dated

December 12, 2011 (the "Motion"); and upon the Reorganized Debtors' Objection To Motion Of

The Bank Of New York Mellon, As Indenture Trustee, Paul Feinsilver, James A. Klotz And

Terrence O'Grady For Permission To Proceed In the Appropriate Tribunal As Against The

Reorganized Debtors (Docket No. 21787), dated January 5, 2012 (the "Objection"); and upon the

Reply Brief In Further Support Of Motion Of Bank Of New York Mellon, As Indenture Trustee,

Paul Feinsilver, James A. Klotz, And Terrance O'Grady For Permission To Proceed In The

Appropriate Tribunal As Against The Reorganized Debtors, Or Alternatively, To Direct The

Reorganized Debtors To Continue To Make All Payments Of Principal And Interest As An

Administrative Expense (Docket No. 21813), dated January 18, 2012 (the "Reply"); and upon the

Reorganized Debtors' Sur-Reply To Reply Brief In Further Support Of Motion Of The Bank Of

New York, As Indenture Trustee, Paul Feinsilver, James A. Klotz, And Terrence O'Grady For

Permission To Proceed In The Appropriate Tribunal As Against the Reorganized Debtors, Or

Alternatively, To Direct The Reorganized Debtors To Continue To Make All Payments Of

Principal And Interest As An Administrative Claim (Docket No. 21825), dated February 10,

2012 (the "Sur-Reply," together with the Motion, Objection, and Reply, the "Pleadings"); and

there being due and sufficient notice of the Pleadings and the hearing on the Motion; and upon

the record of the hearing held by the Court on the Motion on February 16, 2012 (the "Hearing");

and after due deliberation; and good and sufficient cause appearing for the reasons stated by the

Court in its bench ruling at the Hearing,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.      This Court has jurisdiction over this contested matter pursuant to 28 U.S.C.

§§ 157(a) and 1334(b).  This contested matter is a core proceeding under 28 U.S.C. § 157(b)(2)

in which the Court may enter a final order.  Venue of these cases and this contested matter in this

district is proper under 28 U.S.C. §§ 1408 and 1409.

B.      On April 12, 2006, this Court entered the Order Under 11 U.S.C. §§

107(b), 501, 502, And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a)

Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice

Thereof (Docket No. 3206) ("Bar Date Order"), establishing July 31, 2006 as the bar date for

prepetition claims (the "Bar Date") and approving a form of notice relating thereto (the "Bar

Date Notice").

---

[1]     Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  <u>See</u> Fed. R. Bankr. P. 7052.

C.      The indenture trustee with respect to the Sewage Disposal Revenue Bonds (General Motors Corporation Project) Series 1994, in the aggregate principal amount of $2.75 million (the "Bonds"), was properly and timely served with a copy of the Bar Date Notice.

D.      On June 16, 2009, the Debtors filed the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors, And Debtors-In-Possession (As Modified) (Docket No. 17030) (the "Modified Plan").

E.      The indenture trustee with respect to the Bonds was properly and timely served with, among other things, notice of the Modified Plan and the discharge provided for in the Modified Plan.

F.      On October 6, 2009, the debtors in these chapter 11 cases (the "Debtors") substantially consummated the Modified Plan, the confirmation of which had been approved by this Court pursuant to an Order entered on July 30, 2009 (Docket No. 18707) ("Plan Modification Order"), and emerged from chapter 11.

G.      To the extent that the Bank Of New York Mellon, Paul Feinsilver, James A. Klotz, and Terrance O'Grady (the "Movants") had any right to payment from the Debtors relating to the Bonds (any such right of Pal Feinsilver, James A. Klotz, and Terrance O'Grady being derivative of any such right of Bank Of New York Mellon), such right arose prepetition pursuant to that certain prepetition Assignment And Assumption Agreement by and between General Motors Corporation and Delphi Automotive Systems LLC made as of January 1, 1999 ("1999 Agreement"), and such right therefore is subject to the Bar Date Order and discharge under the Modified Plan and Plan Modification Order.

H.      No proof of claim was timely filed against the Debtors in respect of claims arising under the 1999 Agreement, and General Motors Corporation released its rights to enforce

the 1999 Agreement that it had previously been granted by the Debtors (under an agreement

containing an express "no third party beneficiaries" clause) during the chapter 11 case.

I.      For the reasons stated by this Court at the Hearing, which, with the

foregoing recitals, constitute the Court's findings of fact and conclusions of law, the Movants

have failed to show cause to lift the plan injunction, because the claims asserted by the Movants,

to the extent they might be valid, are barred by the Bar Date Order and the discharge provided in

11 U.S.C. § 1141(d), the Modified Plan and the Plan Modification Order.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED THAT:

1.      The Motion is denied.

2.      This Court shall retain jurisdiction over the parties to hear and determine

all matters arising from the implementation of this Order.

3.      Kurtzman Carson Consultants LLC is directed to serve this Order on the

Movants on or before March 13, 2012.


Dated: White Plains, New York
       February 27, 2012


                                   /s/Robert D. Drain
                                   UNITED STATES BANKRUPTCY JUDGE