MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
(212) 735-8600
Joseph T. Moldovan, Esq.

*Attorneys for Paul Feinsilver, James A. Klotz
and Terrance O'Grady*

EMMET, MARVIN & MARTIN, LLP
120 Broadway
New York, New York 10271
(212) 238-3000
Edward P. Zujkowski, Esq.

*Attorneys for The Bank of New York Mellon, as Indenture Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | : | (Jointly Administered) |

## NOTICE OF APPEAL

The Bank of New York Mellon, as indenture trustee ("Indenture Trustee"), Paul Feinsilver ("Feinsilver"), James A. Klotz ("Klotz") and Terrance O'Grady ("O'Grady") (collectively, Feinsilver, Klotz and O'Grady are referred to as "Bondholders"), by and through their attorneys, Emmet, Marvin & Martin, LLP, on behalf of the Indenture Trustee, and Morrison Cohen LLP, on behalf of the Bondholders, appeal under 28 U.S.C. § 158(a)(1) to the United States District Court for the Southern District of New York from the Order Denying the Motion of The Bank of New York Mellon, as Indenture Trustee, and Paul Feinsilver, James A. Klotz and Terrance O'Grady for Permission to Proceed in the Appropriate Tribunal as Against the

Reorganized Debtors (the "Order") [Docket No. 21838], entered by the United States Bankruptcy Court for the Southern District of New York (Hon. Robert D. Drain) on February 27, 2012. A copy of the Order is attached hereto as Exhibit A.

The names of all parties to the Order appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

APPELLANTS:

The Bank of New York Mellon,
Paul Feinsilver, James A. Klotz and Terrance O'Grady

MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
(212) 735-8600
Attention: Joseph T. Moldovan, Esq.

-and-

EMMET, MARVIN & MARTIN, LLP
120 Broadway
New York, New York 10271
(212) 238-3021
Attention: Edward P. Zujkowski, Esq.


APPELLEES:

DPH Holdings Corp., et al, (Reorganized Debtors)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
Attention:    John Wm. Butler, Jr.
              John K. Lyons
              Albert L. Hogan, III
              Ron E. Meisler

-and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Dated: New York, New York
       March 12, 2012

                                **MORRISON COHEN LLP**
                                *Attorneys for Paul Feinsilver, James A. Klotz*
                                *And Terrance O'Grady*

                                By: /s/ Joseph T. Moldovan
                                    Joseph T. Moldovan
                                    909 Third Avenue
                                    New York, New York 10022
                                    (212) 735-8600

                                **EMMET, MARVIN & MARTIN, LLP**
                                *Attorneys for The Bank of New York Mellon,*
                                 *as Indenture Trustee*

                                By:/s/ Edward P. Zujkowski
                                    Edward P. Zujkowski
                                    120 Broadway
                                    New York, NY 10271
                                    (212) 238-3000

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
          In re                              :    Chapter 11

DPH HOLDINGS CORP., et al.,       :    Case No. 05-44481 (RDD)

                 Reorganized Debtors. :    (Jointly Administered)
------------------------------x

ORDER DENYING THE MOTION OF THE BANK OF NEW YORK MELLON, AS
INDENTURE TRUSTEE, AND PAUL FEINSILVER, JAMES A. KLOTZ, AND TERRANCE
O'GRADY FOR PERMISSION TO PROCEED IN THE APPROPRIATE TRIBUNAL AS
AGAINST THE REORGANIZED DEBTORS (DOCKET NO. 21758)

("ORDER DENYING TRUMBULL BONDS'
INDENTURE TRUSTEE AND BONDHOLDERS MOTION")

Upon the Motion Of The Bank Of New York Mellon, As Indenture Trustee, Paul Feinsilver, James A. Klotz And Terrance O'Grady For Permission To Proceed In The Appropriate Tribunal As Against The Reorganized Debtors (Docket No. 21758), dated December 12, 2011 (the "Motion"); and upon the Reorganized Debtors' Objection To Motion Of The Bank Of New York Mellon, As Indenture Trustee, Paul Feinsilver, James A. Klotz And Terrence O'Grady For Permission To Proceed In the Appropriate Tribunal As Against The Reorganized Debtors (Docket No. 21787), dated January 5, 2012 (the "Objection"); and upon the Reply Brief In Further Support Of Motion Of Bank Of New York Mellon, As Indenture Trustee, Paul Feinsilver, James A. Klotz, And Terrance O'Grady For Permission To Proceed In The Appropriate Tribunal As Against The Reorganized Debtors, Or Alternatively, To Direct The Reorganized Debtors To Continue To Make All Payments Of Principal And Interest As An Administrative Expense (Docket No. 21813), dated January 18, 2012 (the "Reply"); and upon the Reorganized Debtors' Sur-Reply To Reply Brief In Further Support Of Motion Of The Bank Of

New York, As Indenture Trustee, Paul Feinsilver, James A. Klotz, And Terrence O'Grady For Permission To Proceed In The Appropriate Tribunal As Against the Reorganized Debtors, Or Alternatively, To Direct The Reorganized Debtors To Continue To Make All Payments Of Principal And Interest As An Administrative Claim (Docket No. 21825), dated February 10, 2012 (the "Sur-Reply," together with the Motion, Objection, and Reply, the "Pleadings"); and there being due and sufficient notice of the Pleadings and the hearing on the Motion; and upon the record of the hearing held by the Court on the Motion on February 16, 2012 (the "Hearing"); and after due deliberation; and good and sufficient cause appearing for the reasons stated by the Court in its bench ruling at the Hearing,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.  This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This contested matter is a core proceeding under 28 U.S.C. § 157(b)(2) in which the Court may enter a final order. Venue of these cases and this contested matter in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.  On April 12, 2006, this Court entered the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) ("Bar Date Order"), establishing July 31, 2006 as the bar date for prepetition claims (the "Bar Date") and approving a form of notice relating thereto (the "Bar Date Notice").

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

C.   The indenture trustee with respect to the Sewage Disposal Revenue Bonds (General Motors Corporation Project) Series 1994, in the aggregate principal amount of $2.75 million (the "Bonds"), was properly and timely served with a copy of the Bar Date Notice.

D.   On June 16, 2009, the Debtors filed the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors, And Debtors-In-Possession (As Modified) (Docket No. 17030) (the "Modified Plan").

E.   The indenture trustee with respect to the Bonds was properly and timely served with, among other things, notice of the Modified Plan and the discharge provided for in the Modified Plan.

F.   On October 6, 2009, the debtors in these chapter 11 cases (the "Debtors") substantially consummated the Modified Plan, the confirmation of which had been approved by this Court pursuant to an Order entered on July 30, 2009 (Docket No. 18707) ("Plan Modification Order"), and emerged from chapter 11.

G.   To the extent that the Bank Of New York Mellon, Paul Feinsilver, James A. Klotz, and Terrance O'Grady (the "Movants") had any right to payment from the Debtors relating to the Bonds (any such right of Pal Feinsilver, James A. Klotz, and Terrance O'Grady being derivative of any such right of Bank Of New York Mellon), such right arose prepetition pursuant to that certain prepetition Assignment And Assumption Agreement by and between General Motors Corporation and Delphi Automotive Systems LLC made as of January 1, 1999 ("1999 Agreement"), and such right therefore is subject to the Bar Date Order and discharge under the Modified Plan and Plan Modification Order.

H.   No proof of claim was timely filed against the Debtors in respect of claims arising under the 1999 Agreement, and General Motors Corporation released its rights to enforce

3

the 1999 Agreement that it had previously been granted by the Debtors (under an agreement containing an express "no third party beneficiaries" clause) during the chapter 11 case.

I.  For the reasons stated by this Court at the Hearing, which, with the foregoing recitals, constitute the Court's findings of fact and conclusions of law, the Movants have failed to show cause to lift the plan injunction, because the claims asserted by the Movants, to the extent they might be valid, are barred by the Bar Date Order and the discharge provided in 11 U.S.C. § 1141(d), the Modified Plan and the Plan Modification Order.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is denied.

2. This Court shall retain jurisdiction over the parties to hear and determine all matters arising from the implementation of this Order.

3. Kurtzman Carson Consultants LLC is directed to serve this Order on the Movants on or before March 13, 2012.

Dated: White Plains, New York
      February 27, 2012

                                      /s/Robert D. Drain
                                      UNITED STATES BANKRUPTCY JUDGE

## **CERTIFICATION OF SERVICE**

I hereby certify that on March 12, 2012, I caused this Notice of Appeal and Certification of Service, to be (a) electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record registered to receive notice in this proceeding, and (b) served upon counsel for Appellees via overnight courier.

I further certify that on March 12, 2012, I caused copies of this Notice of Appeal and Certification of Service, to be delivered via overnight courier, to the Chambers of the Honorable Robert D. Drain, United States Bankruptcy Court, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601-4140.

/s/ Edward P. Zujkowski
Edward P. Zujkowski