MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
(212) 735-8600
Joseph T. Moldovan, Esq.

*Attorneys for Paul Feinsilver, James A. Klotz
and Terrance O'Grady*

EMMET, MARVIN & MARTIN, LLP
120 Broadway
New York, New York 10271
(212) 238-3000
Edward P. Zujkowski, Esq.

*Attorneys for The Bank of New York Mellon, as Indenture Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |
| | : | |

## **STATEMENT OF ISSUES AND DESIGNATION OF RECORD ON APPEAL**

The Bank of New York Mellon, as indenture trustee ("Indenture Trustee"), Paul Feinsilver ("Feinsilver"), James A. Klotz ("Klotz") and Terrance O'Grady ("O'Grady") (collectively, Feinsilver, Klotz and O'Grady are referred to as "Bondholders"), by and through their attorneys, Emmet, Marvin & Martin, LLP, on behalf of the Indenture Trustee, and Morrison Cohen LLP, on behalf of the Bondholders, pursuant to Fed. R. Bankr. P. 8006, submit the following statement of issues and designate the following items to be included in the record in connection with the appeal from the Order Denying the Motion of The Bank of New York Mellon, as Indenture Trustee, and Paul Feinsilver, James A. Klotz and Terrance O'Grady for

Permission to Proceed in the Appropriate Tribunal as Against the Reorganized Debtors (the "Order") [Docket No. 21838], entered by the United States Bankruptcy Court for the Southern District of New York (Hon. Robert D. Drain) on February 27, 2012.

## I.    STATEMENT OF ISSUES ON APPEAL

1.    Did the Bankruptcy Court err in holding that the Assignment and Assumption Agreement by and between General Motors Corporation and Delphi Automotive Systems LLC made as of January 1, 1999 ("1999 Agreement") was not an executory contract such that the Debtors did not assume any post-petition obligations to the Indenture Trustee and the Bondholders under the 1999 Agreement?

2.    Did the Bankruptcy Court err in holding that the specific assumption of the 1999 Agreement under the Amended and Restated Master Restructuring Agreement between Delphi Corporation and General Motors Corporation (the "MRA") terminated the Indenture Trustee's and the Bondholders' rights under the 1999 Agreement?

3.    Did the Bankruptcy Court err in holding that the Indenture Trustee's and the Bondholders' rights under the 1999 Agreement were pre-petition claims subject to the Bar Date Order (as defined in the Order) [Docket No. 3206]?

4.    Did the Bankruptcy Court err in holding that (a) the claims of the Indenture Trustee and the Bondholders were discharged under the Modified Plan (as defined in the Order) [Docket No. 17030] and by the discharge provided in 11 U.S.C. § 1141(d), and (b) any further enforcement by the Indenture Trustee and the Bondholders of their claims is barred by the plan injunction under the Plan Modification Order (as defined in the Order) [Docket No. 18707]?

## II. DESIGNATION OF RECORD ON APPEAL

The Indenture Trustee and Bondholders hereby designate the following items to be included in the record on appeal:

| Docket Number | Date | Document |
|---|---|---|
| 20772 | 11/4/2010 | Reorganized Debtors' Motion For Order Enforcing Modified Plan And Plan Modification Order Injunctions Against Indenture Trustee With Respect To Certain 1995 Bonds Issued By The Michigan Strategic Fund (Attachments: Exhibit A - 1995 Loan Agreement; Exhibit B - 1999 Agreement; Exhibit C – MDA) |
| 20795 | 11/15/2010 | Reorganized Debtors' Motion For Order Enforcing Modified Plan And Plan Modification Order Injunctions Against Indenture Trustee With Respect To Certain 1994 Bonds Issued By The County Of Trumbull, Ohio (Attachments: Exhibit A - 1994 Loan Agreement; Exhibit B - 1999 Agreement; Exhibit C – MDA) |
| 20992 | 12/10/2010 | Joint Stipulation & Agreed Order Resolving Reorganized Debtors' Motion for Order Enforcing Modified Plan and Plan Modification Order Injunctions Against Indenture Trustee With Respect to Certain 1995 Bonds Issurd by The Michigan Strategic Fund |
| 20993 | 12/10/2010 | Joint Stipulation & Agreed Order Resolving Reorganized Debtors' Motion for Order Enforcing Modified Plan and Plan Modification Order Injunctions Against Indenture Trustee With Respect to Certain 1994 Bonds Issued by The County of Trumbull, Ohio |
| 21758 | 12/12/2011 | Motion for Permission to Proceed in the Appropriate Tribunal as Against the Reorganized Debtors filed by Andrea Fischer on behalf of The Bank of New York Mellon, as Indenture Trustee, Paul Feinsilver, James A. Klotz and Terrance O'Grady (Attachments: Exhibit A; Exhibit B; Exhibit C; Exhibit D; Exhibit E) |
| 21787 | 1/5/2012 | Reorganized Debtors' Objection to Motion Of The Bank Of New York Mellon, As Indenture Trustee, Paul Feinsilver, James A. Klotz and Terrence O'Grady For Permission To Proceed In The Appropriate Tribunal As Against the Reorganized Debtors |
| 21813 | 1/18/2012 | Reply Brief in Further Support of Motion for Permission to Proceed in the Appropriate Tribunal as Against the Reorganized Debtors filed by Andrea Fischer on behalf of Paul Feinsilver, James A. Klotz and Terrance O'Grady, The Bank of New York Mellon, as Indenture Trustee. (Attachments: Exhibit A; Exhibit B; Exhibit C; Exhibit D) |

| 21825 | 2/10/2012 | Reorganized Debtors' Sur-Reply to Reply Brief In Further Support Of Motion Of The Bank Of New York, As Indenture Trustee, Paul Feinsilver, James A. Klotz And Terrence O'Grady For Permission To Proceed In The Appropriate Tribunal As Against The Reorganized Debtors, Or Alternatively, to Direct The Reorganized Debtors To Continue To Make All Payments of Principal and Interest As An Administrative Claim |
| --- | --- | --- |
| N/A | 2/16/2102 | Transcript of Hearing before the Honorable Robert D. Drain, United States Bankruptcy Court, Southern District of New York, Case No. 05-44481-RDD |
| 21838 | 2/27/2012 | Order signed on 2/27/2012 Denying Motion of the Bank of New York Mellon, as Indenture Trustee, and Paul Feinsilver, James A. Klotz, and Terrance O'Grady for Permission to Proceed in the Appropriate Tribunal as Against the Reorganized Debtors (Entered: 02/27/2012) |

Dated: New York, New York
March 26, 2012

**MORRISON COHEN LLP**
*Attorneys for Paul Feinsilver, James A. Klotz
And Terrance O'Grady*

By: /s/ Joseph T. Moldovan
    Joseph T. Moldovan
    909 Third Avenue
    New York, New York 10022
    (212) 735-8600

**EMMET, MARVIN & MARTIN, LLP**
*Attorneys for The Bank of New York Mellon,
 as Indenture Trustee*

By:/s/ Edward P. Zujkowski
    Edward P. Zujkowski
    120 Broadway
    New York, NY 10271
    (212) 238-3000

## CERTIFICATION OF SERVICE

I hereby certify that on March 26, 2012, I caused this Statement of Issues and Designation of Record on Appeal, to be (a) electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record registered to receive notice in this proceeding, and (b) served upon counsel for Appellees via overnight courier.

I further certify that on March 26, 2012, I caused copies of this this Statement of Issues and Designation of Record on Appeal, to be delivered via overnight courier, to the Chambers of the Honorable Robert D. Drain, United States Bankruptcy Court, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601-4140.

/s/ Edward P. Zujkowski
Edward P. Zujkowski