21169 Westbay Circle<br>
Noblesville, IN  46062<br>
April 17, 2012

The Honorable Robert D. Drain<br>
United States Bankruptcy Court<br>
For the Southern District of New York<br>
300 Quarropas Street

Dear Judge Drain:

**Re: Vesting Motion (Docket # 21680, recent schedule request, recent Injunction request and the 17-APR-2012 e-mail from Ms. Cynthia Haffey.**

I am writing regarding the e-mail (17-APR-12) written to you by Ms. Cynthia Haffey, of Butzel Long, attorney for DPHH (formerly Delphi).

I am perplexed and dismayed by the content and tone of Ms. Haffey letter.

You might note that I recently submitted a supplement to my "Vesting Motion – (Docket 21680) requesting a schedule change for the Response and the Reply dates, because of my health issues and pending knee replacement surgery.  Ms. Haffey contacted me and asked if there was any flexibility in my request, because she was planning on being **out of the country** on the dates in question.

Over the past two days, I have had multiple conversations with Ms. Haffey and thought that we had come to a mutually beneficial solution.  In fact, in foot note 3, of my request for a the Preliminary Injunction, I mentioned that there was the possibility that the hearing date would be moved to late June.  This was a direct result of the discussions with Ms. Haffey.  When we last talked on Tuesday morning, the plan had been that she and I would have a conference call with your clerk and discuss the proposal.  In addition, to insure that I would be available when Ms. Haffey arranged the conference call, I informed Ms. Haffey that I would forward all calls to my cell phone when I was away from home.

During those phone conversations I mentioned to Ms. Haffey the adverse effects pursuing these actions had had on my health, as a way of explaining why certain schedule options were not practical for me.  I told her (I suppose naively) how stress affects my health.  I told her that I had not anticipated having to pursue two cases at once, my appeal in 2nd Circuit and the recent Vesting Motion.  In fact, I told her I was open to negotiations to make both cases go away.

I also informed Ms. Haffey in our first phone call that I was preparing the Injunction Request, and advised that she should be aware how extending the calendar and

a successful Injunction Request would affect her client. When we talked Tuesday morning (a time when we tried to reach your clerk in a conference call), Ms Haffey confirmed that she had seen the Injunction request.

I believed we were moving forward in a cooperative manner. Nevertheless, I expected that Ms. Haffey would challenge the Injunction Request. However, my expectation was that she would challenge on the merits and not with a personal attack on me. From my perspective, I feel she has used the information regarding my health and my vulnerability to stress in her decision to attack me personally - an action that is completely at odds with our "cooperative" discussions.

In each an every proceeding that I have pursued since the September hearing (all related to the Recoupment Appeal), Ms. Haffey, has attached the excerpt of the transcript that references the warning you issued to me that day. However she fails to note that she willfully misled the Court that day, when she falsely stated, with no good faith basis, that Delphi was not paying disability benefits. As a result, the Court was left with the belief that I had zero basis for my Recoupment Motion, which had to play a role in your decision to issue the warning.

Thus, I am shocked that Ms Haffey has, in a surprising and I think duplicitous move, abandoned all or efforts regarding the calendar and chosen to instead accuse me of abusing DPHH and the Court.

It was my plan that my Recoupment Appeal would be my last effort regarding any issue concerning DPHH/Delphi. In fact, I had scheduled my knee replacement surgeries with an eye on the timing requirements of the appeal. As a result, I had no reason to expect that DPHH/Delphi would attempt to unilaterally terminate, what I believe are vested disability benefits. The fact that the Benefit Cancelation issue has developed has created a serious upset in my appeal and health planning, as I did not anticipate having to pursue two cases simultaneous, while having my knee replaced.

Thus, I wish the Court to know that suddenly loosing $250,000 in disability benefits (or possibly half that amount) is not a trivial issue to me and was one that I could not be passive about.

I would also like the Court to know that I did not pursue the calendar issue or the Injunction issue without giving thought to Court procedure. I did talk the Court Deputy, Ms. Li, briefly about my plans regarding the calendar issue, in relation to knee surgery, and the Injunction issue before submitting either document, as I was seeking information about the filing process in relation to these issues.

However, I do have to admit, as I told Ms. Haffey, that because of my underlying disability, having to pursue separate cases, in two different Courts simultaneously has overwhelmed me.

I am confident this is not the type of letter you look forward to reading.  However, I am stunned by Ms. Haffey's reversal and her accusations of abuse.  I am hopeful that you will deny her request for a su sponte dismissal and I am hopeful that you know I have made my best effort to respect the Court and to heed your warning.

Sincerely,

James B. Sumpter, pro se