

James B. Sumpter
21169 Westbay Circle
Noblesville, IN  46062
April 9, 2012

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x Chapter 11 Case No. 05-44481 (RDD)

In re:                                        :

DELPHI CORPORATION, et. al.,        : (Jointly Administered)
                                              :

    Debtors.                            : :
                                              : :

----------------------------------------x

**Re:  Expedited Request for Preliminary Injunction to Prohibit
DPHH from Terminating Salaried Disability Plan
(Related to Docket # 21680)**

## Enclosures

- **Two paper copies of Motion**

- **Two paper copies of Certificate of Service**

- **DVD with**

  - Injunction Motion_16-APR-12.pdf
  - Injunction Motion_16-APR-12.doc
  - Service_list_INJ _16-apr-12.pdf
  - Service_list_INJ _16-apr-12.doc

James B. Sumpter, pro se
21169 Westbay Circle
Noblesville, IN 46062
Telephone: (317) 877-0736
Facsimile: (317) 877-1070
jsump@ieee.org

Salaried Retiree of Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------x Chapter 11 Case No. 05-44481 (RDD)

In re:

DELPHI CORPORATION, et. al.,

                         : (J o i n t l y  Administered) :

    Debtors.               : :
                          : :

---------------------------------x

# Expedited Request for Preliminary Injunction to Prohibit
## DPHH from Terminating Salaried Disability Plan
### (Related to Docket # 21680)

1

# Table of Contents

Table of Contents .................................................................................................................. 2

I.        Jurisdiction ............................................................................................................... 3

II.       Injunction Request .................................................................................................... 4

III.      Background ................................................................................................................ 4

IV.       Benefit Termination Prior To Hearing Does Irreparable Damage............................... 5

V.        Continuation Of Benefit Plan Presents No Harm To DPHH......................................... 7

VI.       A Preliminary Injunction Will Serve The Public Interest ............................................ 8

VII.      The Vesting Motion Is Likely To Succeeded On The Merits......................................... 8

VIII.     Conclusion .................................................................................................................. 9

# I. Jurisdiction

1.  **WHEREAS,** the Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b) (2) (B), (F) and (O).

2.  **In regards to 28 U.S.C. § 1334:**

This is a motion that seeks a preliminary injunction, which is related to and in support of the "Vesting Motion[1]." The Vesting Motion is a matter arising under the bankruptcy code and is a proceeding related to the debtor's bankruptcy case. The injunction is necessary to protect the proceeding, which seeks to determine that disability benefits are vested.

3.  **In regards to 28 U.S.C. § 157(b)(2):**

    -(B) The Vesting motion would exempt property from the estate.

    -(F) the Vesting Motion proceeding is to determine, or recover preferences.

    -(O) The determination of Disability Benefit vesting results in the adjustment of the debtor-creditor relationship.

4.  To the extent that there are any issues that are determined to be non-core, the Movant consents to having this court enter final judgment.

---

[1] Vesting Motion Regarding Extended Disability Benefits For Salaried Employees And Salaried Retirees – Docket # 21860

3

5. For the reasons set forth herein, the relief requested is warranted and necessary. In support of the "Request for a Preliminary Injunction", the Movant respectfully represents as follows:

## II. Injunction Request

6. This motion is a request for a preliminary injunction that orders DPHH to suspend any action related to the termination of the Extended Disability Program and Supplemental Disability Program for currently disabled Salaried Employees and Salaried Retirees.

## III. Background

7. Recently(about February 20, 2012), DPHH (formerly Delphi) sent certified letters to Disabled Retirees and Disable Employees (Disabled Beneficiaries), which informed them that DPHH was discontinuing the Disability Benefit Program[2]. In addition, the letter sought to induce the Disabled Beneficiary to accept a lump sum payment that is approximately 50% of what is due each disabled beneficiary through the end of their disability eligibility, which in most cases continues to the end of the month the beneficiary turns age 66.

8. The letter from DPHH sets the Plan termination date as March 31, 2012 and imposes an acceptance deadline for Disability Beneficiaries of April 9, 2012. However, recently DPHH sent out a letter extending the acceptance deadline to April 21, 2012.

---

[2] It should be noted that the Benefit Cancellation Letters were sent while the Recoupment Appeal was under review by the District Court (1:11-cv-08443-PAE). It is perceived by the Movant that the benefit cancellation was, at least in part, an attempt to subvert the appeal process and eliminate the necessary conditions for recoupment.

4

9.     On April 11, 2012, the Movant filed a motion (*Vesting Motion Regarding*

*Extended Disability Benefits For Salaried Employees And Salaried Retirees* – Docket # 21860),

which asks the Court to make a determination that Disability Benefits are vested and therefore cannot

be terminated.

10.     A hearing on the "Vesting Motion" is scheduled for May 24, 2012[3]. Thus, prior

to the Vesting Motion hearing and the Court's determination regarding benefit vesting, the

following will occur:

> a. All monthly disability payment to beneficiaries will cease (i.e., no May
>    payment).
>
> b. Disabled Beneficiaries will loose all disability benefits of they reject the lump
>    sum offer, or
>
> c. Disabled Beneficiaries will have been forced to involuntarily sign a contract
>    to receive the lump-sum payment, but at the expense of 50% if their expected
>    benefit and at the expense of ceding all related rights regarding those benefits.

## IV.   Benefit Termination Prior To Hearing Does Irreparable Damage

11.     Termination of Vested Disability Benefits prior to the May 24th hearing does

irreparable damage to the Movant and other Disabled Beneficiaries.

---

[3] At the time that this motion was filed, there was the potential that the Vesting Motion hearing date could
be moved into late June 2012. In such case, the Movant request that the injunction be structured to
comprehend any extension of the hearing schedule.

5

a. Allowing the DPHH Plan termination to proceed without the injunction puts the Movant in a no win situation of signing away his rights, thereby loosing standing to argue the Vesting Motion; or loosing the possibility of even receiving the lumps sum disability payment. This is the case, since a decision on the Termination Offer is required by April 21, which is over a month before the Vesting Motion hearing.

b. Termination of the Disability Benefit Plan damages (makes moot) most parts of the pending Recoupment Appeal in the 2nd Circuit[4], since it will remove the potential for recoupment. This is the case, since there will be no future payments and recoupment does not permit an affirmative recovery.

*( It appears to the Movant that the Disability Plan Termination was designed to eliminate the threat of recoupment and a successful appeal, while reducing, to at least half, the expected financial obligation of DPHH – a win - win financial scenario for DPHH at the expense of the Disabled Beneficiary.)*

c. Beneficiaries who **don't** accept DPHH's Termination Offer will lose all benefits. As a result, they will suffer unwarranted financial chaos and instability.

---

[4] **USCA 2nd Circuit Case # 12-1242-bk**: related cases - District Court Case No. **1:11-cv-08443-PAE.** Amended Recoupment Motion - Bankruptcy Case No. **1:05-bk-44481(rdd);** Docket # 21566

6

    **d.** Beneficiaries who **do** accept DPHH's Termination Offer will lose 50% of
their disability benefits and a permanent (wrongful) loss of rights affected by
the non-disclosure agreement.

    **e.** Elimination of the Disability Plan wrongly terminates or reduces a Vested
Benefit.

    **f.** Elimination of the Disability Plan violates Department Of Labor regulations
regarding fiduciary responsibilities of DPHH.

    **g.** Termination of the Plan creates an administrative quagmire for the orderly
restoration of the benefit program after the May 24th hearing[3 above], which will
likely require significant retroactive adjustments in payments for either the
lump sum accepting beneficiary or the offer rejecting beneficiary.

    **h.** The Plan termination creates financial disruption and instability for
beneficiaries not receiving any May payment.

## V.   Continuation Of Benefit Plan Presents No Harm To DPHH

12.   An injunction that continues the Disability Plan, at least through the May 24th
hearing[3 above], does no harm to DPHH. DPHH has apparently allocated 50% of it total benefit
obligation to the payment of the Benefit Termination lump sum. Thus, the lump sum (if the Court
was to rule that benefits are not vested) could easily be adjusted to account for the May payments.

7

13. Therefore, in the worse case (where the Vesting Motion fails), DPHH has at most an additional month of administrative expenses. While, if the vesting motion succeeds, there is no administrative impact to DPHH.

14. DPHH has already, for its own reasons, moved the Offer Acceptance Deadline from April 9th to April 21st. Thereby demonstrating that a short delay in the Plan termination is not critical.

15. Thus, the real harm to the Movant and other Disabled Beneficiaries is far greater than any marginal harm to DPHH.

## VI.  A Preliminary Injunction Will Serve The Public Interest

16. A preliminary injunction serves the public interest. This is the case, since in addition to preserving the rights and financial interest of the Movant, an injunction would preserve the rights and financial interests for over 300 Disabled Beneficiaries, until a definitive ruling on the Vesting Motion can be made.

## VII.  The Vesting Motion Is Likely To Succeeded On The Merits

17. The Movant believes that the Vesting Motion will succeed on the merits. The Motion makes substantial and compelling arguments, which are supported by legal precedent. The principal arguments of the Vesting Motion are:

    a. Vesting is granted through the benefit plan language.

    b. Vesting is granted through contract law.

8

    c. Delphi prior actions demonstrate that it operated with the knowledge that disability benefits are vested benefits.

    d. Vested benefits cannot be retroactively terminated.

## VIII. Conclusion

18. Based on the standard articulated by the Hon. Judge Drain during the hearing on the "Request for Stay Proceedings Regarding the VEBA in Lieu of COBRA Ruling (Docket # 21491)" and the conforming opinion by the Supreme Court in Winter v. Natural Resources Defense Council, Inc. (*Winter v. NRDC, Inc.*, 555 U.S. 7 (2008); the Movant believes that the request for a preliminary injunction to prohibit DPHH from terminating the salaried disability plan should be granted.

WHEREFORE, the Movant respectfully requests that this Court enter an order granting the relief requested herein, and such other and further relief as may be just, necessary and appropriate.

Dated: Noblesville, Indiana
April 16, 2012

By: _____
      James B. Sumpter

James B. Sumpter, pro se
21169 Westbay circle
Noblesville, IN 46062
Telephone: (317) 877-0736
Facsimile: (317) 877-1070
jsump@ieee.org

Salaried Retiree of Debtors

9

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x Chapter 11 Case No. 05-44481 (RDD)

In re:                                     :

DELPHI CORPORATION, et. al.,               : (Jointly Administered)
                                           :
          Debtors.                         : :
                                           : :

------------------------------------------x

### AFFIDAVIT OF SERVICE

I, James B. Sumpter, do herby state that relative to the Motion:

# Expedited Request for Preliminary Injunction to Prohibit
# DPHH from Terminating Salaried Disability Plan
### (Related to Docket # 21680)

I served copies of the above motion on the entities listed in Exhibit **A**, via Email and U.S. Mail on 16-APR-2012. Two paper copies were also sent via FED EX overnight to the clerk of the court on 16-APR-2012.

/s/ **James B. Sumpter**

**16/APR/2012**

James B. Sumpter                          Date
21169 Westbay circle
Noblesville, IN 46062
Telephone: (317) 877-0736
Facsimile: (317) 877-1070
jsump@ieee.org

1

## AFFIDAVIT OF SERVICE

## Serving Date - April 16, 2012

Hon. Robert D. Drain
United States Bankruptcy Court
for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140
Telephone: (914) 390-4155

Cynthia Haffey & Chester E. Kasiborski, Jr
Butzel Long
150 W. Jefferson
Suite 100
Detroit, MI 48236
Telephone: 313-225-7064
haffey@butzel.com

Counsel to the Debtors
Skadden, Arps, Slate, Meagher & Flom LLP
155 North Wacker Drive, Suite 2700
Chicago, Illinois 60606
Attn: Ron E. Meisler
Telephone: (312) 407-0700
rmeisler@skadden.com

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attn: Harvey R. Miller
        Robert J. Lemons
Telephone: (212) 310-8500
harvey.miller@weil.com
robert.lemons@weil.com

Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3583
Attn: Frank L. Gorman, Esq. &
        Robert B. Weiss, Esq.
Telephone: 313-465-7000
fgorman@honigman.com
rweiss@honigman.com

DPH Holdings Corp.
5725 Delphi Drive
Troy, MI 48098
Attn: John Brooks
Telephone: 312-357-1313
john.brooks@delphi.com

Ruskin Moscou Faltischek PC
1425 RXR Plaza, 15th Floor
Uniondale, NY 11556
Attn: Jeffrey A. Wurst, Esq.
Telephone: (516) 663-6535
jwurst@rmfpc.com

Delphi Automotive Systems LLP
5725 Delphi Drive
Troy, MI 48098
Attn:   Sean Corcoran
        Karen Craft
        David M. Sherbin
Telephone: 248-813-2000
sean.p.corcoran@delphi.com
karen.j.craft@delphi.com
david.sherbin@delphi.com

2

## AFFIDAVIT OF SERVICE

## Serving Date - April 16, 2012

Office of the United States Trustee
Southern District of New York
33 Whitehall Street, 21st floor
New York, New York 10004
Attn: Brian Masumoto
Telephone: (212) 510-0500

Barnes & Thornburg LLP
One N Wacker Drive
Suite 4400
Chicago, IL 60606
Telephone: 312-357-1313
dthorne@btlaw.com
kmatsoukas@btlaw.com

3