**Hearing Date And Time: February 25, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Response Date And Time: February 18, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., et al., | Case No. 05-44481 (RDD) |
|  | (Jointly Administered) |
| Reorganized Debtors. |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' FORTY-THIRD OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. §
503(b) AND FED. R. BANKR. P. 3007 TO (I) EXPUNGE CERTAIN ADMINISTRATIVE EXPENSE
(A) SEVERANCE CLAIMS, (B) BOOKS AND RECORDS CLAIMS, (C) DUPLICATE CLAIMS, (D)
EQUITY INTERESTS, (E) PREPETITION CLAIMS, (F) INSUFFICIENTLY DOCUMENTED
CLAIMS, (G) PENSION, BENEFIT, AND OPEB CLAIMS, (H) WORKERS' COMPENSATION
CLAIMS, AND (I) TRANSFERRED WORKERS' COMPENSATION CLAIMS, (II) MODIFY
AND ALLOW CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS, AND
(III) ALLOW CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS

("FORTY-THIRD OMNIBUS CLAIMS OBJECTION")



0544481100122000000000006

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized

debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors")

hereby submit this Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R.

Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B)

Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims,

(F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers'

Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And

Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain

Administrative Expense Severance Claims (the "Forty-Third Omnibus Claims Objection" or the

"Objection"), and respectfully represent as follows:

## Background

A.    The Chapter 11 Filings

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates

(the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court

for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-

1330, as then amended (the "Bankruptcy Code").

2.    On December 10, 2007, the Debtors filed their first amended joint plan of

reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No.

11388). The Court entered an order confirming the Plan (as modified) (Docket No. 12359) (the

"Confirmation Order") on January 25, 2009, and the order became final on February 4, 2008.

3.    On October 3, 2008, the Debtors filed a motion under 11 U.S.C. § 1127

for an order approving (i) certain modifications to the Confirmed Plan and related disclosure

statement and (ii) related procedures for re-soliciting votes on the Confirmed Plan, as modified

(Docket No.14310) (the "Plan Modification Motion"). On June 1, 2009, the Debtors filed a

supplement to the Plan Modification Motion (the "Motion Supplement"), which sought approval

of (i) certain modifications to the Confirmed Plan (the "Modified Plan"), (ii) supplemental

disclosure, and (iii) procedures for re-soliciting votes on the Modified Plan. This Court entered an

order approving the Modified Plan (Docket No. 18707) on July 30, 2009.

           4.      On October 6, 2009, the Debtors substantially consummated the Modified

Plan, the Effective Date[1] occurred, and the transactions under the Master Disposition Agreement

and related agreements closed. In connection therewith, DIP Holdco LLP (subsequently renamed

Delphi Automotive LLP, a United Kingdom limited liability partnership), as assignee of DIP

Holdco 3 LLC, through various subsidiaries and affiliates, acquired substantially all of the

Debtors' global core businesses, and GM Components Holdings, LLC, a Delaware limited liability

company, and Steering Solutions Services Corporation, a Delaware corporation, acquired certain

U.S. manufacturing plants and the Debtors' non-core steering business, respectively. The

Reorganized Debtors have emerged from chapter 11 as DPH Holdings and affiliates and remain

responsible for the post-Effective Date administration, including, without limitation, the

disposition of certain retained assets and payment of certain retained liabilities as provided for

under the Modified Plan, and the eventual closing of these chapter 11 cases.

           5.      This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§

157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

---

[1]    Capitalized terms used but not defined in this Objection have the meanings ascribed to them in the Modified
Plan.

3

6.      The statutory predicates for the relief requested herein are sections 503(b)

of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").

B.      Administrative Claims Bar Dates

7.      Pursuant to Article 10.2 of the Modified Plan and paragraph 38 of the

Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As

Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date

To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting

Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date entered June

16, 2009 (Docket No. 17032) (the "Modification Procedures Order"), this Court established July

15, 2009 (the "July 15 Bar Date") as the bar date for asserting a claim for an administrative

expense under section 503(b)(1) of the Bankruptcy (each, an "Administrative Claim") for the

period from the commencement of these cases through June 1, 2009.[2]  On or before June 20, 2009,

in accordance with the Modification Procedures Order, the Debtors caused Kurtzman Carson

Consultants LLC ("KCC"), the claims and noticing agent in these chapter 11 cases, and Financial

Balloting Group LLC, the noticing and voting agent in these chapter 11 cases, or their agents to

transmit with the resolicitation materials in connection with the Modified Plan a Notice Of Bar

Date For Filing Proofs Of Administrative Expense describing the procedures for asserting an

Administrative Claim.

8.      In addition, Articles 1.5 and 10.5 of the Modified Plan establish 30 days

after the Effective Date (as defined in the Modified Plan) (the "Post-Emergence Bar Date") as the

_____

[2]   On July 15, 2009, this Court entered the Stipulation And Agreed Order Modifying Paragraph 38 Of
Modification Procedures Order Establishing Administrative Expense Bar Date (Docket No. 18259) to require
parties to submit an Administrative Expense Claim Form for Claims for the period from the commencement of
these cases through May 31, 2009 rather than through June 1, 2009.

4

bar date for asserting an Administrative Claim for the period between June 1, 2009 and the
Effective Date, unless otherwise ordered by this Court.[3] Because the Effective Date was October
6, 2009, the Post-Emergence Bar Date is November 5, 2009. On or before October 6, 2009, in
accordance with the Modified Plan, the Reorganized Debtors caused KCC to transmit to all parties
identifying themselves as creditors of the Reorganized Debtors, as well as those holding equity
interests in the Reorganized Debtors, a Notice Of (A) Order Approving Modifications To First
Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors
And Debtors-In-Possession And (B) Occurrence Of Effective Date. The notice described, among
other things, the procedures for asserting an Administrative Claim arising between June 1, 2009
and the Effective Date.

9.    On or before June 22, 2009, the Debtors published the notice of the July
15 Bar Date in the Detroit News & Free Press, the New York Times (National Edition), the Wall
Street Journal (National, Europe, and Asian Editions), and USA Today (Worldwide Edition) and
electronically through posting on the then-current Delphi Legal Information Website.

10.    In these cases, 3,216 proofs of administrative expense (the "Proofs of
Administrative Expense") have been filed against the Debtors and the Reorganized Debtors. The
Reorganized Debtors have filed three omnibus objections to Administrative Claims. After hearing
these omnibus objections, this Court disallowed and expunged approximately 1,507
Administrative Claims. In addition, the hearings with respect to 24 Administrative Claims were
adjourned pursuant to the Claims Objection Procedures Order and the Administrative Claims
Objection Procedures Order (each as defined below).

---

[3]    Professional Claims are not subject to the Post-Emergence Bar Date and are instead subject to the provisions of
Article 10.3 of the Modified Plan.

11.     On July 31, 2009, the Debtors filed a Motion Pursuant To 11 U.S.C. §§

105(a) And 503(b) For Order Authorizing Debtors To Apply Claims Objection Procedures To

Administrative Expense Claims (the "Administrative Claims Procedures Motion"), in which the

Debtors requested that certain claims objection procedures set forth in the Order Pursuant To 11

U.S.C. Section 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices

And Procedures Governing Objections To Claims entered by this Court on December 7, 2006

(Docket No. 6089) (the "Claims Objection Procedures Order") be applied to the adjudication of

Administrative Claims.  On October 22, 2009, this Court entered an order granting the

Administrative Claims Procedures Motion (Docket No. 18998) (the "Administrative Claims

Objection Procedures Order").

12.     Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized

Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or

otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if

any) with respect to all Claims and Interests . . .."  Modified Plan, art. 9.6.

13.     By this Objection, the Reorganized Debtors are objecting to 876 Proofs of

Administrative Expense, all of which are set forth by Claimant in alphabetical order on Exhibit M

hereto and cross-referenced by proof of administrative expense number and basis of objection.

Exhibit L hereto sets forth the formal name of the Debtor entity and its associated bankruptcy case

number referenced on Exhibits J and K hereto.

### Relief Requested

14.     By this Objection, the Reorganized Debtors seek entry of an order

pursuant to section 503(b) of the Bankruptcy Code and Bankruptcy Rule 3007(a) disallowing and

expunging (a) the Administrative Claims set forth on Exhibit A hereto that were filed by claimants

6

asserting liabilities for severance payments for which the Reorganized Debtors are not liable, (b)
the Administrative Claims set forth on Exhibit B hereto because such Administrative Claims assert
liabilities and dollar amounts that are not reflected on the Reorganized Debtors' books and
records,[4] in most cases because such Administrative Claims have been satisfied in the ordinary
course of business, (c) the Administrative Claims set forth on Exhibit C hereto because they are
duplicative of other Administrative Claims, (d) the Administrative Claims set forth on Exhibit D
hereto because each such Administrative Claim was filed by a holder of Delphi Corporation
common stock solely on account of such holder's stock holding, (e) the Administrative Claims set
forth on Exhibit E hereto because each such purported Administrative Claim arose prior to the
Petition Date and therefore does not qualify as an Administrative Claim under section 503(b)(1) of
the Bankruptcy Code, (f) the Administrative Claims set forth on Exhibit F hereto because such
Administrative Claim contains insufficient documentation in support of the Administrative Claim
asserted, (g) the Administrative Claims set forth on Exhibit G hereto for liabilities owing in
connection with the Debtors' employee benefit programs, pension plans, and other post-
employment benefits programs because the Reorganized Debtors are not liable for such
Administrative Claims, (h) the Administrative Claim set forth on Exhibit H hereto because it was
asserted by an individual employee of the Debtors for workers' compensation benefits not
reflected on the Reorganized Debtors' books and records, and (i) the Administrative Claims set
forth on Exhibit I hereto because they were asserted by individual current or former employees of
the Debtors for workers' compensation claims that were transferred to the GM Buyers (as defined
in the Master Disposition Agreement) pursuant to the Master Disposition Agreement.

---

[4]    Pursuant to article 11.1 of the Modified Plan, the Reorganized Debtors now hold the Debtors' books and
       records.

7

15.     In addition, the Reorganized Debtors seek entry of an order pursuant to

section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 modifying and allowing the

Administrative Claims set forth on Exhibit J hereto that were filed by former employees asserting

liabilities for severance payments arising from employment agreements with the Debtors.  The

amounts asserted in such Administrative Claims are overstated.  The Reorganized Debtors propose

to modify and allow each such Administrative Claim so that the modified and allowed amounts

and class and the Debtor against which each such Claim is asserted matches the Reorganized

Debtors' books and records.  The allowed amounts of each such Administrative Claim will be

distributed pursuant to the terms of the employment agreement giving rise to such Administrative

Claim.

16.     Finally, the Reorganized Debtors seek entry of an order pursuant to

section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 allowing the Claims set forth

on Exhibit K hereto filed by former employees asserting liabilities for severance payments arising

from employment agreements with the Debtors.  The amounts asserted in such Administrative

Claims match the Reorganized Debtors' books and records.  The allowed amounts of each such

Administrative Claim will be distributed pursuant to the terms of the employment agreement

giving rise to such Administrative Claim.

Objections To Claims

C.      Severance Claims

17.     During their review of the Proofs of Administrative Expense, the

Reorganized Debtors determined that certain Administrative Claims filed against the Debtors

assert liabilities or dollar amounts for severance benefits that are not owing pursuant to the

Reorganized Debtors' books and records because the claimants asserting such Administrative

Claims are not owed any severance payments by the Reorganized Debtors (the "Severance

8

Claims"). Accordingly, the Reorganized Debtors believe that the parties asserting Severance
Claims are not creditors of the Debtors.

18.     Set forth on Exhibit A hereto are the Severance Claims that the
Reorganized Debtors have identified as Claims for which the Debtors are no longer liable and
should be disallowed and expunged. If this Court does not disallow and expunge any of the
Severance Claims in full, the Reorganized Debtors expressly reserve all of their rights to further
object to such Severance Claims at a later date on any basis whatsoever.

19.     Accordingly, the Reorganized Debtors (a) object to the Severance Claims
and (b) seek entry of an order disallowing and expunging the Severance Claims in their entirety.

D.     Books And Records Claims

20.     During their review of the Proofs of Administrative Expense, the
Reorganized Debtors determined that certain Administrative Claims filed against the Debtors
assert liabilities or dollar amounts that are not owing pursuant to the Reorganized Debtors' books
and records, in most cases because such Administrative Claims have been satisfied in the ordinary
course of business (the "Books And Records Claims"). Accordingly, the Reorganized Debtors
believe that the parties asserting Books And Records Claims are not creditors of the Debtors.

21.     The burden is on the claimant asserting an Administrative Claim to prove
by a preponderance of evidence that the allowance of the Administrative Claim is justified. See In
re United States Lines, Inc., 103 B.R. 427, 430 (Bankr. S.D.N.Y. 1989); In re National Steel Corp.
et al., 316 B.R. 287, 300 (Bankr. N.D. Ill. 2004); Solow v. American Airlines (In re Midway
Airlines), 221 B.R. 411, 446 (Bankr. N.D. Ill. 1998); In re Alumni Hotel Corp., 203 B.R. 624, 630
(Bankr. E.D. Mich. 1996). Because the holders of Books and Records Claims have failed to do
this, their Books and Records Claims should be disallowed and expunged.

22.      Set forth on Exhibit B hereto are the Books And Records Claims that the
Reorganized Debtors have identified as Claims for which the Debtors are not liable and which
Claims should be disallowed and expunged. If this Court does not disallow and expunge any of
the Books And Records Claims in full, the Reorganized Debtors expressly reserve all of their
rights to further object to such Books And Records Claims at a later date on any basis whatsoever.

23.      Accordingly, the Reorganized Debtors (a) object to the Books And
Records Claims and (b) seek entry of an order disallowing and expunging the Books And Records
Claims in their entirety.

E.      Duplicate Claims

24.      During their review of the Proofs of Administrative Expense, the
Reorganized Debtors determined that certain Administrative Claims filed against the Reorganized
Debtors in fact assert duplicative Administrative Claims (each, a "Duplicate Claim") for a single
liability. In some instances, these Duplicate Claims arose when a Claimant filed Proofs of
Administrative Expense against multiple Debtor entities for the same liability. In an effort to
eliminate the Duplicate Claims, the Reorganized Debtors reviewed the Proofs of Administrative
Expense and the supporting documentation provided in those Proofs of Administrative Expense to
determine which duplicate claim should be the surviving claim. It is axiomatic that creditors are
not entitled to multiple recoveries for a single liability against a debtor. Accordingly, the
Reorganized Debtors wish to eliminate the Duplicate Claims.

25.      Set forth on Exhibit C hereto is a list of Administrative Claims that the
Reorganized Debtors have identified as Duplicate Claims. For each Duplicate Claim, Exhibit C
classifies a Proof of Administrative Expenses either as a "Claim To Be Expunged" or as a
"Surviving Claim." The Surviving Claims reflect the classifications of the liabilities as reflected
on the Reorganized Debtors' books and records. The Reorganized Debtors request that the

10

Administrative Claims marked as "Claims To Be Expunged" on Exhibit C be disallowed and

expunged. With respect to the Administrative Claims on Exhibit C marked as Surviving Claims,

the Reorganized Debtors do not seek any relief at this time. The inclusion of the Surviving Claims

on Exhibit C, however, does not reflect any view by the Reorganized Debtors as to the ultimate

validity of any such Administrative Claims. The Reorganized Debtors therefore expressly reserve

all of their rights to further object to any or all of the Surviving Claims at a later date on any basis

whatsoever.

26.    Accordingly, the Reorganized Debtors (a) object to the Duplicate Claims

and (b) seek entry of an order disallowing and expunging the Duplicate Claims in their entirety.

F.    Equity Interests

27.    During their review of the Proofs of Administrative Expense, the

Reorganized Debtors determined that certain Administrative Claims filed against the Reorganized

Debtors represent proofs of interest that were filed by or on behalf of holders of common stock in

Delphi Corporation (the "Equity Interests"). The Debtors caused KCC to serve notice of the July

15 Bar Date on holders of Delphi Corporation common stock to ensure that holders of stock who

wished to assert administrative claims against any of the Reorganized Debtors that were not based

solely upon their ownership of Delphi Corporation common stock would be afforded the

opportunity to file such claims in these chapter 11 cases. The ownership of Delphi Corporation

common stock constitutes an equity interest in Delphi Corporation, but does not constitute an

Administrative Claim arising under section 503(b)(1) of the Bankruptcy Code.

28.    Identified on Exhibit D are Equity Interests for which the Reorganized

Debtors have no administrative claim liability. The Reorganized Debtors therefore seek to have

these Administrative Claims disallowed and expunged. Accordingly, the Reorganized Debtors (a)

11

object to the Equity Interests and (b) seek entry of an order disallowing and expunging the Equity
Interests in their entirety.

G.   Prepetition Claims

29.   During the Reorganized Debtors' review of the Proofs of Administrative
Expense, the Reorganized Debtors determined that certain Administrative Claims filed against the
Reorganized Debtors assert liabilities or dollar amounts in connection with claims arising prior to
the Petition Date that are not properly classified as administrative expenses for the purposes of
section 503(b)(1) of the Bankruptcy Code (the "Prepetition Claims"). Set forth on Exhibit E
hereto are the Prepetition Claims that the Reorganized Debtors have identified as arising before
the Petition Date and for which the Reorganized Debtors have no administrative liability.
Accordingly, the Reorganized Debtors (a) object to the Prepetition Claims and (b) seek entry of an
order disallowing and expunging the Prepetition Claims in their entirety.

H.   Insufficiently Documented Claims

30.   During their review of the Proofs of Administrative Expense, the
Reorganized Debtors discovered that certain Administrative Claims did not include sufficient
documentation to support the claim asserted (the "Insufficiently Documented Claims"). This
deficiency in documentation has made it impossible for the Debtors to meaningfully review the
asserted Administrative Claims.

31.   The burden is on the claimant asserting an Administrative Claim to prove
by a preponderance of evidence that the allowance of the Administrative Claim is justified. See In
re United States Lines, Inc., 103 B.R. at 430; In re National Steel Corp. et al., 316 B.R. at 300;
Solow v. American Airlines (In re Midway Airlines), 221 B.R. at 446; In re Alumni Hotel Corp.,
203 B.R. at 630. Because the holders of Insufficiently Documented Claims have failed to do this,
their Insufficiently Documented Claims should be disallowed and expunged.

12

32.     Set forth on Exhibit F hereto are the Insufficiently Documented Claims

that the Reorganized Debtors have identified as Claims for which the Debtors are not liable and

which Claims should be disallowed and expunged. If this Court does not disallow and expunge

any of the Insufficiently Documented Claims in full, the Reorganized Debtors expressly reserve all

of their rights to further object to such Insufficiently Documented Claims at a later date on any

basis whatsoever.

33.     Accordingly, the Reorganized Debtors (a) object to the Insufficiently

Documented Claims and (b) seek entry of an order disallowing and expunging the Insufficiently

Documented Claims in their entirety.

I.      Pension, Benefit, And OPEB Claims

34.     During their review of the Proofs of Administrative Expense, the

Reorganized Debtors determined that certain Administrative Claims filed against the Reorganized

Debtors assert liabilities or dollar amounts in connection with pension plans, employee benefit

programs, and/or post-retirement benefit programs that are not owing by the Reorganized Debtors.

35.     Pension Liabilities. First, certain Proofs of Administrative Expense assert

liabilities or dollar amounts (the "Pension Liabilities") in connection with the following pension

plans: the Delphi Hourly-Rate Employees Pension Plan, the Delphi Retirement Program for

Salaried Employees, the Delphi Mechatronic Systems Retirement Program, the ASEC

Manufacturing Retirement Program, the Packard-Hughes Interconnect Bargaining Retirement Plan,

and the Packard-Hughes Interconnect Non-Bargaining Retirement Plan (together, the "Pension

Plans"). Each of these Pension Plans is a single-employer, defined benefit plan covered by Title

IV of Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§

1301 et seq. Such Administrative Claims are not owing by the Reorganized Debtors. These

Administrative Claims are not enforceable against the Reorganized Debtors because the Pension

13

Plans are separate legal entities distinct from the Reorganized Debtors. See In re Springfield

Furniture, Inc., 145 B.R. 520, 528 (Bankr. E.D. Va. 1992) (holding that defined benefit pension

plan and trust holding assets of plan are separate and distinct legal entities and thus "the assets of

the Trust (and Plan) are not assets of the debtors' bankruptcy estate"). The Pension Plans – not the

Reorganized Debtors – are obligated to pay benefits to Pension Plan participants, so any

Administrative Claims arising from the Pension Plans are Administrative Claims against the

Pension Plans rather than the Reorganized Debtors.

36.     In addition, to the extent that any of the Pension Plans is terminated, under

ERISA, the Pension Benefit Guaranty Corporation has the sole and total right to recover against

employers for pension plan underfunding. The participants have no right to make claims against

the Reorganized Debtors for benefits under terminated plans. See 29 U.S.C. § 1362; see also

United Steelworkers of Amer. v. United Eng'g, Inc., 52 F.3d 1386, 1390 (6th Cir. 1995); Int'l

Ass'n of Machinists and Aerospace Workers v. Rome Cable Corp., 810 F. Supp. 402 (N.D.N.Y.

1993); In re Lineal Group, Inc., 226 B.R. 608 (Bankr. M.D. Tenn. 1998).

37.     Benefit Liabilities.   Second, certain Proofs of Administrative Expense

assert liabilities or dollar amounts in connection with employee benefits, including but not limited

to commissions, vacation, sick leave, and/or employee benefit contributions (collectively, the

"Benefit Liabilities"), that are not owing by the Reorganized Debtors because such liabilities have

already been satisfied by the Reorganized Debtors.

38.     OPEB Liabilities.   Third, certain Proofs of Administrative Expense assert

liabilities or dollar amounts (a) on account of certain employee benefit plans and programs that

provided post-retirement health and life insurance benefits ("Salaried OPEB") to salaried retirees

and their surviving spouses that are not owing by the Reorganized Debtors because Salaried

14

OPEB is terminable at will and does not give rise to a right to payment (the "Salaried OPEB Liabilities") or (b) on account of certain employee benefit plans and programs that provided post-retirement health and life insurance benefits ("Hourly OPEB") to hourly retirees and their surviving spouses that are not owing by the Reorganized Debtors because on September 26, 2008, the Debtors received the consent of certain of their labor unions to discontinue Hourly OPEB (the "Hourly OPEB Liabilities" and together with Salaried OPEB Liabilities, the "OPEB Liabilities").

39.     This Court has previously determined that the Debtors' Salaried OPEB was not vested and was provided on an at will basis. See Final Order Under 11 U.S.C. §§ 105, 363 (b)(1), 1108, And 1114 (d) (I) Confirming Reorganized Debtors' Authority to Terminate Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-Retirement Life Insurance Benefits For Certain (a) Salaried Employees And (b) Retirees And Their Surviving Spouses And (II) Amending Scope And Establishing Deadline For Completion Of Retirees' Committee's Responsibilities, dated March 11, 2009 (Docket No. 16448) (the "Final OPEB Termination Order").[5]

40.     The cancellation of a benefit provided on an at will basis does not give rise to a "claim" as defined in section 101(5) of the Bankruptcy Code because the retiree has no "right to payment." See, e.g., In re Ionosphere Clubs, Inc., 134 B.R. 515, 519 n. 4 (Bankr. S.D.N.Y. 1991) (noting that terminating plans which are terminable at will gave rise to no claims whatsoever); In re Wellman, Inc., No. 08-10595, slip op. at 6 (Bankr. S.D.N.Y. Jan. 23, 2009) (sustaining debtors' objection to disallow portion of claims for modified severance benefits that

---

[5]     "The Debtors' Salaried OPEB benefits have not vested and the Debtors have reserved the right to modify or terminate Salaried OPEB benefits." Final OPEB Termination Order at ¶ 2.

exceeded amounts owed under amended severance plan, reasoning that because old severance plan was terminable at will, claims under old severance plan were not enforceable).

41.     Set forth on Exhibit G hereto are the Administrative Claims asserting Pension Liabilities, Benefit Liabilities, and/or OPEB Liabilities (the "Pension, Benefit, And OPEB Claims"), which the Reorganized Debtors have identified as Administrative Claims for which the Reorganized Debtors have no administrative liability. If this Court does not disallow and expunge the Pension, Benefit, And OPEB Claims in full, the Reorganized Debtors expressly reserve all of their rights to further object to such Pension, Benefit, And OPEB Claims at a later date on any basis whatsoever.

42.     Accordingly, the Reorganized Debtors (a) object to the Pension, Benefit, And OPEB Claims and (b) seek entry of an order disallowing and expunging the Pension, Benefit And OPEB Claims in their entirety.

J.     Workers' Compensation Claim

43.     During their review of the Proofs of Administrative Expense, the Reorganized Debtors determined that a certain Administrative Claim was filed by an individual employee of the Debtors for workers' compensation benefits that asserts liabilities that are not owing pursuant to the Reorganized Debtors' books and records (the "Workers' Compensation Claim"). Accordingly, the Reorganized Debtors believe that the individual asserting the Workers' Compensation Claim is not a creditor of the Debtors.

44.     The burden is on the claimant asserting an Administrative Claim to prove by a preponderance of evidence that the allowance of the Administrative Claim is justified. See In re United States Lines. Inc., 103 B.R. at 430; In re National Steel Corp. et al., 316 B.R. at 300; Solow v. American Airlines (In re Midway Airlines), 221 B.R. 411 at 446; In re Alumni Hotel

16

Corp., 203 B.R. 624 at 630. Because the holder of the Workers' Compensation Claims has failed to do this, the Workers' Compensation Claim should be disallowed and expunged.

45.     Set forth on Exhibit H hereto is the Workers' Compensation Claim that the Reorganized Debtors have identified as an Administrative Claim for which the Debtors are not liable and which Claim should be disallowed and expunged. If this Court does not disallow and expunge the Workers' Compensation Claim in full, the Reorganized Debtors expressly reserve all of their rights to further object to the Workers' Compensation Claim at a later date on any basis whatsoever.

46.     Accordingly, the Reorganized Debtors (a) object to the Workers' Compensation Claim and (b) seek entry of an order disallowing and expunging the Workers' Compensation Claim in its entirety.

K.     Transferred Workers' Compensation Claims

47.     During their review of the Proofs of Administrative Expense, the Reorganized Debtors determined that certain Administrative Claims were filed by individual current or former employees for workers' compensation benefits that assert liabilities that have been assumed by the GM Buyers pursuant to the Master Disposition Agreement (the "Transferred Workers' Compensation Claims"). Accordingly, the Reorganized Debtors believe that the individuals asserting Transferred Workers' Compensation Claims are not creditors of the Debtors.

48.     Pursuant to section 2.2.1 and schedule 1.1.A of the Master Disposition Agreement, the GM Buyers assumed, among other things, certain "Assumed Administrative Liabilities" with respect to the assets that the GM Buyers acquired under the Master Disposition Agreement. Such assumed liabilities include, among other things, short-term and long-term workers' compensation claims asserted by employees who become Transferred U.S. Hourly Employees or Transferred U.S. Salaried Employers (as such terms are defined in the Master

17

Disposition Agreement) of the GM Buyers. The GM Buyers – not the Reorganized Debtors – are responsible for the liabilities asserted in the Transferred Workers' Compensation Claims.

49.     Set forth on Exhibit I is a list of the Transferred Workers' Compensation Claims for which the Debtors are not liable and which Claims should be disallowed and expunged. If this Court does not disallow and expunge any of the Transferred Workers' Compensation Claims in full, the Reorganized Debtors expressly reserve all of their rights to further object to such Transferred Workers' Compensation Claims at a later date on any basis whatsoever.

50.     Accordingly, the Reorganized Debtors (a) object to the Transferred Workers' Compensation Claims and (b) seek entry of an order disallowing and expunging the Transferred Workers' Compensation Claims in their entirety.

L.      Modified Severance Claims

51.     During their review of the Proofs of Administrative Expense, the Reorganized Debtors determined that certain Administrative Claims filed against the Debtors assert liabilities or dollar amounts for severance benefits arising from employment agreements with the Debtors in which the amounts asserted in such Administrative Claims (the "Modified Severance Claims") are overstated. The Reorganized Debtors propose to (a) modify and allow each Modified Severance Claim so that the modified and allowed amounts and class and the Debtor against which each such Claim is asserted matches the Reorganized Debtors' books and records (b) distribute the allowed amounts of each Modified Severance Claim pursuant to the terms of the employment agreement giving rise to such Administrative Claim.

52.     The Reorganized Debtors propose to modify and allow the Modified Severance Claims in amounts that are reflected in the Reorganized Debtors' books and records. For each Modified Severance Claim, Exhibit J reflects the amount and Debtor asserted in the

claimant's Proof of Administrative Expense in a column titled "Claim As Docketed"[6] and the proposed allowed amount for the Claim in a column titled "Claim As Allowed."

53.     The Reorganized Debtors object to the amount of each Modified Severance Claim listed on Exhibit J and request that each such Claim be revised to reflect the amount listed in the "Claim As Allowed" column of Exhibit J and be modified and allowed in such amount. Thus, no Claimant listed on Exhibit J would be entitled to recover for any Claim in an amount exceeding the dollar amount listed as the "Allowed Total" for such Claim on Exhibit J.[7]  With respect to each of the Modified Severance Claims, the Reorganized Debtors request that allowance be conditioned upon the entry of an order by this Court providing that all responses filed by Claimants to prior omnibus claims objections with respect to such Modified Severance Claims be deemed overruled.

54.     Accordingly, the Reorganized Debtors (a) object to the amount for each Modified Severance Claim and (b) seek an order modifying and allowing the Modified Severance Claims to reflect the AllowedTotal as set forth on Exhibit J.

M.      Allowed Severance Claims

55.     During their review of the Proofs of Administrative Expense, the Reorganized Debtors determined that certain Administrative Claims filed against the Debtors assert liabilities or dollar amounts for severance benefits arising from employment agreements with the Debtors that should be allowed in their asserted amounts (the "Allowed Severance Claims") because the Reorganized Debtors' books and records matches the asserted amount of each such Administrative Claim. The Reorganized Debtors seek to have each of the Allowed

---

[6]     The Asserted Claim Amount on Exhibit J reflects only asserted liquidated claims.

[7]     For clarity, Exhibit J refers to the Debtor entities by case number and Exhibit L displays the formal name of the Debtor entities and their associated bankruptcy case numbers referenced in Exhibit J.

Severance Claims allowed in the corresponding amount listed on Exhibit K[8] and propose that the

allowed amounts of each such Allowed Severance Claims be distributed pursuant to the terms of

the employment agreement giving rise to such Allowed Severance Claim. With respect to each

of the Allowed Severance Claims, the Reorganized Debtors request that allowance be

conditioned upon the entry of an order by this Court providing that all responses filed by

Claimants to prior omnibus claims objections with respect to such Allowed Severance Claims be

deemed overruled.

56.     The Reorganized Debtors are authorized to seek allowance of each of the

Allowed Severance Claims pursuant to articles 9.6(a) and 11 of the Modified Plan. Accordingly,

the Reorganized Debtors seek entry of an order allowing each of the Asserted Amount Claims at

the corresponding amount listed on Exhibit K.

## Separate Contested Matters

57.     Pursuant to the Claims Objection Procedures Order and the Administrative

Claims Procedures Order, (a) if a response is filed to this Forty-Third Omnibus Claims Objection,

the objection to each Administrative Claim covered by such response will be deemed to constitute

a separate contested matter as contemplated by Bankruptcy Rule 9014 and (b) any order entered

by this Court with respect to an Administrative Claim addressed by this Objection will be deemed

a separate order with respect to each such Administrative Claim.

## Reservation Of Rights

58.     The Reorganized Debtors expressly reserve the right to amend, modify, or

supplement this Forty-Third Omnibus Claims Objection and to file additional objections to any

---

[8]     For clarity, Exhibit K refers to the Debtor entities by case number and Exhibit L displays the formal name of the
Debtor entities and their associated bankruptcy case numbers referenced in Exhibit J.

other Claims (filed or not) which may be asserted against the Reorganized Debtors, including

without limitation the right to object to any Claim not subject to this Objection on the basis that it

was asserted against the wrong Debtor entity. Should one or more of the grounds stated in this

Objection be dismissed, the Reorganized Debtors reserve their rights to object on other stated

grounds or on any other grounds that the Reorganized Debtors may discover. In addition, the

Reorganized Debtors reserve the right to seek further reduction of any Administrative Claim to the

extent that such Administrative Claim has already been paid.

## Responses To Objections

59.     Responses to this Forty-Third Omnibus Claims Objection are governed by

the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection

Procedures Order. The following summarizes the provisions of the Claims Objection Procedures

Order, but is qualified in all respects by the express terms thereof.

N.     Filing And Service Of Responses

60.     To contest an objection, responses (each, a "Response"), if any, to the

Forty-Third Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of

Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and

the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m),

9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case

Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the

"Supplemental Case Management Order"), and the Sixteenth Supplemental Order Under 11 U.S.C.

§§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus

Hearing Dates And Revising Certain Notice Procedures, entered December 11, 2009 (Docket No.

19178) (together with the Supplemental Case Management Order, the "Case Management

Orders"), (c) be filed with this Court in accordance with General Order M-242 (as amended) –

registered users of the this Court's case filing system must file electronically, and all other parties-

in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy

form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge,

United States Bankruptcy Court for the Southern District of New York, The Hon. Charles L.

Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom 116, White Plains,

New York 10601-4140, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy,

Michigan 48098 (Att'n: President) and (ii) counsel to the Reorganized Debtors, Skadden, Arps,

Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm.

Butler, Jr., John K. Lyons, and Joseph N. Wharton), in each case so as to be **received no later**

**than 4:00 p.m. (prevailing Eastern time) on February 18, 2010**.

O.   Contents Of Responses

61.   Every Response to this Forty-Third Omnibus Claims Objection must

contain at a minimum the following:

- (a)   the title of the claims objection to which the Response is directed;

- (b)   the name of the claimant and a brief description of the basis for the amount of the Administrative Claim;

- (c)   a concise statement setting forth the reasons why the Administrative Claim should not be disallowed and expunged, modified and allowed, or allowed, as the case may be, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing the claims objection;

- (d)   unless already set forth in the Proof of Administrative Expense previously filed with this Court, documentation sufficient to establish a prima facie right to payment; provided, however, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that the claimant must disclose to the Reorganized Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise

22

protected and upon which the claimant intends to rely in support of
its Administrative Claim, subject to appropriate confidentiality
constraints;

(e)     to the extent that the Administrative Claim is contingent or fully or
        partially unliquidated, the amount that the claimant believes would
        be the allowable amount of such Administrative Claim upon
        liquidation of the Administrative Claim or occurrence of the
        contingency, as appropriate; and

(f)     the address(es) to which the Reorganized Debtors must return any
        reply to the Response, if different from the address(es) presented in
        the Administrative Claim.

P.      Timely Response Required

        62.     If a Response is properly and timely filed and served in accordance with

the foregoing procedures, the hearing on the relevant Administrative Claims covered by the

Response will be adjourned to a future hearing, the date of which will be determined by the

Reorganized Debtors, by serving notice to the Claimant as provided in the Claims Objection

Procedures Order. With respect to all uncontested objections, the Reorganized Debtors request

that this Court conduct a final hearing on February 25, 2010 at 10:00 a.m. (prevailing Eastern

time). The procedures set forth in the Claims Objection Procedures Order will apply to all

Responses and hearings arising from this Forty-Third Omnibus Claims Objection.

        63.     Pursuant to the Claims Objection Procedures Order and the Administrative

Claims Procedures Order, only those Responses made in writing and timely filed and received will

be considered by this Court. If a claimant whose Proof of Administrative Expense is subject to the

Forty-Third Omnibus Claims Objection and who is served with this Forty-Third Omnibus Claims

Objection fails to file and serve a timely Response in compliance with the foregoing procedures,

the Reorganized Debtors may present to this Court an appropriate order seeking relief with respect

to such Administrative Claim consistent with the relief sought in this Forty-Third Omnibus Claims

Objection without further notice to the claimant, other than notice of the entry of such order;

23

provided further, however, that if the claimant files a timely Response which does not include the required minimum information required by the foregoing procedures, the Reorganized Debtors may seek disallowance and expungement of the relevant Administrative Claim or Claims.

### Further Information

64.     Questions about this Forty-Third Omnibus Claims Objection or requests for additional information about the proposed disposition of Administrative Claims hereunder should be directed to the Reorganized Debtors' counsel by e-mail to dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of a Claim or the filing of a Administrative Claim should be directed to KCC at 1-888-249-2691 or www.dphholdingsdocket.com. Claimants should not contact the Clerk of the Bankruptcy Court to discuss the merits of their Administrative Claims.

### Notice

65.     Notice of this Objection has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Sixteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Revising Certain Notice Procedures, entered December 11, 2009 (Docket No. 19178). In light of the nature of the relief requested, the Reorganized Debtors submit that no other or further notice is necessary.

66.     The Reorganized Debtors will provide each claimant whose Proof of Administrative Expense is subject to an objection pursuant to this Forty-Third Omnibus Claims

Objection with a personalized Notice Of Objection To Claim which specifically identifies the claimant's Proof of Administrative Expense that is subject to an objection and the basis for such objection as well as a copy of the Claims Objection Procedures Order. A form of the Notice Of Objection To Claim to be sent to the Claimants listed on Exhibits A, B, C, D, E, F, G, H, and I is attached hereto as Exhibit N. A form of the Notice Of Objection To Claim to be sent to the Claimants listed on Exhibit J is attached hereto as Exhibit O. A form of the Notice Of Objection To Claim to be sent to the Claimants listed on Exhibit K is attached hereto as Exhibit P. Claimants will receive a copy of this Forty-Third Omnibus Claims Objection without Exhibits A through O hereto. Claimants will nonetheless be able to review Exhibits A through O hereto free of charge by accessing the Reorganized Debtors' Legal Information Website (www.dphholdingsdocket.com). In light of the nature of the relief requested, the Reorganized Debtors submit that no other or further notice is necessary.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter

an order (a) granting the relief requested herein and (b) granting the Reorganized Debtors such

other and further relief as is just.

Dated:   New York, New York
         January 22, 2010

                      SKADDEN, ARPS, SLATE, MEAGHER
                       & FLOM LLP

                      By:   /s/ John Wm. Butler, Jr.
                          John Wm. Butler, Jr.
                          John K. Lyons
                          Ron E. Meisler
                      155 North Wacker Drive
                      Chicago, Illinois 60606

                          - and -

                      By:   /s/ Kayalyn A. Marafioti
                         Kayalyn A. Marafioti
                      Four Times Square
                      New York, New York 10036

                      Attorneys for DPH Holdings Corp., et al.,
                       Reorganized Debtors

Forty-Third Omnibus Claims Objection

In re DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Exhibit M - Claimants And Related Claims Subject To Forty-Third Omnibus Claims Objection

| Claim Holder | Claim | Exhibit |
|---|---|---|
| OMRON DUALTEC AUTOMOTIVE ELECTRONICS INC | 18935 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| ONTARIO SPECIALTY CONTRACTING INC | 9621 | EXHIBIT C - DUPLICATE CLAIMS |
| ONTARIO SPECIALTY CONTRACTING INC | 19873 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| ORACLE USA INC | 18662 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| P & R INDUSTRIES INC | 18899 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| PAMELA A MURDOCK | 19931 | EXHIBIT K - ALLOWED SEVERANCE CLAIMS |
| PARK ENTERPRISES OF ROCHESTER INC | 18715 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| PARKER HANNIFIN CORP | 19078 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| PARTS FINISHING GRP DE MEXICO | 18639 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| PATON M ZIMMERMAN | 17164 | EXHIBIT K - ALLOWED SEVERANCE CLAIMS |
| PATRICIA A SHIVERDECKER | 17433 | EXHIBIT K - ALLOWED SEVERANCE CLAIMS |
| PATRICIA M HILL | 18816 | EXHIBIT K - ALLOWED SEVERANCE CLAIMS |
| PATRICK L BACHELDER | 18264 | EXHIBIT K - ALLOWED SEVERANCE CLAIMS |
| PATRICK L BACHELDER | 19842 | EXHIBIT C - DUPLICATE CLAIMS |
| PAUL D MCCOLLOM | 18168 | EXHIBIT K - ALLOWED SEVERANCE CLAIMS |
| PAUL D MCCOLLOM | 19891 | EXHIBIT C - DUPLICATE CLAIMS |
| PAUL E TALLEY | 17280 | EXHIBIT A - SEVERANCE CLAIMS |
| PAUL F KRAMER | 19893 | EXHIBIT A - SEVERANCE CLAIMS |
| PAUL OLBRYCH | 17500 | EXHIBIT K - ALLOWED SEVERANCE CLAIMS |
| PAUL SMITH | 19904 | EXHIBIT K - ALLOWED SEVERANCE CLAIMS |
| PAULETTE J GRIM | 20000 | EXHIBIT K - ALLOWED SEVERANCE CLAIMS |
| PENNSYLVANIA DEPARTMENT OF REVENUE | 19605 | EXHIBIT E - PRE-PETITION CLAIMS |
| PENNSYLVANIA DEPARTMENT OF REVENUE | 19606 | EXHIBIT E - PRE-PETITION CLAIMS |
| PENNSYLVANIA DEPARTMENT OF REVENUE | 19613 | EXHIBIT E - PRE-PETITION CLAIMS |
| PENNSYLVANIA DEPARTMENT OF REVENUE | 19614 | EXHIBIT E - PRE-PETITION CLAIMS |
| PENTAGON TECHNOLOGIES | 18711 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| PERKINS COIE LLP | 18862 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| PETER D SCHLACHTER | 18290 | EXHIBIT K - ALLOWED SEVERANCE CLAIMS |
| PETER M HOSSENLOPP | 18490 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| PHILIP C WATKINS | 17630 | EXHIBIT K - ALLOWED SEVERANCE CLAIMS |
| PHILIP C WATKINS | 19908 | EXHIBIT C - DUPLICATE CLAIMS |
| PHILLIP CHAPADOS | 16979 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| PHOENIX QUALITY INSPECTIONS INC | 18706 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| PIONEER NORTH AMERICA INC ON BEHALF OF ITS AFFILIATES PIONEER AUTOMOTIVE TECHNOLOGIES INC AND PIONEER SPEAKERS INC | 19090 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| PIONEER NORTH AMERICAN INC ON BEHALF OF ITS AFFILIATES PIONEER AUTOMOTIVE TECHNOLOGIES INC AND PIONEER SPEAKERS INC | 19091 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| PLYMOUTH RUBBER COMPANY LLC | 19617 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| PONTIAC COIL INC | 18974 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| PORTERFIELD HARPER MILLS & MOTLOW PA | 18384 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| PORTERFIELD HARPER MILLS & MOTLOW PA | 18385 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |