UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al. | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

### RESPONSE AND OBJECTION OF ONTARIO SPECIALTY CONTRACTING INC. TO REORGANIZED DEBTORS' FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS (CLAIM NO. 19873)

Ontario Specialty Contracting Inc. ("OSC" or "Claimant"), by and through its counsel, responds to Reorganized Debtors', DPH Holdings, et al. (the "Debtors"), Forty-Third Omnibus Objection to Claims ("Objection"), as it relates to Claim Number 19873, duly filed by Ontario Specialty Contracting Inc. on October 30, 2009 (the "OSC Claim"). For reasons stated herein, OSC respectfully requests that the Objection be overruled and that the OSC Claim be allowed by the Court. In support of its response, OSC respectfully alleges:

### BACKGROUND

1.  On October 30, 2009, OSC duly filed its proof of claim and a supporting rider, which was designated claim number 19873. The claim reflected a total amount due of $288,751.25 in relation to demolition and related services provided to Debtors beginning on or about August 4, 2008 and continuing through May 2009. There has been no claim that the OSC Claim was filed improperly or untimely.

2.  On January 22, 2010, the Debtors filed the Objection, which seeks to disallow and expunge the OSC Claim **without** any specific reason or explanation set forth in the Objection beyond a generic statement of: "Basis for Objection – Books and Records Claims." The OSC Claim is one of thousands of claims that the Debtors seek to disallow and expunge.

1

3.     As set forth in the rider supporting the proof of claim, which is attached hereto as **Exhibit A,** the OSC Claim is appropriate, based upon services provided at the specific request of Delphi Automotive Systems, LLC ("Delphi") and delays, interference and impact costs attributable to Delphi. Delphi has acknowledged the interference and delays attributable to it in writing, but has failed to pay for all costs and damages resulting from such conduct.

4.     More specifically, due to an error within the asbestos disclosure documents provided by Delphi, certain pre-demolition asbestos abatement work on the project went from a quantity of approximately 1,600 s.f. to 15,600 s.f. of asbestos containing materials. In other words, there was almost ten (10) times more asbestos containing materials present than represented by Delphi. Delphi acknowledged this extra asbestos abatement work in writing and agreed to pay OSC at least $42,000.00 for the performance of such work.

5.     In addition, there was also extra pre-demolition utility work required on the project. Delphi has also acknowledged this extra utility work in writing and agreed to pay OSC at least $7,315.00 for the performance of such work.

6.     However, Delphi is additionally liable for the delays, interference and impact costs resulting from this extra work. As a result of the extra asbestos and utility work, and the time it took Delphi to address and respond to said issues, OSC's progress on the project was delayed, interfered with, and impacted. As a result of the extra asbestos and utility work, and the time it took Delphi to address and respond to said issues, OSC was delayed in its ability to sell and remove the scrap metals from the project site to fund the project work.

7.     During the period of Delphi's delays and interference, the scrap metal market

took an unprecedented and unanticipated decline from approximately $460/ton at the start of the project to a low of approximately $80/ton. Attached hereto as **Exhibit B** is a copy of the AMM Pricing Report for the relevant scrap metal market during the relevant time frame.

8.   On account of the extra work directed by Delphi, interference and delays, at least $424,708 in Project funding was lost and not paid to OSC.

9.   As detailed at length in the supporting rider (Exhibit A), the Delphi Purchase Order to OSC specifically provided for an equitable adjustment in price resulting from changes attributable to Delphi. (Exhibit A (Sub-Ex. B)). Moreover, the Purchase Order does not contain a no-damages-for-delay clause. In breach of the Purchase Order, Delphi failed and refused to equitably adjust the contract price between the parties. Although it has been acknowledged that additional pre-demolition work was directed by Delphi, it refused make adjustment to the contract price to account for the impact of such extra work, delays and interference.

10.   Delphi breached its contract with OSC. Under the terms of the contract, Delphi is liable to and obligated to pay OSC an amount not less than $288,751.25, plus interest. Alternatively, as detailed in the supporting rider (Exhibit A), Delphi is liable to OSC in quantum Meruit.

## ARGUMENTS

11.   Under Federal Rules of Bankruptcy Procedure 3001(f), OSC's timely filed claim and supporting documentation constitutes prima facie evidence of the validity and amount of the OSC Claim. 11 U.S.C.S. §502; In re DJK Residential LLC, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009); In re Alper Holdings USA, 2008 Bankr. LEXIS 86, at *9 (Bankr. S.D.N.Y. Jan. 15, 2008). To prevail and subsequently shift the burden back to the claimant, the objector must affirmatively produce evidence equal in force to the prima facie case to counter the creditor's

3

claim. In re DJK Residential LLC, 416 B.R. at 104; Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.), 1999 U.S. Dist. LEXIS 3974, at *10 (S.D.N.Y. Mar. 31, 1999). Such evidence must be sufficient to demonstrate a true dispute and must have probative force equal to the contents of the claim. In re Koloch, 416 B.R. 375, 378 (Bankr. S.D.N.Y. 2009). The mere assertion of a vague general objection, such as the Objection, does not meet the Debtors' burden of producing "substantial evidence" to overcome the presumption of validity attaching to the OSC Claim. Juniper Development Group v. Kahn (in re Hemingway Transport, Inc.), 993 F.2d 915, 924 (1st Cir.), cert. denied, 510 U.S. 514 (1993); In re Enron Recovery Corp., 2007 Bankr LEXIS 2969, at *10 (Bankr. S.D.N.Y. Aug. 28, 2007). The burden of producing evidence rebutting the claim only shifts to claimant after the objectant has produced facts sufficient to demonstrate that an actual dispute exists as to the claim. In re Federes, 98 B.R. 165, 167 (Bankr. WDNY 1989). The allegations in an objection to a proof of claim must be sufficiently explicit to indicate to the claimant the nature and character of the objection. The Debtors have not met their burden in this Objection.

12. The Debtors have filed a generic Objection seeking to disallow and expunge the OSC Claim. However, the Debtors have failed to meet their burden of producing evidence to warrant the drastic relief sought in respect of the OSC Claim. Although the Debtors' Notice of Objection states a non-specific "Books and Records" objection, OSC's Claim has not been paid and satisfied in the ordinary course of business.

13. Clearly, OSC has met its burden of providing sufficient evidence to support the OSC Claim, as set forth in the detailed proof of claim filed with the Court. On the other hand, the Debtors have provided no evidence rebutting the OSC Claim. Absent a factual basis for its objection to the OSC Claim, this Objection cannot be sustained. "To be proper, an objection to a

4

proof of claim must allege facts which, if accepted as true, would trigger one of the statutory reasons for disallowing a claim. If it does not, the objection should not be sustained." In re Taylor, 289 B.R. 379, 384 (Bankr. N.D. Ind. 2003).

14. Based upon the Debtors failure to provide evidence sufficient to rebut the OSC Claim and based upon the evidence provided by OSC in support of its claim, it is respectfully requested that the Objection, as it pertains to the OSC Claim, Claim Number 19873, be overruled and that the OSC Claim be allowed in its entirety.

15. Any responsive pleadings or discovery requests should be served upon the below listed counsel at the address provided.

16. The individual with the ultimate authority to negotiate and resolve the OSC Claim is: John E. Jureller, Jr., Esq., Klestadt & Winters, LLP, 292 Madison Avenue, 17th Floor, New York, New York 10017.

## **CONCLUSION**

**WHEREFORE,** as set forth herein, OSC respectfully requests that the Court (i) deny and overrule the Objection as to the OSC Claim, Claim Number 19873, (ii) allow Claim Number 19873, and (iii) grant such other and further relief as it deems just and proper.

Dated: February 16, 2010

        KLESTADT & WINTERS, LLP

        By: */s/ John E. Jureller, Jr.*
        John E. Jureller, Jr.
        292 Madison Avenue, 17th Floor
        New York, New York 10017
        (212) 972-3000

        Attorneys for ***Ontario Specialty Contracting Inc.***