Hearing Date and Time:  May 24, 2012 at 10:00 a.m. (prevailing Eastern time)
Supplemental Response Date and Time:  May 22, 2012 at 4:00 p.m. (prevailing Eastern time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
     In re                             :   Chapter 11
                                                :
DPH HOLDINGS CORP., et al.,      :   Case Number 05-44481 (RDD)
                                               :
                                               :   (Jointly Administered)
                    Reorganized Debtors.    :
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES OF
CLAIMANTS TO DEBTORS' OBJECTIONS TO PROOFS OF CLAIM NOS. 15514, 15525, AND
<u>15526 FILED BY JOHNSON CONTROLS, INC. AND AFFILIATES</u>

("SUPPLEMENTAL REPLY REGARDING
JCI'S CONTINGENT BREACH OF CONTRACT CLAIMS")

DPH Holdings Corp. ("DPH Holdings") and its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Claimants To Debtors' Objections To Proofs Of Claim Nos. 15514, 15525, And 15526 Filed By Johnson Controls, Inc. And Affiliates (the "Supplemental Reply"), and respectfully represent as follows:

A.    Background

1.    On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.    On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively.

3.    On April 26, 2012, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Numbers 15514, 15525, And 15526 (Docket No. 21872) (the "Sufficiency Hearing Notice").

4.    The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides

2

that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests …."  Modified Plan, art. 9.6(a).

5. By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Eighteenth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered January 20, 2012 (Docket No. 21815), the Reorganized Debtors scheduled a sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of each proof of claim filed by the claimants listed on the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

6. This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **May 22, 2012.**</u>

B.    <u>Relief Requested</u>

7. By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging certain proofs of claim filed by Johnson Controls, Inc. and

3

certain of its affiliates (collectively "JCI") asserting contingent claims for potential breaches of contracts with the Debtors. The Reorganized Debtors also seek to disallow the unliquidated portion of proof of claim number 15525 that asserts contingent claims for potential breaches of contracts with the Debtors.

C.   Contingent Breach Of Contract Claims

8.   During their review of the proofs of claim filed in these cases, the Debtors determined that certain proofs of claim filed by JCI assert a breach of contract claim that is not owing pursuant to the Reorganized Debtors' books and records. The Reorganized Debtors believe that JCI is not a creditor of the Debtors with respect to the contingent breaches of contract asserted in these proofs of claim. Accordingly, this Court should enter an order (i) disallowing and expunging each of proofs of claim numbers 15514 and 15526 in its entirety and (ii) allowing proof of claim number 15525 as a general unsecured claim in the amount of $85,668.20 against DPH-DAS LLC.

9.   The Contingent Breach of Contract Claims Asserted Against The Debtors. On July 31, 2006, Johnson Controls Battery Group, Inc. ("JCBGI") filed proof of claim number 15514 against Delphi, a Debtor in these cases, asserting a secured claim in an unliquidated amount based on (a) an existing or future breach of the Interim Trademark License Agreement dated June 30, 2005 or any related contract and (b) an action pending in Madison County Circuit Court, Madison County, Indiana (the "Madison County Litigation")[1] ("Claim 15514").

10.  On July 31, 2006, Johnson Controls, Inc. - Battery Group ("JCI Battery," and together with JCBGI, the "Claimants") filed proof of claim number 15525 against Delphi

---

[1] Attached hereto as Exhibit A is the Events And Orders Of The Court, showing that the Madison County Litigation was transferred from Case No. 48C01-0603PL-00297 to Case No. 48D03-0607-PL-00672 on July 21, 2006.

4

Automotive Systems LLC ("DAS LLC"), a Debtor in these cases, asserting a secured claim in an unliquidated amount based on existing or future breach of (a) a Transfer Services Agreement dated June 30, 2005, (b) a New Brunswick Put and Call Agreement dated June 30, 2005, and (c) a Component Supply Agreement dated July 1, 2005 ("Claim 15525").

11. On July 31, 2006, JCI Battery filed proof of claim number 15526 against Delphi asserting a secured claim in an unliquidated amount based on (a) an existing or future breach of a Master Sale and Purchase Agreement dated June 30, 2005, (b) an existing or future breach of an Environmental Matters Agreement entered on or about July 1, 2005, and (c) being a codefendant in the Madison County Litigation ("Claim 15526," and together with Claim 15514 and Claim 15525, the "Claims").

12. <u>The Debtors' Objections To The Claims</u>.  On May 22, 2007, the Debtors filed the Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 7999) (the "Fifteenth Omnibus Claims Objection"), by which the Debtors objected to the Claims based on the fact that such amounts were not owing pursuant to the Debtors' books and records or such amounts were subject to modification.

13. <u>JCI's Responses To The Debtors' Objections</u>.  On June 19, 2007, JCI filed its response to the Fifteenth Omnibus Claims Objection (Docket No. 8337), in which it asserts that (a) the Debtors could breach, or may have breached, the agreements underlying Claim 15514,

5

(b) such breaches would give rise to claims by JCBGI, and (c) JCBGI reserved any right to amend Claim 15514 to seek additional amounts from the Debtors (the "Claim 15514 Response").

14. On June 19, 2007, JCI filed its response to the Fifteenth Omnibus Claims Objection (Docket No. 8339), in which it asserts that (a) the Debtors could breach, or may have breached, the agreements underlying Claim 15525, (b) that such breaches would give rise to claims by JCI, (c) Claim 15525 was subject to setoff, and (d) JCI reserved any right to amend Claim 15525 to seek additional amounts from the Debtors (the "Claim 15525 Response").

15. On June 19, 2007, JCI filed its response to the Fifteenth Omnibus Claims Objection (Docket No. 8340), in which it asserts that (a) the Debtors could breach, or may have breached, the agreements underlying Claim 15526, (b) that such breaches would give rise to claims by JCI, and (c) JCI reserved any right to amend Claim 15526 to seek additional amounts from the Debtors (the "Claim 15526 Response," and together with the Claim 15514 Response and the Claim 15525 Response, the "Responses").

16. The Sufficiency Hearing Notice. Pursuant to the Claims Objection Procedures Order, the hearing on the Debtors' objection to the Contingent Breach of Contract Claims was adjourned to a future date. On April 26, 2012, the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to the Contingent Breach of Contract Claims scheduling the Sufficiency Hearing.

D.  Claimants' Burden Of Proof And Standard For Sufficiency Of Claim

17. The Reorganized Debtors respectfully submit that the Claims fail to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the

6

"Bankruptcy Rules").² Pursuant to Bankruptcy Rule 7012, a claimant must provide facts that plausibly support a claim upon which relief can be granted. The Claimants have not proven any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors. Accordingly, the Debtors' objections to each Claim should be sustained with respect to each such proof of claim and (i) Claim 15514 and Claim 15526 should each be disallowed and expunged in its entirety and (ii) Claim 15525 should be allowed as a general unsecured claim in the amount of $85,668.20 against DPH-DAS LLC.

18.   The burden of proof to establish a claim against the Debtors rests on the claimant and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f). See, e.g., In re Spiegel, Inc., Nos. 03-11540, 06-CV-13477, 2007 WL 2456626, at *15 n.6 (S.D.N.Y. Aug. 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); see also In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111, 113 (D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing

---

² In the Responses, JCI attempts to reserve the right to amend the Claims and assert additional amounts owed by the Debtors. However, pursuant to section 9.6(d) of the Modified Plan, "Any claim (whether a newly filed Claim or an amendment to a previously filed Claim) filed after the later of (i) the Effective Date, (ii) with respect to Claims for rejection damages, the bar date established pursuant to Article 8.3 of this Plan for the filing of such claims, (iii) with respect to Claims that are Administrative Claims, the bar date established pursuant to Articles 10.2 and 10.5 of this Plan, or (iv) with respect to Claims that are Prepetition Employee Related Obligations, the bar date established pursuant to Article 7.12(b) of this Plan, shall not be recognized, or recorded on the claims register, by the Claims Agent and shall be disallowed automatically without the need for any objection from the Debtors or the Reorganized Debtors unless such untimely filing is expressly authorized by an order of the Bankruptcy Court." Accordingly, should the JCI seek to amend the Claims such amendment would not be recognized or recorded on the claims register, as the time for such amendments has passed.

facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to make a prima facie case).

19.     For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014. See H'rg Tr. 52:24-53:1, Jan. 12, 2007 (Docket No. 7118). Pursuant to that standard, a motion to dismiss should be granted if a claimant fails to make "'[f]actual allegations . . . enough to raise a right to relief above the speculative level [to a plausible level],' assuming (of course) that all the allegations in the complaint are true." Bradley v. Rell, 703 F. Supp. 2d 109, 115 (N.D.N.Y. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Essentially, a claimant must provide facts that plausibly support a legal liability against the Debtors.

20.     This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "[a] proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Bankruptcy Rule 3001(a) requires that the "proof of claim shall conform substantially to the appropriate Official Form" and Bankruptcy Rule 3001(c) requires that "[w]hen a claim . . . is based on a writing, the original or a duplicate shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(a), (c). See H'rg Tr. 52:17-22, Jan. 12, 2007 (Docket No. 7118).

E.   Argument Regarding The Claims.

21.   Madison County Litigation. JCI asserts that amounts may be owing in connection with the Madison County Litigation with respect to Claim 15514 and Claim 15526. However, the Madison County Litigation has been resolved and the case was dismissed as to the Claimants and the Debtors. Attached hereto as Exhibit B is the Order Granting Worldwide's Motion To Dismiss JCI and JCBG, entered May 7, 2007, and attached hereto as Exhibit C is the Notice Of Dismissal Of Delphi Corporation, entered March 17, 2006. Accordingly, the Claimant can not show that any amounts are owed by the Debtors on account of the Madison County Litigation.

22.   JCI Has Not Asserted That The Debtors Have Breached The Underlying Agreements. To the Reorganized Debtors' knowledge, no breach of contract has occurred that would trigger a claim under the contracts upon which the Claims are based. JCI, in its proofs of claim and the Responses to the Debtors' objections to the Claims, has not proven any set of facts that support a right to payment from the Reorganized Debtors.[3] Accordingly, the Reorganized Debtors assert that (a) the JCI has not met its burden of proof to establish a claim against the Debtors, (b) the Claims are not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) the Claims fail to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012. Because JCI cannot provide facts or law supporting their contingent breach of contract claims, the Fifteenth Omnibus Claims Objection should be

---

[3]   In the Claim 15525 Response, JCI asserts that the liquidated portion of Claim 15525 should be treated as a secured claim pursuant to alleged prepetition setoff rights. Similar to the contingent breach of contract claims asserted in Claim 15514 and Claim 15526, JCI also asserts "potential claims for breach of contract" with respect to Claim 15525 (Claim 15525 Response ¶ 3). JCI has not alleged that the Debtors breached the underlying agreements with respect to Claim 15525; therefore, the contingent breach of contract portion of Claim 15525 should be disallowed. To the extent that the JCI argues that amounts related to Claim 15525 are secured, it has not proved any set of facts that support the contention that such amounts are secured.

9

sustained as to the Claims and (i) Claim 15514 and Claim 15526 should each be disallowed and expunged in its entirety and (ii) Claim 15525 should be allowed as a general unsecured claim in the amount of $85,668.20 against DPH-DAS LLC.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objections with respect to the Claims, (b) disallowing and expunging each of Claim 15514 and Claim 15526 in its entirety, (c) allowing Claim 15525 as a general unsecured claim in the amount of $85,668.20 against DPH-DAS LLC, and (d) granting such further and other relief this Court deems just and proper.

Dated:  New York, New York
        May 14, 2012

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP

By:  /s/ John K. Lyons
     John Wm. Butler, Jr.
     John K. Lyons
     Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

# Exhibit A

Logout My Account Search Menu New Civil Search Refine Search Back                                    Location : Madison County    Help

# Chronological Case Summary
### Case No. 48D03-0607-PL-000672

**Worldwide Battery Co vs. Dennis McDaniel**    §
§
§
§
§

Case Type: **PL - Civil Plenary**
Date Filed: **07/20/2006**
Location: **Madison Circuit Court 3**

---

**Party Information**

| | | Attorneys |
|---|---|---|
| **Defendant** | **Delphi Corp** <br> 5724 Delphi Dr <br> Troy, MI 48098 | |
| **Defendant** | **Intrastate Battery Franchising & Dev** <br> 12770 Merit Dr <br> Dallas, TX 75251 | |
| **Defendant** | **Johnson Controls** <br> 5757 N Green Bay Av <br> Milwaukee, WI 53209 | **Donald G Orzeske** <br> *Retained* <br> 50 E 91st ST <br> STE 104 <br> Indianapolis, IN 46240 <br><br> 317-846-4000(W) |
| **Defendant** | **Johnson Controls Battery Group** <br> Po Box 591 <br> Milwaukee, WI 53209 | |
| **Defendant** | **Larsh, Larry** <br> 1 E Main St <br> Richmond, IN 47374 | **John C Trimble** <br> *Retained* <br> 501 Indiana Ave. <br> Suite 200 <br> Indianapolis, IN 46202-3196 <br><br> 317-237-0500(W) |
| **Defendant** | **McDaniel, Dennis** <br> 6348 E 21St St <br> Indianapolis, IN 46219 | |
| **Plaintiff** | **Worldwide Battery Co** | **Christopher Scott Roberge** <br> *Retained* <br> 9190 PRIORITY WAY WEST <br> DRIVE SUITE 100 <br> INDIANAPOLIS, IN 46240 <br><br> 317-818-5500(W) |

**Events & Orders of the Court**

| 07/20/2006 | **Converted Event** |
|---|---|
| | *Activity: Complaint CIVIL PLENARY MinuteType: COMP* |
| 07/20/2006 | **Converted Event** |
| | *Activity: TransferIn CASE TRANSFERRED FROM 48C01-0603-PL-00297 MinuteType: TI* |

| Date | Event | |
|---|---|---|
| 07/20/2006 | **Converted Event** | |
| | *Activity: Entry Dock ED 38/457 MinuteType: ED* | |
| | Vol./Book 38, Page 457 | |
| 07/21/2006 | **Converted Event** | |
| | *Activity: TransferIn Transferred in from 48C01-0603-PL-297. MinuteType: TI* | |
| 07/28/2006 | **Converted Event** | |
| | *Activity: Other 7/27/06 Petition for Admission Pro Hac Vice and Order filed. MinuteType: OT* | |
| 07/28/2006 | **Converted Event** | |
| | *Activity: Order Order Granting Motion for Admission Pro Hac Vice issued as per written Order. HONORABLE THOMAS NEWMAN, JR. (Order: Court file/RJO/ Roberge/Orzeske/Hardacre/Riegner/Trimble). MinuteType: ORD* | |
| 08/11/2006 | **Converted Event** | |
| | *Activity: Other 8/10/06 Defendant Larry Larsh's Answer to Plaintiff's First Amended Complaint filed. MinuteType: OT* | |
| 10/30/2006 | **Converted Event** | |
| | *Activity: Other 10/22/06 Stipulated Protective Order filed for approval. MinuteType: OT* | |
| 10/31/2006 | **Converted Event** | |
| | *Activity: PO 10/30/06 - Parties stipulated protective order approved and issued as per written order. THOMAS NEWMAN, JR. JUDGE. MinuteType: PO* | |
| 01/08/2007 | **Converted Event** | |
| | *Activity: Petition Petition of Stephen R. Hardacre for admission of Eric Levasseur Pro Hac Vice filed. MinuteType: PT* | |
| 01/10/2007 | **Converted Event** | |
| | *Activity: Order Order Granting Motion for Admission Pro Hac Vice issued as per written Order. HONORABLE THOMAS NEWMAN, JR. (ORDER: Roberge/Orzeske/ Hardacre/Riegner/Trimble) MinuteType: ORD* | |
| 02/27/2007 | **Converted Event** | |
| | *Activity: Motions 2/22/07 - Plaintiff's consented motion for enlargement of time to serve discovery responses submitted but returned due to non compliance with local rules. MinuteType: MOT* | |
| 03/06/2007 | **Converted Event** | |
| | *Activity: Motions 3/2/07 - Plaintiff's second consented motion for enlargment of time to serve discovery responses filed. MinuteType: MOT* | |
| 03/07/2007 | **Converted Event** | |
| | *Activity: Order Order Granting Worldwide's Second Consented Motion for Enlargement of Time to Serve Discovery Responses issued as per written Order. It is therefore ORDERED that WorldWide is granted an extension of time to and including March 5, 2007, to serve its responses to JCI's first set of Interrogatories and requests for admission. HONORABLE THOMAS NEWMAN, JR. (Order: Roberge/Remington/Hulse/Trimble/Orzeske) MinuteType: ORD* | |
| | Vol./Book 38, Page 457 | |
| 03/09/2007 | **Converted Event** | |
| | *Activity: Motions 3/5/07 - Plaintiff's consented motion for additional enlargement of time to serve discovery responses filed. MinuteType: MOT* | |
| 03/12/2007 | **Converted Event** | |
| | *Activity: Order 3/9/07 Order Granting Worldwide's Consented Motion for Additional Enlargement of Time to Serve Discovery Responses issued as per written Order. It is therefore ORDERED that WorldWide is granted an extension of time to and including March 9, 2007, to serve its responses to JCI's first set of interrogatories and requests for admission. HONORABLE THOMAS NEWMAN, JR. (Order: Roberge/Remington/ Hulse/Trimble/Orzeske) MinuteType: ORD* | |
| 05/07/2007 | **Converted Event** | |
| | *Activity: Motions 5/1/07 Worldwide's Motion to Dismiss JCI & JCMB and Order filed. MinuteType: MOT* | |
| 05/09/2007 | **Converted Event** | |
| | *Activity: Order 5/7/07 Order Granting Worldwide's Motion to Dismiss JCI & JCBG (Johnson Controls, Inc. and Johnson Controls Battery Group, Inc.) issued as per written Order. It is therefore Ordered, Adjudged and Decreed that JCI and JCBG are dismissed from this action, with prejudice. HONORABLE THOMAS NEWMAN, JR. (order: Roberge/Brauer/Hulse/ Riegner/Trimble/Orzezke) MinuteType: ORD* | |
| 07/20/2007 | **Converted Event** | |
| | *Activity: Dismissed Stipulated order of dismissal issued as per written order. It being agreed that this action should be dismissed, with prejudice, each party to bear its own fees and costs. Recommended for approval, Stephen D. Clase, Magistate. So approved, Honorable Thomas Newman, Jr. (Order: Roberge/Brauer/Hulse/Riegner/Trimble/Orzeske) (Notice/CCS: Clerk) MinuteType: DDI Notice: B* | |

**Please note that any Balance Due does not reflect interest that has accrued since the last payment.**

# Exhibit B

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MADISON SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MADISON | ) | CAUSE NO.: 48D03-0607-PL-672 |

WORLDWIDE BATTERY COMPANY, LLC )
)
    Plaintiff, )
)
vs. )
)
JOHNSON CONTROLS, INC., JOHNSON )
CONTROLS BATTERY GROUP, INC., )
INTERSTATE BATTERY FRANCHISING )
& DEVELOPMENT, INC., DENNIS )
MCDANIEL and LARRY LARSH, )
)
    Defendants. )

## ORDER GRANTING WORLDWIDE'S MOTION TO DISMISS JCI & JCBG
### (Johnson Controls, Inc., and Johnson Controls Battery Group, Inc.)

Pursuant to Trial Rule 41(A)(2) of the Indiana Rules of Trial Procedure, the plaintiff, WorldWide Battery Company, LLC ("WorldWide"), having filed its motion to dismiss JCI & JCBG, and the Court having reviewed the motion and being duly advised in the premises, the Court now GRANTS the motion, it appearing to the Court that the motion is made for good cause.

**It is therefore ORDERED, ADJUDGED, and DECREED that JCI and JCBG are dismissed from this action, with prejudice.**

Date: _5/7/07_

                                        Judge Thomas Newman, Jr.
                                        Madison Superior Court

Prepared by: Elizabeth A. Roberge, attorney for WorldWide Battery Company, LLC

# Exhibit C

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MADISON COUNTY CIRCUIT COURT |
| COUNTY OF MADISON | ) SS: | |
| | ) | CAUSE NO.: 48C01-0603-PL-00297 (struck through) |
| WORLDWIDE BATTERY COMPANY, LLC, | ) | 48D03-0607-PL-00672 |
| Plaintiff, | ) | |
| vs. | ) | |
| JOHNSON CONTROLS, INC., JOHNSON CONTROLS BATTERY GROUP, INC., DELPHI CORPORATION, INTERSTATE BATTERY FRANCHISING & DEVELOPMENT, INC., DENNIS MCDANIEL and LARRY LARSH, | ) | FILED IN MADISON COUNTY CIRCUIT COURT<br>MAR 17 2006<br>3-21-06<br>Judy Watkins |
| Defendants. | ) | |

## NOTICE OF DISMISSAL OF DELPHI CORPORATION
*(Without Prejudice)*

Pursuant to Trial Rule 41(A)(1)(a) of the Indiana Rules of Trial Procedure, the plaintiff, WorldWide Battery Company, LLC ("WorldWide"), respectfully submits this notice of dismissal of defendant Delphi Corporation, without prejudice.

Respectfully submitted,

ROBERGE & ROBERGE

By: _____
Christopher S. Roberge (#6413-98)
Attorneys for Plaintiff

Christopher S. Roberge (#6413-98)
Elizabeth A. Roberge (#17139-49)
Eliza K. Bradley (#22284-20)
ROBERGE & ROBERGE
9190 Priority Way West Dr., Suite 100
Indianapolis, Indiana 46240
(317) 818-5500
(317) 818-5510 – facsimile