**Hearing Date:  July 26, 2012**
                                      **Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

      - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
      In re                             :       Chapter 11
                                            :
DPH HOLDINGS CORP., et al.,      :       Case No. 05-44481 (RDD)
                                            :
              Reorganized Debtors.  :       (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

               REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
           WITH RESPECT TO (I) PROOF OF CLAIM NUMBER 15523 AND
     (II) PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 18528
              <u>(JOHNSON CONTROL, INC. AND CERTAIN AFFILIATES)</u>

                    ("STATEMENT OF DISPUTED ISSUES –
        JOHNSON CONTROL, INC. AND CERTAIN AFFILIATES")

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To (I) Proof Of Claim Number 15523 And (II) Proof Of Administrative Expense Claim Number 18528 (the "Statement Of Disputed Issues") filed by Johnson Control, Inc. And Certain Affiliates (collectively, "JCI" or the "Claimants") and respectfully represent as follows:

Background

1.     On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its affiliates, including Delphi Automotive Systems, LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2.     On July 31, 2006, Johnson Controls Inc. – Automotive Group ("JCI Automotive") filed proof of claim number 15523 against DAS LLC asserting (a) a general unsecured claim in the amount of $1,305.00[1] and (b) a secured claim in an unliquidated amount for "existing breach or future breach" of certain agreements and/or related agreements for goods sold by the Debtors to JCI Automotive ("Claim 15523").

3.     On May 22, 2007, the Debtors objected to Claim 15523 pursuant to Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And

---

[1]   The general unsecured portion of Claim 15523 matches the amount listed on schedule number 10399078 of the Debtors' schedules and liabilities.

2

(D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 7999) (the "Fifteenth Omnibus Claims Objection").

4. On June 19, 2007, JCI Automotive filed its response to the Fifteenth Omnibus Objection (Docket No. 8338) (the "Claim 15523 Response").

5. On July 14, 2009, Johnson Controls Inc., Automotive Experience Division And Affiliates ("JCI Experience") filed proof of administrative expense claim number 18528 ("Claim 18528," and together with Claim 15523, the "Claims") against Delphi. Claim 18528 asserts an administrative claim in the amount of $110,189.59 based on goods sold by JCI Experience to the Debtors.

6. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

7. On January 22, 2010, the Reorganized Debtors objected to Claim 18528 pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity

3

Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection").

8. On February 17, 2010, JCI Experience filed its response to the Forty-Third Omnibus Objection and reduced the amounts claimed to be owed in connection with Claim 18528 from $110,189.59 to $51,794.95 (Docket No. 19843) (the "Claim 18528 Response").

9. On May 22, 2012, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To (I) Debtors' Objections To Proof Of Claim Number 15523 And (II) Reorganized Debtors' Objections To Proof Of Administrative Expense Claim Number 18528 (Docket No. 21887), scheduling an evidentiary hearing on the merits of the Claim for July 26, 2012, at 10:00 a.m. (prevailing Eastern time) in this Court.

Disputed Issues

A. The Reorganized Debtors Do Not Owe Certain Amounts Asserted In Claim 15523

10. The Reorganized Debtors have reviewed the information attached to Claim 15523 and the Claim 15523 Response and dispute that certain amounts asserted in Claim 15523 are owed by the Reorganized Debtors. Instead, the Reorganized Debtors assert that Claim 15523 should be allowed as a general unsecured non-priority claim in the amount of $1,305.00 against DPH-DAS LLC in accordance with the terms of the Modified Plan.

11. The Parties Agree On The General Unsecured Portion Of Claim 15523. As JCI asserted in the Claim 15523 Response, the parties agree that the general unsecured portion of Claim 15523 should be allowed in the amount of $1,305.00 and should be treated as

4

an allowed general unsecured non-priority claim against DPH-DAS LLC in accordance with the terms of the Modified Plan.

12. <u>JCI Has Not Asserted That The Debtors Have Breached The Underlying Agreements Related To Claim 15523</u>.  To the Reorganized Debtors' knowledge, no breach of contract has occurred that would trigger a claim under the contracts upon which the contingent secured portion of Claim 15523 is based.  JCI, in Claim 15523 and the Claim 15523 Response to the Debtors' objection to Claim 15523, has not asserted any set of facts that support a right to payment from the Reorganized Debtors. Accordingly, the Reorganized Debtors believe that (a) JCI has not met its burden of proof to establish a claim against the Reorganized Debtors, (b) Claim 15523 is not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f), and (c) Claim 15523 fails to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012.  Because JCI cannot provide facts or law supporting the contingent breach of contract portion of Claim 15523, the Fifteenth Omnibus Claims Objection should be sustained as to Claim 15523, which should be allowed as a general unsecured claim in the amount of $1,305.00 against DPH-DAS LLC.

B.    <u>The Reorganized Debtors Do Not Owe Any Amounts Asserted In Claim 18528</u>

13.    The Reorganized Debtors have reviewed the information attached to Claim 18528 and the Claim 18528 Response and dispute the amounts asserted in Claim 18528 are owed by the Reorganized Debtors.  Instead, the Reorganized Debtors assert that Claim 18528 should be allowed and expunged in its entirety.

5

14. <u>Certain Invoices Have Been Paid</u>.  Based upon the Reorganized Debtors' various accounts payable records, certain invoices reflected in Claim 18528 have been paid[2] in full or in part.  Therefore, $58,394.64 should be subtracted from the amount claimed.

15. <u>Proofs Of Delivery Not Provided</u>.  After reducing the Claims by the amounts set forth above, the remaining $51,794.95 relates to amounts owed based on the sale of goods for which the Claimant did not provide proofs of delivery.  Delphi's General Terms And Conditions governing dealings with its suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs."  <u>See</u> General Terms And Conditions, § 2.1.  Because the Claimant has not provided these proofs of delivery, and the Reorganized Debtors have no record of receiving certain goods associated with Claim 18528, the remaining $51,794.95 should be disallowed.

---

[2] JCI appears to agree that certain invoices have been paid and the amounts claimed to be owed in connection with Claim 18528 from $110,189.59 to $51,794.95. (Claim 18528 Response ¶ 3.)

16.     After taking into account the above-referenced deductions to Claim 18528, the Reorganized Debtors reconciled the Claim 18528 as illustrated in the following chart:

| <u>Claimant's Asserted Amount</u> | | $110,189.59 |
|---|---|---|
| <u>Modifications</u> | Paid Invoices | $58,394.64 |
| | Invoices Without Proof of Delivery | $51,794.95 |
| <u>Reconciled Amount</u> | | $0.00 |

Moreover, the Reorganized Debtors' books and records for this vendor reflect a zero balance. Accordingly, the Claim should be disallowed and expunged in its entirety.

<u>Reservation Of Rights</u>

17.     This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order") and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claims and (b) the

Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claims.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) allowing Claim 15523 in the amount of $1,305.00 as a general unsecured non-priority claim against DPH-DAS LLC, (b) disallowing and expunging Claim 18528 in its entirety, and (c) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
      May 30, 2012

                      SKADDEN, ARPS, SLATE, MEAGHER
                         & FLOM LLP

By: /s/ John K. Lyons
     John Wm. Butler, Jr.
     John K. Lyons
     Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

– and –

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors