VARNUM LLP
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
Mary Kay Shaver
Bryan R. Walters (admitted *pro hac vice*)
Tel.: (616) 336-6000

*Attorneys for Summit Polymers, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
─────────────────────────────────── x

| | |
|---|---|
| In re: | Case No. 05-44481-rdd |
| | Chapter 11 |
| DPH HOLDINGS CORP., et al., | (Jointly Administered) |
| Debtors. | |

─────────────────────────────────── x

| | |
|---|---|
| DELPHI CORPORATION, et al., | Adv. Proc. No. 07-02661-rdd |
| Plaintiff, | |
| v. | |
| SUMMIT POLYMERS INC., | |
| Defendant. | |

─────────────────────────────────── x

**<u>SUMMIT POLYMERS INC.' RULE 15/RULE 4(m) DECLARATION</u>**

Pursuant to this Court's February 15, 2012, Adversary Proceedings Procedures Order [Dkt. #21833], each of the "Rule 15/Rule 4(m) Defendants" is required to serve a declaration "with respect to the extent of any claimed prejudice suffered by the Rule 15/Rule 4(m) Defendant or any unique Rule 15 issue that has not previously been ruled on by the Court to the extent that such Rule 15/Rule 4(m) Defendants seek to raise such issue in opposition to the Motion to Amend" [Dkt. #20575]. In accordance with the February 15, 2012, Order, Summit Polymers Inc. ("Summit"), through its counsel, declares as follows:

1. The Reorganized Debtors' Motion to Amend should be denied as futile with regard to the $674,538.78 in alleged transfers that were not made by Plaintiff, Delphi Automotive Systems LLC ("DAS"), and were instead made by Delphi Mechatronic Systems ("Mechatronic"). Mechatronic is not a plaintiff to this adversary proceeding.

2. The Reorganized Debtors' Motion to Amend should be denied as futile with respect to the $787,803.69 in alleged transfers involving contracts that were expressly assumed under the First Amended Joint Plan of Reorganization.

3. The Reorganized Debtors' Motion to Amend should be denied as futile with regard to the $939,904.37 in alleged transfers involving contracts that were assumed by the Reorganized Debtors pursuant to a letter agreement dated April 13, 2006, between Summit and the Reorganized Debtors. The April 13, 2006 letter agreement was entered pursuant to the Order Under 11 U.S.C. §§ 363(b) and 365(a) and Fed. R. Bankr. P. 9019 Approving Procedures to Assume Certain Amended and Restated Sole Source Supplier Agreements [Dkt. #1494].

4. The Reorganized Debtors' Motion to Amend should be denied as futile with regard to the $999,214.64 alleged transfer governed by a letter agreement dated March 22, 2006, between the Reorganized Debtors and Summit. The March 22, 2006 letter agreement was entered pursuant to the Order Under 11 U.S.C. §§ 105(a), 363, 364, 1107, and 1108 and Fed. R. Bankr. P. 6004 and 9019 Authorizing Continuation of Vendor Rescue Program and Payment of Prepetition Claims of Financially-Distressed Sole Source Suppliers and Vendors Without Contracts [Dkt. #197], in which the Reorganized Debtors agreed to waive and release any preference claims with regard to this alleged transfer.

5. Summit will suffer prejudice if the Court allows the Reorganized Debtors to pursue preference claims concerning the amounts in paragraphs 2, 3, and 4 above. As a

condition of both the assumption of contracts under the First Amended Joint Plan of Reorganization and the letter agreements between Summit and the Reorganized Debtors, Summit agreed to a number of terms and conditions for future business that were highly favorable to the Reorganized Debtors. Summit also waived its lien rights and reclamation rights. These terms would not have been agreed to by Summit *but for* the Reorganized Debtors agreeing to assume these contracts and waive their preference claims. The Reorganized Debtors have already recognized the benefits of the new terms and conditions with Summit. It would be prejudicial to Summit to allow the Reorganized Debtors to pursue preference claims relating to alleged transfers involving these assumed contracts and the $999,214.64 under these circumstances.

6. Summit also objects to the Motion to Amend in its entirety on the grounds that the Reorganized Debtors represented to Summit that the Reorganized Debtors would not file *any* preference claims against Summit. Specifically, Mr. Garvey of Summit had numerous conversations with Mr. Brett Lendzion, the Reorganized Debtors' purchasing manager, in which Mr. Lendzion told Mr. Garvey that the Reorganized Debtors were not going to file any preference claims against Summit. Summit relied to its detriment upon Reorganized Debtors' representations in the course of its business dealings with the Reorganized Debtors, including, but not limited to, in agreeing to the letter agreements in March and April 2006, under which Summit agreed to numerous terms and conditions that were very favorable to the Reorganized Debtors and under which Summit also agreed to waive its lien rights and reclamation rights. It would be prejudicial to Summit to allow the Reorganized Debtors to pursue preference claims under these circumstances, and the Recognized Debtors should be equitably estopped from doing so.

3

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 2, 2012.

                VARNUM LLP

                By: <u>Bryan R. Walters</u>
                     Bryan R. Walters
                     Bridgewater Place, P.O. Box 352
                     Grand Rapids, MI 49501-0352
                     (616) 336-6000
                     brwalters@varnumlaw.com
                     *Attorneys for Defendant Summit Polymers, Inc.*

5102976_1.DOCX