UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>DPH HOLDINGS CORP., *et al.*,<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br>Jointly Administered |

## ORDER DENYING RATKO MENJEK'S
## MOTION FOR RELIEF FROM AUTOMATIC STAY

Upon Ratko Menjek's Motion For Relief From Automatic Stay (the "Motion"), dated December 9, 2011 (the "Motion") (Docket No. 21760), for an order lifting the automatic stay under 11 U.S.C. § 362(a) in the above captioned case to pursue litigation; and upon the Reorganized Debtors' Response In Opposition To Ratko Menjak's Motion For Relief From Automatic Stay, dated January 5, 2012 ("Response to Motion") (Docket No. 21786); and there being due and sufficient notice of the Motion; and the Court having held a hearing on the Motion on January 12, 2012 ("Hearing"); and upon the record of the Hearing and after due deliberation and good and sufficient cause found:

IT IS HEREBY ORDERED THAT:

1. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and paragraph 56 of the Plan Modification Order. This matter is a core proceeding within the meaning 28 U.S.C. § 157(b)(2). This Court is the proper venue for this matter pursuant to 28 U.S.C. §§ 157 and 1409.

2. The Motion is denied for the reasons stated below.

3. On July 30, 2009, this Court entered its Order Approving Modifications under 11 U.S.C. § 1127(b) To (I) First Amended Joint Plan of Reorganization of Delphi Corporation And

Certain Affiliates, Debtors and Debtors-In-Possession, As Modified And (II) Confirmation Order (Docket No. 12359) (the "Plan Modification Order") (Docket No. 18707), which approved the Debtors' First Amended Joint Plan of Reorganization of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (The "Modified Plan").

4. Upon the Effective Date of the Modified Plan, injunctions were imposed by the Modified Plan and by the Plan Modification Oder. Mr. Menjak received timely and adequate notice of the Final Administrative Expense Bar Date (Docket No. 18958).

5. Mr. Menjak did not file a timely administrative expense claim in this matter.

6. Mr. Menjak's claim is barred due to the fact that it was not filed by the date of the second administrative claims bar date.

7. The Court further finds, on the facts before it, that the *proviso* relied upon by Mr. Menjak, in paragraph 20 of the Plan Modification Order, is inapplicable to his claim.

8. The entry of this Order is without prejudice to Mr. Menjak's right to file a motion for relief to file a late proof of claim under Bankruptcy Rule 9006.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this order.

Dated: White Plains, New York
      July 3, 2012

                                      /s/ Robert D. Drain
                                      ROBERT D. DRAIN
                                      U.S. BANKRUPTCY JUDGE