MICHIGAN DEPARTMENT OF ATTORNEY GENERAL
Bill Schuette
Michigan Attorney General

Susan Przekop-Shaw (P30495)
Assistant Attorney General
Attorney for Michigan Workers' Compensation Agency

Dennis Raterink (P52678)
Assistant Attorney General
Attorney for Michigan Funds Administration
P.O. Box 30736
Lansing, Michigan 48909
(517) 373-2560
(517) 241-7987 (Facsimile)

Return Date:
Hearing Date:  July 26, 2012

U.S. Bankruptcy Court - White Plains
      White Plains, New York

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
             :
In re                   :      Chapter 11
             :
DPH HOLDINGS CORP., et al.,    :      Case No. 05-44481 (RDD)
             :
        Reorganized Debtors.    :      (Jointly Administered)
             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
             :
ACE AMERICAN INSURANCE COMPANY :
and PACIFIC EMPLOYERS INSURANCE  :
COMPANY,             :
             :
        Plaintiffs,        :
             :
        v.            :      Adversary Proceeding
                      No. 09-01510 (RDD)
DELPHI CORPORATION; STATE OF    :
MICHIGAN WORKERS' COMPENSATION :
INSURANCE AGENCY; and STATE OF  :
MICHIGAN FUNDS ADMINISTRATION, :
             :
        Defendants.      :
             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## JOINT MOTION OF STATE OF MICHIGAN WORKERS' COMPENSATION AGENCY AND FUNDS ADMINISTRATION TO STAY ADVERSARY PROCEEDING PENDING APPEAL

1

The State of Michigan Workers' Compensation Agency (Agency) and State of Michigan Funds Administration (Funds) respectfully move this Court to stay further adversary proceedings during the pendency of the Agency's and Funds' appeal.  In support of this motion, the Agency and Funds state:

1. On January 28, 2010, this Court granted a stay of the adversarial proceeding pending the Agency's and Funds' appeal of this Court's decision that it had jurisdiction over the present matter, was not required to abstain, and that its exercise of jurisdiction did not impinge on Michigan's sovereign immunity.

2. Both the District Court and the Second Circuit Court of Appeals upheld this Court's order, but importantly, both declined to address the "Form 400 liability issues."  The Second Circuit specifically decided that "[t]here is no Form 400-based claim in the Insurers' adversary complaint."  (See Ex. 1, *In re DPH Holdings Corp.*, Summ. Order pp. 8-9.)

3. In light of the Second Circuit's limitation of the matters properly before this Court, the Agency and the Funds filed a motion to modify this Court's January 28, 2010 order to allow

Form 400-based claims to proceed in the Michigan administrative system, which has exclusive jurisdiction over such claims under state law.  On March 26, 2012, this Court declined to modify the stay to permit Form 400-based claims against the Insurer to go forward in Michigan.

4.  The Agency and Funds appealed the final order regarding the modification of the stay to the United States District Court for the Southern District of New York on April 9, 2012.  The appeal is still pending.

5.  On June 25, 2012, the United States Supreme Court denied the Agency's and the Funds' petition for writ of certiorari with respect to the January 28, 2010 order, which the Second Circuit held not to include Form 400-based claims.

6.  On June 26, 2012, counsel for DPH Holdings wrote a letter to this Court, advising of the denial of the writ and conclusion of the appeals process, surmising that the original stay was no longer valid, any other appeals are moot, and the Court should proceed with the adversary proceeding.

7. Pending the Agency's and Funds' appeal of the March 26, 2012 order, the entire Adversary Proceeding should be stayed because that appeal is not moot in light of the Supreme Court's denial of the writ for certiorari. This Court's declination to permit Form 400-based hearings to proceed in Michigan despite the Second Circuit's conclusion that the Form 400-based issues were not before this Court is an impermissible exercise of jurisdiction and infringement on Michigan's sovereign immunity. This is an issue separate and distinct from that raised in the original appeal and must be resolved on appeal before the adversarial proceeding is litigated.

8. An interlocutory order denying sovereign immunity is immediately appealable. *In re Charter Oaks Associates,* 361 F3d 760, 764 (2d Cir 2004), citing *P. R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 147 (1993).

9. In considering whether to grant the stay, this Court should consider (1) the Agency's and Funds' likelihood of success on appeal, (2) the risk of irreparable harm to the Agency and Funds absent a stay, (3) the risk of irreparable harm to the

opposing parties if a stay is denied, and (4) the public interest.

*In re St Johnsbury Trucking Co, Inc.*, 185 B.R. 687, 688 (1995).

10.     The Agency and Funds demonstrate substantial likelihood of

success on appeal given the Second Circuit's delimitation of the

issues; granting a stay will preclude irreparable harm to

Michigan in the form of abrogation of its sovereignty; the stay

will not result in any harm to either the Insurers or DPH; and

proper delineation of federal and state jurisdiction before any

adversarial proceeding is in the public interest.

**I.     This case meets the requirements for interlocutory
appeals.  The March 26, 2012 order is properly appealable.**

Much like the appeal from this Court's January 28, 2010 order,

the present appeal from this Court's March 26, 2012 order is properly

before the District Court.  Appeals from non-final bankruptcy court

orders may be taken under 28 U.S.C. §158(a)(3*).  Enron Corp. v.*

*Springfield Assocs., L.L.C. (In re Enron Corp.)* 2006 U.S. Dist. LEXIS

63223, at 15 (S.D.N.Y. 2006).  In deciding whether to grant leave to

appeal, reviewing courts apply the standards of 28 U.S.C. §1292(b),

which governs whether one may appeal an interlocutory district court

order. *In re Enron Corp.*, 2006 U.S. Dist. LEXIS 63223 at 15. Under

§1292(b), an interlocutory appeal is permissible only if the order being

appealed (1) involves a controlling question of law, (2) over which there

is a substantial ground for difference of opinion, and (3) the movant

shows that an immediate appeal would materially advance the ultimate

termination of the litigation. *Id.* at 16.

In the Second Circuit this standard is strictly applied. *Id*. at 1.

Interlocutory appeal "is limited to 'where appellate review might avoid

protracted and expensive litigation,' and is not intended as a vehicle to

provide early review of difficult rulings in hard cases." *Id.* at 17

(internal citation omitted). The decision whether to grant an

interlocutory appeal from a bankruptcy court order lies with the district

court's discretion. *Id.*; see *In re Kassover,* 343 F.3d 91, 94 (2d Cir. 2003).

The bankruptcy court's order precluding the Michigan Form 400-

basd claims from proceedings is an exercise of jurisdiction over such

claims. The order likewise is beyond this Court's subject matter

jurisdiction and directly contravenes the Second Circuit's holding that

"[t]here is no Form 400-based claim in the Insurers' adversary

complaint." See Ex. 1, *In re DPH Holdings Corp.*, Summ. Order p. 8.)

Further, the Second Circuit stated that in absence of such a claim, it

will "express no view and render no decision as to whether the

Bankruptcy Court has jurisdiction over any claim or challenge to the

liability of the insurers for filing the Form 400 Notices." *Id*. at 10 n.2.

This Court once again abrogated Michigan's sovereign immunity

with nationwide implications. The issues raised on appeal deal with

the significant and dispositive issue of whether the bankruptcy court

exceeded its jurisdiction in failing to adhere to the Second Circuit's

framing of the issues before this Court. The order being appealed meets

the three criteria listed in §1292.

### A.    The appeal raises controlling questions of law

The March 26, 2012 order involves a "controlling question of law."

The 'question of law' must be a 'pure' question of law that the reviewing

court could decide quickly and cleanly without having to study the

record. *In re Worldcom*, 2003 U.S. Dist. LEXIS 11160 (S.D.N.Y. 2003,

June 30, 2003). The appeal presents two pure questions of law:

> 1. Whether this Court has jurisdiction to enjoin
> administrative workers' compensation proceedings in
> Michigan that are
>
>> a. Not a subject of any claim pending before this Court
>> and

b. Would not be within the jurisdiction of this Court even if they did relate to a claim pending before this Court; and

2. Whether this Court's injunction violates Michigan's sovereign immunity because the proceeding does not involve any claim by or against the Michigan defendants.

## B.    There is substantial ground for a difference of opinion

Next, the "substantial ground for a difference of opinion" must arise out of a genuine doubt as to whether the Bankruptcy Court applied the correct legal standard.  The Second Circuit has held that substantial ground exists when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Klinghoffer v S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990).

Importantly, if the motion allowing the Form 400-based claims to return to Michigan had been approved, this Court's post-confirmation stay order would not be implicated at all.  The key difference is this: the Form 400-based claims that would go back to Michigan have nothing to do with the insurance contracts between DPH and the Insurers. Rather, the question would be solely whether the Insurer's actions in Michigan had created a statutory contractual obligation flowing from the Insurer to the injured employees.  The validity of any contract

8

between DPH and the Insurers is irrelevant.  It is the actions of the

Insurers, and the legal consequences of such actions, that would be up

for determination.  No property of the estate would be involved, and

therefore, any Form 400-based claim is outside the scope of the post-

confirmation stay.

> Once again, the Second Circuit's language is key.

> A party can invoke the authority of the bankruptcy court to
> exercise post-confirmation jurisdiction if the matter has a
> close nexus to the bankruptcy plan….This case fits those
> well-established criteria.  *The resolution of Delphi's liability*
> for the workers' compensation claim will impact the
> implementation, execution, and administration of its
> confirmation plan, and the plan provides for the retention of
> the bankruptcy court's jurisdiction over disputes such as
> that raised it the adversary proceeding.

[Ex. 1, *In re DPH Holdings Corp.*, Summ. Order pp. 6-7 (emphasis
added.)]

Quite simply, the Form 400-based claims *do not* involve "[t]he

resolution of Delphi's liability." *Id*.  The Second Circuit expressly

delineated the disputes involved in the adversary proceeding and

determined that the Form 400-based claims were not raised.  This

Court's jurisdiction extends only to the extent that the insurance

contracts are the *res*, or the property of the estate.  This Court is free to

continue the adversarial proceeding with respect to any dispute

regarding the proper interpretation of the insurance contracts. .  While this Court reasoned that the adversarial proceeding would determine the Insurers' defense to the Form 400-based claims, it does not follow that the Form 400-based claims implicate the "implementation, execution, and administration" of the post-confirmation order.

This Court's extension of federal bankruptcy jurisdiction into the domain of a State's sovereign immunity and exercise of its police powers in creating a comprehensive workers' compensation program is unprecedented.  It creates significant and complex issues of first impression not only in the Second Circuit, but in the entire United States.

**C.    An immediate appeal would materially advance the ultimate resolution of the proceedings**

Lastly, the third prong of the test, a showing that an immediate appeal would materially advance the ultimate termination of the litigation, is easily met.  As the issues go to the heart of this Court's ability to hear the case, a reversal will lead to a significant limitation of the issues being addressed in the adversary proceeding.

### D.    Collateral order doctrine.

The bankruptcy court's order refusing to lift the stay and

asserting jurisdiction over Michigan's Form 400-based claims warrants

an interlocutory appeal under Section 1291 of the Judicial Code, 28

U.S.C. § 1291.  The United States Supreme Court noted that a final

decision under Section 1291 can include a "small set of prejudgment

orders that are 'collateral to' the merits of an action and 'too important'

to be denied immediate review." *Mohawk Indus. v. Carpenter*, 130 S. Ct.

599, 603 (2009) (quoting *Cohen v. Beneficial Industrial Loan Corp*., 337

U.S. 541, 546 (1949)).  This category includes decisions "that are

conclusive, that resolve important questions separate from the merits,

and that are effectively unreviewable on appeal from the final judgment

in the underlying action." *Mohawk Indus*., 130 S. Ct. at 605.  Resolution

of the sovereign immunity issue is intricately intertwined with a federal

court's decision to not allow the Form 400-based claims to proceed while

the adversary proceedings are pending and to determine the Insurers'

defenses for such Michigan claims in the federal adversary proceeding.

The bankruptcy court essentially asserted jurisdiction over all 400

workers' compensation cases pending in Michigan's administrative and

judicial forums, which were exclusively created by statute to address

just such questions of law.

Significant policy issues are implicated in this appeal critical to

not only Michigan, but to every other State exercising its police powers

to adopt a regulatory workers' compensation scheme as the exclusive

remedy for its employees injured in the course of their employment. *See*

*Mohawk Indus.*, 130 S. Ct. at 601 (citing *Digital Equipment Corp. v.*

*Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994)).  The rights that the

Michigan Defendants want to protect will not be 'adequately vindicable'

or 'effectively reviewable,' after the bankruptcy court exercises its

jurisdiction and issues a final decision on the merits. *Mohawk Indus.*,

130 S. Ct. at 605.  Such a delay "imperils a substantial public interest"

that will be lost not only in this case but in every other case where

insurance companies will rely on this decision to circumvent state law.

Id. at 605.  Michigan's oversight of an insurance company's transactions

in doing workers' compensation business in Michigan is a subject of

substantial public interest and implicates the health and welfare of the

People of Michigan.  By deciding the Insurers' defenses to the Form

400-based claims, the bankruptcy court supplants the administrative

and judicial tribunals and deprives those employees of procedural due process afforded by Michigan's workers' compensation law.  Here, the Second Circuit held the adversary complaint filed by these insurers *does not involve* the Form 400-based claims.  Where a federal bankruptcy court permits the Insurers to avoid the Michigan workers' compensation law, it authorizes them to operate independent of Michigan's law. As a practical matter, Michigan will never know whether when insurers file notices of coverage for an employer that in fact employees are protected, even if the employer subsequently becomes insolvent.  Michigan's rights to sovereign immunity and to enforce and assure compliance with its workers' compensation and insurance laws will otherwise be lost.  These claims cannot be "adequately vindicated by any other means, *Digital Equipment*, 511 U.S. at 878-879, and thus, warrant the District Court's immediate appellate review.

## II.    The Agency and Funds are likely to succeed on appeal.

The Agency and Funds are likely to succeed on appeal.  All of the issues relate to the scope of this Court's lack of jurisdiction over Form 400-based claims and improper abrogation of sovereign immunity.

**A.    The Second Circuit correctly concluded that the Form 400 claims are not raised in the adversarial proceeding and are not properly subject to a stay.**

First, this Court's March 26, 2012 order dispelled any doubt that this Court was exercising jurisdiction over the Form 400-based claim. The Court expressly indicated that it could not sever the "so-called Form 400 theory from issues pertaining to whether there is an applicable insurance policy and, therefore, whether the debtor, having assumed all the policies would be liable to the insurers under such a policy." (Docket No. 107, Transcript of Hearing of March 22, 2012, pp. 44-45.) But this and other similar statements are in direct contravention of the Second Circuit's conclusion that the Form 400 issue is not part of the Insurer's adversarial complaint.

> The Michigan Defendants argue that the adversary proceeding is only nominally about the insurance contracts and is actually about whether the Insurers are liable under Michigan law for filing Form 400 Notices of coverage. We disagree. As the District Court and the Bankruptcy Court concluded, the dispute at issue in the adversary proceeding is one sounding in contract. The adversary complaint makes clear that the proceeding is focused on the parties' responsibilities under the contracts. See Compl. at ¶¶ 1, 37, 46. *There is no Form 400-based claim in the Insurers' adversary complaint.* Although the Michigan Defendants may ultimately prevail on the merits on their Form 400 theory, *that argument ultimately bears on the merits of whether the Insurers are liable apart from their contractual*

*obligations, which is not the question before us on collateral review of the District Court's denial of the motion to dismiss the adversary complaint.*

*In re DPH Holdings Corp.*, Slip Copy, 2011 WL 5924410, C.A.2 (N.Y.), 2011, Summ. Order pp. 8-9 (Attached as Exhibit 2)(emphasis added).

The Second Circuit thus recognized that the Form 400-based claims may proceed independent of the adversarial complaint before the bankruptcy court.  Because this Court failed to follow the Second Circuit's delineation of the separate issues, this alone is sufficient to show a substantial likelihood of success on the merits.

**B.    Enjoining the Agency and the Funds from determining state law issues in the Michigan workers' compensation system is outside this Court's subject matter jurisdiction.**

This Court erred in concluding that the matters addressed in the Agency's and Funds' motion to lift the stay were "core matters pursuant to 28 U.S.C. § 157(b)."  (Docket 106, Order Denying Motion to Partially Lift Stay.)   This Court apparently continues to rely on those federal cases involving contract issues between the insurers and the debtor. Yet there is no dispute that Michigan law would apply to determine the Form 400-based issue.  Under Michigan workers' compensation law, state level administrative and judicial proceedings will not address any

contract between Insurers and DPH.  Instead, the sole issue involves

the statutory contract created between the insurers and the former

Delphi injured workers.  As explained in detail in the prior filings with

this Court, all the contract cases that this Court has relied on to

support the existence of a core proceeding under Section 157(b) have

absolutely no application.

Nor would allowing the Form 400 theory cases to proceed

"subsume the issues that are raised in this adversary proceeding."

(Docket 107, Transcript of Hearing of March 22, 2012, p. 45.)  As the

Agency and the Funds have consistently argued, the only issue that

would be resolved is whether the filing of Form 400 creates a statutory

obligation flowing from the insurance company to the benefit of injured

employees.  If so, then the *insurance company* would have to pay

benefits to the injured workers per the statutory contract.  If not, then

liability would be with the Fund.  The debtor has no direct involvement.

And any question of indemnification that may arise between the debtor

and the insurance company is just that—an issue between DPH and the

Insurers that can be resolved in this Court, without any involvement

from the Agency or the Funds.  Just because the outcome of the Form

16

400 issue may conceivably have an impact on the indemnification

dispute does not automatically render that issue within the subject

matter jurisdiction of the Bankruptcy Court.

It is both the context and the purpose of Michigan's law that this

Court failed to consider—the context being the insurance contract

between the Insurers and the 400 injured employees and the purpose

being an exercise of Michigan's police powers to protect the health,

safety and welfare of Michigan employees.

Even ignoring the confines of this Court's jurisdiction under the

Bankruptcy Code, a federal bankruptcy court interpreting and

rendering a decision of first impression on the application of Michigan's

workers' compensation law is not the most efficient way to deal with the

matter.  Michigan has created a comprehensive and complex

administrative and judicial scheme, and left decisions just like the one

this Court is attempting to make to the exclusive jurisdiction of those

triers of fact who possess the requisite extensive workers' compensation

knowledge and experience.

For these reasons, this Court erred and the Agency and Funds will

likely succeed on the merits to demonstrate that this Adversary

17

Proceeding does not address the "allowance or disallowance" of any

claims under 28 U.S.C. §157 (b)(2)(B).  These proceedings do not

address matters concerning the administration of the estate, especially

one post-confirmation, under §157(b)(2)(A) even though the Insurers

and DPH Holdings declare it deals with their mutual obligations to pay

and to receive administrative expenses.  This function will not be

performed in the Adversary Proceeding.


III.    **In absence of the stay, the Agency and the Funds will
        suffer irreparable harm.**

As the Agency and the Funds have consistently argued

throughout this matter, forcing Michigan to litigate the Form 400 issue

in federal court would impermissibly infringe on its sovereignty.

Importantly, the issue of whether a filing of a Form 400 creates an

obligation from the filing insurer to the beneficiary employees

independent of the validity of any contract between the filing insurer

and the employer is one of first impression not only in Michigan, but in

the entire United States.  Workers' compensation is the exclusive

province of the State, the comprehensive scheme was enacted under

Michigan's police powers, and Michigan's administrative tribunals and

courts have the necessary knowledge and expertise to interpret any

dispute arising under the century old Worker's Disability Compensation

Act.

If this Court declines to stay the adversarial proceedings pending

the Agency's and the Funds' appeal regarding allowing the Form 400-

based claims to proceed in Michigan, the State of Michigan will suffer

irreparable harm through the usurpation of its sovereign immunity.

While non-consenting governmental units may be subject to *in rem*

jurisdiction under the Bankruptcy Act, *Hood v. Tennessee Student

Assistance Corp.*, 541 U.S. 440, 447, 448 (2004), not every law labeled a

bankruptcy law could, consistent with the Bankruptcy Clause, impinge

on a State's sovereign immunity, *Central Virginia Community College v.

Katz*, 546 U.S. 356, 378 n.15 (2006).  The Second Circuit Court of

Appeals has said that "fairness and consistency concerns . . . favor an

approach that would allow a debtor to assert a claim that would reduce

or eliminate its indebtedness to the state."  *Ossen v. Dep't of Soc. Servs.

(In re Charter Oak Assocs*.), 361 F.3d 760, 769 (2d Cir. 2004) (citing and

quoting *Lapides v. Bd. of Regents*, 535 U.S. 613, 620 (2002)).  But that

situation is absent here.  The Agency has no interest in the debtor's

property, and neither Insurer has asserted property claims against the Agency. Therefore, sovereign immunity has not been abrogated as to the Agency.

And while the Funds filed claims concerning the bankrupt's property, sovereign immunity has not been abrogated as to the Fund. The complaint instigating this adversary proceeding challenges only the Agency's decision that Ace and Pacific are on the risk for workers' compensation benefits that may be owed to Delphi's former employees because the Insurers unilaterally filed notices for nine of the last ten years stating that they insured Delphi for those benefits. Thus, neither the Agency nor Funds has waived sovereign immunity here.

This Court's failure to stay the adversarial proceedings pending appeal will significantly disrupt the administrative process by which the Agency resolves disputes arising under Michigan's workers' compensation law. Among those affected by this disruption would be the more than 400 former Delphi employees who have filed workers' compensation claims against Delphi. In light of §131(1) of Michigan workers' compensation law, MICH. COMP. LAWS § 418.131(1), commonly known as the compensation law's "exclusive remedy" provision, these

former employees cannot seek damages from Delphi for their injuries by filing common-law tort actions in State court. The absence of a stay could disrupt their workers' compensation claims against Delphi should this Court decide the merits of the present controversy in favor of Ace and Pacific as to their exposure for liability to the former Delphi employees for payment of workers' compensation benefits. In that scenario, the former Delphi employees could be unable to obtain any workers' compensation benefits awarded them.

This disruption would additionally contravene §841(1) of Michigan's workers' compensation law, MICH. COMP. LAWS § 418.841(1) which grants exclusive jurisdiction to the Agency to determine "all questions arising under this act." Such questions, including the procedure by which an insurer exposes itself to liability under Michigan's workers' compensation law arises under Michigan's workers' compensation law must be resolved by Michigan's administrative and judicial systems. Abrogation of Michigan's sovereign immunity and determination of significant issues of first impression arising solely under state law will result in irreparable harm to the Agency, the Funds, and the People and the State of Michigan.

**IV.  Neither the Insurers nor the Debtor will suffer irreparable harm if this Court stays the adversarial proceeding. Granting a stay is also in the public interest.**

The Insurers will suffer no harm of any kind if the Court stays the adversarial proceeding pending appeal.  As of today, the Insurers are not obligated to pay Michigan workers' compensation benefits and maintaining the status quo via a stay would not require the Insurers to pay money to anyone.  Significantly, no party has ever asserted even the *potential* existence of irreparable harm under any factual scenario that this case presents.

The Michigan workers' compensation law represents Michigan's exercise of its police power to promote the welfare of Michigan's people, *Peters v. Michigan State College*, 30 N.W.2d 854, 856-57 (Mich. 1948) and addresses matters in which the public is interested.  *Harrington v. Dept. of Labor & Industry*, 233 N.W. 362 (Mich. 1930).  Further, the federal judiciary gives a State Attorney General some deference because he or she presumptively acts in the public interest.  *In re Allegheny Health, Education & Research Foundation*, 252. B. R. 309, 331 (1999)

In this adversary proceeding, Michigan's Agency and Funds are public entities that seek to protect the public interest by ensuring a

determination, in the proper forum, of the circumstances under which

insurers face exposure for payment of Michigan workers' compensation

benefits.  This determination is of vital interest to Michigan employees

and their employers that elect to secure their liability for the payment

of compensation by contracting with insurers licensed to transact the

business of insurance in Michigan as provided in § 611(1)(b) of

Michigan's workers' compensation statute.  MICH. COMP. LAWS §

611(1)(b).  Thus, a stay will advance the public interest in the resolution

of this case, on its merits, in the proper forum.

## V.   The appeal to the District Court of this Court's order denying the motion to partially lift the stay is not moot.

In their June 26, 2012 letter, DPH Holdings argues that the

appeal from this Court's March 26, 2012 order denying the motion for

partially lifting the stay is moot.  DPH argues that because the prior

stay was in place only so long as the original appeal was pending, and

the motion to partially lift the stay referenced that original stay, the

denial of certiorari wiped the slate clean.  In other words, there is no

more stay for this Court to modify even if the District Court reversed

the March 26 order.

But the DPH letter mischaracterizes the true nature of the Agency's and Funds' motion to modify the stay.  The modification was sought in light of the Second Circuit's ruling that the Form 400-based claims were *not* before the Bankruptcy Court.  In denying the motion to modify, this Court made it unequivocally clear that despite the Second Circuit's conclusion to the contrary, the Form 400-based claims *were* properly in its jurisdiction.

This Court essentially created a new controversy that is separate and distinct from the prior series of appeals: whether the bankruptcy court may properly enjoin a state agency from resolving an issue of first impression arising under Michigan workers' compensation law, where the debtor is not a party and the proceedings do not involve the property of the debtor's estate.  Michigan maintains that the Second Circuit was correct when it concluded the Form 400-based claims were not part of the adversarial complaint.  This Court apparently disagrees.

This is an important issue that merits full consideration on appeal.  Continuing with the adversarial process without proper determination of the scope of such process is ill-advised and risks irreparable harm to not only the State of Michigan, but to the other 49

states, as well as the principles of state sovereignty and federalism

enshrined in the United States Constitution.  Staying the adversarial

proceedings while the appeals are exhausted will not result in any harm

to any party.  The equity balance is well in favor of granting a stay.

## MEMORANDUM OF LAW

Because the legal points and authorities upon which this Motion relies are incorporated herein, the Agency and Funds respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

## CONCLUSION AND RELIEF SOUGHT

For the reasons outlined above, this Honorable Court is requested to stay Adversary Proceeding pending the Agency's and Funds' appeal.

Respectfully submitted,

Bill Schuette
Michigan Attorney General

/s/ Susan Przekop-Shaw (P30495)
Michigan Assistant Attorney General
Attorney for Defendant Michigan
Workers' Compensation Agency
przekopshaws@michigan.gov

/s/ Dennis Raterink (P 52678)
Michigan Assistant Attorney General
Attorney for Defendant Michigan
Funds Administration
P.O. Box 30736
Lansing, MI 48909

Dated:  July 12, 2012    raterinkd@michigan.gov

1

I hereby certify that on July 12, 2012, I electronically filed the foregoing document(s) with the Clerk of the Court using the ECF System, which will provide electronic notice and copies of such filing of the following to the parties:  Joint Motion of State of Michigan Workers' Compensation Agency and Funds Administration to Stay Adversary Proceeding Pending Appeal.

<u>/s/ Dennis J. Raterink</u>
Assistant Attorney General
Attorney for Michigan
Funds Administration
Labor Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-1176
raterinkd@michigan.gov
P52678