05-44481-rdd    Doc 21927-1    Filed 07/12/12    Entered 07/12/12 17:03:52    Exhibit
Second Circuit Summary Order    Pg 1 of 10
Case: 10-4170    Document: 117-1    Page: 1    11/29/2011    456007    10

10-4170-bk
In re DPH Holdings Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of November, two thousand eleven.

PRESENT: DENNIS JACOBS,
    **Chief Judge**,
 ROBERT D. SACK,
 REENA RAGGI,
    **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X
**IN RE DPH HOLDINGS CORP.**:

Ace Am. Ins. Co. and Pac. Employers Ins. Co.,
 **Plaintiffs-Appellees**,

 -v.-              10-4170-bk

DPH Holdings Corp.,
 **Defendant-Appellee**

 and

State of Mich. Workers' Comp. Ins. Agency and State of Mich. Funds Admin.
 **Defendants-Appellants**.[*]
- - - - - - - - - - - - - - - - - - - -X

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

1

| | | |
|---|---|---|
| **FOR DEFENDANTS-APPELLANTS:** | | Melanie L. Cyganowski, Otterbourg, Steindler, Houston & Rosen, P.C., New York, NY (<u>on brief</u> Richard G. Haddad and Mark S. Sedlander, Otterbourg, Steindler, Houston & Rosen, P.C., New York, NY; and Bill Schuette, B. Eric Restuccia, Susan Przekop-Shaw, and Dennis J. Raterink, Office of the Attorney General, State of Michigan, Lansing, MI). |
| **FOR PLAINTIFFS-APPELLEES:** | | Jonathan D. Hacker, O'Melveny & Myers, LLP, Washington, D.C. (<u>on brief</u> Anton Metlitsky, O'Melveny & Myers, LLP, Washington D.C.; Lewis R. Olshin, Wendy M. Simkulak, Lawrence J. Kotler, and William C. Heuer, Duane Morris LLP, New York, NY; Robert G. Kamenec, Plunkett Cooney, Bloomfield Hills, MI; and Martin G. Bunin, Catherin R. Fenoglio, and William Hao, Alston & Bird LLP, New York, NY). |
| **FOR DEFENDANT-APPELLEE:** | | Albert Hogan III, Skadden, Arps, Slate, Meagher & Flom LLP, Chicago, IL (<u>on brief</u> John K. Lyons, Skadden, Arps, Slate, Meagher & Flom LLP, Chicago, IL). |

Appeal from a judgment of the United States District Court for the Southern District of New York (Marrero, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment is **AFFIRMED**.

2

1    Defendants-Appellants (State of Michigan Funds
2    Administration and State of Michigan Workers' Compensation
3    Agency, collectively "Michigan Defendants") brought this
4    collateral-order appeal of the District Court's decision
5    denying, in relevant part, their motion to dismiss the
6    adversary complaint brought by Plaintiffs-Appellees Ace
7    American Insurance Company and Pacific Employers Insurance
8    Company (collectively, "the Insurers") against Appellee-
9    Defendant DPH Holdings Corporation and the Michigan
10   Defendants.  We assume the parties' familiarity with the
11   underlying facts, the procedural history of the case, and
12   the issues on appeal.
13   **[1]** The Michigan Defendants argue that the Bankruptcy Court
14   lacks jurisdiction because the adversary proceeding is not a
15   core or a non-core proceeding.  Whether a proceeding is core
16   or non-core is beside the point for determining jurisdiction
17   because "[t]hat allocation [of core and non-core] does not
18   implicate questions of subject matter jurisdiction."  Stern
19   v. Marshall, 131 S. Ct. 2594, 2607 (2011).  So long as a
20   proceeding is one or the other, the Bankruptcy Court
21   possessed subject-matter jurisdiction.  We conclude that the
22   adversary proceeding falls within the Bankruptcy Court's
23   subject-matter jurisdiction as a core proceeding.

3

Case: 10-4170   Document: 117-1   Page: 4   11/29/2011   456007   10

1    A core proceeding is one that arises under Title 11 or
2    arises in a case under Title 11.  28 U.S.C. § 157(b)(1); see
3    Stern, 131 S. Ct. at 2604-05.  Section 157(b)(2) provides a
4    non-exhaustive list of core proceedings, including: "matters
5    concerning the administration of the estate," proceedings
6    seeking the "allowance or disallowance of claims against the
7    estate," and "other proceedings affecting the liquidation of
8    the assets of the estate or the adjustment of the debtor-
9    creditor . . . relationship."  28 U.S.C. § 157(b)(2)(A),
10   (B), (O).  This Circuit interprets "core proceedings" as
11   broadly as permitted under the Constitution.  U.S. Lines,
12   Inc. v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n., Inc. (In
13   re U.S. Lines, Inc.), 197 F.3d 631, 637 (2d Cir. 1999).
14   If (as here) an adversary proceeding involves a
15   contract matter, whether it is core depends on "(1) whether
16   the contract is antecedent to the reorganization petition[]
17   and (2) the degree to which the proceeding is independent of
18   the reorganization."  Id.  The degree to which the
19   proceeding is independent of reorganization "hinges on 'the
20   nature of the proceeding.'"  Id. (quoting S.G. Phillips
21   Constructors, Inc. v. City of Burlington (In re S.G.
22   Phillips Constructors, Inc.), 45 F.3d 702, 707 (2d Cir.
23   1995)).  "Proceedings can be core by virtue of their nature
24   if either (1) the type of proceeding is unique to or

4

uniquely affected by the bankruptcy proceedings or (2) the proceedings directly affect a core bankruptcy function." Id. (internal citations omitted).  It is not enough that a claim somehow affects the property of the estate.  Id.

This contract-based adversary proceeding is core.  Six of the eighteen contracts at issue are *post*-petition contracts, which are part of the estate.  Proceedings involving those contracts are core.  Id. (citing Ben Cooper, Inc. v. Ins. Co. (In re Ben Cooper, Inc.), 896 F.2d 1394, 1399-1400 (2d Cir.), vacated on other grounds, 498 U.S. 964, opinion reinstated, 924 F.2d 36 (2d Cir. 1991)).

Moreover, the proceeding as to the *pre*-petition contracts is also core because the nature of the adversary proceeding is one that is likely to "directly affect a core bankruptcy function."  U.S. Lines, Inc., 197 F.3d at 637. The adversary proceeding bears upon Delphi's liability for workers' compensation claims.  If, as the Insurers believe, Delphi assumed the pre-petition contracts and agreed to be liable for all amounts owed to injured employees up to the retention limits, then the $67 million reimbursement claim filed against Delphi by the Insurers would be disallowed because Delphi itself would pay the underlying liability. If, as the Michigan Defendants believe, the Insurers -- and not Delphi -- are liable for the injured workers' claims,

5

```
 1   then the Michigan Defendants' claims against Delphi would be

 2   disallowed because the claims would run against the Insurers

 3   instead.  Core proceedings include those seeking the

 4   "allowance or disallowance of claims against the estate," 28

 5   U.S.C. § 157(b)(2)(B), and, here, the resolution of whether

 6   Delphi's estate is liable for those workers' claims will

 7   determine whether the claims asserted against the estate

 8   should be allowed or disallowed.

 9        The contract matter is also core because its resolution

10   "concern[s] the administration of the estate" and "affect[s]

11   the liquidation of the assets of the estate." 28 U.S.C. §

12   158(b)(2)(A), (O).  Resolution of the workers'-compensation-

13   liability issue could also have substantial implications on

14   both the estate and the priority of the creditors and could

15   "set the table for the determination of matters under title

16   11."  See PSINet, Inc. v. Cisco Sys. Capital Corp. (In re

17   PSINet, Inc.), 271 B.R. 1, 12 (Bankr. S.D.N.Y. 2001).

18        The adversary proceeding arose post-confirmation; but

19   that does not change this result.  A party can invoke the

20   authority of the bankruptcy court to exercise post-

21   confirmation jurisdiction if the matter has a close nexus to

22   the bankruptcy plan, see Reese v. Beacon Hotel Corp., 149

23   F.2d 610, 611 (2d Cir. 1945) (limiting reservation of post-

24   confirmation jurisdiction to that "requisite to effectuate a
```

plan of reorganization"); <u>Penthouse Media Group v. Guccione (In re General Media Inc.)</u>, 335 B.R. 66, 73-74 (Bankr. S.D.N.Y. 2005) (discussing <u>Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)</u>, 372 F.3d 154, 168-69 (3d Cir. 2004)), and the plan provides for the retention of *such* jurisdiction, <u>Hosp. & Univ. Prop. Damage Claimants v. Johns-Manville Corp. (In re Johns-Manville Corp.)</u>, 7 F.3d 32, 34 (2d Cir. 1993). This case fits those well-established criteria. The resolution of Delphi's liability for the workers' compensation claim will impact the implementation, execution, and administration of its confirmation plan, and the plan provides for the retention of the Bankruptcy Court's jurisdiction over disputes such as that raised in the adversary proceeding. <u>Resorts Int'l, Inc.</u>, 372 F.3d at 167.

**[2]** The Michigan Defendants' sovereign-immunity defense fares no better. The States' ratification of the Constitution signified their agreement "not to assert any sovereign immunity defense they might have had in proceedings brought pursuant to 'Laws on the subject of Bankruptcies.'" <u>Cent. Va. Comm. Coll. v. Katz</u>, 546 U.S. 356, 377 (2006) (quoting U.S. CONST., art. I, § 8, cl. 2); <u>accord</u> <u>id.</u> at 369 n. 9. The scope of the States' waiver of sovereign immunity

7

includes proceedings implicating the bankruptcy court's traditional in rem authority -- "a narrow jurisdiction that does not implicate state sovereignty to nearly the same degree as other kinds of jurisdiction," id. at 378; see also Tenn. Student Assistance Corp. v. Hood, 541 U.S. 440, 448 (2004) -- as well as "proceedings necessary to effectuate the in rem jurisdiction of bankruptcy courts," Katz, 546 U.S. at 378. Since the adversary proceeding here is an in rem proceeding (or, at least, is otherwise necessary to effectuate the in rem jurisdiction of the Bankruptcy Court), it does not offend the Michigan Defendants' sovereign immunity.

The Michigan Defendants' argue that the adversary proceeding is only nominally about the insurance contracts and is actually about whether the Insurers are liable under Michigan law for filing Form 400 Notices of coverage. We disagree. As the District Court and the Bankruptcy Court concluded, the dispute at issue in the adversary proceeding is one sounding in contract. The adversary complaint makes clear that the proceeding is focused on the parties' responsibilities under the contracts. See Compl. at ¶¶ 1, 37, 46. There is no Form 400-based claim in the Insurers' adversary complaint. Although the Michigan Defendants may ultimately prevail on the merits on their Form 400 theory,

8

that argument ultimately bears on the merits of whether the Insurers are liable apart from their contractual obligations, which is not the question before us on collateral review of the District Court's denial of the motion to dismiss the adversary complaint.

Once it is determined that the adversary proceeding is concerned with the insurance contracts, it follows that the adversary proceeding implicates the Bankruptcy Court's <u>in rem</u> jurisdiction. The contracts, which include potential liabilities and responsibilities for Delphi, are part of Delphi's estate. <u>See</u> 11 U.S.C. § 541(a)(1), (7); <u>accord</u> <u>St. Clare's Hosp. & Health Ctr. v. Ins. Co. of N. Am. (In re St. Clare's Hosp. & Health Ctr.)</u>, 934 F.2d 15, 18-19 (2d Cir. 1991); <u>Johns-Manville Corp. v. Chubb Indem. Ins. Co. (In re Johns-Manville Corp.)</u>, 600 F.3d 135, 153 n.13 (2d Cir. 2010) (<u>per curiam</u>). The interpretation and reformation of those contracts involve adjudication of the estate: the <u>res</u>. Because the contracts between the Insurers and Delphi are part of Delphi's estate and the district courts "have exclusive jurisdiction . . . of all the property, wherever located, of the debtor as of the commencement of [a case under Title 11] and of property of the estate," the adversary proceeding implicates the <u>in rem</u> authority of the

9

1  lower courts.  28 U.S.C. § 1334(e).[1]  In addition, to the

2  extent that the contract question will decide whether Delphi

3  is liable for its employees' workers' compensation claims,

4  the adversary proceeding could have substantial

5  ramifications for the size of the estate, the allowance and

6  disallowance of claims against it, and the priority of

7  creditors, all of which implicates the <u>in rem</u> jurisdiction

8  of the bankruptcy court.

9       We have considered all of the Michigan Defendants'

10 additional arguments and find them to be without merit.[2]

11 Accordingly, the judgment of the District Court is **AFFIRMED**.

```
                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe, Clerk
```



---

[1] Pursuant to 28 U.S.C. § 157(a), the District Court's authority has been delegated by the United States District Court for the Southern District of New York to the United States Bankruptcy Court for the Southern District of New York.  See also <u>Standing Order of Referral of Cases to Bankruptcy Judges, United States District Court for the Southern District of New York</u> (July 10, 1984).

[2] This decision is limited to the matters before us. We express no view and render no decision as to whether the Bankruptcy Court has jurisdiction over any claim or challenge to the liability of the Insurers for filing the Form 400 Notices.  Likewise, we express no view and render no decision as to whether resolution of any such claim brought in federal court against the Michigan Defendants would invade their sovereign immunity.