UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                              :
    In re                           :    Chapter 11
                              :
DPH HOLDINGS CORP., et al.,      :    Case No. 05-44481 (RDD)
                              :
        Reorganized Debtors.      :    (Jointly Administered)
                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007 (I) DENYING THE MOTION FILED BY ONTARIO SPECIALTY CONTRACTING, INC. FOR LEAVE TO FILE A LATE ADMINISTRATIVE EXPENSE CLAIM AND (II) DISALLOWING AND EXPUNGING PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 19873

("ONTARIO SPECIALTY CONTRACTING, INC. ORDER")

Upon the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection"), by which DPH Holdings Corp. ("DPH Holdings") and its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), formerly known as Delphi Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), objected to, among other things, proof of administrative expense claim number 19873 filed by Ontario Specialty Contracting, Inc. ("Ontario"); and upon Ontario's response to the Reorganized Debtors' Forty-Third Omnibus Objection (the "Response"); and

upon the Motion Of Ontario Specialty Contracting, Inc. For Allowance Of An Administrative Claim Pursuant To 11 U.S.C. § 503(b)(1)(A), Or In The Alternative, For Leave To File A Late Administrative Expense Claim Pursuant To Federal Rule of Bankruptcy Procedure 9006(b) (Docket No. 21878) (the "Motion"); and upon the Objection To Motion Of Ontario Specialty Contracting, Inc. For Allowance Of An Administrative Claim Pursuant To 11 U.S.C. § 503(b)(1)(A), Or In The Alternative, For Leave To File A Late Administrative Expense Claim Pursuant To Federal Rule of Bankruptcy Procedure 9006(b) (Docket No. 21886) (the "Objection," and together with the Forty-Third Omnibus Claims Objection, the Response, and the Motion, the "Pleadings"); and for the reasons stated by the Court in its bench ruling on the record at the hearing on this matter conducted on May 24, 2012 with respect to the Motion (the "Hearing"); and after due deliberation thereon; and good and sufficient cause appearing therefor:

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

    A.    Ontario was properly and timely served with a copy of each of the Forty-Third Omnibus Claims Objection, a personalized Notice Of Objection To Claim, the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (the "Administrative Claims Objection Procedures Order") (Docket No. 18998), the proposed order with respect to the Forty-Third Omnibus Claims

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

2

Objection, and the notice of the deadline for responding to the Forty-Third Omnibus Claims Objection.

          B.      Ontario was properly served with the Notice Of Bar Date For Filing Proofs Of Administrative Expense, which stated that pursuant to the Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order"), as modified by the Stipulation And Agreed Order Modifying Paragraph 38 Of Modification Procedures Order Establishing Administrative Expense Bar Date (Docket No. 18259), July 15, 2009 (the "Administrative Expense Claim Bar Date") was the deadline for filing a proof of administrative expense for the purpose of asserting an administrative expense request against any of the Debtors under 11 U.S.C. § 503(b) for the period from the commencement of these chapter 11 cases through May 31, 2009.

          C.      Ontario was properly served with the Notice Of Deadline To File Motion For Leave To File Late Administrative Expense Claim With Respect To Late Administrative Expense Claim Filed By Ontario Specialty Contracting, Inc. (Administrative Expense Claim No. 19873) (Docket No. 21863).

          D.      This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334. The matters raised by the Pleadings are core proceedings under 28 U.S.C. § 157(b)(2). Venue of these cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

E. For the reasons stated by this Court at the Hearing, which, with the foregoing recitals, constitute the Court's findings of fact and conclusions of law, Ontario has failed to establish excusable neglect to justify its failure to timely file a proof of administrative expense claim by the Administrative Claim Bar Date, and proof of administrative expense claim number 19873 is barred as untimely pursuant to the Modification Procedures Order and is therefore disallowed.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is denied with prejudice.

2. Proof of administrative expense claim number 19873 filed by Ontario is disallowed and expunged in its entirety and no distribution shall be made on account of such claim from the Debtors' estates or by the Reorganized Debtors; *provided*, *however*, that Ontario shall retain any rights of setoff or recoupment it may have against the Reorganized Debtors in the proceedings entitled <u>Delphi Automotive Systems, LLC v. Ontario Specialty Contracting, Inc.</u>, Case No. I2009010438 (N.Y. Sup. Ct. Erie County).

3. Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

4. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: White Plains, New York
       July 16, 2012

/s/ Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE