**Hearing Date and Time: July 26, 2012 at 10:00 a.m. (prevailing Eastern time)**
**Response Date and Time: July 19, 2012 at 4:00 p.m. (prevailing Eastern time)**

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, Michigan  48226
(313) 225-7000
Cynthia J. Haffey

380 Madison Avenue, 22nd Floor
New York, New York 10017
*Attorneys for DPH Holdings Corp., et al.,*
       *Reorganized Debtors*

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., et al. | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| Reorganized Debtors. | |

MOTION OF DPH HOLDINGS CORP. FOR FINAL DECREE AND ORDER
PURSUANT TO 11 U.S.C. § 350(a), FED. R. BANKR. P. 3022, AND LOCAL R.
BANKR. P. 3022-1 CLOSING CHAPTER 11 CASES OF FIVE FILING DEBTORS

DPH Holdings Corp. ("DPH Holdings"), on behalf of itself and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), successors to Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), submits this Motion For Final Decree And Order Pursuant To 11 U.S.C. § 350(a), Fed. R. Bankr. P. 3022, And Local R. Bankr. P. 3022-1 Closing Chapter 11 Cases Of Five Filing Debtors (the "Motion"), and in support of the Motion states as follows:

Background

1.      On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed 42 voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"). This Court entered orders directing the joint administration of the Debtors' chapter 11 cases (Docket Nos. 28 and 404).

2.      On December 10, 2007, the Debtors filed their first amended joint plan of reorganization (the "Plan") (Docket No. 11386) and related disclosure statement (Docket No. 11388). On January 25, 2008, the Court entered an order (the "Confirmation Order") (Docket No. 12359) confirming the Plan (as modified) (the "Confirmed Plan"), and the Confirmation Order became final on February 4, 2008.

3.      On October 3, 2008, the Debtors filed a motion under 11 U.S.C. § 1127 for an order approving (i) certain modifications to the Confirmed Plan and related disclosure statement and (ii) related procedures for re-soliciting votes on the Confirmed Plan, as modified (the "Plan Modification Motion") (Docket No. 14310).  On June 1, 2009, the Debtors filed a supplement to the Plan Modification Motion (the "Motion Supplement"), which sought approval of (i) certain

2

modifications to the Confirmed Plan (the "Modified Plan"), (ii) supplemental disclosure, and (iii) procedures for re-soliciting votes on the Modified Plan.  On July 30, 2009, this Court entered an order approving the Modified Plan (the "Modification Approval Order") (Docket No. 18707).

4.      On October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the Modified Plan and closed the transactions under the Master Disposition Agreement ("MDA"),[1] dated as of July 30, 2009, by and among Delphi, GM Components Holdings, LLC, General Motors Company, Motors Liquidation Company (f/k/a General Motors Corporation), DIP Holdco 3 LLC (which assigned its rights to DIP Holdco LLP, subsequently renamed Delphi Automotive LLP, a United Kingdom limited liability partnership), and the other sellers and buyers that were parties to the MDA.  In connection with the MDA, DIP Holdco LLP, through various subsidiaries and affiliates, acquired substantially all of the Debtors' global core businesses, and GM Components Holdings, LLC and Steering Solutions Services Corporation acquired certain U.S. manufacturing plants and the Debtors' non-core steering business, respectively.

5.      On or prior to the Effective Date, (a) certain of the Debtors, including, without limitation, Delphi Foreign Sales Corporation, were dissolved, and (b) the Reorganized Debtors emerged from reorganization as DPH Holdings and affiliates and remained responsible for the post-Effective Date administration of these chapter 11 cases, including the disposition of certain retained assets, the payment of certain retained liabilities as provided for under the Modified Plan, and the eventual closing of the cases.[2]

---

[1] Capitalized terms used but not defined in this Motion have the meanings ascribed to them in the Modified Plan.
[2] Two of the Debtor entities not subject to the relief sought by this Motion, Delphi China LLC and Delphi Technologies, Inc., were acquired by Delphi Automotive LLP through a stock sale.

6.      On October 21, 2009, the Reorganized Debtors filed their Closing Report In Chapter 11 Cases (the "Closing Report") (Docket No. 18994) pursuant to Rule 3022-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").  The Closing Report describes: (a) the fees and expenses allowed and pending for the Debtors' legal professionals retained by the Debtors pursuant to section 327 of the Bankruptcy Code for the period from October 8, 2005 through January 25, 2008, (b) the fees and expenses allowed and pending to the Debtors' other professionals for the period from October 8, 2005 through January 25, 2008, and (c) the steps taken to consummate the Modified Plan, including the initial distributions made under the Modified Plan.

7.      As of the filing of this Motion, the Reorganized Debtors have completed the process of reconciling all claims and have fully consummated the Modified Plan[3] with respect to the five chapter 11 cases of the filing Debtors identified in Exhibit A attached to this Motion (collectively, the "Closing Debtors").  All motions, contested matters, and adversary proceedings will be finally resolved with respect to the Closing Debtors prior to the hearing on this Motion.

8.      The relief requested in this Motion may be afforded by this Court pursuant to section 350(a) of the Bankruptcy Code, rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3022-1 of the Local Rules.

---

[3] As set forth in the Closing Report and as described in section 3.2.3 of the MDA, if and to the extent the Company Buyer makes distributions to its members in accordance with the Company Buyer Operating Agreement in excess of $7.2 billion, an amount equal to $32.50 for every $67.50 so distributed in excess of $7.2 billion will be distributed to the holders of General Unsecured Claims.  In no event, however, will the distribution under the Modified Plan to the holders of General Unsecured Claims exceed $300 million in the aggregate.

Jurisdiction

9.      This Court has subject matter jurisdiction to consider this matter pursuant to 28

U.S.C. §§ 157 and 1334, article 13 of the Modified Plan, and paragraphs FF and 56 of the

Modification Approval Order.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue

is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

Relief Requested

10.     Pursuant to section 350 of the Bankruptcy Code, Bankruptcy Rule 3022, and

Local Rule 3022-1, DPH Holdings requests that this Court enter a final decree and order (the

"Final Decree and Order"), (i) closing the chapter 11 cases of the Closing Debtors and (ii)

retaining jurisdiction to enforce or interpret its own orders pertaining to the Closing Debtors

including, but not limited to, the Modification Approval Order and the Final Decree and Order.

Applicable Authority

11.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully

administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C.

§ 350(a),   See also Fed. R. Bankr. P. 3022 ("After an estate is fully administered in a chapter 11

reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a

final decree closing the case.") and Local Rule 3022-1.

12.     The term "fully administered" is not defined in the Bankruptcy Code or the

Bankruptcy Rules.  However, it is clear that a "…bankruptcy court must ensure that no motions,

contested matters or adversary proceedings remain to be decided." *In re IDC Services., Inc*.,

1998 U.S. Dist. LEXIS 13449 at *8 (S.D.N.Y. 1998).

13.     Courts frequently consider the six factors listed in the 1991 Advisory

Committee's Notes to Bankruptcy Rule 3022 in deciding whether to close a chapter 11 case.

*See, e.g.*, *IDC Services, supra,* at *9; *In re Aquatic Development Group, Inc.,* 352 F.3d 671, 676 n. 5 (2nd Cir. 2003); and *In re Gates Community Chapel of Rochester, Inc.*, 212 B.R. 220, 223-24 (Bankr. W.D.N.Y. 1997).  Those six factors are:

(a)   whether the order confirming the plan has become final;

(b)   whether deposits required by the plan have been distributed;

(c)   whether the property proposed by the plan to be transferred has been transferred;

(d)   whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

(e)   whether payments under the plan have commenced; and

(f)   whether all motions, contested matters and adversary proceedings have been finally resolved.

14.   The six factors identified by the Advisory Committee are merely guidelines and each of the factors need not be present before a court enters a final decree.  *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990).

15.   Other courts have determined whether closing a bankruptcy matter is appropriate by focusing upon whether or not the case has reached the point of "substantial consummation" as defined in section 1101(2) of the Bankruptcy Code. *See, e.g.*, *IDC Services.*, *supra* at *9 (citing *In re Walnut Assocs. v. Saidel*, 164 B.R. 487, 492 (E.D. Pa. 1994) and *In re BankEast Corp.*, 132 B.R. 665, 668 n.3 (Bankr. D. N.H. 1991)). *See also In re Gates Community Chapel, supra,* at p. 224.  Substantial consummation, as defined in section 1102(2) of the Bankruptcy Code, means (a) the transfer of all or substantially all of the property proposed by the plan to be transferred;

(b) the assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (c) the commencement of distribution under the plan.

16.    Here, the entry of a final decree as to the Closing Debtors is appropriate.  No motions, contested matters, or adversary matters remain to be decided.  All six factors set forth in the Advisory Committee's Notes have been satisfied with respect to each of the Closing Debtors' reorganization cases.  Specifically, (a) the Modified Plan was approved on July 30, 2009 pursuant to a final order of this Court, (b) there are no deposits that need to be distributed with respect to the Closing Debtors, (c) the property proposed to be transferred pursuant to the Modified Plan has been transferred with respect to each of the Closing Debtors, (d) DPH Holdings is managing the assets of the Reorganized Debtors in accordance with the Modified Plan, (e) DPH Holdings has commenced distributions under the Modified Plan and will make the distributions on account of Allowed Claims set forth in the Modified Plan, and (f) all motions, contested matters, and adversary proceedings will be finally resolved with respect to each Closing Debtor prior to entry of the Final Decree and Order.[4]  Likewise, each of the cases of the Closing Debtors has reached the point of "substantial consummation" as defined in section 1101(2) of the Bankruptcy Code.

17.    As suggested by the Advisory Committee's Notes and as stated in *In re Gates Community Chapel, supra* at p. 224, "…a bankruptcy court should not maintain its jurisdiction only because of a mere possibility that such jurisdiction may be invoked by the parties in the

---

[4]    As this Court is aware, certain Avoidance Actions, including, without limitation, those Retained Actions set forth on Exhibit 7.19 of the Modified Plan, were filed by the Debtors in these chapter 11 cases. With respect to the Retained Actions, at the July 22, 2010 hearing, this Court issued a bench ruling requiring the Reorganized Debtors to file motions to amend each complaint (with a complaint attached) within 45 days. *In re DPH Holdings Corp.,* Hr'g Tr. at 234, 276-77, July 22, 2010. The amended complaints have been filed and name the particular Debtor entities who will be plaintiffs in the Retained Actions.  Any Avoidance Actions that involved the Closing Debtors have been resolved.

future, and the entry of a final decree in no way deprives the court of jurisdiction to reopen the case, enforce or interpret an Order or determine a pertinent issue."

18.     The chapter 11 cases of DPH Holdings and certain other Reorganized Debtors will remain open to complete the administration and implementation of the Modified Plan until a final decree is entered in those cases.  Therefore, the closing of the Closing Debtors' cases will not impact the continued implementation of the Modified Plan.  Furthermore, closing the chapter 11 cases of the Closing Debtors will result in cost savings for the Reorganized Debtors, as they will no longer need to pay ongoing quarterly fees for the Closing Debtors.

19.     As set forth above and in accordance with the requirements of Local Rule 3022-1, the Closing Report was filed on October 21, 2009.

20.     Counsel for the Reorganized Debtors discussed the relief requested herein, and the filing of this Motion, with the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee").

21.     For all of the foregoing reasons, it is appropriate for this Court to enter a final decree closing the Closing Debtors' chapter 11 cases.

Notice

22.     Notice of this Motion has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Twenty-Seventh Supplemental Order Under 11 U.S.C. §§ 102(l) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

And Administrative Procedures, entered April 20, 2012 (Docket No. 21865). In light of the

nature of the relief requested, DPH Holdings submits that no other or further notice is necessary.

WHEREFORE, DPH Holdings respectfully requests that this Court enter a final decree

and order (a) closing the chapter 11 cases of the Closing Debtors and (b) granting DPH Holdings

and the Closing Debtors such other and further relief to which they are entitled.  A proposed

form of such final decree and order is attached to this Motion for this Court's consideration.


Dated:    Detroit, Michigan
          July 6, 2012

                Respectfully submitted,

                BUTZEL LONG, a professional corporation

                By:    /s/ Cynthia J. Haffey
                     Cynthia J. Haffey
                     Thomas B. Radom
                150 West Jefferson, Suite 100
                Detroit, Michigan 48226
                (313) 225-7000

                380 Madison Avenue, 22nd Floor
                New York, New York 10017
                *Attorneys for DPH Holdings Corp., et al.,*
                *Reorganized Debtors*


141814.0003 / #1354925v1