BUTZEL LONG, a professional corporation
Attorneys for DPH Holdings Corp., et al.
Cynthia J. Haffey
150 W. Jefferson, Suite 100
Detroit, Michigan 48226
313-983-7434

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re:                                                       :    Chapter 11
                                                             :    Case No. 05-44481 (RDD)
DPH HOLDINGS CORP., et al.,                                  :    (Post Confirmation)
                                                             :
     Reorganized Debtors,                                  :
                                                             :
-------------------------------------------------------------x

## JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED DEBTORS AND STEERE ENTERPRISES, INC. PROVIDING STEERE ENTERPRISES, INC. AN ALLOWED GENERAL UNSECURED NON-PRIORITY CLAIM PURSUANT TO 11 U.S.C. § 502(h)

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and Steere Enterprises, Inc. ("Steere") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors And Steere Enterprises, Inc. Providing Steere Enterprises, Inc. An Allowed General Unsecured Non-Priority Claim Pursuant To 11 U.S.C. § 502(h), and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on or about September 26, 2007, the Debtors commenced an adversary proceeding (the "Adversary Proceeding") by filing a complaint (the "Complaint") to avoid and recover certain amounts (the "Transfers") from Steere.

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the consummation of the Modified

1

Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

WHEREAS, pursuant to section 7.19 of the Modified Plan, the Reorganized Debtors in their sole and absolute discretion retained the right to pursue the claims and causes of action asserted in the Complaint and to settle, release or compromise such claims and causes of action without further approval of this Court.

WHEREAS, the Reorganized Debtors and Steere entered into a settlement agreement dated June 15, 2012 (the "Settlement Agreement") to resolve the Adversary Proceeding with respect to the Transfers, pursuant to which the Reorganized Debtors and Steere agreed, *inter alia,* that pursuant to 11 U.S.C. §502(h), Defendant should be provided with an allowed general unsecured non-priority claim in the amount as set forth in the Settlement Agreement.

NOW, THEREFORE, the Reorganized Debtors and Defendant stipulate and agree as follows:

1. Pursuant to 11 U.S.C. § 502(h), Defendant shall receive an allowed general unsecured non-priority claim against DPH-DAS LLC in accordance with the terms of the Modified Plan in the amount set forth in the Settlement Agreement.

2. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

*[Remainder of page intentionally left blank.]*

So Ordered in White Plains, New York, this 8th day of August, 2012.

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

Agreed to and approved for entry by:

Dated:   Detroit, Michigan          BUTZEL LONG, a professional corporation
         August 7, 2012              By:

                                    /s/ Cynthia J. Haffey
                                    Cynthia J. Haffey
                                    150 W. Jefferson, Suite 100
                                    Detroit, Michigan 48226
                                    *Attorneys for Reorganized Debtors*

Dated:  Akron, Ohio                 BROUSE McDOWELL
        August 7, 2012              By:

                                    /s/ Marc B. Merlin
                                    Marc B. Merklin
                                    388 S. Main Street, Suite 500
                                    Akron, OH 44311
                                    *Attorneys for Steere Enterprises, Inc.*

3