SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Albert L. Hogan, III
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | : | (Jointly Administered) |

JOINT STIPULATION AND AGREED ORDER RESOLVING (I) LETTER FROM JAMES MICHAEL GRAI DATED SEPTEMBER 3, 2011, (II) DEBTORS' MOTION PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE TO MODIFY AUTOMATIC STAY AND NOTICE OF MOTION FOR JOINDER OF PARTIES, AND (III) AMENDED MOTION OF JAMES GRAI PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE TO MODIFY AUTOMATIC STAY AND AMENDED MOTION FOR JOINDER OF PARTIES

1

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), James Michael Grai and certain other workers' compensation claimants, ACE American Insurance Company ("ACE"), Pacific Employers Insurance Company ("Pacific," and together with ACE, the "ACE Companies"), and General Motors Company ("GM") respectfully submit this Joint Stipulation And Agreed Order Resolving (I) Letter From James Michael Grai Dated September 3, 2011, (II) Debtors' Motion Pursuant To Section 362 Of The Bankruptcy Code To Modify Automatic Stay And Notice Of Motion For Joinder Of Parties, And (III) Amended Motion Of James Grai Pursuant To Section 362 Of The Bankruptcy Code To Modify Automatic Stay And Amended Motion For Joinder Of Parties (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York (the "Court").

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which this Court approved pursuant to an order entered July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

WHEREAS, on January 28, 2010, the Court entered an Order Granting Joint Motion Of State Of Michigan Workers' Compensation Agency And Funds Administration To Stay Order And Adversary Proceeding Pending Appeal in ACE American Ins. Co. v. Delphi

2

    Pg 3 of 7

Corp. (In re DPH Holdings Corp.), Adversary Proceeding No. 09-01510 (RDD) (the "Adversary Proceeding").

WHEREAS, on September 3, 2011, Mr. Grai wrote a letter to the Court, which was filed on September 14, 2011, requesting that the Court lift the automatic stay to permit the Michigan Workers' Compensation Agency (the "Agency") and/or the Michigan Funds Administration (the "Funds," and together with the Agency, the "Michigan Defendants") to disburse workers' compensation benefits to Mr. Grai and other former employees of the Debtors (Docket No. 21574) (the "Letter").

WHEREAS, on October 20, 2011, Mr. Grai filed a Debtors' [sic] Motion Pursuant To Section 362 Of The Bankruptcy Code To Modify Automatic Stay and a Notice Of Motion For Joinder Of Parties (Docket No. 21665) (the "Motions").

WHEREAS, on October 21, 2011, Mr. Grai filed the Amended Motion Of James Grai Pursuant To Section 362 Of The Bankruptcy Code To Modify Automatic Stay and an Amended Motion For Joinder Of Parties (Docket No. 21682) (the "Amended Motions").

WHEREAS, the ACE Companies' potential liability for certain workers' compensation claims under certain insurance policies (the "Policies") is the subject of the Adversary Proceeding.

WHEREAS, on August 10, 2012, the Court entered the Order Granting In Part And Denying In Part Plaintiffs' Emergency Motion Pursuant To 11 U.S.C. § 105(a) And Federal Rules Of Bankruptcy Procedure 7065 For An Injunctive Order (Ad. Pro. Case No. 09-01510 Docket No. 142).

WHEREAS, to resolve the Letter, the Motions, and the Amended Motions, the parties to this Stipulation have identified three categories of workers' compensation claims which

3

do not implicate the Policies, the automatic stay, any provision of the Modified Plan or any prior order of this Court, and which can and should be allowed to proceed in the appropriate state tribunal: (i) claims that do not implicate the Reorganized Debtors (the "Non-DPH Claims"), (ii) claims that have been assumed by GM (the "GM Assumed Claims"), and (iii) claims that fall outside of the dates of coverage of the Policies (the "Date Excluded Claims").

NOW, THEREFORE, the Reorganized Debtors, Mr. Grai, the ACE Companies, and GM stipulate and agree as follows:

1. The Letter, the Motions, and the Amended Motions are hereby withdrawn without prejudice.

2. Subject to paragraph 5 of this Order, the Non-DPH Claims, listed in Exhibit A hereto, do not implicate the Policies and may proceed in the appropriate state tribunal.

3. Subject to paragraph 5 of this Order, the GM Assumed Claims, listed in Exhibit B hereto, do not implicate the Policies and may proceed in the appropriate state tribunal.

4. Subject to paragraph 5 of this Order, the Date Excluded Claims, listed in Exhibit C hereto, do not implicate the Policies and may proceed in the appropriate state tribunal.

5. Prior to proceeding in a Michigan tribunal, the applicable claimant must sign a notarized acknowledgement attached hereto as Exhibit D (the "Acknowledgement").  No claimant may proceed unless he or she delivers the Acknowledgement to (i) counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP (Att'n:  John K. Lyons, Albert L. Hogan, III, and Louis S. Chiappetta) at the following email addresses: john.lyons@skadden.com, al.hogan@skadden.com, and louis.chiappetta@skadden.com, and (ii) counsel to the ACE Companies, Duane Morris LLP (Att'n:  Lewis R. Olshin and William C.

Heuer) at the following email addresses: olshin@duanemorris.com and wheuer@duanemorris.com (collectively the "Notice Parties").

6. Nothing in this Stipulation is intended to adjudicate the merits of any workers' compensation claim or to determine any claimant's entitlement to relief. The parties hereto expressly reserve all defenses they may have with respect to any workers' compensation claim that is allowed to proceed under the terms of this Stipulation, including, without limitation, the reservations set forth in paragraph 5 of the August 10, 2012 Order (Ad. Pro. Case No. 09-01510 Docket No. 142).

7. In the event that the potential liability of any of the ACE Companies or any of the Reorganized Debtors is implicated (despite the current belief of the parties to this Stipulation to the contrary) in any proceeding that is permitted to go forward, the applicable claimant will take all actions necessary to obtain an adjournment of such proceeding. In addition, the applicable claimant must provide notice of such implication to the Notice Parties in the same manner described in paragraph 5 of this Order. For the avoidance of doubt, the applicable claimant will not seek to collect from the Policies, assert or argue that the Policies provide coverage for the claimant's claim, or otherwise implicate the Policies in any manner in the Michigan tribunals with respect to the Non-DPH Claims, the GM Assumed Claims, and the Date Excluded Claims.

8. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 27th day of August, 2012

   /s/Robert D. Drain                 

UNITED STATES BANKRUPTCY JUDGE

Signature page to follow

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ Albert L. Hogan, III | /s/ Michael P. Doud |
| John Wm. Butler, Jr. | Michael P. Doud |
| John K. Lyons | 1121 North Michigan Avenue |
| Albert L. Hogan, III | Saginaw, Michigan 48602 |
| Ron E. Meisler | |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Attorney for James M. Grai and other claimants |
| 155 North Wacker Drive | |
| Chicago, Illinois 60606 | |

 - and -

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

| | |
|---|---|
| Michael A. Gruskin | Lewis R. Olshin |
| Michael A. Gruskin | William C. Heuer |
| General Motors Company | Wendy M. Simkulak |
| 300 GM Renaissance Center, | DUANE MORRIS LLP |
| P.O. Box Mail Code 482-C39-B40 | 1540 Broadway, 14th Floor |
| Detroit, Michigan | New York, NY 10036-4086 |
| | |
| | and |
| | |
| Attorney for General Motors Company | Lewis R. Olshin |
| | Margery N. Reed |
| | DUANE MORRIS LLP |
| | 30 South 17th Street |
| | Philadelphia, PA 19103-4196 |
| | |
| | Attorneys for the ACE Companies |