**Hearing Date:  October 25, 2012**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036


Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
|  | : | (Jointly Administered) |
| Reorganized Debtors. | : |  |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES WITH
RESPECT TO PROOF OF ADMINISTRATIVE CLAIM NUMBER 19275**

**("STATEMENT OF DISPUTED ISSUES –
U.S. CUSTOMS AND BORDER PROTECTION")**

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Administrative Claim Number 19275 filed by U.S. Customs and Border Protection ("CBP" or the "Claimant") and respectfully represent as follows:

<u>Background</u>

1.    On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.    On July 15, 2009, CBP filed proof of administrative expense claim number 19275 against Delphi, which asserts (a) an administrative expense claim in the amount of $5,897,837.63 and (b) unliquidated and/or contingent claims (the "Claim").

3.    On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

2

4.      On March 19, 2010, the Reorganized Debtors objected to the Claim pursuant to Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge Certain Administrative Expense (A) Books And Records Claims, (B) Methode Electronics Claims, (C) State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E) Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims, And (I) Severance Claims, (II) Disallow And Expunge (A) A Certain Duplicate Workers' Compensation Claim, (B) A Certain Duplicate Tax Claim, And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers' Compensation Claims And (B) Workers' Compensation Claims, And (IV) Allow Certain Administrative Expense Severance Claims (Docket No. 19711) (the "Forty-Sixth Omnibus Claims Objection").

5.      On April 16, 2010, the United States of America filed the Response Of The United States Of America To Reorganized Debtors' Objections To The Administrative Expense Claims Of The United States Of America (Docket No. 19867) (the "Response").

6.      On August 21, 2012, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proof Of Administrative Expense Claim Number 19275 (Docket No. 21947), scheduling an evidentiary hearing on the merits of the Claim for October 25, 2012, at 10:00 a.m. (prevailing Eastern Time) in this Court.

<u>Disputed Issues</u>

A.      <u>Delphi Corporation Does Not Owe The Amount Asserted In The Proof Of Claim</u>

7.      CBP asserts that Delphi owes CBP (a) an administrative expense claim in the amount of $5,897,837.63 based on (i) liquidated damages totaling $5,000,896.00 for certain

3

CBP case numbers[1] (the "CBP Case Claims"), (ii) fines and penalties totaling $55,068.04[2] (the

"CBP Fines"), (iii) $830,380,22 related to unliquidated accelerated drawback entries[3] (the

"Drawback Entry Claims"), and (iv) interest amounts totaling $12,389.37 related to certain entry

numbers[4] (the "Interest Claims"), and (b) unliquidated and/or contingent claims (the "Contingent

Claims").  The Reorganized Debtors have reviewed the information attached to the Claim and

the Response and dispute the amount asserted in the Claim.

        8.     <u>The CBP Case Claims Have Been Resolved.</u>  In the Claim, CBP asserts

that the Debtors did not properly transmit and pay entry summaries in certain ports of entry

under case numbers: 2009-3801-200752-01, 2009-3801-200853-01, 2009-3801-201003-01, and

2009-3901-200295-01.  As illustrated in the following chart, all cases related to the CBP Case

Claims have been mitigated and resolved.

---

[1]     The CBP case numbers listed in the Claim are: 2009-3801-200752-01, 2009-3801-200853-01, 2009-3801-201003-01, and 2009-3901-200295-01.

[2]     The fines and penalties listed in the Claim are related to CBP case number 2009-2304-300020-01.

[3]     The unliquidated accelerated drawback entries listed in the Claim relate to entry numbers WY7-10030682, WY7-10031854, WY7-10031862, WY7-10031870, WY7-10031888, WY7-10031896, WY7-10031912, WY7-10032035, WY7-10032043, WY7-10032472, WY7-10032480, WY7-10032514, and WY7-10033132.

[4]     The interest amounts listed in the Claim are relate to entry numbers 300-48329608, 300-48329855, 300-48330069, 300-48330085, and 300-48330259.

4

CBP Case Claims

| CBP Case Number | Amount | Status |
|---|---|---|
| 2009-3801-200752-01 | $331,392.00 | CBP mitigated and settled the case for $400 on 8/13/09. Paid on check 0900768117 on 8/21/09. |
| 2009-3801-200853-01 | $5,000,000.00 | CBP mitigated and settled the case for $500 on 3/10/10. Paid on check 0900781471 on 4/2/10. |
| 2009-3801-201003-01 | $5,000,000.00 | CBP mitigated and settled the case for $500 on 3/10/10. Paid on check 0900781472 on 4/2/10. |
| 2009-3901-200295-01 | $896.00 | CBP mitigated and settled the case for $100 on 6/25/09. Paid on DHL check 01278813 on 7/15/09. |
| | | |
| **Total** | **$5,000,896.00[5]** | All amounts satisfied. |

Therefore, $5,000,896.00 should be subtracted from the amount claimed.

9.      The CBP Fines Are Resolved.   In the Claim, CBP asserts that the

Debtors owe fines and penalties under case number 2009-2304-30020-01.  However, CBP

mitigated and settled case number 2009-2304-30020-01 for $6,883.51 on September 29, 2009.

The Reorganized Debtors remitted payment on October 14, 2009 on check number 0900771708.

Therefore, $55,068.04 should be subtracted from the amount claimed.

10.      The Drawback Entry Claims Have Been Resolved.  In the Claim, CBP

asserts that the Drawback Entry Claims were refunds paid to the Debtor, but not yet liquidated.

When an accelerated drawback refund is requested and paid by CBP, CBP may ultimately

determine that such amounts are subject to being returned to CBP during a liquidation process.

As illustrated in the following chart, all entry numbers related to the Drawback Entry Claims

have been liquidated and resolved.

---

[5]      According to the attachments to the Claim, the maximum liability for the CBP Case Claims totaled
$5,000,896.00.

Drawback Entry Claims

| Entry Number | Amount | Status |
|---|---|---|
| WY7-10030682 | $89,137.23 | Refund received on 10/14/08. Entry liquidated as entered on 7/23/10. |
| WY7-10031854 | $89,947.15 | Refund received on 11/17/08. Entry liquidated as entered on 7/23/10. |
| WY7-10031862 | $68,075.30 | Refund received on 11/17/08. Entry liquidated as entered on 7/23/10. |
| WY7-10031870 | $86,120.26 | Refund received on 11/17/08. Entry liquidated as entered on 7/23/10. |
| WY7-10031888 | $86,220.54 | Refund received on 11/17/08. Entry liquidated as entered on 7/23/10. |
| WY7-10031896 | $88,428.97 | Refund received on 11/17/08. Entry liquidated as entered on 7/23/10. |
| WY7-10031912 | $46,285.49 | Refund received on 11/17/08. Entry liquidated as entered on 7/23/10. |
| WY7-10032035 | $2,750.96 | Refund received on 12/3/08. Entry liquidated as entered on 9/17/10. |
| WY7-10032043 | $24,881.70 | Refund received on 11/24/08. Entry liquidated as entered on 7/23/10. |
| WY7-10032472 | $84,994.79 | Refund received on 1/12/09. Entry liquidated as entered on 4/2/10. |
| WY7-10032480 | $82,829.88 | Refund received on 1/12/09. Originally liquidated for $0 on 4/29/11. Protest filed on 10/26/11 and approved by CBP on 6/4/12. Re-liquidated as entered on 6/8/12. |
| WY7-10032514 | $71,687.20 | Refund received on 1/12/09. Entry liquidated as entered on 7/2/10. |
| WY7-10033132 | $9,020.75 | Refund received on 3/23/09. Entry liquidated as entered on 8/28/09. |
| | | |
| **Total** | **$830,380.22** | All amounts satisfied. |

Therefore, $830,380.22 should be subtracted from the amount claimed.

11.    The Interest Claims Have Been Paid In Full.  Based upon the Reorganized

Debtors' records and as reflected in the following chart, all amounts asserted in connection with

the Interest Claims have been paid in full.

| Entry Number | Amount | Status |
|---|---|---|
| 300-48329608 | $3,497.24 | Paid in full on 7/30/09 on check 0900766527. |
| 300-48329855 | $2,111.41 | Paid in full on 7/30/09 on check 0900766530. |
| 300-48330069 | $2,603.16 | Paid in full on 7/30/09 on check 0900766532. |
| 300-48330085 | $2,648.44 | Paid in full on 7/30/09 on check 0900766531. |
| 300-48330259 | $1,532.09 | Paid in full on 7/30/09 on check 0900766533. |
| | | |
| **Total** | **$12,389.97** | All amounts satisfied. |

Therefore, $12,389.37 should be subtracted from the amount claimed.

12.    CBP Has Not Asserted That The Debtors Owe Any Amounts Related To

The Contingent Claims.  In the Claim, CBP asserts that the Reorganized Debtors may owe

certain amounts with respect to certain unliquidated entries. According to the Reorganized

Debtors' records all amounts with respect to the unliquidated entries have been satisfied.  CBP, in

its Claim and the Response to the Reorganized Debtors' objection to the Claim, has not proven
any set of facts that support a right to payment from the Reorganized Debtors.   Accordingly, the
Reorganized Debtors assert that (a) CBP has not met its burden of proof to establish a claim
against the Debtors, (b) the Contingent Claims are not entitled to a presumption of prima facie
validity pursuant to Bankruptcy Rule 3001(f), and (c) the Contingent Claims fail to state a claim
against the Reorganized Debtors under Bankruptcy Rule 7012.

13.    After taking into account the above-referenced deductions to the Claim,
the Reorganized Debtors reconciled the Claim as illustrated in the following chart:

| Claimant's Asserted Amount | | $5,897,837.63 |
|---|---|---|
| Modifications | Resolved CBP Case Claims | $5,000,896.00 |
| | Resolved CBP Fines | $55,068.04 |
| | Resolved Drawback Entry Claims | $830,380.22 |
| | Resolved Interest Claims | $12,389.97 |
| | Contingent Claims | $0.00 |
| Reconciled Amount | | $0.00 |

14.    Moreover, the Reorganized Debtors' books and records for CBP reflect a
zero balance.  Accordingly, the Claim should be disallowed and expunged in its entirety.

<u>Reservation Of Rights</u>

15.    This Statement Of Disputed Issues is submitted by the Reorganized
Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R.
Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings
Regarding Objections To Claims And (II) Certain Notices And Procedures Governing

7

Objections To Claims (Docket No. 6089) (the "Procedures Order") and the Order Pursuant To 11

U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To

Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative

Claims Objection Procedures Order").  Consistent with the provisions of the Procedures Order

and the Administrative Claims Objection Procedures Order, the Reorganized Debtors'

submission of this Statement Of Disputed Issues is without prejudice to the Reorganized Debtors'

right to later (a) identify and assert additional legal and factual bases for disallowance,

expungement, reduction, or reclassification of the Claim and (b) identify additional

documentation supporting the disallowance, expungement, reduction, or reclassification of the

Claims.

        WHEREFORE the Reorganized Debtors respectfully request that this Court enter

an order (a) disallowing and expunging the Claim in its entirety and (b) granting the Reorganized

Debtors such other and further relief as is just.

Dated:      New York, New York
            August 28, 2012

                              SKADDEN, ARPS, SLATE, MEAGHER
                                & FLOM LLP

                              By:   /s/ John K. Lyons
                                    _____
                                    John Wm. Butler, Jr.
                                    John K. Lyons
                                    Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois 60606

                                    - and -

                              Four Times Square
                              New York, New York 10036

                              Attorneys for DPH Holdings Corp., et al.,
                                Reorganized Debtors