**Hearing Date and Time: September 13, 2012 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time: September 11, 2012 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
        In re                          :    Chapter 11
                                        :
DPH HOLDINGS CORP., et al.,      :    Case Number 05-44481 (RDD)
                                        :
                                        :    (Jointly Administered)
              Reorganized Debtors.    :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES OF
CLAIMANTS TO DEBTORS' OBJECTIONS TO PROOFS OF ADMINISTRATIVE EXPENSE
CLAIM NUMBERS 18719 AND 18720 FILED BY JOHNSON CONTROLS, INC. AND AFFILIATES

("SUPPLEMENTAL REPLY REGARDING
JCI'S CONTINGENT BREACH OF CONTRACT CLAIMS")

DPH Holdings Corp. ("DPH Holdings") and its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Claimants To Debtors' Objections To Proofs Of Administrative Expense Claim Numbers 18719 and 18720 Filed By Johnson Controls, Inc. And Affiliates (the "Supplemental Reply"), and respectfully represent as follows:

A.    <u>Background</u>

1.    On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.    On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi emerged from chapter 11 as DPH Holdings Corp.

3.    On June 27, 2012, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Administrative Expense Claim Numbers 18719 and 18720 (Docket No. 21917) (the "Sufficiency Hearing Notice").

4.    The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting

2

to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and
making distributions (if any) with respect to all Claims and Interests."  Modified Plan, art. 9.6(a).

5.      By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To
11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014
Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices
And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089)
(the "Claims Objection Procedures Order") and the Nineteenth Supplemental Order Pursuant To
11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014
Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices
And Procedures Governing Objections To Claims, entered April 20, 2012 (Docket No. 21864),
the Reorganized Debtors scheduled a sufficiency hearing (the "Sufficiency Hearing") to address
the legal sufficiency of each proof of claim filed by the claimants listed on the Sufficiency
Hearing Notice and whether each such proof of claim states a colorable claim against the
asserted Debtor.

6.      This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the
Claims Objection Procedures Order.  Pursuant to paragraph 9(b)(ii) of the Claims Objection
Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this
Supplemental Reply, the Claimant shall file and serve its response no later than two business
days before the scheduled Sufficiency Hearing – i.e., by **September 11, 2012.**

B.      Relief Requested

7.      By this Supplemental Reply, the Reorganized Debtors request entry of an
order disallowing and expunging certain proofs of administrative expense claim filed by Johnson
Controls, Inc. Power Solutions ("JCI Power") and Johnson Controls Battery Group, Inc.

3

("JCBGI," and together with JCI Power, "JCI" or "Claimants") asserting breach of contract and

contingent breach of contract claims.

C.    <u>Breach of Contract and Contingent Breach of Contract Claims</u>

8.    During their review of the proofs of administrative expense claim filed in

these cases, the Debtors determined that certain proofs of administrative expense claim filed by

JCI assert breach of contract and contingent breach of contract claims that are not owing

pursuant to the Reorganized Debtors' books and records.  The Reorganized Debtors believe that

JCI is not a creditor of the Debtors with respect to the breach of contract claims or contingent

breach of contract claims asserted in these proofs of administrative expense claim.  Accordingly,

this Court should enter an order disallowing and expunging each of proofs of administrative

expense claim numbers 18719 and 18720 in their entirety.

9.    <u>The Claims Asserted Against The Debtors</u>.  On July 14, 2009, JCI Power

filed proof of claim number 18719 against Delphi asserting an administrative expense claim in

the amount of $10,148,941 plus oversight costs, based on an existing and future breach of a

Transfer Agreement Relating to Transfer of Delphi's New Brunswick Battery Facility to JCI

dated May 26, 2006 ("Claim 18719").

10.    On July 14, 2009, JCBGI filed proof of claim number 18720 against

Delphi asserting an administrative expense claim in the amount of $13,058,705 plus oversight

costs, based on existing and future breach of a Transfer Agreement Relating to Transfer of

Delphi's New Brunswick Battery Facility to JCI dated May 26, 2006 ("Claim 18720," and

together with Claim 18720, the "Claims").

11.    <u>The Debtors' Objections To The Claims</u>.  On March 19, 2010, the Debtors

filed the Debtors' Forty-Sixth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section

502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B)

4

Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax

Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And

Modified Claims Asserting Reclamation (Docket No. 19711) (the "Forty-Sixth Omnibus Claims

Objection"), by which the Debtors objected to the Claims based on the fact that such amounts

were not owing pursuant to the Debtors' books and records or such amounts were subject to

modification.

12.    JCI's Response To The Debtors' Objections.  On April 15, 2010, JCI filed

its response to the Forty-Sixth Omnibus Claims Objection (Docket No. 19843), in which it

asserts that (a) the Debtors have breached the Transfer Agreement underlying the Claims, (b)

such breaches have given rise to claims by Claimants, and (c) the Debtors could again, in the

future, breach the Transfer Agreement underlying Claims, which would give rise claims by the

Claimants (the "Response").

13.    The Sufficiency Hearing Notice.  Pursuant to the Claims Objection

Procedures Order, the hearing on the Debtors' objection to the Claims was adjourned to a future

date.  On June 27, 2012, the Reorganized Debtors filed the Sufficiency Hearing Notice with

respect to the Claims scheduling the Sufficiency Hearing for September 13, 2012.[1]

D.    Claimants' Burden Of Proof And Standard For Sufficiency Of Claim

14.    The Reorganized Debtors respectfully submit that the Claims fail to state a

claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").  Pursuant to Bankruptcy Rule 7012, a claimant must provide facts that

plausibly support a claim upon which relief can be granted. The Claimants have not proven any

---

[1]    The Sufficiency Hearing was adjourned from August 23, 2012 to September 13, 2012 pursuant to the Notice Of
Adjournment Of Sufficiency Hearing With Respect To Reorganized Debtors' Objections To Proofs Of
Administrative Expense Claim Numbers 18719 And 18720 (Docket No. 21943).

facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors. Accordingly, the Debtors' objections to each Claim should be sustained with respect to each such proof of claim, and this Court should enter an order disallowing and expunging each of proofs of administrative expense claim numbers 18719 and 18720 in their entirety.

15.     The burden of proof to establish a claim against the Debtors rests on the claimant and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f).  See, e.g., In re Spiegel, Inc., Nos. 03-11540, 06-CV-13477, 2007 WL 2456626, at *15 n.6 (S.D.N.Y. Aug. 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); see also In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111, 113 (D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to make a prima facie case).

16.     For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and

9014.  See H'rg Tr. 52:24-53:1, Jan. 12, 2007 (Docket No. 7118).  Pursuant to that standard, a

motion to dismiss should be granted if a claimant fails to make "'[f]actual allegations . . . enough

to raise a right to relief above the speculative level [to a plausible level],' assuming (of course)

that all the allegations in the complaint are true." Bradley v. Rell, 703 F. Supp. 2d 109, 115

(N.D.N.Y. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Essentially, a

claimant must provide facts that plausibly support a legal liability against the Debtors.

17.     This Court further established that the sufficiency hearing standard is

consistent with Bankruptcy Rule 3001(f), which states that "[a] proof of claim executed and filed

in accordance with these Rules shall constitute prima facie evidence of the validity and amount

of the claim."  Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a)

requires that the "proof of claim shall conform substantially to the appropriate Official Form"

and Bankruptcy Rule 3001(c) requires that "[w]hen a claim . . . is based on a writing, the original

or a duplicate shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(a), (c).  See H'rg Tr.

52:17-22, Jan. 12, 2007 (Docket No. 7118).

E.      Argument Regarding The Claims.

18.     Delphi Has Been, and Continues to be, in Compliance with New Jersey's

Industrial Site Recovery Act ("ISRA").  JCI asserts in its Claims and in its Response that the

Debtors have breached and may continue to breach the Transfer Agreement by failing to comply

with ISRA ("ISRA Claims").  Under the Transfer Agreement, Delphi was required to investigate

and clean up the property as required by the New Jersey Department of Environmental

Protection ("NJDEP"), in order to satisfy the requirements of ISRA. (Transfer Agreement,

Exhibit 3.6H § 4.1.)  Delphi agreed to indemnify JCI against damages resulting from Delphi's

breach of its covenants and warranties under the Transfer Agreement. (Transfer Agreement §

7.1.A.)  In its Response, JCI asserts that Delphi has breached and may continue to breach the

Transfer Agreement by failing to fully comply with ISRA. (Response at ¶ 17.) Specifically, JCI

asserts, Delphi has failed to: 1) provide adequate financial assurance for the cleanup of the site

beyond the initial amount provided, 2) address every area of NJDEP's concerns, and 3) establish

a fund to pay for ISRA compliance at the facility. (Response at ¶ 17.) In sum, JCI argues that

Delphi has breached and may continue to breach the Transfer Agreement. Thus, JCI argues that

JCI Power and JCBGI are entitled to indemnification for damages resulting from the breach of

contract, and JCBGI is entitled to indemnification for the contingent breach of contract.

(Response at ¶ 17.)

19.      Although JCI styles its ISRA Claims as breach of contract and contingent

breach of contract claims, the ISRA Claims are in fact nothing but contingent breach of contract

claims. In 2010, JCI filed a motion seeking an order compelling Delphi's compliance with ISRA

in connection with the Transfer Agreement (Docket No. 20656) (the "JCI Compliance Motion").

20.      However, in the letter dated November 17, 2010, by Rachel Lehr on

behalf of NJDEP (Docket No. 20817) ("NJDEP Letter"), NJDEP stated that "a cost estimate was

submitted in January and May 2010 that provided the necessary information back to the year

2006" and was therefore in compliance with ISRA.  Indeed, this Court overruled the JCI

Compliance Motion at the hearing held on November 18, 2010 and subsequently entered its

order at Docket No. 20847 (the "Order Denying JCI Compliance Motion").  Moreover, the

Reorganized Debtors have been and continue to be in compliance with ISRA (*See* January 24,

2012 letter, confirming the amount of the remediation trust and corresponding payments,

attached hereto as Exhibit A).

21.      The Contingent Breach of Contract Claims.  JCBGI, in its Response,

asserts that it is entitled to indemnification for liabilities that will accrue when Delphi ceases to

comply with its obligations under ISRA and the Transfer Agreement. (Response at ¶ 18.) JCBGI, in its proof of claim and the Response to the Debtors' objections to the Claims, has not proven any set of facts that support a right to payment from the Reorganized Debtors. In addition, this court has previously disallowed contingent claims of this nature subject to a claimant's rights under 11 U.S.C. 502(j)  (Docket No. 20208, attached hereto as Exhibit B).  Accordingly, the Reorganized Debtors assert that (a) JCI has not met its burden of proof to establish a claim against the Debtors, (b) the Claims are not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) the Claims fail to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012.  Because JCI cannot provide facts or law supporting their contingent breach of contract claims, the Fifteenth Omnibus Claims Objection should be sustained as to the Claims each such claim should be disallowed in its entirety, subject to the Claimants rights to reassert their claims under 11 U.S.C. 502(j).

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objections with respect to the Claims, (b) disallowing and expunging each of Claim 18719 and Claim 18720 in its entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated:    New York, New York
            August 31, 2012

                        SKADDEN, ARPS, SLATE, MEAGHER
                           & FLOM LLP

                      By:  /s/ John K. Lyons
                           John Wm. Butler, Jr.
                           John K. Lyons
                           Ron E. Meisler
                      155 North Wacker Drive
                      Chicago, Illinois 60606

                           - and -

                      Four Times Square
                      New York, New York 10036

                      Attorneys for DPH Holdings Corp., et al.,
                        Reorganized Debtors

10

**EXHIBIT A**



NJDEP – Enforcement & Assignment Element                January 24, 2012
Attn: Remediation Funding Source Coordinator
P.O. Box 028
401 East State St., 5th Floor
Trenton, NJ 08625


DPH-DAS LLC
Attn: President
5825 Delphi Drive
M/C 480-410-186
Troy, MI 48098


Re: Remediation Trust Fund Agreement entered September 22, 2006 by and between DPH-DAS
LLC, formerly known as Delphi Automotive Systems LLC ("Grantor") and JPMorgan Chase
Bank, N.A., formerly J.P. Morgan Trust Company, N.A. ("Trustee")

ISRA Case No.: E2006-0211, PI #546744, formerly 001849

Dear Remediation Funding Source Coordinator,

This is to confirm the value of the Fund as of December 30, 2011 was $1,829,569.24. For your
reference, please find enclosed a copy of the statement confirming the balance.

If we can be of further assistance, please contact the undersigned.


Sincerely,

Rory Nowakowski
Vice President
JPMorgan Chase Bank, NA
(312) 954-0159

**EXHIBIT B**

Docket #20208  Date Filed: 6/1/2010

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                              :
     In re                        :     Chapter 11
                              :
DPH HOLDINGS CORP., et al.,     :     Case No. 05-44481 (RDD)
                              :
          Reorganized Debtors. :     (Jointly Administered)
                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. §§ 502(b) AND FED. R. BANKR. P. 3007
RESOLVING PROOFS OF CLAIM NOS. 13776 AND 13881 FILED BY THE
NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL
CONSERVATION

("CLAIMS OBJECTION ORDER REGARDING
NYSDEC CLAIMS")

Upon the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient

Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims

Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims

Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"),

filed by Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"); and upon the New York

State Department of Environmental Conservation's ("NYSDEC") Response To Debtors' Third

Omnibus Claims Objection To Proofs Of Claim Nos. 13776 And 13881 (Docket No. 5734) (the

"Response"); and upon the Reorganized Debtors' Supplemental Reply To Responses Of Certain

Claimants To Debtors' Objections To Proofs Of Claim Nos. 13776 And 13881 Filed By The

New York State Department Of Environmental Conservation (Docket No. 19600) (the



"Supplemental Reply"); and upon the Supplemental Response Of The New York State

Department Of Environmental Conservation In Opposition To Reorganized Debtors'

Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To Proofs Of

Claim Nos. 13776 And 13881 (Docket No. 19683); and upon the Statement Of GM Components

Holdings LLC Regarding Claims Objection Between Reorganized Debtors And The New York

Department Of Environmental Conservation (Docket No. 19806 ); and upon the Reorganized

Debtors' Response To The Statement Of GM Components Holding LLC Regarding Claims

Objection Between Reorganized Debtors And The New York State Department Of

Environmental Conservation (the "Response to Components Statement") (Docket No. 19887);

and upon the Response Of The New York State Department Of Environmental Conservation To

The Statement Of GM Components Holding LLC Regarding Claims Objection Between

Reorganized Debtors And The New York State Department Of Environmental Conservation

(Docket No. 19905); and upon the Reply Statement of GM Components Holdings LLC

Regarding Claims Objection Between Reorganized Debtors and the New York Statement

Department of Environmental Conservation (Docket No. 19924) (together with the above

pleadings, the "Pleadings"); and upon the record of the April 23, 2010 sufficiency hearing held

on the Third Omnibus Claims Objection with respect to proofs of claim numbers 13776 and

13881; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.    Proof of claim number 13776 seeks the recovery of past and future

investigation and remediation costs associated with the property located at 1000 Lexington Ave.,

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.    See Fed. R. Bankr. P. 7052.

2

Rochester, New York (the "Rochester Facility").    Specifically, the claim asserts an

administrative expense claim in the amount of $9,955,768 for future investigation and

remediation costs (the "Future Costs Portion of Claim No. 13776").    It also seeks recovery of

$6,906.47 in oversight costs incurred by NYSDEC in connection with the Rochester Facility (the

"Past Costs Portion of Claim No. 13776").   The Past Costs Portion of Claim No. 13776 asserts

that NYSDEC incurred $2,459.20 prior to the commencement of the Reorganized Debtors'

bankruptcy proceedings and $4,447.27 after the filing of the Debtors' bankruptcy petition and

before the effective date of the Modified Plan.[2]

       B.    Proof of claim number 13881 seeks the recovery of past and future

investigation and remediation costs associated with the property located at 200 Upper Mountain,

Lockport, New York (the "Lockport Facility").   Specifically, the claim asserts an administrative

expense claim in the amount of $405,000 for future investigation and remediation costs at the

Lockport Facility (the "Future Costs Portion of Claim No. 13881" and, collectively with the

Future Costs Portion of Claim No. 13776, the "Future Cost Portions of the New York Claims").

It also seeks recovery of    $2,031.39 in oversight costs incurred by NYSDEC in connection with

the Lockport Facility (the "Past Costs Portion of Claim No. 13881" and collectively with the Past

Costs Portion of Claim No. 13776, the "Past Cost Portions of the New York Claims").   The Past

Costs Portion of Claim No. 13881 asserts that NYSDEC incurred $1,585.39 prior to the

commencement of the Reorganized Debtors' bankruptcy proceedings and $446 after the filing of

the Debtors' bankruptcy petition and before the effective date of the Modified Plan.

---

[2]   Capitalized terms used and not otherwise defined herein shall have the meanings subscribed to them in the
Response to Components Statement (Docket No. 19887).

3

C.    The Third Omnibus Claims Objection and Supplemental Reply sought the disallowance and expungement of the Future Cost Portions of the New York Claims.

D.    NYSDEC, the holder of proofs of claim numbers 13776 and 13881, was properly and timely served with a copy of the Third Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Third Omnibus Claims Objection, and    the notice of the deadline for responding to the Third Omnibus Claims Objection.

E.    NYSDEC timely filed the Response to the Third Omnibus Claims Objection.

F.    On February 18, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Nos. 6991, 7054, 9221, 10830, 10959, 10960, 11375, 11643, 11644, 11892, 11911, 11983, 11985, 11988, 11989, 12147, 12833, 13776, 13881, 14019, 14020, 14022, 14023, 14024, 14025, 14026, 14370, 14825, 14826, 16967, 18265, 18422, 18603, 18614, 19162, 19543, And 19545 (Docket No. 19504) (the "Sufficiency Hearing Notice").

G.    Upon the request of GM Components Holdings, LLC ("Components"), the sufficiency hearing with respect to proofs of claims numbers 13776 and 13881 was adjourned so that Components could be heard on the matter.

H.    Components was properly and timely served with the pleadings filed by the Reorganized Debtors and NYSDEC regarding the objection to proofs of claim numbers

4

13776 and 13881.    Components filed two pleadings seeking relief from this Court in the form

of a clarification of Components' environmental obligations under the Court's Modification

Order.

I.    NYSDEC was properly and timely served with the Sufficiency Hearing

Notice, the Supplemental Reply, and the Response to Components Statement.

J.    This Court has jurisdiction over the contested matters set forth in the

Pleadings and over the interpretation of the Modification Order pursuant to 28 U.S.C. §§ 157 and

1334.    The Pleadings are core proceedings under 28 U.S.C. § 157(b)(2).    Venue of these cases

and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

K.    Pursuant to this Court's Modification Order and consistent with the ruling

on the record from the April 23, 2010 hearing, Components is responsible for conducting the

future investigation and remediation activities required with respect to the Rochester and

Lockport Facilities in accordance with applicable environmental laws to the same extent as

Debtors were responsible prior to the transfer of the Facilities under the Modified Plan.

Accordingly, the costs that NYSDEC seeks to recover in the Future Cost Portions of the New

York Claims shall be the responsibility of Components going forward, and NYSDEC does not, at

this time, have a valid claim to recover such costs against the Debtors or Reorganized Debtors.

Accordingly, the Future Cost Portions of the New York Claims shall be disallowed and

expunged in their entirety subject to NYSDEC's right to seek reconsideration of these portions of

proofs of claim numbers 13776 and 13881 under 11 U.S.C.§ 502(j) and the Reorganized Debtors'

right to challenge any such request for reconsideration on any basis whatsoever.

L.    The Reorganized Debtors do not contest the Past Cost Portions of the New

York Claims.

M.      The relief requested in the Third Omnibus Claims Objection and the Supplemental Reply is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Future Cost Portions of the New York Claims are hereby disallowed and expunged in their entirety, subject to NYSDEC's right to seek reconsideration under 11 U.S.C.§ 502(j) in the event that Components either refuses (under color of a court order or otherwise) or is unable to perform its obligations to conduct investigation and remediation activities as set forth in the Modification Order, this Order and the Court's April 23, 2010 bench ruling; provided, however, that the Reorganized Debtors shall have the right to challenge any such request for reconsideration on any basis whatsoever and that such right to seek reconsideration shall not apply in the event of a dispute between NYSDEC and Components with respect to required cleanup levels or timing.

2.      The Past Cost Portions of the New York Claims shall be allowed as followed:

(a)     On proof of claim 13776, NYSDEC shall have an allowed administrative expense claim   in the amount of $4,447.27 for oversight costs incurred by NYSDEC at the Rochester Facility after the filing of the Debtors' bankruptcy petitions and before the effective date of the Modified Plan;

(b)     On proof of claim 13776, NYSDEC shall have a general unsecured, non-priority unsecured claim in the amount of $2,459.20 for oversight costs incurred by NYSDEC at the Rochester Facility prior to the filing of the Debtor's bankruptcy petitions.

(c)     On proof of claim 13881, NYSDEC shall have an allowed administrative expense claim   in the amount of $446 for oversight costs incurred by NYSDEC at the Lockport Facility after the filing of the Debtors' bankruptcy petitions and before the effective date of the Modified Plan;

6

(d) On proof of claim 13881, NYSDEC shall have a general unsecured, non-priority unsecured claim in the amount of $1,585.39 for oversight costs incurred by NYSDEC at the Lockport Facility prior to the filing of the Debtor's bankruptcy petitions.

3. Under the Modification Order and consistent with the ruling on the record at the conclusion of the April 23, 2010 hearing, Components is responsible for the investigation and remediation of environmental contamination that is present at, on, or under, or that is migrating or has previously migrated from the Rochester and Lockport Facilities in accordance with applicable environmental laws (in addition to any liability therefore that it may have as the new owner) to the same extent as and coextensive with Debtors' responsibilities to NYSDEC prior to the transfer of the Facilities under the Modified Plan and in the continuum of the existing investigations and remediation that were owed to the NYSDEC by the Debtors or Reorganized Debtors as applicable.

4. Entry of this order is without prejudice to the Reorganized Debtors' right to object to any other claims, as such term is defined in 11 U.S.C. § 101(5) (each, a "Claim"), in these chapter 11 cases, or to further object to Claims that are the subject of the Third Omnibus Claims Objection, on any grounds whatsoever.

5. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Third Omnibus Claims Objection and the Supplemental Reply to hear and determine all matters arising from the implementation of this order.

6. Kurtzman Carson Consultants LLC is hereby directed to serve this order

7

in accordance with the Claims Objection Procedures Order.


Dated:  White Plains, New York
        June 1, 2010

                                /s/Robert D. Drain
                                UNITED STATES BANKRUPTCY JUDGE