SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

DPH Holdings Corp.  Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
    In re                                     :          Chapter 11
                                                  :
DPH HOLDINGS CORP., et al.,             :          Case No. 05-44481 (RDD)
                                                  :
                Reorganized Debtors.     :          (Jointly Administered)
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS AND JOHNSON CONTROLS INC. AND CERTAIN OF ITS
AFFILIATES DISALLOWING WITHOUT PREJUDICE PROOFS OF
<u>ADMINISTRATIVE EXPENSE CLAIM NUMBERS 18719 AND 18720</u>

(JOHNSON CONTROLS INC. AND CERTAIN OF ITS AFFILIATES)

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and Johnson Controls Inc. ("JCI") and certain of its affiliates (collectively, the "Claimants") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors And Johnson Controls Inc. And Certain of Its Affiliates Disallowing Without Prejudice Proofs of Administrative Expense Claim Numbers 18719 And 18720 (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York (the "Court").

WHEREAS, on May 26, 2006, DAS LLC entered into that certain Transfer Agreement Relating To Transfer of Delphi's New Brunswick Battery Facility To JCI (the "Transfer Agreement") with JCI to sell, and on July 31, 2006, DAS-LLC conveyed to Johnson Controls Battery Group, Inc. ("JCBGI"), a facility located at 760 Jersey Avenue, New Brunswick, Middlesex County, New Jersey (the "New Brunswick Property").  DAS LLC was authorized to execute the Transfer Agreement by order of this Court on June 26, 2006 (Docket No.4363).

WHEREAS, under the terms of the Transfer Agreement, Delphi agreed to indemnify JCI and JCBGI against damages, loss and expenses resulting from any breach by DAS LLC of warranties or covenants made under the Transfer Agreement, to indemnify JCI against environmental damages arising from pre-closing contamination of the New Brunswick Property

2

and to file all such papers, and to conduct investigation and remediation of the New Brunswick Property, as required under the New Jersey Industrial Site Recovery Act, as amended ("ISRA"), N.J.S.A. 13:1K-6 et seq., and related regulations, including, but not limited to regulations obligating the establishment and maintenance of a remediation funding source (the "Remediation Trust").

WHEREAS, on July 14, 2009, JCI filed proof of administrative claim number 18719 ("Claim 18719") asserting an administrative claim in the amount of $10,148,941, plus oversight costs of the New Jersey Department of Environmental Protection (the "NJDEP") related to indemnification and statutory claims for environmental contamination of the New Brunswick Property as authorized under the Transfer Agreement.

WHEREAS, on July 14, 2009, JCBGI filed proof of administrative claim number 18720 asserting an administrative claim in the amount of $13,058,705 plus oversight costs of the NJDEP related to indemnification and statutory claims for environmental contamination of the New Brunswick Property as authorized under the Transfer Agreement ("Claim 18720," and together with Claim 18719, the "Claims").

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11, known as DPH Holdings Corp. and DPH-DAS LLC, respectively.

3

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

WHEREAS, on March 19, 2010, the Reorganized Debtors objected to the Claims pursuant to the Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge Certain Administrative Expense (A) Books And Records Claims, (B) Methode Electronics Claims, (C) State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E) Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims, And (I) Severance Claims, (II) Disallow And Expunge (A) A Certain Duplicate Workers' Compensation Claim, (B) A Certain Duplicate Tax Claim, And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers' Compensation Claims And (B) Workers' Compensation Claims, And (IV) Allow Certain Administrative Expense Severance Claims (Docket No. 19711) (the "Forty-Sixth Omnibus Objection").

WHEREAS, on April 15, 2010, the Claimants filed their response with respect to the Claims to the Forty-Sixth Omnibus Objection (Docket No. 19843) (the "Response").

WHEREAS, the Reorganized Debtors believe that they have been and continue to be in compliance with their obligations under ISRA and related regulations, including, but not limited to, obligations to establish and maintain the Remediation Trust.

WHEREAS, JCBGI entered into an Agreement of Purchase and Sale by and between JCBGI as Seller and DeNovo Real Estate, LLC as Buyer dated June 24, 2011, as

4

assigned by DeNovo Real Estate, LLC to DeNovo New Brunswick LLC, a Delaware limited liability company ("DeNovo"), on July 11, 2011 by which JCBGI agreed to sell the New Brunswick Property to DeNovo (the "Sale Agreement").

WHEREAS, on August 5, 2011, pursuant to the Sale Agreement, JCBGI sold the New Brunswick Property to DeNovo, which thereby became the owner of the New Brunswick Property, assumed all of the liabilities and obligations of such an owner, including but not limited to compliance with New Jersey Pollutant Discharge Elimination System Permit No. NJ0030392, and provided to JCBGI a broad indemnification protecting JCBGI from any future liabilities associated with the New Brunswick Property

WHEREAS, following JCBGI's sale of the New Brunswick Property to DeNovo, neither of the Claimants own, lease, operate or occupy all or any portion of the New Brunswick Property, and Claimants do not know whether DPH-DAS LLC, as successor to DAS LLC is currently in compliance with its obligations regarding the New Brunswick Property under ISRA and related regulations, including, but not limited to its obligations to establish and maintain the Remediation Trust.

WHEREAS, the sale by JCBGI to DeNovo of the New Brunswick Property does not change any right to indemnification which either JCI or JCBGI may exercise against DPH-DAS LLC, as successor to DAS LLC under the Transfer Agreement.

WHEREAS, to resolve the Forty-Sixth Omnibus Objection with respect to the Claims, the Reorganized Debtors and the Claimants entered into this Stipulation, pursuant to which the Reorganized Debtors and the Claimants agreed that each of Claim 18719 and Claim 18720 have not been estimated at this time because to the best of the Claimants' knowledge no third-party claims have been made against the Claimants that would trigger rights to any

5

indemnification from DPH-DAS, LLC, Claimants and DPH-DAS, LLC have agreed that the Claims should be disallowed without prejudice subject to the Claimants right to seek reconsideration under 11 U.S.C.§ 502(j) in the event that (a) DeNovo either refuses or is unable to perform its obligations under the Sale Agreement, (b) the Remediation Trust is exhausted, or (c) either of the Claimants has received a claim from a third party which seeks contribution toward or recovery of costs incurred for investigation or remediation of the New Brunswick Property.

NOW, THEREFORE, the Reorganized Debtors and the Claimant stipulate and agree as follows:

1. Each of Claim 18719 and Claim 18720 is hereby disallowed without prejudice to the Claimants' right to seek reconsideration under 11 U.S.C.§ 502(j) in the event that (a) DeNovo either refuses (under color of a court order or otherwise) or is unable to perform its obligations under the Sale Agreement; (b) the Remediation Trust is exhausted; or (c) either of the Claimants has received a claim from a third party which seeks contribution toward or recovery of costs incurred for investigation or remediation of the New Brunswick Property; <u>provided</u>, <u>however</u>, that the Reorganized Debtors shall have the right to challenge any such request for reconsideration not inconsistent with the Transfer Agreement approved by this Court's Order on June 26, 2006 (Docket No. 4363).

2. The Response is hereby withdrawn with prejudice.

3. Nothing herein shall be deemed to change or amend the rights of either DPH-DAS LLC or either of the Claimants under the Transfer Agreement.

4. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 11th day of September, 2012

   /s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Deborah L. Thorne |
|---|---|
| John Wm. Butler, Jr.<br>John K. Lyons<br>Ron E. Meisler<br>SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>155 North Wacker Drive<br>Chicago, Illinois  60606<br><br>- and -<br><br>Four Times Square<br>New York, New York  10036<br><br>Attorneys for DPH Holdings Corp., et al.,<br>       Reorganized Debtors | Deborah L. Thorne<br>Kathleen Matsoukas<br>BARNES & THORNBURG LLP<br>One North Wacker Drive, Suite 4400<br>Chicago, IL 60606<br><br>Attorneys for Johnson Controls, Inc. and Affiliates, Johnson Controls Battery Group, Inc., Johnson Controls Inc. – Automotive Group, Johnson Controls, Inc. - Battery Group, and Johnson Controls, Inc. Automotive Experience Division and Affiliates, Johnson Controls, Inc. (Power Solutions) |