UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                           :

In re                         :        Chapter 11
                           :

DELPHI CORPORATION, et al.,    :        Case No. 05-44481 (RDD)
                           :

               Debtors.    :        (Jointly Administered)
                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 503(b) AUTHORIZING
DEBTORS TO APPLY CLAIMS OBJECTION PROCEDURES TO
<u>ADDRESS CONTESTED ADMINISTRATIVE EXPENSE CLAIMS</u>

("ORDER AUTHORIZING USE OF ADMINISTRATIVE CLAIM OBJECTION PROCEDURES")

Upon the motion (the "Motion"), dated July 31, 2009, of Delphi Corporation (now

known as DPH Holdings Corp.) and certain of its subsidiaries and affiliates, former debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Reorganized Debtors"), for

entry of an order authorizing the Reorganized Debtors to apply the claims objection procedures

set forth in the Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P.

2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings

Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures

Governing Hearings Regarding Disallowance Or Estimation Of Claims on December 6, 2006

(the "Claim Objection Procedures Order") (Docket No. 6089) to contested administrative

expense claims; and upon the record of the August 20, 2009 hearing held on the Motion; and

counsel for the Reorganized Debtors having represented that GM Components[1] and DIP Holdco

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.



0544481091022000000000001

3 have agreed to the terms of this order; and after due deliberation thereon; and good and

sufficient cause appearing therefor,

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

1.      The Motion is GRANTED as provided herein.

2.      The Reorganized Debtors are authorized and directed to apply the claims

objection procedures set forth in the Claims Objection Procedures Order to any dispute with

respect to Administrative Claims.

3.      All Administrative Claims shall be subject to the Claims Objection

Procedures.

4.      With respect to any Administrative Claim that is to be paid by and/or is

the responsibility of either GM Components or DIP Holdco 3 pursuant to the DIP Lender-GM

Master Disposition Agreement (the "MDA"), DPH Holdings Corp. will (a) provide to GM

Components or DIP Holdco 3, as applicable, (i) written notice identifying the Administrative

Claim and (ii) reasonably requested documentation relating to the Administrative Claim, and (b)

work with GM Components or DIP Holdco 3, as applicable, to develop an appropriate strategy to

liquidate or seek disallowance of the Administrative Claim.

5.      DPH Holdings Corp. shall not enter into a settlement agreement or make a

payment on account of any Administrative Claim for which either GM Components or DIP

Holdco 3 is responsible without the express written consent of GM Components or DIP Holdco 3,

as applicable.  Additionally, to the extent GM Components or DIP Holdco 3 directs DPH

Holdings Corp. to resolve an Administrative Claim (for which GM Components or DIP Holdco 3

is responsible) in a particular manner, including the settlement or litigation of such claim, DPH

Holdings Corp. shall resolve the Administrative Claim in accordance with such direction at no further cost, liability, or expense to DPH Holdings Corp.

6.        If (a) GM Components or DIP Holdco 3, as applicable, requires DPH Holdings Corp. to liquidate or seek disallowance of an Administrative Claim or (b) after DPH Holdings Corp. applies the Claims Objection Procedures to liquidate or seek disallowance of an Administrative Claim and either GM Components or DIP Holdco 3 is subsequently determined to be responsible for such Administrative Claim pursuant to the MDA, the reasonable costs incurred by DPH Holdings Corp. of liquidating or seeking disallowance of such Administrative Claim, only to the extent incurred after DPH Holdings Corp. has given notice in accordance with paragraph 4(a), above, shall be reimbursed by whichever of GM Components or DIP Holdco 3 is responsible for such Administrative Claim pursuant to the MDA.  GM Components or DIP Holdco 3, as applicable, may elect at any time to assume responsibility for liquidating or seeking disallowance of any such Administrative Claim at its own expense.

7.        This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: New York, New York
        October 22, 2009


        ___/s/Robert D. Drain_____
                 UNITED STATES BANKRUPTCY JUDGE

3