SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | : | (Jointly Administered) |

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS AND OHIO BUREAU OF WORKERS' COMPENSATION
COMPROMISING AND ALLOWING PROOF OF CLAIM NUMBER 1301

    DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and Ohio Bureau of Workers' Compensation (the "Claimant") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors And Ohio Bureau of Workers' Compensation Compromising And Allowing Proof of Claim Number 1301 (the "Stipulation") and agree and state as follows:

    WHEREAS, on October 8 and 14, 2005, (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

    WHEREAS, on December 27, 2005, the Claimant filed proof of claim number 1301 against Delphi, which asserts an unsecured priority claim in the amount of $39,610,402.53, stemming from amounts allegedly owed in connection with certain workers' compensation claims (the "Claim").

    WHEREAS, on June 22, 2009, the Debtors objected to the Claim pursuant to the Debtors' Thirty-Fourth Omnibus Objection Pursuant to 11. U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain Pension And OPEB Claims, (B) Certain Individual Workers' Compensation Claims, (C) Certain Duplicate And/Or Amended Individual Workers' Compensation Claims, (D) Certain Untimely Individual Workers' Compensation Claims, (E) A Secured Books And Records Claim, And (F) Certain Untimely Claims, (II) Modify Certain (A) Wage And Benefit Claims, (B) State Workers' Compensation Claims, And (C) Individual Workers' Compensation Claims Asserting Priority, (III) Provisionally Disallow Certain Union

Claims, And (IV) Modify And Allow Certain Settled Claims (Docket No. 17182) (the "Objection").

WHEREAS, on July 16, 2009, the Claimant filed the Ohio Bureau Of Workers' Compensation's Response To Debtors' Thirty-Fourth Omnibus Objection To Claims (Docket No. 18346) (the "Response"), asserting that the Claim should be classified as an unsecured priority claim.

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi emerged from chapter 11 as DPH Holdings Corp.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

WHEREAS, on March 16, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 1294 And 1301 (Ohio Bureau Of Workers' Compensation) (Docket No. 19687), pursuant to which the evidentiary hearing on the merits of the Claim was scheduled for May 20, 2010.

WHEREAS, on March 23, 2010, the Reorganized Debtors filed the Reorganized Debtors' Statement of Disputed Issues With Respect To Proofs Of Claim Numbers 1294 And 1301 (Ohio Bureau of Workers' Compensation) (Docket No. 19720).

3

WHEREAS, on February 9, 2012, the Reorganized Debtors filed the Notice of Adjournment of Claims Objection Hearing with Respect to Debtors' Objection to Proof of Claim Number 1301 Filed by Ohio Bureau of Workers' Compensation (Docket No. 21824), pursuant to which the evidentiary hearing on the merits of the Claim was adjourned without date.[1]

WHEREAS, to resolve the Objection with respect to the Claim, the Reorganized Debtors and the Claimant entered into this Stipulation, pursuant to which the Reorganized Debtors and the Claimant agreed that the Claim should be allowed against Delphi (i) as a priority unsecured claim in the amount of $2,500,000.00 and (ii) as a general unsecured non-priority claim in the amount of $6,465,892.86, in full and final satisfaction of the Claim in accordance with the terms of the Modified Plan.

NOW, THEREFORE, the Reorganized Debtors and the Claimant stipulate and agree as follows:

1.  The Claim shall be allowed against Delphi as (i) a priority unsecured claim in the amount of $2,500,000.00 and (ii) a general unsecured non-priority claim in the amount of $6,465,892.86, in full and final satisfaction of the Claim in accordance with the terms of the Modified Plan. The Reorganized Debtors shall promptly pay the priority unsecured portion of the Claim upon this Stipulation being "so ordered" by the Court.

2.  The Response is hereby withdrawn with prejudice.

3.  This Stipulation fully settles and satisfies the Claim, and any and all claims, of any nature, of the Claimant against the Debtors and the Reorganized Debtors, and each of their respective predecessors, successors, assigns, parents, subsidiaries, and affiliated

---

[1] The Claims Objection Hearing had been previously adjourned pursuant to notices of adjournment filed at Docket Nos. 19864, 20509, 20549, 20693, 20803, 21117, 21207, 21359, 21567, and 21707.

companies, and each of their former, current, and future officers, directors, owners, employees, and any other agents (collectively, the "Released Parties"). The Claimant further waives and releases, against each of the Released Parties, any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which the Claimant have, ever had, or hereafter shall have against any of the Released Parties based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before this Stipulation being "so ordered" by the Court.

        4.        The Reorganized Debtors waive and release any right to assert any other claim, cause of action, demand or liability of every kind and nature whatsoever, including those arising under contract, statute or common law, whether or not known or suspected at this time, which the Reorganized Debtors have, ever had, or hereafter shall have against Claimant based upon, arising out of, related to, or by reason of any event, cause, thing, act statement, or omission occurring before this Stipulation being "so ordered" by the Court.

        5.        Nothing herein shall be construed as an admission of liability to any portion of the Claim on behalf of the Debtors or the Reorganized Debtors.

        6.        This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 24th day of December, 2012

/s/ Robert D. Drain_____
United States Bankruptcy Judge

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Marc Skapof |
|---|---|
| John Wm. Butler, Jr. | Marc Skapof |
| John K. Lyons | BAKER & HOSTETLER LLP |
| Ron E. Meisler | 45 Rockefeller Plaza |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | New York, New York 10111 |
| 155 North Wacker Drive | Special Counsel to Mike DeWine, Attorney |
| Chicago, Illinois 60606 | General for the State of Ohio |
| – and – | /s/ Larry Rhodebeck |
| Four Times Square | Larry Rhodebeck |
| New York, New York 10036 | Ohio Bureau of Workers' Compensation |
| | Law Section Bankruptcy Unit |
| Attorneys for DPH Holdings Corp., et al., | 30 W. Spring St. |
| Reorganized Debtors | P.O. Box 15567 |
| | Columbus, OH 43215-0567 |
| | Staff Counsel for Ohio Bureau of Workers' Compensation |

6