
BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, Michigan  48226
(313) 225-7000
Cynthia J. Haffey
David J. Devine
*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | Case No. 05-44481 (RDD) |
|  | Jointly Administered |
| Reorganized Debtors. |  |

**JOINT STIPULATION AND AGREED ORDER BETWEEN
REORGANIZED DEBTORS AND AUTOLIV ASP, INC., ALLOWING
AND COMPROMISING PROOF OF CLAIM NUMBER 15583
AND ADMINISTRATIVE EXPENSE CLAIM NUMBER 19151**

**(AUTOLIV ASP, INC.)**

DPH Holdings Corp. ("DPH") and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and Autoliv ASP, Inc. ("Autoliv") submit this Joint Stipulation And Agreed Order Between Reorganized Debtors and Autoliv Allowing And Compromising Proof Of Claim Number 15583 And Administrative Expense Claim Number 19151, and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101¬1330, as then amended.

WHEREAS, on or about July 28, 2006, Autoliv filed five separate proofs of claim (the "Proofs of Claim") against various Debtor entities, asserting identical unsecured, non-priority, unliquidated claims (the "Claims") arising from alleged acts of patent infringement occurring before the Petition Date.

WHEREAS, on October 31, 2006, the Debtors filed their Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. §502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. §502(c) (the "Third Omnibus Objection") (Docket No. 5452).

WHEREAS, on November 22, 2006, Autoliv filed its Response of Autoliv ASP, Inc. to Debtors' Third Omnibus Objection to Claims (the "Response").

WHEREAS, on January 12, 2007, Debtors filed their Notice of Claims Objection Hearing with Respect to Proofs of Claim Nos. 15579 through 15583 (Autoliv ASP, Inc.).

WHEREAS, on February 9, 2007, Debtors filed their Debtors' Statement of Disputed Issues Regarding Debtors' Objection to Proofs of Claim Nos. 15579 through 15583 (Autoliv ASP, Inc.) (the "Disputed Issues Statement").

WHEREAS, on March 1, 2007, Debtors filed their Notice of Adjournment of Claims Objection Hearing with Respect to Debtors' Objection to Proofs of Claim Nos. 15579 through 15583 (Autoliv ASP, Inc.)

WHEREAS, by an order entered on January 28, 2008, the Debtors confirmed their First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan") (Docket No. 11386).

WHEREAS, on February 11, 2008, the Debtors filed and served on Autoliv their Notice of Sufficiency Hearing with Respect to Debtors' Objection to Proofs of Claim Nos. 15579, 15580, 15581 and 15582 (Autoliv ASP, Inc.) (the "Sufficiency Hearing Notice") to address claims that Debtors contend were duplicative.

WHEREAS, to resolve the Third Omnibus Objection and the Claims Estimation Motion, Delphi and Autoliv entered into a Joint Stipulation And Agreed Order Disallowing And Expunging Claim Numbers 15579, 15580, 15581 and 15582 and Capping Proof of Claim Number 15583 (the "Consolidation and Capping Order") which was entered by the Court on March 10, 2008 (Docket No. 13085). Among other things, the Consolidation and Capping Order provided that: (i) the Proof of Claims were consolidated into Proof of Claim No. 15583 asserted against Delphi; (ii) Proof of Claim Nos. 15579, 15580, 15581 and 15582 were expunged and disallowed; and (iii) that in no event shall Proof of Claim No. 15583 be allowed in any amount exceeding $250,000.00.

WHEREAS, on or about July 15, 2009, Autoliv filed an administrative expense claim in the amount of $1,069,444.00 which was designated as Claim Number 19151 ("Administrative Expense Claim 19151") which also alleged patent infringement.

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the consummation of the Modified Plan, Delphi emerged from chapter 11 as DPH.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

WHEREAS, on April 16, 2010 the Reorganized Debtors objected to Administrative Expense Claim 19151 pursuant to Reorganized Debtors' Forty-Seventh Omnibus Objection Pursuant to 11 U.S.C. §503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books and Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain Administrative Expense Claims (Docket No. 19873) (the "Forty-Seventh Omnibus Claims Objection").

WHERAS, on May 12, 2010 Autoliv filed a response to the Forty-Seventh Omnibus Claims Objection (Docket No. 20044).

WHEREAS, to resolve the Third Omnibus Claims Objection with respect to Claim 15583 and to resolve the Forty-Seventh Omnibus Claims Objection with respect to Administrative Expense Claim 19151, and to resolve all other claims held by Autoliv against any of the Debtors or Reorganized Debtors, the Reorganized Debtors and Autoliv entered into a Settlement Agreement dated February 15, 2013 (the "Settlement Agreement") and this Stipulation, pursuant to which, among other things, the Reorganized Debtors and Autoliv agree that Claim 15583 should be allowed as a general, non-priority unsecured claim in the amount of $250,000.00 and that Administrative Expense Claim 19151 should be allowed as an administrative claim in the amount of $100,000.00 against DPH.

Now therefore, the Reorganized Debtors and Autoliv stipulate and agree as follows:

1. Claim 15583 shall be allowed as a general, non-priority unsecured claim in the amount of $250,000.00 and payment shall be made to Autoliv in accordance with the terms of the Modified Plan.

2. Administrative Expense Claim 19151 shall be allowed in the amount of $100,000.00 and shall be treated as an allowed administrative claim against DPH in accordance with the terms of the Modified Plan.

3. Notwithstanding anything to the contrary in the Modified Plan, within twenty (20) days of the Court entering this Stipulation on the Court's docket, DPH shall pay Autoliv $100,000.00 by issuing a check payable to Autoliv and mailed to the following address:

> Autoliv ASP, Inc.
> Attention: General Counsel
> 1320 Pacific Drive
> Auburn Hills, Michigan 48326

4. The Settlement Agreement and its obligations and duties therein shall remain in full force and effect.

5. Allowance of Claim 15583 in the amount of $250,000.00, allowance of Administrative Expense Claim 19151 in the amount of $100,000.00, the payments called for by Paragraphs 1 and 3, and the terms of Settlement Agreement are in full satisfaction of the claims noted above or any other claims known or unknown, and Autoliv releases and discharges Debtors and Reorganized Debtors from any other payments on the claims noted above and as set forth in the Settlement Agreement.

6. Nothing herein shall be construed as an admission of liability on behalf of the Reorganized Debtors or Debtors with respect to any portion of any claims.

7. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation and the Settlement Agreement.

AGREED TO AND APPROVED FOR ENTRY:

| | |
|---|---|
| BUTZEL LONG, a professional corporation | MILLER, CANFIELD, PADDOCK AND STONE, P.L.C. |
| By: /s/ Cynthia J. Haffey | By: /s/ Marc Swanson |
|     Cynthia J. Haffey |     Marc Swanson, Esq. |
|     David J. Devine | 150 West Jefferson, Suite 2500 |
| 150 West Jefferson, Suite 100 | Detroit, MI  48226 |
| Detroit, MI  48226 | (313) 496-7591 |
| (313) 225-7000 | Fax:  (313) 496-8452 |
| Fax:  (313) 225-7080 | e-Mail:  swanson@millercanfield.com |
| Attorneys for DPH Holdings Corp., *et al* Reorganized Debtors | Attorneys for Autoliv, ASP, Inc. |

SO ORDERED this 7th day of March, 2013

_/s/Robert D. Drain_
UNITED STATES BANKRUPTCY JUDGE

#1330297 v1