UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              :
    In re                                   :    Chapter 11
                                                              :
DPH HOLDINGS CORP., et al.,                                   :    Case No. 05-44481 (RDD)
                                                              :
                Reorganized Debtors.    :    (Jointly Administered)
                                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER (I) DISMISSING APPEAL
BY THE BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE, PAUL
FEINSILVER, JAMES A. KLOTZ, AND TERRANCE O'GRADY PURSUANT
TO FED. R. BANKR. P. 8001(c)(1) AND (II) GRANTING INDENTURE
TRUSTEE ALLOWED GENERAL UNSECURED NON-PRIORITY CLAIM

        DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and The Bank of New York Mellon, as indenture trustee (the "Indenture Trustee"), Paul Feinsilver ("Feinsilver"), James A. Klotz ("Klotz"), and Terrance O'Grady ("O'Grady," and together with the Indenture Trustee, Feinsilver, and Klotz, the "Movants") respectfully submit this Joint Stipulation and Agreed Order (I) Dismissing Appeal By The Bank of New York Mellon, as Indenture Trustee, Paul Feinsilver, James A. Klotz, And Terrance O'Grady Pursuant To Fed. R. Bankr. P. 8001(c)(1) and (II) Granting Indenture Trustee Allowed General Unsecured Non-Priority Claim (the "Stipulation") and agree and state as follows:

        WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive System LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11

U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York (the "Court").

WHEREAS, on October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707) (the "Plan Modification Order"), and emerged from chapter 11 as the Reorganized Debtors. In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively.

WHEREAS, on December 12, 2011, the Movants filed the Motion Of The Bank of New York Mellon, As Indenture Trustee, Paul Feinsilver, James A. Klotz And Terrance O'Grady For Permission To Proceed In The Appropriate Tribunal As Against The Reorganized Debtors (Docket No. 21758) (the "Motion").

WHEREAS, on February 27, 2012, the Court entered an Order Denying The Motion Of The Bank of New York Mellon, As Indenture Trustee, Paul Feinsilver, James A. Klotz And Terrence O'Grady For Permission To Proceed In The Appropriate Tribunal As Against The Reorganized Debtors (Docket No. 21758) (Docket No. 21838) (the "Order").

WHEREAS, on March 12, 2012, the Movants filed a Notice of Appeal from the Order (Docket No. 21846).

WHEREAS, the Indenture Trustee represents that its entry into this Stipulation binds all holders of the Bonds (as defined below).

2

WHEREAS, as of the Reorganized Debtors' and the Movants' entry into this Stipulation, the Movants' appeal from the Order has not been docketed by the United States District Court for the Southern District of New York.

NOW, THEREFORE, the Reorganized Debtors and the Movants stipulate and agree as follows:

1. In accordance with Fed. R. Bankr. P. 8001(c)(1), the Movants' appeal from the Order is dismissed with prejudice.

2. The Indenture Trustee, on behalf of the holders of the Bonds (as defined below), shall be granted an allowed general unsecured non-priority claim in the amount of $2,750,000 against DPH-DAS LLC, which will be treated in accordance with the terms of the Modified Plan (the "Claim"). The Reorganized Debtors shall not object to the Claim, seek attorney's fees accrued through the date of this Stipulation related to the Claim, or otherwise seek to reduce any pro-rata distributions to the Movants with respect to the Claim. For the avoidance of doubt, the Movants are bound by all provisions of the Modified Plan, including, without limitation, the injunctions set forth in Article 11.14 of the Modified Plan and paragraph 22 of the Plan Modification Order and the releases set forth in Article 11.5 of the Modified Plan and paragraph 20 of the Plan Modification Order.

3. Notwithstanding anything to the contrary in the Modified Plan, allowance of the Claim as set forth in paragraph 2 above is in full satisfaction of all of the Movants' claims against the Trumbull Released Parties (as defined below) relating to the Sewage Disposal Revenue Bonds (General Motors Corporation Project) Series 1994 in the aggregate principal amount of $2.75 million (the "Bonds"), the Loan Agreement by and between County of Trumbull, Ohio, and General Motors Corporation, dated as of July 1, 1994 (the "Loan

3

Agreement"), the Assignment And Assumption Agreement – Industrial Development Bonds by and between General Motors Corporation and Delphi Automotive Systems LLC, dated as of January 1, 1999 (the "Assignment Agreement"), and the Amended And Restated Master Restructuring Agreement by and between Delphi Corporation and General Motors Corporation, dated as of September 12, 2008 (the "Amended MRA"), and each Movant, on its own behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (collectively, the "Movant Parties"), hereby waives and releases, against each of the Released Parties (as defined in the Modified Plan), the Debtors, and the Reorganized Debtors, and each of their respective predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and any other agents (collectively, the "Trumbull Released Parties") any rights relating to the Bonds, the Loan Agreement, the Assignment Agreement, and the Amended MRA and any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Bonds, the Loan Agreement, the Assignment Agreement, or the Amended MRA; provided, however, nothing contained herein shall be deemed to satisfy or release any claims or defenses of any Movant against any other Movant, including the Indenture Trustee whatsoever.

4. Nothing herein shall be construed as an admission of liability on behalf of the Trumbull Released Parties.

5. Nothing herein shall be in satisfaction of, or release any, claims of the Movants against any party other than the Trumbull Released Parties. For the avoidance of doubt, General Motors Corporation, and its successors and assigns (aside from the Released Parties (as defined in the Modified Plan), the Debtors, and the Reorganized Debtors) are not Trumbull Released Parties.

6. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

Dated: White Plains, New York
March 20, 2013

     /s/Robert D. Drain    
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ Ron E. Meisler | /s/ Robert K. Dakis |
| John Wm. Butler, Jr. | Robert K. Dakis |
| John K. Lyons | MORRISON COHEN LLP. |
| Ron E. Meisler | 909 Third Avenue |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | New York, New York 10022 |
| | (212) 735-8600 |
| 155 North Wacker Drive | |
| Chicago, Illinois 60606 | Attorneys for Paul Feinsilver, James A. Klotz |
| (312) 407-0700 | and Terrance O'Grady |
| | |
| - and - | - and - |
| | |
| | /s/ Edward P. Zujkowski |
| | Edward P. Zujkowski |
| Four Times Square | EMMET, MARVIN & MARTIN, LLP |
| New York, New York 10036 | 120 Broadway |
| | New York, NY 10271 |
| Attorneys for DPH Holdings Corp., et al., Reorganized Debtors | (212) 238-3000 |
| | Attorneys for The Bank of New York Mellon, as Indenture Trustee |