# EXHIBIT 1

Page 1

1

2    UNITED STATES BANKRUPTCY COURT

3    SOUTHERN DISTRICT OF NEW YORK

4    Case No. 05-44481(RDD)

5    - - - - - - - - - - - - - - - - - - - -x

6    In the Matter of:

7

8    DPH HOLDINGS CORP., et al.,

9

10                  Reorganized Debtors.

11

12   - - - - - - - - - - - - - - - - - - - -x

13

14                  United States Bankruptcy Court

15                  300 Quarropas Street

16                  White Plains, New York

17

18                  September 22, 2011

19                  10:09 AM

20

21   B E F O R E:

22   HON. ROBERT D. DRAIN

23   U.S. BANKRUPTCY JUDGE

24

25

Page 2

1

2    HEARING re Motion For Recoupment on Behalf of Delphi Salaried

3    Retirees

4

5    HEARING re Claims Objection Hearing Regarding Claims of Alla

6    Averbukh, on Behalf of the Estate of Boris Averbukh, as

7    Objected to in the Reorganized Debtors' Motion for Order (i)

8    Enforcing Modification Procedures Order, Modified Plan and Plan

9    Modification Order Injunction and Forty-Seventh Omnibus Claims

10   Objection Order Against Averbukhs, as Plaintiffs, in Maryland

11   State Court Wrongful Death Action; and (ii) Directing Averbukhs

12   to Dismiss Action to Recover Upon Discharged and Expunged Claim

13   ("Averbukh Injunction Motion")

14

15

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Lisa Bar-Leib

Page 3

1

2    A P P E A R A N C E S :

3    BUTZEL LONG, PROFESSIONAL CORPORATION

4        Attorneys for DPH Holdings Corp., et al., Reorganized

5         Debtors

6        Suite 100

7        150 West Jefferson Avenue

8        Detroit, MI 48226

9

10   BY:   CYNTHIA J. HAFFEY, ESQ.

11

12   BUTZEL LONG, PROFESSIONAL CORPORATION

13        Attorneys for DPH Holdings Corp., et al., Reorganized

14         Debtors

15        Stoneridge West

16        41000 Woodward Avenue

17        Bloomfield Hills, MI 48304

18

19   BY:   SHELDON H. KLEIN, ESQ.

20

21

22

23

24

25

Page 4

```
 1

 2    SKADDEN ARPS SLATE MEAGHER & FLOM LLP

 3           Attorneys for DPH Holdings Corp., et al., Reorganized

 4            Debtors

 5           155 North Wacker Drive

 6           Chicago, IL 60606

 7

 8    BY:   LOUIS S. CHIAPPETTA, ESQ.

 9           (TELEPHONICALLY)

10

11    CIARDI CIARDI & ASTIN

12           Attorneys for Vladimir Averbukh (Individually and as

13            Personal Representative for the Estate of Boris

14            Averbukh) and Alesander Averbukh

15           100 Church Street

16           8th Floor

17           New York, NY 10007

18

19    BY:   RICK A. STEINBERG, ESQ.

20

21

22

23

24

25
```

Page 5

```
 1
 2    ALSO APPEARING:
 3    JAMES B. SUMPTER
 4          On Behalf of Himself as a Delphi Salaried Retiree
 5          21169 Westbay Circle
 6          Noblesville, IN 46062
 7
 8    BY:   JAMES B. SUMPTER, PRO SE
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

DPH HOLDINGS CORPORATION, et al.

Page 23

1   least, they wouldn't make any sense to a lawyer versed in basic

2   principles of bankruptcy law.  However, Mr. Sumpter isn't a

3   lawyer so I decided first to treat this matter through written

4   submissions by the parties and a hearing today.  And secondly,

5   I decided not to enjoin him from bringing further actions.

6         On the other hand, by no means should Mr. Sumpter take

7   that ruling as a license to bring further actions that are not

8   premised upon a good faith real argument.  The debtors have

9   their rights under -- in matters before this Court --

10   Bankruptcy Rule 9011, in matters in the federal district court

11   or other federal courts under Civil Procedure 11 and in their

12   corollaries under the various state court procedures for

13   bringing frivolous or bad faith claims.  And Mr. Sumpter is

14   duly warned that notwithstanding his pro se status, he is on

15   clear notice that future motions in violation of the -- or

16   other litigation in violation of the plan modification order or

17   this Court's prior orders or the Delphi debtors' discharge

18   under their Chapter 11 plan should merit the imposition of

19   sanctions.  And the debtors can certainly use this transcript

20   in that regard if such litigation is commenced outside of this

21   court.

22         So again, for the reasons that I've stated on the

23   record, the motion's denied as a matter of law under the

24   equivalent of or based upon the factors applied by the Court

25   under Bankruptcy Rule 7012 in light of the Court's prior orders