**EXHIBIT 4**

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2013 MAR -4 PM 2: 19

SOUTHERN D...
OF INDIAN...
LAURA A. BRIG...

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| James B. Sumpter, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. |
| ) | |
| Delphi Automotive Systems (Holding), Inc. ) | |
| fka/ Delphi Automotive Systems), ) | **1: 1 3 -cv- 0 3 4 7 TWP -DKL** |
| ) | |
| Defendant. ) | |
| ) | |
| vs. ) | |
| ) | |
| Delphi Automotive Systems Life ) | |
| & Disability Benefits Program, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| vs. ) | |
| ) | |
| Metlife Group, Inc, ) | |
| ) | |
| Defendant. ) | |

## ERISA BENEFIT DENIAL COMPLAINT

Plaintiff brings a complaint against defendants, Delphi Automotive Systems Life & Disability Benefits Program, DPH Holdings and Metropolitan Life Insurance Company for denial of Disability Life Insurance Benefit, for failure to follow ERISA claim procedure, for failure to meet ERISA notification requirements and breach of fiduciary duties as set forth below.

Plaintiff **DOES NOT** demand a jury trial.

# I. PARTIES

James B. Sumpter
21169 Westbay Circle                Plaintiff
Noblesville, IN 46062

Phone    317-877-0736
E-mail   jsump@ieee.org


Delphi Automotive Systems (Holding), Inc. (DPHH)
(fka / Delphi Automotive Systems)
5725 Delphi Drive,
Troy, MI 48098.


Delphi Life & Disability Benefits Program
**(The PLAN)**                                 Defendants
c/o DPH Holdings
   5725 Delphi Drive,
   Troy, MI 48098.


Metlife Group, Inc
(Met Life)
One Madison Avenue
New York, New York 10010-3690


# II. JURISDICTION AND VENUE

1.    This complaint is brought pursuant to:

The Employee Retirement Income Security Act ("ERISA") of 1974 **(29 U.S.C § 1001 et seq.)**, and jurisdiction is based on **29 U.S.C. § 1132(e)**, and **28 U.S.C. §1331**.

2.    Plaintiff, James B. Sumpter, is a resident of Hamilton County, Indiana and

2

a citizen of the United States of America. Plaintiff was employed at Delphi Automotive Systems (Delphi), whose successor DPH Holdings, a national corporation, continues to operate a facility in Kokomo, Indiana. Therefore, the venue is appropriate pursuant to **29 USC 1132(e)(2).**

## III. BACKGROUND

3.  Prior to his disability, Plaintiff was a salaried Electrical Engineer for Delphi in Kokomo Indiana, whose pay grade was that of Senior Systems Engineer and as such assumed positions of increasing responsibility and influence throughout his career, with his last position being that of Product Line Architect.

4.  Plaintiff became disabled on December 8, 2000, and was retired on permanent long term disability on July 1, 2002.

5.  Because his tenure with Delphi was less that ten years, plaintiff continuously purchased the Supplemental Extended Disability Benefit (SEDB), which included the feature that permitted Plaintiff to elect an early payout of his basic life insurance (Disability Life Insurance).

6.  Plaintiff has elected to receive the Disability Life Insurance payout, but has been wrongly denied the benefit by the Defendants.

3

## IV. STATEMENT OF LEGAL CLAIM

### First Cause of Action
For Failure To Pay Disability Life Insurance Benefit
<u>(Against The PLAN, DPHH and Met Life)</u>

7.      Pursuant to **29 USC § 1132(a)(1)(B), and 29 USC § 1132 (d)** Plaintiff now comes seeking relief from this Court for the payment of the Disability Life Insurance Payout, which is a benefit option afforded **PLAN** participants receiving SEDB benefits.

8.      The Benefit amount is **$ 100,000.**

WHEREFORE Plaintiff demands judgment against The PLAN, DPHH and Met Life jointly and severally for the following relief:

   a. Payment ,to the Plaintiff, the Disability Life Insurance benefit of **$100,000**;

   b. All cost and legal expenses that Plaintiff has incurred and;

   c. Such other relief as this Court deems appropriate and just.

### Second Cause of Action
For Failure To Meet ERISA Noticing Requirement For Distribution Of Summary Plan Description (SPD)
<u>(Against DPHH, successor to Delphi Automotive Systems)</u>

9.      Plaintiff seeks appropriate equitable relief pursuant to **29 USC § 1132(a)(3)(B)(i), 29 USC §1024(b),** and **29 CFR 2520.104b-2**. The Plan Administrator (Delphi/ DPHH) failed to provide the 1996 SPD for the period between July, 30 1997

4

and November 5, 2009 ( **4463 days**). This failure, in conjunction with the denial of Plaintiffs claim, is a continuing violation, which was discovered during the Plaintiffs appeal of the denial, by the Defendants, of his Disability Life Insurance benefit.

WHEREFORE Plaintiff demands judgment against DPHH for the following relief:

    **a.** Payment of Plaintiff's Disability Life Insurance benefit;

    **b.** All cost and legal expenses that Plaintiff has incurred;

    **c.** Payment, by Defendants, of any statutory penalties and;

    **d.** Such other relief as this Court deems appropriate and just.

### Third Cause of Action

For Failure to Meet ERISA Noticing Requirement for Distribution of Summary of Material Modification (SMM)
<u>(Against DPHH, successor to Delphi Automotive)</u>

**10.** Plaintiff seeks appropriate equitable relief pursuant to **29 USC § 1132(a)(3)(B)(i), 29 USC §1024(b)** and **29 CFR 2520.104b-3**. The Plan Administrator (Delphi/DPHH) failed to provide the Summary of Material Modification for the period between July, 30 1995 and November 5, 2009 ( **5213 days**). This failure, in conjunction with the denial of Plaintiffs claim, is a continuing violation, which was discovered during the Plaintiffs appeal of the denial, by the Defendants, of his Disability Life Insurance benefit.

5

WHEREFORE Plaintiff demands judgment against DPHH for the following relief:

    a. Payment of Plaintiff's Disability Life Insurance benefit;

    b. All cost and legal expenses that Plaintiff has incurred;

    c. Payment by Defendants of any statutory penalties and;

    d. Such other relief as this Court deems appropriate and just.

## Fourth Cause of Action
### For Failure To Meet ERISA Claim Procedure Noticing Requirements
### (Against Met Life and DPHH)

11.    Pursuant to **29 USC § 1132(a)(3)(B)(i),** Plaintiff also seeks such equitable and/or remedial relief as the Court may deem appropriate, for Met Life's, as the PLAN's Life Insurance Fiduciary and Benefit Administrator, failure to meet the noticing requirements for disability claims pursuant to **29 CFR 2560 (f)(3)** and **65 FR at 70247, n.4**, which specifies a maximum of 45 days to respond to a request for review of an adverse decision regarding a claim for disability benefits. Met Life, as benefit administrator and/ or as agent of DPHH, failed to provide a timely response to:

    a. Plaintiff's first appeal of its adverse decision - July 31, 2009 to October 18, 2009 (**74 days**).

WHEREFORE Plaintiff demands judgment against Met Life and DPHH, jointly and severally, for the following relief:

6

    **b.** Payment of Plaintiff's Disability Life Insurance benefit;

    **c.** Payment of all cost and legal expenses that Plaintiff has incurred

    **d.** Payment of any statutory penalties and;

    **e.** Such other relief as this Court deems appropriate and just;

## Fifth Cause of Action
### For Failure To Meet ERISA Claim Procedure Requirements And The Resulting Breach Of Fiduciary Duty
### (Against Met Life)

**12.** Plaintiff seeks appropriate equitable relief pursuant to **29 USC § 1132(a)(3)(B)(i) and 29 USC 1109(a)** due to the benefit administrator and Life Insurance Fiduciary, Met Life's, violation of **29 USC 1133** and **29 CFR 2560.503-1(b)(3)**, thereby breaching its fiduciary duty, pursuant to **29 USC 1104(a)**, when it imposed an unreasonable claim procedure, which:

    **a.** Sought to make a disability determination already made by **The PLAN**, since the Plaintiff has been determined to be permanently disabled since December 8, 2000 and has been on disability retirement since July 1, 2002 and;

    **b.** Required the plaintiff to follow a claim procedure, which caused the Plaintiff to have to pay his treating Physician to complete the disability section of the Met Life claim form.

WHEREFORE Plaintiff demands judgment against Met Life, for the following relief:

7

    c. Payment of Plaintiff's Disability Life Insurance benefit;

    d. Payment of any statutory penalties;

    e. All cost and legal expenses that Plaintiff has incurred and;

    f. Such other equitable and/or remedial relief as this Court deems appropriate and just;

## Sixth Cause of Action
## For Breach of Fiduciary Duty
## (Against DPHH)

13.    Plaintiff seeks appropriate equitable relief pursuant to **29 USC § 1132(a)(3)(B)(i) and 29 USC 1109(a)** for **PLAN** Administrator and Fiduciary (DPHH) breaching its fiduciary duty, pursuant to **29 USC 1104(a)** when:

    a. It failed to provide a full and fair appeal process, regarding the SEDB Life Insurance payout (which is a disability benefit), by refusing to provide a second level of appeal pursuant to **29 USC 1133, 29 CFR 2560.503-1(d) and (h) and 65 FR at 70247, n.4;**

    b. It failed to distribute the 1996 Summary Plan Description (**See the Second Cause of Action**);

    c. It failed to distribute the Summary Of Material Modification, related to disability life insurance payout (**See the Third Cause of Action**);

    d. It failed, pursuant to **29 USC 1105(a)**, by permitting Met life to institute an unreasonable claims procedure, relative to the Disability Life Insurance Payout (**See Fifth Cause of Action**).

8

WHEREFORE Plaintiff demands judgment against DPHH for the following relief:

    **e.** Payment of Plaintiff's Disability Life Insurance benefit;

    **f.** Payment of any statutory penalties;

    **g.** All cost and legal expenses that Plaintiff has incurred and;

    **h.** Such other equitable and/or remedial relief as this Court deems appropriate and just;

## V. FACTS IN SUPPORT OF COMPLAINT

**14.** Plaintiff was hired as a Senior Systems Engineer by Delco Electronics, a division of General Motors(GM) on February 5, 1991.

**15.** Plaintiff was a participant in the Delphi Life & Disability Benefits Program, who during year 2000, and the years prior to his disability, had purchased the Supplemental Extended Disability Benefit **(SEDB)** from the Delphi Life & Disability Benefits Program **(The PLAN)**.

**16.** Delco Electronics was spun off, from GM, as a part of Delphi Automotive Systems, on January 1, 1999.

**17.** At the time of the GM spin off, Plaintiff and other salaried employees were told to continue to use GM Benefit Plan documentation.

**18.** From the date of Plaintiff's original enrollment in **The PLAN**, through the Delphi spin off, through the course of the Plaintiff's continuing disability, until October

9

18, 2009, no Summary Plan Description, other than the GM SPD (**Your GM Benefits – March 1992**), had been distributed.

19. From the date of Plaintiff's original enrollment in **The PLAN**, through the course of the Plaintiff's continuing disability, until November 5, 2009, no Summary of Material Modification (SMM) regarding SEDB benefits was ever issued.

20. Plaintiff was a participant in the Delphi Life & Disability Benefits Program Plan, who during the years prior to his disability had purchased the Supplemental Extended Disability Benefit (**SEDB**) from the Delphi Life & Disability Benefits Program (**The PLAN**).

21. The Plan sponsor is DPH Holdings (DPHH-fka/ Delphi Automotive Systems)

22. **The PLAN** Administrator is DPH Holdings

23. **The PLAN** Fiduciary is DPH Holdings

24. The Benefit Administrator is Met Life.

25. The life insurance benefit Fiduciary is Met Life.

26. The life insurance carrier is Met Life.

27. Plaintiff became permanently disabled on December 8, 2000, after being employed for 9 years and 10 months.

28. The Plaintiff was employed for less than ten years and therefore was eligible for the **SEDB** Benefit, which included the option for the Disability Life Insurance payout..

29. Plaintiff Disability benefits are determined based on the commencement date of disability (according to SPD).

10

30. Plaintiff contends that the SPD in effect, at the commencement of his disability, is the GM SPD (**Your GM Benefits – March 1992**), since that is the only SPD distributed from the beginning of his employment and through the subsequent spin-off of Delphi, until the December 2001 - Delphi Automotive Systems Summary Plan Description (**Your Delphi Benefits**).

31. The 1996 SPD provided to the Plaintiff, during the appeal process (November 5, 2009) was not widely distributed.

32. The Spun-off Delphi distributed its first SPD in December 2001, which for the purposes of determining disability benefits, was not applicable to the Plaintiff, pursuant to **The PLAN**'s rules.

33. The Plaintiff made his original inquiry regarding the SEDB life insurance payout in December 2003.

34. The Plaintiff submitted his <u>**original**</u> request for the SEDB Life Insurance Payout on January 10, 2004.

35. The benefit administrator, Met Life, responded by sending, to Plaintiff, a form for **"Early Payout to the Terminally Ill"**, an incorrect form.

36. There was no follow-up by the benefit administrator.

37. The Plaintiff resubmitted his request for the SEDB Life Insurance Payout on March 12, 2009.

38. The Benefit Administrator and Life Insurance Fiduciary, Met Life, denied Plaintiff's application for benefits on June 3, 2009

39. The plaintiff appealed the decision denying his SEDB Life Insurance Benefit on July 31, 2009.

11

**40.** Met Life, the Benefit Administrator and Life Insurance Fiduciary, wrongly denied the Plaintiff's appeal on March 20, 2010.

**41.** The Plaintiff appealed the second denial to **The PLAN**'s Employee Benefit Plans Committee (EBPC) on April 14, 2010.

**42.** The EBPC refused to review the prior adverse ruling, which is in direct conflict with **29 CFR 2560.503-1(d)**, thereby wrongly denying Plaintiff an impartial review and his Disability Life Insurance Payout. The refusal letter was received on May 10, 2010.

**43.** Plaintiff exhausted **The PLAN**'s Extended Disability Benefit (EDB) and began receiving SEDB monthly benefits on October 15, 2010.

**44.** Pursuant to the GM 1992 SPD, Plaintiff was eligible to begin receiving SEDB life insurance payments of $4890 per month, beginning on October 15, 2010, with them continuing until a total of $100,000 had been paid (about July, 2012).

**45.** Met Life stated in its final ruling and during the course of its second review that the SEDB Life Insurance payout had been eliminated in the 1994 Benefits Enrollment Document and the (undistributed) 1996 SPD, respectively.

**46.** However, The Plan Administrator (Delphi) failed to issue an SMM or an SPD as required by **29 USC 1024(b)**.

**47.** The 1994 Benefit Enrollment Document is an inadequate and improper notification of the SEDB benefit change for the following reasons:

> **a.** The enrollment document change, regarding the SEDB Life Insurance Payout, was not included in the SEDB section of the enrollment document.

12

 **b.** The "What's Important for 1994" section of the enrollment booklet makes no reference to a change in the SEDB program, although it referenced other changes in benefit programs.

 **c.** The nature of the "Easy Enrollment Process" eliminated the need to read most of the benefit book, in particular, the section that contained the change to SEDB life insurance payout, if no change was being made to the employee benefit selection.

 **d.** The Plaintiff made no changes in his benefits selections among the benefit years of 1993, 1994 and 1995.

 **e.** The enrollment document does not meet the statutory standards for an SPD or an SMM.

 **f.** The cover of the enrollment document plainly states that *"plan documents have the final word over any oral or written statements"*. Thus, the enrollment document, as a written statement, is subordinate to the 1992 SPD, which was the last SPD to be distributed prior to 2001.

**48.** Thus, Defendants have wrongly denied Plaintiff's request for his Disability Life Insurance payout.

**49.** The Plaintiff has exhausted all administrative remedies and procedures made available to him by the Defendants.

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests this Court to:

50.    Exercise jurisdiction in this case and award to Plaintiff payment of the SEDB life insurance benefit of $ 100,000, to which he is entitled;

51.    Award payment of any statutory penalties;

52.    Award to Plaintiff all cost and legal expenses that Plaintiff has incurred;

53.    Award to Plaintiff all appropriate pre-judgment and post-judgment interest and;

54.    Award to Plaintiff such other equitable and/or remedial relief that the Court deems appropriate and just.

## VII. SIGNATURE

Signed this __4th__ day of __March__, 2013

By: _/s/ James B. Sumpter_
James B. Sumpter, pro se
Plaintiff

James B. Sumpter, pro se
21169 Westbay Circle
Noblesville, IN  46062

Phone   317-877-0736
Fax     317-877-1070
E-mail  jsump@ieee.org

14