# EXHIBIT 13

**Hearing Date And Time: November 18, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Response Date And Time: November 11, 2009 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   - x
                                  :
        In re                         :      Chapter 11
                                    :
DELPHI CORPORATION, et al.,      :      Case No. 05-44481 (RDD)
                                    :
                                    :      (Jointly Administered)
              Debtors.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   - x

REORGANIZED DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION PURSUANT TO 11
U.S.C. § 503(b) AND FED. R. BANKR. P. 3007 TO EXPUNGE CERTAIN (I) PREPETITION
CLAIMS, (II) EQUITY INTERESTS, (III) BOOKS AND RECORDS CLAIMS, (IV) UNTIMELY
CLAIMS, (V) PAID SEVERANCE CLAIMS, (VI) PENSION,
BENEFIT, AND OPEB CLAIMS, AND (VII) DUPLICATE CLAIMS

("THIRTY-SEVENTH OMNIBUS CLAIMS OBJECTION")



0544481091015000000000011

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (the "Reorganized Debtors" or "DPH Holdings") hereby submit this Thirty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books And Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit, And OPEB Claims, And (VII) Duplicate Claims (the "Thirty-Seventh Omnibus Claims Objection" or the "Objection"), and respectfully represent as follows:

<u>Background</u>

A.    <u>The Chapter 11 Filings</u>

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.    On December 10, 2007, the Debtors filed their first amended joint plan of reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No. 11388).  The Court entered an order confirming the Plan (as modified) (Docket No. 12359) (the "Confirmation Order") on January 25, 2009, and the order became final on February 4, 2008.

3.    On October 3, 2008, the Debtors filed a motion under 11 U.S.C. § 1127 for an order approving (i) certain modifications to the Confirmed Plan and related disclosure statement and (ii) related procedures for re-soliciting votes on the Confirmed Plan, as modified (Docket No. 14310) (the "Plan Modification Motion").  On June 1, 2009, the Debtors filed a supplement to the Plan Modification Motion (the "Motion Supplement"), which sought approval of (i) certain modifications to the Confirmed Plan (the "Modified Plan"), (ii) supplemental disclosure, and (iii) procedures for re-soliciting votes on the Modified Plan.  After holding a final

2

plan modification hearing on July 29 and 30, 2009, this Court entered an order approving the

Modified Plan (Docket No. 18707) on July 30, 2009.

4.       On October 6, 2009, the Debtors substantially consummated the Modified

Plan, the Effective Date occurred, and the transactions under the Master Disposition Agreement

and related agreements closed.  In connection therewith, DIP Holdco 3, LLC, a Delaware limited

liability company, acquired substantially all of the Debtors' global core businesses, and GM

Components Holdings, LLC, a Delaware limited liability company, acquired the Debtors' non-

core steering business and certain U.S. manufacturing plants.  The Reorganized Debtors have

emerged from chapter 11 as DPH Holdings and affiliates and remain responsible for the post-

Effective Date administration and eventual closing of the chapter 11 cases as well as the

disposition of certain retained assets and payment of certain retained liabilities as provided for

under the Modified Plan.

B.       Administrative Claims Bar Dates

5.       Pursuant to Article 10.2 of the Modified Plan and paragraph 38 of the

Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As

Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date

To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B)

Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date

entered June 16, 2009 (Docket No. 17032) (the "Modification Procedures Order"), this Court

established July 15, 2009 (the "July 15 Bar Date") as the bar date for asserting a claim for an

administrative expense under section 503(b)(1) of the Bankruptcy (each, an "Administrative

3

Claim") for the period from the commencement of these cases through June 1, 2009.[1]  On or

before June 20, 2009, in accordance with the Modification Procedures Order, the Debtors caused

Kurtzman Carson Consultants LLC ("KCC") and Financial Balloting Group LLC or their agents

to transmit with the resolicitation materials in connection with the Modified Plan a Notice Of Bar

Date For Filing Proofs Of Administrative Expense describing the procedures for asserting an

Administrative Claim.

      6.     In addition, Articles 1.5 and 10.5 of the Modified Plan establish 30 days

after the Effective Date (as defined in the Modified Plan) (the "Post-Emergence Bar Date") as the

bar date for asserting an Administrative Claim for the period between June 1, 2009 and the

Effective Date, unless otherwise ordered by this Court.[2]  Because the Effective Date was October

6, 2009, the Post-Emergence Bar Date is November 5, 2009.  On or before October 6, 2009, in

accordance with the Modified Plan, the Reorganized Debtors caused KCC to transmit to all

parties identifying themselves as creditors of the Reorganized Debtors, as well as those holding

equity interests in the Reorganized Debtors, a Notice Of (A) Order Approving Modifications To

First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates,

Debtors And Debtors-In-Possession And (B) Occurrence Of Effective Date.  The notice

described, among other things, the procedures for asserting an Administrative Claim arising

between June 1, 2009 and the Effective Date.

---

[1]    On July 15, 2009, this Court entered the Stipulation And Agreed Order Modifying Paragraph 38 Of
Modification Procedures Order Establishing Administrative Expense Bar Date (Docket No. 18259) to require
parties to submit an Administrative Expense Claim Form for Claims for the period from the commencement of
these cases through May 31, 2009 rather than through June 1, 2009.

[2]    Professional Claims are not subject to the Post-Emergence Bar Date and are instead subject to the provisions of
Article 10.3 of the Modified Plan.

7.      On or before June 22, 2009, the Debtors published the notice of the July

15 Bar Date in the <u>Detroit News & Free Press</u>, the <u>New York Times</u> (National Edition), the <u>Wall

Street Journal</u> (National, Europe, and Asian Editions), and <u>USA Today</u> (Worldwide Edition) and

electronically through posting on the then-current Delphi Legal Information Website

8.      As of the date of this Objection, 2,723 proofs of administrative expense

(the "Proofs of Administrative Expense") have been filed against the Reorganized Debtors in

these cases.  This is the first omnibus objection to administrative expense claims.

9.      In this Objection, the Reorganized Debtors are objecting to 996 Proofs of

Administrative Expense, all of which are set forth by Claimant in alphabetical order on <u>Exhibit I</u>

hereto and cross-referenced by proof of administrative expense number and basis of objection.

<u>Relief Requested</u>

10.     By this Objection, the Reorganized Debtors seek entry of an order

pursuant to section 503(b) of the Bankruptcy Code and Bankruptcy Rule 3007(a) allowing and

expunging the Administrative Claims (a) set forth on <u>Exhibit A</u> hereto because each such

purported Administrative Claim arose prior to October 8, 2005 and therefore does not qualify as

an Administrative Claim under section 503(b)(1) of the Bankruptcy Code, (b) set forth on

<u>Exhibit B</u> hereto because each such Administrative Claim was filed by a holder of Delphi

Corporation common stock solely on account of such holder's stock holding, (c) set forth on

<u>Exhibit C</u> hereto because they are not reflected on the Reorganized Debtors' books and records,

(d) set forth on <u>Exhibit D</u> hereto because they were untimely filed after the July 15 Bar Date

established pursuant to Article 10.2 of the Modified Plan and paragraph 38 of the Modification

Procedures Order, (e) filed by former employees asserting liabilities for severance payments set

forth on <u>Exhibit E</u> hereto because the holders of such Administrative Claims have been paid their

severance in full, (f) set forth on <u>Exhibit F</u> hereto for liabilities owing in connection with the

5

Debtors' employee benefit programs, pension plans, and other post-employment benefits programs because the Reorganized Debtors are not liable for such Administrative Claims, and (g) set forth on Exhibit G hereto because they are duplicative of other Administrative Claims.

Objections To Claims

C.      Prepetition Claims

11.     During the Reorganized Debtors' review of the Proofs of Administrative Expense, the Reorganized Debtors determined that certain Administrative Claims filed against the Reorganized Debtors assert liabilities or dollar amounts in connection with claims arising prior to October 8, 2005 that are not properly classified as administrative expenses for the purposes of section 503(b)(1) of the Bankruptcy Code (the "Prepetition Claims").  Set forth on Exhibit A hereto are the Prepetition Claims that the Reorganized Debtors have identified as prepetition Claims for which the Reorganized Debtors have no administrative liability. Accordingly, the Reorganized Debtors (a) object to the Prepetition Claims and (b) seek entry of an order disallowing and expunging the Prepetition Claims in their entirety.

D.      Equity Interests

12.     During their review of the Proofs of Administrative Expense, the Reorganized Debtors determined that certain Administrative Claims filed against the Reorganized Debtors represent proofs of interest that were filed by or on behalf of holders of common stock in Delphi Corporation (the "Equity Interests").  The Debtors caused the Claims Agent to serve notice of the July 15 Bar Date on holders of Delphi Corporation common stock to ensure that holders of stock who wished to assert administrative claims against any of the Reorganized Debtors that were not based solely upon their ownership of Delphi common stock would be afforded the opportunity to file such claims in these chapter 11 cases.  The ownership of Delphi Corporation common stock constitutes an equity interest in Delphi Corporation, but

6

does not constitute an Administrative Claim arising under section 503(b)(1) of the Bankruptcy Code.

13.      Identified on Exhibit B are Equity Interests for which the Reorganized Debtors have no administrative claim liability.  The Reorganized Debtors therefore seek to have these Administrative Claims disallowed and expunged.  Accordingly, the Reorganized Debtors (a) object to the Equity Interests and (b) seek entry of an order disallowing and expunging the Equity Interests in their entirety.

E.      Books And Records Claims

14.      During their review of the Proofs of Administrative Expense, the Reorganized Debtors determined that certain Administrative Claims filed against the Reorganized Debtors assert dollar amounts or liabilities that are not owing pursuant to the Reorganized Debtors' books and records (the "Books And Records Claims").  Accordingly, the Reorganized Debtors believe that the parties asserting Books And Records Claims are not administrative creditors of the Reorganized Debtors.  The Reorganized Debtors determined that they are not liable for the Books And Records Claim because the Reorganized Debtors' books and records do not reflect the existence of the asserted Claim or of the claimant asserting such Administrative Claim.

15.      Just as a claimant's proof of claim is entitled to the presumption of prima facie validity under Bankruptcy Rule 3001(f) only until an objecting party refutes "'at least one of the allegations that is essential to the claim's legal sufficiency,'"  In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (quoting In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74).  A proof of administrative expense should not be presumed valid once an objecting party offers a basis to refute it.  Instead, once such an allegation is refuted, the burden should revert to the

7

claimant to prove the validity of the administrative claim by a preponderance of the evidence.  <u>Cf.</u> <u>Id.</u>

16.    Set forth on <u>Exhibit C</u> hereto are the Books And Records Claims that the Reorganized Debtors have identified as Claims for which the Reorganized Debtors have no administrative liability.  The Reorganized Debtors object to the Books And Records Claims because the Reorganized Debtors have no liability in respect thereof.  If this Court does not disallow and expunge these Administrative Claims in full, the Reorganized Debtors expressly reserve all of their rights to further object to the Books And Records Claims at a later date on any basis whatsoever.

17.    Accordingly, the Reorganized Debtors (a) object to the Books And Records Claims and (b) seek entry of an order disallowing and expunging the Books And Records Claims in their entirety.

F.    <u>Untimely Claims</u>

18.    During their review of the Proofs of Administrative Expense, the Reorganized Debtors have determined that certain Proofs of Administrative Expense were received by KCC after the July 15 Bar Date (the "Untimely Claims").  The Reorganized Debtors object to the Untimely Claims because there were not timely filed pursuant to Article 10.2 of the Modified Plan and paragraph 38 of the Modification Procedures Order.  The Untimely Claims are identified on <u>Exhibit D</u> hereto.  Accordingly, the Reorganized Debtors (a) object to the Untimely Claims and (b) seek entry of an order disallowing and expunging the Untimely Claims in their entirety.

G.    <u>Paid Severance Claims</u>

19.    During their review of the Proofs of Administrative Expense, the Reorganized Debtors determined that certain Administrative Claims filed against the

8

Reorganized Debtors assert liabilities or dollar amounts for severance benefits that are not owing

pursuant to the Reorganized Debtors' books and records because such Administrative Claims

were fully satisfied by severance payments. These payments were offered to employees

terminated after October 8, 2005 and were either fully paid over time or received a single lump

sum payment.  Set forth on Exhibit E hereto are Claims that the Reorganized Debtors have

identified as Claims for which the Reorganized Debtors are no longer liable (the "Paid Severance

Claims").

      20.    Because the Reorganized Debtors assert that the Paid Severance Claims

have already been satisfied, it should now be the claimants' burden to rebut this assertion by a

preponderance of the evidence.  Cf. WorldCom, 2005 WL 3832065, at *4 (quoting Allegheny,

954 F.2d at 174).

      21.    The Reorganized Debtors object to the Paid Severance Claims and request

that such Administrative Claims be disallowed and expunged in their entirety.  If this Court does

not disallow and expunge these Administrative Claims in full, the Reorganized Debtors

expressly reserve all of their rights to further object to the Paid Severance Claims at a later date

on any basis whatsoever.

      22.    Accordingly, the Reorganized Debtors (a) object to the Paid Severance

Claims and (b) seek entry of an order disallowing and expunging the Paid Severance Claims in

their entirety.

H.    Pension, Benefit, And OPEB Claims

      23.    During their review of the Proofs of Administrative Expenses, the

Reorganized Debtors determined that certain Administrative Claims filed against the

Reorganized Debtors assert liabilities or dollar amounts in connection with pension plans,

9

employee benefit programs, and/or post-retirement benefit programs that are not owing by the Reorganized Debtors.

24.    <u>Pension Liabilities</u>.  First, certain Proofs of Administrative Expenses assert liabilities or dollar amounts (the "Pension Liabilities") in connection with the following pension plans:  the Delphi Hourly-Rate Employees Pension Plan, the Delphi Retirement Program for Salaried Employees, the Delphi Mechatronic Systems Retirement Program, the ASEC Manufacturing Retirement Program, the Packard-Hughes Interconnect Bargaining Retirement Plan, and the Packard-Hughes Interconnect Non-Bargaining Retirement Plan (together, the "Pension Plans").  Each of these Pension Plans is a single employer, defined benefit plan covered by Title IV of Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1301 et seq.  Such Administrative Claims are not owing by the Reorganized Debtors. These Administrative Claims are not enforceable against the Reorganized Debtors because the Pension Plans are separate legal entities distinct from the Reorganized Debtors.  <u>See</u> <u>In re Springfield Furniture, Inc.</u>, 145 B.R. 520, 528 (Bankr. E.D. Va. 1992) (holding that defined benefit pension plan and trust holding assets of plan are separate and distinct legal entities and thus "the assets of the Trust (and Plan) are not assets of the debtors' bankruptcy estate").  The Pension Plans – not the Reorganized Debtors – are obligated to pay benefits to Pension Plan participants, so any Administrative Claims arising from the Pension Plans are Administrative Claims against the Pension Plans rather than the Reorganized Debtors.

25.    In addition, to the extent that any of the Pension Plans is terminated, under ERISA, the Pension Benefit Guaranty Corporation has the sole and total right to recover against employers for pension plan underfunding.  The participants have no right to make claims against the Reorganized Debtors for benefits under terminated plans.  <u>See</u> 29 U.S.C. § 1362; <u>see also</u>

10

United Steelworkers of Amer. v. United Eng'g, Inc., 52 F.3d 1386, 1390 (6th Cir. 1995); Int'l

Ass'n of Machinists and Aerospace Workers v. Rome Cable Corp., 810 F. Supp. 402 (N.D.N.Y.

1993); In re Lineal Group, Inc., 226 B.R. 608 (Bankr. M.D. Tenn. 1998).

26.    Benefit Liabilities.  Second, certain Proofs of Administrative Expense

assert liabilities or dollar amounts in connection with employee benefits, including but not

limited to commissions, vacation, sick leave, and/or employee benefit contributions (collectively,

the "Benefit Liabilities"), that are not owing by the Reorganized Debtors because such liabilities

have already been satisfied by the Reorganized Debtors.

27.    OPEB Liabilities.  Third, certain Proofs of Administrative Expense assert

liabilities or dollar amounts (a) on account of certain employee benefit plans and programs that

provided post-retirement health and life insurance benefits ("Salaried OPEB") to salaried retirees

and their surviving spouses that are not owing by the Reorganized Debtors because Salaried

OPEB is terminable at will and does not give rise to a right to payment (the "Salaried OPEB

Liabilities") or (b) on account of certain employee benefit plans and programs that provided

post-retirement health and life insurance benefits ("Hourly OPEB") to hourly retirees and their

surviving spouses that are not owing by the Reorganized Debtors because on September 26,

2008, the Debtors received the consent of certain of their labor unions to discontinue Hourly

OPEB (the "Hourly OPEB Liabilities" together with Salaried OPEB Liabilities, the "OPEB

Liabilities").

28.    This Court has previously determined that the Debtors' Salaried OPEB

was not vested and was provided on an at will basis.  See Final Order Under 11 U.S.C. §§ 105,

363 (b)(1), 1108, And 1114 (d) (I) Confirming Reorganized Debtors' Authority to Terminate

Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-Retirement Life

11

Insurance Benefits For Certain (a) Salaried Employees And (b) Retirees and Their Surviving Spouses And (II) Amending Scope And Establishing Deadline For Completion Of Retirees' Committee's Responsibilities, dated March 11, 2009 (Docket No. 16448) (the "Final OPEB Termination Order").[3]

29.    The cancellation of a benefit provided on an at will basis does not give rise to a "claim" as defined in section 101(5) of the Bankruptcy Code because the retiree has no "right to payment."  See, e.g., In re Ionosphere Clubs, Inc., 134 B.R. 515, 519 n. 4 (Bankr. S.D.N.Y. 1991) (noting that terminating plans which are terminable at will gave rise to no claims whatsoever); In re Wellman, Inc., No. 08-10595, slip op. at 6 (Bankr. S.D.N.Y. Jan. 23, 2009) (sustaining debtors' objection to disallow portion of claims for modified severance benefits that exceeded amounts owed under amended severance plan, reasoning that because old severance plan was terminable at will, claims under old severance plan were not enforceable).

30.    Set forth on Exhibit B hereto are the Administrative Claims asserting Pension Liabilities, Benefit Liabilities, and/or OPEB Liabilities (the "Pension, Benefit, And OPEB Claims"), which the Reorganized Debtors have identified as Administrative Claims for which the Reorganized Debtors have no administrative liability.  If this Court does not disallow and expunge the Pension, Benefit, And OPEB Claims in full, the Reorganized Debtors expressly reserve all of their rights to further object to such Pension, Benefit, And OPEB Claims at a later date on any basis whatsoever.

---

[3]    "The Debtors' Salaried OPEB benefits have not vested and the Debtors have reserved the right to modify or terminate Salaried OPEB benefits."  Final OPEB Termination Order at ¶ 2.

12

31.    Accordingly, the Reorganized Debtors (a) object to the Pension, Benefit, And OPEB Claims and (b) seek entry of an order disallowing and expunging the Pension, Benefit And OPEB Claims in their entirety.

I.    <u>Duplicate Claims</u>

During their review of the Proofs of Administrative Expenses, the Reorganized Debtors determined that certain Administrative Claims filed against the Reorganized Debtors in fact assert duplicative Claims (each, a "Duplicate Claim") for a single liability.  In some instances, these Duplicate Claims arose when a Claimant filed Proofs of Administrative Expense against multiple Debtor entities for the same liability.  In an effort to eliminate the Duplicate Claims, the Reorganized Debtors reviewed the Proofs of Administrative Expense and the supporting documentation provided in those Proofs of Administrative Expense to determine which duplicate claim should be the surviving claim.  It is axiomatic that creditors are not entitled to multiple recoveries for a single liability against a debtor.  Accordingly, the Reorganized Debtors wish to eliminate the Duplicate Claims.

32.    Set forth on <u>Exhibit G</u> hereto is a list of Administrative Claims that the Reorganized Debtors have identified as Duplicate Claims.  For each Duplicate Claim, <u>Exhibit G</u> classifies a Proof of Administrative Expenses either a "Claim To Be Expunged" or as a "Surviving Claim."  The Surviving Claims reflect the classifications of the liabilities as reflected on the Reorganized Debtors' books and records.   The Reorganized Debtors request that the Administrative Claims marked as "Claims To Be Expunged"on <u>Exhibit G</u> be disallowed and expunged.  With respect to the Administrative Claims on <u>Exhibit G</u> marked as Surviving Claims, the Reorganized Debtors do not seek any relief at this time.  The inclusion of the Surviving Claims on <u>Exhibit G</u>, however, does not reflect any view by the Reorganized Debtors as to the ultimate validity of any such Administrative Claims.  The Reorganized Debtors therefore

13

expressly reserve all of their rights to further object to any or all of the Surviving Claims at a

later date on any basis whatsoever.

33.     Accordingly, the Reorganized Debtors (a) object to the Duplicate Claims

and (b) seek entry of an order disallowing and expunging the Duplicate Claims in their entirety.

### Separate Contested Matters

34.     To the extent that a response is filed with respect to any Administrative

Claim listed in this Thirty-Seventh Omnibus Claims Objection and the Reorganized Debtors are

unable to resolve the response prior to the hearing on this Objection, the Reorganized Debtors

request that each such Administrative Claim and the objection to such Administrative Claim

asserted in this Objection be deemed to constitute a separate contested matter as contemplated by

Bankruptcy Rule 9014.  The Reorganized Debtors further request that any order entered by the

Court with respect to an objection asserted in this Objection will be deemed a separate order with

respect to each Claim.

### Reservation Of Rights

35.     The Reorganized Debtors expressly reserve the right to amend, modify, or

supplement this Thirty-Seventh Omnibus Claims Objection and to file additional objections to

any other Claims (filed or not) which may be asserted against the Reorganized Debtors,

including without limitation the right to object to any Claim not objected to in this Objection on

the basis that it has been asserted against the wrong Debtor entity.  Should one or more of the

grounds for objection stated in this Objection be dismissed, the Reorganized Debtors reserve

their rights to object on other stated grounds or on any other grounds that the Reorganized

Debtors discover.  In addition, the Reorganized Debtors reserve the right to seek further

reduction of any Administrative Claim to the extent that such Administrative Claim has already

been paid.

Responses To Objections

J.      Filing And Service Of Responses

        36.     The Reorganized Debtors propose that to contest an objection, responses
(each, a "Response"), if any, to the Thirty-Seventh Omnibus Claims Objection should (a) be in
writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules
for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1)
And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing
Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20,
2006 (Docket No. 2883) (the "Supplemental Case Management Order"), and the Fifteenth
Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,
9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,
And Administrative Procedures, entered August 26, 2009 (Docket No. 18839) (together with the
Supplemental Case Management Order, the "Case Management Orders"), (c) be filed with this
Court in accordance with General Order M-242 (as amended) – registered users of the this
Court's case filing system must file electronically, and all other parties-in-interest must file on a
3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other
Windows-based word processing format), (d) be submitted in hard copy form directly to the
chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States
Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New
York, New York 10004, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive,
Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the Reorganized Debtors, Skadden,
Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n:
John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton), in each case so as to be **received
no later than 4:00 p.m. (prevailing Eastern time) on November 11, 2009**.

K.    Contents Of Responses

37.    The Debtors further propose that every Response to this Thirty-Seventh

Omnibus Claims Objection should contain at a minimum the following:

(a)    the title of the claims objection to which the Response is directed;

(b)    the name of the claimant and a brief description of the basis for the
amount of the Administrative Claim;

(c)    a concise statement setting forth the reasons why the
Administrative Claim should not be disallowed and expunged,
including, but not limited to, the specific factual and legal bases
upon which the claimant will rely in opposing the claims objection;

(d)    unless already set forth in the Proof of Administrative Expense
previously filed with this Court, documentation sufficient to
establish a prima facie right to payment; provided, however, that
the claimant need not disclose confidential, proprietary, or
otherwise protected information in the Response; provided further,
however, that the claimant must disclose to the Reorganized
Debtors all information and provide copies of all documents that
the claimant believes to be confidential, proprietary, or otherwise
protected and upon which the claimant intends to rely in support of
its Administrative Claim, subject to appropriate confidentiality
constraints;

(e)    to the extent that the Administrative Claim is contingent or fully or
partially unliquidated, the amount that the claimant believes would
be the allowable amount of such Administrative Claim upon
liquidation of the Administrative Claim or occurrence of the
contingency, as appropriate; and

(f)    the address(es) to which the Reorganized Debtors must return any
reply to the Response, if different from the address(es) presented in
the Administrative Claim.

L.    Timely Response Required

38.    If a Response is properly and timely filed and served in accordance with

the foregoing procedures and the Reorganized Debtors are unable to reach a consensual

resolution with the claimant, the Reorganized Debtors request that this Court conduct a status

hearing on November 18, 2009 at 10:00 a.m. (prevailing Eastern time) regarding this Thirty-

Seventh Omnibus Claims Objection and any Response hereto and set further hearings pursuant to the Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 503(b) for Order Authorizing Debtors to Apply Claims Objection Procedures to Administrative Expense Claims (Docket No. 18715) (the "Claims Procedures Motion") currently pending before this Court.  With respect to all uncontested objections, the Reorganized Debtors request that this Court conduct a final hearing on November 18, 2009 at 10:00 a.m. (prevailing Eastern time).

39.    The Debtors request that only those Responses made in writing and timely filed and received be considered by the Court.  If a claimant whose Proof of Administrative Expense is subject to the Thirty-Seventh Omnibus Claims Objection and who is served with the Thirty-Seventh Omnibus Claims Objection fails to file and serve a timely Response in compliance with the foregoing procedures, the Reorganized Debtors may present to this Court an appropriate order seeking relief with respect to such Administrative Claim consistent with the relief sought in the Thirty-Seventh Omnibus Claims Objection without further notice to the claimant, other than notice of the entry of such order; provided further, however, that if the claimant files a timely Response which does not include the required minimum information required by the foregoing procedures, the Reorganized Debtors may seek disallowance and expungement of the relevant Administrative Claim or Claims.

Further Information

40.    Questions about this Thirty-Seventh Omnibus Claims Objection or requests for additional information about the proposed disposition of Administrative Claims hereunder should be directed to the Reorganized Debtors' counsel by e-mail to dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm.

17

Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim

or the filing of a Administrative Claim should be directed to the Claims Agent at 1-888-249-

2691 or www.dphholdingsdocket.com.  Claimants should not contact the Clerk of the

Bankruptcy Court to discuss the merits of their Administrative Claims.

<u>Notice</u>

41.    Notice of this Motion has been provided in accordance with the

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Fifteenth

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

And Administrative Procedures, entered August 26, 2009 (Docket No. 18839).  In light of the

nature of the relief requested, the Reorganized Debtors submit that no other or further notice is

necessary.

42.    The Reorganized Debtors will provide each claimant whose Proof of

Administrative Expense is subject to an objection pursuant to this Thirty-Seventh Omnibus

Claims Objection with a personalized Notice Of Objection To Claim which specifically

identifies the claimant's Proof of Administrative Expense that is subject to an objection and the

basis for such objection as well as a copy of the Claims Objection Procedures Order.  A form of

the Notice Of Objection To Claim to be sent to the Claimants listed on <u>Exhibits A</u>, <u>B</u>, <u>C</u>, <u>D</u>, <u>E</u>, <u>F</u>,

and <u>G</u> is attached hereto as <u>Exhibit J</u>.  Claimants will receive a copy of this Thirty-Seventh

Omnibus Claims Objection without Exhibits A through J hereto.  Claimants will nonetheless be

able to review Exhibits A through J hereto free of charge by accessing the Reorganized Debtors'

18

Legal Information Website (www.dphholdingsdocket.com).  In light of the nature of the relief

requested, the Reorganized Debtors submit that no other or further notice is necessary.

WHEREFORE the Reorganized Debtors respectfully request that the Court enter an order (a) granting the relief requested herein and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:   New York, New York
         October  15, 2009

                                    SKADDEN, ARPS, SLATE, MEAGHER
                                       & FLOM LLP

                                    By:   /s/ John Wm. Butler, Jr.
                                          John Wm. Butler, Jr.
                                          John K. Lyons
                                          Ron E. Meisler
                                    155 North Wacker Drive
                                    Chicago, Illinois 60606
                                    (312) 407-0700

                                          - and -

                                    By:   /s/ Kayalyn A. Marafioti
                                          Kayalyn A. Marafioti

                                    Four Times Square
                                    New York, New York 10036
                                    (212) 735-3000

                                    Attorneys for DPH Holdings Corp., et al.,
                                       Reorganized Debtors

20

In re: Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Thirty-Seventh Omnibus Claims Objection

Exhibit H - Claimants And Related Administrative Claims Subject To Thirty-Seventh Omnibus Claims Objection

| Claim Holder | Claim | Exhibit |
|---|---|---|
| IRENE M COLLINS | 17021 | Exhibit F - Pension, Benefit, And OPEB Claims |
| IULIAN NEDELESCU | 18019 | Exhibit E - Paid Severance Claims |
| J BRENT LOGAN | 17665 | Exhibit E - Paid Severance Claims |
| JACELYN R SOBEK | 17132 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JACK GASTON | 18365 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JACQUELINE STURDIVANT DONALD | 16998 | Exhibit E - Paid Severance Claims |
| JAMES A BRUNER | 18235 | Exhibit G - Duplicate Claims |
| JAMES A JESSUP | 18420 | Exhibit E - Paid Severance Claims |
| JAMES A KANE | 17551 | Exhibit E - Paid Severance Claims |
| JAMES A LUECKE | 17081 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES A OCONNOR | 19383 | Exhibit D - Untimely Claims |
| JAMES A SPENCER | 19014 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES B SUMPTER | 18620 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES B SUMPTER | 18621 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES C GRIFFIN | 17855 | Exhibit E - Paid Severance Claims |
| JAMES C VENABLE | 19306 | Exhibit D - Untimely Claims |
| JAMES D NEWTON JR | 16888 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES E FORBES | 17488 | Exhibit E - Paid Severance Claims |
| JAMES E STEFFAN | 18529 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES EDLINGER | 18343 | Exhibit C - Books And Records Claims |
| JAMES H BOARDMAN | 16873 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES L NIEMAN | 19468 | Exhibit D - Untimely Claims |
| JAMES L ODOM | 17559 | Exhibit E - Paid Severance Claims |
| JAMES M BURKE | 17207 | Exhibit E - Paid Severance Claims |
| JAMES M TRACY | 17214 | Exhibit E - Paid Severance Claims |
| JAMES R BUCZKOWSKI | 18128 | Exhibit E - Paid Severance Claims |
| JAMES R DAVIS | 17219 | Exhibit E - Paid Severance Claims |
| JAMES R HUBENTHAL | 17804 | Exhibit E - Paid Severance Claims |
| JAMES ROBERT IMOEHL | 17117 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES ROBERT IMOEHL | 17118 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES T CARNEY | 17203 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES W DICICCIO | 17842 | Exhibit E - Paid Severance Claims |
| JAMES WEBB JR | 19375 | Exhibit D - Untimely Claims |
| JAMIE L FERGUSON | 18034 | Exhibit E - Paid Severance Claims |
| JAN A SULLIVAN | 17185 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JANE E HAGBERG | 18476 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JANE HAGBERG | 18889 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JANET GILL | 17538 | Exhibit C - Books And Records Claims |
| JANET S MCCORMICK | 19411 | Exhibit D - Untimely Claims |