IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :

        In re                       :        Chapter 11

                                            :

DPH HOLDINGS CORP., et al.,     :        Case No. 05-44481 (RDD)

                                            :

            Reorganized Debtors.     :        (Jointly Administered)

                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>AFFIDAVIT OF SERVICE</u>

       I, Darlene Calderon, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Reorganized Debtors in the above-captioned cases.

       On April 5, 2013, I caused to be served the documents listed below (i) upon the party listed on <u>Exhibit A</u> hereto via overnight mail, (ii) upon the parties listed on <u>Exhibit B</u> hereto via electronic notification, (iii) upon the party listed on <u>Exhibit C</u> hereto via facsimile, and (iv) upon the party listed on <u>Exhibit D</u> hereto via postage pre-paid U.S. mail:

1) Reorganized Debtors' Motion for Order (I) Enforcing Modification Procedures Order, Modified Plan and Plan Modification Order Injunction and Thirty-Seventh Omnibus Claims Objection Order Against James Sumpter, as Plaintiff, in Federal Court ERISA Action; and (II) Directing James Sumpter to Dismiss Federal Court ERISA Action Against the Reorganized Debtors and the Reorganized Debtors Life & Disability Benefits Program ("Sumpter ERISA Injunction Motion") (Docket No. 22040) [a copy of which is attached hereto as <u>Exhibit E</u>]

2) Notice of Reorganized Debtors' Motion for Order (I) Enforcing Modification Procedures Order, Modified Plan and Plan Modification Order Injunction and Thirty-Seventh Omnibus Claims Objection Order Against James Sumpter, as Plaintiff, in Federal Court ERISA Action; and (II) Directing James Sumpter to Dismiss Federal Court ERISA Action Against the Reorganized Debtors and the Reorganized Debtors' Life & Disability Benefits Program (Docket No. 22041) [a copy of which is attached hereto as <u>Exhibit F</u>]

Dated: April 10, 2013

<span style="text-align:center">_/s/ Darlene Calderon_____
Darlene Calderon</span>

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 10th day of April, 2013, by Darlene Calderon, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _/s/ Vanessa R. Quiñones_____

Commission Expires: _10/20/15_____

# EXHIBIT A

DPH Holdings Corp.
Special Parties

| Company | Address1 | City | State | Zip |
|---|---|---|---|---|
| James Sumpter | 21169 Westbay Circle | Noblesville | IN | 46062 |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/10/2013 6:05 PM
Delphi - Sumpter Special Party.xlsx

# EXHIBIT B

In re DPH Holdings Corp.
Post-Emergence Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Barnes & Thornburg LLP | Deborah L. Thorne Kathleen L. Matsoukas | One N Wacker Drive | Suite 4400 | Chicago | IL | 60606 | 312-357-1313 | dthorne@btlaw.com kmatsoukas@btlaw.com | Counsel to Johnson Controls Battery Group, Inc.; Johnson Controls, Inc. (Power Solutions) |
| Delphi Automotive Systems LLP | Sean Corcoran Karen Craft David M. Sherbin | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com david.sherbin@delphi.com | Delphi Automotive Systems LLP |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | fgorman@honigman.com rweiss@honigman.com | Counsel to General Motors Corporation |
| Ruskin Moscou Faltischek PC | Jeffrey A. Wurst, Esq. | 1425 RXR Plaza | 15th Floor | Uniondale | NY | 11556 | 516-663-6535 | jwurst@rmfpc.com | |
| Skadden, Arps, Slate, Meagher & Flom LLP | Ron E. Meisler | 155 N Wacker Drive | Suite 2700 | Chicago | IL | 60606-1720 | 312-407-0700 | rmeisler@skadden.com | Counsel to the Reorganized Debtor |
| Weil, Gotshal & Manges LLP | Harvey R. Miller Robert J. Lemons | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | harvey.miller@weil.com robert.lemons@weil.com | Counsel to General Motors Corporation |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/10/2013 6:09 PM
Post-Emergence Master Service List 130405.xlsx Email (6)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Adalberto Cañadas Castillo | | Avda Ramon de Carranza | 10-1º | Cadiz | | 11006 | Spain | 34 956 226 311 | | adalberto@canadas.com | Representative to DASE |
| Adler Pollock & Sheehan PC | Joseph Avanzato | One Citizens Plz 8th Fl | | Providence | RI | 02903 | | 401-274-7200 | 401-751-0604 | javanzato@apslaw.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | | 610-902-6028 | 610-687-3187 | david.boyle@airgas.com | Counsel to Airgas, Inc. |
| Akebono Brake Corporaton | Brandon J. Kessinger | 310 Ring Road | | Elizabethtown | KY | 42701 | | 270-234-5580 | 270-234-5504 | bkessinger@akebono-usa.com | Representative for Akebono Corporation |
| Akin Gump Strauss Hauer & Feld, LLP | Ira S Dizengoff | One Bryant Park | | New York | NY | 10036 | | 212-872-1000 | 212-872-1002 | idizengoff@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | 949-553-8354 | mgreger@allenmatkins.com | Counsel to Kilroy Realty, L.P. |
| Alliance for Sustainable Energy LLC | National Renewable Energy Laboratory | Jim Martin Senior Attorney | 1617 Golden Blvd MS 1734 | Golden | CO | 80401 | | 303-384-7497 | 303-384-7499 | jim.martin@nrel.gov | Counsel for National Renewable Energy Laboratory |
| Alston & Bird, LLP | Craig E. Freeman | 90 Park Avenue | | New York | NY | 10016 | | 212-210-9400 | 212-922-3891 | craig.freeman@alston.com | Counsel to Cadence Innovation, LLC |
| Alston & Bird, LLP | Dennis J. Connolly; David A. Wender | 1201 West Peachtree Street | | Atlanta | GA | 30309 | | 404-881-7269 | 404-253-8554 | dconnolly@alston.com dwender@alston.com | Counsel to Cadence Innovation, LLC, PD George Co, Furukawa Electric Companay, Ltd., and Furukawa Electric North America APD, Inc. |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | | 313-758-4868 | | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | 626-577-7764 | mtf@afrct.com | Counsel to Stanley Electric Sales of America, Inc. |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Hirsh.Robert@arentfox.com | Counsel to Pullman Bank and Trust Company |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | 404-873-8121 | dladdin@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | 202-942-5999 | joel_gross@aporter.com | Counsel to CSX Transportation, Inc. |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | 519-650-6520 | cgalloway@atsautomation.com | Company |
| Balch & Bingham LLP | Eric T. Ray | PO Box 306 | | Birmingham | AL | 35201 | | 205-251-8100 | 205-226-8799 | eray@balch.com | Attorney for Alabama Power Company |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | Kimberly J. Robinson | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | 312-984-3150 | kim.robinson@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | William J. Barrett | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | 312-984-3150 | william.barrett@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | alan.mills@btlaw.com | Counsel to Mays Chemical Company |
| Barnes & Thornburg LLP | Damon R Leichty | 600 1st Source Bank Center | 100 North Michigan | South Bend | IN | 46601 | | 574-233-1171 | 574-237-1125 | damon.leichty@btlaw.com | Counsel to Bank of America, N.A. |
| Barnes & Thornburg LLP | David M. Powlen | 1000 N West Street | Suite 1200 | Wilmington | DE | 19801 | | 302-888-4536 | 317-231-7433 | david.powlen@btlaw.com | Counsel to Howard County, Indiana |
| Barnes & Thornburg LLP | Deborah L. Thorne | One North Wacker Drive | Suite 4400 | Chicago | IL | 60606 | | 312-357-1313 | 312-759-5646 | deborah.thorne@btlaw.com | Counsel to Johnson Controls Battery Group, Inc.; Johnson Controls, Inc. (Power Solutions) |

In re: DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 20

4/10/2013 6:08 PM
Email (388)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Barnes & Thornburg LLP | John T. Gregg | 171 Monroe Avenue NW | Suite 1000 | Grand Rapids | MI | 49503 | | 616-742-3930 | 616-742-3999 | jgregg@btlaw.com | Counsel to Priority Health; Clarion Corporation of America; Continental AG and Affiliates |
| Barnes & Thornburg LLP | Kathleen L. Matsoukas | One North Wacker Drive | Suite 4400 | Chicago | IL | 60606 | | 312-357-1313 | 312-759-5646 | kathleen.matsoukas@btlaw.com | Counsel to Johnson Controls Battery Group, Inc.; Johnson Controls, Inc. (Power Solutions); Howard County, Indiana |
| Barnes & Thornburg LLP | Mark R. Owens | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | mark.owens@btlaw.com | Counsel to Clarion Corporation of America |
| Barnes & Thornburg LLP | Michael K. McCrory | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | michael.mccrory@btlaw.com | Counsel to Gibbs Die Casting Corporation; Clarion Corporation of America |
| Barnes & Thornburg LLP | Patrick E. Mears | 171 Monroe Avenue NW | Suite 1000 | Grand Rapids | MI | 49503 | | 616-742-3936 | 616-742-3999 | pmears@btlaw.com | Counsel to Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Sarah Quinn Kuhny | 600 1st Source Bank Center | 100 North Michigan | South Bend | IN | 46601 | | 574-233-1171 | 574-237-1125 | sarah.kuhny@btlaw.com | Counsel to Bank of America, N.A. |
| Barnes & Thornburg LLP | Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | wendy.brewer@btlaw.com | Counsel to Gibbs Die Casting Corporation |
| Bartlett Hackett Feinberg P.C. | Frank F. McGinn | 155 Federal Street | 9th Floor | Boston | MA | 02110 | | 617-422-0200 | 617-422-0383 | ffm@bostonbusinesslaw.com | Counsel to Iron Mountain Information Management, Inc. |
| Beeman Law Office | Thomas M Beeman | 33 West 10th Street | Suite 200 | Anderson | IN | 46016 | | 765-640-1330 | 765-640-1332 | tom@beemanlawoffice.com | Counsel to Madison County (Indiana) Treasurer |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | 2125541444 | hannah@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | | 313-496-1200 | 313-496-1300 | murph@berrymoorman.com | Counsel to Kamax L.P.; Oprtex America, Inc.; GKN Sinter Metals, Inc. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.. |
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | tgaa@bbslaw.com | Counsel to Veritas Software Corporation |
| Bingham McHale LLP | Whitney L Mosby | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-635-8900 | 317-236-9907 | wmosby@binghammchale.com | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 2 of 20

4/10/2013 6:08 PM
Email (388)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | | 313-393-7592 | 313-393-7579 | rmcdowell@bodmanllp.com | Counsel to Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | chill@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | csullivan@bsk.com | Counsel to Diemolding Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | sdonato@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | amcmullen@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | rjones@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Brembo S.p.A. | Massimiliano Cini | Administration Department via Brembo 25 | 24035 Curno BG | Bergamo | | | Italy | 00039-035-605-529 | 00039-035-605-671 | massimiliano_cini@brembo.it | Creditor |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | 856-853-9933 | dludman@brownconnery.com | Counsel to SAP America, Inc. |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | 415-227-0770 | schristianson@buchalter.com | Counsel to Oracle USA, Inc.; Oracle Credit Corporation |
| Buchanan Ingersoll & Rooney PC | Mark Pfeiffer | 50 S. 16th St Ste 3200 | | Philadelphia | PA | 19102 | | 215-665-8700 | | mark.pfeiffer@bipc.com | Counsel to ATEL Leasing Corp. |
| Buchanan Ingersoll & Rooney PC | Mary Caloway | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | | 302-552-4200 | 302-552-4295 | mary.caloway@bipc.com | Counsel to Fiduciary Counselors |
| Buchanan Ingersoll & Rooney PC | Peter S. Russ | 620 Eighth Ave | 23rd Floor | New York | NY | 10018 | | 212-440-4400 | | peter.russ@bipc.com | Counsel to ATEL Leasing Corp. |
| Buchanan Ingersoll & Rooney PC | William H. Schorling, Esq. | Two Liberty Place | 50 S. 16th St., Ste 3200 | Philadelphia | PA | 19102 | | 215-665-5326 | 215-665-8760 | william.schorling@bipc.com | Counsel to Fiduciary Counselors |
| Butzel Long | Bruce L. Sendek | 150 W. Jefferson Avenue | Suite 100 | Detroit | MI | 48226 | | 313-225-7000 | 313-225-7080 | sendek@butzel.com | Counsel to Reorganized Debtors |
| Butzel Long | Chester E. Kasiborski, Jr. | 150 W. Jefferson Avenue | Suite 100 | Detroit | MI | 48226 | | 313-225-7000 | 313-225-7080 | kasiborski@butzel.com | Counsel to Reorganized Debtors |
| Butzel Long | Cynthia J. Haffey | 150 W. Jefferson | Suite 100 | Detroit | MI | 48226 | | 313-983-7434 | 313-225-7080 | haffey@butzel.com | Counsel to Delphi Corporation |
| Butzel Long | David J. DeVine | 150 W. Jefferson Avenue | Suite 100 | Detroit | MI | 48226 | | 313-225-7000 | 313-225-7080 | devine@butzel.com | Counsel to Reorganized Debtors |
| Butzel Long | Donald V. Orlandoni | 150 W. Jefferson | Suite 100 | Detroit | MI | 48226 | | 313-225-7063 | 313-225-7080 | orlandoni@butzel.com | Counsel to Delphi Corporation |
| Butzel Long | Maria Caceres-Boneau | 380 Madison Ave | 22nd Floor | New York | NY | 10017 | | 212-905-1505 | 212-818-0494 | boneau@butzel.com | Counsel to Reorganized Debtors |
| Butzel Long | Sheldon H. Klein | Stoneridge West | 41000 Woodward Avenue | Bloomfield Hills | MI | 48304 | | 248-258-1414 | 248-258-1439 | klein@butzel.com | Counsel to Reorganized Debtors |
| Butzel Long | Thomas B. Radom | Stoneridge West | 41000 Woodward Avenue | Bloomfield Hills | MI | 48304 | | 248-258-1413 | 248-258-1439 | radom@butzel.com | Counsel to Reorganized Debtors |
| Butzel Long | Thomas D. Noonan | 150 W. Jefferson Avenue | Suite 100 | Detroit | MI | 48226 | | 313-225-7000 | 313-225-7080 | noonan@butzel.com | Counsel to Reorganized Debtors |
| Cadwalader Wickersham & Taft LLP | Jeannine D'Amico | 1201 F St NW Ste 1100 | | Washington | DC | 20004 | | 202-862-2452 | 202-862-2400 | jeannine.damico@cwt.com | Attorneys for the Audit Committee of Delphi Corporation |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 3 of 20

4/10/2013 6:08 PM
Email (388)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Cadwalader Wickersham & Taft LLP | John J. Rapisardi Esq Joseph Zujkowski Esq | One World Financial Center | | New York | NY | 10281 | | 212-504-6000 | 212-504-6666 | john.rapisardi@cwt.com joseph.zujkowski@cwt.com | Counsel to the Auto Task Force of the U.S. Department of the Treasury |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 732-205-6777 | jonathan.greenberg@BASF.C OM | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Kevin Burke | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 212-378-2167 | kburke@cahill.com | Counsel to Engelhard Corporation |
| Calfee, Halter & Griswold LLC | Jean R. Robertson, Esq. | 1400 McDonald Investment Ctr | 800 Superior Ave | Cleveland | OH | 44114 | | 216-622-8404 | 216-241-0816 | jrobertson@calfee.com | Counsel to Brush Engineered materials |
| Calinoff & Katz, LLP | Dorothy H. Marinis-Riggio Robert Calinoff | 140 East 45th Street | 17th Floor | New York | NY | 10017 | | 212-826-8800 | 212-644-5123 | dhriggio@gmail.com rcalinoff@candklaw.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, I |
| Cantor Colburn LLP | Michael J Rye | 20 Church Street | 22nd Floor | Hartford | CT | 06103-3207 | | 860-286-2929 | 860-286-0115 | mrye@cantorcolburn.com | Patent Counsel to Delphi Corporation et al., Debtors and Debtors-in-Possession |
| Carson Fischer, P.L.C. | Joseph M Fischer Patrick J Kukla | 4111 Andover Road | West 2nd Floor | Bloomfield Hills | MI | 48302 | | 248-644-4840 | | brcy@carsonfischer.com | Counsel to Bing Metals Group, LLC; Behr America, Inc.; Findlay Industries; Vitec, LLC |
| Carson Fischer, P.L.C. | Robert A. Weisberg | 4111 Andover Road | West 2nd Floor | Birmingham | MI | 48302 | | 248-644-4840 | 248-644-1832 | rweisberg@carsonfischer.com brcy@carsonfischer.com | Counsel to Cascade Die Casting Group, Inc.; Behr America, Inc. |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | 212-732-3232 | cahn@clm.com | Counsel to STMicroelectronics, Inc. |
| Chadbourne & Parke LLP | Douglas Deutsch, Esq. | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-408-5100 | 212-541-5369 | ddeutsch@chadbourne.com | Counsel to EagleRock Capital Management, LLC |
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | japplebaum@clarkhill.com | Counsel to 1st Choice Heating & Cooling, Inc.; BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLC | Shannon Deeby | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | sdeeby@clarkhill.com | Counsel to BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | 313-965-8252 | rgordon@clarkhill.com | Counsel to ATS Automation Tooling Systems Inc. |
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel to Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co., Inc.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | 412-209-1837 | tmaxson@cohenlaw.com | Counsel to Nova Chemicals, Inc. |
| Cohen, Weiss & Simon LLP | Joseph J. Vitale Babette Ceccotti | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | 646-473-8238 | jvitale@cwsny.com bceccotti@cwsny.com | Counsel to International Union, United Automobile, Areospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | | 860-493-2200 | 860-727-0361 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 4 of 20

4/10/2013 6:08 PM
Email (388)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | 302-658-0380 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |
| Coolidge Wall Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | Pretekin@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Company; Attorneys for Columbia Industrial |
| Covington & Burling | Susan Power Johnston Aaron R. Marcu | 620 Eighth Ave | | New York | NY | 10018 | | 212-841-1005 | 646-441-9005 | sjohnston@cov.com | Special Counsel to the Debtor |
| Cox, Hodgman & Giarmarco, P.C. | Sean M. Walsh, Esq. | Tenth Floor Columbia Center | 101 W. Big Beaver Road | Troy | MI | 48084-5280 | | 248-457-7000 | 248-457-7001 | swalsh@chglaw.com | Counsel to Nisshinbo Automotive Corporation |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | dpm@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Cindi Eilbott | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6936 | 212-697-1559 | ceilbott@curtis.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | 716-856-5510 | wsavino@damonmorey.com | Counsel to Relco, Inc.; The Durham Companies, Inc. |
| David P. Martin | | 519 Energy Center Blvd | Ste 1104 | Northport | AL | 35401 | | 205-343-1771 | 205-343-1781 | davidpmartin@erisacase.com davidpmartin@bellsouth.net | Co-Counsel for David Gargis, Jimmy Mueller, and D. Keith Livingston |
| Day Pitney LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | 973-966-1015 | rmeth@daypitney.com | Counsel to Marshall E. Campbell Company |
| Day Pitney LLP | Ronald S. Beacher Conrad K. Chiu | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | 212-916-2940 | rbeacher@daypitney.com cchiu@daypitney.com | Counsel to IBJTC Business Credit Corporation, as successor to IBJ Whitehall Business Credit Corporation |
| Dechert LLP | Glenn E. Siegel James O. Moore | 1095 Avenue of the Americas | | New York | NY | 10036-6797 | | 212-698-3500 | 212-698-3599 | glenn.siegel@dechert.com james.moore@dechert.com | Counsel for Kensington International Limited, Manchester Securities Corp. and Springfield Associates, LLC |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | 248-350-7772 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | | 212-682-4940 | 212-682-4942 | gdiconza@dlawpc.com | Counsel to Tyz-All Plastics, Inc.; Co-Counsel to Tower Automotive, Inc. |
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | 513-977-8141 | john.persiani@dinslaw.com | Counsel to The Procter & Gamble Company |
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | 410-580-3001 | richard.kremen@dlapiper.com | Counsel to Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 5 of 20

4/10/2013 6:08 PM
Email (388)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Duane Morris LLP | Joseph H. Lemkin | 744 Broad Street | Suite 1200 | Newark | NJ | 07102 | | 973-424-2000 | 973-424-2001 | jhlemkin@duanemorris.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; and Hosiden America Corporation |
| Duane Morris LLP | Lewis R Olshin Esq | 30 South 17th Street | | Philadelphia | PA | 19103 | | 215-979-1129 | 215-689-3622 | Olshin@duanemorris.com | Counsel to ACE American Insurance Company and Pacific Employers Insurance Company |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | dmdelphi@duanemorris.com; mreed@duanemorris.com | Counsel to ACE American Insurance Company and Pacific Employers Insurance Company |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1547 | 215-689-4951 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company and Pacific Employers Insurance Company |
| Dykema Gossett PLLC | Douglas S Parker | 39577 Woodward Ave | Suite 300 | Bloomfield Hills | MI | 48304 | | 248-203-0703 | 248-203-0763 | dparker@dykema.com | Counsel for Federal Screw |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | 212-715-8000 | ayala.hassell@eds.com | Representative for Electronic Data Systems Corporation |
| Ellenberg, Ogier, Rothschild & Rosenfeld, P.C. | Barbara Ellis-Monro | 170 Mitchell Street, SW | | Atlanta | GA | 30303 | | 404-581-3818 | 404-526-8855 | bem@eorrlaw.com | Counsel to Southwire Company |
| Entergy Services, Inc. | Alan H. Katz | 639 Loyola Ave 26th Fl | | New Orleans | LA | 70113 | | | | akatz@entergy.com | Assistant General Counsel to Entergy Services, Inc |
| Epstein Becker & Green PC | Maura I. Russell Anthony B. Stumbo | 250 Park Ave | 11th Floor | New York | NY | 10177-1211 | | 212-351-4500 | 212-661-0989 | MRussell@ebglaw.com | Counsel to SPCP Group LLC as agent for Silver Point Capital Fund LP and Silver Point Capital Offshore Fund Ltd |
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | | 516-227-6300 | 516-227-6307 | gettelman@e-hlaw.com | Counsel to Jon Ballin |
| Faegre & Benson LLP | Elizabeth K. Flaagan | 3200 Wells Fargo Center | 1700 Lincoln St | Denver | CO | 80203-4532 | | 303-607-3694 | | eflaagan@faegre.com | Counsel to CoorsTek, Inc.; Corus, L.P. |
| Farrell Fritz PC | Louis A. Scarcella Patrick T. Collins | 1320 RexCorp Plaza | | Uniondale | NY | 11556-1320 | | 516-227-0700 | 516-227-0777 | lscarcella@farrellfritz.com; pcollins@farrellfritz.com | Counsel to Official Committee of Equity Holders |
| Filardi Law Offices LLC | Charles J. Filardi, Jr., Esq. | 65 Trumbull Street | Second Floor | New Haven | CT | 06510 | | 203-562-8588 | 866-890-3061 | charles@filardi-law.com | Counsel to Federal Express Corporation |
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | | 212-344-2929 | 212-422-6836 | tdonovan@finkgold.com | Counsel to Pillarhouse (U.S.A.) Inc. |
| Foley & Lardner LLP | Ann Marie Uetz | 500 Woodward Avenue | Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | 313-234-2800 | auetz@foley.com | Counsel to PBR Tennessee |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | 312-832-4700 | jmurch@foley.com | Counsel to Kuss Corporation |
| Foley & Lardner LLP | John A. Simon | One Detroit Center | 500 Woodward Ave Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | 313-234-2800 | jsimon@foley.com | Counsel to Ernst & Young LLP |
| Foley & Lardner LLP | John R. Trentacosta Katherine R. Catanese | 500 Woodward Avenue | Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | 313-234-2800 | jtrentacosta@foley.com; kcatanese@foley.com | Counsel to Kautex Inc. |
| Fox Rothschild LLP | Brian Isen | 1301 Atlantic Avenue | | Atlantic City | NJ | 08401 | | 609-348-2294 | 609-348-6834 | bisen@foxrothschild.com | Counsel to M&Q Plastic Products L.P. |
| Fox Rothschild LLP | Fred Stevens | 100 Park Avenue | 15th Floor | New York | NY | 10017 | | 212-878-7900 | 212-682-4218 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | | 608-848-6350 | 608-848-6357 | ftrikkers@rikkerslaw.com | Counsel to Southwest Metal Finishing, Inc. |
| Frost Brown Todd LLC | Ronald E. Gold | 2200 PNC Center | 201 East Fifth Street | Cincinnati | OH | 45202-4182 | | 513-651-6156 | | rgold@fbtlaw.com | Counsel to AKS Receivables, LLC |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 6 of 20

4/10/2013 6:08 PM
Email (388)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Fulbright & Jaworski LLP | David A Rosenzweig | 666 Fifth Avenue | | New York | NY | 10103-3198 | | 212-318-3000 | 212-318-3400 | drosenzweig@fulbright.com | Counsel to Southwest Research Institute Attorney for Solvay Fluorides, LLC |
| Fulbright & Jaworski LLP | Michael M Parker | 300 Convent St Ste 2200 | | San Antonio | TX | 78205 | | 210-224-5575 | 210-270-7205 | mparker@fulbright.com | Counsel to Southwest Research Institute |
| Genovese Joblove & Battista, P.A. | David C. Cimo | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | | 305-349-2300 | 305-349-2310 | dcimo@gjb-law.com | Counsel to Ryder Integrated Logistics, Inc. |
| Gibbons P.C. | David N. Crapo | One Gateway Center | | Newark | NJ | 07102-5310 | | 973-596-4523 | 973-639-6244 | dcrapo@gibbonslaw.com | Counsel to Epcos, Inc. |
| Goldberg Segalla LLP | Attn Bruce W Hoover | 665 Main St Ste 400 | | Buffalo | NY | 14203 | | 716-566-5400 | 716-566-5401 | bhoover@goldbergsegalla.com | Attorneys for MasTec Inc. |
| Goldberg Segalla LLP | Bruce W Hoover Richard A Braden | 665 Main St Ste 400 | | Buffalo | NY | 14203 | | 716-566-5400 | 716-566-5401 | bhoover@goldbergsegalla.com | Counsel to Delphi Automotive Systems, LLC, succesor in interest to DPH Holdings Corp. |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | 212-269-2540 | bmehlsack@gkllaw.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | 617-574-4112 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |
| Grant & Eisenhofer P.A. | James J Sabella | 485 Lexington Ave | | New York | NY | 10017 | | 646-722-8520 | 302-622-7100 | jsabella@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | 212-755-6503 | jeisenhofer@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | mrr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbeler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | 513-651-3836 | mdebbeler@graydon.com | Counsel to Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greenberg Traurig, LLP | Maria J. DiConza | MetLife Bldg | 200 Park Avenue | New York | NY | 10166 | | 212-801-9200 | 212-801-6400 | diconzam@gtlaw.com | Counsel to Samtech Corporation |
| Greenberg Traurig, LLP | Shari L. Heyen | 1000 Louisiana | Suite 1800 | Houston | TX | 77002 | | 713-374-3500 | 713-374-3505 | heyens@gtlaw.com | Counsel to Samtech Corporation |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | 314-241-8624 | ckm@greensfelder.com jpb@greensfelder.com | Counsel to ARC Automotive, Inc. |
| Hahn Loeser & Parks LLP | Lawrence E Oscar Christopher W Peer | 200 Public Square | Suite 2800 | Cleveland | OH | 44114 | | 216-621-0150 | 216-241-2824 | leoscar@hahnlaw.com cpeer@hahnlaw.com | Counsel to Casco Products, a Unit of Sequa Corporation and ARC Automotive, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 7 of 20

4/10/2013 6:08 PM
Email (388)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia Julie D. Dyas | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | 212-765-0964 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net jdyas@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation; ARC Automotive, Inc |
| Hancock & Estabrook LLP | R John Clark Esq | 1500 Tower I | PO Box 4976 | Syracuse | NY | 13221-4976 | | 315-471-3151 | 315-471-3167 | rjclark@hancocklaw.com | Counsel to Alliance Precision Plastics Corporation |
| Harrington, Dragich & O'Neill PLLC | David G Dragich | 21043 Mack Avenue | | Grosse Pointe Woods | MI | 48236 | | 313-886-4550 | 313-221-9612 | ddragich@hdolaw.com | Counsel to Internet Corporation |
| Harris D. Leinwand | Harris D. Leinwand | 315 Madison Avenue | Suite 901 | New York | NY | 10017 | | 212-725-7338 | 212-244-6219 | hleinwand@aol.com | Counsel to Baker Hughes Incorporated; Baker Petrolite Corporation |
| Haskell Slaughter Young & Rediker LLC | Robert H. Adams | 2001 Park Place North | Suite 1400 | Birmingham | AL | 35203 | | 205-251-1000 | | rha@hsy.com | Counsel to Simco Construction, Inc. |
| Haynes and Boone, LLP | Judith Elkin | 153 East 53rd Street | Suite 4900 | New York | NY | 10022 | | 212-659-7300 | 212-918-8989 | judith.elkin@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Haynes and Boone, LLP | Lenard M. Parkins Kenric D. Kattner | 1 Houston Center | 1221 McKinney, Suite 2100 | Houston | TX | 77010 | | 713-547-2000 | 713-547-2600 | lenard.parkins@haynesboone.com kenric.kattner@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | 212-545-3360 | prubin@herrick.com | Counsel to Canon U.S.A., Inc. and Schmidt Technology GmbH |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7120 | 740-940-7539 | ken.higman@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Ramona S. Neal | 11311 Chinden Blvd., M/S 314 | | Boise | ID | 83714-0021 | | 208-396-6484 | 208-396-3958 | Ramona.neal@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | 908-898-4133 | sharon.petrosino@hp.com | Counsel to Hewlett-Packard Financial Services Company |
| Hinckley Allen & Snyder LLP | Michael J Pendell | 185 Asylum St CityPlace I | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | 860-278-3802 | mpendell@haslaw.com | Counsel to Barnes Group, Inc. |
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | 315-425-8576 | echarlton@hiscockbarclay.com | Counsel to GW Plastics, Inc. |
| Hodgson Russ LLP | Garry M. Graber | The Guaranty Building | 140 Pearl Street, Suite 100 | Buffalo | NY | 14202-4040 | | 716-856-4000 | 716-849-0349 | ggraber@hodgsonruss.com | Counsel to Hexcel Corporation; Unifrax I LLC f/k/a Unifrax Corporation |
| Hodgson Russ LLP | James C. Thoman | The Guaranty Building | 140 Pearl Street, Suite 100 | Buffalo | NY | 14202-4040 | | 716-856-4000 | 716-849-0349 | jthoman@hodgsonruss.com | Counsel to Unifrax I LLC f/k/a Unifrax Corporation |
| Hogan & Hartson L.L.P. | Audrey Moog | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | amoog@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | ecdolan@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | 212-918-3100 | sagolden@hhlaw.com | Counsel to XM Satellite Radio Inc. |
| Hogan Lovells US LLP | Matthew P Morris | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | | matthew.morris@hoganlovells.com | Counsel to TESA AG |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | 313-465-7315 | dbaty@honigman.com | Counsel to Fujitsu Ten Corporation of America |

In re: DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 8 of 20

4/10/2013 6:08 PM
Email (388)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7548 | 313-465-7549 | tsable@honigman.com | Counsel to Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |
| Honigman, Miller, Schwartz and Cohn, LLP | I. W. Winsten, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7608 | 313-465-7609 | iww@honigman.com | Counsel to Affina Group Holdings Inc. |
| Honigman, Miller, Schwartz and Cohn, LLP | Lawrence J. Murphy | 2290 First National Building | 660 Woodward Ave | Detroit | MI | 48226 | | 313-465-7488 | 313-465-7489 | lmurphy@honigman.com | Attorneys for Guide Corporation and Lightsource Parent Corporation |
| Honigman, Miller, Schwartz and Cohn, LLP | Seth A Drucker | 2290 First National Building | 660 Woodward Avenue Ste 2290 | Detroit | MI | 48226 | | 313-465-7626 | 313-465-7627 | sdrucker@honigman.com | Counsel for Valeo Climate Control, Inc. |
| Howard & Howard Attorneys PC | Lisa S Gretchko | 39400 Woodward Ave | Ste 101 | Bloomfield Hills | MI | 48304-5151 | | 248-723-0396 | 248-645-1568 | lgretchko@howardandhoward.com | Intellectual Property Counsel for Delphi Corporation, et al. |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | 419-255-9121 | jrhunter@hunterschank.com | Counsel to ZF Group North America Operations, Inc. |
| Hunton & Wiliams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | sholmes@hunton.com | Counsel to RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | 716-855-0874 | aee@hurwitzfine.com | Counsel to Jiffy-Tite Co., Inc. |
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | 317-236-2219 | Ben.Caughey@icemiller.com | Counsel to Sumco, Inc. |
| Ice Miller LLP | Henry A. Efroymson | One American Square | 29th Floor | Indianapolis | IN | 46482 | | 317-236-2397 | 317-592-4643 | henry.efroymson@icemiller.com | Counsel to Fin Machine Co. Ltd |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | 408-501-2488 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | 765-456-3836 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | 202-778-2641 | rgriffin@iuoe.org | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Jackson Walker LLP | Bruce J. Ruzinsky | 1401 McKinney St Ste 1900 | | Houston | TX | 77010 | | 713-751-4200 | 713-752-4221 | bruzinsky@jw.com | Counsel to Constellation NewEnergy, Inc. |
| Jackson Walker LLP | Heather M. Forrest | 901 Main St Ste 600 | | Dallas | TX | 75202 | | 214-953-6000 | 214-953-5822 | hforrest@jw.com | Counsel to Constellation NewEnergy, Inc. |
| James R Scheuerle | Parmenter O'Toole | 601 Terrace Street | PO Box 786 | Muskegon | MI | 49443-0786 | | 231-722-1621 | 231-728-2206 | JRS@Parmenterlaw.com | Counsel to Port City Die Cast and Port City Group Inc. |
| Jason, Inc. | Will Schultz, General Counsel | 411 E. Wisconsin Ave | Suite 2120 | Milwaukee | WI | 53202 | | 414-277-2110 | 414-277-9445 | wschultz@jasoninc.com | General Counsel to Jason Incorporated |
| Jenner & Block LLP | Ronald R. Peterson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | 312-840-7381 | rpeterson@jenner.com | Counsel to SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC, Tenneco Inc. and Contech LLC |
| Johnston, Harris Gerde & Komarek, P.A. | Jerry W. Gerde, Esq. | 239 E. 4th St. | | Panama City | FL | 32401 | | 850-763-8421 | 850-763-8425 | gerdekomarek@bellsouth.net | Counsel to Peggy C. Brannon, Bay County Tax Collector |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 9 of 20

4/10/2013 6:08 PM
Email (388)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Jones Day | Peter J. Benvenutti Michaeline H. Correa | 555 California St 26th Floor | | San Francisco | CA | 94104 | | 415-626-3939 | 415-875-5700 | pjbenvenutti@jonesday.com mcorrea@jonesday.com | Attorneys for Symantec Corporation, Successor-in-Interest to Veritas Corporation |
| Karel S. Karpe P.C. d/b/a KarpeLaw | Karel S. Karpe | 44 Wall Street | 12th Floor | New York | NY | 10005 | | 212-461-2250 | | kkarpe@karpelaw.com | Counsel to United Parcel Service |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | 312-577-4733 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kaye Scholer LLP | Richard G Smolev | 425 Park Avenue | | New York | NY | 10022-3598 | | 212-236-8000 | 212-836-8689 | rsmolev@kayescholer.com | Counsel to InPlay Technologies Inc |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | 614-464-2634 | kcookson@keglerbrown.com | Counsel to Solution Recovery Services |
| Keller Rohrback L.L.P. | Lynn Lincoln Sarko Cari Campen Laufenberg Erin M. Riley | 1201 Third Avenue | Suite 3200 | Seattle | WA | 98101 | | 206-623-1900 | 206-623-3384 | lsarko@kellerrohrback.com claufenberg@kellerrohrback.com eriley@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Keller Rohrback P.L.C. | Gary A. Gotto | National Bank Plaza | 3101 North Central Avenue, Suite 900 | Phoenix | AZ | 85012 | | 602-248-0088 | 602-248-2822 | ggotto@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Kelley Drye & Warren, LLP | Craig A. Wolfe | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | | cwolfe@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Merrill B. Stone | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | | mstone@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | sjennik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | tkennedy@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kerr Russell & Weber PLC | James E. DeLine | 500 Woodward Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-961-0200 | 313-961-0388 | jed@krwlaw.com | Counsel to Pontiac Coil, Inc. |
| Kerr Russell & Weber PLC | Patrick Warren Hunt | 500 Woodward Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-961-0200 | 313-961-0388 | pwh@krwlaw.com | Counsel to Pontiac Coil, Inc. |
| King & Spalding, LLP | H. Slayton Dabney, Jr. | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | 212-556-2222 | sdabney@kslaw.com | Counsel to KPMG LLP |
| Kirkland & Ellis LLP | David Spiegel | 300 North LaSalle | | Chicago | IL | 60654 | | 312-862-2000 | | david.spiegel@kirkland.com | |
| Kirkland & Ellis LLP | Jim Stempel | 200 East Randolph Drive | | Chicago | IL | 60601 | | 312-861-2000 | 312-861-2200 | jstempel@kirkland.com | Counsel to Lunt Mannufacturing Company |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | | 212-536-4812 | 212-536-3901 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Kokomo Gas & Fuel Company | Patti E Pope Revenue Recovery Manager | Northern Indiana Public Service Company | 801 East 86th Avenue | Merrillville | IN | 46410 | | | 219-647-5115 | pepope@nisource.com | Kokomo Gas & Fuel Company |
| Kramer Levin Naftalis & Frankel LLP | Jordan D Kaye | 1177 Avenue of the Americas | | New York | NY | 10036 | | 212-715-9489 | 212-715-9489 | jkaye@kramerlevin.com | Counsel to HP Enterprise Services, LLC; Vishay Americas Inc. |
| Krieg Devault LLP | Lawrence W. Schmits Esq. | One Indiana Square, Suite 2800 | | Indianapolis | IN | 46204 | | 317-238-6271 | | lschmits@kdlegal.com | Co-Counsel for Delphi Salaried Retirees Association Benefit Trust VEBA Committee |
| Krieg Devault LLP | Patricia L. Beaty Esq | One Indiana Square, Suite 2800 | | Indianapolis | IN | 46204 | | 317-636-4341 | | pbeaty@kdlegal.com | Co-Counsel for Delphi Salaried Retirees Association Benefit Trust VEBA Committee |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | 330-497-4020 | sosimmerman@kwgd.com | Counsel to Millwood, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | 617-542-3001 | ekutchin@kutchinrufo.com | Counsel to Parlex Corporation |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | 617-542-3001 | knorthup@bmklegal.com | Counsel to Parlex Corporation |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Adam D. Bruski | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | | adbruski@lambertleser.com | Counsel to Creditor Linamar Corp. |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | | smcook@lambertleser.com | Counsel to Linamar Corporation |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1384 | 212-751-4864 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | mitchell.seider@lw.com | UCC Professional |
| Latham & Watkins | Robert Rosenberg | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | UCC Professional |
| Law Offices of Michael O'Hayer | Michael O'Hayer Esq | 22 N Walnut Street | | West Chester | PA | 19380 | | 610-738-1230 | 610-738-1217 | mkohayer@aol.com | Counsel to A-1 Specialized Services and Supplies Inc |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | 520-879-4705 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | 602-734-3824 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | 512-443-5114 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | 4692215002 | dallas.bankruptcy@publicans.com | Counsel to Dallas County and Tarrant County |
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | 713-844-3503 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities: Cypress-Fairbanks Independent School District, City of Houston, Harris County |
| Locke Lord Bissell & Liddell | Kevin J. Walsh | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-812-8304 | 212-812-8364 | kwalsh@lockelord.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Loeb & Loeb LLP | P. Gregory Schwed | 345 Park Avenue | | New York | NY | 10154-0037 | | 212-407-4000 | | gschwed@loeb.com | Counsel to Creditor The Interpublic Group of Companies, Inc. and Proposed Auditor Deloitte & Touche, LLP |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | 212-407-4990 | whawkins@loeb.com | Counsel to Industrial Ceramics Corporation |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | bnathan@lowenstein. | Counsel to Daewoo International (America) Corp. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 11 of 20

4/10/2013 6:08 PM
Email (388)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-----|-------|------------------|
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | ilevee@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | krosen@lowenstein.com | Counsel to Cerberus Capital Management, L.P. |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | scargill@lowenstein.com | Counsel to Cerberus Capital Management, L.P.; AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | vdagostino@lowenstein.com | Counsel to AT&T Corporation |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | | 419-867-8900 | 419-867-8909 | egc@lydenlaw.com | Counsel to Metro Fibres, Inc. |
| Maddin, Hauser, Wartell, Roth & Heller PC | Alexander Stotland Esq | 28400 Northwestern Hwy | Third Floor | Southfield | MI | 48034 | | 248-354-4030 | | axs@maddinhauser.com | Attorney for Danice Manufacturing Co. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | | 303-957-4254 | 303-957-2098 | jlanden@madisoncap.com | Representative for Madison Capital Management |
| Margulies & Levinson, LLP | Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | 216-514-4936 | lmc@ml-legal.com | Counsel to Venture Plastics |
| Mastromarco & Jahn, P.C. | Victor J. Mastromarco, Jr. | 1024 North Michigan Avenue | P.O. Box 3197 | Saginaw | MI | 48605-3197 | | 989-752-1414 | | vmastromar@aol.com | Counsel to H.E. Services Company and Robert Backie and Counsel to Cindy Palmer, Personal Representative to the Estate of Michael Palmer |
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | | 312-245-7500 | 312-245-7467 | gsantella@masudafunai.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC and Hosiden America Corporation |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | | 212-609-6800 | 212-609-6921 | dadler@mccarter.com | Counsel to Ward Products, LLC |
| McCarter & English, LLP | Eduardo J. Glas, Esq. | Four Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4096 | | 913-622-4444 | 973-624-7070 | eglas@mccarter.com | Counsel to General Products Delaware Corporation |
| McCarthy Tetrault LLP | Lorne P. Salzman | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | | 416-362-1812 | 416-868-0673 | lsalzman@mccarthy.ca | Counsel to Themselves (McCarthy Tetrault LLP) |
| McDermott Will & Emery LLP | Gary O. Ravert | 340 Madison Avenue | | New York | NY | 10017-1922 | | 212-547-5477 | 212-547-5444 | gravert@mwe.com | Counsel for Temic Automotive of North America, Inc. |
| McDermott Will & Emery LLP | Stephen B. Selbst | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5400 | 212-547-5444 | sselbst@mwe.com | Counsel to National Semiconductor Corporation |
| McDermott Will & Emery LLP | Steven P. Handler Monica M. Quinn | 227 W Monroe St | | Chicago | IL | 60606 | | 312-372-2000 | 312-984-7700 | shandler@mwe.com mquinn@mwe.com | Counsel for Temic Automotive of North America, Inc. |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | 973-622-5314 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| McGuirewoods LLP | Aaron G McCollough Esq | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1000 | 804-775-1061 | amccollough@mcguirewoods.com | Counsel to Siemens Energy & Automation, Inc. |
| McGuirewoods LLP | Daniel F Blanks | One James Center | 901 East Cary Street | Richmond | VA | 23219 | | 804-775-1000 | 804-698-2186 | dblanks@mcguirewoods.com | Counsel for CSX Transportation, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 12 of 20

4/10/2013 6:08 PM
Email (388)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| McGuirewoods LLP | John H Maddock III | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1178 | 804-698-2186 | jmaddock@mcguirewoods.com | Counsel to Siemens Logistics Assembly Systems, Inc.; Counsel for CSX Transportation, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Attn Thomas R Slome Esq | 990 Stewart Ave Ste 300 | PO Box 9194 | Garden City | NY | 11530-9194 | | 516-741-6565 | 516-741-6706 | tslome@msek.com | Counsel for Pamela Geller; JAE Electronics, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | hkolko@msek.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Meyers Law Group, P.C. | Merle C. Meyers | 44 Montgomery Street | Suite 1010 | San Francisco | CA | 94104 | | 415-362-7500 | 415-362-7515 | mmeyers@mlg-pc.com | Counsel to Alps Automotive, Inc. |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | | emeyers@mrrlaw.net | Counsel to Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | | rrosenbaum@mrrlaw.net | Counsel to Prince George County, Maryland |
| Miami-Dade County Tax Collector | April Burch | Paralegal Unit | 140 West Flagler St Ste 1403 | Miami | FL | 33130 | | 305-375-5314 | 305-375-1142 | mdtcbkc@miamidade.gov | Paralegal Collection Specialist for Miami-Dade County |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | | miag@michigan.gov | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raterink | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1176 | 517-373-2129 | raterinkd@michigan.gov | Assistant Attorney General for Worker's Compensation Agency; Attorney for the Funds Administration for the State of Michigan |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | 517-373-2129 | miag@michigan.gov | Attorney General for Worker's Compensation Agency; Attorney for the Funds Administration for the State of Michigan |
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | 410-385-3700 | trenda@milesstockbridge.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miller & Martin PLLC | Dale Allen | 150 Fourth Ave North | Ste 1200 | Nashville | TN | 37219 | | | | vjones@millermartin.com | Counsel to Averitt Express |
| Miller Johnson | Thomas P. Sarb Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748 616-831-1726 | 616-988-1748 616-988-1726 | sarbt@millerjohnson.com wolfordr@millerjohnson.net | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | 313-496-7997 | greenj@millercanfield.com | Counsel to Wells Operating Partnership, LP |
| Miller, Canfield, Paddock and Stone, P.L.C. | Marc N. Swanson | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-963-6420 | 313-496-8452 | swansonm@millercanfield.com | Counsel to Brose North America Holding LP and its affiliates |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | 313-496-8453 | fusco@millercanfield.com | Counsel to Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 13 of 20

4/10/2013 6:08 PM
Email (388)

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-----|-------|------------------|
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Paul J. Ricotta | One Financial Center | | Boston | MA | 02111 | | 617-542-6000 | 617-542-2241 | piricotta@mintz.com pricotta@mintz.com | Counsel to Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | 630-512-8610 | Jeff.Ott@molex.com | Counsel to Molex Connector Corp |
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | 212-309-6001 | agottfried@morganlewis.com | Counsel to ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | 212-309-6001 | mzelmanovitz@morganlewis.com | Counsel to Hitachi Chemical (Singapore) Pte, Ltd. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | 213-612-2501 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | | lberkoff@moritthock.com | Counsel to Standard Microsystems Corporation and its direct and indirect subsidiares Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-interst to Oasis Silicon Systems, Inc.) |
| Moses & Singer LLP | James M. Sullivan Esq. | The Chrysler Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-554-7800 | 212-554-7700 | jsullivan@mosessinger.com | Counsel to The Timken Corporation |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 3800 Lincoln Plaza | 500 North Akard Street | Dallas | RX | 75201-6659 | | 214-855-7590 214-855-7561 214-855-7587 | 214-855-7554 | rurbanik@munsch.com jwielebinski@munsch.com drukavina@munsch.com | Counsel to Texas Instruments Incorporated |
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | | 616-977-0077 | 616-977-0529 | sandy@nlsg.com | Counsel to Lankfer Diversified Industries, Inc. |
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | 248-351-0487 | Knathan@nathanneuman.com | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | 866-298-4481 | lmoore@pnc.com | Vice President and Senior Counsel to National City Commercial Capital |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | 803-256-7500 | george.cauthen@nelsonmullins.com | Counsel to Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |
| New Jersey Attorney General's Office Division of Law | Tracy E Richardson Deputy Attorney General | R.J. Hughes Justice Complex | 25 Market St P.O. Box 106 | Trenton | NJ | 08628-0106 | | 609-292-1537 | 609-777-3055 | tracy.richardson@dol.lps.state.nj.us | Deputy Attorney General - State of New Jersey Division of Taxation |
| Nixon Peabody LLP | Victor G. Milione Christopher M. Desiderio | 437 Madison Ave | | New York | NY | 10022 | | 212-940-3000 | 866-596-3967 | cdesiderio@nixonpeabody.com vmilione@nixonpeabody.com | Counsel to Corning Inc., Corning Incorporated, and Corning |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | 216-579-0212 | dgheiman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | | 478-742-8706 | 478-746-4488 | cahope@chapter13macon.com | Office of the Chapter 13 Trustee |
| Office of the Texas Attorney General | Jay W. Hurst | P.O. Box 12548 | | Austin | TX | 78711-2548 | | 512-475-4861 | 512-482-8341 | jay.hurst@oag.state.tx.us | Counsel to The Texas Comptroller of Public Accounts |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 14 of 20

4/10/2013 6:08 PM
Email (388)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | 978-667-9969 | michaelz@orbotech.com | Company |
| O'Rourke Katten & Moody | Michael Moody | 55 W Wacker Dr | Ste 1400 | Chicago | IL | 60615 | | 312-849-2020 | 312-849-2021 | mmoody@orourkeandmoody.com | Counsel to Ameritech Credit Corporation d/b/a SBC Capital Services |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | 212-506-5151 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | 415-773-5759 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Raniero D'Aversa, Jr. | 51 West 52nd Street at 6th Avenue | | New York | NY | 10103-0001 | | 212-506-3715 | 212-506-5151 | Rdaversa@orrick.com | Counsel to Bank of America, N.A. |
| Pachulski Stang Ziehl & Jones LLP | Michael R. Seidl | 919 N. Market Street, 17th Floor | P.O. Box 8705 | Wilmington | DE | 19899-8705 | | 302-652-4100 | 302-652-4400 | mseidl@pszjlaw.com | Counsel for Essex Group, Inc. |
| Pachulski Stang Ziehl & Jones LLP | Robert J. Feinstein Ilan D. Scharf | 780 Third Avenue, 36th Floor | | New York | NY | 10017-2024 | | 212-561-7700 | 212-561-7777 | Rfeinstein@pszjlaw.com Ischarf@pszjlaw.com | Counsel for Essex Group, Inc. |
| Patterson Belknap Webb & Tyler LLP | Daniel A. Lowenthal | 1133 Avenue of the Americas | | New York | NY | 10036 | | 212-336-2720 | 212-336-1253 | dalowenthal@pbwt.com | Counsel to American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Patterson Belknap Webb & Tyler LLP | David M. Dykhouse Phyllis S. Wallitt | 1133 Avenue of the Americas | | New York | NY | 10036-6710 | | 212-336-2000 | 212-336-2222 | dwdykhouse@pbwt.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Paul H. Spaeth Co. LPA | Paul H. Spaeth | 130 W Second St Ste 450 | | Dayton | OH | 45402 | | 937-223-1655 | 937-223-1656 | spaethlaw@phslaw.com | Attorneys for F&G Multi-Slide Inc and F&G Tool & Die Co. Inc. |
| Paul, Weiss, Rifkind, Wharton & Garrison | Andrew N. Rosenberg | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | arosenberg@paulweiss.com | Counsel to Merrill Lynch, Pierce, Fenner & Smith, Incorporated |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | ddavis@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | emccolm@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | | housnerp@michigan.gov | Assistant Attorney General for State of Michigan, Department of Treasury |
| Penachio Malara LLP | Anne Penachio | 235 Main Street | Suite 600A | White Plains | NY | 10601 | | 914-946-2889 | 914-946-2882 | apenachio@pmlawllp.com | Counsel to UVA Machine Company and its successors by acquisition |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | lawallf@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro); Ametek, Inc.; Cleo Inc. |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | 302-421-8390 | jaffeh@pepperlaw.com | Counsel to SKF USA, Inc. |
| Pepper, Hamilton LLP | Nina M. Varughese | 3000 Two Logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | varughesen@pepperlaw.com | Counsel to Capro, Ltd; Teleflex Automotive Manufacturing Corporation; Teleflex Incorporated; Sierra International, Inc. |
| Pickrel Shaeffer & Ebeling | Sarah B. Carter Esq | 2700 Kettering Tower | | Dayton | OH | 45423-2700 | | 937-223-1130 | 937-223-0339 | scarter@pselaw.com | |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 15 of 20

4/10/2013 6:08 PM
Email (388)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | jmanheimer@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | kcunningham@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pietragallo Bosick & Gordon LLP | Richard J. Parks | 54 Buhl Blvd | | Sharon | PA | 16146 | | 724-981-1397 | 724-981-1398 | rjp@pbandg.com | Counsel to Ideal Tool Company, Inc. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | karen.dine@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | margot.erlich@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | Ste 550 | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | 714-436-2800 | mark.houle@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | richard.epling@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | robin.spear@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |
| Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley and Marianne G. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | jh@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| PriceWaterHouseCoopers | Enrique Bujidos | Almagro | 40 | Madrid | | 28010 | Spain | 34 915 684 356 | | enrique.bujidos@es.pwc.com | Representative to DASE |
| QAD, Inc. | Stephen Tyler Esq | 10,000 Midlantic Drive | Suite 100 West | Mt. Laurel | NJ | 08054 | | 856-840-2870 | 856-840-2740 | xst@qad.com | Counsel to QAD, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 16 of 20

4/10/2013 6:08 PM
Email (388)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Quarles & Brady LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | 520-770-2203 | knye@quarles.com | Counsel to Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation; Flambeau Inc. |
| Quarles & Brady LLP | Roy Prange | 33 E Main St Ste 900 | | Madison | WI | 53703-3095 | | 608-283-2485 | 608-294-4920 | rlp@quarles.com | Counsel for Flambeau Inc. |
| Quarles & Brady LLP | Valerie L. Bailey-Rihn Esq | 33 E Main St Ste 900 | | Madison | WI | 53703 | | 608-283-2407 | | valerie.bailey-rihn@quarles.com | Counsel to Charter Manufacturing Co., Charter Mfg. Co. Inc., Charter Steel and Milwaukee Wire Products |
| Reed Smith | Ann Pille | 10 South Wacker Drive | | Chicago | IL | 60606 | | 312-207-1000 | 312-207-6400 | apille@reedsmith.com | Counsel to Infineon; Infineon Technologies |
| Republic Engineered Products, Inc. | Joseph A Kaczka | 3770 Embassy Parkway | | Akron | OH | 44333 | | 330-670-3215 | 330-670-3020 | jkaczka@republicengineered.com | Counsel to Republic Engineered Products, Inc. |
| Richard A Meier | | 30300 Northwestern Hwy Ste 320 | | Farmington Hills | MI | 48334 | | 248-932-3500 248-990-1971 | | meier900@netscape.net | Counsel to Ratko Menjak |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | 206-389-1708 | jshickich@riddellwilliams.com | Counsel to Microsoft Corporation; Microsoft Licensing, GP |
| Rieck and Crotty PC | Jerome F Crotty | 55 West Monroe Street | Suite 3390 | Chicago | IL | 60603 | | 312-726-4646 | 312-726-0647 | jcrotty@rieckcrotty.com | Counsel to Mary P. O'Neill and Liam P. O'Neill |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | 212-825-9414 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Satterlee Stephens Burke & Burke LLP | Christopher R. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | cbelmonte@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Roberto Carrillo | 230 Park Avenue | Suite 1130 | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | rcarrillo@ssbb.com | Attorney's for Tecnomec S.r.l. |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | dweiner@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | hborin@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | rheilman@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schiff Hardin LLP | Eugene J. Geekie, Jr. | 7500 Sears Tower | | Chicago | IL | 60606 | | 312-258-5635 | 312-258-5600 | egeekie@schiffhardin.com | Counsel to  Means Industries |
| Schulte Roth & Zabel LLP | David J. Karp | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | david.karp@srz.com | Counsel to Parnassus Holdings II, LLC and Platinum Equity Capital Partners II, LP |
| Schulte Roth & Zabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | 212-593-5955 | james.bentley@srz.com | Counsel to Panasonic Automotive Systems Company of America |
| Schulte Roth & Zabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | michael.cook@srz.com | Counsel to Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Schwartz Lichtenberg LLP | Barry E Lichtenberg Esq | 420 Lexington Ave Ste 2400 | | New York | NY | 10170 | | 212-389-7818 | 212-682-6511 | barryster@att.net | Counsel to Marybeth Cunningham |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | 404-892-7056 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 17 of 20

4/10/2013 6:08 PM
Email (388)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | 617-946-4801 | whanlon@seyfarth.com | Counsel to le Belier/LBQ Foundry S.A. de C.V. |
| Shaw Gussis Fishman Glantz Wolfson & Towbin LLC | Brian L Shaw | 321 N. Clark St. | Suite 800 | Chicago | IL | 60654 | | 312-541-0151 | 312-980-3888 | bshaw100@shawgussis.com | Counsel to ATC Logistics & Electronics, Inc. |
| Sheehan Phinney Bass + Green Professional Association | Bruce A. Harwood | 1000 Elm Street | P.O. Box 3701 | Manchester | NH | 03105-3701 | | 603-627-8139 | 603-627-8121 | bharwood@sheehan.com | Counsel to Source Electronics, Inc. |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | 248-358-2740 | lawtoll@comcast.net | Counsel to Milwaukee Investment Company |
| Sheppard Mullin Richter & Hampton LLP | Eric Waters | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | 212-332-3888 | ewaters@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Malani J. Sternstein | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | 212-332-3888 | msternstein@sheppardmullin.com | Counsel to International Rectifier Corp. and Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theodore A. Cohen | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | 213-620-1398 | tcohen@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theresa Wardle | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | 213-620-1398 | twardle@sheppardmullin.com | Counsel to International Rectifier Corp. |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | 225-757-7674 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | 504-299-2300 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Shipman & Goodwin LLP | Kathleen M. LaManna | One Constitution Plaza | | Hartford | CT | 06103-1919 | | 860-251-5603 | 860-251-5218 | bankruptcy@goodwin.com | |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | asherman@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | jzackin@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Valerie A Hamilton Simon Kimmelman | 650 College Rd E | | Princeton | NJ | 08540 | | 609-227-4600 | 609-227-4646 | vhamilton@sillscummis.com skimmelman@sillscummis.com | Counsel to Doosan Infracore America Corp. |
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | 203-542-4100 | cfortgang@silverpointcapital.com | Counsel to Silver Point Capital, L.P. |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | 3026528405 | kmiller@skfdelaware.com | Counsel to Airgas, Inc. |
| SNR Denton US LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | 212-768-6800 | fyates@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. and United Plastics Group |
| SNR Denton US LLP | Oscar N. Pinkas | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | 212-768-6800 | opinkas@sonnenschein.com | Counsel to Schaeffler Canada, Inc. and Schaeffler KG |
| SNR Denton US LLP | Robert E. Richards | 7800 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | 312-876-7934 | rrichards@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc.; Counsel to Schaeffler Canada, Inc. and Schaeffler KG |
| Squire, Sanders & Dempsey L.L.P. | G. Christopher Meyer | 4900 Key Tower | 127 Public Sq | Cleveland | OH | 44114 | | 216-479-8692 | 216-479-8776 | cmeyer@ssd.com | Counsel to Furukawa Electric Co., Ltd.; Counsel for the City of Dayton, Ohio |
| State of California Office of the Attorney General | Sarah E. Morrison | Deputy Attorney General | 300 South Spring Street Ste 1702 | Los Angeles | CA | 90013 | | 213-897-2640 | 213-897-2802 | sarah.morrison@doj.ca.gov | Attorneys for the State of California Department of Toxic Substances Control |
| State of Michigan Department of Labor & Economic Growth, Unemployment Insurance Agency | Roland Hwang Assistant Attorney General | 3030 W. Grand Boulevard | Suite 9-600 | Detroit | MI | 48202 | | 313-456-2210 | 313-456-2201 | hwangr@michigan.gov | Assistant Attorney General for State of Michigan, Unemployment Tax Office of the Department of Labor & Economic Growth, Unemployment Insurance Agency |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| State of Michigan Labor Division | Susan Przekop-Shaw | PO Box 30736 | | Lansing | MI | 48909 | | 517-373-2560 | | przekopshaws@michigan.gov | Assistant Attorney General as Attorney for the Michigan Workers' Compensation Agency |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | 502-245-0542 | jmbaumann@steeltechnologies.com | Counsel to Steel Technologies, Inc. |
| Sterns & Weinroth, P.C. | Michael A Spero Simon Kimmelman Valerie A Hamilton | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-392-2100 | 609-392-7956 | jspecf@sternslaw.com | Counsel to Doosan Infracore America Corp. |
| Stevens & Lee, P.C. | Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | 212-319-8505 | cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectroniX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | 816-691-3495 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Stinson Morrison Hecker LLP | Nicholas J Zluticky | 1201 Walnut Street | Suite 2900 | Kansas City | MO | 64106 | | 816-691-3278 | | nzluticky@stinson.com | Counsel to ThyssenKrupp Waupaca, Inc. |
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | robert.goodrich@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | madison.cashman@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448 502-587-3400 | 502-779-8274 502-587-6391 | wbeard@stites.com loucourtsum@stites.com | Counsel to WAKO Electronics (USA), Inc, Ambrake Corporation, and Akebona Corporation (North America) |
| Taft, Stettinius & Hollister LLP | Richard L .Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | | ferrell@taftlaw.com | Counsel to Wren Industries, Inc. |
| Taft, Stettinius & Hollister LLP | W Timothy Miller Esq | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202 | | 513-381-2838 | 513-381-0205 | miller@taftlaw.com | Counsel to Select Industries Corporation and Gobar Systems, Inc. |
| Teitelbaum & Baskin LLP | Jay Teitelbaum Ron Baskin | 3 Barker Avenue | 3rd Floor | White Plains | NY | 10601 | | 914-437-7670 | 914-437-7672 | jteitelbaum@tblawllp.com rbaskin@tblawllp.com | Counsel to Mary H. Schaefer |
| Tennessee Department of Revenue | Marvin E. Clements, Jr. | c/o TN Attorney General's Office, Bankruptcy Division | PO Box 20207 | Nashville | TN | 37202-0207 | | 615-532-2504 | 615-741-3334 | agbanknewyork@ag.tn.gov | Tennessee Department of Revenue |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | 212-912-7751 | jforstot@tpw.com | Counsel to TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | 212-912-7751 | lcurcio@tpw.com | Counsel to TT Electronics, Plc |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | Japan | 100-8322 | | 81-3-3286-3919 | | niizeki.tetsuhiro@furukawa.co.jp | Legal Department of The Furukawa Electric Co., Ltd. |
| The Michaelson Law Firm | Robert N Michaelson | 11 Broadway Ste 615 | | New York | NY | 10004 | | 212-604-0685 | 800-364-1291 | rnm@michaelsonlawfirm.com | Counsel to NXP Semiconductors USA, Inc. |
| The Timken Corporation BIC - 08 | Michael Hart | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706-0927 | | 330-438-3000 | 1-330-471-4388 | michael.hart@timken.com | Representative for Timken Corporation |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | 713-654-1871 | rhett.campbell@tklaw.com | Counsel to STMicroelectronics, Inc. |
| Thompson & Knight LLP | Ira L. Herman | 919 Third Avenue | 39th Floor | New York | NY | 10022-3915 | | 212-751-3045 | 214-999-9133 | ira.herman@tklaw.com | Counsel to Victory Packaging |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 3300 | Dallas | TX | 75201-4693 | | 214-969-1505 | 214-969-1609 | john.brannon@tklaw.com | Counsel to Victory Packaging |
| Thompson Coburn Fagel Haber | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | lnewman@thompsoncoburn.com | Counsel to Aluminum International, Inc. |
| Thompson Hine LLP | Jennifer L Maffett | 2000 Courthouse Plaza NE | 10 W Second St | Dayton | OH | 45402 | | 937-443-6600 | | Jennifer.Maffett@ThompsonHine.com | Counsel to Rieck Group, LLC n/k/a Mechanical Construction Managers, LLC |
| TI Group Automotive Systms LLC | Timothy M. Guerriero | 12345 E Nine Mile Rd | | Warren | MI | 48089 | | 586-755-8066 | 586-427-8199 | tguerriero@us.tiauto.com | General Counsel and Company Secretary to TI Group Automotive Systems LLC |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| U.S. Department of Justice | Matthew L Schwartz Joseph N Cordaro | Assistant United States Attorneys | 86 Chambers St 3rd Fl | New York | NY | 10007 | | 212-637-1945 | 212-637-2750 | matthew.schwartz@usdoj.gov Joseph.Cordaro@usdoj.gov | Counsel to Enviromental Protection Agency; Internal Revenue Service; Department of Health and Human Services; and Customs and Border Protection |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 19 of 20

4/10/2013 6:08 PM
Email (388)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | 585-258-2821 | hzamboni@underbergkessler.com | Counsel to McAlpin Industries, Inc. |
| Union Pacific Railroad Company | Mary Ann Kilgore | 1400 Douglas Street | MC 1580 | Omaha | NE | 68179 | | 402-544-4195 | 402-501-0127 | mkilgore@UP.com | Counsel to Union Pacific Railroad Company |
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy | Allied Industrial and Service Workers, Intl Union (USW), AFL-CIO David Jury, Esq. | | Five Gateway Center Suite 807 | Pittsburgh | PA | 15222 | | 412-562-2546 | 412-562-2574 | djury@usw.org | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Vedder Price PC | Stephanie K Hor Chen | 222 N LaSalle St Ste 2600 | | Chicago | IL | 60601 | | 312-609-7786 | | schen@vedderprice.com | Counsel to The Intec Group, Inc. |
| Vorys, Sater, Seymour and Pease LLP | Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | | 614-464-8322 | 614-719-4663 | tscobb@vorys.com | Counsel to America Online, Inc. and its Subsidiaries and Affiliates |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | RGMason@wlrk.com | Counsel to Capital Research and Management Company |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | 616-222-2185 | gtoering@wnj.com | Counsel to Robert Bosch Corporation; Counsel to Daewoo International Corp and Daewoo International (America) Corp |
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | 248-603-9631 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2158 | | growsb@wnj.com | Counsel to Behr Industries Corp. |
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | 614-222-2193 | gpeters@weltman.com | Counsel to Seven Seventeen Credit Union |
| White & Case LLP | Glenn Kurtz Gerard Uzzi Douglas Baumstein | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | | 212-819-8200 | | gkurtz@ny.whitecase.com guzzi@whitecase.com dbaumstein@ny.whitecase.com | Counsel to Appaloosa Management, LP |
| White & Case LLP | Thomas Lauria Frank Eaton | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | 305-358-5744 | tlauria@whitecase.com featon@miami.whitecase.com | Counsel to Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | 414-223-5000 | barnold@whdlaw.com | Counsel to Schunk Graphite Technology |
| Wickens Herzer Panza Cook & Batista Co | James W Moennich Esq | 35765 Chester Rd | | Avon | OH | 44011-1262 | | 440-930-8000 | 440-930-8098 | jmoennich@wickenslaw.com | Counsel for Delphi Sandusky ESOP |
| Winston & Strawn LLP | David Neier Carey D. Schreiber | 200 Park Avenue | | New York | NY | 10166-4193 | | 212-294-6700 | 212-294-4700 | dneier@winston.com cschreiber@winston.com | Counsel to Ad Hoc Group of Tranche A & B DIP Lenders |
| Winthrop Couchot Professional Corporation | Marc J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | mwinthrop@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | sokeefe@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Womble Carlyle Sandridge & Rice, PLLC | Allen Grumbine | 550 South Main St | | Greenville | SC | 29601 | | 864-255-5402 | 864-255-5482 | agrumbine@wcsr.com | Counsel to Armacell |
| Womble Carlyle Sandridge & Rice, PLLC | Michael G. Busenkell | 222 Delaware Avenue | Suite 1501 | Wilmington | DE | 19801 | | | | mbusenkell@wcsr.com | Counsel to Chicago Miniature Optoelectronic Technologies, Inc. |
| Woods Oviatt Gilman LLP | Ronald J. Kisinski | 700 Crossroads Bldg | 2 State St | Rochester | NY | 14614 | | 585-362-4514 | 585-362-4614 | rkisicki@woodsoviatt.com | Counsel to Toyota Tsusho America, Inc. |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | skrause@zeklaw.com | Counsel to ZF Group North America Operations, Inc. |
| ZF North America | Thomas J. Schank | 15811 Centennial Drive | | Northville | MI | 48168 | | | | Tom.schank@zf.com | Counsel to ZF Group North America Operations, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 20 of 20

4/10/2013 6:08 PM
Email (388)

DPH Holdings Corp.
Special Parties

| Company | Email |
|---|---|
| James Sumpter | jsump@ieee.org |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/10/2013 6:06 PM
Delphi - Sumpter Special Party.xlsx

# EXHIBIT C

DPH Holdings Corp.
Special Parties

| Company | Fax |
| --- | --- |
| James Sumpter | 317-877-1070 |

# EXHIBIT D

DPH Holdings Corp.
Post-Emergence Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|
| United States Trustee | Brian Masumoto | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | Counsel to United States Trustee |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/10/2013 6:10 PM
Post-Emergence Master Service List 130405.xlsx US Mail (1)

# EXHIBIT E

Hearing Date: April 25, 2013 at 10 a.m. (EDT)
Response Date: April 18, 2013

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, MI  48226
(313) 225-7000
Cynthia J. Haffey
Thomas B. Radom
David J. DeVine

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| DPH HOLDINGS CORP., *et al.,* | ) | Case No. 05-44481 (RDD) |
|  | ) | Jointly Administered |
|  | ) |  |
| Reorganized Debtors. | ) |  |

### REORGANIZED DEBTORS' MOTION FOR ORDER (I) ENFORCING MODIFICATION PROCEDURES ORDER, MODIFIED PLAN AND PLAN MODIFICATION ORDER INJUNCTION AND THIRTY-SEVENTH OMNIBUS CLAIMS OBJECTION ORDER AGAINST JAMES SUMPTER, AS PLAINTIFF, IN FEDERAL COURT ERISA ACTION; AND (II) DIRECTING JAMES SUMPTER TO DISMISS FEDERAL COURT ERISA ACTION AGAINST THE REORGANIZED DEBTORS AND THE REORGANIZED DEBTORS' LIFE & DISABILITY BENEFITS PROGRAM

### ("SUMPTER ERISA INJUNCTION MOTION")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), successors to Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), bring this motion (the "Motion") for an order (i) enforcing against James B. Sumpter ("Mr. Sumpter"), Plaintiff in an ERISA action filed in the United States District Court for the Southern District of Indiana, Indianapolis

Division, Case No. 1:13-cv-0347 TWP-DKL (the "District Court Action"), the  June 16, 2009

Modification Procedures Order, the Modified Plan, the July 30, 2009 Modification Approval

Order, and the December 2, 2009 Sumpter Claim Expungement Order (all as defined below) and

(ii) directing Mr. Sumpter to dismiss the District Court Action against the Debtors and the DPH

Life & Disability Program to recover upon claims that have been barred, discharged and

expunged in these chapter 11 cases.

## OVERVIEW

1.    As this Court is well aware, over the past three years Mr. Sumpter, in a *pro se*

capacity, has filed a series of unwarranted claims, motions and appeals against the Reorganized

Debtors, including, but not limited to (a) a Vesting Motion Regarding Extended Disability

Benefits for Salaried Employees and Salaried Retirees (Docket No. 21680); (b) an Expedited

Request for Preliminary Injunction to Prohibit DPHH from Terminating Salaried Disability Plan

(Docket No. 21867); (c) an Amended Motion for Recoupment on Behalf of Delphi Salaried

Retirees (Docket No. 21566); and (d) an Expedited Motion to Enforce COBRA Benefits for

Salaried Retirees and Motion for COBRA Settlements (Docket No. 18366).  All of these claims,

motions and appeals have been denied or dismissed.

2.    Despite the significant dollars incurred by the Reorganized Debtors in having to

defend against such meritless claims, the Court has been exceedingly generous and patient with

Mr. Sumpter, but not without admonishing him to forgo future actions that are not based on a

"good faith real argument."  *See **Exhibit 1**, September 22, 2011 Hearing Transcript, p. 23*.

During the September 22, 2011 hearing, this Court issued the following warning to Mr. Sumpter

regarding any future claims or actions:

> The debtors have their rights under – in matters before this Court –
> Bankruptcy Rule 9011, in matters in the federal district court or

2

other federal courts under Civil Procedure 11 and in their corollaries under the various state court procedures for bringing frivolous or bad faith claims. ***And Mr. Sumpter is duly warned that notwithstanding his pro se status, he is on clear notice that future motions in violation of the – or other litigation in violation of the plan modification order or this Court's prior orders or the Delphi debtors' discharge under their Chapter 11 plan should merit the imposition of sanctions. A[nd] the debtors can certainly use this transcript in that regard if such litigation is commenced outside of this court. Id.*** (emphasis added).

3.      This Court granted the Reorganized Debtors' request for an order barring Mr. Sumpter from further litigation regarding issues previously adjudicated. *See Order Denying James B. Sumpter's Expedited Request for Preliminary Injunction to Prohibit DPH From Terminating Salaried Disability Plan (Docket No. 21877) and Order Denying James B. Sumpter's Vesting Motion Regarding Extended Disability Benefits For Salaried Employees and Salaried Retirees (Docket No. 21876)*.  Despite that directive, the Reorganized Debtors again are confronted with a filing by Mr. Sumpter that involves claims that were already disallowed, time-barred, or discharged in the chapter 11 cases.

4.      Specifically, in the District Court Action, as described in greater detail below, Mr. Sumpter seeks virtually the same relief that he previously sought in his Administrative Expense Claim (the "Administrative Expense Claim") (Docket No. 18620).  ***Exhibit 2***.  This Court disallowed and expunged Mr. Sumpter's Administrative Expense Claim in its entirety by an order dated December 2, 2009.  *See **Exhibit 3**, Thirty-Seventh Omnibus Claims Objection Order (Docket No. 19135)*.  Despite that order, more than three years after the fact, Mr. Sumpter has filed the District Court Action to recover on the same disallowed claims.  *See **Exhibit 4**, District Court Action Complaint*.  Moreover, to the extent Mr. Sumpter argues that the District Court Action asserts new claims that were not previously asserted in his Administrative Expense

3

Claim, those claims are time-barred and enjoined by this Court's July 30, 2009 Modification

Approval Order and the Modified Plan (as defined below).

5.      For these reasons, and as discussed more fully below, the Reorganized Debtors

now move for an order enforcing the Modification Procedures Order, the Modified Plan, the Plan

Modification Order Injunction and the Sumpter Expungement Order against Mr. Sumpter and

enjoining him from further prosecuting the District Court Action against the Reorganized

Debtors and their Life & Disability Benefits Program.[1]

## **RELEVANT FACTS**

6.      On October 8 and 14, 2005, Delphi Corporation and certain of its domestic

affiliates filed voluntary petitions in this Court for reorganization relief under chapter 11 of title

11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.  On December 10, 2007,

the Debtors filed their first amended joint plan of reorganization (the "Plan") and related

disclosure statement.   On January 25, 2008, this Court entered an order (the "Confirmation

Order") confirming the Plan (the "Confirmed Plan").  The Confirmation Order became final on

February 4, 2008.

7.      On June 16, 2009, the Debtors filed the *First Amended Joint Plan of*

*Reorganization of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-*

*Possession (As Modified)* (the "Modified Plan").  The Modified Plan made certain modifications

to the terms of the Confirmed Plan.  To comply with the requirements of 11 U.S.C. §§ 1125 and

1127, on the same date, the Debtors filed a supplement to the disclosure statement (the

---

[1] The Reorganized Debtors' Life & Disability Benefit Program was terminated in March of 2012, and notice of termination was served on Mr. Sumpter.  Regardless, for purposes of this Motion, the Reorganized Debtors submit that Mr. Sumpter should not have an independent cause of action against the benefit program on account of claims that were disallowed, barred, or discharged in the chapter 11 cases.

4

"Supplement").  In connection with the Debtors' Modified Plan and the Supplement, the Debtors

sought an order from the Bankruptcy Court that, among other things, approved the Supplement

as containing adequate information, as defined under Section 1125, authorized the solicitation of

votes on the Modified Plan, and established a bar date for the submission of claims asserting

administrative expense priority under 11 U.S.C. § 503(b).  In connection therewith, and after

notice and a hearing, on June 16, 2009, the Bankruptcy Court entered a certain *Order (A)(I)*

*Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And*

*Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider*

*Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting*

*Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date* (Docket

No. 17032) (the "Modification Procedures Order").

8.    Paragraphs 38 and 41 of the Modification Procedures Order provide the

following:

> [A]ny party that wishes to assert an administrative claim under 11
> U.S.C. Section 503(b) for the period from the commencement of
> these cases through June 1, 2009 shall file a proof of administrative
> expense (each, an "Administrative Expense Claim Form") for the
> purpose of asserting an administrative expense request, including
> any substantial contribution claims (each, an "Administrative
> Expense Claim" or "Claim") against any of the Debtors.  July 15,
> 2009 at 5:00 p.m. prevailing Eastern time shall be the deadline for
> submitting all Administrative Expense Claims (the "[Initial]
> Administrative Bar Date") for the period from the commencement
> of these cases through June 1, 2009.  *Modifications Procedures*
> *Order ¶ 38.*

> [A]ny party that is required but fails to file a timely Administrative
> Expense Claim Form shall be forever barred, estopped and
> enjoined from asserting such claim against the Debtors, and the
> Debtors and their property shall be forever discharged from any
> and all indebtedness, liability, or obligation with respect to such
> claim.  *Modifications Procedures Order ¶ 41.*

5

9.      On July 30, 2009, this Court entered its *Order Approving Modifications Under 11 U.S.C. Section 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as Modified and (II) Confirmation Order* (Docket No. 18707) (the "Modification Approval Order"), which confirmed the Debtors' Modified Plan.  On October 6, 2009, the "Effective Date" of the Modified Plan occurred, and the Modified Plan was substantially consummated.  On that date, the Debtors emerged from chapter 11 as the Reorganized Debtors.

10.      Upon the Effective Date of the Modified Plan, an injunction was imposed. Specifically, the Modified Plan and the Modification Approval Order contain a permanent injunction against, among other things, the commencement or continuation of any action to recover on any claim against the Debtors that arose on or prior to October 6, 2009.  Article 11.14 of the Modified Plan provides as follows:

> The satisfaction, release, and discharge pursuant to [Article XI of the Modified Plan] shall act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect, offset, or recover any Claim, Interest, or Cause of Action satisfied, released, or discharged under [the Modified] Plan to the fullest extent authorized or provided by the Bankruptcy Code…. *Modified Plan Art. 11.14.*

11.      Similarly, paragraph 22 of the Modification Approval Order provides as follows:

> [T]he Debtors and all Persons shall be precluded and permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any Claim, action, employment of process, or other proceeding of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (b) the enforcement, attachment, collection, offset, recoupment, or recovery by any manner or means of any judgment, award, decree, order, or otherwise with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (c) creating, perfecting, or

6

enforcing any encumbrance of any kind with respect to any Claim,
Interest, Cause of Action, or any other right or Claim against the
Reorganized Debtors, which they possessed or may possess prior
to the Effective Date, and (d) asserting any Claims, Interests, or
Causes of Action that are satisfied, discharged, released, or subject
to exculpation hereby or by the Modified Plan.  *Modification
Approval Order ¶ 22.*

12.     The permanent injunction in the Modified Plan and Modification Approval Order

thus prohibit the commencement or continuation of any action to recover on any claim against

the Debtors that arose on or prior to October 6, 2009.

13.     Furthermore, paragraph 47 of the Modification Approval Order provides in part:

> [R]equests for payment of an Administrative [Expense] Claim
> (other than as set forth in the Modified Plan or otherwise
> contemplated by the Master Disposition Agreement, i.e. for such
> claims arising on or after June 1, 2009) must be filed, in
> substantially the form of the Administrative Claim Request Form
> attached as Exhibit 10.5 to the Modified Plan, with the Claims
> Agent and served on counsel for the Debtors and the Creditors'
> Committee no later than 30 days notice of after the Effective Date
> is filed on the docket of the Chapter 11 Cases [November 5, 2009].
> Any request for payment of an Administrative Claim pursuant to
> this paragraph that is not timely filed and served shall be
> disallowed automatically without the need for any objection from
> the Debtors or the Reorganized Debtors.

14.     In compliance with paragraph 47 of the Modification Approval Order, notice of

the Effective Date (the "Effective Date Notice") was filed on October 6, 2009 with the

Bankruptcy Court (Docket No. 18958).  Upon the occurrence of the Effective Date, the bar date

for filing Administrative Expense Claims for claims arising on or after June 1, 2009 and prior to

the Effective Date was established as November 5, 2009 (the "Final Administrative Expense Bar

Date").  Mr. Sumpter was served with notice of the Final Administrative Expense Bar Date

(Docket No. 18978).  ***Exhibit 5***.

7

## MR. SUMPTER'S CLAIMS

15.    In his District Court Action Complaint, Mr. Sumpter asserts that he became permanently disabled from his employment at Delphi on December 8, 2000 and, as a result, became entitled to a lump sum life insurance payout (hereinafter "SEDB Payout") under Delphi's Life & Disability Benefits Program.  He made an initial inquiry regarding the SEDB Payout in December 2003 and submitted this original request for the SEDB Payout in January 2004.  *Exhibit 4, Complaint ¶¶ 27-34.*  Delphi's benefits administrator, Metropolitan Life Insurance Company ("Metropolitan Life"), sent Mr. Sumpter a form to fill out, which Mr. Sumpter asserts was incorrect.  For more than five years, Mr. Sumpter inexplicably did nothing with his claim until he resubmitted his request on March 12, 2009.  *Id.* at *¶¶ 34-37.*

16.    On March 20, 2009, Metropolitan Life provided Mr. Sumpter with a detailed explanation for its denial of benefits.  *Exhibit 6.*  Mr. Sumpter subsequently challenged the denial, and on June 3, 2009, the benefit administrator of Metropolitan Life again denied Mr. Sumpter's claim.  *Exhibit 4, Complaint ¶ 38; Exhibit 7.*  On June 11, 2009, Mr. Sumpter wrote to Metropolitan Life and demanded that they provide him with all documents reviewed by Metropolitan that formed the basis for their denial.  He specifically requested that Metropolitan Life identify the controlling SPD and the date that it was issued.  *Exhibit 8.*  On July 6, 2009, Mr. Sumpter then informed Metropolitan Life that he was appealing the denial of his claim.  *Exhibit 9.*

17.    On July 8, 2009, Mr. Sumpter filed his Administrative Expense Claim (Docket No. 18620).  *Exhibit 2.*  Mr. Sumpter described the claim as a "Life insurance claim, Disability early payout" (*i.e.*, the SEDB Payout).  *Id.* at Section 5.  As part of his claim, Mr. Sumpter attached his correspondence with Metropolitan Life, as well as an excerpt from a General Motors

8

Corporation benefits plan description ("GM SPD").[2]  *Id.*  Another attachment to the claim is Mr.

Sumpter's March 12, 2009 letter regarding "Extended Disability and Payout of Basic Life

Insurance: James B. Sumpter."  *Id.*  In the letter, Mr. Sumpter requested a "payout of [his] Basic

life insurance as documented on page 34 of the [GM] SPD (March 1992) that was in effect when

[he] became disabled."  He further requested, due to "Delphi's financial uncertainty", an

immediate full payment of the alleged $100,000 benefit.  *Id.*

18.    At Mr. Sumpter's request, on July 9, 2009 and July 15, 2009, Metropolitan Life

representatives sent Mr. Sumpter the requested documents and, again, provided him with a

detailed explanation for the denial of benefits.  ***Exhibits 10 and 11***.

19.    In correspondence dated July 31, 2009, Mr. Sumpter asserted that the controlling

SPD was the General Motors 94 SPD.  He further asserted that he was told to use the GM 94

SPD.  ***Exhibit 12***.

20.    On October 15, 2009, the Reorganized Debtors filed their objection to Mr.

Sumpter's Administrative Expense Claim.  ***Exhibit 13***, *Thirty-Seventh Omnibus Claims*

*Objection (Docket No. 18984)*.  An Affidavit of Service confirming that Mr. Sumpter was

served with the Thirty-Seventh Omnibus Claims Objection was filed with the Court on October

21, 2009 (Docket No. 18997). ***Exhibit 14***.

21.    Mr. Sumpter did not file a response to the Reorganized Debtors' objection.

---

[2] According to the District Court Action Complaint, Mr. Sumpter was an employee of Delco
Electronics, a division of General Motors, commencing February 5, 1991. ***Exhibit 4 ¶ 19***.  It
appears Mr. Sumpter was under the mistaken belief that the GM Life & Disability Benefits
Program controlled, even though the Delphi Life & Disability Benefits Program represented an
entirely new and separate benefits program following GM's spin-off of Delphi in 1999.

9

22.     On December 2, 2009 this Court entered an order disallowing and expunging Mr. Sumpter's Administrative Expense Claim in its entirety.  *See **Exhibit 3**, Thirty-Seventh Omnibus Claims Objection Order ("Sumpter Claim Expungement Order") (Docket No. 19135).*

23.     On December 8, 2009, the Reorganized Debtors served Notice of Entry of the Sumpter Claim Expungement Order on Mr. Sumpter (Docket No. 19155).  ***Exhibit 15***.

24.     Mr. Sumpter did not object to the entry of the Sumpter Claim Expungement Order and did not file a motion for reconsideration or appeal of the order.

25.     Mr. Sumpter also did not file an administrative expense claim form for any claim arising between June 1, 2009 and October 6, 2009 pursuant to the Modification Approval Order.

26.     On March 4, 2013, more than three years after this Court entered the Sumpter Claim Expungement Order, Mr. Sumpter filed the District Court Action, seeking essentially the same relief that he sought in his expunged and disallowed Administrative Expense Claim or relief that was otherwise barred or discharged under this Court's Modification Procedures Order, the Modification Approval Order, and the Modified Plan.

27.     On March 21, 2013, the Reorganized Debtors, through their counsel, notified Mr. Sumpter that the District Court Action is improper because the claims and causes of action were previously disallowed and expunged or are time-barred by the final order of this Court.  The Reorganized Debtors requested that Mr. Sumpter dismiss the case or be subject to sanctions under Fed. R. Bankr. P. 9011.  ***Exhibit 16***.  Mr. Sumpter rejected the Reorganized Debtors' request, thus necessitating the filing of this Motion.

## JURISDICTION AND VENUE

28.     This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the Plan Modification Order (Docket No. 18707 ¶ 56).  This matter is a core proceeding within the meaning of 28 U.S.C. §157(b).  This Court is the proper venue for this matter pursuant to 28 U.S.C. § and 1409.[3]

## APPLICABLE LAW AND LEGAL ARGUMENT

*The District Court Action is Barred by the Sumpter Claim Expungement Order, By This Court's Modification Procedures Order, or the Modification Approval Order.*

29.     For the reasons stated above and more fully below, the Reorganized Debtors are entitled to an order of this Court directing Mr. Sumpter to dismiss the District Court Action because the claims he has asserted in that action were disallowed in their entirety by the Sumpter Claim Expungement Order.  Moreover, even if, *arguendo*, Mr. Sumpter's District Court Action claims were not disallowed in their entirety by the Sumpter Claim Expungement Order, the claims are also time-barred pursuant to the Court's Modification Procedures Order or Modification Approval Order because the claims accrued before the Effective Date. "[R]evisiting orders disallowing late-claims contradict[s] the doctrines of res judicata and law of the case . . . ."  *In re Xpedior Inc.*, 354 B.R. 210, 227 (Bankr. N.D. Ill. 2006).

30.     As stated above, this Court's Modification Procedures Order provided, in pertinent part, that July 15, 2009 was the deadline for all creditors holding administrative expense claims for the period from the commencement of the chapter 11 cases in October 2005 through June 1, 2009 to file a claim on an administrative expense claim form.  Failure to file a timely administrative expense claim would forever bar, estop and enjoin a creditor from asserting

---

[3] The Reorganized Debtors intend to seek sanctions against Mr. Sumpter pursuant to Fed. R. Bankr. P. 9011.

such a claim against the Debtors, and their property would be forever discharged from such claim.

31.     Paragraph 47 of the Modification Approval Order provides, in part, that "requests for payment of an Administrative [Expense] Claim (other than as set forth in the Modified Plan or otherwise contemplated by the Master Disposition Agreement, i.e. for such claims arising on or after June 1, 2009) must be filed, in substantially the form of the Administrative Claim Request Form attached as Exhibit 10.5 to the Modified Plan, with the Claims Agent and served on counsel for the Debtors and the Creditors' Committee no later than 30 days notice of after the Effective Date is filed on the docket of the Chapter 11 Cases [November 5, 2009]. Any request for payment of an Administrative Claim pursuant to this paragraph that is not timely filed and served shall be disallowed automatically without the need for any objection from the Debtors or the Reorganized Debtors."

32.     Mr. Sumpter filed his Administrative Expense Claim on July 8, 2009.  On October 15, 2009, the Reorganized Debtors objected to the claim.  Mr. Sumpter did not respond to the objection.  On December 2, 2009, this Court entered the Sumpter Claim Expungement Order.

33.     Mr. Sumpter never filed a claim pursuant to the Modification Approval Order for claims arising after June 1, 2009 and before October 6, 2009.

34.     Mr. Sumpter's Complaint in the District Court Action asserts five causes of action against the Reorganized Debtors, all of which were previously asserted in his Administrative Expense Claim, and/or were already known by Mr. Sumpter and are therefore time-barred.

35.     In his "First Cause of Action, For Failure to Pay Disability Life Insurance Benefit," Mr. Sumpter claims that he is entitled to SEDB benefits in the form of a $100,000

Disability Life Insurance Payout. *Exhibit 4*, *Complaint ¶¶ 7-8*.  This is effectively the same request made in his disallowed and expunged Administrative Expense Claim.  *Exhibit 2*.

36.    In his "Second Cause of Action, For Failure To Meet ERISA Notice Requirement For Distribution Of Summary Plan Description (SDP)," Mr. Sumpter asserts that the Plan Administrator failed to provide the 1996 SPD for the period between July 30, 1997 and November 5, 2009.  *Exhibit 4*, *Complaint ¶ 9*.  This claim was also part of Mr. Sumpter's disallowed and expunged Administrative Expense Claim.  Specifically, Mr. Sumpter attached (as page 10) a June 3, 2009 letter that he sent to Metropolitan Life.  In the letter, Mr. Sumpter demands copies of the SPD upon which Metropolitan Life relied.  *Exhibit 2*.

37.    Similarly, in the "Third Cause of Action, For Failure to Meet ERISA Noticing Requirement for Distribution of Summary of Material Modification", Mr. Sumpter asserts that the Plan Administrator failed to provide the Summary of Material Modification ("SMM") for the period between July 30, 1995 and November 5, 2009.  *Exhibit 4*, *Complaint ¶ 10*.  This claim was also part of Mr. Sumpter's disallowed and expunged Administrative Expense Claim.  In the June 3, 2009 letter referenced above, Mr. Sumpter requested a "copy of all documentation, records and all other information related to [his] claim and [Metropolitan Life's] decision." *Exhibit 2*.

38.    Notwithstanding the fact that Mr. Sumpter's claim accrued in 2004 (the date when he first made a claim) within the definition of 11 U.S.C. § 101(5)[4] and therefore was covered by

---

[4] The Bankruptcy Code defines "Claim" to mean (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, disputed, undisputed, legal, equitable, secured or unsecured; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.  11 U.S.C. § 101(5).  The Second Circuit has recognized that the definition of a claim is intentionally broad to enable all the obligations of a debtor to be

13

the Modification Procedures Order, Mr. Sumpter did not timely file an Administrative Expense

Claim Form based on his alleged failure to receive SPD and SMM documents by the

Administrative Claim Bar Date.   By operation of the Modification Procedures Order, Mr.

Sumpter's claims became forever barred, thereby estopping and enjoining them from asserting

the new claims against the Debtors or their property.  In addition, this Court's Plan Modification

Order, which confirmed the Modified Plan, discharged, among other things, all Claims and

Causes of Action, whether known or unknown, against the Reorganized Debtors and

permanently enjoined all Persons (as that term is defined in the Plan) from, among other things,

"commencing . . . in any manner any Claim, Interest, Cause of Action or any other right or Claim

against the Reorganized Debtors, which they possessed or may possess prior to the Effective

Date" of the Plan (the "Plan Injunction").  *See* ¶¶ 20 and 22 of Plan Modification Order.

39.    In his "Fourth Cause of Action, For Failure To Meet ERISA Claim Procedure

Noticing Requirements," Mr. Sumpter alleges that "DPHH failed to provide a timely response to

Plaintiff's first appeal of its adverse decision . . . ."  ***Exhibit 4****, Complaint ¶ 11*.  The required

response time is forty-five days.   *Id*.   Once again, this is an allegation that was part of Mr.

Sumpter's disallowed and expunged Administrative Expense Claim.  Attached to his claim are

two letters, one from Metropolitan Life (page 8) and the other from Mr. Sumpter (page 11), both

discussing Mr. Sumpter's appeal.  ***Exhibit 2.***  This Court's Plan Modification Order, which

confirmed the Modified Plan, discharged, among other things, all Claims and Causes of Action,

---

treated in a bankruptcy case, no matter how remote or contingent, to give the debtor the broadest
relief possible in the bankruptcy court. *See In re Chateaugay Corp*., 944 F.2d 997, 1003 (2d Cir.
1991).  In addition, the Second Circuit in *Chateaugay* wrote, "[a] claim exists only if before the
filing of the bankruptcy petition, the relationship between the debtor and the creditor contained
all of the elements necessary to give rise to a legal obligation—'a right to payment'—under the
relevant non-dash bankruptcy law." *Id.* at 497.  Mr. Sumpter's relationship with the Debtors, by
his own admission, existed in 2004, and his lack of diligence in pursuing his claims until 2009
should not change their pre-petition nature.

whether known or unknown, against the Reorganized Debtors and permanently enjoined all Persons (as that term is defined in the Plan) from, among other things, "commencing . . . in any manner any Claim, Interest, Cause of Action or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date" of the Plan (the "Plan Injunction").  *See* ¶¶ 20 and 22 of Plan Modification Order.

40.     Mr. Sumpter will undoubtedly argue that this claim had not yet accrued as of the June 1, 2009 administrative claim deadline and, therefore, was not expunged and disallowed pursuant to the Sumpter Expungement Order.[5]  Assuming, *arguendo*, that to be the case, the claim is still time-barred pursuant to the Modification Approval Order.  In his Complaint, Mr. Sumpter alleges that he first appealed the adverse decision on July 31, 2009.  Taking his pleading as true, a timely forty-five day response was due on or before September 14, 2009.  Mr. Sumpter's claim related to a timely response, therefore, arose on September 15, 2009.  Pursuant to this Court's Modification Approval Order, all claims that arose between June 1, 2009 and October 6, 2009 were to be filed no later than November 5, 2009.  *Modification Approval Order ¶¶ 22 and 47*.  Claims that were not "timely filed and served shall be disallowed automatically . . . ."  *Id. at ¶ 47*.

41.     Finally, Mr. Sumpter's "Sixth[6] Cause of Action, For Breach of Fiduciary Duty" again asserts claims related to the already expunged and disallowed Administrative Expense Claim.  This Court's Plan Modification Order, which confirmed the Modified Plan, discharged, among other things, all Claims and Causes of Action, whether known or unknown, against the

---

[5] Again, because of Mr. Sumpter's lack of diligence in pursuing his ERISA claims for five years, his non-accrual argument warrants no credence as a matter of law and equity.

[6] Because Mr. Sumpter's "Fifth Cause of Action, For Failure To Meet ERISA Claim Procedure Requirements And The Resulting Breach of Fiduciary Duty" is asserted against Metropolitan Life only, the Reorganized Debtors have not addressed this claim in this Motion.

Reorganized Debtors and permanently enjoined all Persons (as that term is defined in the Plan) from, among other things, "commencing . . . in any manner any Claim, Interest, Cause of Action or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date" of the Plan (the "Plan Injunction"). *See* ¶¶ 20 and 22 of Plan Modification Order.

42.     The effect of the Reorganized Debtors' discharge is set forth in section 524(a) of the Bankruptcy Code, under which that discharge operates as a permanent injunction against the <u>commencement or continuation</u> of any action to recover discharged claims against the Reorganized Debtors.  Specifically, Section 524(a)(2) provides:

> (a)     A discharge in a case under this title –
>                                          …
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

11 U.S.C. § 524(a)(2).

43.     Based on the foregoing, all of Mr. Sumpter's claims asserted in the District Court Action against the Reorganized Debtors and their Life & Disability Benefits Program are pre-confirmation "claims" that have been disallowed, barred, or discharged in these chapter 11 cases.  By operation of the Section 524(a) injunction, Mr. Sumpter should be enjoined from further prosecuting his District Court Action.

### RELIEF REQUESTED

WHEREFORE, the Reorganized Debtors request that this Court enter an order (a) enforcing the Modification Procedures Order, Modified Plan and Plan Modification Order Injunction and Sumpter Claim Expungement Order against Mr. Sumpter; (b) directing Mr. Sumpter to dismiss the District Court Action against the Reorganized Debtors and their Life &

16

Disability Benefits Program; (c) awarding the Reorganized Debtors the costs and attorneys' fees
they have been forced to expend in connection with this Motion and the District Court Action;
and (d) granting the Reorganized Debtors such other and further relief to which they may be
entitled.

Dated:    Detroit, Michigan
          April 5, 2013

                                        BUTZEL LONG, a professional corporation

                                        By:    /s/ Cynthia J. Haffey
                                              Cynthia J. Haffey
                                              Thomas B. Radom
                                              David J. DeVine
                                        150 West Jefferson, Suite 100
                                        Detroit, Michigan 48226
                                        (313) 225-7000

                                        *Attorneys for Reorganized Debtors*

#1400158 v1

# EXHIBIT 1

05-44481-rdd Doc 22040 Filed 04/05/13 Entered 04/05/13 07:24:38 Exhibit 1
Pg 2 of 166

Page 1

```
 1
 2    UNITED STATES BANKRUPTCY COURT
 3    SOUTHERN DISTRICT OF NEW YORK
 4    Case No. 05-44481(RDD)
 5    - - - - - - - - - - - - - - - - - - - -x
 6    In the Matter of:
 7
 8    DPH HOLDINGS CORP., et al.,
 9
10                    Reorganized Debtors.
11
12    - - - - - - - - - - - - - - - - - - - -x
13
14                    United States Bankruptcy Court
15                    300 Quarropas Street
16                    White Plains, New York
17
18                    September 22, 2011
19                    10:09 AM
20
21    B E F O R E:
22    HON. ROBERT D. DRAIN
23    U.S. BANKRUPTCY JUDGE
24
25
```

Page 2

1

2    HEARING re Motion For Recoupment on Behalf of Delphi Salaried

3    Retirees

4

5    HEARING re Claims Objection Hearing Regarding Claims of Alla

6    Averbukh, on Behalf of the Estate of Boris Averbukh, as

7    Objected to in the Reorganized Debtors' Motion for Order (i)

8    Enforcing Modification Procedures Order, Modified Plan and Plan

9    Modification Order Injunction and Forty-Seventh Omnibus Claims

10   Objection Order Against Averbukhs, as Plaintiffs, in Maryland

11   State Court Wrongful Death Action; and (ii) Directing Averbukhs

12   to Dismiss Action to Recover Upon Discharged and Expunged Claim

13   ("Averbukh Injunction Motion")

14

15

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Lisa Bar-Leib

1

2  A P P E A R A N C E S :

3  BUTZEL LONG, PROFESSIONAL CORPORATION

4      Attorneys for DPH Holdings Corp., et al., Reorganized

5       Debtors

6      Suite 100

7      150 West Jefferson Avenue

8      Detroit, MI 48226

9

10  BY:  CYNTHIA J. HAFFEY, ESQ.

11

12  BUTZEL LONG, PROFESSIONAL CORPORATION

13      Attorneys for DPH Holdings Corp., et al., Reorganized

14       Debtors

15      Stoneridge West

16      41000 Woodward Avenue

17      Bloomfield Hills, MI 48304

18

19  BY:  SHELDON H. KLEIN, ESQ.

20

21

22

23

24

25

Page 4

```
 1

 2    SKADDEN ARPS SLATE MEAGHER & FLOM LLP

 3          Attorneys for DPH Holdings Corp., et al., Reorganized

 4           Debtors

 5          155 North Wacker Drive

 6          Chicago, IL 60606

 7

 8    BY:   LOUIS S. CHIAPPETTA, ESQ.

 9          (TELEPHONICALLY)

10

11    CIARDI CIARDI & ASTIN

12          Attorneys for Vladimir Averbukh (Individually and as

13           Personal Representative for the Estate of Boris

14           Averbukh) and Alesander Averbukh

15          100 Church Street

16          8th Floor

17          New York, NY 10007

18

19    BY:   RICK A. STEINBERG, ESQ.

20

21

22

23

24

25
```

Page 5

```
 1
 2    ALSO APPEARING:
 3    JAMES B. SUMPTER
 4         On Behalf of Himself as a Delphi Salaried Retiree
 5         21169 Westbay Circle
 6         Noblesville, IN 46062
 7
 8    BY:   JAMES B. SUMPTER, PRO SE
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

DPH HOLDINGS CORPORATION, et al.

Page 23

1    least, they wouldn't make any sense to a lawyer versed in basic

2    principles of bankruptcy law.  However, Mr. Sumpter isn't a

3    lawyer so I decided first to treat this matter through written

4    submissions by the parties and a hearing today.  And secondly,

5    I decided not to enjoin him from bringing further actions.

6          On the other hand, by no means should Mr. Sumpter take

7    that ruling as a license to bring further actions that are not

8    premised upon a good faith real argument.  The debtors have

9    their rights under -- in matters before this Court --

10   Bankruptcy Rule 9011, in matters in the federal district court

11   or other federal courts under Civil Procedure 11 and in their

12   corollaries under the various state court procedures for

13   bringing frivolous or bad faith claims.  And Mr. Sumpter is

14   duly warned that notwithstanding his pro se status, he is on

15   clear notice that future motions in violation of the -- or

16   other litigation in violation of the plan modification order or

17   this Court's prior orders or the Delphi debtors' discharge

18   under their Chapter 11 plan should merit the imposition of

19   sanctions.  And the debtors can certainly use this transcript

20   in that regard if such litigation is commenced outside of this

21   court.

22          So again, for the reasons that I've stated on the

23   record, the motion's denied as a matter of law under the

24   equivalent of or based upon the factors applied by the Court

25   under Bankruptcy Rule 7012 in light of the Court's prior orders

# EXHIBIT 2

**United States Bankruptcy Court**

Southern District of New York

Delphi Corporation et al. Claims Processing
c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue
El Segundo, California 90245

**Administrative Expense Claim Form**

#18620

Debtor against which claim is asserted :
Delphi Corporation, *et al.* 05-44481

Case Name and Number
In re Delphi Corporation., *et al.* 05-44481
Chapter 11, Jointly Administered

NOTE: This form should not be used to make a claim in connection with a request for payment for goods or services provided to the Debtors prior to the commencement of the case. This Administrative Expense Claim Form is to be used solely in connection with a request for payment of an administrative expense arising after commencement of the case but prior to June 1, 2009, pursuant to 11 U.S.C. § 503.

Name of Creditor
*(The person or other entity to whom the debtor owes money or property)*

**James B. Sumpter**

Name and Address Where Notices Should be Sent

**James B. Sumpter**
**21169 Westbay Circle**
**Noblesville, IN 46062**

Telephone No.

**317-877-0736**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☒ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

Claim #18620
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)

**THIS SPACE IS FOR COURT USE ONLY**

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: **N/A**

Check here if this claim ☐ replaces
☐ amends a previously filed claim, dated: _____

1. BASIS FOR CLAIM
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other (Describe briefly)

☒ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
Your social security number **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**
Unpaid compensation for services performed
from _____ to _____
(date)      (date)

2. DATE DEBT WAS INCURRED  **March 12, 2009**

3. IF COURT JUDGMENT, DATE OBTAINED:

4. TOTAL AMOUNT OF ADMINISTRATIVE CLAIM: $ **97,788.00**
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

5. Brief Description of Claim (attach any additional information):

**Life insurance claim, Disability early payout**

6. CREDITS AND SETOFFS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

7. SUPPORTING DOCUMENTS: *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Any attachment must be 8-1/2" by 11".

8. DATE-STAMPED COPY: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

**THIS SPACE IS FOR COURT USE ONLY**

**RECEIVED**
JUL 1 4 2009
KURTZMAN CARSON CONSULTANTS

Date
**July 8, 2009**

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)

*James Sumpter* (signature)

■ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return



0544481090714000000000071

21169 Westbay Circle
Noblesville, IN  46062
July 8, 2009

Delphi Corporation Claims Processing
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

RE:  In re Delphi Corporation, et al.,
     Case No. 05-44481 (RDD) Jointly Administered
     United States Bankruptcy Court
     Southern District of New York

     Proof of Claim:

I have submitted a request Under the Delphi Health and Disability program for an early
payout of life insurance, in conformance with the controlling SPD.

Delphi's Agent Metropolitan has denied this claim (I believe erroneously).  I am in the
process of filing an appeal in accordance with Plan rules.  I feel that I have a strong case
and that I will prevail.  Therefore, I wish to insure that my claim is not voided due to
Delphi's bankruptcy and plan for reorganization.

I have attached relevant documents that document the current status of my benefits claim.

James B. Sumpter

21169 Westbay Circle
Noblesville, IN 46062
March 12, 2009

Delphi Benefits Unit
(Health Care, Life Insurance, and Life Claims):
P. O. Box 14673
Lexington, KY 40512-4673



Integrated Disability Activity
(Sickness & Accident, Extended Disability Benefits):
P.O. Box 14608
Lexington, KY 40511-4608

**RE: Extended Disability and Payout of Basic Life Insurance:**
**James B. Sumpter**
**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**

I am writing to formally request a payout of my Basic life insurance as documented on page 34
of the SPD (March 1992) that was in effect when I became disabled( I have attached an
appropriate except from that page). This paragraph applies to me because:

- At the time that my disability commenced I had less than
  ten years of participation.
- I am totally and permanently disabled.
- I am receiving Extended Disability benefits.

My basic life insurance is for $195,600.00. Therefore, the payout shall be for the maximum
amount of $100,000.00. This payout would normally commence about July 8, 2010. However,
because of the imminent benefit changes and Delphi's financial uncertainty, I am requesting that
you either make the full payment of $100,000 to me immediately, or that you establish an
irrevocable trust account to pay me according to the plan document schedule. My preference is
for the immediate payment of the full amount.

I am also requesting that you send me a timely response, but not later that March 27, 2009,
informing me of the timing and amount of the Basic Life insurance payout.

Although my address is in the heading, for you convenience, I have provided additional contact
information below:

| Phone | 317-877-0763 | Fax | 317-877-1070 |
|-------|--------------|-----|---------------|
| e-mail | jsump@ieee.org | | |

Sincerely,

James

2

# IN CASE YOU BECOME TOTALLY AND PERMANENTLY DISABLED

## Life and Disability Benefits Program Benefits

You may be totally and permanently disabled if you are not regularly employed, and on the basis of medical evidence satisfactory to GM you are wholly and permanently prevented, as a result of injury or disease, from working at the GM location where you last worked.



- **If You Have Less Than 10 Years of Participation . . .**
**you may elect to receive a monthly installment payout of your basic life insurance if you become totally and permanently disabled while your length of service is unbroken.**

The monthly installment will be in an amount equal to the amount of your final monthly extended disability benefit. Payment will commence after you have received your final monthly extended disability benefit payment. Supplemental extended disability benefits maybe payable concurrently under the Flexible Compensation Program with a monthly installment payout of your basic life insurance.

Any monthly installment payments to which you are entitled will continue until the total amount paid equals the amount of your basic life insurance, up to $100,000. Your basic life insurance will be canceled immediately prior to the commencement of the monthly payment. In the event your basic life insurance exceeds$100,000, you will be entitled to convert the excess amount to an individual policy

34

3

**Extended Disability Benefits Are Payable . . .**

for a period based on your GM years of participation under the Life and Disability Benefits Program (see page 68).

• **If you have 10 or more years of participation when you become disabled ...**
benefits are payable until recovery, but not beyond age 65*.

**32** (excerpted form page 32)

---

## EXTENDED DISABILITY BENEFITS

• **If you have less than 10 years of participation when you become disabled...**

**benefits are payable until recovery, or, if less, for a period equal to your years of participation at the <u>commencement</u> of disability (less the period during** which sickness and accident benefits or salary continuation payments are received), but not beyond age 65*.

**33** (excerpted form page 33)

4/

**MetLife®**

**Metropolitan Life Insurance Company**
P.O. Box 5164
Southfield, MI 48086-5164
Phone: 1-866-335-7444

Dear Mr. Sumpter:

You have requested a payout of your Basic Life Insurance under the Delphi Life and Disability Benefits Program. The Plan requires that the enclosed forms be completed and returned in order to consider your request. Please see the instructions below:

**Instructions for Completing Group Life Insurance Statement of Review**

- **Total & Permanent Disability**

*Employee's Statement*

1. The Employee's Statement must be completed by the employee or his/her legal representative. If you are an Authorized Representative completing this form, please include a copy of the legal document(s) authorizing you to act on the Employee's behalf.

2. Complete Sections 1 and 2 of the Employee's Statement.

3. Sign the following pages:
   a) the Fraud Warning
   b) the Authorization to Disclose Information About Me
   c) the Attending Physician Statement, Section A

4. Give the Attending Physician Statement to your treating physician for completion.

5. Contact MetLife with any questions you may have when completing this form.

6. Place your name and Social Security number in the allocated area of each page.

7. Submit the entire form to MetLife at the above address.

5

**GROUP LIFE INSURANCE STATEMENT OF REVIEW**

**MetLife®**

Metropolitan Life Insurance Company
P.O. Box 5164
Southfield, MI 48086-5164
Phone:  1-866-335-7444

**EMPLOYEE'S STATEMENT**

Instructions for completing form:
1. The employee or his/her legal representative must complete statement.  If you are an ~~individual~~ representative completing this form, please include a copy of the legal document(s) authorizing you to act on the Employee's behalf.
2. Complete Sections 1 & 2 and sign applicable pages as indicated.
3. Contact MetLife with any questions you may have when completing this form.
4. Submit the entire form by mail to the above address for processing – retain a copy for your records.

*Important:*  To avoid processing delays, please complete the form in its entirety and submit all requested Documents.

## Section 1:  Personal Information

| Name (Last, First, MI) | | Social Security #  REQUIRED | | E-Mail Address (Optional) |
|---|---|---|---|---|
| SUMPTER, JAMES B. | | ***-**-3996 | | |

| Address | City | State | Zip Code | Date of Birth (MM/DD/YY) | Sex |
|---|---|---|---|---|---|
| 21169 WESTBAY CIRCLE | NOBLESVILLE | IN | 46062 | 01/02/1952 | ☒ M  ☐ F |

| Home Phone # | Occupation  Electrical Engineer | Marital Status  **divorced** |
|---|---|---|
| ( 317 ) 877 - 0736 | (Product Line Architect - Retired) | ☐ Married  ☐ Single  ☒ Other |

## Section 2:  Disability Information

| Date Last Worked | State the cause of your Disability: | On what date were you first treated by a physician related to this disability? |
|---|---|---|
| 8-DEC-2000 | **Lupus ( causing chronic fatigue) and Major Depression** | **July 2000** |

Name(s) of all Physicians/Providers who have treated you since the beginning of this disability:

| Name of Physician/Provider | Address | Phone Number (Include Area Code) | Dates of Treatment | Reason for Visit |
|---|---|---|---|---|
| | | | | |

## Please see attached sheet

Have you performed any type of work (either for this employer, another employer or through self-employment) since your disability began?  ☐ Yes  ☒ No
If "Yes," provide the following information.

| Name of Employer | Address of Employer | Type of Work | Date Employment Began | Hours Worked Per Week |
|---|---|---|---|---|
| **N/A** | | | | |

Are you presently able to engage in any gainful occupation?  ☐ Yes  ☒ No

If "Yes," please explain:  **N/A**

If "No," when do you expect to return to work?  Date  **N/A**

Are you insured under any other policies issued by MetLife?  ☐ Yes  ☒ No
If "Yes," please provide coverage type and policy numbers:  **N/A**

**Continued on Following Page**

6

COPY

**Fraud Warning:**

If you are insured under a policy issued in one of the following states, or if you reside in one of the following states, one of the following state warnings may apply to you:

**New York** [only applies to Accident and Health Benefits (AD&D/Disability/Dental)]:  I know it is a crime to fill out this form with facts I know are false or to leave out facts I know are important.  I know that if I do this, I may also have to pay a civil penalty of up to $5,000 plus the value of the claim.

**Florida:**  Any person who knowingly and with intent to injure, defraud or deceive any insurer files a statement of claim containing any false, incomplete or misleading information is guilty of a felony of the third degree.

**Massachusetts:**  Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, and may subject such person to criminal and civil penalties.

**New Jersey:**  Any person who knowingly files a statement of claim containing any false or misleading information is subject to criminal and civil penalties.

**Oklahoma:**  Any person who knowingly, and with intent to injure, defraud or deceive any insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete or misleading information is guilty of a felony.

**Kansas, Oregon, Washington and Vermont:**  Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto may be guilty of insurance fraud, and may be subject to criminal and civil penalties.

**Puerto Rico:**  Any person who, knowingly and with the intent to defraud, presents false information in an insurance request form, or who presents, helps or has presented, a fraudulent claim for the payment of a loss or other benefit, or presents more than one claim for the same damage or loss, will incur a felony, and upon conviction will be penalized for each violation with a fine no less than five thousand (5,000) dollars nor more than ten (10,000), or imprisonment for a fixed term of three (3) years, or both penalties.  If aggravated circumstances prevail, the fixed established imprisonment may be increased to a maximum of five (5) years; if attenuating circumstances prevail, it may be reduced to a minimum of two (2) years.

**Virginia:**  It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company.  Penalties include imprisonment, fines and denial of insurance benefits.

**California:**  For your protection California law requires the following to appear on this form:  Any person who knowingly presents a false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

**New Hampshire:**  Any person who, with a purpose to injure, defraud or deceive any insurance company, files a statement of claim containing any false, incomplete or misleading information is subject to prosecution and punishment for insurance fraud, as provided in RSA 638:20.

If you reside in any state other than those listed above, then the following warning may apply to you:

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

Name of Claimant (Please Print): **James B. Sumpter**     Social Security Number: **245 86 3966**

Signature of Claimant or Authorized Representative: _____     Date: **11-APR-2009**

7

**Continued on Following Page**

**Metropolitan Life Insurance Company**
P.O. Box 5164
Southfield, MI 48086-5164
1-866-DELPHI4 (335-7444)
1-888-688-2860 TTY

**MetLife**

June 3, 2009

James Sumpter
21169 Westbay Circle
Noblesville, IN 46062

COPY

RE:  Total & Permanent Disability Benefits, a payout of your Basic Life Insurance
     Group: 14000– Salaried

Dear Mr. Sumpter:

We have completed our review of your application for Total and Permanent Disability Benefits
under the Delphi Life and Disability Program.  For the reasons outlined below, your request is
being denied.

During your period of disability, you were covered under the Delphi Life and Disability Benefits
Program.  The Life and Disability Benefits Program is provided by Delphi Corporation under the
provisions of a self-funded Employee Welfare Benefit Plan as described in the Employee
Retirement Income Security Act (ERISA).  MetLife is the claims administrator of the Delphi Life and
Disability Benefits Program.

As you know, the Delphi Life and Disability Benefits Program provides in part that a salaried
employee may be eligible for a payout of his/her Basic Life Insurance benefits if:

1)  The employee last worked between January 1, 1974 and December 31,
    1993, and
2)  The employee had less than 10 Years of Participation at the time he/she became
    totally and permanently disabled, and
3)  The employee became totally and permanently disabled prior to the end of the
    month of his/her 70th birthday, and
4)  The employee exhausted his/her Extended Disability Benefits, and
5)  The employee provided satisfactory written proof of such disability.

Our review of your application for Total and Permanent Disability Benefits finds that you do not
meet the above criteria because you last worked on December 7, 2000, which date is after
December 31, 1993.  In addition, you have not exhausted your Extended Disability Benefits.
Therefore, in view of the information above, you are not eligible for a payout of your Basic Life
Insurance benefit.

You may appeal this decision by sending a written request to Metropolitan Life, P. O. Box 5164,
Southfield, Michigan, 48037-5164, within 180 days of the date you receive this letter.  Please
include in your appeal letter the reason(s) you believe your claim was improperly denied, and
submit any additional comments, documents, records or other information relating to your claim

2 James Sumpter

that you deem appropriate for us to give your appeal consideration. Upon request, MetLife will provide you with a copy of the documents, records, or other information we have that are relevant to your claim. The Program provisions are generally outlined in the Summary Plan Description, *Your Delphi Benefits* which has been provided to you by your employer.

If you choose to appeal, MetLife will evaluate all the information and advise you of our determination of your appeal within 45 days after we receive your written request for appeal. If there are special circumstances requiring additional time to complete the appeal, we may take up to an additional 45 days, but only after notifying you of the special circumstances in writing. In the event your appeal is denied in whole or in part, upon completion of the minimum appeal process you will have the right to bring a civil action under Section 502(a) of the Employee Retirement Income Security Act of 1974, or you may follow the voluntary appeal process defined under the Delphi Life and Disability Benefits Program.

If you have any questions or need further assistance, please contact our office by calling the toll-free number listed above Monday through Friday from 7:30 A.M. to 4:30 P.M. Eastern Standard Time, or by visiting our website.

Sincerely,

**Southfield Life Waiver Unit (T&P)**
**Integrated Disability Activity**

Revised 6/07

9

21169 Westbay Circle
Noblesville, IN  46062
June 11, 2009

Metropolitan Life Insurance Company
P O Box 5164
Southfield, MI  48086-5164

**RE:    Claim Denial dated 3-JUN-2009**
**Total & Permanent Disability Benefits, a payout of Basic Life insurance**
**Group: 1400-Salaried**
**Claim Denial dated 3-JUN-2009**
**James B. Sumpter        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**

I am writing to formally request a copy of all documentation, records and all other information
related to my claim and your decision.  I am requesting that you include the Salaried Plan
Document that you referred to in your decision.  I am also requesting a copy of the Life
insurance policy that applies to this claim.  I would also like you to specifically state which SPD
you believe was in force at the time of the commencement of my disability, which was 7-DEC-
2000.  Please also provide the publication date of the SPD.

I am requesting, wherever possible that you provide me all requested documentation in electronic
form.  The preferred way is for you to send me one or more e-mails with a PDF version of the
documents attached.

I am also requesting that you provide the name of the person responsible for this decision and a
telephone number so that I can communicate directly with them.  I have had difficulty reaching a
knowledgeable person through your phone system and messages that I have left have not been
returned.

Please also provide a fax number where I can send communications.

My contact information follows:

| Phone | **317-877-0763** | Fax | **317-877-1070** |
|-------|------------------|-----|------------------|
| e-mail | **jsump@ieee.org** | | |

Sincerely,

James B. Sumpter

*/ 0*

21169 Westbay Circle
Noblesville, IN 46062
July 6, 2009

Metropolitan Life Insurance Company
P O Box 5164
Southfield, MI 48086-5164

**RE:** **Claim Denial dated 3-JUN-2009**
      **Total & Permanent Disability Benefits, a payout of Basic Life Insurance**
      **Group: 1400-Salaried**
      **Claim Denial dated 3-JUN-2009**
      **James B. Sumpter      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**

I am writing to formally notify that I intend to appeal your decision denying my claim.
However, I cannot properly prepare my appeal without the documentation that I requested on
June 11. I have attached a copy of that request for your reference. Please expedite the delivery
of the requested information.

I am requesting that you also provide a detailed description of the complete appeal procedure.
Please provide with this description any required forms, all critical timing requirements, and the
appropriate correspondence address for each phase of the appeal process.

You should note that I am aware that Delphi is in bankruptcy and has a pending plan for
emergence. I am not sure how Delphi's bankruptcy affects my claim. However, in an effort to
preserve my rights, I will be filing an administrative claim with the bankruptcy court (prior to
July 15, 2009) for the **$97,788** permanent disability life insurance benefit.

My contact information follows:

| | | | |
|---|---|---|---|
| Phone | **317-877-0763** | Fax | **317-877-1070** |
| e-mail | **jsump@ieee.org** | | |

Sincerely,

James B. Sumpter

11

05-44481-rdd   Doc 22040-5   Filed 04/05/13   Entered 04/05/13 17:24:36   Exhibit 3
Pg 1 of 166

# EXHIBIT 3

Docket #19135  Date Filed: 12/2/2009

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                              :
       In re                              :    Chapter 11
                                              :
DPH HOLDINGS CORP., et al.,                   :    Case No. 05-44481 (RDD)
                                              :
       Reorganized Debtors. :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
TO EXPUNGE CERTAIN (I) PREPETITION CLAIMS, (II) EQUITY
INTERESTS, (III) BOOKS AND RECORDS CLAIMS, (IV) UNTIMELY
CLAIMS, (V) PAID SEVERANCE CLAIMS, (VI) PENSION, BENEFIT,
AND OPEB CLAIMS, AND (VII) DUPLICATIVE CLAIMS

("THIRTY-SEVENTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Thirty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b)

And Fed. R. Bankr. P. 3007 To Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III)

Books And Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension,

Benefit, And OPEB Claims, And (VII) Duplicative Claims (the "Thirty-Seventh Omnibus

Claims Objection" or the "Objection"),[1] of DPH Holdings Corp. and certain of its affiliated

reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"); and

upon the record of the hearing held on the Thirty-Seventh Omnibus Claims Objection and the

representations set forth in the letter, dated December 1, 2009 of John K. Lyons, Esq. to the

Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Thirty-
Seventh Omnibus Claims Objection.



0544481091202000000000006

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    Each holder of a claim for an administrative expense under section 503(b)(1) of the Bankruptcy Code (each, an "Administrative Claim") listed on Exhibits A, B, C, D, E, F, and G hereto was properly and timely served with a copy of the Thirty-Seventh Omnibus Claims Objection, a personalized Notice Of Objection To Claim, the proposed order granting the Thirty-Seventh Omnibus Claims Objection, and notice of the deadline for responding to the Thirty-Seventh Omnibus Claims Objection.  No other or further notice of the Thirty-Seventh Omnibus Claims Objection is necessary.

B.    This Court has jurisdiction over the Thirty-Seventh Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Thirty-Seventh Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Thirty-Seventh Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    The Administrative Claims listed on Exhibit A assert liabilities or dollar amounts that arose prior to the date upon which the Debtors filed voluntary petitions for reorganization relief under chapter 11 of the Bankruptcy Code (the "Prepetition Claims").

D.    The Administrative Claims listed on Exhibit B were filed by holders of Delphi Corporation common stock solely on account of their stock holdings, each of which constitutes an equity interest in Delphi Corporation but does not constitute an Administrative Claim against the Debtors (the "Equity Interests").

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

2

E.    The Administrative Claims listed on <u>Exhibit C</u> assert liabilities and dollar amounts that are not owing pursuant the Reorganized Debtors' books and records (the "Books and Records Claims").

F.    The Administrative Claims listed on <u>Exhibit D</u> were not timely filed pursuant to Article 10.2 of the Modified Plan and paragraph 38 of the Modification Procedures Order (the "Untimely Claims").

G.    The Administrative Claims listed on <u>Exhibit E</u> are Administrative Claims that the have already been satisfied in full (the "Paid Severance Claims").

H.    The Administrative Claims listed on <u>Exhibit F</u> assert Claims for liabilities in connection with the Debtors' pension plans, employee benefit programs, and post-retirement health and life insurance benefit programs for which the Debtors are not liable (the "Pension, Benefit, And OPEB Claims").

I.    The Administrative Claims listed on <u>Exhibit G</u> are duplicative of other Administrative Claims (the "Duplicative Claims").

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    Each Prepetition Claim listed on <u>Exhibit A</u> hereto is hereby disallowed and expunged in its entirety.

2.    Each Equity Interest listed on <u>Exhibit B</u> hereto is hereby disallowed and expunged in its entirety.

3.    Each Books and Records Claim listed on <u>Exhibit C</u> hereto is hereby disallowed and expunged in its entirety.

3

4.      Each Untimely Claim listed on <u>Exhibit D</u> hereto is hereby disallowed and expunged in its entirety.

5.      Each Paid Severance Claim listed on <u>Exhibit E</u> hereto is hereby disallowed and expunged in its entirety.

6.      Each Pension, Benefit, and OPEB Claim listed on <u>Exhibit F</u> hereto is hereby disallowed and expunged in its entirety.

7.      Each Duplicative Claim listed on <u>Exhibit G</u> hereto is hereby disallowed and expunged in its entirety.

8.      <u>Exhibit I</u> sets forth each of the Administrative Claims referenced on <u>Exhibits A</u>, <u>B</u>, <u>C</u>, <u>D</u>, <u>E</u>, <u>F</u>, <u>G</u>, <u>H-1</u>, <u>H-2</u>, <u>H-3</u>, <u>H-4</u>, and <u>H-5</u> in alphabetical order by claimant and cross-references each such Administrative Claim by (a) proof of administrative expense number or schedule number and (b) basis of objection.

9.      With respect to each Administrative Claim for which a Response to the Thirty-Seventh Omnibus Claims Objection has been filed and served, and which has not been resolved by the parties, all of which Administrative Claims are listed on Exhibits <u>H-1</u>, <u>H-2</u>, <u>H-3</u>, <u>H-4,</u> and <u>H-5</u> the hearing regarding the objection to such Claims shall be adjourned to a future date to be noticed by the Reorganized Debtors consistent with and subject to the Claims Objection Procedures Order and the Order Pursuant to 11 U.S.C. §§ 105(a) and 503(b) Authorizing Debtors to Apply Claims Objection Procedures to Address Contested Administrative Expense Claims, entered October 22, 2009 (Docket No. 18998) (the "Administrative Claims Objection Procedures Order"); provided, however, that such adjournment shall be without prejudice to the Reorganized Debtors' right to assert that any such

Response was untimely or otherwise deficient under the Administrative Claims Objection

Procedures Order .

       10.    Entry of this order is without prejudice to the Reorganized Debtors' rights

to object, on any grounds whatsoever, to any other claims or Administrative Claims in these

chapter 11 cases or to further object to Administrative Claims that are the subject of the Thirty-

Seventh Omnibus Claims Objection except as such claims may have been settled and allowed.

       11.    This Court shall retain jurisdiction over the Reorganized Debtors and the

holders of Administrative Claims subject to the Thirty-Seventh Omnibus Claims Objection to

hear and determine all matters arising from the implementation of this order.

       12.    Each of the objections by the Reorganized Debtors to each Administrative

Claim addressed in the Thirty-Seventh Omnibus Claims Objection and attached hereto as

Exhibits A, B, C, D, E, F, and G constitutes a separate contested matter as contemplated by Fed.

R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each

Administrative Claim that is the subject of the Thirty-Seventh Omnibus Claims Objection.  Any

stay of this order shall apply only to the contested matter which involves such Administrative

Claim and shall not act to stay the applicability or finality of this order with respect to the other

contested matters covered hereby.

       13.    Kurtzman Carson Consultants LLC is hereby directed to serve this order,

including exhibits, in accordance with the Supplemental Case Management Order.

Dated: White Plains, New York
      December 2, 2009


                    /s/Robert D. Drain
                    UNITED STATES BANKRUPTCY JUDGE

In re Delphi Corporation, et al.                                    **Thirty-Seventh Omnibus Claims Objection**
Case No. 05-44481 (RDD)

## EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS

| CREDITOR'S NAME AND ADDRESS * | CLAIM NUMBER | ASSERTED CLAIM AMOUNT ** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| HILLERT PAUL G | 18697 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>UNL<br><br>UNL | 07/14/2009 | DELPHI CORPORATION (05-44481) |
| IRENE M COLLINS | 17021 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>UNL<br><br>UNL | 06/29/2009 | DELPHI CORPORATION (05-44481) |
| JACELYN R SOBEK | 17132 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$644.00<br><br>$644.00 | 07/01/2009 | DELPHI CORPORATION (05-44481) |
| JACK GASTON | 18365 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>UNL<br><br>UNL | 07/13/2009 | DELPHI CORPORATION (05-44481) |
| JAMES A SPENCER | 19014 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>UNL<br><br>UNL | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| JAMES B SUMPTER | 18621 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$62,524.08<br><br>$62,524.08 | 07/14/2009 | DELPHI CORPORATION (05-44481) |
| JAMES B SUMPTER | 18620 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$97,788.00<br><br>$97,788.00 | 07/14/2009 | DELPHI CORPORATION (05-44481) |
| JAMES D NEWTON JR | 16888 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$487,200.00<br><br>$487,200.00 | 06/26/2009 | DELPHI CORPORATION (05-44481) |

\*     The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*    "UNL" denotes an unliquidated claim.

In re: Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Thirty-Seventh Omnibus Claims Objection

Exhibit I - Claimants And Related Administrative Claims Subject To Thirty-Seventh Omnibus Claims Objection

| Claim Holder | Claim | Exhibit |
|---|---|---|
| JACK GASTON | 18365 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JACQUELINE STURDIVANT DONALD | 16998 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAMES A BRUNER | 18235 | EXHIBIT G - DUPLICATE CLAIMS |
| JAMES A JESSUP | 18420 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAMES A KANE | 17551 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAMES A LUECKE | 17081 | EXHIBIT H-4 - ADJOURNED PENSION, BENEFIT, AND OPEB CLAIMS |
| JAMES A OCONNOR | 19383 | EXHIBIT D - UNTIMELY CLAIMS |
| JAMES A SPENCER | 19014 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JAMES B SUMPTER | 18620 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JAMES B SUMPTER | 18621 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JAMES C GRIFFIN | 17855 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAMES C VENABLE | 19306 | EXHIBIT D - UNTIMELY CLAIMS |
| JAMES D NEWTON JR | 16888 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JAMES E FORBES | 17488 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAMES E STEFFAN | 18529 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JAMES EDLINGER | 18343 | EXHIBIT C - BOOKS AND RECORDS CLAIMS |
| JAMES H BOARDMAN | 16873 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JAMES L NIEMAN | 19468 | EXHIBIT D - UNTIMELY CLAIMS |
| JAMES L ODOM | 17559 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAMES M BURKE | 17207 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAMES M TRACY | 17214 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAMES R BUCZKOWSKI | 18128 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAMES R DAVIS | 17219 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAMES R HUBENTHAL | 17804 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAMES ROBERT IMOEHL | 17117 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JAMES ROBERT IMOEHL | 17118 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JAMES T CARNEY | 17203 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JAMES W DICICCIO | 17842 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAMES WEBB JR | 19375 | EXHIBIT D - UNTIMELY CLAIMS |
| JAMIE L FERGUSON | 18034 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAN A SULLIVAN | 17185 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JANE E HAGBERG | 18476 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JANE HAGBERG | 18889 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JANET GILL | 17538 | EXHIBIT C - BOOKS AND RECORDS CLAIMS |
| JANET S MCCORMICK | 19411 | EXHIBIT D - UNTIMELY CLAIMS |
| JANICE ANN FORKNER | 18190 | EXHIBIT B - EQUITY INTERESTS |
| JAY ADAMS | 17497 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JEANIE RUNNING | 19400 | EXHIBIT D - UNTIMELY CLAIMS |
| JEFFREY A GARDINER | 17826 | EXHIBIT E - PAID SEVERANCE CLAIMS |

05-44481-rdd Doc 22040 Filed 04/05/13 Entered 04/05/13 17:24:30 Exhibit 4
Pg 1 of 166

# EXHIBIT 4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2013 MAR -4  PM 2:19

SOUTHERN DIST.
OF INDIAN
LAURA A. BRIG

James B. Sumpter,  )
                   )
           Plaintiff,  )
                   )
vs.  )     Cause No.
                   )
Delphi Automotive Systems (Holding), Inc.  )
   fka/ Delphi Automotive Systems),  )   **1: 1 3 -cv- 0 3 4 7 TWP -DKL**
           Defendant.  )
                   )
vs.  )
                   )
Delphi Automotive Systems Life  )
   & Disability Benefits Program,  )
                   )
           Defendant.  )
                   )
vs.  )
                   )
Metlife Group, Inc,  )
           Defendant.  )

## ERISA BENEFIT DENIAL COMPLAINT

Plaintiff brings a complaint against defendants, Delphi Automotive Systems Life
& Disability Benefits Program, DPH Holdings and Metropolitan Life Insurance Company
for denial of Disability Life Insurance Benefit, for failure to follow ERISA claim
procedure, for failure to meet ERISA notification requirements and breach of fiduciary
duties as set forth below.

Plaintiff  **DOES NOT** demand a jury trial.

# I.   PARTIES

James B. Sumpter
21169 Westbay Circle                    Plaintiff
Noblesville, IN  46062

Phone     317-877-0736
E-mail    jsump@ieee.org


Delphi Automotive Systems (Holding), Inc.  (DPHH)
 (fka / Delphi Automotive Systems)
5725 Delphi Drive,
Troy, MI 48098.

Delphi Life & Disability Benefits Program
**(The PLAN)**                          Defendants
c/o DPH Holdings
    5725 Delphi Drive,
    Troy, MI 48098.

Metlife Group, Inc
 (Met Life)
One Madison Avenue
New York, New York 10010-3690


# II. JURISDICTION AND VENUE

1.     This complaint is brought pursuant to:

The Employee Retirement Income Security Act ("ERISA") of 1974 (**29 U.S.C § 1001 et
seq.**), and jurisdiction is based on **29 U.S.C. § 1132(e)**, and **28 U.S.C. §1331.**


2.     Plaintiff, James B. Sumpter, is a resident of Hamilton County, Indiana and

2

a citizen of the United States of America. Plaintiff was employed at Delphi Automotive Systems (Delphi), whose successor DPH Holdings, a national corporation, continues to operate a facility in Kokomo, Indiana. Therefore, the venue is appropriate pursuant to **29 USC 1132(e)(2).**

## III. BACKGROUND

**3.** Prior to his disability, Plaintiff was a salaried Electrical Engineer for Delphi in Kokomo Indiana, whose pay grade was that of Senior Systems Engineer and as such assumed positions of increasing responsibility and influence throughout his career, with his last position being that of Product Line Architect.

**4.** Plaintiff became disabled on December 8, 2000, and was retired on permanent long term disability on July 1, 2002.

**5.** Because his tenure with Delphi was less that ten years, plaintiff continuously purchased the Supplemental Extended Disability Benefit (SEDB), which included the feature that permitted Plaintiff to elect an early payout of his basic life insurance (Disability Life Insurance).

**6.** Plaintiff has elected to receive the Disability Life Insurance payout, but has been wrongly denied the benefit by the Defendants.

3

# IV. STATEMENT OF LEGAL CLAIM

## First Cause of Action

For Failure To Pay Disability Life Insurance Benefit

(Against The PLAN, DPHH and Met Life)

7. Pursuant to **29 USC § 1132(a)(1)(B), and 29 USC § 1132 (d)** Plaintiff now comes seeking relief from this Court for the payment of the Disability Life Insurance Payout, which is a benefit option afforded **PLAN** participants receiving SEDB benefits.

8. The Benefit amount is **$ 100,000.**

WHEREFORE Plaintiff demands judgment against The PLAN, DPHH and Met Life jointly and severally for the following relief:

    **a.** Payment ,to the Plaintiff, the Disability Life Insurance benefit of **$100,000**;

    **b.** All cost and legal expenses that Plaintiff has incurred and;

    **c.** Such other relief as this Court deems appropriate and just.

## Second Cause of Action

For Failure To Meet ERISA Noticing Requirement For Distribution Of Summary Plan Description (SPD)

(Against DPHH, successor to Delphi Automotive Systems)

9. Plaintiff seeks appropriate equitable relief pursuant to **29 USC § 1132(a)(3)(B)(i), 29 USC §1024(b),** and **29 CFR 2520.104b-2.** The Plan Administrator (Delphi/ DPHH) failed to provide the 1996 SPD for the period between July, 30 1997

and November 5, 2009 ( **4463 days**).  This failure, in conjunction with the denial of

Plaintiffs claim, is a continuing violation, which was discovered during the Plaintiffs

appeal of the denial, by the Defendants, of his Disability Life Insurance benefit.

WHEREFORE Plaintiff demands judgment against DPHH  for the following

relief:

      **a.** Payment of Plaintiff's Disability Life Insurance benefit;

      **b.** All cost and legal expenses that Plaintiff has incurred;

      **c.** Payment, by Defendants, of any statutory penalties and;

      **d.** Such other relief as this Court deems appropriate and just.

## Third Cause of Action

For Failure to Meet ERISA Noticing Requirement for Distribution of
Summary of Material Modification (SMM)
(Against DPHH, successor to Delphi Automotive)

    **10.**    Plaintiff seeks appropriate equitable relief pursuant to **29 USC §**

**1132(a)(3)(B)(i), 29 USC §1024(b)** and **29 CFR 2520.104b-3**.  The Plan Administrator

(Delphi/DPHH) failed to  provide the Summary of Material Modification for the period

between July, 30 1995 and November 5, 2009 ( **5213 days**).  This failure, in conjunction

with the denial of Plaintiffs claim, is a continuing violation, which was discovered

during the Plaintiffs appeal of the denial, by the Defendants, of his Disability Life

Insurance benefit.

5

WHEREFORE Plaintiff demands judgment against DPHH for the following

relief:

    **a.** Payment of Plaintiff's Disability Life Insurance benefit;

    **b.** All cost and legal expenses that Plaintiff has incurred;

    **c.** Payment by Defendants of any statutory penalties and;

    **d.** Such other relief as this Court deems appropriate and just.


### Fourth Cause of Action

For Failure To Meet ERISA Claim Procedure Noticing Requirements

(Against Met Life and DPHH)

    **11.** Pursuant to **29 USC § 1132(a)(3)(B)(i)**, Plaintiff also seeks such equitable

and/or remedial relief as the Court may deem appropriate, for Met Life's, as the PLAN's

Life Insurance Fiduciary and Benefit Administrator, failure to meet the noticing

requirements for disability claims pursuant to **29 CFR 2560 (f)(3)** and **65 FR at 70247,**

**n.4,** which specifies a maximum of 45 days to respond to a request for review of an

adverse decision regarding a claim for disability benefits. Met Life, as benefit

administrator and/ or as agent of DPHH, failed to provide a timely response to:

    **a.** Plaintiff's first appeal of its adverse decision - July 31, 2009 to October

    18, 2009 **(74 days)**.


WHEREFORE Plaintiff demands judgment against Met Life and DPHH,

jointly and severally, for the following relief:

b. Payment of Plaintiff's Disability Life Insurance benefit;

c. Payment of all cost and legal expenses that Plaintiff has incurred

d. Payment of any statutory penalties and;

e. Such other relief as this Court deems appropriate and just;

## Fifth Cause of Action

For Failure To Meet ERISA Claim Procedure Requirements And The Resulting Breach Of Fiduciary Duty

(Against Met Life)

12.     Plaintiff seeks appropriate equitable relief pursuant to **29 USC § 1132(a)(3)(B)(i) and 29 USC 1109(a)** due to the benefit administrator and Life Insurance Fiduciary , Met Life's, violation of **29 USC 1133** and **29 CFR 2560.503-1(b)(3),** thereby breaching its fiduciary duty, pursuant to **29 USC 1104(a),** when it imposed an unreasonable claim procedure, which:

a. Sought to make a disability determination already made by **The PLAN**, since the Plaintiff has been determined to be permanently disabled since December 8, 2000 and has been on disability retirement since July 1, 2002 and;

b. Required the plaintiff to follow a claim procedure, which caused the Plaintiff to have to pay his treating Physician to complete the disability section of the Met Life claim form.

WHEREFORE Plaintiff demands judgment against Met Life, for the following relief:

7

c. Payment of Plaintiff's Disability Life Insurance benefit;

d. Payment of any statutory penalties;

e. All cost and legal expenses that Plaintiff has incurred and;

f. Such other equitable and/or remedial relief as this Court deems appropriate and just;

## Sixth Cause of Action
For Breach of Fiduciary Duty
(Against DPHH)

13.     Plaintiff seeks appropriate equitable relief pursuant to **29 USC § 1132(a)(3)(B)(i)** and **29 USC 1109(a)** for **PLAN** Administrator and Fiduciary (DPHH ) breaching its fiduciary duty, pursuant to **29 USC 1104(a)** when:

a. It failed to provide a full and fair appeal process, regarding the SEDB Life Insurance payout (which is a disability benefit), by refusing to provide a second level of appeal pursuant to **29 USC 1133, 29 CFR 2560.503-1(d) and (h) and 65 FR at 70247, n.4;**

b. It failed to distribute the 1996 Summary Plan Description (**See the Second Cause of Action**);

c. It failed to distribute the Summary Of Material Modification, related to disability life insurance payout (**See the Third Cause of Action**);

d. It failed, pursuant to **29 USC 1105(a)**, by permitting Met life to institute an unreasonable claims procedure, relative to the Disability Life Insurance Payout (**See Fifth Cause of Action**).

8

WHEREFORE Plaintiff demands judgment against DPHH for the following relief:

    **e.** Payment of Plaintiff's Disability Life Insurance benefit;

    **f.** Payment of any statutory penalties;

    **g.** All cost and legal expenses that Plaintiff has incurred and;

    **h.** Such other equitable and/or remedial relief as this Court deems appropriate and just;

## V. FACTS IN SUPPORT OF COMPLAINT

    **14.** Plaintiff was hired as a Senior Systems Engineer by Delco Electronics, a division of General Motors(GM) on February 5, 1991.

    **15.** Plaintiff was a participant in the Delphi Life & Disability Benefits Program, who during year 2000, and the years prior to his disability, had purchased the Supplemental Extended Disability Benefit (**SEDB**) from the Delphi Life & Disability Benefits Program (**The PLAN**).

    **16.** Delco Electronics was spun off, from GM, as a part of Delphi Automotive Systems, on January 1, 1999.

    **17.** At the time of the GM spin off, Plaintiff and other salaried employees were told to continue to use GM Benefit Plan documentation.

    **18.** From the date of Plaintiff's original enrollment in **The PLAN**, through the Delphi spin off, through the course of the Plaintiff's continuing disability, until October

9

18, 2009, no Summary Plan Description, other than the GM SPD (**Your GM Benefits – March 1992**), had been distributed.

19.     From the date of Plaintiff's original enrollment in **The PLAN**, through the course of the Plaintiff's continuing disability, until November 5, 2009, no Summary of Material Modification (SMM) regarding SEDB benefits was ever issued.

20.     Plaintiff was a participant in the Delphi Life & Disability Benefits Program Plan, who during the years prior to his disability had purchased the Supplemental Extended Disability Benefit (**SEDB**) from the Delphi Life & Disability Benefits Program (**The PLAN**).

21.     The Plan sponsor is DPH Holdings (DPHH-fka/ Delphi Automotive Systems)

22.     **The PLAN** Administrator is DPH Holdings

23.     **The PLAN** Fiduciary is DPH Holdings

24.     The Benefit Administrator is Met Life.

25.     The life insurance benefit Fiduciary is Met Life.

26.     The life insurance carrier is Met Life.

27.     Plaintiff became permanently disabled on December 8, 2000, after being employed for 9 years and 10 months.

28.     The Plaintiff was employed for less than ten years and therefore was eligible for the **SEDB** Benefit, which included the option for the Disability Life Insurance payout..

29.     Plaintiff Disability benefits are determined based on the commencement date of disability (according to SPD).

10

30.  Plaintiff contends that the SPD in effect, at the commencement of his disability, is the GM SPD (**Your GM Benefits – March 1992**), since that is the only SPD distributed from the beginning of his employment and through the subsequent spin-off of Delphi, until the December 2001 - Delphi Automotive Systems Summary Plan Description (**Your Delphi Benefits**).

31.  The 1996 SPD provided to the Plaintiff, during the appeal process (November 5, 2009) was not widely distributed.

32.  The Spun-off Delphi distributed its first SPD in December 2001, which for the purposes of determining disability benefits, was not applicable to the Plaintiff, pursuant to **The PLAN**'s rules.

33.  The Plaintiff made his original inquiry regarding the SEDB life insurance payout in December 2003.

34.  The Plaintiff submitted his **original** request for the SEDB Life Insurance Payout on January 10, 2004.

35.  The benefit administrator, Met Life, responded by sending, to Plaintiff, a form for **"Early Payout to the Terminally Ill"**, an incorrect form.

36.  There was no follow-up by the benefit administrator.

37.  The Plaintiff resubmitted his request for the SEDB Life Insurance Payout on March 12, 2009.

38.  The Benefit Administrator and Life Insurance Fiduciary, Met Life, denied Plaintiff's application for benefits on June 3, 2009

39.  The plaintiff appealed the decision denying his SEDB Life Insurance Benefit on July 31, 2009.

11

40.   Met Life, the Benefit Administrator and Life Insurance Fiduciary, wrongly denied the Plaintiff's appeal on March 20, 2010.

41.   The Plaintiff appealed the second denial to **The PLAN**'s Employee Benefit Plans Committee (EBPC) on April 14, 2010.

42.   The EBPC refused to review the prior adverse ruling, which is in direct conflict with **29 CFR 2560.503-1(d)**, thereby wrongly denying Plaintiff an impartial review and his Disability Life Insurance Payout. The refusal letter was received on May 10, 2010.

43.   Plaintiff exhausted **The PLAN**'s Extended Disability Benefit (EDB) and began receiving SEDB monthly benefits on October 15, 2010.

44.   Pursuant to the GM 1992 SPD, Plaintiff was eligible to begin receiving SEDB life insurance payments of $4890 per month, beginning on October 15, 2010, with them continuing until a total of $100,000 had been paid (about July, 2012).

45.   Met Life stated in its final ruling and during the course of its second review that the SEDB Life Insurance payout had been eliminated in the 1994 Benefits Enrollment Document and the (undistributed) 1996 SPD, respectively.

46.   However, The Plan Administrator (Delphi) failed to issue an SMM or an SPD as required by **29 USC 1024(b)**.

47.   The 1994 Benefit Enrollment Document is an inadequate and improper notification of the SEDB benefit change for the following reasons:

    **a.** The enrollment document change, regarding the SEDB Life Insurance Payout, was not included in the SEDB section of the enrollment document.

12

**b.** The "What's Important for 1994" section of the enrollment booklet makes no reference to a change in the SEDB program, although it referenced other changes in benefit programs.

**c.** The nature of the "Easy Enrollment Process" eliminated the need to read most of the benefit book, in particular, the section that contained the change to SEDB life insurance payout, if no change was being made to the employee benefit selection.

**d.** The Plaintiff made no changes in his benefits selections among the benefit years of 1993, 1994 and 1995.

**e.** The enrollment document does not meet the statutory standards for an SPD or an SMM.

**f.** The cover of the enrollment document plainly states that "*plan documents have the final word over any oral or written statements*". Thus, the enrollment document, as a written statement, is subordinate to the 1992 SPD, which was the last SPD to be distributed prior to 2001.

**48.** Thus, Defendants have wrongly denied Plaintiff's request for his Disability Life Insurance payout.

**49.** The Plaintiff has exhausted all administrative remedies and procedures made available to him by the Defendants.

13

# VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests this Court to:

50.     Exercise jurisdiction in this case and award to Plaintiff payment of the SEDB life insurance benefit of **$ 100,000**, to which he is entitled;

51.     Award payment of any statutory penalties;

52.     Award to Plaintiff all cost and legal expenses that Plaintiff has incurred;

53.     Award to Plaintiff all appropriate pre-judgment and post-judgment interest and;

54.     Award to Plaintiff such other equitable and/or remedial relief that the Court deems appropriate and just.

# VII. SIGNATURE

Signed this ___4th___ day of _____March_____, 2013

By: _James B. Sumpter_
James B. Sumpter, pro se
Plaintiff

James B. Sumpter, pro se
21169 Westbay Circle
Noblesville, IN  46062

Phone     317-877-0736
Fax        317-877-1070
E-mail    jsump@ieee.org

14

05-44481-rdd  Doc 22040-5  Filed 04/05/13  Entered 04/05/13 17:24:30  Exhibit 5
Pg 1 of 6

# EXHIBIT 5

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                     :

        In re                            :        Chapter 11

                                       :

DELPHI CORPORATION, et al.,        :        Case No. 05-44481 (RDD)

                                     :

                  Debtors.    :        (Jointly Administered)

                                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## AFFIDAVIT OF SERVICE

     I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

     On or before October 9, 2009, I caused to be served the document listed below upon the parties listed on Exhibit A hereto via postage pre-paid U.S. mail:

     Notice of (A) Order Approving Modifications to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affilicates, Debtors and Debtors-in-Possession and (B) Occurrence of Effective Date (Docket No. 18958)

     On or before October 13, 2009,  I caused to be served the appropriate number of copies of the document listed below (i) upon the service list attached hereto as Exhibit B, for subsequent distribution to beneficial holders of Common Stock, CUSIP 172737 10 8; 6 ½% Notes due 2009, CUSIP 247126 AB 1; 7 1/8% Notes due 2029, CUSIP 247126 AC 9; 6.55% Notes due 2006, CUSIP 247126 AD 7; 6.50% Notes due 2013, CUSIP 247126 AE 5; 8 ¼% Adjustable Rate Subordinated Note due 2033, CUSIP 247126 AF 2; and 6.197% Junior Subordinated Note due 2033, CUSIP 247126 AG 0, via Overnight mail and hand delivery; (ii) upon the parties set forth on Exhibit C via postage pre-paid U.S. Mail; (iii) upon the registered holders of Common Stock listed on Exhibit D, provided by Computershare as transfer agent, via postage pre-paid U.S. Mail; and (iv) upon the service list attached hereto as Exhibit E via Electronic mail.

     Notice of (A) Order Approving Modifications to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affilicates, Debtors and Debtors-in-Possession and (B) Occurrence of Effective Date (Docket No. 18958)



0544481091015000000000001

Dated: October 14, 2009

*/s/ Evan Gershbein*
Evan Gershbein

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 14th day of October, 2009, by
Evan Gershbein, proved to me on the basis of satisfactory evidence to be the person who
appeared before me.

Signature: */s/ Shannon J. Spencer*

Commission Expires: *6/20/10*

Delphi Corporation
Creditor Matrix

| CreditorNoticeName | Address | Address2 | Address3 | Address4 | City | State | Country |
|---|---|---|---|---|---|---|---|
| JAMAICA MINIATURE BEARING | 320 CAMARILLO RANCH RD | | | | CAMARILLO | CA | |
| JAMAICA TOURS UNLIMITED | 1207 PROVIDENCE IRONSHORE | MONTEGO BAY ST JAMES | | | JAMAICA W | | JAMAICA |
| JAMAICA TOURS UNLIMITED | PO BOX 207 | MONTEGO BAY ST JAMES | | | JAMAICA W | | JAMAICA |
| JAMAK FABRICATION EUROPE LTD | OAK HILL INDUSTRIAL ESTATE | | | | MANCHESTER | GB | GB |
| JAMAK FABRICATION EUROPE LTD | STONECLOUGH RD RADCLIFFE | M26 1GG MANCHESTER | | | GREAT BRITAIN | | UNITED KINGDOM |
| JAMAK FABRICATION EUROPE LTD | UNITS H1 & H2 EUROPA TRADE EST | STONECLOUGH RD | | | RADCLIFFE MANCHESTE | | UNITED KINGDOM |
| JAMAK FABRICATION INC | 1401 N BOWIE DR | | | | WEATHERFORD | TX | |
| JAMAK FABRICATION INC | PORTER SEAL CO | 1401 N BOWIE | | | WEATHERFORD | TX | |
| JAMAK FABRICATION INC | 1401 N BOWIE DR | | | | WEATHERFORD | TX | |
| JAMAK FABRICATION INC EFT | 1401 N BOWIE DR | | | | WEATHERFORD | TX | |
| JAMAK FABRICATION INC EFT | PO BOX DALLAS | | | | DALLAS | TX | |
| JAMAK FABRICATION TEX LLC | 1401 N BOWIE DR | | | | WEATHERFORD | TX | |
| JAMAK FABRICATION-TEX LTD | JAMAK HEALTHCARE | 1401 N BOWIE DR | | | WEATHERFORD | TX | |
| JAMAX CORPORATION | PO BOX 10219 | | | | TERRE HAUTE | IN | |
| JAMBO ELECTRONICS CORP | 07 8TH ST SW | | | | AUBURN | WA | |
| JAMCO ELECTRONICS COMP | 1355 SHOREWAY RD | | | | BELMONT | CA | |
| JAMECO ELECTRONICS | 1355 SHOREWAY RD | | | | BELMONT | CA | |
| JAMECO ELECTRONICS | PO BOX 822 | PO BOX 822 | | | BELMONT | CA | |
| JAMECO ELECTRONICS | DIV OF ARNDT ELECTRONICS | | | | BELMONT | CA | |
| JAMES JEAN PIERRE INC | 2175 WEST MORLEANS | | | | GRAND BLANC | PQ | CANADA |
| ANDERSON CATHY EBEL | 11 WALNUT DR | | | | ALISO VIEJO | CA | |
| JAMERISON GARY O | 2261 COLLINS LN | | | | SODDY DAISY | TN | |
| JAMERSON RICKY | 1472 WAGON WHEEL LN | | | | GRAND BLANC | MI | |
| JAMES & CHARLOTTE HICKS | PO BOX 611 | | | | SPRINGPORT | MI | |
| JAMES & WEAVER INC | 22 WEST WOOD ST | | | | YOUNGSTOWN | OH | |
| JAMES & WEAVER INC | 22 W WOOD ST | | | | YOUNGSTOWN | OH | |
| JAMES A ABBOTT | ACCT OF CURTIS NEWELL | CASE 96 MH 026571 LT | | | HAZEL PK | MI | |
| JAMES A ABBOTT | CASE 96MH 02651 LT | PO BOX 685 | | | HAZEL PK | MI | |
| JAMES A BAKER | 8766 HALL THOMAS HWY | | | | MADISON | AL | |
| JAMES A BARKER | 4793 SHOOT RD | | | | PITTSFIELD | NY | |
| JAMES AD | 1607T ARLINGTON RD | | | | ATHENS | AL | |
| JAMES A FINK | 121 W WASHINGTON ST | | | | ANN ARBOR | MI | |
| JAMES A FLEMING | 1938 NORTHVALE DR | | | | KETTERING | OH | |
| JAMES A JESSUP | 237 KIRK RD | | | | ROCHESTER | NY | |
| JAMES A KANER | 125 KILTELYDE RD | | | | NILES | OH | |
| JAMES A LUEDKE | 3945 W COLLEGE AVE | | | | MILWAUKEE | WI | |
| JAMES A MONTALVO | 2942 EAGLE COURT | | | | NEW BRUNSWICK | NJ | |
| JAMES A O CONNOR | 3869 FEATHER HEIGHTS CT | | | | ROCHESTER | MI | |
| JAMES A O CONNOR | 4926 MKES DR | | | | CASEVILLE | MI | |
| JAMES A OCONNOR | 4926 MKES DR | | | | CASEVILLE | MI | |
| JAMES A PRINCE | PO BOX 430 | | | | ALASKA | OH | |
| JAMES AARON | PO BOX 10401 | | | | JACKSON | MS | |
| JAMES ALDRICK | 2701 LEWIS MEL RD | | | | CALEDONIA | MI | |
| JAMES ANDRONDA | 4768 S 20th W | | | | KOKOMO | IN | |
| JAMES AIR CARGO INC | 10739 SHELDON RD | | | | CLEVELAND | OH | |
| JAMES AIR CARGO INC | PO BOX 102 | | | | CLEVELAND | OH | |
| JAMES AL KAWAN | 7 SO TALLMADGE ST | | | | NEW BRUNSWICK | NJ | |
| JAMES AL KAWAN | 7 SOUTH TALLMADGE ST | | | | NEW BRUNSWICK | NJ | |
| JAMES ALAN KLENK | PO BOX A 303 | | | | DAYTON | OH | |
| JAMES AMELIA F | 22 WEST WOOD ST | | | | WINDOW ROCK | OH | |
| JAMES ANDERSON & ASSOC INC | PO BOX 26125 | | | | LANSING | MI | |
| JAMES ANDERSON & ASSOCIATES | 2123 UNIVERSITY PK DR ST 130 | | | | OKEMOS | MI | |
| JAMES ANDERSON & ASSOCIATES INC | PO BOX 26113 | | | | LANSING | MI | |
| JAMES ANDERSON AND ASSOCIATES INC | PO BOX 23131 | | | | OKEMOS | MI | |
| JAMES ANGELA R | 1202 CHESTNUT ST | | | | VICKSBURG | MS | |
| JAMES ANGLE W | PO BOX 124 | | | | FORT DEFIANCE | AZ | |
| JAMES ASHCRAFT | ONE VIRGINIA AVE STE 600 | | | | INDIANAPOLIS | IN | |
| JAMES B SUMPTER | 21189 WESTBAY DR | | | | NOBLESVILLE | IN | |
| JAMES B ZELLEN | 39020 WOODWARD STE 205 | 1520 N WOODWARD STE 205 | | | BLOOMFIELD HLS | MI | |
| JAMES B ZELLEN | ACCT OF GLENN W JETT | CASE 105237 | 1520 N WOODWARD STE 205 | | BLOOMFIELD H & S | MI | |
| JAMES B ZELLEN ACCT OF GLENN W JETT | ACCT OF GLENN W JETT | 1520 N WOODWARD STE 205 | | | BLOOMFIELD H & S | MI | |
| JAMES BABCOCK INC | 2920 N NEWTON CENTER PL | | | | INDIANAPOLIS | IN | |
| JAMES BOOTH | 6503 BAY ST PK BOX 705 | | | | RICHMOND CITY | IN | |
| JAMES BARKER | 20 NEW HAMPSHIRE | | | | IRVINE | CA | |
| JAMES BELINDA | PO BOX 60992 | | | | DAYTON | OH | |
| JAMES BELINDA | 5578 HOWARD ST | | | | WOODS FALLS | MI | |
| JAMES BOBBY | 297 HOWARD ST | | | | NEW BRUNSWICK | NJ | |
| JAMES BONE CHAP 13 TRUSTEE | ACCT OF CHARLES E HARRELL | CASE A03 69601 SWC | | | ATLANTA | GA | |
| JAMES BONE CHAP 13 TRUSTEE ACCT OF CHARLES | CASE A03 69601 SWC | 100 PEACHTREE ST NW STE 1100 | | | ATLANTA | GA | |
| JAMES BONE TRUSTEE | 100 PEACHTREE ST STE 1100 | 100 PEACHTREE ST NW | STE 1100 | | ATLANTA | GA | |
| JAMES BOOTH BURR JR | 441 CHERRY ST SE | | | | GRAND RAPIDS | MI | |
| JAMES BOTTEMA TRUSTEE OF WILMA BOTTEMA IRR TRUST | 1442 BURTON ST SW | | | | WYOMING | MI | |
| JAMES BOTTEMA TRUSTEE OF WILMA BOTTEMA IRR TRUST | CAROLE D BOS BRADLEY K GLAZER | 960 MONROE AVE NW | | | GRAND RAPIDS | MI | |
| JAMES BOS & GLAZER | 1999 DILLWAGON | | | | BELLWAGON | MI | |
| JAMES BRUCE | 2266 E SOUTHWAY BLVD | | | | KOKOMO | IN | |
| JAMES BUILD TRACKING CO | 660 LOTTRIDGE ST | | | | KOKOMO HEIGHTS | MI | |
| JAMES C BAGGETT JR MD | PO BOX 666 | | | | MAGNOLIA SPRINGS | AL | |
| JAMES C BAKER | 603 BAY ST | PO BOX 705 | | | TRAVERSE CITY | MI | |

Page 1584 of 3468

Delphi Corporation
Creditor Matrix

| CreditorName | OriginationName | Address | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| SUMMIT POLYMER | SHARON WILLIAMS | 4000 TOWN CTR 1250 | | | | SOUTHFIELD | MI | 48075 | |
| SUMMIT POLYMERS INC | | 1211 PROGRESS ST | | | | STURGIS | MI | 49091 | |
| SUMMIT POLYMERS INC | | 13101 N COMMERCE DR | | | | DEARBORN | MI | 48120 | |
| SUMMIT POLYMERS INC | | 160 CLARENCE DR | | | | MOUNT STERLING | KY | 40353 | |
| SUMMIT POLYMERS INC | | 4402 AUSTIN RD | | | | BROWNSVILLE | TX | 78521 | |
| SUMMIT POLYMERS INC | | 4750 EXECUTIVE DR | | | | PORTAGE | MI | 49002 | |
| SUMMIT POLYMERS INC | | 6700 SPRINKLE RD | | | | KALAMAZOO | MI | 49001 | |
| SUMMIT POLYMERS INC | | 6700 SPRINKLE RD | | | | KALAMAZOO | MI | 49001 | |
| SUMMIT POLYMERS INC | | 6715 SPRINKLE RD | | | | KALAMAZOO | MI | 49002 | |
| SUMMIT POLYMERS INC | | 6715 S SPRINKLE RD | | | | KALAMAZOO | MI | 49002 | |
| SUMMIT POLYMERS INC | | SUMMIT EAST | | 6717 S SPRINKLE RD | | PORTAGE | MI | 49002-9707 | |
| SUMMIT POLYMERS INC | | SUMMIT SOUTH PLANT | | 160 CLARENCE DR | | MOUNT STERLING | KY | 40353 | |
| SUMMIT POLYMERS INC | | TECHNICAL CTR | | 6715 SPRINKLE RD | | PORTAGE | MI | 49002 | |
| SUMMIT POLYMERS INC | | TECHNICAL CTR PLANT 1 | | 4750 EXECUTIVE RD | | PORTAGE | MI | 49002 | |
| SUMMIT POLYMERS INC | ACCOUNTS PAYABLE | AV PROGRESSO RD | | FRACC PARQUE IND DEL NTE | | MATAMOROS | | M87316 | MEXICO |
| SUMMIT POLYMERS INC | PATRICIA ASTUDILLO EXT134 | 6715 SPRINKLE RD | | | | PORTAGE | MI | 49002 | |
| SUMMIT POLYMERS INC | ROGER OUELLETTE | 6700 SPRINKLE RD | | | | KALAMAZOO | MI | 49002 | |
| SUMMIT POLYMERS INC EFT | | 6700 SPRINKLE RD | | | | KALAMAZOO | MI | 49001 | |
| SUMMIT POLYMERS INC EFT | | 4750 EXECUTIVE DR | | | | PORTAGE | MI | 49002 | |
| SUMMIT RADIO EQUIPMENT | | PO BOX 909 | | | | AKRON | OH | 44309-0909 | |
| SUMMIT REAL ESTATE INVESTMENT | | | | | | | | | |
| TRUST ROY COM SUMMIT REIT BY | | TRUST ROY COM ADVISORS C/O CARTER AS | 408 N REID ST STE 160 | | | | TAMPA | FL | 33609 | |
| COM SUMMIT REIT BY | | ROY COM ADVISORS ATTN A NELSON | | | | | | | |
| SUMMIT SPECIALTY CHEMICALS COR | | 1 PIER PLAZA WITH L | 5411 BEAUMONT CTR STE 785 | | | | TAMPA | FL | 33634 | |
| SUMMIT SPECIALTY CHEMICALS COR | | 1 PIER PLAZA | | | | FORT LEE | NJ | 07024 | |
| SUMMIT SPECIALTY CHEMICALS EFT | | INC | 385 CTRVILLE RD | | | | WARWICK | RI | 02886 | |
| SUMMIT TECHNICAL SERVICES INC | | INC | 385 CTRVILLE RD | | | | WARWICK | RI | 02886 | |
| SUMMIT TECHNICAL SERVICES INC | | PO BOX 845149 | | | | BOSTON | MA | 02284-5149 | |
| SUMMIT TECHNICAL SERVICES INC | | SUMMIT NATIONAL DIV | 15 BRANT REE-HILL PK STE 109 | | | | BRAINTREE | MA | 02184 | |
| SUMMIT TECHNOLOGIES | | 295 BONYAN AVE | | | | BERTHOUD | CO | 80513 | |
| SUMMIT TECHNOLOGIES | JOE TOOKO | 295 BUNYAN AVE | | | | BERTHOUD | CO | 80513-1534 | |
| SUMMIT TEST SYSTEMS INC | | 1171 TENNY | | | | DEARBORN | MI | 48124 | |
| SUMMIT TRAINING SOURCE INC | | 28660 HORIZON DR SE | | | | GRAND RAPIDS | MI | 49546-7527 | |
| SUMMIT TRAINING SOURCE | | VALLEY OFFICE PK | | | | GRAND RAPIDS | MI | 49546 | |
| SUMMIT TRAINING SOURCE INC | | 4170 EMBASSY DR SE | | | | GRAND RAPIDS | MI | 49546 | |
| SUMMIT TRAINING SOURCE INC | | 4170 EMBASSY DR SE | | | | GRAND RAPIDS | MI | 49546 | |
| SUMMIT TRAINING SOURCE INC | | 2384 BRONSGATE DR | | | | RICHMOND | | 23233 | |
| SUMMIT ORTHOPEDICS LTD | | D B A MINNESOTA OCCUPATIONAL | 1661 SAINT ANTHONY | | | | SAINT PAUL | MN | 55104 | |
| | | HEALTH | AVE | | | | | | |
| SUMMY HOPE | | 171 CLARY RD | | | | WAKEMAN | OH | 44889-9553 | |
| SUMNY WILLIAM | | 1171 CLARY RD | | | | WAKEMAN | OH | 44889-9553 | |
| SUMNER BRIAN | | 4464 FALCON DR | | | | KNOXVILLE | IN | 46544-1909 | |
| SUMNER BRUCE | | 675-74 MERIDIAN RD | | | | SHARPSVILLE | IN | 46068 | |
| SUMNER CHRIS | | 3601 TURKEY FOOT RD | | | | CLOVER SPRINGS | TN | 37090 | |
| SUMNER CO TN | | SUMNER COUNTY TRUSTEE | 355 BELVEDERE DR RM 107 | | | | GALLATIN | TN | 37066 | |
| SUMNER COUNTY TRUSTEE | | 355 BELVEDERE DR RM 107 | | | | GALLATIN | TN | 37066 | |
| SUMNER DANIEL | | 710 TURNBERRY RD | | | | FITZGERALD | GA | 31750 | |
| SUMNER JAMES | | 8175 N MASON RD | | | | WHEELER | MI | 48662-9742 | |
| SUMNER JANET | | 7123 BRIGHT TRAIL | ROOM 107 | | | | FITZGERALD | GA | 31750 | |
| SUMNER KENNETH | | 2718 BRIGHT TRL | | | | SUGAR LAND | TX | 77479 | |
| SUMNER RANDALL | | 2718 BRIGHT TRL | | | | SUGAR LAND | TX | 77479 | |
| SUMNER RANDALL | | 621 MCCARY RD | | | | NEW WILMINGTON | PA | 16142 | |
| SUMNER ROBERT | | 3101 MILL POND DR | | | | BELLBROOK | OH | 45305 | |
| SUMNER SANDRA | | 1411 S 100 E | | | | GREENTOWN | IN | 46936-9748 | |
| SUMNER STEPHEN | | 2700 DEMUR DR | | | | ANDERSON | IN | 46017-9664 | |
| SUMNER THOMAS M DBA THOMAS SU MNER RAIL | | | | | | | | | |
| SERVICE | | 217 EASTER LILY RD | | | | FITZGERALD | GA | 31750 | |
| SUMPTER RANDALL C | | RR3 LUCKEY RD | 507 MCCORMICK AVE | | | | LAPEER | MI | 48446 | |
| SUMPTER DOLORES | | 283 HEMPSTEAD DR | | | | SOMERSET | PA | 15501 | |
| SUMPTER DORY | | 4190-N W 2 N D AVE | | | | BOCA RATON | FL | 33431 | |
| SUMPTER JAMES B | | 21198 VESTHAY DR | | | | NOBLESVILLE | IN | 46060-9311 | |
| SUMPTER MELODY | | 8184 E 100 N | | | | GREENTOWN | IN | 46936 | |
| SUMPTER MELODY | | 8989 E 350 N | | | | GREENTOWN | IN | 46936 | |
| SUMPTER YVONNE L | | 9665 BRAY RD | | | | CLIO | MI | 48420-9779 | |
| SUMPTER BRENDA KENT | | 8184 E 100 N | | | | GREENTOWN | IN | 46936 | |
| SUMPTER MELODY A | | 215 MABEL AVE | | | | DAYTON | OH | 45404 | |
| SUMRAK ENTERPRISES | | 5050 WEST 81ST ST STE 300 | | | | INDIANAPOLIS | IN | 35431-4476 | |
| SUMRACK EQUIPMENT INC | | 5200 TOWN CTR CIR STE 470 | | | | BOCA RATON | FL | 33486-1086 | |
| SUMRALL CLARENCE | | 1880 GLOBE | | | | LIVONIA | MI | 48150-1133 | |
| SUMRALL MEDICAL SERVICES INC | | 1001 S WASHINGTON | | | | LANSING | MI | 48910-3440 | |
| SUMTER CTY DEPT OF HR | | PO BOX 310 | | | | LIVINGSTON | AL | 35470 | |
| SUN BELT CORP | | 8306 W BORA LN | | | | FAIRLAND | IN | 46126 | |
| SUN BELT COATING LLC | | 182 CORPORATE DR SW | | | | CLEVELAND | TN | 37311-6883 | |
| SUN BELT MACHINE INC | | 6521 ORCHARD STE 213 | | | | CHARLOTTE | NC | 28210-5333 | |
| SUN BELT RENTAL EQUIPMENT | | 81701 LILY DR | | | | PLAIN CITY | OH | 43064 | |
| SUN ENDMITH | | 215 MABEL AVE | | | | DAYTON | OH | 45405 | |
| SUN CAPITAL GROUP | | 5990 WEST 81ST STE 300 | | | | INDIANAPOLIS | IN | 46278 | |
| SUN CAPITAL PARTNERS INC | | 5200 TOWN CTR CIR STE 470 | | | | BOCA RATON | FL | 33486 | |
| SUN CHEMICAL CORP | | 1880 GLOBE | | | | LIVONIA | MI | 48150 | |
| SUN CHEMICAL CORP | | 3011 S WIXOM RD | 3011 S WIXOM RD | | | | WIXOM | MI | 48393-3440 | |
| SUN CHEMICAL CORP | | GENERAL PRINTING INK DIV | | | | WIXOM | MI | 48393-3440 | |
| SUN CHEMICAL CORP | | PO BOX 70623 | | | | CHICAGO | IL | 60673 | |
| SUN CHEMICAL CORP | | PO BOX 75623 | | | | CHICAGO | IL | 60690 | |
| CHEMICAL CORPORATION FRA US PRINTING INK | TREMONT CITY BARREL FILL PRP GROUP | SHARON A SALINAS DYKEMA GOSSEL | 10 S WASNER DR STE 2200 | | | | CHICAGO | IL | 60606 | |
| SUN CHEMICAL CORPORATION | | 35 WATERVIEW BLVD | | | | PARSIPPANY | NJ | 07054-1285 | |

Page 2963 of 3458

Delphi Corporation
Registered Holders

| NAME | NOTICE NAME | ADDRESS1 | ADDRESS2 | ADDRESS3 | ADDRESS4 | CITY AND STATE | ZIP | COUNTRY |
|---|---|---|---|---|---|---|---|---|
| JAMES SCOTT YASSICK | | 1782 SOMERFIELD LN | | | | CRYSTAL LAKE IL | 60014-2041 | |
| JAMES SEEVERS | | 2067 PARK AVE | | | | DYER IN | 46311 | |
| JAMES SEEVERS III | | 8251 COLUMBIA AVE | | | | DYER IN | 46311 | |
| JAMES SEPHERS III | | 19275 GEORGE WASHINGTON DR | | | | SOUTHFIELD MI | 48075 | |
| JAMES SERDANI JR | | 374 WESTBROOK DR | | | | HARLEYSVILLE PA | 19438-2389 | |
| JAMES SERL RITCHIE | | SUPERIOR NATIONAL BANK | 2830 E 2ND ST | | | SUPERIOR WI | 54880-3906 | |
| JAMES SETAS | | SETAS LGMA M | | | | EAST LANSING MI | 48823-3726 | |
| JAMES SETH | TR UA 12/06/83 | CUST BENJAMINS | 6361 PINE HOLLOW | | | MARTINEZ CA | 94553-2734 | |
| JAMES SETH A | NELLIE KATHERINE SETH | TR SETH FAMILY REVOCABLE TRUST | UA 09/15/95 | 639 ULFINIAN WAY | | MARTINEZ CA | 94553-4243 | |
| JAMES SEYTON | | 25 GRAYHAWK LANE | | | | LITTLE EGG HBR NJ | 08087 | |
| JAMES SHANAHAN | | 53-68-65TH PLACE | | | | MASPETH NY | 11378 | |
| JAMES SHARTZER POWELL | | 30 PICCADILLY CT | | | | SAN RAFAEL CA | 94903-4285 | |
| JAMES SHAW | LORETTA SHAW JT TEN | ROUTE 1 | | | | MCLEAN TX | 79057-9801 | |
| JAMES SHAW & | | 1141 HARRISON ST | | | | PHILADELPHIA PA | 19124-2807 | |
| JAMES SHAW SIBREE | | 1788 RIGLEY DR | | | | NORTH MERRICK NY | 11566-2524 | |
| JAMES SHELBY | | 1280 S JACKSON RD | | | | DENVER CO | 80210-7187 | |
| JAMES SIMANER JR | TR JAMES SIMANER JR REV | LIV TRUST UA 06/11/92 | 4912 LEESBURG | | | ORCHARD LAKE MI | 48323-2846 | |
| JAMES SIMMONS | TR | INTERVIVOS TRUST UA DTC | 03/03/71 FOR RUBY T WILLIAMS RR 3 BOX 232 | | | DALTON PA | 18414 | |
| JAMES SIMMONS ARMSTRONG | | 2400 VIRGINIA AVE NW C817 | | | | WASHINGTON DC | 20037-2625 | |
| JAMES SIMON & | JOSEPH ELIJAS RUSINOVICH JT TEN | 10901 WILSHIRE BLVD#1105 | | | | LOS ANGELES CA | 90024 | |
| JAMES SIMS | | 348 SOUTH CENTER ST | | | | ORANGE NJ | 07050-3392 | |
| JAMES SINN | | 65 GROVE OAK DR | | | | HUDSON OH | 44236-2297 | |
| JAMES SIRLS & | PATRICIA SIRLS JT TEN | 270 MAPLEWOOD | | | | STRUTHERS OH | 44471-1818 | |
| JAMES SIRLS & | PATRICIA SIRLS JT TEN | 270 KAPLEWOOD AVE | | | | STRUTHERS OH | 44471-1818 | |
| JAMES SLAYKO | | 5632 OAKRIDGE CT | | | | BRIGHTON MI | 48116-8889 | |
| JAMES SLOAN & | CAROL ANN SLOAN JT TEN | 6809 BLUEGRASS | | | | CLARKSTON MI | 48346-1403 | |
| JAMES SLOAN II | | 15 ROEBLING AVE | | | | BUFFALO NY | 14215-3815 | |
| JAMES SMITH | | PO BOX 456 | | | | WAXAHACHIE TX | 75168-0656 | |
| JAMES SMITH JR | | 15740 WYOMING ST | | | | DETROIT MI | 48238-1135 | |
| JAMES SNYDER | | 179 ARCTURUS STREET | | | | THOUSAND OAKS CA | 91360-3006 | |
| JAMES SOKOLOSKY & | JANET M SOKOLOSKY JT TEN | 45739 BROOKSIDE CT | | | | PLYMOUTH MI | 48170-3846 | |
| JAMES SORBI & | LINDA C SORBI JT TEN | 10100 CANYON COUNTRY RD | | | | RENO NV | 89521 | |
| JAMES SOUTHERN | | 29691 NEWPORT | | | | WARREN MI | 48093-8604 | |
| JAMES SPADOLA | | 51 COLLINS RD | | | | DANVILLE AL | 35619 | |
| JAMES SPATES | | 45465 DESCHOR STREET | | | | UTICA MI | 48317-5654 | |
| JAMES SPAK JR | | 1163 HOOSICK RD | | | | TROY NY | 12180-8998 | |
| JAMES SPANY | | 437 CHANDLER ROAD | | | | ROUTE 9 | 77270 | |
| JAMES ST ANDREW | | 129 ASHWOOD LANE | | | | MOORESVILLE NC | 28117 | |
| JAMES STASEVICH JR | | 29160 ORIOLE | | | | LIVONIA MI | 48154-4532 | |
| JAMES STENSON | TR UW JOHN S | DIVARIS | 2 COUNTRY ROAD WEST | | | HUNTINGTON BEACH FL | 34683 | |
| JAMES STENSON | | 11 DEER LANE | | | | GREENWICH CT | 06830-3802 | |
| JAMES STENSON | | PO BOX 2652 | | | | PAYSON AZ | 85547 | |
| JAMES STEPHEN ALSWORTH | | 5899 NW 191ST TER | | | | CLEARWATER FL | 33761 | |
| JAMES STEPHEN KINK | | 977 PINE ST | | | | SAN FRANCISCO CA | 94108-2950 | |
| JAMES STEPHEN MAY | | 1014 WOODVIEW BLVD | APT 203 | | | FT WAYNE IN | 46804-4226 | |
| JAMES STEPHENS | | 1094 WEST 140TH TERR | | | | KANSAS CITY MO | 64414-2733 | |
| JAMES STERMAN | | 30 ODESSA CT | | | | E AMHERST NY | 14051-1121 | |
| JAMES STEVEN BOETTCHER | | 5215 HANSEN DR | | | | SWARTZ CREEK MI | 48473-8221 | |
| JAMES STEVEN GLARE | | 2230 STATLER BLVD | | | | SAGINAW SHORES MI | 48601-2397 | |
| JAMES STEVEN SLAVICK | | 309 COLSA AVE | | | | POMPTON LAKES NJ | 07442-1210 | |
| JAMES STEWART BOYER | | 12375 MARGARET DRIVE | | | | FENTON MI | 48430-8850 | |
| JAMES STEWART OTTEN | CUST LAURIE STEWART OTTEN UGMA | 58 GROVE HILL PARK | | | | FENTON NJ | 07243-1455 | |
| JAMES STIRM | | 1019 RIVER DOWNS BLVD | | | | RIVER FALLS AL | 36476-0131 | |
| JAMES STONE | | 109 RYAN CREST LANE | | | | NEWTON MA | 02465-2304 | |
| JAMES STREET | | 30940 ARDMORE RIDGE RD | | | | BARTLETT TN | 38133-5157 | |
| JAMES STURGEON | | 338 PEARSON LN | | | | DECATUR AL | 35603-3717 | |
| JAMES STURNER | | 417 PAMELA DRIVE | | | | ARDMORE TN | 38449-3181 | |
| JAMES SULTZ | | 58 BRUNDAGE AVE | | | | BINGHAMTON NY | 46571 | |
| JAMES SUMPTER | | 459 CHADOWOOD LANE | | | | NO TONAWANDA NY | 14120-1704 | |
| JAMES SUSINNO | | 5 E SHERIDAN AVE | | | | OXFORD OH | 45056-2505 | |
| JAMES SVOBODA | | 19371 WINTHROP | | | | DETROIT MI | 48235-2031 | |
| JAMES SWAIN JR | | 101 BROAD AVE | | | | NEW CASTLE PA | 16105-2556 | |
| JAMES SWEENEY | | 1412 E LOCUST ST | | | | PALISADES PARK NJ | 07650-1438 | |
| JAMES SYKORA | JUDITH SYKORA JT TEN | 9419 NEVIGATE COURT | | | | NEW HAVEN IN | 46774-2729 | |
| JAMES SYKORA & | MINA A ADE JT TEN | 5303 BELMONT CT | | | | TOMS RIVER NJ | 08755-1920 | |
| JAMES T ADE | | 845 E NINTH DR | | | | FLINT MI | 48503-2704 | |
| JAMES T ADE JR | | 26384 AUGUSTA CREEK CT | | | | BONITA SPGS FL | 34134-0758 | |
| JAMES T ALEXANDER | | 216 N 3RD ST | | | | ELSIE MI | 48831-9736 | |
| JAMES T APPLETON & | RUTH B APPLETON JT TEN | 446 LAKESHORE DR | | | | NEW LOTHROP MI | 48460-9721 | |
| JAMES T AVERY | | 6966 FOREST RIDGE CT | | | | HILTON NY | 14468-9660 | |
| JAMES T BARNETT | | 1807 TALL OAKS DR | | | | PLAINFIELD IN | 46168-9360 | |
| JAMES T BARTLEY & | PHYLLIS J BARTLEY | TR BARTLEY FAM TRUST | UA 08/08/200 | 6877 HAMILTON MIDDLETOWN RD | | DOUGHSVILLE GA | 30726-1032 | |
| JAMES T BEACH | | 8621 OLD HARFORD RD | APT E | | | MIDDLETOWN OH | 45044-7898 | |
| JAMES T BELLONE | | 1766 GLORIA DR | | | | BALTIMORE MD | 21234 | |
| | | | | | | FAIRPORT NY | 14450-9137 | |

05-44481-rdd    Doc 22040-6    Filed 04/05/13    Entered 04/05/13 17:24:38    Exhibit 6
Pg 1 of 3

# EXHIBIT 6

Metropolitan Life Insurance Company
25300 Telegraph Road, Suite 580
Southfield, Michigan 48033
lcoughenour@metlife.com

**Lonnie R. Coughenour**
Client Services Consultant
National Accounts -- Detroit Customer Unit
Client Services

March 20, 2010

Mr. James Sumpter
21163 Westbay Circle
Noblesville, IN 46202

RE:   APPEAL OF DENIAL OF TOTAL AND PERMANENT DISABILITY BENEFITS - BASIC LIFE
      INSURANCE UNDER THE DELPHI LIFE AND DISABILITY BENEFITS PROGRAM FOR SALARIED
      EMPLOYEES, GROUP POLICY NUMBER 95746-G

Dear Mr. Sumpter:

This will respond to your request for MetLife to reconsider the denial of your application to receive
a payout of Basic Life Insurance under the Total and Permanent Disability provision previously
provided under the General Motors Life and Disability Benefits Program for Salaried Employees.
We have carefully reviewed all records, documentation and statements that have been submitted
and for the reasons stated below, we must continue to uphold the denial of Basic Life Insurance
benefits.

As an initial matter, your participation in the General Motors Life and Disability Benefits Program
was transitioned to the Delphi Life and Disability Benefits Program for Salaried Employees when
you became an employee of Delphi Automotive Systems Corporation (a/k/a Delphi Corporation), a
General Motors spin-off, on January 1, 1999.  The Delphi Life and Disability Benefits Program for
Salaried Employees (the "Plan") is a welfare benefit plan regulated by federal law, specifically the
Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-
1461.   MetLife, as claims fiduciary of the Life Insurance Benefits, is required to make
determinations in accordance with ERISA and the terms of the Plan.

As part of your request for reconsideration, you point to the provisions stated in the Summary Plan
Description entitled "Your GM Benefits -- A Handbook for Salaried Employees in the United States"
dated March 1992, applicable to salaried GM employees actively at work on or after October 1,
1990.  On page 34 of that document it states, in part, that if you become totally and permanently
disabled, and have less than 10 years of participation as of the date you become totally and
permanently disabled, you may elect to receive a monthly installment payout of your Basic Life
Insurance.  You also state that "although Delphi was spun off from General Motors in May 2000",
salaried employees were "instructed to continue to use the GM-1992 SPD" and, under those
provisions, you are eligible for, and have submitted sufficient evidence that, you have met all
requirements and that your claim for a payout of Basic Life Insurance should be approved.

Our review of the General Motors Life and Disability Benefits Program for Salaried Employees
indicates that the provision that allowed a payout of Basic Life Insurance for total and permanent
disability was eliminated effective January 1, 1994.   The elimination of this provision was
communicated to all salaried employees in their Annual Enrollment materials for the 1994 Plan
Year, a copy of which is enclosed.  Please refer to page 34 of this document.  As a result, the
provision was deleted from the Summary Plan Description, dated August 1995, which was
previously provided to you.

(Continued)

James Sumpter – Request for Reconsideration – Page 2

We can find no historical evidence that salaried General Motors employees who transitioned to Delphi on January 1, 1999 were advised that they would continue to be subject to the provisions stated in the 1992 Summary Plan Description and would not be subject to subsequent provisions stated in Summary Plan Descriptions dated after March 1992.

In addition, a review of your work record indicates the following:

- Hire Date (GM):  February 5, 1991

- Actively at Work (GM):  February 5, 1991 through April 21, 1998

- Short Term Disability Leave (GM):  April 22, 1998 through July 6, 1998

- Actively at Work (GM):  July 6, 1998 through December 31, 1998

- Transition to Delphi and Actively at Work:  January 1, 1999 through December 7, 2000

- Approved Disability Leave (Delphi):  December 8, 2000 through June 31, 2002

- Disability Retirement (Delphi):  Effective July 1, 2002

Therefore, we must continue to uphold the denial of a payout of Basic Life Insurance because:

1. The provision was eliminated by General Motors effective January 1, 1994;

2. You were actively at work as of January 1, 1994 and therefore subject to all provisions of the General Motors Life and Disability Benefits Program for Salaried Employees on and after such date;

3. The provision of a payout of Basic Life Insurance due to total and permanent disability was not a provision of the Delphi Life and Disability Benefits Program for Salaried Employees when you transitioned to Delphi on January 1, 1999;

4. You were actively at work with Delphi on January 1, 1999; and

5. You did not apply for a payout of your Basic Life Insurance until April 11, 2009, long after the provision was eliminated under General Motors.

This concludes MetLife's review.  Please be advised that under ERISA, you have the right to bring a civil action under Section 502(a) of ERISA.

Sincerely,

*Lonnie R. Coughenour*

Lonnie R. Coughenour
Client Services Consultant
MetLife – Detroit Customer Unit

05-44481-rdd   Doc 22640-7   Filed 04/05/13   Entered 04/05/13 17:24:38   Exhibit 7
Pg 3 of 3

# EXHIBIT 7

Metropolitan Life Insurance Company
P. O. Box 5164
Southfield, MI 48086-5164
1-866-DELPHI4 (335-7444)
1-888-688-2860 TTY

# MetLife

June 3, 2009

James Sumpter
21169 Westbay Circle
Noblesville, IN 46062

RE:   **Total & Permanent Disability Benefits, a payout of your Basic Life Insurance
Group: 14000– Salaried**

Dear Mr. Sumpter:

We have completed our review of your application for Total and Permanent Disability Benefits
under the Delphi Life and Disability Program. For the reasons outlined below, your request is
being denied.

During your period of disability, you were covered under the Delphi Life and Disability Benefits
Program. The Life and Disability Benefits Program is provided by Delphi Corporation under the
provisions of a self-funded Employee Welfare Benefit Plan as described in the Employee
Retirement Income Security Act (ERISA). MetLife is the claims administrator of the Delphi Life and
Disability Benefits Program.

As you know, the Delphi Life and Disability Benefits Program provides in part that a salaried
employee may be eligible for a payout of his/her Basic Life Insurance benefits if:

1)   The employee last worked between January 1, 1974 and December 31,
     1993, and
2)   The employee had less than 10 Years of Participation at the time he/she became
     totally and permanently disabled, and
3)   The employee became totally and permanently disabled prior to the end of the
     month of his/her 70th birthday, and
4)   The employee exhausted his/her Extended Disability Benefits, and
5)   The employee provided satisfactory written proof of such disability.

Our review of your application for Total and Permanent Disability Benefits finds that you do not
meet the above criteria because you last worked on December 7, 2000, which date is after
December 31, 1993. In addition, you have not exhausted your Extended Disability Benefits.
Therefore, in view of the information above, you are not eligible for a payout of your Basic Life
Insurance benefit.

You may appeal this decision by sending a written request to Metropolitan Life, P. O. Box 5164,
Southfield, Michigan, 48037-5164, within 180 days of the date you receive this letter. Please
include in your appeal letter the reason(s) you believe your claim was improperly denied, and
submit any additional comments, documents, records or other information relating to your claim

**Met_L LET - II**

2 James Sumpter

that you deem appropriate for us to give your appeal consideration. Upon request, MetLife will provide you with a copy of the documents, records, or other information we have that are relevant to your claim. The Program provisions are generally outlined in the Summary Plan Description, *Your Delphi Benefits* which has been provided to you by your employer

If you choose to appeal, MetLife will evaluate all the information and advise you of our determination of your appeal within 45 days after we receive your written request for appeal. If there are special circumstances requiring additional time to complete our review, we may take up to an additional 45 days, but only after notifying you of the special circumstances in writing. In the event your appeal is denied in whole or in part, upon completion of the minimum appeal process you will have the right to bring a civil action under Section 502(a) of the Employee Retirement Income Security Act of 1974, or you may follow the voluntary appeal process defined under the Delphi Life and Disability Benefits Program.

If you have any questions or need further assistance, please contact our office by calling the toll-free number listed above Monday through Friday from 7:30 A.M. to 4:30 P.M. Eastern Standard Time, or by visiting our website.

Sincerely,

Southfield Life Waiver Unit (T&P)
Integrated Disability Activity

Revised 6/07

**Met_L LET - II**

05-44481-rdd    Doc 22040-5    Filed 04/05/15    Entered 04/05/13 17:24:30    Exhibit 8
Pg 1 of 2

# EXHIBIT 8

21169 Westbay Circle
Noblesville, IN 46062
June 11, 2009

Metropolitan Life Insurance Company
P O Box 5164
Southfield, MI 48086-5164

**RE:** **Claim Denial dated 3-JUN-2009**
**Total & Permanent Disability Benefits, a payout of Basic Life Insurance**
**Group: 1400-Salaried**
**Claim Denial dated 3-JUN-2009**
**James B. Sumpter       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**

I am writing to formally request a copy of all documentation, records and all other information related to my claim and your decision. I am requesting that you include the Salaried Plan Document that you referred to in your decision. I am also requesting a copy of the Life insurance policy that applies to this claim. I would also like you to specifically state which SPD you believe was in force at the time of the commencement of my disability, which was 7-DEC-2000. Please also provide the publication date of the SPD.

I am requesting, wherever possible that you provide me all requested documentation in electronic form. The preferred way is for you to send me one or more e-mails with a PDF version of the documents attached.

I am also requesting that you provide the name of the person responsible for this decision and a telephone number so that I can communicate directly with them. I have had difficulty reaching a knowledgeable person through your phone system and messages that I have left have not been returned.

Please also provide a fax number where I can send communications.

My contact information follows:

| | | | |
|---|---|---|---|
| Phone | 317-877-0763 | Fax | 317-877-1070 |
| e-mail | jsump@ieee.org | | |

Sincerely,

James B. Sumpter
_____        _____

**JBS LET - III**

05-44481-rdd   Doc 22040-5   Filed 04/05/13   Entered 04/05/13 17:24:30   Exhibit 9
Pg 1 of 2

# EXHIBIT 9

21169 Westbay Circle
Noblesville, IN 46062
July 6, 2009

Metropolitan Life Insurance Company
P O Box 5164
Southfield, MI 48086-5164

**RE:** **Claim Denial dated 3-JUN-2009**
     **Total & Permanent Disability Benefits, a payout of Basic Life Insurance**
     **Group: 1400-Salaried**
     **Claim Denial dated 3-JUN-2009**
     **James B. Sumpter      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**

I am writing to formally notify that I intend to appeal your decision denying my claim. However, I cannot properly prepare my appeal without the documentation that I requested on June 11. I have attached a copy of that request for your reference. Please expedite the delivery of the requested information.

I am requesting that you also provide a detailed description of the complete appeal procedure. Please provide with this description any required forms, all critical timing requirements, and the appropriate correspondence address for each phase of the appeal process.

You should note that I am aware that Delphi is in bankruptcy and has a pending plan for emergence. I am not sure how Delphi's bankruptcy affects my claim. However, in an effort to preserve my rights, I will be filing an administrative claim with the bankruptcy court (prior to July 15, 2009) for the **$97,788** permanent disability life insurance benefit.

My contact information follows:

| Phone | 317-877-0763 | Fax | 317-877-1070 |
|-------|--------------|-----|--------------|
| e-mail | jsump@ieee.org | | |

Sincerely,


James B. Sumpter


**JBS LET - IV**

05-44481-rdd   Doc 22640   Filed 04/05/13   Entered 04/05/13 17:24:36   Exhibit 10
Pg 9 of 46

# EXHIBIT 10

Original Recipients:
To: jsump@ieee.org
Cc:

Dear Mr. Sumpter:

This will respond to your letter dated June 11, 2009 requesting a copy of
the records relevant to your claim, including a PDF version of the Summary
Plan Description, and the Life Insurance Certificate.

You are covered under the Delphi Life and Disability Benefits Program for
Salaried Employees. The Disability Benefits Program is provided by Delphi
Corporation under the provisions of a self-funded Employee Welfare Benefit
Plan as described in the Employee Retirement Income Security Act (ERISA).
Metropolitan Life is the claims administrator of the Life and Disability
Benefits Program.

Pursuant to your request, attached please find a copy of the publication
entitled, Summary Plan Description For Salaried Employees hired on or
before December 31, 2000 and/or with a service date on or before December
31, 2000. I have also attached a copy of the Life Insurance Certificate
for the Salaried Plan 1998-1999. As you last worked on December 7, 2000,
this is the agreement under which you were covered.

I hope this information will be of assistance to you. However, if you have
any additional questions, please feel free to contact me in writing at:
Metropolitan Life Insurance Company, National Benefit Center,
Correspondence and Claims Review, Litigation & Appeals, P.O. Box 5164,
Southfield, MI 48086-5164.

Metropolitan Life reserves all rights, limitations, exclusions and defenses
available under the Program and ERISA. Nothing in this letter shall be
construed as a waiver thereof.

Sincerely,

**Met_L LET - V**

Peggy A. Martin
Litigation and Appeals Analyst

(See attached file: Delphi Summary Plan Description_(PRE)Hired or service
date on or before 12-31-2000.pdf)    (See attached file: 1998
Salaried Combo Cert-final.pdf)

The information contained in this message may be CONFIDENTIAL and is for the intended
addressee only. Any unauthorized use, dissemination of the information, or copying of
this message is prohibited. If you are not the intended addressee, please notify the sender
immediately and delete this message.

05-44481-rdd   Doc 22040-10   Filed 04/05/   Entered 04/05/13 17:24:38   Exhibit U
Pg 3 of 46

Saved July 9, 2009
Rec'vd via e-mail w/ two attachments



Complete PDF document received
as e-mail attachment 9-JUL-2009

## Summary Plan Description

For salaried employees hired on or
before December 31, 2000 and/or
with a service date on or before December 31, 2000

DELPHI
Automotive Systems

**Met_L LET - V**

Saved July 9, 2009
Rec'vd via e-mail w/ two attachments

**Complete PDF document received
as e-mail attachment 9-JUL-2009**

# MetLife

## Metropolitan Life Insurance Company

### A Mutual Company Incorporated in New York State

Certifies that under and subject to the terms and conditions of the Group Policies issued to the Policyholder coverage is provided for each Employee as defined herein

The date when an Employee is eligible for coverage is set forth in the form with the title Eligibility for Benefits

The date when an Employee's Personal Benefits become effective is set forth in the form with the title Effective Dates of Personal Benefits.

The date when an Employee's Dependent Benefits become effective is set forth in the form with the title Effective Dates of Dependent Benefits

The amounts of coverage are determined by the form with the title Schedule of Benefits

**Metropolitan Life Insurance Company,**

Robert H. Benmosche
Chairman, President and Chief Executive Officer

Policyholder          DELPHI AUTOMOTIVE SYSTEMS CORPORATION

Group Policies Nos    95746-G    Basic Life Insurance, Accidental Death Insurance
                      95761-G    Optional Life Insurance
                      95763-G    Dependent Life Insurance

Salaried Plan

May 28  1999

Accelerated Benefits may be taxable   If so, You or Your Beneficiary may incur a tax obligation   As with all tax matters  You should consult Your personal tax advisor to assess the impact of this benefit

If any prior certificate relating to the coverage set forth herein has been given to the Employee  such certificate is void

Form G 23000-Cert -1

**Met_L LET - V**

05-44481-rdd   Doc 22040   Filed 04/05/13   Entered 04/05/13 17:24:36   Exhibit H
Pg 4 of 9

# EXHIBIT 11

Metropolitan Life Insurance Company
National Benefit Center
Integrated Disability Activity
P.O. Box 5164
Southfield, MI 48086-5164



July 15, 2009

James Sumpter
21169 Westbay Circle
Noblesville, IN 46062

RE:   Total & Permanent Disability Benefits, a payout of your Basic Life Insurance
Group: 14000– Salaried

Dear Mr. Sumpter

This will respond to your letters dated July 6, 2009 and June 11, 2009 requesting a copy of the
records relevant to your claim, including a Summary Plan Description, a copy of the Life
Insurance Certificate and a copy of the appeal process.

You are covered under the Delphi Life and Disability Benefits Program for Salaried Employees
The Disability Benefits Program is provided by Delphi Corporation under the provisions of a
self-funded Employee Welfare Benefit Plan as described in the Employee Retirement Income
Security Act (ERISA)   Metropolitan Life is the claims administrator of the Life and Disability
Benefits Program

Pursuant to your request, attached please find a copy of the publication entitled, Summary Plan
Description For Salaried Employees hired on or before December 31, 2000 and/or with a
service date on or before December 31, 2000  I have also included a copy of the Life
Insurance Certificate for the Salaried Plan 1998-1999.  As you last worked on December 7,
2000, this is the agreement under which you were covered.  Please note that I previously sent
this information to you via e-mail including a PDF version of the requested documents on July
9, 2009

In addition, I have included a copy of the June 3, 2009 letter responding to your request for a
Total and Permanent Disability payout of your Basic Life Insurance, which includes the appeal
process, pursuant to your request.  Please note there are no required forms for this process

I hope this information will be of assistance to you.  However, if you have any additional
questions, please feel free to contact me in writing at: Metropolitan Life Insurance Company,
National Benefit Center, Correspondence and Claims Review, Litigation & Appeals, P.O. Box
5164, Southfield, MI 48086-5164.

**Met_L LET - VI**

> James Sumptic

Metropolitan Life reserves all rights, limitations, exclusions, and defenses available under the
Program and ERISA   Nothing in this letter shall be construed as a waiver thereof

Sincerely,

*Peggy Martin*

Litigation and Appeals Analyst
Metropolitan Life
National Benefit Center

Enclosures

05-44481-rdd   Doc 22040-12   Filed 04/05/13   Entered 04/05/13 17:24:36   Exhibit 12
Pg 117 of 166

# EXHIBIT 12

21169 Westbay Circle
Noblesville, IN 46062
July 31, 2009

Metropolitan Life Insurance Company
P O Box 5164
Southfield, MI 48086-5164

**RE: Appeal of Claim Denial Dated 3-JUN-2009**
      **Total & Permanent Disability Benefits, a Payout of Basic Life Insurance**
      **Group: 1400-Salaried**
      **Claim Denial dated 3-JUN-2009**
      **James B. Sumpter        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**

I am writing to formally appeal the decision regarding my request for disability payout of my
Basic Life Insurance. In your denial letter, you listed five requirements that must be met:

| | |
|---|---|
| 1) | The employee last worked between January 1, 1974 and December 31, 1993, and |
| 2) | The employee had less than 10 Years of Participation at the time he/she became totally and permanently disabled, and |
| 3) | The employee became totally and permanently disabled prior to the end of the month of his/her 70th birthday, and |
| 4) | The employee exhausted his/her Extended Disability Benefits, and |
| 5) | The employee provided satisfactory written proof of such disability. |

Based on your response, you are aware that:

| | |
|---|---|
| a. | I am retired on total and permanent disability |
| b. | I have provided medical proof of my disability to Delphi |
| c. | On the commencement of my disability (7-DEC-2000) I had less than ten years of participation. |

Since you have my records, you also know that, at the commencement of my disability, I was 48
years old.

Therefore, Based on your response there is no issue with items #2, #3 and #5.

**Regarding #1:** It is unclear where you derived these requirements. You neither sent nor
referenced any documentation with this requirement. In addition, at the commencement of my
disability I was subject to the General Motors Salaried Plan Document of 1992. Although
Delphi was spun off from GM in May of 2000, employees were instructed to continue to use the
GM-1992 SPD.

**JBS LET VII**

The next SPD was not issued until December 2001. However, for disability purposes, benefits are based on the employee's status at the commencement of disability. (Page 33 from GM SPD 1992) At the commencement of disability, disability benefits are vested. Otherwise, my years of service, which accumulated for another 12 months would be 10 years and 10 months, and there would have been no need to purchase supplemental extended disability coverage and my extended disability would have been scheduled to continued until I was 65 years old.

Therefore, I am asserting that the SPD GM-1992 is the plan on which my application for Basic Life Insurance is governed. Therefore, your denial of benefits based, in part, on **Requirement #1** is in error and does not apply.

**Regarding #4:** You have established that I am continuing to receive extended disability benefits. My hire date was 4-FEB-1991. Therefore the following are true:
1. At the commencement of my disability, I had participated for 9 years and 10 months, which is less than ten years.
2. My extended disability will end on or about 7-OCT-2010.

The rules regarding Disability Pay out of Basic Life insurance does not require that extended disability benefits be exhausted before I can apply for the pay out benefit. (See page 34 SPD GM-1992.). The Plan only states that payments will commence after I have received my final monthly payment of extended disability benefits. Therefore your rejection based, in part, on **Requirement # 4** does not apply.

The rules regarding Disability Pay out of Basic Life insurance do not explicitly state that I must be enrolled for basic life insurance at the time that I make my request. However, it is implied. At the time that I made my request (12-March-2009), I was covered by basic life insurance.

Therefore, I have established by all applicable rules that on March 12, 2009, I was eligible to request early payout of Basic Life Insurance. It should also be noted at the time that I requested the pay out, the disability plan was in force and the Basic Life insurance was in force.

One of the documents you sent me concerning this early disability payout was a 1998-1999 insurance certificate. According to the information you sent me, this was the insurance plan that was in force on 7-DEC-2000. It should be noted that the requirements for early disability payout specified in the insurance plan are not consistent with the requirements you listed in your denial letter. Nor are the life insurance plan requirements consistent with the SPD (GM-1992) in force at the commencement of my disability. Thus, the documents you sent me are contradictory and confusing.

Since the U. S. Supreme Court has ruled that the SPD is the governing document when contradictions exist, I continue to rely on the SPD that was in force at the commencement of my disability. It should also be noted that the Delphi SPD- Dec-2001 was in force at the time I retired. However, the GM-1992 SPD was the governing document at the commencement of my disability

**JBS LET VII**

Therefore, I expect you to affirm that I am approved for disability payout of basic life insurance and that payments will commence no later than October 7, 2010.

As you are aware, Delphi is currently in bankruptcy. However, the court has approved a reorganization plan, which includes the PGBC taking over all pension responsibilities. At that time, Delphi will no longer be making extended disability payments. Therefore, it's reasonable to interpret this event as sufficient to begin the early payout. Reports indicate that the takeover of the PGBC will be complete before the end of the third quarter of 2009. As a result, I believe it is possible that the early pay out could commence at that time. In fact, I can see no impediment to you making a lump sum payment for the full amount.

Beginning the disability basic life insurance payout sooner, may also limit administration expense and complexity, since you will not have to manage the payout process through 2012 or 2013. If you choose not to make a lump sum payment coincident with the PGBC takeover, I am requesting that the disability basic life insurance payout of **$100,000.00** be placed in a secure trust account until all payments are issued (My basic life insurance coverage amount is $195,600.00. According to the SPD the maximum payout is limited to $100,000.00).

My contact information follows:

| **Phone** | 317-877-0763 | Fax | 317-877-1070 |
| e-mail | jsump@ieee.org | | |

Sincerely,

James B. Sumpter

**JBS LET VII**





# A Handbook for Salaried Employes in the United States



**JBS LET VII**

• If you have less than 10 years of participation when you become disabled ..

benefits are payable until recovery, or, if less, for a period equal to your years of participation at the commencement of disability (less the period during which sickness and accident benefits or salary continuation payments are received), but not beyond age 65*.

In addition, if you are covered for extended disability benefits, but have less than 10 years of participation in the Life and Disability Benefits Program, you may elect to purchase supplemental extended disability benefit coverage under the Flexible Compensation Program (see page 64). A separate brochure describing this Program is available on request.

*However, if you become disabled after age 63, you may receive extended disability benefits for a period of time beyond age 65.

## ILLUSTRATION OF SALARY CONTINUATION, SICKNESS AND ACCIDENT BENEFITS (S&A) AND EXTENDED DISABILITY BENEFITS (EDB)

| TYPES OF DISABILITY PAYMENTS FOR PERIODS SHOWN BELOW | | | | |
|---|---|---|---|---|
| LENGTH OF SERVICE | Full Salary | S&A and salary combined equal to full salary | Maximum S&A benefits payable | Maximum EDB Payable |
| LESS THAN 1 YEAR | 1st week | — | Up to 12 months | None |
| 1 YEAR BUT LESS THAN 5 YEARS | 1st week | next 7 weeks | 12 months | For a period equal to years of participation (if under 10) — less |
| 5 YEARS BUT LESS THAN 10 YEARS | 1st week | next 12 weeks | 12 months | the period S&A and/or salary continuation paid) but not beyond age 65(4) |
| 10 OR MORE YEARS | 1st week | next 25 weeks | 12 months | To age 65(4) (if years of participation are 10 or more) |

(1)At commencement of disability.

(2)For this purpose, full salary includes base salary, and the premium for necessary continuous 7-day operations, but does not include overtime, night shift premium, or any other payment.

(3)If you are covered for extended disability benefits, but have less than 10 years of participation in the Life and Disability Benefits Program, you may elect to purchase supplemental extended disability benefit coverage under the Flexible Compensation Program.

(4) If you become disabled after age 63, you may receive **extended disability benefits for a period** of time beyond age 65

**JBS LET VII**

33

## Extended Disability Benefits Are Reduced By...

any monthly Part A benefits and Part B supplementary benefits (see pages 48 and 49) for which you may be eligible under the GM Retirement Program and any benefit for which you are eligible under any other GM retirement or pension plan. In addition, governmental benefits, such as workers compensation, certain Social Security benefits, or any federal or state lost-time disability benefits, are deductible. Increases in any of these benefits payable after extended disability benefits commence will not be deducted, unless the increase represents an adjustment in the original determination of the amount of such benefit. **A retroactive award of any of these benefits will** create an overpayment of extended disability benefits which were paid for the same period of disability.

You will be required to apply for Social Security Disability Insurance Benefits (SSDIB) under a special procedure designed to handle the offset of SSDIB against extended disability benefits. You also will be required to repay any overpayment incurred due to receipt of an SSDIB award.

## To Apply for Extended Disability Benefits

complete a claim form provided by GM for that purpose and return it to the office which administers your disability benefits.

# IN CASE YOU BECOME TOTALLY AND PERMANENTLY DISABLED

## Life and Disability Benefits Program Benefits

You may be totally and permanently disabled if you are not regularly employed, and on the basis of medical evidence satisfactory to GM you are wholly and permanently prevented, as a result of injury or disease, from working at the GM location where you last worked.

- **If You Have Less Than 10 Years of Participation**

  you may elect to receive a monthly instalment payout of your basic life insurance if you become totally and permanently disabled while your length of service is unbroken.

  The monthly instalment will be in an amount equal to the amount of your final monthly extended disability benefit. Payment will commence after you have received your final monthly extended disability benefit payment. Supplemental extended disability benefits may be payable concurrently under the Flexible Compensation Program with a monthly instalment payout of your basic life insurance.

  Any monthly instalment payments to which you are entitled will continue until the total amount paid equals the amount of your basic life insurance, up to $100,000. Your basic life insurance will be canceled immediately prior to the commencement of the monthly payment. In the event your basic life insurance exceeds $100,000, you will be entitled to convert the excess amount to an individual policy (see page 70).

  If you should die before you receive the full amount of your basic life insurance, or $100,000, if less, your designated beneficiary will be paid any remaining unpaid amount under the Beneficiary's Total Control Account Program, as described on page 57.

  To apply for instalment payment of your basic life insurance, complete a claim form provided by GM for that purpose and return it to the office which administers your life insurance.

- **If You Have 10 or More Years of Participation**

  your basic life, extra accident, and survivor income benefit insurance will be continued at no cost to you while you are totally and permanently disabled prior to age 65. At age 65, your survivor income benefit insurance will cancel and your basic life insurance will begin to reduce (see page 58). However, your extra accident insurance will cancel at the earlier of your (1) attainment of age 65 or (2) retirement.

## Unreduced Retirement Program Benefits May Be Payable . . .

each month for the rest of your life if you are under age 65, with 10 or more years of credited service (see page 49).

**JBS LET VII**

**GM**

**JBS LET VII**

115,000
MARCH 1992

Litho in U.S.A.

05-44481-rdd   Doc 22040-13   Filed 04/05/13   Entered 04/05/13 17:24:36   Exhibit 13
Pg 125 of 166

# EXHIBIT 13

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                            :
     In re                  :    Chapter 11
                            :
DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                            :
                            :    (Jointly Administered)
          Debtors.      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION PURSUANT TO 11
U.S.C. § 503(b) AND FED. R. BANKR. P. 3007 TO EXPUNGE CERTAIN (I) PREPETITION
CLAIMS, (II) EQUITY INTERESTS, (III) BOOKS AND RECORDS CLAIMS, (IV) UNTIMELY
CLAIMS, (V) PAID SEVERANCE CLAIMS, (VI) PENSION,
BENEFIT, AND OPEB CLAIMS, AND (VII) DUPLICATE CLAIMS

("THIRTY-SEVENTH OMNIBUS CLAIMS OBJECTION")



0544481091015000000000011

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (the "Reorganized Debtors" or "DPH Holdings") hereby submit this Thirty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books And Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit, And OPEB Claims, And (VII) Duplicate Claims (the "Thirty-Seventh Omnibus Claims Objection" or the "Objection"), and respectfully represent as follows:

Background

A.     The Chapter 11 Filings

       1.       On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

       2.       On December 10, 2007, the Debtors filed their first amended joint plan of reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No. 11388).  The Court entered an order confirming the Plan (as modified) (Docket No. 12359) (the "Confirmation Order") on January 25, 2009, and the order became final on February 4, 2008.

       3.       On October 3, 2008, the Debtors filed a motion under 11 U.S.C. § 1127 for an order approving (i) certain modifications to the Confirmed Plan and related disclosure statement and (ii) related procedures for re-soliciting votes on the Confirmed Plan, as modified (Docket No. 14310) (the "Plan Modification Motion").  On June 1, 2009, the Debtors filed a supplement to the Plan Modification Motion (the "Motion Supplement"), which sought approval of (i) certain modifications to the Confirmed Plan (the "Modified Plan"), (ii) supplemental disclosure, and (iii) procedures for re-soliciting votes on the Modified Plan.  After holding a final

2

plan modification hearing on July 29 and 30, 2009, this Court entered an order approving the
Modified Plan (Docket No. 18707) on July 30, 2009.

4.       On October 6, 2009, the Debtors substantially consummated the Modified
Plan, the Effective Date occurred, and the transactions under the Master Disposition Agreement
and related agreements closed.  In connection therewith, DIP Holdco 3, LLC, a Delaware limited
liability company, acquired substantially all of the Debtors' global core businesses, and GM
Components Holdings, LLC, a Delaware limited liability company, acquired the Debtors' non-
core steering business and certain U.S. manufacturing plants.  The Reorganized Debtors have
emerged from chapter 11 as DPH Holdings and affiliates and remain responsible for the post-
Effective Date administration and eventual closing of the chapter 11 cases as well as the
disposition of certain retained assets and payment of certain retained liabilities as provided for
under the Modified Plan.

B.       Administrative Claims Bar Dates

5.       Pursuant to Article 10.2 of the Modified Plan and paragraph 38 of the
Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As
Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date
To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B)
Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date
entered June 16, 2009 (Docket No. 17032) (the "Modification Procedures Order"), this Court
established July 15, 2009 (the "July 15 Bar Date") as the bar date for asserting a claim for an
administrative expense under section 503(b)(1) of the Bankruptcy (each, an "Administrative

3

Claim") for the period from the commencement of these cases through June 1, 2009.[1]  On or

before June 20, 2009, in accordance with the Modification Procedures Order, the Debtors caused

Kurtzman Carson Consultants LLC ("KCC") and Financial Balloting Group LLC or their agents

to transmit with the resolicitation materials in connection with the Modified Plan a Notice Of Bar

Date For Filing Proofs Of Administrative Expense describing the procedures for asserting an

Administrative Claim.

      6.     In addition, Articles 1.5 and 10.5 of the Modified Plan establish 30 days

after the Effective Date (as defined in the Modified Plan) (the "Post-Emergence Bar Date") as the

bar date for asserting an Administrative Claim for the period between June 1, 2009 and the

Effective Date, unless otherwise ordered by this Court.[2]  Because the Effective Date was October

6, 2009, the Post-Emergence Bar Date is November 5, 2009.  On or before October 6, 2009, in

accordance with the Modified Plan, the Reorganized Debtors caused KCC to transmit to all

parties identifying themselves as creditors of the Reorganized Debtors, as well as those holding

equity interests in the Reorganized Debtors, a Notice Of (A) Order Approving Modifications To

First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates,

Debtors And Debtors-In-Possession And (B) Occurrence Of Effective Date.  The notice

described, among other things, the procedures for asserting an Administrative Claim arising

between June 1, 2009 and the Effective Date.

---

[1]    On July 15, 2009, this Court entered the Stipulation And Agreed Order Modifying Paragraph 38 Of Modification Procedures Order Establishing Administrative Expense Bar Date (Docket No. 18259) to require parties to submit an Administrative Expense Claim Form for Claims for the period from the commencement of these cases through May 31, 2009 rather than through June 1, 2009.

[2]    Professional Claims are not subject to the Post-Emergence Bar Date and are instead subject to the provisions of Article 10.3 of the Modified Plan.

7.      On or before June 22, 2009, the Debtors published the notice of the July

15 Bar Date in the Detroit News & Free Press, the New York Times (National Edition), the Wall

Street Journal (National, Europe, and Asian Editions), and USA Today (Worldwide Edition) and

electronically through posting on the then-current Delphi Legal Information Website

8.      As of the date of this Objection, 2,723 proofs of administrative expense

(the "Proofs of Administrative Expense") have been filed against the Reorganized Debtors in

these cases.  This is the first omnibus objection to administrative expense claims.

9.      In this Objection, the Reorganized Debtors are objecting to 996 Proofs of

Administrative Expense, all of which are set forth by Claimant in alphabetical order on Exhibit I

hereto and cross-referenced by proof of administrative expense number and basis of objection.

Relief Requested

10.     By this Objection, the Reorganized Debtors seek entry of an order

pursuant to section 503(b) of the Bankruptcy Code and Bankruptcy Rule 3007(a) allowing and

expunging the Administrative Claims (a) set forth on Exhibit A hereto because each such

purported Administrative Claim arose prior to October 8, 2005 and therefore does not qualify as

an Administrative Claim under section 503(b)(1) of the Bankruptcy Code, (b) set forth on

Exhibit B hereto because each such Administrative Claim was filed by a holder of Delphi

Corporation common stock solely on account of such holder's stock holding, (c) set forth on

Exhibit C hereto because they are not reflected on the Reorganized Debtors' books and records,

(d) set forth on Exhibit D hereto because they were untimely filed after the July 15 Bar Date

established pursuant to Article 10.2 of the Modified Plan and paragraph 38 of the Modification

Procedures Order, (e) filed by former employees asserting liabilities for severance payments set

forth on Exhibit E hereto because the holders of such Administrative Claims have been paid their

severance in full, (f) set forth on Exhibit F hereto for liabilities owing in connection with the

5

Debtors' employee benefit programs, pension plans, and other post-employment benefits

programs because the Reorganized Debtors are not liable for such Administrative Claims, and (g)

set forth on Exhibit G hereto because they are duplicative of other Administrative Claims.

Objections To Claims

C.      Prepetition Claims

11.      During the Reorganized Debtors' review of the Proofs of Administrative

Expense, the Reorganized Debtors determined that certain Administrative Claims filed against

the Reorganized Debtors assert liabilities or dollar amounts in connection with claims arising

prior to October 8, 2005 that are not properly classified as administrative expenses for the

purposes of section 503(b)(1) of the Bankruptcy Code (the "Prepetition Claims").  Set forth on

Exhibit A hereto are the Prepetition Claims that the Reorganized Debtors have identified as

prepetition Claims for which the Reorganized Debtors have no administrative liability.

Accordingly, the Reorganized Debtors (a) object to the Prepetition Claims and (b) seek entry of

an order disallowing and expunging the Prepetition Claims in their entirety.

D.      Equity Interests

12.      During their review of the Proofs of Administrative Expense, the

Reorganized Debtors determined that certain Administrative Claims filed against the

Reorganized Debtors represent proofs of interest that were filed by or on behalf of holders of

common stock in Delphi Corporation (the "Equity Interests").  The Debtors caused the Claims

Agent to serve notice of the July 15 Bar Date on holders of Delphi Corporation common stock to

ensure that holders of stock who wished to assert administrative claims against any of the

Reorganized Debtors that were not based solely upon their ownership of Delphi common stock

would be afforded the opportunity to file such claims in these chapter 11 cases.  The ownership

of Delphi Corporation common stock constitutes an equity interest in Delphi Corporation, but

6

does not constitute an Administrative Claim arising under section 503(b)(1) of the Bankruptcy Code.

13.     Identified on <u>Exhibit B</u> are Equity Interests for which the Reorganized Debtors have no administrative claim liability.  The Reorganized Debtors therefore seek to have these Administrative Claims disallowed and expunged.  Accordingly, the Reorganized Debtors (a) object to the Equity Interests and (b) seek entry of an order disallowing and expunging the Equity Interests in their entirety.

E.     <u>Books And Records Claims</u>

14.     During their review of the Proofs of Administrative Expense, the Reorganized Debtors determined that certain Administrative Claims filed against the Reorganized Debtors assert dollar amounts or liabilities that are not owing pursuant to the Reorganized Debtors' books and records (the "Books And Records Claims").  Accordingly, the Reorganized Debtors believe that the parties asserting Books And Records Claims are not administrative creditors of the Reorganized Debtors.  The Reorganized Debtors determined that they are not liable for the Books And Records Claim because the Reorganized Debtors' books and records do not reflect the existence of the asserted Claim or of the claimant asserting such Administrative Claim.

15.     Just as a claimant's proof of claim is entitled to the presumption of <u>prima facie</u> validity under Bankruptcy Rule 3001(f) only until an objecting party refutes "'at least one of the allegations that is essential to the claim's legal sufficiency,'" <u>In re WorldCom, Inc.</u>, No. 02-13533, 2005 WL 3832065, at *4 (quoting <u>In re Allegheny Int'l, Inc.</u>, 954 F.2d 167, 173-74).  A proof of administrative expense should not be presumed valid once an objecting party offers a basis to refute it.  Instead, once such an allegation is refuted, the burden should revert to the

7

claimant to prove the validity of the administrative claim by a preponderance of the evidence.  <u>Cf.</u>
<u>Id.</u>

16.     Set forth on <u>Exhibit C</u> hereto are the Books And Records Claims that the
Reorganized Debtors have identified as Claims for which the Reorganized Debtors have no
administrative liability.  The Reorganized Debtors object to the Books And Records Claims
because the Reorganized Debtors have no liability in respect thereof.  If this Court does not
disallow and expunge these Administrative Claims in full, the Reorganized Debtors expressly
reserve all of their rights to further object to the Books And Records Claims at a later date on any
basis whatsoever.

17.     Accordingly, the Reorganized Debtors (a) object to the Books And
Records Claims and (b) seek entry of an order disallowing and expunging the Books And
Records Claims in their entirety.

F.      <u>Untimely Claims</u>

18.     During their review of the Proofs of Administrative Expense, the
Reorganized Debtors have determined that certain Proofs of Administrative Expense were
received by KCC after the July 15 Bar Date (the "Untimely Claims").  The Reorganized Debtors
object to the Untimely Claims because there were not timely filed pursuant to Article 10.2 of the
Modified Plan and paragraph 38 of the Modification Procedures Order.  The Untimely Claims
are identified on <u>Exhibit D</u> hereto.  Accordingly, the Reorganized Debtors (a) object to the
Untimely Claims and (b) seek entry of an order disallowing and expunging the Untimely Claims
in their entirety.

G.      <u>Paid Severance Claims</u>

19.     During their review of the Proofs of Administrative Expense, the
Reorganized Debtors determined that certain Administrative Claims filed against the

8

Reorganized Debtors assert liabilities or dollar amounts for severance benefits that are not owing pursuant to the Reorganized Debtors' books and records because such Administrative Claims were fully satisfied by severance payments. These payments were offered to employees terminated after October 8, 2005 and were either fully paid over time or received a single lump sum payment.  Set forth on Exhibit E hereto are Claims that the Reorganized Debtors have identified as Claims for which the Reorganized Debtors are no longer liable (the "Paid Severance Claims").

20.     Because the Reorganized Debtors assert that the Paid Severance Claims have already been satisfied, it should now be the claimants' burden to rebut this assertion by a preponderance of the evidence.  Cf. WorldCom, 2005 WL 3832065, at *4 (quoting Allegheny, 954 F.2d at 174).

21.     The Reorganized Debtors object to the Paid Severance Claims and request that such Administrative Claims be disallowed and expunged in their entirety.  If this Court does not disallow and expunge these Administrative Claims in full, the Reorganized Debtors expressly reserve all of their rights to further object to the Paid Severance Claims at a later date on any basis whatsoever.

22.     Accordingly, the Reorganized Debtors (a) object to the Paid Severance Claims and (b) seek entry of an order disallowing and expunging the Paid Severance Claims in their entirety.

H.     Pension, Benefit, And OPEB Claims

23.     During their review of the Proofs of Administrative Expenses, the Reorganized Debtors determined that certain Administrative Claims filed against the Reorganized Debtors assert liabilities or dollar amounts in connection with pension plans,

9

employee benefit programs, and/or post-retirement benefit programs that are not owing by the
Reorganized Debtors.

   24. <u>Pension Liabilities</u>.  First, certain Proofs of Administrative Expenses
assert liabilities or dollar amounts (the "Pension Liabilities") in connection with the following
pension plans:  the Delphi Hourly-Rate Employees Pension Plan, the Delphi Retirement Program
for Salaried Employees, the Delphi Mechatronic Systems Retirement Program, the ASEC
Manufacturing Retirement Program, the Packard-Hughes Interconnect Bargaining Retirement
Plan, and the Packard-Hughes Interconnect Non-Bargaining Retirement Plan (together, the
"Pension Plans").  Each of these Pension Plans is a single employer, defined benefit plan covered
by Title IV of Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29
U.S.C. §§ 1301 et seq.  Such Administrative Claims are not owing by the Reorganized Debtors.
These Administrative Claims are not enforceable against the Reorganized Debtors because the
Pension Plans are separate legal entities distinct from the Reorganized Debtors.  <u>See</u> <u>In re</u>
<u>Springfield Furniture, Inc.</u>, 145 B.R. 520, 528 (Bankr. E.D. Va. 1992) (holding that defined
benefit pension plan and trust holding assets of plan are separate and distinct legal entities and
thus "the assets of the Trust (and Plan) are not assets of the debtors' bankruptcy estate").  The
Pension Plans – not the Reorganized Debtors – are obligated to pay benefits to Pension Plan
participants, so any Administrative Claims arising from the Pension Plans are Administrative
Claims against the Pension Plans rather than the Reorganized Debtors.

   25. In addition, to the extent that any of the Pension Plans is terminated, under
ERISA, the Pension Benefit Guaranty Corporation has the sole and total right to recover against
employers for pension plan underfunding.  The participants have no right to make claims against
the Reorganized Debtors for benefits under terminated plans.  <u>See</u> 29 U.S.C. § 1362; <u>see also</u>

10

United Steelworkers of Amer. v. United Eng'g, Inc., 52 F.3d 1386, 1390 (6th Cir. 1995); Int'l Ass'n of Machinists and Aerospace Workers v. Rome Cable Corp., 810 F. Supp. 402 (N.D.N.Y. 1993); In re Lineal Group, Inc., 226 B.R. 608 (Bankr. M.D. Tenn. 1998).

26.     Benefit Liabilities.  Second, certain Proofs of Administrative Expense assert liabilities or dollar amounts in connection with employee benefits, including but not limited to commissions, vacation, sick leave, and/or employee benefit contributions (collectively, the "Benefit Liabilities"), that are not owing by the Reorganized Debtors because such liabilities have already been satisfied by the Reorganized Debtors.

27.     OPEB Liabilities.  Third, certain Proofs of Administrative Expense assert liabilities or dollar amounts (a) on account of certain employee benefit plans and programs that provided post-retirement health and life insurance benefits ("Salaried OPEB") to salaried retirees and their surviving spouses that are not owing by the Reorganized Debtors because Salaried OPEB is terminable at will and does not give rise to a right to payment (the "Salaried OPEB Liabilities") or (b) on account of certain employee benefit plans and programs that provided post-retirement health and life insurance benefits ("Hourly OPEB") to hourly retirees and their surviving spouses that are not owing by the Reorganized Debtors because on September 26, 2008, the Debtors received the consent of certain of their labor unions to discontinue Hourly OPEB (the "Hourly OPEB Liabilities" together with Salaried OPEB Liabilities, the "OPEB Liabilities").

28.     This Court has previously determined that the Debtors' Salaried OPEB was not vested and was provided on an at will basis.  See Final Order Under 11 U.S.C. §§ 105, 363 (b)(1), 1108, And 1114 (d) (I) Confirming Reorganized Debtors' Authority to Terminate Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-Retirement Life

11

Insurance Benefits For Certain (a) Salaried Employees And (b) Retirees and Their Surviving Spouses And (II) Amending Scope And Establishing Deadline For Completion Of Retirees' Committee's Responsibilities, dated March 11, 2009 (Docket No. 16448) (the "Final OPEB Termination Order").[3]

29.    The cancellation of a benefit provided on an at will basis does not give rise to a "claim" as defined in section 101(5) of the Bankruptcy Code because the retiree has no "right to payment." See, e.g., In re Ionosphere Clubs, Inc., 134 B.R. 515, 519 n. 4 (Bankr. S.D.N.Y. 1991) (noting that terminating plans which are terminable at will gave rise to no claims whatsoever); In re Wellman, Inc., No. 08-10595, slip op. at 6 (Bankr. S.D.N.Y. Jan. 23, 2009) (sustaining debtors' objection to disallow portion of claims for modified severance benefits that exceeded amounts owed under amended severance plan, reasoning that because old severance plan was terminable at will, claims under old severance plan were not enforceable).

30.    Set forth on Exhibit B hereto are the Administrative Claims asserting Pension Liabilities, Benefit Liabilities, and/or OPEB Liabilities (the "Pension, Benefit, And OPEB Claims"), which the Reorganized Debtors have identified as Administrative Claims for which the Reorganized Debtors have no administrative liability.  If this Court does not disallow and expunge the Pension, Benefit, And OPEB Claims in full, the Reorganized Debtors expressly reserve all of their rights to further object to such Pension, Benefit, And OPEB Claims at a later date on any basis whatsoever.

---

[3]    "The Debtors' Salaried OPEB benefits have not vested and the Debtors have reserved the right to modify or terminate Salaried OPEB benefits."  Final OPEB Termination Order at ¶ 2.

31.     Accordingly, the Reorganized Debtors (a) object to the Pension, Benefit, And OPEB Claims and (b) seek entry of an order disallowing and expunging the Pension, Benefit And OPEB Claims in their entirety.

I.     Duplicate Claims

During their review of the Proofs of Administrative Expenses, the Reorganized Debtors determined that certain Administrative Claims filed against the Reorganized Debtors in fact assert duplicative Claims (each, a "Duplicate Claim") for a single liability.  In some instances, these Duplicate Claims arose when a Claimant filed Proofs of Administrative Expense against multiple Debtor entities for the same liability.  In an effort to eliminate the Duplicate Claims, the Reorganized Debtors reviewed the Proofs of Administrative Expense and the supporting documentation provided in those Proofs of Administrative Expense to determine which duplicate claim should be the surviving claim.  It is axiomatic that creditors are not entitled to multiple recoveries for a single liability against a debtor.  Accordingly, the Reorganized Debtors wish to eliminate the Duplicate Claims.

32.     Set forth on Exhibit G hereto is a list of Administrative Claims that the Reorganized Debtors have identified as Duplicate Claims.  For each Duplicate Claim, Exhibit G classifies a Proof of Administrative Expenses either a "Claim To Be Expunged" or as a "Surviving Claim."  The Surviving Claims reflect the classifications of the liabilities as reflected on the Reorganized Debtors' books and records.   The Reorganized Debtors request that the Administrative Claims marked as "Claims To Be Expunged"on Exhibit G be disallowed and expunged.  With respect to the Administrative Claims on Exhibit G marked as Surviving Claims, the Reorganized Debtors do not seek any relief at this time.  The inclusion of the Surviving Claims on Exhibit G, however, does not reflect any view by the Reorganized Debtors as to the ultimate validity of any such Administrative Claims.  The Reorganized Debtors therefore

13

expressly reserve all of their rights to further object to any or all of the Surviving Claims at a

later date on any basis whatsoever.

33.     Accordingly, the Reorganized Debtors (a) object to the Duplicate Claims

and (b) seek entry of an order disallowing and expunging the Duplicate Claims in their entirety.

<u>Separate Contested Matters</u>

34.     To the extent that a response is filed with respect to any Administrative

Claim listed in this Thirty-Seventh Omnibus Claims Objection and the Reorganized Debtors are

unable to resolve the response prior to the hearing on this Objection, the Reorganized Debtors

request that each such Administrative Claim and the objection to such Administrative Claim

asserted in this Objection be deemed to constitute a separate contested matter as contemplated by

Bankruptcy Rule 9014.  The Reorganized Debtors further request that any order entered by the

Court with respect to an objection asserted in this Objection will be deemed a separate order with

respect to each Claim.

<u>Reservation Of Rights</u>

35.     The Reorganized Debtors expressly reserve the right to amend, modify, or

supplement this Thirty-Seventh Omnibus Claims Objection and to file additional objections to

any other Claims (filed or not) which may be asserted against the Reorganized Debtors,

including without limitation the right to object to any Claim not objected to in this Objection on

the basis that it has been asserted against the wrong Debtor entity.  Should one or more of the

grounds for objection stated in this Objection be dismissed, the Reorganized Debtors reserve

their rights to object on other stated grounds or on any other grounds that the Reorganized

Debtors discover.  In addition, the Reorganized Debtors reserve the right to seek further

reduction of any Administrative Claim to the extent that such Administrative Claim has already

been paid.

<u>Responses To Objections</u>

J.      <u>Filing And Service Of Responses</u>

36.     The Reorganized Debtors propose that to contest an objection, responses (each, a "Response"), if any, to the Thirty-Seventh Omnibus Claims Objection should (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order"), and the Fifteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered August 26, 2009 (Docket No. 18839) (together with the Supplemental Case Management Order, the "Case Management Orders"), (c) be filed with this Court in accordance with General Order M-242 (as amended) – registered users of the this Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton), in each case so as to be **received no later than 4:00 p.m. (prevailing Eastern time) on November 11, 2009**.

K.      Contents Of Responses

37.     The Debtors further propose that every Response to this Thirty-Seventh

Omnibus Claims Objection should contain at a minimum the following:

(a)     the title of the claims objection to which the Response is directed;

(b)     the name of the claimant and a brief description of the basis for the amount of the Administrative Claim;

(c)     a concise statement setting forth the reasons why the Administrative Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing the claims objection;

(d)     unless already set forth in the Proof of Administrative Expense previously filed with this Court, documentation sufficient to establish a prima facie right to payment; provided, however, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that the claimant must disclose to the Reorganized Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Administrative Claim, subject to appropriate confidentiality constraints;

(e)     to the extent that the Administrative Claim is contingent or fully or partially unliquidated, the amount that the claimant believes would be the allowable amount of such Administrative Claim upon liquidation of the Administrative Claim or occurrence of the contingency, as appropriate; and

(f)     the address(es) to which the Reorganized Debtors must return any reply to the Response, if different from the address(es) presented in the Administrative Claim.

L.      Timely Response Required

38.     If a Response is properly and timely filed and served in accordance with

the foregoing procedures and the Reorganized Debtors are unable to reach a consensual

resolution with the claimant, the Reorganized Debtors request that this Court conduct a status

hearing on November 18, 2009 at 10:00 a.m. (prevailing Eastern time) regarding this Thirty-

16

Seventh Omnibus Claims Objection and any Response hereto and set further hearings pursuant

to the Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 503(b) for Order Authorizing

Debtors to Apply Claims Objection Procedures to Administrative Expense Claims (Docket No.

18715) (the "Claims Procedures Motion") currently pending before this Court.  With respect to

all uncontested objections, the Reorganized Debtors request that this Court conduct a final

hearing on November 18, 2009 at 10:00 a.m. (prevailing Eastern time).

39.     The Debtors request that only those Responses made in writing and timely

filed and received be considered by the Court.  If a claimant whose Proof of Administrative

Expense is subject to the Thirty-Seventh Omnibus Claims Objection and who is served with the

Thirty-Seventh Omnibus Claims Objection fails to file and serve a timely Response in

compliance with the foregoing procedures, the Reorganized Debtors may present to this Court an

appropriate order seeking relief with respect to such Administrative Claim consistent with the

relief sought in the Thirty-Seventh Omnibus Claims Objection without further notice to the

claimant, other than notice of the entry of such order; provided further, however, that if the

claimant files a timely Response which does not include the required minimum information

required by the foregoing procedures, the Reorganized Debtors may seek disallowance and

expungement of the relevant Administrative Claim or Claims.

## Further Information

40.     Questions about this Thirty-Seventh Omnibus Claims Objection or

requests for additional information about the proposed disposition of Administrative Claims

hereunder should be directed to the Reorganized Debtors' counsel by e-mail to

dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps,

Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm.

17

Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim

or the filing of a Administrative Claim should be directed to the Claims Agent at 1-888-249-

2691 or www.dphholdingsdocket.com.  Claimants should not contact the Clerk of the

Bankruptcy Court to discuss the merits of their Administrative Claims.

Notice

41.     Notice of this Motion has been provided in accordance with the

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Fifteenth

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

And Administrative Procedures, entered August 26, 2009 (Docket No. 18839).  In light of the

nature of the relief requested, the Reorganized Debtors submit that no other or further notice is

necessary.

42.     The Reorganized Debtors will provide each claimant whose Proof of

Administrative Expense is subject to an objection pursuant to this Thirty-Seventh Omnibus

Claims Objection with a personalized Notice Of Objection To Claim which specifically

identifies the claimant's Proof of Administrative Expense that is subject to an objection and the

basis for such objection as well as a copy of the Claims Objection Procedures Order.  A form of

the Notice Of Objection To Claim to be sent to the Claimants listed on Exhibits A, B, C, D, E, F,

and G is attached hereto as Exhibit J.  Claimants will receive a copy of this Thirty-Seventh

Omnibus Claims Objection without Exhibits A through J hereto.  Claimants will nonetheless be

able to review Exhibits A through J hereto free of charge by accessing the Reorganized Debtors'

18

Legal Information Website (www.dphholdingsdocket.com).  In light of the nature of the relief

requested, the Reorganized Debtors submit that no other or further notice is necessary.

05-44481-rdd   Doc 22040-3   Filed 04/05/   Entered 04/05/15 17:24:38   Exhibit 3
Pg 42 of 22

 

WHEREFORE the Reorganized Debtors respectfully request that the Court enter
an order (a) granting the relief requested herein and (b) granting the Reorganized Debtors such
other and further relief as is just.

Dated:   New York, New York
           October  15, 2009

                                 SKADDEN, ARPS, SLATE, MEAGHER
                                    & FLOM LLP

                                By:   /s/ John Wm. Butler, Jr.
                                    John Wm. Butler, Jr.
                                    John K. Lyons
                                    Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois 60606
                              (312) 407-0700

                                    - and -

                                By:   /s/ Kayalyn A. Marafioti
                                    Kayalyn A. Marafioti

                              Four Times Square
                              New York, New York 10036
                              (212) 735-3000

                              Attorneys for DPH Holdings Corp., et al.,
                                    Reorganized Debtors

In re: Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Thirty-Seventh Omnibus Claims Objection

Exhibit H - Claimants And Related Administrative Claims Subject To Thirty-Seventh Omnibus Claims Objection

| Claim Holder | Claim | Exhibit |
|---|---|---|
| IRENE M COLLINS | 17021 | Exhibit F - Pension, Benefit, And OPEB Claims |
| IULIAN NEDELESCU | 18019 | Exhibit E - Paid Severance Claims |
| J BRENT LOGAN | 17665 | Exhibit E - Paid Severance Claims |
| JACELYN R SOBEK | 17132 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JACK GASTON | 18365 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JACQUELINE STURDIVANT DONALD | 16998 | Exhibit E - Paid Severance Claims |
| JAMES A BRUNER | 18235 | Exhibit G - Duplicate Claims |
| JAMES A JESSUP | 18420 | Exhibit E - Paid Severance Claims |
| JAMES A KANE | 17551 | Exhibit E - Paid Severance Claims |
| JAMES A LUECKE | 17081 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES A OCONNOR | 19383 | Exhibit D - Untimely Claims |
| JAMES A SPENCER | 19014 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES B SUMPTER | 18620 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES B SUMPTER | 18621 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES C GRIFFIN | 17855 | Exhibit E - Paid Severance Claims |
| JAMES C VENABLE | 19306 | Exhibit D - Untimely Claims |
| JAMES D NEWTON JR | 16888 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES E FORBES | 17488 | Exhibit E - Paid Severance Claims |
| JAMES E STEFFAN | 18529 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES EDLINGER | 18343 | Exhibit C - Books And Records Claims |
| JAMES H BOARDMAN | 16873 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES L NIEMAN | 19468 | Exhibit D - Untimely Claims |
| JAMES L ODOM | 17559 | Exhibit E - Paid Severance Claims |
| JAMES M BURKE | 17207 | Exhibit E - Paid Severance Claims |
| JAMES M TRACY | 17214 | Exhibit E - Paid Severance Claims |
| JAMES R BUCZKOWSKI | 18128 | Exhibit E - Paid Severance Claims |
| JAMES R DAVIS | 17219 | Exhibit E - Paid Severance Claims |
| JAMES R HUBENTHAL | 17804 | Exhibit E - Paid Severance Claims |
| JAMES ROBERT IMOEHL | 17117 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES ROBERT IMOEHL | 17118 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES T CARNEY | 17203 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES W DICICCIO | 17842 | Exhibit E - Paid Severance Claims |
| JAMES WEBB JR | 19375 | Exhibit D - Untimely Claims |
| JAMIE L FERGUSON | 18034 | Exhibit E - Paid Severance Claims |
| JAN A SULLIVAN | 17185 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JANE E HAGBERG | 18476 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JANE HAGBERG | 18889 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JANET GILL | 17538 | Exhibit C - Books And Records Claims |
| JANET S MCCORMICK | 19411 | Exhibit D - Untimely Claims |

05-44481-rdd   Doc 22040-14   Filed 04/05/13   Entered 04/05/13 17:24:30   Exhibit 4
Pg 7 of 9

# EXHIBIT 14

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - x
                                               :
    In re                                      :    Chapter 11
                                               :
DELPHI CORPORATION, et al.,                    :    Case No. 05-44481 (RDD)
                                               :
                             Debtors.          :    (Jointly Administered)
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - x

<u>AFFIDAVIT OF SERVICE</u>

I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

On or before October 16, 2009, I caused to be served the document listed below (i) upon the parties listed on <u>Exhibit A</u> hereto via overnight delivery; (ii) upon the parties listed on <u>Exhibit B</u> via email notification and (ii) upon the parties listed on <u>Exhibit C</u> hereto via postage pre-paid U.S. mail:

    1)    Reorganized Debtors' Thirty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books And Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit And OPEB Claims, And (VII) Duplicate Claims ("Thirty-Seventh Omnibus Claims Objection") (Docket No. 18984) [a copy of which is attached hereto as <u>Exhibit D</u>]

On October 16, 2009, I caused to be served the documents listed below upon the parties listed on <u>Exhibit E</u> hereto via postage pre-paid U.S. mail:

    2)    Reorganized Debtors' Thirty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books And Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit And OPEB Claims, And (VII) Duplicate Claims ("Thirty-Seventh Omnibus Claims Objection") (without exhibits) (Docket No. 18984) [a copy of which is attached hereto as <u>Exhibit D</u>]

    3)    Personalized Notice of Objection to Claim (the "Personalized Notice") [a copy of the form of which is attached hereto as <u>Exhibit F</u>]. Each party's Personalized Notice was sent to the name and address listed in columns 1 and 2 of <u>Exhibit E</u> attached hereto. In addition, the chart provided on each


0544481091021000000000049

party's Personalized Notice contained the information listed in columns 3 through 8 of <u>Exhibit E</u> attached hereto.  The chart contained in the form of the Personalized Notice which is attached hereto as <u>Exhibit F</u> has been marked so as to demonstrate the manner in which the information listed in columns 3 through 8 of <u>Exhibit E</u> attached hereto was incorporated into each Personalized Notice.

4)   Order Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (I) Dates for Hearings Regarding Objections to Claims and (II) Certain Notices and Procedures Governing Objections to Claims ("Claim Objection Procedures Order") (Docket No. 6089) [a copy of which is attached hereto as <u>Exhibit G</u>]

Dated: October 21, 2009

_____*/s/ Evan Gershbein*_____
Evan Gershbein

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 21st day of October, 2009, by Evan Gershbein, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: ___*/s/ Shannon J. Spencer*_____

Commission Expires:___*6/20/10*_____

In re: Delphi Corporation, et al.                                                    Thirty-Seventh Omnibus Claims Objection
Case No. 05-44481 (RDD)

Exhibit H - Claimants And Related Administrative Claims Subject To Thirty-Seventh Omnibus Claims Objection

| Claim Holder | Claim | Exhibit |
|---|---|---|
| IRENE M COLLINS | 17021 | Exhibit F - Pension, Benefit, And OPEB Claims |
| IULIAN NEDELESCU | 18019 | Exhibit E - Paid Severance Claims |
| J BRENT LOGAN | 17665 | Exhibit E - Paid Severance Claims |
| JACELYN R SOBEK | 17132 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JACK GASTON | 18365 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JACQUELINE STURDIVANT DONALD | 16998 | Exhibit E - Paid Severance Claims |
| JAMES A BRUNER | 18235 | Exhibit G - Duplicate Claims |
| JAMES A JESSUP | 18420 | Exhibit E - Paid Severance Claims |
| JAMES A KANE | 17551 | Exhibit E - Paid Severance Claims |
| JAMES A LUECKE | 17081 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES A OCONNOR | 19383 | Exhibit D - Untimely Claims |
| JAMES A SPENCER | 19014 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES B SUMPTER | 18620 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES B SUMPTER | 18621 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES C GRIFFIN | 17855 | Exhibit E - Paid Severance Claims |
| JAMES C VENABLE | 19306 | Exhibit D - Untimely Claims |
| JAMES D NEWTON JR | 16888 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES E FORBES | 17488 | Exhibit E - Paid Severance Claims |
| JAMES E STEFFAN | 18529 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES EDLINGER | 18343 | Exhibit C - Books And Records Claims |
| JAMES H BOARDMAN | 16873 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES L NIEMAN | 19468 | Exhibit D - Untimely Claims |
| JAMES L ODOM | 17559 | Exhibit E - Paid Severance Claims |
| JAMES M BURKE | 17207 | Exhibit E - Paid Severance Claims |
| JAMES M TRACY | 17214 | Exhibit E - Paid Severance Claims |
| JAMES R BUCZKOWSKI | 18128 | Exhibit E - Paid Severance Claims |
| JAMES R DAVIS | 17219 | Exhibit E - Paid Severance Claims |
| JAMES R HUBENTHAL | 17804 | Exhibit E - Paid Severance Claims |
| JAMES ROBERT IMOEHL | 17117 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES ROBERT IMOEHL | 17118 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES T CARNEY | 17203 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JAMES W DICICCIO | 17842 | Exhibit E - Paid Severance Claims |
| JAMES WEBB JR | 19375 | Exhibit D - Untimely Claims |
| JAMIE L FERGUSON | 18034 | Exhibit E - Paid Severance Claims |
| JAN A SULLIVAN | 17185 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JANE E HAGBERG | 18476 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JANE HAGBERG | 18889 | Exhibit F - Pension, Benefit, And OPEB Claims |
| JANET GILL | 17538 | Exhibit C - Books And Records Claims |
| JANET S MCCORMICK | 19411 | Exhibit D - Untimely Claims |

Delphi Corporation
Thirty-Seventh Omnibus Claims Objection
Exhibit F Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| **Name** | **Address** | **Date Filed** | **Claim Number** | **Asserted Claim Amount** | **Basis For Objection** | **Treatment of Claim** | **Surviving Claim Number** |
| James A Luecke | 3845 W College Ave<br>Milwaukee, WI 53221 | 6/30/09 | 17081 | $159,000.00 | Pension, Benefit, And OPEB Claims | Disallow And Expunge | |
| James A Spencer | 705 Hardwick<br>Aurora, OH 44202 | 7/15/09 | 19014 | $0.00 | Pension, Benefit, And OPEB Claims | Disallow And Expunge | |
| James B Sumpter | 21169 Westbay Cir<br>Noblesville, IN 46062 | 7/14/09 | 18620 | $97,788.00 | Pension, Benefit, And OPEB Claims | Disallow And Expunge | |
| James B Sumpter | 21169 Westbay Cir<br>Noblesville, IN 46062 | 7/14/09 | 18621 | $62,524.08 | Pension, Benefit, And OPEB Claims | Disallow And Expunge | |
| James D Newton Jr | 5555 Widgeon Ct<br>Dayton, OH 45424 | 6/26/09 | 16888 | $487,200.00 | Pension, Benefit, And OPEB Claims | Disallow And Expunge | |
| James E Steffan | 4902 Eastbrooke Pl<br>Williamsville, NY 14221 | 7/13/09 | 18529 | $0.00 | Pension, Benefit, And OPEB Claims | Disallow And Expunge | |
| James H Boardman | 2714 Whitehouse Dr<br>Kokomo, ID 46902 | 6/26/09 | 16873 | $33,320.52 | Pension, Benefit, And OPEB Claims | Disallow And Expunge | |
| James Robert Imoehl | W363S10902 Burr Oak Trl<br>Eagle, WI 53119 | 6/29/09 | 17117 | $2,274.00 | Pension, Benefit, And OPEB Claims | Disallow And Expunge | |
| James Robert Imoehl | W363S10902 Burr Oak Trl<br>Eagle, WI 53119 | 6/29/09 | 17118 | $2,274.00 | Pension, Benefit, And OPEB Claims | Disallow And Expunge | |
| James T Carney | 8004 Anderson<br>Warren, OH 44484 | 7/2/09 | 17203 | $0.00 | Pension, Benefit, And OPEB Claims | Disallow And Expunge | |

# EXHIBIT 15

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                      :

In re                       :        Chapter 11
                            :

DPH HOLDINGS CORP., et al.,   :        Case No. 05-44481 (RDD)
                            :

        Reorganized Debtors.    :        (Jointly Administered)
                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

## AFFIDAVIT OF SERVICE

I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Reorganized Debtors in the above-captioned cases.

On December 4, 2009, I caused to be served the document listed below (i) upon the parties listed on Exhibit A hereto via electronic notification and (ii) upon the parties listed on Exhibit B hereto via postage pre-paid U.S. mail:

1)    Order Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books And Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit, And OPEB Claims, And (VII) Duplicative Claims ("Thirty-Seventh Omnibus Claims Objection Order") (Docket No. 19135) [a copy of which is attached hereto as Exhibit C]

On December 4, 2009, I caused to be served the documents listed below upon the parties listed on Exhibit D hereto via postage pre-paid U.S. mail:

2)    Order Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books And Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit, And OPEB Claims, And (VII) Duplicative Claims ("Thirty-Seventh Omnibus Claims Objection Order") [without exhibits] (Docket No. 19135) [a copy of which is attached hereto as Exhibit C]

3)    Personalized Notice Of Entry Of Order Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books And Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit, And OPEB Claims, And (VII) Duplicative Claims Identified In The Thirty-Seventh Omnibus Claims Objection (the "Personalized Notice") [a copy of the form of which is attached hereto as Exhibit E]. Each party's Personalized Notice was sent to



0544481091208000000000003

the name and address listed in columns 1 and 2 of <u>Exhibit D</u> attached hereto. In addition, the chart provided on each party's Personalized Notice contained the information listed in columns 3 through 8 of <u>Exhibit D</u> attached hereto.  The chart contained in the form of the Personalized Notice which is attached hereto as <u>Exhibit E</u> has been marked so as to demonstrate the manner in which the information listed in columns 3 through 8 of <u>Exhibit D</u> attached hereto was incorporated into each Personalized Notice.

Dated: December 8, 2009

<u>    <i>/s/ Evan Gershbein</i>      </u>
Evan Gershbein

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 8th day of December, 2009, by Evan Gershbein, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature:  <u>    <i>/s/ Aimee M. Parel</i>          </u>

Commission Expires:  <u>    <i>9/27/13</i>      </u>

**In re Delphi Corporation, et al.**                                      **Thirty-Seventh Omnibus Claims Objection**

**Case No. 05-44481 (RDD)**

## EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS

| CREDITOR'S NAME AND ADDRESS * | CLAIM NUMBER | ASSERTED CLAIM AMOUNT ** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| HILLERT PAUL G | 18697 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>UNL<br><br>UNL | 07/14/2009 | DELPHI CORPORATION (05-44481) |
| IRENE M COLLINS | 17021 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>UNL<br><br>UNL | 06/29/2009 | DELPHI CORPORATION (05-44481) |
| JACELYN R SOBEK | 17132 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$644.00<br><br>$644.00 | 07/01/2009 | DELPHI CORPORATION (05-44481) |
| JACK GASTON | 18365 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>UNL<br><br>UNL | 07/13/2009 | DELPHI CORPORATION (05-44481) |
| JAMES A SPENCER | 19014 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>UNL<br><br>UNL | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| JAMES B SUMPTER | 18621 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$62,524.08<br><br>$62,524.08 | 07/14/2009 | DELPHI CORPORATION (05-44481) |
| JAMES B SUMPTER | 18620 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$97,788.00<br><br>$97,788.00 | 07/14/2009 | DELPHI CORPORATION (05-44481) |
| JAMES D NEWTON JR | 16888 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$487,200.00<br><br>$487,200.00 | 06/26/2009 | DELPHI CORPORATION (05-44481) |

\*       The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*      "UNL" denotes an unliquidated claim.

In re: Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Thirty-Seventh Omnibus Claims Objection

Exhibit I - Claimants And Related Administrative Claims Subject To Thirty-Seventh Omnibus Claims Objection

| Claim Holder | Claim | Exhibit |
|---|---|---|
| JACK GASTON | 18365 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JACQUELINE STURDIVANT DONALD | 16998 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAMES A BRUNER | 18235 | EXHIBIT G - DUPLICATE CLAIMS |
| JAMES A JESSUP | 18420 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAMES A KANE | 17551 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAMES A LUECKE | 17081 | EXHIBIT H-4 - ADJOURNED PENSION, BENEFIT, AND OPEB CLAIMS |
| JAMES A OCONNOR | 19383 | EXHIBIT D - UNTIMELY CLAIMS |
| JAMES A SPENCER | 19014 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JAMES B SUMPTER | 18620 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JAMES B SUMPTER | 18621 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JAMES C GRIFFIN | 17855 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAMES C VENABLE | 19306 | EXHIBIT D - UNTIMELY CLAIMS |
| JAMES D NEWTON JR | 16888 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JAMES E FORBES | 17488 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAMES E STEFFAN | 18529 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JAMES EDLINGER | 18343 | EXHIBIT C - BOOKS AND RECORDS CLAIMS |
| JAMES H BOARDMAN | 16873 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JAMES L NIEMAN | 19468 | EXHIBIT D - UNTIMELY CLAIMS |
| JAMES L ODOM | 17559 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAMES M BURKE | 17207 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAMES M TRACY | 17214 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAMES R BUCZKOWSKI | 18128 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAMES R DAVIS | 17219 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAMES R HUBENTHAL | 17804 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAMES ROBERT IMOEHL | 17117 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JAMES ROBERT IMOEHL | 17118 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JAMES T CARNEY | 17203 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JAMES W DICICCIO | 17842 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAMES WEBB JR | 19375 | EXHIBIT D - UNTIMELY CLAIMS |
| JAMIE L FERGUSON | 18034 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JAN A SULLIVAN | 17185 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JANE E HAGBERG | 18476 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JANE HAGBERG | 18889 | EXHIBIT F - PENSION, BENEFIT, AND OPEB CLAIMS |
| JANET GILL | 17538 | EXHIBIT C - BOOKS AND RECORDS CLAIMS |
| JANET S MCCORMICK | 19411 | EXHIBIT D - UNTIMELY CLAIMS |
| JANICE ANN FORKNER | 18190 | EXHIBIT B - EQUITY INTERESTS |
| JAY ADAMS | 17497 | EXHIBIT E - PAID SEVERANCE CLAIMS |
| JEANIE RUNNING | 19400 | EXHIBIT D - UNTIMELY CLAIMS |
| JEFFREY A GARDINER | 17826 | EXHIBIT E - PAID SEVERANCE CLAIMS |

Thirty-Seventh Omnibus Objection Order
Exhibit F Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis For Objection | Treatment of Claim | Surviving Claim Number |
| Jack Gaston | 5340 Pierce Rd<br>Warren, OH 44481 | 7/13/09 | 18365 | $0.00 | Pension, Benefit, And OPEB Claims | Disallow And Expunge | |
| James A Spencer | 705 Hardwick<br>Aurora, OH 44202 | 7/15/09 | 19014 | $0.00 | Pension, Benefit, And OPEB Claims | Disallow And Expunge | |
| James B Sumpter | 21169 Westbay Cir<br>Noblesville, IN 46062 | 7/14/09 | 18620 | $97,788.00 | Pension, Benefit, And OPEB Claims | Disallow And Expunge | |
| James B Sumpter | 21169 Westbay Cir<br>Noblesville, IN 46062 | 7/14/09 | 18621 | $62,524.08 | Pension, Benefit, And OPEB Claims | Disallow And Expunge | |
| James D Newton Jr | 5555 Widgeon Ct<br>Dayton, OH 45424 | 6/26/09 | 16888 | $487,200.00 | Pension, Benefit, And OPEB Claims | Disallow And Expunge | |
| James E Steffan | 4902 Eastbrooke Pl<br>Williamsville, NY 14221 | 7/13/09 | 18529 | $0.00 | Pension, Benefit, And OPEB Claims | Disallow And Expunge | |
| James H Boardman | 2714 Whitehouse Dr<br>Kokomo, ID 46902 | 6/26/09 | 16873 | $33,320.52 | Pension, Benefit, And OPEB Claims | Disallow And Expunge | |
| James Robert Imoehl | W363S10902 Burr Oak Trl<br>Eagle, WI 53119 | 6/29/09 | 17117 | $2,274.00 | Pension, Benefit, And OPEB Claims | Disallow And Expunge | |
| James Robert Imoehl | W363S10902 Burr Oak Trl<br>Eagle, WI 53119 | 6/29/09 | 17118 | $2,274.00 | Pension, Benefit, And OPEB Claims | Disallow And Expunge | |
| James T Carney | 8004 Anderson<br>Warren, OH 44484 | 7/2/09 | 17203 | $0.00 | Pension, Benefit, And OPEB Claims | Disallow And Expunge | |
| Jan A Sullivan | 14152 Arcadian Cir<br>Carmel, IN 46033 | 7/1/09 | 17185 | $0.00 | Pension, Benefit, And OPEB Claims | Disallow And Expunge | |

# EXHIBIT 16



a professional corporation

**Cynthia J. Haffey**
**313 983 7434**
haffey@butzel.com

Suite 100    150 West Jefferson
Detroit, Michigan 48226
**T:** 313 225 7000 **F:** 313 225 7080
**butzel.com**

April 5, 2013

Mr. James B. Sumpter
21169 Westbay Circle
Noblesville, Indiana 46062
jsump@ieee.org

> **Re:** **DPH Holdings Corp., et al., Case No. 05-44481 in the U.S. Bankruptcy Court for the Southern District of New York (the "Bankrutpcy Court")/Reorganized Debtors' Notice of Intent to Seek Sanctions**

Dear Mr. Sumpter:

I am writing in connection with the Complaint which you filed on March 4, 2013 against DPH Holdings Corporation and the (now terminated) DPH Life & Disability Benefits Program (hereinafter together "DPH"), in the United States District Court of Indiana, Southern Division, Case No. 1:13-cv-00347 (the "Litigation"). DPH has reviewed the Complaint and it is meritless. As you know, the Complaint presents the same issues and seeks monetary relief for claims that the Bankruptcy Court disallowed and expunged in their entirety. Accordingly, before DPH incurs the expense of litigation, I am writing to request that you (i) immediately dismiss the Complaint against DPH, with prejudice, within three (3) business days after the date of this letter and (ii) refrain from filing any subsequent claims or complaints seeking to re-litigate these issues.

Should you fail to comply with either part of this request, this letter constitutes notice that DPH will seek sanctions against you pursuant to Fed. R. Bankr. P. 9011(c) and/or Fed. R. Civ. P. 11(c). Without limitation, DPH will request reimbursement of their attorney fees and costs incurred in connection with (a) this letter, (b) the Litigation, (c) their filing a motion in the bankruptcy court to enjoin the Litigation, and (d) their filing a motion for sanctions.

Should you have any questions, please feel free to contact me.

Very truly yours,

Cynthia J. Haffey

05-44481-rdd    Doc 22040    Filed 04/05/    Entered 04/04/13 08:72:36    Exhibit 8

**From:** james Sumpter [mailto:jsump@ieee.org]
**Sent:** Wednesday, April 03, 2013 9:23 PM
**To:** Haffey, Cynthia J.
**Subject:** Re: Notice Pursuant to Fed. R. Civ. P. 11(c) and Bankruptcy Rule 9011(c)

## As I stated in my prior E-mail, my claim was provisional as was indicated in the letter which was attached to the claim. (See the attached document) Also as I noted before, it was an error by DPHH to expunge this claim for any reason other than it was redundant.

## In addition you should note the following taken from Judge Drain's final order regarding termination of OPEB benefits - docket # 16448:

## *4. The Debtors shall continue to provide benefits for claims incurred by each*
## *Eligible Salaried Employee through the cessation date of such retiree's participation in the*
## *applicable welfare plan, provided that such retiree has timely paid all requisite contributions for*
## *the applicable plan, and provided further that such retirees shall not be required to file proofs of*
## *claim in this Court to implement the terms of this decretal paragraph.*

Also see docket # 16451 (OPEB hearing) in which there is reference made to continuing payments (page 68 - lines 5 thru 9, which reference 11 USC 1129 (a) (13)

 *(13) The plan provides for the continuation after its effective date of payment of all retiree benefits, as that term is defined in section 1114 of this title, at the level established pursuant to subsection (e)(1)(B) or (g) ofsection 1114 of this title, at any time prior to confirmation of the plan, for the duration of the period the debtor has obligated itself to provide such benefits.*

Thus my claim was already protected and it is therefore in direct conflict with judge Drain's order and illegal pursuant to 11 USC 1129 (a) (13) to disallow it or expunge it for any reason other than it was a duplicate.

I hope this information clarifies the issue for you.

James B. Sumpter

On 4/3/2013 12:19 PM, Haffey, Cynthia J. wrote:
Mr. Sumpter,

Please see your Administrative Expense Claim, docket # 18620, as well as the Court's Order disallowing and expunging your claim (Docket #19135).  In addition, please see the October 15, 2009 Thirty-Seventh Omnibus Objection, the July 15, 2009 Modification Procedures Order and the July 30, 2009 Order Approving Modification Under 11 USC Section 1127(b), paragraphs 22 and 47.

Regards,

Cynthia Haffey

**From:** james Sumpter [mailto:jsump@ieee.org]
**Sent:** Thursday, March 21, 2013 7:00 PM
**To:** Haffey, Cynthia J.
**Subject:** Re: Notice Pursuant to Fed. R. Civ. P. 11(c) and Bankruptcy Rule 9011(c)

## Ms Haffey:

## This issue has not been litigated.  If you believe that it has, provide me the docket number associated with the litigation.

## James Sumpter

On 3/21/2013 4:12 PM, Haffey, Cynthia J. wrote:
Dear Mr. Sumpter,

Please see the attached letter providing you with notice pursuant to Fed. R. Civ. P. 11(c) and Bankruptcy Rule 9011(c).

Regards,

Cynthia Haffey

To comply with U.S. Treasury Regulations: This communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the tax laws of the United States, or promoting, marketing or recommending to another party any transaction or matter addressed in this communication (and any attachment).

Confidentiality Statement:

This message (including any attachments) is intended only for the individual or entity to which it is addressed. It may contain privileged, confidential information that is exempt from disclosure under applicable laws. If you are not the intended recipient, please note that you are strictly prohibited from disseminating or distributing this information (other than to the intended recipient) or copying this information. If you have received this communication in error, please notify us immediately by e-mail or by telephone at (313) 225-7000. To learn more about Butzel Long, please visit our website at http://www.butzel.com

To comply with U.S. Treasury Regulations: This communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the tax laws of the United States, or promoting, marketing or recommending to another

05-44481-rdd   Doc 22040-16   Filed 04/05/13   Entered 04/05/13 17:24:36   Exhibit 16
Pg 9 of 9

party any transaction or matter addressed in this communication (and any attachment).

Confidentiality Statement:

This message (including any attachments) is intended only for the individual or entity to which it is addressed. It may contain privileged, confidential information that is exempt from disclosure under applicable laws. If you are not the intended recipient, please note that you are strictly prohibited from disseminating or distributing this information (other than to the intended recipient) or copying this information. If you have received this communication in error, please notify us immediately by e-mail or by telephone at (313) 225-7000. To learn more about Butzel Long, please visit our website at http://www.butzel.com

# EXHIBIT F

**Hearing Date:  April 25, 2013 at 10 a.m. (EDT)**
**Response Date:  April 18, 2013**

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, Michigan  48226
(313) 225-7000
Cynthia J. Haffey
Thomas B. Radom
David J. DeVine

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| DPH HOLDINGS CORP., *et al.,* | ) | Case No. 05-44481 (RDD) |
| | ) | Jointly Administered |
| | ) | |
| Reorganized Debtors. | ) | |

**NOTICE OF REORGANIZED DEBTORS' MOTION FOR ORDER
(I) ENFORCING MODIFICATION PROCEDURES ORDER,
MODIFIED PLAN AND PLAN MODIFICATION ORDER INJUNCTION
AND THIRTY-SEVENTH OMNIBUS CLAIMS OBJECTION ORDER
AGAINST JAMES SUMPTER, AS PLAINTIFF, IN FEDERAL COURT ERISA
ACTION; AND (II) DIRECTING JAMES SUMPTER TO DISMISS FEDERAL COURT
ERISA ACTION AGAINST THE REORGANIZED DEBTORS AND
THE REORGANIZED DEBTORS' LIFE & DISABILITY BENEFITS PROGRAM**

PLEASE TAKE NOTICE that on April 5, 2013, DPH Holdings Corp. ("DPH Holdings")

and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the

"Reorganized Debtors"), successors to Delphi Corporation ("Delphi") and certain of its

subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), filed a *Motion For Order (I) Enforcing Modification Procedures*

*Order, Modified Plan and Plan Modification Order Injunction and Thirty-Seventh Omnibus*

*Claims Objection Order Against James Sumpter, as Plaintiff, in Federal Court ERISA Action;*

and (II) *Directing James Sumpter to Dismiss Federal Court ERISA Action Against the Reorganized Debtors and the Reorganized Debtors' Life & Disability Benefits Program* (*"Sumpter ERISA Injunction Motion"*) *(Docket No. 22040)* (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing to consider the Motion will be held on April 25, 2013 at 10:00 a.m. (prevailing Eastern time) (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) ("Supplemental Case Management Order"), and the Twenty-Seventh Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered April 20, 2012 (Docket No. 21865) (together with the Supplemental Case Management Order, the "Case Management Orders"), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based work processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan

48098 (Att'n: President), (ii) counsel to the Reorganized Debtors, Butzel Long, 150 West

Jefferson, Suite 100, Detroit, Michigan 48226 (Att'n: Cynthia J. Haffey, Thomas B. Radom, and

David J. DeVine), (iii) the Office of the United States Trustee for the Southern District of New

York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Masumoto),

and (iv) counsel for the agent under the Debtors' former postpetition credit facility, Davis Polk &

Wardell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald S. Bernstein and

Brian M. Resnick) in each case so as to be received no later than 4:00 p.m. (prevailing Eastern

time) on April 18, 2013.

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth herein

and in accordance with the Case Management Orders will be considered by the Bankruptcy

Court at the Hearing. If no objections to the Motion are timely filed and served in accordance

with the procedures set forth herein and in the Case Management Orders, the Bankruptcy Court

may enter an order granting the Motion without further notice.

Dated: Detroit, Michigan
      April 5, 2013

                                BUTZEL LONG, a professional corporation

                                By:   /s/ Cynthia J. Haffey
                                      Cynthia J. Haffey
                                      Thomas B. Radom
                                      David J. DeVine
                              150 West Jefferson, Suite 100
                              Detroit, Michigan  48226
                              (313) 225-7000

                              *Attorneys for Reorganized Debtors*