21169 Westbay Circle
Noblesville, IN  46062
April 10, 2013

The Honorable Robert D. Drain
United States Bankruptcy Court
For the Southern District of New York
300 Quarropas Street

cc:

| | |
|---|---|
| The Honorable Tanya Walton Pratt | Mr. Douglas Dormire Powers |
| U.S. District Court | BECKMAN LAWSON LLP |
| Birch Bayh Federal Building | 201 West Wayne Street |
| 46 East Ohio Street | Fort Wayne, IN 46802 |
| Chambers Room 524 | |
| Indianapolis, IN 46204 | Ms. Cynthia Haffey - via E-mail |

**Re:**

 (**"SUMPTER ERISA INJUNCTION MOTION"**) filed by **Ms. Cynthia Haffey, attorney for DPHH - Case # 05-44481 (RDD) - Docket # 22040**

**ERISA BENEFIT DENIAL COMPLAINT filed by James B Sumpter, pro se in District Court - Southern District of Indiana – Indianapolis
SUMPTER v. DELPHI AUTOMOTIVE SYSTEMS (HOLDING), INC. et al
Case #   1:13-cv-00347-TWP-DKL**

Dear Judge Drain:

Ms Haffey has recently filed a motion (Docket # 22040) requesting an injunction against my ERISA suit against DPHH and the Delphi Life and Disability Program.  I am requesting, for the reasons discussed below, that the Court exercise the powers conferred upon it under Section 105(a) of the Bankruptcy Code and *sua sponte* dismiss the Haffey Motion.

Ms. Haffey's motion is procedurally flawed.  She seeks an injunction, which is an adversary proceeding, governed by **Part VII of the Federal Bankruptcy Rules**.  However, Ms. Haffey has failed to file a complaint and issue a summons, as required.  This is especially significant, since Ms. Haffey requested the court dismiss my motion for injunction (Docket # 21867) on the same grounds last April, in her letter to the Court

dated April 17, 2012.  I quote directly from her letter:

> *The Court is well aware that, as a matter of basic bankruptcy procedure, a proceeding to obtain an injunction or other equitable relief is governed by Rule 7001 which requires the commencement of an adversary proceeding and the filing of a complaint. Because a motion outside an adversary proceeding is not the appropriate vehicle for an injunctive request, the Preliminary Injunction Motion fails on its face and there is no just reason why the Reorganized Debtors should have to incur the cost of formally responding and appearing for a hearing.*

The Court did honor Ms. Haffey's request on the basis that **"the relief requested must be sought in an adversary proceeding pursuant to Fed. R. Bankr. P. 7001"** (see Docket # **21876** and **21877**).  It is therefore logical and fair that the Court would follow its prior precedence, with respect to my request.  Therefore, there is no just reason that I should have to endure the stress and hardship of having to formerly respond and appear at a hearing.

Additionally, Ms Haffey's motion does not comply with local **Rule 9006-1(b)**, which specifies that *"motion papers shall be served at least 14 days before the return date"*. Assuming Ms Haffey's notice by E-mail is considered proper (of which there is serious question), **service is, at best, only thirteen days before the return date**, since I received the notice at 5:55 pm, on Friday April 5th and the motion sets a return date of April 18th (Paper copies arrived on Monday April 8th ).  As a result, the violation of local **Rule 9006-1(b)** is also a compelling reason to dismiss Ms. Haffey's motion.

Ms Haffey's effort is also an attempt to subvert the Jurisdiction of the District Court, which has exclusive jurisdiction to hear ERISA cases[1], as established by **29 USC 1132 (e)**.  At the same time, Ms. Haffey is attempting to improperly split the case venue between SDIN District Court and the (SDNY bankruptcy court).  Thus, Ms Haffey is also trying for force an additional hardship on me by forcing me to have to litigate the same issues twice.

It is also an abuse of Court resources and my scarce resources to have to litigate

---

[1] In limited areas, 1132 (a) (1) (B) and 1132 (a) (7), the District Court has concurrent jurisdiction with State Courts.

this case in two separate venues, when clearly; the District Court has full jurisdictional authority to adjudicate the ERISA claim and DPHH issues.

Ms. Haffey, in her procedurally improper motion for injunction, has not shone that there is any potential for irreparable injury. There is no potential of irreparable injury to DPHH, since my ERISA Claim is valid and DPHH has a presence and legal representation in the District Court SDIN and are free to raise any legitimate issue.

Ms Haffey also alleges that Sumpter's ERISA claim was properly expunged in October 2009. However, she refuses to consider the argument that expungement was either erroneous or willfully illegal. As a result, she refuses to consider the information that I provided her regarding **11 USC 1129 (a) (13),** which, in part, states the following:

> *(13) The plan provides for the continuation after its effective date of payment of all retiree benefits, as that term is defined in section 1114 of this title, at the level established pursuant to subsection (e)(1)(B) or (g) of section 1114 of this title, at any time prior to confirmation of the plan, for the duration of the period the debtor has obligated itself to provide such benefits.*

I have also made Ms. Haffey aware of the Courts comments in the OPEB hearing (docket # 16451 – Transcript page 68: line 5 thru 9), which references 11 **USC 1129 (a) (13)**

In addition Ms. Haffey was made aware of the following content from Judge Drain's final OPEB order (Docket # 16448):

> *The Debtors shall continue to provide benefits for claims incurred by each Eligible Salaried Employee through the cessation date of such retiree's participation in the applicable welfare plan, provided that such retiree has timely paid all requisite contributions for the applicable plan, and provided further that such retirees shall not be required to file proofs of claim in this Court to implement the terms of this decretal paragraph.*

Thus, she has chosen to ignore bankruptcy law and the Court's order as referenced above.

Additionally, there is nothing constraining DPHH from making its argument in District Court. There are remedies available at law to address any potential, yet unidentified injury.

Furthermore, contrary to the text of her motion, Ms Haffey demonstrates a poor understanding of the nature of the benefit payment being sought, the ERISA benefit appeal process and ERISA law in general.  Ms. Haffey's argument could only possibly apply to Cause One of the Sumpter ERISA Complaint.  Thus, under any circumstance DPHH is required to argue its position in District Court, relative to Causes Two, Three, Four and Six.

It should also be noted that Mr. Douglas Dormire Powers of Beckman Lawson, LLP, has filed an appearance on behalf of DPHH and the Benefit Program in the District Court, SDIN.  Mr. Powers requested and was granted an extension of time to respond to the ERISA Complaint.  This raises a serious question as to whether that request for delay was a pretext to allow time for Ms. Haffey to pursue her "Injunction Motion", which I think should be of interest to Bankruptcy Court and the Honorable Tanya Walton Pratt, District Judge, SDIN.

Ms. Haffey continues to allege that I am harassing DPHH.  However, this allegation has no merit. I have been disabled and unable to work, for the past twelve years, because I have lupus, rheumatoid arthritis, major depression and chronic fatigue.  I have recurring episodes of pleurisy, infrequent cardiac episodes and worsening problems with most of my joints.  I have limited use of my hands. I am able to achieve a very modest productivity on my computer keyboard because I wear custom (swan neck) occupational splints on six of my fingers (three on each hand) and a supplemental splint to control two of the joints for my left hand.  On my best days, I have two to three hour of productivity.  When I work on one of these legal issues, I walk a health threatening tight-rope due to the strain of the effort and the accompanying stress.  I share this information to make the point that my situation is too tenuous to waste my limited time and physical resources on any malicious or unproductive endeavor.

For the same reasons, having to answer Ms Haffey's motion in bankruptcy court would pose an unjust an unnecessary hardship on me and my well being, which plainly

demonstrates that the balance of hardship brought by having to argue this injunction, or endure such an order, weighs strongly against me.

It should also be noted that an injunction in this matter offers no benefit to the public's interest.

Although, The court in its ruling regarding the Sumpter Vesting Motion, permits me to refile ( May 1, 2012; Docket 21876), I have learned that the increased time pressures of Bankruptcy Court and the encumbrances of long distance litigation poses too great a strain on my health. In addition, for my remaining issues, District Court has the proper jurisdiction and Indianapolis is the best venue (as in the case of ERISA). Thus, it was my plan not to seek any further relief from the Bankruptcy Court. Therefore, Absent Ms Haffey's improper motion, that would still be the case.

Thus, I pray I have made the case that Ms. Haffey's motion is procedurally improper, is factually flawed and that DPHH is in no way threatened by any irreparable injury. Thus, I hope that you will find it appropriate to dismiss the "Injunction Motion", that you will instruct Ms. Haffey that the District Court has full jurisdiction over the ERISA Complaint and that the Southern District of Indiana - Indianapolis is the proper venue to litigate any related issues.

Respectfully,

*James B Sumpter*

James B. Sumpter, pro se
jsump@ieee.org
317-877-0736