# BUTZEL LONG
ATTORNEYS AND COUNSELORS

*a professional corporation*

Thomas B. Radom
248 258 1413
radom@butzel.com

Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, Michigan 48304
T: 248 258 1616  F: 248 258 1439
butzel.com

April 11, 2013

*Via email/pdf to rdd.chambers@nysb.uscourts.gov*

The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:  In re DPH Holdings Corp., *et. al.*, Case No. 05-44481

Dear Judge Drain:

    On behalf of the Reorganized Debtors, we are writing in response to James Sumpter's letter of yesterday concerning the *Reorganized Debtors' Motion For Order (I) Enforcing Modification Procedures Order, Modified Plan and Plan Modification Order Injunction and Thirty-Seventh Omnibus Claims Objection Order Against James Sumpter, as Plaintiff, in Federal Court ERISA Action; and (II) Directing James Sumpter to Dismiss Federal Court ERISA Action Against the Reorganized Debtors and the Reorganized Debtors' Life & Disability Benefits Program ("Sumpter ERISA Injunction Motion") (Docket No. 22040)* (the "Motion") filed this past Friday, April 5, 2013.

    First, Mr. Sumpter's request for a *sua sponte* dismissal of the Motion on the grounds that an adversary proceeding is required is simply wrong on the law. As the Court is well aware, a chapter 11 debtor is not required to file an adversary proceeding to enforce an existing injunction or order in a chapter 11 plan or otherwise, as is the case here. *See Fed. R. Bankr. P. 7001(7); In re Kalikow*, 602 F. 3d 82, 93 (2nd Cir. 2010) ("[T]he Enforcement Motion involved the enforcement of a pre-existing injunction, a consideration that permits the resolution of the motion as a contested matter rather than through an adversary proceeding"); *In re Continental Airlines, Inc.*, 236 B.R. 318, 327 (Bankr. D. Del. 1999) ("[O]n the basis of the plain language of *Rule 7001(7)*, an adversary proceeding is not necessary where the relief sought is the enforcement of an injunction *previously obtained*, as in the case of enforcement of the discharge injunction." (Emphasis in original)).

April 11, 2013

      Second, Mr. Sumpter's assertion that service of the Motion failed to comply with Local Rule 9006-1(b), even if true (which it is not), also is no basis to dismiss the Motion *sua sponte*. For the record, the Reorganized Debtors state that the Motion was properly served in accordance with the Court's case management orders. *See Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Twenty-Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered April 20, 2012 (Docket No. 21974)*. Having said that, if Mr. Sumpter would like a reasonable extension of time to answer the Motion, we would have no objection.

      The balance of the Mr. Sumpter's letter, which arguably addresses the merits of the Motion or pleads hardship (as a consequence of his own action), also offers no basis for dismissing the Motion *sua sponte*. We therefore request that the Court reject Mr. Sumpter's requests in their entirety and allow the Motion to proceed to hearing.

Respectfully,

Thomas B. Radom

cc:  James Sumpter *(via electronic mail)*
      Cynthia Haffey *(via electronic mail)*

BUTZEL LONG