Hearing Date: April 25, 2013 at 10 a.m. (EDT)
Response Date: April 18, 2013

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, Michigan 48226
(313) 225-7000
Cynthia J. Haffey
Thomas B. Radom
David J. DeVine

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| Reorganized Debtors. | |

**REORGANIZED DEBTORS' REPLY IN SUPPORT OF MOTION
FOR ORDER (I) ENFORCING MODIFICATION PROCEDURES ORDER,
MODIFIED PLAN AND PLAN MODIFICATION ORDER INJUNCTION
AND THIRTY-SEVENTH OMNIBUS CLAIMS OBJECTION ORDER
AGAINST JAMES SUMPTER, AS PLAINTIFF, IN UNITED STATES
DISTRICT COURT, SOUTHERN DISTRICT OF INDIANA ERISA CLAIM
ACTION; AND (II) DIRECTING JAMES SUMPTER TO DISMISS FEDERAL
COURT ERISA ACTION AGAINST THE REORGANIZED DEBTORS AND
THE REORGANIZED DEBTORS' LIFE & DISABILITY BENEFITS PROGRAM**

**("REPLY IN SUPPORT OF SUMPTER ERISA INJUNCTION MOTION")**

James Sumpter's ("Mr. Sumpter") action in the United States District Court for the Southern District of Indiana seeks an early life insurance payout. This is the same relief Mr. Sumpter sought in this Court, and his claim was disallowed and expunged in its entirety.[1] While

---

[1] The Life Insurance pay-out benefit was never offered under any of Delphi or DPH benefit plans. While the benefit was offered by Sumpter's former employer, General Motors Corporation ("GM")[1], GM discontinued the benefit in or around 1994, years prior to Sumpter becoming disabled. Thus, to the extent Delphi may have paid out benefits to those individuals that had already vested under GM's early payout

1

Mr. Sumpter nonetheless makes several arguments in response to DPH's Sumpter ERISA Injunction Motion, none of these arguments preclude this Court from enjoining Mr. Sumpter's U.S. District Court action.

1. As an initial matter, Mr. Sumpter wrongly claims that he was not served with notice of either the Reorganized Debtors' objection to his administrative claim or the "Claims Procedure Notice". *See Sumpter Response, pg. 4.* Mr. Sumpter is mistaken. He was served with the appropriate notices. It appears that Mr. Sumpter simply failed to understand the attachments to the applicable affidavits of service. Contrary to his assertion in his response, Mr. Sumpter does appear on "Exhibit E" to the affidavit of service for the Reorganized Debtors' Thirty-Seventh Omnibus Objection. Specifically, his name appears on the "Exhibit F Service List", which is included in Exhibit E of the *Affidavit of Service of the Reorganized Debtors' Thirty-Seventh Omnibus Objection (Docket No. 18997)* (**Exhibit 1**). The "Exhibit F Service List" is also part of Exhibit D of the *Affidavit of Service of the Thirty-Seventh Omnibus Claims Objection Order (Docket No. 19155)* (**Exhibit 2**). Further, Mr. Sumpter clearly had notice of the claims procedure process, as evidenced by his July 6, 2009 letter to Metropolitan Life Insurance Company, in which he states that "will be filing an administrative claim with the bankruptcy court (prior to July 15, 2009) for the $97,788 permanent disability life insurance benefit" "in an effort to preserve [his] rights." This letter is attached to Mr. Sumpter's July 2009 administrative claim. *See Reorganized Debtors' Sumpter ERISA Injunction Motion (Docket No. 22040) at Exhibit 2*.

2. Second, the Reorganized Debtors' motion is not procedurally flawed. As this Court is well aware, a chapter 11 debtor is not required to file an adversary proceeding to enforce an existing injunction or order in a chapter 11 plan or otherwise, as is the case here. *See* Fed. R.

---

prior to the benefit's termination, Sumpter would not have qualified and, therefore was never eligible for the benefit.

2

Bankr. P. 7001(7); *In re Kalikow*, 602 F.3d 82, 93 (2d Cir. 2010) ("[T]he Enforcement Motion involved the enforcement of a pre-existing injunction, a consideration that permits the resolution of the motion as a contested matter rather than through an adversary proceeding"); *In re Continental Airlines, Inc.*, 236 B.R. 318, 327 (Bankr. D. Del. 1999) ("[O]n the basis of the plain language of Rule 7001(7), an adversary proceeding is not necessary where the relief sought is the enforcement of an injunction *previously obtained*, as in the case of enforcement of the discharge injunction." (Emphasis in original)).

3. Mr. Sumpter's disability life insurance claim was neither wrongly objected to nor wrongly expunged. Mr. Sumpter appears to argue that a claim for benefits could not be denied because this Court's Final OPEB Termination Order (Docket No. 16448) provides that the Debtors "shall continue to provide befits for claims incurred by each Eligible Salaried Employee through the cessation date of such retiree's participation…." Mr. Sumpter's argument, however, puts the cart before the horse. He fails to understand that the employee must be eligible for a benefit for the provision to apply. Here, Mr. Sumpter's claim was denied because he was not eligible for the benefit sought. The Reorganized Debtors therefore objected to Mr. Sumpter's administrative claim because they were not liable for it, and this Court's order then disallowed and expunged the claim because "the Debtors were not liable." *See Thirty-Seventh Omnibus Claims Objection Order (Docket No. 19135)*. Moreover, the time to object or request for reconsideration of this Court's *Thirty-Seventh Omnibus Claims Objection Order* expired years ago.

4. Each of the claims asserted in Mr. Sumpter's new U.S. District Court action accrued prior to the Final Administrative Expense Bar Date, as discussed in detail in the Reorganized Debtor's Sumpter ERISA Injunction Motion, pages 12-16, and each claim arose

3

from the same operative nucleus of fact. "[R]evisiting orders disallowing late-claims contradict[s] the doctrines of res judicata and the law of the case…" *In re Xpedior Inc.*, 354 B.R. 210, 227 (Bankr. N.D. Ill. 2006); *see also In re DPH Holdings Corp. v Sumpter*, 468 B.R. 603, 615 (Bankr. S.D.N.Y. 2012). "Res judicata bars the filing of a subsequent claim if the "earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *In re DPH Holdings Corp.,* 468 B.R. at 616. The doctrine or res judicata applies "not only as to what was pleaded [in the first action], but also what could have been pleaded." *Cameron v. Church*, 253 F. Supp. 2d 611, 619 (S.D.N.Y. 2003). Res judicata bars cases that arise from the same "operative nucleus of fact." *Id*.

5. Wherefore, the Reorganized Debtors request that this Court enter an order (a) enforcing the Modifications Procedures Order, Modified Plan and Plan Modification Order Injunction and Thirty-Seventh Omnibus Claims Objection Order against Mr. Sumpter; (b) directing Mr. Sumpter to dismiss the federal court action against the Reorganized Debtors and the DPH Holdings Corp. Life & Disability Plan for Salaried Employees; (c) awarding the Reorganized Debtors the costs and attorney's fees they have been forced to expend in connection with this Motion and the district court action;[2] and granting the Reorganized Debtors such other and further relief to which they may be entitled.

---

[2] Prior to the filing of the Reorganized Debtors' Sumpter ERISA Injunction Motion, the Reorganized Debtors requested that Mr. Sumpter withdraw his complaint in the United States District Court for the reasons stated in the motion. Mr. Sumpter refused to withdraw his complaint, thus necessitating the filing of the motion.

Dated: Detroit, Michigan
April 23, 2013

        BUTZEL LONG, a professional corporation

        By: /s/ Cynthia J. Haffey
            Cynthia J. Haffey
            Thomas B. Radom
            David J. DeVine
150 West Jefferson, Suite 100
Detroit, Michigan 48226
(313) 225-7000

*Attorneys for Reorganized Debtors*