BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
Cynthia J. Haffey
Thomas B. Radom
David J. DeVine
*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| Reorganized Debtors. | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF REORGANIZED DEBTORS' MOTION FOR ORDER (I) ENFORCING MODIFICATION PROCEDURES ORDER, MODIFIED PLAN AND PLAN MODIFICATION ORDER INJUNCTION AND THIRTY-SEVENTH OMNIBUS CLAIMS OBJECTION ORDER AGAINST JAMES SUMPTER, AS PLAINTIFF, IN FEDERAL COURT ERISA ACTION; AND (II) DIRECTING JAMES SUMPTER TO DISMISS UNITED STATES DISTRICT COURT, SOUTHERN DIVISION OF INDIANA ACTION AGAINST REORGANIZED DEBTORS AND THE REORGANIZED DEBTORS' LIFE & DISABILITY BENEFITS PROGRAM**

**("SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION")**

The Reorganized Debtors file this Supplemental Memorandum in support of their Motion for Order (1) Enforcing Modification Procedures Order, Modified Plan and Plan Modification Order Injunctions and Thirty-Seventh Omnibus Claims Objection Order Against James Sumpter, As Plaintiff, In Federal Court ERISA Action; And (II) Directing James Sumpter To Dismiss United States District Court, Southern Division of Indiana Action Against Reorganized Debtors

1

And The Reorganized Debtors' Life & Disability Benefits Program (the "Motion")[1], pursuant to this Court's ruling during the April 25, 2013 hearing on the Motion.[2]

## I.     Causes of Action Four and Six (a) Fail To State A Claim For Benefits.

In Causes of Action Four and Six (a), Mr. Sumpter seeks "equitable and/or remedial relief" for the Reorganized Debtors' alleged failure (a) "to meet [ERISA] noticing requirements for disability claims" pursuant to 29 CFR 2560-503.1(f)(3),"[3] which specifies a "maximum of 45 days to respond to a request for review of an adverse decision regarding a claim for disability benefits," and (b) "to provide a full and fair appeal process." *Complaint, Cause of Action Four, ¶ 11 and Cause of Action Six, ¶ 13(a)*. Under both causes of action, Mr. Sumpter additionally seeks (1) payment of an alleged disability life insurance benefit; (2) payment of all costs and legal expenses; (3) payment of any statutory penalties; and (4) such other relief as this Court deems appropriate. *Id*. Mr. Sumpter is not entitled to any relief.

Under ERISA, a claimant is generally required to exhaust his administrative remedies before seeking judicial relief. *See McGraw v. Prudential Ins. Co.*, 137 F.3d 1253, 1263 (10th Cir. 1998).[4] However, where a plan administrator fails to follow reasonable claims procedures, as Mr. Sumpter asserts in his Complaint, the sole remedy available is that the

> …claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has

---

[1] Capitalized terms not defined in this Supplemental Memorandum shall have the meanings ascribed to them in the Motion (Docket No. 22040) and the Reorganized Debtors' Reply in Support of the Motion (Docket No. 22049).
[2] *See also* proposed Order transmitted to the Court on May 24, 2013.
[3] Mr. Sumpter's Complaint erroneously failed to state the full CFR citation.
[4] This requirement "derives from the exhaustion doctrine permeating all judicial review of administrative agency action, and aligns with ERISA's overall structure of placing primary responsibility for claim resolution on fund trustees." *Id*.

2

> failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

29 CFR 2560-503.1(l). In other words, in a case where the notice or appeal provision was not followed, the *only* remedy to the claimant is that he is deemed to have exhausted his administrative remedies and the benefit determination changes from that of an administrative determination to a judicial determination. 29 CFR 2560-503.1(l); *see Halo v. Yale Health Plan,* 2012 U.S. Dist. LEXIS 31447, *31-35 (D. Conn., March 8, 2012) ("Plaintiff's only remedy [for failing to timely respond] would be the ability to bring a civil action without having to exhaust her administrative remedies to recover benefits due to her under the terms of her plan or to enforce her rights under the terms of the plan." (citing *Anderson v. Sotheby's Inc. Severance Plan,* 2005 U.S. Dist. LEXIS 10647, *4 (S.D.N.Y., May 31, 2005) (a violation of ERISA's regulations cannot support the imposition of sanctions))); *Mohamed v. Sanofi-Aventis Pharmaceuticals,* 2009 U.S. Dist. LEXIS 119871 (S.D.N.Y., Dec. 22, 2009); *Gill v. Bausch & Lomb Supplemental Retirement Income Plan,* 2009 U.S. Dist. LEXIS 129718 (W.D.N.Y., Sept. 28, 2009) (holding that Plaintiffs could not seek Section 502(c) penalties for violation of a regulation under 29 CFR 2560-503.1); *see also Haag v. MVP Health Care*, 866 F. Supp.2d 137, 143 (N.D.N.Y., June 6, 2012).

Moreover, where the claimant has already filed an action in court for the underlying benefits, the remedy has already been provided. *See Halo,* 2012 U.S. Dist. LEXIS 31447, at *35. In this case, like in *Halo, supra,* Mr. Sumpter has already received the sole remedy available under Causes of Action Four and Six (a), as he has already sought a judicial determination of his underlying benefit claim (Cause of Action One) and this Court has already made a determination that Mr. Sumpter's underlying benefit claim is barred by the Court's prior orders and/or is a barred by res judicata.

3

**II.    This Court's OPEB Order Has No Application To Causes Of Action Four and Six (a).**

For the reasons stated above, the question of whether this Court's Final OPEB Termination Order, dated March 12, 2009 ("OPEB Order"), is applicable to the relief sought by Mr. Sumpter in Cause of Action Four or Six (a) is moot. Moreover, because Sumpter is not entitled to monetary relief, the OPEB Order is not applicable. The OPEB Order states, in relevant part, that "[t]he Debtors shall continue to provide benefits for *claims* incurred by each Eligible Salaried Employee through the cessation date of such retiree's participation in the applicable welfare plan, provided that such retiree has timely paid all requisite contributions for the applicable plan, and provided further that such retirees shall not be required to file proofs of claim in this Court...." The term "claim" means

> (A) a ***right to payment***, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach ***gives rise to a right to payment***, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101 (emphasis added). As stated above, there are no monetary remedies for the claims asserted in Causes of Action Four or Six (a). Thus, there is no "right to payment." Accordingly, neither Cause of Action states a "claim" and the OPEB Order has no application to this matter.

WHEREFORE, the Reorganized Debtors request that this Court enter an order permanently enjoining Mr. Sumpter from asserting in any court against the Reorganized Debtors, and the DPH Holdings Corp. Life & Disability Plan for Salaried Employees, any claims

4

implicated by Causes of Action Four and Six (a) of Mr. Sumpter's United States District Court, Southern Division of Indiana action.

Dated: May 24, 2013
      Detroit, Michigan

                                      BUTZEL LONG, a professional corporation

                                      By:   /s/ Cynthia J. Haffey
                                                Cynthia J. Haffey
                                                Thomas B. Radom
                                                David J. DeVine
                                                150 West Jefferson, Suite 100
                                                Detroit, MI  48226
                                                (313) 225-7000
                                                haffey@butzel.com
                                                radom@butzel.com
                                                devine@butzel.com
                                                *Attorneys for Reorganized Debtors*