James B. Sumpter, pro se
21169 Westbay Circle
Noblesville, IN 46062
Telephone: (317) 877-0736
jsump@ieee.org

Salaried Retiree of Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------ .x Chapter 11 Case No. 05-44481 (RDD)

In re:

DELPHI CORPORATION, et. al.,
                                        : (Jointly
    Administered): Debtors.    : :
                                        : :

-------------------------------x

## NOTICE OF APPEAL

Appellant, James Sumpter, pro se (Salaried Retiree of Debtor); hereby appeals to the United States District Court for the Southern District of New York under 28 U.S.C. § 158(a) from the Bankruptcy Court's Final Order Under 28 U.S.C. §§ 157(b),(resulting from the Injunction Motion - Docket 22040) directing the Appellant to dismiss the First Cause of his ERISA suite (filed in District Court SDIN) against Delphi's Life & Disability Benefits Program[1]. A copy of the Final Order [Docket # 22063 ] is attached hereto.

The Appellant, James B. Sumpter, does not consent to have the appeal heard by the Bankruptcy Appellate Panel.

---

[1] The final order contains jurisdictional rulings and injunctions against other elements of the ERISA suit; however the Appellant does not appeal these other elements of the ruling.

The names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

### 1) Appellant:

James B. Sumpter, pro se
21169 Westbay Circle
Noblesville, IN 46062
Telephone: (317) 877-0736
jsump@ieee.org

### 2) Counsel to the Reorganized Debtors:

Cynthia Haffey
150 W. Jefferson
Suite 100
Detroit, MI 48236
Telephone: 313-225-7064

Dated: Noblesville, Indiana
June 9, 2013

By: /s/ James B. Sumpter
James B. Sumpter

James B. Sumpter, Pro Se
21169 Westbay Circle
Noblesville, IN 46062
Telephone: (317) 877-0736
jsump@ieee.org

Salaried Retiree of Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re )<br>)<br>DPH HOLDINGS CORP., *et al.*, )<br>)<br>)<br>Reorganized Debtors. )<br>) | Chapter 11<br><br>Case No. 05-44481 (RDD)<br>Jointly Administered |

**ORDER (I) ENFORCING MODIFICATION PROCEDURES ORDER, MODIFIED PLAN AND PLAN MODIFICATION ORDER INJUNCTION AND THIRTY-SEVENTH OMNIBUS CLAIMS OBJECTION ORDER AGAINST JAMES SUMPTER, AS PLAINTIFF, IN FEDERAL COURT ERISA ACTION; AND (II) DIRECTING JAMES SUMPTER TO DISMISS UNITED STATES DISTRICT COURT, SOUTHERN DIVISION OF INDIANA ACTION AGAINST REORGANIZED DEBTORS AND THE REORGANIZED DEBTORS' LIFE & DISABILITY BENEFITS PROGRAM**

**("SUMPTER ERISA INJUNCTION ORDER")**

Upon the Reorganized Debtors' Motion for Order (1) Enforcing Modification Procedures Order, Modified Plan and Plan Modification Order Injunctions and Thirty-Seventh Omnibus Claims Objection Order Against James Sumpter, As Plaintiff, In Federal Court ERISA Action; And (II) Directing James Sumpter To Dismiss United States District Court, Southern Division of Indiana Action Against Reorganized Debtors And The Reorganized Debtors' Life & Disability Benefits Program (the "Motion") (Docket No. 22040),[1] dated April 5, 2013; and due and sufficient notice of the Motion having been given and no other or further notice being necessary; and upon James B. Sumpter'ss response to the Motion and the Reorganized Debtors' Reply in Support of the Motion (Docket No. 22049); and upon the record of the hearing held by the Court on the Motion on April 25, 2013 (the "Hearing") and the objections thereto as reflected in the Proposed Eighty-Second Omnibus Hearing Agenda (Docket No. 22052); and, after due

---

[1] Capitalized terms not defined in this order shall have the meanings ascribed to them in the Motion and the Reorganized Debtors' Reply in Support of the Motion (Docket No. 22049).


deliberation and for good and sufficient cause for the reasons stated by the Court in its bench ruling at the conclusion of the Hearing, the Court hereby finds and

IT IS HEREBY ORDERED that:

1. The ruling made by the Court during the Hearing is incorporated in its entirety into this Order.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(b) and the Plan Modification Order.

3. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) in which the Court can enter a final order. The Bankruptcy Court, as a unit of the District Court, has core jurisdiction over, among other things, the allowance and disallowance of all claims, including ERISA claims. That jurisdiction allows this Court to determine whether ERISA claims are barred by the Court's bar date orders as part of the claim administration process previously established in this case, whether the claims are discharged by the Plan and the Court's Plan Modification Order, and whether the claims, as against the Debtor's estate, are meritorious. This Court is also the proper venue for this matter pursuant to 28 U.S.C. § 1409.

4. The Court has the power to interpret and enforce its procedural orders, as well as make a determination as to whether Mr. Sumpter's claims in the Indiana Litigation, as defined below, are barred by res judicata. In addition, the Court may enjoin conduct that would constitute a collateral attack on the Court's prior orders, including having subject matter jurisdiction to enjoin pursuit of claims pending in another court that are subject to a debtor's discharge.

5. The claims asserted by Mr. Sumpter in his United States District Court, Southern Division of Indiana action, Case No. 1:13-cv-0347 TWP-DKL (the "Indiana Litigation"), against the Reorganized Debtors and the DPH Holdings Corp. Life & Disability Plan for Salaried Employees (collectively, the "DPH Defendants") in Causes of Action One, Two, Three, Six (b), Six (c) and Six (d), are fully barred by (1) the discharge under Section 11.2 of the Plan and section 1141 of the Bankruptcy Code, (2) Paragraph 20 of the Plan Modification Order, (3) the permanent injunction set forth in Paragraph 22 of the Plan Modification Order, and (4) the Thirty-Seventh Omnibus Claims Objection Order, dated December 2, 2009 (Docket No. 19135), disallowing Mr. Sumpter's July 8, 2009 Claim (Docket No. 18620) (together, the "Orders") and, therefore, are enjoined.

6. Causes of Action One, Two, Three, Six (b), Six (c) and Six (d) against the DPH Defendants in the Indiana Litigation are barred by res judicata and therefore are enjoined.

7. Mr. Sumpter is ordered and directed to dismiss immediately, with prejudice, his Indiana Litigation Causes of Action One, Two, Three, Six (b), Six (c) and Six (d) against the DPH Defendants.

8. Mr. Sumpter is enjoined from proceeding against the DPH Defendants on Causes of Action Four and Six (a) in the Indiana Litigation for the reason that this Court has sole jurisdiction over those claims, and any liquidation of those claims must occur in this Court.

9. The Reorganized Debtors may file a memorandum in further support of their Motion ("Supplemental Memorandum") on or before May 25, 2013, on the issue of whether this Court should also enjoin and/or dismiss Mr. Sumpter's Indiana Litigation Causes of Action Four and Six (a) against the DPH Defendants, as well as on the issue of the

measure of damages, if any, permitted under the claims asserted in Causes of Action Four and Six (a). Mr. Sumpter may file a response to the Supplemental Memorandum on or before June 24, 2013.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

Dated: White Plains, New York
May 28, 2013

/s/Robert D. Drain
U.S. BANKRUPTCY JUDGE

4

James B. Sumpter, pro se
21169 Westbay Circle
Noblesville, IN 46062
Telephone: (317) 877-0736
jsump@ieee.org

Salaried Retiree of Debtors


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------.x Chapter 11 Case No. 05-44481 (RDD)

In re:

DELPHI CORPORATION, et. al.,
                                          : (Jointly Administered):
     Debtors.                             : :
                                          : :

-------------------------------.x


## STATEMENT OF ELECTION THAT APPEAL BE HEARD BY THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Appellant, James Sumpter, pro se (Salaried Retiree of Debtor); hereby elects, pursuant to 28 U.S.C. § 158(c)(1) and Federal Rule of Bankruptcy Procedure 8001, to have the appeal from the Bankruptcy Court's Final Order Under 28 U.S.C. §§ 157(b) [Docket #22063], enjoining the Appellant from pursuing his ERISA suit against Delphi's Automotive Systems life and Disability Program in the Indiana District Court, in response to the motion [Docket number 22040] heard by the United States Bankruptcy Court for the Southern District of New York.

Dated: Noblesville, Indiana
June 9, 2013

By: /s/ James B. Sumpter

James B. Sumpter, Pro Se
21169 Westbay circle
Noblesville, IN 46062
Telephone: (317) 877-0736
jsump@ieee.org

Salaried Retiree of Debtors