UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
    In re                                         :          Chapter 11
:
DPH HOLDINGS CORP., et al.,           :          Case No. 05-44481 (RDD)
:
                   Reorganized Debtors.    :         (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. §§ 105, 350(a), AND 1142, FED. R.
BANKR. P. 3022, AND LOCAL BANKR. R. 3022-1 CLOSING THE
BANKRUPTCY CASES AND PROVIDING RELATED RELIEF

This matter having come before the court on the motion dated July 3, 2013 (the "Motion") filed by the Reorganized Debtors seeking entry of a final decree and order, pursuant to 11 U.S.C. §§ 105, 350(a), and 1142, Federal Rule of Bankruptcy Procedure 3022, and Local Rule of Bankruptcy Procedure 3022-1 (i) closing the Chapter 11 Cases[1] that remain open,[2] (ii) authorizing the Reorganized Debtors to complete certain outstanding administrative tasks following entry of this Order; (iii) discharging and releasing the Plan Implementation Parties; (iv) setting the Final Hearing; (v) approving the form and manner of notice of the Motion, and (vi) retaining jurisdiction to enforce or interpret its own orders pertaining to the Chapter 11 Cases including, but not limited to, the Plan Modification Order and this Order; and it appearing that notice of the Motion was good and sufficient and under the particular circumstances and that

---

[1] Capitalized terms not defined herein have the meanings given to them in the Motion.

[2] Pursuant to the Motion, the Reorganized Debtors seek to close the Chapter 11 Cases that remain open (the "Open Cases"), including: (1) DPH Holdings, Inc. (Case No. 05-44481), (2) Delphi Medical Systems Colorado Corporation (Case No. 05-44507), (3) Delphi Medical Systems Texas Corporation (Case No. 05-44511), (4) Delphi Mechatronic Systems, Inc. (Case No. 05-44567), and (5) Delphi Automotive Systems (Case No. 05-44640).

no other or further notice need be given; and the Court having jurisdiction over this matter; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

A. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. §157(b)(2);

B. The predicates for the relief requested herein are Bankruptcy Code sections 105(a), 350(a), 1142, Federal Rule of Bankruptcy Procedure 3022, Local Rule of Bankruptcy Procedure 3022-1, the Plan Modification Order, and the Modified Plan;

C. Notice of the Motion and the proposed Case Closing Order in the manner described in the Motion was good and sufficient under the particular circumstances and no other or further notice need be given;

D. A reasonable opportunity to object and be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities;

E. Upon final resolution of the Remaining Claims and the Remaining Adversary Proceedings, Debtors' estates will have been fully administered within the meaning of 11 U.S.C. § 350 and in accordance with the Modified Plan;

F. The Trust will automatically terminate upon full administration and distribution of Trust Property;

G. Good cause exists to dissolve DPH Holdings, to terminate the Trust, and to discharge and release the Plan Implementation Parties;

H.  The Plan Implementation Parties have each substantially fulfilled their obligations under the Modified Plan;

I.  The distributions described in the Motion, including the funding of trusts and reserve accounts for payments associated with the Remaining Claims and with dissolution of DPH Holdings, satisfy the requirements of the Modified Plan, the Modification Approval Order, and the MDA;

J.  The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and, therefore, it is hereby

ORDERED, DECREED AND ADJUDGED THAT:

1. The Motion is GRANTED.

2. The Reorganized Debtors are hereby authorized to resolve the outstanding claims and open adversary proceedings pursuant to the procedures as detailed in the Motion.

3. The Reorganized Debtors are hereby authorized complete all outstanding administrative tasks after entry of this Order, including resolution of the Remaining Claims and Remaining Adversary Proceedings, dissolution of DPH Holdings in accordance with Delaware law, to establish trusts for purposes of resolving the Remaining Claims and fund such trusts using the Reorganized Debtors' unrestricted cash or proceeds from the GM Wind Down Facility, and to take such actions as may be necessary to close the Chapter 11 Cases.

4. Upon entry of the final decree, the Plan Implementation Parties are hereby released and discharged to the fullest extent permissible under any applicable law from any and all claims that (a) have been, could have been, or which may be in the future be asserted against any of the Plan Implementation Parties for any act or omission occurring through the date of entry of the final decree in these Chapter 11 Cases, and (b) relate to the Debtors, the Reorganized Debtors,

the Trust, the Modified Plan or the Chapter 11 Cases, including, without limitation, any claims relating to or arising out of the implementation or administration of the Modified Plan, the actions or omissions of any of the Plan Implementation Parties after the date of confirmation of the Modified Plan, the assets or liabilities of the Debtors, the Reorganized Debtors, or the Trust, or the responsibilities or obligations of any of the Plan Implementation Parties with respect to the Modified Plan, the Trust, the Debtors, or the Reorganized Debtors. The Reorganized Debtors further request that the Plan Implementation Parties be expressly discharged from any further obligation or responsibility to take any additional action in connection with the administration of the Debtors' estates, other than the outstanding administrative tasks outlined in the Motion or, with respect to the Plan Administrator, under the Trust Agreement.

5. Upon entry of the final decree and termination of the Trust, any residual assets of the Reorganized Debtors shall be transferred to and shall be the property of Delphi Automotive LLP.

6. This Order shall be served in the manner set forth in the Motion on (i) the Master Service List, (ii) the Rule 2002 Service List, (iii) all parties to outstanding adversary proceedings and outstanding claims, and (iv) all known creditors of DPH Holdings.

7. This Court shall retain jurisdiction to enforce or interpret its own orders pertaining to the Chapter 11 Cases, including, but not limited to, the Plan Modification Order and this Order.

*Remainder of Page Left Intentionally Blank*

8.  The Reorganized Debtors shall report on the status of outstanding administrative tasks at the Final Hearing, scheduled for December ___, 2013, at __:__ _.m. (prevailing Eastern time), at which time this Court shall decide whether to enter a final decree in the Open Cases.

Dated: White Plains, New York
       July ___, 2013

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

962337-CHISR02A - MSW