TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger
Steven S. Flores

*Counsel for DPH Holdings Corp., et al.,*
  *Reorganized Debtors*

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
DPH HOLDINGS CORP., et al.,                                 :    Case No. 05-44481 (RDD)
                                                            :
          Reorganized Debtors.                              :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

**EX PARTE APPLICATION FOR AN ORDER
AUTHORIZING THE FILING OF REDACTED DOCUMENTS**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

DPH Holdings Corp. ("DPH Holdings" or "DPH," and, together with certain of its affiliated reorganized debtors in the above-captioned chapter 11 cases, the "Reorganized Debtors"), successors to Delphi Corporation ("Delphi") and certain of Delphi's subsidiaries and affiliates, former debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully submit this Application (the "Application") for entry of an order pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing them to file

redacted versions of the Reorganized Debtors' Motion to Compel,[1] and certain exhibits to the Declaration of Richard M. Goldman in Support of the Reorganized Debtors' Motion to Compel (the "Declaration"), with unredacted copies to be provided to this Court and New GM (the "Seal Order").  In support of this Application, the Reorganized Debtors respectfully represent:

**Introduction**

Contemporaneously herewith, DPH filed the Motion to Compel New GM to comply with its obligations under the Reorganized Debtors' Modified Plan and the Funding Agreement that was approved as an integral part of the Modified Plan.  The dispute between the Reorganized Debtors and New GM, which is addressed in the Motion to Compel, concerns solely New GM's funding obligations under the MDA (and related Funding Agreement) and does not address any other party's obligations.  Consequently, the Motion to Compel contains numerous references to the Funding Agreement, which describes the scope of New GM's funding obligations, and references and discloses certain of DPH's funding needs.[2]  The Funding Agreement does not appear to have been publicly filed and substantially similar information was previously filed under seal with this Court.

The Funding Agreement is Exhibit 3 to the Declaration.  Exhibit 5 (the Demand Letter dated July 1, 2013) and Exhibit 7 (the July 2013 Wind Up Budget) to the

---

[1] The Reorganized Debtors filed the Reorganized Debtors' Motion for an Order to Compel Compliance With, and to Implement, the Modified Plan, Plan Modification Order and Related Documents (the "Motion to Compel") on July 3, 2013.  Capitalized terms used in this Application and not otherwise defined herein shall be ascribed the meanings provided in the Motion to Compel.

[2] Moreover, pursuant to section 14.22 of the MDA, the parties thereto were obligated to use commercially reasonable efforts to seek this Court's authority to file the Funding Agreement and related documents under seal.  This obligation arises from the fact that the Funding Agreement and related documents contain commercially-sensitive information and business terms that, if disclosed to the public, could result in substantial harm to the Reorganized Debtors.

2

Declaration reveal key funding needs of the Reorganized Debtors (or terms of the Funding Agreement). Certain information that is contained in these documents should be kept confidential because it directly relates to the Reorganized Debtors' ongoing negotiations and settlements of certain outstanding claims and litigation matters, which, if made public, would provide an improper competitive advantage in favor of the non-debtor negotiating parties, undercut the Reorganized Debtors' negotiating position and jeopardize their attempts to limit their liability with respect to those claims.

Accordingly, the Reorganized Debtors respectfully request that this Court authorize them to file redacted forms of the Motion to Compel and certain exhibits to the Declaration.

## Jurisdiction

1. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

3. The Reorganized Debtors seek Court authority to file redacted versions of the Motion to Compel and certain exhibits to the Declaration. Redacted copies have already been publicly filed and are being served to parties in interest.[3]

---

[3] New GM has been served with unredacted copies. Unredacted copies will also be provided to this Court.

3

**Basis for Relief Requested**

4.  Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. This section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case . . . .

11 U.S.C. § 107(b).

5.  Bankruptcy Rule 9018 permits a party, with or without notice, to request that a document be sealed under section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides, in relevant part:

> On motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

6.  Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are "designed to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003). "When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – any order which justice requires. The Court notes that the authority goes not just to the protection of

confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Id.* at 724 (internal citations omitted).

7. Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d. Cir. 1994). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code and an interested party only has to show that the information it wishes to seal is "confidential and commercial in nature." *Id.* at 27-28 (internal quotation marks omitted).

8. In determining whether "commercial information" should be sealed, courts in this district look to Bankruptcy Rule 9018's purpose: to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *See Global Crossing,* 295 B.R. at 725. Accordingly, "commercial information" includes information that, if disclosed, would provide an "unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Dreier, LLP*, 485 B.R. 821, 822–23 (Bankr.S.D.N.Y.2013) (quotation omitted); *see also In re Borders Group, Inc.*, No. 11-10614, 2011 Bankr. LEXIS 4691, at *9 (Bankr. S.D.N.Y. Dec. 7, 2011) (granting debtors' motion to seal where the redacted information identified key employees, vendors, and financial information); *In re Barney's, Inc.,* 201 B.R. 703, 708-09 (Bankr. S.D.N.Y. 1996) (noting that commercial information may include pricing formulae, short and long term marketing strategies, and terms of agreements with suppliers).

9. Finally, this Court has previously granted seal motions in these chapter 11 cases. *See, e.g.*, MDA Sealing Order [Docket No. 17753].

10. The Reorganized Debtors submit that good cause exists for this Court to grant the relief requested herein. In addition to the obligation under section 14.22 of the MDA (see <u>supra</u> note 2), the information the Reorganized Debtors seek to redact falls within the category of "confidential commercial information," as its disclosure would cause the Reorganized Debtors commercial injury by adversely impacting their ability to finalize negotiations of the Trust Claims Settlements and other claims in manners that promote the best interests of the estates and on the most favorable terms. Accordingly, this Court should authorize the Reorganized Debtors to file redacted forms of the Motion to Compel and certain exhibits to the Declaration.

### Notice

11. Pursuant to Bankruptcy Rule 9018, no notice of this Application is required, and in light of the nature of the relief requested in this Application, no other or further notice is necessary.

12. Nevertheless, the Reorganized Debtors will serve a copy of this Application in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and Administrative Procedures, entered on March 20, 2006 (Docket No. 2883), and the Twenty-Ninth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered on May 13, 2013 (together, the "<u>Case Management Orders</u>") (Docket No. 22058).

**WHEREFORE**, the Reorganized Debtors respectfully request that this Court enter the Seal Order, substantially in the form attached hereto as Exhibit A, authorizing the Reorganized Debtors to file redacted forms of the Motion to Compel and certain exhibits to the Declaration.

Dated:   New York, New York
         July 3, 2013

>                                DPH Holdings Corp., et al.,
>                                By Their Attorneys
>                                TOGUT, SEGAL & SEGAL LLP
>                                By:
>
>                                /s/Neil Berger
>                                NEIL BERGER
>                                STEVEN S. FLORES
>                                One Penn Plaza, Suite 3335
>                                New York, New York 10119
>                                (212) 594-5000