# EXHIBIT 5

# TOGUT, SEGAL & SEGAL LLP

ATTORNEYS AT LAW
ONE PENN PLAZA
NEW YORK, NEW YORK 10119

ALBERT TOGUT
FRANK A. OSWALD*
NEIL BERGER*
SCOTT E. RATNER*
SIDNEY SEGAL (1935-1968)
BERNARD SEGAL (1932-1983)

OF COUNSEL
RICHARD K. MILIN □
BRIAN F. MOORE*
STEVEN S. FLORES

(212) 594-5000

FACSIMILE
(212) 967-4258

INTERNET
eMail@TeamTogut.com

DAVID M. SMITH
STEPHANIE A. SKELLY °
MICHAEL D. HAMERSKY
LARA R. SHEIKH
JONATHAN P. IBSEN °
ANTHONY F. PIRRAGLIA
SAMANTHA J. ROTHMAN
LAUREN R. LIFLAND
KATHRYN A. KEEN
SCOTT A. GRIFFIN ᶜ
IVY B. GREY**
DAVID A. PAUL
RICHARD M. GOLDMAN
LEO MUCHNIK

\* MEMBER NY AND NJ BAR
○ MEMBER NY AND CT BAR
□ MEMBER NY AND MA BAR
◇ MEMBER NY AND AZ BAR
▽ MEMBER NY, FL AND OH BAR
\*\* MEMBER OR BAR ONLY

July 1, 2013

**VIA E-MAIL**

Mr. Frank L. Gorman
General Motors LLC
(586) 492-1218
frank.gorman@gm.com

     Re: *In re DPH Holdings Corp., et al.,*
       Case No. 05-44481 (RDD) (Jointly Administered)

Dear Mr. Gorman:

    We are counsel to DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-referenced chapter 11 cases (collectively, "DPH"). We write in the hope that you will make it unnecessary for the Bankruptcy Court (defined below) to enforce General Motors LLC's ("New GM") funding obligations under the Master Disposition Agreement (the "MDA")[1] and Exhibit 3.1.1.E thereto (the "Funding Agreement"). These documents were incorporated into the First Amended Plan of Reorganization of Delphi Corporation (and other entities), dated July 16, 2009 (the "Modified Plan"), and approved by the Bankruptcy Court.[2]

---

[1] The MDA, dated July 30, 2009, was entered into among Delphi Corporation, GM Components Holdings, LLC, General Motors Company (solely with respect to certain provisions), Motors Liquidation Company (f/k/a General Motors Corp.) (solely with respect to certain provisions), DIP Holdco 3, LLC and the Other Buyers and Sellers thereto.

[2] Specifically, on July 30, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors

Togut, Segal & Segal LLP

July 1, 2013
Page 2

    Pursuant to the MDA Documents, New GM is required to fund DPH's wind up through the end of this year. New GM knows that DPH forecasts that it will require Post-Closing Advances (as defined in the Funding Agreement) of ▇ from New GM to wind up DPH's estates. While these amounts are subject to change, New GM has also been advised that a portion of these Post-Closing Advances will be used in connection with the liquidation and settlement of certain environmental claims that will be funded through a remediation trust, and certain litigation claims (collectively, the "Trust Claims Settlements").

    New GM has stated that funding the Trust Claims Settlements is not within the scope of New GM's obligations under the Funding Agreement because those settlements are not "monthly" expenses or costs. This interpretation of the Funding Agreement is contrary to the express terms of the Funding Agreement, which, among other things, ▇

    DPH has responded to multiple requests made by New GM for supplemental information about the Trust Claims Settlements. In the last several weeks alone, DPH personnel has had numerous communications with New GM and provided thousands of pages of material that New GM requested.[3]

    While the DPH-New GM relationship has worked well for years, DPH has done far more than what is required under the Funding Agreement to resolve this dispute and we fail to see how additional document productions can resolve a disagreement about the scope of New GM's funding obligations under the MDA Documents. Without this critical source of funding from New GM, DPH's ability to liquidate claims and to complete its wind up will grind to a halt.

---

  and Debtors-in-Possession, as Modified and (II) Confirmation Order (the "Plan Modification Order," and, together with the Modified Plan, MDA and Funding Agreement, the "MDA Documents").

[3] New GM's repeated requests for more and more data about the Trusts Claims Settlements constitute a stark departure from the parties' past practices under the Funding Agreement, which only requires DPH to provide ▇ in connection with funding requests.

TOGUT, SEGAL & SEGAL LLP

July 1, 2013
Page 3

      Unless New GM provides us with written confirmation by no later than *11:00 a.m.* prevailing Eastern Time on *July 3, 2013* that it will commit to fully fund the Trust Claims Settlements, we will promptly ask the Bankruptcy Court to compel New GM to do so.

                                             Very truly yours,

                                             /s/ Steven S. Flores
                                             Steven S. Flores
                                             TOGUT, SEGAL & SEGAL LLP
                                             One Penn Plaza, Suite 3335
                                             New York, New York 10119
                                             (212) 594-5000
                                             *Counsel to DPH*

cc:    Mr. John Brooks (*via e-mail*)
       Mr. Marco Caporicci (*via e-mail*)
       Mr. Albert Togut, Esq. (*via e-mail*)
       Mr. Neil M. Berger, Esq. (*via e-mail*)