James B. Sumpter, Pro se
21169 Westbay Circle
Noblesville, IN 46062
Telephone: (317) 877-0736
E-mail: jsump@ieee.org


Salaried Retiree of Debtors


UNITED STATES
BANKRUPTCY COURT
SOUTHERN DISTRICT OF
NEW YORK


---------------------------------------x  Chapter 11 Case No. 05-44481 (RDD)

In re:                                          :
                                                : (J o i n t l y  Administered)
DELPHI CORPORATION, et. al.,                    :
                                                :
    Debtors.                                    : :
                                                : :


---------------------------------------x


**RESPONSE TO THE HAFFEY SUPPLEMENTAL MEMORANDUM
REGARDING THE ERISA INJUNCTION MOTION CONCERNING THE
SUMPTER ERISA SUIT IN DISTRICT COURT( SDIN)**


RELATED DOCUMENTS:   The Final OPEB Order- docket # **16448**;
                     The ERISA Injunction Transcript - docket # **22056**;
                     The ERISA Injunction Order – docket # **22063**; and
                     The Haffey Supplemental Memorandum – docket # **22062**


1.      Ms. Haffey makes the following claims in her supplemental

memorandum:

    **a.** That "the right to file suit" is the exclusive remedy for the administrator's failure to follow the ERISA appeal process;

    **b.** That because Plaintiff has filed suit in District Court, he has already received his sole remedy;

    **c.** Plaintiffs can not seek Section 502(c) penalties for violation of a regulation under 29 CFR 2560-503.1;

    **d.** That there are no monetary remedies for the claims asserted in Cause of Actions Four and Six (a)

    **2.** Ms. Haffey also fails to make any argument regarding fiduciary failure, **29 USC 1109(a)**, **29 USC 1132(a)(3)(B)(i)** in relation to Cause of Action Six (a).

    **3.** In reference to paragraph **1-a**, Ms. Haffey is correct that 29 CFR 2560-503.1(l) allows that the plaintiff has exhausted his administrative remedies and has a right to sue, in the case, where the administrator fails to meet claims procedure requirements. However, Ms. Haffey is not correct when she asserts that the right to sue is the exclusive remedy  for the administrator's failure to follow claims procedure (which she asserts in paragraph **1- b** ).  Rule **29 CFR 2560-503.1(l)** states the following:

    **(l) Failure to establish and follow reasonable claims procedures.** In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.  (Note **502(a)** is the same as **29 USC 1132(a)**)

2

4.      Thus, **29 USC 1132(a)** provides a range of relief options, **including obtaining other appropriate equitable relief**.  Filing suit is simply the means to access the available relief, which is that **"the claimant shall be entitled to pursue any available remedies under § 502(a)"**.

5.      Ms. Haffey sites *Halo v. Yale Health Plan,* as justification for her argument.  However, the ruling she cites in "*Halo*" does not state that filing suit, in itself, is the total remedy(see end note [i] ).

6.      In reference to paragraph **1-c**, Ms. Haffey sites "*Anderson v. Sotheby's Inc. Severance Plan*" and claims that it states the following:

> "*a violation of ERISA's regulations cannot support the imposition of sanctions*"

7.      However, what "*Anderson*" Is referring to is the $110[1] a day penalty that can be levied when the administrator fails to supply requested documents under *29U.S.C. 1132(c)* [end note ii].  However, the plaintiff has not sought any relief under *29U.S.C. 1132(c)*.

8.      Thus, Ms. Haffey's reference to "*Anderson*" is off point and is unrelated to the Plaintiff's claims in Causes Four and Six(a).

9.      The Haffey supplemental memorandum also references:

a.  *Mohamed v. Sanofi-Aventis Pharmaceuticals*, 2009 U.S. Dist. LEXIS 119871 (S.D.N.Y., Dec. 22, 2009);

b.  *Gill v. Bausch &Lomb Supplemental Retirement Income Plan*, 2009 U.S. Dist. LEXIS 129718 (W.D.N.Y., Sept.28, 2009)

---

[1] The sanction in 29 USC 1132 (c) was originally $100 a day, but was updated in subsequent legislation to $110 a day.

3

10.    Each of these cases deals with seeking sanctions under **29 USC 1132(c)**,

all of which are off point and unrelated to the Plaintiff's claims in Causes Four and

Six(a).

11.    The Haffey supplemental memorandum also references:

    **a.**  *Haag v. MVP Health Care*, 866 F. Supp.2d 137,143 (N.D.N.Y., June 6, 2012).

12.    However, this case does not support Ms. Haffey's argument.  In stead, it

does the opposite. "*Haag*" states the following;

> *The Employee Retirement Income Security Act (ERISA)*, 29 U.S.C.S. § 1001 et
> seq*., requires both that employee benefit plans have reasonable claims
> procedures in place, and that plan participants avail themselves of these
> procedures before turning to litigation. However, **if a plan administrator fails to
> follow reasonable claims procedures a claimant shall be deemed to have
> exhausted the administrative remedies available under the plan and <u>shall be
> entitled to pursue any available remedies under § 502(a) of ERISA</u>**. <u>29 C.F.R. §
> 2560.503-1(l)</u>

13.    Thus, the cited reference supports the Plaintiff's position that equitable

relief is available under 29 USC 1132(a).

14.    In addition, in **Bielenberg v. Law Offices of Brandon B. Mayfield, 744

F. Supp. 2d 1130 (D. Or. 2010),** the court wrote the following:

> *Under the Employee Retirement Income Security Act of 1974, a civil action may
> be brought: by a participant, beneficiary, or fiduciary (A) to enjoin any act or
> practice which violates any provision of this subchapter or the terms of the plan,
> or (B)* **to obtain other appropriate equitable relief** *(i)* **to redress such violations**
> *or (ii) to enforce any provisions of this subchapter or the terms of the plan.* ***29
> U.S.C.S. § 1132(a)(3).*** *United States district courts have exclusive jurisdiction
> over such actions. 29 U.S.C.S. § 1132(e)(1).*

15.    Furthermore, in ***CIGNA Corp. v. Amara, 131 S. Ct. 1866 (U.S. 2011),***

The Supreme Court offered this guidance regarding administrator and fiduciary liability:

4

*29 U.S.C.S. § 1132(a)(3) allows an employee benefit plan participant, beneficiary, or fiduciary to obtain **other appropriate equitable relief** to redress violations of parts of the Employee Retirement Income Security Act of 1974 or the terms of the plan.*

*Although § 502(a)(1)(B) did not give the District Court authority to reform CIGNA's plan, **relief is authorized by § 502(a)(3)**, which allows a participant, beneficiary, or fiduciary "to obtain other appropriate equitable relief" to redress violations of ERISA "or the [plan's] terms." Pp. ___ - ___, 179 L. Ed. 2d, at 854-858.*

*Equity courts possessed the power to provide monetary "compensation" for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment. **That surcharge remedy extended to a breach of trust committed by a fiduciary encompassing any violation of duty imposed on that fiduciary**. Pp. ___ - ___, 179 L. Ed. 2d, at 856-858.*

16.    In reference to paragraph **1-d**, Ms. Haffey's assertion is invalid, since equitable remediation is available, which can be reduced to a right to payment, which comports with the definition of "claim" that Ms. Haffey cited in section two, page 4 of her argument, as quoted below:

*(B) right to an equitable remedy for breach of performance if such breach **gives rise to a right to payment**, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.*

17.    Thus, Judge Drain's final OPEB order, as stated below, continues to be applicable to Causes Four and Six(a) .

*"The debtor's shall continue to provide benefits for claims incurred by each Eligible Salaried Employee through the cessation date of such retiree's participation in the applicable welfare plan, provided that such retiree has timely paid all requisite contributions for the applicable plan, and provided further that such retirees shall not be required to file proofs of claim in this Court to implement the terms of this decretal paragraph."*

18.    It should also be noted that the supplemental memorandum asks the court to enjoin any further action against DPHH and **the Plan** in District Court (SDIN) relative

to Causes of Action Four and Six(a).  However, the court has already addressed this issue

by assuming jurisdiction regarding these two items.

19.    Thus, the Plaintiff believes that he is entitled to equitable relief for Causes

of Action Four and Six (a), and that it is up to the Court to determine the nature of the

relief.  However, the plaintiff would ask the court to consider the surcharge remedy

discussed in *"CIGNA Corp. v. Amara"*.

20.    In which case, based on the extent to which he has been prejudiced by

each claim procedure failure, the Plaintiff's recommends a surcharge of 15 to 20% of the

Life Insurance Benefit Amount[2] for the Fourth Cause of Action and a surcharge of 30 to

35% for Cause of Action Six(a), all of which are to be paid to the Plaintiff.


Dated:
Noblesville, Indiana
June 24, 2013

By: _James B. Sumpter_____

James B. Sumpter, Pro se
21169 Westbay circle
Noblesville, IN 46062
Telephone: (317) 877-0736
E-mail: jsump@ieee.org

Salaried Retiree of Debtors

---

[2] The Life Insurance Benefit amount is $100,000.

## END NOTES

---

[i] **Halo v. Yale Health Plan, 2012 U.S. Dist. LEXIS 31447, \*31-35 (D. Conn., March 8, 2012**

29 C.F.R. § 2560.503-1 expressly provides that the remedy for a failure of a plan to establish or follow claims procedures consistent with the requirements of the section is that a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under § 502(a) of the Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1132, on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim. 29 C.F.R. § 2560.503-1(l). Under section 502(a) of the Act, a participant or beneficiary is entitled to bring a civil action to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan or for the relief provided in § 502(c). 29 U.S.C.S. § 1132.

[ii] **Anderson v. Sotheby's Inc. Severance Plan, 2005 U.S. Dist. LEXIS 10647**

We hold that failure to perform the duties imposed by *ERISA § 503* and subsection *(g)*, requiring the disclosure of medical records, do not render a plan administrator liable to *§502(c)* sanctions because both *§ 503* and subsection *(g)* impose duties expressly and exclusively on "the plan," not upon the "plan administrator." Neither does the administrator's breach of subsection *(f)*, by denying Groves disability benefits without articulating reasons for that denial, expose the administrator to *§502(c)* sanctions. Although subsection *(f)* does impose a duty directly upon the administrator, and not upon the plan, *§ 502(c)* imposes sanctions only for failure to fulfill obligations imposed by "this subchapter. **[\*10]** " We believe that the words "this subchapter" in *§ 502(c)* refers only to violations of statutorily imposed obligations, and that the term does not embrace violations of regulations promulgated pursuant to the statute.