Hearing Date And Time: July 25, 2013 at 10:00 a.m. (prevailing Eastern time)
Objection Date And Time: July 18, 2013 at 4:00 p.m. (prevailing Eastern time)

**FOX ROTHSCHILD LLP**
75 Eisenhower Parkway, Suite 200
Roseland, New Jersey 07068
973-992-4800
- and -
100 Park Avenue, 15th Floor
New York, NY 10017
rmeth@foxrothschild.com
RICHARD M. METH, ESQ. (RM7791)(admitted *pro hac vice*)

**BINGHAM GREENEBAUM DOLL LLP**
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202
cbowles@bgdlegal.com
C. R. BOWLES, ESQ. (admitted *pro hac vice*)
(502) 587-3746

**DINSMORE & SHOHL LLP**
255 East Fifth Street
Suite 1900
Cincinnati, OH 45202
seth.schwartz@dinslaw.com
SETH A. SCHWARTZ, ESQ. (*pro hac vice* pending)
(513) 977-8565

Attorneys For Defendants, DSSI and DSSI, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DPH HOLDINGS CORP., *et al.* | Case No. 05-44481 (RDD) |
| Debtors. | |
| DELPHI AUTOMOTIVE SYSTEMS, LLC, ("DAS") | |
| Plaintiff, | Adv. Pro. No. 07-02236 (RDD) |
| v. | |
| DSSI and DSSI LLC, | |
| Defendant. | |

**LIMITED OBJECTION OF DSSI, LLC TO MOTION FOR**
**FINAL DECREE AND ORDER PURSUANT TO 11 U.S.C. §§ 105, 350(a),**
**AND 1142, FED. R. BANKR. P. 3022, AND LOCAL BANKR. R. 3022-1 CLOSING THE**
**BANKRUPTCY CASES AND PROVIDING RELATED RELIEF [DOCKET NO. 22073]**

ACTIVE 21802395v2 07/18/2013 1:15 PM

DSSI and DSSI LLC[1], by and through their undersigned counsel, hereby files this limited objection (the "Limited Objection") to the *Reorganized Debtors' Motion for Final Decree and Order Pursuant to 11 U.S.C. §§ 105, 350(a), and 1142, Fed. R. Bankr. P. 3022, and Local Bankr.R. 3022-1 Closing the Bankruptcy Cases and Providing Related Relief* (the "Closing Motion") [Docket No. 22073].[2] In support of the Limited Objection, DSSI states as follows:

1. DSSI is a defendant in Adversary Proceeding No. 07-02236 before this Court ("Preference Action"), which is currently scheduled for a Rule 15/Rule 4(m) hearing in December, 2013.[3] To date, no formal discovery has occurred in the Preference Action.

2. DSSI files this Limited Objection to the relief requested in the Closing Motion to the extent that, if granted, it will prejudice DSSI's right to fully and fairly assert its various defenses in the Preference Action and on any subsequent appeal.

3. Specifically, and although DSSI does <u>not</u> object to the Debtors' request to close the Open Cases and complete their administrative tasks, DSSI does object to the Closing Motion to the extent that the relief sought and any related actions taken may prejudice or otherwise adversely affect DSSI's rights and ability to fully investigate and assert its various defenses in the Preference Action.[4]

4. In the Closing Motion, the Debtors state that, prior to the Closing Status Hearing (which they propose to hold in December of this year), they ". . . intend to resolve, either

---

[1] In the Debtors' preference action, the Debtors assert claims against a defendant styled "DSSI." There is no entity known as DSSI in the DSSI LLC corporate organization. Therefore, no response is necessary on behalf of this non-existent entity. "DSSI" is only referenced here to alert this Court to this issue and to prevent (i) a default judgment being obtained against it and (ii) efforts to assert any such judgment against DSSI LLC.

[2] Except as otherwise provided, all defined terms shall have the same meaning as set forth in the Closing Motion.

[3] Under the Adversary Proceedings Procedure Order, the current date for the Rule 15/Rule 4(m) hearing will have to be changed to December 31, 2013, or later.

[4] Likewise, DSSI seeks to ensure that its right and ability to seek an appeal from the Preference Action is not prejudiced in any way by the approval of the Closing Motion and the relief sought therein.

- 2 -

ACTIVE 21802395v2 07/18/2013 1:15 PM

consensually or before this Court, all matters relating to both the Remaining Claims and the Remaining Adversary Proceedings." *Closing Motion* at ¶ 17.

5.      Likewise, the Debtors state that, if the Remaining Adversary Proceedings are not resolved by August 1, 2013, they will be "noticed for disposition," and that the procedures set forth in the Adversary Proceedings Procedures Order will be "expedited", without explaining (a) what this means to the remaining defendants in those actions, (b) the nature and means of the "disposition," or (c) the legal or factual basis that would allow the agreed upon terms and timelines established by the Adversary Proceedings Procedures Order to be "expedited." *Id.* at ¶ 18.

6.      However, given the current status of the Preference Action, and the relief requested pursuant to the Closing Motion, any nonconsensual resolution of the Adversary Proceeding cannot occur without unjustifiably eliminating or severely hindering DSSI's rights, and opportunity, to (a) conduct discovery for the Rule 15/Rule 4(m) hearing or a Merits Trial, (b) to present its Rule 15/Rule 4(m) defenses at a hearing, and (c) prepare and present its defenses at a Merits Trial (if necessary).  Therefore, if the Closing Motion is granted, *in toto,* DSSI's due process rights, and its ability to protect itself and properly assert its rights and defenses in the Preference Action, would be greatly prejudiced.

## CONCLUSION

7.      Based upon all of the foregoing, DSSI objects to the relief requested in the Closing Motion to the extent that it would prejudice DSSI's rights and ability to fully and fairly assert its various defenses in the Preference Action and on any appeal.  DSSI therefore respectfully requests that this Court ensure that any Order entered with regard to the Closing Motion expressly provides that (A) the terms and timelines set forth in the Adversary Proceedings Procedures Order will not be modified to DSSI's detriment or otherwise

"expedited" in the Preference Action or as to any appeal, and (B) expressly preserve all of DSSI's defenses, as well as its ability to fully and fairly assert those defenses.

Dated: July 18, 2013
Roseland, NJ

/s/ C.R. Bowles
C. R. BOWLES, ESQ. (admitted *pro hac vice*)
**BINGHAM GREENEBAUM DOLL LLP**
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202
cbowles@bgdlegal.com
(502) 587-3746

- and -

/s/ Seth A. Schwartz
Seth A. Schwartz, Esq. (*pro hac vice* pending)
**DINSMORE & SHOHL LLP**
255 East Fifth Street
Suite 1900
Cincinnati, OH 45202
seth.schwartz@dinslaw.com
(513) 977-8565

- and -

/s/Richard M. Meth
RICHARD M. METH, ESQ. (RM7791)
(admitted *pro hac vice*)
**FOX ROTHSCHILD LLP**
75 Eisenhower Parkway, Suite 200
Roseland, New Jersey 07068
973-992-4800
- and -
100 Park Avenue, 15th Floor
New York, NY 10017
rmeth@foxrothschild.com

Attorneys For Defendants, DSSI and DSSI, LLC