UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | ) Chapter 11 ) |
| DPH HOLDINGS CORP., *et al.,* | ) Case No. 05-44481 (RDD) ) Jointly Administered |
| Reorganized Debtors. | ) ) |

**SECOND ORDER ON REORGANIZED DEBTOR'S MOTION FOR AN ORDER (I) ENFORCING MODIFICATION PROCEDURES ORDER, MODIFIED PLAN AND PLAN MODIFICATION ORDER INJUNCTION AND THIRTY-SEVENTH OMNIBUS CLAIMS OBJECTION ORDER AGAINST JAMES SUMPTER, AS PLAINTIFF, IN FEDERAL COURT ERISA ACTION; AND (II) DIRECTING JAMES SUMPTER TO DISMISS UNITED STATES DISTRICT COURT, SOUTHERN DIVISION OF INDIANA ACTION AGAINST REORGANIZED DEBTORS <u>AND THE REORGANIZED DEBTORS' LIFE & DISABILITY BENEFITS PROGRAM</u>**

**("SUMPTER ERISA INJUNCTION ORDER II")**

Upon (a) the Reorganized Debtors' Motion for Order (I) Enforcing Modification Procedures Order, Modified Plan and Plan Modification Order Injunctions and Thirty-Seventh Omnibus Claims Objection Order Against James Sumpter, As Plaintiff, In Federal Court ERISA Action; And (II) Directing James Sumpter To Dismiss United States District Court, Southern Division of Indiana Action Against Reorganized Debtors And The Reorganized Debtors' Life & Disability Benefits Program (the "Motion") (Docket No. 22040),[1] dated April 5, 2013, (b) Mr. Sumpter's letter response to the Motion (Docket No. 22043), (c) the Reorganized Debtors' opposition to Mr. Sumpter's letter response (Docket No. 22044), (d) Mr. Sumpter's additional response to the Motion (Docket No. 22048), (e) the Reorganized Debtors' reply in support of the Motion (Docket No. 22049), and (f) the record of the April 25, 2013 hearing (the "Hearing")

---

[1] Capitalized terms not defined in this order shall have the meanings ascribed to them in the Motion and the Reorganized Debtors' Reply in Support of the Motion (Docket No. 22049).

held by the Court on the Motion, and after due deliberation and for the reasons stated by the Court at the Hearing, the Court entered an order, dated May 28, 2013, granting the Motion in part (the "Sumpter ERISA Injunction Order") (Docket No. 22063), which Order remains in full force and effect and is not affected by the entry of this Order; and the Court having entered an order, dated June 3, 2013 denying Mr. Sumpter's May 20, 2013 motion for reconsideration of the Sumpter ERISA Injunction Order (Docket No. 22065); and at the Hearing the Court having directed the parties to submit supplemental briefing on the issues raised in the Motion that were not covered by the Sumpter ERISA Injunction Order; and upon the Reorganized Debtors' supplemental brief in support of the Motion (the "Supplemental Memorandum") (Docket No. 22062) and Mr. Sumpter's response to the Supplemental Memorandum (Docket No. 22077); and, after due deliberation and for good and sufficient cause, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and the Plan Modification Order.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b) in which the Court can enter a final order. The Bankruptcy Court, as a unit of the District Court, has core jurisdiction over, among other things, the allowance and disallowance of all claims, including ERISA claims and the enforcement of the discharge and Plan Modification Order. That jurisdiction allows this Court to determine whether ERISA claims are barred by the Court's bar date orders as part of the claim administration process, whether the claims are discharged, and whether the claims are meritorious. This Court is also the proper venue for this matter pursuant to 28 U.S.C. § 1409.

3. The Court has the power to interpret and enforce its prior orders, as well as to determine whether Mr. Sumpter's claims in the Indiana Litigation, as defined below, are barred by res judicata.  In addition, the Court may enjoin conduct that would constitute a collateral attack on the Court's prior orders, and the Court has subject-matter jurisdiction to enjoin the pursuit of claims in another court that are subject to a debtor's discharge.

4. The claims asserted by Mr. Sumpter in his United States District Court, Southern Division of Indiana action, Case No. 1:13-cv-0347 TWP-DKL (hereinafter the "Indiana Litigation"), against the Reorganized Debtors and the DPH Holdings Corp. Life & Disability Plan for Salaried Employees (collectively, the "DPH Defendants") in Causes of Action Four and Six(a) are fully barred and, therefore, are enjoined for the reasons stated in Paragraph 5 of this order and in the Court's bench ruling at the Hearing.

5. In Causes of Action Four and Six(a) in the Indiana Litigation, Mr. Sumpter sought equitable and/or remedial relief based on the Reorganized Debtors' alleged failure to meet ERISA noticing requirements for disability claims pursuant to 29 CFR 2560-503.1(f)(3), which specifies a maximum of 45 days to respond to a request for review of an adverse decision regarding a claim for disability benefits and provides for a full and fair appeal process.  Where the notice or appeal provision of 29 CFR 2560-503.1(l) is not followed, a claimant's *only* remedy is that he is deemed to have exhausted his administrative remedies and becomes entitled to seek a judicial rather than administrative determination of his claimed benefit.  *Halo v. Yale Health Plan,* 2012 U.S. Dist. LEXIS 31447, at *31-35 (D. Conn., March 8, 2012) ("Plaintiff's only remedy [for failing to timely respond] would be the ability to bring a civil action without having to exhaust her administrative remedies to recover benefits due to her under the terms of her plan or to enforce her rights under the terms of the plan.") (citing *Anderson v. Sotheby's Inc.*

*Severance Plan,* 2005 U.S. Dist. LEXIS 10647, at *4 (S.D.N.Y., May 31, 2005) (a violation of ERISA's regulations cannot support the imposition of sanctions); *Mohamed v. Sanofi-Aventis Pharmaceuticals,* 2009 U.S. Dist. LEXIS 119871, at *21 (S.D.N.Y., Dec. 22, 2009); *Gill v. Bausch & Lomb Supplemental Retirement Income Plan,* 2009 U.S. Dist. LEXIS 129718, at *4-5 (W.D.N.Y., Sept. 28, 2009) (holding that Plaintiffs could not seek to impose Section 502(c) penalties for violation of a regulation under 29 CFR 2560-503.1)); *see also Haag v. MVP Health Care*, 866 F. Supp. 2d 137, 143 (N.D.N.Y. 2012). In this case, as in *Halo, supra,* Mr. Sumpter has already received the sole remedy available under Causes of Action Four and Six(a), because he has already sought a judicial determination of his underlying benefit claim and this Court has already determined that such underlying benefit claim is barred by the Court's prior orders and/or is a barred by res judicata. Accordingly, the Motion is granted as it pertains to Causes of Action Four and Six(a) in the Indiana Litigation.

6. Mr. Sumpter is ordered and directed to dismiss immediately, with prejudice, all of his claims against the DPH Defendants in the Indiana Litigation, including Causes of Action Four and Six(a), and Mr. Sumpter is barred from pursuing any of the claims asserted against the DPH Defendants in the Indiana Litigation in this Court or in any other Court.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

Dated: White Plains, New York
       July 19, 2013

                                                /s/Robert D. Drain
                                                U.S. BANKRUPTCY JUDGE