CELESTE R. GILL
ASSISTANT ATTORNEY GENERAL
ENVIRONMENT, NATURAL RESOURCES AND AGRICULTURE DIVISION
525 W. Ottawa, 6th Floor, G. Mennen Williams Building
P.O. Box 30755
Lansing, MI  48909
Telephone:  517-373-7540
Facsimile:  517-373-1610
E-mail:  gillc1@michigan.gov

Attorney for the Michigan Department of Environmental Quality

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                            :
IN RE:                                                      :
                                                            :        Chapter 11
DPH HOLDINGS CORPORATION, *et al*,                          :
                                                            :        Case No. 05-44481 (RDD)
                                    Debtors        :
-----------------------------------------------------------x

**MICHIGAN DEPARTMENT OF ENVIRONMENTAL QUALITY'S
LIMITED OBJECTION TO MOTION FOR FINAL DECREE AND ORDER
PURSUANT TO 11 U.S.C. 105, 350(a), AND 1142, FED. R. BANKR. P. 3022,
AND LOCAL BANKR. R. 3022-1 CLOSING THE BANKRUPTCY CASES AND
PROVIDING RELATED RELIEF [DOCKET NO. 22073]**

The Michigan Department of Environmental Quality (MDEQ), by and through its attorneys, Bill Schuette, Attorney General and Celeste R. Gill, Assistant Attorney General, file this limited objection to the Reorganized Debtors Motion for Final Decree and Order Pursuant to 11 U.S.C 105, 350(a), and 1142, Fed R. Bankr. P. 3022, and Local Bankr. R. 3022-1 Closing the Bankrutpcy Cases and Provided Related Relief  (the Motion) [Docket No. 22073].  MDEQ states the following in support of its objection:

## Background

1.     Delphi Corporation (hereinafter Delphi or Debtors) was incorporated in Delaware in 1998 as a wholly owned subsidiary of General Motors Corporation (GM). Hazardous substances, including petroleum products, exceeding the cleanup criteria under Michigan's Natural Resources and Environmental Protection Act (NREPA), Part 201, Environmental Remediation, 1994 PA 451, as amended, MCL 324.20101 *et seq*, have been released at the various sites or facilities in Michigan, resulting in environmental contamination.

2.     Effective January 1, 1999, the assets and liabilities of these divisions and subsidiaries were transferred to Delphi, as an independent company, and in particular its subsidiary, Delphi Automotive Systems, LLC (DAS) in accordance with the terms of a Master Separation Agreement (MSA) between Delphi and GM. As part of the Agreement, DAS assumed primary responsibility for environmental investigation and remediation at the former GM divisions and subsidiaries.

3.     Under Michigan law, a liable party has affirmative obligations to investigate and remediate contamination for which it is responsible.[1]

4.     In October, 2005, Delphi filed for bankruptcy under Chapter 11 of the Bankruptcy Code 11 USC 101 *et seq*.

5.     The MDEQ filed a proof of claim for response activity costs it incurred prepetition and along with it proof of claim, MDEQ submitted a protective filing for additional costs to complete response activities at certain Delphi facilities in

---

[1] MCL 324.20114(1)(a) and (g).

Michigan asserting that the costs were nondischargeable and entitled to administrative expense priority.

6. The Debtors were also liable under state and federal laws dealing with hazardous waste for meeting closure and post-closure requirements at Delphi's Dort Highway facility located at 1300 North Dort Highway in Flint, Michigan (a/k/a Flint East).

7. On December 6, 2006, the Court entered the Order Pursuant to 11 U.S.C. 502(b) and 502(c) And Fed Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims ("Claim Objection Procedures Order"), which provided that "[t]he procedures approved herein shall not apply to claims files by … the State of Michigan Environmental Protection Agency … for any purpose, including but not limited to, any objections to such claims or other litigation in respect to such claim…" [Docket No. 6089]. The MDEQ is the state of Michigan's environmental protection agency.

8. On or about January 25, 2008, Delphi's First Amended Plan was confirmed by this Court. Under the confirmed plan, environmental obligations were treated as flow-through claims, to be addressed in the ordinary course of business by the reorganized debtor.

9. On October 3, 2008, the Debtors filed proposed modifications to the confirmed plan which included the sale and other disposition of certain assets. The

3

modified plan was approved by the court on July 30, 2009 and the Reorganized Debtors consummated the modified plan and emerged from chapter 11 on October 6, 2009.

10. Under the modified plan, the Reorganized Debtors were required to sell or otherwise wind-down the remaining assets, including any properties that were retained.

11. The last remaining Debtor facilities in Michigan – the former Saginaw Plant 2 and Flint East are sites of environmental contamination being addressed under Michigan's Part 201 and the Resource Conservation and Recovery Act/Part 111 of the NREPA respectively.

12. The Reorganized Debtors have conducted some response activities at the Michigan facilities, however, the facilities remain contaminated and there is work left to be done to completely address contamination at and emanating from the facilities.

13. On July 3, 2013, the Reorganized Debtors filed the Motion for Final Decree and Order Pursuant to 11 U.S.C. 105, 350(a), and 1142, Fed. R. Bankr. P. 3022, and Local Bankr. R. 3022-1 Closing the Bankruptcy Cases and Providing Related Relief [Docket No. 22073], describing their proposed process for addressing remaining claims and assets being administered and closing their cases by the end of the year.

14. According to the Motion, the Reorganized Debtors intend to address the Michigan facilities by establishing an environmental trust to both own and

4

clean-up the contamination. If the parties are unable to reach agreement as provided in the Motion, the Reorganized Debtors propose to address claims related to the Michigan facilities through the claims process established by Claim Objection Procedures Order entered by the Court.

15. There is still significant work to be done to reach an agreement of the terms of an environmental trust.

## Objection

16. While MDEQ understands the Reorganized Debtors desire to wind-down the remaining bankruptcy cases and is generally supportive of its efforts to establish an environmental trust to address the Michigan facilities, it must nonetheless object to the Motion because if the parties are unable to reach a consensus on an environmental trust, the claims process that the Reorganized Debtors intend to follow is not applicable to MDEQ and MDEQ is concerned that the timeline Reorganized Debtors have proposed for closing the case may not be sufficient to ensure that adequate provision will be made to address the environmental contamination at the Michigan facilities.

17. Because of the nature of environmental "claims' and environmental and bankruptcy law treatment of these matters, the governments objected to the Claims Objection Procedures Order that would have subjected environmental claims and interest to the process the Debtors proposed to resolve claims. The final order exempted environmental matters from the sufficiency hearing process.

18.     Parts 201 and 111 of the NREPA were enacted to ensure the remediation of sites of environmental contamination and thus eliminate unacceptable risks to public health, safety, welfare or the environment from contamination at such sites.

19.     Under Parts 201 and 111 of the NREPA, a liable party has affirmative obligations to investigate and remediate contamination that it is responsible for.[2]

20.     It is settled law that property of a bankruptcy estate cannot be abandoned in violation of State laws that protect public health and safety.[3] And, a "Bankruptcy Court does not have the power to authorize an abandonment with formulating conditions that will adequately protect the public's health and safety."[4]

21.     The Reorganized Debtors have not yet sought to abandon any of its Michigan facilities under Section 554 of the Code, but in light of the Reorganized Debtors' intent to close the bankruptcy case the abandonment analysis is appropriate.  The Reorganized Debtors must comply with state and local laws that are protective of the public health and safety and must make sure that adequate provision for addressing environmental contamination at the Michigan facilities are in place before the cases are closed.[5]

---

[2] MCL 324.20114(1)(a) and (g).
[3] *See, Midlantic National Bank v New Jersey Department of Environmental Protection*, 474 US 494 (1986), *In re Wall Tube & Metal Products, Co.*, 831 F2d 118, 122 (CA 6 1987), *Dep't of Environmental Resources v. Conroy*, 24 F3d 568 (CA 3 1994), *In re Torwico Electronics, Inc.*, 8 F3d 146 (CA 3 1993), and 28 USC § 959.
[4] *Midlantic National Bank v New Jersey Department of Environmental Protection*, 474 US at 507.
[5] *Midlantic Nat'l Bank v New Jersey Dep't of Environmental Protection*, 474 US at 505.  *See also,* 28 USC 959.

6

## Reservation of Rights

22.     MDEQ reserves the right to assert further objections to the Motion.

WHEREFORE, the MDEQ respectfully requests that this Court either deny the Motion or condition its approval on adequate provisions being made to ensure that environmental contamination at the Michigan facilities will be addressed. Further the order should reflect that the MDEQ is exempted from the claims process established by the case management order, and grant such other and further relief as is just had appropriate.

Respectfully submitted,

Bill Schuette
Attorney General

/s/   Celeste R. Gill
Celeste R. Gill (Admitted Pro Hac Vice)
Assistant Attorney General
Environment, Natural Resources
and Agriculture Division
6th Floor, Williams Building
525 W. Ottawa
P.O. Box 30755
Lansing, MI   48909
(517) 373-7540
E-mail:  gillc1@michigan.gov

Dated:  July 23, 2013

LF:Delphi/Limited Objection to Case Closing Motion

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing MICHIGAN DEPARTMENT OF ENVIRONMENTAL QUALITY'S LIMITED OBJECTION TO THE MOTION FOR FINAL DECREE AND ORDER PURSUANT TO 11 U.S.C. 105, 350(a), AND 1142, FED. R. BANKR. P. 3022, AND LOCAL BANKR. R. 3022-1 CLOSING THE BANKRUPTCY CASES AND PROVIDING RELATED RELIEF has been served to registered users of the Court's ECF system on this 23rd day of July, 2013.

      /s/ Celeste R. Gill
      Celeste R. Gill
      Assistant Attorney General
      Environment, Natural Resources
      and Agriculture Division
      6th Floor, Williams Building
      525 W. Ottawa
      P.O. Box 30755
      Lansing, MI   48909
      (517) 373-7540
      E-mail: gillc1@michigan.gov