UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                             :    Chapter 11
                                          :
DPH HOLDINGS CORP., et al.,               :    Case No. 05-44481 (RDD)
                                          :
                 Reorganized Debtors.    :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. §§ 105, 350(a), AND 1142, FED. R. BANKR.
P. 3022, AND LOCAL BANKR. R. 3022-1 CONCERNING CLOSING THE
<u>BANKRUPTCY CASES AND PROVIDING RELATED RELIEF</u>

       This matter having come before the court on the motion, dated July 3, 2013 (the "Motion"), filed by the Reorganized Debtors seeking entry of a final decree and order, pursuant to 11 U.S.C. §§ 105, 350(a), and 1142, Federal Rule of Bankruptcy Procedure 3022, and Local Rule of Bankruptcy Procedure 3022-1 (i) closing the Chapter 11 Cases[1] that remain open,[2] (ii) authorizing the Reorganized Debtors to complete certain outstanding administrative tasks following entry of this Order; (iii) discharging and releasing the Plan Implementation Parties; (iv) setting the Closing Status Hearing; (v) approving the form and manner of notice of the Motion, and (vi) retaining jurisdiction to enforce or interpret its own orders pertaining to the Chapter 11 Cases including, but not limited to, the Plan Modification Order and this Order; and upon objections to the Motion and the arguments presented by the parties' counsel at the hearing

---

[1]    Capitalized terms not defined herein have the meanings given to them in the Motion.

[2]    Pursuant to the Motion, the Reorganized Debtors seek to close the Chapter 11 Cases that remain open (the "Open Cases"), including: (1) DPH Holdings Corp. (Case No. 05-44481), (2) Delphi Medical Systems Colorado Corporation (Case No. 05-44507), (3) Delphi Medical Systems Texas Corporation (Case No. 05-44511), (4) Delphi Mechatronic Systems, Inc. (Case No. 05-44567), and (5) Delphi Automotive Systems LLC (Case No. 05-44640).

held by the Court on the Motion on July 30, 2013 (the "Hearing"); and the Court having jurisdiction over this matter; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

A.  The predicates for the relief requested herein are Bankruptcy Code sections 105(a), 350(a), 1142, Federal Rule of Bankruptcy Procedure 3022, Local Rule of Bankruptcy Procedure 3022-1, the Plan Modification Order, and the Modified Plan;

B.  Notice of the Motion and the proposed Case Closing Order in the manner described in the Motion was good and sufficient under the particular circumstances and no other or further notice need be given;

C.  A reasonable opportunity to object and be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities;

D.  The objections filed by Republic Engineered Products (Docket No. 22082), Pro Tech Machine (Docket No. 22085), DSSI, LLC (Docket No. 22086), General Motors LLC (Docket No. 22088), James B. Sumpter (Docket Nos. 22089, 22106, 22113), Tata America International Corporation d/b/a TCS America (Docket No. 22092), the Michigan Department of Environmental Quality (Docket No. 22095), and the United States of America (Docket No. 22100), to the extent not resolved at or prior to the Hearing as reflected in this Order, are hereby overruled.

E.  The distributions described in the Motion, including the funding of trusts and reserve accounts for payments associated with the Remaining Claims and any other obligations of the Reorganized Debtors, to be determined, in the Reorganized Debtors' sole discretion, by this

Court and/or through the dissolution of DPH Holdings under applicable law, satisfy the requirements of the Modified Plan, the Modification Approval Order, and the MDA;

F.  Upon resolution of the Remaining Claims and the Remaining Adversary Proceedings, and provision for distribution in respect thereof under the Modified Plan, Debtors' estates will have been fully administered within the meaning of 11 U.S.C. § 350 and in accordance with the Modified Plan;

G.  Upon resolution of the Remaining Claims and the Remaining Adversary Proceedings, and provision for distribution in respect thereof under the Modified Plan, either consensually or by further order of this Court, the Plan Implementation Parties will have each substantially fulfilled their obligations under the Modified Plan;

H.  Good cause exists to dissolve DPH Holdings, to terminate the Trust, and upon entry of the final decree, to discharge and release the Plan Implementation Parties;

I.  The Trust will automatically terminate upon full administration and distribution of Trust Property;

J.  The relief granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and, therefore, it is hereby

ORDERED, DECREED AND ADJUDGED THAT:

1.  The Motion is GRANTED to the extent provided in this Order.

2.  The Reorganized Debtors are hereby authorized to resolve the Remaining Claims and Remaining Adversary Proceedings pursuant to the procedures as detailed in the Motion. The Reorganized Debtors shall report on the status of outstanding administrative tasks at the status hearing scheduled for December 18, 2013, at 10:00 a.m. (prevailing Eastern time) (the "Closing

Status Hearing"), at which time this Court shall decide whether to enter a final decree in the Open Cases.

3. To the extent any of the Remaining Adversary Proceedings are not resolved prior to the date of this Order, the Reorganized Debtors shall promptly present modified procedures to the Court to provide for the disposition of the Remaining Adversary Proceedings prior to November 25, 2013.

4. Except as provided in paragraph 5 below, to the extent that any of the Remaining Claims are not resolved prior to September 1, 2013, the Reorganized Debtors shall notice such claims for disposition on a sufficiency or an evidentiary basis for hearings scheduled on October 24, 2013, and November 14, 2013, respectively, or such other dates as the Court may schedule prior to November 25, 2013.

5. Resolution procedures for claim numbers 15785, 18956, 19539, and 19786 (the "Environmental Claims") shall be established by mutual written agreement on or before September 1, 2013, between the Reorganized Debtors, the Michigan Department of Environmental Quality, and the U.S. Environmental Protection Agency (together with the Ohio Environmental Protection Agency, the "Environmental Agencies"), as applicable. In the event that an agreement is not reached on or before September 1, 2013, the Reorganized Debtors shall notice the applicable Environmental Claim(s) for disposition in accordance with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, but in any event, to occur no later than November 25, 2013. In the event that the Reorganized Debtors and an Environmental Agency cannot reach an agreement concerning the creation and funding of a trust to resolve the applicable Environmental Claim(s), the Reorganized Debtors shall file a motion, to be heard no later than November 25, 2013, seeking to

abandon the property that is subject to such Environmental Claim(s). Nothing herein shall prejudice the right of an Environmental Agency to contest the entry of the final decree, the dissolution of DPH Holdings, or the termination of the Trust on the grounds that the Reorganized Debtors have not satisfied all of the conditions necessary to close the cases, dissolve DPH Holdings or terminate the Trust, including but not limited to the failure to resolve the Environmental Claims or the failure to resolve any of the Reorganized Debtors' obligations under the environmental laws.

6. The Reorganized Debtors are hereby authorized to complete all outstanding administrative tasks after entry of this Order, including (a) resolution of the Remaining Claims and Remaining Adversary Proceedings subject to the schedule, procedures, and deadlines provided by this Order; (b) disposition of any remaining assets; (c) dissolution of DPH Holdings in accordance with Delaware law, to be effective following the disposition of the Remaining Claims; (d) to establish trusts for purposes of resolving the Remaining Claims; (e) payment of any taxes, professional fees, and other administrative costs; and (f) to take such actions as may be necessary to close the Chapter 11 Cases, including, without limitation, preparation and filing of a final report detailing compliance with this Order and indicating the date and time of the Closing Status Hearing, to be filed with this Court at least five (5) days prior to the Closing Status Hearing.

7. Upon entry of the final decree, the Plan Implementation Parties, including employees of the Plan Administrator acting for or on behalf of the Plan Administrator, are hereby released and discharged to the fullest extent permissible under any applicable law from any and all claims that (a) have been, could have been, or which may in the future be asserted against any of the Plan Implementation Parties for any act or omission occurring through the date of entry of the

5

final decree in these Chapter 11 Cases, and (b) relate to the Debtors, the Reorganized Debtors, the Trust, the Modified Plan or the Chapter 11 Cases, including, without limitation, any claims relating to or arising out of the implementation or administration of the Modified Plan, the actions or omissions of any of the Plan Implementation Parties after the date of confirmation of the Modified Plan, the assets or liabilities of the Debtors, the Reorganized Debtors, or the Trust, or the responsibilities or obligations of any of the Plan Implementation Parties with respect to the Modified Plan, the Trust, the Debtors, or the Reorganized Debtors (collectively, the "Released Claims"); provided, however, that nothing herein shall release the Plan Implementation Parties from their willful misconduct or gross negligence; provided further, however, that no party may assert a claim relating to the Plan Implementation Parties' willful misconduct or gross negligence in connection with the Released Claims without further order of this Court. Upon entry of the final decree, the Plan Implementation Parties shall be expressly discharged from any further obligation or responsibility to take any additional action in connection with the administration of the Debtors' estates, other than the outstanding administrative tasks outlined in the Motion or, with respect to the Plan Administrator, under the Trust Agreement.

       8. Upon entry of the final decree and termination of the Trust, any residual assets of the Reorganized Debtors shall be transferred to and shall be the property of either GM (to the extent of funds advanced under the GM Wind Down Facility) or Delphi Automotive LLP, as provided by the MDA.

       9. Notwithstanding anything to the contrary herein: (a) this Order does not constitute a finding that GM, or any other party, including the Reorganized Debtors, is required to pay, fund or satisfy any liability, claim, cost or expense of the Wind Up (as that term is defined in Exhibit 3.1.1.E to the MDA), or to fund any trust or any reserve or security; (b) GM's funding

obligations shall be determined as part of the adjudication, if necessary, by this Court of the Reorganized Debtors' Motion for an Order to Compel Compliance With, and to Implement, the Modified Plan, Plan Modification Order and Related Documents (the "Motion to Compel") (Docket No. 22075); and (c) except as provided in this paragraph, all parties' rights, claims and defenses concerning the Motion to Compel, including the Reorganized Debtors' right to assert that GM has a funding obligation, and GM's right to assert that it has no funding obligation, are preserved and not waived. By way of illustration: (x) the Reorganized Debtors may proceed and take such actions as they deem necessary under Delaware state law or otherwise to dissolve, but GM preserves its right to make its arguments as set forth in the Objection to the Motion and the Motion to Compel that its funding obligation concludes by the end of this year and it is not required to fund any reserve or security and (y) the Reorganized Debtors may seek to establish a trust, such as a trust similar to the RACER (Revitalizing Auto Communities Environmental Response) Trust, to settle environmental claims, but GM preserves its rights (i) to object to any obligation it might otherwise have to fund such trust, and/or (ii) under the Funding Agreement, including without limitation, any right to receive any unused funds, or the sale proceeds of any property which may be transferred to such trust.

10. The Debtors shall reserve sufficient funds to pay the Office of the United States Trustee the amount of any quarterly fees due pursuant to 28 U.S.C. § 1930 and any applicable interest due pursuant to 31 U.S.C. § 3717, which fees and interest, if any, shall be paid within ten (10) days of the entry of the final decree. Upon the payment of such quarterly fees, the Debtors shall simultaneously provide to the United States Trustee an affidavit indicating cash disbursements for the quarter in which the final decree is entered, and for any other relevant quarter or quarters.

11. Upon entry of the final decree, Kurtzman Carson Consultants, LLC ("KCC") shall (a) prepare final claims registers for the Clerk's Office pursuant to the guidelines for implementing 28 U.S.C. § 156(c) and (b) box and transport all claims to the Federal Archives, at the direction of the Clerk's Office. Such services will be charged to the Reorganized Debtors.

12. Except as expressly provided herein, upon entry of the final decree, KCC is released as claims and noticing agent in the Chapter 11 Cases under Bankruptcy Rule 2002, 28 U.S.C. § 156(c) and the Final Order Under 28 U.S.C. Section 156(c) Authorizing Retention and Appointment of Kurtzman Carson Consultants LLC as Claims, Noticing, and Balloting Agent for Clerk of Bankruptcy Court, In re DPH Holdings Corp, et. al., No. 05-44481 (Bankr. S.D.N.Y. December 1, 2005).

13. This Order shall be served in the manner set forth in the Motion on (i) the Master Service List, (ii) the Rule 2002 Service List, (iii) all parties to the Remaining Claims and Remaining Adversary Proceedings, and (iv) all known creditors of DPH Holdings.

14. This Court shall retain jurisdiction to enforce or interpret its own orders pertaining to the Chapter 11 Cases, including, but not limited to, the Plan Modification Order and this Order.

Dated: White Plains, New York
       August 6, 2013

   /s/Robert D. Drain_____
   UNITED STATES BANKRUPTCY JUDGE