February, 2012

Dear JAMES SUMPTER:

You are receiving this letter because you are a salaried retiree of DPH Holdings Corp. ("DPHH"), the entity formerly known as Delphi Corporation, and you are currently receiving disability benefits from DPHH. The purpose of this letter is to inform you of **important changes** regarding those benefits.

In October, 2010 we notified you that DPHH was in the process of winding down all of its remaining operations. Further, you were informed that DPHH had limited resources during the wind-down process and that it reserved the right to terminate its benefit programs.

We regret to inform you that effective midnight March 31, 2012, DPHH will terminate The DPH Holdings Corp. Life and Disability Benefits Program for Salaried Employees (the "Disability Plan") and all benefits provided under such Plan. This means that any disability benefits you currently receive or are eligible to receive will cease after █████████. The termination of the Disability Plan will not impact your continued receipt of any of the following: retirement benefits you may be receiving from the PBGC, Workers Compensation benefits, Social Security disability or retirement benefits, or any other disability-related benefits under State or Federal law.

DPHH is offering you a lump sum payment equal to ███████ less applicable withholdings. **You are eligible for the lump sum payment only if you sign the attached Separation and Release Agreement. The Release must be postmarked no later than April 9, 2012 and sent to DPH Holdings Corp., P.O. Box 5027, Troy, MI 48098. Assuming DPHH has timely received your signed Separation and Release Agreement, all lump sum payments will be paid in early May and sent to the address on file.**

Please direct any questions or concerns you may have regarding your benefits to DPHH's benefits administrator at 1-888-587-9648.

Sincerely,

DPH Holdings Corp.

# DPH Holdings Corp.

000115900\0217\1293830-1                                                                                                S6.R

## RELEASE AGREEMENT

This Release Agreement ("Agreement") is between JAMES SUMPTER for himself/herself, his/her heirs and personal representatives ("Retiree"), and DPH Holdings Corp., The DPHH Life and Disability Benefits Program for Salaried Retirees (the "Disability Plan") together with their current and former officers, directors, plan administrators, managers, shareholders, former employees, contractors, agents, parent companies, subsidiaries, affiliated entities, related entities including, attorneys, any other representatives, and successors in interest (collectively referred to as "DPHH").

### RECITALS

A.    Retiree has previously retired from active employment with DPHH, the entity formerly known as Delphi Corporation.

B.    DPHH is in the process of winding up its remaining operations. As part of the process of winding up the business, DPHH is terminating its benefit plans.

C.    Retiree is affected by the termination of the DPHH Life and Disability Benefits Program for Salaried Retirees.

D.    DPHH has decided to provide Retiree with a lump sum payment and in exchange Retiree has agreed to release and discharge DPHH of any and all liability claims.

Based on the foregoing Recitals, which Retiree and DPHH accept as true and as part of the basis for this Agreement, and in consideration of and in reliance upon the representations and promises in this Agreement, Retiree and DPHH agree as follows:

1.    **Payments to Retiree.**

    (a)    In exchange for Retiree's execution of this Release Agreement, DPHH will pay Retiree the sum of ▓▓▓▓▓▓▓ applicable withholding.

    (b)    **Consideration in Exchange for Retiree's Promises.** The consideration set forth in Section 1 of this Agreement is not otherwise due and owing to Retiree and is fair and adequate consideration in exchange for Retiree's promises contained in this Agreement. DPHH will provide the consideration under this paragraph to Retiree only in exchange for Retiree's promises in this Agreement. Retiree will not receive this consideration unless Retiree signs this Agreement and returns it to the address below, post-marked no later than ▓▓▓▓▓▓▓.

2.    **Termination of Benefits.** The Retiree's participation in and receipt of benefits under The DPHH Life and Disability Benefits Program for Salaried Retirees shall be terminated effective midnight March 31, 2012.

3.   **Release**

(a)   **General Release.** Retiree, to the fullest extent permitted by law, waives, releases, and discharges DPHH (as defined above and including The DPHH Life and Disability Benefits Program for Salaried Retirees) from any claims, arbitration demands, and causes of action related to, arising in the course of, or arising out of Retiree's employment with DPHH, the termination of Retiree's employment with DPHH or the termination of DPHH benefits under any state or federal regulation, law, and statute, including (a) the Age Discrimination in Employment Act or the Older Worker's Benefit Protection Act, 29 U.S.C. § 621, *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, the Rehabilitation Act of 1973, the Michigan Elliot Larsen Civil Rights Act, the Michigan Persons With Disabilities Civil Rights Act, the Family and Medical Leave Act, and the Americans With Disabilities Act, the Retiree Retirement Income Security Act (ERISA), 29 USC §1001 *et seq.*, (b) any and all claims pursuant to state or federal wage payment laws, (c) any and all claims related to Michigan fair employment laws, (d) any and all claims pursuant to the Michigan Whistleblowers' Protection Act and/or claims or complaints pursuant to the federal Sarbanes-Oxley Act of 2002, the Dodd-Frank Act, and (e) any claim arising under common law.

Retiree and DPHH intend that, to the fullest extent permitted by law, this waiver, release, and discharge is a general release and it shall extinguish any claims, arbitration demand or cause of action by Retiree against DPHH about anything that occurred before the date of this Agreement. This Agreement includes a release of Retiree's right to file a lawsuit or to seek individual remedies or damages in any EEOC-filed court action, and this release will apply to any Charge of Discrimination about any events that occurred up to the date of the signing of this Agreement. Retiree and DPHH intend that, to the fullest extent permitted by law, these waivers, releases, and discharges will constitute a general release, will extinguish any claims and any causes of action, and will preclude any lawsuit or any other legal claim by Retiree against DPHH about anything that occurred before the date of the signing of this Agreement, including anything arising out of or relating to Retiree's employment with DPHH or the termination of benefits. This Agreement will not be construed to prohibit the filing of a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") or a state agency, but this Agreement includes a release of Retiree's right to file a lawsuit or to receive any monetary recovery and any other remedies if the EEOC or a state agency pursues any claims on Retiree's behalf. The only claims and causes of action that Retiree is not waiving, releasing, or discharging are for the consideration that Retiree will receive under Section 1 of this Agreement and any claims and causes of action that, as a matter of law, cannot be waived, released, or discharged.

(b)   **Accord and Satisfaction.** The consideration set forth in this Agreement is in full accord and satisfaction of any claims and any causes of action that Retiree has, may have, or may have had against DPHH related to, arising in the course of or arising out of Retiree's employment with DPHH or the termination of benefits.

4. **Knowing and Voluntary Acceptance**

(a) **Knowing and Voluntary Acceptance.** Retiree has carefully read this Agreement, understands it, and is entering it knowingly and voluntarily, which means no one is forcing or pressuring Retiree to sign it.

(b) **Advice of Counsel.** Retiree is advised to consult with an attorney of Retiree's choice, at Retiree's expense, before signing this Agreement.

(c) **No Reliance on Any Other Representation.** In signing this Agreement, Retiree has not relied upon any DPHH representation or statement, either oral or written, about the subject matter of this Agreement that is not set forth in this Agreement.

5. **Non-admission of Liability.** This Agreement shall not be used or construed as an admission of liability or wrongdoing by either DPHH or Retiree. DPHH denies that it acted unlawfully, tortiously, or in violation of any employment law affecting Retiree.

6. **Severability.** If any one or more than one of the provisions contained in this Agreement are, for any reason, held to be invalid, illegal, or unenforceable in any respect, the rest of this Agreement will remain enforceable. This Agreement shall then be construed as if it never contained the invalid, illegal, or unenforceable provision.

7. **Applicable Law.** This Agreement is to be interpreted, construed, and applied in accordance with the law of the State of Michigan.

8. **Jurisdiction and Forum.** Any action arising out of this Agreement or the relationship between the parties established herein shall be brought only in the State of Michigan Courts of appropriate venue, or the United States District Court sitting in Michigan, and Retiree hereby consents to and submits himself or herself to the jurisdiction of such Courts.

9. **Non-disclosure.** Retiree will not disclose the terms of this Agreement to any third party, other than Retiree's immediate family members (meaning spouse, mother, father or siblings only), except as required by law or as necessary for the purpose of receiving counsel from Retiree's attorney, accountant, or both. Retiree's immediate family members and professional advisors will be subject to the non-disclosure requirement of this paragraph.

10. **Successors and Assigns.** This Agreement is binding and shall take effect for the benefit of (i) DPHH and (ii) Retiree, Retiree's heirs, assigns, executors, administrators, other legal representatives, and successors.

11. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, and all of which together shall constitute the same instrument.

12. **Entire Agreement.** This Agreement constitutes the entire agreement between the parties related to the termination of Retiree's benefits. There are no other agreements, promises,

conditions, or understandings, either written or oral, between DPHH and Retiree either with respect to the subject matter of this Agreement or modifying the terms of this Agreement. Only a writing signed by Retiree and an authorized representative of DPHH that specifically refers to and expressly changes this Agreement can modify the terms of this Agreement.

**DPH HOLDINGS CORP.**                **RETIREE**

By: _____        _____

Its: _____

Dated: _____, 2012        Dated: _____, 2012

**Return signed agreement postmarked
no later than April 9, 2012 to:**

DPH Holdings Corp.
P.O. Box 5027
Troy,                MI                                48098

4

0001418140005\1293521-1                                S6.R