BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, MI  48226
(313) 225-7000
Thomas B. Radom
Bruce L. Sendek
David J. DeVine
*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| Reorganized Debtors. | |

**REORGANIZED DEBTORS' RESPONSE IN OPPOSITION
TO JAMES B. SUMPTER'S EXPEDITED MOTION FOR A DELAY
REGARDING SUMPTER INJUNCTION MOTION II [DOCKET NO. 22139]**

DPH Holdings Corp. (the "DPH") and the other Movants in the Sumpter Injunction Motion II (the "DPH Motion") (Dkt. No. 22139) hereby oppose James B. Sumpter's Expedited Motion For A Delay Regarding DPHH's Injunction Motion – Docket # 22139 (Sumpter Injunction Motion II) (the "Delay Motion") for the following reasons:

**I.   A TIMELY HEARING ON THE DPH MOTION IS NECESSARY TO AVOID COMPLICATING THE CASE CLOSING PROCESS.**

1.   As the Court is aware, the Reorganized Debtors are working diligently to close the remaining debtor cases by December 31, 2013.  As part of that process, the Reorganized Debtors must resolve their pending litigation as promptly as possible to avoid creating additional litigation reserve funding issues.

1

2. Sumpter's Second Indiana Action is one such matter that DPH (and the other named Defendants[1] in the Second Indiana Action) must resolve as promptly as possible.

3. Sumpter has already prepared a substantive argument in opposition to the pending DPH Motion as a part of his (denied) *Emergency Motion for Injunction Against DPHH Action in the Bankruptcy Court (SDNY)* (the "Indiana Emergency Motion") (**Exhibit A**).[2] Reformatting that argument such that it can be presented in this Court should not cause any particular burden on Sumpter and will allow the DPH Motion to move forward as scheduled.

## II. SUMPTER RECEIVED TIMELY AND VALID SERVICE OF THE DPH MOTION.

4. Sumpter's incorrect assertion that he did not receive timely service of the DPH Motion offers no basis for an adjournment. Sumpter contends that he "received notice of the DPHH injunction motion (docket #22139) on Saturday, September 7, 2013 via FedEx overnight. . . . Therefore the motion was not served 14 days prior to the return date as required by Rule 9006-1." *Sumpter Delay Motion, ¶ 8.*

---

[1] The other named defendants are John Brooks (DPH's president), the law firm of Butzel Long (DPH's counsel), attorney Cynthia J. Haffey (of Butzel Long), attorney Roberta Granadier (formerly of Butzel Long), and other "to be determined" employees of both DPH and Butzel Long.

[2] Sumpter filed his Indiana Emergency Motion on September 12, 2013. **Exhibit A**, *Indiana Emergency Motion* without exhibits. The Indiana Court denied that motion on September 16, 2013, finding that "[t]here is nothing facially improper about the [DPH Motion] in the Bankruptcy Court; it is the Defendants' position that the issues in this case have been resolved by the Bankruptcy Court. If the Defendants' position is incorrect, the Bankruptcy Court presumably will rule accordingly; if it does not, and Sumpter disagrees with its ruling, Sumpter may appeal that ruling. Accordingly, Sumpter's emergency motion is DENIED." **Exhibit B**, September 16, 2013, Order.

2

5.      As an initial matter, Sumpter overlooks that the term "return date" in Local Rule 9006-1 is not the objection deadline, but rather, "*the date set for a **hearing** on a motion or application.*" *Local Rule 9001-1(15)* (emphasis added). Here, the return date for the Motion is September 26, 2013—*20 days after the Motion was filed and served.*

6.      In any event, despite Sumpter's arguments to the contrary, service was both proper and timely. The Court's *Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bank. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice Case Management, and Administrative Procedures* (the "Supplemental Case Management Order") (Dkt. No. 2883) plainly states that, "[e]xcept as otherwise provided by the Bankruptcy Code or the Bankruptcy Rules, for a Motion . . . to be heard at the next-scheduled Omnibus Hearing Date, a movant or applicant must file with this Court and serve such a Motion <u>at least twenty days prior</u> to the next-scheduled Omnibus Hearing Date . . . , and must serve such Motion in accordance with the Notice Procedures." *Supplemental Case Management Order, ¶ 10* (emphasis in original). The "Notice Procedures", in turn, provide that "[a]ll Filings shall be served (a) via overnight mail upon all parties with a particularized interest in the subject Filing . . . and (b) by electronic transmission or fax on each party who files a notice of appearance or request for documents in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure."[3] *Id.* at ¶ 15.

---

[3] While the *Nineteenth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bank. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice Case Management, and Administrative Procedures* (the "Nineteenth Supplemental Case Management Order") (Dkt. No. 20189) subsequently modified certain of the service requirements in the Supplemental Case Management Order, none of those

3

7.  Here, both the DPH Motion (Dkt. No. 22138) and the Notice of the DPH Motion (Dkt. No. 22139) were timely filed on the docket on September 6, 2013 (*i.e.*, 20 days before the Omnibus Hearing Date).  Both filings were served on Sumpter that same day via (a) e-mail, (b) fax, and (c) overnight delivery.  *See Affidavit of Service* (Dkt. No. 22145); *see also* **Exhibit C** (September 6, 2013 E-mail from attorney David DeVine of Butzel Long to James Sumpter).  Sumpter himself acknowledged (and even took issue with) these multiple methods of service in his earlier-filed Indiana Emergency Motion (**Exhibit A** at ¶¶ 18-19, *Indiana Emergency Motion*).

8.  Plainly then, service was both timely and effective as to Sumpter, and his current Delay Motion offers no basis for adjourning the hearing on the DPH Motion.

WHEREFORE, DPH and the other Movants respectfully request that this Court DENY Sumpter's Delay Motion and proceed with the DPH Motion as noticed.

Dated:  Detroit, Michigan
        September 17, 2013

                                          BUTZEL LONG, a professional corporation

                                          By: /s/ David J. DeVine
                                              Thomas B. Radom
                                              Bruce L. Sendek
                                              David J. DeVine
                                              150 West Jefferson, Suite 100
                                              Detroit, Michigan  48226
                                              (313) 225-7000
                                              *Attorneys for Reorganized Debtors*

---

modifications support Mr. Sumpter's current objections to the service of the Motion.  In relevant part, the Nineteenth Supplemental Case Management Order provides that "[t]he Reorganized Debtors are permitted to effect service of all future Filings via e-mail and are not required to serve paper copies on any party-in-interest other than the United States Trustee or any party providing adequate justification why service by e-mail is not acceptable. Parties with a particularized interest in the subject of the Filing shall continue to be served with all Filings by overnight mail."  *Nineteenth Supplemental Case Management Order, ¶ 4.*  The Reorganized Debtors' service of the Motion thus complied with the Nineteenth Supplemental Case Management Order for the same reasons it complied with the Supplemental Case Management Order.