SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Corp.  Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
   In re                                                   :        Chapter 11
:
DPH HOLDINGS CORP., et al.,             :        Case No. 05-44481 (RDD)
:
             Reorganized Debtors.     :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER BETWEEN
REORGANIZED DEBTORS AND MICHIGAN SELF-INSURERS'
SECURITY FUND COMPROMISING AND ALLOWING PROOF OF
<u>ADMINISTRATIVE EXPENSE CLAIM NUMBER 19281</u>

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and the State of Michigan Self-Insurers' Security Fund (the "Claimant") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors And State of Michigan Self-Insurers' Security Fund Compromising And Allowing Proof of Administrative Expense Claim Number 19281 (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases, including Delphi Automotive Systems LLC (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 15, 2009, the Claimant filed proof of administrative expense claim number 19281 in the amount of $5,557,750.00 (the "Claim") against Delphi. The Claim stems from Delphi's status as a self-insured employer for workers' compensation claims in the state of Michigan and the Claimant's potential payment of workers' compensation claims to Delphi employees on behalf of Delphi for injuries incurred after the Petition Date.

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors in accordance with the Modified Plan. Upon consummation of the Modified Plan, Delphi emerged from chapter 11 as DPH Holdings Corp.

2

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

WHEREAS, on March 19, 2010, the Reorganized Debtors objected to the Claim as reflected in the Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge Certain Administrative Expense (A) Books And Records Claims, (B) Methode Electronics Claims, (C) State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E) Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims, And (I) Severance Claims, (II) Disallow And Expunge (A) A Certain Duplicate Workers' Compensation Claim, (B) A Certain Duplicate Tax Claim, And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers' Compensation Claims And (B) Workers' Compensation Claims, And (IV) Allow Certain Administrative Expense Severance Claims (Docket No. 19711) (the "Objection").

WHEREAS, on April 14, 2010, the Claimant filed the Response to Debtors' Forty-Sixth Omnibus Claims Objection On Behalf of Michigan Self-Insurers' Security Fund (Docket No. 19825) (the "Response").

WHEREAS, on July 21, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proof Of Administrative Expense Claim Number 19281 (Docket No. 20459), pursuant to which the claim objection hearing on the Claim was scheduled for September 24, 2010.

3

WHEREAS, on July 28, 2010, the Reorganized Debtors Filed the Notice of Adjournment of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proof Of Administrative Expense Claim Number 19281 Filed by Michigan Self-Insurers' Security Fund (Docket No. 20481), pursuant to which the claim objection hearing on the Claim was adjourned without date.

WHEREAS, to resolve the Objection with respect to the Claim, the Reorganized Debtors and the Claimant entered into this Stipulation, pursuant to which the Reorganized Debtors and the Claimant agreed that the Claim should be allowed in the amount of $4,154,024 in full and final satisfaction of the Claim and shall be treated as an allowed administrative expense priority claim against Delphi in accordance with the terms of the Modified Plan.

NOW, THEREFORE, the Reorganized Debtors and the Claimant stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $4,154,024 (the "Settlement Amount") in full and final satisfaction of the Claim and shall be treated as an allowed administrative expense priority claim against Delphi in accordance with the terms of the Modified Plan.

2. The Response is hereby withdrawn with prejudice.

3. This Stipulation fully settles and satisfies the Claim, and any and all claims, of any nature, of the Claimant against the Debtors and the Reorganized Debtors, and each of their respective predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and any other agents (collectively, the "Released Parties"), except as otherwise outlined in Paragraph 5 below. The Claimant further waives and releases, against each of the Released

4

Parties, any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which the Claimant have, ever had, or hereafter shall have against any of the Released Parties based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before this Stipulation, except as otherwise outlined in Paragraph 5 below.

      4.      Nothing herein shall be construed as an admission of liability to any portion of the Claim on behalf of the Debtors or the Reorganized Debtors.

      5.      Nothing herein shall be construed as an admission, waiver, release, or settlement by the Claimant or by the Michigan Funds Administration that ACE American Insurance Company and/or Pacific Employers Insurance Company, (the "Insurers") are not liable for payment of workers' compensation claims to Delphi's former employees in Michigan; *provided*, *however*, that in the event that any order or judgment is entered that finds the Insurers liable for any workers' compensation obligations of the Debtors asserted in the Claim or otherwise arising after the Petition Date, and the Debtors are found obligated to reimburse the Insurers for such liability, the Claimant shall promptly repay the Reorganized Debtors the Settlement Amount and the Claim shall be deemed allowed in the amount of $0.00.

      6.      This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

5

So Ordered in White Plains, New York, this 18th day of September, 2013

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Dennis J. Raterink |
|---|---|
| John Wm. Butler, Jr.<br>John K. Lyons<br>Ron E. Meisler<br>SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>155 North Wacker Drive<br>Chicago, Illinois  60606 | Dennis J. Raterink<br>Michigan Assistant Attorney General<br>Labor Division, P.O. Box 30736<br>Lansing, MI 48909<br><br>Attorney for the Michigan Self-Insurers' Security Fund |

– and –

Four Times Square
New York, New York  10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors