**Hearing Date: September 26, 2013 at 10:00 A.M. (EDT)**

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, MI  48226
(313) 225-7000
Thomas B. Radom
Bruce L. Sendek
David J. DeVine
*Attorneys for Reorganized Debtors and*
*Other Movants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| Reorganized Debtors. | |

**REORGANIZED DEBTORS' REPLY IN SUPPORT OF MOTION FOR ORDER (I) ENFORCING (A) MODIFIED PLAN AND PLAN MODIFICATION ORDER INJUNCTIONS, (B) OPEB ORDERS, AND (C) RECOUPMENT ORDER; (II) ENJOINING JAMES SUMPTER'S SECOND LAWSUIT FILED IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA AND REQUIRING JAMES SUMPTER TO DISMISS THE INDIANA ACTION WITH PREJUDICE; AND (III) HOLDING JAMES SUMPTER IN CONTEMPT AND AWARDING OTHER SANCTIONS**

**("SUMPTER INJUNCTION MOTION II REPLY")**

For their reply in support of the Sumpter Injunction Motion II,[1] the Movants respectfully represent as follows:

---

[1] Capitalized but undefined terms used in this reply brief have the meanings ascribed to them in the Sumpter Injunction Motion II (Dkt. No. 22138).

**A.      This Court's Plan Modification Order Discharged Sumpter's Claims, Released All Defendants, and Enjoins The Indiana Action.**

1.      Sumpter's response to the Sumpter Injunction Motion II fails to address the fact that the Modified Plan and this Court's Plan Modification Order discharged all claims asserted in Sumpter Indiana Action II and released each of the Defendants from such claims. *See Sumpter Injunction Motion II, ¶¶ 28-30.* The Modified Plan, as confirmed by the Plan Modification Order, is clear that (a) all claims relating to the termination of any employee or retiree benefit program are discharged, regardless of whether the termination occurred prior to or after the Effective Date (*Modified Plan, ¶ 11.2*); and (b) the Reorganized Debtors and their employees, attorneys and representatives are released from any claim or cause of action in connection with or relating to any employee benefit plan (*Modified Plan, ¶¶ 11.2 and 11.11*). The post-Effective Date termination of the Life and Disability Benefits Program Plan (the "Benefits Plan"), which covered Sumpter's SEDB, was not actionable misconduct in any way, as it was wholly contemplated by the Modified Plan.

2.      Likewise, Sumpter has no rebuttal to the plain language of the Modified Plan and Plan Modification Order, which act to enjoin him from asserting claims that have been discharged and released, such as the claims brought in the Sumpter Indiana Action II. *Modified Plan, ¶ 11.14*; *Plan Modification Order, ¶ 22*.

**B.      Sumpter's Subject-Matter Jurisdiction Arguments are Baseless.**

3.      This Court has jurisdiction over this matter. The Court expressly retained jurisdiction "to hear and determine all disputes involving the existence, nature or scope of the Debtors' discharge, including any dispute relating to any liability arising out of the . . . termination of any employee or retiree benefit program, regardless of whether such termination occurred prior to or after the Effective Date." *Modified Plan, Article XIII, ¶ (p)*.

4.      Moreover, this Court has the power to enjoin conduct that would constitute a collateral attack on its prior orders. *See Old Carco LLC,* 2011 U.S. App. LEXIS 19217 (2d Cir., Sept. 19, 2011). "Courts have inherent power to enforce their orders." *Hunt v. Enzo Biochem, Inc.,* 904 F. Supp. 2d 337, 344 (2d Cir. 2012). "The power of a court to make an order carries with it the equal power to punish for a disobedience of that order." *Id*. "Ancillary jurisdiction is recognized as part of a court's inherent power to prevent its judgments and orders from being ignored or avoided with impunity." *Id*. at 344 (*internal citations omitted*). A "Bankruptcy Court plainly ha[s] jurisdiction to interpret and enforce its own prior orders," particularly where the dispute arises from the Modified Plan or the Confirmation Order. *See Traveler's Indemnity Company v. Bailey*, 557 U.S. 137, 151-152 (2009); *In re: Petry Retail, Inc*., 304 F.3d 223, 230 (2d Cir. 2004).

5.      Furthermore, this Court has jurisdiction to enjoin the pursuit of claims in another court that are the subject of this Court's prior orders. *See In re Texaco, Inc*., 2012 U.S. App. LEXIS 25853 (2d Cir., Dec. 19, 2012).

C.      **Authority to Terminate The Plan's Benefits Is The Subject Of A Prior Order.**

6.      The Sumpter Indiana Action II turns wholly on the premise that the Reorganized Debtors could not unilaterally terminate benefits provided in the Benefits Plan. This Court already disposed of the question of whether the Reorganized Debtors had the authority, under the Benefits Plan language[2], to modify or terminate the benefits. This Court squarely found that the

---

[2] Article III, Section 3.05(b)(1) of the Benefit Plan provides the following reservation of rights language: "The Corporation reserves the right to amend, modify, suspend or terminate the program in whole or in part, at any time, by action of its Board of Directors or other committee expressly authorized by the Board to take such action."

language gave the Reorganized Debtors that right when it resolved the Salaried OPEB Termination Motion.

## CONCLUSION

When DPH elected to terminate the Life and Disability Program altogether in 2012, it acted squarely within its rights. DPH had full authority to act exactly as it did and DPH and its employees, representatives and attorneys have straightforward releases in connection with claims relating to the termination of retiree benefits. The Movants request that this Court grant all of the relief requested in their motion, including but not limited to, issuing sanctions against Mr. Sumpter. Mr. Sumpter has been forewarned on several occasions to discontinue bringing baseless actions against the Reorganized Debtors[3], but Mr. Sumpter has flagrantly disregarded that warning. Since the initial warning, he has filed a motion in this Court, two Indiana District Court actions, two appeals and expanded the circle of defendants to include the Reorganized Debtors' employees and attorneys. Enough is enough.

Dated:   Detroit, Michigan
         September 24, 2013

BUTZEL LONG, a professional corporation

By:   /s/ David J. DeVine
      Bruce L. Sendek
      Thomas B. Radom
      David J. DeVine
150 West Jefferson, Suite 100
Detroit, Michigan  48226
(313) 225-7000
*Attorneys for the Reorganized Debtors and other Movants*

---

[3] *See* September 22, 2011 Hearing Transcript, p. 23 (Dkt. No. 21609).