James B. Sumpter, Pro se
21169 Westbay Circle
Noblesville, IN 46062
Telephone: (317) 877-0736
jsump@ieee.org

Salaried Retiree of Debtors

UNITED STATES BANKRUPTCY
COURT SOUTHERN DISTRICT OF
NEW YORK

---------------------------------.x Chapter 11 Case No. 05-44481 (RDD)

In re:

DELPHI CORPORATION, et. al.,

: (Jointly Administered) :

   Debtors.     : :
                                                       : :

---------------------------------x

# RESPONSE TO DPHH's INJUNCTION MOTION - Docket # 22139
# (SUMPTER INJUNCTION MOTION II)

1.  The bankruptcy court's OPEB Order (docket #16448) did not terminate the plaintiff's supplemental extended disability benefits. In fact, the order requires the debtor continue to pay such benefits through the contractual end date (end of January 2017).

2.  DPHH has made four critical errors in its motion for an injunction. Their motion ignores the following:

    a.  Supplemental extended disability benefits (SEDB) benefits were not terminated by the OPEB Order.

    **b.**    The Sumter Indiana action is primarily based on torts regarding DPHH's willful failure to follow Judge Drain's OPEB final order, which requires payment of benefits not terminated by the OPEB Order.

    **c.**    The Sumter recoupment motion (docket # 21566 ) concerned OPEB Benefits and not pension benefits.

    **d.**    The vesting nature of SEDB benefits was not discussed in the OPEB Hearing because SEDB benefits were not subject to termination in OPEB Hearing.

3.    As a result, DPHH's injunction motion is flawed. The attorneys filing the injunction motion appear not understand the OPEB Order, nor do they understand the proceedings during the OPEB Hearing. As a result, the fictional cases that they have tried to link to the Sumter Indiana Complaint are wrong and their motion is frivolous.

## Regarding OPEB Benefits

### Disability Benefits Were <u>NOT</u> Terminated By The Bankruptcy Court's OPEB Order

4.    The bankruptcy court's OPEB Order (docket # 16448) did not terminate the plaintiff's supplemental extended disability benefits. In fact, the order requires the debtor to continue to pay such benefits through the contractual end date (end of January 2017).

5.    The DPHH injunction motion completely ignores the fundamental issue of this case, that disability benefits were not terminated by the bankruptcy court's OPEB Order.

6. In addition, it should be emphasized that extended disability benefits (EDB) and supplemental extended disability benefits (SEDB) are vested. This fact is an important issue in Cause One of the Indiana Complaint. However, it is not the primary issue, which is that disability benefits were **not** terminated during the bankruptcy OPEB proceedings. In addition, no determination was made regarding the vesting of disability benefits during the OPEB hearing, because disability benefits were **not part** of the OPEB benefits.

7. The entire list of terminated OPEB benefits, which comes directly from the OPEB termination order, is documented below[1]. (For the courts convenience, a copy bankruptcy courts final **OPEB Order** is provided as Attachment **1**.) The only change in this list is that it has been reformatted from a sentence structure to a list structure. It can be easily seen that disability benefits are not included in this list.

    **a.** Eliminating eligibility for **employer-paid post-retirement health care benefits** for all current and future active salaried employees;

    **b.** Ceasing to make **Company contributions to provide post-retirement health care** for current and future salaried retirees and their surviving spouses;

    **c.** Canceling **all Retirees' Health Reimbursement Accounts** for Medicare-eligible salaried retirees and their surviving spouses;

    **d.** Terminating the **Medicare Part B special benefit** for current and future salaried retirees and their surviving spouses;

    **e.** Ceasing to provide the **1% employer contribution to the Salaried Retirement Savings Plan** for those active salaried employees hired on or after January 1, 1993 and on or prior to December 31, 2000;

    **f.** Eliminating eligibility for **employer-paid post-retirement basic life insurance** benefits for all current and future active salaried employees; and

---

[1] The final OP ED termination order can be found in exhibit D and the Sumpter Indiana complaint and **Attachment 1** of this brief.

    **g.**    ceasing to make Company contributions to provide **post-retirement basic life insurance benefits** for current and future salaried retirees;

## Disability Benefits Were Required To Be Paid By The OPEB Order.

8. The final OPEB order also included the following text:

*The Debtors shall continue to provide benefits for claims incurred by each Eligible Salaried Employee through the cessation date of such retiree's participation in the applicable welfare plan, provided that such retiree has timely paid all requisite contributions for the applicable plan, and provided further that such retirees shall not be required to file proofs of claim in this Court to implement the terms of this decretal paragraph.*

9. In addition, the Sumter Indiana Complaint (Attachment 3) complaint included Exhibit E which includes a portion of the transcript from the OPEB hearing which documents that 11 USC 1129( a )(13) requires continued payment, by the debtor of benefits that would not terminated by the OPEB order.

10. The text of 11 USC 1129( a )(13) follows:

*(13) The plan provides for the continuation after its effective date of payment of all retiree benefits, as that term is defined in section 1114 of this title, at the level established pursuant to subsection (e)(1)(B) or (g) of section 1114 of this title, at any time prior to confirmation of the plan, for the duration of the period the debtor has obligated itself to provide such benefits.*

11. Thus, it can be seen that disability benefits were **not** terminated by OPEB termination order and the OPEB termination order requires the payment of non-terminated benefits as does the law (11 USC 1129( a )(13)).

12. Thus, when the DPHH terminated the plaintiff's disability benefit, it illegally terminated a vested benefit. This also means that DPHH also illegally terminated a benefit that it was ordered to continue paying by the bankruptcy court.

13. Thus, the debtor (now DPHH) is obligated to pay plaintiff supplemental extended disability benefits (SEDB) until the end of the month when the Plaintiff turns 65, which is the end of January 2017.

14. It's unfortunate that the defendant's attorneys have refused to recognize and understand this important and essential issue that has been fully documented in the Sumpter Indiana Complaint.

15. Thus, the defendant's failure to recognize this key issue regarding disability benefits in the bankruptcy courts OPEB Order has apparently contributed to numerous factual errors in the motion in the bankruptcy court and its resulting frivolous nature.

### The Sumter Recoupment Motion Sought Recoupment Of Social Security Deductions Against OPEB Offsets – Not Pension Offsets

16. The bankruptcy court deemed the Sumter recoupment motion(docket # 21566 ) flawed, in part because it sought an affirmative recovery. It was a failure not to understand that issue in the recoupment motion. However, that error is not repeated here or in the Sumter Indiana Complaint.

17. The recoupment sought offsets against Social Security deductions from disability pay and the OPEB Benefits.

18. The unjust enrichment, Cause Two in the Indiana complaint, seeks to recover pass and future pension Part A and Part B deductions from its SEDB payments,

because it results in an unjust enrichment of DPHH, since they ceded the pension plan to the PBGC, underfunded by $7 billion. The unjust enrichment portion of the complaint is not a recoupment effort. Since the unjust enrichment seeks an affirmative recovery, it by definition is not a recoupment effort.

19. In addition, at the time the recoupment motion was filed, Sumter was not yet receiving SEDB payments.

20. Furthermore, the bankruptcy court ruled that to achieve a recoupment there must be an active payment in process. Clearly this is not the case, since DPHH has not made a disability payment since March 2012.

21. As a result, the bankruptcy court has never ruled on any action by Sumpter that deals with Part A and Part B pension offsets.

22. Therefore, DPHH's attorneys' understanding of this issue is flawed, which has led to their frivolous injunction motion.

## Regarding OPEB Transcript and Vested Benefits

23. There is a discussion of disability in the OPEB transcript. It centers on determining whether individuals who retired on disability have vested OPEB benefits (See pages 78 through 123 of the OPEB Transcript -docket #16451 - Attachment 2 ). However, this discussion did not apply to disability benefits, specifically, since they were not part of the list of benefits that Delphi was seeking to terminate.

24. Thus, the discussion of vested benefits, by DPHH in this injunction motion has no relevance to SEDB benefits and the Sumpter Indiana Complaint.

25. Therefore, the various plan orders, claim procedures and injunctions that DPHH sites are not relevant to Sumpter's attempt to secure payment of his SEDB benefits and the other cause of actions, in the Sumter Indiana Complaint.

### The bankruptcy court does not have sufficient subject matter jurisdiction.

26. In the Sumpter Indiana Complaint it was shown that the bankruptcy court ruled that the DPHH was obligated to pay benefits not terminated in the OPEB Order. As a result, **the OPEB order establishes that disability payments to the plaintiff are not part of the bankruptcy estate.**

27. Thus, in the Sumpter Indiana Complaint ,Cause One and Causes Three through Six are litigations to seek redress for defendants illegal actions regarding disability payments, which are not part of the bankruptcy estate and, as a result, these causes in the Sumpter Indiana Complaint, are not related to bankruptcy court proceedings.( See **Celotex Corp. v. Edwards, 514 U.S. 300 (U.S. 1995)**)

28. Cause One of the Sumpter Indiana Complaint is an ERISA action in which the plaintiff seeks to recover benefits illegally terminated by DPHH; and as indicated earlier, these benefits are not part of the bankruptcy estate.

29. However, Cause One also relies on the bankruptcy judges OPEB Order, which the bankruptcy judge does have the authority to enforce. Therefore, plaintiff believes that the bankruptcy court and the District Court have concurrent jurisdiction regarding Cause One.

30. Cause Two does affect the bankruptcy estate. As a result, the bankruptcy court does have subject matter jurisdiction in regards to this item. However, the bankruptcy court does not have exclusive jurisdiction regarding Cause Two.

31. As a result, the Indiana District Court is the only court with complete subject matter jurisdiction. It should therefore be the court to hear these issues.

## The Bankruptcy Court Does Not Have Constitutional Authority To Adjudicate The Sumpter Indiana Complaint, Except Cause Two

32. Generally, none of the causes in the plaintiff's complaint are subject to bankruptcy jurisdiction because they all should be litigated in an Article III Court. However, there is an exception in the case of bankruptcy, if the issues are core proceedings of the bankruptcy or if the issues are related to the bankruptcy.

33. The following citations are offered relative to constitutional authority:

**Regarding "related to" jurisdiction**

*A civil proceeding is "related to" a bankruptcy case, for jurisdictional purposes, when the action between the parties affects how much property is available for distribution to creditors of the bankruptcy estate or allocation of property among such creditors, or if the outcome could alter the debtor's rights or liabilities. [8] "Related to" jurisdiction is limited, and bankruptcy courts lack jurisdiction over matters which will have no effect upon the debtor's estate. [9].*

*[8] = See Knox v. Sunstar Acceptance Corp. (In re Knox), 237 B.R., 693 (Bankr. N.D. Ill. 1999);*
*[9]= See Geron v. Schulman (In re Manshul Constr. Corp.), 225 B.R. 45 (S.D.N.Y. 1998)*

**Regarding "related to" jurisdiction**

**Stern v. Marshall, 131 S. Ct. 2594 (U.S. 2011)**
*Congress may not bypass Article III simply because a proceeding may have some bearing on a bankruptcy case; the question is whether the action at issue*

*stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process.*

### Regarding "related to" jurisdiction

**Celotex Corp. v. Edwards, 514 U.S. 300 (U.S. 1995)**
*The United States Court of Appeals for the Third Circuit has devised a test for determining the existence of "related to" jurisdiction: The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action, either positively or negatively, and which in any way impacts upon the handling and administration of the bankrupt estate. The First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Eleventh Circuits have adopted the test with little or no variation.*

### Regarding core proceedings

*In other words, a core proceeding, "for bankruptcy jurisdictional purposes, is [an] action that has as its foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment." (See Geron v. Schulman (In re Manshul Constr. Corp.),* **225 B.R. 41, 45 (S.D.N.Y. 1998)).**

34.   Thus plaintiff concedes that Cause Two is a core proceeding in the bankruptcy. However, based on the citations above, Causes One, Three, Four, Five and Six have no effect on property of the estate. In addition, Causes One, Three, Four, Five and Six revolve around civil conspiracy, civil rights and personal injury torts. Therefore these causes are not core proceedings in the bankruptcy. As a result, only an Article III court can adjudicate these issues.

35.   The one partial exception is in regards to Cause One, the bankruptcy court retains the authority to enforce its order. In this case the OPEB Order required the debtor

to continue to pay the plaintiffs supplemental extended disability benefit, which removed the plaintiffs disability benefits from being considered property of the estate.

36.    Thus, the bankruptcy court does have the authority to enforce his order that the debtor continue to pay the plaintiffs supplemental extended disability benefit. However, the ERISA action, which is Cause One, based on the rulings cited above, is not related to the bankruptcy, since it has no effect on the bankruptcy estate.

## The bankruptcy court can have no authority over litigation between the plaintiff and defendants who are not part of the DPHH bankruptcy

37.    In addition, the defendants, other than DPHH, in Causes Three, Four, Five and Six are not party to in the bankruptcy and have no property interest in the bankruptcy estate. Therefore DPHH's efforts to have the bankruptcy court enjoined the plaintiff's actions against these defendants is improper.

## Relief Requested

WHEREFORE, the plaintiff respectfully requests that this Court enter an order denying DPHH's motion for injunction.

In addition, Sumter request the court to sua sponte ordered DPHH to pay Sumter's SEDB benefit that was requested in Cause One of the Sumpter Indiana Complaint(See Attachment 3.).

## SIGNATURE

Signed this __18th__ day of __September__, 2013

By: _____*James B Sumpter*_____
James B. Sumpter, pro se

James B. Sumpter, pro se
21169 Westbay Circle
Noblesville, IN  46062

Phone     317-877-0736
E-mail    jsump@ieee.org