# Attachment 3

# SUMPTER INDIANA COMPLAINT

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| James B. Sumpter, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. |
| | ) | |
| DPH (Holding), Inc. | ) | **1:13-cv-1024 WTL - TAB** |
| fka/ Delphi Automotive Systems), | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| vs. | ) | . |
| | ) | |
| Butzel Long , P.C. | ) | |
| Defendant. | ) | |
| | ) | |
| vs. | ) | . |
| | ) | |
| John Brooks | ) | |
| and Other **TBD** DPHH Employees | ) | |
| | ) | |
| vs. | ) | |
| Cynthia Haffey, | ) | |
| Roberta P. Granadier | ) | |
| and Other **TBD** Butzel long Employees | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |

**DISABILITY BENEFIT TERMINATION ERISA COMPLAINT,**
**DISABILITY BENEFIT TERMINATION ADA COMPLAINT,**
**UNJUST ENRICHMENT COMPLAINT, CIVIL CONSPIRACY**
**COMPLAINT AND CIVIL RICO CONSPIRACY COMPLAINT**

Plaintiff brings a complaint against defendants, DPH Holdings, for illegally

terminating his Supplemental  Disability  Benefit (SEDB), for breach of fiduciary duties,

for breach of contract, for illegal termination of bankruptcy ordered benefit payments and
for unjust enrichment;

Plaintiff also brings a complaint against defendants, DPH Holdings,  Butzel  Long,
P.C.  **and others,** for civil conspiracy to illegally terminate bankruptcy ordered (SEDB)
benefit payments, to commit mail fraud, and extortion;

Plaintiff also brings a complaint against defendants David Brooks, Cynthia
Haffey, Roberta P. Granadier and other employees of DPH  Holdings and Butzel  Long,
P.C.  for racketeering, extortion and mail fraud in violation of the Federal RICO Statute
and;

Plaintiff also brings a complaint against defendants, DPH Holdings for civil
conspiracy, with other non defendants, to discriminate against the disabled Plaintiff
pursuant to ADA as set forth below.

Plaintiff   **DOES NOT** demand a jury trial.

# I.    PARTIES

James B. Sumpter                                    Plaintiff
   21169 Westbay Circle
   Noblesville, IN  46062

   Phone       317-877-0736
   E-mail     jsump@ieee.org


DPH (Holding), Inc.  (DPHH)                Defendant
 (fka / Delphi Automotive Systems)
   5725 Delphi Drive,
   Troy, MI 48098.


Butzel  Long, P.C.                              Defendant
   150 West Jefferson
   Suite 100
   Detroit, MI 482226


John Brooks                                        Defendant
   DPHH
   5725 Delphi Drive,
   Troy, MI 48098.


Cynthia Haffey                                    Defendant
   Butzel  Long, P.C.
   150 West Jefferson
   Suite 100
   Detroit, MI 482226


Roberta P.  Granadier                        Defendant
   Butzel  Long, P.C.
   Stoneridge West
   41000 Woodward Avenue
   Bloomfield Hills, MI 48304

# II. JURISDICTION AND VENUE

1.     This complaint is brought pursuant to : **28 U.S.C. §1331** and **28 U.S.C.
§1332.** In addition;

    **a.** Relative to **the First and Second Cause of actions,** this complaint is also
brought pursuant to The Employee Retirement Income Security Act
("ERISA") of 1974 (**29 U.S.C § 1001 et seq**.), and jurisdiction is also
based on **29 U.S.C. § 1132(e)**;

    **b.** Relative to **the Fourth Cause of actions ,** this complaint is also brought
pursuant to **18 USC 1341, 18 U.S.C 1961(1)(A), 18 U.S.C 875(d)** and **18
U.S.C 876(d).** The jurisdiction is also based on **28 USC 1331;** and venue is
based on **28 USC 1391,  18 USC 1341, 18 USC § 3237(a)**

    **c.** Relative to **the Fifth Cause of actions ,** this complaint is also brought
pursuant to The Federal RICO laws 1**8 USC 1961 *et seq***, and jurisdiction
is based on **18 USC 1964(c), 28 USC 1331**; and venue is based on **28
USC 1391(b)(2), 18 USC 1341, 18 USC § 3237(a) and 18 USC 1965(b).**
In regards to **18 USC 1965(b)**

        **i.** This cause of action, shares facts and related violations as those
cited in the Fourth Cause;

        **ii.** The Defendants in this cause are defendants in a related
conspiracy in the Fourth Cause of action;

        **iii.** The predicate acts of mail fraud and extortion took place in
Noblesville Indiana, for which the southern district of Indiana is
the appropriate venue; and

    **iv.** Plaintiff is disabled and will have to endure likely unmanageable

        hardships and challenges to both his health and finances should he

        have to pursue this complaint in another district.

  **d.** Relative to **Sixth Cause of actions ,** this complaint is also brought

    pursuant to The Americans with Disabilities Act of 1990 (ADA), as

    amended **(42 U.S.C § 12101** *et seq*.; and jurisdiction and venue are also

    based on **42 USC 2000e-5(f) (3);**

**2.**    Plaintiff, James B. Sumpter, is a resident of Hamilton County, Indiana and

a citizen of the United States of America.  Plaintiff was employed at Delphi Automotive

Systems (Delphi), whose successor DPH Holdings, a national corporation, continues to

operate a facility in Kokomo, Indiana.  Therefore, the venue is appropriate as stated

above.

## III. BACKGROUND

**3.**    Prior to his disability, Plaintiff was a salaried Electrical Engineer for

Delphi in Kokomo Indiana, whose pay grade was that of Senior Systems Engineer and as

such assumed positions of increasing responsibility and influence throughout his career,

with his last position being that of Product Line Architect.

**4.**    Plaintiff became disabled on December 8, 2000, and was retired on

permanent long term disability on July 1, 2002.

**5.**    Because his tenure with Delphi was less than ten years, plaintiff

continuously purchased the Supplemental Extended Disability Benefit (SEDB), which

would commence when Extended Disability Benefits expired ( after 9 years and 10

months) and continue through the month that he became 65 years old.

**6.**    In October 7, 2005 Delphi Automotive filed for chapter 11 bankruptcy.

**7.**    On February 24, 2009 a hearing was held regarding the termination of

OPEB benefits.  A significant part of that hearing addressed the effort of retirees to have

the Court authorize the establishment of an 1114 retirees committee.  The court Denied

the retirees request, pending proof that no vested benefits were being terminated.

**8.**    On March 11, 2009, the bankruptcy Court Authorized Delphi Automotive

to Terminate OPEB Benefits[1].  This termination did not include Extended Disability

benefits or Supplemental Extended Disability Benefits.  No retiree 1114 committee was

authorized[2] by the Court, since  no vested benefits were identified to be affected by the

OPEB termination request.

**9.**    In addition, the bankruptcy Court Order stipulated the following:

> ***The Debtors shall continue to provide benefits for claims incurred by
> each Eligible Salaried Employee through the cessation date of such
> retiree's participation in the applicable welfare plan, provided that such
> retiree has timely paid all requisite contributions for the applicable plan,
> and provided further that such retirees shall not be required to file
> proofs of claim in this Court to implement the terms of this decretal
> paragraph.***

**10.** In July 2009, Delphi Automotive ceded the retiree pension plan to the PBGC.

The Pension plan was underfunded by Seven Billion dollars.

---

[1] See Attachment 1 for OPEB order, Case no.  05-4448 1, Docket #16448: bankruptcy case SDNY.
[2] The Court Did authorize a limited 1114 committee for the purpose of identifying vested benefits affected
by the OPEB request.  The committee's responsibilities were also expanded to include the right to negotiate
a money settlement  for retirees to establish a VEBA, as payment for not appealing the Courts order.

**11.**     Furthermore, it should be noted that the SEDB benefit is a vested benefit[3]

**12.**     The Bankruptcy Plan effective date was October 6, 2009.

**13.**     The Plaintiff's Extended Disability Payments ended on October 14, 2009 and he began receiving Supplemental Extended Disability (SEDB) payments on October 15, 2009

**14.**     In February 2012, the Plaintiff received a letter form DPHH informing him that he would be offered a lump sum payment of **$129, 600** in lieu of benefits, if he agreed to the terms stated in the letter[4].  The letter was crafted coercively to imply that not accepting the lump sum offer would cause the termination of all benefits payments. The lump sum payment was about 64% of the benefit the Plaintiff would receive until the normal termination of the benefit[5].

**15.**     The Plaintiff let the acceptance deadline pass and, therefore, did not accept the lump sum offer .  As a result, the Defendant, DPHH, has issued no SEDB payments since the March 2012 payment.

**16.**     On March 20 1012, the plaintiff wrote a letter to DPHH requested more information about the lump-sum offer and benefit termination (see exhibit H-2).

**17.**     On March 20 1012, Ms. Roberta Granadier responded with a letter that contained inaccuracies and fraudulent content. This is a clear indication of Ms.

---

[3] See exhibit F
[4] See Exhibit B – DPHH lump sum offer.
[5] This percentage does not reflect the adjustment  sought through the Third Cause -  Unjust Enrichment.

Granadier's participation in, and her efforts to further, the civil conspiracy cited in the Fourth Cause and RICO scheme cited in the Fifth Cause (see exhibit H-1).

18.    On April 6, 2012, Plaintiff filed a motion with the bankruptcy court seeking his benefits and also filed a motion (April 16, 2012) for injunction regarding the termination of the SEDB benefit.  The motions were dismissed for being procedurally flawed.  However, the Courts order did afford the Plaintiff the option to re-file the "Vesting Motion".  However, the Court did not retain jurisdiction.

19.    Plaintiff did not re-file at that time because of urgent health issues.

20.    On April 16, 2012 the plaintiff had a telephone conversation with Cynthia Haffey, in which she tried to encourage the plaintiff to take the lump sum settlement. This is a clear indication of Ms. Haffey participation in, and her efforts to further, the civil conspiracy cited in the Fourth Cause and the RICO scheme cited in the Fifth Cause.

21.    On April 17, 2012, Cynthia Haffey wrote a letter to Judge Drain successfully challenging the Plaintiff's motion for preliminary injunction regarding the termination of SEDB benefits.  This is a clear indication of Ms. Haffey participation in, and her efforts to further, the civil conspiracy cited in the Fourth Cause and the RICO scheme cited in the Fifth Cause. (See BKRP Case 05-44481 RDD —SDNY; Docket #21867)

22.    Although Plaintiff received no communications  stating that his SEDB benefits had been discontinued or any communications giving the reason for such

cessation, the plaintiff assumed it was because he did not accept the lump sum offer.

23.    On July 31, 2012, the Plaintiff wrote a letter appealing the termination of his SEDB benefit.  Neither DPHH nor the benefit administrator ever  replied to the Plaintiff's letter.

# IV. STATEMENT OF LEGAL CLAIM

## First Cause of Action

For Termination of Vested ERISA Disability Benefit, Breach of Contact
And Violation of Bankruptcy Court Order

(Against DPHH)

24.    Pursuant to **29 USC § 1132(a)(1)** and **29 USC § 1132(a)(3) ,** Plaintiff now comes seeking relief from this Court for defendant DPHH's breach of contract, for its violation of Bankruptcy Court (SDNY) OPEB Order and it's ongoing failure in regards to unpaid and future  SEDB benefit payments of **$4890/ month**.

WHEREFORE Plaintiff demands judgment against **,** DPHH for the following relief:

    **a.** Payment, to the Plaintiff, of the SEDB benefit of **$4890/ month**  for the months of April 2012 through the month of his 65 birth date **(January 2017) –** Total amount **$249,390**;

    **b.** All pre and post judgment interest;

    **c.** A payment for **20%** of the amount in arrears and future benefits to offset

the impact of income taxes resulting from a lump sum payment.

**d.** A payment of **$3000** to offset the impact of increases in Medicare cost

precipitated by the lump sum payment of benefits;

**e.** All cost and legal expenses that Plaintiff has incurred and;

**f.** Such other relief as this Court deems appropriate and just.

## Second Cause of Action

For Breach of Fiduciary Duty

<u>(Against DPHH)</u>

**25.**    Plaintiff seeks appropriate equitable relief pursuant to  **29 USC 1109(a),**

**29 USC 1132 (a) (1) and 29 USC 1132 (a) (3)** for **PLAN** Administrator and Fiduciary

(DPHH ) breaching its fiduciary duty, pursuant to **29 USC 1104(a)** for:

**a.** illegally discontinuing SEDB benefit payments beginning April 2012;

**b.** Breach of contract

WHEREFORE Plaintiff demands judgment against DPHH for the following

relief:

**c.** Payment of Plaintiff's  discontinued SEDB benefit;

**d.** As equitable relief, a 100% surcharge, on the ERISA benefit, to be paid to

Plaintiff;

**e.** Payment of any statutory penalties;

**f.** All cost and legal expenses that Plaintiff has incurred;

**g.** Removal of DPHH as Fiduciary and;

**h.** Such other equitable and/or remedial relief as this Court deems

appropriate and just;


## Third Cause of Action

UNJUST ENRICHMENT

(Against DPHH, Successor to Delphi Automotive Systems)


26.    Plaintiff seeks to recover pension benefit offsets that DPHH has taken or will take from the Plaintiffs SEDB payments. The Delphi Life and Disability Program section of the summary plan document (SPD) calls for a reduction to SEDB benefits equal to Part A and Part B pension payments by Delphi.


27.    However, Delphi breached the Program contract when it  ceded the Pension Benefit Program, **underfunded by 7 Billion dollars**, to the Pension Benefit Guarantee Corporation (PBGC), in July 2009.


28.    As a result, DPHH received, between October 15, 2010 and March 2012, an unjust benefit of **$22, 571.50**, for deduction taken from the Plaintiff's SEDB payments and DPHH would continue to receive an unjust enrichment, at the expense of the Plaintiff, through the deduction of  **$1289.80 per month** from each now owed or future SEDB payment, once repayment commences.  (See The Firsts and Fourth Causes).


WHEREFORE Plaintiff seeks relief from the Unjust Enrichment of DPHH at the expense of the Plaintiff and demands judgment against DPHH  for the following:


11

    **a.** Payment to Plaintiff of the Part A and Part B Pension offsets, equaling

      **$1289.80 per month,** for the months October 15, 2010 through March

      2012 (17.5 moths) for a total of **$22, 571.50**;

    **b.** Elimination of any pension offset to SEDB payments due since April 2012

      to the end of the benefit period ( **Jan 31, 2017**);

    **c.** Such other relief as this Court deems appropriate and just.

## Fourth Cause of Action

CIVIL CONSPIRACY TO TERMINATE PLAINTIFF'S
SUPPLEMENTAL EXTENDED DISABILITY BENEFIT IN VIOLATION
OF BANKRUPTCY COURT ORDER, MAIL FRAUD AND EXTORTION
<u>(Against DPHH, David Brooks, other TBD employees of DPHH,</u>
<u>Butzel Long, Cynthia Haffey, Roberta P. Granadier and</u>
<u>other TBD employees of Butzel Long)</u>

    **29.** Plaintiff seeks relief for DPHH's willful violation of The Honorable

Robert D. Drain's order regarding payment of Plaintiff's SEDB benefits (See exhibit D),

which was aided by Butzel long, P.C and other individual; and for the violations listed

below[6]:

    **a.** Pursuant to **18 USC 1341**, for mail fraud, for the fraudulent "Cancellation

---

[6] Guided by *Ashcroft v. Iqbal, No. 07-1015 (U.S. May 18, 2009).* and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007), Plaintiff will provide factual allegations that will support a conclusion of plausibility.

letter" (See exhibit B) , which failed to disclose the existence of the court

order requiring payment of Plaintiff's and other retiree's disability

benefits, and which also failed to disclose that retiree disability benefits,

in payment, were vested (see exhibit D and exhibit F, respectively);

b.  **Pursuant to 18 U.S.C 875(d),** for extortion by forcing or attempting to force

Plaintiff (and other disabled retirees) to except a lower benefit payment

under threat of otherwise receiving no benefit payment; or by terminating

the Plaintiff's SEDB benefits, when he did not agree to reduced benefit

payments(See exhibit B).

c.  **Pursuant to 18 U.S.C 876(d),** for mailing a threatening communication

regarding lump sum disability payments(See exhibit B).

d.  For fraudulent responses (through the mail) to Plaintiff's letter of inquiry

(see attachment H-1).


WHEREFORE Plaintiff demands judgment against DPHH, David Brooks, other

TBD employees of DPHH, Butzel Long, Cynthia Haffey, Roberta P.  Granadier and other

TBD employees of  Butzel Long for the following relief:

e.  Payment of plaintiff's SEDB benefits (owed and future) in the amount of

**$249,390**.

f.  All pre and post judgment interest;

g.  A payment for 20% of the amount of any lump sum benefit payment to

offset the impact of resulting higher income taxes - **$49,878**;

h.  A payment of **$3000** to offset the impact of increases in Medicare cost

13

precipitated by the lump sum payment of past due benefits;

**i.** All cost and legal expenses that Plaintiff has incurred;

**j.** Compensatory damages for pain, suffering, diminished health, mental

anguish, depression, anxiety, loss of enjoyment of life, inconvenience and

other nonpecuniary losses,  in the amount of **$1,500,000**;

**k.** Punitive damages in the amount of **$4,500.000** and;

**l.** Such other relief as this Court deems appropriate and just


## Fifth Cause of Action

CIVIL CONSPIRACY TO ILLEGALLY TERMINATE SUPPLEMENTAL
EXTENDED DISABILITY BENEFIT, RACKETEERING, MAIL FRAUD
AND EXTORTION IN VIOLATION OF THE FEDERAL RICO
STATUTES


 (Against John Brooks, other TBD employees of DPHH,
Cynthia Haffey, Roberta P.  Granadier and
other TBD employees of  Butzel Long )


**30.**    Pursuant to **18 USC 1964(c)**, Plaintiff seeks relief, from this Court,  for the

defendants' willful violation of  **18 USC 1962(c)** and **18 USC 1962(d)** of The Federal

RICO Act[6 above].

**31.**    The defendant's engaged in racketeering activity by conspiring to defraud

the Plaintiff (and other disable retirees) of a portion of their disability benefit payments

through the use of mail fraud and extortion as documented in paragraphs **29.a** and **29.b**,

or, in the case of the Plaintiff, extortionate denial of all his disability benefit payments since April 1, 2012.

**32.**     The defendants have engaged in a pattern of racketeering activity as they have applied their scheme against approximately 270 disabled salaried retirees of DPHH, as documented in Exhibit B.

**33.**     The defendants have also applied a similar scheme against, approximately, 46 disabled employees of DPHH, as documented in Exhibit G.

**34.**     In addition, the defendants' actions against the Plaintiff are ongoing and are expected to continue, unless there is  intervention, until February 1, 2017, which is the date at which his SEDB benefits would normally end.

**35.**     It should be noted that the defendants are employees of, or associated with the enterprises of DPH Holdings and Butzel Long, P.C.

**36.**     As a major North American automotive parts supplier, DPHH is engaged in extensive interstate commerce.

**37.**     Butzel Long, P.C. is a large law firm, which according to its web site has offices in Detroit Michigan, New York, NY and Washington, DC; and has engaged in interstate commerce, at least, on a limited basis, while associated with DPHH.


**WHEREFORE,** Plaintiff demands judgment against John Brooks, other TBD employees of DPHH,  Cynthia Haffey, Roberta P.  Granadier and other TBD employees of  Butzel Long  for the following relief:

> **a.** Payment of plaintiff's SEDB benefits (currently owed and future) in the
>
> amount of **$249,390**.

**b.** All pre and post judgment interest;

**c.** A payment for 20% of the amount of any lump sum benefit payment to offset the impact of resulting higher income taxes - **$49,878**;

**d.** A payment of **$3000** to offset the impact of increases in Medicare cost precipitated by the lump sum payment of past due benefits;

**e.** All cost and legal expenses that Plaintiff has incurred;

**f.** Compensatory damages for pain, suffering, diminished health, mental anguish, depression, anxiety, loss of enjoyment of life, inconvenience and other nonpecuniary losses in the amount of **$1,500,000**;

**g.** Corresponding Rico triple damages and as follows **:**

      **i.** **3 x $249,390**          **= $   748,170**

     **ii.** **3 x $49,878**            **= $   149,634**

    **iii.** **3 x $3000**               **= $     9,000**

     **iv.** **3 x 1,500,000**         **= $ 4,500,000**

For total Rico triple damages of **$ 5,406,804** and;

**h.** Such other relief as this Court deems appropriate and just.

**Sixth Cause of Action**

CIVIL CONSPIRACY TO ILLEGALLY TERMIANTE SUPPLEMENTAL
EXTENDED DISABILITY BENEFIT IN VIOLATION OF ADA AND
CONSPIRACY TO INTERFERE WITH PLAINTIFF'S CIVIL RIGHTS.

(Against DPHH-which conspired with others)


38.      **Pursuant to   42 USC 2000e5 (f)**  and **42 USC 1985(2) & (3)**,  Plaintiff

alleges that DPHH (the employer) conspired with Delphi's Automotive Systems, the DIP

lenders, General Motors, and the attorneys of Butzel Long, P. C.  to violate the Americas

With Disability Act, **42 USC 12112,** when they discriminated against the Plaintiff ( and

other disabled retirees) by their efforts to deny protections under **11 USC 1114**[6 above]; and

the plaintiff also alleges that DPHH and the above named conspirators, conspired to

interfere with the plaintiff's civil rights regarding equal protection of the laws as it

pertains to **11 USC 1114** and the termination of plaintiff's disability benefits.

39.      The conspiracy formed when Delphi chose not to terminate disability

benefits because they were vested, which would have entitled the Plaintiff and other

disabled salaried retirees to an 1114 committee, it's associated benefits, and a likely

position on the Creditor's Committee.

40.      The argument by Delphi's attorney, Mr. Butler, during the OPEB hearing,

indicated that the DIP lenders and the DIP steering committee were a source of the

pressure to eliminate all at-will retiree benefits.  (See exhibit F, paragraph 37.)

**41.**    In addition, Mr. Butler also indicated that pressure was coming from the DIP lenders and General Motors, in his comments during the OPEB hearing (See Exhibit E, page 122, line 9 through 19.)

**42.**    It is clear the Delphi did not want retirees the have an 1114 committee, as it made a vigorous challenge during the OPEB termination hearing.

    **a.**  See  OPEB hearing transcript ( BKRP Case 05-44481 RDD —SDNY; Docket #21867) - 24-FEB-09 and;

**43.**    There was a clear indication that the Court would have ordered an 1114 committee, if vested benefits had been identified. (**See Exhibit D, Exhibit E and the OPEB hearing transcript, docket # 16451**)

**44.**    The OPEB hearing transcript is direct proof that DIP lenders and other "stakeholders" wanted all "at-will benefits" terminated – OPEB hearing.  – both with the pressure to eliminate all "at-will benefits" and the desire to avoid the formation of an 1114 committee, it is also clear that there was a tacit, if not direct, agreement not to terminate disability benefits (which are vested), so as to prevent formation of an 1114 committee.

    ■  See Exhibit E and the Full OPEB transcript **Docket # 16451**  and the Sumpter Vesting Motion **Docket # 21860**; page 15 – 19 (attached as **Exhibit F**) and the excerpts from the OPEB hearing below:

        **i.**  _**Mr. Butler Page 119; Line 10**_

        *"That starts with the DIP lenders and the DIP steering committee that's been formed. ...They made it very clear -- in their view, actually, they think the company has a fiduciary duty to terminate these at-will benefits.*

ii. _**Mr. Butler page 112; Lines 19 & 23:**_

*"...in fact if these were vested benefits, there would be an 1114
committee."*

*"...even though if you follow the majority rule, you only appoint an 1114
committee if there are vested benefits."*

45.    DPHH delayed termination of SEDB and other disability benefits, until it

was in the post confirmation phase of the bankruptcy, thereby eliminating any

opportunity for the formation of an 1114 committee, while also achieving its objection of

jettisoning the last of its obligations to retirees – which as a result, discriminates against

the Plaintiff (and other disabled salaried retirees).

46.    In addition, during the OPEB hearing [transcript (**Docket # 16451**; page

68 – included in **Exhibit E**)], reference was made to **Section 11 USC 1129(a) (13),**

which states that **"the Plan must provide for the continuation after the effective date of

payment of all retiree benefits as the term is defined, for the duration of the period the

debtor has obligated itself to provide such benefits."** (which was enforced through

Judge Drain's decree that was included in his final OPEB order- see **Exhibit D**) Thus,

terminating the SEDB Disability benefits on 1-APR-2012 was illegal.

47.    Furthermore, Terminating Vested benefits retroactively is illegal, as

established in Sumpter Vesting Motion  **Docket # 21860**; page 15 – **Exhibit F**), and Final

OPEB Order **Docket #16448 –** page **3** (also **Exhibit D** ), which states:

> *The Debtors shall continue to provide benefits for claims incurred by each
> Eligible Salaried Employee through the cessation date of such retiree's
> participation in the applicable welfare plan, provided that such retiree has
> timely paid all requisite contributions for the applicable plan, and provided
> further that such retirees shall not be required to file proofs of claim in this
> Court to implement the terms of this decretal paragraph.*

19

**48.**    Illegally terminating Disability benefits (without the benefits of 1114 protection) is the resulting injury, which was also the culmination of the plan and furtherance of the conspiracy, which discriminates against the Plaintiff (and other disabled salaried retirees), pursuant to **42 USC 12112.**

**49.**    As a result plaintiff has been denied his vested SEDB benefits and the protections afforded by **11 USC 1114**, which include:

> **a.** A bankruptcy court hearing regarding the termination of the SEDB benefits
>
> **b.** Establishing an 1114 committee;
>
> **c.** Payment of the administrative expenses;
>
> **d.** Paid legal representation;
>
> **e.** Participation on the creditors committee; and
>
> **f.** The opportunity to negotiate a settlement.

WHEREFORE Plaintiff demands judgment against DPHH, for the following relief pursuant to **42 USC 2000e-5(f)(3)**, **42 USC 1981a(a)(2)** and **42 USC 1985(3):**

**50.**    Payment of Plaintiff's SEDB benefit;

**51.**    Compensatory damages for pain, suffering, diminished health, mental anguish, depression, anxiety, loss of enjoyment of life, inconvenience and other nonpecuniary losses and punitive damages in the amount of **$300,000;**

**52.**    Payment of plaintiff's SEDB benefit of **$249,390;**

53.     All pre and post judgment interest;

54.     A payment for 20% of the amount of any lump sum benefit payment to offset the impact of resulting higher income taxes - **$49,878**;

55.     A payment of **$3000** to offset the impact of increases in Medicare cost precipitated by the lump sum payment of past due benefits;

56.     All cost and legal expenses that Plaintiff has incurred; and

57.     Such other equitable relief as this Court deems appropriate and just.

58.     In addition, pursuant to **42 USC 1985(3)** Plaintiff demands judgment against DPHH, for the following:

    **a.** Compensatory damages for pain, suffering, diminished health, mental anguish, depression, anxiety, loss of enjoyment of life, inconvenience and other nonpecuniary losses in the amount of **$2,000,000** and;

    **b.** Punitive damages in the amount of **$6,000,000.**

## V.  ADDITIONAL FACTS IN SUPPORT OF COMPLAINT

59.     Plaintiff was hired as a Senior Systems Engineer by Delco Electronics, a division of General Motors(GM) on February 5, 1991.

60.     Delphi Electronics was spun off, from GM, as a part of Delphi Automotive Systems, on January 1, 1999.

61.     At the time of the GM spin off, Plaintiff and other salaried employees were told to continue to use GM Benefit Plan documentation.

62.     Plaintiff was a participant in the Delphi Life & Disability Benefits Program. During year 2000, and the years prior to his disability, Plaintiff had continuously purchased the Supplemental Extended Disability Benefit (**SEDB**) from GM and then Delphi Electronics, following the spinoff.

63.     The Plan sponsor is DPH Holdings (DPHH-fka/ Delphi Automotive Systems).

64.     **The PLAN** Administrator is  DPH Holdings.

65.     **The PLAN** Fiduciary is DPH Holdings.

66.     John Brooks is **The PLAN** administrator**,** based on DPH Holding's Form 5500 filed with the Department of Labor.

67.     John Brooks was also copied on the letter from Ms. Roberta P. Granadier to the plaintiff (See Exhibit H-1), and therefore was involved in the termination of the Plaintiff's SEDB benefit payments.

68.     This is a clear indication of John Brooks' participation in the civil conspiracy cited in the Fourth Cause and the RICO scheme cited in the Fifth Cause.

69.     Cynthia Haffey was also copied on the letter from Ms. Roberta P. Granadier to the plaintiff (See Exhibit H-1), and therefore was involved in the termination of the Plaintiff's SEDB benefit payments.

70.     This is an additional indication of Cynthia Haffey's participation in the civil conspiracy cited in the Fourth Cause and the RICO scheme cited in the Fifth Cause.

71.     Cynthia Haffey's involvement in the termination of the Plaintiff's SEDB benefit payments is also documented in paragraphs 20 and 21.

72.    In his final OPEB order, Judge Drain ordered that existing benefits be continued, if all premiums have been paid(See Exhibit D), which was in compliance with **11 USC 1129(a)(13).**

73.    Plaintiff exhausted **The PLAN**'s Extended Disability Benefit (EDB) and began receiving SEDB monthly benefits on October 15, 2010.

74.    The Plaintiff paid a premium each year of this employment with Delphi, until he was disabled, for the protection of Supplemental Extended Disability Benefits (SEDB).

75.    The SPD describes the SEDB premium as a fully self-paid benefit purchase.

76.    The SPD, on page 115, also states the following:

> *Benefits made available by Delphi,* **the full costs of which are borne by employees,** *are Optional Life Insurance, Dependent Life Insurance, Personal Accident Insurance, flexible spending accounts,* **Supplemental Extended Disability Benefit,** *and sponsored dependent medical coverage*

77.    DPHH made an extortionate lump sum offer in February 2012.

78.    The Plaintiff did not accept the offer.

79.    DPHH, illegally, stopped issuing the Plaintiff's SEDB payment after March 1, 2012.

80.    The plaintiffs appealed the termination of his SEDB benefits on July 31, 2012.

81.    There was no response by the benefits administrator or DPHH, as a result, the Plaintiff has exhausted all administrative remedies and procedures made available to him by the Defendants, as it pertains to ERISA.

**82.**     Plaintiff, James B. Sumpter meets the definition of disabled, pursuant to

the Americans with Disabilities Act, **42 USC 12102**.

**83.**     DPH Holdings, continuously throughout the year, has more than 500

employees.

**84.**     EEOC Notice of Suit Rights mail date – March 28, 2013.

**85.**     EEOC notice receipt date- March 29, 2013.

**86.**     EEOC suit right expiration date – June 27, 2013

## VI.  PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests this Court to:

**87.**     Exercise jurisdiction in this case and award, to Plaintiff, payment of the

SEDB benefit of **$249,390**, to which he is entitled;

**88.**     Award Plaintiff equitable relief in the form of a surcharge to defendant, as

specified in the Second Cause of Action;

**89.**     Disallow all DPHH pension offsets to SEDB payments between October

15, 2010 and January 31, 2017, as specified in the Third Cause of Action.

**90.**     Award, to plaintiff, all compensatory, consequential and punitive damages

specified in the Fourth Cause of Action;

**91.**     Award to plaintiff all compensatory, consequential and RICO damages

specified in the Fifth Cause of Action;

**92.**     Award to plaintiff all compensatory, consequential and punitive damages

specified in the Sixth Cause of Action;

93.      Award to Plaintiff all cost and legal expenses that Plaintiff has incurred;

94.      Award to Plaintiff all appropriate pre-judgment and post-judgment interest

and;

95.      Award to Plaintiff such other equitable, legal and/or remedial relief that

the Court deems appropriate and just.


## VII.  SIGNATURE

Signed this  20th  day of _____July_____, 2013


By: _____
         James B. Sumpter, pro se
                    Plaintiff


James B. Sumpter, pro se
21169 Westbay Circle
Noblesville, IN  46062

Phone       317-877-0736
E-mail     jsump@ieee.org