Hearing Date: October 21, 2013 at 10 a.m. (EDT)
Response Date: October 14, 2013

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, MI  48226
(313) 225-7000
Cynthia J. Haffey
Thomas B. Radom
David DeVine
*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| Reorganized Debtors. | |

**REORGANIZED DEBTORS' MOTION FOR ORDER
(I) ENFORCING MODIFICATION PROCEDURES ORDER,
MODIFIED PLAN AND PLAN MODIFICATION ORDER INJUNCTION
AGAINST CURTIS J. DUXBURY AND CAROL DUXBURY, AS PLAINTIFFS,
IN NEW YORK STATE COURT PERSONAL INJURY ACTION;
AND (II) DIRECTING CURTIS J. DUXBURY AND CAROL DUXBURY TO
<u>DISMISS ACTION TO RECOVER UPON DISCHARGED AND EXPUNGED CLAIM</u>**

**("DUXBURY INJUNCTION MOTION")**

In this Motion, the Reorganized Debtors seek to enjoin discharged tort claims that are asserted by Curtis and Carol Duxbury (together "Duxburys") in the New York Supreme Court for Niagara County, Case No. 145259 (the "New York State Court Action").  The tort claims

arise from Curtis Duxbury's November 12, 2008, alleged slip-and-fall on property leased by one of the Reorganized Debtors, DPH-DAS[1]. See *Exhibit A, Complaint, ¶¶ 10. 12*.

The Reorganized Debtors bring this motion ("Motion") for an order (i) enforcing against the Duxburys this Court's Modified Plan[2], Modification Procedures Order[3] and Plan Modification Order[4], and (ii) directing the Duxburys to dismiss the action against the Reorganized Debtors seeking to recover upon claims that have been barred, discharged and expunged in these cases.

## FACTUAL ALLEGATIONS

1. On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its U.S. subsidiaries (together the "Debtors") filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended.

2. On December 10, 2007, the Debtors filed their first amended joint plan of reorganization and related disclosure statement, and on January 25, 2008, this Court entered an order confirming the Plan.

3. On June 16, 2009, the Debtors filed the First Amended Joint Plan of Reorganization of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (hereinafter the "Modified Plan").  The Modified Plan made certain modifications to the terms of the Confirmed Plan.

4. Also on June 16, 2009, this Court entered an Order (A)(I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider

---

[1] The New York State Court Action case caption incorrectly refers to DPH-DAS as Delphi Automotive Systems, LLC.
[2] Attached as Exhibit B.
[3] Attached as Exhibit C.
[4] Attached as Exhibit D.

Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date ("Modification Procedures Order") (Dkt. No. 17032).

5. The Modification Procedures Order provided in pertinent part that July 15, 2009 was the deadline for all creditors holding administrative expense claims for the period from the commencement of the chapter 11 cases in October, 2005 through June 1, 2009 ("Administrative Bar Date") to file a claim on an Administrative Expense Claim Form, and the failure to timely file an Administrative Expense Claim would forever bar, estop and enjoin the creditor from asserting such a claim against the Debtors, and their property would be forever discharged from such a claim. *See Modification Procedures Order, ¶¶ 38-41*.

6. On or before June 20, 2009, Mr. Duxbury was served with due and proper notice of the Administrative Bar Date. *Exhibit E, Affidavit of Service, executed by Evan Gershbein.* (Dkt. No. 17267)[5].

7. In addition, pursuant to the terms of the Modification Procedures Order, notice of the Administrative Claim Bar Date was also published in the Detroit Free Press, the New York Times (worldwide), the Wall Street Journal (national, European, and Asian editions) and USA Today (worldwide). Affidavits of Publication are part of the record in this case. *See Exhibit C, ¶ 43*. (Dkt. Nos. 17407-17415).

8. Despite receiving notice that they were required to file an administrative claim in the bankruptcy proceeding, the Duxburys did not do so.

9. On July 30, 2009, this Court entered its Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and

---

[5] Mr. Duxbury received notice of the Administrative Bar Date at the very same address he provided in his summons and complaint in the New York State Court Action.

3

Certain Affiliates, Debtors and Debtors-In-Possession, as Modified and (II) Confirmation Order (the "Plan Modification Order") confirming the Debtors' Modified Plan. *Exhibit D* (Dkt. No. 18707).

10. On October 6, 2009, the effective date of the Modified Plan occurred and the Modified Plan was substantially consummated ("Effective Date"). On that date, the Debtors emerged from chapter 11 as the Reorganized Debtors.

11. Upon the Effective Date of the Modified Plan and pursuant to the Plan Modification Order, a permanent injunction against creditors and other parties in interest was imposed, prohibiting the commencement or continuation of any action to recover any claim against the Debtors that arose on or prior to October 6, 2009.

12. Article 11.14 of the Modified Plan provides as follows:

"[T]he satisfaction, release, and discharge pursuant to this Article XI shall act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect, offset, or recover any Claim, Interest, or Cause of Action satisfied, released, or discharged under this Plan to the fullest extent authorized or provided by the Bankruptcy Code… *Modified Plan, Art. 11.14*.

13. Similarly, paragraph 22 of the Plan Modification Order provides as follows:

"…[T]he Debtors and all Persons shall be precluded and permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any Claim, action, employment of process, or other proceeding of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (b) the enforcement, attachment, collection, offset, recoupment, or recovery by any manner or means of any judgment, award, decree, order, or otherwise with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (c) creating, perfecting, or enforcing any encumbrance of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, and (d) asserting any Claims, Interests, or Causes of Action that are satisfied, discharged, released, or subject to exculpation hereby or by the Modified Plan. *Plan Modification Order, ¶ 22*.

14. Furthermore, paragraph 47 of the Plan Modification Order provides in part:

4

"All other requests for payment of an Administrative Claim (other than as set forth in the Modified Plan or otherwise contemplated by the Master Disposition Agreement, i.e. for such claims arising on or after June 1, 2009) must be filed, in substantially the form of the Administrative Claim Request Form attached as Exhibit 10.5 to the Modified Plan, with the Claims Agent and served on counsel for the Debtors and the Creditors' Committee no later than 30 days notice of after the Effective Date is filed on the docket of the Chapter 11 Cases [November 5, 2009]. Any request for payment of an Administrative Claim pursuant to this paragraph that is not timely filed and served shall be disallowed automatically without the need for any objection from the Debtors or the Reorganized Debtors. *Modification Approval Order, ¶ 47.*

15.  Paragraph 20 of the Plan Modification Order incorporated the Modified Plan and discharged DPH-DAS and any of its assets or properties as provided in Article 11.2 of the Modified Plan, released DPH-DAS as set forth in articles 11.4, 11.5, 11.6 and 11.7 of the Modified Plan, and exculpated and limited the liability of DPH-DAS as set forth in Article 11.11 of the Modified Plan. *Plan Modification Order*, ¶ 20.

16.  Section 11.2 of the Modified Plan specifically provides that the "distributions and rights that are provided in the Modified Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims and Causes of Action, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to this Plan on account of such Claims, rights, and Interests, …. The Confirmation Order shall be a judicial determination of the discharge of all Claims against and Interests in the Debtors, subject to the occurrence of the Effective Date." *Modified Plan, ¶ 11.2* (*emphasis added*).

17.  On October 5, 2011, the Duxburys filed their New York State Court Action. In that action, the Duxburys seek damages from DPH-DAS and others for alleged personal injury resulting from a slip-and-fall on property leased by DPH-DAS.

5

05-44481-rdd    Doc 22167    Filed 09/30/13    Entered 09/30/13 16:49:47    Main Document
Pg 6 of 11

18. On or about October 5, 2011, the New York State Court Action summons and complaint were served upon DPH-DAS. In response, DPH-DAS asserted the affirmative defensive that plaintiffs' claims were discharged in the bankruptcy proceeding.

19. On August 29, 2013, the Reorganized Debtors notified plaintiffs, through their counsel, that the claims against DPH-DAS had been discharged and requested that they voluntarily dismiss the New York State Court Action. *Exhibit F*. That request has been rejected, thus necessitating the filing of this Motion.

20. Accordingly, on September 24, 2013, the Reorganized Debtors filed a motion to stay the New York State Court Action pending the outcome of this Motion. A copy of that motion is attached as *Exhibit G*.

## JURISDICTION AND VENUE

21. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 157. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Bankruptcy Court, as a unit of the District Court, has core jurisdiction over the allowance and disallowance of all claims except where specifically provided in the Bankruptcy Code. *Browning v. Levy*, 283 F.3d 761, 779 (6th Cir. 2002).

22. Pursuant to Section 13 of the Modified Plan and the Plan Modification Order, this Court retained exclusive jurisdiction over all matters "arising out of, and related to, the Chapter 11 Cases and this Plan…." *Modified Plan, § 13(p); Plan Modification Order, ¶ 56*.

23. Moreover, even without the retention of jurisdiction, a "Bankruptcy Court plainly ha[s] jurisdiction to interpret and enforce its own prior orders." *Traveler's Indemnity Company v. Bailey*, 557 U.S. 137, 151-152 (2009); *In re: Petry Retail, Inc.*, 304 F.3d 223, 230 (2d Cir. 2004).

6

24. Critical to this matter, this Court has the jurisdiction and the ability to enjoin conduct that would constitute a collateral attack on its prior orders, including enjoining the pursuit of claims in another court. *In re Texaco, Inc*., 2012 U.S. App. LEXIS 25853 (2d Cir. 2012); *Old Carco LLC,* 2011 U.S. App. LEXIS 19217 (2d Cir., Sept. 19, 2011); *Hunt v. Enzo Biochem, Inc.,* 904 F. Supp. 2d 337, 344 (2d Cir. 2012) ("Courts have inherent power to enforce their orders."). "Ancillary jurisdiction is recognized as part of a court's inherent power to prevent its judgments and orders from being ignored or avoided with impunity." *Hunt*, 904 F. Supp. 2d at 344 (*internal citations omitted*).

## APPLICABLE LAW AND LEGAL ARGUMENT

**A.  The Claims Asserted in the New York State Court Action are Barred and Discharged by This Court's Prior Orders**.

*1.  The New York State Court Action Claims Are Barred By The Duxburys' Failure To File An Administrative Expense Claim Prior To The Administrative Claim Bar Date.*

25. As stated above, this Court's Modification Procedures Order provided, in pertinent part, that all parties holding administrative expense claims for the period from the commencement of the chapter 11 cases in October, 2005 through June 1, 2009 were to file a claim on an Administrative Expense Claim Form no later than July 15, 2009. Failure to timely file an Administrative Expense Claim would forever bar, estop and enjoin the creditor from asserting such a claim against Debtors, and their property would be forever discharged from such a claim. In the Modification Procedures Order, the Court specifically determined and ruled that notice of the bar date via publication constituted adequate and sufficient notice.

26. Notwithstanding that the personal injury claim accrued on November 12, 2008, and, as discussed more fully below, was a "claim" within the definition of 11 U.S.C. § 101(5) and therefore covered by the Modification Procedures Order, and notwithstanding that Curtis

7

Duxbury received personal notice of the Administrative Bar Date and both of the Duxburys received publication notice of the Administrative Bar Date, the Duxburys never filed an Administrative Expense Claim Form.

27.     Accordingly, by operation of the Modification Procedures Order, the Duxburys' New York State Court Action claims became forever barred, thereby estopping and enjoining them from asserting their claims against DPH-DAS (or any of the Reorganized Debtors).

### 2.     *The New York State Court Action Claims Were Discharged.*

28.     In addition, this Court's Plan Modification Order, which confirmed the Modified Plan, discharged, among other things, all Claims and Causes of Action, whether known or unknown, against the Reorganized Debtors and permanently enjoined all Persons (as that term is defined in the Plan) from, among other things, "commencing… in any manner any Claim, Interest, Cause of Action or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date" of the Plan (the "Plan Injunction"). *See Plan Modification Order, ¶¶ 20 and 22.*

29.     An order confirming a plan of reorganization ordinarily operates to discharge all unsecured debts, "even those of tort victims who were unaware of the debtor's bankruptcy." *Brown v. Seaman Furniture Co., Inc.*, 171 B.R. 26, 27 (E.D. Pa. 1994); *In re U.S.H. Corporation of New York,* 223 B.R. 654, 657 (Bankr. S.D.N.Y. 1998); See also, 11 U.S.C §§ 1141 and 524(a).[6]

---

[6] Section 1141(d)(1) of the Bankruptcy Code provides in pertinent part:

> (d) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—
>
> (A) discharges the debtor from any debt that arose before the date of such confirmation and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title, whether or not—
>     (i)     a proof of the claim based on such debt is filed or deemed filed under section

8

30. The effect of the Reorganized Debtors' discharge is set forth in section 524(a) of the Bankruptcy Code, under which that discharge operates as a permanent injunction against the *commencement or continuation* of any action to recover discharged claims against the Reorganized Debtors. Specifically, Section 524(a)(2) provides:

> (a) A discharge in a case under this title –
> …..
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

31. Discharge under the Bankruptcy Code presumes that all creditors bound by the plan were given notice to satisfy due process. See *Brown*; *U.S.H*; *DePippo v. Kmart Corporation, et. al.*, 335 B.R. 290, 295 (S.D.N.Y. 2005). Notice requirements will vary depending upon whether the creditor is known or unknown to the debtor. A "known" creditor is one whose "*identity* is either known to the debtor or is 'reasonably ascertainable' by the debtor." See *DePippo, supra at 296; U.S.H*. "Reasonably ascertainable" means that the creditor can be identified through reasonably diligent efforts. *See DePippo, supra at 296*. In the context of a debtor in bankruptcy, it is not required to go beyond a careful examination of its books and records. *Id.* If the creditor is "unknown" to the debtor, it is well-settled law that notice of a bar date via publication is "adequate constructive notice sufficient to satisfy due process requirements because, 'in the case of persons missing or unknown, employment of an indirect and even probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights.'" *DiPippo, supra*, at 297 (quoting *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306 (1950)).

---

(ii)      501 of this title;
such claim is allowed under section 502 of this title….

9

32. All pre-confirmation "claims" against the Debtors held by the Duxburys were discharged. The Bankruptcy Code defines a "claim" to include any "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. § 101(5). Courts have recognized that the definition of a claim is intentionally broad to enable all the obligations of a debtor to be treated in a bankruptcy case, no matter how remote or contingent, to give the debtor the broadest relief possible in the bankruptcy court. *See, In re Chateaugay Corp.*, 944 F.2d 997, 1003 (2d Cir. 1991).

33. A post-petition tort claim is an administrative expense claim under the Bankruptcy Code. See *In re Refco Inc.*, 2008 U.S. Dist. LEXIS 2484, *17 (S.D.N.Y., Jan. 14, 2008) (citing *Reading v. Brown*, 391 U.S. 471, 485 (1986)).

34. A personal injury claim is a tort claim. Therefore, each of the Duxburys' claims has been discharged by this Court's prior orders.

**B.    The New York State Court Action Is Barred By The Doctrine Of *Res Judicata.***

35. Once a bankruptcy court's order becomes final, the order is *res judicata*. *Traveler's Indemnity Company v. Bailey*, 557 U.S. 137, 152 (2009). Here, the Modified Plan is a final order. *Browning v. Levy*, 283 F.3d 761, 772 (6th Cir. 2002) ("As a general rule, the confirmation of a plan of reorganization constitutes a final judgment in bankruptcy proceedings.").

36. Plan confirmation by a bankruptcy court "has the effect of a judgment by the district court and *res judicata* principles bar relitigation of any issues raised or <u>that could have been raised</u> in the confirmation proceedings." *Browning v. Levy*, 283 F.3d 761, 771 (6th Cir.

2002) (emphasis added) (citing *In re Chattanooga Wholesale Antiques, Inc.*, 930 F.2d 458, 463 (6th Cir. 1991)).

37. The Modified Plan, therefore, has the effect of a judgment and *res judicata* principles bar the litigation of any issues that could have been raised in the confirmation proceedings. Here, the Duxburys' New York State Court Action claims could have been raised in the confirmation proceedings. Accordingly, *res judicata* principles apply and the claims should be enjoined.

## RELIEF REQUESTED

WHEREFORE the Reorganized Debtors request that this Court enter an order (i) permanently enjoining Curtis J. Duxbury and Carol Duxbury from pursuing their discharged and expunged claims against DPH-DAS or any other Reorganized Debtor; (ii) directing the Duxburys to immediately dismiss DPH-DAS and any other Reorganized Debtor, with prejudice, from the New York State Court Action; and (iii) granting the Reorganized Debtors such other and further relief to which they may be entitled.

Dated:   Detroit, Michigan
         September 30, 2013

BUTZEL LONG, a professional corporation

By:   /s/ Cynthia J. Haffey
      Cynthia J. Haffey
      David J. DeVine
150 West Jefferson, Suite 100
Detroit, Michigan  48226
haffey@butzel.com
devine@butzel.com
*Attorneys for Reorganized Debtors*