UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
In re                                           :    Chapter 11
:
DELPHI CORPORATION, et al.,                     :    Case No. 05-44481 (RDD)
:
Debtors.                         :    (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER (A)(I) APPROVING MODIFICATIONS TO DEBTORS' FIRST AMENDED PLAN
OF REORGANIZATION (AS MODIFIED) AND RELATED DISCLOSURES AND VOTING
PROCEDURES AND (II) SETTING FINAL HEARING DATE TO CONSIDER
MODIFICATIONS TO CONFIRMED FIRST AMENDED PLAN OF REORGANIZATION
AND (B) SETTING ADMINISTRATIVE EXPENSE CLAIMS BAR DATE AND
ALTERNATIVE TRANSACTION HEARING DATE

("MODIFICATION PROCEDURES ORDER")

Upon the motion dated October 3, 2008 (Docket No. 14310) (the "Motion"),[1] and

the supplement to the Motion dated June 1, 2009 (Docket No. 16646) (the "Motion Supplement")

of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (each, a "Debtor"), for entry of an order (i)

approving (a) certain modifications to the confirmed First Amended Joint Plan of Reorganization

of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as amended on

January 25, 2008 (the "Confirmed Plan"), (b) certain supplements to the First Amended

Disclosure Statement with respect to the Confirmed Plan (Docket No. 11388) (the "December 10

---

[1]  Capitalized terms not defined herein shall have the meanings ascribed to them in the Order Approving (I)
Disclosure Statement, (II) Record Date, Voting Deadline, and Procedures for Temporary Allowance of Certain
Claims, (III) Hearing Date to Consider Confirmation of Plan, (IV) Procedures for Filing Objections to Plan, (V)
Solicitation Procedures for Voting on Plan, (VI) Cure Claim Procedures, (VII) Procedures for Resolving
Disputes Relating to Postpetition Interest, and (VIII) Reclamation Claim Procedures, entered on December 10,
2007 (Docket No. 11389) (the "December 10 Solicitation Procedures Order"), a copy of which is attached
hereto as Exhibit A without exhibits.



36.    Any unresolved objection to an MDA Assumption and Assignment Notice or to the Successful Bidder Notice would be scheduled to be heard at a claims hearing following 20 days' notice thereof provided by the Debtors or the Reorganized Debtors, as applicable, to the applicable counterparty, or such other date as may be agreed upon by the parties. If an objection to an MDA Assumption and Assignment Notice or to the Successful Bidder Notice cannot be resolved consensually among the parties, the Debtors propose that notwithstanding anything to the contrary herein or in the Confirmation Order, the Debtors or the Reorganized Debtors, as the case may be, would have the right to reject (and shall if directed by a Buyer pursuant to the terms of the Master Disposition Agreement or the agreement with the Successful Bidder, as applicable) the contract or lease for a period of five days after entry of a final order establishing adequate assurance on terms not reasonably acceptable to the Debtors or the Reorganized Debtors, as the case may be, and the assignee.

37.    <u>Elimination Of Notice For Reclamation Claims</u>. The Debtors shall not be required to send out any additional notices to holders of reclamation claims asserted by sellers of goods with a statutory or common law right to reclamation or holders of such claims (the "Reclamation Claims") in connection with the solicitation of votes on the Modified Plan. The Debtors shall provide each holder of a Reclamation Claim with a Class C-1 (General Unsecured Claims) ballot including the amount of the Reclamation Claim as a general unsecured nonpriority claim.

38.    <u>Establishment Of Bar Date For Administrative Expense Claims</u>. Any party that wishes to assert an administrative claim under 11 U.S.C. § 503(b) for the period from the commencement of these cases through June 1, 2009 shall file a proof of administrative expense (each, an "Administrative Expense Claim Form") for the purpose of asserting an

administrative expense request, including any substantial contribution claims (each, an "Administrative Expense Claim" or "Claim") against any of the Debtors. July 15, 2009 at 5:00 p.m. prevailing Eastern time shall be the deadline for submitting all Administrative Expense Claims (the "Administrative Expense Bar Date") for the period from the commencement of these cases through June 1, 2009.

39. Notwithstanding anything in the preceding paragraph, creditors holding or wishing to assert the following types of claims against the Debtors need not file an Administrative Expense Claim Form:

- Any claim for postpetition goods and services delivered to the Debtors prior to June 1, 2009 that are not yet due and payable pursuant to the applicable contract terms;

- Employee claims arising prior to June 1, 2009 for wages, salary, and other benefits arising in the ordinary course of business that are not yet due and payable;

- Any claim for which the party has already properly filed an Administrative Expense Claim Form or a proof of claim form with the Court which has not been expunged by order of the Court and provided that such proof of claim clearly and unequivocally sets forth that such claim is made for an administrative expense priority;

- Any claim for fees and/or reimbursement of expenses by a professional employed in these chapter 11 cases accruing through January 25, 2008, to the extent that such claim is subject to this Court's Interim Compensation Orders (defined below);[4] or

---

[4] See Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated November 4, 2005 (Docket No. 869) (the "Interim Compensation Order"); Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 8, 2006 (Docket No. 2747) (the "Supplemental Compensation Order"); Second Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 28, 2006 (Docket No. 2986) (the "Second Supplemental Interim Compensation Order"); and Third Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals, dated May 5, 2006 (Docket No. 3630) (the "Third Supplemental Interim Compensation Order"); Fourth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated July 13, 2006 (Docket No. 4545) (the "Fourth Supplemental Interim Compensation Order"); Fifth

*(cont'd)*

- Any claim asserted by any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control, or hold with power to vote, 50 percent or more of the outstanding voting securities of such subsidiary.

40.     To submit a valid Administrative Expense Claim, parties-in-interest must submit a Claim on an Administrative Expense Claim Form substantially in the form attached hereto as <u>Exhibit L</u> and deliver such Claim to its claims agent:

> Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, California 90245
> Att'n: Delphi Corporation, <u>et al.</u>
> Case No. 05-44481 (RDD)

so as to be received no later than the Administrative Expense Bar Date. Claims may be submitted in person or by courier service, hand delivery or mail addressed to Kurtzman Carson Consultants LLC at the foregoing address. Any Administrative Expense Claim Form submitted by facsimile, e-mail, or by other electronic means shall not be accepted and shall not be deemed filed until such Administrative Expense Claim Form is submitted by one of the methods described in the foregoing sentence. Administrative Expense Claim Forms shall be deemed filed only when actually received by KCC.

41.     Any party that is required but fails to file a timely Administrative Expense Claim Form shall be forever barred, estopped and enjoined from asserting such claim against the

---

*(cont'd from previous page)*

Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses, dated October 13, 2006 (Docket No. 5310) (the "Fifth Supplemental Interim Compensation Order"); Sixth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated December 12, 2006 (Docket No. 6145) (together with the Interim Compensation Order, the Supplemental Compensation Order, the Second Supplemental Interim Compensation Order, the Third Supplemental Interim Compensation Order, the Fourth Supplemental Interim Compensation Order, and the Fifth Supplemental Interim Compensation Order, the "Interim Compensation Orders").

Debtors, and the Debtors and their property shall be forever discharged from any and all indebtedness, liability, or obligation with respect to such claim.

42. To provide further notice of the Administrative Expense Bar Date, the Debtors are authorized, but not directed, to mail a notice ("Notice of Administrative Claim Bar Date") substantially in form attached hereto as Exhibit M along with a form of Administrative Expense Claim Form to all parties that will receive the Final Modification Hearing Notice and any other party in the Debtors' discretion that they deem appropriate by the June 20, 2009 Solicitation Mailing Deadline. Notwithstanding the foregoing, the Debtors shall not be required to send a Notice of Administrative Claim Bar Date or an Administrative Expense Claim Form with the Solicitation Packages to be received by (a) holders of Senior Note Claims (as defined in the Modified Plan), (b) holders of TOPrS Claims (as defined in the Modified Plan), or (c) holders of interests in Class G-1. For the avoidance of doubt, the Debtors shall not be required to send a Notice of Administrative Claim Bar Date or an Administrative Expense Claim Form to any other holder or owner of any of the Debtors' Senior Notes (as defined in the Modified Plan), TOPrS (as defined in the Modified Plan), or Existing Common Stock (as defined in the Modified Plan) on account of their holding of such securities.

43. Within five days of the date of entry of this order, or as soon thereafter as practicable, the Debtors shall publish the Notice of Administrative Claim Bar Date in the Detroit Free Press, the New York Times (national edition), the Wall Street Journal (national, European, and Asian editions), and USA Today (worldwide) and (b) electronically through posting on the Delphi legal information website, www.delphidocket.com.

44. Provision of notice of the Administrative Expense Bar Date to the persons and entities set forth in the Supplement and this order, in the manner set forth above and as

described more particularly in the Motion Supplement, shall constitute adequate and sufficient notice the Administrative Expense Bar Date and shall be deemed to satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

45.  <u>Scheduling A Sale Hearing Date In The Alternative</u>.  If the Debtors are not able to implement the transactions contemplated in the Master Disposition Agreement through the Modified Plan and obtain approval of such modifications under section 1127 of the Bankruptcy Code on July 23, 2009, the Court shall conduct on July 23, 2009 an asset sale hearing under section 363 of the Bankruptcy Code to complete the transactions set forth in the Master Disposition Agreement, as may be modified by the "363 Implementation Agreement" (as defined in the Master Disposition Agreement).  The Debtors shall file the 363 Implementation Agreement by July 2, 2009.  Any objections to the Master Disposition Agreement being consummated pursuant to 11 U.S.C. §§ 363 and 365 and as modified by the 363 Implementation Agreement must be filed by July 15, 2009 at 4:00 p.m. (prevailing Eastern time) and shall be served in the same manner and on the same parties as objections to the Modified Plan as provided in this order.  The failure of any objecting person or entity to timely file and serve its objection by July 15, 2009 may be a bar to the assertion, at the July 23, 2009 hearing or thereafter, of any objection to (a) the consummation of the Master Disposition Agreement, as modified by the 363 Implementation Agreement, pursuant to 11 U.S.C. §§ 363 and 365, (b) the sale, or (c) the Debtors' consummation and performance of the Master Disposition Agreement. The Debtors shall file a proposed form of sale order to implement the transactions contemplated in the Master Disposition Agreement, as modified by the 363 Implementation Agreement, by July 21, 2009.