UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
                              :
In re                         :    Chapter 11
                              :
DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
                              :
              Debtors.        :    (Jointly Administered)
                              :
------------------------------x

ORDER APPROVING MODIFICATIONS UNDER 11 U.S.C. § 1127(b) TO
(I) FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI
CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND
DEBTORS-IN-POSSESSION, AS MODIFIED AND
<u>(II) CONFIRMATION ORDER (DOCKET NO. 12359)</u>

("PLAN MODIFICATION ORDER")

Upon the Court's Findings of Fact, Conclusions of Law, And Order Under 11 U.S.C. §§ 1129(a) And (b) And Fed. R. Bankr. P. 3020 Confirming the First Amended Joint Plan Of Reorganization Of Delphi Corporation ("Delphi") And Certain Affiliates, Debtors And Debtors-In-Possession (each, a "Debtor"), As Modified (the "Confirmed Plan"), dated January 25, 2008 (Docket No. 12359) (the "Confirmation Order"); and

Upon the Debtors' Motion for Order (I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization (Docket No. 14310), dated October 3, 2008, (the "Plan Modification Approval Motion"); and

Upon the Debtors' (A) Supplement to Motion for Order (I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and



subject the Reorganized Debtors to any liability by reason of such transfer under the Bankruptcy Code or under applicable nonbankruptcy law, including, without limitation, any laws affecting successor or transferee liability.

20. <u>Discharge, Releases, Limitations Of Liability, And Indemnification</u>. Pursuant to applicable law, including sections 105(a) and 1123(b)(3) and (6) of the Bankruptcy Code, the discharge of the Debtors and any of their assets or properties provided in Article 11.2 of the Modified Plan, as approved herein, the releases set forth in Articles 11.4, 11.5, 11.6, and 11.7 of the Modified Plan, and the exculpation and limitation of liability provisions set forth in Article 11.11 of the Modified Plan, are deemed incorporated in this order as if set forth in full herein and are hereby approved as an integral part of the Modified Plan and are fair, equitable, reasonable and in the best interests of the Debtors, their estates, and holders of Claims and Interests; <u>provided, however,</u> notwithstanding anything in this order, the exculpation provisions or releases provided pursuant to Article 11 of the Modified Plan shall have no effect on the liability of any entity that otherwise would result from any action or omission to the extent that such action or omission is determined in a final order to have constituted intentional fraud or willful misconduct.

21. <u>Limitation on Releases</u>. None of the releases provided in the Modified Plan, as modified herein, shall be applicable with respect to any of the Plan Investors or their affiliates with respect to their obligations under the Investment Agreement, the transactions contemplated thereby, or any litigation related thereto, including any and all defendants to such actions.

22. <u>Injunction</u>. Except as otherwise specifically provided in the Modified Plan, the MDA Documents, or this order and except as may be necessary to enforce or remedy a breach of the Modified Plan, the Debtors and all Persons shall be precluded and permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any Claim, action, employment of process, or other proceeding of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (b) the enforcement, attachment, collection, offset, recoupment, or recovery by any manner or means of any judgment, award, decree, order, or otherwise with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (c) creating, perfecting, or enforcing any encumbrance of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, and (d) asserting any Claims, Interests, or Causes of Action that are satisfied, discharged, released, or subject to exculpation hereby or by the Modified Plan.

23. <u>Automatic Stay</u>. The stay in effect in the Chapter 11 Cases pursuant to section 362(a) of the Bankruptcy Code shall continue to be in effect until the Effective Date, and at that time shall be dissolved and of no further force or effect, subject to the injunction set forth in the preceding paragraph and/or sections 524 and 1141 of the Bankruptcy Code and Article 11.14 of the Modified Plan; <u>provided, however,</u> that nothing herein shall bar the filing of financing documents (including Uniform Commercial Code financing statements, security agreements, leases, mortgages, trust

objection from the Debtors or the Reorganized Debtors. The Debtors or the Reorganized Debtors may settle an Administrative Claim without further Bankruptcy Court approval. Unless the Debtors or the Reorganized Debtors object to an Administrative Claim within 180 days after the Administrative Claims Bar Date (unless such objection period is extended by the Bankruptcy Court), such Administrative Claim shall be deemed allowed in the amount requested. In the event that the Debtors or the Reorganized Debtors object to an Administrative Claim, the Bankruptcy Court shall determine the allowed amount of such Administrative Claim.

48.     <u>Substantive Consolidation</u>. For the reasons described in IV.C. of the Supplemental Disclosure Statement and the evidence and arguments made, proffered, or adduced at the Confirmation Hearing, certain of the Debtors' estates shall be substantively consolidated as set forth in Article III of the Modified Plan, solely for the purposes of voting on the Modified Plan and making distributions to holders of Claims and Interests under the Modified Plan.

49.     <u>Restructuring Transactions</u>. The Restructuring Transactions contemplated by Article 7.3 of the Modified Plan and described in Exhibit 7.3 to the Modified Plan are approved. The Debtors and Reorganized Debtors and their officers are authorized to take, on and after the Modification Approval Date, such actions as may be necessary and appropriate to effectuate the relevant Restructuring Transactions, including, without limitation, executing such documents as may be reasonably required in order to effectuate the Restructuring Transactions. Each and every federal, state, and local governmental agency or department is hereby directed to accept for filing and recording

reasonably satisfactory to the applicable Indenture Trustee. Such notice shall be effective only as to distributions due at least 60 days after such notice is accepted as satisfactory by the applicable Indenture Trustee. Nothing in this paragraph shall be applicable with respect to any claims held by the DIP Lenders or the DIP Agent.

46.  <u>Substantial Contribution Compensation And Expenses Bar Date</u>. Any Person (including the Indenture Trustees) who requests compensation or expense reimbursement for making a substantial contribution in the Chapter 11 Cases pursuant to sections 503(b)(3), (4), and (5) of the Bankruptcy Code shall file an application with the Court on or before the 45th day after notice of the Effective Date is filed on the docket of the Chapter 11 Cases (the "503 Deadline"), and serve such application on counsel for the Debtors, the Creditors' Committee, the United States Trustee for the Southern District of New York, and such other parties as may be directed by the Court and the Bankruptcy Code on or before the 503 Deadline, or be forever barred from seeking such compensation or expense reimbursement.

47.  <u>Other Administrative Claims</u>. All other requests for payment of an Administrative Claim (other than as set forth in the Modified Plan or otherwise contemplated by the Master Disposition Agreement, i.e., for such claims arising on or after June 1, 2009) must be filed, in substantially the form of the Administrative Claim Request Form attached as Exhibit 10.5 to the Modified Plan, with the Claims Agent and served on counsel for the Debtors and the Creditors' Committee no later than 30 days notice of after the Effective Date is filed on the docket of the Chapter 11 Cases. Any request for payment of an Administrative Claim pursuant to this paragraph that is not timely filed and served shall be disallowed automatically without the need for any

objection from the Debtors or the Reorganized Debtors. The Debtors or the Reorganized Debtors may settle an Administrative Claim without further Bankruptcy Court approval. Unless the Debtors or the Reorganized Debtors object to an Administrative Claim within 180 days after the Administrative Claims Bar Date (unless such objection period is extended by the Bankruptcy Court), such Administrative Claim shall be deemed allowed in the amount requested. In the event that the Debtors or the Reorganized Debtors object to an Administrative Claim, the Bankruptcy Court shall determine the allowed amount of such Administrative Claim.

48.  <u>Substantive Consolidation</u>. For the reasons described in IV.C. of the Supplemental Disclosure Statement and the evidence and arguments made, proffered, or adduced at the Confirmation Hearing, certain of the Debtors' estates shall be substantively consolidated as set forth in Article III of the Modified Plan, solely for the purposes of voting on the Modified Plan and making distributions to holders of Claims and Interests under the Modified Plan.

49.  <u>Restructuring Transactions</u>. The Restructuring Transactions contemplated by Article 7.3 of the Modified Plan and described in Exhibit 7.3 to the Modified Plan are approved. The Debtors and Reorganized Debtors and their officers are authorized to take, on and after the Modification Approval Date, such actions as may be necessary and appropriate to effectuate the relevant Restructuring Transactions, including, without limitation, executing such documents as may be reasonably required in order to effectuate the Restructuring Transactions. Each and every federal, state, and local governmental agency or department is hereby directed to accept for filing and recording

any and all documents and instruments necessary or appropriate to consummate the transactions contemplated by the Restructuring Transactions.

50. <u>Resolution Of Claims</u>. Except as otherwise ordered by the Court, any Claim that is not an Allowed Claim shall be determined, resolved, or adjudicated in accordance with the terms of the Modified Plan. The Debtors or Reorganized Debtors, as the case may be, may (a) until 120 days after the Effective Date (unless extended by order of the Court for cause) file objections to the allowance of any Claim (whether or not a proof of Claim has been filed) and/or (b) amend their Schedules at any time before their Chapter 11 Cases are closed.

51. <u>Distribution Reserve</u>. In accordance with the Modified Plan, the Debtors shall establish one or more Distribution Reserves for the purpose of effectuating distributions to holders of Disputed Claims pending the allowance or disallowance of such claims or interests.

52. <u>Authorization To Consummate Modified Plan</u>. Notwithstanding Bankruptcy Rule 3020(e), but subject to Articles 12.2 and 12.3 of the Modified Plan, the Court authorizes the Debtors to consummate the Modified Plan upon entry of this order. The Debtors are authorized to execute, acknowledge, and deliver such deeds, assignments, conveyances, and other assurances, documents, instruments of transfer, Uniform Commercial Code financing statements, trust agreements, mortgages, indentures, security agreements, and bills of sale and to take such other actions as may be reasonably necessary to perform the terms and provisions of the Modified Plan, all transactions contemplated by the Modified Plan, and all other agreements related thereto.

53.  **Dismissal Of Complaints.**  Upon the Effective Date of the Modified Plan, the proceedings initiated by the Creditors' Committee and the Senior Notes Indenture Trustee for the revocation of the Confirmation Order shall be closed and the complaints seeking relief therefor shall be dismissed as moot.

54.  **MDL Settlements.**  Notwithstanding paragraph 50 of the Confirmation Order, nothing in this order shall be construed to render null and void or otherwise affect the force and effect of any settlements or orders approving the Multi-District Litigation Settlements entered by the United States District Court for the Eastern District of Michigan.

55.  **Extension Of Voting Deadline.**  Pursuant to the Modification Procedures Order, as it incorporates paragraph 31(i) of the December 10 Solicitation Procedures Order, the Debtors were authorized to extend the Voting Deadline for holders of claims in Class C-2 and Class D until Monday, July 20, 2009 at 10:00 a.m. prevailing Eastern time.  The votes cast by holders of claims in Class C-2 and Class D were timely submitted in accordance with the procedures approved by this Court.

56.  **Retention Of Jurisdiction.**  Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this order or the occurrence of the Effective Date, but subject to the jurisdiction provisions of the MDA Documents, the Court shall retain exclusive jurisdiction as provided in the Modified Plan over all matters arising out of, and related to, the Chapter 11 Cases and the Modified Plan to the fullest extent permitted by law, including, among other items and matters, jurisdiction over those items and matters set forth in Article XIII of the Modified Plan.  This Court retains jurisdiction to enforce and implement the terms and provisions of this order, the MDA

Documents, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects including, but not limited to, retaining jurisdiction to (a) compel delivery of the Acquired Assets and Sale Securities to the Purchasing Entities, (b) compel delivery of the purchase price or performance of other obligations owed by or to the Debtors, (c) resolve any Section 365 Objections, (d) resolve any disputes arising under or related to the MDA Documents, (f) interpret, implement, and enforce the provisions of this order, and (f) protect the Purchasing Entities against the assertion of any Property Interests against the Acquired Assets and Sale Securities of any kind or nature whatsoever.

57. <u>References To Modified Plan Provisions</u>. The failure to include or specifically reference any particular provision of the Modified Plan in this order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Modified Plan be confirmed in its entirety. The provisions of the Modified Plan and of this order shall be construed in a manner consistent with each other so as to effect the purposes of each; <u>provided, however,</u> that if there is determined to be any inconsistency between any Modified Plan provision and any provision of this order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this order shall govern and any such provision of this order shall be deemed a modification of the Modified Plan and shall control and take precedence. Notwithstanding the foregoing, in the event there are any conflicts between the terms and provisions of the Modified Plan or this order and the Delphi-GM Global Settlement Agreement, the terms of the Delphi-GM Global Settlement Agreement shall govern.