# DELPHI

August 29, 2013

<u>Via E-Mail and U.S. Mail</u>

Duane D. Schoonmaker, Esq.
Greco Trapp, PLLC
1700 Rand Building
14 Lafayette Square
Buffalo, NY 14203

    RE:    Curtis Duxbury, et al. vs. First Amherst Development Group, LLC, et al.
               Niagara County Supreme Court No. 145259

Dear Mr. Schoonmaker:

I write on behalf of DPH-DAS LLC regarding the above-referenced matter. The purpose of this letter is to request that Plaintiffs voluntarily dismiss their claims against DPH-DAS LLC, with prejudice, in light of the claim discharge and injunction provisions resulting from DPH-DAS LLC's emergence from Chapter 11 bankruptcy in October 2009. For the reasons described in more detail below, continuing to pursue a claim against DPH-DAS LLC is futile, and DPH-DAS LLC will seek to recover its costs and attorney fees if it must seek bankruptcy court involvement to enforce the plan discharge and injunction.

On October 8 and 14, 2005, the entity then known as Delphi Corporation ("Delphi") and certain of its domestic affiliates (including Delphi Automotive Systems LLC) (collectively referred to herein as the "Debtors"), filed petitions for reorganization relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The cases are known as <u>In re Delphi Corporation, et al.</u>, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y.) (n/k/a <u>In re DPH Holdings Corp., et al.</u>) (the "Bankruptcy Cases")

On December 10, 2007, the Debtors filed their first amended joint plan of reorganization (Docket No. 11386[1]) (the "Plan") and related disclosure statement (the "Disclosure Statement") (Docket No. 11388) and on January 25, 2008, the Bankruptcy Court entered an order (Docket No. 12359) (the "Confirmation Order") confirming the Plan, as modified (the "Confirmed Plan"). The Confirmation Order became final on February 4, 2008.

On June 16, 2009, the Debtors filed the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (Docket No. 17030) (the "Modified Plan"). The Modified Plan made certain modifications to the terms of the Confirmed Plan. To comply with the requirements of 11 U.S.C. §§ 1125 and 1127, on the same date, the Debtors filed a supplement to the Disclosure Statement (the "Supplement"). In connection with the Debtors' Modified Plan and the Supplement, the Debtors sought an order from the Bankruptcy Court, among other things, approving the Supplement as containing adequate information, as defined under 11 U.S.C. § 1125, authorizing the solicitation of votes on the Modified Plan, and establishing a bar date for the submission of claims asserting administrative expense priority under 11 U.S.C. § 503(b).

---

[1]    All references herein to the Bankruptcy Court Docket can be found at www.dphholdingsdocket.com.

Duane Schoonmaker, Esq.
August 29, 2013
Page 2 of 4

In connection therewith, and after notice and a hearing, on June 16, 2009, the Bankruptcy Court entered an Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order"). Pursuant to paragraphs 38 and 41 of the Modification Procedures Order:

> any party that wishes to assert an administrative claim under 11 U.S.C. § 503(b) for the period from the **commencement of these cases through June 1, 2009** shall file a proof of administrative expense (each, an "Administrative Expense Claim Form") for the purpose of asserting an administrative expense request, including any substantial contribution claims (each, an "Administrative Expense Claim" or "Claim") against any of the Debtors. July 15, 2009 at 5:00 p.m. prevailing Eastern time shall be the deadline for submitting all Administrative Expense Claims (the "[Initial] Administrative Expense Bar Date") for the period from the commencement of these cases through June 1, 2009.

Modification Procedures Order ¶ 38.

> any party that is required but fails to file a timely Administrative Expense Claim Form shall be forever barred, estopped and enjoined from asserting such claim against the Debtors, and the Debtors and their property shall be forever discharged from any and all indebtedness, liability, or obligation with respect to such claim.

Modification Procedures Order ¶ 41.

As noted on the affidavit of service executed by Evan Gershbein and filed in the chapter 11 cases (Docket No. 17267), due and proper notice of the Initial Administrative Expense Bar Date was provided to Plaintiff on or prior to June 20, 2009. (Please note that this particular docket entry is over 5,000 pages long – to assist your review I have enclosed pertinent portions showing Mr. Duxbury's listing among potential creditors who received the notice). In addition to providing direct service through the mailing of applicable documents, as provided in paragraph 42 of the Modification Procedures Order, notice of the Initial Administrative Expense Bar Date was also published in the Detroit Free Press, the New York Times (national edition), the Wall Street Journal (national, European, and Asian editions), and USA Today (worldwide) as required by paragraph 43 of the Modification Procedures Order (see applicable affidavits of publication at Docket Nos. 17407-17411). Pursuant to paragraph 44 of the Modification Procedures Order, satisfaction of direct notice and publication notice constitutes adequate and sufficient notice of the Initial Administrative Expense Bar Date and is deemed to satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of the Bankruptcy Court.

On July 30, 2009, the Bankruptcy Court entered its Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Modification Approval Order"), which confirmed the

Duane Schoonmaker, Esq.
August 29, 2013
Page 3 of 4

Debtors' Modified Plan. On October 6, 2009, the "Effective Date" of the Modified Plan occurred and the Modified Plan was substantially consummated. On that date, the Debtors emerged from chapter 11 as reorganized entities (the "Reorganized Debtors"). Also on that date, the entity then known as Delphi Automotive Systems LLC changed its name to "DPH-DAS LLC"

Upon the Effective Date of the Modified Plan, an injunction was imposed. Specifically, the Modified Plan and the Modification Approval Order contain a permanent injunction against, among other things, the commencement or continuation of any action to recover on any claim against the Debtors that arose **_on or prior to October 6, 2009_**. Article 11.14 of the Modified Plan provides:

> the satisfaction, release, and discharge pursuant to [Article XI of the Modified Plan] **shall act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect, offset, or recover any Claim, Interest, or Cause of Action satisfied, released, or discharged under [the Modified] Plan to the fullest extent authorized or provided by the Bankruptcy Code** . . .

Modified Plan Art. 11.14 (emphasis added). Similarly, paragraph 22 of the Modification Approval Order provides that:

> the Debtors and all Persons shall be precluded and permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any Claim, action, employment of process, or other proceeding of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (b) the enforcement, attachment, collection, offset, recoupment, or recovery by any manner or means of any judgment, award, decree, order, or otherwise with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (c) creating, perfecting, or enforcing any encumbrance of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, and (d) asserting any Claims, Interests, or Causes of Action that are satisfied, discharged, released, or subject to exculpation hereby or by the Modified Plan.

Modification Approval Order ¶22. Accordingly, the permanent injunction in the Modified Plan and Modification Approval Order prohibits the commencement or continuation of any action to recover any claim against the Debtors that arose on or prior to October 6, 2009.

Pursuant to the Modification Approval Order, Plaintiff was required to file an Administrative Expense Claim for any claims that arose between October 8, 2005 and October 6, 2009. In his Complaint, Plaintiff alleges that he was injured on November 12, 2008, and that his injury was caused, in whole or in part, by the negligence of DPH-DAS LLC. Plaintiff alleges no claims in this lawsuit that could extend beyond November 2008.

Duane Schoonmaker, Esq.
August 29, 2013
Page 4 of 4

Based on the foregoing timeline, it is clear that Plaintiff's claim falls squarely within the time period covered by the Administrative Expense Bar Date, as set forth in paragraphs 38 and 41 of the Modification Procedures Order. Plaintiff, however, failed to file an Administrative Expense Claim as required by the Modification Procedures Order. Hence, **Plaintiff is barred from asserting any claims that arose on or before October 6, 2009** against any of the Debtors, including without limitation, DPH-DAS LLC.

In light of the above, I request that Plaintiff voluntarily dismiss the Complaint against DPH-DAS LLC, with prejudice. If he does not, DPH-DAS LLC will petition the Bankruptcy Court for the Southern District of New York to issue an order enjoining Plaintiff from further prosecution of his claim.

I request that you let me know whether you will dismiss the Complaint **no later than Friday, September 6, 2013**. If you have any questions about the foregoing, please do not hesitate to contact me.

Very truly yours,

Jeffery M. Peterson
Attorney
On Behalf of DPH-DAS LLC

Enclosure

c:    Meghan M. Brown, Esq.