STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF NIAGARA

_____

CURTIS J. DUXBURY and
CAROL DUXBURY,

                                    Plaintiffs,

     vs.

FIRST AMHERST DEVELOPMENT GROUP, LLC,
RIDGE LEA ASSOCIATES LLC, and
DELPHI AUTOMOTIVE SYSTEMS, LLC f/k/a
  DELPHI CORPORATION,

                                    Defendants

_____

**PAID**

SEP 2 5 2013

WAYNE F. JAGOW
NIAGARA COUNTY CLERK

**NOTICE OF MOTION
FOR A STAY PURSUANT
TO CPLR § 2201**

Index No. 145259

**ORIGINAL FILED**

SEP 2 5 2013

WAYNE F. JAGOW
NIAGARA COUNTY CLERK

| | |
|---|---|
| MOTION BY: | Defendant, DPH-DAS LLC incorrectly sued herein as DELPHI AUTOMOTIVE SYSTEMS, LLC F/K/A DELPHI CORPORATION, by its attorneys, Goldberg Segalla LLP, 665 Main Street, Suite 400, Buffalo, New York 14203 |
| DATE AND PLACE OF HEARING | **Wednesday, October 9, 2013** at **9:30 a.m.** before the Hon. Ralph A. Boniello, III, J.S.C., Supreme Court, Niagara County, 775 Third Street, Niagara Falls, New York 14302. |
| SUPPORTING PAPERS: | Affirmation of Meghan M. Brown, Esq., with exhibits, and all prior pleadings and proceedings herein. |
| RELIEF DEMANDED: | An Order of this Court, pursuant to CPLR § 2201, staying all proceedings in this matter as against DPH-DAS LLC incorrectly sued herein as DELPHI AUTOMOTIVE SYSTEMS, LLC F/K/A DELPHI CORPORATION, pending the outcome of a motion for an injunction in bankruptcy court; together with such other and further relief as this Court deems just and proper. |

GOLDBERG SEGALLA LLP
665 Main Street, Ste. 400
Buffalo, New York 14203

DATED:    Buffalo, New York
          September 24, 2013

                              GOLDBERG SEGALLA LLP

                              _____
                              Meghan M. Brown, Esq.
                              Attorneys for Defendant
                              *DPH-DAS LLC incorrectly sued herein as DELPHI
                              AUTOMOTIVE SYSTEMS, LLC F/K/A DELPHI
                              CORPORATION,*
                              665 Main Street, Suite 400
                              Buffalo, New York 14203
                              (716) 566-5400

TO:    Duane D. Schoonmaker, Esq.
       GRECO TRAPP PLLC
       *Attorneys for Plaintiffs*
       1700 Rand Building
       14 Lafayette Square
       Buffalo, New York  14203
       (716) 856-5800

       Christopher J. Martin, Esq.
       WILSON, ELSER, MOSKOWITZ,
       EDELMAN & DICKER LLP
       *Attorneys for Defendants First
       Amherst Development Group, LLC
       and Ridge Lea Associates, LLC*
       677 Broadway
       Albany, New York  12207
       (518) 449-8893

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF NIAGARA

---

CURTIS J. DUXBURY and
CAROL DUXBURY,

               Plaintiffs,

    vs.

FIRST AMHERST DEVELOPMENT GROUP, LLC,
RIDGE LEA ASSOCIATES LLC, and
DELPHI AUTOMOTIVE SYSTEMS, LLC f/k/a
 DELPHI CORPORATION,

               Defendants

**AFFIRMATION IN SUPPORT
OF MOTION FOR A STAY
PURSUANT TO CPLR § 2201**

Index No. 145259

ORIGINAL FILED

SEP 2 5 2013

WAYNE F. JAGOW
NIAGARA COUNTY CLERK

---

Meghan M. Brown, Esq., affirms pursuant to CPLR Rule 2106:

    1.    I am an attorney at law duly licensed to practice in the State of New York and am associated with the law firm of Goldberg Segalla LLP, attorneys for defendant, DPH-DAS LLC incorrectly sued herein as DELPHI AUTOMOTIVE SYSTEMS, LLC f/k/a DELPHI CORPORATION (hereinafter "DPH-DAS LLC"). As such, I am fully familiar with the facts and circumstances surrounding this litigation.

    2.    I submit this affirmation in support of DPH-DAS LLC's motion for a stay of proceedings against DPH-DAS LLC pursuant to CPLR § 2201.

    3.    As the Court is aware, this action arises from an accident that occurred on November 12, 2008 when plaintiff, Curtis J. Duxbury, allegedly slipped and fell on the front walkway to a building located at 4238 Ridge Lea Road, Amherst, Erie County, New York.

    4.    Plaintiffs commenced this action by filing a summons and complaint with the Niagara County Clerk's Office on or about October 5, 2011. True and correct copies are attached as *Exhibit A*.

5.    DPH-DAS joined issue by interposing its answer on or about December 21, 2011. A true and correct copy is attached as *Exhibit B*.

6.    The litigation thereafter has proceeded in Supreme Court.

7.    Recently, however, bankruptcy counsel for DPH-DAS LLC discovered that plaintiffs' action against DPH-DAS LLC was barred pursuant to the administrative claims bar date in the bankruptcy action involving Delphi Automotive Systems, LLC f/k/a DELPHI CORPORATION n/k/a DPH-DAS LLC.

8.    Accordingly, and as explained more fully below, plaintiffs' action against DPH-DAS LLC should not be permitted to continue, and a stay of proceedings is warranted pursuant to CPLR § 2201 while DPH-DAS LLC pursues an injunction in the bankruptcy court.

## APPLICATION OF THE BANKRUPTCY DISCHARGE AND PLAN INJUNCTION BARS PLAINTIFFS' CLAIMS AGAINST DPH-DAS LLC

9.    On October 8 and 14, 2005, the entity then known as Delphi Corporation ("Delphi") and certain of its domestic affiliates (including Delphi Automotive Systems LLC, collectively referred to herein as the "Debtors"), filed petitions for reorganization relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (hereinafter "Bankruptcy Court"). *See In re Delphi Corporation, et al.*, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y.) n/k/a *In re DPH Holdings Corp., et al.* (hereinafter "Bankruptcy Cases").

10.    On October 6, 2009, nearly a year after Mr. Duxbury's alleged injury, the Delphi entities emerged from bankruptcy with new names, including one of the defendants in this action, Delphi Automotive Systems LLC, renamed as DPH-DAS LLC.

11.    On June 16, 2009, the Bankruptcy Court issued its Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related

Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider

Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting

Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date. *See*

*Exhibit C,* Docket No. 17032, "Modification Procedures Order."[1]

12.    Paragraphs 38 and 41 of the Modification Procedures Order provide, in part:

> [A]ny party that wishes to assert an administrative claim under 11
> U.S.C. § 503(b) for the period from the <u>commencement of these
> cases through June 1, 2009</u> shall file a proof of administrative
> expense (each, an "Administrative Expense Claim Form") for the
> purpose of asserting an administrative expense request, including
> any substantial contribution claims (each, an "Administrative
> Expense Claim" or "Claim") against any of the Debtors. July 15,
> 2009 at 5:00 p.m. prevailing Eastern time shall be the deadline for
> submitting all Administrative Expense Claims (the "[Initial]
> Administrative Expense Bar Date") for the period from the
> commencement of these cases through June 1, 2009.

*Exhibit C* at ¶ 38 (emphasis added).

> [A]ny party that is required but fails to file a timely Administrative
> Expense Claim Form shall be forever barred, estopped and
> enjoined from asserting such claim against the Debtors, and the
> Debtors and their property shall be forever discharged from any
> and all indebtedness, liability, or obligation with respect to such
> claim.

*Exhibit C* at ¶ 41.

13.    According to the affidavit of service executed by Evan Gershbein and filed in the

chapter 11 cases (Docket No. 17267), due and proper notice of the Initial Administrative

Expense Bar Date was provided to Mr. Duxbury on or before to June 20, 2009. *See Exhibit D.*

14.    Indeed, there can be no question that plaintiffs received notice of the

Administrative Expense Bar Date, since the address where Mr. Duxbury received notice of the

---

[1] The exhibits attached to this affirmation include relevant excerpts from the Bankruptcy filings.
Complete copies of all such documents, as well as the entire docket history, is available at
www.dphholdingsdocket.com.

Administrative Expense Bar Date is the very same address he provided in his summons and complaint in this action. *Compare Exhibit A with Exhibit D.*

15.    In the complaint, plaintiffs allege that Mr. Duxbury was injured on November 12, 2008, and that his injury was caused, in whole or in part, by the negligence of DPH-DAS LLC. *See Exhibit A.* Plaintiffs allege no claims in this lawsuit that could extend beyond November 2008.

16.    Plaintiffs' claim is, therefore, precisely the type of claim that was subject to the Administrative Expense Bar Date as set forth in paragraphs 38 and 41 of the Modification Procedures Order. *See Exhibit C* at ¶¶ 38 and 41.

17.    Plaintiffs failed to timely file an Administrative Expense Claim, and therefore they are barred from asserting any claim that arose on or before June 1, 2009 against any of the Debtors, including without limitation, Delphi Automotive Systems LLC, n/k/a DPH-DAS LLC.

18.    Pursuant to the Bankruptcy Court's order, any administrative expense claim that plaintiffs may have had are disallowed automatically because they failed to file an Administrative Expense Claim before the applicable bar dates.

19.    Moreover, pursuant to the discharge of the Debtors contained in Article 11.2 of the Modified Plan, plaintiffs may receive a distribution on their claim only as provided by the Modified Plan. *See Exhibit E.*

20.    Pursuant to 11 U.S.C. § 1141(d) and the terms of the Modification Approval Order and the Modified Plan, all claims against the Debtors that arose on or prior to the Effective Date were discharged on the Effective Date. Specifically, Article 11.2 of the Modified Plan provides that:

> [T]he distributions and rights that are provided in [the Modified]
> Plan shall be in complete satisfaction, discharge, and release,

> effective as of the Effective Date, of Claims and Causes of Action,
> whether known or unknown, against, liabilities of, liens on,
> obligations of, rights against, and Interests in the Debtors or any of
> their assets or properties, regardless of whether any property shall
> have been distributed or retained pursuant to [the Modified] Plan
> on account of such Claims, rights, and Interests, including, but not
> limited to, Claims and Interests that arose before the Effective
> Date.

*Exhibit E*, Docket No. 18707, First Amended Joint Plan of Reorganization of Delphi

Corporation and Certain Affiliates, Debtors and Debtors-In-Possession ("Modified Plan") at Art.

11.2.

21.    In addition, once the Modified Plan became effective, an injunction was imposed.

Specifically, the Modified Plan and the Modification Approval Order contain a permanent

injunction against, among other things, the commencement or continuation of any action to

recover any claim against the Debtors that arose on or prior to October 6, 2009. *See Exhibit E.*

22.    Article 11.14 of the Modified Plan provides that:

> [T]he satisfaction, release, and discharge pursuant to [Article XI of
> the Modified Plan] **shall act as an injunction against any Person
> commencing or continuing any action, employment of process,
> or act to collect, offset, or recover any Claim, Interest, or
> Cause of Action satisfied, released, or discharged** under [the
> Modified] Plan to the fullest extent authorized or provided by the
> Bankruptcy Code, . . .

*Exhibit E* at Art. 11.14 (emphasis added).

23.    Similarly, paragraph 22 of the Plan Modification Order provides that:

> [T]he Debtors and all Persons **shall be precluded and
> permanently enjoined** on and after the Effective Date from (a)
> commencing or continuing in any manner any Claim, action,
> employment of process, or other proceeding of any kind with
> respect to any Claim, Interest, Cause of Action, or any other right
> or Claim against the Reorganized Debtors, which they possessed or
> may possess prior to the Effective Date, (b) the enforcement,
> attachment, collection, offset, recoupment, or recovery by any
> manner or means of any judgment, award, decree, order, or

otherwise with respect to any Claim, Interest, Cause of Action, or
any other right or Claim against the Reorganized Debtors, which
they possessed or may possess prior to the Effective Date, (c)
creating, perfecting, or enforcing any encumbrance of any kind
with respect to any Claim, Interest, Cause of Action, or any other
right or Claim against the Reorganized Debtors, which they
possessed or may possess prior to the Effective Date, and (d)
asserting any Claims, Interests, or Causes of Action that are
satisfied, discharged, released, or subject to exculpation hereby or
by the Modified Plan.

*Exhibit E* at ¶22 (emphasis added).

24.    Accordingly, the permanent injunction in the Modified Plan and Modification

Approval Order prohibits the commencement or continuation of any action to recover any claim

against the Debtors that arose on or prior to October 6, 2009, including this action.  Thus, based

on the Bankruptcy Code and the Bankruptcy Court's orders, this case is improper and plaintiffs

are enjoined from further prosecuting this matter against DPH-DAS LLC.

## RELEVANT PROCEDURAL HISTORY

25.    DPH-DAS LLC only recently discovered that Mr. Duxbury had received actual

notice of the claims bar dates as described above.

26.    Immediately following this discovery, on August 29, 2013 counsel for DPH-DAS

LLC wrote plaintiffs' counsel to advise him that continued pursuit of this matter was in direct

violation of the plan discharge and injunction, and to request that plaintiffs voluntarily dismiss

this matter. *See Exhibit F.*

27.    On September 9, 2013, however, plaintiffs' counsel rejected that request, instead

stating his intent to continue pursuing this matter at least through the Court's ruling on DPH-

DAS LLC's pending summary judgment motion. *See Exhibit G.*

28.    DPH-DAS LLC submits that any further prosecution of this matter is in violation

of the Bankruptcy Court's orders and the Bankruptcy Code itself.  Accordingly, while DPH-DAS

6

LLC maintains that the arguments raised in its summary judgment motion entitle it to dismissal on the merits, on a more fundamental level the Court should not be compelled to spend its time and resources considering a claim that is so clearly barred. For that reason, DPH-DAS LLC voluntarily withdraws its pending motion, without prejudice.

29.    DPH-DAS LLC will be filing a request in Bankruptcy Court in the Southern District of New York seeking an order specifically barring plaintiffs from further pursuing this lawsuit against DPH-DAS LLC and ordering them to withdraw it as against DPH-DAS LLC.

30.    DPH-DAS LLC expects to file its request in Bankruptcy Court no later than October 1, 2013, and the hearing on that issue will take place on October 21, 2013.

31.    We will provide the Court with courtesy copies of the papers once they are filed in Bankruptcy Court.

32.    In the interim, all proceedings against DPH-DAS LLC should cease.

**WHEREFORE,** defendant DPH-DAS LLC incorrectly sued herein as DELPHI AUTOMOTIVE SYSTEMS, LLC F/K/A DELPHI CORPORATION, respectfully requests an Order of this Court, pursuant to CPLR § 2201, staying the proceedings in this matter as against DPH-DAS LLC; together with such other and further relief as this Court deems just and proper.

Dated: Buffalo, New York
September 24, 2013

Meghan M. Brown, Esq.

# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT : COUNTY OF NIAGARA

CURTIS J. DUXBURY
CAROL DUXBURY
2359 Harding Avenue
Wilson, New York 14172

                                    Plaintiffs

vs.

FIRST AMHERST DEVELOPMENT GROUP, LLC
4508 Main Street
Snyder, New York 14226

RIDGE LEA ASSOCIATES LLC
4508 Main Street
Snyder, New York 14226

DELPHI AUTOMOTIVE SYSTEMS, LLC f/k/a
DELPHI CORPORATION
200 Upper Mountain Road
Lockport, New York 14094

                                    Defendants

**SUMMONS**

145259
10/05/2011 12:19:23 PM
Receipt # 201195018
2 Pages

Wayne F. Jagow, Niagara County Clerk                     Clerk: PC

ORIGINAL FILED

OCT – 5 2011

WAYNE F. JAGOW
NIAGARA COUNTY CLERK

TO THE ABOVE-NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to Answer the Complaint in this action, and to serve

a copy of your Answer on the undersigned attorneys within twenty (20) days after the service of this

Summons, exclusive of the day of service, or within thirty (30) days after completion of service

where service is made in any manner other than by personal delivery within the State. In case of

your failure to appear or answer, judgment will be taken against you by default for the relief

demanded in the Complaint.

    Niagara County is designated as the place of trial based upon the residence of the Plaintiffs.

Dated: Buffalo, New York
       October 3, 2011

Respectfully submitted,

Duane D. Schoonmaker, Esq., of Counsel
GRECO TRAPP, PLLC
Attorneys for Plaintiffs
1700 Rand Building
14 Lafayette Square
Buffalo, New York 14203
(716) 856-5800

STATE OF NEW YORK
SUPREME COURT : COUNTY OF NIAGARA

---

CURTIS J. DUXBURY
CAROL DUXBURY,

Plaintiffs

vs.

FIRST AMHERST DEVELOPMENT GROUP, LLC
RIDGE LEA ASSOCIATES, LLC
DELPHI AUTOMOTIVE SYSTEMS, LLC f/k/a
DELPHI CORPORATION

Defendants

---

COMPLAINT NOT SUM CERTAIN

**145259**
10/05/2011  12:19:24 PM
Receipt # 201105018
5 Pages

Wayne F. Jagow, Niagara County Clerk          Clerk: PC

**COMPLAINT**
Index No.:

**ORIGINAL FILED**

OCT - 5 2011

WAYNE F. JAGOW
NIAGARA COUNTY CLERK

Plaintiffs, CURTIS J. DUXBURY and CAROL DUXBURY, by and through their

attorneys, Greco Trapp, PLLC, for their Complaint against the Defendant, respectfully allege:

1.   Plaintiffs Curtis J. Duxbury and Carol Duxbury reside in Niagara County,

New York.

2.   Upon information and belief, First Amherst Development Group, LLC (First

Amherst) is a domestic limited liability company duly licensed and authorized to conduct business

in New York.

3.   Upon information and belief, First Amherst has its principal place of business

in Erie County, New York.

4.   Upon information and belief, Ridge Lea Associates LLC (Ridge Lea) is a

domestic limited liability company duly licensed and authorized to conduct business in New York.

5.   Upon information and belief, Ridge Lea has its principal place of business in

Erie County, New York.

6.    Upon information and belief, Delphi Automotive Systems, LLC, formerly known as Delphi Corporation, (Delphi) is a foreign corporation duly licensed to conduct business in New York.

7.    Upon information and belief, and at all times herein relevant, Delphi conducts business in Erie County, New York.

8.    Upon information and belief, at all time herein relevant, Ridge Lea owned the premises located at 4238 Ridge Lea Road, Amherst, Erie County, New York.

9.    Upon information and belief, at all times herein relevant, First Amherst acted as the manager of the property located at 4238 Ridge Lea Road, Amherst, Erie County, New York.

10.    Upon information and belief, Delphi leased the premises, and conducted business at the property, located at 4238 Ridge Lea Road, Amherst, Erie County, New York.

11.    Upon information and belief, this action falls within one or more of the exceptions set forth in CPLR § 1602.

12.    The incident which forms the basis of this Complaint occurred on November 12, 2008 at approximately 4:30 a.m. at 4238 Ridge Lea Road, Amherst, Erie County, New York.

13.    On November 12, 2008, Curtis J. Duxbury (Mr. Duxbury) was employed by Durham Staffing, Inc. as a maintenance worker assigned to work at the property at 4238 Ridge Lea Road, Amherst, Erie County, New York.

14.    Upon information and belief, Durham Staffing, Inc. contracted with Delphi to provide maintenance services to Delphi at the property located at 4238 Ridge Lea Road, Amherst, Erie County, New York.

15.    On November 12, 2008, at approximately 4:30 a.m., Curtis J. Duxbury (Mr. Duxbury) was lawfully on the premises located at 4238 Ridge Lea Road, Amherst, Erie County, New York.

16.    On November 12, 2008, at approximately 4:30 a.m., Mr. Duxbury tripped and fell on the sidewalk in front of the building located at 4238 Ridge Lea Road, Amherst, Erie County, New York.

17.    As a result of this incident, Mr. Duxbury suffered severe personal injuries.

18.    As a result of this incident, Mr. Duxbury has lost wages, has suffered a diminution in his ability to earn income and will, upon information and belief, continue to lose wages in the future.

19.    As a result of this incident, Mr. Duxbury has incurred medical expenses and will, upon information and belief, incur medical expenses in the future.

20.    By reason of the foregoing, Mr. Duxbury has suffered injuries and damages in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over this matter.

## FOR A CAUSE OF ACTION AGAINST
## FIRST AMHERST DEVELOPMENT GROUP, LLC

21.    Plaintiffs repeat paragraphs one through twenty above.

22.    Upon information and belief, First Amherst, by and through its agents, servants and employees was negligent in its maintenance of the sidewalk and area surrounding the sidewalk located at 4238 Ridge Lea Road, Amherst, Erie County, New York.

23.    Upon information and belief, the negligence of First Amherst caused or contributed to the injuries and damages suffered by Mr. Duxbury.

-3-

## FOR A CAUSE OF ACTION AGAINST
### RIDGE LEA ASSOCIATES, LLC

24.    Plaintiffs repeat paragraphs one through twenty above.

25.    Upon information and belief, Ridge Lea, by and through its agents, servants or employees, was negligent in its maintenance of the sidewalk and sidewalk area located at 4238 Ridge Lea Road, Amherst, Erie County, New York.

26.    Upon information and belief, the negligence of Ridge Lea caused or contributed to the injuries and damages suffered by Mr. Duxbury.

## FOR A CAUSE OF ACTION AGAINST
### DELPHI AUTOMOTIVE SYSTEMS, LLC f/k/a
### DELPHI CORPORATION

27.    Plaintiffs repeat paragraphs one through twenty above.

28.    Upon information and belief, Delphi, by and through its agents, servants or employees, was negligent in its maintenance of the sidewalk and sidewalk area located at 4238 Ridge Lea Road, Amherst, Erie County, New York.

29.    Upon information and belief, the negligence of Delphi caused or contributed to the injuries and damages suffered by Mr. Duxbury.

## FOR A CAUSE OF ACTION
### ON BEHALF OF CAROL DUXBURY

30.    Plaintiffs repeat paragraphs one through twenty above.

31.    At all times herein relevant, Carol Duxbury was and continues to be the wife of Curtis J. Duxbury.

32.    As a result of the injuries which he suffered, Mr. Duxbury has been disabled from performing the services formerly performed for Carol Duxbury and, upon information and belief, will continue to be so disabled through the future.

-4-

33.    Mrs. Duxbury has been deprived and, upon information and belief, will continue to be deprived of Mr. Duxbury's society, companionship and services into the future.

34.    Upon information and belief, Mrs. Duxbury's loss of her husband's society, companionship and services will be permanent all to her damage in the sum which exceeds the jurisdictional limitation of all lower Courts which would otherwise have jurisdiction of this action.

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and/or severally, for compensatory damages in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction of this matter, together with the costs and disbursements of this suit.

Dated: Buffalo, New York
        October 3, 2011

Respectfully submitted,

Duane D. Schoonmaker, Esq., of Counsel
GRECO TRAPP PLLC
Attorneys for Plaintiffs
1700 Rand Building
14 Lafayette Square
Buffalo, New York 14203
Telephone No.: (716) 856-5800

# EXHIBIT B

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF NIAGARA
_____

CURTIS J. DUXBURY,
CAROL DUXBURY,

                Plaintiffs,                          **ANSWER**

vs.                                              Index No. 145259

FIRST AMHERST DEVELOPMENT GROUP, LLC,
RIDGE LEA ASSOCIATES LLC,
DELPHI AUTOMOTIVE SYSTEMS, LLC f/k/a
DELPHI CORPORATION,

                Defendants.
_____


      Defendant, DPH-DAS LLC incorrectly sued herein as DELPHI AUTOMOTIVE

SYSTEMS, LLC f/k/a DELPHI CORPORATION, by and through its attorneys, Goldberg

Segalla LLP, as and for its answer to plaintiff's Complaint, herein alleges the following, upon

information and belief:

      1.     Admits that Delphi Automotive Systems, LLC is a foreign corporation duly

licensed to conduct business in New York and denies the remainder of paragraph 6 of plaintiff's

Complaint.

      2.     Denies the allegations contained in paragraphs 7, 17, 18, 19, 20, 28, 29 and 32 of

plaintiff's Complaint.

3.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1, 2, 3, 4, 5, 8, 9, 10, 11, 12, 13, 14, 15, 16, 22, 23, 25, 26, 31, 33 and 34 of plaintiffs' Complaint.

4.      As and for its answer to paragraphs 21, 24, 27 and 30 of plaintiffs' complaint, this defendants repeats and realleges its answers with the same force and effect as if fully set forth herein.

5.      Denies each and every other allegation of plaintiffs' Complaint not specifically admitted or denied hereinabove.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE
## AND BY WAY OF CROSS CLAIM AGAINST
## THE CO-DEFENDANTS
## FIRST AMHERST DEVELOPMENT GROUP, LLC AND
## RIDGE LEA ASSOCIATES LLC

6.      Upon information and belief, this defendant denies any negligence on its part. However, if the plaintiff recovers a judgment in this action against this defendant, its liability will have been brought about or caused by reason of the primary carelessness and negligence of the co-defendants FIRST AMHERST DEVELOPMENT GROUP, LLC and RIDGE LEA ASSOCIATES LLC, without any carelessness or negligence on the part of this defendant. Furthermore, if the plaintiff should recover a judgment against this defendant, then the co-defendants, FIRST AMHERST DEVELOPMENT GROUP, LLC and RIDGE LEA

ASSOCIATES LLC shall indemnify this defendant for all or part of any such judgment, including reasonable attorneys' fees and costs, and in such amount as shall be ultimately determined upon the trial of this action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

7.  Upon information and belief, the incident complained of in the Complaint and the alleged damages were caused by the culpable conduct of the plaintiff, Curtis J. Duxbury.

8.  Upon information and belief, the plaintiff should be barred from recovery by reason of the fact that the subject incident was entirely the result of culpable conduct on the part of the plaintiff, Curtis J. Duxbury, or in the event that the plaintiff is entitled to recover, the amount of damages otherwise recoverable should be diminished in the proportion in which the culpable conduct attributable to the plaintiff, Curtis J. Duxbury, bears to the culpable conduct which caused the damages.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

9.  Upon information and belief, the plaintiff, Curtis J. Duxbury, assumed the risk of the injuries complained of in the Complaint.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10.  Upon information and belief, all or part of the costs of the plaintiff's medical care, loss of earnings or other economic loss may have been paid, replaced, or indemnified in whole or in part from collateral sources or with reasonable certainty will be replaced or indemnified in the

future from such collateral sources and, to that extent, these answering defendants request that in

the event the plaintiff recovers any judgment herein, that such amount as has, have been, or may

be recovered in whole or in part from collateral sources reduce the plaintiff's recovery by said

amounts.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

11.    That if this answering defendant is found liable along with one or more

codefendants, it is requested that the relative culpability of the defendants be determined and

judgment over be granted in accordance with that determination; in the event this defendant is

found liable by reason of the act or omission of one or more codefendants, it is requested that

judgment over full indemnity be granted.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

12.    This answering defendant alleges that other parties, whether named or unnamed in

plaintiff's complaint, and whether known or presently unknown to defendant, were negligent or

legally responsible or otherwise at fault for the damages alleged.  Therefore, defendant requests

that in the event any party recovers against this answering defendant, whether by settlement or

judgment, an apportionment of fault be made by Court or jury as to all parties.  This answering

defendant further requests a judgment or declaration of indemnification or contribution against

each and every party or person in accordance with the apportionment of fault.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

13.    Upon information and belief, the alleged liability of this defendant for non-economic loss is limited by the applicable provisions of Article 16 of the CPLR.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

14.    Plaintiff has failed to mitigate his damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

15.    That in the event there has been a settlement between the plaintiffs and any joint tortfeasor, then defendant hereby pleads and seeks the full benefit of §15-108 of the General Obligations Law, that plaintiff's claim against the defendant be reduced to the fullest extent permitted by §15-108 of the General Obligations Law.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

16.    If plaintiff sustained injuries as alleged in the Complaint, which is denied, there was an intervening, superseding cause or causes leading to this alleged damage, and therefore, any action/inaction on the part of defendant was not the proximate cause and/or competent producing cause of the alleged injuries.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

17.    The court does not have jurisdiction over the person of the answering defendant.

GOLDBERG SEGALLA LLP
665 Main Street, Suite 400
Buffalo, New York 14203-1425
(716) 566-5400

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

18.    Plaintiffs failed to file a claim in the answering defendant's bankruptcy proceeding and their claims against this defendant were discharged in bankruptcy.

WHEREFORE, judgment is demanded dismissing the Complaint herein and for such other and further relief as may be just and proper, together with the costs and disbursements of this action.

DATED:        Buffalo, New York
              December 21, 2011


                                    GOLDBERG SEGALLA LLP

                                    _____
                                    Mary Q. Wydysh, Esq.
                                    *Attorneys for Defendants*
                                    DPH-DAS LLC incorrectly sued herein as
                                    DELPHI AUTOMOTIVE SYSTEMS, LLC
                                    f/k/a DELPHI CORPORATION
                                    665 Main Street, Suite 400
                                    Buffalo, New York 14203-1425
                                    (716) 566-5400


TO:     Duane D. Schoonmaker, Esq.
        GRECO TRAPP, PLLC
        *Attorneys for Plaintiffs*
        1700 Rand Building, 14 Lafayette Square
        Buffalo, New York 14203
        (716) 856-5800

        Counsel for:
        First Amherst Development Group LLC
        Ridge Lea Associates LLC
        Upon Appearance

STATE OF NEW YORK
SUPREME COURT : COUNTY OF NIAGARA

---

CURTIS J. DUXBURY and CAROL DUXBURY,

        Plaintiff,

                              *AFFIDAVIT OF SERVICE*

vs.

                              *INDEX NO.: 145259*


FIRST AMHERST DEVELOPMENT GROUP, LLC,
RIDGE LEA ASSOCIATES LLC,
DELPHI AUTOMOTIVE SYSTEMS, LLC f/k/a
DELPHI CORPORATION,

        Defendants.

---

        Meredith Adamczak, being duly sworn, deposes and says, that deponent is not a party to this action, is over 18 years of age and resides in Orchard Park, New York; that on the 21st day of December, 2011, deponent served the following:  Answer and Notice of Deposition

        Upon the following:

                  Duane D. Schoonmaker, Esq.
                  GRECO TRAPP, PLLC
                  *Attorneys for Plaintiffs*
          1700 Rand Building, 14 Lafayette Square
              Buffalo, New York 14203

at the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid, properly addressed wrapper, in a post-office/official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                *Meredith Adamczak*
                                Meredith Adamczak

Sworn to before me this
23 day of December, 2011

_Maggie A. Baker_
Notary Public

184005

MAGGIE A. BAKER
Notary Public State of New York
Qualified in Erie County
My Commission Expires July 28, 2013

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - -x
                                        :
      In re                          :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                Debtors.         :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER (A)(I) APPROVING MODIFICATIONS TO DEBTORS' FIRST AMENDED PLAN
OF REORGANIZATION (AS MODIFIED) AND RELATED DISCLOSURES AND VOTING
PROCEDURES AND (II) SETTING FINAL HEARING DATE TO CONSIDER
MODIFICATIONS TO CONFIRMED FIRST AMENDED PLAN OF REORGANIZATION
AND (B) SETTING ADMINISTRATIVE EXPENSE CLAIMS BAR DATE AND
ALTERNATIVE TRANSACTION HEARING DATE

("MODIFICATION PROCEDURES ORDER")

Upon the motion dated October 3, 2008 (Docket No. 14310) (the "Motion"),[1] and

the supplement to the Motion dated June 1, 2009 (Docket No. 16646) (the "Motion Supplement")

of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (each, a "Debtor"), for entry of an order (i)

approving (a) certain modifications to the confirmed First Amended Joint Plan of Reorganization

of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as amended on

January 25, 2008 (the "Confirmed Plan"), (b) certain supplements to the First Amended

Disclosure Statement with respect to the Confirmed Plan (Docket No. 11388) (the "December 10

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Order Approving (I)
Disclosure Statement, (II) Record Date, Voting Deadline, and Procedures for Temporary Allowance of Certain
Claims, (III) Hearing Date to Consider Confirmation of Plan, (IV) Procedures for Filing Objections to Plan, (V)
Solicitation Procedures for Voting on Plan, (VI) Cure Claim Procedures, (VII) Procedures for Resolving
Disputes Relating to Postpetition Interest, and (VIII) Reclamation Claim Procedures, entered on December 10,
2007 (Docket No. 11389) (the "December 10 Solicitation Procedures Order"), a copy of which is attached
hereto as Exhibit A without exhibits.


0544481090616000000000007

36.    Any unresolved objection to an MDA Assumption and Assignment Notice

or to the Successful Bidder Notice would be scheduled to be heard at a claims hearing following

20 days' notice thereof provided by the Debtors or the Reorganized Debtors, as applicable, to the

applicable counterparty, or such other date as may be agreed upon by the parties.  If an objection

to an MDA Assumption and Assignment Notice or to the Successful Bidder Notice cannot be

resolved consensually among the parties, the Debtors propose that notwithstanding anything to

the contrary herein or in the Confirmation Order, the Debtors or the Reorganized Debtors, as the

case may be, would have the right to reject (and shall if directed by a Buyer pursuant to the terms

of the Master Disposition Agreement or the agreement with the Successful Bidder, as applicable)

the contract or lease for a period of five days after entry of a final order establishing adequate

assurance on terms not reasonably acceptable to the Debtors or the Reorganized Debtors, as the

case may be, and the assignee.

37.    Elimination Of Notice For Reclamation Claims.  The Debtors shall not be

required to send out any additional notices to holders of reclamation claims asserted by sellers of

goods with a statutory or common law right to reclamation or holders of such claims (the

"Reclamation Claims") in connection with the solicitation of votes on the Modified Plan.  The

Debtors shall provide each holder of a Reclamation Claim with a Class C-1 (General Unsecured

Claims) ballot including the amount of the Reclamation Claim as a general unsecured

nonpriority claim.

38.    Establishment Of Bar Date For Administrative Expense Claims.  Any

party that wishes to assert an administrative claim under 11 U.S.C. § 503(b) for the period from

the commencement of these cases through June 1, 2009 shall file a proof of administrative

expense (each, an "Administrative Expense Claim Form") for the purpose of asserting an

22

administrative expense request, including any substantial contribution claims (each, an

"Administrative Expense Claim" or "Claim") against any of the Debtors. July 15, 2009 at 5:00

p.m. prevailing Eastern time shall be the deadline for submitting all Administrative Expense

Claims (the "Administrative Expense Bar Date") for the period from the commencement of these

cases through June 1, 2009.

        39.     Notwithstanding anything in the preceding paragraph, creditors holding or

wishing to assert the following types of claims against the Debtors need not file an

Administrative Expense Claim Form:

- Any claim for postpetition goods and services delivered to the Debtors prior to June 1, 2009 that are not yet due and payable pursuant to the applicable contract terms;

- Employee claims arising prior to June 1, 2009 for wages, salary, and other benefits arising in the ordinary course of business that are not yet due and payable;

- Any claim for which the party has already properly filed an Administrative Expense Claim Form or a proof of claim form with the Court which has not been expunged by order of the Court and provided that such proof of claim clearly and unequivocally sets forth that such claim is made for an administrative expense priority;

- Any claim for fees and/or reimbursement of expenses by a professional employed in these chapter 11 cases accruing through January 25, 2008, to the extent that such claim is subject to this Court's Interim Compensation Orders (defined below);[4] or

---

[4]    See Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated November 4, 2005 (Docket No. 869) (the "Interim Compensation Order"); Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 8, 2006 (Docket No. 2747) (the "Supplemental Compensation Order"); Second Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 28, 2006 (Docket No. 2986) (the "Second Supplemental Interim Compensation Order"); and Third Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals, dated May 5, 2006 (Docket No. 3630) (the "Third Supplemental Interim Compensation Order"); Fourth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated July 13, 2006 (Docket No. 4545) (the "Fourth Supplemental Interim Compensation Order"); Fifth

*(cont'd)*

- Any claim asserted by any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control, or hold with power to vote, 50 percent or more of the outstanding voting securities of such subsidiary.

40.     To submit a valid Administrative Expense Claim, parties-in-interest must submit a Claim on an Administrative Expense Claim Form substantially in the form attached hereto as Exhibit L and deliver such Claim to its claims agent:

Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, California 90245
Att'n: Delphi Corporation, et al.
Case No. 05-44481 (RDD)

so as to be received no later than the Administrative Expense Bar Date. Claims may be submitted in person or by courier service, hand delivery or mail addressed to Kurtzman Carson Consultants LLC at the foregoing address. Any Administrative Expense Claim Form submitted by facsimile, e-mail, or by other electronic means shall not be accepted and shall not be deemed filed until such Administrative Expense Claim Form is submitted by one of the methods described in the foregoing sentence. Administrative Expense Claim Forms shall be deemed filed only when actually received by KCC.

41.     Any party that is required but fails to file a timely Administrative Expense Claim Form shall be forever barred, estopped and enjoined from asserting such claim against the

---

(cont'd from previous page)
Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses, dated October 13, 2006 (Docket No. 5310) (the "Fifth Supplemental Interim Compensation Order"); Sixth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated December 12, 2006 (Docket No. 6145) (together with the Interim Compensation Order, the Supplemental Compensation Order, the Second Supplemental Interim Compensation Order, the Third Supplemental Interim Compensation Order, the Fourth Supplemental Interim Compensation Order, and the Fifth Supplemental Interim Compensation Order, the "Interim Compensation Orders").

Debtors, and the Debtors and their property shall be forever discharged from any and all

indebtedness, liability, or obligation with respect to such claim.

42.    To provide further notice of the Administrative Expense Bar Date, the

Debtors are authorized, but not directed, to mail a notice ("Notice of Administrative Claim Bar

Date") substantially in form attached hereto as Exhibit M along with a form of Administrative

Expense Claim Form to all parties that will receive the Final Modification Hearing Notice and

any other party in the Debtors' discretion that they deem appropriate by the June 20, 2009

Solicitation Mailing Deadline.  Notwithstanding the foregoing, the Debtors shall not be required

to send a Notice of Administrative Claim Bar Date or an Administrative Expense Claim Form

with the Solicitation Packages to be received by (a) holders of Senior Note Claims (as defined in

the Modified Plan), (b) holders of TOPrS Claims (as defined in the Modified Plan), or (c) holders

of interests in Class G-1.  For the avoidance of doubt, the Debtors shall not be required to send a

Notice of Administrative Claim Bar Date or an Administrative Expense Claim Form to any other

holder or owner of any of the Debtors' Senior Notes (as defined in the Modified Plan), TOPrS (as

defined in the Modified Plan), or Existing Common Stock (as defined in the Modified Plan) on

account of their holding of such securities.

43.    Within five days of the date of entry of this order, or as soon thereafter as

practicable, the Debtors shall publish the Notice of Administrative Claim Bar Date in the Detroit

Free Press, the New York Times (national edition), the Wall Street Journal (national, European,

and Asian editions), and USA Today (worldwide) and (b) electronically through posting on the

Delphi legal information website, www.delphidocket.com.

44.    Provision of notice of the Administrative Expense Bar Date to the persons

and entities set forth in the Supplement and this order, in the manner set forth above and as

# EXHIBIT D

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                       :
          In re                                        :    Chapter 11
                                                       :
DELPHI CORPORATION, et al.,                            :    Case No. 05-44481 (RDD)
                                                       :
                              Debtors.                 :    (Jointly Administered)
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

AFFIDAVIT OF SERVICE

I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases. I submit this Affidavit in connection with the service of the solicitation materials for the **First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified)** [Docket No. 17030] ("the Plan").

On December 1, 2005, the Court signed and entered an Order Pursuant to 28 U.S.C. § 156(c) Authorizing Retention and Appointment of Kurtzman Carson Consultants LLC as Claims, Noticing and Balloting Agent for Clerk of Bankruptcy Court [Docket No. 1374] designating KCC as the official Balloting Agent.

KCC is charged with the duty of printing and distributing Solicitation Packages to creditors and other interested parties pursuant to the instructions set forth in the **Order (A)(I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date ("Modification Procedures Order")** [Docket No. 17032] ("Modification Procedures Order") as entered by the Court on June 16, 2009.

The various solicitation materials consist of the following documents:

1) Ballot for Accepting or Rejecting First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (Class A Secured Claims) ("Class A Ballot") (attached hereto as Exhibit A);

2) Ballot for Accepting or Rejecting First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (Class C-1 General Unsecured Claims) ("Class C-1 Ballot") (attached hereto as Exhibit B);

3) Ballot for Accepting or Rejecting First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (Class C-2 Pension Benefit Guaranty Corporation Claims) ("Class C-2 Ballot") (attached hereto as <u>Exhibit C</u>);

4) Ballot for Accepting or Rejecting First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (Class D General Motors Corporation Claim) ("Class D Ballot") (attached hereto as <u>Exhibit D</u>);

5) Notice of (1) Approval of Supplement; (2) Hearing on Modifications to Plan; (3) Deadline and Procedures for Filing Objections to Modifications of Plan; (4) Deadline and Procedures for Temporary Allowance of Certain Claims for Voting Purposes; (5) Treatment of Certain Unliquidated, Contingent, or Disputed Claims for Noticing, Voting, and Distribution Purposes; (6) Record Date; (7) Voting Deadline for Receipt of Ballots; and (9) Proposed Releases, Exculpation, and Injunction in Modified Plan ("Final Modification Hearing Notice") (attached hereto as <u>Exhibit E</u>);

6) a letter from the Delphi Corporation Official Committee of Unsecured Creditors ("Creditors' Committee Letter") (attached hereto as <u>Exhibit F</u>);

7) First Amended Disclosure Statement Supplement with Respect to First Amended Plan of Reorganization (As Modified), Modification Procedures Order and December 10, 2007 Solicitation Procedures Order, in CD-ROM format ("CD-ROM")

8) Notice of Non-Voting Status with Respect to Certain Claims and Interests ("Notice of Non-Voting Status") (attached hereto as <u>Exhibit G</u>);

9) Notice to Unimpaired Creditors of (I) Filing of Proposed Modified Plan of Reorganization, (II) Treatment of Claims Under Modified Plan, (III) Hearing on Approval of Modified Plan, and (IV) Deadline and Procedures for Filing Objections Thereto ("Unimpaired Notice") (attached hereto as <u>Exhibit H</u>);

10) a memorandum from Kurtzman Carson Consultants to additional notice parties of ballot recipients ("Ballot Notice Party Memo") (attached hereto as <u>Exhibit I</u>);

11) Notice of Bar Date for Filing Proofs of Administrative Expense ("Administrative Bar Date Notice") (attached hereto as <u>Exhibit J</u>); and

12) Administrative Expense Claim Form ("Administrative Expense Claim Form") (attached hereto as <u>Exhibit K</u>).

On or before June 20, 2009, I caused to be served a personalized Class A Ballot, Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice, Administrative Expense Claim Form and a pre-addressed, postage pre-paid return envelope upon the parties listed on Exhibit L via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served a personalized Class C-1 Ballot, Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice, Administrative Expense Claim Form and a pre-addressed, postage pre-paid return envelope upon the parties listed on Exhibit M via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served a personalized Class C-2 Ballot, Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice, Administrative Expense Claim Form and a pre-addressed, postage pre-paid return envelope upon the party listed on Exhibit N via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served a personalized Class D Ballot, Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice, Administrative Expense Claim Form and a pre-addressed, postage pre-paid return envelope upon the party listed on Exhibit O via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on Exhibit P via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Notice of Non-Voting Status, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on Exhibit Q via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Unimpaired Notice, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on Exhibit R via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Notice of Non-Voting Status, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on Exhibit S via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Ballot Notice Party Memo, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on Exhibit T via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on <u>Exhibit U</u> via postage pre-paid U.S. mail.

Dated: June 23, 2009

_____
Evan Gershbein

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 23rd day of June, 2009, by Evan Gershbein, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature _____

Commission Expires: _10-1-09_

L. MAREE SANDERS
Commission # 1610322
Notary Public - California
Los Angeles County
My Comm. Expires Oct 1, 2009

# EXHIBIT J

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :

In re                               :     Chapter 11
                                 :

DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)
                                 :

                 Debtors.    :     (Jointly Administered)
                                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF BAR DATE FOR FILING PROOFS OF ADMINISTRATIVE EXPENSE

        PLEASE TAKE NOTICE that on June 16, 2009, the United States Bankruptcy
Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the
"Modification Procedures Order") (Docket No. 17032), which among other things, established
**July 15, 2009** (the "Administrative Expense Bar Date") as the last date to file proof of
administrative expense (each, an "Administrative Expense Claim Form") for the purpose of
asserting administrative expense claims ("Administrative Expense Claims" or "Claims"), against
Delphi Corporation ("Delphi") and its affiliated debtors and debtors-in-possession (the "Debtors"
or "Company").  The Administrative Expense Bar Date and the procedure set out below for filing
proofs of administrative expense with respect to Claims apply to all alleged postpetition Claims
against the Debtors that arose, accrued, or that were incurred on or before **June 1, 2009**.

        PLEASE TAKE FURTHER NOTICE that the Modification Procedures Order
requires all parties to file an Administrative Expense Claim Form with Kurtzman Carson
Consultants LLC ("KCC"), the claims, noticing, and solicitation agent in these cases, **so that
such Administrative Expense Claim Form is received on or before 5:00 p.m., prevailing
Eastern time, on the Administrative Expense Bar Date**.

## WHO SHOULD FILE AN ADMINISTRATIVE EXPENSE CLAIM FORM

        You must file an Administrative Expense Claim Form if you believe that you are
entitled to an Administrative Expense Claim as described in 11 U.S.C. § 503, except as provided
below.

        You do not need to file an Administrative Expense Claim Form for (i) any claim
for postpetition goods and services delivered to the Debtors prior to June 1, 2009 that are not yet
due and payable pursuant to the applicable contract terms, (ii) employee claims arising prior to
June 1, 2009 for wages, salary, and other benefits arising in the ordinary course of business that
are not yet due and payable; (iii) any claim for which the party has already properly filed an
Administrative Expense Claim Form or a proof of claim form with the Court which has not been
expunged by order of the Court and provided that such proof of claim clearly and unequivocally
sets forth that such claim is made for an administrative expense priority; (iv) any claim for fees
and/or reimbursement of expenses by a professional employed in these chapter 11 cases accruing
through January 25, 2008, to the extent that such claim is subject to this Court's Interim

Compensation Orders;[1] or (v) any claim asserted by any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control or hold with power to vote, 50% or more of the outstanding voting securities of such subsidiary.

## TIME AND PLACE FOR FILING ADMINISTRATIVE EXPENSE CLAIMS

**A signed original of any Administrative Expense Claim Form, together with accompanying documentation, must be delivered to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, so as to be received no later than 5:00 p.m., prevailing Eastern time, on the Administrative Expense Bar Date.** Claims may be submitted in person or by courier service, hand delivery or mail addressed to KCC at the foregoing address. Any Claim submitted by facsimile, e-mail, or by other electronic means will not be accepted and will not be deemed filed until such Claim is submitted by one of the methods described in the preceding sentence. Claims will be deemed filed only when actually received by KCC. If you wish to receive acknowledgment of KCC's receipt of your Claim, you must also submit a copy of your original Claim and a self-addressed, stamped envelope.

## CONSEQUENCES OF FAILURE TO TIMELY SUBMIT ADMINISTRATIVE EXPENSE CLAIM FORM

**ANY PARTY THAT IS REQUIRED BUT FAILS TO FILE AN ADMINISTRATIVE EXPENSE CLAIM FORM IN ACCORDANCE WITH THIS NOTICE ON OR BEFORE THE ADMINISTRATIVE EXPENSE BAR DATE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND REORGANIZED DEBTORS, AS APPLICABLE, AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS, LIABILITY, OR OBLIGATION WITH RESPECT TO SUCH CLAIM.**

---

[1]    See Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated November 4, 2005 (Docket No. 869) (the "Interim Compensation Order"); Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 8, 2006 (Docket No. 2747) (the "Supplemental Compensation Order"); Second Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 28, 2006 (Docket No. 2986) (the "Second Supplemental Interim Compensation Order"); and Third Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals, dated May 5, 2006 (Docket No. 3630) (the "Third Supplemental Interim Compensation Order"); Fourth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated July 13, 2006 (Docket No. 4545) (the "Fourth Supplemental Interim Compensation Order"); Fifth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses, dated October 13, 2006 (Docket No. 5310) (the "Fifth Supplemental Interim Compensation Order"); Sixth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated December 12, 2006 (Docket No. 6145) (the "Sixth Supplemental Interim Compensation Order"); and the Seventh Supplemental Order Under 11 U.S.C. §331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated January 28, 2008 (Docket No. 12367) (together with the Interim Compensation Order, the Supplemental Compensation Order, the Second Supplemental Interim Compensation Order, the Third Supplemental Interim Compensation Order, the Fourth Supplemental Interim Compensation Order, the Fifth Supplemental Interim Compensation Order, and the Sixth Interim Compensation Order, the "Interim Compensation Orders").

        PLEASE TAKE FURTHER NOTICE that all pleadings and orders of the Bankruptcy Court are publicly available along with the docket and other case information by accessing the Delphi Legal Information Website at www.delphidocket.com and may also be obtained, upon reasonable written request, from the Creditor Voting Agent, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Corporation, et al.

| | |
|---|---|
| Delphi Legal Information Hotline: | Delphi Legal Information Website: |
| Toll Free:  (800) 718-5305 | http://www.delphidocket.com |
| International:  (248) 813-2698 | |

Dated: New York, New York
      June 16, 2009

SKADDEN, ARPS, SLATE, MEAGHER  & FLOM LLP

| | |
|---|---|
| John Wm. Butler, Jr. | Kayalyn A. Marafioti |
| Ron E. Meisler | Thomas J. Matz |
| 333 West Wacker Drive, Suite 2100 | Four Times Square |
| Chicago, Illinois 60606 | New York, New York 10036 |

Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession

# EXHIBIT K

05-44481-rdd   Doc 17267-1   Filed 06/23/09   Entered 06/23/09 23:45:00   Exhibit A
to T   Pg 40 of 201

United States Bankruptcy Court
Southern District of New York

Delphi Corporation et al. Claims Processing
c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue
El Segundo, California 90245

**Expense Claim Form**

| Debtor against which claim is asserted : | Case Name and Number |
|---|---|
| Delphi Corporation, *et al.* 05-44481 | In re Delphi Corporation., *et al.* 05-44481 |
| | Chapter 11, Jointly Administered |

**NOTE:** This form should not be used to make a claim in connection with a request for payment for goods or services provided to the Debtors prior to the commencement of the case. This Administrative Expense Claim Form is to be used solely in connection with a request for payment of an administrative expense arising after commencement of the case but prior to June 1, 2009, pursuant to 11 U.S.C. § 503.

Name of Creditor
*(The person or other entity to whom the debtor owes money or property)*

Name and Address Where Notices Should be Sent

Telephone No.

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**THIS SPACE IS FOR COURT USE ONLY**

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:

Check here if this claim ☐ replaces
☐ amends a previously filed claim, dated: _____

1. BASIS FOR CLAIM
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other (Describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
Your social security number _____
Unpaid compensation for services performed
from _____ to _____
(date)           (date)

| 2. DATE DEBT WAS INCURRED | 3. IF COURT JUDGMENT, DATE OBTAINED: |
|---|---|

4. TOTAL AMOUNT OF ADMINISTRATIVE CLAIM: $_____
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

5. Brief Description of Claim (attach any additional information):

6. **CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

7. **SUPPORTING DOCUMENTS:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Any attachment must be 8-1/2" by 11".

8. **DATE-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

**THIS SPACE IS FOR COURT USE ONLY**

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|

05-44481-rdd    Doc 17267    Filed 06/26/09    Entered 06/26/09 20:48:00    Exhibit A
to T    Pg 41 of 301

## INSTRUCTIONS FOR FILING AN ADMINISTRATIVE EXPENSE CLAIM FORM

*The instructions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to the general rules.*

| "DEFINITIONS" |
|---|

| **DEBTORS** The person, corporation, or other entity that has filed a bankruptcy case is called the debtor. **CREDITOR** A creditor is any person, corporation, or other entity to whom the debtor owes a debt. | **ADMINISTRATIVE EXPENSE CLAIM** Any right to payment constituting a cost or expense of administration of any of the Chapter 11 Cases arising under 11 U.S.C. § 503(b) of the Bankruptcy Code for the period from the commencement of these cases through June 1, 2009, provided however, that you do **not** need to file an Administrative Expense Claim Form for (i) any claim for postpetition goods and services delivered to the Debtors prior to June 1, 2009 that are not yet due and payable pursuant to the applicable contract terms, (ii) employee claims arising prior to June 1, 2009 for wages, salary, and other benefits arising in the ordinary course of business that are not yet due and payable; (iii) any claim for which the party has already properly filed an Administrative Expense Claim Form (as defined in the Modification Procedures Order) (Docket No. 17032) or a proof of claim form with the Court which has not been expunged by order of the Court and provided that such proof of claim clearly and unequivocally sets forth that such claim is made for an administrative expense priority; (iv) any claim for fees and/or reimbursement of expenses by a professional employed in these chapter 11 cases accruing through January 25, 2008, and which are subject to this Court's Interim Compensation Orders (as defined in Modification Procedures Order); or (v) any claim asserted by any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control or hold with power to vote, 50% or more of the outstanding voting securities of such subsidiary. | **ADMINISTRATIVE BAR DATE** Pursuant to section 10.2 of the Modified Plan and paragraphs 38-39 of the Modification Procedures Order, all requests for payment of an Administrative Claim that has arisen between October 8, 2005 and June 1, 2009 must be filed no later than **July 15, 2009.** |

### Items to be completed in Administrative Expense Claim Form (if not already filled in):

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the Debtors owe money or property, and the Debtors' account number(s), if any. If anyone else has already filed an Administrative Expense Claim Form relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this Administrative Expense Claim Form replaces or changes an Administrative Expense Claim Form that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**
Check the type of debt for which the Administrative Expense Claim Form is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the Debtors, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the Debtors first owed the debt.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Administrative Claim:**
Fill in the total amount of the entire Claim. If interest or other charges in addition to the principal amount of the Claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Brief Description of Claim:**
Describe the Administrative Expense Claim including, but not limited to, the actual and necessary costs and expenses of operating one or more of the Debtors' Estates or any actual and necessary costs and expenses of operating one or more of the Debtors' businesses.

**6. Credits and Setoffs:**
By signing this Administrative Expense Claim Form, you are stating under oath that in calculating the amount of your Claim you have given the Debtors credit for all payments received from the Debtors.

**7. Supporting Documents:**
You must attach to this Administrative Expense Claim Form copies of documents that show the Debtors owe the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available you must attach an explanation of why they are not available.

**8. Date-Stamped Copy:**
To receive an acknowledgment of the filing of your Claim, enclose a stamped, self-addressed envelope and copy of this Administrative Expense Claim Form.

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 357

# EXHIBIT U

05-44481-rdd   Doc 17267-3   Filed 06/23/09   Entered 06/23/09 23:45:00   Exhibit U (Part 2)   Pg 453 of 1000

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| DUTTON LARRY | | 1626 DIFFORD RD | | | | NILES | OH | 44446 | |
| DUTTON M | | 821 COUNTY RD 946 | | | | FOLEY | AL | 36535-8175 | |
| DUTTON MARC IRRIGATION INC | | 4776 HATCHERY RD | | | | WATERFORD | MI | 48329 | |
| DUTTON W | | PO BOX 29276 | | | | SHREVEPORT | LA | 71149-9276 | |
| DUTTON WILLIAM | | 850 WILKERSON TRACE | BUILDING 15 APT 157 | | | BOWLING GREEN | KY | 42103 | |
| DUTTON WILLIAM | | 850 WILKERSON TRACE | BUILDING 15 APT 157 | | | BOWLING GREEN | KY | 42103 | |
| DUTY JOHN | | 2110 STEVENSON ST | | | | FLINT | MI | 48504-4031 | |
| DUVALL EDWARD C | | 4412 E MULBERRY 41 | | | | FT COLLINS | CO | 80524 | |
| DUVALL EMMA | | 10901 W 88TH TERR STE 705 | | | | OVERLAND PK | KS | 66214 | |
| DUVALL EMMA | | 10901 W 88 TERR 705 | | | | OVERLAND PK | KS | 66214 | |
| DUVALL ERIC | | 16922 DUNDALK LN | | | | NORTHVILLE | MI | 48167 | |
| DUVALL ERIC | | 16922 DUNDALK LN | | | | NORTHVILLE | MI | 48167 | |
| DUVALL JOAN | | 4430 DURHAM CT | | | | RAVENNA | OH | 44266 | |
| DUVALL JOAN | | 550 LAMBERLEAF TRAIL | | | | WESTFIELD | IN | 46074 | |
| DUVALL LEE MICHAEL | | 550 AMBERLEAF TRAIL | | | | WESTFIELD | IN | 46074 | |
| DUVALL ERIC | | 16922 DURHAM CT | | | | NORTHVILLE | MI | 48168 | |
| DUVALL ERIC | | 4430 DURHAM CT | | | | RAVENNA | OH | 44266 | |
| DUVALL JOAN M | | 980 WILSON | | | | SAGINAW | MI | 48603 | |
| DUVENCK PAUL | | 960 WILSON | | | | SAGINAW | MI | 48638 | |
| DUVENDACK PAUL T | | | | | | | | | |
| DUWAYNE E KELLER AND ASSOC INC | | 13655 S W KINGS HWY STE A | | | | LAKE SUZY | FL | 34266 | |
| DUWE RONALD P | | 3027 E WANDA AVE | | | | CUDAHY | WI | 53110-2538 | |
| DUWEL KANDY | | 8530 WILDCAT RD | | | | TIPP CITY | OH | 45371 | |
| DUXBURY CURTIS | | 2359 HARDING AVE | | | | WILSON | NY | 14172-9772 | |
| DV POWER LIMITED | | FLAT C9 F HIP UK INDBLDG | 33 TSFUK LUK ST | | | WILSON | | | HONG KONG |
| DV POWER LIMITED | ANDY LAM | 7 F NEW TREND CENTRE | 704 PRINCE EDWARD RD EAST | | | SAN PO KONG | | KOWLOON | HONG KONG |
| DV COPY CONTROL ASSOCIATION | | INC | C/O LICENSE MANAGEMENT INTL LLL | 225 B COCHRANE CIRCLE | | MORGAN HILL | CA | 95037 | |
| DWAYNE E KELLER AND ASSOC INC | | 2285 COCHRANE CIR | | | | CUDAHY | CA | 95037 | |
| DVD COPY CONTROL ASSOCIATION I | | C/O LICENSE MANAGEMENT INTL LL | 225 B COCHRANE CIRCLE | | | MORGAN HILL | CA | 95037 | |
| DVD COPY CONTROL ASSOCIATION INC | | C/O LICENSE MANAGEMENT INTL LL | 225 B COCHRANE CIRCLE | | | MORGAN HILL | CA | 95037 | |
| DVD FORMAT LOGO LAISENCING KK | | 2 3 11 SHIBADAIMON | SHIBADAIMON MINATO KU 105 0012 | | | MINATO KU | | 1050012 | JAPAN |
| DVD FORMAT LOGO LICENENG CORP | | SHIBS SHIMIZU BLDG 3F 2 3 11 | 2 3 11 SHIBADAIMON MINATO KU | TOKYO 105 0012 | | TOKYO | | | JAPAN |
| DVD FORMAT LOGO LICENSING CORP | | SHIBA SHIMITU BLDG 5F | SHIBADAIMON MINATO KU 105 0012 | | | TOKYO | | | JAPAN |
| DVD FORMAT/LOGO LICENENG CORP | | SHIBS SHIMIZU BLDG 3F 2 3 11 | SHIBADAIMON MINATO KU 105 0012 | | | TOKYO | | | |
| DVD FORMAT/LOGO LICENENG CORP | | SHIBS SHIMIZU BLDG 3F 2 3 11 | | | | TOKYO | | | |
| DVG PIERBURG GMBH | ACCOUNTS PAYABLE | ALFRED PIERBURG STR1 | | | | NEUSS | | | GERMANY |
| DVK INTEGRATED SERVICES EFT | | 1710 ZANKER RD STE 200 | | | | SAN JOSE | CA | 95112 | |
| DVK INTEGRATED SERVICES INC | | 1710 ZANKER RD STE 200 | | | | SAN JOSE | CA | 95112 | |
| DVORAK DOUGLAS C | | 1788 LANCASTER | | | | YOUNGSTOWN | OH | 44511 | |
| DVORSCAK MICHAEL | | 1388 WOODKOLL DR | | | | FLINT | MI | 48507 | |
| DVORSCAK MICHAEL J | | 1388 WOODKOLL DR | | | | FLINT | MI | 48507 | |
| DVY SALES INC | | 1955 BRINSTON | | | | TROY | MI | 48083 | |
| DWAN PETER | | 142 LITTLE KILLARNEY BEACH DR | | | | BAY CITY | MI | 48706 | |
| DWAYNE PLAUNT | | 1624 MEIJER DR | | | | TROY | MI | 48084 | |
| DWAYNE TYSON | TYSON CONSTRUCTION & REPAIR LLC | DWAYNE TYSON | 14900 KEITH LN | | | FOLEY | AL | 36535 | |
| DWAYNE WILLIS | | 106 E MAIN ST | | | | INMAN | SC | 29349 | |
| DWIGANS LAURIE | | PO BOX 158 | | | | KEMPTON | IN | 46049 | |
| DWIGANS LAURIE | | PO BOX 158 | | | | KEMPTON | IN | 46049 | |
| DWIGGINS SHERYL B | | 1962 TROTWOOD COURT | | | | ELWOOD | IN | 46036 | |
| DWIGGINS SHERYL B | | 1962 TROTWOOD CT | | | | ELWOOD | IN | 46036 | |
| DWIGHT DAVIS | | 1275 CUNNINGHAM RD 105 | | | | MARIETTA | GA | 30008 | |
| DWIGHT III WILLIAM | | 329 HALF MOON RD | | | | ABBEVILLE | GA | 31001 | |
| DWIGHT III WILLIAM | | 329 HALF MOON RD | | | | ABBEVILLE | GA | 31001 | |
| DWIGHT JR WILLIAM | | 206 EASY ST | | | | ABBEVILLE | GA | 31001-4130 | |
| DWIGHT LAWSON LATONIA | | 942 HAMPSHIRE HEATH DR | | | | O FALLON | MO | 63368-8366 | |
| DWIGHT W PRODUCT COMPANY INC | | PO BOX 6607 | | | | MOBILE | AL | 36660 | |
| DWIGUN JEROME | | 1440 JAMISON RD | | | | ELMA | NY | 14059-9572 | |
| DWIGUN JEROME | | 38 PARTRIDGE WALK | | | | LANCASTER | NY | 14086 | |
| DWIGUN JEROME | | 38 PARTRIDGE WALK | | | | LANCASTER | NY | 14086 | |
| DWIRE RAYMOND D | | 5093 DIAMOND MILL RD | | | | GERMANTOWN | OH | 45327-9513 | |
| DWJ TELEVISION INC | | 1 ROBINSON LN | | | | RIDGEWOOD | NJ | 07450 | |

# EXHIBIT E

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                       :

          In re                        :       Chapter 11

                                         :
DELPHI CORPORATION, <u>et al.</u>,      :       Case No. 05-44481 (RDD)

                                         :
                     Debtors.      :       (Jointly Administered)

                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER APPROVING MODIFICATIONS UNDER 11 U.S.C. § 1127(b) TO (I) FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION, AS MODIFIED AND <u>(II) CONFIRMATION ORDER (DOCKET NO. 12359)</u>

### ("PLAN MODIFICATION ORDER")

Upon the Court's Findings of Fact, Conclusions of Law, And Order Under

11 U.S.C. §§ 1129(a) And (b) And Fed. R. Bankr. P. 3020 Confirming the First Amended

Joint Plan Of Reorganization Of Delphi Corporation ("Delphi") And Certain Affiliates,

Debtors And Debtors-In-Possession (each, a "Debtor"), As Modified (the "Confirmed

Plan"), dated January 25, 2008 (Docket No. 12359) (the "Confirmation Order"); and

Upon the Debtors' Motion for Order (I) Approving Modifications to

Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures

and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to

Confirmed First Amended Plan of Reorganization (Docket No. 14310), dated October 3,

2008, (the "Plan Modification Approval Motion"); and

Upon the Debtors' (A) Supplement to Motion for Order (I) Approving

Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and


0544481090730000000000007

22.    <u>Injunction</u>. Except as otherwise specifically provided in the

Modified Plan, the MDA Documents, or this order and except as may be necessary to

enforce or remedy a breach of the Modified Plan, the Debtors and all Persons shall be

precluded and permanently enjoined on and after the Effective Date from (a)

commencing or continuing in any manner any Claim, action, employment of process, or

other proceeding of any kind with respect to any Claim, Interest, Cause of Action, or any

other right or Claim against the Reorganized Debtors, which they possessed or may

possess prior to the Effective Date, (b) the enforcement, attachment, collection, offset,

recoupment, or recovery by any manner or means of any judgment, award, decree, order,

or otherwise with respect to any Claim, Interest, Cause of Action, or any other right or

Claim against the Reorganized Debtors, which they possessed or may possess prior to the

Effective Date, (c) creating, perfecting, or enforcing any encumbrance of any kind with

respect to any Claim, Interest, Cause of Action, or any other right or Claim against the

Reorganized Debtors, which they possessed or may possess prior to the Effective Date,

and (d) asserting any Claims, Interests, or Causes of Action that are satisfied, discharged,

released, or subject to exculpation hereby or by the Modified Plan.

23.    <u>Automatic Stay</u>. The stay in effect in the Chapter 11 Cases

pursuant to section 362(a) of the Bankruptcy Code shall continue to be in effect until the

Effective Date, and at that time shall be dissolved and of no further force or effect,

subject to the injunction set forth in the preceding paragraph and/or sections 524 and

1141 of the Bankruptcy Code and Article 11.14 of the Modified Plan; <u>provided</u>, <u>however</u>,

that nothing herein shall bar the filing of financing documents (including Uniform

Commercial Code financing statements, security agreements, leases, mortgages, trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - -x
                                     :

|  |  |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - -x

## FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
Toll Free: (800) 718-5305
International: (248) 813-2698
John Wm. Butler, Jr.
Ron E. Meisler
Nathan L. Stuart
Allison K. Verderber Herriott

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Debtors and Debtors-in-Possession

Of Counsel
DELPHI CORPORATION
5725 Delphi Drive
Troy, Michigan 48098
(248) 813-2000
David M. Sherbin
Sean P. Corcoran
Karen J. Craft

Dated:        December 10, 2007

As Modified:  January 25, 2008
             June 16, 2009
             July 30, 2009
             New York, New York

**10.5    Other Administrative Claims.**  All other requests for payment of an Administrative Claim (other than claims under the DIP Facility or as set forth in Article 10.1, Article 10.2, Article 10.3, or Article 10.4 of this Plan) must be filed, in substantially the form of the Administrative Claim Request Form attached hereto as Exhibit 10.5, with the Claims Agent and served on counsel for the Debtors and the Creditors' Committee no later than 30 days after the Effective Date.  Any request for payment of an Administrative Claim pursuant to this Article 10.5 that is not timely filed and served shall be disallowed automatically without the need for any objection from the Debtors or the Reorganized Debtors.  The Debtors or the Reorganized Debtors may settle an Administrative Claim without further Bankruptcy Court approval.  Unless the Debtors or the Reorganized Debtors object to an Administrative Claim within 180 days after the Administrative Claims Bar Date (unless such objection period is extended by the Bankruptcy Court), such Administrative Claim shall be deemed allowed in the amount requested.  In the event that the Debtors or the Reorganized Debtors object to an Administrative Claim, the Bankruptcy Court shall determine the allowed amount of such Administrative Claim.


## ARTICLE XI

## EFFECT OF THE PLAN ON CLAIMS AND INTERESTS

**11.1    Revesting Of Assets.**  Except as otherwise explicitly provided in this Plan, on the Effective Date, all property comprising the Estates (including Retained Actions and Retained Assets, but excluding property that has been abandoned pursuant to an order of the Bankruptcy Court or are the subject of any of the Disposition Transactions) shall revest in each of the Reorganized Debtors which, as Debtors, owned such property or interest in property as of the Effective Date, free and clear of all Claims, liens, charges, encumbrances, rights, and Interests of creditors and equity security holders.  As of and following the Effective Date, the Reorganized Debtors may operate their businesses and use, acquire, and dispose of property and settle and compromise Claims or Interests without supervision of the Bankruptcy Court, free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by this Plan, the Confirmation Order, and the Modification Approval Order.

**11.2    Discharge Of The Debtors.**  Pursuant to section 1141(d) of the Bankruptcy Code, except as otherwise specifically provided in this Plan ^ , Confirmation Order, or Modification Approval Order, the distributions and rights that are provided in this Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims and Causes of Action, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to this Plan on account of such Claims, rights, and Interests, including, but not limited to, Claims and Interests that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims relate to services performed by employees of the Debtors prior to the Petition Date and that arise from a termination of employment or a termination of any employee or retiree benefit program, regardless of whether such termination occurred prior to or after the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not (a) a proof of claim or interest based upon such Claim, debt, right, or Interest is filed or deemed filed under section 501 of the Bankruptcy Code, (b) a Claim or Interest based upon such Claim, debt, right, or Interest is allowed under section 502 of the Bankruptcy Code, or (c) the

holder of such a Claim, right, or Interest accepted this Plan. The Confirmation Order shall be a judicial determination of the discharge of all Claims against and Interests in the Debtors, subject to the occurrence of the Effective Date.

**11.3    Compromises And Settlements.** In accordance with <u>Article 9.6</u> of this Plan, pursuant to Bankruptcy Rule 9019(a), the Debtors may compromise and settle various (a) Claims against, or Interests in, the Debtors and (b) Causes of Action that the Debtors have against other Persons up to and including the Effective Date. After the Effective Date, any such right shall pass to the Reorganized Debtors as contemplated in <u>Article 11.1</u> of this Plan, without the need for further approval of the Bankruptcy Court.

**11.4    Release By Debtors Of Certain Parties.  Pursuant to section 1123(b)(3) of the Bankruptcy Code, but subject to <u>Article 11.13</u> of this Plan, effective as of the Effective Date (and with respect to the DIP Lenders, the DIP Agent, and the members of the DIP Steering Committee, upon the consummation of the DIP ^ <u>Transfer</u>, which shall be deemed to occur on the Effective Date), each Debtor, in its individual capacity and as a debtor-in-possession for and on behalf of its Estate, shall release and discharge and be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged all Released Parties for and from any and all claims or Causes of Action existing as of the Effective Date in any manner arising from, based on, or relating to, in whole or in part, the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, or any act, omission, occurrence, or event in any manner related to any such Claims, Interests, restructuring, or the Chapter 11 Cases. The Reorganized Debtors, including Reorganized DPH Holdings, and any newly-formed entities that will be continuing the Debtors' businesses after the Effective Date shall be bound, to the same extent the Debtors are bound, by the releases and discharges set forth above. Notwithstanding the foregoing, nothing in this Plan shall be deemed to release (i) any of the Debtors or GM from their obligations under the Delphi-GM Definitive Documents or the transactions contemplated thereby, except to the extent set forth in the Master Disposition Agreement, (ii) any of the Debtors, the Unions, or GM from their obligations under the Union Settlement Agreements or the transactions contemplated thereby, (iii) any of the Buyers from their obligations under the Master Disposition Agreement, or (iii) any of the Debtors or the Plan Investors or their affiliates from their obligations under the Investment Agreement or the transactions contemplated thereby.**

**11.5    Release By Holders Of Claims And Interests .** On the Effective Date, (a) each Person who votes to accept this Plan and (b) to the fullest extent permissible under applicable law, as such law may be extended or interpreted subsequent to the Effective Date, each entity (other than a Debtor) which has held, holds, or may hold a Claim against or Interest in the Debtors, in consideration for the obligations of the Debtors and the Reorganized Debtors under this Plan and Cash, General Unsecured MDA Distribution, and other contracts, instruments, releases, agreements, or documents to be delivered in connection with this Plan (each, a "Release Obligor"), shall have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged all Released Parties for and from any claim or Cause of Action existing as of the Effective Date in any manner arising from, based on, or relating to, in whole or in part, the Debtors, the subject matter of,

otherwise affected in any way by the Chapter 11 Cases); (b) the Debtors or the Reorganized Debtors, as the case may be, shall maintain directors' and officers' insurance providing coverage for those Indemnitees currently covered by such policies for the remaining term of such policy and shall maintain tail coverage under policies in existence as of the Effective Date for a period of six years after the Effective Date, to the fullest extent permitted by such provisions, in each case insuring such parties in respect of any claims, demands, suits, Causes of Action, or proceedings against such Persons based upon any act or omission related to such Person's service with, for, or on behalf of the Debtors in at least the scope and amount as currently maintained by the Debtors (the "Insurance Coverage") and hereby further indemnify such Indemnitees without Continuing Indemnification Rights solely to pay for any deductible or retention amount that may be payable in connection with any claim covered under either the foregoing Insurance Coverage or any prior similar policy in an aggregate amount not to exceed $10 million; (c) the insurers who issue the Insurance Coverage shall be authorized to pay any professional fees and expenses incurred in connection with any action relating to any Indemnification Rights and Continuing Indemnification Rights; and (d) the Debtors or the Reorganized Debtors, as the case may be, shall indemnify Indemnitees with Continuing Indemnification Rights and agree to pay for any deductible or retention amount that may be payable in connection with any claim covered under either the foregoing Insurance Coverage or any prior similar policy.  Notwithstanding subclause (a) above, pursuant to the Stipulation and Agreement of Insurance Settlement (the "Insurance Stipulation") the Delphi Officers' and Directors' (as defined in the Insurance Stipulation) indemnification claims related to the MDL Actions and related government investigations and proceedings have been estimated at $0 for all purposes in these cases, and the Delphi Officers and Directors have released all such indemnification claims against Delphi, subject to the Delphi Officers' and Directors' right to assert an indemnification claim against Delphi for legal fees and expenses incurred in the defense of unsuccessful claims asserted as a defense or set-off by Delphi against the Delphi Officers and Directors related to the MDL Actions or related government investigations and proceedings, all as more particularly set forth in the Insurance Stipulation.

   **11.13  Exclusions And Limitations On Exculpation, Indemnification, And Releases.**  Notwithstanding anything in this Plan to the contrary, no provision of this Plan, the Confirmation Order, or the Modification Approval Order, including, without limitation, any exculpation, indemnification, or release provision, shall modify, release, or otherwise limit the liability of any Person not specifically released hereunder, including, without limitation, any Person who is a co-obligor or joint tortfeasor of a Released Party or who is otherwise liable under theories of vicarious or other derivative liability.

   **11.14  Injunction. Subject to <u>Article 11.13</u> of this Plan, ^ the satisfaction, release, and discharge pursuant to this <u>Article XI</u> shall act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect, offset, or recover any Claim, Interest, or Cause of Action satisfied, released, or discharged under this Plan to the fullest extent authorized or provided by the Bankruptcy Code, including, without limitation, to the extent provided for or authorized by sections 524 and 1141 thereof.**

## ARTICLE XII

## CONDITIONS PRECEDENT

# EXHIBIT F

# DELPHI

August 29, 2013

<u>Via E-Mail and U.S. Mail</u>

Duane D. Schoonmaker, Esq.
Greco Trapp, PLLC
1700 Rand Building
14 Lafayette Square
Buffalo, NY 14203

RE:   Curtis Duxbury, et al. vs. First Amherst Development Group, LLC, et al.
Niagara County Supreme Court No. 145259

Dear Mr. Schoonmaker:

I write on behalf of DPH-DAS LLC regarding the above-referenced matter. The purpose of this letter is to request that Plaintiffs voluntarily dismiss their claims against DPH-DAS LLC, with prejudice, in light of the claim discharge and injunction provisions resulting from DPH-DAS LLC's emergence from Chapter 11 bankruptcy in October 2009. For the reasons described in more detail below, continuing to pursue a claim against DPH-DAS LLC is futile, and DPH-DAS LLC will seek to recover its costs and attorney fees if it must seek bankruptcy court involvement to enforce the plan discharge and injunction.

On October 8 and 14, 2005, the entity then known as Delphi Corporation ("Delphi") and certain of its domestic affiliates (including Delphi Automotive Systems LLC) (collectively referred to herein as the "Debtors"), filed petitions for reorganization relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The cases are known as <u>In re Delphi Corporation</u>, et al., Case No. 05-44481 (RDD) (Bankr. S.D.N.Y.) (n/k/a <u>In re DPH Holdings Corp.</u>, <u>et al.</u>) (the "Bankruptcy Cases")

On December 10, 2007, the Debtors filed their first amended joint plan of reorganization (Docket No. 11386[1]) (the "Plan") and related disclosure statement (the "Disclosure Statement") (Docket No. 11388) and on January 25, 2008, the Bankruptcy Court entered an order (Docket No. 12359) (the "Confirmation Order") confirming the Plan, as modified (the "Confirmed Plan"). The Confirmation Order became final on February 4, 2008.

On June 16, 2009, the Debtors filed the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (Docket No. 17030) (the "Modified Plan"). The Modified Plan made certain modifications to the terms of the Confirmed Plan. To comply with the requirements of 11 U.S.C. §§ 1125 and 1127, on the same date, the Debtors filed a supplement to the Disclosure Statement (the "Supplement"). In connection with the Debtors' Modified Plan and the Supplement, the Debtors sought an order from the Bankruptcy Court, among other things, approving the Supplement as containing adequate information, as defined under 11 U.S.C. § 1125, authorizing the solicitation of votes on the Modified Plan, and establishing a bar date for the submission of claims asserting administrative expense priority under 11 U.S.C. § 503(b).

---

[1]      All references herein to the Bankruptcy Court Docket can be found at www.dphholdingsdocket.com.

Duane Schoonmaker, Esq.
August 29, 2013
Page 2 of 4

In connection therewith, and after notice and a hearing, on June 16, 2009, the Bankruptcy Court entered an Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order").  Pursuant to paragraphs 38 and 41 of the Modification Procedures Order:

> any party that wishes to assert an administrative claim under 11 U.S.C. § 503(b) for the period from the **commencement of these cases through June 1, 2009** shall file a proof of administrative expense (each, an "Administrative Expense Claim Form") for the purpose of asserting an administrative expense request, including any substantial contribution claims (each, an "Administrative Expense Claim" or "Claim") against any of the Debtors. July 15, 2009 at 5:00 p.m. prevailing Eastern time shall be the deadline for submitting all Administrative Expense Claims (the "[Initial] Administrative Expense Bar Date") for the period from the commencement of these cases through June 1, 2009.

Modification Procedures Order ¶ 38.

> any party that is required but fails to file a timely Administrative Expense Claim Form shall be forever barred, estopped and enjoined from asserting such claim against the Debtors, and the Debtors and their property shall be forever discharged from any and all indebtedness, liability, or obligation with respect to such claim.

Modification Procedures Order ¶ 41.

As noted on the affidavit of service executed by Evan Gershbein and filed in the chapter 11 cases (Docket No. 17267), due and proper notice of the Initial Administrative Expense Bar Date was provided to Plaintiff on or prior to June 20, 2009.  (Please note that this particular docket entry is over 5,000 pages long – to assist your review I have enclosed pertinent portions showing Mr. Duxbury's listing among potential creditors who received the notice.  In addition to providing direct service through the mailing of applicable documents, as provided in paragraph 42 of the Modification Procedures Order, notice of the Initial Administrative Expense Bar Date was also published in the Detroit Free Press, the New York Times (national edition), the Wall Street Journal (national, European, and Asian editions), and USA Today (worldwide) as required by paragraph 43 of the Modification Procedures Order (see applicable affidavits of publication at Docket Nos. 17407-17411).  Pursuant to paragraph 44 of the Modification Procedures Order, satisfaction of direct notice and publication notice constitutes adequate and sufficient notice of the Initial Administrative Expense Bar Date and is deemed to satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of the Bankruptcy Court.

On July 30, 2009, the Bankruptcy Court entered its Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Modification Approval Order"), which confirmed the

Duane Schoonmaker, Esq.
August 29, 2013
Page 3 of 4

Debtors' Modified Plan.  On October 6, 2009, the "Effective Date" of the Modified Plan occurred and the Modified Plan was substantially consummated.  On that date, the Debtors emerged from chapter 11 as reorganized entities (the "Reorganized Debtors").  Also on that date, the entity then known as Delphi Automotive Systems LLC changed its name to "DPH-DAS LLC"

Upon the Effective Date of the Modified Plan, an injunction was imposed.  Specifically, the Modified Plan and the Modification Approval Order contain a permanent injunction against, among other things, the commencement or continuation of any action to recover on any claim against the Debtors that arose *on or prior to October 6, 2009*.  Article 11.14 of the Modified Plan provides:

> the satisfaction, release, and discharge pursuant to [Article XI of the Modified Plan] **shall act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect, offset, or recover any Claim, Interest, or Cause of Action satisfied, released, or discharged under [the Modified] Plan to the fullest extent authorized or provided by the Bankruptcy Code** . . .

Modified Plan Art. 11.14 (emphasis added).  Similarly, paragraph 22 of the Modification Approval Order provides that:

> the Debtors and all Persons shall be precluded and permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any Claim, action, employment of process, or other proceeding of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (b) the enforcement, attachment, collection, offset, recoupment, or recovery by any manner or means of any judgment, award, decree, order, or otherwise with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (c) creating, perfecting, or enforcing any encumbrance of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, and (d) asserting any Claims, Interests, or Causes of Action that are satisfied, discharged, released, or subject to exculpation hereby or by the Modified Plan.

Modification Approval Order ¶22.  Accordingly, the permanent injunction in the Modified Plan and Modification Approval Order prohibits the commencement or continuation of any action to recover any claim against the Debtors that arose on or prior to October 6, 2009.

Pursuant to the Modification Approval Order, Plaintiff was required to file an Administrative Expense Claim for any claims that arose between October 8, 2005 and October 6, 2009.  In his Complaint, Plaintiff alleges that he was injured on November 12, 2008, and that his injury was caused, in whole or in part, by the negligence of DPH-DAS LLC. Plaintiff alleges no claims in this lawsuit that could extend beyond November 2008.

Duane Schoonmaker, Esq.
August 29, 2013
Page 4 of 4

Based on the foregoing timeline, it is clear that Plaintiff's claim falls squarely within the time period covered by the Administrative Expense Bar Date, as set forth in paragraphs 38 and 41 of the Modification Procedures Order.  Plaintiff, however, failed to file an Administrative Expense Claim as required by the Modification Procedures Order.  Hence, **Plaintiff is barred from asserting any claims that arose on or before October 6, 2009** against any of the Debtors, including without limitation, DPH-DAS LLC.

In light of the above, I request that Plaintiff voluntarily dismiss the Complaint against DPH-DAS LLC, with prejudice.  If he does not, DPH-DAS LLC will petition the Bankruptcy Court for the Southern District of New York to issue an order enjoining Plaintiff from further prosecution of his claim.

I request that you let me know whether you will dismiss the Complaint **no later than Friday, September 6, 2013**.  If you have any questions about the foregoing, please do not hesitate to contact me.

Very truly yours,

Jeffery M. Peterson
Attorney
On Behalf of DPH-DAS LLC

Enclosure

c:      Meghan M. Brown, Esq.

# EXHIBIT G

Josephine A. Greco

Chris G. Trapp

Duane D. Schoonmaker



Richard C. Slisz,
of Counsel

Allan H. Kaminsky,
of Counsel

Service by electronic means not accepted

September 9, 2013

**LITIGATION**

SEP 1 6 2013

DELPHI LEGAL STAFF

*Via Electronic Mail & U.S. Regular Mail*

Jeffery M. Peterson, Esq.
Delphi Legal Staff
5725 Delphi Drive
Troy, Michigan 48098

Re:    Duxbury v. First Amherst Development Group, LLC et al.
       Index No.: 145259
       Our File: 8010

Dear Mr. Peterson:

I am in receipt of your letter dated September 6, 2013. I also did receive your August 29, 2013 e-mail, although I was on vacation when you sent it. Finally, I left you a telephone message on September 6, 2013, to discuss the e-mail.

As you may be aware, insurance counsel for Delphi has moved for summary judgment dismissing Plaintiff's complaint against Delphi, albeit on grounds other than the pending bankruptcy. That motion is currently returnable on October 9, 2013. In light of the pending motion, my intent is to address your concerns after October 9, 2013, should Delphi's motion for summary judgment be denied.

In the meantime, should you have any questions or with to discuss this matter further, please feel free to contact me.

Very truly yours,

GRECO TRAPP, PLLC

Duane D. Schoonmaker

DDS/dda
cc:    Meghan M. Brown, Esq.

1700 Rand Building · 14 Lafayette Square · Buffalo, NY 14203 · Tel: 716.856.5800 · Fax: 716.856.5801