UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11
                                                             :
DPH HOLDINGS CORP., et al.,                                  :    Case No. 05-44481 (RDD)
                                                             :
      Reorganized Debtors.                                  :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x

## CLAWBACK STIPULATION BETWEEN REORGANIZED DEBTORS, THE UNITED STATES, THE STATE OF MICHIGAN, AND THE STATE OF OHIO

Pursuant to Fed. R. Civ. P. 29, made applicable to this matter by Rules 7029 and 9014(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules), DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors" or "DPH"), the United States of America on behalf of the U.S. Environmental Protection Agency, the State of Michigan on behalf of the Michigan Department of Environmental Quality, and the State of Ohio on behalf of the Ohio Environmental Protection Agency[1] ("the parties") hereby stipulate and agree as follows:

1.      Because the parties to this case or third parties may be required to produce documents, answer interrogatories, and provide testimony and other information that may contain information covered by the attorney-client privilege or work product protection, and in order to permit discovery to proceed without delay and avoid possible disputes regarding the privileged or protected nature of such information, the parties stipulate to, due to the large volume of electronic and hard copy data in the possession, custody, or control of the parties and

---

[1] By the inclusion of the State of Ohio as a party to this stipulation, the Reorganized Debtors do not waive any arguments already presented to the Court or any arguments they may make in the future regarding the validity of the State of Ohio's participation in this proceeding.

the numerous concerns regarding attorney-client privilege and work product protection, this "Clawback" Stipulation to expedite and facilitate the production of electronic and hard copy data, information and documents, and to protect against inadvertent disclosure of attorney-client privileged communications or work product materials.

2. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including but not limited to information or documents, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Unless affirmatively waived in writing by the producing party, the parties agree that the production of any material subject to the attorney-client, work product, or other applicable legal protection or immunity shall be deemed inadvertent without any further showing by the producing party regarding the steps taken to protect such information from production.

3. Any party receiving any such information or document shall return it upon written request from the producing party. Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Upon receipt of a written request to return inadvertently produced information, the receiving party shall refrain from viewing such documents or data or using such documents or data in any way until either the producing party determines it will not assert a claim of privilege or other protection or any dispute regarding the assertion of privilege or other protection is resolved by the parties or the Court. If a receiving

2

party identifies in a production that it receives, any privileged documents or data, or any documents or data subject to work product protection, it shall notify the producing party in writing within seven (7) business days after the receiving party has identified such documents or data and follow the protocols set forth in this paragraph.

4. This Clawback Stipulation shall be governed by Federal Rule of Evidence 502(d), made applicable to this matter by Bankruptcy Rule 9017, and is entered pursuant to Federal Rule of Civil Procedure 29, made applicable to this matter by Bankruptcy Rules 7029 and 9014(c).

Dated: Washington, D.C.
September 25, 2013

                DPH Holdings Corp., et al.,
                By their Attorneys
                JONES DAY
                By:

                /s/ Kevin P. Holewinski
                KEVIN P. HOLEWINSKI, *pro hac vice*
                DANIELLA EINIK, *pro hac vice*
                51 Louisiana Ave, NW
                Washington, D.C. 20001
                (202) 879-3939

Dated: New York, New York
September 25, 2013

                PREET BHARARA
                United States Attorney for the
                Southern District of New York
                By:

                /s/ Cristine I. Phillips
                CRISTINE IRVIN PHILLIPS
                Assistant United States Attorney
                86 Chambers Street, Third Floor
                New York, New York 10007
                (212) 637-2696

Dated: Lansing, Michigan
September 25, 2013

        BILL SCHUETTE
        Attorney General
        By:

        /s/ Celeste R. Gill
        CELESTE R. GILL (Admitted Pro Hac Vice)
        Assistant Attorney General
        Environment, Natural Resources
        and Agriculture Division
        6th Floor, Williams Building
        525 W. Ottawa
        P.O. Box 30755
        Lansing, MI 48909
        (517) 373-7540

Dated: Columbus, Ohio
September 25, 2013

        MICHAEL DeWINE
        Ohio Attorney General
        By:

        /s/ Timothy Kern
        Timothy J. Kern
        Assistant Attorney General,
        Environmental Enforcement
        30 East Broad Street
        Columbus, OH 43215-3793
        (614) 466-5261

SO ORDERED:

this 30th day of September, 2013
in White Plains, New York

/s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE