SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ x
                                               :
    In re                                         :    Chapter 11
                                             :
DPH HOLDINGS CORP., et al.,              :    Case No. 05-44481 (RDD)
                                           :
                  Reorganized Debtors.    :    (Jointly Administered)
                                           :
------------------------------------------------ x

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS AND NEW JERSEY SELF-INSURERS' GUARANTY ASSOCIATION
DISALLOWING AND EXPUNGING PROOFS OF ADMINISTRATIVE EXPENSE CLAIM
NUMBERS 18602 and 19712

<u>(NEW JERSEY SELF-INSURERS' GUARANTY ASSOCIATION)</u>

       DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-

captioned cases (collectively, the "Reorganized Debtors") and the New Jersey Self-Insurers'

Guaranty Association (the "Claimant") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors And New Jersey Self-Insurers' Guaranty Association Disallowing And Expunging Proofs Of Administrative Expense Claim Numbers 18602 and 19712 (the "Stipulation") and agree and state as follows:

WHEREAS, prior to the Petition Dates (as defined herein), in order to satisfy certain requirements for self-insurance of workers compensation liabilities in New Jersey, the Debtors (as defined herein) provided, pursuant to New Jersey law, a surety bond in the amount of $5,500,000.00 to the State of New Jersey Department of Banking and Insurance (the "Bond") to satisfy workers' compensation claims in the event Debtors defaulted on their workers' compensation obligations.

WHEREAS, on October 8 and 14, 2005, (the "Petition Dates"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 14, 2009, the Claimant filed proof of administrative expense claim number 18602 ("Administrative Expense Claim 18602") against Delphi, pursuant to which the Claimant asserted a contingent administrative expense claim for worker's compensation program-related payments in the amount of $1,400,000.00.

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan of Reorganization Of Delphi Corporation and Certain affiliates, Debtors And Debtors-In-Possession, As Modified, (the "Modified Plan"), which had been approved by

2

this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

WHEREAS, on November 4, 2009, the Claimant filed proof of administrative expense claim number 19712 ("Administrative Expense Claim 19712," and together with Administrative Expense Claim 18602, the "Administrative Expense Claims") against Delphi, pursuant to which the Claimant asserted a contingent, unliquidated administrative expense claim for workers' compensation program-related payments.

WHEREAS on March 19, 2010, the Debtors objected to the Administrative Expense Claims pursuant to the Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant to 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 to (I) Disallow And Expunge Certain Administrative Expense (A) Books and Records Claims, (B) Methode Electronics Claims, (C) State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E) Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims, And (I) Severance Claims, (II) Disallow And Expunge (A) A Certain Duplicate Workers' Compensation Claim,(B) A certain Duplicate Tax Claim, And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers' Compensation Claims And (B) Workers' Compensation Claims, And (IV) Allow Certain Administrative Expense Severance Claims (Docket No. 19711) (the "Forty-Sixth Omnibus Claims Objection"), seeking to disallow and expunge the Administrative Expense Claims.

3

WHEREAS, on April 15, 2010, the Claimant filed the Response Of New Jersey Self-Insurers Guaranty Association (Claim Nos. 18602 and 19712) To Debtors' Forty-Sixth Omnibus Claims Objection To Claims (Docket No. 19842) (the "Response").

WHEREAS, on April 27, 2010, this Court entered the Order Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 (I) Disallowing and Expunging Certain Administrative Expense (A) Books and Records Claims, (B) State Workers' Compensation Claims, (C) Duplicate State Workers' Compensation Claims, (D) Workers' Compensation Claims, (E) Transferred Workers' Compensation Claims, (F) Tax Claims, (G) Duplicate Insurance Claims, and (H) Severance Claims, (II) Disallowing and Expunging (A) a Certain Duplicate Workers' Compensation Claim, (B) a Certain Duplicate Tax Claim, and (C) a Certain Duplicate Severance Claim, (III) Modifying and Allowing Certain Administrative Expense Workers' Compensation Claims, and (IV) Allowing Certain Administrative Expense Severance Claims (Docket No. 19949), pursuant to which the hearing on the Administrative Expense Claims was adjourned to a future date to be noticed by the Reorganized Debtors.

WHEREAS On May 17, 2010, the Reorganized Debtors filed the Notice of Claims Objection Hearing With Respect to Debtors' Objection To Proofs of Administrative Expense Claim Nos. 18602 and 19712 (New Jersey Self-Insurers' Guaranty Association) (Docket No. 20130), scheduling an evidentiary hearing on the merits of the Administrative Expense Claims for July 22, 2010 in this Court.

WHEREAS, on May 24, 2010, The Reorganized Debtors filed their Statement of Disputed Issues With Respect To Proof Of Administrative Claim Numbers 18602 and 19712 (New Jersey Self-Insurers Guaranty Association) (Docket No. 20184).

4

WHEREAS, on July 14, 2010, the Claimant filed the Supplemental Response of New Jersey Self-Insurers Guaranty Association to Debtors' Forty-Sixth Omnibus Objection To Claims (Claim Nos. 18602 and 19712) (Docket No. 20412) (the "Supplemental Response").

WHEREAS, on July 20, 2010, the Reorganized Debtors filed their Supplemental Reply with Respect to Proofs of Administrative Expense Claim Numbers 18602 and 19712 (New Jersey Self-Insurers Guaranty Association) (Docket No. 20446).

WHEREAS, on July 22, 2010, this Court held a hearing with respect to the Debtors' Forty-Sixth Omnibus Objections with respect to the Administrative Expense Claims.

WHEREAS, on September 15, 2010, this Court issued an Order Pursuant to 11 U.S.C.§ 503(b) and Fed. R. Bankr. P. 3007 Overruling Forty-Sixth Omnibus Claims Objection With Respect to Proofs of Administrative Expense Claim Numbers 18602 and 19712 (New Jersey Self-Insurers Guaranty Association) (Docket No. 20596) (the "Initial Order"), overruling the Forty-Sixth Omnibus Claims Objection with respect to the Administrative Expense Claims. Pursuant to the Initial Order, the Reorganized Debtors, among other things, (i) were authorized to apply proceeds of the Bond to satisfy certain New Jersey workers' compensation claims, and (ii) retained the right to seek disallowance of the Administrative Expense Claims at a later time.

WHEREAS, the Reorganized Debtors and the Claimant agree that the proceeds of the Bond appear likely to be sufficient to address the net unpaid postpetition workers' compensation claims for which the Claimant might ultimately become liable.

WHEREAS, to resolve the Administrative Expense Claims, the Reorganized Debtors and the Claimant entered into this Stipulation, pursuant to which the Reorganized Debtors and the Claimant agree that the Administrative Expense Claims shall be disallowed and expunged in their entirety.

5

NOW, THEREFORE, the Reorganized Debtors and the Claimant stipulate and agree as follows:

1. The Administrative Expense Claims shall be disallowed and expunged in their entireties.

2. The Response and Supplemental Response are hereby deemed withdrawn with prejudice.

3. The proceeds of the Bond shall continue to be applied in satisfaction of the New Jersey workers' compensation obligations as asserted in the Administrative Expense Claims.

4. This Stipulation shall not prevent the Reorganized Debtors, or their successors and assigns, from seeking a reduction of the Bond or a return of proceeds from the Bond or from the letter of credit collateralizing the Bond from the appropriate authority in control of such Bond or letter of credit; provided, however, that the Claimant reserves all rights relating to any requested reduction of the Bond and nothing herein shall be construed as an admission, finding, determination, or otherwise be construed against the Claimant in connection with a reduction of the Bond.

5. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

So Ordered in White Plains, New York, this 11th day of October, 2013.

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Jeffrey Bernstein |
| John Wm. Butler, Jr | Jeffrey Bernstein |
| John K. Lyons | McELROY, DEUTSCH, MULVANEY & |
| Ron E. Meisler |    CARPENTER LLP |
| SKADDEN, ARPS, SLATE, MEAGHER | Three Gateway Center |
|    & FLOM LLP | 100 Mulberry Street |
| 155 North Wacker Drive | Newark, New Jersey 07102-4079 |
| Chicago, Illinois 60606 | - and - |
| | 88 Pine St., 24th Floor |
| - and - | New York, NY 10005 |
| | |
| Four Times Square | Attorneys for New Jersey Self-Insurers' |
| New York, New York 10036 | Guaranty Association |
| | |
| Attorneys for DPH Holdings Corp., et al., | |
|    Reorganized Debtors | |