TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger
Steven S. Flores

*Counsel for DPH Holdings Corp., et al.,*
  *Reorganized Debtors*

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11
                                              :
DPH HOLDINGS CORP., et al.,                   :    Case No. 05-44481 (RDD)
                                              :
        Reorganized Debtors.                  :    (Jointly Administered)
                                              :
------------------------------------------------------------x

## EX PARTE MOTION FOR A SUPPLEMENTAL ORDER AUTHORIZING THE FILING OF REDACTED DOCUMENTS AND RELATED RELIEF

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

DPH Holdings Corp. ("DPH Holdings" or "DPH," and, together with certain of its affiliated reorganized debtors in the above-captioned chapter 11 cases, the "Reorganized Debtors"), successors to Delphi Corporation ("Delphi") and certain of Delphi's subsidiaries and affiliates, former debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully submit this motion (the "Motion") for entry of an order (the "Supplemental Seal Order") pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

authorizing the Reorganized Debtors to file a redacted version of the *Reorganized Debtors' Reply to Objection by General Motors LLC to Reorganized Debtors' Motion for an Order to Compel Compliance With, and to Implement, the Modified Plan, Plan Modification Order and Related Documents* (the "Reply"),[1] to be filed on October 16, 2013 (by agreement between the parties), the Declaration of John Brooks and "Exhibit A" thereto (which shall be filed contemporaneously with the Reply), and Exhibits 6, 7 and 8 to the *Supplemental Declaration of Richard M. Goldman in Support of the Reply* (the "Supplemental Declaration"), with unredacted copies to be provided to the Court's Chambers, the United States Trustee for the Southern District of New York, the ("U.S. Trustee") and General Motors LLC ("New GM").  In support of this Motion, the Reorganized Debtors respectfully represent:

### Introduction

On July 3, 2013, the Reorganized Debtors filed their Motion to Compel [Docket No. 22075], seeking to resolve a dispute between the Reorganized Debtors and New GM concerning New GM's funding obligations under the MDA and related Funding Agreement.  In connection with filing the Motion to Compel, the Reorganized Debtors filed their *Ex Parte Application for an Order Authorizing the Filing of Redacted Documents* (the "Seal Motion") [Docket No. 22074], requesting this Court's authority to file a redacted version of the Motion to Compel and only certain exhibits to the Declaration in support thereof, which included the Funding Agreement.  On July 9, 2013, the Court, upon finding that the information the Reorganized Debtors sought to redact was confidential commercial information properly protected under

---

[1] Capitalized terms used in this Motion and not otherwise defined herein shall be ascribed the meanings provided in the Reply.

2

section 107(b) of the Bankruptcy Code, approved the Seal Motion (the "Prior Seal Order") [Docket No. 22078].

Similar to the Motion to Compel, the Reorganized Debtors' Reply and Supplemental Declaration contain confidential commercial information related to, among other things, the terms of the Funding Agreement. This information is not only sensitive commercial information, but it also, among other things, directly relates to the Reorganized Debtors' ongoing negotiations and settlements of certain outstanding claims and litigation matters. If this information were made available to the public, the non-debtor counterparties to the Reorganized Debtors' negotiations would receive an improper competitive advantage, the Reorganized Debtors' negotiating position would be compromised and the Reorganized Debtors' attempts to limit their liability with respect to those claims would be in jeopardy.

To prevent the foregoing harm to the Reorganized Debtors, the Reorganized Debtors respectfully request that the Court enter the Supplemental Seal Order, substantially in the form attached as "Exhibit A" hereto, authorizing them to file a redacted version of (i) the Reply, (ii) the Declaration of John Brooks and "Exhibit A" thereto, and (iii) Exhibits 6 ("highly confidential" declaration in support of the Modified Plan), 7 ("highly confidential" declaration in support of the Modified Plan) and 8 (amendment to the Funding Agreement) to the Supplemental Declaration.

### Jurisdiction

1.    This Court has subject matter jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

2. By this Motion, the Reorganized Debtors seek authorization from the Court to file a redacted version of the Reply, the Declaration of John Brooks and "Exhibit A" thereto, and Exhibits 6, 7 and 8 to the Supplemental Declaration. Redacted versions of these documents will be publicly filed and are being served to parties in interest.[2]

## Basis for Relief Requested

3. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. This section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

4. Bankruptcy Rule 9018 permits a party, with or without notice, to request that a document be sealed under section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides, in relevant part:

> On motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

---

[2] New GM will be served with unredacted copies. Unredacted copies will also be provided to this Court and the U.S. Trustee.

5.  Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are designed "to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003). "When the requirements of [Bankruptcy] Rule 9018 are satisfied, the authority to issue the resulting order is broad—any order which justice requires . . . . [T]he authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Id.* at 724 (internal citations omitted). In addition, once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated under section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original).

6.  Further, under section 107(b) of the Bankruptcy Code, commercial information need not rise to the level of a trade secret to be protected, and an interested party only has to show that the information it wishes to seal is "confidential and commercial in nature." *Id.* at 27–28 (internal quotation marks omitted). In determining whether "commercial information" should be sealed, courts in this district look to the purpose of Bankruptcy Rule 9018: to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *See Global Crossing*, 295 B.R. at 725. Accordingly, "commercial information" includes information that, if disclosed, would provide an unfair advantage to competitors by providing them information as to the commercial operations of the debtor. *Gowan v. Westford Asset Mgmt, LLC (In re Dreier, LLP)*, 485 B.R. 821, 822–23 (Bankr. S.D.N.Y. 2013); *see also In re Borders Grp., Inc.*, 462 B.R. 42, 47–48 (Bankr. S.D.N.Y. 2011) (granting

debtors' motion to seal where the redacted information identified key employees, vendors and financial information); *In re Barney's, Inc.*, 201 B.R. 703, 708–09 (Bankr. S.D.N.Y. 1996) (noting that commercial information may include pricing formulae, short and long term marketing strategies, and terms of agreements with suppliers).

7. The Reorganized Debtors submit that good cause exists for the Court to grant the relief requested herein.  By way of example, the Reply discusses elements of the feasibility of the Modified Plan as it relates to the Funding Agreement (which is already under seal [*see* Prior Seal Order, Docket No. 22078]).[3]  In support of its arguments, the Reorganized Debtors rely, in part, on certain declarations (the "Declarations") that were designated as joint exhibits and entered into evidence during the July 29, 2009 hearing to approve the Modified Plan, and marked and accepted by the Court on a "highly confidential" basis.  *See, e.g.*, Modified Plan Approval Hr'g Tr. 26:16–19, July 29, 2009 [Docket No. 18829] ("Mr. Sheehan's declarations have been designated by the parties as highly confidential, and they've been provided to the Court on that basis.").  The Declarations reveal and discuss, *inter alia*, key aspects of the Funding Agreement and transactions related to the MDA, which the Reorganized Debtors contend are confidential commercial information under section 107(b) of the Bankruptcy Code.

8. Additionally, the Reply is supported by an updated Advance Request, which is attached as "Exhibit A" to the Declaration of John Brooks.  This Court has already allowed DPH to file a previous funding request under seal [Prior Seal Order, Docket No. 22078], and the current request is even more worthy of this

---

[3] Moreover, Exhibit 8 to the Supplemental Declaration is an amendment to the Funding Agreement.

protection because it reflects DPH's most *current views* regarding its funding needs and available unrestricted funds.

9. In sum, the information that the Reorganized Debtors seek to redact falls within the category of "confidential commercial information," as its disclosure would cause the Reorganized Debtors commercial injury by, among other things, adversely impacting their ability to finalize negotiations of outstanding claims and litigation matters in a manner that promotes the best interests of the estates and on the most favorable terms.  Moreover, while the Declarations were previously treated as "highly confidential" documents, it may be debatable whether the Declarations are protected by the Prior Seal Order.  Consequently, and out of an abundance of caution, the Reorganized Debtors respectfully request that the Court authorize the Reorganized Debtors to file a redacted version of the Reply, the Declaration of John Brooks and "Exhibit A" thereto, and Exhibits 6, 7 and 8 to the Supplemental Declaration.

## Notice

10. Pursuant to Bankruptcy Rule 9018, no notice of this Motion is required, and in light of the nature of the relief requested in this Motion, no other or further notice is necessary.  Nevertheless, the Reorganized Debtors shall serve a copy of this Motion in accordance with the *Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures*, dated March 17, 2006 [Docket No. 2883], and the *Twenty-Ninth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures*, dated May 13, 2013 [Docket No. 22058] (together, the "Case Management Orders"), so that parties in interest are aware of the Reorganized Debtors' request.

7

**WHEREFORE**, the Reorganized Debtors respectfully request that this Court enter the Supplemental Seal Order, substantially in the form attached hereto as "Exhibit A," authorizing the Reorganized Debtors to file a redacted version of the Reply, the Declaration of John Brooks and "Exhibit A" thereto, and Exhibits 6, 7 and 8 to the Supplemental Declaration.

Dated:   New York, New York
         October 16, 2013

>                                    DPH Holdings Corp., et al.,
>                                    By Their Attorneys
>                                    TOGUT, SEGAL & SEGAL LLP
>                                    By:
>
>                                    /s/Neil Berger
>                                    NEIL BERGER
>                                    STEVEN S. FLORES
>                                    One Penn Plaza, Suite 3335
>                                    New York, New York 10119
>                                    (212) 594-5000