UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re

DPH HOLDINGS CORP., et al.,

　　　　　　Reorganized Debtors

---

**DECLARATION**

Chapter 11

Case No. 05-44481 (RDD)

(Jointly Administered)

---

　　　　Duane D. Schoonmaker, Esq. declares under the penalties of perjury under the laws of the United States of America that the following is true and correct:

　　　　1.　　　I am an attorney at law with the law firm of Greco Trapp, PLLC, attorneys for Curtis J. Duxbury and Carol Duxbury and am duly licensed to practice law in the State of New York and the United States District Court for the Western District of New York.  I am also simultaneously herewith moving for admission to practice before this Court, *pro hac vice*.

　　　　2.　　　This declaration is submitted in response to the Motion of the Reorganized Debtors to enjoin the tort claims asserted by the Duxbury's in New York State Supreme Court, Niagara County, having Index Number 145259 as against Delphi Automotive Systems, LLC. This declaration is also submitted in support of a Cross-Motion for Leave to File a late Administrative Expenses Claim form.

　　　　3.　　　On February 25, 2011, this firm was retained to represent Curtis J. Duxbury in a claim for personal injuries suffered on or about November 12, 2008.  An action was commenced on or about October 5, 2011 against, among others, Delphi Automotive Systems, LLC f/k/a Delphi Corporation (Delphi).  A copy of the Summons and Complaint is attached to

the Motion of the Reorganized Debtors as Exhibit A.

4.    Delphi, on or about December 21, 2011, served its Answer to the

Complaint. A copy of the Answer is attached as **Exhibit A.** From that time until approximately

September 25, 2013, Delphi actively participated in this litigation and never sought an injunction

or other protection from this Court from the action commenced by the Duxburys.

5.    In fact, on or about August 31, 2012, the Duxburys moved in New York

State Supreme Court for an Order compelling Delphi to provide various responses to Plaintiffs'

discovery demands and Verified Bill of Particulars.

6.    On or about January 29, 2013, a preliminary conference was conducted by

the New York State Supreme Court to establish a Scheduling Order.

7.    On or about July 22, 2013, the Duxbury's again moved for an Order

compelling Delphi to produce all applicable insurance agreements as well as to produce a

representative for a deposition.

8.    On or about July 19, 2013, Delphi moved for summary judgment in New

York State Supreme Court on the ground that it owed no legal duty to the Plaintiffs. A copy of

this motion, without exhibits, is attached as **Exhibit B.**

9.    In response to that Motion, the Duxbury's filed and served an Attorney's

Affirmation and Memorandum of Law in opposition to that Motion on or about September 4,

2013. A copy of these papers (without exhibits) are attached as **Exhibit C.**

10.    Up through the time that Delphi filed its Motion for Summary Judgment,

Delphi had never represented to the Duxburys, your Declarant, or New York State Supreme

Court that the Duxbury's were otherwise enjoined from pursuing litigation against it.

11.    On or about August 29, 2013, Jeffrey Peterson, Esq. wrote to me asking

that this firm voluntarily dismiss the Complaint against Delphi, with prejudice.  A copy of that letter is attached to the Motion of the Reorganized Debtors as Exhibit F.

12.    I responded to Mr. Peterson by letter dated September 9, 2013 indicating that since Delphi had moved for summary judgment dismissing the Complaint, albeit on grounds other than the pending bankruptcy, the pending Motion for Summary Judgment should be addressed first and that the issues with respect to the bankruptcy could be addressed after the return date of the motion.  A copy of this letter is attached as **Exhibit D.**

13.    Thereafter, by letter dated September 24, 2013, counsel for Delphi withdrew Delphi's Motion for Summary Judgment and served a Motion for a Stay of Proceedings.  A copy of that Motion is attached to the Motion of the Reorganized Debtors as Exhibit G.

14.    Upon information and belief, not until after Delphi received opposition to its Motion for Summary Judgment did Delphi actively pursue any effort to argue that the Duxburys should be enjoined from litigating this matter against Delphi.

15.    On October 9, 2013, New York State Supreme Court denied Delphi's Motion for a Stay.

16.    Delphi should be deemed to have waived any defense to its claim that the Duxburys should be enjoined from proceeding.  See, e.g. *In Re Cobb*, 88 B.R. 119 (W.D. Texas 1988); *In Re Bona*, 110 B.R. 1012 (S.D.N.Y., 1990).

17.    Furthermore, in the event that this Court believes that the Reorganized Debtors have not waived this defense, the Duxburys respectfully request permission to file a late Administrative Expense Claim form, based upon their excusable neglect.

18.    In this case, the reorganized debtors are being defended in this personal

injury action by an insurance carrier. Thus, it faces little or no prejudice by allowing the Duxburys to file a late claim.

19.    Since the reorganized debtor is being defended by an insurance carrier, the late Administrative Expense Claim would have little or no impact on proceedings before this Court.

20.    The Duxburys have, at all times, acted in good faith in pursuing this claim. With active participation in the defense by Delphi, and no actual notice having been received by the Duxburys, they were unaware of their obligation to file a claim form for their administrative expenses.

21.    Finally, the reason for the delay was that the Duxburys did not receive actual notice of the requirement to file an Administrative Expenses Claim (See Affidavit of Curtis J. Duxbury). Given the continual defense of this action by the insurance carrier for Delphi without raising any issue with respect to the bankruptcy, the Duxbury's were lulled into failing to file a Motion before this Court to permit a late filing of the Administrative Expense Claim form.

For all of these reasons, the Duxbury's respectfully request that this Court deny the Motion of the reorganized debtors for an injunction or, in the alternative, seek permission to file a late claim for Administrative Expenses.

Dated: October 11, 2013
      Buffalo, New York

 

_____
DUANE D. SCHOONMAKER

# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT : COUNTY OF NIAGARA

---

CURTIS J. DUXBURY,
CAROL DUXBURY,

               Plaintiffs,

vs.

FIRST AMHERST DEVELOPMENT GROUP, LLC,
RIDGE LEA ASSOCIATES LLC,
DELPHI AUTOMOTIVE SYSTEMS, LLC f/k/a
DELPHI CORPORATION,

               Defendants.

---

**ANSWER**

Index No. 145259

      Defendant, DPH-DAS LLC incorrectly sued herein as DELPHI AUTOMOTIVE SYSTEMS, LLC f/k/a DELPHI CORPORATION, by and through its attorneys, Goldberg Segalla LLP, as and for its answer to plaintiff's Complaint, herein alleges the following, upon information and belief:

      1.     Admits that Delphi Automotive Systems, LLC is a foreign corporation duly licensed to conduct business in New York and denies the remainder of paragraph 6 of plaintiff's Complaint.

      2.     Denies the allegations contained in paragraphs 7, 17, 18, 19, 20, 28, 29 and 32 of plaintiff's Complaint.

GOLDBERG SEGALLA LLP
665 Main Street, Suite 400
Buffalo, New York 14203-1425
(716) 566-5400

3.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1, 2, 3, 4, 5, 8, 9, 10, 11, 12, 13, 14, 15, 16, 22, 23, 25, 26, 31, 33 and 34 of plaintiffs' Complaint.

4.      As and for its answer to paragraphs 21, 24, 27 and 30 of plaintiffs' complaint, this defendants repeats and realleges its answers with the same force and effect as if fully set forth herein.

5.      Denies each and every other allegation of plaintiffs' Complaint not specifically admitted or denied hereinabove.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE
## AND BY WAY OF CROSS CLAIM AGAINST
## THE CO-DEFENDANTS
## FIRST AMHERST DEVELOPMENT GROUP, LLC AND
## RIDGE LEA ASSOCIATES LLC

6.      Upon information and belief, this defendant denies any negligence on its part. However, if the plaintiff recovers a judgment in this action against this defendant, its liability will have been brought about or caused by reason of the primary carelessness and negligence of the co-defendants FIRST AMHERST DEVELOPMENT GROUP, LLC and RIDGE LEA ASSOCIATES LLC, without any carelessness or negligence on the part of this defendant. Furthermore, if the plaintiff should recover a judgment against this defendant, then the co-defendants, FIRST AMHERST DEVELOPMENT GROUP, LLC and RIDGE LEA

ASSOCIATES LLC shall indemnify this defendant for all or part of any such judgment, including reasonable attorneys' fees and costs, and in such amount as shall be ultimately determined upon the trial of this action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

7.  Upon information and belief, the incident complained of in the Complaint and the alleged damages were caused by the culpable conduct of the plaintiff, Curtis J. Duxbury.

8.   Upon information and belief, the plaintiff should be barred from recovery by reason of the fact that the subject incident was entirely the result of culpable conduct on the part of the plaintiff, Curtis J. Duxbury, or in the event that the plaintiff is entitled to recover, the amount of damages otherwise recoverable should be diminished in the proportion in which the culpable conduct attributable to the plaintiff, Curtis J. Duxbury, bears to the culpable conduct which caused the damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

9.  Upon information and belief, the plaintiff, Curtis J. Duxbury, assumed the risk of the injuries complained of in the Complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10.  Upon information and belief, all or part of the costs of the plaintiff's medical care, loss of earnings or other economic loss may have been paid, replaced, or indemnified in whole or in part from collateral sources or with reasonable certainty will be replaced or indemnified in the

future from such collateral sources and, to that extent, these answering defendants request that in the event the plaintiff recovers any judgment herein, that such amount as has, have been, or may be recovered in whole or in part from collateral sources reduce the plaintiff's recovery by said amounts.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

11.    That if this answering defendant is found liable along with one or more codefendants, it is requested that the relative culpability of the defendants be determined and judgment over be granted in accordance with that determination; in the event this defendant is found liable by reason of the act or omission of one or more codefendants, it is requested that judgment over full indemnity be granted.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

12.    This answering defendant alleges that other parties, whether named or unnamed in plaintiff's complaint, and whether known or presently unknown to defendant, were negligent or legally responsible or otherwise at fault for the damages alleged.  Therefore, defendant requests that in the event any party recovers against this answering defendant, whether by settlement or judgment, an apportionment of fault be made by Court or jury as to all parties.  This answering defendant further requests a judgment or declaration of indemnification or contribution against each and every party or person in accordance with the apportionment of fault.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

13.      Upon information and belief, the alleged liability of this defendant for non-economic loss is limited by the applicable provisions of Article 16 of the CPLR.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

14.      Plaintiff has failed to mitigate his damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

15.      That in the event there has been a settlement between the plaintiffs and any joint tortfeasor, then defendant hereby pleads and seeks the full benefit of §15-108 of the General Obligations Law, that plaintiff's claim against the defendant be reduced to the fullest extent permitted by §15-108 of the General Obligations Law.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

16.      If plaintiff sustained injuries as alleged in the Complaint, which is denied, there was an intervening, superseding cause or causes leading to this alleged damage, and therefore, any action/inaction on the part of defendant was not the proximate cause and/or competent producing cause of the alleged injuries.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

17.      The court does not have jurisdiction over the person of the answering defendant.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

18.    Plaintiffs failed to file a claim in the answering defendant's bankruptcy proceeding and their claims against this defendant were discharged in bankruptcy.

WHEREFORE, judgment is demanded dismissing the Complaint herein and for such other and further relief as may be just and proper, together with the costs and disbursements of this action.

DATED:    Buffalo, New York
December 21, 2011

GOLDBERG SEGALLA LLP

Mary Q. Wydysh, Esq.
*Attorneys for Defendants*
DPH-DAS LLC incorrectly sued herein as
DELPHI AUTOMOTIVE SYSTEMS, LLC
f/k/a DELPHI CORPORATION
665 Main Street, Suite 400
Buffalo, New York 14203-1425
(716) 566-5400

TO:    Duane D. Schoonmaker, Esq.
GRECO TRAPP, PLLC
*Attorneys for Plaintiffs*
1700 Rand Building, 14 Lafayette Square
Buffalo, New York 14203
(716) 856-5800

Counsel for:
First Amherst Development Group LLC
Ridge Lea Associates LLC
Upon Appearance

# EXHIBIT B

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF NIAGARA

---

CURTIS J. DUXBURY and
CAROL DUXBURY,

       Plaintiffs,

  vs.

FIRST AMHERST DEVELOPMENT GROUP, LLC,
RIDGE LEA ASSOCIATES LLC, and
DELPHI AUTOMOTIVE SYSTEMS, LLC f/k/a
 DELPHI CORPORATION,

      Defendants

**NOTICE OF MOTION
FOR SUMMARY
JUDGMENT**

Index No. 145259

---

| | |
|---|---|
| MOTION BY: | Defendant, DPH-DAS LLC incorrectly sued herein as DELPHI AUTOMOTIVE SYSTEMS, LLC F/K/A DELPHI CORPORATION, by its attorneys, Goldberg Segalla LLP, 665 Main Street, Suite 400, Buffalo, New York 14203 |
| DATE AND PLACE OF HEARING | **Wednesday, September 11, 2013** at **9:30 a.m.** before the Hon. Ralph A. Boniello, III, J.S.C., Supreme Court, Niagara County, 775 Third Street, Niagara Falls, New York 14302. |
| SUPPORTING PAPERS: | Affirmation of Meghan M. Brown, Esq., with exhibits, Affidavit of Jeffery M. Peterson, Esq., with exhibits; and all prior pleadings and proceedings herein. |
| RELIEF DEMANDED: | An Order of this Court, pursuant to CPLR Rule 3212, granting summary judgment to defendant DPH-DAS LLC incorrectly sued herein as DELPHI AUTOMOTIVE SYSTEMS, LLC F/K/A DELPHI CORPORATION, and dismissing plaintiff's complaint against it on the merits, with prejudice; or, in the alternative, granting summary judgment to DPH-DAS LLC incorrectly sued herein as DELPHI AUTOMOTIVE SYSTEMS, LLC F/K/A DELPHI CORPORATION on its cross claim for contractual indemnification from defendants FIRST AMHERST DEVELOPMENT GROUP, LLC, and/or RIDGE LEA ASSOCIATES LLC; together with such other and further relief as this Court deems just and proper. |

ANSWERING AFFIDAVITS:        Pursuant to CPLR Rule 2214, answering affidavits, if any, must be served at least seven (7) days prior to the return date of this Motion.


DATED:        Buffalo, New York
              July 18, 2013


                              GOLDBERG SEGALLA LLP


                              _Meghan M. Brown_

                              Meghan M. Brown, Esq.
                              Attorneys for Defendant
                              *DPH-DAS LLC*
                              665 Main Street, Suite 400
                              Buffalo, New York 14203
                              (716) 566-5400


TO:    Duane D. Schoonmaker, Esq.
       GRECO TRAPP PLLC
       *Attorneys for Plaintiffs*
       1700 Rand Building
       14 Lafayette Square
       Buffalo, New York  14203
       (716) 856-5800

       Christopher J. Martin, Esq.
       WILSON, ELSER, MOSKOWITZ,
       EDELMAN & DICKER LLP
       *Attorneys for Defendants First
       Amherst Development Group, LLC
       and Ridge Lea Associates, LLC*
       677 Broadway
       Albany, New York  12207
       (518) 449-8893

STATE OF NEW YORK
SUPREME COURT   :   COUNTY OF NIAGARA

---

CURTIS J. DUXBURY and
CAROL DUXBURY,

                Plaintiffs,

      vs.

FIRST AMHERST DEVELOPMENT GROUP, LLC,         Index No. 145259
RIDGE LEA ASSOCIATES LLC, and
DELPHI AUTOMOTIVE SYSTEMS, LLC f/k/a
  DELPHI CORPORATION,

             Defendants

---

Meghan M. Brown, Esq., affirms pursuant to CPLR Rule 2106:

    1.    I am an attorney at law duly licensed to practice in the State of New York and am associated with the law firm of Goldberg Segalla LLP, attorneys for defendant, DPH-DAS LLC incorrectly sued herein as DELPHI AUTOMOTIVE SYSTEMS, LLC F/K/A DELPHI CORPORATION (hereinafter "DPH-DAS LLC").  As such, I am fully familiar with the facts and circumstances surrounding this litigation.

    2.    I submit this affirmation in support of DPH-DAS LLC's motion for an Order of this Court pursuant to CPLR Rule 3212 dismissing plaintiffs' complaint against DPH-DAS LLC in its entirety, on the merits, with prejudice; or, in the alternative, granting DPH-DAS LLC summary judgment on its cross-claim for indemnification from defendants FIRST AMHERST DEVELOPMENT GROUP, LLC, and/or RIDGE LEA ASSOCIATES LLC (hereinafter collectively "First Amherst"), and for reimbursement of the costs, fees, expenses and disbursements incurred to date, along with the costs, fees, expenses and disbursements to be incurred in the future by DPH-DAS LLC in defending the claims alleged against it by plaintiffs.

3.     This action arises from an accident that occurred at approximately 4:30 a.m. on November 12, 2008 when plaintiff, Curtis J. Duxbury, allegedly slipped and fell on the front walkway to a building located at 4238 Ridge Lea Road, Amherst, Erie County, New York.

4.     First Amherst owned the premises where the fall occurred, and DPH-DAS LLC was a tenant.

5.     Pursuant to the lease agreement between First Amherst and DPH-DAS LLC, First Amherst retained control over maintenance and repairs to the area where the fall occurred.

6.     Because, as explained more fully below, DPH-DAS LLC owed no duty of care to Mr. Duxbury, it breached no duty to him, and plaintiffs' claims and all cross claims against DPH-DAS LLC must be dismissed, on the merits and with prejudice.

7.     Moreover, should the Court not grant DPH-DAS LLC summary judgment dismissing the complaint against it, DPH-DAS LLC is entitled to contractual indemnification from First Amherst for the claims alleged by plaintiffs, and for reimbursement of the costs of defending this action.

## PROCEDURAL HISTORY

8.     Plaintiffs commenced this action by filing a summons and complaint with the Niagara County Clerk's Office on or about October 5, 2011. True and correct copies are attached as *Exhibit A*.

9.     Defendant DPH-DAS LLC joined issue by interposing its answer with a cross-claim for indemnification against the First Amherst co-defendants on or about December 21, 2011. A true and correct copy is attached as *Exhibit B*.

10.     DPH-DAS LLC subsequently served a demand for a verified bill of particulars, omnibus discovery demands, a demand for Medicare/Medicaid Lien information, and a Notice to

Preserve Evidence on or about April 11, 2012. True and correct copies are attached as *Exhibit C*.

11.    Defendants FIRST AMHERST DEVELOPMENT GROUP, LLC, and RIDGE LEA ASSOCIATES LLC served their answer on or about January 6, 2012. A true and correct copy is attached as *Exhibit D*.

12.    Plaintiffs served their verified bill of particulars directed to DPH-DAS LLC on or about June 21, 2012. *See Exhibit E.*

13.    Plaintiffs served their verified bill of particulars directed to defendant FIRST AMHERST DEVELOPMENT GROUP, LLC on or about December 30, 2011. *See Exhibit F.*

14.    Plaintiffs served their verified bill of particulars directed to defendant RIDGE LEA ASSOCIATES LLC on or about February 3, 2012. *See Exhibit G.*

15.    On November 30, 2011, DPH-DAS LLC tendered the defense of this matter to the First Amherst defendants. *See Exhibit C* to the accompanying Affidavit of Jeffrey M. Peterson, Esq. (hereinafter "Peterson Aff.").

16.    The basis of the tender was the lease agreement between First Amherst, the owner of the premises, and DPH-DAS LLC, a tenant. *See Exhibit A* to the Peterson Aff.

17.    DPH-DAS LLC never received a response to this tender, but I recently learned that it had been rejected, which necessitated this motion.

## **FACTUAL HISTORY**

18.    On March 19, 1995 DPH-DAS LLC entered into a lease agreement with the First Amherst defendants to lease the premises located at 4238 Ridge Lea Road, Amherst, Erie County, New York. *See Exhibit A* to the Peterson Aff.

19.    Pursuant to that lease agreement, First Amherst agreed to "maintain the parking lots, common areas and grounds and to keep the sidewalks and other means of access and egress

well lighted, free and clear of ice, snow and debris, subject to reimbursement set forth in 2c."
*Exhibit A* to the Peterson Aff. at ¶ 4.c.

20.    The lease was renewed and remained in effect on November 12, 2008.  *See*
*Exhibit B* to the Peterson Aff.

21.    Plaintiffs claim that on November 12, 2008, Curtis J. Duxbury tripped and fell on
the sidewalk in front of the building located at 4238 Ridge Lea Road, Amherst, Erie County,
New York. *See Exhibit A* at ¶ 15.

22.    As further amplified in their bill of particulars, plaintiffs claim that the accident
occurred on the "front ramp/walkway to building 4238." *Exhibit E* at ¶ 2.

23.    Plaintiffs allege that DPH-DAS LLC was negligent in permitting a hole to exist
on the front ramp/walkway to building 4238; in failing to repair a hole in the front
ramp/walkway of building 4238; in failing to respond to complaints regarding a hole in the front
ramp/walkway of building 4238; in neglecting to respond to complaints regarding a hole in the
front ramp/walkway of building 4238; in failing to have adequate exterior lighting of the front
ramp/walkway to building 4238; in having inadequate exterior lighting around the front
ramp/walkway of building 4238; in failing to repair or replace exterior lighting in and around the
front ramp/walkway to building 4238.  *See Exhibit E* at ¶ 4.

24.    These are identical to the allegations of negligence plaintiffs have asserted against
the First Amherst defendants. *See Exhibit F* at ¶ 4; *Exhibit G* at ¶ 4.

25.    Stated simply, plaintiffs allege that Mr. Duxbury was injured due to negligent
maintenance and repair of an exterior ramp/walkway.

26.    As explained more fully below, because responsibility for maintenance and repair
of that area was expressly retained by the First Amherst defendants, DPH-DAS LLC owed no

duty to plaintiffs, breached no duty, and is therefore entitled to summary judgment dismissing the complaint as against it.

## ARGUMENT

**A.    DPH-DAS LLC Did Not and Does Not Have Duty to Maintain the Subject Premises.**

27.    It is settled law that a party is not liable for injuries on premises it does not maintain or control. *See McGill v. Caldors, Inc.*, 135 A.D.2d 1041 (3rd Dep't 1987). In *McGill*, the court granted a lessor/store owner summary judgment dismissing a plaintiff's slip and fall claim and held that "[t]he determinative question is one of possession or control. Here, [store] submissions in support of its motion for summary judgment show that [the store] was not in possession of the parking lot and did not otherwise have any right to maintain or control that area. In fact, the landlord specifically retained the obligation to maintain the parking areas in good condition." *Id. See also Dunn v. Reardon*, 184 A.D.2d 1064 (4th Dep't 1992) (Defendants produced evidence in admissible form that demonstrated that the parking lot where plaintiff fell was not part of the premises leased to them and that they were not in control of the parking lot. Consequently, defendants owed no duty to keep the parking lot in good repair).

28.    Here, the same facts compel the same result.  DPH-DAS LLC merely leased space in the building located at 4238 Ridge Lea Road in Amherst, New York and did not maintain or repair or light the front ramp/walkway where the accident occurred.  Indeed, pursuant to the clear terms of the lease agreement, First Amherst expressly retained control over maintenance and repairs of common areas, which include the sidewalk and ramp/walkway and lighting for that area, and therefore any duty owed to Mr. Duxbury was owed by First Amherst. *See Exhibit A* to the Peterson Aff.

29.    Similarly, in *Shire v. Ferdinando*, 161 A.D.2d 573 (2nd Dep't 1990), the Second

Department held that a tenant business, which by the terms of its lease had no obligation to maintain or right to control the parking area, had no duty to maintain the parking lot and thus had no duty to protect plaintiff's decedent, who was injured in the parking lot. *See also Hoberman v. Kids "R" Us, Inc.*, 187 A.D.2d 187, 190-91, 593 N.Y.S.2d 39, 41-42 (1st Dep't 1993).

30.    Likewise in this case, the terms of the agreement between First Amherst and DPH-DAS LLC place the duty squarely upon First Amherst for maintenance and repairs to the premises.

31.    Based on the foregoing, DPH-DAS LLC did not owe a duty to protect Mr. Duxbury from being injured on the front ramp/walkway, and therefore any and all claims against DPH-DAS LLC, including cross claims, should be dismissed.

**B.    First Amherst Must Indemnify DPH-DAS LLC.**

32.    Alternatively, if the complaint against DPH-DAS LLC is not dismissed, then, pursuant to the terms of the lease agreement, First Amherst must defend and indemnify DPH-DAS LLC.

33.    As explained above, First Amherst, as the landlord, covenanted pursuant to the lease agreement "to maintain the parking lots, common areas and grounds and to keep the sidewalks and other means of access and egress well lighted, free and clear of ice, snow and debris, subject to reimbursement." *Exhibit A* to the Peterson Aff. at ¶ 4.c.

34.    Plaintiffs' complaint and verified bill of particulars make clear that Mr. Duxbury's accident occurred on a ramp/walkway – a common area – that was allegedly in disrepair and/or inadequately lit. And if there was a defect in the sidewalk or lighting in that area, the responsibility for maintaining, repairing or lighting the area rests squarely with First Amherst.

35.    In the absence of an express agreement to indemnify, an obligation to indemnify may be implied to prevent unjust enrichment. *See generally Mas v. Two Bridges Assocs.*, 75 N.Y.2d 680, 555 N.Y.S.2d 669 (1990).

36.    Here, such an obligation to indemnify should be implied where First Amherst had the sole and exclusive duty to maintain, repair and light the common area where the accident occurred pursuant to the lease agreement, but DPH-DAS LLC is named as a defendant solely because it was a lessee on the premises.

37.    Because DPH-DAS LLC owed no duty to plaintiff, it breached no duty, and First Amherst must indemnify it in this action and reimburse it for the costs and fees already incurred as well as any to be incurred in the future.

**WHEREFORE,** defendant DPH-DAS LLC incorrectly sued herein as DELPHI AUTOMOTIVE SYSTEMS, LLC F/K/A DELPHI CORPORATION, respectfully requests an Order of this Court, pursuant to CPLR Rule 3212, dismissing plaintiffs' complaint as against it in its entirety, with prejudice; or, in the alternative, requiring defendants FIRST AMHERST DEVELOPMENT GROUP, LLC, and/or RIDGE LEA ASSOCIATES LLC, to defend and indemnify DPH-DAS LLC in this action, reimburse DPH-DAS LLC for the costs, fees, expenses and disbursements incurred to date, along with the costs, fees, expenses and disbursements to be incurred in the future by DPH-DAS LLC in defending the claims alleged against it by plaintiffs; together with such other and further relief as this Court deems just and proper.

Dated: Buffalo, New York
July 18, 2013

Meghan M. Brown, Esq.

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF NIAGARA

---

CURTIS J. DUXBURY and
CAROL DUXBURY,

                    Plaintiffs,

      vs.

FIRST AMHERST DEVELOPMENT GROUP, LLC,            Index No. 145259
RIDGE LEA ASSOCIATES LLC, and
DELPHI AUTOMOTIVE SYSTEMS, LLC f/k/a
  DELPHI CORPORATION,

                 Defendants

---

      Jeffery M. Peterson, Esq., being duly sworn, deposes and says:

      1.     I am an attorney at law duly licensed to practice in the State of Michigan and am

an attorney providing legal services to the defendant, DPH-DAS LLC, incorrectly sued herein as

DELPHI AUTOMOTIVE SYSTEMS, LLC F/K/A DELPHI CORPORATION (hereinafter

"DPH-DAS LLC"). I am fully familiar with the facts and circumstances surrounding this

litigation.

      2.     I submit this affidavit in support of DPH-DAS LLC's motion for an order

pursuant to CPLR § 3212 dismissing plaintiff's complaint against DPH-DAS LLC, or, in the

alternative, granting DPH-DAS LLC summary judgment on its cross claim for contractual

indemnification from defendants FIRST AMHERST DEVELOPMENT GROUP, LLC, and

RIDGE LEA ASSOCIATES LLC (hereinafter collectively "First Amherst"), for claims alleged

by plaintiffs, and for reimbursement of the costs, fees, expenses and disbursements incurred to

date, along with the costs, fees, expenses and disbursements to be incurred in the future by DPH-

DAS LLC in defending the claims alleged against it by plaintiffs.

3.      This action arises from an accident that occurred on November 12, 2008 when plaintiff, Curtis J. Duxbury, slipped and fell on the front walkway to a building located at 4238 Ridge Lea Road, Amherst, Erie County, New York.

4.      At that time, DPH-DAS LLC leased the building located at that address from First Amherst, which retained control over the maintenance and repair of the area where the fall occurred.

5.      Thus, DPH-DAS LLC owed no duty to plaintiffs, and therefore breached no duty owed to plaintiffs and is entitled to summary judgment dismissing the complaint against it.

6.      On March 19, 1995, DPH-DAS LLC's predecessor in interest entered into a lease agreement with the First Amherst defendants to lease the premises located at 4238 Ridge Lea Road. A true and correct copy of the lease agreement is attached as *Exhibit A*.

7.      The lease was renewed and remained in effect on November 12, 2008. A true and correct copy of the Lease Amendment, dated September 17, 2007, which was in effect on November 12, 2008, is attached as *Exhibit B*.

8.      Pursuant to the lease agreement, First Amherst, as the owner of the premises, covenanted to "maintain the parking lots, common areas and grounds and to keep the sidewalks and other means of access and egress well lighted, free and clear of ice, snow and debris, subject to reimbursement set forth in 2c." *Exhibit A* at ¶ 4.c.

9.      Based on this language in the lease agreement, on November 30, 2011, I tendered the defense of this matter to the First Amherst defendants. A true and correct copy of the tender letter is attached as *Exhibit C*.

10.     I never received a response to this tender but have been advised that it was rejected.

11.    Based on the foregoing, I respectfully request that the complaint against DPH-

DAS LLC incorrectly sued herein as DELPHI AUTOMOTIVE SYSTEMS, LLC F/K/A

DELPHI CORPORATION be dismissed, in its entirety, with prejudice, or, in the alternative, that

this Court issue an Order requiring defendants FIRST AMHERST DEVELOPMENT GROUP,

LLC, and RIDGE LEA ASSOCIATES LLC to indemnify DPH-DAS LLC for claims alleged by

plaintiffs and to reimburse the costs, fees, expenses and disbursements incurred to date, along

with the costs, fees, expenses and disbursements to be incurred in the future by DPH-DAS LLC

in defending the claims alleged against it by plaintiffs.


Jeffery M. Peterson, Esq.

Sworn to before me this 8th day of July, 2013.

Notary Public

KATHLEEN A. BAMBACH
NOTARY PUBLIC, STATE OF MI
COUNTY OF OAKLAND
MY COMMISSION EXPIRES Jul 21, 2014
ACTING IN COUNTY OF Oaklan l

# EXHIBIT C

STATE OF NEW YORK
SUPREME COURT : COUNTY OF NIAGARA

---

CURTIS J. DUXBURY
CAROL DUXBURY,

                  Plaintiffs,

      v.

FIRST AMHERST DEVELOPMENT GROUP, LLC
RIDGE LEA ASSOCIATES LLC
DELPHI AUTOMOTIVE SYSTEMS, LLC f/k/a
DELPHI CORPORATION

                  Defendants.

**ATTORNEY'S AFFIRMATION**

Index No. 145259

---

        Duane D. Schoonmaker, Esq. affirms under the penalties of perjury that the

following is true:

        1.      I am an attorney with the law firm of Greco Trapp, PLLC, attorneys for

Plaintiffs, and am duly licensed to practice law in the State of New York.

        2.      I make this affirmation in opposition to so much of the Motion for Summary

Judgment of Defendant Delphi Automotive Systems, LLC, f/k/a Delphi Corporation (Delphi), as

seeks to dismiss Plaintiffs' Complaint against it.  Plaintiffs take no position with respect to the

alternative relief sought by Delphi of an Order seeking contractual indemnification from co-

defendants Ridge Lea Associates, LLC or First Amherst Development Group, LLC.

        3.      Plaintiffs commenced this action against all Defendants for personal injuries

suffered on November 12, 2008 by filing a Summons and Complaint with the Niagara County

Clerk on October 5, 2011.  A copy of the Summons and Complaint is attached as Exhibit A.

1

4.      The Complaint alleges that Curtis Duxbury injured his right knee on November 12, 2008, at approximately 4:30 in the morning, as he was walking on the sidewalk leading into the building located at 4238 Ridge Lea Road, Amherst, New York (Complaint, ¶12). At the time, Mr. Duxbury was employed as by Durham Staffing, Inc. as contract labor for Delphi and was walking into work for the day (Complaint, ¶12). Durham Staffing provided interior maintenance services to Delphi within this building (Complaint, ¶14).

5.      As more fully set forth in his Verified Bill of Particulars, Mr. Duxbury tripped when he stepped into a pothole in the sidewalk (Verified Bill of Particulars, ¶4). A copy of the Verified Bill of Particulars to Delphi is attached as Exhibit B.

6.      Copies of photographs of the pothole, produced by Plaintiffs as part of their various responses to discovery requests, are attached as Exhibit C.

7.      The Complaint further alleges that Delphi leased this building, and two others, from Ridge Lea Associates, LLC (Complaint, ¶10). Ridge Lea Associates owns this property (Complaint, ¶8). Ridge Lea Associates has hired First Amherst Development Group, LLC to act as the property manager for this property (Complaint, ¶9).

8.      Discovery has yet to be completed and is still ongoing. Depositions have yet to be conducted of any party to this action. In fact, Plaintiff has pending before this Court a motion to compel depositions of a representative of Delphi.

9.      The crux of Delphi's motion seeking dismissal of Plaintiffs' Complaint against it is that Ridge Lea Associates covenants "to maintain the parking lots, common areas and grounds and to keep sidewalks and other means of access and egress well lighted, free and clear of ice, snow and debris, subject to reimbursement ..." in the lease agreement between the two parties.

2

A copy of the lease agreement, and extensions to the agreement, is attached to the affidavit of

Jeffery M. Peterson, Esq. as Exhibits A-C.

10.    Ridge Lea Associates' covenant to maintain and repair common areas does

not, whatsoever, affect the duty that Delphi owned Mr. Duxbury.  Regardless of whether Delphi

possessed or controlled the sidewalk where Mr. Duxbury was injured, Delphi owed a duty to

maintain that sidewalk because it is a contiguous mean of ingress/egress to Delphi's business.

11.    Additionally, as the tenant in possession of the sidewalk where Mr. Duxbury

was injured, Delphi had a duty to maintain and repair that sidewalk.

12.    Finally, even if Delphi was not in possession of the sidewalk where Mr.

Duxbury was injured, summary judgment is premature since depositions have yet to be conducted

and questions of fact exist as to whether Delphi exercised control of that sidewalk sufficient to give

rise to a duty.

WHEREFORE, Plaintiffs respectfully request that this Court grant an Order

denying so much of Delphi's Motion for Summary Judgment as seeks to dismiss Plaintiffs'

Complaint against it, together with such other and further relief as the Court deems just and proper.

Dated: September 4, 2013
     Buffalo, New York

                                     DUANE D. SCHOONMAKER

3

STATE OF NEW YORK
SUPREME COURT : COUNTY OF NIAGARA

---

CURTIS J. DUXBURY
CAROL DUXBURY,

               Plaintiffs,

      v.

FIRST AMHERST DEVELOPMENT GROUP, LLC
RIDGE LEA ASSOCIATES LLC
DELPHI AUTOMOTIVE SYSTEMS, LLC f/k/a
DELPHI CORPORATION

               Defendants.

MEMORANDUM OF LAW

Index No. 145259

---

### STATEMENT OF FACTS

Curtis Duxbury injured his right knee on November 12, 2008, at approximately 4:30 in the morning, as he was walking on the sidewalk leading into the building located at 4238 Ridge Lea Road, Amherst, New York (Complaint, ¶12). At the time, Mr. Duxbury was employed as by Durham Staffing, Inc. as contract labor for Delphi and was walking into work for the day (Complaint, ¶12). Durham Staffing provided interior maintenance services to Delphi within this building (Complaint, ¶ 14). As more fully set forth in his Verified Bill of Particulars, Mr. Duxbury tripped when he stepped into a pothole in the sidewalk (Verified Bill of Particulars, ¶ 4).

Delphi leased this building, and two others, from Ridge Lea Associates, LLC (Complaint, ¶ 10). Ridge Lea Associates owns this property (Complaint, ¶ 8). Ridge Lea Associates has

1

hired First Amherst Development Group, LLC to act as the property manager for this property (Complaint, ¶ 9).

Discovery has yet to be completed and is still ongoing. Depositions have yet to be conducted of any party to this action. In fact, Plaintiff has pending before this Court a motion to compel depositions of a representative of Delphi.

## ARGUMENT

Delphi is not entitled to summary judgment dismissing Plaintiffs' Complaint against it. Delphi owed Mr. Duxbury a duty to maintain the sidewalk where Mr. Duxbury was injured in a reasonably safe condition. Ridge Lea Associates' covenant to maintain and repair common areas does not, whatsoever, affect the duty that Delphi owned Mr. Duxbury. Regardless of whether Delphi possessed or controlled the sidewalk where Mr. Duxbury was injured, Delphi owed a duty to maintain that sidewalk because it is a contiguous mean of ingress/egress to Delphi's business. Additionally, as the tenant in possession of the sidewalk where Mr. Duxbury was injured, Delphi had a duty to maintain and repair that sidewalk. Finally, even if Delphi was not in possession of the sidewalk where Mr. Duxbury was injured, summary judgment is premature since depositions have yet to be conducted and questions of fact exist as to whether Delphi exercised control of that sidewalk sufficient to give rise to a duty.

**A.**
**Regardless of Whether Delphi Possessed or Controlled the Sidewalk
Where Mr. Duxbury Was Injured, Delphi Owed a Duty to Maintain That Sidewalk**

Regardless of ownership or control, Delphi had a duty to maintain and repair the sidewalk where Mr. Duxbury was injured because that sidewalk was "contiguous to the door and used for

2

ingress and egress." *Love v. Clam Box, Inc.*, 35 Misc. 2d 436, 437, 232 N.Y.S.2d 924 (N.Y.

App. Term 2ⁿᵈ Dept. 1962).

The United States Supreme Court early recognized that an occupier's duty to invitees

extends to approaches: "[T]he ... occupant of land who, by invitation, express or implied, induces

or leads others to come upon his premises, for any lawful purpose, is liable in damages to such

persons . . . for injuries occasioned by the unsafe condition of the land *or its approaches*."

*Bennett v. Lousiville & N.R. Co.*, 102 U.S. 577, 580 (1880) (emphasis added). Thus, "[t]here is

nothing novel or extraordinary surrounding the duty of an invitor to use reasonable care with

reference to exits, entrances, and approaches to his premises." *Viands v. Safeway Stores*, 107

A.2d 118, 119 (D.C. 1954). In accordance with this principle, state high courts consistently

recognize that this duty extends beyond the owned or controlled area and "is not determined by

the exact boundaries of the premises." *Id.* at 120; *see also Piedalue v. Clinton Elementary Sch.*

*Dist. No. 32*, 692 P.2d 20, 23 (Mont. 1984) ("[I]t has been held that the duty of an occupier of

premises extends beyond the premises to the entrances into and exits from such premises . . .

[that] he would reasonably expect use of . . . in connection with the invitation."); *Libby v. Perry*,

311 A.2d 527, 535-36 (Me. 1973). The Restatement and William Prosser's authoritative treatise,

combined, stand for the same proposition. *See Banks v. Hyatt Corp.*, 722 F.2d 214, 221-22 (5th

Cir. 1984) (discussing how those authorities recognize a zone of duty beyond the

owned/controlled premises).

Accordingly,

> Courts generally, in analogous situations, have extended the duty
> of the invitor to his business invitees beyond the precise boundaries
> of the premises under his control or occupancy to include the

3

> approaches which they are expressly or impliedly invited to use or
> which they would be reasonably expected to use, even though these
> approaches be not under the invitor's absolute control.

*Libby*, 311 A.2d at 535. Thus, when the hazardous conditions exists on a mean of ingress or

egress, the occupier's ownership and control of the area is irrelevant to his duty because "[t]o

incur liability to a business invitee, it is not necessary that the owner or occupier own or control

the property on which the hazardous ingress or egress exists." *Piedalue*, 692 P.2d at 23.

Consequently, it is no surprise that New York also recognizes an occupier's duty to

provide safe ingress and egress *without regard to whether the occupier owns or controls* the

mean of ingress and egress. *Love,* 35 Misc. 2d at 437. Where an area is "contiguous to the door

used for ingress and egress," a business tenant owes visitors a duty to maintain that area

regardless of that tenant's ownership or control. *Id.* Thus, the tenant must repair and maintain

means of ingress and egress contiguous to its business "[e]ven if the defective condition . . . [is]

in the public [area] and thus part of an area over which [the business tenant] had no control and

no duty of maintenance." *Id.* Accordingly, in New York, when evaluating the tenant's duty to

maintain a contiguous mean of ingress and egress, the tenant's actual possession, control, or right

to control that area is irrelevant. *See id.*

Delphi owed a duty to maintain and repair the sidewalk where Mr. Duxbury was injured;

therefore, Delphi is not entitled to summary judgment. Delphi's duty to provide Mr. Duxbury a

safe mean of ingress and egress extended beyond the exact boundaries of Building 4238 because

Delphi reasonably expected Mr. Duxbury to be present on that sidewalk as he arrived for, and

departed from, work. Delphi's duty extended to the sidewalk where Mr. Duxbury was injured –

a sidewalk attached to Building 4238 that provided direct access to Delphi's door. Because the

4

sidewalk where Mr. Duxbury was injured leads directly to Delphi's door, Mr. Duxbury's use of

that sidewalk was certainly implied in connection with his business with Delphi. Said differently

in the words of the New York standard, the sidewalk where Mr. Duxbury was injured is

"contiguous to the door used for ingress and egress." Thus, without even reaching the fact that

the Lease clearly placed Delphi in possession of the sidewalk, Delphi's duty extended to the

sidewalk. Delphi's duty in this regard is not novel or extraordinary.

**B.**
**Because Delphi Was in Possession of the Sidewalk Where Mr. Duxbury Was Injured,**
**Delphi Owed Mr. Duxbury a Duty to Maintain and Repair That Sidewalk**

The walkway where Mr. Duxbury was injured was part of the property demised to

Delphi; accordingly, Delphi, as tenant in possession, owed a duty to maintain and repair that

sidewalk. A "tenant in possession of realty owes a duty to maintain the property in a reasonably

safe condition." *Farrar v. Teicholz*, 173 A.D.2d 674, 676, 570 N.Y.S.2d 329 (2nd Dept. 1991).

A landlord's covenant to maintain or repair common areas does not, at all, affect the tenant's

duty. *See Putnam v. Stout*, 38 N.Y.S.2d 607, 618, 381 N.Y.S.2d 848, 345 N.E.2d 319 (1976) *see*

*also Chadis v. Grand Union Co.*, 158 A.D.2d 443, 444, 550 N.Y.S.2d 908 (2nd Dept. 1990).

Accordingly, "the general rule [is] that a tenant may be liable for negligently allowing the

demised premises to become dangerous, and that such potential for liability *exists independently*

*of the terms of the lease.*" *Chadis*, 158 A.D.2d at 444 (emphasis added); *see also Zito v. 241*

*Church St. Corp.*, 223 A.D.2d 353, 355, 636 N.Y.S.2d 40 (1st Dept. 1996) (recognizing that the

tenant's duty exists "independent of any obligation which might be imposed upon the landlord by

the lease"). Therefore, the effect of a landlord's covenant to maintain and repair is that both the

5

landlord and tenant, each individually, owe a duty. *See Putnam*, 38 N.Y.S.2d at 618 ("[I]t is clear that the landlord *also* is liable to the plaintiff.") (emphasis added).

When reading a lease, "the court is required to give meaning to all the words used." *Dale Carnegie Courses Corp. v. Eastern Courses Corp.*, 263 A.D. 330, 332, 32 N.Y.S.2d 71 (3rd Dept. 1942); *see also Ruttenberg v. Davidage Data Sys. Corp.*, 215 A.D.2d 191, 196, 626 N.Y.S.2d 174 (1st Dept. 1995) (recognizing "the rule of construction that a contract shall be read as to give effect to each and every term."). "An interpretation that gives effect to all the terms of an agreement is preferable to one that ignores terms or accords them an unreasonable interpretation." *Ruttenberg*, 215 A.D.2d at 196. This rule "against surplusage . . . appl[ies] not only to contract provisions, but to particular words within a contract provision." *JA Apparel Corp. v. Abboud*, 568 F.3d 390, 407 n.4 (2d Cir. 2009) (citing *Kass v. Kass*, 91 N.Y.2d 554, 568, 673 N.Y.S.2d 350, 696 N.E.2d 174 (1998)).

Regardless, when "the language of [an] agreement is ambiguous, its construction presents a question of that that *should not be resolved on a motion for summary judgment*." *Levery v. Leventhal & Sons, Inc.*, 231 A.D.2d 877, 877, 647 N.Y.S.2d 597 (4th Dept. 1996) (emphasis added). Thus, when neither party meets "the burden of establishing that their construction of [an] agreement is the only construction which can fairly be placed thereon," summary judgment is inappropriate. *Id.* (internal quotation omitted).

Because Delphi was in possession of the sidewalk where Mr. Duxbury fell, Delphi owed a duty to maintain and repair that sidewalk. Delphi's argument that Ridge Lea Associates' covenant to maintain and repair common areas absolved Delphi of that duty is contrary to well established New York law. As the Court of Appeals established in *Putnam* and courts

6

continually and unequivocally recognize, a landlord's covenant to maintain and repair common

areas does not affect the tenant's duty.

The Lease put Delphi in possession of the Sidewalk where Mr. Duxbury was injured.

Initially, Delphi leased not only Building 4238; Delphi leased the "premises' of Building 4238.

The sidewalk where Mr. Duxbury was injured is directly attached and affixed to Building 4238.

## C.
### Without Further Discovery, Plaintiffs Cannot Adequately Respond to Delphi's Allegations

CPLR Rule 3212(f) states that: "Should it appear from affidavits submitted in opposition

to the motion that facts essential to justify opposition may exist but cannot then be stated, the

court may deny the motion or may order a continuance to permit affidavits to be obtained or

disclosure to be had and may make such other order as may be just."

Delphi would also have a duty to maintain and repair the sidewalk if it, in fact, controlled

the sidewalk. A tenant can owe a duty to persons even on areas that are not occupied by that

tenant. *See, e.g., Santerre v. Golub*, 11 A.D.3d 945, 946, 782 N.Y.S.2d 891 (4th Dept. 2004);

*Farrar v. Teicholz*, 173 A.D.2d 674, 676, 570 N.Y.S.2d 239 (2nd Dept. 1991). Therefore, a

tenant that exercises control over an area owes a duty to maintain and repair that area. *Id.* Any

inquiry into control in this context is fact intensive, and the plaintiff can defeat summary

judgment with scant evidence of control. *See Santerre*, 11 A.D.3d at 946 (denying summary

judgment where plaintiff had evidence suggesting tenant had a policy for dealing with hazards in

the common area that the tenant did not occupy).

7

The defendant alleging that it had no duty to maintain a walkway near its business bears the burden "of establishing that [it] had no duty to maintain the property." *Mikolajczyk v. Morgan Contrs.*, 273 A.D.2d 864, 864, 709 N.Y.S.2d 283 (4th Dept. 2000). Thus, evidence that a tenant would occasionally take steps to take care of a common area that the tenant did not possess demonstrates control that should preclude summary judgment. *Id.*

In this case, Delphi's control of the sidewalk would be a matter for discovery and, specifically, depositions. However, Delphi has refused to produce witnesses for depositions, prompting Plaintiffs to move to compel their depositions. Thus, Delphi's motion for summary judgment should also be denied as premature.

## CONCLUSION

For all of the reasons set forth above, Delphi's Motion for Summary Judgment Dismissing Plaintiffs' Complaint against it should be dismissed.

DATED: September 4, 2013
      Buffalo, New York

Respectfully Submitted,

Duane D. Schoonmaker, Esq.
GRECO TRAPP, PLLC
*Attorneys for Plaintiffs*
1700 Rand Building
14 Lafayette Square
Buffalo, New York 14203
Tel: (716) 856-5800

8

# EXHIBIT D

Josephine A. Greco

Chris G. Trapp

Duane D. Schoonmaker



**GRECO TRAPP** P.L.L.C.

Richard C. Slisz,
of Counsel

Allan H. Kaminsky,
of Counsel

Service by electronic means not accepted

September 9, 2013

*Via Electronic Mail & U.S. Regular Mail*

Jeffery M. Peterson, Esq.
Delphi Legal Staff
5725 Delphi Drive
Troy, Michigan 48098

> Re:    Duxbury v. First Amherst Development Group, LLC et al.
> Index No.: 145259
> Our File: 8010

Dear Mr. Peterson:

    I am in receipt of your letter dated September 6, 2013. I also did receive your August 29, 2013 e-mail, although I was on vacation when you sent it. Finally, I left you a telephone message on September 6, 2013, to discuss the e-mail.

    As you may be aware, insurance counsel for Delphi has moved for summary judgment dismissing Plaintiff's complaint against Delphi, albeit on grounds other than the pending bankruptcy. That motion is currently returnable on October 9, 2013. In light of the pending motion, my intent is to address your concerns after October 9, 2013, should Delphi's motion for summary judgment be denied.

    In the meantime, should you have any questions or with to discuss this matter further, please feel free to contact me.

Very truly yours,

GRECO TRAPP, PLLC

Duane D. Schoonmaker

DDS/dda
cc:    Meghan M. Brown, Esq.