UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11
                                                             :
DPH HOLDINGS CORP., et al.,                                  :    Case No. 05-44481 (RDD)
                                                             :
        Reorganized Debtors.                                 :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x

## DECLARATION OF JOHN BROOKS

        I, John Brooks, submit this declaration (this "Declaration") under 28 U.S.C. § 1746 and state:

        1.    I submit this Declaration in support of the Reorganized Debtors' reply (the "Reply") to New GM's objection (the "Objection") [Docket No. 22088] to the Reorganized Debtors' Motion for an Order to Compel Compliance With, and to Implement, the Modified Plan, Plan Modification Order and Related Documents [Docket No. 22075] (the "Motion"). Capitalized terms used but not otherwise defined in this Declaration have the meanings given to them in the Motion or Reply, as applicable.

        2.    Since October 6, 2009, I have served as the President of DPH Holdings Corp., on behalf of itself and each of its subsidiaries in their capacities as Reorganized Debtors (collectively, "DPH").

        3.    Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my experience overseeing the Wind Up of the Reorganized Debtors, and my review of DPH documents or other information.

**A.    The Revised Advance Request**

        4.    Since on or about September 2009, I have been responsible for submitting DPH's Advance Requests to New GM and have knowledge of DPH's financial condition.

5.      On September 26, 2013, I submitted to New GM the monthly Advance Request and Wind Up Budget for October 2013 (together, the "October 2013 Wind Up Budget") in accordance with New GM's requested format and past practice, which set forth, in reasonable detail: (i) anticipated receipts and disbursements of the Reorganized Debtors on a monthly basis through and including December 31, 2013, and (ii) the net use of cash by DPH to pay the costs and expenses associated with the Wind Up.

6.      The October 2013 Wind Up Budget also: (i) identified the aggregate amount of the requested Post Closing Advance; (ii) stated the date of such Post Closing Advance; and (iii) certified the amount of the Available Funds (as defined in the Funding Agreement) and the Availability (as defined in the Funding Agreement) based on monthly cash projections consistent with past practice.

7.      On October 15, 2013, I revised the October 2013 Wind Up Budget based on currently available information, including the settlement in principle that DPH reached with the Environmental Agencies concerning the total amount of the Environmental Claims (subject only to final documentation, applicable notice period and approval by this Court). A copy of the October 2013 Wind Up Budget, as revised, is attached hereto as Exhibit A (the "Revised Advance Request").

8.      The Revised Advance Request is a forecast assessment of future needs based on my business judgment, including my knowledge of DPH's financial condition and day-to-day involvement in the Wind Up.

9.      Although the updated forecast has reduced the current amount of funding requested from New GM, New GM has refused to provide the requested Advance. Without an Advance from New GM, I believe that DPH will be unable to fund the settlement that DPH has reached with the Environmental Agencies concerning

2

the total amount of the Environmental Claims and satisfy all of its other obligations under the Modified Plan.  Over the last seven (7) months, DPH has successfully lowered the settlement demands related to the Environmental Claims by approximately $46.5 million.

**B.**     **The Litigation Settlements/Reserves**

10.     Attached as Exhibit B to this Declaration is a list of known litigation matters for which DPH may post a "security" as described in the Motion, unless certain of these actions are either enjoined or resolved prior to dissolution.

11.     Based on my experience settling other actions asserted against the Reorganized Debtors, review of applicable court filings, and in consultation with the Reorganized Debtors' professionals, in the Revised Advance Request, I forecasted for each of the litigation matters listed on Exhibit B costs in the aggregate amount of ███████████████████████████████████████████

**C.**     **Production of Documents and Information**

12.     Since the Hearing to Adjourn, DPH has continued to collect, review and produce documents and information to New GM concerning the Claims Settlements.  Since the Hearing to Adjourn, DPH has produced to New GM several thousand additional pages of documents relating to the Environmental Claims (and the litigation-related issues).  DPH has also held numerous telephone conferences and two lengthy in-person meetings to further inform New GM representatives -- one in Cleveland, OH and one in New York, NY -- that included New GM's in-house and outside counsel, several New GM business personnel and DPH's environmental expert.

3

13.   I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed On:   October 16, 2013
Sarasota, Florida

/s/ John Brooks
John Brooks
DPH Holdings Corp.