HEARING DATE:  October 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222
Arthur Steinberg, Esq.
Scott Davidson, Esq.

*Counsel to General Motors LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **DPH HOLDINGS CORP.**, *et al.*, | : | **Case No.: 05-44481 (RDD)** |
| | : | **(Jointly Administered)** |
| **Reorganized Debtors.** | : | |

-------------------------------------------------------------x

**CROSS-MOTION BY GENERAL MOTORS LLC FOR ADJOURNMENT**
**OF THE OCTOBER 21, 2013 HEARING, UNTIL NOVEMBER 14, 2013,**
**ON THE REORGANIZED DEBTORS' MOTION FOR AN ORDER**
**TO COMPEL COMPLIANCE WITH THE MODIFIED PLAN**

General Motors LLC (f/k/a General Motors Company) ("**New GM**"), by and through its

undersigned counsel, hereby submits this cross-motion ("**Cross-Motion**") for an adjournment of

the October 21, 2013 hearing, until November 14, 2013, on the Reorganized Debtors' Motion for

an Order to Compel Compliance with the Modified Plan [ECF No. 22075] ("**Motion to**

**Compel**").[1]  In support of the Cross-Motion (for an approximate three week adjournment), New

GM represents as follows:

**BACKGROUND**

1.      On July 3, 2013, the Reorganized Debtors filed the Motion to Compel.  On July

18, 2013, New GM filed its objection ("**Objection**") to the Motion to Compel.  The hearing on

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion to Compel.

the Motion to Compel has been adjourned, on consent, from time to time.  The present hearing

date for the Motion to Compel is October 21, 2013.

2.    At the time the Motion to Compel was filed, ████████████████████

███████.  In other words, the Reorganized Debtors ████████████████████████

███████████████.  The Reorganized Debtors have admitted that one of the reasons

why they filed the Motion to Compel, ██████████████████████████, was a

concern that, based on the jurisdiction provision of the Master Disposition Agreement, the

Bankruptcy Court would not have jurisdiction to hear a dispute relating to the Funding

Agreement if a litigation was commenced after July 2013.

3.    ████████████████████████████████████████████

███████████████████████████████████ ██████

4.    Also, during these months, the Reorganized Debtors have given New GM

information relating to State Court Claims[3] and Environmental Claims which were discussed in

sparse detail in the Motion to Compel.  During this period, the Reorganized Debtors developed a

game plan regarding how to resolve the Environmental Claims and preference claims. The

Reorganized Debtors approach in respect of the State Court Claims, ████████████████

███████.

5.    ████████████████████████████████████████████

████████████████████████████████████████████

---

[2] ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

[3] No proofs of claim were filed in respect of the State Court Claims even though many of these claims are subject
to the applicable claims bar date entered in these bankruptcy cases.

Thus, at the time of the scheduled hearing on the Motion to Compel (October 21, 2013), ██████

████████████████████████████████████████████████████ .

6.     The Reorganized Debtors filed a reply ("**Reply**")[4] in connection with the Motion

to Compel in the late afternoon of October 16, 2013. New GM had given the Reorganized

Debtors an extension of the time to file the Reply so that an agreement could be reached for the

adjournment of the Motion to Compel until November 14, 2013.  Since no agreement has been

reached, New GM is filing this Cross-Motion for an adjournment for the reasons discussed in the

next section.

## BASIS FOR AN ADJOURNMENT

7.     As discussed in the Background section, as of the October 21, 2013 hearing date,

████████████████████████████████████████████ and thus, there is no ripe controversy

as to whether New GM has met its funding obligations under the Funding Agreement.[5]

8.     As a practical matter, the Reorganized Debtors ██████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████ .

9.     The reason why an adjournment to November 14, 2013 will clarify, simplify and

*not delay* matters is because:

(a)     **Environmental Claims**:  The Reply says the Reorganized Debtors have reached
an agreement in principle to settle the Environmental Claims.  No motion has

---

[4]     The Reply is full of distortions and inaccuracies.  New GM will address these issues at the return date for the
Motion to Compel to the extent they relate to a ripe controversy.

[5]     The Reorganized Debtors admit this, stating in the Reply that the "Advance Request relating to the settlement of
the Environmental Claims may not yet be technically overdue . . . ."  Reply, ¶ 17.

3

been filed with the Court. It is not clear whether there has been a settlement agreement actually signed. At a minimum, New GM is entitled to review the settlement agreement and the settlement motion prior to funding any amount related to the settlement. If the Environmental Claims settlement will go forward as described to New GM, the hearing date for approval of the settlement will be November 14, 2013. That is the adjourned date sought by New GM for the Motion to Compel. In all likelihood, the funding of that Environmental Claims settlement will be early December 2013. New GM has been told the settlement number ("**Settlement Amount**") for the Environmental Claims. New GM has told the Reorganized Debtors (on a number of occasions prior to the filing of the Reply) that *it will fund that Settlement Amount* provided that the settlement closes before year end. To be clear, New GM believes that there are a number of reasons why it should not have to fund the Settlement Amount. Notwithstanding, in order to bring closure to this issue, the Reorganized Debtors already have been given assurances by New GM that the settlement of the Environmental Claims for the aggregate amount told to New GM will be funded by New GM in accordance with the terms of the Funding Agreement.[6]

(b)     **State Court Claims**: The Reorganized Debtors have given the Court a chart of the State Court Claims. Omitted from the chart are the estimates that the Reorganized Debtors have given New GM as to the anticipated and appropriate resolution of the State Court Claims. ████████████████████████████████
████████████████████████

Moreover, there are only ten State Court Claims outstanding.[7] From the premature November funding request, the Court already knows the Reorganized Debtors cash position, and the relative projections (albeit inflated) for the State Court Claims. Most of the State Court Claims are subject to the claims bar date, and at least one should be covered by insurance. New GM does not have to fund such claims. A few other claims are subject to motions before the Bankruptcy Court where the Reorganized Debtors have taken the position that there is "no liability."[8] New GM does not have to fund those claims either. None of the ten State Court Claims have settled yet and there is no judicial determination of the amounts related to the State Court Claims. New GM does not have to fund these claims until such determinations are made. The Reorganized Debtors have not fully developed how they intend to resolve the State Court Claims before year end. What is clear is that, to date, there does not seem to be one solution for all the claims. Between now and November 14, 2013, the Reorganized Debtors need to formulate a specific game plan, as they did with the Environmental Claims and

---

[6]     The Reorganized Debtors omission of this critical fact in the Reply is inexcusable. It creates the atmospherics of a controversy where none will exist if the deal described to New GM actually comes to fruition.

[7]     Although the chart annexed to the Brooks Declaration as Exhibit "B" contains references to thirteen State Court Claims, three are listed as settled which brings the number of outstanding State Court Claims down to ten.

[8]     For example, the Reorganized Debtors have filed a motion [Docket No. 22167] seeking to enforce the Plan injunction against Curtis and Carol Duxbury, yet the Duxburys are one of the State Court Claims that the Reorganized Debtors would have New GM fund.

the preference claims, to resolve such claims before year end. Once that game plan is disclosed to New GM and the Court, a much clearer picture will emerge as to whether there will be any funding controversy with New GM. To be clear, New GM has not refused to fund State Court Claims *per se*. On the other hand, it will not give the Reorganized Debtors a "blank check" for these claims, and will not fund an amount well in excess of the reasonable estimated liability for such claims.

10.    The premature November funding request also has certain issues which are best resolved with a little more time, thus necessitating an adjournment. . In addition, the Reorganized Debtors have not disclosed the "back up" information to certain line items.

11.    The funding requests should be predicated on specific needs for funding, not hypothetical scenarios the Reorganized Debtors conjure up. Stated differently, the funding requests should not contain "pulled out of the air" numbers, but should be based on real expenses that will likely be incurred in the next month. New GM's request is simple and justified -- the amounts set forth in the funding requests need to be based on concrete facts . The Reorganized Debtors have till the end of the year to wrap up the claims in these cases. An adjournment, even for this relative short period, will allow the Reorganized Debtors time to finish what they have been given over four years to do.

12.    In sum, New GM is filing this Cross-Motion for an adjournment of the October 21, 2013 hearing until November 14, 2013 (a) since there is no proper pending November funding request, (b) to bring clarity to the existence of the settlement of the Environmental

Claims, (c) to see exactly which State Court Claims remain and how specifically the Reorganized Debtors propose to address them, and (d) to further refine and explain the other line items in the funding requests.   It is not coincidental that, since the filing of the Motion to Compel, ████████████████████████████████████. Simply put, the Reorganized Debtors' funding requests ████████████████████████████████. ████████████████████████████ is due to the involvement and oversight of New GM in the process, and the Reorganized Debtors' recognition that they need to substantiate their funding requests, and to actually resolve the remaining claims (as contrasted to estimating worse case scenarios as they may develop past the time of New GM's funding commitment). The requested adjournment will allow/compel the Reorganized Debtors to better conclude this process in what will likely be a more consensual manner with New GM.

13.     The dialogue which has occurred between the parties over the last few months has been constructive.  That dialogue needs to continue, and the requested adjournment will allow it to happen, and help each side focus on resolving any remaining differences instead of "litigation positions."  Finally, there is no pressing need for the hearing on the Motion to Compel to go forward on October 21, 2013. ████████████████████████████████████ ████████████████, and the requested adjourned date of November 14, 2013 will still give the Reorganized Debtors and this Court sufficient time to resolve any then-pending funding disputes.

WHEREFORE, New GM respectfully requests that the Court (i) adjourn the Hearing on

the Motion to Compel until the Next Omnibus Hearing Date (November 14, 2013); and (ii) grant

to New GM such other and further relief as is just and proper.

Dated: New York, New York
        October 17, 2013

                                        KING & SPALDING LLP


                                        By:  _/s/ Arthur Steinberg___
                                               Arthur Steinberg
                                               Scott Davidson
                                        1185 Avenue of the Americas
                                        New York, NY  10036
                                        (212) 556-2100

                                        *Counsel to General Motors LLC*