**Hearing Date And Time: November 14, 2013 at 10:00 a.m. (prevailing Eastern time)**
**Objection Date And Time: November 7, 2013 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Albert L. Hogan III
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

REORGANIZED DEBTORS' MOTION FOR ORDER
PURSUANT TO 11 U.S.C. §§ 105(a) AND 1142
AND FED R. BANKR. P. 3020(d) AUTHORIZING THE
REORGANIZED DEBTORS TO DISPOSE OF NON-ESSENTIAL RECORDS

DPH Holdings Corp. ("DPH Holdings"), on behalf of itself and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), formerly known as Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submits this Motion For An Order Pursuant To 11 U.S.C. §§ 105(a) And 1142 And Fed. R. Bankr. P. 3020(d) Authorizing The Reorganized Debtors To Dispose Of Non-Essential Records (the "Motion"). In support of this Motion, the Reorganized Debtors respectfully represent as follows:

## JURISDICTION AND PREDICATES

1. This Court has jurisdiction over this Motion pursuant to Article XIII of the Modified Plan (defined below), which provides that "the Bankruptcy Court shall have exclusive jurisdiction of all matters arising out of, and related to, the Chapter 11 Cases and this Plan" and to "issue orders in aid of execution, implementation, or consummation of this Plan." Modified Plan Art. XIII(g). Further, the Plan Modification Order (defined below) allows the Court to retain jurisdiction as set forth in Article XIII of the Modified Plan. Plan Modification Order ¶¶ FF, 56.

2. In addition, this Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are §§ 105(a) and 1142 of the Bankruptcy Code and Bankruptcy Rule 3020(d).[1]

---

[1] The Comment to Local Bankruptcy Rule 2015-1 states, in part, that "[d]isposal of the debtor's books, records, and papers is governed by sections 363 and 554 of the Bankruptcy Code." The Reorganized Debtors, however, do not believe that sections 363 and 554 of the Bankruptcy Code apply in this instance because the Reorganized
*(cont'd)*

2

## BACKGROUND

1.  On October 8 and 14, 2005, (the "Petition Dates"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York. This Court ordered joint administration of the Debtors' chapter 11 cases (the "Chapter 11 Cases").

2.  On July 30, 2009, this Court entered an order (the "Plan Modification Order") approving the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"). On October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the Modified Plan and emerged from chapter 11 as DPH Holdings, a Delaware corporation, and its reorganized affiliates. Among other things, DPH Holdings was charged with the purpose of winding down the Debtors' remaining assets and affairs.

3.  On August 6, 2013, this Court entered the Order Pursuant To 11 U.S.C. §§ 105, 350(a), And 1142, Fed. R. Bankr. P. 3022, And Local Bankr. R. 3022-1 Concerning Closing The Bankruptcy Cases And Providing Related Relief (Docket No. 22121) ("Case Closing Order"), pursuant to which this Court, among other things, authorized the Reorganized Debtors to resolve outstanding tasks pursuant to certain procedures and deadlines, so as to ensure that the Chapter 11 Cases will be closed by the end of 2013. In addition, the Court set a hearing for December 18, 2013, at 10:00 a.m. (prevailing Eastern time), at which time the Reorganized

---

*(cont'd from previous page)*
Debtors have emerged from chapter 11. Accordingly, the Reorganized Debtors seek the requested relief under sections 105(a) and 1142 in furtherance of their efforts to execute and administer the Modified Plan.

3

Debtors are to report on the status of outstanding tasks and the Court will decide whether to enter a final decree in the open Chapter 11 Cases.

        4.      Consistent with the Case Closing Order, the Reorganized Debtors are diligently engaged in the process of concluding the Chapter 11 Cases and winding up the affairs of DPH Holdings. As part of the winding down of DPH Holdings, the Reorganized Debtors must address the disposal of nearly 13,000 boxes of records. Substantially all of these records relate to the operations of the Debtors, and have been stored at an off-site facility since the Reorganized Debtors' emergence from chapter 11.

## RELIEF REQUESTED

        3.      By this Motion, the Reorganized Debtors seek entry of an order authorizing, but not directing, the destruction and/or disposal of records that the Reorganized Debtors, in their reasonable business judgment, determine to be non-essential to the closing of the Chapter 11 Cases or the wind-up of DPH Holdings (the "Non-Essential Records"). The Reorganized Debtors will, however, continue to preserve certain records, including (a) employee medical and exposure records required to be maintained under regulations promulgated by the Occupational Safety and Health Administration, (b) records required to be retained under document retention agreements to which the Reorganized Debtors are parties and which remain in full force and effect, (c) documents related to ongoing litigation in which the Reorganized Debtors are named as parties, and (d) such other records that the Reorganized Debtors may reasonably determine to be necessary for closing the Chapter 11 Cases or the wind-up of DPH Holdings Corp. (collectively, the "Essential Records"). The authority sought by this Motion includes authorizing the Reorganized Debtors to dispose of or destroy the Essential Records at such time as they are no longer required to be maintained by applicable law, regulation, or

4

agreement. The Reorganized Debtors are seeking this relief to unburden themselves from the substantial and unnecessary costs associated with storing their non-essential records and to facilitate the conclusion of the Chapter 11 Cases and the wind down of DPH Holdings.

## BASIS FOR RELIEF

4. Over a period of many decades, Delphi and certain of its affiliates and subsidiaries accumulated a vast archive of documents, files, and records related to, among other areas, human resources, finance, purchasing, sales, and marketing. All records not transferred to the purchasers of the Debtors' operating businesses in connection with the Modified Plan were retained by the Reorganized Debtors. The Reorganized Debtors are currently paying approximately $60,000 per year to store the accumulated documents. The Reorganized Debtors believe that a significant portion of this expense could be saved through destruction and/or disposal of the Non-Essential Records. This cost reduction is particularly important to the Reorganized Debtors as they allocate limited resources in advance of the closing of the Chapter 11 Cases. The Reorganized Debtors, therefore, seek authority to destroy and/or dispose of the Non-Essential Records.

5. No party will be prejudiced by the relief requested. The Non-Essential Records are irrelevant to any unresolved matters related to the closing of the Chapter 11 Cases or the dissolution of DPH Holdings. Indeed, of the more than 20,000 claims filed in these Chapter 11 Cases, only a few claims remain, and the Reorganized Debtors anticipate that those claims will be resolved prior to December of this year. Moreover, as set forth above, the Reorganized Debtors will provide for the continued preservation of the Essential Records until such time that they are no longer required to be maintained by applicable law, regulation, or agreement.

Accordingly, the Reorganized Debtors believe that destruction and/or disposal of the Non-Essential Records is in the best interests of the Reorganized Debtors and all parties in interest.

## APPLICABLE AUTHORITY

6.      Pursuant to section 1142 of the Bankruptcy Code, the Court may direct a debtor or any other necessary party to perform acts necessary for the consummation of the plan. Further, pursuant to the Modified Plan, this Court has jurisdiction to, among other things, to issue orders in aid of execution, implementation, or consummation of the Modified Plan and to hear any matter not inconsistent with the Bankruptcy Code. Modified Plan, Art. XIII(g), (o). Pursuant to paragraphs FF and 56 of the Plan Modification Order confirming the Modified Plan, this Court retains jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Modified Plan, including Article XIII of the Modified Plan. Continuation of a bankruptcy court's jurisdiction post-confirmation is particularly appropriate where the plan and confirmation order specifically preserve the Court's jurisdiction. In re Chateaugay Corp. v. Back, 201 B.R. 48, 64, 66 (Bankr. S.D.N.Y. 1996).

7.      A bankruptcy court retains post-confirmation jurisdiction in order to ensure proper execution and consummation of a debtor's plan. Mueller Industries, Inc. v. Sharon Steel Corp., 1992 U.S. Dist. LEXIS 6924, at *6 (S.D.N.Y. May 21, 1992) ("[T]he bankruptcy court … is empowered to issue orders necessary to ensure … compliance with the terms of the approved plan."); see also, In re Johns-Manville Corp., 97 B.R. 174, 179-81 (Bankr. S.D.N.Y. 1989). Bankruptcy Rule 3020(d), states "[n]otwithstanding the entry of the order of confirmation, the court may issue any other order necessary to administer the estate." Fed. R. Bankr. P. 3020(d).

8. Furthermore, section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). This includes acting to ensure the "orderly conduct of the reorganization proceedings." In re Baldwin-United Corp. Litigation, 765 F.2d 343 (2d Cir. 1985); see also, 2-105 Collier on Bankruptcy ¶ 105.01 (2013) (noting the purpose of section 105(a) is to enable the court to do whatever is necessary to aid in the exercise of its jurisdiction).

9. Here, provision for the destruction of the Non-Essential Records – and the retention of the Essential Records – is an important and necessary step in the administration of the Chapter 11 Cases. Similar relief has been granted in many other large chapter 11 cases. See, e.g., In re Refco, Inc., et al., Case No. 05-60006 (RDD) (Bankr. S.D.N.Y. Dec. 18, 2012); In re Caribbean Petroleum Corp., et al., Case No. 10-12533 (KG) (Bankr. D. Del. Dec. 20, 2012); In re National Steel Corporation, et al., Case No. 02-08699 (JHS) (Bankr. N.D. Ill. Apr. 1, 2010); In re Cadence Innovation LLC, et al., Case No. 08-11973 (KG) (Bankr. D. Del. Aug. 17, 2009); In re Goody's, LLC, et al., Case No. 09-10124 (CSS) (Bankr. D. Del. Apr. 24, 2009); In re TWA Inc. Post Confirmation Estate, Case No. 01-00056 (PJW) (Bankr. D. Del. Apr. 22, 2009); In re TWA Inc. Post Confirmation Estate, Case No. 01-00056 (PJW) (Bankr. D. Del. Dec. 17, 2008); In re Comdisco, Inc., et al., Case No. 01-24795 (BWB) (Bankr. N.D. Ill. June 26, 2008); In re American Home Mortgage Holdings, Inc., Case No. 07-11047 (CSS) (Bankr. D. Del. Jan. 14, 2008); In re TWA Inc. Post Confirmation Estate, Case No. 01-00056 (PJW) (Bankr. D. Del. June 14, 2007); In re TWA Inc. Post Confirmation Estate, Case No. 01-00056 (PJW) (Bankr. D. Del. Dec. 5, 2006).

**WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)**

10.     To the extent applicable, the Reorganized Debtors further request that this Court waive any stay that may be imposed pursuant to Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale or lease of property other than cash collateral is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). The Reorganized Debtors do not believe that any stay imposed by Bankruptcy Rule 6004(h), or any other Bankruptcy Rule that would stay the effectiveness of an order entered on the Motion, applies to property of the Reorganized Debtors following their emergence from chapter 11. Nevertheless, out of an abundance of caution, and in the event that a stay does apply, the Reorganized Debtors submit that a waiver of the stay is appropriate under the circumstances. The Reorganized Debtors must begin the time-consuming process of disposing of the Non-Essential Records before the Chapter 11 Cases are closed and DPH Holdings is dissolved. Thus, time is of the essence in disposing of and/or destroying the Non-Essential Records. Accordingly, the Reorganized Debtors respectfully request that the Court waive any stay that may be imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

**NOTICE**

11.     Notice of this Motion has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 19014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Twenty-Ninth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered May 13, 2013 (Docket No. 22058). In

light of the nature of the relief requested, the Reorganized Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Reorganized Debtors respectfully request that this Court enter an order, substantially in the form of the proposed order attached hereto (i) authorizing, but not directing, the Reorganized Debtors to destroy and/or dispose of the Non-Essential Records, and (ii) granting DPH Holdings such other and further relief as is just and proper.

Dated:   New York, New York
         October 25, 2013

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
      John Wm. Butler, Jr.
      John K. Lyons
      Albert L. Hogan III
      Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

   - and -

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
　　　　　　　　　　　　　　　　　　　　　:
　　In re　　　　　　　　　　　　　　　　 :　Chapter 11
　　　　　　　　　　　　　　　　　　　　　:
DPH HOLDINGS CORP., et al.,　　　　　　　　:　Case No. 05-44481 (RDD)
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Reorganized Debtors.　　　　　:　(Jointly Administered)
　　　　　　　　　　　　　　　　　　　　　:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 1142 AND FED R. BANKR.
P. 3020(d) AUTHORIZING THE REORGANIZED DEBTORS TO DISPOSE OF
<u>NON-ESSENTIAL RECORDS AND OTHER RELATED RELIEF</u>

Upon the Motion dated October 25, 2013 (the "Motion"), filed by the Reorganized Debtors[1] seeking authorization to dispose of the Non-Essential Records pursuant to 11 U.S.C. §§ 105(a) and 1142 and Fed. R. Bankr. P. 3020(d); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having jurisdiction over this matter; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

　　　　ORDERED, ADJUDGED AND DECREED:

　　　　1.　The Motion is hereby GRANTED.

　　　　2.　The Reorganized Debtors are authorized, but not directed, to destroy and/or dispose of records that the Reorganized Debtors, in their reasonable business judgment, determine to be non-essential to the closing of the Chapter 11 Cases or the wind-up of DPH

---

[1] Terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Holdings (the "Non-Essential Records"). The Reorganized Debtors shall continue to preserve (a) employee medical and exposure records required to be maintained under regulations promulgated by the Occupational Safety and Health Administration, (b) records required to be retained under document retention agreements to which the Reorganized Debtors are parties and which remain in full force and effect, (c) documents that the Reorganized Debtors reasonably determine are related to ongoing litigation in which the Reorganized Debtors are named as parties, and (d) such other records that the Reorganized Debtors may reasonably determine to be necessary for closing the Chapter 11 Cases or the wind-up of DPH Holdings Corp. (collectively, the "Essential Records"). The Reorganized Debtors are further authorized to dispose of or destroy the Essential Records at such time as they are no longer required to be maintained by applicable law, regulation, or agreement.

    4. Notwithstanding any Bankruptcy Rule or Federal Rule of Civil Procedure to the contrary, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order.

    5. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order or relating to the destruction and/or disposal of the Non-Essential Records or the Essential Records.

Dated: White Plains, New York
    November ___, 2013

              _____
              UNITED STATES BANKRUPTCY JUDGE