James B. Sumpter, Pro se
21169 Westbay Circle
Noblesville, IN 46062
Telephone: (317) 877-0736
jsump@ieee.org

Salaried Retiree of Debtors

UNITED STATES BANKRUPTCY
COURT SOUTHERN DISTRICT OF
NEW YORK

---------------------------------x Chapter 11 Case No. 05-44481 (RDD)

In re:

DELPHI CORPORATION, et. al.,
: (Jointly Administered) :
Debtors. : :
: :

---------------------------------x

# Motion To Alter Judgment And Order Regarding the 2nd Sumpter Injunction Motion Docket # 22138

### Background

1.    On October 21, 2013, the second of the injunction hearings regarding the Sumpter Indiana Complaint was heard. At the end of the hearing, Judge Drain issued his ruling, which enjoined Sumpter from proceeding against all defendants in all six of the causes in the Indiana Complaint.

2.    During the hearing, I attempted to draw the court's attention to the declaration by Steven Gebbia which was filed as a part of the OPEB Motion in February 2009. However, while I had the Gebbia declaration in my possession, I had trouble locating the key text. I informed the Court in my final comments that I was having

trouble with my memory and concentration due to the effects of my disability. This problem is significantly influenced by my chronic fatigue, which grew progressively worse during the hearing.

3. Since returning home, my symptoms have abated and I have been able to locate the key text in the Gebbia declaration. This text demonstrates in un-ambiguous language that the Delphi OPEB motion did not include the elimination of disability benefits. I have included below the information that I wanted to, but was unable to convey to the court on October 21.

## In regards to the Gebbia declaration[1]:

4. From: Section A Current Salaried Retiree Benefits - page 3, paragraph 3

*"The Debtors currently maintain employee benefit plans and programs to provide retirement benefits to certain of the Debtors' current active salaried employees, retirees, and their surviving spouses (collectively, the "Eligible Salaried Retirees"):1 (i) employer-paid health benefits, including medical, prescription drug, dental, mental health, vision, extended care, and hearing (the "Medical Benefits") and (ii) employer-paid life insurance benefits (the "Insurance Benefits," and together with the Medical Benefits, the "Salaried OPEB ")"*

5. In this paragraph the declaration defines employer paid health benefits including medical, prescription drug, dental, mental health, vision, extended care and hearing as the "*Medical Benefits*". It defines employer paid life insurance benefits as the "*Insurance Benefits*". In addition, it goes on to say that together *Insurance Benefits* and *Medical Benefits* are the *Salaried OPEB*.

---

[1] For the Court's convenience, a copy of the Gebbia declaration is included with this motion as Attachment 1.

6. Thus Mr. Gebbia's declaration explicitly indicates that OPEB includes only what is termed *Insurance Benefits* and *Medical Benefits*. It does not reference disability in any of these descriptions.

7. In addition, the tables in Mr. Gebbia's declaration, on page 6 and 7 makes no reference to disability benefits. It does makes reference to *Insurance Benefits*, which it defined in paragraph 3 as being employer paid life insurance.

8. Furthermore, in paragraph 5a, 5b and 5c, Mr. Gebbia's lists the current OPEB benefits, at the time of his declaration. This list does not include disability benefits.

9. This is clear and unambiguous language that defines OPEB and that definition does not include **disability benefits.** Mr. Gebbia's description of OPEB benefits is consistent with the list in OPEB Motion and OPEB final order.

10. Thus, the declaration, by Mr. Gebbia, who at the time was Delphi's Executive Director, Benefits and Policy and the person charged by the Delphi Strategy Board with providing OPEB benefit information., clearly indicates that the OPEB benefits are:

   a. Eliminating eligibility for **employer-paid post-retirement health care benefits** for all current and future active salaried employees;

   b. Ceasing to make **Company contributions to provide post-retirement health care** for current and future salaried retirees and their surviving spouses;

   c. Canceling **all Retirees' Health Reimbursement Accounts** for Medicare-eligible salaried retirees and their surviving spouses;

    d. Terminating the **Medicare Part B special benefit** for current and future salaried retirees and their surviving spouses;

    e. Ceasing to provide the **1% employer contribution to the Salaried Retirement Savings Plan** for those active salaried employees hired on or after January 1, 1993 and on or prior to December 31, 2000;

    f. Eliminating eligibility for **employer-paid post-retirement basic life insurance** benefits for all current and future active salaried employees;

    g. and ceasing to make Company contributions to provide **post-retirement basic life insurance benefits** for current and future salaried retirees;

11. It's obvious that the above list does not include disability benefits.

12. In addition the table listing the terminated benefits in the Gebbia declaration, page 6, is identical to the table listed in the OPEB motion (docket # 14705, page 22) except that the Gebbia table contains the estimated number of affected employees, as additional information.

### Relief Requested

13. Pursuant to rule 59 (e) of the Federal Rules of Civil Procedure, this is a motion requesting the Court to alter its Judgment and Order regarding the "**2nd Sumpter Injunction Motion**" (docket # 22138).

WHEREFORE, I respectfully request that this Court alter its Judgment and Order in the following ways:

    a. Order that disability benefits were not terminated by the OPEB order.

    b. Order that DPHH shall pay the Sumpter disability benefit as outlined in Cause One of the Indiana Complaint.

c. Order that DPHH shall pay interest and the consequential damages associated with a lump sum payment, as requested in the Sumpter Indiana complaint.

d. Order that Cause Three of the Indiana Complaint must be pursued in bankruptcy court pursuant to bankruptcy claims procedure, which is consistent with the courts determination during the first injunction hearing on September 26, 2013.

e. Order that the bankruptcy court does not have jurisdiction regarding Causes 2, 4, 5 and 6 of the Sumpter Indiana Complaint.

## SIGNATURE

Signed this  24th  day of    October           , 2013

By: _____
James B. Sumpter, pro se

James B. Sumpter, pro se
21169 Westbay Circle
Noblesville, IN  46062

Phone     317-877-0736
E-mail    jsump@ieee.org