UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| DPH HOLDINGS CORP., *et al.,* | ) | Case No. 05-44481 (RDD) |
|  | ) | Jointly Administered |
|  | ) |  |
| Reorganized Debtors. | ) |  |
|  | ) |  |

**ORDER GRANTING THE REORGANIZED DEBTORS' MOTION
FOR ORDER ENJOINING JAMES SUMPTER'S UNITED STATES
DISTRICT COURT, SOUTHERN DISTRICT OF INDIANA ACTION[1]**

**("ORDER ENJOINING SUMPTER INDIANA ACTION")**

Upon the Reorganized Debtors' Motion for Order (I) Enforcing (A) Modified Plan And Plan Modification Order Injunctions, (B) OPEB Orders, And (C) Recoupment Order; (II) Enjoining James Sumpter's Second Lawsuit Filed In The United States District Court For The Southern District Of Indiana And Requiring James Sumpter To Dismiss The Indiana Action With Prejudice; And (III) Holding James Sumpter In Contempt And Awarding Other Sanctions (the "Motion") (Docket No. 22138),[2] dated September 6, 2013; and due and sufficient notice of the Motion having been given, and no other or further notice being necessary; and upon Mr. Sumpter's Response to the Motion (Docket Nos. 22164 and 22165) and Supplemental Response to the Motion (Docket No. 22196) and the Reorganized Debtors' Reply in Support of the Motion (Docket No. 22161) and Memorandum in Further Support of the Motion (Docket No. 22191); and the Court having held a hearing on the Motion and the objection thereto on September 26, 2013 and an evidentiary hearing on October 21, 2013, as reflected in the Proposed Eighty-Fourth

---

[1] Mr. Sumpter's United States District Court, Southern District of Indiana action, Case No. 1:13-cv-1024 WTL-TAB, shall hereinafter be referred to as the "Indiana Action".

[2] Capitalized terms not defined in this order shall have the meanings ascribed to them in the Motion.

and Eighty-Fifth Omnibus Hearing Agendas (Docket Nos. 22162 and 22194, respectively); and,

after due deliberation and for good and sufficient cause, for the reasons stated by the Court in its

bench rulings at the hearings,

IT IS HEREBY ORDERED that:

1.      In accordance with the rulings of the Court on September 26, 2013 and October

21, 2013, the Reorganized Debtors' Motion is granted.

2.      The rulings made by the Court during the September 26, 2013 hearing and the

October 21, 2013 hearing on the Motion are incorporated in their entirety into this Order.

3.      The Court has core jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334(b), the Modified Plan, and the Plan Modification Order.  Jurisdiction exists under Section

13(p) of the Modified Plan, which expressly provides that the Court retained exclusive

jurisdiction of all matters arising out of and related to the chapter 11 cases and the plan,

including any dispute relating to any liability arising out of the termination of any employee or

retiree benefit program regardless of whether such termination occurred prior to or after the

Effective Date of the Plan.  Jurisdiction also exists as this dispute implicates a core function

under the Bankruptcy Code, which includes the Court's enforcement of the Plan Modification

Order, as well as the injunction issued by the Court in furtherance of the Plan injunction and

exculpation provisions found in Sections 11.2 and 11.11 of the Modified Plan.

4.      This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) in which

the Court can enter a final order.  The Bankruptcy Court, as a unit of the District Court, has core

jurisdiction over, among other things, the allowance and disallowance of all claims, including

ERISA claims.  That jurisdiction allows this Court to determine whether ERISA claims and other

claims such as those asserted against the Debtor in the Indiana Action are barred by the Court's

bar date orders as part of the claim administration process, whether the claims are discharged, and whether the claims are meritorious.

5.      The Court has the power to interpret and enforce its orders, as well as make a determination as to whether James B. Sumpter's ("Mr. Sumpter") claims in the Indiana Action are barred by *res judicata* or collateral estoppel.   In addition, the Court may enjoin conduct that would constitute a collateral attack on the Court's prior orders, and the Court has subject matter jurisdiction to enjoin the pursuit of claims pending in another court that are subject to a debtor's discharge.

6.      Mr. Sumpter is collaterally estopped and permanently enjoined from pursuing the claims asserted against DPH Holding Corp.[3] and John Brooks, Butzel Long, Cynthia Haffey, Roberta Granadier, "Other TBD DPHH Employees," and "Other TBD Butzel long (sic) Employees" (collectively the "DPH Agents") in Causes of Action One, Two, Four, Five and Six of the Indiana Action.

7.      Mr. Sumpter is barred by the doctrine of *res judicata* and permanently enjoined from pursuing the claims asserted against the DPH Agents in Causes of Action Four and Five of the Indiana Action as those claims are subject to (1) Sections 11.2 and 11.14 of the Modified Plan; (2) Paragraph 20 of the Plan Modification Order; and (3) the permanent injunction set forth in Paragraph 22 of the Plan Modification Order.

8.      Mr. Sumpter is barred by the doctrine of *res judicata* and permanently enjoined from pursuing the claims asserted against DPH Holdings Corp. in Cause of Action Three of the Indiana Litigation II as those claims are subject to (1) Sections 11.2 and 11.14 of the Modified Plan; (2) Paragraph 20 of the Plan Modification Order; and (3) the permanent injunction set forth in Paragraph 22 of the Plan Modification Order.

---

[3] DPH Holdings Corp. is incorrectly identified in Mr. Sumpter's original Complaint as DPH (Holding), Inc.

9.      Mr. Sumpter is ordered and directed to immediately dismiss, with prejudice, the Indiana Action.

10.      The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

Dated:  White Plains, New York
            November 4, 2013

                                        /s/Robert D. Drain
                                        U.S. BANKRUPTCY JUDGE