SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Albert L. Hogan III
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |

REORGANIZED DEBTORS' REPLY TO OBJECTION TO
MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a)
AND 1142 AND FED. R. BANKR. P. 3020(d) AUTHORIZING THE
<u>REORGANIZED DEBTORS TO DISPOSE OF NON-ESSENTIAL RECORDS</u>

("DOCUMENT DISPOSAL MOTION REPLY")

In accordance with paragraph 14 of the Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered March 20, 2006 (Docket No. 2883), the Reorganized Debtors submit this reply (the "Reply") in support of the Motion for an Order Pursuant to 11 U.S.C. §§ 105(a) and 1142 and Fed. R. Bankr. P. 3020(d) Authorizing the Reorganized Debtors to Dispose of Non-Essential Records (the "Motion").

## REPLY

1.  James S. Sumpter, a salaried retiree of the Debtor, submitted the Limited Objection To Reorganized Debtors' Motion for Approval To Dispose Of Non-Essential Records (Docket No. 22205), dated November 7, 2013 (Docket No. 22214). Mr. Sumpter seeks to ensure that specified documents and records are available for discovery in certain ongoing litigation to which he is party. As stated in his objection, Mr. Sumpter is currently attempting to pursue two lawsuits. This Court has previously enjoined Mr. Sumpter from pursing certain claims asserted in both lawsuits as against the Reorganized Debtors[1] and other related parties.[2]

---

[1]  Captalized terms not otherwise defined herein have the meaning ascribed to them in the Motion.

[2]  See, e.g., Order Granting the Reorganized Debtors' Motion for Order Enjoining James Sumpter's United States District Court, Southern District of Indiana Action ("Order Enjoining Second Indiana Action"), dated November 4, 2013 (Docket No. 22210); Second Order on Reorganized Debtor's Motion for an Order (I) Enforcing Modification Procedures Order, Modified Plan and Plan Modification Order Injunction and Thirty-Seventh Omnibus Claims Objection Order Against James Sumpter, as Plaintiff, in Federal Court ERISA Action; and (II) Directing James Sumpter to Dismiss United States District Court, Southern Division of Indiana Action Against Reorganized Debtors and the Reorganized Debtors' Life & Disability Benefits Program ("Sumpter ERISA Inunction Order II"), dated July 19, 2013 (Docket No. 22090); Order (I) Enforcing Modification Procedures Order, Modified Plan and Plan Modification Order Injunction and Thirty-Seventh Omnibus Claims Objection Order Against James Sumpter, as Plaintiff, in Federal Court ERISA Action; and (II) Directing James Sumpter to Dismiss United States District Court, Southern Division of Indiana Action Against Reorganized Debtors and the Reorganized Debtors' Life & Disability Benefits Program ("Sumpter ERISA Injunction Order"), dated May 28, 2013 (Docket No. 22063).

        2.     Mr. Sumpter states in his objection that his appeal of the Sumpter ERISA Inunction Order II, which enjoins claims related to one lawsuit (the "First Indiana Action"),[3] is pending. He further states that he intends to appeal the Order Enjoining Second Indiana Action, which enjoins claims related to Mr. Sumpter's other lawsuit (the "Second Indiana Action").[4] The First Indiana Action is currently pending as against Metropolitan Life Insurance Company but was dismissed as to Delphi Automotive Systems (Holding) Inc. and Delphi Automotive Systems Life & Disability Benefits Program.[5] The Second Indiana Action is pending against DPH Holdings, among others.

        3.     Mr. Sumpter's objection seeks to preserve specified records listed under two categories: one category related to the First Indiana Action and the other related to the Second Indiana Action. Regarding the first category, documents related to the First Indiana Action, the Reorganized Debtors do not own many of the records listed in Mr. Sumpter's objection, as they were transferred under the Master Disposition Agreement in accordance with the Modified Plan. The authority requested under the Motion to destroy or otherwise dispose of documents only applies to records under the Reorganized Debtors' control. Moreover, even to the extent that the Reorganized Debtors do possess records related to the First Indiana Action, the Reorganized Debtors are no longer parties in that case and are not subject to any requirement

---

[3]    Sumpter v. Metropolitan Life Insurance Company, Case No. 13-cv-00347 (TWP) (DKL) (S.D. Ind. 2013).

[4]    Sumpter v. DPH Holdings, et al., Case No. 13-cv-01024 (TWP) (DKL) (S.D. Ind. 2013).

[5]    Sumpter v. Metropolitan Life Insurance Company, Case No. 13-cv-00347 (TWP) (DKL) (S.D. Ind. July 15, 2013), ECF No. 39.

to retain related records.  Thus, there is no basis for the Reorganized Debtors to bear the burden of preserving documents related to the First Indiana Action.[6]

    4.  As for documents in the second category, relating to the Second Indiana Action, it is likewise the case that the Reorganized Debtors do not control the bulk of the records requested—exceptions include the privileged communications between the Reorganized Debtors and their counsel.  While the Reorganized Debtors recognize that Mr. Sumpter may still appeal the Order Enjoining Second Indiana Action, the Motion and proposed order already contemplate that the Reorganized Debtors would continue to maintain any records in their possession relating to the Second Indiana Action as Essential Records until such time as Mr. Sumpter has exhausted his appeals and the litigation is no longer ongoing. Motion ¶ 3; Proposed Order ¶ 2.

    5.  Accordingly, Mr. Sumpter's objection should be overruled on the basis that the records Mr. Sumpter seeks to maintain are either: (i) outside the scope of the Motion, (ii) do not relate to litigation in which the Reorganized Debtors are parties, or (iii) already preserved under the Motion.

---

[6] Nevertheless, the Reorganized Debtors do not intend to dispose of records that they own which may relate to the First Indiana Action. Rather, at the conclusion of the Chapter 11 Cases, these records will remain with Delphi Automotive LLP, a buyer under the Master Disposition Agreement and Modified Plan, along with records that were transferred upon the Reorganized Debtors emergence from chapter 11.

## CONCLUSION

WHEREFORE, the Reorganized Debtors respectfully request that the Court overrule the objection, grant the Motion, and enter an order substantially in the form of the proposed order attached to the Motion.

Dated: New York, New York
       November 13, 2013

                              SKADDEN, ARPS, SLATE, MEAGHER
                                & FLOM LLP

By: /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr.
     John K. Lyons
     Albert L. Hogan III
     Ron E. Meisler
     155 North Wacker Drive
     Chicago, Illinois 60606

     - and -

     Four Times Square
     New York, New York 10036

     Attorneys for DPH Holdings Corp., et al.,
      Reorganized Debtors