James B. Sumpter, Pro se
21169 Westbay Circle
Noblesville, IN 46062
Telephone: (317) 877-0736
jsump@ieee.org

Salaried Retiree of Debtors

UNITED STATES BANKRUPTCY
COURT SOUTHERN DISTRICT OF
NEW YORK

--------------------------------.x Chapter 11 Case No. 05-44481 (RDD)

In re:

DPH Holdings Corp., et. al.,

                                 :(Jointly Administered):

   Debtors.                            : :
                                    : :

-----------------------------------x

## NOTICE OF APPEAL

Appellant, James Sumpter, pro se (Salaried Retiree of Debtor); hereby appeals to the United States District Court for the Southern District of New York under 28 U.S.C. § 158(a) from the Bankruptcy Court's Final Order Under 28 U.S.C. §§ 157(b),(resulting from the Injunction Motion, filed by DPH Holdings Corp. - Docket 22138) directing the Appellant to dismiss with prejudice all six causes of his Indiana Complaint (filed in District Court SDIN) against DPH Holdings Corp, Butzel Long , P.C., John Brooks and other **TBD** DPHH Employees, Cynthia Haffey, and Roberta P. Granadier and other **TBD** Butzel long Employees. A copy of the Final Order [Docket # 22210] is attached hereto.

The Appellant, James B. Sumpter, does not consent to have the appeal heard by the Bankruptcy Appellate Panel.

The names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

**1) Appellant:**

James B. Sumpter, pro se
21169 Westbay Circle
Noblesville, IN 46062
Telephone: (317) 877-0736
jsump@ieee.org

**2) Counsel to the Reorganized Debtors:**

Cynthia Haffey
150 W. Jefferson
Suite 100
Detroit, MI 48236
Telephone: 313-225-7064

Dated: Noblesville, Indiana
       November 9, 2013

By: /s/ James B. Sumpter

James B. Sumpter, Pro Se
21169 Westbay Circle
Noblesville, IN 46062
Telephone: (317) 877-0736
jsump@ieee.org

Salaried Retiree of Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) Chapter 11 |
| DPH HOLDINGS CORP., *et al.*, | ) Case No. 05-44481 (RDD) |
| | ) Jointly Administered |
| Reorganized Debtors. | ) |

### ORDER GRANTING THE REORGANIZED DEBTORS' MOTION FOR ORDER ENJOINING JAMES SUMPTER'S UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF INDIANA ACTION[1]

### ("ORDER ENJOINING SUMPTER INDIANA ACTION")

Upon the Reorganized Debtors' Motion for Order (I) Enforcing (A) Modified Plan And Plan Modification Order Injunctions, (B) OPEB Orders, And (C) Recoupment Order; (II) Enjoining James Sumpter's Second Lawsuit Filed In The United States District Court For The Southern District Of Indiana And Requiring James Sumpter To Dismiss The Indiana Action With Prejudice; And (III) Holding James Sumpter In Contempt And Awarding Other Sanctions (the "Motion") (Docket No. 22138),[2] dated September 6, 2013; and due and sufficient notice of the Motion having been given, and no other or further notice being necessary; and upon Mr. Sumpter's Response to the Motion (Docket Nos. 22164 and 22165) and Supplemental Response to the Motion (Docket No. 22196) and the Reorganized Debtors' Reply in Support of the Motion (Docket No. 22161) and Memorandum in Further Support of the Motion (Docket No. 22191); and the Court having held a hearing on the Motion and the objection thereto on September 26, 2013 and an evidentiary hearing on October 21, 2013, as reflected in the Proposed Eighty-Fourth

---

[1] Mr. Sumpter's United States District Court, Southern District of Indiana action, Case No. 1:13-cv-1024 WTL-TAB, shall hereinafter be referred to as the "Indiana Action".

[2] Capitalized terms not defined in this order shall have the meanings ascribed to them in the Motion.



0544481131104000000000002

and Eighty-Fifth Omnibus Hearing Agendas (Docket Nos. 22162 and 22194, respectively); and, after due deliberation and for good and sufficient cause, for the reasons stated by the Court in its bench rulings at the hearings,

IT IS HEREBY ORDERED that:

1.   In accordance with the rulings of the Court on September 26, 2013 and October 21, 2013, the Reorganized Debtors' Motion is granted.

2.   The rulings made by the Court during the September 26, 2013 hearing and the October 21, 2013 hearing on the Motion are incorporated in their entirety into this Order.

3.   The Court has core jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), the Modified Plan, and the Plan Modification Order. Jurisdiction exists under Section 13(p) of the Modified Plan, which expressly provides that the Court retained exclusive jurisdiction of all matters arising out of and related to the chapter 11 cases and the plan, including any dispute relating to any liability arising out of the termination of any employee or retiree benefit program regardless of whether such termination occurred prior to or after the Effective Date of the Plan. Jurisdiction also exists as this dispute implicates a core function under the Bankruptcy Code, which includes the Court's enforcement of the Plan Modification Order, as well as the injunction issued by the Court in furtherance of the Plan injunction and exculpation provisions found in Sections 11.2 and 11.11 of the Modified Plan.

4.   This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) in which the Court can enter a final order. The Bankruptcy Court, as a unit of the District Court, has core jurisdiction over, among other things, the allowance and disallowance of all claims, including ERISA claims. That jurisdiction allows this Court to determine whether ERISA claims and other claims such as those asserted against the Debtor in the Indiana Action are barred by the Court's

bar date orders as part of the claim administration process, whether the claims are discharged, and whether the claims are meritorious.

5.  The Court has the power to interpret and enforce its orders, as well as make a determination as to whether James B. Sumpter's ("Mr. Sumpter") claims in the Indiana Action are barred by *res judicata* or collateral estoppel. In addition, the Court may enjoin conduct that would constitute a collateral attack on the Court's prior orders, and the Court has subject matter jurisdiction to enjoin the pursuit of claims pending in another court that are subject to a debtor's discharge.

6.  Mr. Sumpter is collaterally estopped and permanently enjoined from pursuing the claims asserted against DPH Holding Corp.[3] and John Brooks, Butzel Long, Cynthia Haffey, Roberta Granadier, "Other TBD DPHH Employees," and "Other TBD Butzel long (sic) Employees" (collectively the "DPH Agents") in Causes of Action One, Two, Four, Five and Six of the Indiana Action.

7.  Mr. Sumpter is barred by the doctrine of *res judicata* and permanently enjoined from pursuing the claims asserted against the DPH Agents in Causes of Action Four and Five of the Indiana Action as those claims are subject to (1) Sections 11.2 and 11.14 of the Modified Plan; (2) Paragraph 20 of the Plan Modification Order; and (3) the permanent injunction set forth in Paragraph 22 of the Plan Modification Order.

8.  Mr. Sumpter is barred by the doctrine of *res judicata* and permanently enjoined from pursuing the claims asserted against DPH Holdings Corp. in Cause of Action Three of the Indiana Litigation II as those claims are subject to (1) Sections 11.2 and 11.14 of the Modified Plan; (2) Paragraph 20 of the Plan Modification Order; and (3) the permanent injunction set forth in Paragraph 22 of the Plan Modification Order.

---

[3] DPH Holdings Corp. is incorrectly identified in Mr. Sumpter's original Complaint as DPH (Holding), Inc.

9.  Mr. Sumpter is ordered and directed to immediately dismiss, with prejudice, the Indiana Action.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

Dated: White Plains, New York
       November 4, 2013

/s/Robert D. Drain
U.S. BANKRUPTCY JUDGE

4