21169 Westbay Cir.
Noblesville, IN 46062
November 15, 2013

Re: The October 21, 2013 hearing transcript concerning DPH Holdings Corp.
    Second Injunction Motion, docket #22138

Dear Judge Drain:

I'm writing in an attempt to get a clarification regarding your ruling as it is documented in the transcript from the October 21, 2013 hearing regarding the motion to enjoin my second Indiana lawsuit (docket # 22138).

The issue concerns the text on page 72 of the transcript, lines 12 through 16. The text at issue is presented below:

> **in reviewing Mr. Sumpter's objection to the OPEB motion that Mr. Sumpter was objecting to the termination of his retiree, I mean his disability, health and life insurance benefits, that, again, while res judicata does not apply here, collateral estoppel does.**

My issue is with the comma that comes after word "disability" in the transcript. As it is written here, the word "disability" is a noun, which gives the sentence a completely different meaning than what I understood your ruling to be, as you issued it in the court room.

My understanding is that the word disability was used as an adjective; and in that regard, the text in the transcript should appear as below, without the comma:

> **in reviewing Mr. Sumpter's objection to the OPEB motion that Mr. Sumpter was objecting to the termination of his retiree, I mean his disability health and life insurance benefits, that, again, while res judicata does not apply here, collateral estoppel does.**

Would you clarify which of the two sets of text is what you intended. If the second set is the correct version, which is consistent with my understanding, can you tell me how I should go about getting the transcript corrected.

I have attached a copy of transcript page 72 below. The transcript docket number is 22212.

Sincerely,

*James B. Sumpter*

James B. Sumpter

```
 1   committee which I previously approved by final order.  That
 2   settlement set up a hardship fund as well as a VEBA to provide
 3   material consideration to retirees, including those on
 4   disability.  I do not believe that Delphi ever committed not to
 5   terminate disability benefits in any respect.  Such a
 6   commitment would require Court approval, and it's obviously
 7   clearly inconsistent with the settlement that I've just
 8   discussed, which says nothing about any such commitment, as
 9   well as the Court's ruling on the salaried OPEB motion.
10              I conclude, therefore, that while the final OPEB
11   order is not res judicata for reasons that I've already stated
12   as well as my belief in reviewing Mr. Sumpter's objection to
13   the OPEB motion that Mr. Sumpter was objecting to the
14   termination of his retiree, I mean his disability, health and
15   life insurance benefits, that, again, while res judicata does
16   not apply here, collateral estoppel does.  New York preclusion
17   law applies here, and under that law, re-litigation of an
18   issue, or collateral estoppel, is precluded when two conditions
19   are met: the identical issue necessarily was decided in the
20   prior action and is decisive in the present action, and the
21   party to be precluded from litigating the issue had a full and
22   fair opportunity to litigate the issue in the prior action.
23   See Kaufman v. Eli Lilly & Co. 4 A2d 63, 67 (NY Court of
24   Appeals 1985).  See also Khandahr, K-H-A-N-D-A-H-R, v.
25   Elfenbein, 943 F.2d 244, 247 (2d Cir. 1991).
```