UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
    In re                                 :      Chapter 11
:
DPH HOLDINGS CORP., et al.,      :      Case No. 05-44481 (RDD)
:
            Reorganized Debtors.  :      (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 1142 AND FED R. BANKR.
P. 3020(d) AUTHORIZING THE REORGANIZED DEBTORS TO DISPOSE OF
<u>NON-ESSENTIAL RECORDS AND OTHER RELATED RELIEF</u>

Upon the motion, dated October 25, 2013 (the "Motion"), of the Reorganized Debtors[1] seeking authorization to dispose of the Non-Essential Records pursuant to 11 U.S.C. §§ 105(a), 554 and 1142 and Fed. R. Bankr. P. 3020(d); and it appearing that proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the confirmed Plan; and there being no objections to the Motion with the exception of the objection of James Sumpter (the "Objection"); and upon the Reorganized Debtors' response to the Objection (the "Response"); and upon the record of the hearing held by the Court on the Motion; and after due deliberation thereon; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and good and sufficient cause appearing therefor, it is hereby

    ORDERED:

---

[1]    Terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

1. The Motion is granted as provided herein, and, to the extent not resolved by the representations made in the Response, the Objection is overruled.

2. The Reorganized Debtors are authorized, but not directed, to destroy and/or dispose of records that the Reorganized Debtors, in their reasonable business judgment, determine to be non-essential to the closing of the Chapter 11 Cases or the wind-up of DPH Holdings (collectively, as defined in the Motion, the "Non-Essential Records"). The Reorganized Debtors shall continue to preserve (a) employee medical and exposure records required to be maintained under regulations promulgated by the Occupational Safety and Health Administration, (b) records required to be retained under document retention agreements to which the Reorganized Debtors are parties and which remain in full force and effect, (c) documents that the Reorganized Debtors reasonably determine are related to ongoing litigation in which the Reorganized Debtors are named as parties, and (d) such other records that the Reorganized Debtors may reasonably determine to be necessary for closing the Chapter 11 Cases or the wind-up of DPH Holdings Corp. (collectively, as defined in the Motion, the "Essential Records"). The Reorganized Debtors are further authorized to dispose of or destroy any Essential Records at such time as they are no longer required to be maintained by applicable law, regulation, or agreement.

4. Notwithstanding anything in this Order to the contrary, (a) the Essential Records also shall include Real Property Information and Environmental Information, each as defined in that certain Joint Stipulation and Agreed Order, Consent Decree and Settlement Agreement Among Reorganized Debtors, the United States on Behalf of the United States Environmental Protection Agency, the State of Michigan on Behalf of the Michigan Department of Environmental Quality, the State of Ohio on behalf of the Ohio Environmental Protection Agency, and the Environmental

Response Trust Trustee (I) Resolving Proof of Claim Number 15785 and Proofs of Administrative Expense Numbers 18956, 19539, and 19786 and (II) Establishing an Environmental Response Trust filed with the Court on November 8, 2013 (Docket No. 22215), and (b) other documents and records of the Reorganized Debtors relating to environmental activities and conditions shall be preserved by the Reorganized Debtors and, except for documents and records prepared in anticipation of litigation or otherwise protected by privilege, shall be made available to the United States for inspection and turnover during regular business hours through December 31, 2013, after which time all such documents shall be deemed to be Non-Essential Records.

5. Notwithstanding anything in this Order or the Motion, the Non-Essential Records shall not include and the Reorganized Debtors shall not destroy (nor direct its third party claims administrator to destroy) any records relating to the claims and underlying personnel records of employees who have asserted a workers' compensation and/or employers liability claim against the Debtors and/or the Insurers (defined below) under policies issued to the Debtors by ACE American Insurance Company, Pacific Employers Insurance Company, or Illinois Union Insurance Company (collectively, the "Insurers").

6. Notwithstanding any Bankruptcy Rule or Federal Rule of Civil Procedure to the contrary, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order or relating to the destruction and/or disposal of the Non-Essential Records or the Essential Records.

Dated: White Plains, New York
    November 18, 2013

                                        /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE