# BUTZEL LONG
ATTORNEYS AND COUNSELORS

*a professional corporation*

David J. DeVine
313 225 7088
devine@butzel.com

Suite 100   150 West Jefferson
Detroit, Michigan 48226
T: 313 225 7000  F: 313 225 7080
butzel.com

*Via E-Mail*

November 19, 2013

The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    ***DPH Holdings Corp., et al.*/Case No. 05-44481 (RDD)/Response to Letter of James Sumpter Regarding October 21, 2013 Hearing Transcript**

Dear Judge Drain:

    We are writing in response to Mr. Sumpter's November 15 letter about the Court's rulings at the October 21, 2013 hearing (Docket No. 22225).

    As an initial matter, the Reorganized Debtors take no substantive position on Mr. Sumpter's inquiry and proposed change to the transcript, as they believe the subject comma has no bearing on the Court's ultimate rulings on the issues of collateral estoppel and res judicata.

    Notwithstanding that fact, the Reorganized Debtors respectfully submit that this Court no longer has jurisdiction to address Mr. Sumpter's inquiry in light of his November 9, 2013 notice of appeal (Docket No. 22223). *See In re Adelphia Communications Corp.*, 2007 U.S. Dist. LEXIS 95139, *5 (S.D.N.Y., Dec. 26, 2007) ("The filing of a bankruptcy appeal confers jurisdiction on the [appellate court] and divests the [trial] court of control over those aspects of the case involved in the appeal. Once a notice of appeal is filed no lower court should be able to vacate or modify an order under appeal, not even a bankruptcy court attempting to eliminate the need for a particular appeal. . . . Bankruptcy courts do not retain exclusive or concurrent jurisdiction with the district court over the subject matter of an appeal." (internal citations and quotation marks omitted)).

    Specifically, Mr. Sumpter's appeal involves this Court's November 4, 2013 Order Enjoining Sumpter Indiana Action (Docket No. 22210). Paragraph 2 of that order, in turn, specifically incorporates the Court's rulings at the October 21, 2013 hearing. Thus, the portion of the transcript Mr. Sumpter cites constitutes an "aspect[] of the case involved in the appeal" and is not properly before this Court. *See In re Adelphia, supra.*

November 19, 2013

        As always, we thank the Court for its consideration.

                                Respectfully,

                                David J. DeVine

cc:    Mr. James B. Sumpter (via e-mail to jsump@ieee.org)