Page 1

```
 1  UNITED STATES BANKRUPTCY COURT
 2  SOUTHERN DISTRICT OF NEW YORK
 3  Case No. 05-44481(RDD)
 4  - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
 5  In the Matter of:
 6
 7  DPH HOLDINGS CORP., ET AL.,
 8
 9           Debtors.
10
11  - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
12
13              U.S. Bankruptcy Court
14              300 Quarropas Street
15              White Plains, NY 10601
16
17              July 25, 2013
18              10:07 AM
19
20  B E F O R E :
21  HON ROBERT D. DRAIN
22  U.S. BANKRUPTCY JUDGE
23
24
25  ECR OPERATOR: A. VARGAS
```

Page 2

1   Hearing re:  Reorganized Debtors' Motion for an Order to

2   Compel Compliance with, and to Implement, the Modified Plan,

3   Plan Modification Order and Related Documents (related

4   document(s) 22075)

5

6   Hearing re:  Objection by General Motors (related

7   document(s) 22088)

8

9   Hearing re:  Notice of Agenda Proposed Sixty-First Claims

10  Hearing Agenda

11

12  Hearing re:  Notice of Agenda Proposed Eighty-Third Omnibus

13  Hearing Agenda

14

15

16

17

18

19

20

21

22

23

24

25  Transcribed by:  Jamie Gallagher

```
 1   A P P E A R A N C E S :
 2   TOGUT, SEGAL & SEGAL, LLP
 3         Attorney for the Debtors
 4         One Penn Plaza
 5         New York, NY 10119
 6
 7   BY:  STEVEN S. FLORES, ESQ.
 8
 9   KING & SPALDING, LLP
10         Attorney for New GM
11         1185 Avenue of the Americas
12         New York, NY 10036
13
14   BY:  ARTHUR J. STEINBERG, ESQ.
15
16   BUTZEL LONG, PC
17         150 West Jefferson
18         Suite 100
19         Detroit, MI 48226
20
21   BY:  BRUCE L. SENDEK, ESQ.
22         CYNTHIA J. HAFFEY, ESQ.
23
24
25
```

```
 1  BUTZEL LONG, PC
 2       Stoneridge West
 3       41000 Woodward Avenue
 4       Bloomfield Hills, MI 48304
 5
 6  BY:   THOMAS B. RADOM, ESQ.
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1    P R O C E E D I N G S

2             THE COURT:  All right.  In re DPH Holdings.

3             MR. FLORES:  Good morning, Your Honor.  Steven

4    Flores, Togut Segal for the DPH reorganized debtors.

5             THE COURT:  Good morning.

6             MR. STEINBERG:  Good morning, Your Honor.  I'm

7    Arthur Steinberg from King & Spalding on behalf of New GM.

8             THE COURT:  Morning.  Okay.  I've gotten the two

9    agendas: the omnibus hearing agenda and the claims hearing

10   agenda.  There's nothing on for the claims hearing agenda.

11            MR. FLORES:  No, Your Honor, there is not.  I

12   believe the only matter we have today is the motion to

13   compel compliance with the modified plan.

14            THE COURT:  Right.

15            MR. FLORES:  As we alerted chambers yesterday, the

16   parties have reached an interim agreement with respect to

17   that motion.  And I'll be very brief, but I'd like to set

18   out that agreement for the Court.

19            THE COURT:  Okay.

20            MR. FLORES:  I'll refer to that motion as the

21   motion to compel, Your Honor.  As we advised yesterday, this

22   proposed adjournment does not in any way adjourn or

23   otherwise affect the reorganized debtors' motion for a final

24   decree closing the bankruptcy cases.  That motion I'll refer

25   to as the case closing motion.  That motion will go forward

1   as scheduled on July 30th.

2   　　　　　The parties have agreed to adjourn the hearing to
3   consider the motion to compel for 30 days to the next omni
4   date, which I believe is August 22nd, so that we can
5   exchange information and settlement discussions can be had.

6   　　　　　GM agrees that notwithstanding anything to the
7   contrary in the master disposition agreement or elsewhere,
8   this Court shall not lose jurisdiction to adjudicate the
9   issues concerning the motion to compel by reason of the
10  adjournment of the hearing to consider the motion to compel
11  going past July 30, 2013.  Specifically, this Court will
12  hear the motion to compel and any proceedings related to the
13  motion to compel if those issues need to be adjudicated.

14  　　　　　The filing of the motion -- the motion to compel
15  has tolled the time for the filing of an adversary
16  proceeding if the Bankruptcy Court ultimately determines
17  that an adversary proceeding is needed.  In other words,
18  Your Honor, Bankruptcy Court jurisdiction is not impacted in
19  any way by the settlement period.

20  　　　　　The parties -- during that time, the parties will
21  work together in good faith to address and exchange
22  information about the issues raised and work -- and the
23  information we exchange will be kept confidential, but we
24  will work together in good faith to address any
25  confidentiality issues in case any documents ultimately need

1  to be filed with the Court.
2         And as I mentioned, we'll also work together in
3  good faith to try and resolve the disputes concerning the
4  motion to compel.  This agreement is without waiver of
5  either parties' rights whatsoever, including under the
6  funding agreement.  And this agreement is not a concession
7  by the reorganized debtors that New GM is entitled to any of
8  the information it seeks.  Of course, we understand that New
9  GM may disagree with -- with our position on that.
10        Just a couple more points, Your Honor --
11        THE COURT:  Well -- okay, when you say that it's
12 without prejudice, obviously there was an assertion that
13 jurisdiction might be lost.  That obviously trumps what you
14 just said as far as without prejudice.
15        MR. FLORES:  That does, Your Honor.  That does,
16 Your Honor.
17        THE COURT:  Right.  Okay.
18        MR. FLORES:  The parties have agreed that the
19 reorganized debtors shall file their reply brief in support
20 of the motion to compel no later than four business days
21 before the hearing on the adjourned motion to compel.  And
22 between now and July 30th, the parties will work together to
23 try and resolve New GM's objection to the case closing
24 motion.  And that motion will proceed and be heard on
25 July 30th.

1          For the avoidance of any doubt, New GM will not

2   assert that the adjournment of the motion to compel is a

3   defense to the case closing motion, or that the adjournment

4   is any reason whatsoever why the case closing motion cannot

5   go forward as scheduled on the 30th.

6          But New GM can still raise its objections to the

7   case closing motion asserted in its consolidated objection

8   to the motion to compel and case closing motion.  So, Your

9   Honor, we intend to submit a consent order later today and

10  unless Your Honor has any questions, we'd also ask that you

11  so order the record.

12         THE COURT:  Okay.  Mr. Steinberg, was that

13  consistent with GM's understanding of what's been agreed so

14  far?

15         MR. STEINBERG:  Your Honor, that -- those scripted

16  remarks by Mr. Flores was approved by me before he read

17  them, so I obviously agree with them.

18         I would like to say just a couple of words to try

19  to bring a little color to what -- what has gone on outside

20  of the courtroom so Your Honor can see where this thing is

21  going.

22         When we got the motion, and this is when I first

23  got involved in this case, so it's a -- it's an honor to

24  appear before you in this courtroom, it was clear that I was

25  -- I had more questions than needed and that I thought more

1   time needed to develop the record in this case.  But the --
2   to give the Togut's firm its due, they were backed up to a
3   provision in the master disposition agreement which had Your
4   Honor's jurisdiction sort of evaporating where you were now
5   in the non-exclusive period.  And come the end of this
6   month, you would be losing jurisdiction over an issue which
7   is probably important for Your Honor to stay with for the
8   rest of the time.
9           The reason why we raised the jurisdiction issue
10  was because there was a lot of words about how this was an
11  emergency and we needed to deal with this right away.  And
12  we were trying to emphasize to Your Honor that we didn't
13  think it was an immediate emergency, although frankly there
14  is a deadline by the end of the year so people have to try
15  to deal with issues.
16          We actually look at the case closing motion in the
17  same way, which is that to some extent they're trying to
18  hurt the cats so -- of the stray issues that have been
19  around the case for a while.  But we didn't want to be
20  prejudiced by having to run into Court without the benefit
21  of knowing more, and potentially having to take discovery.
22          And we -- we talked to the Togut firm and they
23  said understanding those concepts, we would agree to a 30
24  day adjournment.  We'll try to exchange as much as
25  information on an informal basis, so that you can get

1  brought up to speed and you can either convince us, or we

2  can convince you about some of the issues that are involved.

3         When we reached that arrangement yesterday, I had

4  asked for an adjournment of the case closing motion, because

5  there's an overlap between the two issues.  The Skadden

6  firm, who was handling that and was not prepared to do that.

7         So, that's why you get in the statement we're not

8  agreeing to adjourn.  I am prepared to make my arguments on

9  Tuesday if there's not going to be any change.  But

10 obviously there's an overlap between the two because, you

11 know, part of what we said in the confusion in connection

12 with this motion, is also -- ties into the case closing

13 motion.

14        There's a discussion about whether we have to fund

15 environmental liabilities on three particular sites.  Your

16 Honor, in the last two days, after we had filed our

17 objection, the State -- the Michigan environmental authority

18 filed an objection to the case closing motion saying that

19 they think there's something, and they described what was

20 happening was that ultimately if there would be a deal, the

21 properties would be transferred to a trust owned by, in

22 effect, DPH and then there would be a remediation.

23        The next day, the EPA files an objection saying

24 that we fundamentally misunderstand what they meant by a

25 trust and therefore they filed a motion in support of the

1  motion to compel.  This morning, there was an objection

2  filed by the EPA to the case closing motion saying we're not

3  really close to -- we haven't reached a deal yet.  And so,

4  obviously, things are in a state of flux and that's not

5  necessarily unusual when you have deadlines coming up and

6  people are now trying to stake out their position.

7           The other thing that overlaps between the two is

8  that the other thing that they asked us to fund was a

9  reserve in connection with the Delaware dissolution statute

10 in connection with claims, which is where we got copies of

11 the claims.  But on the motion to close cases where they

12 describe what the remaining claims are, none of those are in

13 the remaining claims.  And so, we obviously have issues of

14 why we're funding something that -- that the -- the other

15 counsel is saying doesn't exist or is not worth dealing

16 with.

17          I'm sure there's an explanation, I just couldn't

18 tell it from putting the two motions together.

19          The one thing that I will just conclude with -- I

20 have two final remarks.  One, I understand from the case

21 management order that was entered at the beginning of the

22 case that the way things work when someone files a motion is

23 that people object when they're supposed to object on the

24 deadline, and then the reply is due a day before the actual

25 hearing date, 4 o'clock of the day before if there's

1  something in the morning.

2  The agenda that was filed in connection with
3  today's hearing for the case closing motion, not the motion
4  to compel, indicates that a reply was filed, or was going to
5  be filed, but that was indicated that that was an additional
6  pleading, that's not on the docket.

7  And so, if Skadden is going to be replying to
8  this, they had indicated they had filed it yesterday, but we
9  have not seen it yet and it's not on the docket.  If they're
10 going to -- to actually want to go forward on Tuesday, it is
11 somewhat of a disadvantage for us to have to try to get
12 whatever their responses are, you know, less than 24 hours
13 before, especially because they, themselves, decided to
14 adjourn this hearing.

15 The other thing is, is while we complied with our
16 objection deadline, we still see objections trickling in to
17 the case closing motion and I have no idea whether those
18 were just people who decided to ignore a deadline, or they
19 were under extension.

20 And so, my complaint is sort of -- I'd like to
21 know -- to have a final record of the pleadings, and to have
22 a little extra time to be able to prepare so that if I go
23 forward, I have something coherent to say and the ability to
24 digest.  And so that's -- that's one remark.

25 And then just finally, I will say this in a

1  compliment to the Togut firm.  I once heard Al Togut speak

2  and he said the compliment of a good litigator is not how he

3  performs in court, but how he performs before court to make

4  sure things are getting resolved.  And with that admonition,

5  I think that's the way they practice.  We're going to try to

6  adopt that in this case to see whether we can try to have a

7  cleaned up position for Your Honor so that Your Honor could

8  see either a streamlined bunch of issues or a resolution

9  over the next 30 days.

10              THE COURT:  Okay.  Well, as to -- as to the case

11  closing motion, my clerks have, but I haven't started to

12  prepare for that.  So, I don't know whether -- what's on the

13  agenda was -- is now on the docket or not, but it should be,

14  obviously if it's prepared and provided to chambers, it

15  should be on the docket, too.

16              I think there's someone from Skadden on the phone.

17  Right, a Mr. (indiscernible - 00:15:33), so maybe you can

18  relay that to whoever is in charge of that -- that pleading.

19              And on the other points, it was clear to me that

20  the -- the two deadlines that the debtors are facing here,

21  the July 30th deadline and the year end deadline, we're in

22  -- at least in some part, and maybe a large part driving the

23  need to get this in front of me.  And it was also clear to

24  me that there was a need to get more to the bottom of these

25  two payment requests.  So, I'm glad the parties, in fact,

Page 14

1    have been able to make sure they weren't under the gun of
2    the most immediate deadline so that they can get more of the
3    facts.
4              Clearly, I would have pressed you for the facts
5    today and I hope that you'll have a more complete record.
6    And maybe, in light of that, we'll be able to resolve it
7    between yourselves before the next hearing date on both the
8    Delaware patent claim issue and how that relates first to
9    whether these really are pending claims, and second how it
10   relates to 502 and the Bankruptcy Code.
11             And then secondly -- separate and apart even from
12   the wording of the agreement.  And then secondly, the
13   environmental issue.  And on the environmental issue, I
14   mean, ultimately it may make sense to do this as an economic
15   matter, but this needs to be nailed down too, I think.  You
16   know, particularly if there's potentially a different view
17   of what the proposal is as between the U.S. and Michigan.
18   So, that's worth nailing down.
19             So, I'll see you all in August and hopefully it
20   will be on a consensual basis.  Or even if it's not on a
21   wholly consensual base, on a -- it's done on a largely
22   consensual basis.
23             MR. STEINBERG:  Thank you, Judge.
24             MR. FLORES:  Thank you, Your Honor.
25             THE COURT:  Okay.

```
 1         (Whereupon these proceedings were concluded at 10:22
 2    AM)
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1          C E R T I F I C A T I O N
2
3   I, Jamie Gallagher, certify that the foregoing transcript is
4   a true and accurate record of the proceedings.
5
6   **Jamie Gallagher**
7   Digitally signed by Jamie Gallagher
    DN: cn=Jamie Gallagher, o=Veritext,
    ou, email=digital@veritext.com, c=US
    Date: 2013.11.20 14:51:58 -05'00'
8   Veritext
9   200 Old Country Road
    Suite 580
10
11  Mineola, NY 11501
12
13  Date:  July 26, 2013
14
15
16
17
18
19
20
21
22
23
24
25