James B. Sumpter, pro se
21169 Westbay Circle
Noblesville, IN 46062
Telephone: (317) 877-0736
jsump@ieee.org

Salaried Retiree of Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------.x   Chapter 11 Case No. 05-44481 (RDD)
In re:
DPH Holdings Corp., et. al.,
                                         :(Jointly Administered):
        Debtors.                         : :
                                         : :

------------------------------------x
```

## EXPEDITED MOTION FOR STAY PENDING APPEAL

1. I, James B Sumter, request, pursuant to the provisions of Rule 8005 of the Federal Rules of Bankruptcy Procedure, an expedited stay of the Court's Order (Docket # 22210) which enjoins the Movant from pursuing what's been termed the Second Indiana Complaint in the Indiana District Court.

2. The Court ruling ordered and directed the Movant, James B Sumter, **"to immediately dismiss, with prejudice, the Indiana Action"**.

3. The Movant is requesting the stay for the duration of the appeal of this Court's order to the United States District Court for the Southern District of New York.

4.    The Movant is also requesting that the stay be granted on an expedited basis and asks that the Court issue its ruling on this motion no later than the December 18, 2013 Omnibus hearing. All other documents required for the appeal have been filed with the Bankruptcy Court Clerk.

## ARGUMENT

5.    Four factors are considered in determining whether to issue a stay (1) whether the Movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the Movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected. (See *ACC Bondholder Group v. Adelphia Communs. Corp. (In re Adelphia Communs. Corp.), 361 B.R. 337 (S.D.N.Y. 2007)*)

### Regarding Irreparable Injury to the Movant Absent a Stay

6.    The Court should note that the Movant will be irreparably injured if this stay is not granted. This is true since the ruling from the Second Injunction Motion (docket # 22138) orders the dismissal of the Indiana complaint against all defendants, **with prejudice**. If the Movant is required to do so, prior to having his appeal heard, any appeal to the District Court would be moot. Thus, as stated in *ACC Bondholder Group v. Adelphia Communs. Corp. (In re Adelphia Communs. Corp.), 361 B.R. 337 (S.D.N.Y. 2007)*:

*"Loss of appellate rights is a quintessential form of prejudice. Thus, where the denial of a stay pending appeal risks mooting any appeal of significant claims of error, the irreparable harm requirement of Fed. R. Bankr. P. 8005 is satisfied. "*

### Regarding whether a party will suffer substantial injury if a stay is issued

7. The Movant has notified the Indiana District Court of the Bankruptcy Court's ruling and has informed the Indiana District Court of his plans to appeal. In the meantime, all actions in the Indiana complaint are stayed.

8. Thus, the issuance of a stay by this Court will cause no material injury to DPH holdings Corp. or the other defendants in the Indiana Complaint. It simply maintains the status quo. While, failure to issue the stay will permanently prevent the Movant from pursuing his appeal and the underlying claim worth in excess of $9.1 million against the defendants.

### Regarding Whether the Movant Has Demonstrated a Substantial Possibility, Although Less Than a Likelihood, Of Success on Appeal

9. There is a clear dispute in several areas, which all will be subject to de novo review by the District Court.

10. There is the issue of the bankruptcy Court jurisdiction as it relates to four of the six causes of action and the Second Indiana Complaint. Since these causes of action are not related to the bankruptcy proceedings.( See ***Celotex Corp. v. Edwards, 514 U.S. 300 (U.S. 1995)***; See ***Knox v. Sunstar Acceptance Corp. (In re Knox), 237 B.R.,***

Page 3 of 6

*693(Bankr. N.D. Ill. 1999);* See *Geron v. Schulman (In re Manshul Constr. Corp.), 225 B.R. 45(S.D.N.Y. 1998); and see Stern v. Marshall, 131 S. Ct. 2594 (U.S. 2011).*

11. This issue was discussed in detail in the Movant's response (docket # 22164) to the Debtors injunction motion.

12. There is the issue of retroactive termination of vested benefits and benefits already under claim. (See *Medina v. Time Ins. Co., 3 F. Supp. 2d 996, 998 (S.D.Ind. 1998); See Member Services Life Ins. Co. v. American Nat. Bank and Trust Co. of Sapulpa, 130 F.3d 950, 958 (10th Cir. 1997);* See **Blackshear v. Reliance Std. Life Ins. Co., 509 F.3d 634 (4th Cir. N.C. 2007)** *and see Filipowicz v. American Stores Ben. Plans Committee, 56 F.3d 807 (7th Cir. 1995).*

13. This issue was discussed in detail in my Supplemental Response to the Debtors Injunction Motion ( docket # 22196).

14. There is the issue of the OPEB motion language, the language of the OPEB ruling, and the OPEB declaration by Steven Gebbia. The Court has conceded that none of these key documents reference or seek to terminate disability benefit payments. See hearing transcript pages 68 and 69 (docket # 22212).

15. In addition, there are the other issues identified in the Issues On Appeal (docket # 22224) that are also subject to de novo review.

16. Thus, Movant believes that he has demonstrated a substantial possibility, of success on appeal.

### Regarding Affect on the Public Interest

17. Granting the stay is significant to the public interest. This is true, since the stay, which facilitates the Movant's appeal will illuminates our democracy and confirm that due process is available to all citizens. This is especially true for those, such as the Movant, who have not been able to hire professional legal representation, due to limited financial resources; and the reticence of attorneys to take on a case such as this one, because it involves a large corporate bankruptcy.

### The Balancing Of the Relevant Factors Weighs Decidedly In Favor Of Granting a Stay

18. The United States Court of Appeals for the Second Circuit has consistently treated the inquiry of whether to grant a stay pending appeal as a balancing of factors that must be weighed. *ACC Bondholder Group v. Adelphia Commc'ns Corp. (In re Adelphia), 361 B.R. 337 (S.D.N.Y. 2007)*

19. Here, the balance of the four factors weighs decidedly in favor of granting a stay pending appeal.

WHEREFORE the Movant respectfully request that this Court enter an order granting the relief requested herein, and such other and further relief as may be just, necessary and appropriate.

Dated: Noblesville, Indiana
December 1, 2013

By: *[signature]*
James B. Sumpter

James B. Sumpter, pro se
21169 Westbay Circle
Noblesville, IN 46062
Telephone: (317) 877-0736
jsump@ieee.org

Salaried Retiree of Debtors

James B. Sumpter, pro se
21169 Westbay Circle
Noblesville, IN 46062
Telephone: (317) 877-0736
jsump@ieee.org

Salaried Retiree of Debtors


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------- .x  Chapter 11 Case No. 05-44481 (RDD)

In re:

DPH Holdings Corp., et. al.,
                                    : (Jointly Administered) :
         Debtors.                   : :
                                    : :

-----------------------------------x


**EXPEDITED MOTION FOR STAY PENDING APPEAL**

1.   I, James B Sumter, request, pursuant to the provisions of Rule 8005 of the Federal Rules of Bankruptcy Procedure, an expedited stay of the Court's Order (Docket # 22210) which enjoins the Movant from pursuing what's been termed the Second Indiana Complaint in the Indiana District Court.

2.   The Court ruling ordered and directed the Movant, James B Sumter, **"to immediately dismiss, with prejudice, the Indiana Action"**.

3.   The Movant is requesting the stay for the duration of the appeal of this Court's order to the United States District Court for the Southern District of New York.

4. The Movant is also requesting that the stay be granted on an expedited basis and asks that the Court issue its ruling on this motion no later than the December 18, 2013 Omnibus hearing. All other documents required for the appeal have been filed with the Bankruptcy Court Clerk.

## ARGUMENT

5. Four factors are considered in determining whether to issue a stay (1) whether the Movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the Movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected. (See *ACC Bondholder Group v. Adelphia Communs. Corp. (In re Adelphia Communs. Corp.), 361 B.R. 337 (S.D.N.Y. 2007))*

### Regarding Irreparable Injury to the Movant Absent a Stay

6. The Court should note that the Movant will be irreparably injured if this stay is not granted. This is true since the ruling from the Second Injunction Motion (docket # 22138) orders the dismissal of the Indiana complaint against all defendants, **with prejudice**. If the Movant is required to do so, prior to having his appeal heard, any appeal to the District Court would be moot. Thus, as stated in *ACC Bondholder Group v. Adelphia Communs. Corp. (In re Adelphia Communs. Corp.), 361 B.R. 337 (S.D.N.Y. 2007)*:

> *"Loss of appellate rights is a quintessential form of prejudice. Thus, where the denial of a stay pending appeal risks mooting any appeal of significant claims of error, the irreparable harm requirement of Fed. R. Bankr. P. 8005 is satisfied."*

### Regarding whether a party will suffer substantial injury if a stay is issued

7. The Movant has notified the Indiana District Court of the Bankruptcy Court's ruling and has informed the Indiana District Court of his plans to appeal. In the meantime, all actions in the Indiana complaint are stayed.

8. Thus, the issuance of a stay by this Court will cause no material injury to DPH holdings Corp. or the other defendants in the Indiana Complaint. It simply maintains the status quo. While, failure to issue the stay will permanently prevent the Movant from pursuing his appeal and the underlying claim worth in excess of $9.1 million against the defendants.

### Regarding Whether the Movant Has Demonstrated a Substantial Possibility, Although Less Than a Likelihood, Of Success on Appeal

9. There is a clear dispute in several areas, which all will be subject to de novo review by the District Court.

10. There is the issue of the bankruptcy Court jurisdiction as it relates to four of the six causes of action and the Second Indiana Complaint. Since these causes of action are not related to the bankruptcy proceedings.( See *Celotex Corp. v. Edwards, 514 U.S. 300 (U.S. 1995)*; See *Knox v. Sunstar Acceptance Corp. (In re Knox), 237 B.R.,*

*693(Bankr. N.D. Ill. 1999);* See *Geron v. Schulman (In re Manshul Constr. Corp.), 225 B.R. 45(S.D.N.Y. 1998); and see Stern v. Marshall, 131 S. Ct. 2594 (U.S. 2011).*

11. This issue was discussed in detail in the Movant's response (docket # 22164) to the Debtors injunction motion.

12. There is the issue of retroactive termination of vested benefits and benefits already under claim. (See *Medina v. Time Ins. Co., 3 F. Supp. 2d 996, 998 (S.D.Ind. 1998); See Member Services Life Ins. Co. v. American Nat. Bank and Trust Co. of Sapulpa, 130 F.3d 950, 958 (10th Cir. 1997);* See **Blackshear v. Reliance Std. Life Ins. Co., 509 F.3d 634 (4th Cir. N.C. 2007)** *and see Filipowicz v. American Stores Ben. Plans Committee, 56 F.3d 807 (7th Cir. 1995).*

13. This issue was discussed in detail in my Supplemental Response to the Debtors Injunction Motion ( docket # 22196).

14. There is the issue of the OPEB motion language, the language of the OPEB ruling, and the OPEB declaration by Steven Gebbia. The Court has conceded that none of these key documents reference or seek to terminate disability benefit payments. See hearing transcript pages 68 and 69 (docket # 22212).

15. In addition, there are the other issues identified in the Issues On Appeal (docket # 22224) that are also subject to de novo review.

16. Thus, Movant believes that he has demonstrated a substantial possibility, of success on appeal.

### Regarding Affect on the Public Interest

17. Granting the stay is significant to the public interest. This is true, since the stay, which facilitates the Movant's appeal will illuminates our democracy and confirm that due process is available to all citizens. This is especially true for those, such as the Movant, who have not been able to hire professional legal representation, due to limited financial resources; and the reticence of attorneys to take on a case such as this one, because it involves a large corporate bankruptcy.

### The Balancing Of the Relevant Factors Weighs Decidedly In Favor Of Granting a Stay

18. The United States Court of Appeals for the Second Circuit has consistently treated the inquiry of whether to grant a stay pending appeal as a balancing of factors that must be weighed. *ACC Bondholder Group v. Adelphia Commc'ns Corp. (In re Adelphia), 361 B.R. 337 (S.D.N.Y. 2007)*

19. Here, the balance of the four factors weighs decidedly in favor of granting a stay pending appeal.

WHEREFORE the Movant respectfully request that this Court enter an order granting the relief requested herein, and such other and further relief as may be just, necessary and appropriate.

Dated: Noblesville, Indiana
December 1, 2013

By: *[signature]*
James B. Sumpter

James B. Sumpter, pro se
21169 Westbay Circle
Noblesville, IN 46062
Telephone: (317) 877-0736
jsump@ieee.org

Salaried Retiree of Debtors

James B. Sumpter, pro se
21169 Westbay Circle
Noblesville, IN 46062
Telephone: (317) 877-0736
jsump@ieee.org

Salaried Retiree of Debtors

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

---------------------------------x Chapter 11 Case No. 05-44481 (RDD)

In re:

DPH Holdings Corp., et. al.,

                                        : (Jointly Administered) :

    Debtors.                             : :
                                             : :

---------------------------------x

## AFFIDAVIT OF SERVICE

I, James B. Sumpter, do herby state that relative to the document:

**EXPEDITED MOTION FOR STAY PENDING APPEAL**

I served copies of the above motion on the entities listed in Exhibit A, via U.S. mail and Email. The documents were e-mailed on 2-DEC-2013 and mailed on 3-DEC-2013.

_____    **12/2/2013**
James B. Sumpter                     Date
21169 Westbay circle
Noblesville, IN 46062
Telephone: (317) 877-0736
jsump@ieee.org

# ATTACHMENT A

**Serving Date – December 2, 2013**

Cynthia Haffey
Butzel Long
150 W. Jefferson
Suite 100
Detroit, MI 48236
Telephone: 313-225-7064

James B. Sumpter, pro se
21169 Westbay Circle
Noblesville, IN 46062
Telephone: (317) 877-0736
jsump@ieee.org

Salaried Retiree of Debtors

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

---------------------------------x Chapter 11 Case No. 05-44481 (RDD)

In re:

DPH Holdings Corp., et. al.,
: (Jointly Administered) :
Debtors.                : :
                        : :

---------------------------------x

**AFFIDAVIT OF SERVICE**

I, James B. Sumpter, do herby state that relative to the document:

**EXPEDITED MOTION FOR STAY PENDING APPEAL**

I served copies of the above motion on the entities listed in Exhibit A, via U.S. mail and Email.  The documents were e-mailed on 2-DEC-2013 and mailed on 3-DEC-2013.

_____   12/2/2013
James B. Sumpter                   Date
21169 Westbay circle
Noblesville, IN  46062
Telephone: (317) 877-0736
jsump@ieee.org

# ATTACHMENT A

**Serving Date – December 2, 2013**

Cynthia Haffey
Butzel Long
150 W. Jefferson
Suite 100
Detroit, MI 48236
Telephone: 313-225-7064