KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

December 17, 2013

**VIA E-MAIL TRANSMISSION**
**AND ECF FILING**
The Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
Room 248
White Plains, NY 10601

**Re: In re DPH Holdings Corp., *et al.***
**Case No. 05-44481 (RDD)**

Dear Judge Drain:

King & Spalding LLP is counsel to General Motors LLC ("**New GM**") in the above-referenced matter. We have reviewed the *Reply of Reorganized Debtors to Limited Objection of JP Morgan Chase Bank, N.A. to Motion for a Final Decree and Order and to the Reorganized Debtors' Case Closing Status Report*, dated December 17, 2013 ("**Reply**") [ECF No. 22250], which responds, among other things, to JPMC's assertion that the Reorganized Debtors fund a trust to pay fees that may, in the future, be incurred by JPMC in responding to an IRS "summons" seeking information regarding *New Delphi's* decision to be formed as a *U.K. entity*.

This letter is submitted to amplify the arguments made by the Reorganized Debtors (i) in paragraph 4(b) of the Reply; *to wit*, that responding to the IRS summons relating to *New Delphi's* decision to be formed as a *U.K. entity* falls outside the cited indemnity provision of the 2008 Credit Facility; and (ii) in paragraph 4(c) of the Reply, as to the reasonableness of the fees and expenses sought.

**A. <u>The Indemnity Provision Does Not Cover the JPMC Claim</u>**

JPMC refers to Section 10.05(b) of the 2008 Credit Agreement as the basis for its indemnity claim. That section, in relevant part, provides as follows:

> The Borrower shall indemnify the Agents . . . (each such Person being called an "Indemnitee") against, and hold each Indemnitee harmless from, any and all losses, claims, damages, liabilities and related expenses, including the reasonable fees, charges and disbursements of any counsel for any Indemnitee . . ., incurred by or asserted against any Indemnitee arising out of, in connection with, or as a result of (i) the execution or delivery of this Agreement or any agreement or instrument contemplated hereby, the performance by the parties hereto of their respective obligations hereunder or the consummation of the Transactions or any other transactions contemplated hereby, (ii) any Loan or Letter of Credit or the use of the proceeds therefrom . . ., (iii) any actual or alleged presence or release of Hazardous Materials on or from any property owned or operated by the Borrower or any of its Subsidiaries, or any Environmental Liability related in any way to the Borrower or any of its Subsidiaries, or (iv) any actual or prospective claim, litigation, investigation or proceeding ***relating to any of the foregoing***, whether based on contract, tort or any other theory and regardless of whether any Indemnitee is a party thereto . . .; (emphasis added)

This indemnity is clearly limited to only the specific subject matters set forth in subdivisions (i) - (iii). Subdivision (iv) only relates to the subject matters in subdivisions (i) - (iii). The IRS "summons" does not fall within any of these delineated subject matters. Whether *New Delphi* should have been formed as a *U.K. entity* is not related to the execution or performance of the DIP loans (subdivision i), Loans or Letters of Credit (subdivision ii), or environmental liabilities (subdivision iii).

Accordingly, the indemnity provision in the 2008 Credit Agreement is not applicable to the actual and potential fees and expenses of JPMC in responding to the IRS "summons."

**B. The JPMC "Claim" Is Not Reasonable and <u>(For the Most Part) Has Not Been Incurred</u>**

In any event, Section 10.05(b) of the Credit Agreement provides that (i) the fees and expenses must *have been incurred*, and (ii) must be *reasonable*. New GM received a similar IRS summons to that received by JPMC. New GM already has complied with the IRS "summons", and the fees and expenses incurred by New GM were *much less* than the amount already paid to JPMC by the Reorganized Debtors. In any event, the amount budgeted for JPMC in the Budget/Draw Request is more than sufficient to cover such reasonable fees and expenses -- *assuming arguendo* that such fees and expenses are covered by the Section 10.05(b) indemnity provision (which they are not).

Based on the foregoing and the other arguments made in the Reply, the JPMC Limited Objection to the Case Closing Motion should be denied.

Respectfully submitted,

*/s/ Arthur Steinberg*

Arthur Steinberg

AJS/sd

cc: Timothy T. Brock, Esq.
Aaron M. Zeisler, Esq.
Neil Berger, Esq.
Steven Flores, Esq.
Brandon Duncomb, Esq.
Michael Warner, Esq.
Ilana Volkov, Esq.
.