# Exhibit A

## Revised Budget/Draw Request

**DPH HOLDINGS, INC.**
**BUDGET/DRAW REQUEST TO NEW GM**
**PREPARED AS OF DECEMBER 13, 2013**
ALL FIGURES ARE ROUNDED, ARE ESTIMATES AND SUBJECT TO CHANGE

| | | | |
|---|---|---|---|
| I | **MONTH END CASH ON HAND** (projected as of 11/22/13)[1] | | ▓▓ |
| II | **ADDITIONAL RECEIPTS AND ASSUMPTIONS OF ADDITIONAL RECEIPTS** (in near term, expected prior to Dissolution)[2]: | | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | | | ▓▓ |
| III | **OPERATING EXPENSES - PAID, DUE AND PROJECTED THROUGH 12/31/13**[3]: | | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ | |
| | **TOTAL OPERATING EXPENSES - DUE AND PROJECTED THROUGH 12/31/13**[4] | | ▓▓ |
| IV | **ENVIRONMENTAL SETTLEMENT FUNDING** (due approx. December 11, 2013): | | ▓▓ |

| | | | | |
|---|---|---|---|---|
| V | **LONG TERM PROPERTY OBLIGATIONS**[5]**:** | | ▮ | |
| | ▮▮▮▮▮▮▮▮▮▮▮▮ | | ▮ | |
| | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | | ▮ | |
| | ▮▮▮ | | ▮ | |
| | ▮ | | ▮ | |
| | | | | ▮ |
| VI | **POST 12/31/13 PROJECTED OPERATING EXPENSES**[6]**:** | | | |
| | ▮▮▮▮▮▮▮▮▮▮▮▮ | | ▮ | |
| | ▮▮▮▮▮▮▮▮▮▮ | | ▮ | |
| | ▮▮▮▮▮▮▮▮▮▮▮ | | ▮ | |
| | ▮▮▮▮▮▮▮▮ | | ▮ | |
| | ▮▮▮▮▮▮▮▮ | | ▮ | |
| | ▮▮▮▮▮▮▮▮▮▮ | | ▮ | |
| | ▮▮▮▮▮▮▮▮ | | ▮ | |
| | ▮▮▮▮▮ | | ▮ | |
| | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | | ▮ | |
| | ▮▮▮▮▮▮▮▮▮▮▮ | | ▮ | |
| | **TOTAL DISSOLUTION PERIOD OPERATING EXPENSES** | | | ▮ |
| VII | **PROFESSIONAL FEES - CURRENT DUE & PROJECTED FOR 3 YEAR PERIOD POST 12/31/13**[8]**:** | | | |
| | **- FTI Consulting** | | | |
| | ▮▮▮▮▮▮▮▮▮ | | | ▮ |
| | **- Skadden Arps** ▮▮▮▮▮▮▮▮▮▮▮▮: | | | |
| | ▮▮ | | ▮ | |
| | ▮▮▮▮▮▮ | | ▮ | |
| | ▮▮▮▮ | | | ▮ |
| | **- Togut Segal:** | | | |
| | ▮▮ | | ▮ | |
| | ▮▮▮▮▮▮ | | ▮ | |
| | ▮▮▮▮▮▮▮ | | ▮ | |
| | ▮▮▮▮ | | | ▮ |
| | **- Cole Schotz:** | | | |
| | ▮▮▮▮▮▮▮▮▮▮▮▮ | | ▮ | |
| | ▮▮▮▮▮▮▮ | | ▮ | |
| | ▮▮▮▮▮▮▮ | | ▮ | |
| | ▮▮▮▮ | | | ▮ |
| | **- Butzel Long - Sumpter Litigation/Plan Administrator/Real Estate Matters:** | | | |
| | ▮▮▮ | | ▮ | |
| | ▮▮▮▮▮▮▮▮ | | ▮ | |
| | ▮▮▮▮▮▮▮ | | | |

**- Jones Day - environmental matters:**

**- Bush Sayferth & Page - Castillo & Jennings Litigation -**

**- Cook, Yancey, King & Galloway - Bungard Litigation:**

**- Goldberg Sagalla - Duxbury Litigation:**

**- Johnson & Bell - O'Neil Litigation:**

**- Lester & Cantrell - Jennings Litigation:**

**- McKenna Long & Aldridge (lead counsel) - Gaulding litigation:**

**- Saaifield, Shad, Stokes, (local counsel) - Gaulding Litigation:**

**- McMillian LLP - Tebby Litigation:**

**- Weinstein, Tippetts & Little - Tarango Litigation:**

| | | | | |
|---|---|---|---|---|
| | **- JP Morgan's Counsel - Davis Polk re IRS discovery:** | | | |
| | ██████████████ | | | ███ |
| | | | | |
| | **-Friedman Kaplan - BB Solutions & John Brooks Counsel:** | | | |
| | ███████████ | | | ███ |
| | ███████████████ | | ██ | |
| | ███████████████ | | ██ | |
| | ██████████ | | | ██ |
| IX | **TOTAL PROJECTED EXCESS CASH** ████████████████ : | | | ███ |
| | | | | |
| | | | | |
| | **FOOTNOTES** | | | |
| | | | | |
| | 1. ████████████████████████████████████████████████████████████████████████ | | | |
| | | | | |
| | 2. ██████████████████████████████████████████ | | | |
| | | | | |
| | 3. ████████████████████████████████████████ ███ | | | |
| | | | | |
| | 4. ████████████████████████████████████████████████ | | | |
| | | | | |
| | 5. ████████████████████████████████████████████████████████████████ | | | |
| | | | | |
| | 6. ████████████████████████████████████████████ ███ | | | |
| | | | | |
| | 7. ██████████████████████████████████████████████ | | | |

| | 8. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████ |
|---|---|

# Exhibit B

## Schedule of Assets

05-44481-rdd    Doc 22252-1    Filed 12/18/13    Entered 12/18/13 11:16:32    Exhibit A
Pg 7 of 18

# Exhibit B

## Schedule of Assets

05-44481-rdd    Doc 22252-1    Filed 12/18/13    Entered 12/18/13 11:16:32    Exhibit A
Pg 7 of 18

|   | Schedule of Assets |
|---|---|
| 1 | ███████████████ |
| 2 | ███████████████████████████ |
| 3 | █████████████ |
| 4 | ████████ |
| 5 | ████████████████ |
| 6 | ██████████████████ |
| 7 | ██████████████████ |
| 8 | █████████████████ |
| 9 | █████████████ |

# Exhibit C

## Brooks Dissolution Consulting Agreement

EXECUTION VERSION

## AMENDED AND RESTATED CONSULTING AGREEMENT

This Amended and Restated Consulting Agreement (the "Agreement") is made as of the 13th day of December 2013 by and between DPH Holdings Corp., a Delaware limited liability corporation, having its principal place of business at 5725 Delphi Drive, Troy, Michigan 48098 (hereinafter "DPH"), and BB Solutions, LLC (hereinafter "Consultant).

## RECITALS

WHEREAS, since October 6, 2009, Consultant, through John Brooks ("Brooks"), has served as the sole officer and director of DPH and Butzel Long has served as the Plan Administrator ("Plan Administrator") under the Post-Confirmation Reorganized DPH Holdings Share Trust, the sole shareholder of DPH.

WHEREAS, DPH is positioning to dissolve under the Delaware General Corporation Law before December 31, 2013.

WHEREAS, section 278 of the Delaware General Corporation Law provides that a corporation, following dissolution, shall be continued for a term of 3 years or such longer period as the Delaware Court of Chancery shall direct (the "Post-Dissolution Period"), for the purpose of prosecuting and defending suits and winding up its affairs, including, without limitation, discharging its liabilities and disposing and distributing its assets.

WHEREAS, to the extent any DPH assets remain after payment of, or establishing reserves for, all claims during the Post-Dissolution Period and legal fees to counsel, and the repayment of any Advance made by General Motors LLC ("New GM"), such remaining Net Assets shall be turned over to New GM or New Delphi as contemplated by that certain Master Disposition Agreement, dated June 1, 2009 (the "MDA").

WHEREAS, DPH desires to retain the services (the "Services") of Consultant during the Post-Dissolution Period to: (i) remain as the sole officer and director of DPH to

2887385.4

provide direction throughout the Post-Dissolution period; (ii) assist in the recovery and monetization of DPH's remaining assets; (iii) assist in bringing to conclusion all known claims and lawsuits; (iv) address any other claims asserted against DPH during the Post Dissolution period; and (v) distribute the remaining DPH Net Assets in accordance with that certain Stipulation and Order Further Resolving Funding Dispute Between Reorganized Debtors and General Motors LLC of even date herewith (the "Stipulation") and the MDA, and Consultant desires to provide such Services, subject to the terms and conditions contained in this Agreement.

WHEREAS, the Plan Administrator agrees to the retention of Consultant upon the terms and conditions contained in this Agreement as being in the best interests of DPH.

WHEREAS, DPH and Consultant are parties to that certain Consulting Agreement, dated as of November 26th, 2013 (the "Original Consulting Agreement"), and now wish to amend and restate the Original Consulting Agreement in its entirety as set forth herein.

NOW, THEREFORE, in consideration of the premises and covenants contained herein, DPH and Consultant agree as follows:

# I.
# TERM

The term of this Agreement shall commence on the date hereof and shall continue until the later to occur of (the "Term") (i) three years from that date, unless the parties have mutually agreed to extend the Term or (ii) the date on which the Post-Dissolution Period terminates upon filing of certificates of cancellation or equivalents thereof with respect to DPH.

# II.
# ACCEPTANCE

Consultant promises and agrees that, during the Term, Brooks shall be the individual charged with responsibility for rendering the Services on behalf of Consultant and that

2

2887385.4

Consultant and Brooks will work for the benefit of DPH and will devote their respective best efforts, knowledge, skill and labor in performing the Services herein.

### III.
### INDEPENDENT CONTRACTOR

It is the express intention of both DPH and Consultant that Consultant shall be treated as, shall have the prerogatives of, and shall be an independent contractor.  Consultant shall report periodically to the Plan Administrator on the status of the Dissolution proceedings and Services being rendered by Consultant.

### IV.
### COMPENSATION

A.    Base Fees; Expenses: ████████████████████

████████████████████████████████████████

██████████████████████████████████

████████████████████████████████

██████████████████████████████████

████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████

B.    Payment Mechanics: ████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

3

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████

████████████████████████████

C.   [Intentionally Omitted.]

D.   <u>Incentive Payments</u>: ████████████████████████████

█████████████████████████████████

█████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████

4

E.      Except for the amounts payable to Consultant under this Section IV, insurance proceeds under Section V (if any) and indemnification payments pursuant to DPH's Amended and Restated Certificate of Incorporation (if any), DPH shall not be liable to make any payment to Consultant during the term of this Agreement. ███████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████

## V.
## INSURANCE

At all times under this Agreement, DPH shall continue to maintain its current directors' and officers' insurance policy in favor of Consultant and the Plan Administrator; it being understood that DPH may enter in any amendments or modifications to the policy with its insurer so long as any such amendments or modifications are not less favorable to Consultant or the Plan Administrator.

## VI.
## WARRANTIES AND INDEMNIFICATION

Consultant represents and warrants as follows:

A.      <u>No Conflicting Duties</u>.  Consultant represents that (a) it is not under any contractual or legal duty or obligation that will prevent or interfere with the performance of Services hereunder; and (b) it is not aware of any contractual or legal duty or obligation to which Brooks may be subject that will prevent or interfere with the performance of Services hereunder.

5

2887385.4

B.   <u>Power and Authority</u>.  Consultant has the power and authority to execute, deliver and perform this Agreement.

C.   <u>Indemnification</u>.  Consultant shall protect, defend, hold harmless and indemnify DPH from any claims, demands, actions or expenses arising out of any intentional wrongful conduct of Consultant.

## VII.
## CONFIDENTIALITY

Consultant agrees that it will keep confidential any non-public information regarding DPH, its assets, financial information, strategic or operational plans and, except as required by law, will not disclose such information to any person or entity without DPH's express written consent.  However, no duty shall be created hereunder to refrain from using or disclosing information, which is in the public domain by virtue of a disclosure made without fault by Consultant Upon completion or termination of this Agreement, Consultant shall return to DPH all copies of non-public information relating to DPH, which are in Consultant's possession or control.

## VIII.
## WAIVER OF CLAIMS

Consultant shall make no claims against DPH or the Plan Administrator, for personal injuries suffered while performing services hereunder which would normally be covered by worker's compensation or employer's liability insurance if this was an employer-employee relationship.  Notwithstanding the foregoing, nothing herein shall limit Consultant's ability to recover under any personal injury insurance policy maintained by DPH.

6

# IX.
# COMPLIANCE WITH LAWS AND GENERAL CONDUCT

In providing services under this Agreement, Consultant agrees to strictly comply with all local, state, and federal rules, regulations, and statutes and to immediately report to the Plan Administrator or its designee any violation or suspected violation thereof.

# X.
# SEVERABILITY

It is understood and agreed by the parties hereto that, if any part, term or provision of this Agreement is held by a court to be illegal or in conflict with any law, the validity of the remaining portions or provisions shall not be affected, and the rights and obligations of the parties shall be construed and enforced as if the contract did not contain the particular part, term or provision held to be illegal or in conflict with any law.

# XI.
# MISCELLANEOUS

A.  This Agreement constitutes the entire understanding between the parties, supersedes any and all prior agreements between the parties relating to the subject matter herein (including, without limitation, the Original Consulting Agreement and any other consulting agreements between the parties) and may not be altered or amended except in writing signed by both parties.

B.  This Agreement shall immediately terminate for cause in the event any of the following occur:

   1.  Consultant fails to perform in accordance with generally accepted professional practice, or

   2.  Consultant materially breaches any provision of this Agreement and fails to cure such breach in a reasonably prompt manner.

7

2887385.4

C.  It is mutually understood and agreed that this Agreement shall be governed by the laws of the State of Delaware, without regard to its conflict of laws provisions, both as to interpretation and performance.

D.  Consultant shall not make news or publicity releases regarding this Agreement or release pursuant to this Agreement any information for dissemination to the general public or any segment thereof.

E.  The rights and remedies provided in this Agreement are in addition to, and not in limitation of, other rights and remedies at law or in equity and exercise of any one right or remedy will not be deemed a waiver of any other right or remedy.

F.  In the event DPH fails to pay Consultant amounts when due and owing under this Agreement, Consultant shall have all rights and remedies available to it under Delaware Law to seek and obtain such payment from DPH to the extent there are assets of the company from which to pay.

G.  This Agreement may be executed in any number of duplicate originals or counterparts, each of such duplicate originals or counterparts shall be deemed to be an original and taken together shall constitute one instrument.  The parties agree that their respective signatures may be delivered by facsimile or email, and that signatures shall be treated as original for all purposes.

IN WITNESS WHEREOF, the parties have signed this Agreement as of the date first written above.

DPH HOLDINGS CORP.                                BB SOLUTIONS, LLC

By:___/s/ John C. Brooks_____         By:___/s/ John C. Brooks_____

Its:___President_____         Its:___CEO & President_____

8

2887385.4

ACKNOWLEDGED AND AGREED:

BUTZEL LONG

In its capacity as Plan Administrator

By:_____

Its:_____

9

2887385.4