UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
In re:                                                      )
                                                            )         Chapter 11
           DPH HOLDINGS CORP., *et al.*,    )
                                                            )         Case No. 05-44481 (RDD)
                                                            )         Jointly Administered
                  Reorganized Debtors.         )
--------------------------------------------------------

# ORDER CONDITIONALLY GRANTING A STAY PENDING APPEAL OF ORDER ENJOINING JAMES SUMPTER'S PURSUIT OF UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF INDIANA ACTION[1]

**UPON** the Expedited Motion for Stay Pending Appeal (Docket No. 22246) (the "Motion") of James B. Sumpter seeking an order, pursuant to Fed. R. Bankr. P. 8005, staying this Court's Order Granting the Reorganized Debtors' Motion for Order Enjoining James Sumpter's United States District Court, Southern District of Indiana Action (Docket No. 22210) (the "Indiana Order"),[2] which directed Mr. Sumpter to dismiss, with prejudice, the Indiana action; and there being due and sufficient notice of the Motion; and upon the objection thereto by the above-captioned reorganized debtors; and, upon the Court's review of the Motion, the objection and the record pertaining to the Indiana Order, the Court having concluded that it does not need to hold a hearing on the Motion; and the Court having considered the requirements set forth in Fed. R. Bankr. P. 8005 and the factors identified in ACC Bondholder Group v. Adelphi Communs. Corp. (In re Adelphi Communs. Corp.), 361 B.R. 337, 346 (S.D.N.Y. 2007), namely (1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer

---

[1] Mr. Sumpter's United States District Court, Southern District of Indiana action, Case No. 1:13-cv-1024 WTL-TAB, shall hereinafter be referred to as the "Indiana Action."
[2] Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Indiana Order.

1

substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected; now, therefore, after due deliberation and good and sufficient cause appearing,

IT IS HEREBY ORDERED that:

1. The Court has core jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), the Modified Plan, and the Plan Modification Order. Jurisdiction exists under Section 13(p) of the Modified Plan, which expressly provides that the Court retains exclusive jurisdiction of all matters arising out of and related to the chapter 11 cases and the Plan, including any dispute relating to any liability arising out of the termination of any employee or retiree benefit program regardless of whether such termination occurred prior to or after the Effective Date of the Plan. Jurisdiction also exists because this dispute implicates a core function under the Bankruptcy Code, which includes the Court's enforcement of the Plan Modification Order, as well as the injunction issued by the Court in furtherance of the Plan injunction and exculpation provisions found in Sections 11.2 and 11.11 of the Modified Plan.

2. The Motion is granted and the Indiana Order is hereby stayed, *provided and on the conditions that* that (a) Mr. Sumpter shall promptly, and in no event later than 10 days after the entry of this Order, seek a stay of the Indiana Action and (b) such stay shall be granted with no activity, with the exception of such motion, having occurred in or in connection with the Indiana Action in the interim. If (a) such a stay is not timely sought or (b) such stay is not granted as set forth herein, the stay hereunder of Mr. Sumpter's appeal of this Court's Indiana Order shall be of no force or effect and Mr. Sumpter shall fully comply with this Court's Indiana Order, including, among other things, by immediately dismissing, with prejudice, the Indiana Action.

2

      3.      The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

Dated: White Plains, New York
       December 18, 2013

                                 /s/Robert D. Drain
                                 HONORABLE ROBERT D. DRAIN
                                 UNITED STATES BANKRUPTCY JUDGE