# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :

    In re                                     :        Chapter 11

DELPHI CORPORATION, et al.,      :        Case No. 05-44481 (RDD)

                     Debtors.    :        (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER APPROVING MODIFICATIONS UNDER 11 U.S.C. § 1127(b) TO
(I) FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI
CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND
DEBTORS-IN-POSSESSION, AS MODIFIED AND
(II) CONFIRMATION ORDER (DOCKET NO. 12359)

("PLAN MODIFICATION ORDER")

        Upon the Court's Findings of Fact, Conclusions of Law, And Order Under 11 U.S.C. §§ 1129(a) And (b) And Fed. R. Bankr. P. 3020 Confirming the First Amended Joint Plan Of Reorganization Of Delphi Corporation ("Delphi") And Certain Affiliates, Debtors And Debtors-In-Possession (each, a "Debtor"), As Modified (the "Confirmed Plan"), dated January 25, 2008 (Docket No. 12359) (the "Confirmation Order"); and

        Upon the Debtors' Motion for Order (I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization (Docket No. 14310), dated October 3, 2008, (the "Plan Modification Approval Motion"); and

        Upon the Debtors' (A) Supplement to Motion for Order (I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and

asserting against the Debtors or the Purchasing Entities, or the property of any of them, any default, counterclaim, defense, setoff, or any other Claim asserted or assertable against the Debtors (a) arising prior to or existing as of the Effective Date with respect to any prepetition periods, except for Cure, (b) arising after the commencement of the chapter 11 cases but on or prior to June 1, 2009, except for such defaults as were asserted in an administrative expense claim filed against the Debtors on or prior to July 15, 2009 in accordance with the administrative claims procedures set forth in the Modification Procedures Order, and (c) arising after June 1, 2009 but on or prior to the Effective Date, except for such defaults as are asserted in an administrative claim filed in accordance with Article 10.5 of the Modified Plan. The failure of the Debtors or the Purchasing Entities to enforce at any time one or more terms or conditions of any Acquired Contract shall not be a waiver of such terms or conditions or of the Debtors' and the Purchasing Entities' rights to enforce every term and condition of the Acquired Contracts.

44. <u>Bar Date For Rejection Damage Claims And Related Procedures</u>. If the rejection by the Debtors, pursuant to the Modified Plan or otherwise, of an executory contract or unexpired lease results in a Claim, then such Claim shall be forever barred and shall not be enforceable against either the Debtors, the Reorganized Debtors, or such entities' properties unless a proof of claim is filed with the Claims Agent and served upon counsel to the Debtors and the Creditors' Committee within 30 days after the later of (a) entry of this order or (b) notice that the executory contract or unexpired lease has been rejected, unless otherwise ordered by the Court.

45. <u>Record Date For Claims Distributions</u>. The Reorganized Debtors, the Disbursing Agent, the Indenture Trustees (as agent or Servicer as described in Section

9.5 of the Modified Plan), and the Servicers shall have no obligation to recognize the transfer of, or the sale of any participation in, any Allowed Claim that occurs after June 8, 2009 (the "Claims Record Date"), and shall be entitled for all purposes herein to recognize and distribute only to those holders of Allowed Claims who are holders of such Claims, or participants therein, as of the Claims Record Date. The Reorganized Debtors, the Disbursing Agent, the Indenture Trustees (as agent or Servicer as described in Section 9.5 of the Modified Plan), and the Servicers shall instead be entitled to recognize and deal for all purposes under the Modified Plan with only those record holders stated on the official claims register or the transfer ledger, as the case may be, as of the Claims Record Date. On the Claims Record Date, the transfer ledgers of the Indenture Trustees or other agents or Servicers shall be closed, and there shall be no further changes in the record holders of securities. The Reorganized Debtors, the Disbursing Agent, the Indenture Trustees (as agent or Servicer as described in Section 9.5 of the Modified Plan), and the Servicers shall have no obligation to recognize any transfer of the Senior Notes, the TOPrS, or the Subordinated Notes occurring after the Claims Record Date. The Reorganized Debtors, the Disbursing Agent, the Indenture Trustees (as agent or Servicer as described in Section 9.5 of the Modified Plan), and Servicers shall be entitled instead to recognize and deal for all purposes hereunder with only those record holders stated on the transfer ledgers as of the Claims Record Date, *provided*, *however*, that with respect to deceased record holders, the Indenture Trustee (as agent or Servicer as described in Section 9.5 of the Modified Plan) shall be authorized, but not directed, to recognize transfers to the appropriate heir, executor, or otherwise, following provision of notice together with such evidence of the transfer to the appropriate Indenture Trustee as is

reasonably satisfactory to the applicable Indenture Trustee. Such notice shall be effective only as to distributions due at least 60 days after such notice is accepted as satisfactory by the applicable Indenture Trustee. Nothing in this paragraph shall be applicable with respect to any claims held by the DIP Lenders or the DIP Agent.

46.  **Substantial Contribution Compensation And Expenses Bar Date**. Any Person (including the Indenture Trustees) who requests compensation or expense reimbursement for making a substantial contribution in the Chapter 11 Cases pursuant to sections 503(b)(3), (4), and (5) of the Bankruptcy Code shall file an application with the Court on or before the 45th day after notice of the Effective Date is filed on the docket of the Chapter 11 Cases (the "503 Deadline"), and serve such application on counsel for the Debtors, the Creditors' Committee, the United States Trustee for the Southern District of New York, and such other parties as may be directed by the Court and the Bankruptcy Code on or before the 503 Deadline, or be forever barred from seeking such compensation or expense reimbursement.

47.  **Other Administrative Claims**. All other requests for payment of an Administrative Claim (other than as set forth in the Modified Plan or otherwise contemplated by the Master Disposition Agreement, i.e., for such claims arising on or after June 1, 2009) must be filed, in substantially the form of the Administrative Claim Request Form attached as Exhibit 10.5 to the Modified Plan, with the Claims Agent and served on counsel for the Debtors and the Creditors' Committee no later than 30 days notice of after the Effective Date is filed on the docket of the Chapter 11 Cases. Any request for payment of an Administrative Claim pursuant to this paragraph that is not timely filed and served shall be disallowed automatically without the need for any

65. <u>Modifications To The Modified Plan</u>.  At the request of the Debtors, the Modified Plan is hereby modified pursuant to section 1127 of the Bankruptcy Code and as modified herein and as set forth on <u>Exhibit A</u> hereto.

Dated: New York, New York
       July 30, 2009

                              /s/ Robert D. Drain_____
                              UNITED STATES BANKRUPTCY JUDGE