UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: | Chapter 11 |
|  | Case No. 05-44481 (RDD) |
| DPH HOLDINGS CORP., et al., | (Jointly Administered) |
|  |  |
| Reorganized Debtors. |  |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 350(b), AND 1142(b) AND FED. R. BANKR. P. 3021 AND 5010 (A) REOPENING DPH HOLDINGS CORP. ET AL. CHAPTER 11 CASES FOR SOLE ADMINISTRATIVE PURPOSE OF CONSIDERING MOTION, (B) WAIVING FEES TO REOPEN CASES, AND (C) AIDING IMPLEMENTATION OF PLAN AND ADVERSARY PROCEEDING SETTLEMENT BY CLARIFYING THAT CLAIMS RECORD DATE SET UNDER
PLAN DOES NOT APPLY TO DISTRIBUTIONS TO BENEFICIAL HOLDERS OF DELPHI SENIOR UNSECURED NOTES**

Upon the Motion of Adversary Proceeding Plaintiffs, Pursuant to 11 U.S.C. §§ 105(a), 350(b), and 1142(b) and Fed. R. Bankr. P. 3021 and 5010, for Entry of an order (A) Reopening DPH Holdings Corp. et al. Chapter 11 Cases for Sole Administrative Purpose of Considering Motion, (B) Waiving Fees to Reopen Cases, and (C) Aiding Implementation of Plan and Adversary Proceeding Settlement by Clarifying That Claims Record Date Set Under Plan Does Not Apply to Distributions to Beneficial Holders Of Delphi Senior Unsecured Notes, dated August 11, 2017 (the "Motion");[1] and the Court having jurisdiction to decide the Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and the Court having found that proper and adequate notice of the Motion and the opportunity for a hearing thereon has been provided in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules; and there being no objections to the requested relief; and no additional notice or a hearing being required under the circumstances; and, after due deliberation, the Court having determined that the relief sought in the Motion is in the best interests of Plaintiffs and all other parties-in-interest and that the legal

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

1

and factual bases set forth in the Motion having established just cause for the relief granted herein; and sufficient cause appearing therefor,

      **IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED.

2.      The Chapter 11 Cases shall be REOPENED for the sole purpose of deciding the Motion. Any fees associated with reopening the Chapter 11 Cases are hereby WAIVED.

3.      The DTC is not a "Servicer" for purposes of the Confirmation Order.

4.      The Claims Record Date has no application to the DTC's transfers of the Initial and Subsequent Distributions to the DTC Participants and thereafter to the Beneficial Holders.

5.      Upon delivery to the DTC of the Initial Distribution and the Subsequent Distribution (if any), Wilmington Trust shall advise the DTC that each such Distribution shall be paid by the DTC to the then "current holders" and provide DTC with a copy of this Order.

6.      Nothing in this Order shall be construed to (a) modify in any way either the Settlement Stipulation (including without limitation Paragraphs 7 and 8 thereof) or the Settlement Order (including without limitation Paragraphs 6, 7, and 8 thereof) or (b) affect in any way the rights or obligations of Delphi Automotive PLC, Delphi Automotive LLP, or the Disbursement Agent (as defined in the Settlement Stipulation) under any of the foregoing documents, the Plan, the Confirmation Order, or otherwise.

7.      Good and sufficient cause appearing, there shall be no automatic stay of the enforcement of this Order under any provision of the Bankruptcy Code, the Bankruptcy Rules, or applicable law. This Order shall be immediately effective and enforceable.

8.      This Court shall retain jurisdiction with respect to any matters, claims, rights, or

disputes arising from or related to the implementation of this Order.

DATED:    White Plains, New York
          August 29, 2017

                                        /s/Robert D. Drain
                                        HON. ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE