Thomas M. Kennedy, Esq.
COHEN, WEISS and SIMON LLP
900 Third Avenue
New York, NY 10022
Telephone: (212) 563-4100
Facsimile: (212) 563-6527
Attorneys for IUE-CWA

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | |
|---|---|
| In re: : | **Chapter 11 Case No.** |
| : | |
| **DPH HOLDINGS CORP., et al.,** : | **05-44481 (RDD)** |
| : | |
| *f/k/a* **DELPHI CORP.,** *et al.*, : | **(Jointly Administered)** |
| : | |
| Debtors. : | |
| : | |

---------------------------------------------------------------x

### DECLARATION OF THOMAS M. KENNEDY

Thomas M. Kennedy, hereby declares under penalties of perjury:

1.      I am Special Counsel for the IUE-CWA, Industrial Division of the Communications Workers of America, AFL-CIO, CLC ("IUE-CWA").  I make this Declaration in support of the IUE CWA motion for an order amending the August 16, 2007 Order Approving Memorandum of Understanding among IUE-CWA, Delphi, and General Motors Corporation Including Modification of IUE-CWA Collective Bargaining Agreements and Retiree Welfare Benefits for Certain IUE-CWA-Represented Retirees ("Settlement Approval Order").

2.      When this motion was prepared, I became aware that DPH Holdings Corp and Motors Liquidation Corp were no longer in existence.  In an effort to obtain a statement of no opposition, I contacted lawyers that I knew had represented General Motors LLC and Delphi Automotive LLC, now known as Aptiv LLC to explain this motion.

1

**Error! Unknown document property name.**

3.  The attorneys for General Motors LLC and Aptiv LLC have authorized me to advise the Court that neither company opposes this motion. See attached email chain dated April 13, 2018.

4.  No previous request for the relief sought herein has been made by IUE-CWA to this or any other Court.

WHEREFORE, IUE-CWA respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
      April 16, 2018

By: Thomas M. Kennedy

Error! Unknown document property name.

# Thomas M. Kennedy

| | |
|---|---|
| **From:** | Davidson, Scott <SDavidson@KSLAW.com> |
| **Sent:** | Friday, April 13, 2018 2:18 PM |
| **To:** | Thomas M. Kennedy |
| **Cc:** | Steinberg, Arthur |
| **Subject:** | FW: Motion to amend the 2009 IUE CWA-GM-Delphi settlement agreement |

Tom:

General Motors LLC has no objection to the reallocation.

Thank you
Scott

**Scott I. Davidson | King & Spalding LLP**

Tel: 212.556.2164 | Fax: 212.556.2222 | E-mail: sdavidson@kslaw.com
1185 Avenue of the Americas | New York, New York 10036

The information contained in this e-mail is personal and confidential and is intended for the recipient only. In the event that you have received this message in error, please delete it immediately and inform the sender as soon as possible.

**From:** Steinberg, Arthur
**Sent:** Wednesday, April 11, 2018 3:33 PM
**To:** Davidson, Scott
**Subject:** FW: Motion to amend the 2009 IUE CWA-GM-Delphi settlement agreement

**From:** Thomas M. Kennedy [mailto:TKennedy@cwsny.com]
**Sent:** Wednesday, April 11, 2018 3:30 PM
**To:** Steinberg, Arthur
**Subject:** FW: Motion to amend the 2009 IUE CWA-GM-Delphi settlement agreement

Arthur: as you can see from the emails below, new Delphi has advised that it will not oppose the motion by IUE CWA to restate the uses for which it can put its claim proceeds. It would be helpful if the other party to that settlement, GM, also agreed to at least not enter an opposition. Can we get that statement from GM? TK



**Thomas M. Kennedy**
**Of Counsel**
900 Third Ave
New York, NY 10022-4869
Tel: 212.356.0222
Fax: 646.473.8222
Cell: 917.923.8147

TKennedy@cwsny.com | www.cwsny.com

**From:** Peterson, Jeffery M [mailto:jeffery.m.peterson@aptiv.com]
**Sent:** Wednesday, April 11, 2018 1:50 PM
**To:** Thomas M. Kennedy <TKennedy@cwsny.com>
**Subject:** RE: Motion to amend the 2009 IUE CWA-GM-Delphi settlement agreement

1

No objection, Tom. Thanks.

Jeff Peterson

jeffery.m.peterson@aptiv.com

· APTIV ·

Office: +1 248.813.1460

**From:** Thomas M. Kennedy [mailto:TKennedy@cwsny.com]
**Sent:** Wednesday, April 11, 2018 11:59 AM
**To:** Peterson, Jeffery M <jeffery.m.peterson@aptiv.com>
**Subject:** EXT SENDER - Re: Motion to amend the 2009 IUE CWA-GM-Delphi settlement agreement

Jeff: thanks for the response. I assume you have no objection sharing your email with the Court?



**Thomas M. Kennedy**
**Of Counsel**
900 Third Ave
New York, NY 10022-4869
Tel: 212.356.0222
Fax: 646.473.8222
Cell: 917.923.8147

TKennedy@cwsny.com  |  www.cwsny.com

On Apr 11, 2018, at 10:18 AM, Peterson, Jeffery M <jeffery.m.peterson@aptiv.com> wrote:

> Tom,
>
> Thanks for your email.
>
> Your proposal does not appear to request that Aptiv contribute additional funds, or that Aptiv is required to take any further action (including having any role or responsibility in how the IUE-CWA distributes the funds). Assuming that is correct, if the IUE-CWA files a motion, Aptiv will not oppose. Please note that we are not in a position to affirmatively consent on behalf of DPH Holdings Corp. ("Old Delphi"), the party to the original 2007 IUE-Delphi-GM Memorandum Of Understanding, as Aptiv is not DPH Holdings or a successor to it.
>
> Please feel free to contact me if you have further questions.
>
> Jeff Peterson
>
> jeffery.m.peterson@aptiv.com
>
> <image002.png>
>
> Office: +1 248.813.1460
>
> **From:** Thomas M. Kennedy [mailto:TKennedy@cwsny.com]
> **Sent:** Monday, April 09, 2018 2:23 PM

2

**To:** Peterson, Jeffery M <jeffery.m.peterson@aptiv.com>
**Subject:** EXT SENDER - FW: Motion to amend the 2009 IUE CWA-GM-Delphi settlement agreement

Jeff- pls see the email below I sent to coleshotz and arthur Steinberg. Ms. Volkov responded as follows: Mr. Kennedy, if you are talking about New Delphi, I never represented that entity. If you are talking about Old Delphi, whose name was changed to DPH Holding Corp., I believe in or around 2009, that entity has been dissolved under Delaware law. It no longer exists, has no officers or directors and my firm no longer represents it. So I can't respond to your request one way or another.

<image004.jpg>    **Thomas M. Kennedy**
**Of Counsel**
900 Third Ave
New York, NY 10022-4869
Tel: 212.356.0222
Fax: 646.473.8222
Cell: 917.923.8147

TKennedy@cwsny.com | www.cwsny.com

**From:** Thomas M. Kennedy
**Sent:** Thursday, April 05, 2018 3:50 PM
**To:** 'ivolkov@coleschotz.com' <ivolkov@coleschotz.com>
**Cc:** 'asteinberg@kslaw.com' <asteinberg@kslaw.com>
**Subject:** Motion to amend the 2009 IUE CWA-GM-Delphi settlement agreement

Ms Volkov. I am the chief ERISA counsel for the IUE CWA, a union which represents Delphi employees in Ohio and Mississippi. In the course of the global settlement with the IUE CWA and GM and Delphi, the parties agreed upon a $126 million dollar general unsecured claim for the IUE CWA. The settlement agreement is specific on how the money obtained by this claim is to be allocated. As you know, in 2017, the Delphi unsecured creditors obtained a recovery on these claims. The IUE CWA got $6.1 million which is now in an escrow account since the Union had to develop a proposal for distributing this substantially reduced amount. We would like to make this motion on the consent of GM and Delphi. The motion does not call for any additional claims or money to iUE-CWA; it merely distributes the money in a different way to reflect the reality that time has passed and the recovery is less than anticipated.

Our specific proposal is below:

On or about August 5, 2007, the IUE-CWA entered into an agreement with Delphi Corp. and

General Motors Company entitled IUE-Delphi-GM Memorandum Of Understanding, Delphi

Restructuring. The Settlement Agreement provides, in pertinent part, as follows:

> The IUE-CWA will receive an allowed general unsecured pre-petition claim against Delphi in the amount of $126 million in complete settlement of all asserted and unasserted IUE-CWA claims, including but not limited to IUE-CWA/Delphi Joint Activities Center asserted and unasserted claims ("the Allowed Claim"), pursuant to an order of the Bankruptcy Court. The Bankruptcy Court order shall provide that (i) the proceeds realized by the IUE-CWA and/or the VEBA trust, described herein, from a $26 million dollar portion of the Allowed Claim shall be paid directly to a voluntary employees' beneficiary association (VEBA) trust to be established

3

and sponsored by the IUE-CWA to provide supplemental retiree health insurance to certain eligible Delphi employees and their dependents (ii) the proceeds realized by the IUE-CWA and/or the VEBA trust, described herein, from a $90 million dollar portion of the Allowed Claim shall be paid directly to a VEBA trust to be established and sponsored by the IUE-CWA for the purpose of funding employee benefits for active and retired employees and their dependents and (iii) the proceeds realized by the IUE-CWA and/or a VEBA trust, described herein, from a $10 million dollar portion of the Allowed Claim shall be paid directly to the successor to the JAC entity which shall be established and administered by the IUE-CWA.

The Settlement Approval Order included those provisions at ¶ 8. (Doc No. 9106).

On July 20, 2017, the IUE-CWA received into an escrow account the sum of $6,278,888.72 as its share of the Delphi bankruptcy distribution to the unsecured Delphi creditors, which recovery is approximately five (5%) percent of the face value of the claim. IUE-CWA is proposing that the Settlement Approval Order be amended to provide that the claims proceeds be expended as follows:

A.  $250,000 to be used by IUE-CWA for training and skills enhancement for active Delphi employees.

B.  $1,260,000 in health care reimbursement for 105 Delphi employees from the two surviving IUE-CWA Delphi local unions (9 from Local 718 and 96 from Local 717), who as of the critical date of January 1, 2010 were eligible for the GM guarantee but were not within 7 years of qualifying for a retirement. The existing IUE-CWA GM VEBA will be amended to provide a health reimbursement type benefit for each of these individuals of $12,000.

C.  $3,762,000 in health care reimbursement accounts for Delphi retirees who participated in the pre-65 health program but were limited by age to two years or less of participation. The IUE-CWA GM VEBA would be amended to provide a health reimbursement type benefit for each of these individuals of $2,000 to be used within three years of the beginning of the program.

D.  $500,000 to the IUE-CWA Joint Activities Center ("JAC") to support its operations, which was to receive a $10 million claim under the original settlement.

E.  $360,000 for administrative VEBA costs to implement the health care reimbursement programs. The extensive administrative costs for administering HRA-type reimbursements would also be deferred by earnings on the HRA funds and the retention of any forfeited amounts by non-claiming participants.

F.  $150,000 reimbursement to Kennedy, Jennik & Murray, P.C. for legal work to litigate and establish the IUE-CWA unsecured Delphi claim.

4

The Allowed Claim is specific to IUE-CWA and imposes particular uses of the proceeds of the claim on IUE-CWA. As outlined above, the modifications proposed by IUE-CWA comply with the intended purposes of the Allowed Claim\

. Therefore, IUE-CWA seeks to amend ¶ 8 of the Settlement Approval Order to read as follows:

> Subject to Section H.2.e of the IUE-CWA Settlement Agreement, the IUE-CWA shall receive an allowed general unsecured prepetition claim against Delphi in the amount of $126 million in complete settlement of all asserted and unasserted IUE-CWA claims, including, but not limited, to IUE-CWA/Delphi Joint Activities Center (the "JAC"), asserted and unasserted claims (the "Allowed Claim"). The proceeds that were realized by the IUE-CWA from this Claim amounted to $6,278,888.72 which shall be expended substantially as follows:
>
> A. $250,000 to be used by IUE-CWA for training and skills enhancement for active Delphi employees.
> B. $1,260,000 in health care reimbursement for 105 Delphi employees from the two surviving IUE CWA Delphi local unions (9 from Local 718 and 96 from Local 717) who as of the critical date of January 1, 2010 were eligible for the GM benefits guarantee but were not within 7 years of qualifying for a retirement.
> C. $3,762,000 in health care reimbursement accounts for Delphi retirees who participated in the pre-65 health program but were limited by age to two years or less of participation.
> D. $500,000 to the IUE CWA Joint Activities Center ("JAC") to support its operations.
> E. $360,000 for administrative VEBA costs to administer the health care reimbursement programs.
> F. $150,000 reimbursement to Kennedy Jennik & Murray for legal work to litigate and establish the IUE-CWA unsecured Delphi claim.

&lt;image005.jpg&gt;   Thomas M. Kennedy
Of Counsel
900 Third Ave
New York, NY 10022-4869
Tel: 212.356.0222
Fax: 646.473.8222
Cell: 917.923.8147

TKennedy@cwsny.com | www.cwsny.com

Under applicable Treasury Regulations, we are required to inform you that no U.S. tax advice in this email or an attachment to this email is intended or written to be used, nor can it be used, to avoid a penalty under the Internal Revenue Code, or to promote, market or recommend to another party a transaction or matter addressed in this email or attachment.

5

This E-Mail and any attachments may contain material that is protected by an attorney-client privilege or that is otherwise confidential. Please do not permit anyone other than an addressee or an employee or other authorized agent of an addressee to read this e-mail or any of its attachments without the consent of Cohen, Weiss and Simon LLP. If you are not one of the people specified in the previous sentence, please delete this e-mail and its attachments and notify me.
*********************************************************************
*** Note: If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer. Thank you.
*********************************************************************
***

*********************************************************************
Note: If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer. Thank you.
*********************************************************************

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.