**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **DPH HOLDINGS CORP., et al.,** | : | **Case No.: 05-44481 (RDD)** |
| | : | |
| *f/k/a* **DELPHI CORP.,** *et al.*, | : | **(Jointly Administered)** |
| | : | |
| **Reorganized Debtors.** | : | |
| | : | |

----------------------------------------------------------------x

**ORDER GRANTING MOTION OF IUE-CWA FOR AN ORDER MODIFYING**
**IUE-CWA 1113/1114 SETTLEMENT APPROVAL ORDER, AND RELATED RELIEF**

Upon the motion, dated April 16, 2018 [Dkt. No. 22311] ('the Motion"), of the

IUE-CWA, Industrial Division of the Communications Workers of America, AFL-CIO, CLC

("IUE-CWA") seeking entry of an order, pursuant to 11 U.S.C. §§ 105(a) and 363(b), amending

the Court's Order under 11 U.S.C. §§ 363, 1113 and 1114 and Fed. R. Bankr. P. 6004 and 9019

Approving Memorandum of Understanding among IUE-CWA, Delphi, and General Motors

Corporation Including Modification of IUE-CWA Collective Bargaining Agreements and

Retiree Welfare Benefits for Certain IUE-CWA-Represented Retirees, entered on August 16,

2007 [Dkt No. 9106] (the "IUE-CWA 1113/1114 SETTLEMENT APPROVAL ORDER"); and

the Court deeming the Motion also to seek an order under 11 U.S.C. § 350(b) expanding the

purpose for which this case was previously reopened by the Court's Order dated August 29, 2017

[Dkt. No. 22304] to include the Court's determination of the underlying relief sought in the

Motion; and, after due and sufficient notice of the Motion and the hearing thereon, there being no

objections to the requested relief; and the successors to the parties to the Memorandum of

Understanding approved by the IUE-CWA 1113/1114 SETTLEMENT APPROVAL ORDER

having consented to the relief granted herein; and no additional notice or hearing being required;

and upon the record of the hearing held by the Court on the Motion on May 31, 2018, at which

only counsel for the IUE-CWA appeared; and, after due deliberation, the Court having

determined for the reasons stated in the Motion and by the Court at the hearing that the Motion is

timely under Fed. R. Bankr. P. 9024 and that the IUE-CWA has established sufficient cause for

modification of the IWE-CWA 1113/1114 SETTLEMENT APPROVAL ORDER as provided

herein under Fed. R. Bankr. P. 9024, incorporating Fed. R. Civ. P. 60(b); now, therefore, it is

hereby

ORDERED that the Motion be deemed to seek an order expanding expand the purpose

for which this case was reopened pursuant to 11 U.S.C. § 350(b) by this Court's Order dated

August 29, 2017 [Dkt. No. 22304] to also include the determination of the IUE-CWA's request

for the underlying relief sought by the Motion; and it is further

ORDERED, the Motion is granted; and it is further

ORDERED, that pursuant to Fed. R. Bankr. P 9024, incorporating Fed. R. Civ. P.

60(b)(6), paragraph 8 of the IUE-CWA 1113/1114 SETTLEMENT APPROVAL ORDER is

hereby amended in its entirety to state:

Subject to Section H.2.e of the IUE-CWA Settlement Agreement, the IUE-CWA
shall receive an allowed general unsecured prepetition claim against Delphi in the amount
of $126 million in complete settlement of all asserted and unasserted IUE-CWA claims,
including, but not limited to, IUE-CWA/Delphi Joint Activities Center (the "JAC"),
asserted and unasserted claims (the "Allowed Claim"). Since the proceeds that were
realized by the IUE-CWA from the Allowed Claim in 2017 amounted to $6,278,888.72,
plus any interest earned thereon, such amount shall be apportioned and paid substantially
as follows:

A.    $250,000 to be used by IUE-CWA for training and skills enhancement for active
      Delphi employees.

B.    $1,260,000 in health care reimbursement for 105 Delphi employees from the two
      surviving IUE CWA Delphi local unions (9 from Local 718 and 96 from Local
      717) who as of the critical date of January 1, 2010 were eligible for the GM
      benefits guarantee but were not within 7 years of qualifying for a retirement.

2

C.    $3,762,000 in health care reimbursement accounts for Delphi retirees who
participated in the pre-65 health program but were limited by age to two years or
less of participation.

D.    $500,000 to the JAC to support its operations.

E.    $360,000 for administrative VEBA costs to administer the health care
reimbursement programs.

F.    $150,000 reimbursement to Kennedy Jennik & Murray for legal work to litigate
and establish the IUE-CWA unsecured Delphi claim;

and it is further

ORDERED, that this Court shall retain jurisdiction of all matters and disputes arising in

connection with or related to the interpretation or implementation of this Order.

Dated: June 4, 2018
       White Plains, New York


                                                  /s/Robert D. Drain
                                                  _____

                                                  Honorable Robert D. Drain
                                                  United States Bankruptcy Judge